```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

LIBOR-Based Financial Instruments                MEMORANDUM AND ORDER
Antitrust Litigation.
                                                  11 MD 2262(NRB)

This Document Applies to: All Cases
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before this Court are three motions for appointment of interim class counsel and a motion to consolidate related cases. For the reasons to follow, we decline to rule on these motions until we receive clarification from counsel on the claims of the plaintiffs they currently represent.

I.   **Background**

This multi-district litigation involves twenty-one class action complaints filed against member banks of the British Bankers' Association ("BBA") London Interbank Offer Rate ("LIBOR") Panel ("defendants"). Fifteen of these complaints were transferred to this Court by the Judicial Panel of Multi-District Litigation ("JPML"),[1] and the remaining six cases were filed with this Court.[2]

---

[1] On August 12, 2011, the JPML transferred seven cases to this Court: <u>FTC Capital GMBH v. Credit Suisse Group AG</u>, No. 11 Civ. 2613 (S.D.N.Y. Apr. 15, 2011); <u>Hershey v. Credit Suisse Group AG</u>, No. 11 Civ. 5641 (N.D. Ill. Apr. 19, 2011; <u>McCormick v. Bank of Am. Corp.</u>, No. 11 Civ. 5640 (N.D. Ill. Apr. 22, 2011); <u>Laydon v. Credit Suisse Group AG</u>, No. 11 Civ. 5638 (N.D. Ill. Apr. 27, 2011); <u>Carpenters Pension Fund v. Bank of Am. Corp.</u>, No. 11 Civ. 2883

The underlying conduct alleged in all of the complaints is that the defendants conspired to artificially suppress LIBOR by understating their borrowing costs to the BBA.  See In re Libor-Based Financial Instruments Antitrust Litig., MDL No. 2262, 2011 WL 3563063, at *1 (J.P.M.L. Aug. 12, 2011).  While the complaints make similar substantive allegations, there nonetheless appear to be two distinct categories of plaintiffs.  First, some plaintiffs directly engaged in transactions with one or more of the defendants.  These direct dealings are referred to as "over-the-counter" transactions, the most common form of which was interest rate swaps.  The over-the-counter plaintiffs assert antitrust claims under the Sherman Act.  The second category of plaintiffs involves investors who did not directly

---

(S.D.N.Y. Apr. 27, 2011); City of Dania Beach Police & Firefighters' Ret. System v. Bank of Am. Corp., No. 11 Civ. 3128 (S.D.N.Y. May 9, 2011); Ravan Invs., LLC v. Bank of Am. Corp., No. 11 Civ. 3249 (S.D.N.Y. May 13, 2011).  The JPML then transferred five cases to this Court in a conditional transfer order dated August 15, 2011: Gracey v. Bank of Am. Corp., No. 11 Civ. 5931 (N.D. Ill. June 2, 2011); 303030 Trading LLC v. Bank of Am. Corp., No. 11 Civ. 5930 (N.D. Ill. June 14, 2011); Atlantic Trading USA, LLC v. Bank of Am. Corp., No. 11 Civ. 5929 (N.D. Ill. June 28, 2011); Haynes v. Bank of Am. Corp., No. 11 Civ. 5927 (D.N.J. July 5, 2011); AVP Props. LLC v. Bank of Am. Corp., No. 11 Civ. 5928 (D. Minn. July 13, 2011).  The JPML transferred an additional three cases to this Court in a second conditional transfer order dated September 14, 2011: Schwab Money Market Fund v. Bank of Am. Corp., No. 11 Civ. 6412 (N.D. Cal. Aug. 23, 2011); Charles Schwab Bank v. Bank of Am. Corp., No. 11 Civ. 6411 (N.D. Cal. Aug. 23, 2011); Schwab Short-Term Bond Market Fund v. Bank of Am. Corp., No. 11 Civ. 6409 (N.D. Cal. Aug. 29, 2011).

