UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262<br>No. 11 Civ. 5450 (NRB) (THK) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**RESPONSE OF PLAINTIFF MAYOR AND CITY COUNCIL OF BALTIMORE TO THE COURT'S ORDER OF OCTOBER 18, 2011 REGARDING APPLICATIONS FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

The Court's October 18, 2011 Memorandum and Order (Doc. 32) directs (a) that each firm seeking to serve as lead counsel in this litigation inform the Court whether the plaintiffs they represent are over-the-counter or exchange-based purchasers; and (b) that a detailed explanation be provided as to why the Grant & Eisenhofer Group's proposed four-firm leadership structure would be justified and would not lead to duplicative efforts. Accordingly, counsel for Plaintiff Mayor and City Counsel of Baltimore ("Baltimore"), Hausfeld LLP and Susman Godfrey L.L.P., respectfully submit as follows:

A. **BALTIMORE'S TRANSACTIONS**

Baltimore is an over-the-counter direct purchaser of LIBOR-based interest-rate swaps. It had hundreds of millions of dollars of interest rate swap contracts effective through the class period and was exposed to drops in LIBOR. Approximately seventy-four million dollars of these swap contracts were entered into directly with defendant UBS. These swap contracts required Baltimore to pay a fixed rate to UBS and receive a variable rate based on LIBOR in return. Baltimore is not an exchange-based purchaser. Unlike other plaintiffs, Baltimore did not purchase interest rate swap futures on the Chicago Board of Trade or Eurodollar futures on the

1

CME, nor does it assert any Commodities and Exchange Act ("CEA") claims. There are thus no conflicts, actual or potential, in Baltimore's representation of the over-the-counter class.

In order to aid the Court's consideration of the leadership applications, we have prepared a chart which details whether each firm's client is an over-the-counter or exchange-based purchaser by describing the claims asserted by the plaintiff (i.e., for violation of the CEA, or the Sherman Act, or both), and presenting the facts averred in the complaints and other submissions to the Court identifying the types of purchases that the plaintiff allegedly made.[1] *See* Declaration of Ralph J. Bunche ("Bunche Decl."), Exhibit 1. As shown in the chart, only five firms represent plaintiffs who did not assert a CEA claim: Hausfeld LLP, Susman Godfrey L.L.P., Robbins Geller Rudman & Dowd LLP, Barrett Johnson LLC, and Abraham, Fruchter & Twersky LLP. All of the other firms represent plaintiffs who assert CEA claims, alone or together with Sherman Act claims.[2] For example, Grant & Eisenhofer P.A. represents two plaintiffs: Ravan Investments, LLC, and Independence Trading, Inc. Both plaintiffs assert both CEA and Sherman Act claims. Independence Trading, Inc. is alleged to have "transacted LIBOR-based financial instruments on an exchange." Independence Trading Compl. ¶ 13. Ravan Investments alleges that it "transacted LIBOR-based financial instruments directly with one or more of the Defendants," Ravan Investments Compl. ¶ 13, and also that it "traded Eurodollars." Grant & Eisenhofer Group Leadership App. Reply (Doc. 18) at 5, n8. Thus, Ravan Investments has been described as having purchased both on an exchange and over-the-counter. *See id.*

---

[1] Plaintiffs who have asserted CEA claims are presumably exchange-based purchasers. *See* October 18, 2011 Memorandum and Order at 3.
[2] Although some firms may represent plaintiffs who purchased both over-the-counter and on an exchange, we respectfully suggest that those firms would not be appropriate for appointment as interim class counsel to represent the over-the-counter class given the conflicts that the Court has recognized.

Of the law firms supporting the Grant & Eisenhofer Group's application, only three firms represent plaintiffs who have not asserted a CEA claim: Robbins Geller Rudman & Dowd LLP, Barrett Johnson LLC and Abraham, Fruchter & Twersky LLP. These firms have described the plaintiffs they represent as having purchased floating rate debt. City of Dania Beach Police & Firefighters' Retirement System Compl. ¶ 12; Carpenters Pension Fund of West Virginia Compl. ¶ 8; Augenbaum Compl. ¶8. There is a large disparity in the size of the market for LIBOR-based debt instruments, such as those purchased by these plaintiffs, and that for LIBOR-based interest rate swaps, such as those purchased by Baltimore. The worldwide nominal value of LIBOR-based interest rate swap instruments (the "LIBOR Swap Market") is approximately $300 trillion, whereas the worldwide nominal value of LIBOR-based debt instruments (the "LIBOR Debt Market") is $10 trillion. *See* Donald MacKenzie, "What's in a Number?", Vol. 30, No. 18 London Review of Books at pages 11-12 (25 September 2008) (available at http://www.lrb.co.uk/v30/n18/donald-mackenzie/whats-in-a-number). Thus, the LIBOR Swap Market in which Baltimore participated is thirty times the size of the LIBOR Debt Market. Moreover, the total nominal value of the LIBOR-based debt sold by the defendants is only a small fraction of the LIBOR Debt Market. Thus, purchases of defendants' debt, even if direct, represent only a tiny fraction of the commerce at issue in the over-the-counter class action.

