BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re LIBOR-BASED FINANCIAL    )    MDL No. 2262
INSTRUMENTS ANTITRUST LITIGATION )
                                                )
                                                )

**MAJORITY PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
THE COURT'S OCTOBER 18, 2011 ORDER AND IN SUPPORT OF
APPOINTMENT OF PROPOSED INTERIM OTC CLASS COUNSEL**

## I.     Introduction

Counsel representing the majority of cases involving over-the-counter ("OTC") purchasers of Libor-based financial instruments (the "Majority Plaintiffs") respectfully submit this memorandum pursuant to the Court's October 18, 2011 Order (the "Court's Order"), [D.E. 32], and in further support of appointment pursuant to Rule 23(g) of the Federal Rules of Civil Procedure of law firms Grant & Eisenhofer, P.A. and Robbins Geller Rudman & Dowd LLP as Interim Class Counsel for the OTC purchasers.[1]   Out of the eighteen filed Libor class actions, five cases involved OTC purchasers.[2]   The Majority Plaintiffs are supported by four of the five class cases involving OTC purchasers – *i.e.*, the Majority Plaintiffs are supported by *every* OTC purchaser other than counsel for the Mayor and City Council of Baltimore ("Baltimore"), who are supported by no one.

On September 1, 2011, the Majority Plaintiffs filed a motion for appointment of Grant & Eisenhofer, Robbins Geller, Kirby McInerney LLP, and Lovell Stewart Halebian Jacobson LLP as Interim Class Counsel for all direct purchasers of Libor-based financial instruments. [D.E. 9.] The Court's Order "concluded that separate putative classes should be maintained for those plaintiffs

---

[1]     Hereinafter, Grant & Eisenhofer, P.A. is referred to as "Grant & Eisenhofer." Robbins Geller Rudman & Dowd LLP is referred to as "Robbins Geller." Collectively, the two firms are referred to as "Proposed Interim OTC Class Counsel."

[2]     The Libor class action cases involving OTC purchasers are: (1) *Carpenters Pension Fund of West Virginia v. Bank of America Corporation, et al.*, No. 11-cv-02883 (S.D.N.Y.); (2) *City of Dania Beach Police & Firefighters' Retirement System v. Bank of America Corporation, et al.*, No. 11-cv-03128 (S.D.N.Y.); (3) *Ravan Investments, LLC v. Bank of America Corporation, et al.*, No. 11-cv-03249 (S.D.N.Y.); (4) *Insulators and Asbestos Workers Local #14 v. Bank of America Corporation, et al.*, No. 11-cv-03781 (S.D.N.Y.); and (5) *Mayor and City Council of Baltimore v. Bank of America Corporation, et al.*, No. 11-cv-05450 (S.D.N.Y.).   The three other actions transferred to this Court on September 14, 2011, and referenced in the Court's Order [D.E. 32 at 4 n.3] all were filed as individual, non-class cases. Counsel at Grant & Eisenhofer and Robbins Geller have worked closely with counsel for the individual plaintiffs in this case and in other matters and anticipate working collegially with that counsel, Lieff Cabraser Heimann & Bernstein, LLP, going forward.

- 1 -

who engaged in over-the-counter transactions and those plaintiffs who purchased financial instruments on an exchange."   [D.E. 32 at 5.]   The Court's Order also requested additional information, namely, a firm proposing to serve in a lead counsel role must: (1) "inform [the Court] as to the plaintiffs it currently represents, and whether those plaintiffs are over-the-counter purchasers or exchange-based purchasers"; and (2) provide "a detailed explanation as to why such a multi-counsel structure" as originally proposed by the Majority Plaintiffs "would be justified" in this litigation.   [D.E. 32 at 7-8.]

## II.    Proposed Interim OTC Class Counsel Represent OTC Purchasers

Following the Court's Order, the Majority Plaintiffs conferred with other plaintiffs' counsel who had sought leadership roles.   Majority Plaintiffs now propose that counsel representing OTC purchasers – Grant & Eisenhofer and Robbins Geller – serve as Interim Class Counsel for the OTC purchasers.   Other counsel who previously were a part of Majority Plaintiffs' group but who represent exchange-traded purchasers will be moving separately for appointment as Interim Class Counsel for exchange-based purchasers.

