# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Libor-Based Financial Instruments Antitrust Litigation<br><br>THIS RELATES TO ALL CLASS ACTION CASES | No. 1:11-md-02262-NRB |

# EXCHANGE-BASED PURCHASER PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN RESPONSE TO THE COURT'S OCTOBER 18, 2011 ORDER AND IN SUPPORT OF APPOINTMENT OF PROPOSED INTERIM CLASS COUNSEL

## INTRODUCTION

Pursuant to this Court's Order dated October 18, 2011 ("Order," D.E. 32), Kirby McInerney LLP ("Kirby McInerney") and Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") respectfully apply for appointment as interim lead class counsel on behalf of a putative class of purchases of Libor based products traded on exchanges ("Exchange-Based Plaintiffs"). Such application is <u>supported by all but one counsel</u> representing the actively participating Exchange –Based Plaintiffs.[1]

The Order required (1) further information as to the nature of the plaintiffs that each applicant represents, and (2) an explanation of why the appointment of a multi-counsel structure will not, in the circumstances of this litigation, defeat the efficiency purposes of lead counsel appointments. *See* Order at 7-8.

As is explained in Point II below, Kirby McInerney and Lovell Stewart (collectively "Proposed Exchange-Based Class Counsel") represent <u>only</u> Exchange-Based Plaintiffs. Separately, the circumstances of the claims here are far more similar to those in cases in which multiple counsel have been determined to be in

---

[1] Undersigned counsel represent plaintiffs in the following actions: (1) *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, Case No. 1:11-Civ-2613 (S.D.N.Y.); (2) *Metzler Investment GmbH v. Credit Suisse Group AG, et al.*, Case No. 1:11-Civ-7676 (S.D.N.Y.); (3) *Roberto E. Calle Gracey v. Bank of America Corporation, et al.*, Case No. 1:11-Civ-5931 (S.D.N.Y.); and are supported by plaintiffs in the following actions: (1) *303030 Trading, LLC v. Bank of America Corporation, et al.*, Case No. 11 Civ. 5930 (S.D.N.Y.); (2) *Atlantic Trading USA, LLC v. Bank of America Corporation, et al.*, Case No. 11 Civ. 5929 (S.D.N.Y.); (3) *AVP Properties, LLC v. Bank of America Corporation, et al.*, Case No. 11 Civ. 5928 (S.D.N.Y.); (4) *Independence Trading Inc. v. Bank of America Corporation, et al.*, Case No. 11 Civ. 4736 (S.D.N.Y.); (5) *Gary Francis v. Bank of America Corporation, et al.*, Case No. 11 Civ. 3423, (S.D.N.Y.); (6) *Nathaniel Haynes v. Bank of America Corporation, et al.*, Case No. 11 Civ. 5927 (S.D.N.Y.).

the best interest of the Class, than those circumstances in which only one lead counsel was found to be best.  See Point I.

**POINT I     TWO CO-LEAD COUNSEL ARE EFFICIENT AND IN THE BEST INTEREST OF THE PUTATIVE EXCHANGE BASED CLASS**

Proposed Exchange-Based Class Counsel advance a two-firm leadership structure which is supported by all but one counsel among the actively participating Exchange-Based Plaintiffs.  In response to the Court's concerns about whether the appointment of multiple counsel may defeat the efficiency purposes of lead counsel appointments, Proposed Exchange Based Counsel respectfully states as follows.

**First**, the Exchange Based purchasers have made claims against twenty one very sophisticated, large, and extremely well represented defendants (including the exchange clearing subsidiaries of certain Defendants). This high number of large Defendants represented by leading counsel on price fixing claims resembles the thirty three leading brokers who allegedly conspired in *In re NASDAQ Market-Makers Antitrust Litigation,* 187 F.R.D. 465, 471 (S.D.N.Y. 1998).  There, four co-lead counsel (including Lovell Stewart) were found to be in the best interests of the class (and later produced a class action settlement that was then the largest recovery in the history of the federal antitrust laws).[2]

---

[2]   Libor is a referenced interest rate reported by sixteen international banks.  During the relevant period, approximately from 2006 through 2009, the financial industry in general and these banks in particular, were under significant duress.  As a consequence of this financial strain, several of the banks were nationalized or received massive state aid and others were forced to merge.  Because of the merger of two banks, HBOS and Lloyds TSB, an additional bank, Societe Generale, began reporting Libor during the relevant period.

