**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

November 3, 2011

Steven E. Fineman
Managing Partner
sfineman@lchb.com

**VIA ECF AND HAND DELIVERY**

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
Courtroom 21A
500 Pearl St.
New York, NY 10007-1312

    RE: *In re: Libor-Based Financial Instruments Antitrust Litigation*
       MDL No. 2262, Case No. 1:11-md-02262-NRB

Your Honor,

    The Schwab Plaintiffs[1] respectfully request a pre-motion conference pursuant to Your Honor's standing order. The Schwab Plaintiffs seek to move the Court for an order granting them permission to serve defendant Credit Suisse Group AG ("Credit Suisse") through its counsel, as permitted under Federal Rule of Civil Procedure 4(f)(3).

    Credit Suisse is a Swiss entity located in Zurich, Switzerland.  Shearman & Sterling LLP is counsel for Credit Suisse and has filed a notice of appearance in the MDL.[2]  The Schwab Plaintiffs have successfully served all thirty-nine of the other defendants in their cases. Many Defendants have agreed to service by means of waivers executed by counsel, which do not

---

[1] The Schwab Plaintiffs are: Charles Schwab Bank, N.A.; Charles Schwab & Co., Inc.; The Charles Schwab Corporation; Schwab Short-Term Bond Market Fund; Schwab Total Bond Market Fund; Schwab U.S. Dollar Liquid Assets Fund; Schwab Money Market Fund; Schwab Value Advantage Money Fund; Schwab Retirement Advantage Money Fund; Schwab Investor Money Fund; Schwab Cash Reserves; Schwab Advisor Cash Reserves; Schwab YieldPlus Fund; Schwab YieldPlus Fund Liquidation Trust.   They are plaintiffs in the following cases:  *Schwab Short-Term Bond Market Fund, et al. v. Bank of America Corporation, et al.*, 11-cv-6409; *Charles Schwab Bank, N.A., et al. v. Bank of America Corporation et al.*, 11-cv-6411; *Schwab Money Market Fund, et al. v. Bank of America Corporation, et al.*, 11-cv-6412.

[2] *See* Notice of Appearance, MDL No. 2262, Dkt. 28.  *See also* Rule 5.1 Disclosure Statement of Defendant Credit Suisse Group AG, MDL No. 2262, Dkt. 30 (filed by Shearman & Sterling on May 31, 2011).

Hon. Naomi Reice Buchwald
November 3, 2011
Page 2

affect the defendant's right to object to personal jurisdiction.  The Schwab Plaintiffs requested that Shearman & Sterling LLP accept service of process for Credit Suisse.  Shearman & Sterling declined to accept service, stating that Credit Suisse would not execute the requested waiver, but would insist as a matter of principle that plaintiffs proceed under the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").

The Schwab Plaintiffs have since begun the process of serving Credit Suisse pursuant to the Hague Convention.  This process will take at least at least several more weeks.  In addition to the substantial cost of Hague service, which includes translating the complaints into German, this delay raises the prospect that Credit Suisse will not appear in the case until after the other defendants have responded to the Schwab Plaintiffs' complaints, leading to duplicative briefing and complicating the schedule.

Without presenting full argument at this point, the Schwab Plaintiffs respectfully submit that their proposed motion has substantial basis in the law.  Rule 4(f)(3) permits service "at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  No international agreement or law prohibits service through Credit Suisse's counsel.  Furthermore, as many courts have held, service through counsel comports with due process because it is a highly dependable means of providing notice to an intended defendant.  *See Arista Records LLC v. Media Servs. LLC*, 06 Civ. 15319 (NRB), 2008 U.S. Dist. LEXIS 16485, *10 (S.D.N.Y. Feb. 25, 2008); *RMS Production Corp. v. Fridman*, 06 Civ. 11512 (DLC), 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007); *Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 U.S. Dist. LEXIS 4741, at *6-7 (S.D.N.Y. Mar. 23, 2005).

Courts have "wide discretion" to order service of process under Rule 4(f)(3). *Balintulo v. Daimler AG (In re S. African Apartheid Litig.)*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) (Scheindlin, J.).  Prior attempted service is not necessary.  "Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); s*ee also United States v. Estate of Machat*, 08 Civ. 7936 (JGK), 2009 U.S. Dist. LEXIS 87000, at *9-10 (S.D.N.Y. Sept. 21, 2009) ("'Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.'"); *SEC v. Anticevic*, 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009) ("A plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." (emphasis in original)).  Accordingly, courts have ordered alternative service through a defendant's counsel without requiring plaintiff to demonstrate an inability to serve by other means.  *See, e.g.*, *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 639-640 (S.D.N.Y. 2011) (Kaplan, J.) (citing *Rio Properties*).

Hon. Naomi Reice Buchwald
November 3, 2011
Page 3

       For the foregoing reasons, the Schwab Plaintiffs respectfully request a pre-motion conference as a precursor to moving the Court for permission to serve Credit Suisse through its counsel, Shearman & Sterling, pursuant to Rule 4(f)(3).

                                                  Respectfully,

                                                  Steven E. Fineman

cc:      All Counsel (via ECF)

SEF/dp
945506.4