```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/14/2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

MEMORANDUM AND ORDER

11 MD 2262 (NRB)

This Document Applies to: All Cases
----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This multi-district litigation ("MDL"), concerning the alleged manipulation of the London Interbank Offer Rate ("LIBOR"), was centralized before this Court on August 12, 2011 by order of the Judicial Panel on Multidistrict Litigation. (Docket no. 1.) By Memorandum and Order of October 18, 2011, the Court decided to establish separate putative classes for plaintiffs who engaged in over-the-counter transactions with one or more defendants and plaintiffs who purchased financial instruments on an exchange. (Docket no. 32.) By subsequent Memorandum and Order of November 29, 2011, the Court appointed interim class counsel for these respective putative classes. (Docket no. 66.)

At a conference held before the Court on March 1, 2012, the Court accepted a new action brought on behalf of a previously unrepresented class of investors who purchased debt securities linked to LIBOR. (Docket no. 117.) At the conclusion of the

1

March 1, 2012 conference, the Court set a briefing schedule for motions to dismiss to be filed with respect to the three putative classes of plaintiffs then in place as well as three stand-alone actions also pending before the Court. (Id.)

We recognize that the procedural posture of a newly filed case will differ somewhat depending on whether the case is filed in the Southern District of New York or in another district. Regardless, given the existing schedule and the provision for separate classes of plaintiffs, the only additional lawsuits that would be constructive to add to this MDL are those that are both sufficiently related by subject matter and cover a class of plaintiffs not encompassed by the existing classes. Therefore, any plaintiff seeking to be joined as a representative of a separate class must file with its pleading an application detailing why the existing classes of plaintiffs do not protect it and why inclusion in the MDL would be appropriate.

**SO ORDERED.**

Dated:   New York, New York
         June 14, 2012

                                    /s/ Naomi Reice Buchwald
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE