UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In RE:

LIBOR-Based Financial Instruments
Antitrust Litigation                                                      11 MD 2262 (NRB)

This Document Applies to: All Cases
---------------------------------------------------------------x

---------------------------------------------------------------x
                                                                  :
COMMUNITY BANK & TRUST, Individually       :
and On Behalf of All Others Similarly Situated,   :
                                                                  :
                              Plaintiff,                     :
                                                                  :
v.                                                             :    12 Civ. 4205
                                                                  :
BANK OF AMERICA CORPORATION;           :
BANK OF AMERICA, N.A.; CITIGROUP, INC.; :
CITIBANK, N.A.; JPMORGAN CHASE & CO.;  :
and JPMORGAN CHASE BANK, NATIONAL  :
ASSOCIATION,                                            :
                                                                  :
                              Defendants.                :
                                                                  :

**COMMUNITY BANK & TRUST'S APPLICATION FOR INCLUSION
IN THE MDL PURSUANT TO JUNE 14, 2012 ORDERS**

Pursuant to this Court's June 14, 2012 Order (Document 151) and separate June 14, 2012 Memorandum and Order (Document 152), Plaintiff, Community Bank & Trust ("CB&T" or "Plaintiff"), in *Community Bank & Trust v. Bank of America Corp., et al.*, 12 Civ. 4205 (S.D.N.Y.) ("*CB&T* Action"), hereby submits its application detailing why the existing classes of plaintiffs do not protect it and the class in the *CB&T* Action and why inclusion of the *CB&T* Action in the MDL (11 MD 2262) would be appropriate.  As set forth below, the *CB&T* Action

1

is brought on behalf of a currently unrepresented class of plaintiffs,[1] FDIC-insured banks with $1 billion or less in total assets ("Community Banks"), which relied upon U.S. dollar London Interbank Offer Rate ("LIBOR") when setting interest rates on loans (including floating-rate loans) and sustained monetary losses as a direct result of defendants' unlawful manipulation of and suppression of LIBOR.[2]  The *CB&T* Action is based on the same underlying factual allegations and arises from the same conduct that is the subject of the MDL actions.  Therefore, including the *CB&T* Action in the MDL is warranted and appropriate.

## I.     CB&T IS NOT INCLUDED WITHIN OR PROTECTED BY THE CURRENT CLASSES

### A.  The Community Bank Class

CB&T seeks damages on behalf of a class of all Community Banks who issued loans with interest rates tied to the USD LIBOR rate between August 2006 and May 2010, and who suffered losses as a result (the "Community Bank Class").  *See* Class Action Complaint in *CB&T* Action (Document 1), at ¶¶ 3, 7, 101. The class represented by CB&T includes only Community Banks (there are approximately 7,000) who extended loans with floating interest rates tied to the USD LIBOR and lost interest revenue because of the manipulation of USD LIBOR. In this regard, CB&T and the Community Bank Class seek damages that are not sought in the other class actions in the MDL.

As Plaintiff alleges, as compared to large banks with billions in total assets (such as defendants), Community Banks make more loans and rely more heavily on loan revenue (interest

---

[1] Interim Lead Counsel for the Exchange-Based Plaintiffs, Over-the-Counter Plaintiffs, and "Corporate Bond Group" Plaintiffs agree that CB&T and the class it seeks to represent do not fall within their respective Classes.

[2] Defendants in the *CB&T* Action include Bank of America Corporation, Bank of America, N.A., Citigroup, Inc., Citibank, N.A., JPMorgan Chase & Co., and JPMorgan Chase Bank, National Association.  Defendants in the MDL action have been defined as "member banks of the British Banker's Association London Interbank Offer Rate Panel."  *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11 MD 2262 (NRB) ("*LIBOR*"), 2011 WL 5007957, at *1 (S.D.N.Y. Oct. 18, 2011).   All defendants in the *CB&T* Action are defendants in the MDL action.

income) to generate their operating income. Many such loans were floating-rate loans, with interest rates tied directly to the USD LIBOR. Such loans were written by CB&T and the other Community Banks in reliance on the publicly reported USD LIBOR, with the borrowers being obligated to pay interest calculated based on USD LIBOR plus a fixed amount that was determined based on a borrower's credit standing. Given that the interest payments on many of the floating-rate loans made by CB&T and the other Community Banks were tied to USD LIBOR, any changes to or manipulation of USD LIBOR had a direct impact on the loan interest revenue of all those banks. Thus, to the extent that USD LIBOR was understated, CB&T and the other Community Banks lost interest revenue on their loans.

