UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In RE:<br><br>LIBOR-Based Financial Instrument Antitrust Litigation<br><br>This Document Applies to: All cases | 11 MD 2262 (NRB) |
| THE BERKSHIRE BANK, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISENBOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG; and WESTDEUTSCHE IMMOBILIENBANKAG,<br><br>　　　　　　　　　　　　Defendants. | No. 12 CV 5723 |

**THE BERKSHIRE BANK'S APPLICATION FOR INCLUSION
IN THE MDL PURSUANT TO JUNE 14, 2012 ORDER**

Plaintiff The Berkshire Bank, a New York banking corporation ("Plaintiff"), individually and on behalf of similarly situated New York lenders ("the New York Lender Class"), by its undersigned attorneys and pursuant to this Court's Order dated June 14, 2012 (Docket Entry 152), hereby submits its application detailing why the existing classes of plaintiffs in this multi-

district litigation ("MDL") do not protect it and the New York Lender Class, and why *The Berkshire Bank v. Bank of America Corp., et al.*, No. 12 CV 5723 (S.D.N.Y.) (the "New York Lender Action") should be included in this MDL proceeding.

### I. The New York Lender Class Is Not Protected By Existing Classes

#### a. The New York Lender Class

Plaintiff has brought action on behalf of itself and similarly-situated lending institutions headquartered in the State of New York or with a majority of their operations in the State of New York, that originated, purchased outright, or purchased a participation interest in, loans paying interest at rates tied to the U.S. Dollar London Interbank Offered Rate ("USD LIBOR"), the interest rate of which adjusted at any time between August 1, 2007 and May 31, 2010, inclusive. The New York Lender Action includes claims under the common law of the State of New York for fraud and unjust enrichment, and seeks damages for the amounts that Plaintiff and the New York Lender Class sustained as a result of an artificial decrease in loan interest they experienced as a result of Defendants' manipulation of USD LIBOR rates.

#### b. The New York Lender Class Is Wholly Excluded From Three Of The Four Existing Class Actions, And Not Protected By The Fourth

There are four current classes in this MDL, previously referenced in MDL pleadings as the "Over-the-Counter Class," the "Exchange-Based Class," the "Corporate Bond Group Class," and the "Community Bank Class."  The first three of these existing classes have absolutely no or virtually no overlap with Plaintiff or the New York Lender Class.  While there is a small degree of overlap with the fourth existing class (the Community Bank Class), for the reasons below the Community Bank Class cannot protect the interests of Plaintiff and the New York Lender Class.

### (i) There Is No (Or Virtually No) Overlap Between The Over-The-Counter Class And The New York Lender Class.

The first existing class is known in these proceedings as the "Over-the-Counter Class" and is defined to include: "all persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant, a financial instrument that paid interest indexed to LIBOR ("LIBOR-Based Instrument") any time during the period August 2007 through May 2010." *See* Consolidated Amended Complaint (Docket Entry 130), at ¶ 34. The Over-The-Counter action is aimed at over-the-counter swaps and other non-exchange traded derivatives that track USD LIBOR, and brings claims primarily under federal antitrust laws. The Over-The-Counter Class does not seek to protect the interests of the New York Lender Class, and has no substantive overlap with the subject matter of the New York Lender Class Action.[1]

### (ii) There Is No Overlap Between The Exchange-Based Class And The New York Lender Class.

The second existing class of plaintiffs is generally referred to as the "Exchange-Based Class," and includes "all persons, corporations and other legal entities (other than Defendants and their employees, affiliates, parents, subsidiaries and co-conspirators) that transacted in Eurodollar futures and options on Eurodollar futures on exchanges such as the CME [Chicago Mercantile Exchange] between August 2007 and May 2010 and were harmed by Defendants'

---

[1] There may be an extremely small technical overlap if a whole loan or loan participation is construed to be a "financial instrument." If so, in those isolated and infrequent circumstances where a Defendant sold a whole loan or loan participation directly to a member of the New York Lender Class <u>and</u> that loan is tied to the rate of LIBOR and adjusted between August 2007 and December 2010, such New York Lenders could arguably be part of the Over-The-Counter Class with respect to claims related to those isolated loans. Regardless, under even the broadest reading of its class definition and claims, the Over-The-Counter Class does not seek to protect the New York Lender Class except in those isolated instances, and does not bring claims intended to maximize recoveries for the New York Lender Class.

