UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENT ANTITRUST LITIGATION | MDL 2262 (NRB) |
| ELIZABETH LIEBERMAN and TODD AUGENBAUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE GROUP AG; BANK OF AMERICA CORPORATION; JP MORGAN CHASE & CO.; HSBC HOLDINGS PLC; BARCLAYS BANK PLC; LLOYDS BANKING GROUP PLC; WESTLB AG; UBS AG, ROYAL BANK OF SCOTLAND GROUP PLC; DEUTSCHE BANK AG; CITIBANK NA; RABOBANK GROUP; BANK OF TOKYO-MITSUBISHI UFJ; SOCIETE GENERALE, ROYAL BANK OF CANADA; BANK OF NOVA SCOTIA;  BNP PARIBAS S.A.; CREDIT AGRICOLE, S.A.; SUMITOMO MITSUI BANKING CORP.,<br><br>Defendants. | Case No. 12 Civ. 6056 |

**PLAINTIFFS ELIZABETH LIEBERMAN AND TODD AUGENBAUM'S APPLICATION FOR INCLUSION INTO *IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION*, MDL NO. 2262**

On August 8, 2012, Plaintiffs Elizabeth Lieberman and Todd Augenbaum[1] ("Preferred Securities Plaintiffs") filed the above-captioned action (the "Preferred Securities Action"),

---

[1] On June 29, 2011, Mr. Augenbaum filed *Augenbaum v. Bank of America Corp. et al.*, No. 11 Civ. 4421, asserting claims on behalf of purchasers in the "Over-the-Counter" class, not the Preferred Securities Class.  The Court consolidated that action with the "Over-the-Counter Plaintiff Action" in Pre-Trial Order No. 1, signed on December 22, 2011 [11-md-2262, Dkt. No. 78]. On August 7, 2012, the Court dismissed that action pursuant to a notice of dismissal [11 Civ. 4421, Dkt. No. 10].

1

asserting claims for violation of specific state antitrust statutes, on behalf of owners of preferred equity securities (the "Preferred Securities Class") that paid dividends tied to the London Interbank Offered Rate ("LIBOR") relating to Defendants' illegal manipulation of LIBOR. Prior to the filing of the Preferred Securities Action, this Court issued an order, dated June 14, 2012, directing any plaintiff that wants their action to be consolidated with *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. MDL 2262 (the "MDL Action") to make an application detailing: (1) why the existing classes in the MDL Action do not cover that plaintiff's claims; and (2) why inclusion of that plaintiff's claims in the MDL Action would be appropriate [Dkt. No. 152]. Pursuant to that order, the Preferred Securities Plaintiffs submit this application demonstrating that, as representatives of the Preferred Securities Class, they fulfill both requirements.

### A. The Preferred Securities Plaintiffs Represents A Class Of Owners of Preferred Equity Securities, A Class That Is Not Represented By The Existing Classes

The Preferred Securities Class consists of 24 subclasses, for residents in each of 23 states and the District of Columbia,[2] who:

> a) owned a Preferred Security; b) that was assigned a unique identification CUSIP number; c) on which dividends were payable at any time between November 2005 and May 2010 (the "Class Period"); and d) on which dividends were payable at a rate expressly linked to the U.S. Dollar LIBOR. Excluded from the Subclass are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Federal governmental entities, and instrumentalities of the Federal government, and Preferred Securities purchased directly from any Defendant.

---

[2] The Preferred Securities Class consists of 24 subclasses, each of which consists of residents of Alabama, Alaska, Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Utah, Vermont, West Virginia, Wisconsin, or Wyoming. Mr. Augenbaum and Elizabeth Lieberman, both residents of New York, represent the New York subclass of the Preferred Securities Class.

The Preferred Securities Class is not represented by any other classes in the MDL Action. The representative plaintiffs, class definitions, and claims of the other classes currently in, or seeking inclusion in, the MDL Action are as follows:

| Representative Plaintiffs | Class Definition | Claims Asserted |
|---|---|---|
| Metzler Investment GmbH; FTC Futures Fund SICAV; FTC Futures Fund PCC Ltd.; Atlantic Trading USA, LLC; 303030 Trading LLC; Gary Francis; Nathanial Haynes (the "Exchange-Based Plaintiff Action") | Those who "that transacted in Eurodollar futures and options on Eurodollar futures on exchanges such as the CME between August 2007 and May 2010 and were harmed by Defendants' manipulation of LIBOR. [MDL No. 2262, Dkt. No. 134, at ¶ 221.] | Commodities Exchange Act; Section 1 of the Sherman Act; Restitution/Unjust Enrichment [MDL No. 2262, Dkt. No. 134, at ¶¶ 228-53.] |
| Mayor and City Council of Baltimore; City of New Britain Firefighters and Police Benefit Fund (the "Over-the-Counter Plaintiff Action") | Those who "purchased in the United States, directly from a Defendant, a financial instrument that paid interest indexed to LIBOR any time during the period August 2007 through May 2010." [MDL No. 2262, Dkt No. 130, at ¶ 34.] "Only LIBOR-Based Instruments that were sold in over-the-counter transactions are at issue in [this] Complaint." [*Id.* at ¶31] | Section 1 of the Sherman Act; Unjust Enrichment[MDL No. 2262, Dkt. No. 130, at ¶¶ 220-30.] |
| Ellen Gelboim; Linda Zacher | Those who "owned (including beneficially in 'street name') any U.S. dollar-denominated debt security (a) that was assigned a unique identification number by the CUSIP1 system; (b) on which interest was payable at any time between August 2007 and May 2010 and (c) where that interest was payable at a rate expressly linked to the U.S. Dollar Libor rate." [MDL No. 2262, Dkt. No. 131, at ¶ 1.] | Section 1 of the Sherman Act [MDL No. 2262, Dkt. No. 130, at ¶¶ 206-11.] |
| Community Bank & Trust | "[A]ll Community Banks who issued loans in which the interest rates were tied to the USD LIBOR rate during the relevant period, and who suffered losses as a result." [12 civ. 4205, Dkt. No. 1, at ¶ 101.] | Racketeering Influenced and Corrupt Organizations Act ("RICO"); Wis. Stat. §946.80 (state law racketeering statute) [12 |

