UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262<br>Master File No. 1:11-md-02262-NRB<br>ECF Case |
| THIS DOCUMENT RELATES TO:<br>Case No. 12 CV 1025 (NRB) | |
| ELLEN GELBOIM and LINDA ZACHER, individually for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CREDIT SUISSE GROUP AG, *et al.*,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR ENTRY OF PRE-TRIAL ORDER NO. 2** |

Pursuant to Rule 23(d)(1)(E) and 23(g)(3) of the Federal Rules of Civil Procedure, plaintiffs Ellen Gelboim and Linda Zacher, by their attorneys, hereby move for entry in this action of Pre-Trial Order No. 2 substantially in the form attached hereto as Exhibit A.

The purpose of this Motion is to assist in streamlining the management of this bondholder plaintiff action on a basis substantially the same as the Court adopted for the Exchange-Traded Plaintiff Action and the Over-the-Counter Plaintiff Action. The proposed order would accomplish this goal in two ways. First, it would formalize procedures in this bondholder action to conform with the procedures specified in Pre-Trial Order No. 1 (MDL Doc. 78-1) as applicable to the two previously filed class actions pending in the multidistrict docket—the Exchange-Based Plaintiff Action and the Over-the-Counter Plaintiff Action. In addition, the proposed order would

1

designate the undersigned plaintiffs' counsel as interim class counsel so that the coordinated pursuit of this litigation on the plaintiffs' side of the case can continue without interruption in the event additional bondholder cases are filed. At the same time, the proposed order would be without prejudice to the right of later-filed plaintiffs, should there be any, to seek modification of the appointment of interim counsel.

### A.     Standardized Procedures for Bondholder Cases

In form, the proposed Pre-Trial Order No. 2 is derived from and substantially the same as Pre-Trial Order No. 1 which the Court entered in the Multidistrict Litigation on December 22, 2011. *See* MDL Doc. 78-1. Previously, on November 29, 2011, the Court had appointed interim co-lead counsel for the putative classes of exchange-traded plaintiffs and over-the-counter plaintiffs. *See* MDL Doc. 66. By entering Pre-Trial Order No. 2 as proposed in the present motion, the Court will be applying substantially the same procedures to the Bondholder plaintiffs as Pre-Trial Order No. 1 already apply to the two earlier groups of class actions.

### B.     Appointment of Interim Co-Lead Counsel for the Bondholder Putative Class

In addition to tracking the provisions of Pre-Trial Order No. 1, proposed Pre-Trial Order No. 2 designates counsel for Plaintiffs Gelboim and Zacher as interim co-lead counsel for the putative bondholder class they have pled in the First Amended Class Action Complaint, filed April 30, 2012. *See* Doc. 131.

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Here, approval of the proposed Interim Class Counsel will make for the most efficient prosecution of this action pending a decision on class certification. It will also facilitate the continued coordination and cooperation among various plaintiffs' respective counsel and the pursuit of potential settlement discussions, assuring all parties that

these firms are empowered to act on behalf of the proposed class. At the same time, the proposed Pre-Trial Order No. 2 is without prejudice should any other bondholder plaintiff action be filed and counsel therein seek appointment as interim class counsel.[1]

Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure identifies four factors courts are to consider in appointing class counsel: (i) counsel's knowledge of the applicable law; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; (iii) the work counsel has done in identifying or investigating potential claims in this action; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). These factors apply, as well, to the appointment of interim class counsel. *See In re Sensa Weight Loss Litig.*, No. 11-CV-1650-YGR, 2012 U.S. Dist. Lexis 28178 *4 (N.D. Cal. Mar. 2, 2012); *Anderson v. Fiserv, Inc.*, Nos. 09 Civ. 5400 (BSJ) (FM), 09 Civ. 8397 (BSJ) (FM), 2010 U.S. Dist. Lexis 13926 *6 (S.D.N.Y. Jan. 29, 2010). As discussed briefly in the following paragraphs, counsel for Plaintiffs Gelboim and Zacher— Morris and Morris LLC Counselors At Law ("Morris and Morris") and Weinstein Kitchenoff & Asher LLC ("Weinstein Kitchenoff") (collectively, "the Two Firms")—amply qualify for appointment as interim co-lead counsel under these standards.

The Two Firms have worked closely and cooperatively with the other plaintiffs' counsel since the *Gelboim* action was commenced in February 2012. Specifically, the Two Firms have together entered into a joint prosecution agreement with interim co-lead counsel for the Exchange-Traded Plaintiff putative class, interim co-lead counsel for the Over-the-Counter Plaintiff

---

[1] In this regard, ¶ 5 of the proposed Pre-Trial Order No. 2 states, in part:
    The designation of Bondholder Plaintiff Co-Leads in this Paragraph 5 is without prejudice to the right of other counsel to move for modification of such designation upon good cause shown.

putative class, and counsel for the Charles Schwab entities. Pursuant to this agreement the Two Firms have participated fully in efforts of common interest to the various plaintiffs in the multidistrict litigation. Principally the Two Firms have to date worked closely with other counsel in researching and preparing the allegations of the recently filed amended complaints, with particular emphasis on the exploration with consulting experts of economic phenomena and issues related to this litigation. Similarly the Two Firms have been working with these other counsel in preparing a response to Defendants' motion to dismiss and in assessing the ongoing disclosures of new factual information relating to the litigation.

