UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262, 11 Civ. 2613 |
| | Master File No. 1:11-md-2262-NRB |
| THIS DOCUMENT RELATES TO: EXCHANGE-BASED PLAINTIFF ACTION | |

**DECLARATION OF DAVID E. KOVEL IN SUPPORT OF
THE EXCHANGE-BASED PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

I, DAVID E. KOVEL, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am a member in good standing of the Bar of the State of New York, and am admitted to practice before this Court.

2.  I am a member of the law firm of Kirby McInerney LLP, interim co-lead counsel for the Exchange-Based Plaintiffs. As such, I have knowledge of the matters set forth herein. I make this declaration in support of the Exchange-Based Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Exchange-Based Amended Consolidated Class Action Complaint ("Opposition Memorandum").

3.  The Opposition Memorandum is in response to Defendants' Motion to Dismiss the Exchange-Based Plaintiffs Amended Complaint [D.I. 168] ("Defs. Br.") and the motions of the individual banks, namely (1) the Memorandum of Law in Support of UBS AG's Motion to Dismiss ("UBS Br.") [D.I. 179]; (2) Defendant Credit Suisse Group AG's Supplemental

1

Memorandum of Law in Support of its Motion to Dismiss ("CS Br.") [D.I. 175]; (3) the Memorandum of Law in Support of Barclays Bank PLC's Motion to Dismiss ("Barclays Br.") [D.I. 177]; (4) the Bank of Tokyo-Mitsubishi UFJ, Ltd.'s Supplemental Memorandum of Law in Support of its Motion to Dismiss ("BTMU Br.") [D.I. 173]; and (5) the Norinchukin Bank's Supplemental Memorandum of Law in Support of Motions to Dismiss ("Norinchukin Br.") [D.I. 171]. Plaintiffs' Opposition Memorandum does not address Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Antitrust Claims [D.I. 166], which is part of a separate opposition memorandum filed herewith (the "Antitrust Opposition Mem.").

4.      Attached hereto as Exhibit 1 is a true and correct copy of the August 7, 2012 Letter of Robert F. Wise, Jr. [D.I. 199].

5.      Attached hereto as Exhibit 2 is a true and correct copy of the August 8, 2012 hearing transcript of proceedings before the Honorable Naomi Buchwald in this litigation.

6.      Attached hereto as Exhibit 3 is a true and correct copy of: (i) the non-prosecution agreement dated June 26, 2012 (the "DOJ Non-prosecution Agreement"), between and among the United States Department of Justice (the "DOJ") and Barclays Bank Plc and its parent, subsidiaries and affiliates (collectively, "Barclays"); and (ii) Appendix A to the DOJ Non-prosecution Agreement, which sets forth the facts and illegal conduct Barclay's admitted in accepting responsibility (the "DOJ SOF").[1]  In the DOJ Non-prosecution Agreement, Barclays agreed to pay a monetary penalty of $160,000,000 to the United States Treasury. *See* DOJ Non-Prosecution Agreement at 3.

7.      Attached hereto as Exhibit 4 is a true and correct copy of the Commodities Futures Trading Commissions' June 27, 2012 Order Instituting Proceedings Pursuant to Sections

---

[1] Available at http://www.justice.gov/iso/opa/resources/9312012710173426365941.pdf.

6(c) and 6(d) of the Commodities Exchange Act, as Amended, Making Findings and Imposing Remedial Sanctions (the "CFTC Order"), for the violations of Sections 6(c), 6(d) and 9(a)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 9, 13(b) and 13(a)(2), relating to *In the Matter of: Barclays PLC, Barclays Bank PLC and Barclays Capital Inc.*[2] The CFTC Order includes an Offer of Settlement in which Barclays agreed to pay a civil monetary penalty in the amount of $200,000,000, plus post-judgment interest. *See* CFTC Order at 30.

8. Attached hereto as Exhibit 5 is a true and correct copy of the British Financial Services Authority Final Notice, dated June 27, 2012 (the "FSA Final Notice"), imposing on Barclays Bank Plc a financial penalty of £59.5 million for violation of the Financial Services and Markets Act of 2000.[3] *See* FSA Final Notice at 1. The FSA is an independent, non-governmental body, given statutory powers by the Financial Services and Markets Act of 2000 to act as the financial regulator for the financial services industry in the United Kingdom.

9. Attached hereto as Exhibit 6 is a true and correct copy of the U.S. Department of Justice Antitrust Division's Corporate Leniency Policy.

10. Attached hereto as Exhibit 7 is a true and correct copy of a transcript of the telephone conference between Barclays and Federal Reserve Bank of New York ("NY Fed"), dated Oct. 24, 2008, produced by the NY Fed to Congress on or about July 13, 2012.

11. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the House of Commons, Oral Evidence Taken Before the Treasury Committee, uncorrected transcript dated June 16, 2012.[4] The House of Commons is the publicly-elected chamber of Parliament in the

---

[2] Available at http://www.cftc.gov/ucm/groups/public/@lrenforcementactions/documents/legalpleading/enfbarclaysorder062712.pdf.

[3] Available at http://www.fsa.gov.uk/static/pubs/final/barclays-jun12.pdf.

[4] Available a*t* http://www.publications.parliament.uk/pa/cm201213/cmselect/cmtreasy/uc481-iv/uc48101.htm.

United Kingdom. The Treasury Committee is appointed by the House of Commons to examine the expenditure, administration and policy of the Bank of England and the FSA, among other public bodies. The Oral Evidence presented to the Treasury Committee includes testimony taken on June 16, 2012, from Tracey McDermott, Acting Director of Enforcement and Financial Crime, Financial Services Authority (the "FSA Enforcement Director").

12. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the House of Commons, Oral Evidence Taken Before the Treasury Committee, uncorrected transcript dated June 17, 2012.[5] The Treasury Committee is appointed by the House of Commons to examine the expenditure, administration and policy of the Bank of England and the FSA, among other public bodies. The Oral Evidence presented to the Treasury Committee includes testimony provided by Sir Mervyn King, Governor, Bank of England, who testified on June 17, 2012.

13. Attached hereto as Exhibit 10 is a true and correct copy of an excerpt from the *Minpeco S.A., v. Nelson Bunker Hunt, et al.,* 81 Civ. 7619, Trial Transcript dated August 15, 1988 (Lasker, J).

Executed on this 28th day of August, 2012 at New York, New York.

                                                  /s/ *David E. Kovel*
                                                DAVID E. KOVEL

---

[5] Available at http://www.publications.parliament.uk/pa/cm201213/cmselect/cmtreasy/uc535/uc53501.htm.