UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *ET AL.*, <br>    Plaintiffs, <br> v. <br> CREDIT SUISSE GROUP AG, *ET AL.*, <br>    Defendants. | Master File No. 1:11-md-2262-NRB <br><br> ECF Case |
| METZLER INVESTMENT GMBH, *ET AL.*, <br>    Plaintiffs, <br> v. <br> CREDIT SUISSE GROUP AG, *ET AL.*, <br>    Defendants. | |
| GELBOIM, *ET AL.*, <br>    Plaintiffs, <br> v. <br> CREDIT SUISSE GROUP AG, *ET AL.*, <br>    Defendants. | |
| CHARLES SCHWAB BANK, N.A., *ET AL.*, <br>    Plaintiffs, <br> v. <br> BANK OF AMERICA CORPORATION, *ET AL.* <br>    Defendants. | **ORAL ARGUMENT REQUESTED** |
| SCHWAB MONEY MARKET FUND, *ET AL.*, <br>    Plaintiffs, <br> v. <br> BANK OF AMERICA CORPORATION, *ET AL.*, <br>    Defendants. | |
| SCHWAB SHORT-TERM BOND MARKET FUND, *ET AL.*, <br>    Plaintiffs, <br> v. <br> BANK OF AMERICA CORPORATION, *ET AL.*, <br>    Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF CREDIT SUISSE GROUP AG AND THE BANK OF TOKYO-MITSUBISHI UFJ, LTD.'S MOTIONS TO DISMISS**

## TABLE OF AUTHORITIES

*AD/SAT* v. *Associated Press*, 181 F.3d 216 (2d Cir. 1999) .............................................................. 3

*Hinds County, Miss.* v. *Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009) .................. 1n

*In re Currency Conversion Fee Antitrust Litigation*, No. 05 Civ. 7116, 2012 WL 401113
   (S.D.N.Y. Feb. 8, 2012) .......................................................................................................... 1n

*In re Elevator Antitrust Litigation*, 502 F.3d 47 (2d Cir. 2007) ....................................................... 1

*In re Flat Glass Antitrust Litigation*, 385 F.3d 350 (3d Cir. 2004) ................................................. 2

*Starr* v. *Sony BMG Music Entertainment* 592 F.3d 314 (2d Cir. 2010) ........................................ 2n

*United States* v. *Wilkinson*, 754 F.2d 1427 (2d Cir. 1985) .............................................................. 1

Plaintiffs' response to the individual briefs of Credit Suisse Group AG ("Credit Suisse") and The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") (collectively, the "Individual Defendants") fails to identify specific, plausible allegations concerning the Individual Defendants' alleged involvement in a conspiracy. Instead, Plaintiffs rely upon two purported legal principles: (1) "once a conspiracy is shown, only slight evidence is needed to link another defendant with it" and (2) "actions as well as words can show entry into a conspiracy." Antitrust Opp. 49. But neither of these so-called "principles" dispenses with the requirement that Plaintiffs plead *some* plausible allegations specifically relating to each Defendant. Plaintiffs' Complaints do not, and for this reason — as well as those set forth in Defendants' joint briefs — must be dismissed as to the Individual Defendants.

Plaintiffs find the "slight evidence" language in *United States* v. *Wilkinson*, where the court stated that "*once a conspiracy is shown*, only slight evidence is needed to link another defendant with it." 754 F.2d 1427, 1436 (2d Cir. 1985) (affirming criminal drug conspiracy convictions (emphasis added) (citation and internal quotation marks omitted)). Plaintiffs, however, fail to allege sufficiently that any conspiracy existed. *See* Antitrust Mem. 13-14; Schwab Mem. 19-24. Moreover, *Wilkinson* predates *Twombly*, and courts have set a higher bar in the post-*Twombly* antitrust context, requiring plaintiffs to plead allegations specific to *each* defendant. *See In re Elevator Antitrust Litigation*, 502 F.3d 47, 50-51 (2d Cir. 2007) (affirming dismissal of antitrust conspiracy complaint lacking "any specification of any particular activities by any particular defendant") (citation and internal quotation marks omitted).[1] Here, Plaintiffs

---

[1] *See also In re Currency Conversion Fee Antitrust Litigation,* No. 05 Civ. 7116, 2012 WL 401113, at *4 (S.D.N.Y. Feb. 8, 2012) (considering the 'slight evidence' language and holding that "Plaintiffs must provide evidence 'pertaining to each defendant' to demonstrate that the defendant participated in the conspiracy.") (citation omitted); *Hinds County, Miss.* v. *Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512-13 (S.D.N.Y. 2009) (granting motion to dismiss Section 1 claim as to particular defendants on the ground that plaintiffs' "allegations contain no factual averments as to [those defendants]").

have not pleaded *any* allegations, slight or otherwise, as to the Individual Defendants' participation in a conspiracy.

