USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/03/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

THIS DOCUMENT RELATES TO: All Cases

------------------------------------X

**MEMORANDUM**

11 MD 2262 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

We have received a number of letters since issuing our Memorandum and Order of March 29, 2013 (the "Memorandum and Order"). These letters generally address four topics: (1) plaintiffs' request for leave to amend their amended complaints with regard to antitrust injury; (2) the motion for reconsideration filed by defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU"), Credit Suisse Group AG, and The Norinchukin Bank; (3) requests to lift the stay imposed by our Memorandum and Order of August 14, 2012, by plaintiffs whose cases are subject to the stay; and (4) the exchange-based plaintiffs' request for leave to move for interlocutory appeal of a part of our Memorandum and Order. We will address these topics in turn.

### 1. Plaintiffs' Request for Leave to Amend Their Complaints with Regard to Antitrust Injury

We have received the over-the-counter plaintiffs (the "OTC plaintiffs")' and the bondholder plaintiffs' letter dated April

12, 2013, the exchange-based plaintiffs' letter dated April 18, 2013, defendants' letter dated April 24, 2013, the bondholder plaintiffs' letter dated April 30, 2013, and the OTC plaintiffs' letter dated April 30, 2013.  Although plaintiffs have described the allegations that they intend to add in their second amended complaint with regard to the issue of antitrust injury, we are inclined to think that none of these proposed allegations would change the outcome reached in our Memorandum and Order. Additionally, we would note that plaintiffs have, in effect, already received two opportunities to amend their complaint. First, following the determination of lead counsel for the several classes, and more than a year after the original complaints began to be filed on April 15, 2011, plaintiffs filed amended complaints on April 30, 2012.  Second, although we denied plaintiffs' request to file second amended complaints at the conference on August 8, 2012, we permitted plaintiffs to rely on the Barclays settlement documents in opposing defendants' motions to dismiss.  Plaintiffs were thereby able to achieve a substantial part of what they originally intended to achieve through a second amended complaint, as described in their letter dated August 1, 2012.

Further, we would note that plaintiffs have long been on notice that antitrust injury would be an important issue in this case.  In defendants' memorandum of law in support of their

motion to dismiss plaintiffs' antitrust claims, defendants devoted an independent section to their argument that plaintiffs did not suffer antitrust injury. Antitrust injury similarly received an independent section in defendants' reply memorandum on the antitrust claims. At oral argument, moreover, the Court clearly demonstrated its concern with the issue of antitrust injury. Yet, plaintiffs never specifically argued, until after we issued our Memorandum and Order, that they would be able to satisfy the requirements for antitrust injury through additional allegations in a second amended complaint.[1] As plaintiffs are surely aware, they "[are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 318 (S.D.N.Y. 2005), aff'd, 481 F.3d 110 (2d Cir. 2007) (quoting PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699 (6th Cir. 2004)) (internal quotation marks omitted). To reference Oliver Schools, Inc. v. Foley, 930 F.2d 248 (2d Cir. 1991), cited in the bondholder plaintiffs' letter dated April 30, 2013, plaintiffs have already received an opportunity to amend their complaint "at least once." Id. at 253.

---

[1] In their recent letters, plaintiffs also suggest wholly new theories of liability to avoid the dismissal of their antitrust claims (which was with prejudice), as well as contract claims that were asserted neither in their original complaints, nor in their amended complaints. Plaintiffs' letters, of course, come two years after the case was filed.

4

Nevertheless, given the obvious magnitude of this litigation, we intend to proceed deliberately in evaluating plaintiffs' request. Accordingly, plaintiffs may move, within two (2) weeks, for leave to amend their amended complaints to add allegations relevant to antitrust injury, any such motion to be accompanied by a proposed second amended complaint. However, in light of the above concerns, the comprehensive manner in which we have already addressed the issues in this case, and the tremendous amount of resources already expended by defendants, we will not require defendants to respond to any motion for leave to amend until we have had an opportunity to review such motion ourselves and have determined that a response is necessary.

### 2. Defendants' Motion for Reconsideration

On April 12, 2013, defendants BTMU, Credit Suisse Group AG, and The Norinchukin Bank (collectively, the "moving defendants") moved for reconsideration of that portion of our Memorandum and Order denying their motion to dismiss the exchange-based plaintiffs' Commodity Exchange Act ("CEA") claims. On April 29, 2013, the exchange-based plaintiffs filed an opposition. Although we do not express any view on the merits of the moving defendants' motion, nor have we had a full opportunity to review the papers, we observe that the concerns raised in the motion might be addressed by the exchange-based plaintiffs' proposed

amendment of their complaint. The moving defendants' concerns might also be a proper subject of a motion for summary judgment, given the factual issues involved. Defendants' motion, that is, might be premature. The parties should confer regarding whether the exchange-based plaintiffs will be able to adequately allege their CEA claims against each moving defendant in a second amended complaint, in light of our rulings in our Memorandum and Order. Although the parties might still be unable to resolve their disagreements, they should at least attempt to do so.

### 3. Cases Subject to the Stay

We received the Lender Class Plaintiffs' letter dated April 23, 2013, requesting <u>inter alia</u> leave to move to lift the stay imposed by our Memorandum and Order of August 14, 2012. We also received the Proposed Homeowner Class Plaintiffs' letter dated April 24, 2013, and plaintiff Green Pond's letter dated May 1, 2013, each to similar effect. The stay shall remain in place for now with respect to cases that raise issues addressed in our Memorandum and Order. If there are any complaints that do not raise any such issue, please advise.

### 4. Exchange-Based Plaintiffs' Request for Leave to Move for Interlocutory Appeal

Finally, we received the exchange-based plaintiffs' letter dated April 22, 2013, seeking leave to move for certification of our Memorandum and Order for interlocutory appeal on the

6

following question: "Whether LIBOR is the 'commodity underlying' the Eurodollar futures contract within the meaning of Section 22(a)(1)D) of the [CEA]." We also received defendants' opposition letter dated May 1, 2013. As plaintiffs are well aware, an application for certification pursuant to 28 U.S.C. § 1292(b) is committed to the discretion of the district court and a grant thereof requires an opinion by the district judge that all three criteria have been met. Based on the submissions to date, this Court could not enter such a certification. Nonetheless, to give exchange-based plaintiffs a full opportunity to support their position, we will accept a reply submission within two (2) weeks. Furthermore, we will treat the application as a letter motion for section 1292(b) certification and will file all the submissions on the docket when we issue our decision.

Dated:  New York, New York
        May 3, 2013

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE