April 12, 2013                                                      BY FAX



RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD

APR 12 2013

UNITED STATES COURT JUDGE

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

   Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
     11-MD-2262 (NRB)

Dear Judge Buchwald:

  We write jointly on behalf of plaintiffs Mayor and City Council of Baltimore and City of New Britain Firefighters' and Police Benefit Fund ("OTC Plaintiffs"); and Ellen Gelboim and Linda Zacher ("Bondholder Plaintiffs"). Pursuant to Your Honor's Individual Practices, we respectfully request a pre-motion conference to address the filing of motions for leave to amend the complaints in our respective actions. The purposes of the proposed amendments are to:

    (1) supplement the allegations of the complaints in response to the issues identified in the Court's March 29, 2013 Memorandum and Order (Dkt. 286) ("Order");

    (2) corroborate the complaints' allegations of anticompetitive collusion in light of the information revealed in the pending governmental investigations and prosecutions; and

    (3) in the OTC action, include claims for breach of contract and further allegations explicitly relating to defendants' conspiring as to yen LIBOR.

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Plaintiffs believe that their proposed amendments would satisfy this permissive standard.[1]

  First, the proposed amended complaints will supplement plaintiffs' allegations in response to the Order, which dismissed plaintiffs' Sherman Act claims for failure to plead an antitrust injury. While plaintiffs respectfully disagree with the Court's ruling, the Court recognized that "there might have been antitrust injury if defendants had restrained competition in the market for LIBOR-based financial instruments." The proposed amended complaints will

---

[1] *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-213 (2d. Cir. 2011) ("In the ordinary course, the Federal Rules of Civil Procedure provide that courts should freely give leave to amend a complaint when justice so requires. This permissive standard is consistent with our strong preference for resolving disputes on the merits." (quotations and citations omitted)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

1

April 12, 2013
Page 2

include further allegations showing that defendants engaged in anticompetitive conduct that had an anticompetitive impact.

The proposed amended complaints will allege in greater detail:

(a) LIBOR was a component of price, as at least one defendant (RBS) has recently admitted in the Department of Justice's criminal antitrust case for LIBOR manipulation;

(b) Fixing LIBOR constitutes price-fixing of LIBOR-based financial instruments, as defendant RBS has been charged with today[2];

(c) Defendants failed to engage in full and open competition as to the component of price of their instruments and debt funding reflecting short term interest rates;

(d) As the members of the relevant LIBOR panels acting in concert, Defendants had the power to control LIBOR, which was a primary determinant of price in the relevant markets;

(e) Competition as to reported creditworthiness provides competitive advantages in the markets for LIBOR-based financial instruments and debt funding; defendants failed to compete for independent and honest reported creditworthiness, but rather colluded with each other so LIBOR no longer reflected competition as to creditworthiness; and

(f) As a result of this anticompetitive conduct, the OTC Plaintiffs paid supra-competitive prices for the LIBOR-based financial products that they purchased; and the Bondholder Plaintiffs received below-competitive prices for the use, by issuers of USD LIBOR-based floating rate bonds, of the Bondholders' money.

Second, the proposed amended complaints will incorporate many of the new facts that have been revealed since the filing of the current complaints, as well as additional factual analysis that strengthens the conspiracy allegations.

Third, the OTC Plaintiffs' proposed amended complaint will include a class-wide breach of contract claim. Class members entered into contracts with defendants governing their purchase of LIBOR-based instruments. Defendants breached these contracts by colluding to fix LIBOR in a manner that did not comport with the LIBOR definition, thereby causing injury to

---

[2] See Exhibit A (April 12, 2013, criminal information against RBS re: yen-LIBOR).

April 12, 2013
Page 3

plaintiffs. The OTC Plaintiffs' proposed amended complaint also further alleges collusion in the market for yen-LIBOR Based financial instruments.

Plaintiffs respectfully submit that their planned motions will demonstrate that their proposed amended complaints respond to the Court's concerns; that the claims asserted will not be futile; and that granting leave to amend would be consistent with the permissive standard for amendment applicable under Fed. R. Civ. P. 15(a)(2).

We thank the Court for its continued attention to this matter.

Respectfully,

/s/ William Christopher Carmody

William Christopher Carmody

Michael D. Hausfeld,

    *Interim Co-Lead Counsel for the OTC Plaintiffs and the Class*

/s/ Karen L. Morris

Karen L. Morris

David H. Weinstein,

    *Interim Co-Lead Counsel for the Bondholder Plaintiffs and the Class*

# EXHIBIT A

United States District Court
District of Connecticut
FILED AT HARTFORD
April 12, 2013
Roberta D. Tabora, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,          :    CRIMINAL NO. 3:13CR73 MPS

v.                                 :    VIOLATION:
                                        18 U.S.C. § 1343
RBS SECURITIES JAPAN LIMITED       :

## INFORMATION

The United States Department of Justice, Fraud Section, Criminal Division, and Antitrust Division, charges that at all times material to this Information:

### COUNT ONE
### (Wire Fraud)

1. Between approximately 2006 and at least 2010, in the District of Connecticut and elsewhere, RBS SECURITIES JAPAN LIMITED, the defendant, through its employees, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendant, through its employees, engaged in a scheme to defraud counterparties to

that scheme, on or about December 4, 2008, the defendant transmitted or caused the transmission of electronic communications – specifically, (1) an electronic chat between a derivatives trader and a money market trader, (2) a subsequent Swiss Franc LIBOR submission from the defendant to Thomson Reuters, and (3) a subsequent publication of a Swiss Franc LIBOR rate – through international and interstate wires.

In violation of Title 18, United States Code, Section 1343.

### COUNT TWO
### (Price Fixing)

2. From at least as early as 2007 through at least 2010, Defendant THE ROYAL BANK OF SCOTLAND PLC, through its employees, and its co-conspirators, engaged in a combination and conspiracy in unreasonable restraint of interstate and foreign commerce. The aforesaid combination and conspiracy consisted of an agreement, understanding and concert of action among the Defendant and its co-conspirators, the substantial terms of which were to fix the price of Yen LIBOR-based derivative products by fixing Yen LIBOR, a key

component of the price thereof, on certain occasions.

In violation of Title 15, United States Code, Section 1.

UNITED STATES OF AMERICA

DENIS J. McINERNEY
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: _____
Patrick F. Stokes
Deputy Chief
Gary A. Winters
Trial Attorney


ELIZABETH B. PREWITT
Assistant Chief
New York Field Office
Antitrust Division
U.S. Department of Justice

By: _____
Eric L. Schleef
Richard A. Powers
Trial Attorneys

3