# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Ian J. McLoughlin
Adam M. Stewart
Robert E. Ditzion
Rachel M. Brown
Patrick J. Vallely
April Kuehnhoff

April 23, 2013

E-mail:
chaber@shulaw.com

**VIA FACSIMILE**

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
11-MD-2262 (NRB)

*Community Bank & Trust v. Bank of America, et al.*,
No. 12-cv-04205-NRB (the "*Community Bank Action*");

*The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, No. 12-cv-5723-NRB (the "*Berkshire Bank Action*"); and

*Directors Financial Group v. Bank of America, et al.*,
No. 13-cv-01016-NRB (the "*Directors Financial Action*")

Dear Judge Buchwald:

We are counsel for the Plaintiffs Community Bank & Trust, Berkshire Bank, Government Development Bank for Puerto Rico, and Directors Financial Group (the "Lender Class Plaintiffs") in the above referenced actions (the "Lender Class Cases") and, pursuant to your Individual Practices, we write this letter jointly on behalf of the Lender Class Plaintiffs to request a pre-motion conference with the Court to discuss:

1. Clarification of docket entries in the Lender Class Cases;

2. A motion to lift the stay of the Lender Class Cases which was effected by this Court's August 14, 2012 Order, ECF No. 205;[1] and

---

[1] References to "ECF" refer to the ECF docket entries of the MDL.

## SHAPIRO HABER & URMY LLP

Honorable Naomi Reice Buchwald
*In re LIBOR-Based Financial Instruments Antitrust Litigation,*
11-MD-2262 (NRB)
April 23, 2013
Page 2 of 4

   3.   A motion for appointment of the Lender Class Plaintiffs as Interim Lead Plaintiffs on behalf of classes of domestic lending institutions (excluding defendants) that issued, purchased outright, or purchased a participation interest in, loans paying interest at rates tied to the U.S. Dollar London Interbank Offered Rate ("USD LIBOR") (the "Lender Class").

We discuss each of those issues, briefly, in turn.

Clarification of Docket Entries in the Lender Class Cases:

The court clerk has copied onto the dockets of each case that is part of 11-MD-2262 (NRB), including the Lender Class Cases, the Conclusion portion of the Court's March 29, 2013 Memorandum and Order, ECF No. 286 (the "Order") regarding motions to dismiss filed in other cases in this MDL. Some of those docket entries also state, *inter alia*, that the Court's Order was "granting in part and denying in part Motions to Dismiss in case 1:12-cv-05723-NRB" and "granting in part and denying in part Motions to Dismiss in case 1:13-cv-01016-NRB," which are two of three Lender Class Cases. However, no motions to dismiss have been filed in any of the Lender Class Cases and the Lender Class Plaintiffs assert certain claims that are different from the claims that were subject to the Court's Order. The Lender Class Plaintiffs therefore understand the Court's Order to apply only to the cases with respect to which motions to dismiss had been filed, briefed and argued. (*See* Order at 2: "four categories of cases are subject to defendants' motions to dismiss:. . . (1) OTC plaintiffs, (2) exchange-based plaintiffs, (3) bondholder plaintiffs, and (4) Charles Schwab plaintiffs. . . .").

Accordingly, the Lender Class Plaintiffs respectfully request that the Court instruct the court clerk to make an appropriate entry in the dockets of each of the Lender Class Cases, which entry would unambiguously reflect that the Court has not dismissed any of the claims in any of the Lender Class Cases. Alternatively, in the event that the Court, in fact, intended to dismiss, *sua sponte*, any or all of the claims asserted in the Lender Class Cases, the Lender Class Plaintiffs respectfully request a pre-motion conference to discuss a motion for reconsideration of any such dismissal.

The Lender Class Plaintiffs Seek Leave to File a Motion to Lift the Stay of the Lender Class Cases.

The Lender Class Cases are currently stayed, pursuant to this Court's August 14, 2012 Order staying "any actions not subject to defendants' pending motions to dismiss, filed June 29, 2012" including, explicitly, the *Community Bank Action* and the *Berkshire Bank Action.* That order provided that: "The stay will remain in place until the pending motion to dismiss is resolved." ECF No. 205. Consistent with that order, at the August 8, 2012 hearing in this MDL, your Honor stated that after your Honor ruled on the referenced motions to dismiss, the stays would be lifted and your Honor would address the appropriate organization of the other class

## SHAPIRO HABER & URMY LLP

Honorable Naomi Reice Buchwald
*In re LIBOR-Based Financial Instruments Antitrust Litigation,*
11-MD-2262 (NRB)
April 23, 2013
Page 3 of 4

actions in this MDL. Accordingly, since the Court has now ruled on those motions to dismiss, the Lender Class Plaintiffs seek leave to file a motion to lift the stay of the Lender Class Cases.

