# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512
ROBERT.WISE@DAVISPOLK.COM

> RECEIVED IN CHAMBERS
> OF NAOMI REICE BUCHWALD
> APR 25 2013
> UNITED STATES COURT JUDGE

April 24, 2013

**BY HAND DELIVERY**

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation,*
MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

We write as liaison counsel on behalf of Defendants in response to the OTC and Bondholder Plaintiffs' joint letter dated April 12, 2013 ("Pls.' Letter"), which requests a pre-motion conference to consider their request for leave to amend their antitrust claims dismissed by the Court in its March 29, 2013 order (the "Order").[1] Plaintiffs' request for leave to file a motion to amend is both improper and futile and should therefore be denied.

The Court dismissed Plaintiffs' antitrust claims with prejudice, based on fundamental legal defects inherent in the liability theory asserted, not merely failure to allege sufficient supporting factual detail. (Order at 5 ("These motions raise numerous issues of law, issues that, although they require serious legal analysis, may be resolved without heavy engagement with the facts."); *id.* at 24-47 (explaining legal defects in antitrust claims)). Consistent with the nature of the defects identified, the Court did not grant leave to amend with respect to Plaintiffs' antitrust claims. (*Id.* at 83, 158 (limiting permission to move to amend to a particular aspect of the Commodity Exchange Act claims).) Under Rule 41, the dismissal was an adjudication on the merits of Plaintiffs' antitrust claim and was with prejudice. *See, e.g., Compass Int'l Ass'n v.*

---

[1] Exchange-Based Plaintiffs have joined in this request with respect to their dismissed antitrust claims. (4/18/13 Letter from C. Lovell and D. Kovel to Judge Buchwald.) The request of Exchange-Based Plaintiffs should be rejected for the same reasons explained herein.

Hon. Naomi Reice Buchwald                2                       April 24, 2013

*Agility Logistics Sdn Bhd*, 2009 U.S. Dist. LEXIS 88568, at *7 (S.D.N.Y. Sept. 25, 2009) (involuntary dismissal constitutes an "adjudication on the merits" and is "with prejudice" unless it expressly indicates otherwise).[2]

       In any event, amendment would be futile. The premise of Plaintiffs' request is that the defects in their antitrust claims identified by the Order are confined to lack of factual specificity and can therefore be remedied by "alleg[ing] in greater detail" the bases for these claims. (Pls.' Letter at 2.) This premise is incorrect. The "greater detail" Plaintiffs seek to add to their complaints is nothing but a rehash of the arguments already heard and rejected by the Court. Plaintiffs propose to add allegations that altering LIBOR submissions could have an effect on financial instruments. But the Court understood that and did not suggest otherwise. It was the lack of an effect on *competition* in the markets in which these Plaintiffs transacted, not a lack of effect on the instruments, that was fatal to the claim. Similarly, Plaintiffs seek to plead in greater detail that "LIBOR was a component of price," that "[f]ixing LIBOR constitutes price-fixing," that alleged LIBOR manipulation constitutes a failure "to engage in full and open competition" regarding a "component of price," that "Defendants had the power to control LIBOR," that there was a harm to "[c]ompetition as to reported creditworthiness," and that plaintiffs were injured by the alleged "anticompetitive conduct." (Pls.' Letter at 2, ¶¶ (a)-(f).)[3] The Court analyzed each of these claims in detail in the Order and rejected all of them based on undisputed facts and inherent legal flaws that cannot be remedied by the supplemental allegations Plaintiffs propose to make. (*E.g.*, Order at 34 ("Plaintiff[s'] theory is that defendants competed normally in the interbank loan market and then agreed to lie about the interest rates they were paying in that market when they were called upon to truthfully report their expected borrowing costs to the BBA. This theory is one of misrepresentation, and possibly of fraud, but not of failure to compete."); *id.* at 37 ("[P]recisely because the process of setting LIBOR is not competitive, collusion among defendants would not have allowed them to do anything that they could not have done otherwise."); *id.* at 43 ("[T]he price of LIBOR-based financial instruments had always contained a 'fixed' component – LIBOR – and thus defendants' alleged conspiracy . . . did not displace competition.").)[4]

---

[2] The OTC Plaintiffs' request for leave to amend to restate their cause of action by pleading it as a contract claim (Pls.' Letter at 2-3) should be rejected for the same reason: there has already been an "adjudication on the merits" of the underlying action, which is defined by the relevant facts, not the legal theory applied. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992) ("It is the identity of the facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to frame her complaint. . . . 'Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*.'" (quoting *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980))); *Cohen v. Local 338-RWDSU/UFCW*, 2010 U.S. Dist. LEXIS 81985, at *31-33 (S.D.N.Y. Aug. 12, 2010) (holding that "dismissal of the entire action with prejudice was final adjudication on the merits" and "Plaintiff cannot undo that dismissal now by concocting a new theory").

[3] Exchange-Based Plaintiffs similarly seek permission to "amend" their antitrust claims with material that would simply repeat their allegations that alleged LIBOR manipulation "harmed [Defendants'] competition with one another" and "subverted, prevented and otherwise harmed, such competition." (4/18/13 Letter from C. Lovell and D. Kovel to Judge Buchwald at 1.)

[4] Plaintiffs also propose to add allegations that "strengthen[] the conspiracy allegations" and allege "collusion in the market for yen-LIBOR financial instruments." Such allegations are irrelevant to the ground on which the Court dismissed the antitrust claim, failure to plead antitrust injury.

Davis Polk & Wardwell LLP

Hon. Naomi Reice Buchwald                3                           April 24, 2013

      Nor should Plaintiffs' request be considered as a motion for reconsideration. Plaintiffs do not claim to have any new or overlooked legal authority bearing on their claims, nor do they point to any relevant new or overlooked facts. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 7890, at *85 (S.D.N.Y. Jan. 25, 2011) ("Reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision."). The only "new" fact Plaintiffs purport to offer is their attachment of excerpts from a recently filed criminal information against RBS related to Yen LIBOR, which adds nothing to their argument.[5] First, the RBS settlement terms, including the criminal charge Plaintiffs now cite, were fully disclosed before the oral argument. There have been no new relevant regulatory or governmental developments since the argument, and the Court was well aware of the RBS settlement before issuing its Order, having inquired about it specifically during oral argument (3/5/13 Tr. at 7-10). Second, the RBS charge Plaintiffs cite relates only to trading in Yen LIBOR instruments, and does not make any allegation regarding USD LIBOR. Plaintiffs simply ignore that as the Court has repeatedly recognized, "this case only involves US dollar LIBOR," (*id.* at 9:24-25) rendering irrelevant any proposed amendment to add allegations related to the RBS settlement and Yen LIBOR.

      For these reasons, Defendants respectfully request that the Court deny the OTC and Bondholder Plaintiffs' request as well as deny the Exchange Based Plaintiffs' motion for leave to move to amend in any manner not expressly granted in the Court's Order.

                                                    Respectfully yours,

                                                    Robert F. Wise

cc:     All counsel (by e-mail)

---

[5] Defendants note that there is an error in Exhibit A to the OTC and Bondholder letter. The first page of the exhibit is excerpted from the criminal information against RBS Securities Japan Limited, whereas the second and third pages are from the criminal information filed against Royal Bank of Scotland plc. In any event, the RBS settlement has no bearing on this matter.