UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION

| | | |
|---|---|---|
| The Federal Home Loan Mortgage Corporation v. Bank of America Corporation, et al., E.D. Virginia, C.A. No. 1:13-00342 | ) ) ) | MDL No. 2262 |

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff The Federal Home Loan Mortgage Corporation (Freddie Mac) moves to vacate our order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 2262. Defendant Deutsche Bank AG opposes the motion.[1]

In opposing transfer, Freddie Mac argues that although it initially did not object to the action's inclusion in the MDL, a change in the procedural posture of the MDL has altered the transfer calculus. The change to which Freddie Mac refers is the transferee judge's March 29, 2013, ruling in which she dismissed the Sherman Act claims in six of the centralized actions, and declined to exercise supplemental jurisdiction over certain state law claims in those actions.[2] Freddie Mac contends that if those dismissed state law claims are brought in state court, there will be parallel litigation in state court, and thus "the judicial system will necessarily have to accommodate numerous lawsuits involving common questions of fact."[3] We find this argument unpersuasive. Related state court litigation is an aspect of many MDLs – it is not a reason to deny transfer of a clearly related tag-

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Deutsche Bank AG states that the following defendants join in or otherwise support its opposition: Bank of America Corporation; Bank of America, N.A.; Barclays Bank PLC; British Bankers' Association; BBA Enterprises, Ltd.; BBA LIBOR, Ltd; Citigroup, Inc.; Citigroup, N.A.; Coöperatieve Centrale Raiffeisen – Boerenleenbank B.A.; Credit Suisse Group AG; Credit Suisse International; HSBC Holdings PLC; HSBC Bank USA, N.A.; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group, PLC; HBOS PLC; The Norinchukin Bank; The Royal Bank of Scotland Group PLC; The Royal Bank of Scotland PLC; The Bank of Tokyo-Mitsubishi UFJ Ltd.; and Portigon AG.

[2] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, — F. Supp. 2d —, 2013 WL 1285338 (S.D.N.Y. Mar. 29, 2013).

[3] Freddie Mac commenced its action in the Eastern District of Virginia.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY *[signature]*
Deputy Clerk

Case 1:11-md-02262-NRB Document 355 Filed 06/06/13 Page 2 of 3
Case MDL No. 2262 Document 226 Filed 06/06/13 Page 2 of 3

- 2 -

along action.[4] And to the extent, if any, that Freddie Mac's opposition is premised on its desire to avoid the possible extension of the transferee judge's ruling to Freddie Mac's own Sherman Act claims, we do not consider such a possibility in making our transfer determinations. *See In re Glenn W. Turner Enters. Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973) ("[T]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor considered by the Panel in exercising its discretion under Section 1407."). Although Freddie Mac also contends that transfer might delay the progress of its action, we are not persuaded by this argument either. In deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.[5] *See, e.g., In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007). Moreover, our review of the record indicates that the transferee judge, the Honorable Naomi Reice Buchwald, is handling this MDL in a manner that is both careful and efficient.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2262, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations concerning defendants' participation in the British Bankers' Association (BBA) London Interbank Offered Rate (Libor) panel," in particular, allegations that defendants "manipulated Libor by deliberately and intentionally understating their respective borrowing costs to the BBA, and that, by doing so, they paid lower interest rates to customers who bought defendants' products with rates of return tied to Libor, and also avoided disclosing the true risk premium that the market was attaching to them during the global financial crisis." *In re: Libor-Based Fin. Instruments Antitrust Litig.*, 802 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). Freddie Mac does not dispute that its action shares multiple factual issues with the actions already in the MDL.

---

[4] As with any such MDL, we encourage the transferee court and the involved state court(s) to explore possible avenues for informal coordination of the related actions before them, if and to the extent they deem such coordination desirable and practicable.

[5] Almost all of the more than twenty entities sued by Freddie Mac are already litigating in the MDL.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Naomi Reice Buchwald for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           W. Royal Furgeson, Jr.
Paul G. Barbadoro           Marjorie O. Rendell
Charles R. Breyer