MEMO ENDORSED                                    MEMO ENDORSED

| IN RE LIBOR-BASED FINANCIAL PRODUCTS ANTITRUST LITIGATION | MDL NO. 2262 NO. 1:11-MD-02262-NRB  SDNY DOCUMENT ELECTRONICALLY FILED |
|---|---|
| THIS DOCUMENT RELATES TO: | ECF Case |
| JERRY WEGLARZ and NATHAN WEGLARZ, on behalf of plaintiffs and a class, v. JP MORGAN CHASE BANK, N.A. and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, Defendants. | FILED: 07/19/2013 NO. 1:13-cv-1198-NRB ENDORSEMENT Motion granted. Naomi Reice Buchwald, USDJ July 18, 2013 |

## PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE *INSTANTER* THEIR FIRST AMENDED COMPLAINT

Plaintiffs, Jerry Weglarz and Nathan Weglarz, by and through their counsel, request leave of court to file *instanter* their first amended complaint, a copy of which is attached hereto as Exhibit A.

In support of this motion, plaintiffs state:

1. On January 28, 2013, plaintiffs filed a complaint in the Northern District of Illinois against defendants JP Morgan Chase Bank, N.A. and National Collegiate Trust.

2. Plaintiffs' case was transferred to the Souther District of New York to be consolidated with MDL No. 2262, In Re: LIBOR-Based Financial Instruments Antitrust Litigation.

3. Plaintiffs recently received information that defendant National Collegiate Trust does not currently own plaintiffs' loans at issue in the lawsuit.

4. Plaintiffs seek to amend their complaint to name National Collegiate Student

Loan Trust 2007-1, the current owner of plaintiffs' loans at issue in the lawsuit, as a defendant in place of National Collegiate Trust.

5.  Pursuant to Fed. R. Civ. P. 15(a)(2): "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

6.  Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981).

7.  The amendments will not cause any prejudice to the defendants. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8.  In light of the early stage of this case, no prejudice to defendants will result from

the proposed amendments.

WHEREFORE, plaintiffs Jerry Weglarz and Nathan Weglarz respectfully request leave of the Court to file *instanter* a second amended complaint, a copy of which is attached hereto as Exhibit A.

                                    Respectfully submitted,

                                    s/Daniel A. Edelman
                                    Daniel A. Edelman