UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION

| | | |
|---|---|---|
| CEMA Joint Venture v. RBS Citizens, N.A., et al., | ) | |
| N.D. Ohio, C.A. No. 5:13-00904 | ) | MDL No. 2262 |

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff CEMA Joint Venture (CEMA) moves to vacate our order conditionally transferring its action to the Southern District of New York for inclusion in MDL No. 2262. Defendants Charter One Bank, N.A., and The Royal Bank of Scotland Group plc oppose the motion.

In opposing transfer, CEMA cites the transferee judge's March 29, 2013, ruling in which she dismissed the Sherman Act claims in six of the centralized actions, and declined to exercise supplemental jurisdiction over certain state law claims in those actions.[1] CEMA contends that if those dismissed state law claims are brought in state court, there will be parallel litigation in state court. Because of that parallel litigation, argues CEMA, transfer of its action will not promote the just and efficient conduct of the litigation.[2] We find this argument unpersuasive. Related state court litigation is an aspect of many MDLs – it is not a reason to deny transfer of a clearly related tag-along action. Although CEMA also contends that transfer might delay the progress of its action, we are not persuaded by this argument either. In deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.[3] *See, e.g., In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007). Moreover, our review of the record indicates that the transferee judge, the Honorable Naomi Reice Buchwald, is handling this MDL in a manner that is both careful and efficient.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2262, and that transfer will

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, — F. Supp. 2d —, 2013 WL 1285338 (S.D.N.Y. Mar. 29, 2013).

[2] CEMA commenced its action in Ohio state court. Defendants removed the action to the Northern District of Ohio, and CEMA has not moved for remand to state court.

[3] Defendant The Royal Bank of Scotland Group plc and all the unnamed co-conspirators listed in CEMA's complaint are already litigating in the MDL.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY *[signature]*

Deputy Clerk

-2-

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations concerning defendants' participation in the British Bankers' Association (BBA) London Interbank Offered Rate (Libor) panel." *In re: Libor-Based Fin. Instruments Antitrust Litig.*, 802 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). We cited, in particular, allegations that defendants "manipulated Libor by deliberately and intentionally understating their respective borrowing costs to the BBA, and that, by doing so, they paid lower interest rates to customers who bought defendants' products with rates of return tied to Libor, and also avoided disclosing the true risk premium that the market was attaching to them during the global financial crisis." *Id.* CEMA does not dispute that its action shares multiple factual issues with the actions already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Naomi Reice Buchwald for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul G. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Sarah S. Vance