IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANICAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 No. 1:11-MD-02262-NRB |
| THIS DOCUMENT RELATES TO: EXCHANGE-BASED PLAINTIFF ACTION | ECF CASE |

### DECLARATION OF DAVID E. KOVEL IN SUPPORT OF THE EXCHANGE-BASED PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 23, 2013 MEMORANDUM AND ORDER

I, DAVID E. KOVEL, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a member in good standing of the Bar of the State of New York, and am admitted to practice before this Court.

2.      I am a member of the law firm of Kirby McInerney LLP, interim co-lead counsel for the Exchange-Based Plaintiffs.  As such, I have knowledge of the matters set forth herein.  I make this declaration in support of the Exchange-Based Plaintiffs' Motion for Reconsideration of that portion of the Court's August 23, 2013 Memorandum and Order denying Plaintiffs motion to file their Second Amended Consolidated Class Action Complaint to include allegations based on trader-based manipulation during the period January 1, 2005 through the beginning of August 2007.

3.      Based on a review of the records Plaintiff 303030 Trading LLC ("303030 Trading") has located in its possession, 303030 Trading traded Eurodollar futures contracts in the period from at least January 2006 through December 2008.  On March 20, 2006, it sold 2 net

June 2007 Eurodollar futures contracts.  On December 20, 2006, 303030 Trading bought net 7 December 2007 and 7 June 2008 Eurodollar futures contracts and sold net 14 March 2008 Eurodollar futures contract.   On December 27, 2006, 303030 Trading bought net 17 December 2007, 24 March 2008, 44 September 2008, 17 December 2008 Eurodollar futures contracts and sold 68 June 2008 Eurodollar futures contracts.  Attached hereto as Exhibit A is a spreadsheet summarizing the trading records of 303030 Trading that it has located in its possession.

      4.      Based on a review of the records Plaintiff Metzler Investment GmbH ("Metzler") has located in its possession, Plaintiff Metzler's funds traded Eurodollar futures contracts in the period from at least as early as August 2006 through the end of the class period.  Metzler is willing to provide a complete schedule of its trades to the Court subject to a protective order.  Metzler will provide further details of its trades relating to damage it alleges from trading-based manipulation, if any, when and if Plaintiffs are allowed to file such allegations.

      5.      Based on a review of the records Plaintiffs FTC Futures Fund SICAV ("FTC SICAV") and Plaintiff FTC Futures Fund PCC Ltd. ("FTC PCC"), Plaintiffs FTC SICAV and PCC and related funds traded Eurodollar futures contracts in the period from at least as early as November 2007 through the end of the class period.  FTC SICAV and PCC are willing to provide a complete schedule of their trades to the Court subject to a protective order.  FTC SICAV and PCC will provide further details of their trades relating to damage it alleges from trading-based manipulation, if any, when and if Plaintiffs are allowed to file such allegations.

      6.      Based on a review of the records Plaintiff Gary Francis ("Francis") has located in its possession, Plaintiff Francis traded Eurodollar futures contracts in the period from at least as early as January 2008 (and perhaps earlier although the documents are not in his possession) through April 2009.  Francis is willing to provide a complete schedule of its trades to the Court

subject to a protective order.  Francis will provide further details of its trades relating to damage it alleges from trading-based manipulation, if any, when and if Plaintiffs are allowed to file such allegations.

7.      Based on a review of the records Plaintiff Nathanial Haynes ("Haynes") has located in its possession, Plaintiff Haynes traded Eurodollar futures contracts in the period from at least as early as June 2007 through April 2009.  Haynes is willing to provide a complete schedule of its trades to the Court subject to a protective order.  Haynes will provide further details of its trades relating to damage it alleges from trading-based manipulation, if any, when and if Plaintiffs are allowed to file such allegations.

8.      Based on a review of the records Plaintiff Atlantic Trading USA, LLC ("Atlantic Trading") has located in its possessions, Plaintiff Atlantic Trading engaged in large trades throughout the entire Class Period starting in 2005, including during many if not all of the specific incidents of trader-based manipulation cited in the Barclays settlements.  Plaintiff Atlantic Trading has over 1,500 pages of trade data in PDF format.  Atlantic Trading is willing to provide a complete schedule of its trades to the Court subject to a protective order.  Atlantic Trading will provide further details of its trades relating to damage it alleges from trading-based manipulation, if any, when and if Plaintiffs are allowed to file such allegations.

9.      Attached hereto as Exhibit B is a true and correct copy of an excerpt from the Commodities Futures Trading Commissions' June 27, 2012 Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodities Exchange Act, as Amended, Making Finding and Imposing Remedial Sanctions (the "CFTC Order"), for the violations of Sections 6(c), 6(d) and 9(a)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 9, 13(b) and 13(a)(2), relating to *In the Matter of: Barclays PLC, Barclays Bank PLC and Barclays Capital Inc.*  The

CFTC Order includes an example of a Barclays' submitter for U.S. Dollar LIBOR manipulating the LIBOR rate on March 20, 2006.  *See* CFTC Order at 10.

10.     Attached hereto as Exhibit C is a true and correct copy of an excerpt of: (i) the non-prosecution agreement dated June 26, 2012 (the "DOJ Non-prosecution Agreement"), between and among the United States Department of Justice (the "DOJ") and Barclays Bank Plc and its parent, subsidiaries and affiliates (collectively, "Barclays"); and (ii) Appendix A to the DOJ Non-prosecution Agreement, which sets forth the facts and illegal conduct Barclay's admitted in accepting responsibility (the "DOJ SOF").  The DOJ SOF includes examples of a Barclays' submitter for U.S. Dollar LIBOR submitting low three-month LIBOR submissions on December 20, 2006 and December 27, 2006.  *See* DOJ SOF at ¶ 15.


        I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of September, 2013
at New York, New York.

                          ____/s/ *David E. Kovel*____
                          David E. Kovel
                          **KIRBY McINERNEY LLP**
                          825 Third Avenue, 16th floor
                          New York, New York 10022
                          Telephone: (212) 371-6600
                          Facsimile: (212) 751-2540
                          Email: dkovel@kmllp.com