# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
212.608.1900

Facsimile
212.719.4775

September 10, 2013

**BY FAX:**
Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY  10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*
      11-MD-2262 (NRB)

Dear Judge Buchwald:

   The Exchange Based Plaintiffs ("Plaintiffs") respectfully request a pre-motion conference to seek leave to amend their operative Complaint to allege: (a) the details of Plaintiffs' trades in Eurodollar Futures Contracts, and (b) that specific or other pre-August 2007 events of manipulation revealed by the government settlements caused LIBOR to be artificial in a specified direction which disadvantaged certain plaintiffs' transactions made on the same day or within days of that misreport, and will otherwise satisfy the reasoning and pleading requirements articulated by the August 23, 2013 Memorandum and Order [Dkt. No. 389] (*In re LIBOR-Based Fin. Instruments Litig.*, No. 11-2262, 2013 WL 4504769 (S.D.N.Y. Aug. 23, 2013) ("August 23 Order")).

   Neither in any pre-consolidated complaint nor in the originally consolidated complaint, was any claim for pre-August 2007 or trader-based manipulation made. *Contrast* August 23 Order at *14-15 (emphasizing that repeatedly pleaded allegations of antitrust claims had been made pre-consolidation and in three consolidated complaints as a reason to deny amendments of the antitrust claim) *with Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 668-69 (2d Cir. 1989) (ordinarily, amendment of a claim pleaded for the first time should be permitted) *and Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987); *see also In re Sumitomo Copper Litig.*, 96 Civ. 4584 (MP), Transcript of Oral Argument dated Feb. 2, 1998, at pp. 35-36 (Pollack, J.) (during oral argument on a motion to dismiss a third amended complaint: "As I said, you have extra time now to amend this complaint. That doesn't bother me at all.  It is a big claim, and I have no doubt that in addition to the amendments of this morning, there will be some more amendments next week or the week after.") (attached hereto).

   Not only was Plaintiffs' PSAC the first pleading of a pre-August 2007 claim but, in not alleging specifics of the Plaintiffs' transactions, it followed (rightly or wrongly) the pleading method previously upheld as to post-August 2007 manipulation.  *Compare* March 29, 2013 Memorandum and Order [Dkt. No. 286] (*In re LIBOR-Based Fin. Instruments Litig.*, 2013 WL 1285338, at *38 (S.D.N.Y. Mar. 29, 2013) ("March 29 Order")) *with In re Crude Oil Commodity Futures Litig.*, 913 F.Supp.2d 41, 61 (S.D.N.Y. 2012) (plaintiffs had adequately pleaded their

standing to assert manipulation claims by alleging that they were "injured as a result of Defendants' manipulation of the prices of NYMEX WTI crude oil futures contracts.") *and McBlaine v. Jack Carl Assoc., Inc.*, 705 F.Supp. 1340, 1344 (N.D.Ill. 1989) (plaintiff's specific allegations not required to be alleged and are a matter for discovery).

Further, granting leave to amend will permit litigation on the merits of Plaintiffs' new pre-August 2007 claims which are valid under the reasoning of the August 23 Order. *See* August 23 Order, at *11 (providing examples of what Plaintiffs can allege). Such amendment will not prejudice Defendants or delay matters. Defendants themselves are seeking this Court's ongoing, careful consideration of their additional arguments against parts of Plaintiffs' manipulation claim, and in support of Defendants' statute of limitations affirmative defense. *Compare* Dkt. No. 362, Defendants' Memo in Opposition to Motion to Amend at 20 (acknowledging this Court's ruling that "Plaintiffs had adequately pled a suppression-based claim") *with* August 23 Order, at **13-14. The proposed amendment will otherwise further the interests of justice because the specific reasons why the August 23 Order required Plaintiffs to plead their own transactions were not raised by Defendants in their opposition to the motion to amend, Dkt. No. 362. *See* below.

