SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

_____

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

September 18, 2013

VIA ECF and FAX

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
      11-MD-2262 (NRB)

Dear Judge Buchwald:

The OTC plaintiffs write to request a pre-motion conference to file a motion, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Rule 2(B) of Your Honor's Individual Practices, to certify for appeal this Court's dismissal of their antitrust claim and the denial of their motion to amend as to that claim. The motion should be granted because the antitrust claims are separable from the remaining state law claims and there is no just reason for delay given that the same issues will already be on appeal.

Yesterday, the bondholder plaintiffs appealed as of right the only issue on which the OTC plaintiffs seek leave to appeal: whether antitrust injury was sufficiently pled. Because the OTC plaintiffs simply seek permission to join the existing appeal of this same issue, considerations of judicial efficiency and the equities strongly favor granting the OTC plaintiffs' motion for partial judgment.

The decision to enter final judgment on certain claims pursuant to Rule 54(b) is left to the sound discretion of the court, which should exercise its discretion "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. General Elec. Corp.*, 446 U.S. 1, 8 (1980). Courts consider the following three questions when deciding a Rule 54(b) motion, with no one factor controlling the analysis: 1) whether the case involves multiple claims or parties; 2) whether the court's decision finally disposes of the claim; and 3) whether there is no just reason for

September 18, 2013
Page 2

delay in entry of judgment. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992). In considering whether there is no just reason for delay, courts consider the interests of judicial efficiency and the equities to the parties. All three factors strongly support certification here.

First, the claims are not "inherently inseparable." *Id.* ("Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."). The dismissal of the antitrust claim hinges on a narrow issue concerning antitrust injury that has no bearing on the viability of the state law claims. Moreover, courts frequently grant partial judgment on antitrust claims when state law claims remain because they present different theories of liability and plaintiffs will pursue the higher damages of antitrust claims even if they prevail on state law claims. *See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427 (1956) (affirming final judgment on antitrust claim, while state law claim for breach of contract remained, because the antitrust claim rested on an "independent basis of liability"); *Geneva Pharmaceuticals Tech. Corp. v. Barr Laboratories, Inc.*, 2002 WL 31159048 (S.D.N.Y. 2002) (entering final judgment on antitrust claims, while state law claims remained, because plaintiffs are entitled to treble damages on antitrust claims and "'the claim for greater relief would be pressed by the plaintiff even if the other claim were granted'" (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987))).

Second, the dismissal of the antitrust claim under Rule 12(b)(6) finally disposed of that claim within the meaning of 28 U.S.C. § 1291. *See, e.g.*, *Perks v. Town of Huntington*, 96 F. Supp. 2d 222, 233 (E.D.N.Y. 2000) (dismissing several claims under Rule 12(b)(6) and directing entry of judgment on those claims under Rule 54(b)).

Finally, there is "no just reason for delay" in entering judgment on the antitrust claim. The equities weigh strongly in favor of certification because the OTC plaintiffs should be permitted to brief and argue the appeal that will determine the major issue on their Sherman Act claims—whether antitrust injury is sufficiently pled—at the same time that the bondholder plaintiffs are appealing that same issue.

Certification will also advance judicial economy. No part of these or any proceedings will be delayed by permitting the OTC plaintiffs to participate in an existing appeal. Although District Courts should seek to avoid certifications that result in unnecessary piecemeal appeals, that danger is absent here because the Second Circuit will already be hearing the appeal of the antitrust injury issue. To the contrary, if certification is not granted, there is a danger that the Second Circuit may have to decide interrelated issues twice. For example, in opposition to the bondholders' appeal, defendants will likely argue (as they argued before

September 18, 2013
Page 3

this Court) that the Second Circuit may affirm the dismissal of the bondholders' antitrust claim on the independent ground—inapplicable to the OTC plaintiffs' claim—that the bondholders lack antitrust standing because they did not deal directly with defendants.  While plaintiffs disagree, there would be great inefficiency if the Second Circuit were to adopt this argument, affirm the bondholders' dismissal for this independent reason, and be forced to adjudicate the dismissal of the OTC plaintiffs' interrelated antitrust claim in a separate appeal with overlapping briefing.

For these reasons, the OTC plaintiffs respectively request a pre-motion conference to address their motion for partial judgment.  This is an infrequent harsh case where failing to grant partial judgment would serve no benefit to judicial economy and would greatly prejudice the moving party.

Thank you for your continued consideration of these matters.

Respectfully,

*[signature]*

William Christopher Carmody