# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

September 20, 2013

**BY HAND DELIVERY AND ECF**

Re:     *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
        MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

This letter is submitted on behalf of all Defendants:  (a) to inform the Court, as directed in the Court's August 23, 2013 decision and order (the "August 23 Order"), of aspects of the proposed Second Amended Consolidated Class Action Complaints filed, respectively, by the Exchange-Based Plaintiffs and the OTC Plaintiffs on September 10, 2013 ("Exch. PSAC" and "OTC PSAC," respectively, and collectively, the "PSACs")[1] which "are inconsistent with [the] rulings" in the August 23 Order;[2] (b) to respond to the letter to the Court dated September 11, 2013 (the "September 11 Letter") filed by the Exchange-Based Plaintiffs, attempting to justify inclusion of certain claims in the Exch. PSAC;[3] and (c) to request that the Court order both the

---

[1] Dkt. Nos. 407 and 406, respectively.  The Exchange-Based Plaintiffs filed a "corrected" PSAC on September 16, 2013 ("[Corrected] Exch. PSAC").  The [Corrected] Exch. PSAC inserted or corrected two graphs that were omitted or incorrect in the Exch. PSAC.  It also added a footnote explaining that the allegations for claims previously dismissed by the Court or for which the Court denied leave to amend remained in the complaint "to preserve such claims for appeal."  *See* Dkt. No. 408 and Sept. 16 letter from C. Lovell and D. Kovel to the Court. References to the Exch. PSAC include the "corrected" version.

[2] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2013 WL 4504769, at *23 (S.D.N.Y. August 23, 2013).

[3] Dkt. No. 404.

Exchange-Based Plaintiffs and the OTC Plaintiffs to withdraw the PSACs and replace them with new complaints with all material inconsistent with the Court's August 23 Order deleted.

The PSACs are inconsistent with the Court's rulings in two respects. *First*, Plaintiffs have improperly included claims, and factual allegations intended to support those claims, which, as they acknowledge, have either been dismissed with prejudice by the Court or which the Court denied Plaintiffs leave to assert. *Second*, the OTC Plaintiffs have purported to add two new parties – a new plaintiff and a new defendant – without seeking, much less obtaining, leave to do so.

### 1.   Claims Dismissed with Prejudice or That the Court Has Denied Plaintiffs Leave to Assert Should Be Deleted, Together with Supporting Allegations

In violation of the Court's instruction that Plaintiffs file "a version of the PSAC that contains only those allegations consistent with the holdings" in the August 23 Order,[4] the Exchange-Based Plaintiffs have included in their new pleading:

- a "Second Claim for Relief" (Exch. PSAC ¶¶ 523-533), alleging the very trader-based manipulation theory that the Court, in its August 23 Order, held the Exchange-Based Plaintiffs could not assert in an amended pleading because doing so would be futile;[5]

- a "Fifth Claim for Relief" (Exch. PSAC ¶¶ 541-545), alleging violation of section 1 of the Sherman Act – a claim that the Court dismissed with prejudice in its March 29, 2013 order (the "March 29 Order") and that the Court denied leave to amend as futile in the August 23 Order;[6] and

- a "Sixth Claim for Relief" (Exch. PSAC ¶¶ 546-549), for "restitution/disgorgement/unjust enrichment" – a claim that the Court dismissed with prejudice in its March 29 Order.[7]

The OTC Plaintiffs, too, have proceeded in plain disregard of this Court's instructions by including in their new pleading:

- a "First Claim for Relief" (OTC PSAC ¶¶ 371-376), alleging violation of section 1 of the Sherman Act – a claim that the Court dismissed with prejudice in its March 29 Order and that the Court denied leave to amend as futile in the August 23 Order;[8] and

---

[4] August 23 Order, 2013 WL 4504769, at *13.

[5] *See id.* at *11-*13.

[6] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2013 WL 1285338 (S.D.N.Y. Mar. 29, 2013), at *19; August 23 Order, 2013 WL 4504769, at *16-*17.

[7] 2013 WL 1285338, at *59-*61.

[8] March 29 Order, 2013 WL 1285338, at *19; August 23 Order, 2013 WL 4504769, at *16-*17.

- a "Second Claim for Relief" (OTC PSAC ¶¶ 377-394), alleging *both* breach of express contract and breach of the implied covenant of good faith and fair dealing, even though in granting leave to add this claim, the Court in its August 23 Order clearly stated that "plaintiffs cannot state a claim for breach of an explicit contractual provision."[9]

Plaintiffs have attempted to justify including these claims (and presumably also the factual allegations intended to support them) in their new pleadings by claiming that doing so is necessary to "preserve such claims for appeal."[10]  Resort to this pretext, however, is foreclosed by the Second Circuit's decision in *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92 (2d Cir. 2004).  There, the Court declared "our rule" (consistent with the rule adopted in most other circuits): "We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend. Such a formalistic requirement serves no valid purpose." *Id.* at 96 (footnote omitted).

