# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

September 24, 2013

**BY HAND**

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
      MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

This letter is submitted on behalf of all Defendants in the above-referenced matter at the Court's request in response to the Exchange-Based Plaintiffs' letter, dated September 10, 2013 ("September 10 Letter"), seeking leave to amend (for the second time) their complaint to include allegations of trader conduct that purportedly occurred prior to August 2007, as well as specific information about trading by one of the seven plaintiffs. Sept. 10 Ltr. at 1. As a preliminary matter, Plaintiffs' assertion that they are entitled to amendment "regardless of the outcome of their motion for reconsideration" is baseless. *Id.* at 3. Plaintiffs cannot ignore this Court's August 23 Order or unilaterally attempt to preempt the Court's forthcoming consideration of Plaintiffs' Reconsideration Motion[1]—both of which control the issues raised in Plaintiffs' September 10 Letter.

Plaintiffs sought to add the pre-August 2007 trader-based conduct allegations in their prior motion to amend, which the Court denied in its August 23 Order. *In re LIBOR-Based Fin.*

---

[1] "Reconsideration Motion" and "Recons. Mot." refer to the Exchange-Based Plaintiffs' Memorandum of Law in Support of Their Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order (Sept. 6, 2013) (ECF No. 397).

*Instruments Antitrust Litig.* ("*In re LIBOR II*"), No. 11-MD-2262, 2013 WL 4504769, at *9-13 (S.D.N.Y. Aug. 23, 2013). Plaintiffs could at that time have included information about their trading to support their claims of injury, but they conspicuously did not. *Id.* at *11; *see also* Aug. 8, 2013 Hr'g Tr. 29:22 ("[Y]ou are waiting for what?"). After the Court denied leave to amend, Plaintiffs sought reconsideration, arguing that the Court "overlooked important parts of its March 29 Order and related law in holding that Plaintiffs had failed adequately to allege injury and standing," and erred when it held that amendment was futile. Recons. Mot. at 1. Plaintiffs also sought, for the first time, to submit information about the trading history of one of the named Plaintiffs that had been in their possession all along. Defendants filed their Opposition to Plaintiffs' Reconsideration Motion on September 23,[2] advancing two primary grounds requiring the denial of that motion.

*First*, Plaintiffs fail to satisfy the standard for reconsideration because they do not point to any controlling law that the Court overlooked or any new facts that Plaintiffs could not have previously alleged.[3] *See* Opp'n at 5-12. Indeed, the primary case that Plaintiffs claim the Court overlooked is its own prior decision: the March 29 Order. *See* Recons. Mot. at 7-14.[4] The August 23 Order, however, is entirely consistent with the March 29 Order and is not a basis for reconsideration. Opp'n at 7-11.

*Second*, Plaintiffs' Reconsideration Motion itself confirms that amendment remains futile. *See Id.* at 11-17. Despite Plaintiffs' improper submission of so-called "new" trading data, Plaintiffs fail to allege even "one hard example of an act that a particular bank took which had an impact on a particular futures contract." Aug. 8, 2013 Hr'g Tr. 26:25-27:6. Instead, the proposed amendment alleges three trading days on which one Plaintiff was purportedly injured by alleged trader conduct at Defendant Barclays Bank PLC. Recons. Mot. at 5. But the publicly available LIBOR submission records for each of those three days confirm that Barclays could not possibly have affected the LIBOR setting on those days—and therefore could not possibly have caused that Plaintiff injury. Opp'n at 13-15. Plaintiffs' other allegations of injury are broad and vague, and based on nothing more than speculation. *Id.* at 16-17.

Defendants have thus provided ample grounds for the Court to deny Plaintiffs' Reconsideration Motion. The arguments apply equally to Plaintiffs' September 10 Letter request for leave to amend, the disposition of which will be controlled by the Court's decision on the Reconsideration Motion. Insofar as it seeks essentially the same relief as their Reconsideration

---

[2] "Opposition" and "Opp'n" refer to Defendants' Memorandum of Law in Opposition to the Exchange-Based Plaintiffs' Motion for Reconsideration of the Court's August 23, 2013 Order and in Support of Defendants' Motion to Strike the September 6, 2013 Declaration of David E. Kovel (Sept. 23, 2013) (ECF No. 427). Defendants seek to strike the Kovel Declaration because it was improperly submitted in violation of S.D.N.Y. Local Civil Rule 6.3. *See* Opp'n at 5-6.

