## DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

September 27, 2013

**BY HAND DELIVERY AND ECF**

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
       MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

      We write on behalf of all Defendants to request a pre-motion conference to seek leave to move to dismiss the OTC Plaintiffs' unjust enrichment and contract claims, as set forth in their proposed Second Consolidated Amended Class Action Complaint filed on September 10, 2013 ("OTC PSAC").[1] The Court's August 23, 2013 decision and order (the "August 23 Order") granted the OTC Plaintiffs leave to assert claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing, but stated that "our decision is without prejudice to a motion by defendants to dismiss any second amended complaint." *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MD 2262, 2013 WL 4504769, at *18 (S.D.N.Y. Aug. 23, 2013); *id.* at *21, 23. As directed in the August 23 Order, Defendants submitted a letter to Your Honor on September 20, 2013, detailing certain respects in which the OTC PSAC is inconsistent with the Court's prior rulings.[2] Defendants respectfully submit that their time to respond further to the OTC PSAC should be stayed until the Court has ruled on the objections they submitted

---

[1] Dkt. No. 406, ¶¶ 377-98.

[2] Specifically, the OTC PSAC improperly adds a new plaintiff and defendant, restates the dismissed antitrust claims, and appears to replead the claim for breach of express contract, leave to plead which was previously denied.

Hon. Naomi Reice Buchwald            2            September 27, 2013

and the scope of the amended pleading is settled, but submit this letter within the time prescribed by the rules for their response to the September 10, 2013 filing of the OTC PSAC.

When directed to do so by the Court, Defendants anticipate advancing the following arguments in support of their motion to dismiss.

*First*, to the extent that the OTC Plaintiffs purport to assert unjust enrichment and breach of contract claims against all Defendants jointly based on an alleged conspiracy or other collective action, the claims are premised on non-existent causes of action and must be dismissed. There is no such thing under New York law as "conspiracy" to commit unjust enrichment or breach of contract. Both underlying causes of action require – at a minimum – direct dealings between the plaintiff and defendant, and thus must be asserted on a defendant-specific basis by plaintiffs able to allege the required transactional nexus. *See, e.g., Lehman v. Garfinkle*, No. 08 Civ. 9385, 2009 WL 2973207, at *7 (S.D.N.Y. Sept. 16, 2009) ("To the extent Plaintiff is attempting to argue that these defendants should be liable on contracts to which they were not parties, on the ground that all Defendants were co-conspirators, this argument would fail, as New York law does not recognize such a theory of liability."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2013 WL 1285338, at *61 (S.D.N.Y. Mar. 29, 2013) (dismissing Exchange Plaintiffs' unjust enrichment claims because "the relationship between plaintiffs and defendants, to the extent that there was any relationship, is surely too attenuated to support an unjust enrichment claim"). The Court should dismiss the OTC Plaintiffs' unjust enrichment and breach of contract claims to the extent they are asserted on a collective or conspiracy basis.

*Second*, the OTC Plaintiffs lack standing to assert unjust enrichment and contract claims against Defendants that did not deal directly with the named OTC Plaintiffs – a group that includes at least 18 of the 23 named Defendants.³ Because there can be no cause of action for unjust enrichment or breach of contract absent a transactional nexus, the named OTC Plaintiffs have no standing to assert these claims against the 18 or more Defendants with which they did not transact. *See, e.g., Cassese v. Wash. Mutual, Inc.*, 262 F.R.D. 179, 183-84 (E.D.N.Y. 2009) ("[P]laintiff does not have standing to sue defendants for a breach of contract to which the plaintiff was not a party."). Absent standing on the part of the *named* OTC Plaintiffs to assert unjust enrichment and breach of contract claims against those Defendants with whom they did not deal, there is no standing by *any* member of the purported class to do so. *See, e.g., Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62-66 (2d Cir. 2012) (affirming dismissal of class claims against certain defendants based on named plaintiff's lack of standing, explaining that "plaintiff's injury resulting from the conduct of one defendant" has no "bearing on her Article III

---

³ In the OTC PSAC, the two original representative plaintiffs allege direct dealings with Defendants UBS and Deutsche Bank, and a new named plaintiff alleges it dealt with Defendants Barclays, Citibank, and newly named defendant Credit Suisse International. The proposed complaint otherwise fails to allege dealings with any of the remaining defendants. OTC PSAC ¶¶ 378-387. As set forth in a separate submission with respect to the PSAC, the OTC Plaintiffs have improperly added to their complaint a new named plaintiff and defendant without leave of the Court, an amendment not authorized by the August 23 Order. September 20 Wise Ltr. 5. If, as Defendants urge, the OTC Plaintiffs are not permitted to include the additional named plaintiff, their allegations fail to establish standing with respect to all but two of the original defendants. Even as to those defendants alleged to have dealt with Plaintiffs, the OTC PSAC fails to plead facts sufficient to show they were actually adversely affected by those defendants' conduct.

standing to sue other defendants"). Accordingly, the OTC Plaintiffs' unjust enrichment and contract claims must be dismissed as to most of the Defendants.

