SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM
_____

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody                                     E-Mail BCarmody@susmangodfrey.com
Direct Dial (212) 336-8334

September 30, 2013

VIA ECF and FAX

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re:     *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
        11-MD-2262 (NRB)

Dear Judge Buchwald:

We write on behalf of the OTC plaintiffs in response to defendants' September 20, 2013 letter. Defendants' primary argument is that our second amended complaint, filed on September 10, 2013, retains our antitrust claim and allegations supporting that claim. As we explicitly stated in our complaint, the antitrust claim was retained solely for purposes of preserving that claim for appeal.

On that score, defendants' letter fails to address the fact that because the antitrust claim is repled as to two additional defendants, Société Générale and Credit Suisse International, "it is appropriate for the plaintiffs to file the … Amended Complaint reasserting the dismissed claims" against all defendants, which can then be "dismissed against all defendants for the same reasons as set forth" in the prior orders. *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 2011 WL 1142916 *8 (S.D.N.Y. 2011); *cf. Young v. City of Mount Rainer*, 238 F.3d 567, 573 (4th Cir. 2001) (holding claims waived that were not asserted against additional defendants in amended pleading after same claims were dismissed against other defendants).

In any event, because defendants appear to agree that the deletion of the antitrust claim would not constitute a waiver of any rights, we will agree to delete the antitrust claim as well as certain allegations that defendants identified in their

September 30, 2013
Page 2

letter as relevant only to that claim. This is subject solely to a similar agreement from the newly-added defendants, whom we have contacted and hope to reach a stipulation to avoid the necessity of judicial intervention.

However, plaintiffs do not agree to delete or modify the entire list of 180 paragraphs identified by defendants in their letter – all of which were incorporated by reference in the previously submitted state law claims. Many of those allegations are relevant to plaintiffs' pending contract and unjust enrichment claims as well. A copy of plaintiffs' redlined complaint, deleting the causes of action for violation of the antitrust laws and breach of an express contractual provision (subject to reaching a stipulation with the newly-added defendants), as well as factual allegations related solely to the antitrust causes of action, is attached to this letter as exhibit A.

Defendants also contest the addition of plaintiff Texas Competitive Electric Holdings Company LLC ("TCEH") and defendant Credit Suisse International ("CSI"). Plaintiffs believe that the addition of these parties was proper, but as explained in our letter of September 10, 2013, we are prepared to add them by way of a Rule 15(a) or 21 motion if the Court so desires. Plaintiffs are adding TCEH now because TCEH contacted us about this matter only after we filed the motion for leave to amend; plaintiffs are adding CSI now because that is an entity with which TCEH contracted.[1]

Thank you for your continued consideration of these matters.

Respectfully,

William Christopher Carmody

---

[1] On the evening of Friday, September 27, 2013, plaintiffs received a second letter from defendants concerning a proposed motion to dismiss our pending state-law claims. Plaintiffs will respond to that letter promptly under separate cover.