# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

Of counsel
  Roger W. Kirby
  Alice McInerney

**VIA ECF AND FAX**

September 30, 2013

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:  *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
>      MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

We are interim co-lead counsel for the Exchange-Based Plaintiffs ("Plaintiffs") in the above-referenced action and write in response to Defendants' September 20, 2013 letter. *See* Letter from Robert F. Wise, Jr. [ECF. No. 422] ("Wise Letter"). Defendants argue that Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") filed on September 10, 2013 improperly included Plaintiffs' CEA claim based on trader-based manipulation during the period January 2005 through the beginning of August 2007 (second claim for relief), antitrust claim (fifth claim for relief), and the common law claim (sixth claim for relief) and allegations supporting those claims.

The procedural posture of Plaintiffs' case does not fall squarely within the exception allowed in *P. Stolz Family P' Ship L.P. v. Daum*, 355 F.3d 92 (2d Cir. 2004) ("*Stolz*"). In *Stolz*, the Second Circuit was adjudicating an appeal in which the plaintiff's complaint had been dismissed in its entirety. Here this Court has not directed a final judgment on any of Plaintiffs' claims, as allowed under Fed. R. Civ. P. 54(b). *See Ruffolo v. Oppenheimer & Co., Inc.,* 949 F.2d 33, 35-36 (2d Cir. 1991) (holding that where a complaint was dismissed as to only one of two defendants "the district court order of dismissal did 'not terminate the action as to any of the claims or parties'") (quoting Rule 54(b)). Also, as Defendants are aware, Plaintiffs currently have pending before this Court a pre-motion conference request for leave to amend their operative Complaint [ECF No. 402], as well as a motion to reconsider certain rulings [ECF No. 397].

KIRBY **McINERNEY LLP**
Hon. Naomi Buchwald
September 30, 2013
Page 2

Defendants also have overlooked the fact that Plaintiffs have added Société Générale ("Soc Gen") and John Does as new Defendants. Plaintiffs may be required to re-allege their claims against these Defendants. *See Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 Civ. 1533, 2011 WL 1142916, at *8 (S.D.N.Y. Mar. 22, 2011) (holding "in light of the 'liberal amendment and joinder standards" that "it is appropriate" for the plaintiffs to file an Amended Complaint reasserting the dismissed claims against all defendants, which can then be "dismissed against all defendants for the same reasons as set forth" in the prior orders.) (citing *Newton v. City of New York*, No. 07 Civ. 6211, 2010 WL 1328461, at **1-2 (S.D.N.Y. Apr. 1, 2010) (allowing plaintiff to add new plaintiffs and re-allege claims dismissed on summary judgment against original defendants)); *Young v. City of Mount Rainer*, 238 F.3d 567, 573 (4th Cir. 2001).[1]

Under all of these circumstances, Plaintiffs cannot agree to remove the dismissed claims from the SAC at this time. *See Laurent v. PricewaterhouseCoopers LLP*, No. 06 Civ. 2280, 2012 U.S. Dist. LEXIS 118109, at *5 n.1 (S.D.N.Y. Aug. 15, 2012) (noting that the law in this Circuit governing waiver of claims in amended complaints is "unsettled.") (citing *Stolz*, 355 F.3d at 96 n.2). Upon resolution of the pre-motion conference request for leave to amend their operative Complaint [ECF No. 402] and the motion to reconsider certain rulings [ECF No. 397], and assuming Plaintiffs reach an agreement with Soc Gen regarding preservation of claims, Plaintiffs may agree to remove dismissed claims from the SAC, without further Court intervention.

Defendants also argue that Plaintiffs' substantive allegations relating to competition and trader-based manipulation should be deleted in whole or in part. *See* Wise Letter at 4. However, those allegations relating to competition and trader-based manipulation continue to remain relevant to Plaintiffs' CEA manipulation and aiding and abetting claims based upon suppression, which have not been dismissed. *See, e.g., In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2013 WL 1285338, *46 (S.D.N.Y. Mar. 29, 2013) (citing Barclays settlement documents which "indicate that Barclays cooperated with other panel banks in a manner that each bank might not have if it were acting solely in its own interest.").

Moreover, the Court's statute of limitations and trader-based manipulation rulings do not dictate the substance of Plaintiffs' allegations. *See Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001) ("A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period."). "The statute of limitations is a defense...not a rule of evidence.... [It] has no bearing on the admissibility of evidence." *Id.* (citation omitted). Facts and circumstances regarding all of Defendants' manipulative conduct and collusion bear on manipulative intent. *See U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 875 F. Supp. 2d 233, 249

---

[1] Plaintiffs' counsel and Soc Gen's counsel have entered into discussions to submit an agreement and stipulation for Court approval to address the issues unique to Soc Gen, which should eliminate the need for Plaintiffs to reassert claims that have been dismissed against other Defendants in order to preserve such claims against Soc Gen.

**KIRBY McINERNEY LLP**

Hon. Naomi Buchwald
September 30, 2013
Page 3

(S.D.N.Y. 2012) ("Because 'proof of intent will most often be circumstantial in nature, manipulative intent must normally be shown inferentially from the conduct of the accused.'") (citations omitted); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 244 F.R.D. 469, 482 (N.D. Ill. 2007) ("Intent is a subjective inquiry and 'must of necessity be inferred from the objective facts and may, or course, be inferred by a person's actions and the totality of the circumstances.") (citations omitted), *aff'd,* 571 F.3d 672 (7th Cir 2009); *CFTC v. Amaranth Advisors, L.L.C.*, 554 F. Supp. 2d 523, 532-33 (S.D.N.Y. 2008) (same). Misconduct occurring prior to a Class Period and for which Plaintiffs are not seeking damages may be pleaded "solely to establish evidence of a scheme and of scienter." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 235 F. Supp. 2d 549, 689 (S.D. Tex. 2002).

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Defendants' request to require Plaintiffs to re-file a new SAC.

Respectfully submitted,

 */s/ Christopher Lovell*  */s/ David E. Kovel*
Christopher Lovell, Esq.  David E. Kovel, Esq.
LOVELL STEWART HALEBIAN  KIRBY McINERNEY LLP
JACOBSON LLP  825 Third Avenue
61 Broadway, Suite 501  New York, NY 10022
New York, NY 10006

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs*

Enclosures

Cc: All counsel of record (via ECF service)