# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 10, 2013

By ECF and Hand

The Honorable Naomi Reice Buchwald,
    United States District Judge,
        Daniel Patrick Moynihan United States Court House,
            500 Pearl Street,
                New York, NY  10007-1312.

Re:    *In re LIBOR-Based Fin. Instruments Antitrust Litig.,*
        No. 1:11-md-2262-NRB (S.D.N.Y.)

Dear Judge Buchwald:

This letter is submitted on behalf of all Defendants pursuant to Rule 2.E.1. of Your Honor's Individual Practices and the Court's October 8, 2013 Memorandum and Order, which granted Defendants leave to file their Renewed Motion to Dismiss the Exchange-Based Plaintiffs' Period 2 CEA Claims and supporting motion papers.  Courtesy copies of those papers, which were electronically filed earlier today, are enclosed.

Defendants advance two primary arguments in their renewed motion to dismiss.  *First*, Plaintiffs' Period 2 CEA claims are untimely.  Throughout Period 2, the media widely disseminated reports that questioned LIBOR's integrity, providing ample notice of the probability that LIBOR was artificial.  Moreover, all named Plaintiffs traded during Periods 1 and 2, and were thus on inquiry notice as of May 29, 2008 at the latest for the reasons set forth in the Court's March 29, 2013 Memorandum and Order.  Plaintiffs' attempt to argue that their duty of inquiry dissipated after May 29, 2008 is foreclosed by controlling case law and by this Court's March 29 Order.  Similarly, the other allegedly "contraindicating factors" are either insufficient to establish that Plaintiffs were absolved of their duty to inquire, or contradicted by facts in the public record.

*Second*, Plaintiffs have failed to adequately plead, with the particularity demanded by Fed. R. Civ. P. 9(b), that Defendants fraudulently concealed their Period 2 conduct, just as Plaintiffs failed to make that showing for claims arising in Period 1.

The Honorable Naomi Reice Buchwald                                            -2-


        For these reasons, and the additional ones set forth in Defendants' motion papers, Plaintiffs' Period 2 CEA claims are barred by statute of limitations and should be dismissed.

Respectfully submitted,

Jeffrey T. Scott

*Attorney for Defendant*
*Barclays Bank PLC*


cc:     All Counsel (by email)