# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

Of counsel
   Roger W. Kirby
   Alice McInerney

**BY HAND DELIVERY AND ECF**

November 5, 2013

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *In re Libor-Based Financial Instruments Antitrust Litig.*,
             MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

      As counsel for the Exchange-Based Plaintiffs ("Plaintiffs") in the above-referenced matter, we submit this letter to provide supplemental information relevant to Plaintiffs' motion to amend their operative pleading.[1] Plaintiffs respectfully request permission to further amend the SAC to include this newly public information which shows, *inter alia*, that other Defendants engaged in trader-based manipulation including on the same days that Barclays is reported to have done so. These materials further demonstrate that Plaintiffs can adequately allege trader-based manipulation within the contours of the Court's August 23, 2013 Order.[2]

      On or about October 29, 2013, Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. ("Rabobank") settled with various regulators for conduct related to, in substantial part, U.S. Dollar LIBOR manipulation. Specifically, Rabobank paid $325 million to the United States Department of Justice, Criminal and Antitrust Divisions ("DOJ"), $475 million to the Commodity Futures Trading Commission ("CFTC"), $170 million to the United Kingdom Financial Conduct Authority ("FCA") and about $96 million to the Openbaar Ministerie (the Dutch Public Prosecution Service). The relevant documents from these settlements are attached.

---

[1] *See* Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint (the "SAC") [ECF No. 438].

[2] *See* Exchange-Based Plaintiffs' Memorandum of Law in Support of Their Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order [ECF No. 397]; Exchange-Based Plaintiffs' Reply Memorandum of Law in Further Support of Their Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order [ECF No. 439].

KIRBY McINERNEY LLP

Hon. Naomi Reice Buchwald
November 5, 2013
Page 2

    First, these documents show that other Defendants, in addition to Barclays, UBS and RBS, engaged in trader-based manipulation between 2005 and 2008. Examples of these include:

- "From at least as early as September 2005 through approximately December 2008, in New York, London, and Utrecht, multiple Rabobank Dollar swaps traders made frequent requests for favorable Dollar LIBOR contributions to the Rabobank Dollar LIBOR submitters on the London money markets desk. Rabobank Dollar LIBOR submitters accommodated the requests on numerous occasions and submitted Rabobank's Dollar LIBOR contributions consistent with the requests." *See* Rabobank DOJ SOF[3] ¶ 16;

- "From May 2005 to November 2010, Rabobank Traders made … (2) At least 112 documented Internal Requests in relation to USD LIBOR."[4] *See* Rabobank FCA Final Notice ¶ 2.6; and

- "Submitter-3 [Rabobank's Global Head of Liquidity and Finance and head of Rabobank's money markets desk in London] was aware of the conduct on the desk he supervised, playing an active role in it and sometimes handling swaps trader requests himself." *See* Rabobank DOJ SOF ¶ 28.

    Second, these documents show that the dates of the Rabobank manipulation coincided with the manipulation evidenced in the Barclays settlement documents. This new information provides a factual basis to allege both that (a) there was concerted conduct among at least two of the current Defendants and perhaps brokers;[5] and (b) the conduct occurred on many other days in addition to the days revealed in the Barclays settlement documents. For example:

- *Compare* Barclays CFTC Order[6] at 10 (referring to a September 13, 2006 request that Barclays has a "big position in 3m libor for the next 3 days" and wants a low

---

[3] "Rabobank DOJ SOF" refers to Attachment A, Statement of Facts attached to the Deferred Prosecution Agreement entered into between Rabobank and the DOJ dated October 29, 2013.

[4] According to the Final Notice of the Financial Conduct Authority issued to Rabobank, dated October 29, 2013 ("Rabobank FCA Final Notice"), "[t]he documented USD LIBOR Internal Requests occurred between at least May 2005 and June 2008, although additional oral requests to influence USD LIBOR submissions may have been made until at least December 2008." *Id.* at ¶ 2.6 n.2.

[5] *See, e.g.,* the October 29, 2013 letter from Dr J. Sijbrand to Rabobank's Executive Board and the Supervisory board ("Rabobank - DNB Findings letter") at ¶ 4.7 at p.15 ("A number of external communications with external brokers did take place after November 2010. These communications were discontinued in March 2011.").

[6] "Barclays CFTC Order" refers to the CFTC's Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, as Amended, Making Findings and Imposing Remedial Sanctions in the Matter of Barclays plc, Barclays Bank plc, and Barclays Capital Inc., dated June 27, 2012.

