# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

November 26, 2013

**BY HAND DELIVERY AND ECF**

Re:     *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
        MDL No. 2262, 11 Civ. 5450, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

    We are liaison counsel for Defendants in the above matter, and write pursuant to Your Honor's Individual Practice Rule 2.E.1 to summarize the arguments advanced in Defendants' Memorandum of Law in Support of Their Motion to Dismiss the OTC Plaintiffs' Second Consolidated Amended Complaint[1] (the "Motion"). The Motion, made today pursuant to leave granted by the Court in its Memorandum and Order dated October 18, 2013 (Dkt. No. 478),[2] seeks to dismiss the OTC Plaintiffs' Second Consolidated Amended Complaint in its entirety as to all Defendants.

    In the October 18 Order, this Court granted Defendants leave to move to dismiss the OTC Plaintiffs' remaining state law claims and requested that the parties address the following issues: (a) the "'conspiracy or concerted scheme[]' exception to the traditional requirement that, in order to have standing to sue a particular defendant under Fed. R. Civ. P. 23, named plaintiff must have been injured by that defendant"; and (2) "assuming that the plaintiffs adequately pled the existence of a 'concerted scheme' in setting LIBOR, is such a pleading sufficient for the

---

[1] Dkt. No. 406.

[2] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2013 WL 5738820 (S.D.N.Y. Oct. 18, 2013).

plaintiffs to name all of the scheme's participants as defendants, even those who cannot be held liable under either an unjust enrichment or a breach of contract theory?"[3]

The instant Motion addresses the Court's questions, and makes clear that dismissal of the breach of the implied covenant of good faith and fair dealing and unjust enrichment claims is warranted as to all Defendants, and certainly as to those Defendants that are not alleged to have dealt with the named OTC Plaintiffs.

*First*, OTC Plaintiffs lack Article III standing to assert their claims against those Defendants with which they allege no contractual or transactional relationship. Under New York law, a plaintiff cannot sue a defendant for breach of contract if the parties had no contract, or assert unjust enrichment if there were no dealings between the parties under which the defendant was unjustly enriched. The Court should thus dismiss OTC Plaintiffs' claims against the Defendants with which they allege no contractual or transactional nexus.

Neither allegations of conspiracy nor the assertion of purported class claims change the result. The "conspiracy" allegations do not convert OTC Plaintiffs' individual breach of contract and unjust enrichment claims into causes of action that can be asserted collectively against all Defendants. And, as the U.S. Supreme Court and the Second Circuit have repeatedly held, styling a complaint as a class action under Rule 23 of the Federal Rules of Civil Procedure cannot alter a constitutional standing requirement under Article III. Therefore, the named OTC Plaintiffs' lack of standing to assert claims on their own behalf against most of the Defendants means they lack standing to do so on behalf of absent class members as well. And, in response to the Court's questions, there is no "conspiracy or concerted scheme" exception to standing rules that could overcome this deficiency.

*Second*, insofar as the OTC Plaintiffs' claims are premised on an alleged "conspiracy," they cannot be sustained. New York law does not recognize an independent tort for "conspiracy" to breach a contract or commit unjust enrichment. Even if there were such a claim, OTC Plaintiffs' allegations are insufficient to support an inference of conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The "conspiracy" claims must therefore be dismissed as against all Defendants for this independent reason.

*Third*, OTC Plaintiffs fail to allege the required elements of both their breach of implied covenant of good faith and fair dealing and unjust enrichment claims. Even with respect to those Defendants with which they allege a contractual relationship, OTC Plaintiffs do not adequately allege any relevant misconduct or injury in connection with the specific agreements at issue, let alone advance plausible allegations directed at the remainder of the Defendants with which no contractual or other transactional relationship is alleged. Moreover, OTC Plaintiffs fail to allege that Defendants suppressed LIBOR with the intention of impairing these swap contracts, as the law requires. Finally, because OTC Plaintiffs seek to enforce a purported contractual right, there can be no claim for unjust enrichment against any Defendant because such a claim exists only absent a contract governing the transaction out of which the dispute arises.

---

[3] *Id* at *1, slip op. at 1-2.

Hon. Naomi Reice Buchwald                                         November 26, 2013

Defendants accordingly request that this Court dismiss the OTC Plaintiffs' Second Amended Complaint in its entirety as to all Defendants, with prejudice.

Respectfully yours,

Robert F. Wise

cc:     All counsel (by e-mail)

Davis Polk & Wardwell LLP