# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.699.1194
www.kmllp.com

Of counsel
   Roger W. Kirby
   Alice McInerney

**VIA HAND DELIVERY
& ELECTRONIC FILING**

January 13, 2014

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re Libor-Based Financial Instruments Antitrust Litig.*,
             MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

      As counsel for the Exchange-Based Plaintiffs ("Plaintiffs") in the above-referenced matter, we submit this letter pursuant to Sections 2.C. and 2.E.1. of Your Honor's Individual Practices. Enclosed are two copies of the Exchange-Based Plaintiffs' Memorandum of Law in Opposition to Defendant Société Générale's ("SocGen") Motion to Dismiss the Exchange-Based Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint ("Opposition Brief") [ECF No. 524] and the accompanying declaration in support with exhibits A through U annexed thereto. [ECF No. 525].

      Defendant SocGen has not and cannot demonstrate the "extreme circumstances" required to carry its "heavy burden"[1] to establish the affirmative defense that Exchange-Based Plaintiffs' Commodity Exchange Act ("CEA") claims based on USD LIBOR ("LIBOR") manipulation are barred by the statute of limitations.[2]

---

[1] *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600, 2012 WL 6645728, at *13 (S.D.N.Y. Dec. 21, 2012) (statute of limitations is an affirmative defense which Defendants bear a "heavy burden" to establish at the pleading stage, especially where notice of only part of the misconduct is asserted to have been provided); *see also Newman v. Warnaco Grp., Inc.*, 335 F.3d 187, 193 (2d Cir. 2003) (holding that defendants "bear a heavy burden in establishing that plaintiff was on inquiry notice as a matter of law."); *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 346-47 (S.D.N.Y.2000) (holding that dismissal based upon inquiry notice at the pleading stage is appropriate only in "extreme circumstances.")

[2] *See* Memorandum of Law In Support of Defendant Société Générale's Motion to Dismiss Exchange Based Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint ("SG Mem."). Further, as used herein: (1) "SAC" and "¶ __" refer to the Corrected Second Amended Consolidated Class Action Complaint dated September 16, 2013 [ECF No. 438]; and (2) the "Kovel Decl." refers to the Declaration of David E. Kovel in Opposition to Defendant Société Générale's Motion to Dismiss Exchange-Based Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint, which is concurrently filed herewith.

KIRBY McINERNEY LLP

Hon. Naomi Reice Buchwald
January 13, 2014
Page 2

This is so because Plaintiffs were not on inquiry notice as to SocGen's probable manipulation. SocGen overlooks the pivotal fact that it did not begin reporting LIBOR until February 2009, well after the release of articles that Defendants argue put Plaintiffs on inquiry notice of LIBOR suppression of the banks on the LIBOR panel at that time. Thus, contrary to SocGen's arguments, Plaintiffs could not have known the probability of SocGen manipulation based on articles that occurred prior to it being part of the LIBOR panel and none of which mention SocGen. SocGen's argument that these articles trigger inquiry notice runs directly counter to Second Circuit law holding that a defendant must be specifically identified. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 431 (2d Cir. 2008) (article not directly implicating particular defendant could not put plaintiffs on inquiry notice as to that defendant); *Shah v. Meeker*, 435 F.3d 244, 250-51 (2d Cir. 2006) (exact defendant and conduct identified).

Further, SocGen's alleged LIBOR suppression in 2009, when SocGen actually reported LIBOR, was significantly less than the suppression in 2008 during the height of the financial crisis. This lesser suppression made identifying the misconduct more difficult. Moreover, SocGen also had no reporting history. Because SocGen had not been a LIBOR reporter prior to February 2009, it was not possible to compare its submissions in 2009 and 2010 against reports that occurred before the start of the financial crisis – something that was possible to do for the other submitting banks. The context of the unprecedented financial crisis and denials of LIBOR misreporting by panel banks commencing in August 2007 and continuing through May 2010 also prevented persons of ordinary intelligence from knowing of the probability that SocGen was itself submitting false reports.

Plaintiffs were also not on inquiry notice as to SocGen's manipulation of LIBOR in March 2011 because SocGen was not identified in any of the articles or announcements discussing government investigations into the manipulation of LIBOR. Indeed, SocGen's CEO stated that SocGen had "no notice of wrongdoing" and denied any involvement in LIBOR investigations until September 5, 2012, when he stated for the first time that the bank was cooperating with U.S. authorities, and conducting its own internal probe.

Even if inquiry notice had been triggered, the statute of limitations was tolled with the filing of a complaint naming SocGen as a Defendant in April 2011. Pursuant to established case law in this District, *see In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007), Plaintiffs' claims are tolled from the day of the class action naming SocGen until, at least, the filing of their consolidated amended complaint in April 2012. Moreover, Plaintiffs have been diligent since the filing of the complaint naming SocGen in April 2011, investigating the claims against SocGen, analyzing data and making the appropriate judgment call to include SocGen in the consolidated complaint after its announcement that it was being investigated in September 2012. Plaintiffs' diligence in investigating their claims against SocGen tolls the statute of limitations even where inquiry notice has been triggered. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 153 (2d Cir. 2012). Likewise, SocGen's fraudulent concealment of its actions, including the self-concealing nature of collusion coupled with SocGen's CEO's denials of wrongdoing, tolls the statute of limitations.

KIRBY McINERNEY LLP

Hon. Naomi Reice Buchwald
January 13, 2014
Page 3

      Last, Plaintiffs continue to maintain that they have adequately pleaded antitrust and state law claims, neither of which is implicated by SocGen's statute of limitations arguments. Plaintiffs preserve these timely claims against SocGen for the purposes of appeal.

      For these and all of the reasons stated in the Opposition Brief, Plaintiffs respectfully request that the Court deny SocGen's motion to dismiss Plaintiffs' CEA claims in its entirety.

      Respectfully submitted,

| | |
|---|---|
| */s/ Christopher Lovell* | */s/ David E. Kovel* |
| Christopher Lovell | David E. Kovel, Esq. |
| LOVELL STEWART HALEBIAN | KIRBY McINERNEY LLP |
| JACOBSON LLP | 825 Third Avenue |
| 61 Broadway, Suite 501 | New York, New York 10022 |
| New York, NY 10006 | |

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*

cc: All Counsel of Record (by Electronic Filing)