# MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA

### NEW YORK, N.Y. 10005-1413

_____

212-530-5000

FAX: 212-530-5219

| | | |
|---|---|---|
| **LOS ANGELES**<br>213-892-4000<br>FAX: 213-629-5063 | | **BEIJING**<br>8610-5969-2700<br>FAX: 8610-5969-2707 |
| **WASHINGTON, D.C.**<br>202-835-7500<br>FAX: 202-835-7586 | | **HONG KONG**<br>852-2971-4888<br>FAX: 852-2840-0792 |
| **LONDON**<br>44-20-7615-3000<br>FAX: 44-20-7615-3100 | **DAVID R. GELFAND**<br>PARTNER<br>DIRECT DIAL NUMBER<br>212-530-5520<br>E-MAIL: dgelfand@milbank.com | **SINGAPORE**<br>65-6428-2400<br>FAX: 65-6428-2500 |
| **FRANKFURT**<br>49-69-71914-3400<br>FAX: 49-69-71914-3500 | | **TOKYO**<br>813-5410-2801<br>FAX: 813-5410-2891 |
| **MUNICH**<br>49-89-25559-3600<br>FAX: 49-89-25559-3700 | | **SÃO PAULO**<br>55-11-3927-7700<br>FAX: 55-11-3927-7777 |

February 25, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11 MD 2262 (NRB)

Dear Judge Buchwald:

We are counsel for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. We submit this letter on behalf of all Defendants in the above-referenced matter in response to the February 7, 2014 letter submitted by the Exchange-Based Plaintiffs ("Plaintiffs") in further support of their pending motion for reconsideration of the Court's August 23, 2013 ruling (the "February 7 Letter"). Leaving aside Plaintiffs' improper attempt to advance arguments not raised in any of their five previous submissions or at oral argument,[1] nothing in the February 7 Letter makes plausible that any of the seven named Plaintiffs has standing to proceed with trader-conduct claims against any Defendant.

The February 7 Letter lists six dates on which Plaintiffs claim that alleged trader conduct caused injury to a named Plaintiff: September 29, 2005, November 22, 2005, April 7, 2006, September 10, 2007, September 27, 2007, and March 17, 2008. Three of these six dates are entirely irrelevant as they occurred *after* the time period germane to Plaintiffs' motion for reconsideration[2] and are, in any case, time-barred under the reasoning set forth in the Court's

---

[1]    *See* ECF Nos. 397, 439, 469, 493 and 523.

[2]    Plaintiffs have sought reconsideration only "of that portion of the Court's August 23, 2013 Memorandum and Order denying Plaintiffs motion to amend their allegations to include trader-based manipulation *during the period January 1, 2005 through the beginning of August 2007.*" Plaintiffs' Memorandum of Law in Support of

Hon. Naomi Reice Buchwald
February 25, 2014
Page 2

March 29 Order.[3]  Thus, any alleged injury to any Plaintiff on September 10, 2007, September 27, 2007, and March 17, 2008 fails to establish standing.

In any event, Plaintiffs still cannot plausibly allege actual damages.  In the February 7 Letter, Plaintiffs speculate that movements in LIBOR smaller than 0.25 basis points could cause injury because the final settlement price of a CME Eurodollar futures contract may be set in increments as little as 0.01 basis points.  February 7 Letter at 2-3.  But this argument is fatally flawed.  To start, the February 7 Letter identifies only one date – March 17, 2008 – that was a settlement date and that date is outside the relevant time period.  *Id.* at 2.  Further, a named Plaintiff could be impacted by a 0.01 basis point move in LIBOR on March 17, 2008 only if he held a March 2008 CME Eurodollar futures contract *through settlement*.  Here, Plaintiffs have alleged that Atlantic Trading and FTC *traded* on this date, but there is no indication that (i) the contract expiring on March 17, 2008 was among those that they traded, or (ii) if it was, that either Plaintiff held the contract through settlement.  Thus, Plaintiffs' general assertion that small movements in LIBOR *could* impact the final settlement price of a CME Eurodollar futures contract is insufficient to plausibly allege that *these* Plaintiffs have standing.

