SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| --- | --- | --- | --- |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

*Via ECF & Hand Delivery*

April 17, 2014

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
11-MD-2262 (NRB)

Dear Judge Buchwald:

The OTC Plaintiffs write to request permission to add an additional class representative to our complaint, Yale University. A redlined complaint adding Yale and supporting allegations is attached to this letter as Exhibit A. Under Fed. R. Civ. P. 15(a) and 21, leave to add an additional plaintiff is freely granted where, as here, there is no undue delay, bad faith, futility, or prejudice to the defendants.

Rule 21 provides that "the court may at any time, on just terms, add or drop a party." Because the "same standard of liberality" applies to this rule as to a motion to amend under Rule 15(a), leave to add a new class representative should freely be granted unless the defendant can show undue delay, bad faith, prejudice or futility. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010). Courts frequently grant motions to add class representatives under these liberal standards. *See, e.g.*, *id.* at 96-106 (granting leave to amend complaint to add a proposed additional class plaintiff where defendants did not establish, among other things, undue delay or prejudice); *accord Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005); *Doe v. Pataki*, 3 F.Supp.2d 456, 473–74 (S.D.N.Y. 1998).

Defendants have refused to consent to this amendment, pointing to the three years during which this case has been pending. But in *Duling* the court rejected a nearly identical argument that an amendment was too late because it came "two and a half years after the litigation began."

*Duling*, 265 F.R.D. at 97. The *Duling* court explained that "leave to amend may be appropriate at any stage of litigation" and "the delay here is much smaller than that which courts have found suspect—generally, delay until the eve of trial." *Id.*; *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of leave to amend, noting, *inter alia*, that "[t]his is not a case where the amendment came on the eve of trial and would result in new problems of proof").

Further, "[m]ere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *accord Duling*, 265 F.R.D. at 97. There is absolutely no prejudice or bad faith in this case. The OTC plaintiffs do not seek to add any new claims or theories to the case, and discovery has not commenced. As for the timing of this motion, Yale University contacted us about joining as a plaintiff only recently.

Further, Yale's addition to the case would moot—as to one additional defendant—a meritless class standing argument that the defendants raised in their pending motion, because Yale had direct transactions with J.P. Morgan Chase & Co., which the current class representatives did not. That in itself is a sufficient reason to permit amendment now. *See Duling*, 265 F.R.D. at 98 (plaintiffs offered "adequate reasons for their delay" by noting that the additional class representative would meet defendants' argument in the pending motion that the class representatives were inadequate); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122-23 (S.D.N.Y. 2002) (permitting addition of class plaintiffs to meet class standing arguments).

For these reasons, the OTC Plaintiffs respectfully request permission to add Yale University as an additional class representative. Thank you for your continued consideration of these matters.

Respectfully,

William Christopher Carmody

cc: All Counsel of Record (by e-mail and ECF)