SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

———

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3040

E-MAIL ADDRESS
trice@stblaw.com

BY HAND DELIVERY AND
ECF NOTIFICATION

April 24, 2014

> Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262, 11 Civ. 5450, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

  We are counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. in the above referenced matter, and write on behalf of all Defendants in response to the Over-the-Counter Plaintiffs' ("Plaintiffs") letter dated April 17, 2014 (the "April 17 Letter"), requesting leave to file a Third Consolidated Amended Complaint, pursuant to Fed. R. Civ. P. 15(a) and 21, to add Yale University ("Yale") as an additional class representative and associated factual allegations. Plaintiffs' request should be denied.[1]

  *First*, Plaintiffs' request is plainly untimely, coming three years into this litigation, well after the parties have fully briefed Defendants' motion to dismiss Plaintiffs' remaining claims, and over two months after the Court heard oral argument on that motion. Further, where a proposed amendment is sought to ward off the grounds for dismissal, courts have refused to grant leave to amend. In *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752 (S.D.N.Y. 1995), for example, the plaintiff moved to amend its complaint after defendants filed "extensive" motions to dismiss, and after "the parties fully briefed those motions, and after the Court heard oral argument." *Id.* at 764–65. Judge Koeltl found that plaintiff's proposed amendments were intended to cure certain defects in its complaint in "anticipati[on of] an adverse result after oral argument," and denied the motion because its

---

[1] Although Plaintiffs' letter is unclear on this point, we have interpreted the letter as a request for a pre-motion conference on a proposed motion for leave to amend. To the extent Plaintiffs seek the requested relief solely through their letter, the request should be denied as inconsistent with both Your Honor's Individual Rules of Practice and the Federal Rules of Civil Procedure.

SIMPSON THACHER & BARTLETT LLP

Honorable Naomi Reice Buchwald          -2-          April 24, 2014

timing "demonstrate[d] that it [wa]s clearly a dilatory tactic to avoid the dismissal of [its] action." *Id.* at 765; *see also Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW), 1991 WL 95387, *1 (S.D.N.Y. 1991). Plaintiffs admit in the April 17 Letter that the purpose of adding Yale is to attempt to at least partially address the argument that the named plaintiffs lack standing to sue those Defendants with which they did not transact—Yale is alleged to have had direct transactions with JPMorgan Chase Bank, N.A., which the current named plaintiffs did not, and Deutsche Bank AG ("Deutsche Bank"). April 17 Letter at 2. In other words, the request is not one to add another similarly situated class representative so much as to file entirely new claims by Yale. Plaintiffs' request is thus inappropriate and should be denied.

      The cases cited by Plaintiffs in support of their request are inapposite. Neither *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91 (S.D.N.Y. 2010), nor *In re Initial Public Offering Securities Litigation*, 214 F.R.D. 117 (S.D.N.Y. 2002), address motions to amend filed after motions to dismiss had been fully briefed and argued. Furthermore, the court in *Duling* noted with approval that the plaintiffs moved for leave to amend just days after receiving the defendants' opposition briefing, which pointed out certain alleged deficiencies that plaintiffs' amendments aimed to address. *Id.* at 98. In contrast, Defendants here raised the legal defect that Yale's addition now seeks to address—Plaintiffs' lack of standing to sue Defendants with which they did not transact—over half a year ago. *See* Ltr. From R. Wise to the Court, dated Sept. 27, 2013.

      *Second*, the proposed amendments are futile, providing an independent basis for this Court to deny leave to amend. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Adding Yale as a new class representative would not negate the numerous arguments raised in Defendants' pending motion to dismiss, all of which apply in full force. In particular, Plaintiffs do not have a claim for breach of the implied covenant of good faith and fair dealing or unjust enrichment against Defendants with which no contract or transactional nexus is alleged. *See* Mem. of Law In Supp. Defs.' Mot. to Dismiss OTC Pls.' Second Consol. Am. Compl. ("Defs.' Mot. to Dismiss Mem.") at 4–6, ECF No. 508.[2] Because the named plaintiffs can only represent a class against a defendant where they have standing to sue that defendant, Plaintiffs lack Article III standing to assert these claims on behalf of absent class members. *See id.* at 7–8.[3] Indeed, even if Plaintiffs had named Yale as a class representative from the start of this litigation, Plaintiffs would still lack standing to

---

[2]     This Court has previously rejected the Plaintiffs' claim of a breach of an express contractual provision. *See* Defs.' Mot. to Dismiss Mem. at 3 n.5.

[3]     The Defendants that have not transacted at all with the existing Plaintiffs are Bank of America Corporation, Bank of America, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd., Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Credit Suisse Group AG, HBOS plc, HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., HSBC Holdings plc, Lloyds Banking Group plc, The Norinchukin Bank, The Royal Bank of Canada, The Royal Bank of Scotland Group plc, Société Générale, and WestLB AG.

SIMPSON THACHER & BARTLETT LLP

Honorable Naomi Reice Buchwald  -3-  April 24, 2014

bring claims on behalf of the putative class against a majority of the Defendants because Yale has alleged transactions with only JPMorgan Chase Bank, N.A. and Deutsche Bank.

Even considering the proposed amendments, Plaintiffs still fail to state a claim against any Defendant, including those with which Plaintiffs claim to have transacted. Here, Plaintiffs failed to allege any specific act by Defendants that caused injury to the Plaintiffs, much less either (i) a causal link between Defendants' acts and Plaintiffs' alleged injuries or (ii) Defendants' intent to impair the swap contracts. *See* Defs.' Mot. to Dismiss Mem. at 15–22. Plaintiffs do not even allege the specific tenors of USD LIBOR that were the basis of the swaps allegedly entered into by Yale, when those swaps were entered into, or whether and when any payments were actually received by Yale during the proposed class period.

*Finally*, Plaintiffs lack Article III standing to sue JPMorgan Chase Bank, N.A., a fundamental defect that cannot be cured now by adding Yale. "[I]f jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." *Disability Advocates, Inc. v. N.Y. Coal. For Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012). The Second Circuit has explained that the Federal Rules of Civil Procedure do not limit or enlarge the jurisdiction of district courts; thus, the Rules themselves do not provide a basis for jurisdiction. *Id.*; *see also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013) (affirming denial of intervention by unnamed class members to revive claims dismissed because the named plaintiff lacked standing, even though proposed intervenors would have standing to assert those claims).[4] Similarly, none of the Plaintiffs had standing to sue JPMorgan Chase Bank, N.A. at the commencement of this suit, and the Federal Rules of Civil Procedure cannot now be used as a basis to remedy this jurisdictional deficiency.

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' request to seek leave to move to name Yale as an additional class representative should be denied.

Respectfully submitted,

Thomas C. Rice

cc:     All counsel (*By ECF Notification*)

---

[4] In *Police & Fire Retirement Systems*, the Second Circuit further noted that the claims of a class member seeking to intervene as a named plaintiff would not relate back to the date of filing of the original class complaint. *Id.* at 111–12. Yale's new claims are thus potentially barred by applicable statute of limitations. The extent to which Yale's claims are time-barred is unclear because Plaintiffs failed to make well-pleaded allegations as to the transactions Yale engaged in during the class period.