SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR

560 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6828

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

| | | | |
|---|---|---|---|
| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

*Via ECF & Hand Delivery*

May 1, 2014

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

> Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
>       11-MD-2262 (NRB)

Dear Judge Buchwald:

We write in connection with the OTC plaintiffs' request for Yale University to be added as a class representative, and in response to Defendants' April 24, 2014 letter.  Leave to join Yale as a class representative should be granted because defendants claim absolutely no prejudice from Yale's joinder, there is no bad faith, and leave is routinely granted in these circumstances.

Defendants do not identify <u>any</u> prejudice from the amendment and ignore the line of cases cited in plaintiffs' letter holding that "[m]ere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *accord Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010).  The only burden defendants could possibly allege is that of more briefing, but there is nothing more to brief, and even if there were, that is not sufficient prejudice to defeat an amendment.  *See Duling*, 265 F.R.D. at 101 ("[T]he need to supplement the briefing of a motion is generally not enough to constitute prejudice.").

Defendants suggest that plaintiffs engaged in "dilatory tactics," but this accusation makes no sense given that Yale decided to become a class representative just weeks before leave to add

Honorable Naomi Reice Buchwald
May 1, 2014
Page 2

Yale was requested.[1]  Defendants also cite to *PI, Inc. v. Quality Products, Inc.,* 907 F. Supp. 752, 764-65 (S.D.N.Y. 1995), but that case is completely inapposite.  This case involves a routine request to add a new representative to a class case after that plaintiff agreed to join the action; *Quality Products* was a belated effort to add different factual allegations and an entirely new claim to a case to avoid dismissal, all of which could have been done before the hearing on the motion.  Further, the court recognized that the plaintiff could file its renewed allegations in a new complaint because the claims were being dismissed without prejudice or for lack of personal jurisdiction.  *Bymoen v. Herzog,* No. 88 Civ. 1796, 1991 WL 95387, *1-*2 (S.D.N.Y. 1991) is plainly distinguishable because it involved an attempt to add an entirely new type of claim—not a class representative—and after discovery had been completed, an obviously prejudicial action by the plaintiffs. Defendants latch onto the fact that the amendment partially cures a meritless standing objection, but courts recognize that this is a permissible reason to add a class representative.  *See, e.g.*, *Duling,* 265 F.R.D. at 98 ("[T]he correction of potential deficiencies in the complaint," such as alleged deficiencies in class plaintiffs, "is a legitimate reason for seeking to amend a pleading").

Defendants also rehash old arguments that the amendment would be futile, focusing on claims against defendants with which Yale did not directly contract.  These arguments of course have no bearing on Yale's claims as to defendants with which it did.  In addition, while defendants argue that named plaintiffs have no unjust enrichment claim against defendants with which they did not contract, defendants have never pointed to a case holding that a defendant who participated with a direct transacting party in a common scheme that injures the plaintiff is immune from an unjust enrichment claim, and cases such as *Dreieck Finanz* and *Eastman Kodak* make clear that such a claim is cognizable. *See* Dkt. 526 at 2-6.  Defendants also argue that plaintiffs lack Article III standing to assert state law claims against defendants with which they did not contract, but under *NECA*, named plaintiffs clearly have "class standing" to assert these claims on behalf of absent class members because each named plaintiff suffered an injury as a result of the illegal conduct of every conspiring defendant, in a manner that raises the same set of concerns. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 (2d Cir. 2012); *see also* Dkt. 526 at 6-11.

Defendants next claim that "Plaintiffs failed to allege any specific act by Defendants that caused injury to the Plaintiffs," but the complaint pleads numerous specific acts in furtherance of their conspiracy to suppress USD LIBOR during the entire class period, and that plaintiffs were

---

[1] Defendants try to distinguish *Duling* because there leave was sought shortly after defendants filed a motion attacking the adequacy of the class representative.  But the *Duling* Court found an additional reason there was no undue delay was that, as here, leave to amend was sought shortly after the plaintiff retained class counsel.  *Id.* at 98.  Moreover, the *Duling* Court underscored that the short delay was not a dispositive fact, and the court would have granted leave even if the delay were long "[b]ecause delay alone is insufficient to deny a motion to amend" and "defendants have not demonstrated any prejudice." *Id.* at 99.

Honorable Naomi Reice Buchwald
May 1, 2014
Page 3

harmed by this suppression because they received LIBOR-based payments directly from defendants during the class period.  Defendants also argue that Yale does not plead enough details about its LIBOR transactions to satisfy notice pleading standards, such as what tenor of USD LIBOR it purchased and when, but the Complaint alleges collusion regarding all tenors of USD LIBOR and the allegations are plainly sufficient to give "notice" that Yale made direct transactions with defendants that lost value during the class period as a result of defendants' conspiracy to suppress USD LIBOR.  *See* Dkt. 526 at 23.  As to defendants that contracted with Yale, defendants' notice pleading arguments fall especially flat given that defendants have full notice of the exact swap terms that they themselves claim are inadequately pled.

Finally, defendants argue that the addition of Yale would somehow violate Article III because it would enlarge the subject matter jurisdiction of this court.  Leaving aside that the named plaintiffs have standing to assert all claims against every defendant, a court from the Eastern District of New York rejected this exact argument last year and distinguished defendants' cases.  *See Precision Associates, Inc. v. Panalpina World Transport, (Holding) Ltd.*, 2013 WL 6481195 at *6-*8 (E.D.N.Y. 2013).  Because named plaintiffs undeniably have *Article III* standing to assert their antitrust claims against every defendant[2] (and this court plainly has subject matter jurisdiction over the OTC complaint) this case is distinguishable from the *Disability Advocates* line of cases which bar intervention into a "nonexistent law suit" – *i.e.*, a suit over which the Court lacks subject matter jurisdiction.  *See id.* at *8 ("Since the court has had jurisdiction over this matter from the outset, the court's leave . . . to add named plaintiffs is neither prohibited nor unprecedented."); *cf. Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc.* 675 F.3d 149, 161 (2d Cir. 2012) (denying motion to substitute plaintiff to cure lack of constitutional standing after trial because intervention cannot breathe life into a "nonexistent law suit" (quotations omitted)).

If there were any doubt that leave to add class representatives should be freely granted, this conclusion is supported by the fact that the OTC complaint is an "operative pleading that supersedes" and binds all other OTC class action complaints, as discussed in *In re Refrigerant Compressors Antitrust Lit.*, 731 F.3d 586, 590 (6th Cir. 2013). In consolidating the OTC complaints, the Court bound all other OTC class action complaints to the determinations made regarding the OTC complaint.  Dkt. 90 & 78-1.  Because OTC class members collectively have direct transactions with every Defendant, and every OTC class action is bound by this consolidated complaint, there is every reason to ensure that the consolidated OTC class action

---

[2]  *See id.* at *7 ("Constitutional standing, which is a jurisdictional prerequisite to suit, is distinguished from antitrust statutory standing, which is an element of the merits.").  While the *Precision* court noted that defendants had not previously made any objections to standing, the court emphasized that this would not have changed the result:  leave was permissible because the court had jurisdiction over the suit and plaintiffs' claims, and antitrust injury is a merits issue not a jurisdictional issue.  *Id.* at *6-*8.

Honorable Naomi Reice Buchwald
May 1, 2014
Page 4


can assert state law claims against every defendant.

Respectfully,

William Christopher Carmody

cc:  All Counsel of Record (by e-mail and ECF)