UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

July 17, 2014

Re:   In re LIBOR-Based Financial Instruments Antitrust Litigation
      11 Md. 2262 (NRB)

Dear Counsel:

The issuance of our June 23, 2014 Memorandum and Order, which defines the contours of the complaints that we have considered to date, requires that we now address the next steps necessary to move this litigation forward.

At the outset, we wish to make it clear to all parties that we are well aware of the Supreme Court's decision to grant certiorari on the issue of the appealability of the antitrust issue at this stage of the litigation. However, given the length of time that can reasonably be expected to pass before the issue is resolved (regardless of the outcome in the Supreme Court), we cannot await the outcome and will proceed on the substantive record as it now stands.

Also, as a preliminary matter, considering the number of complaints in this MDL, it would be very helpful if the plaintiffs could select a liaison counsel who would serve much in the same way as Davis Polk has on behalf of defendants.

From this Court's perspective, the first order of business is a case-by-case determination of which claims remain in all the pending cases after the rulings in *LIBOR I, II,* and *III*. Once liaison counsel has been selected, it would be immensely helpful if the Court could be provided with an Excel spreadsheet charting all the pending cases, which claims in those cases have been dismissed, and which claims remain viable. Further, I would hope that liaison counsel would confer with defendants' counsel so that the chart would be agreed upon before submission.

If, following the creation of the spreadsheet, the defendants conclude that there are viable motions to dismiss causes of action which have not been the subject of previous rulings by the Court, defendants should submit pre-motion letters in accordance with my

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

individual practices. Plaintiffs whose claims are the subject of potential motions should file responsive letters. To that extent, we lift the stay on the later filed cases.

Obviously, another subject that must be addressed is the transition from interim to formal classes. Among the issues that we perceive are whether there should be adjustments to the existing classes and/or the creation of new ones. Further, we seek the parties' input on whether there is discovery that must precede the making of class certification motions. To achieve such input, the stay will be lifted in this respect as well. The Court does, however, expect that any such submission will be coordinated and not duplicative.

Finally, the spreadsheet should be submitted no later than August 5; any pre-motion letters by August 13; and plaintiffs' responsive letters by August 20. We anticipate holding a conference in September or very early October. After we receive the August submissions, we will set a date for that conference, as well as dates for submissions addressing the class certification issues we have noted and any other issues the parties may wish to raise.

Very truly yours,

Naomi Reice Buchwald
United States District Judge