CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | CIRO A. GAMBONI | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | JOHN SCHUSTER |
| L. HOWARD ADAMS | WILLIAM B. GANNETT | FACSIMILE: (212) 269-5420 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | CHARLES A. GILMAN | | ANN S. MAKICH | DARREN SILVER |
| HELENE R. BANKS | STEPHEN A. GREENE | | JONATHAN I. MARK | HOWARD G. SLOANE |
| ANIRUDH BANSAL | JASON M. HALL | 1990 K STREET, N.W. | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| LANDIS C. BEST | WILLIAM M. HARTNETT | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| SUSAN BUCKLEY | CRAIG M. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | SUSANNA M. SUH |
| KEVIN J. BURKE | DOUGLAS S. HOROWITZ | FAX: (202) 862-8958 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| JAMES J. CLARK | TIMOTHY B. HOWELL | | ATHY A. O'KEEFFE | JONATHAN D. THIER |
| BENJAMIN J. COHEN | DAVID G. JANUSZEWSKI | | DAVID R. OWEN | JOHN A. TRIPODORO |
| SEAN M. DAVIS | ELAI KATZ | AUGUSTINE HOUSE | JOHN PAPACHRISTOS | GLENN J. WALDRIP, JR. |
| STUART G. DOWNING | THOMAS J. KAVALER | 6A AUSTIN FRIARS | LUIS R. PENALVER | HERBERT S. WASHER |
| ADAM M. DWORKIN | BRIAN S. KELLEHER | LONDON, ENGLAND EC2N 2HA | KIMBERLY PETILLO-DÉCOSSARD | MICHAEL B. WEISS |
| ANASTASIA EFIMOVA | DAVID N. KELLEY | (011) 44.20.7920.9800 | DEAN RINGEL | S. PENNY WINDLE |
| JENNIFER B. EZRING | CHÉRIE R. KISER* | FAX: (011) 44.20.7920.9825 | JAMES ROBINSON | DAVID WISHENGRAD |
| JOAN MURTAGH FRANKEL | EDWARD P. KRUGMAN | | THORN ROSENTHAL | COREY WRIGHT |
| JONATHAN J. FRANKEL | JOEL KURTZBERG | | TAMMY L. ROY | DANIEL J. ZUBKOFF |
| BART FRIEDMAN | ALIZA R. LEVINE | WRITER'S DIRECT NUMBER | JONATHAN A. SCHAFFZIN | ADAM ZUROFSKY |

(212) 701-3120

*ADMITTED IN DC ONLY

August 13, 2014

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig. (NRB)*
      Master File No. 1:11-md-02262-NRB

Dear Judge Buchwald:

We write on behalf of Credit Suisse International ("CSI") to request a pre-motion conference to seek leave to move to dismiss the OTC Plaintiffs' unjust enrichment claims, as set forth in their Second Consolidated Amended Class Action Complaint ("OTC SAC")[1] and the majority of the unjust enrichment claims in the *Salix*[2] and *FDIC*[3] actions.[4] We also request that all of the Court's other rulings in the LIBOR MDL should apply to CSI in the OTC case, including the dismissed claims.

We understand that the Court has already ruled on motions to dismiss brought by the Defendants in the OTC case. CSI's proposed motion to dismiss the OTC Plaintiffs' unjust enrichment claims is nevertheless timely because CSI was not served until March 2014 — after the last set of motions were briefed — and had not yet appeared in the OTC case. In March 2014, CSI entered into a stipulation with the OTC Plaintiffs preserving its right to move to dismiss after the June 23 Order, on any grounds except inadequate service.

CSI anticipates advancing the following three arguments in support of its motions to dismiss:

***First***, because this is a diversity case in a New York federal court, the Court must look to New York's choice of law principles to determine what law to apply. *Woori Bank* v. *Merrill Lynch*, 923 F. Supp. 2d 491, 495 (S.D.N.Y.), *aff'd*, 542 Fed. App'x. 81 (2d Cir. 2013). Under New York law, a cause of action that accrues outside of New York is subject to the shorter of the statutes of

---

[1]   Dkt. No. 406, ¶¶ 377-98.

