# WARNER PARTNERS, P.C.

ATTORNEYS AT LAW
950 THIRD AVENUE
NEW YORK, NEW YORK  10022

TELEPHONE
(212) 593-8000

TELECOPIER
(212) 593-9058

August 20, 2014

**By Hand Delivery and ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:  *Federal National Mortgage Association v. Barclays Bank PLC, et al.,*
> *Case No. 13-civ-07720 (NRB)*

Dear Judge Buchwald:

Along with Gibbs & Bruns LLP, I represent Federal National Mortgage Association ("Fannie Mae") in the above matter.  We write to address issues raised in defendants' pre-motion letters and to preview the amended complaint that Fannie Mae proposes to file.

## Summary of Fannie Mae's Claims

Fannie Mae has sued its direct, contractual counterparties for breach of contract (and breach of the implied duty of good faith and fair dealing), fraud, aiding and abetting fraud, and conspiracy to commit fraud.  The defendants on these claims are the U.S. Dollar Libor panel banks with whom Fannie Mae contracted for swaps and other Libor-indexed products; namely, Barclays, UBS, RBS, Deutsche Bank, Credit Suisse, Citi, Bank of America, and JPMorgan, together with certain of their affiliates.  Fannie Mae named the British Bankers Association (BBA), BBA LIBOR Ltd., and Rabobank as additional defendants on its fraud-based claims.  As a preliminary matter, Fannie Mae estimates it sustained approximately $800 million in net damages as a result of defendants' pervasive suppression of Libor.  This action was filed in the Southern District of New York because the swap agreements that give rise to Fannie Mae's claims designate New York as an appropriate (and in one instance, the mandatory) forum.  The case was assigned to Your Honor, and it has thereafter been subject to the Court's stay order.

## Defendants' Pre-Motion Letters

Defendants' letters do not contend Fannie Mae's contract-based claims are pled inadequately, nor do they indicate any defendant contemplates a motion to dismiss those claims.  Instead, defendants intend to raise three issues pertaining to Fannie Mae's action.  The first issue is personal jurisdiction and has been raised by four defendants:  Deutsche Bank AG, Credit Suisse AG, BBA, and BBA LIBOR Ltd.  *See* MDL Dkt. No. 601.  Second, all defendants contend Fannie Mae's fraud-based claims should be dismissed based on a purported lack of reasonable reliance and corrupt agreement (as to the conspiracy claim).  *See* MDL Dkt. No. 595.

**WARNER PARTNERS, P.C.**
Hon. Naomi Reice Buchwald
August 20, 2014
Page 2

Third, defendants assert that the fraud-based claims are untimely. *Id.* at 2 n.4. Fannie Mae will address these points in substantive opposition papers after motions to dismiss are filed, but a brief response is in order so the Court will understand that defendants' assertions are deficient.

## The Four Defendants are Subject to Personal Jurisdiction

Deutsche Bank AG asserts a personal jurisdiction objection despite the fact that it is a direct, contractual counterparty in one of the swap agreements at issue in this case. The swap agreement contains Deutsche Bank's *express consent to jurisdiction in New York* courts. *See* Complaint ¶¶ 14, 19.[1] Having agreed to submit to the jurisdiction of courts in New York, as part and parcel of the very swap agreement that gives rise to Fannie Mae's claims, Deutsche Bank cannot now renege and claim it is *not* subject to personal jurisdiction in New York. The remaining defendants' jurisdictional objections are likewise infirm. Each has pervasive, systematic, and continuous contacts with New York that satisfy the requirements for general jurisdiction. For these reasons, and those discussed in Liaison Counsel Dickstein Shapiro LLP's August 20, 2014 letter addressing personal jurisdiction issues, all four defendants are subject to personal jurisdiction in New York.

