SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
|---|---|---|---|
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

August 20, 2014

BY HAND AND ECF

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (NRB)

Dear Judge Buchwald:

We write on behalf of the OTC plaintiffs in response to issues raised by defendant Credit Suisse Group AG ("CSGAG") in defendants' August 13 pre-motion letters and to respectfully request the opportunity to amend to add additional parties consistent with the Court's ruling regarding Yale University.

**1.   CSGAG arguments**

CSGAG raised the only issues in defendants' pre-motion letters relating to the OTC case, arguing (1) it should be dismissed as a non-counterparty defendant (Dkt. 590), and (2) it should be dismissed for lack of personal jurisdiction (Dkt. 601). Neither argument has merit.

CSGAG's first argument seeks to relitigate an issue previously briefed: whether it is a proper party to this action. CSGAG's motion for reconsideration (styled as a motion to "clarify") is untimely (*see* Local Rule 6.3 (specifying 14-day deadline)) and fails to identify the "matters or controlling decisions which counsel believes the Court has overlooked." *Id.* As explained in previous briefing, CSGAG can be held liable for the state law claims under agency or other

August 20, 2014
Page 2

theories.[1] Further, CSGAG is also liable under unjust enrichment principles, as its wholly-owned subsidiary entered into a LIBOR contract with a named plaintiff, CSGAG participated in the conspiracy to manipulate LIBOR, and the conspiracy benefited CSGAG to plaintiffs' detriment.[2]

On the second argument, CSGAG waived its personal jurisdiction argument by not raising it in its first two motions to dismiss. *See* F.R.C.P. 12(g)(2) & (h). CSGAG seeks to avoid waiver on the ground that its personal jurisdiction argument "was originally unavailable" to it prior to "a subsequent change in constitutional law" announced in *Daimler* and *Walden.* (Dkt. No. 601 at 3). However, neither *Daimler* nor *Walden* changed the law of personal jurisdiction.[3] Leaving aside this waiver, the Complaint alleges facts sufficient to find jurisdiction over CSGAG in New York, such as CSGAG's conspiracy with other banks based in New York, its related entity's entry into an ISDA agreement specifying New York jurisdiction, and its participation in LIBOR manipulation affecting billions of dollars of commerce with New York institutions.

2. **Request to add additional parties**

As explained in the letter regarding the previously stayed class cases, counsel for the plaintiffs in two of those cases—*SEIU Pension Plans Master Trust v. Bank of America Corp. et al.*, 13-cv-1456 and *Highlander Realty, LLC et al. v. Citizens Bank of Mass. et al.*, 13-cv-2343—have informed counsel for the OTC class that their clients would like to join the OTC case as named plaintiffs and putative class representatives. The attached proposed amended complaint therefore adds these entities as parties, their contract counterparties as defendants

---

[1] *See* Dkt. 526, p. 6 n.3; *MBLA Ins. Corp. v. Royal Bank of Canada,* 706 F. Supp. 2d 380, 397 (S.D.N.Y. 2009) (citing theories by which non-signatories have been held liable, including agency, veil-piercing, assumption, or estoppel). Although we do not believe further amendment is necessary, the attached proposed amended complaint includes additional allegations to support CSGAG's liability on the specific ground of agency, at ¶¶26-27, 389. We can raise these allegations in a separate motion if the Court wishes us to do so.

[2] *See, e.g., Elbit Systems, LLC v. Credit Suisse Group,* 917 F. Supp. 2d 217, 230-31 (S.D.N.Y. 2013) ("The fact that [Credit Suisse Group] is a corporate level removed from [Credit Suisse Securities] does not defeat the plausibility of this claim [against Credit Suisse Group]; unjust enrichment may occur indirectly."); *Dodona I, LLC v. Goldman Sachs & Co.,* 847 F. Supp. 2d 624, 653 (S.D.N.Y. 2012) (finding sufficiently close relationship to permit an unjust enrichment claim against defendant when plaintiff purchased security from an intermediate party only one step removed from defendant); *Bradkin v. Leverton,* 26 N.Y.2d 192, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970) (permitting unjust enrichment claim against an officer of the corporation, even though plaintiff contracted only with corporation).

