IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re:
LIBOR-BASED Financial Instruments Antitrust Litigation        11-md-2262 (NRB)

------------------------------------------------------------------------

JERRY WEGLARZ and NATHAN WEGLARZ,,
On behalf of plaintiffs and a class,

        Plaintiffs,

    vs.                                                          13-cv-1198 (NRB)

JP MORGAN CHASE BANK, N.A. and
NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2007-1,

        Defendants,
------------------------------------------------------------------------

STEPHANIE NAGEL,
On behalf of plaintiff and a class,
                                                                              13-cv-3010 (NRB)
        Plaintiff,

    vs.

BANK OF AMERICA, N.A. and AMERICAN
EDUCATION SERVICES, INC.,

        Defendants
------------------------------------------------------------------------x


**APPLICATION OF PLAINTIFFS JERRY WEGLARZ, NATHAN WEGLARZ AND
STEPHANIE NAGEL FOR ESTABLISHMENT OF
<u>A SEPARATE PUTATIVE CLASS GROUP IN THE MDL</u>**

I.     INTRODUCTION

On January 28, 2013, Plaintiffs Jerry Weglarz and Nathan Weglarz filed a class action in the United States District Court for the Northern District of Illinois, *Jerry Weglarz et al v. JP Morgan Chase Bank, N.A. et al*, Case No. 1:13-cv-684 (N.D. Ill.) (now, Case No. 1:13-cv-1198-NRB (S.D.N.Y.)). On February 22, 2013, the case was transferred and consolidated for pretrial purposes with this multi-district litigation proceeding, *In Re: Libor-Based Financial Instruments Antitrust Litigation*, Case No. 1:11-md-02262 NRB (S.D.N.Y.) (the "MDL"). *See* Weglarz Dkt. No. 21.

On April 18, 2013, Plaintiff Stephanie Nagel filed a putative class action in the United States District Court for the Western District of Wisconsin, *Stephanie Nagel v. Bank of America, N.A., et al*, Case No. 3:13-cv-260 (W.D. Wis.) (now, Case No. 1:13-cv-3010-NRB (S.D.N.Y.)) On May 6, 2013, the case was transferred and consolidated for pretrial purposes with this multi-district litigation proceeding, *In Re: Libor-Based Financial Instruments Antitrust Litigation*, Case No. 1:11-md-02262 NRB (S.D.N.Y.) (the "MDL"). *See* Nagel Dkt. No. 8.

On September 5, 2014 this Court entered an Order granting plaintiffs Weglarz and Nagel until September 15, 2014 to file a motion for the establishment of a separate MDL Group for the Student Loan class, and to serve as interim lead counsel. Accordingly, Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel, on behalf of themselves and a putative class of all other similarly-situated individuals, hereby respectfully apply for the establishment of a new putative class group known as the "Student Loan Class."

The proposed Student Loan Class would include any and all claims brought on behalf of U.S. residents who obtained LIBOR-based adjustable rate student loans. None of the existing four class groups established in this MDL protects or represents the interests of the Student Loan

Class. Indeed, of the existing class groups established by this Court, none concerns individuals who obtained or cosigned a U.S. Dollar LIBOR-based adjustable rate student loan.

Therefore, Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel respectfully request that the Court establish the Student Loan Class in this MDL and appoint them as interim Lead Plaintiffs and their counsel Edelman Combs Latturner & Goodwin, LLC as interim Lead Counsel for this class.

## II. THE INTERESTS OF THE STUDENT LOAN CLASS ARE NOT CURRENTLY REPRESENTED BY ANY EXISTING CLASS GROUP

Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel bring their actions on behalf of themselves and other persons who obtained or cosigned student loans where the loan agreements provide for a rate of interest linked to LIBOR and the loan is outstanding or was outstanding on or after January 1, 2007. The Weglarz Complaint requests declaratory and equitable relief regarding their obligations under the loan agreements. The Weglarz Complaint also asserts claims under the Illinois Consumer Fraud Act (815 ILCS 505/2) and claims for common law fraud.

The Nagel Complaint requests declaratory and equitable relief regarding her obligations under the loan agreement. The Nagel Complaint also asserts claims under the Wisconsin Consumer Act (Wisconsin Stat. § 423.301) and claims for common law fraud.

The Weglarz and Nagel Complaints allege that the Defendants' manipulation of LIBOR means that the LIBOR index is not an objective index outside of the control of the lender, and not a valid basis for assessing interest.

