UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| _____ | Master File No. 1:11-md-2262-NRB |
| THIS DOCUMENT RELATES TO: | |
| THE BERKSHIRE BANK and GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, Individually and On Behalf of All Others Similarly Situated, | ECF Case |
| Plaintiffs, | Civil Action No. 12-CV-5723-NRB |
| v. | |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISENBOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG; and WESTDEUTSCHE IMMOBILIENBANK AG, | |
| Defendants. | |

(*caption continued on next page*)

| | |
|---|---|
| DIRECTORS FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISENBOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG; and WESTDEUTSCHE IMMOBILIENBANKAG,<br><br>        Defendants. | No. 13 Civ. 1016 |

**LENDER CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND <u>CONSOLIDATION OF ALL RELATED CASES</u>**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................................ 3

LENDER CLASS PLAINTIFFS' ALLEGATIONS ............................................................. 6

ARGUMENT.......................................................................................................................... 7

   I.   PROPOSED INTERIM CLASS COUNSEL WILL MOST ADEQUATELY REPRESENT THE LENDER CLASS AND MOST EFFICIENTLY PROSECUTE THE CLAIMS .................................................................................................................. 7

      A.  Appointment Of Interim Class Counsel Under Rule 23(g) Is Appropriate...................... 7

      B.  The Criteria Of FED. R. CIV. P. 23(g) Support The Appointment Of Proposed Interim Class Counsel ....................................................................................................... 8

         1.  Rule 23(g)(1)(A)(i): The Work Done Identifying and Investigating the Claims ........ 9

         2.  Rule 23(g)(1)(A)(ii) and (iii): Proposed Interim Class Counsel has Substantial Expertise Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in this Case. ............................................................................... 10

         3.  Rule 23(g)(A)(iv): Proposed Interim Class Counsel is Willing and Able to Commit the Substantial Resources Needed to Prosecute this Litigation................................. 12

  II.  THIS LITIGATION IS APPROPRIATE FOR CONSOLIDATION ............................... 13

CONCLUSION................................................................................................................... 13

i

## TABLE OF AUTHORITIES

**Cases**   **Pages**

*Bettinelli v. Wells Fargo Home Mortgage, Inc.*, No. 09-11079-MLW,
   2010 WL 2998608 (D. Mass. July 23, 2010) .............................................................. 8

*In re Air Cargo Shipping Services Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................ 7

*In re Bendectin Litig.*,
   857 F.2d 290 (6th Cir. 1988) .................................................................................... 7

*In re Municipal Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) ........................................................................... 8, 9

*In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380,
   2013 WL 183855 (M.D. Pa. Jan. 17, 2013) ............................................................. 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................... 3, 13

*Miller v. Beazer Homes USA, Inc.*, No. 1:07-CV-00952-RWS,
   2007 WL 3005332 (N.D. Ga. Oct. 11, 2007) ......................................................... 10

*Vincent v. Hughes Air West, Inc.*,
   557 F.2d 759 ............................................................................................................ 7

*Waudby v. Verizon Wireless Servs., LLC*,
   248 F.R.D. 173 (D.N.J. 2008) .................................................................................. 8

**Statutes**

California Business and Professions Code § 16720 .................................................... 7

**Rules**

FED. R. CIV. P. 23(g) ......................................................................................... *passim*
FED. R. CIV. P. 42(a) ............................................................................................ 1, 3, 13

**Other Authorities**

Manual for Complex Litigation (Third), § 20.123 (1995) ......................................... 13

Pursuant to this Court's September 5, 2014 Order granting certain plaintiffs leave to file motions to serve as interim class counsel (the "September 5 Order"), plaintiffs Berkshire Bank, Government Development Bank for Puerto Rico, and Directors Financial Group (the "Lender Class Plaintiffs" or "Plaintiffs") respectfully submit this memorandum of law in support of its motion seeking the appointment of Pomerantz LLP ("Pomerantz" or the "Firm") as interim lead counsel of the Lender Class ("Proposed Interim Class Counsel") pursuant to FED. R. CIV. P. 23(g), and to consolidate the above-captioned two related actions (collectively, the "Lender Class Cases")[1] pursuant to FED. R. CIV. P. 42(a).

