# SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
|---|---|---|---|
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

October 9, 2014

BY HAND AND ECF

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (NRB)

Dear Judge Buchwald:

We respectfully request that the Court set a Rule 16 conference in the OTC and Exchange-Based cases or direct defendants to participate in a Rule 26(f) conference. We have asked defendants for a Rule 26(f) conference, which is a prerequisite to commencing discovery, given that the Court has ruled on defendants' motions to dismiss in our actions. Although Rule 26(f) states that "the parties must confer as soon as practicable," defendants have responded that they will not engage in such a conference without express direction from the Court. A Rule 16 conference date would require the parties to engage in a Rule 26(f) conference at least 21 days prior to the Rule 16 hearing, which would permit our cases to move forward.

In *LIBOR III*, the Court observed there was finally "clarity" about which claims were adequately pled in the OTC and Exchange-Based cases (*LIBOR III* at 79 (*In re LIBOR-Based Financial Instruments Antitrust Litig.*, 2014 WL 2815645, at *28 (S.D.N.Y. June 23, 2014)), and the Court noted in its July 17 letter that *LIBOR III* "defines the contours of the complaints that we have considered to date." Doc. No. 572. The OTC and Exchange-Based cases are thus ready to proceed, and a conference under Rule 16, requiring the parties to confer under Rule 26(f), is the appropriate next step.

October 9, 2014
Page 2

Defendants have stated they will not engage in a Rule 26(f) conference without direction from the Court because they do not want to have multiple Rule 26(f) conferences in multiple MDL cases or otherwise interfere with the Court's management of the MDL. This means that the OTC and Exchange-Based cases will effectively be stayed until next year, when the Court rules on the new motions to dismiss. (Under the Court's schedule for the previously stayed cases, motions to dismiss will not be fully briefed until shortly before the end of the year (for the individual actions, where reply briefs are due December 23) or later (for the class actions, where consolidated amended complaints will not be filed until mid-November). Doc. No. 638.)

This delay is unnecessary and counterproductive. As the Court noted in *LIBOR III*, "[i]t has been nearly two years since defendants first moved to dismiss plaintiffs' consolidated amended complaints," (*LIBOR III* at 79 (*In re LIBOR-Based Financial Instruments Antitrust Litig.*, 2014 WL 2815645, at *28 (S.D.N.Y. June 23, 2014)). The Court's recent orders have moved the MDL forward—for example, by "proceed[ing] on the substantive record as it now stands" in the MDL despite the Supreme Court's grant of certiorari in *Gelboim* (Doc. No. 572 at 1) and by ordering briefing on motions to dismiss in the previously stayed individual actions without awaiting the filing of motions in the previously stayed class actions "[i]n order to move this litigation forward." Doc. No. 638 at 3. A Rule 16 conference or direction to proceed with a Rule 26(f) conference would enable our cases to move forward as well.

As a practical matter, commencing discovery in our cases now will streamline discovery across our cases and the previously stayed cases. We anticipate seeking certain core documents from defendants—relating to their (in many cases admitted) manipulation of LIBOR—in our first requests for production. These documents will almost certainly be relevant in the previously stayed cases as well. If defendants produce them in our cases now, it will be a simple matter to produce them upon request in the previously stayed cases. Defendants presumably have produced these core documents already in the various regulatory investigations, so there should be minimal burden in producing them for the first time in this MDL—and in fact, Barclays has already agreed to produce some relevant documents "promptly" in the settlement in the Exchange-Based case recently presented to the Court for approval. Doc. 680, Ex. 3, at 15.

We will, of course, proceed in whatever manner the Court directs. If the Court wishes our cases to move forward, then we would respectfully request that the Court set a Rule 16 conference or otherwise direct defendants to participate in a Rule 26(f) conference.

October 9, 2014
Page 3

Respectfully submitted,

William Christopher Carmody
SUSMAN GODFREY LLP

David Kovel
KIRBY MCINERNEY LLP

Cc: All Counsel (By ECF)