# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

October 31, 2014

Re:   *LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007-1312

Dear Judge Buchwald:

      Pursuant to Local Rule 7.1(d) and Rule 2.A of Your Honor's Individual Practices, I write on behalf of all defendants to request additional pages for one of the seven subject matter-specific memoranda of law that we anticipate filing November 5, 2014, in support of defendants' motion to dismiss claims asserted in the direct (as opposed to class) actions.

      On July 17, 2014, the Court ordered Defendants to submit pre-motion letters with respect to claims in the more than three dozen then stayed actions in the MDL.  Many of the actions asserted similar claims on nearly identical fact allegations.  Rather than submit separate letters with respect to each action, defendants worked to consolidate their arguments across the complaints and were able to reduce their pre-motion submissions on August 13, 2014, to just seven, each limited to a specific subject and most covering claims in multiple actions.  The Court then permitted the direct action plaintiffs to file amended complaints, to which defendants will now be responding.  Defendants intend to move to dismiss all or portions of seventeen amended direct action complaints, which include actions filed in eight states on behalf of scores of plaintiffs.  For example, The Regents' consolidated complaint was filed on behalf of ten plaintiffs, and the Federal Deposit Insurance Corporation filed a complaint as receiver for 38 closed banks from across the country.

      Rather than file seventeen separate motions, Defendants intend to file one motion and consolidate their arguments on similar claims and issues into seven memoranda of law—each addressing the same subject matters defendants' identified in their August 13, 2014 letters. Defendants expect that six of those seven memoranda can be kept within the default 25-page limit, but seek an expansion for the memorandum in support of their motion to dismiss the common law fraud, aiding and abetting fraud, conspiracy to commit fraud, and negligent misrepresentation claims.  Those claims are asserted in fifteen different amended complaints by literally dozens of different plaintiffs, whose allegations vary somewhat in the characterization of

Hon. Naomi Reice Buchwald         -2-         October 31, 2014

the alleged fraud necessitating more detailed and lengthier treatment in defendants' memorandum. While there is overlap in the different actions, even common arguments potentially involve choice of law issues and will require discussion of the laws of different states, further lengthening the argument. Additionally, distinct grounds for dismissal exist for certain plaintiffs, as opposed to others, requiring separate treatment in the memorandum. An expansion of the page limitation is therefore necessary to fully and fairly address the issues raised by the fraud claims. Defendants respectfully request that they be permitted 50 pages for the memorandum in support of their motion to dismiss the fraud and related claims.

        Defendants have conferred with the Direct Action Plaintiffs' liaison counsel and they do not oppose the proposed enlargement.

        Respectfully yours,

        Robert F. Wise

cc: All counsel (via ECF)

#86539894v1