[2] These cases are: Francis v. Bank of Am. Corp., No. 11 Civ. 3423 (S.D.N.Y. May 19, 2011); Insulators & Asbestos Workers Local 14 v. Bank of Am. Corp., No. 11 Civ. 3781 (S.D.N.Y. June 3, 2011); Courmont & Wapner Assocs., L.P. v. Credit Suisse Group AG, No. 11 Civ. 3925 (S.D.N.Y. June 9, 2011); Augenbaum v. Bank of Am. Corp., No. 11 Civ. 4421 (S.D.N.Y. June 29, 2011); Independence Trading Inc. v. Bank of Am. Corp., No. 11 Civ. 4736 (S.D.N.Y. July 8, 2011); Mayor and City Council of Baltimore v. Bank of Am. Corp., No. 11 Civ. 5450 (S.D.N.Y. Aug. 5, 2011).

transact with the defendants but rather purchased financial products tied to LIBOR on an exchange such as the Chicago Mercantile Exchange or the Chicago Board of Trade. These plaintiffs assert claims not only under the Sherman Act but also under the Commodity Exchange Act("CEA").

## II. Interim Class Counsel Proposals

Three separate groups of law firms have submitted motions seeking to be appointed interim class counsel.

### A. Grant & Eisenhofer Proposal

Under this proposal, four law firms would share responsibilities as interim class counsel: (i) Grant & Eisenhofer PA; (ii) Kirby McInerney LLP; (iii) Robbins Geller Rudman & Dowd LLP; and (iv) Lovell Stewart Halebian Jacobson LLP ("Grant & Eisenhofer Proposal").

These firms hope to serve as interim class counsel for both over-the-counter purchasers and exchange-based purchasers. However, the firms acknowledge a potential conflict in representing both groups of plaintiffs and propose to designate "fiduciaries" to act for each group. The class counsel would designate J. Douglas Richards of Cohen Milstein Sellers & Toll PLLC and Vincent Briganti of Lowey Dannenberg Cohen & Hart PC to act as fiduciaries for exchange-based purchasers, and they would designate Merrill G. Davidoff of Berger & Montague PC to act as a fiduciary for over-the-counter purchasers.

The firms behind the Grant & Eisenhofer Proposal note that their proposed leadership structure is supported by plaintiffs in sixteen of the actions currently before this Court.[3]

### B. Baltimore Proposal

The law firms of Hausfeld LLP and Susman Godfrey LLP seek to be appointed interim lead counsel only for a class of plaintiffs who entered into over-the-counter transactions with the defendants ("Baltimore Proposal").  These firms currently represent the Mayor and City Council of Baltimore in an action filed in this Court on August 5, 2011.

### C. Shapiro Proposal

The law firms of Shapiro Haber & Urmy LLP and Shepherd Finkelman Miller & Shah LLP, who are plaintiff's counsel in Van De Velde v. Bank of America, No. 11 Civ. 6120 (S.D.N.Y. Aug. 31, 2011), pending before Judge Daniels, seek to be appointed interim lead counsel for a class of investors who purchased exchange-traded products ("Shapiro Proposal").  Plaintiff Maxwell Van De Velde is a financial adviser who purchased such exchange-traded products.

The Van De Velde complaint asserts civil RICO and state law claims, but not claims under the Sherman Act or the CEA as in

---

[3] At the time the instant motions were filed, the Grant & Eisenhofer Proposal had the support of plaintiffs in sixteen of the eighteen cases then before this Court, but three actions were subsequently transferred to this Court by the JPML on September 14, 2011.  It is unclear which leadership proposal, if any, is supported by the plaintiffs in these three cases.

4

the other actions before this Court.  Given the distinct legal issues presented by such claims, we exercise our "broad discretion" in this area and decline the invitation to accept the case.  See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Therefore, no further submission is required with respect to this proposal.

### III. Discussion

We have concluded that separate putative classes should be maintained for those plaintiffs who engaged in over-the-counter transactions and those plaintiffs who purchased financial instruments on an exchange.  These two classes may be differently positioned at various stages of the litigation, creating a potential conflict in their joint representation. For example, the issue of antitrust standing could be raised with respect to the exchange-based plaintiffs, who admittedly did not purchase products directly from any of the defendants. See generally Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519 (1983); Ill. Brick Co. v. Illinois, 431 U.S. 720 (1977); Reading Indus., Inc. v. Kennecott Copper Corp., 631 F.2d 10 (2d Cir. 1980).  We express no opinion at this time as to the merits of such an argument, but the likelihood that the argument will be raised is sufficient to generate a conflict.  Similarly, separate representation is advisable because the two categories of

plaintiffs may require different treatment in the event of settlement.  See, e.g., In re Literary Works in Electronic Databases Copyright Litig., No. 05-5943-cv(L), 2011 WL 3606725, at *5-7 (2d Cir. Aug. 17, 2011) (rejecting proposed settlement involving three distinct types of copyright claims and determining that the potential conflict could "be cured by dividing the class into separate homogeneous subclasses with separate representation to eliminate conflicting interests of counsel.") (internal quotation marks and alternation omitted).