**B. THE APPROPRIATE LEADERSHIP STRUCTURE**

Notwithstanding the Court's Order separating the classes, the Court may wish to consider whether the fact that the Grant & Eisenhofer Group proffered a seemingly inflated multi-firm leadership structure that did not adequately address potential conflicts among the respective classes of purchasers should be a factor in its case leadership representation decision. Moreover, the Grant & Eisenhofer Group has not established why their four firms would provide

3

complementary benefits that counsel in favor of their joint appointment. In contrast, we believe our two firms provide a better structure to prosecute this action on behalf of the over-the-counter plaintiffs, who are the only purchasers we have sought to represent. Both of our firms are recognized leaders in antitrust litigation and we have complementary talents and resources ideal for this case, with considerable trial experience, expertise in electronic discovery and case management, experience with litigation involving complex derivative products and hedging programs, and lawyers located in offices throughout the United States, and in the United Kingdom, where many events pertinent to this litigation occurred.[3] We also have a four decade-long history of working together to successfully prosecute the highest-profile antitrust class actions.

The Grant & Eisenhofer Group's argument that our firms should not be appointed to leadership positions because Baltimore's complaint was filed on August 5, 2011 seeks to credit a race to the courthouse and ignores the fact that their cases are no more advanced than Baltimore's action. We engaged in months of due diligence prior to filing the complaint, investigating and analyzing the market, reviewing Baltimore's transactions and its potential damages, evaluating what claims would be most appropriate to assert and how the class should be defined, and reaching out to defendants about the possibility of reaching groundbreaking

---

[3] Hausfeld LLP maintains offices in Washington, D.C., Philadelphia, San Francisco and London (through its affiliate, Hausfeld & Co. LLP). Susman Godfrey L.L.P. maintains offices in New York, Houston, Dallas, Los Angeles and Seattle. We are perplexed by suggestions by the Grant & Eisenhofer Group that they maintain offices in London. *See* Grant & Eisenhofer Group Leadership App. Reply at 4; Palaniappan Decl. Exhibit 5 (Doc. 19-5) (citing Robbins Geller Rudman & Dowd's London offices). Our investigation indicates that one firm in the Grant & Eisenhofer Group uses the office space of a non-law firm consultancy group when their U.S. attorneys are in London. *See* Bunche Decl. ¶¶ 3-4. This is a far cry from the dedicated office of five solicitors, one dual-licensed solicitor/U.S. attorney, and two trainee solicitors that Hausfeld LLP currently maintains there.

settlements. In doing so, we were mindful of our most basic obligations to assure ourselves, prior to filing, of the nature and strength of the claims to be asserted, that Baltimore engaged in the types of transactions that would permit it to assert those claims, and that our firms are free of conflicts to represent Baltimore and the class that Baltimore seeks to represent. *See*, *e.g.*, *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2011 WL 4430857 (S.D.N.Y. Sept. 22, 2011) (describing the consequences of "epic failures" of counsel to assure themselves before filing of the securities that its client purchased). Such diligence should be encouraged, not belittled. *See* Grant & Eisenhofer Group Leadership App. Reply at 2, 8-10. This is especially true where, as here, those efforts led to a crucial understanding of the relevant markets and the potential conflicts that were brought to the Court's attention.

Therefore, we respectfully suggest that our firms have demonstrated that we possess the experience, expertise and qualifications to be appointed interim co-lead counsel for the over-the-counter class in this litigation. Given the number of firms involved in the over-the-counter case, and the types of purchases and different financial interests of the current over-the-counter plaintiffs, we respectfully suggest that the direct purchaser case can be effectively and appropriately managed by our two firms, and request that our firms be appointed as interim class counsel for the direct purchaser over-the-counter plaintiffs.

Dated: October 28, 2011.

          By:    /s/ Michael D. Hausfeld

                Michael D. Hausfeld
                William P. Butterfield
                Ralph J. Bunche
                HAUSFELD LLP
                1700 K St NW, Suite 650
                Washington, DC 2000

William Christopher Carmody
Arun Subramanian
SUSMAN GODFREY L.L.P.
560 Lexington Ave, 15th Floor
New York, NY 10022

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars
Los Angeles, CA 90067-6029

*Attorneys for Plaintiff Mayor and City Council of Baltimore*