Proposed Interim OTC Class Counsel each represent OTC purchasers.   Grant & Eisenhofer represents Ravan Investments, LLC ("Ravan").   Ravan engaged in OTC transactions directly with one of the defendants here – amnesty applicant UBS – and was injured when Libor-based OTC financial instruments which Ravan transacted with UBS paid less and/or caused Ravan to pay more when Libor was suppressed.[3]   Similarly, Robbins Geller represents Carpenters Pension Fund of West

---

[3]      As an accommodation to out-of-state counsel, Grant & Eisenhofer served as local counsel for Independence Trading, Inc., an exchange-based purchaser.  Grant & Eisenhofer no longer represents Independence Trading, Inc. and has since filed a Notice of Withdrawal from that case.  *See Independence Trading Inc. v. Bank of America Corporation, et. al.*, No. 11-cv-04736 (S.D.N.Y. Oct. 20, 2011) [D.E. 12].  Ravan did not engage in exchange-based transactions.

661541_1

Virginia and City of Dania Beach Police & Firefighters' Retirement System, each of which purchased Libor-based OTC floating rate notes directly from one or more of the defendants.

In an effort to distract from OTC purchasers' consensus about the appropriate leadership structure, Baltimore has incorrectly stated that "***only*** Robbins Geller [] represents a plaintiff who appears to be a direct, over-the-counter purchaser" and misleadingly refers to the group represented by Proposed Interim OTC Class Counsel as "only the ***minority*** of purchasers of Libor-based financial derivatives." [D.E. 17 at 4 (emphasis in original), 5.] This is not true. As explained above, both firms seeking to be appointed as Interim OTC Class Counsel represent plaintiffs that transacted Libor-based OTC financial instruments directly with one or more of the defendants. Additionally, counsel in *Insulators and Asbestos Workers Local #14 v. Bank of America Corporation, et al.*, No. 11-cv-03781 (S.D.N.Y.) supports appointment of Proposed Interim OTC Class Counsel and also represents OTC purchasers. That is, four of the five plaintiffs with OTC purchases support Proposed Interim OTC Class Counsel while Baltimore is supported by no one other than itself.

## III.    Baltimore Is Not a More Appropriate Plaintiff

Contrary to its contentions, Baltimore is not a more appropriate plaintiff. Baltimore incorrectly argues that because it is a "debt-issuing" entity, it is somehow a more appropriate plaintiff than an entity that transacted Libor-based instruments for investment purposes. [*See* D.E. 12 at 2.] Baltimore has it backwards. Baltimore's hedging and debt-issuance make it likely that Baltimore was ***less***, not ***more***, harmed economically than other plaintiffs who transacted for investment purposes. As Baltimore's own financial statements make clear, a debt-issuing entity like Baltimore is often hedged such that the floating interest it receives flows through it to offset the floating interest rates that it pays to its bondholders. That is, Baltimore used swaps ***to insulate itself from fluctuations in interest rates***.

As Baltimore's financial statements explain: "the majority of [Baltimore's] swaps have been used to create synthetic fixed rate financing (by issuing floating-rate bonds and swapping them to fixed) as a way to provide lower-cost fixed rate financing to meet the City's capital needs[.]"  City of Baltimore, Maryland, *Comprehensive Annual Financial Report Year Ended June 30, 2009* ("Baltimore 2009 Report"), at 57 (attached as Ex. A to Declaration of John D. Radice).  That is, Baltimore issued floating rate bonds with a floating rate liability to its bondholders, and simultaneously entered into an interest rate swap with a bank whereby Baltimore pays the bank a fixed rate and the bank pays Baltimore a floating rate that then flows through to Baltimore's floating rate bondholders.  Through these transactions, as shown graphically in Figure 1, Baltimore created what is called a "synthetic fixed rate bond" that keeps Baltimore's payments steady and reduces interest rate risk.[4]