**Second**, the commodity futures markets are "esoteric"[3] and claims for commodity futures manipulation are "notoriously" complex.[4] Added to that inherent complexity, are various additional complexities present here. Notably, all the futures contracts[5] at issue here did not require delivery. Instead, they automatically settled to a Libor rate or the inverse of a Libor rate that allegedly was artificially manipulated. However, the alleged engine of that manipulation was not one, two or even three traders' conduct. Rather, it was the mosaic of individual false reports that were submitted by up to sixteen separate Defendants on a daily basis **and then synthesized through a mathematical formula by a third party into a rate which it published**.

Thus, the complex facts here resemble those in *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 186 (S.D.N.Y. 2005), *petition for review denied*, (2d. Cir. Aug 1, 2006) ("Natural Gas"). There, twenty six domestic Defendants submitted false reports which were synthesized by third parties into an index which was then published. The false index allegedly manipulated natural gas contracts traded in this District. In *In re Natural Gas*, four co-lead counsel

---

[3] Commodity futures trading is "esoteric." *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 356 (1982) quoting H.R. Rep. No. 93-975, p. 1 (1974), 1974 U.S. Code Cong & Admin. News at 5843.

[4] Commodity manipulation cases are "complex and difficult," presenting issues of "almost overwhelming magnitude and complexity." *In re Sumitomo Copper Litigation*, 74 F. Supp.2d 393, 395 (S.D.N.Y. 1999).

[5] There will be several exchange-traded products in this class, such as swaps and Eurodollar futures traded on the Chicago Mercantile Exchange and Chicago Board of Trade. These are among the highest volume futures contracts in the world.

(including Lovell Stewart) were determined to be in the best interest of the class (and later obtained class action settlement of $100,800,000.). As has been reported in the *Financial Times*, U.S. authorities are pursuing a criminal angle in the Libor case on a model that parallels *In re Natural Gas*. *Compare* Brooke Masters and Kara Scannell, "Libor Inquiry Looks at Criminal Angle," Financial Times, Sept. 7, 2011 (Palaniappan Decl. Ex. B),

Proposed Exchange Based Counsel respectfully submit that both the high number of well-represented defendants and complexity of the esoteric subject matter make it appropriate to have two co-lead counsel rather than one sole lead for the exchange based class.

**Third**, unlike *In re Nasdaq* or *In re Natural Gas* multiple defendants are foreign defendants and important conduct occurred in foreign locations, including London, England. This will necessitate substantial international discovery against well over a dozen parties. This discovery alone will require significant resources. Proposed Exchange-Based Class Counsel respectfully submit that the additional complexities of the substantial international discovery further make two co-lead counsel rather the one in the best interest of the class.[6]

---

[6] Lovell Stewart has repeatedly been privileged to serve as sole lead counsel in commodity futures manipulation class actions in which the Court found that one lead counsel was best for the class. This includes actions in which the two largest settlements in the history of the Commodity Exchange Act were obtained. *Compare e.g.*, *In re Sumitomo Copper Litigation*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) *with Kohen* v. *Pac. Inv. Mgmt. Co. LLC,* 244 F.R.D. 469 (N.D. Ill., 2007), *aff'd,* 571 F.3d 672 (Posner, J.), *cert. denied,* 130 S. Ct. 1504 (2010). However, these prior class actions involved a small number of defendants and either one commodity (*e.g.*, silver futures, copper, or ten year treasury futures notes) or, at most, two commodities (*e.g.*, platinum and palladium, which