   CB&T brings this class action asserting claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, and state equivalent, to recover monetary losses that it and other Community Banks sustained because, as alleged, the interest rates and payments made by customers on their loans were less than they would have been had defendants not manipulated and suppressed LIBOR. To be clear, the *CB&T* Action is not based on any claims arising from, or losses sustained based on, the purchase or sale of any financial instruments, whether directly or on a commodities exchange. Thus, the Community Bank Class proposed by CB&T is not encompassed by any existing class proposed in the MDL. Even if all three of the plaintiff classes successfully prosecute their claims to judgment, there would be no recovery for CB&T and the Community Banks. Therefore, the existing classes of plaintiffs could not protect the interests of the Community Bank Class. Accordingly, the *CB&T* Action should be included in the pending MDL since the claims are based upon the same underlying conduct of the defendants as are the claims in the other MDL actions, with CB&T as

representative of the currently unrepresented and unprotected class of Community Banks who were harmed by defendants' artificial and wrongful suppression of USD LIBOR.

### B. The Current Classes

There are three current classes in this MDL, none of which include CB&T and the class it seeks to represent. The first class has been called the "Over-The-Counter Class" and includes those who directly engaged in transactions with one or more defendants. These direct dealings are commonly known as "over-the-counter" transactions, and the most common form of such transactions are interest rate swaps. *LIBOR*, 2011 WL 5007957, at *1. The Over-The-Counter Class is defined as: "all persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant, a financial instrument that paid interest indexed to LIBOR ("LIBOR-Based Instrument") any time during the period August 2007 through May 2010."[3] Consolidated Amended Complaint (Document 130), at ¶ 34. The Over-The-Counter Class members engaged in direct transaction with defendants and suffered damages as the result of defendants' unlawful conduct, including alleged violations of antitrust laws. CB&T and the Community Banks it seeks to represent did not directly engage in purchases of these instruments from the defendants and are not members of this proposed class.

A second class of plaintiffs has been referred to as the "Exchange-Based Class," which includes investors who transacted in Libor-based derivative products on an exchange, such as the Chicago Mercantile Exchange, during the class period. This class is defined as: "all persons, corporations and other legal entities (other than Defendants and their employees, affiliates, parents, subsidiaries and co-conspirators) that transacted in Eurodollar futures and options on

---

[3] The definition of LIBOR-Based Instrument set forth by the Over-The-Counter Class does not include loans such as those made by CB&T and the Community Bank class. Consolidated Amended Complaint (Document 130), at ¶¶ 31-33.

4

Eurodollar futures on exchanges such as the CME between August 2007 and May 2010 and where harmed by Defendants' manipulation of LIBOR." Consolidated Amended Complaint, 2012 WL 1522305 (S.D.N.Y., April 30, 2102), at ¶ 221. The Exchange-Based Class asserts antitrust claims as well as claims under the Commodity Exchange Act, for damages suffered as a result of Defendants' unlawful conduct. *See LIBOR*, 2011 WL 5007957, at *1. Community Banks that made loans based on Libor are not part of the Exchange-Based Class.

The third class of plaintiffs in this MDL is known as the "Corporate Bond Group Class" and includes owners of "any U.S. dollar denominated debt security (a) that was assigned a unique identification number by the Committee on Uniform Securities Identification Procedure system; (b) on which interest was payable any time between August 2007 and May 2010; and (c) where that interest was payable at a rate expressly linked to the U.S. Dollar Libor rate." Consolidated Amended Complaint (Document 131), at ¶¶ 1, 198; March 1, 2012 Hearing Transcript (Document 117), at 6-8.[4] This class asserts antitrust claims against defendants for damages suffered as a result of defendants' unlawful conduct. Community Banks that made loans based on Libor are not part of the Corporate Bond Group Class.