manipulation of LIBOR." *See* Consolidated Amended Complaint, 2012 WL 1522305, ¶ 221. The loans at issue in the New York Lender Action are not transactions "in Eurodollar futures and options" and are not transacted on the Chicago Mercantile Exchange or any other futures exchange. There is no overlap with the Exchange-Based Class, and that class cannot protect the interests of the New York Lender Class.

### (iii) There Is No Overlap Between The Corporate Bond Group Class And The New York Lender Class.

The third class in this MDL is known as the "Corporate Bond Group Class," and includes owners of "any U.S. dollar denominated debt security (a) that was assigned a unique identification number by the Committee on Uniform Securities Identification Procedure [CUSIP] system; (b) on which interest was payable any time between August 2007 and May 2010; and (c) where that interest was payable at a rate expressly linked to the U.S. Dollar Libor rate." *See* First Amended Complaint (Docket Entry 134), at ¶¶ 1, 198. The loans at issue in the New York Lender Action are not securities, and were not assigned CUSIP numbers. Accordingly, there is no overlap with the Corporate Bond Group Class, and that action cannot protect the interests of the New York Lender Class.

### (iv) The Community Bank Class Cannot Protect The Interests Of The New York Lender Class.

The fourth class just recently joined to this MDL on July 12, 2012 (*see* Docket Entry 184) is known as the "Community Bank Class," and includes community banks with under $1 billion of total assets "who issued loans in which the interest rates were tied to the USD LIBOR rate during the Relevant Period [between August 2006 and May 2010], and who suffered losses as a result." Community Bank Complaint, ¶¶ 1, 3, 7, 101. The Community Bank action also includes a sub-class of all such banks located within the State of Wisconsin.

Certain of the New York Lender Class would be members of the Community Bank class (but not the Wisconsin sub-class). However, the Community Bank Class, by definition, is underinclusive, and does not seek redress for most of the injuries sustained by the New York Lenders Class. Moreover, the Community Bank Action does not pursue the claims most likely to bring meaningful recovery to the New York Lender Class. Accordingly, the Community Bank Class cannot adequately protect the interests of the New York Lender Class.

### a. The Community Bank Class Definition Excludes All New York Lenders Chartered As Thrifts Or Credit Unions.

There are three traditional forms of lending institutions: banks, savings & loans (also known as thrifts), and credit unions. By its definition, the Community Bank class includes some New York bank-chartered lending institutions, but does not include any New York savings & loans or credit unions. To the extent that savings & loans and credit unions transacted in loans with interest payments tied to USD LIBOR, and those loans reset or adjusted between August 2007 and May 2010, they were also injured by the Defendants' misconduct and should be protected by a class in this MDL.

### b. The Community Bank Class Definition Excludes New York Lenders With Total Assets Over $1 Billion.

In addition to excluding all New York Lenders chartered as savings & loans or credit unions, the Community Bank Class also excludes all bank-chartered New York Lenders with total assets of more than $1 billion. The New York banks denied protection by the Community Bank Action's constrained class definition have, in the aggregate, more than $750 million in total assets, and likely could include many of the institutions most damaged by Defendants' unlawful suppression of LIBOR. In contrast, the New York Lender class protects all New York lending institutions, regardless of size.

### c. The Community Bank Class Definition's Focus On Time Of Origination Further Excludes New York Lenders.

In addition to the charter-type and size exclusions which impair the ability of the Community Bank Class to protect New York Lenders, the Community Bank Class definition's focus on the time of loan issuance (origination) rather than the time at which the loan interest rate adjusts in reference to USD LIBOR further renders the Community Bank Class underinclusive. Specifically, by limiting the class definition to *issuers* of USD LIBOR-tied mortgages between August 2006 and May 2010, the Community Bank Class by definition fails to seek redress for injuries on USD LIBOR-tied loans that were issued before August 2006, but adjusted during the period of manipulation and were thereby affected by the unlawful suppression of USD LIBOR.