| | | |
|---|---|---|
| | | civ. 4205, Dkt. No. 1, at ¶¶ 104-63.] |
| The Berkshire Bank | "[A]ll banks, savings & loan institutions, and credit unions headquartered in the State of New York, or with the majority of their operations in the State of New York, that originated loans, purchased whole loans, or purchased interests in loans with interest rates tied to USD LIBOR, which rates adjusted at any time between August 1, 2007 and May 31, 2010, both dates inclusive." [12 Civ. 5723, Dkt. No. 1, at ¶ 77.] | Common law fraud; Unjust Enrichment [12 Civ. 5723, Dkt. No. 1, at ¶¶ 95-105.] |
| 33-35 Green Pond Road Associates, LLC | Those "who purchased U.S. dollar LIBOR-Based Derivatives from . . . non-Defendant commercial banks and insurance companies in the United States . . . based directly on rates set by Defendants, from at least as early as August 1, 2007 through such time as the effects of Defendants illegal conduct ceased." [12 Civ. 5822, Dkt. No. 1, at ¶ 34.] | Section 1 of the Sherman Act [12 Civ. 5822, Dkt. No. 1, at ¶¶ 168-74.] |

Each of the classes described above, which are currently represented in the MDL Action, represents the following persons or entities:

- owners of LIBOR-based Eurodollars futures and options;

- owners of LIBOR-based debt instruments;

- owners of LIBOR-based derivative instruments;

- owners of LIBOR-based instruments purchased over-the-counter and directly from a defendant, and/or:

- banks that issued, originated, or purchased LIBOR-based loans.

By contrast, the Preferred Securities Class consists of owners of LIBOR-based preferred equity securities (equity securities are not debt instruments) that were not purchased over-the-counter.

4

Furthermore, each of the classes above alleges claims of violations of the Sherman Act, Commodities Exchange Act, RICO, or the Wisconsin state racketeering statute, or common law claims of fraud and/or unjust enrichment. By contrast, the Preferred Securities Action alleges claims based on the antitrust statutes of various states.

Accordingly, the claims of the Preferred Securities Class are not represented by an existing class in the MDL Action.

B. **Inclusion Of The Above-Captioned Case With The MDL Action Is Appropriate**

The claims in the Preferred Securities Action are based on the same factual allegations in the MDL Action: "the defendants conspired to artificially suppress LIBOR by understating their borrowing costs to the BBA.". *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MD 2262(NRB), 2011 WL 5007957, at *1 (S.D.N.Y. Oct. 28, 2011). Accordingly, consolidation of the Preferred Securities Action with the MDL Action will minimize the burden of separate discovery and briefing in, and allow coordination of, the various actions in the MDL Action.

**CONCLUSION**

For the foregoing reasons, the Preferred Securities Action should be consolidated with the MDL Action.

Dated: August 8, 2012

                                      **MURRAY FRANK LLP**

                                      __/s/Brian P. Murray_____
                                      Brian P. Murray (BM 9954)
                                      Lee V. Albert (pro hac to be filed)
                                      Gregory B. Linkh (GL 0477)
                                      275 Madison Avenue, Suite 801
                                      New York, New York 10016
                                      Telephone: (212) 682-1818
                                      Facsimile: (212) 682-1892
                                      Email: bmurray@murrayfrank.com

>Jeffrey S. Abraham
>**ABRAHAM, FRUCHTER & TWERSKY LLP**
>One Penn Plaza, Suite 2805
>New York, NY 10119
>Tel: (212) 279-5050
>Fax:(212) 279-3655
>Email: jabraham@aftlaw.com
>
>
>Lionel Z. Glancy (pro hac to be filed)
>**GLANCY BINKOW & GOLDBERG LLP**
>1925 Century Park East, Suite 2100
>Los Angeles, CA 90067
>Tel:  (310) 201-9150
>Fax:  (310) 201-9160
>Email: lglancy@glancylaw.com
>
>**Counsel for Plaintiffs**

## **DECLARATION OF SERVICE**

I am an attorney admitted to practice before this Court. I hereby certify, under penalty of perjury, that on this 8th day of August 2012, I caused a true and correct copy of the foregoing document to be served on the persons listed on the attached service list, by ECF.

                                                           __/s/Gregory B. Linkh_____
                                                              Gregory Linkh