The Two Firms have well-established track records representing plaintiff classes in litigation like the present one. Working jointly together, they pursued and successfully settled an antitrust case on behalf of purchasers of propane, where the defendant, BP, had manipulated the price of the propane commodity. *See In re: Schagringas Co., et al. v. BP Products Co., et al.*, No. 1:06-cv-3621 (N.D. Ill.) (Hon. James B. Zagel), where final judgment was entered on May 26, 2009. Pursuant to that settlement, the defendants paid $50 million for the benefit of the class in that case.

Morris and Morris has successfully litigated antitrust claims as class co-lead counsel on behalf of participants in overseas auctions hosted by Christie's and Sotheby's, and on behalf of purchasers of U.S. Treasury securities following an alleged squeeze of the market by Salomon Brothers in submitting bids in auctions of those securities. Morris and Morris have also represented shareholders in various derivative actions involving major Fortune 500 corporations. The qualifications of Morris and Morris, including a brief sketch of its achievements, are set forth in greater detail in the declaration of Karen L. Morris attached as Exhibit B hereto.

Similarly, Weinstein Kitchenoff has served as lead and co-lead counsel in numerous antitrust cases, involving industries such as copper, various chemicals, polyester staple, commercial waste hauling, and others. The firm's successful track record includes serving as class lead or co-lead counsel in various product/consumer cases such as the recovery of over $1.1 billion in a nationwide class action involving defective polybutylene plumbing pipe. The qualifications of Weinstein Kitchenoff, including a brief sketch of its achievements, are set forth in greater detail in the declaration of David H. Weinstein attached as Exhibit C hereto.

Based upon their experience and training, the two firms are clearly knowledgeable about the applicable law and the handling of similar class action litigation. Lawyers in the Two Firms have been successfully litigating antitrust and other class actions and complex cases for decades — 40 years in Mr. Weinstein's case and over 20 years each in the case of both Ms. Morris and Patrick F. Morris. Their experience in antitrust litigation challenging the manipulation of a benchmark price includes their joint pursuit and settlement of the propane case mentioned above as well as Mr. Weinstein's previous successful settlement recoveries in antitrust litigation concerning the manipulation of the benchmark price for copper.

More broadly, the Two Firms have vast experience in pursuing class litigation and comparable corporate derivative litigation involving complex issues and circumstances. The declarations of Ms. Morris and Mr. Weinstein summarize some of this broad experience.

The Two Firms have done extensive work in identifying and investigating potential claims in this action since even before it was filed in February 2012. For example, they have reviewed in detail voluminous published reports and economics articles relating to the underlying facts, they have reviewed the personal records of each of the two named plaintiffs, and they have worked with professional investigators to identify witnesses and evidence bearing upon the facts

in this case. The Two Firms have also worked closely with highly regarded economist-consultants to develop and refine economic models and theories applicable to this case. In addition, with the assistance of retained consultant experts, the Two Firms have identified more than 5,200 relevant LIBOR-based bonds that were issued in the United States by corporate, state and municipal, and foreign sovereign issuers during the Class Period (between August 2007 and May 2010). The Class in this case encompasses the holders of these various bonds.

Finally, the Two Firms have committed and are prepared to commit significant resources to the pursuit of the Class's interests in this case. In addition to retaining consultants, as described above, through the Two Firms' joint prosecution agreement with counsel for the Schwab plaintiffs and the co-lead counsel for the Exchange-Based Plaintiff class and Over-the-Counter Plaintiff class, the bondholder plaintiff class the Two Firms represent will benefit by the collective strength of the entire plaintiffs' team in this litigation.

### C. Conclusion

For all the foregoing reasons, the Court should enter the proposed Pre-Trial Order No. 2.

Respectfully submitted,

Dated: August 10, 2012

| | |
|---|---|
| /s Karen L. Morris | /s David H. Weinstein |
| Karen L. Morris | David H. Weinstein |
| Patrick F. Morris | Robert S. Kitchenoff |
| R. Michael Lindsey | Jeremy S. Spiegel |
| MORRIS AND MORRIS LLC COUNSELORS AT LAW | WEINSTEIN KITCHENOFF & ASHER LLC |
| 4001 Kennett Pike, Suite 300 | 1845 Walnut Street, Suite 1100 |
| Wilmington, DE 19807 | Philadelphia, PA 19103 |
| Tele: (302) 426-0400 | Tele: (215) 545-7200 |
| Fax: (302) 426-0406 | Fax: (215) 545-6535 |
| Email: morris@morrisandmorrislaw.com pmorris@morrisandmorrislaw.com rmlindsey@morrisandmorrislaw.com | Email: weinstein@wka-law.com kitchenoff@wka-law.com spiegel@wka-law.com |
| | Attorneys for Plaintiffs Ellen Gelboim and Linda Zacher |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Entry of Pre-Trial Order No. 2 has been filed this date through the Court's Electronic Case Filing system and thereby served upon all counsel.

Dated: August 10, 2012

/s *Jeremy S. Spiegel*
Jeremy S. Spiegel