Plaintiffs cite *In re Flat Glass Antitrust Litigation*, 385 F.3d 350 (3d Cir. 2004), for the unremarkable proposition that "actions as well as words can show entry into a conspiracy." Antitrust Opp. 49. They then refer to the Third Circuit's supposition that if five firms admitted to participating in a conspiracy and the sixth firm's conduct "mirrored" that of the conceded coconspirators, it is reasonable to infer that the sixth firm participated in the conspiracy. 385 F.3d at 363-64. But in *Flat Glass*, there was already specific additional evidence showing that the sixth firm participated in the conspiracy. *Id.* Thus, *Flat Glass* offers no basis to conclude, without specific pleadings, that if a sub-section of an industry conspired, all industry participants must have conspired.[2] Here, Plaintiffs have, at best, an admission of *unilateral* misconduct—not conspiracy—from *one bank* as to its own USD LIBOR quotes. Moreover, the allegations concerning the "actions and words" of the Individual Defendants are nearly non-existent; if anything, what little Plaintiffs say about them undermines Plaintiffs' own case.

As to Credit Suisse, the only specific behavior Plaintiffs cite to as alleged evidence of conspiracy is that Credit Suisse submitted the same LIBOR quote as another bank on a single day out of the nearly three-year period at issue, even though Credit Suisse was more creditworthy than the other bank. OTC Compl. ¶ 95. Plaintiffs characterize this as "evidence of collusion rather than independent action." Antitrust Opp. 51. But one identical submission out

---

[2] Contrary to Plaintiffs' suggestion, Antitrust Opp. 50 n.98, *Starr* v. *Sony BMG Music Entertainment* did not hold otherwise. 592 F.3d 314, 323-25 (2d Cir. 2010) (describing defendant-specific allegations and holding only that "plaintiffs were not required to mention a specific time, place or person involved in *each conspiracy allegation*," not relieving plaintiff of the obligation to make specific allegations about *each defendant* (emphasis added)).

of thousands does not give rise to a plausible inference of conspiracy, or even parallel conduct, as it is just as likely to be the product of independent action, or even coincidence.[3]

As for BTMU, Plaintiffs fail to cite to any specific conduct at all, instead relying solely on certain studies and anonymous "expert" analyses that purport to conclude that all "Defendants'" LIBOR submissions were "improperly low." Antitrust Opp. 49-50. These studies, however, fail to include *any* plausible allegations of manipulation or conspiracy, especially given Plaintiffs' allegation that each Defendant had an *independent* motive to suppress its LIBOR submissions, *see* OTC Compl. ¶ 52. Critically, Plaintiffs do not dispute that the 2010 Snider and Youle study on which they rely in their Complaints concluded that BTMU properly set USD LIBOR.

Plaintiffs allege that Defendants were motivated to suppress LIBOR to mask their financial distress during fiscal crisis, OTC Compl. ¶ 5, but plead no facts specific to the Individual Defendants consistent with that alleged motivation. As a result, Plaintiffs now argue that it is irrelevant whether any motives pled in the Complaints apply to these Defendants. Antitrust Opp. 50. But motives are not irrelevant. Plaintiffs' failure to plead facts supporting a motive why the Individual Defendants would conspire to suppress LIBOR quotes further undermines the plausibility of Plaintiffs' allegations.

In the end, the only conduct Plaintiffs have alleged as to the Individual Defendants is that they were on the USD LIBOR panel. That alone is plainly insufficient to show entry into a conspiracy. *See AD/SAT* v. *Associated Press*, 181 F.3d 216, 234 (2d Cir. 1999) (defendants' membership in a trade association insufficient to plausibly show concerted action).

---

[3] For the reasons noted in the joint submission, Antitrust Mem. 20-22, Plaintiffs' allegation about the existence of investigations by the Swiss Competition Commission is not evidence of collusion by Credit Suisse.

## CONCLUSION

For the foregoing reasons, in addition to those set forth in the joint memoranda, all claims against the Individual Defendants should be dismissed in their entirety with prejudice.

September 27, 2012

Respectfully submitted,

/s/ Herbert S. Washer
Herbert S. Washer
Elai Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

Richard Schwed
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000
richard.schwed@shearman.com

*Attorneys for Defendant Credit Suisse Group AG*

/s/ Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
libowd@sullcrom.com
viapianoc@sullcrom.com
Telephone: (202) 956-7500
Fax: (202) 956-7056

*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.*