<u>The Lender Class Plaintiffs Seek Leave to File a Motion to Appoint the Lender Class Plaintiffs Interim Lead Plaintiffs.</u>

Although there are differences in the class definitions and claims set forth in the three complaints filed by the Lender Class Plaintiffs, each of the Lender Class Plaintiffs assert class action claims on behalf of lending institutions that have been harmed by defendants' downward manipulation of USD LIBOR because they received less interest income on loans they made, or on loan participations to which they were a party, that were tied to USD LIBOR. Furthermore, the three Lender Class Cases are the only cases in this MDL that seek to represent classes of those lending institutions.

Under these circumstances, it would be in the interest of judicial economy and in furtherance of the interests of the Lender Class, for the Lender Class Plaintiffs to be appointed Interim Lead Plaintiffs of the Lender Class and their counsel to be appointed Interim Lead Counsel. Appointment of Interim Lead Plaintiffs is appropriate because none of the existing classes for which this Court has already appointed interim lead plaintiff purport to include the lenders which the Lender Class Plaintiffs seek to represent. Furthermore, none of the actions in which this Court has appointed interim lead counsel have asserted certain claims made by Lender Class Plaintiffs. *Compare* the state law fraud claims asserted in the *Berkshire Bank Action* and the *Directors Financial Action* with the claims that were asserted in the actions which were subject to the Court's Memorandum and Order, ECF No. 286.

Accordingly, the Lender Class Plaintiffs respectfully request a pre-motion conference during which they would:

1. Request that docket entries be made in each of the actions filed by the Lender Class Plaintiffs, which entries would unambiguously reflect that the Court has not dismissed any of the Lender Class Plaintiffs' claims; or

2. Alternatively, in the event that the Court, in fact, intended to dismiss, *sua sponte*, any or all of the claims asserted by the Lender Class Plaintiffs, the Lender Class Plaintiffs would request permission to file a motion for reconsideration of any such dismissal.

3. Request permission to file a motion to lift the stay of the Lender Class Cases.

4. Request permission to file a motion to appoint the Lender Class Plaintiffs Interim Lead Plaintiffs on behalf of the Lender Class and to appoint their counsel Interim Lead Counsel; and

# SHAPIRO HABER & URMY LLP

Honorable Naomi Reice Buchwald
*In re LIBOR-Based Financial Instruments Antitrust Litigation,*
11-MD-2262 (NRB)
April 23, 2013
Page 4 of 4

    5.    To discuss and establish a date for the filing by the Lender Class Plaintiffs of a consolidated amended complaint for the three Lender Class Cases and a briefing schedule for Defendants' anticipated motions to dismiss.

We thank the Court for its continued attention to this matter.

                                              Respectfully,

| **Pomerantz Grossman Hufford Dahlstrom & Gross LLP** | **Shapiro Haber & Urmy LLP** |
|---|---|
| By: /s/ Jeremy A. Lieberman | By: /s/ Edward F. Haber |
| Marc I. Gross | Edward F. Haber |
| Jeremy A. Lieberman | Thomas V. Urmy, Jr. |
| 600 Third Avenue | 53 State Street |
| New York, New York 10016 | Boston, MA 02109 |
| Telephone: (212) 661-1100 | Telephone: (617) 439-3939 |
| Facsimile: (212) 661-8665 | Facsimile: (617) 439-0134 |
| Email: migross@pomlaw.com | Email: ehaber@shulaw.com |
|        jalieberman@pomlaw.com |        turmy@shulaw.com |

**Shepherd, Finkelman, Miller & Shah, LLP**

By: /s/ James E. Miller

James E. Miller
Laurie Rubinow
Karen M. Leser-Grenon
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Email: jmiller@sfmslaw.com
       lrubinow@sfmslaw.com
       kleser@sfmslaw.com

*Attorneys for Plaintiff Community Bank & Trust, The Berkshire Bank, Government Development Bank for Puerto Rico, Directors Financial Group and the putative Lender Classes*

cc:    All counsel of record (via email)