**A. Consolidated Complaint.** In Plaintiffs' Amended Consolidated Class Action Complaint [Dkt. No. 134], Plaintiffs alleged a claim for suppression manipulation in violation of the Commodity Exchange Act 7 U.S.C. §1 *et seq.*, ("CEA"). *E.g.*, ¶¶ 43, 218; March 29 Order at *38. Plaintiffs did **not** plead their specific transactions in Eurodollar futures contracts in this complaint. Having earlier denied Plaintiffs' prompt request for leave to amend to plead additional facts after the first round of government settlements which were with Barclays (*see* Dkt. No. 199), the Court allowed the Plaintiffs to refer to the trader based manipulation disclosed by the Barclays settlements in opposition to Defendants' motions to dismiss Plaintiffs' CEA manipulation claim. *See* Mar. 29 Order at **5-6.

**B. The Decision On The Motions To Dismiss.** In the March 29 Order, this Court considered the Barclays settlement documents, found that Plaintiffs could not know or plead the "true level" or degree of artificiality of LIBOR nor the changes in the arguments of artificiality (*id.* at **39, 41-42), and held that Plaintiffs were **not** required to plead their **individual** transactions in order to state injury from the suppression and trader based conduct to support their CEA manipulation claim. *Id.* This Court granted Plaintiffs leave to move to amend in various respects expressly **providing** that Plaintiffs had to address specifically listed "concerns" of the Court. March 29 Order at **32, 36, 62; *see also id.* **21-23 generally. All of these concerns related solely to statute of limitations. *Id.*

**C. Proposed Complaint.** Accordingly, in their PSAC [Dkt. No. 342-1], Plaintiffs focused heavily and at great length on the statute of limitations allegations/concerns. *See* PSAC ¶¶ 444-45, 517-19, 528-30, 531-37. Plaintiffs also alleged for the first time a January 2005-early August 2007 manipulation claim. PSAC ¶¶ 173-222. Plaintiffs alleged 111 misreports by Barclays alone from 2006 – August 2007. ¶195. Plaintiffs alleged 61 additional reports by Barclays alone during 2005, and from September 2007 until 2009. ¶¶195-196. Plaintiffs alleged extensive other false reports resulting from collusion (a) between other Defendants and Barclays (¶¶ 183-94, 197, 199-203, 205, 207-17, 247), (b) generally among Defendants, including through brokers and ICAP (¶¶ 195, 204, 206, 238-41, 248, 253-54), (c) through RBS (¶¶181, 236, 243, 250, 275), and (d) otherwise. ¶¶252-268. Consistent with the finding in the March 29 Order

Page 3 of 3
Hon. Naomi Reice Buchwald
September 10, 2013

that Plaintiffs could not know the "true" or non-manipulated level of a specific LIBOR report nor the level of artificiality of LIBOR and Eurodollar futures contract prices, nor the changing degree of the price artificiality (March 29 Order at **39, 42), Plaintiffs again did not allege the specifics of Plaintiffs' transactions. Rather, in their first proposed pleading of the pre-August 2007 claim, Plaintiffs, in what they thought was consistent with the March 29 Order, again generally alleged that they suffered "injury" and "actual damages" as a result of transacting in the market manipulated by Defendants' multiple misreports. *See* PSAC ¶¶ 20-27, 504-05, 517-19, 528-530.

**D. Briefing On The Motion To Amend**. Defendants argued, among other things, that Plaintiffs' proposed amendment was futile because "Plaintiffs Fail To Allege Loss Causation". Dkt. No. 362, at 24-25. But Defendants did not argue (nor did this Court find) that Plaintiffs could allege the pre-August 2007 true level of LIBOR or Eurodollar futures contracts nor the degree nor duration of artificiality. Dkt.No. 362, *passim*. Nor did Defendants argue that Plaintiffs had failed to allege collusion or artificiality or persistent artificiality during the pre-August 2007 period. *Id.* Plaintiffs replied that "'loss causation' is not an element of a CEA manipulation claim," that Plaintiffs could not be expected to allege by how much LIBOR was artificial; that here the injury "pleading inquiry is…on the existence of artificial prices," and that Plaintiffs plausibly alleged that "defendants' conduct caused Eurodollar futures contracts to trade and settle at artificial prices." Dkt. No. 366, at pp. 16-17 (citing March 29 Order at *39).