Since the decision in *P. Stolz*, district court judges in this Circuit have consistently granted motions to strike such claims from an amended pleading under Fed. R. Civ. P. 12(f). *See, e.g.*, *Carter v. City of Syracuse School Dist.*, 2013 WL 1122453, at *3 & n.4 (N.D.N.Y Mar. 18, 2013) (granting defendants' "motion to strike the amended complaint because the twelve causes of action that the Court dismissed with prejudice are immaterial to the merits of Plaintiff's instant action as it stands after the Order" and rejecting plaintiff's "preserva[tion] for appeal" argument as "unnecessary and disingenuous" in light of *P. Stolz*); *Tierney v. Omnicom Group, Inc.*, 2007 WL 4526615, at *5 (S.D.N.Y. Dec. 20, 2007) (Swain, J.) (granting defendants' "motion to strike Plaintiffs' good faith and fair dealing claims as set forth in" a second amended complaint after the court had dismissed those claims in an earlier order without granting leave to replead them and finding "unwarranted", in light of *P. Stolz*, plaintiffs' argument "that he pleads these claims out of an abundance of caution so as to preserve these claims on appeal"); *In re Alstom SA Secs. Litig.*, 454 F. Supp. 2d 187, 216-17 (S.D.N.Y. 2006) (Marrero, J.) (granting defendants' motion to strike "portions of the complaint relating to previously dismissed claims and parties" and rejecting Plaintiffs' "preservation for appeal" argument as foreclosed by *P. Stolz*).  Even before *P. Stolz*, Judge McMahon granted a motion to strike claims that plaintiffs repleaded in a third amended complaint after the court had dismissed them in a previous order and termed plaintiffs' "preservation for appeal" argument "disingenuous" as the court's previous order dismissing those claims "will be fully appealable at the conclusion of this action." *Turk v. Chase Manhattan Bank USA, NA*, 2001 WL 736814, at *4 (S.D.N.Y. June 11, 2001).

The Exchange-Based Plaintiffs, without citing *P. Stolz* or any other relevant decision, claim that there is "uncertainty" in the law "surrounding whether claims *that were not dismissed with prejudice* need to be included in subsequently amended complaints." September 11 Letter at 1 (emphasis added).  Whether or not there is uncertainty about the governing rule in that

---

[9] August 23 Order, 2013 WL 4504769, at *21 n.31.

[10] September 11 Letter at 1; [Corrected] Exch. PSAC p. 193 n.154. *See also* OTC PSAC p. 2 n.1 ("The Court dismissed the antitrust claim by Order dated March 29, 2013, and denied leave to amend this claim by Order dated August 23, 2013. Plaintiffs include this claim and the related amended pleadings in this amended complaint to preserve the issues for appeal."); OTC PSAC p. 161 n.181.

scenario is entirely irrelevant here, because all of the claims which both the Exchange-Based Plaintiffs and the OTC Plaintiffs have improperly re-asserted in their PSACs either were dismissed *with prejudice* or were subjects of portions of the August 23 Order that denied Plaintiffs leave to amend their pleadings to assert such claims on futility grounds, which is the functional equivalent of a with-prejudice dismissal.  To support their position, the Exchange-Based Plaintiffs cite only *Laurent v. PricewaterhouseCoopers LLP*, 2012 U.S. Dist. LEXIS 118109, at *5 n.1 (S.D.N.Y. Aug. 15, 2012), in which Magistrate Judge Fox *granted* plaintiffs' motion for leave to amend.[11]  *Laurent* is not apposite; *P. Stolz* and the cases cited above are.

In addition, including such dismissed and disallowed claims and allegations in an operative pleading adds needless confusion as to what contentions are actually part of the case and would pointlessly complicate the process of answering the SACs, to the extent the Defendants are ultimately required to do so.  The operative pleadings should only reflect actual, live claims.  This Court should therefore order Plaintiffs to withdraw the PSACs as filed and in their place file new pleadings from which the claims listed on pages 2-3 above and the factual allegations intended to support them are deleted.  The paragraphs that Plaintiffs should delete, in whole or in part, are:

**From the Exchange-Based PSAC**: The Second, Fifth and Sixth Claims for Relief (¶¶ 523-533, 541-549) and any allegations relating to these claims, including, but not limited to: ¶¶ 1-2 (to the extent they reference federal antitrust laws), ¶¶ 17-19 (to the extent they reference federal antitrust laws or related jurisdiction/venue provisions); ¶¶ 49-72 (to the extent they relate to competition), ¶¶ 183-220, ¶¶ 221-257 (to the extent they relate to alleged trader-based manipulation), ¶¶ 258-282 (to the extent they relate to alleged trader-based manipulation or competition), ¶¶ 415-428 (to the extent they relate to alleged trader-based manipulation), ¶ 436 (to the extent it relates to alleged trader-based manipulation), ¶¶ 438-443 (to the extent they relate to alleged trader-based manipulation), ¶¶ 446-448 (to the extent they relate to a possible increasing of LIBOR or decreasing of the price of the Eurodollar futures contracts), ¶ 458 (and the heading "3" directly above it), ¶¶ 492-497, and ¶¶ 505-511 (to extent they relate to alleged trader-based manipulation or to competition), and Prayer for Relief ¶¶ (C)-(D).

**From the OTC PSAC**: The First Claim for Relief (¶¶ 371-376) and the references in the Second Claim for Relief to alleged breaches of explicit contractual provisions (¶ 393 & n.181).  In addition, Plaintiffs should be required to revise ¶ 394 in the Second Claim for Relief so that it only refers to breaches of the implied covenant of good faith and fair dealing.  Finally, Plaintiffs should delete any allegations relating to the First Claim for Relief, including, but not limited to: ¶¶ 1-2 (to the extent they reference federal antitrust laws), ¶¶ 8-11 (to the extent they reference federal antitrust laws or related jurisdiction/venue provisions), ¶¶ 39-41 (to the extent they relate to competition), ¶¶ 58-65 (to the extent they relate to competition), ¶¶ 82 (second sentence), 83-

---

[11] The court in *Laurent* cited *P. Stolz*, but only to refer to a footnote in that case, in which the Second Circuit – after stating the "rule" quoted in the text at page 3 above – added: "We indicate no views on the appropriate standard for cases where the district court has granted leave to amend a dismissed claim." *P. Stolz*, 355 F.3d at 96 n.2.  That footnote has no relevance here because, far from granting leave to amend the dismissed claims at issue here, this Court has already dismissed such claims with prejudice and/or denied Plaintiffs leave to assert them.

84 (to the extent they relate to competition), ¶¶ 119-159 (to the extent they relate to competition), ¶¶ 232-300 (to the extent they relate to competition), ¶¶ 331-370, and Relief ¶¶ 3, 5.

### 2.   The New Parties Should Be Deleted from the OTC PSAC

Despite ample opportunity to include all parties in their prior complaints, the OTC Plaintiffs have only now added a new plaintiff, Texas Competitive Electric Holdings Company LLC, and a new defendant, Credit Suisse International. Plaintiffs have not explained — and cannot explain — why they did not include these parties in the pleadings previously, especially given that they allege that the contracts that relate to the new parties are almost six years old. (OTC PSAC ¶¶ 384-387.) This Court has emphasized that, given the magnitude of this case, "the defendants and the Court were entitled to the plaintiffs' best effort at presenting their claims,"[12] and that "Plaintiffs are not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."[13] When Plaintiffs offer no explanation for failing to include these parties in their earlier pleadings, the addition of new parties should not be allowed.[14]

Plaintiffs, furthermore, cannot arrogate to themselves the "right" to add parties at this stage without leave of court. The additional parties here were not mentioned or included in the OTC Plaintiffs' Motion for Leave to File Proposed Consolidated Second Amended Complaint dated May 17, 2013. At this stage, the pleadings can only be amended to include new parties pursuant to a motion under Fed. R. Civ. P. 15(a)(2) and 21.[15]

Defendants respectfully request this Court to require the OTC Plaintiffs to re-file a new PSAC that omits the newly added parties from the caption and from paragraph 1 and further omits the following paragraphs: ¶ 14, ¶ 20 (second and third sentences), and ¶¶ 384-387.

Respectfully yours,

Robert F. Wise

cc:   All counsel (by e-mail)

---

[12] August 23 Order, 2013 WL 4504769, at *16 (internal citation and quotations omitted).

[13] *Id.* (internal citation and quotations omitted).

[14] *See Sissel v. Rehwaldt*, 519 F. App'x 13, 17-18 (2d Cir. Jun. 3, 2013).

[15] *See Kirkland* v. *City of New York*, 2007 WL 1541367, at *2 (E.D.N.Y. May 25, 2007) ("Rule 21 requires leave of the Court before an amendment adding a party may be made.").