[3] *Gucci Am., Inc. v. Guess?, Inc.*, No. 09-CV-4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011); *In re Initial Public Offering Sec. Litig.*, No. 21-MC-92, 2010 WL 2605233, at *1 (S.D.N.Y. June 28, 2010).

[4] Plaintiffs' Reconsideration Motion improperly largely reiterates arguments that were previously fully considered and rejected by the Court. *See* Opp'n at 7-12.

Motion, Plaintiffs' request for leave to amend is an improper attempt to sidestep the showing they must make to be entitled to reconsideration. Indeed, the rigorous standard on motions for reconsideration exists to avoid the very situation presented here—attempted re-argument of "issues already considered when a party does not like the way the original motion was resolved." *In re Initial Public Offering Sec. Litig.*, 2010 WL 2605233, at *1 (internal quotation omitted).

In any event, Plaintiffs provide no reason to grant leave to amend.[5] They contend that even if reconsideration of the August 23 ruling is denied, they should be allowed to replead because now they can allege what the Court found missing in the earlier proposed amendment, specifics regarding injury in fact from the alleged trader manipulation. Indeed, most of Plaintiffs' September 10 Letter is devoted to arguing that amendment should be allowed because "the specific reasons why the August 23 Order required Plaintiffs to plead their own transactions" were not previously raised (Sept. 10 Ltr. at 2-3), which is patently untrue. Defendants and the Court repeatedly raised concerns about Plaintiffs' ability to allege net loss from the alleged trader conduct, as required by 7 U.S.C. § 25(a)(1).[6] More importantly, Plaintiffs still fail to show what they must, that they have in fact been injured by the trader conduct they allege. It is not enough to charge that traders manipulated LIBOR, that the value of Eurodollar futures contracts was somehow affected at some time, and that someone may have suffered injury as a result. That might suffice for regulators, but private damage plaintiffs must show more. They must allege that they themselves actually suffered injury. Plaintiffs' proposed amendments fail to do so. Defendants show in their Opposition that the supposed specifics in the proposed pleading regarding one Plaintiff's trading and the alleged manipulations by Barclays on three dates turn out based on the public record to be not just implausible, but impossible. Opp'n at 13-16. None of the representative Plaintiffs, despite abundant time and incentive to do so, has asserted allegations in the proposed complaint showing injury in fact based on the supposed episodic trader manipulation. Absent such allegations, and there is no excuse for Plaintiffs not to have made them by now if they could,[7] there is no private damage claim, and the amendment as proposed would therefore be futile.

---

[5] "[W]here the plaintiff has been afforded a prior opportunity to amend the complaint, the district court's discretion to deny leave to amend is 'particularly broad.'" *Abadin* v. *Marvel Entm't, Inc.*, No. 09-CV-0715, 2010 WL 1257519, at *4 (S.D.N.Y. Mar. 31, 2010) (citation omitted).

[6] In the March 29 Order, the Court granted Plaintiffs leave to amend, "provided that any such motion addresses the concerns raised herein." *In re LIBOR-Based Fin. Instruments Antitrust Litig.* No. 11-MD-2262, 2013 WL 1285338, at *62 (S.D.N.Y. Mar. 29, 2013). In that Order, the Court specifically raised concerns about Plaintiffs' ability to adequately plead loss causation. *Id.* at *42. Similarly, Defendants highlighted Plaintiffs' pleading deficiencies as to loss causation when opposing Plaintiffs' initial attempt to add trader conduct claims. *See also* Memorandum of Law in Opposition to the Exchange-Based Plaintiffs' Motion for Leave to Amend as to CEA Claims and File the Second Amended Consolidated Class Action Complaint, 24-25 (July 1, 2013) (ECF No. 362).

[7] Plaintiffs have an affirmative burden to plausibly allege the elements of their CEA claims, and may not "wait[] to see what objections defendants raise and how the Court rules on those objections and then amend[] their complaint as necessary based on what they learned in the process." *In re LIBOR II*, at *16; *accord In re Gildan Activewear, Inc. Sec. Litig.*, 08-CV-5048, 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) ("[P]laintiffs are 'not entitled to an advisory opinion from the Court informing them of the

Davis Polk & Wardwell LLP

Hon. Naomi Reice Buchwald                4                    September 24, 2013

For the above reasons, Plaintiffs' request for leave to amend should be denied.

Respectfully yours,

Robert F. Wise

cc:   All counsel (by e-mail)

---

deficiencies in the complaint and then an opportunity to cure those deficiencies.'" (citation omitted)).
Any further attempt to amend in response to Defendants' objections should not be countenanced.

Davis Polk & Wardwell LLP