*Third*, the OTC Plaintiffs' theory with respect to both claims (even as to those Defendants with which they may have directly dealt) is premised on an alleged conspiracy that fails to meet the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544-63 (2007), for the reasons described in Defendants' motion to dismiss Plaintiffs' original antitrust claims. Mem. in Support of Defs.' Motion to Dismiss Antitrust Claims, June 29, 2012, Dkt. No. 166 at 14-18. It also fails to satisfy the requirements of Rule 9(b), which applies because the unjust enrichment and breach of implied covenant claims are based on allegations that sound in fraud. *See DeBlasio v. Merrill Lynch & Co.*, No. 07 Civ. 318, 2009 WL 2242605, at *9 (S.D.N.Y. July 27, 2009).

*Fourth*, the OTC Plaintiffs fail to allege facts with respect to any Defendants indicating the required state of mind for breach of the implied covenant of good faith and fair dealing – *i.e.*, an intent to injure the other party. *Schroeder v. Capital One Fin. Corp.*, 665 F. Supp. 2d 219, 226 (E.D.N.Y. 2009) ("A cause of action for breach of an implied warranty of good faith and fair dealing requires the pleading of intent by the breaching party to deprive the injured party of his rights under the contract."). Although the Court in its August 23 Order permitted Plaintiffs leave to amend to add the breach of implied covenant claim, it did so based on the possibility that Plaintiffs could satisfy the intent element based on "reckless disregard." The allegations in the OTC PSAC, however, fail to come anywhere near meeting the standard necessary to make out a claim of reckless disregard. *Keene Corp. v. Bogan*, No. 88 Civ. 0217, 1990 WL 1864, at *15-16 (S.D.N.Y. Jan. 11, 1990) ("recklessness" only sufficient to establish breach of implied covenant where "it is severe enough to warrant an inference that the party acted in bad faith, or intended to do harm"). There is no allegation that anyone involved in making LIBOR submissions on behalf of Defendants had any direct involvement in the alleged interest rate swap contracts with Plaintiffs or any specific knowledge of them, much less any motive or intent to harm Plaintiffs. At most, it might be inferred that they had a general awareness that the banks were parties to various LIBOR referenced transactions, but general awareness that LIBOR movements might affect some contracts falls far short of what is required to show reckless disregard. *See, e.g., id.*[4] Indeed, the OTC Plaintiffs' own allegations contradict any attempt to plead the required state of mind, because they have asserted that Defendants were motivated by reputation-based considerations having nothing to do with gains or losses on LIBOR-based transactions entered into with counterparties.[5]

---

[4] *Paul v. Bank of America Corp.*, cited in the August 23 Order, is not to the contrary. No. 09 Civ. 1932, 2011 WL 684083, at *6 (E.D.N.Y. Feb. 16, 2011) ("[T]he implied covenant of good faith will not be breached without some showing of intent to harm the other contracting party or a reckless disregard of it."); August 23 Order, 2013 WL 4504769, at *22. Although *Paul* did not define "reckless disregard" in this context, it separately explained that breach of the implied covenant of good faith and fair dealing "requires a degree of malice or sinister motive" – something "more than negligence" – and dismissed plaintiff's claim for failure to meet this standard. *Paul*, 2011 WL 684083, at *6. The case did not purport to adopt a "mere awareness of harm" standard or otherwise to depart from settled law.

[5] The facts here thus stand in sharp contrast to those of *City of New York v. Coastal Oil New York, Inc.*, No. 09 Civ. 8667, 1999 WL 493355 (S.D.N.Y. July 12, 1999), cited in the August 23 Order, where the alleged and apparently only plausible motivation of the defendant's purported conduct, and therefore its evident intent, was to obtain an advantage under the relevant contract at the expense of plaintiff.

Hon. Naomi Reice Buchwald          4          September 27, 2013

Respectfully yours,

Robert F. Wise

cc: All counsel (by e-mail)