KIRBY McINERNEY LLP

Hon. Naomi Reice Buchwald
November 5, 2013
Page 3

>   3M) *with* Rabobank CFTC Order[7] at 9 (referring to a September 15, 2006 request from a U.S. Dollar trader asking a U.S. Dollar Libor submitter to keep 3M libor at "39 for the next few days"); and

- *Compare* Barclays FSA Final Notice[8] ¶ 168 ("Trader B [a U.S. dollar Derivatives Trader] stated to a Submitter that '*We're all rooting for a high LIBOR tomorrow*' on 26 September 2007…[t]he Submitter responded: '*I reckon you should be about four to five ticks higher*'") (emphasis in original) *with* Rabobank DOJ SOF ¶ 26 (on September 26, 2007, a U.S. dollar trader asking a U.S. dollar LIBOR submitter for a high 3m for the next day, and on September 27, 2007, Rabobank's 3M LIBOR was 5.24 "an increase of five basis points" whereas other panel banks' submissions increased about 3 basis points on average).

Third, these documents show that Rabobank manipulation occurred on various Eurodollar futures settlement dates, again revealing a direct connection between LIBOR manipulation and Eurodollar futures manipulation. Examples include:

- "On [Friday] 15 September 2006, Trader 2 asked Submitter A for the '*USUAL FAVOURS, CAN YOU KEEP 3S AT 39 FOR THE NEXT FEW DAYS PLS MATE*.' Submitter A replied, '*will do*', and then proceeded to keep three month USD LIBOR at 5.39 until 21 September." *See* Rabobank FCA Final Notice ¶ 4.14(1) (emphasis in original); Rabobank CFTC Order at 9 (same). The last trading day for the September 2006 Eurodollar futures contract was Monday, September 18, 2006;

- "At other times, Submitter-3 [Rabobank's Global Head of Liquidity and Finance and head of Rabobank's money markets desk in London] would refer swaps trader requests to his subordinates. For example, on [Friday] March 16, 2007, Trader-2 [U.S. Dollar Trader] asked Submitter-3: 'one last thing, high 3mth libor on monday pls.' Submitter-3 wrote back: 'ok will tell Submitter-1 [for U.S. Dollar LIBOR].'" *See* Rabobank DOJ SOF ¶ 29; Rabobank CFTC Order at 10 (same). The last trading day for the March 2007 Eurodollar futures contract was Monday, March 19, 2007; and

- Email dated Monday, March 17, 2008 from U.S. Dollar Trader to U.S. Dollar Submitter stating "I know libors r gonna come off today, I hv quite a lot of fixings

---

[7] "Rabobank CFTC Order" refers to the CFTC's Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions against Rabobank, dated October 29, 2013.

[8] "Barclays FSA Final Notice" refers to the Final Notice of the Financial Services Authority issued to Barclays Bank plc, dated June 27, 2012.

KIRBY McINERNEY LLP

Hon. Naomi Reice Buchwald
November 5, 2013
Page 4

today, so the higher the better for me pls." *See* Rabobank CFTC Order at 10; *see also* Rabobank DOJ SOF ¶ 24. The last trading day for the March 2008 Eurodollar futures contract was Monday, March 17, 2008.

For the reasons stated herein, Plaintiffs respectfully request that they be allowed to amend their operative pleading to include the previously unknown information from the Rabobank settlement documents.[9]

Respectfully submitted,

*/s/ Christopher Lovell*
Christopher Lovell
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006

*/s/ David E. Kovel*
David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*

Enclosures

cc:   All Counsel of Record (by Electronic Filing)

---

[9] This Court held on March 29, 2013 that "to have pleaded loss causation in the manner suggested by defendants, plaintiffs would have needed to know the 'true' LIBOR level at the time they purchased and sold their contracts. Although this information might be in the possession of defendants, it could not be known by plaintiffs." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262, 2013 WL 1285338 (S.D.N.Y. March 29, 2013) at *42; Slip Op. at 109. Defendants, in their sur-reply to Plaintiffs' motion for reconsideration of the Court's August 23, 2013 Memorandum and Order, (ECF No. 479), state that Plaintiffs cannot adequately allege trader-based manipulation because Plaintiffs do not know the true interest rate Barclays would have submitted. *See* ECF No. 479 at 5. The Rabobank settlement documents further demonstrate that the exact scope of the trader-based manipulation, including the amount of collusion and the "but-for" LIBOR, is still not known. Nevertheless, Plaintiffs can allege their Eurodollar futures trades in connection with these new Rabobank-based allegations just as they can with respect to the Barclays-based allegations.