Also flawed is Plaintiffs' newfound argument that movements in LIBOR smaller than 0.25 basis points could have caused them injury by "tipping" the price of a Eurodollar futures contract up or down.  February 7 Letter at 2-3.  Plaintiffs' argument rests on a false premise: that the prices at which Eurodollar futures contracts trade are calculated in the same manner as final settlement prices and then rounded to the nearest 0.25 basis point.  They are not.  As the Court and Plaintiffs have recognized, the trading prices of futures contracts reflect "the market consensus expectation" regarding 3-month USD LIBOR at final settlement rather than the then-current 3-month USD LIBOR.[4]  Moreover, while the CME uses the mathematical formula described by Plaintiffs to calculate *final* settlement prices of expiring contracts, *daily* settlement prices for each contract (which are used for some accounting purposes) are determined by reference to such factors as bids and offers in the market and/or daily transaction prices.[5]  Thus, Plaintiffs' calculations are inapposite.  As a result, Plaintiffs cannot plausibly allege that occasional, miniscule movements in LIBOR caused them injury.

---

Their Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order at 1 (emphasis added) (ECF 397).

[3]      *See* Memorandum of Law in Opposition to the Exchange-Based Plaintiffs' Motion for Leave to Amend as to Commodity Exchange Act Claims and File the Second Amended Consolidated Class Action Complaint at 10-11 (ECF 362).

[4]      *See* Frederick Sturm, *Eurodollar Futures: The Basics* 7 (Sept. 2011), *available at* www.cmegroup.com/ trading/interest-rates/files/eurodollar-futures-the-basics.pdf; *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 683 (S.D.N.Y. 2013) (Slip Op. at 19); Defendants' Sur-Reply Memorandum of Law in Further Opposition to Exchange-Based Plaintiffs' Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order at 7 (ECF 479).

[5]      *See* Sturm, *supra* n.4, at 21.

Hon. Naomi Reice Buchwald
February 25, 2014
Page 3

      Regardless, Plaintiffs allege no facts to show that any named Plaintiff could have been injured by a 0.25 basis point movement in futures contract prices.  The only Eurodollar futures contract that trades in 0.25 basis point increments is the "nearby contract" – *i.e.*, the contract closest to settlement.[6]  All other Eurodollar futures contracts trade in 0.5 basis point increments.[7]  Thus, on September 29, 2005 (the date Plaintiffs use to illustrate their "tipping" analysis), only the trading prices of the October 2005 CME Eurodollar futures contract would have traded in increments of 0.25 basis points.  The trading records submitted by Plaintiffs, however, show that only one named Plaintiff purportedly traded on September 29, 2005 – Atlantic Trading – and the trades were not in the nearby October 2005 futures contract.[8]  Nor do Plaintiffs allege that any named Plaintiff traded the nearby contract on November 22, 2005 or April 7, 2006 (or September 10, 2007, September 27, 2007 or March 17, 2008).  *See* February 7 Letter at 3.

      In the August Order, the Court held that to establish standing, Plaintiffs must "allege that they engaged in a transaction at a time during which prices were artificial as a result of defendants' alleged trader-based manipulative conduct, and that the artificiality was adverse to their position."[9]  Of course such allegations must be plausible – not merely conceivable – and they must comport with Rule 9(b).  It is not enough to allege that *some* person who traded CME Eurodollar futures contracts hypothetically *could have been* injured on some day when a Defendant attempted to manipulate its LIBOR submission.  Despite numerous attempts, none of these Plaintiffs has plausibly alleged standing to pursue trader-conduct claims even applying an analysis that assumes what is mathematically the greatest possible impact on LIBOR by an allegedly false submission (something Defendants of course do not concede occurred).  At the conclusion of the February 7 Letter, Plaintiffs ask for "a chance" to rebut Defendants' arguments.  They have had numerous chances, including the February 7 Letter itself.

      For the foregoing reasons, and those set forth in the numerous prior submissions on this topic, Plaintiffs' motion for reconsideration should be denied.

Respectfully submitted,

David R. Gelfand

cc:      All Counsel (By ECF Notification)

---

[6]     *See* Sturm, *supra* n.4, at 2, 6, 8.

[7]     *See* Sturm, *supra* n.4, at 2, 8.

[8]     *See* Plaintiffs' October 15, 2013 Letter in Support of Their Motion for Reconsideration of the Court's August 23, 2013 Memorandum and Order, Exhibit B at 1 (ECF 469-2) (citing Eurodollar futures contracts settling in December 2005, March 2006, June 2006, and September 2006).

[9]     *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262, -- F. Supp. 2d --, 2013 WL 4504769, at *12 (S.D.N.Y. Aug. 23, 2013) (Slip. Op. at 32).