[2]   *Salix Capital US Inc. v. Banc of Am. Securities LLC, et al.*, 13-cv-4018 (S.D.N.Y. Jun. 27, 2013), Dkt. No. [2] ("*Salix*").

[3]   *Federal Deposit Insurance Corporation v. Bank of Am. Corp., et al.*, (S.D.N.Y. Mar. 14, 2014), Dkt. No. [1] ("*FDIC*").

[4]   CSI intends to move to dismiss the majority of the unjust enrichment claims in *Salix* and *FDIC* as time barred under the applicable statute of limitations, which is three years in most cases for the same reasons in this letter. For the convenience of the Court, we have included Schedule A to show the applicable statute of limitations.

CAHILL GORDON & REINDEL LLP

- 2 -

limitations of New York and the state where the action accrues. *See* CPLR 202; *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002). The accrual state for purely economic injuries is where "the plaintiff resides and sustains the economic impact of the loss." *Cantor Fitzgerald, Inc.*, 313 F.3d at 710 (citation omitted); *RA Global Services, Inc. v. Avicenna Overseas Corp.*, 817 F. Supp. 2d 274, 281-82 (S.D.N.Y. 2011) (Buchwald, J.). Under New York's borrowing statute, the accrual state is Texas since the plaintiff, Texas Competitive Electric Holdings Company LLC ("TCEH"), is a Texas resident and alleges primarily economic injuries. Texas' two-year statute of limitations[5] is shorter than New York's three-year limitations period[6] and thus governs the unjust enrichment claims under CPLR 202.

*Second*, the unjust enrichment claim against CSI is time barred under Texas law. Under Texas law, a claim for unjust enrichment "generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410 (5th Cir. 2004) (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)); *RA Global Services, Inc.*, 817 F. Supp. 2d at 290 (Buchwald, J.) (applying Texas law). The moment in time when a claimant can seek such remedy happens when the unjustly enriched party "receive[s] the proceeds of the illegal [activity]." *Mayo*, 354 F.3d at 411. Here, plaintiffs allege that LIBOR manipulation stopped in May 2010, making that the last possible point at which CSI could have profited from any allegedly artificially-low payments under its swaps with TCEH. Under Texas law, TCEH's unjust enrichment claim thus commenced no later than May 2010 and expired no later than May 2012 — well over a year before TCEH's first sued CSI.

*Third*, New York law yields the same result. In New York, unjust enrichment claims seeking primarily money damages are subject to a 3-year limitations period, regardless of how the action is styled. CPLR 214(3); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263-64 (S.D.N.Y. 2008);. In determining whether the 3-year period applies, New York courts examine "the reality and essence of a cause of action." *Spinale v. Tenzer Greenblatt, LLP*, 309 A.D.2d 632, 632 (N.Y. App. Div. 1st Dep't 2003). Here, TCEH seeks restitution in the form of monetary damages. Second Amended Complaint ¶ 398. These types of claims are subject to the 3-year limitations period and begin to run when the defendant allegedly enriches itself with the proceeds of the alleged misconduct. *See Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 519-20 (2d Cir. 2001); *Grynberg v. Eni S.p,A.*, 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007). The OTC Complaint alleges that the misconduct ended in May 2010. Thus, the statute of limitations expired by May 2013 — seven months before TCEH named CSI as a defendant.[7]

---

[5]   Tex. Civ. Prac. & Rem. Code § 16.003(a).

[6]   CPLR § 214(3); *see also Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263-64 (S.D.N.Y. 2008); *Ingrami v. Rovner*, 45 A.D. 3d 806, 808-09 (N.Y. App. Div. 2d Dep't 2007).

[7]   TCEH alternatively seeks a constructive trust with its unjust enrichment claim. Second Amended Complaint ¶ 397. Although the constructive trust remedy is typically subject to the 6-year limitations period under New York law, *Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 668-69 (S.D.N.Y. 2007), that portion of the unjust enrichment claim should be dismissed because the Complaint fails to allege the "confidential or fiduciary" relationship required to support such relief, and the contract between TCEH and CSI explicitly disclaims any such relationship. *See* Schedule to Master Agreement Part 5(b) (stating that "the other party is not acting as a fiduciary for or an adviser to it in respect of this Agreement or any Transaction."); *see also id*. (stating that each party "is acting for its own account, and it has made its own independent decisions to enter into this Agreement and each Transaction and as to whether this Agreement and each Transaction is appropriate or proper for it

CAHILL GORDON & REINDEL LLP

- 3 -

Respectfully submitted,

Joel Kurtzberg

The Honorable Naomi Reice Buchwald
United State District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:   Counsel of Record

---

based solely upon its own judgment and upon advice from such advisers as it has deemed necessary.").