## Fannie Mae's Fraud-Based Claims Are Pled Sufficiently And Timely

Defendants take out of context a footnote from the Court's *LIBOR II* decision to contend that Fannie Mae's reliance on defendants' material misstatements and omissions about Libor were unreasonable as a matter of law. *See* MDL Dkt. No. 595 at 2. However, Fannie Mae's swap counterparties represented, when entering transactions, calculating interest, and making and receiving payments, that they would act in good faith and in a commercially reasonable manner, and that no Event of Default had occurred or was continuing. In connection with all of Fannie Mae's Libor transactions, defendants made repeated misstatements and omissions regarding, among other things, the veracity of their individual submissions and the rate itself. *See, e.g.*, Complaint ¶¶ 162-164. As the Court has found, "each defendant . . . had the ability to influence LIBOR through the quotes it submitted daily to the BBA[,]" *LIBOR I* at 715, and that "each LIBOR quote influenced the final LIBOR fix, whether it was included in the final average or not[,]" *id.* at 723. At a minimum, these circumstances raise a question of fact regarding the reasonableness of Fannie Mae's reliance.

Defendants' proposed challenge to Fannie Mae's conspiracy claim rests on the false premise that the corrupt agreement must include all sixteen USD Libor Panel Banks. *See* MDL

---

[1] Specifically, on October 17, 2001 Fannie Mae entered into a Master ISDA (and subsequent amendments) with Deutsche Bank AG New York Branch governing certain swaps that are the subject of Fannie Mae's lawsuit. In the Master ISDA, Deutsche Bank AG agreed to "submit[] . . . to the non-exclusive jurisdiction of the Courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City, if this Agreement is expressed to be governed by the laws of the State of New York." Complaint, Ex. 20 ¶13(b)(i) (excerpts from Deutsche Bank AG's Master ISDA with Fannie Mae). The parties specified in the ISDA Schedule that New York law governed.

WARNER PARTNERS, P.C.

Hon. Naomi Reice Buchwald
August 20, 2014
Page 3

Dkt. No. 595 at 3.  However, if a false quote by just one bank influences the rate, it follows that false quotes by two or more conspiring banks would do the same (but with a greater effect). Fannie Mae's complaint rests on this logical inference and alleges, adequately, a conspiracy— formed either expressly or tacitly—among multiple defendants to "err on the low side" and/or "stay within the pack," in violation of the BBA's definition of Libor and to the detriment of Fannie Mae.  The Court's decision in *LIBOR I* supports many essential elements of a plausible conspiracy claim: "Given that the London interbank lending market involved lending between defendants, among other banks, it is plausible that each defendant was aware that other defendants' LIBOR quotes did not reflect the rate at which those banks actually expected to borrow[,]" *LIBOR I* at 723, and that "it is plausible that each bank, by allegedly submitting artificial LIBOR quotes, furthered other banks' manipulation[,]" *id.*

Finally, defendants propose moving to dismiss Fannie Mae's fraud claims based on the statute of limitations.  *See* MDL Dkt. No. 595 at 2 n.4.  Although the Court has considered the statute of limitations applicable to federal CEA claims, that holding does not apply to Fannie Mae's common law fraud claims.  Fannie Mae will be prepared to address issues related to the statute of limitations, including the law governing this issue, in response to defendants' contemplated motion to dismiss.

**Amendment**

As indicated in the letter from Liaison Counsel, Fannie Mae requests relief from the stay so it can file an amended complaint.  While Rule 15 authorizes a party to amend its complaint once "as a matter of course" within 21 days after service of motions under Rule 12(b), Fannie Mae joins Liaison Counsel in advocating that the Court permit all amending parties to file their amendments *before* the parties brief Rule 12(b) issues.  This will steward judicial resources by avoiding serial motions addressed to the adequacy of Fannie Mae's claims.

Fannie Mae is prepared to file its amendment on whatever schedule the Court deems appropriate.  Its amendment will address four areas.  First, Fannie Mae will provide additional specificity regarding its Libor transactions and damages, including the type and volume of its Libor transactions with each counterparty defendant and with third parties.  Second, consistent with the Court's *LIBOR III* decision, the amended complaint will include a count for unjust enrichment against Fannie Mae's direct counterparties in Libor-based transactions.  Third, it will include more particularity regarding Fannie Mae's fraud and conspiracy claims.  Finally, pursuant to Rule 38, the amendment will contain a jury demand for all issues triable by jury.

Respectfully,

Kenneth E. Warner

cc:    All Counsel of Record