[3] *Daimler* simply applied the 2011 decision in *Goodyear Dunlop Tires Operations. S.A. v. Brown.* 131 S.Ct. 2846 (2011), and held that "[i]nstructed by *Goodyear,* we conclude Daimler is not 'at home' in California." 134 S.Ct. 746, 751 (2014).

August 20, 2014
Page 3

(only Credit Suisse (USA), Inc. and RBS Citizens Bank, N.A. are new; the other liable parties for these additional plaintiffs are already defendants in the OTC action) and adds factual allegations regarding the relevant entities and transactions. In addition, as OTC counsel informed liaison counsel for defendants before the submission of defendants' pre-motion letters on August 13, OTC counsel also respectfully request the opportunity to add two additional plaintiffs. These plaintiffs are the Miami Children's Hospital and Jennie Stuart Medical Center Inc. ("Jennie Stuart"). The Court recently approved a similar request, reasoning as follows:

> In a letter to the Court dated April 17, 2014, OTC plaintiffs requested permission to add Yale University as a class representative. Defendants have not identified any prejudice that they would experience based on the addition of Yale to the complaint, and as we established above, the addition of Yale would not be futile, because the university may assert claims against those banks with which it transacted directly. The Court also has no reason to believe that OTC plaintiffs' request "has been delayed unduly" or "is sought for dilatory purposes or ... in bad faith." *Lee v. Regal Cruises, Ltd.,* 916 F.Supp. 300, 303 (S.D.N.Y. 1996). In any event, given the six-year statute of limitations for asserting a breach of contract claim in New York, if we were to deny plaintiffs' request, Yale would have ample time to commence its own individual action against those banks with which it transacted. *See* N.Y. C.P.L.R. § 213(2). Given that this Court will continue to manage this entire multidistrict litigation moving forward, Yale's individual action would be assigned to this Court and proceed in parallel with that of the OTC plaintiffs. Thus, adding Yale as a class representative for is minimally different from allowing it to file a separate action. Therefore, we grant plaintiffs' request to add Yale as a named plaintiff.

Dkt. 77 at 72, n. 34 (*In re LIBOR-Based Fin. Instr. Antitrust Lit.*, 2014 WL 2815645 *25 n. 34 (S.D.N.Y. June 23, 2014)).

OTC Plaintiffs respectfully submit that the Court should grant their request to add these additional plaintiffs and defendants for the same reasons: (1) defendants cannot point to any prejudice from the amendment and it would not be futile; (2) there is no undue delay or bad faith;[4] (3) as with Yale, these plaintiffs would have

---

[4] Counsel for the OTC Plaintiffs was only recently in contact with counsel for Jennie Stuart and the Miami Children's Hospital; the *SEIU* and *Highlander Realty* actions have been separately on file and stayed.

August 20, 2014
Page 4

timely individual actions that would be referred to this Court if they filed separately (and, for SEIU and Highlander Realty, are already on file in this Court).

For these reasons, the OTC Plaintiffs respectfully request permission to add these entities as plaintiffs and defendants under Federal Rules 15(a) and 21. We have attached a proposed amended complaint as Exhibit A, redlined against the complaint the OTC Plaintiffs submitted in connection with their April 17, 2014 request to add Yale.[5] With these additions, the defendant banks with which the named plaintiffs directly transacted will be: Bank of America, Barclays, Citibank, Credit Suisse, Deutsche Bank, JP Morgan, RBC, RBS, and UBS.

Respectfully submitted,

William Christopher Carmody
SUSMAN GODFREY LLP

Cc: All Counsel (By ECF)

---

[5] The redlined Complaint also makes changes to conform to the Court's previous rulings dismissing certain claims and certain defendants.