### A. The Current Class Structure in the MDL Does Not Include Claims on Behalf of Individuals Who Obtained or cosigned LIBOR-Based Student Loans.

To date, the Court has established four putative class groups in this MDL: (i) the "Over-the-Counter Class"; (ii) the "Exchange-Based Class"; (iii) the "Bondholder Class"; and (iv) the "Community Bank Class."[1] None of these putative classes encompasses the claims and interests of Plaintiffs Jerry Weglarz, Nathan Weglarz, Stephanie Nagel and the Student Loan Class. None of the existing class groups encompasses claims by individuals who obtained or cosigned a LIBOR-based student loan.

The Over-the-Counter Class, the Exchange-Based Class and the Bondholder Class all concern plaintiffs who engaged in various financial transactions with the Defendants, directly or indirectly, including (1) plaintiffs who purchased from the Defendants financial instruments that paid interest indexed to LIBOR (the "Over-the-Counter-Class"), (2) plaintiffs who transacted in Eurodollar futures and options on exchanges such as the Chicago Mercantile Exchange (the "Exchange-Based Class") and (3) plaintiffs who invested in bonds or other debt security instruments whose interest was payable at a rate linked to the LIBOR rate (the "Bondholder Class). None of these classes represents, or purports to represent, students who obtained or cosigned LIBOR-based student loans. Additionally, the Community Bank Class concerns community bank plaintiffs (*i.e.* community banks with less than $1 billion in assets) who *issued* loans whose interest rates were tied to the LIBOR rate. The Community Bank Class does not encompass individuals who *obtained* or cosigned a LIBOR-based student loan.

---

[1] On January 25, 2013, Los Angeles County Employees Retirement Association also filed an application for inclusion of a separate putative class in this MDL. *See* MDL Dkt. No. 254. Los Angeles County Employees Retirement Association's proposed class, all other California persons and entities that held, purchase or otherwise acquired from issuers or market participants other than the Defendants any financial instrument for which the rate of return was based upon the U.S. Dollar-denominated LIBOR at any time between January 1, 2005, and December 31, 2010, does not in any way overlap with the proposed Student Loan Class. On February 2, 2013, County of Riverside also filed an application for inclusion of a separate putative class in this MDL. *See* MDL Dkt. No. 264. County of Riverside's proposed class, municipalities which transacted in LIBOR instruments, does not overlap in any way with the proposed Student Loan Class. Additionally, on February 28, 2013, Carl A. Payne and Kenneth W. Coker filed an application for inclusion of a separate putative class in this MDL. *See* MDL Dkt. No. 264. *See* MDL Dkt. No. 266. Payne and Coker's proposed class, U.S. residents who obtained LIBOR-based adjustable rate mortgage home loans, does not overlap any way with the proposed Student Loan Class.

### B. The Student Loan Claims Are Distinct from the Existing Classes and, thus, Require Establishment of a Separate Class Group.

It is indisputable that the nature and composition of the Student Loan Class is distinct from the existing four class groups in this MDL. No other class group presently constituted in the MDL consists of individuals who obtained or cosigned student loans, and none adequately protects the unique interests of such individuals. Therefore, there is no overlap between any of the four existing class groups and the Student Loan Class.

#### 1. The Student Loan Class Is Uniquely Situated and Has Distinct Claims from the Existing Classes

Among the factors the Court will ultimately have to address in certifying any class (including subclasses) in this MDL is the definition of the class(es), and the class claims, issues or defenses for each. *See* Fed. R. Civ. P. 23(c)(1)(B). Here, the distinct claims, issues and defenses raised in the Weglarz and Nagel Complaints weigh in favor of establishing a separate Student Class in the MDL.

The Weglarz complaint asserts LIBOR claims on behalf of three classes. The first class, indentified in the Amended Complaint (¶ 79) as the Chase Class consists of all persons who obtained or cosigned student loans made or serviced or owned by J.P. Morgan Chase Bank, N.A., where the loan agreements provide for a rate of interest linked to LIBOR and the loan is outstanding or was outstanding on or after January 1, 2007. The second class is the National Collegiate Student Loan Trust 2007-1 Class that consists of all persons who obtained or cosigned student loans made by Barclays, Royal Bank of Scotland (which does business in the United States as Citizens and Charter One), Bank of America, Merrill Lynch, Citibank, Deutsche Bank, HSBC and including but not limited to JP Morgan Chase Bank, N.A., where the loan agreements provide for a rate of interest linked to LIBOR, National Collegiate Student Loan Trust 2007-1

holds or held the loan and the loan is outstanding or was outstanding on or after January 1, 2007. The claims asserted on behalf of the classes in Count II (Consumer Fraud) of the Amended Complaint are limited to persons with addresses in Illinois.