## INTRODUCTION

These cases involves the alleged conspiracy to suppress the London Inter-Bank Offered Rate ("LIBOR") by member banks of the British Bankers Association's ("BBA") U.S.-dollar LIBOR panel ("USD LIBOR").  On July 25, 2012 plaintiff Berkshire Bank filed its class action complaint against defendants Bank of America Corporation, Barclays Bank Plc, Citigroup Inc., Credit Suisse Group AG, and related entities, for claims arising out of the defendants' scheme to suppress USD LIBOR prices. *Berkshire Bank v. Bank of America Corp., et al.*, 12-CV- 5723-NRB (SDNY) (the, "*Berkshire Bank Action*.  The *Berkshire Bank Action* was subsequently amended to add plaintiff Government Development Bank for Puerto Rico on November 21, 2012.  On February 13, 2013 plaintiff Directors Financial Group filed its class action complaint against the LIBOR Defendants for claims arising out of defendants' scheme to suppress USD LIBOR prices. *Directors Financial Group v. Bank of America, Corp., et al.*, 13-CV-1016-NRB (SDNY) (the,

---

[1]     The Lender Class Cases include *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, No. 12-cv-5723-NRB, and *Directors Financial Group v. Bank of America, et al.*, No. 13-cv-01016-NRB.  Generally, references to "ECF" refer to the ECF docket entries of the MDL, unless specifically noted.

1

"*Directors Financial Action*").  At various points throughout this litigation, this Court has issued orders staying both the *Berkshire Bank Action* and *Directors Financial Action*.

During that period, Lender Class Plaintiffs, along with Proposed Interim Class Counsel, have worked diligently and efficiently to monitor active litigation, consulted with and retained leading experts during pre-complaint investigations, organized and participated in numerous in-person and telephonic meetings on behalf of the Lender Class Plaintiffs as well as all Plaintiffs, and have successfully moved this Court for leave to file the instant motion seeking appointment of Proposed Interim Class Counsel.  Because of the leadership demonstrated by Pomerantz, the Lender Class Plaintiffs will now be in a position to submit a consolidated amended complaint reflecting the significant factual developments relevant to these actions since filing their initial complaints nearly two years ago.

The Lender Class Cases were filed on behalf of lending institutions headquartered in the states and territories of the United States that originated, purchased outright, or purchased a participation interest in, loans paying interest at rates tied to USD LIBOR, the interest rate of which adjusted at any time between August 1, 2007 and May 31, 2010, inclusive.  The Lender Class Plaintiffs allege, *inter alia*, that the defendant banks colluded to suppress USD LIBOR and seek damages for the amounts that Plaintiffs sustained as a result of the artificial decrease in loan interest the Lender Class Plaintiffs experienced as a result of defendants' manipulation of USD LIBOR rates.

**Interim Class Counsel:**        On September 5, 2014, this Court set a briefing schedule for the appointment of interim class counsel for certain plaintiffs.  *See* ECF No. 638.  Pursuant to that schedule, the Lender Class Plaintiffs respectfully move for the appointment of Proposed Interim Class Counsel under Rule 23(g) to pursue the Lender Class Cases.

Proposed Interim Class Counsel is the most adequate counsel under Rule 23(g) to represent and protect the interests of the Lender Class members, and will also promote the efficient management of the litigation and judicial economy. The Firm's skills and resources are unquestioned, and the Firm has recognized expertise in the appropriate areas at issue. *See* Argument Point I.B, *infra*.