As noted earlier, the Grant & Eisenhofer Proposal effectively acknowledges the need to have separate representation for over-the-counter and exchange-based purchasers by proposing to designate "fiduciaries" for each class of plaintiffs.  However, as the Baltimore Group persuasively contends, it is unclear how much authority the fiduciaries would maintain, and more generally, how the designated fiduciaries would interact with class counsel – who themselves owe a fiduciary duty to all plaintiffs.

A far more commonsense approach is to divide plaintiffs into two putative classes and appoint interim lead counsel for each class.  There is ample precedent for this approach at the pre-certification stage.  In fact, the framework has been adopted specifically in the context of antitrust cases in which there are two distinct groups of plaintiffs, one of whom more

6

"directly" interacted with the defendants than the other.  See, e.g., In re Korean Air Lines Co. Antitrust Litig., 642 F.3d 685, 690 (9th Cir. 2011) (describing the appointment of separate interim class counsel for plaintiffs who directly purchased from airline-defendants and plaintiffs who indirectly purchased through travel agents); In re Packaged Ice Litig., No. 08 Md. 1952, 2009 WL 1518428, at *1 (E.D. Mich. June 1, 2009) (appointing separate interim class counsel for direct and indirect purchasers of packaged ice); In re Rail Freight Fuel Surcharge Antitrust Litig., 587 F. Supp. 2d 27, 29 (D.D.C. 2008) (describing the creation of separate putative classes for direct and indirect purchasers of rail freight transportation services).

While we have thus settled on a general framework for interim class counsel, there is additional information that we need to determine an appropriate leadership structure.  In particular, the record is unclear as to whether plaintiffs supporting the Grant & Eisenhofer Proposal are over-the-counter or exchange-based purchasers.  We therefore request that each firm proposing to serve in a lead counsel role inform us as to the plaintiffs it currently represents, and whether those plaintiffs are over-the-counter purchasers or exchange-based purchasers.

There is another matter on which we request clarification. Under the Grant & Eisenhofer Proposal, four firms would serve as co-lead counsel (apart from the three additional firms acting as fiduciaries, a concept we have rejected). While we appreciate the case law allowing for multiple firms to serve as class counsel, we are also aware of the caution in the Manual for Complex Litigation that although "[t]he functions of lead counsel may be divided among several attorneys, [] the number should not be so large as to defeat the purpose of making such appointments." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2004). Accordingly, we request a detailed explanation as to why such a multi-counsel structure would be justified and would not lead to duplicative efforts given the work to be done in this particular case, assuming that the litigation proceeds beyond the motion to dismiss stage.

### IV. Conclusion

Counsel are directed to make their supplemental submissions within ten days.

**SO ORDERED.**

Dated:   New York, New York
         October 18, 2011

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiffs:**

Linda P. Nussbaum
Grant & Eisenhofer, PA
485 Lexington Avenue, 29th Floor
New York, NY 10017

David E. Kovel
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

Christopher Lovell
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, NY 10006

Arun Srinivas Subramanian
Susman Godfrey LLP
654 Madison Avenue
New York, NY 10065

Ralph Johnson Bunche, III
Hausfeld LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006

Thomas V. Urmy
Shapiro Haber & Urmy LLP
53 State Street, 13th Floor
Boston, MA 02109

Patrick Anthony Klingman
Shepherd Finkelman Miller & Shah LLC
65 Main Street
Chester, CT 06412

**Attorneys for Defendants:**

Arthur J. Burke
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

David Marx
McDermott, Will & Emery LLP
227 West Monroe Street #4400
Chicago, IL 60606-5096

Edwin R Deyoung
Locke Lord Bissell & Liddell LLP
3 World Trade Financial Center, 20th Floor
New York, NY 10281-2101

Dana Ashley Jupiter
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

Lawrence H. Heftman
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Sean Miles Murphy
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Brian J. Poronsky
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Il 60661