### Figure 1.  Synthetic Fixed Rate Bond

Through issuance of floating rate debt and a swap,
Baltimore achieves synthetic fixed rate financing

As Baltimore's financial statements illustrate, the floating rate that Baltimore receives from the bank in these swaps "was chosen to closely approximate the City's tax-exempt [and taxable] variable rate bond payments."  *Id*. at 59.  Therefore, contrary to Baltimore's counsel's argument that when "the

---

[4]     Issuers create synthetic fixed rate bonds when investor appetite is greater for floating rate bonds but the issuer prefers fixed rate liabilities.  These synthetic fixed rate bonds can be less expensive to the issuer than simply issuing straight fixed-rate bonds, a classic arbitrage.

variable LIBOR rate was suppressed below the fixed rate paid in exchange, the value of *municipalities' debt burden increased* accordingly," [D.E. 12 at 2 (emphasis added)], Baltimore's synthetic fixed rate financing insured that Baltimore's debt burden ***did not change*** on those instruments, regardless of movements in the Libor rate.[5]

Baltimore's financial statements also show that certain instruments held by Baltimore were economically ***advantaged*** by suppressed Libor rates.  Baltimore entered into at least two swaps in which it paid to the bank a percentage of Libor (67%) and received from the bank the sum of a lesser percentage of Libor (60%) plus a fixed rate (0.295%).  Baltimore 2009 Report at 58.  For those swaps, Baltimore was economically ***advantaged*** by a suppressed Libor rate.[6]  Baltimore also disclosed that it entered into an agreement with one of the defendants through which, in certain circumstances, the defendant would advance payments for Baltimore's debt and Baltimore would pay the defendant an interest rate based on Libor.  *Id*. at 47.  Here too, Baltimore was potentially advantaged from a suppressed Libor rate, which would lower Baltimore's interest payments to the bank if the bank advanced payment for Baltimore's debt.

---

[5]     To the extent that Baltimore's swaps did not perfectly match Baltimore's liabilities, Baltimore may still have been exposed to basis risk, *i.e.*, the risk that the hedge did not correspond exactly to the underlying liability.  Baltimore's financial statements make clear that Baltimore managed this basis risk by entering into "basis swaps" and that the floating rates that Baltimore received from its swaps "closely approximate" the floating rates Baltimore paid to its bondholders. *See* Baltimore 2009 Report at 58-59.

[6]     For example, if the Libor rate was suppressed from 4% to 3%, Baltimore would be economically advantaged by seven basis points (1% equals 100 basis points).  At a Libor rate of 4%, Baltimore receives 1.5 basis points more than it pays to the bank, *i.e.*, Baltimore pays 2.680% (67% of 4%) and receives 2.695% (60% of 4% plus 0.295%).  At a (suppressed) Libor rate of 3%, Baltimore receives 8.5 basis points more than it pays to the bank, and thus is benefited by the change by seven basis points because it pays 2.010% (67% of 3%) and receives 2.095% (60% of 3% plus 0.295%).

Of course, the proper calculation and apportionment of damages in this antitrust case is a matter for legal and economic analyses that will occur later in the case.  But the suggestion that a debt-issuing entity like Baltimore is somehow ***more*** appropriate as a plaintiff is wrong.  And, Baltimore's claim that it suffered the largest damages cannot be determined before discovery and expert analysis.  Moreover, unlike securities cases under the PSLRA, the size of a plaintiff's damages is not a mandatory consideration in Rule 23(g)'s class counsel criteria in an antitrust case. *See* Fed. R. Civ. P. 23(g)(1)(A); *cf. Masters v. Wilhemina Model Agency*, 473 F.3d 423, 437 (2d Cir. 2007) ("[T]he PSLRA is not applicable to antitrust class actions such as the one before us.") (settlement fee context).