**POINT II   DESCRIPTION OF THE EXCHANGE-BASED PLAINTIFFS**

Proposed Exchange-Based Class Counsel represent individual and institutional investors, FTC Capital GmbH (and associated funds), Metzler Investment GmbH, and Roberto E. Calle Gracey.  These plaintiffs are investors of on-exchange products tied to Libor.  Formerly among the four-firm leadership structure in the "Grant & Eisenhofer Proposal" (*see* Order at 3), Proposed Exchange-Based Counsel seek the role of prosecuting the litigation solely on behalf of the Exchange-Based Plaintiffs.  As required by the Order, Proposed Exchange-Based Class Counsel identify their clients and the types of products they traded in further detail below.

Kirby McInerney represents Exchange-Based Plaintiff FTC Capital GmbH, an asset management company based in Vienna, Austria, that manages the Luxembourg-based FTC Futures Fund SICAV and the Gibraltar-based FTC Futures Fund PCC Ltd.  This group of funds has traded substantial amounts of Libor-based (Eurodollar) futures and other derivative products tied to Libor.  FTC Capital GmbH is a sophisticated institutional investor with ample resources and the enthusiasm to assist in the prosecution of this action.

---

are called "sister" metals).  For whatever it may be worth to the Court, Lovell Stewart believes as follows.  The facts here (as set forth in the text) are very different from those present in the cases in which sole lead counsel have been appointed in commodity futures manipulation class actions; therefore, it is not in the best interests of the putative class that there be only one lead counsel appointed in the circumstances here.

Kirby McInerney also represents Metzler Investment GmbH ("Metzler"), a fund company that launches and manages investment funds under German law. Metzler manages assets totaling approximately $60 billion and is based in Frankfurt, Germany. Among the range of funds it manages are funds with significant exchange-based trades in Libor products including, but not limited to, Eurodollar futures. Metzler has just filed its complaint in the litigation, represented by Kirby McInerney. *See Metzer Investment GmbH v. Credit Suisse Group AG, et al.*, Case No. 11-cv-7676 (S.D.N.Y.).

Lovell Stewart represents an individual trader of exchange-based Libor products – Roberto E. Calle Gracey.

In addition, the Proposed Exchange-Based Class Counsel are supported by counsel for all other actively participating Exchange-Based Plaintiffs that have filed a complaint in this action, bar one. The plaintiffs and their counsel supporting the Proposed Exchange-Based Class Counsel are detailed in the table attached to the Palaniappan Decl. as Ex. C.[7] The support of the counsel representing these other Exchange-Based Plaintiffs include a former Deputy General Counsel of the CFTC.[8] This support is further evidence of the competence of Proposed Exchange-Based

---

[7] In its Order, the Court alludes to three additional cases recently transferred to pursuant to the MDL order. *See* Order at n. 3. These cases are brought as individual cases, and are not part of the putative class actions. *See Schwab Short-Term Bond Market Fund et al. v. Bank of America Corporation et al.*, 1:11-cv-06409-NRB (S.D.N.Y); *Charles Schwab Bank, N.A. et al. v. Bank of America Corporation et al.*, 1:11-cv-06411-NRB (S.D.N.Y); and *Schwab Money Market Fund et al. v. Bank of America Corporation et al.*, 1:11-cv-06412-NRB (S.D.N.Y.).

[8] *See* Declaration of John D. Radice filed Sept. 1, 2011, Ex. E [D.E. 11] (Cohen Milstein attorney J. Douglas Richards, representing plaintiff Gary Francis).

Class Counsel and counts as a discretionary factor under Rule 23(g)(1)(B) that weighs in favor of their appointment.