Given the material differences between the composition of the CB&T Class and the above-described Over-The-Counter, Exchange-Based and Corporate Bond Group Classes, as well as the differences in the claims being asserted on behalf of the members of those proposed classes, even if there were a recovery on behalf of all three of the current classes, CB&T would not receive any recovery. As Interim Lead Counsel for the other three proposed classes acknowledge, the Community Bank Class is not encompassed within the classes they seek to represent. Accordingly, this Court should allow CM&T to be joined in the MDL as a

---

[4] At the March 1, 2012 Hearing, Interim Lead Counsel for the Exchange-Based Plaintiffs and Over-The-Counter Plaintiffs both acknowledged that the claims of the Corporate Bond Group were not encompassed in the other two classes. (March 1, 2012 Hearing Transcript (Document 117) at 8-9.)

5

representative of a proposed class of Community Banks who extended loans with floating interest rates tied to the USD LIBOR and lost interest income due to the manipulation of USD LIBOR.

## II. THE CB&T COMPLAINT SHARES COMMON FACTUAL ISSUES WITH THE MDL COMPLAINTS AND INCLUSION IN THE MDL IS APPROPRIATE

The claims in the *CB&T* Action are based on the same underlying factual allegations and the same type of illegal conduct as alleged in the MDL actions: "[t]he underlying conduct alleged in all of the complaints is that the defendants conspired to artificially suppress LIBOR by understating their borrowing costs…" *LIBOR*, 2011 WL 5007957, at *1.

All of the actions share common factual issues, which may expediently be made part of the same or similar pretrial proceedings, including for example: the nature of the defendants' conduct; defendants' motivations to suppress LIBOR; the suppression of LIBOR; whether defendants conspired to artificially suppress LIBOR and the scope, composition, and duration of the conspiracy; whether the conduct had a manipulative effect on LIBOR and the scope, composition, and duration of defendants' manipulation of LIBOR; defendants' conduct in concealing its activities; whether the defendants' conduct negatively affected interest rates and the extent of the impact on LIBOR.

In addition, the inclusion of the *CB&T* Action in this MDL will not cause any delay in these proceedings. The *CB&T* Action can readily be coordinated with the existing schedule of the other actions. For example, the Amended Complaints in the MDL were filed on April 30, 2012 and the anticipated motions to dismiss have not yet been filed by defendants. CB&T would propose that any answer or motion to dismiss its Complaint be filed by the same date set for the opposition briefs to be filed by the Exchange-Based Plaintiffs, Over-the-Counter Plaintiffs, and Corporate Bond Group, and, if necessary, CB&T is willing to have a shorter response time with

respect to any motion to dismiss filed with respect to its Complaint. In this manner, briefing on any motion to dismiss the *CB&T* Action would be similar in time to the initial motion practice in the other actions so that motion practice and discovery in each of the actions can be coordinated and proceed apace.

Although there are certain distinct legal issues that may exist with regard to the various cases, the factual issues are very similar and nearly identical in many material respects. As a result, because the factual predicates of the *CB&T* Action are substantially similar to the factual predicates of the three classes that are currently part of the MDL action, and because the *CB&T* Action can be effectively included within the current schedule, it would be appropriate and efficient to include the *CB&T* Action in this MDL proceeding.

Dated: June 25, 2012                    Respectfully submitted,

                                                  s/ Patrick A. Klingman
James E. Miller
Patrick A. Klingman (PK-3658)
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT  06412
(860) 526-1100
(860) 526-1120 (facsimile)
Email: jmiller@sfmslaw.com
pklingman@sfmslaw.com

Charles E. Tompkins
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA  02109
(617) 439-3939
(617) 439-0134 (facsimile)
Email: ctompkins@shulaw.com

Douglas P. Dehler
Greg W. Lyons

<div style="margin-left: 40%;">

O'Neil, Cannon, Hollman, DeJong & Laing, S.C.
111 E. Wisconsin Avenue
Suite 1400
Milwaukee, WI 53202
(414) 276-5000
(414) 276-6581 (facsimile)
Email: doug.dehler@wilaw.com
       greg.lyons@wilaw.com

*Counsel for Plaintiff*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2012, I filed the foregoing Community Bank & Trust's Application for Inclusion in the MDL Pursuant to June 14, 2012 Orders with the Clerk of Court using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

   s/ Patrick A. Klingman

Patrick A. Klingman (PK-3658)