Because of this limitation, even for the segment of New York Lenders that otherwise fit within its class definition, the Community Bank Class would not protect claims for injuries arising under the most prevalent form of adjustable-rate loan: the 5/1 adjustable rate residential mortgage ("5/1 ARM"). The 5/1 ARM, offered by most lending institutions that issue residential mortgages, has a fixed, predetermined interest rate for the first five years, and then adjusts yearly in reference to USD LIBOR or another benchmark rate. This structure is significant because it means that the 5/1 ARMs damaged by the alleged manipulation would have been originated before or in May 2005, and thus floated or adjusted during the alleged manipulation period of August 2007 to May 2010. However, such loans are inexplicably excluded from the Community Bank Class definition, which only includes loans "issued" between August 2006 and May 2010.

### d. The Community Bank Action Fails To Bring The Claims Necessary To Protect New York Lenders Class.

The Community Bank Action also fails to protect the New York Lender Class because it does not bring the best claims available to New York Lenders Class: common law claims for fraud and unjust enrichment against all members of the USD LIBOR Contributing Panel that submitted fraudulent USD LIBOR quotes. Instead, the Community Bank Class seeks recovery only under the civil RICO statute, and for Wisconsin banks, under the equivalent Wisconsin state statute, and only brings claims against three of the sixteen members of the USD LIBOR Contributing Panel.

However, those civil RICO claims do not best protect the New York Lenders Class because: (1) they ignore 13 of the 16 USD LIBOR Contributing Panel members alleged to have submitted false USD LIBOR quotes, including Barclays PLC which has already admitted wrongdoing; (2) they take on difficult and unnecessary pleading hurdles because civil RICO requires allegation of a number of elements above and beyond those sufficient to establish common law fraud; and (3) they face unique territorial restrictions due to the Second Circuit's ruling in *Norex Petroleum Ltd. v. Access Indus., Inc., et al.,* 631 F.3d 29 (2d Cir. 2010) (holding that the civil RICO provisions have no extraterritorial reach). Accordingly, even the subset of New York Lenders that might otherwise qualify for inclusion in the putative Community Bank Class will not have their interests adequately protected by the Community Bank Action.

## II. The New York Lender Class Action Should Be Included In This MDL.

The New York Lender Class Action arises from the same set of facts as the other four class actions presently included in this MDL: the submission by Defendants of false USD LIBOR quotes to the British Banking Authority, resulting in the unlawful manipulation of the

USD LIBOR fix reported by the British Banking Authority between August 2007 and May 2010. Like the other classes included in the MDL, discovery for the claims brought by the New York Lender Class will involve inquiry into whether the USD LIBOR quotes reported by Defendants were accurate representations of their interbank borrowing costs at the time, whether inaccurate reports were intentional, and the extent of the impact of false USD LIBOR quotes on the reported USD LIBOR fix.  Including the New York Lenders Class in this MDL will maximize efficiency by allowing coordination of discovery and other pretrial proceedings with the other MDL classes.

Moreover, including the New York Lender Class Action in this MDL will not delay or prejudice any of the existing MDL classes.  All of the included actions, including the Community Bank Action included in this MDL only weeks ago, are still in the pleadings stage. The docket contains no record that any discovery has taken place.  The New York Lender Class is prepared to brief its opposition to any responsive motion within thirty (30) days.  Thus, any briefing schedule with respect to the initial responsive pleadings in this case need not significantly lag the schedules set for other cases included in this MDL.  *See, e.g.,* Docket Entry 184 (ordering that briefing on a motion to dismiss anticipated in the Community Bank Action be completed by October 28, 2012).

For all of these reasons, the New York Lender Class should be promptly included in this MDL.

DATED:  August 6, 2012

Respectfully Submitted,

**POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP**

/s/ Jeremy A. Lieberman
Marc I. Gross
Jeremy A. Lieberman
600 Third Avenue – 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
mgross@pomlaw.com
jalieberman@pomlaw.com

**POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
Ten South LaSalle Street - Suite 3505
Chicago, Illinois  60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

*Counsel for Plaintiff and the Class*