**E. Oral Argument**. During oral argument, Defendants still failed to argue that Plaintiffs had not alleged pre-August 2007 artificiality and persistent artificiality. Transcript of Aug. 8, 2013, *passim*. Plaintiffs expressly stated that they could allege their specific transactions (*id.*, 50) and could make inferences to allege that certain false reports revealed by the Barclays order caused directional artificiality changes that injured Plaintiffs. *Id.*, 51.

**F. Order On The Amendment.** In the August 23 Order, the Court (a) did not rule on the statute of limitations issues that were overwhelmingly the subject of the motion to amend (August 23 Order, *passim*), (b) held that loss causation is **not** required to be alleged (*id.* at *9 n.16), (c) may have reasoned that Plaintiffs failed to allege collusion (*id.* at *10 n. 17), (d) did find that, unlike with the earlier manipulation claim, Plaintiffs did not plausibly allege persistent artificiality throughout the January 2005-early August 2007 period (*id.* at *11), and (e) reasoned that Plaintiffs were required to allege their own specific transactions in order to plead pre-August 2007 manipulation. *Id.* at *8-12.

Having been apprised of reasoning not raised by Defendants in the briefing, Plaintiffs again respectfully state that (regardless of the outcome of their motion for reconsideration) Plaintiffs can allege their trades and (with the benefit of following the reasoning of the Court) both allege injury to specified transactions and otherwise satisfy the August 23 Order's standards for pleading the new, pre-August 2007 manipulation claim.

Respectfully submitted,

**Lovell Stewart Halebian Jacobson LLP**
/s/ Christopher Lovell

**Kirby McInerney LLP**
/s/ David Kovel

cc:   All Counsel (by e-mail)

02/12/98  11:04 FAX 212 719 4677        LOVELL & STEWART, LLP                    ☒035/040

822ASUMM                                                                    35

1   enterprise."
2          THE COURT:  You haven't alleged conspiracy as a
3   separate claim, have you?
4          MR. JACOBSON:  No, sir, we have not.
5          THE COURT:  It's just part of the material that
6   you put in for the second claim.
7          MR. JACOBSON:  It is a paragraph at the end of
8   count 2, your Honor.  That is correct.
9          I want to conclude here, but the reason I read
10  that material, your Honor, is because it seems to me that
11  Global has now conceded that, under *Viola* and *Napoli*, we
12  have pleaded a RICO conspiracy, even though arguably we fall
13  short of proving operation or management of the enterprise
14  as to the Sumitomo-only enterprise.
15         Your Honor, I appreciate your attention, and if
16  any further questions arise, I would be happy to address
17  them.
18         THE COURT:  I want to make it clear what it is
19  that I want from you.  Instead of putting it in letter form,
20  put it in the form of brief paper and just call it "Summary
21  of Argument."  I want pages 7 through 13 of your brief
22  filled in for any material that you have just called to my
23  attention but you didn't have in there or to clarify
24  anything else that you consider points to the essential
25  allegations that would constitute a compliance with the RICO

1  requirements statute. The other side will then have an
2  opportunity to respond to it.
3           Now, their response can only be that it doesn't
4  say so. If it says so, their response is going to be very
5  short. But I want something to be able to turn to instead
6  of turning to 99 pages. I want to be able to find a
7  specification of where the essential allegations are
8  contained. Take your time and get that to me completely.
9  As I said, you have extra time now to amend this complaint.
10 That doesn't bother me at all. It is a big claim, and I
11 have no doubt that in addition to the amendments of this
12 morning, there will be some more amendments next week or the
13 week after. But if as amended up to date it falls to the
14 ground, you will have failed on claim 2. If on the other
15 hand, the essential allegations are in that, we will have a
16 place to refer to hereafter, as of February 2, 1998, where
17 we know that the claim has been asserted in the complaint.
18 Is that clear?
19          MR. JACOBSON: Very clear, Judge.
20          I wonder, in light of my earlier suggestion of
21 this afternoon, if we could get this to you by the end of
22 the week.
23          THE COURT: No, take a couple of afternoons. You
24 may stand or fall on this.
25          MR. JACOBSON: I understand.