# SCHEDULE A

## Time-Barred Stayed Actions Subject to Dismissal

| Case Name | Index No. | Statute of Limitations Period | Time-Barred Unjust Enrichment Claims |
|---|---|---|---|
| Salix Capital US Inc. v. Banc of Am. Securities LLC et al. | 13-cv-4018 | Three years under New York borrowing statute[1] | All claims |
| Federal Deposit Insurance Corporation v. Bank of America Corp. et al. ("FDIC")[2] | 14-cv-1757 | Three years under New York borrowing statute[3] | All claims |

---

[1] A three year limitations period applies in most cases because it is the shorter of New York's limitations period and the limitations period of the state where the action accrued. See C.P.L.R. § 202; *Cantor Fitzgerald Inc.* v. *Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002). The jurisdiction where the *Salix* action accrued was either Connecticut (six years), Delaware (three years), or Ireland (six years). See *Generation Partners, LP* v. *Mandell*, 2011 WL 3671966, at*3 (Conn. Super. Ct. July 22, 2011) (unjust enrichment claims are subject to a three year limitations period in Connecticut pursuant to Conn. Gen. Stat. § 52–576); *Winner Acceptance Corp.* v. *Return on Capital Corp.*, 2008 WL 5352063 at *13 (Del. Ch. July 11, 2008) (unjust enrichment statute of limitations is three years in Delaware pursuant to 10 Del.C. § 8106); Statute of Limitations 1957 (Act. No. 6/1957) (Ir.), § 11, *available at* http://www.irishstatutebook.ie/1957/en/act/pub/0006/sec0011.html#sec11 (all tort and quasi-contract claims in Irish court are subject to a six-year statute of limitations).

[2] *American Pipe* tolling does not apply to Plaintiffs' "state claims because it only applies to federal law causes of action." *In re Bear Stearns Cos. Sec. Deriv. & ERISA Litig.*, 2014 WL 463582, at *16 (S.D.N.Y. Feb. 5, 2014).

[3] A three year limitations period applies in most cases because it is the shorter of New York's limitations period or the limitations period of the state where the action accrued. See *Cantor Fitzgerald*, supra, note 1. The jurisdiction where the *FDIC* action accrued was either Alabama (two or six years), California (three years), Delaware (three years), Nevada (four years), Puerto Rico (one, three, or 15 years), or Washington (three years). See *Auburn University* v. *International Business. Machines, Corp.*, 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010) (two years limitations period applies to claims arising from tort, and six years for claims arising from implied contract under Alabama law); *Federal Deposit Ins. Corp.* v. *Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal Ct. App. 2008) (three year limitations period applies pursuant to Cal. Civ. Pro. Code § 338(d)) for unjust enrichment actions based on fraud); *Winner Acceptance Corp.*, supra, note 1; *In re Americo Derivative Litigation*, 252 P.3d 681, 703 (Nev. 2011) (four years limitations period applies to unjust enrichment claims under Nevada Rev. Stat. § 11.190(2)(c)); *Corey Lanuza* v. *Medic Emergency Specialties, Inc.*, 229 F. Supp. 2d, 92, 98 (2002) (applying one year limitations period under Puerto Rico Laws Ann. Title 28 § 5898(2) for restitution claim based on tort); *Bianchi-Montana* v. *Crucci-Silva*, 720 F. Supp. 2d 159, 164 (U.S.P.R. 2010) (limitations period is either three years under P.R. Laws Ann. Title 10, § 1908, or fifteen years under the Civil Code P.R. Laws Ann.Title 31, § 5294 for unjust enrichment claim in Puerto Rico); *Davenport* v. *Washington Education Association*, 197 P.3d 686, 704 (Wash. App. 2008) (three years limitations period applies to unjust enrichment claims under Washington law).