The Nagel Complaint also asserts LIBOR claims on behalf of two sub-classes. Class A consists of all persons who obtained or cosigned student loans made by Bank of America, N.A., where the loan agreements provide for a rate of interest linked to LIBOR and the loan is outstanding or was outstanding on or after January 1, 2007. Class B consists of all persons who obtained or co-signed student loans made by any of the banks listed in ¶14 of the Nagel Complaint, including but not limited to Bank of America, N.A., where the loan agreements provide for a rate of interest linked to LIBOR, American Education Services, Inc., hold or held the loan and the loan is outstanding or was outstanding on or after January 1, 2007. The classes in Count II (Consumer Fraud Claim) of the Nagel Complaint are limited to persons with addresses in Wisconsin.

The Student Loan Classes as a whole consist of persons whose student loan interest rates are invalid as a result of Defendant's scheme and manipulation of LIBOR. The LIBOR index purported by its very nature to be an objective index outside of the control of the lender. Plaintiff and any other person entering into a loan tied to LIBOR relied on the purported fact that LIBOR was an objective index outside the control of the lender. However, as a result of the manipulation alleged in these proceedings, LIBOR was not outside of the control of Bank of America, N.A., and J.P. Morgan Chase, N.A., and thus LIBOR was not an objective index.

No other class presently constituted in the MDL consists of student loans borrowers and/ or cosigners or adequately protects the unique public interests of student loan borrowers and/ or cosigners.

### III. THE COURT SHOULD APPOINT PLAINTIFFS JERRY WEGLARZ, NATHAN WEGLARZ AND STEPHANIE NAGEL AS INTERIM LEAD PLAINTIFFS AND THEIR COUNSEL EDELMAN COMBS LATTURNER & GOODWIN, LLC AS INTERIM LEAD CLASS COUNSEL FOR THE STUDENT LOAN CLASS

Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel are ideal representatives to serve as Lead Plaintiffs for the Student Loan Class. Jerry Weglarz, Nathan Weglarz and Stephanie Nagel are individuals who obtained or cosigned LIBOR-based student loans during the Manipulation Period. When they obtained their LIBOR-based student loans, they entered into standard loan agreements, of which the rate on the loan was pegged to LIBOR as published on the first business day of the preceding calendar month.

Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel's claims are typical of class members and they are ideally suited to serve as interim Lead Plaintiffs on behalf of the Student Loan Class.

Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel's counsel in this action, the law firm of Edelman Combs Latturner & Goodwin, LLC, is also well-qualified to serve as interim Lead Counsel for the Student Loan Class. Edelman Combs Latturner & Goodwin, LLC focuses its practice exclusively on consumer protection and class action law. It has won many cases and recovered millions of dollars on behalf of consumers whose rights had been violated by advertisers, banks and other lenders, auto dealers, credit bureaus, debt collectors and landlords. The types of cases handled include predatory lending, interest overcharges and "junk fees" on mortgages, wrongful foreclosure of mortgages, actions to rescind mortgages, inaccurate credit reports, automobile cases involving breach of warranty, concealment of prior damage or prior use as rental car, and odometer rollbacks, and "bait and switch" practices. The firm also brings civil rights and discrimination cases involving fair housing and other economic issues. The declaration of Daniel A. Edelman is attached hereto as <u>Exhibit A</u>. Accordingly, Edelman

Combs Latturner & Goodwin, LLC respectfully requests that the Court appoint it to serve as interim Lead Counsel for the Student Loan Class.

## IV. CONCLUSION

For each of the foregoing reasons, the Court should establish a separate Student Loan Class and appoint Plaintiffs Jerry Weglarz, Nathan Weglarz and Stephanie Nagel as interim Lead Plaintiffs and their counsel, Edelman Combs Latturner & Goodwin, LLC, as interim Lead Counsel for the Student Loan Class.

>Respectfully submitted,
>
>s/Daniel A. Edelman
>Daniel A. Edelman

## **CERTIFICATE OF SERVICE**

  I, Daniel A. Edelman, hereby certify that on September 15, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which will send notification of such filings to all counsel of record.

                 s/Daniel A. Edelman
                 Daniel A. Edelman