**Consolidation:** The *Berkshire Bank* and *Directors Financial Group Actions* arise from nearly identical common facts and present substantially similar legal questions. Thus, consolidation of the Lender Class Cases under Rule 42(a) is appropriate. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

## PROCEDURAL BACKGROUND

On May 25, 2012, plaintiff Community Bank Trust filed its class action complaint against defendants Bank of America, N.A., Citigroup, Inc., JP Morgan & Co., and related entities for claims arising out of the defendants' scheme to suppress USD LIBOR prices. *Community Bank & Trust v. Bank of America Corporation, et al.*, 12-CV-4205-NRB (SDNY) (the, "*Community Bank Action*"). On that same day, the *Community Bank Action* was referred to Your Honor as possibly related to *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262-NRB (SDNY) ("*MDL Case*"). Thereafter, on June 14, 2012 this Court entered an order requiring any plaintiff wishing to be joined with the *MDL Case* as a representative of a new class of plaintiffs to make an application detailing why the existing classes of plaintiffs do not protect it, and why inclusion in the *MDL Case* would be appropriate. *MDL* Case, ECF No. 152; (unless otherwise

3

noted all references to the docket are to the *MDL Case*).  On June 25, 2012 Community Bank Trust submitted its application for inclusion in the *MDL Case*. ECF No. 154. And, on July 12, 2012 this Court joined the *Community Bank Action* to the *MDL Case*.  ECF No. 184.

On July 25, 2012 plaintiff Berkshire Bank filed its class action complaint against defendants Bank of America Corporation, Bank of America N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank Plc, Citibank N.A., Citigroup Inc., Cooperative Centrale Raiffeisenboerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HBOS Plc., HSBC Bank Plc., HSBC Holdings plc., JPMorgan Chase & Co., JPMorgan Chase Bank, Lloyds Banking Group plc., National Association, Royal Bank of Canada, The Norinchukin Bank, The Royal Bank of Scotland Group Plc., UBS AG, WestLB AG, Westdeutsche Immobilienbank AG (collectively, the "USD LIBOR Defendants").  *Berkshire Bank v. Bank of America Corp., et al.*, 12-CV- 5723-NRB (SDNY).  On that same day, the *Berkshire Bank Action* was referred to Your Honor as possibly related to the *MDL Case*, and on August 6, 2012 the Berkshire Bank submitted its application for inclusion in the *MDL Case*. ECF No. 194.  The *Berkshire Bank Action* was subsequently amended to add plaintiff Government Development Bank for Puerto Rico on November 21, 2012. ECF No. 242.

Prior to the filing of the *Berkshire Bank Action*, on or around June 29, 2012, defendants in the *MDL Case* filed motions to dismiss against complaints filed on behalf of various purported classes of plaintiffs affected by defendants' scheme to suppress LIBOR prices.  This Court issued an order on August 14, 2012 staying "any actions not subject to defendants' pending motion to dismiss, filed on June 29, 2012," and explicitly stayed the *Community Bank Action* and the *Berkshire Bank Action*. ECF No. 205.

4

On February 13, 2013 plaintiff Directors Financial Group filed its class action complaint against the USD LIBOR Defendants for claims arising out of defendants' scheme to suppress USD LIBOR prices. *Directors Financial Group v. Bank of America, Corp., et al.*, 13-CV-1016-NRB (SDNY). On that same day, the *Directors Financial Action* was referred to Your Honor as possibly related to the *MDL Case*.

The Lender Class Cases were stayed as a result of August 14, 2012 ruling. Thereafter, on March 29, 2013, this Court entered a Memorandum and Order denying in part and granting in part the pending Motions. ECF No. 286

On April 23, 2013, the Lender Class Plaintiffs, which at that point included Community Bank & Trust, requested leave to file a motion to lift the stay imposed by the August 14, 2012 Order. On May 3, 2013, the Court issued a Memorandum and Order, which in relevant part, denied this and similar requests made by other related putative class plaintiffs, stating that the "stay shall remain in place for now with respect to cases that raised issues addressed in" the Court's March 29, 2013 Memorandum and Order, but advised the stayed parties that "if there are any complaints that do not raise any such issue," such plaintiffs should advise the Court. ECF No. 309.

On May 28, 2013, the Lender Plaintiffs advised the Court that their claims, which are primarily based on common law fraud, were not covered by the March 29, 2013 Memorandum and Order. As such, the Lender Class Plaintiffs requested that the August 14, 2012 stay be lifted as to their claims, to allow for the appointment of Proposed Interim Class Counsel. In a Memorandum & Order dated August 23, 2013, this Court denied the Lender Class Plaintiffs' additional request to lift the stay, as well as similar requests made by putative class plaintiffs in other related actions.