## IV.    Proposed Interim OTC Class Counsel Consist of Two Firms, a Reasonable Number to Manage the OTC Class and the Same Number Proposed by Baltimore

The Manual for Complex Litigation (Fourth) ("*Manual*") contemplates that multiple lead counsel may be appointed to act on behalf of other parties and their counsel, while acknowledging that "the number should not be so large as to defeat the purpose of making such appointments." *Manual*, §10.221.  The most important consideration, however, is to ensure that the litigation proceeds efficiently and economically "***without jeopardizing fairness to the parties***." *Id*.  In this complex class action, in which plaintiffs will be seeking documentary and testimonial discovery from sixteen of the world's largest banks, it will be necessary to pool the efforts and resources of multiple firms in order to ensure that plaintiffs can fairly and adequately litigate their claims and bring them to trial.

This complex class action involves an alleged worldwide antitrust conspiracy involving banks who conspired to manipulate and suppress Libor.  Defendants' anticompetitive acts resulted in many thousands of transactions that damaged plaintiffs and other class members.  Litigating plaintiffs' claims will require extensive discovery of defendants' unlawful conducting involving

- 6 -

sophisticated financial instruments and highly detailed rules and regulations.  Additionally, there are likely to be numerous non-parties with information relevant to the claims at issue.  The numerous defendants in this case are presently represented by no fewer than twelve high caliber national and international law firms with extensive resources.  Because of this action's magnitude and complexity, it is necessary to appoint multiple co-lead counsel to ensure that the class claims are adequately prosecuted.  Indeed, multiple counsel have been appointed as co-lead in cases that are less complex than this one.[7]

Grant & Eisenhofer and Robbins Geller have the resources necessary to pursue this complex class action if they are appointed as Interim OTC Class Counsel.  These firms have already demonstrated their ability to investigate and file early cases,[8] consult with relevant experts, successfully move the JPML for transfer of all cases to this Court, and to organize all plaintiffs – other than Baltimore.  Their leadership ensures efficient prosecution of this case.  Moreover, Proposed Interim OTC Class Counsel will utilize the expertise and resources of other firms who have filed (as Baltimore's counsel has said that they would), while insuring that duplication is avoided.

---

[7]     *See, e.g.*, *In re Puerto Rican Cabotage Antitrust Litig.*, No. 3:08-md-01960 (D.P.R. Dec. 12, 2008) (appointing seven firms as class counsel); *Air Cargo*, 240 F.R.D. at 58 (appointing four firms as class counsel); *In re Pressure Sensitive Labelstock Antitrust Litig.*, No. 3:03-MDL-1556 (M.D. Pa. Dec. 17, 2003) (same); *In re Natural Gas Commodity Litig.*, No. 03 CV 6186 (S.D.N.Y. Dec. 5, 2003) (same); *In re Ethylene Propylene Diene Monomer Antitrust Litig.*, No. 3:03-md-1542 (D. Conn. Sep. 11, 2003) (same); *In re Electrical Antitrust, et al. v. Morganite, Inc.*, No. 03-cv-02182 (D.N.J. June 25, 2003) (same); *In re Polyester Staple Antitrust Litig.*, No. 3:03-cv-1516 (W.D.N.C. June 17, 2003) (same); *In re Microsoft Antitrust Litig.*, No. 1:00-md-01332 (D. Md. June 26, 2000) (same); *In re Soybeans Futures Litig.*, No. 89 Civ. 7009 (N.D. Ill. May 21, 1993) (same).

[8]     Grant & Eisenhofer and Robbins Geller filed their actions by May; Baltimore did not file its complaint until August.

Finally, Proposed Interim OTC Class Counsel have the support of all but one OTC plaintiff (Baltimore).  The nearly universal support and consensus of similarly situated plaintiffs ensures that the leadership structure has been optimized to efficiently serve all plaintiffs' needs.  Moreover, the consensus is a testament to the Proposed Interim OTC Class Counsel's ability to command their colleagues' respect and to work cooperatively with counsel for other plaintiffs.  *See Manual*, §10.224.