**POINT III   PROPOSED EXCHANGE-BASED CLASS COUNSEL WILL MOST ADEQUATELY REPRESENT THE EXCHANGE-BASED PLAINTIFF CLASS**

As discussed more fully in the initial "Grant & Eisenhofer Proposal", the record reflects that Proposed Exchange-Based Class Counsel more than satisfy Rule 23(g)(1)(A) criteria to be appointed class counsel.

One of their number, Kirby McInerney, filed the first case in this matter on behalf of a large institutional investor, FTC Capital GmbH.  The other, Lovell Stewart, significantly enhanced the allegations of the first case on behalf of Exchange-Based Plaintiffs.  Together, they have worked together to further investigate and identify the exchange-based claims here. Proposed Exchange-Based Class Counsel additionally have the financial, professional, investigative, international, and technological resources required to prosecute these claims. They are willing and able to devote and expend the vast resources necessary to properly prosecute this litigation, and have vast experience prosecuting actions domestically and undertaking extensive international discovery.  Proposed Exchange-Based Class Counsels' firm résumés[9] demonstrate that they have exemplary experience with commodities, antitrust and complex financial claims, including both

---

9       Attached to the Palaniappan Decl. as Exs. D (Kirby McInerney) and E (Lovell Stewart).

commodities and antitrust claims brought in the exchange context here.  They have extensive knowledge of the law applicable to complex financial wrongs, and have deep experience handling complex class actions.  Also, they have substantial experience in trying antitrust cases of this type in this District.  *See* Palaniappan Decl., Exs. D and E.

Moreover, the two firms have worked successfully together in the past, garnering successful results in commodities manipulation cases involving copper and propane.  *See In re Sumitomo Copper Litigation*,(S.D.N.Y. 1999) and *In re BP Propane Indirect Purchaser Antitrust Litigation*, 06-CV-3541 (N.D.Ill. 2010). They are currently litigating together in other commodities case involving silver and steel.  *See In re Commodity Exchange, Inc., Silver Futures and Options Trading Litigation*, 1:11-md-02213-RPP (S.D.N.Y. 2011) and *Supreme Auto Transport LLC v. Arcelor Mittal et al.*, 1:08-cv-05468 (N.D. Ill. 2008).

*   *   *

In sum, given the sophistication and size of their clients, the overwhelming support of the other Exchange-Based Plaintiffs, their expertise, resources, and the organizational structure designed to effectively and efficiently prosecute this case, Proposed Exchange Based Class Counsel are suited to lead the litigation on behalf of their clients and the proposed Exchange-Based Plaintiff class.

## CONCLUSION

For the foregoing reasons, FTC Capital GmBH, FTC Futures Fund SICAV, FTC Futures Fund PCC Ltd, Metzler Investment GmbH, and Roberto E. Calle Gracey, respectfully request that this Court appoint Proposed Exchange-Based Class Counsel under Rule 23(g) to pursue on an interim basis the Sherman Act and Commodity Exchange Act claims on behalf of a proposed Exchange-Based Plaintiff class.

Dated:  October 28, 2011                    Respectfully submitted,

                                            __/s/ David E. Kovel_____
                                            David E. Kovel
                                            Roger W. Kirby
                                            Daniel Hume
                                            Surya Palaniappan
                                            KIRBY McINERNEY LLP
                                            825 Third Avenue
                                            New York, NY 10022
                                            Tel: 212-317-2300

                                            *Counsel for Plaintiff FTC Capital GmbH*
                                            *(and associated funds), Metzler Investment*
                                            *GmbH and Proposed Interim Class Counsel*
                                            *for the Proposed Exchange-Based Class*

      __/s/_Christopher Lovell_____
      Christopher Lovell
      Gary Jacobson
      LOVELL STEWART HALEBIAN
      JACOBSON LLP
      61 Broadway, Suite 501
      New York, NY10006
      Tel:  (212) 608-1900

      *Counsel for Plaintiff Roberto E. Calle Gracey and Proposed Interim Class Counsel for the Proposed Exchange-Based Class*