5

Since the issuance of the August 23, 3013 Order, on March 13, 2014, Lender Class Plaintiff Community Bank & Trust filed a Notice of Voluntary Dismissal of its complaint against Defendants, which was So Ordered by this Court on March 18, 2014.  ECF No. 606.  The remaining Lender Class Plaintiffs, Berkshire Bank, Government Development Bank for Puerto Rico, and Directors Financial Group, are all represented by Pomerantz LLP.

On June 23, 2014, the Court issued an additional Memorandum and Order, which substantially resolved the pending Motions to Dismiss and Motions to Amend.  ECF No. 568.  Accordingly, the Lender Class Plaintiffs respectfully requested a pre-motion conference regarding the Lender Class Plaintiffs' anticipated motion seeking selection of Interim Class Counsel on behalf of the Lender Class (ECF No. 610), which this Court granted in the September 5 Order.

## LENDER CLASS PLAINTIFFS' ALLEGATIONS

Plaintiffs The Berkshire Bank, a New York banking corporation, and Government Development Bank for Puerto Rico, a statutory banking entity in the Commonwealth of Puerto Rico, a United States territory, filed the *Berkshire Bank Action* individually and on behalf of all lending institutions headquartered in the states and territories of the United States that originated, purchased outright, or purchased a participation interest in, loans paying interest at rates tied to the USD LIBOR, the interest rate of which adjusted at any time between August 1, 2007 and May 31, 2010, inclusive.  The *Berkshire Bank Action* includes claims under the common law of the State of New York for fraud and seeks damages for the amounts that plaintiff and the class sustained as a result of an artificial decrease in loan interest they experienced as a result of Defendants' manipulation of USD LIBOR rates.

Plaintiff Directors Financial Group, a finance lender headquartered in Corona del Mar, California, filed the *Directors Financial Action* individually and on behalf of all similarly situated

lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated, purchased outright, or purchased a participation interest in, loans paying interest at rates tied to the USD LIBOR, the interest rate of which adjusted at any time between August 1, 2007 and May 31, 2010, inclusive.  The *Directors Financial Action* includes claims under the common law of the State of New York for fraud and unjust enrichment and violations of California's Cartwright Act of the State of California, California Business and Professions Code § 16720 (the "Cartwright Act"), and seeks damages for the amounts that plaintiff and the class sustained as a result of an artificial decrease in loan interest they experienced as a result of Defendants' manipulation of USD LIBOR rates.

## ARGUMENT

I. **PROPOSED INTERIM CLASS COUNSEL WILL MOST ADEQUATELY REPRESENT THE LENDER CLASS AND MOST EFFICIENTLY PROSECUTE THE CLAIMS**

   A. **Appointment Of Interim Class Counsel Under Rule 23(g) Is Appropriate**

   Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  FED R. CIV. P. 23(g)(3).  In large proposed class actions such as this one, courts routinely appoint interim class counsel to coordinate prosecution of the matter for plaintiffs.  *See*, *e.g.*, *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774–75 (9th Cir. 1977); *see also In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (stating that in cases where "multiple overlapping and duplicative class actions have been transferred to a single district," interim class counsel designation is "probably essential for efficient case management").

   Moreover, the Manual for Complex Litigation (Fourth) (2011) ("Manual") recommends that early in complex litigation, the court select and authorize attorneys to act on behalf of other

counsel and their clients. Such leadership enables interim class counsel to clarify the responsibilities of the parties prior to class certification, "such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11.

Such designation is clearly warranted here where multiple actions involving some of the world's largest financial institutions are currently pending. All counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Manual § 10.22.

### B. The Criteria Of FED. R. CIV. P. 23(g) Support The Appointment Of Proposed Interim Class Counsel

Courts appointing interim class counsel look to the same factors that apply to the appointment of class counsel at the time of class certification. *See Bettinelli v. Wells Fargo Home Mortgage, Inc.*, No. 09-11079-MLW, 2010 WL 2998608 (D. Mass. July 23, 2010); *Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175-77 (D.N.J. 2008); *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

Courts consider the following factors in selecting interim lead counsel and executive committee leadership structures: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g)(1)(A)(i-iv). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). If more than one adequate applicant seeks to be appointed, the Court must appoint "the applicant best

able to represent the interests of the class." FED. R. CIV. P. 23(g)(2). Each of these factors strongly supports appointment of the Proposed Interim Class Counsel.