## V.    Conclusion

Counsel for Baltimore's late-filed complaint, complete lack of support and significant mistakes demonstrate that Proposed Interim OTC Class Counsel are the more appropriate selection as Interim OTC Class Counsel in this case.  For the foregoing reasons, the Majority Plaintiffs respectfully request that this Court appoint Proposed Interim OTC Class Counsel.

DATED:  October 28, 2011                    Respectfully submitted,

GRANT & EISENHOFER, P.A.
STUART M. GRANT
JAY W. EISENHOFER
LINDA P. NUSSBAUM
JOHN D. RADICE


_____
                    s/ STUART M. GRANT
STUART M. GRANT

485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8504

Attorneys for Plaintiff Ravan Investments, LLC
and Proposed Interim OTC Class Counsel

- 8 -

DATED:  October 28, 2011                 ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                         SAMUEL H. RUDMAN


                                              s/ SAMUEL H. RUDMAN
                                              SAMUEL H. RUDMAN

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com

                                         ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                         DAVID W. MITCHELL
                                         JENNIFER L. GMITRO
                                         L. DANA MARTINDALE
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         davidm@rgrdlaw.com
                                         jgmitro@rgrdlaw.com
                                         dmartindale@rgrdlaw.com

                                         Attorneys for Plaintiffs Carpenters Pension Fund
                                         of West Virginia and City of Dania Beach Police
                                         & Firefighters' Retirement System and Proposed
                                         Interim OTC Class Counsel

                                         BARRETT JOHNSTON, LLC
                                         GEORGE E. BARRETT
                                         DOUGLAS S. JOHNSTON, JR.
                                         TIMOTHY L. MILES
                                         217 Second Avenue, North
                                         Nashville, TN  37201-1601
                                         Telephone:  615/244-2202
                                         615/252-3798 (fax)
                                         gbarrett@barrettjohnston.com
                                         djohnston@barrettjohnson.com
                                         tmiles@barrettjohnson.com

- 9 -

SUGARMAN & SUSSKIND
ROBERT SUGARMAN
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  305/529-2801
305/447-8115 (fax)
sugarman@sugarmansusskind.com

Additional Attorneys for City of Dania Beach
Police & Firefighters' Retirement System

BARRACK, RODOS & BACINE
JEFFREY B. GITTLEMAN
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: 215-963-0600

Attorneys for Plaintiff Insulators and Asbestos
Workers Local #14

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 28, 2011.

s/ SAMUEL H. RUDMAN
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  SRudman@rgrdlaw.com

# Mailing Information for a Case 1:11-md-02262-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mark Jacob Altschul**
  maltschul@mwe.com

- **Juan Alberto Arteaga**
  jarteaga@stblaw.com

- **Steve W. Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com

- **Vincent Briganti**
  vbriganti@lowey.com

- **Ralph Johnson Bunche , III**
  rbunche@hausfeldllp.com,asandberg@hausfeldllp.com

- **Arthur J. Burke**
  arthur.burke@dpw.com

- **Gregory Thomas Casamento**
  gcasamento@lockelord.com,chicagodocket@lockelord.com

- **Roger Brian Cowie**
  rcowie@lockelord.com

- **Edwin R Deyoung**
  edeyoung@lockelord.com,rcowie@lockelord.com

- **Jay W. Eisenhofer**
  jeisenhofer@gelaw.com,cnevers@gelaw.com,mwinchell@gelaw.com

- **Eric B. Fastiff**
  efastiff@lchb.com

- **Steven E. Fineman**
  sfineman@lchb.com

- **Brendan Patrick Glackin**
  bglackin@lchb.com

- **Brendan Patrick Glaskin**
  bglackin@lchb.com

- **Richard M. Heimann**
  rheimann@lchb.com

- **Geoffrey Milbank Horn**
  ghorn@lowey.com

- **Daniel Hume**
  dhume@kmllp.com,obraun@kmllp.com,rsong@kmllp.com,dkovel@kmllp.com,wkarnadi@kmllp.com,btse@kmllp.com