      J. Douglas Richards
      COHEN MILSTEIN SELLERS & TOLL PLLC
      88 Pine Street, 14th Floor
      New York, NY 10005
      Tel:  212-838-7797

      *Counsel for Plaintiff Gary Francis*


      H. Laddie Montague
      Merrill G. Davidoff
      BERGER & MONTAGUE PC
      1622 Locust Street
      Philadelphia, PA 19103
      Tel: 215-875-3000

      *Counsel for Plaintiff 303030 Trading, LLC*

      W. Joseph Bruckner
      LOCKRIDGE GRINDAL & NAUEN PLLP
      100 Washington Avenue South, Suite 2200
      Minneapolis, MN 55401
      Tel: 612-339-6900

      *Counsel for Plaintiff AVP Properties, LLC*

Anthony F. Fata
CAFFERTY FAUCHER LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602
Tel: 312-782-4880

*Counsel for Plaintiff Atlantic Trading USA, LLC*

Solomon B. Cera
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
Tel: 415-777-2230

*Counsel for Plaintiff Nathaniel Haynes*

Joseph C. Kohn
William E. Hoese
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

*Counsel to Plaintiff Independence Trading, Inc.*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844

*Counsel for AVP Properties, LLC*

11

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be emailed the foregoing document or paper to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2011.


                                                        s/ SURYA PALANIAPPAN
                                                       SURYA PALANIAPPAN

                                                       KIRBY McINERNEY LLP
                                                       825 Third Avenue, 16th Floor
                                                       New York, NY 10022
                                                       Tel: 212-317-2300
                                                       Fax: 212-699-1194
                                                      E-mail: spalaniappan@kmllp.com

\#
# Mailing Information for a Case 1:11-md-02262-NRB

**Electronic Mail Notice List**
\#
The following are those who are currently on the list to receive e-mail notices for this case.

- Juan Alberto Arteaga
  jarteaga@stblaw.com

- Arthur J. Burke
  arthur.burke@dpw.com

- Jay W. Eisenhofer
  jeisenhofer@gelaw.com,cnevers@gelaw.com

- Daniel Hume
  dhume@kmllp.com,obraun@kmllp.com,rsong@kmllp.com,dkovel@kmllp.com,wkarnadi@kmllp.com,btse@kmllp.com

- Dana Ashley Jupiter
  djupiter@stblaw.com

- Roger W Kirby
  roger.w.kirby@gmail.com,lmorris@kmllp.com,rsong@kmllp.com

- Patrick Anthony Klingman
  pklingman@sfmslaw.com

- David E Kovel
  dkovel@kmllp.com,lmorris@kmllp.com

- Kevin Bruce Love
  klove@cridenlove.com

- David W. Mitchell
  davidm@csgrr.com

- Linda P. Nussbaum
  lnussbaum@gelaw.com,rfinnimore@gelaw.com,sschwaiger@gelaw.com,jradice@gelaw.com

- Lucas F. Olts
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- Thomas Andrew Paskowitz
  tpaskowitz@sidley.com,nyefiling@sidley.com

- Thomas C. Rice
  trice@stblaw.com,managingclerk@stblaw.com

- Darren J. Robbins
  e_file_sd@lerachlaw.com

- Samuel Howard Rudman
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- Andrew W. Stern
  astern@sidley.com,nyefiling@sidley.com

- Robert Frank Wise , Jr
  rwise@dpw.com,ecf.ct.papers@dpw.com

**Manual Notice List**

**George E. Barrett**
Barrette, Johnson & Parsley
217 2nd Ave N
Nashville, TN 37201

**Michael E. Criden**
Hanzman, Criden, Korge, Chaykin, Ponce & Heise, P.A.
200 South Biscayne Boulevard
Suite 2100
Miami, FL 33131

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 2nd Ave N
Nashville, TN 37201

**John D. Radice**
Grant & Eisenhofer, PA
485 Lexington Avenue
29th Floor
New York, NY 10017