### 1. Rule 23(g)(1)(A)(i): The Work Done Identifying and Investigating the Claims

Proposed Interim Class Counsel fully investigated, developed, identified, articulated and pursued the claims in this litigation. Pomerantz has gone through extensive pre-complaint investigation, filing of the first complaints, subsequent enhancements of the allegations, inclusion in the MDL proceedings, and communications with and organization of plaintiffs' counsel in the other actions. Moreover, Proposed Interim Class Counsel has been instrumental in the efforts to lift the stay imposed on certain plaintiffs' claims, in an effort to fully and vigorously prosecute the claims on behalf of the Lender Class.

To draft the initial complaints, Pomerantz engaged in extensive factual and legal research, which required extensive understanding of the various federal and state securities laws. Counsel also carefully researched recent developments in both federal and state law as potentially applied to the theories of liability in this case, and adjusted the state common law and statutory claims to account for new shifts in precedent. In sum, Pomerantz has conducted substantial analysis and research, and has made a very significant investment of work on this case in preparation for filing. Significantly, counsel is not aware of any other firm representing Lender Class Plaintiffs seeking to litigate these claims on behalf of the Lender Class.

The work performed to advance the litigation is a very substantial factor in selecting interim class counsel. *See In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380, 2013 WL 183855 (M.D. Pa. Jan. 17, 2013) (granting motion for appointment of interim class counsel, holding that counsel "demonstrated that it has conducted more significant work in identifying and investigating potential claims, and has already successfully coordinated the efforts of counsel");

*In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) ("the work done to identify and investigate the alleged antitrust violations weighs in favor" of the first-filing firms' "appointment as interim co-lead counsel"); *Miller v. Beazer Homes USA, Inc.*, No. 1:07-CV-00952-RWS, 2007 WL 3005332 (N.D. Ga. Oct. 11, 2007) (appointing lead counsel "based upon the work counsel have performed in identifying and investigating potential claims in the action as well as their knowledge and experience in this area of law"); *see also* Moore's Federal Practice § 23.120[3][a] (2007) (the court should consider whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort").

As Pomerantz has dedicated substantial resources to the investigation and filing of the initial complaints on behalf of the Lender Class Plaintiffs, and is the only firm currently pursuing these claims on behalf of the Lender Class, the Court should appoint Pomerantz as Interim Class Counsel for the Lender Class.

### 2. Rule 23(g)(1)(A)(ii) and (iii): Proposed Interim Class Counsel has Substantial Expertise Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in this Case.

Pomerantz LLP is one of the nation's foremost specialists in corporate, securities, antitrust and ERISA class litigation. The Firm was founded in 1936 by the late Abraham L. Pomerantz, one of the "pioneers who developed the class action/derivative action field."[2] Mr. Pomerantz rose to national prominence as a "champion of the small investor" and a "battler against corporate skullduggery."[3] Today, led by Managing Partner Marc I. Gross, the Firm maintains the commitments to excellence and integrity passed down by Mr. Pomerantz. Mr. Gross has over

---

[2] New York Law Journal (August 1, 1983).

[3] Robert J. Cole, *Class Action Dean*, The National Law Journal, Vol. 1 No. 2 at 1 (Sept. 25, 1978).

thirty-five years' experience litigating securities fraud and derivative actions and is a Vice President of the Institute of Law and Economic Policy.

For over 75 years, the Firm has consistently shaped the law, winning landmark decisions that have expanded and protected investor rights, and initiated historic corporate governance reforms. In 2012 and 2013, Benchmark Litigation highlighted Pomerantz as a "Recommended" plaintiffs' firm; it named Marc I. Gross as a "Local Litigation Star" in New York, and Patrick V. Dahlstrom as a "Local Litigation Star" in Chicago. The *National Law Journal* named Pomerantz to its prestigious 2013 Plaintiffs' Hot List. In 2014, Marc I. Gross was voted by his peers to be a New York Metro Super Lawyer, while Jeremy A. Lieberman, Michael J. Wernke and Tamar A. Weinrib were voted New York Metro Rising Stars. Finally, Pomerantz was also honored in December 2013 at the National Law Journal Hall of Fame Plaintiffs' Hot List Awards in Washington, DC. *See* Exhibit A, Firm Resume.