- **Steve R. Jakubowski**
  sjakubowski@colemanlawfirm.com

- **Dana Ashley Jupiter**

djupiter@stblaw.com

- **Andrew Scirica Kingsdale**
  akingsdale@lchb.com,aruiz@lchb.com,btroxel@lchb.com

- **Roger W Kirby**
  roger.w.kirby@gmail.com,wkardina@kmllp.com,lmorris@kmllp.com,rsong@kmllp.com

- **Patrick Anthony Klingman**
  pklingman@sfmslaw.com

- **David E Kovel**
  dkovel@kmllp.com,lmorris@kmllp.com

- **Kevin Bruce Love**
  klove@cridenlove.com

- **Michael Joseph Miarmi**
  mmiarmi@lchb.com

- **David W. Mitchell**
  davidm@csgrr.com

- **Sean Miles Murphy**
  smurphy@milbank.com,jalfano@milbank.com

- **Linda P. Nussbaum**
  lnussbaum@gelaw.com,rfinnimore@gelaw.com,sschwaiger@gelaw.com,jradice@gelaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Surya Palaniappan**
  spalaniappan@kmllp.com

- **Thomas Andrew Paskowitz**
  tpaskowitz@sidley.com,nyefiling@sidley.com

- **Thomas C. Rice**
  trice@stblaw.com,managingclerk@stblaw.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Joseph Richard Saveri**
  jsaveri@lchb.com,dclevenger@lchb.com

- **Andrew W. Stern**
  astern@sidley.com,nyefiling@sidley.com

- **Arun Srinivas Subramanian**
  asubramanian@susmangodfrey.com,rleone@susmangodfrey.com,rajiashvili@susmangodfrey.com

- **Peter Sullivan**
  psullivan@gibsondunn.com,aarias@gibsondunn.com

- **Thomas V. Urmy**
  turmy@shulaw.com,lwolahan@shulaw.com,kkeen@shulaw.com,dwoulfe@shulaw.com

- **Robert Frank Wise , Jr**
  rwise@dpw.com,ecf.ct.papers@dpw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**George E. Barrett**
Barrette, Johnsn & Parsley
217 2nd Ave N
Nashville, TN 37201

**Karl Phillip Barth**
Hagens, Berman L.L.P.
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

**Douglas Mason Chalmers**
Douglas M. Chalmers P.C.
77 W. Wacker
Suite 4800
Chicago, IL 60601

**Robert F. Coleman**
Coleman Law Firm
77 West Wacker Drive
Suite 4800
Chicago, IL 60601

**Michael E. Criden**
Hanzman, Criden, Korge, Chaykin, Ponce & Heise, P.A.
200 South Biscayne Boulevard
Suite 2100
Miami, FL 33131

**Matthew Charles Crowl**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606

**Elizabeth A. Fegan**
Hagens Berman Sobol Shapiro LLP
1144 W. Lake St.,
#400
Oak Park, IL 60301-1043

**Lowell Harry Haky**
Charles Schwab and Co., Inc.
Office of Corporate Counsel
211 Main Street
SF211MN-6-455
San Francisco, CA 94105

**Lowell Harry Haky**
Charles Schwab and Co., Inc.
Office of Corporate Counsel
211 Main Street
SF211MN-6-455
San Francisco, CA 94105

**Lawrence H. Heftman**
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

**Christian T. Kemnitz**
Katten Muchin Rosenman LLP (Chicago)

525 West Monroe Street
Chicago, IL 60661

**David Marx**
McDermott, Will & Emery LLP (Chicago)
227 West Monroe Street
#4400
Chicago, IL 60606-5096

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 2nd Ave N
Nashville, TN 37201

**William J. Nissen**
Sidley Austin, LLP (Chicago)
One South Dearborn
Chicago, IL 60603

**Brian J. Poronsky**
Katten Muchin Rosenman  LLP
525 West Monroe Street
Chicago, Il 60661

**John D. Radice**
Grant & Eisenhofer, PA
485 Lexington Avenue
29th Floor
New York, NY 10017