Of particular importance to the common law claims alleged in the Lender Class Cases, in 2013, the federal district court in Texas issued an order enabling U.S. public pension funds represented by Pomerantz and others to proceed with individual claims under common law against BP plc, for losses that arose from the Deepwater Horizon debacle to BP plc securities purchased on the London Stock Exchange. In a landmark 97-page decision publicly issued on October 10, 2013, the Honorable Keith Ellison of the United States District Court for the Southern District of Texas largely denied defendants' motion to dismiss a robust complaint against BP filed by Pomerantz on behalf of three U.S. pension funds.

As shown above, Pomerantz has decades of experience prosecuting a wide variety of complex litigation matters, including common law fraud claims, with the requisite knowledge of the applicable law. This experience and knowledge will provide invaluable support to Proposed

Interim Class Counsel and ultimately assist with the effective prosecution of the Lender Class Cases.

### 3. Rule 23(g)(A)(iv): Proposed Interim Class Counsel is Willing and Able to Commit the Substantial Resources Needed to Prosecute this Litigation

Given the success that Pomerantz has had in prosecuting complex class actions, there can be no doubt that the Firm has the financial resources to commit to this litigation as the Interim Class Counsel to oversee the Lender Class Cases. These resources are not merely financial. Pomerantz has the personnel and expertise necessary to pursue and oversee a case of this magnitude and to achieve a positive outcome for the proposed Lender Class. The Firm has substantial experience with the tasks unique to complex litigation, including working with investigators and supervising large teams of lawyers analyzing discovery documents, and finding and engaging highly qualified expert witnesses and consultants. The Firm is accustomed to litigating precisely this type of case and knows how to coordinate with the counsel for various other cases, in order to prosecute this matter effectively and efficiently. As described above, Pomerantz has already taken an active role to advocate on behalf of the Lender Class, as well as working to ensure the cases that were originally stayed could effectively move forward.

If approved by the Court, Pomerantz will commit the necessary time and resources to pursue the matter to its conclusion, will coordinate and cooperate with co-counsel to prosecute the case efficiently, effectively, and in a manner that minimizes costs, and will at all times meet the fiduciary obligations owed to the named plaintiffs, all members of the proposed class, and this Court.

As demonstrated above, Pomerantz is qualified to lead this litigation as Interim Class Counsel appointed to oversee the Lender Class Cases.

## II. THIS LITIGATION IS APPROPRIATE FOR CONSOLIDATION

The Court should consolidate the two Lender Class Cases into a single action because they all arise from common facts and present sufficiently common legal questions.  Consolidation of different actions pending before a court is appropriate where, as here, the actions involve "common question[s] of law or fact."  *See* FED. R. CIV. P. 42(a); Kaplan, 240 F.R.D. at 91; *see also* Manual for Complex Litigation (Third), § 20.123 (1995).

The Lender Class Cases share factual issues arising from allegations concerning defendants' suppression of the USD LIBOR.  The Lender Class Cases include identical class periods, identical causes of action for common law fraud, and enumerate identical defendants.  Accordingly, the two Lender Class Cases, and any similar actions that are subsequently filed in or transferred to this District should be consolidated.

## CONCLUSION

For the foregoing reasons, the Lender Class Plaintiffs respectfully request that this Court appoint Proposed Interim Class Counsel and consolidate the Lender Class Cases.

Dated:  September 15, 2014                                          Respectfully submitted,

**POMERANTZ LLP**

By: *s/ Jeremy A. Lieberman*
Marc I. Gross
Jeremy A. Lieberman
Francis P. McConville
600 Third Avenue
New York, NY 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: migross@pomlaw.com
         jalieberman@pomlaw.com

13