# MASTER APPENDIX

**Master Appendix—Summary of Defendants' Motion to Dismiss**

| Subject of Motion to Dismiss | Relevant Memorandum of Law | Summary of Requested Relief |
|---|---|---|
| Antitrust | Prior Rulings Brief (pp. 2-6) | Schedule A |
| Commodity Exchange Act | Prior Rulings Brief (pp. 6-9) | Schedule B |
| Contract | Prior Rulings Brief (pp. 12-24) | Schedule C |
| Fraud-Related Claims | Fraud Brief (pp. 11-16, 19-45) | Schedule D |
| Injunctive Relief | Injunctive Relief Brief | Schedule E |
| Negligent Misrepresentation | Fraud Brief (16-17, 45-48) | Schedule F |
| Personal Jurisdiction | Personal Jurisdiction Brief | Schedule G |
| RICO | Prior Rulings Brief (pp. 9-12) | Schedule H |
| Securities Claims | Schwab Securities Brief | Schedule I |
| Tortious Interference | Tortious Interference Brief | Schedule J |
| Unfair Business Practices | Consumer Brief | Schedule K |
| Unjust Enrichment | Prior Rulings Brief (pp. 12-24) | Schedule L |



**Schedule A—Antitrust**

| Amended Complaints Asserting Antitrust Claims | Relevant Claims for Relief | Type of Antitrust Claim Asserted | Relief Requested |
|---|---|---|---|
| *Amabile v. Bank of Am. Corp.*, No. 13-cv-1700 | No. 5 | Federal | Dismissal of all antitrust claims as to all Defendants in all actions |
| *Bay Area Toll Authority v. Bank of Am. Corp.*, No. 14-cv-3094 | Nos. 1, 3 | Federal; California (asserted for preservation purposes only) | |
| *City of Houston v. Bank of Am. Corp.*, No. 13-cv-5616 | Nos. 8-9 | Federal; Texas | |
| *City of Phila. v. Bank of Am. Corp.*, No. 13-cv-6020 | No. 14 | Federal (asserted for preservation purposes only) | |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 | No. 13 | Federal | |
| *Fed. Dep. Ins. Corp. v. Bank of Am. Corp.*, No. 14-cv-1757 | Nos. 23-24 | Federal; New York | |
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp.*, No. 13-cv-3952 | No. 1 | Federal | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG*,[1] No. 13-cv-7394 | Nos. 1-2 | Federal; California; Illinois; Kansas | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 11-MD-2262 | Nos. 1-2 | Federal; New York | |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 11-MD-2262 | Nos. 1-2 | Federal; New York | |

---

[1] NCUA lists two non-existent entities, "Credit Suisse Group International" and "Rabobank International" as defendants in the caption of its complaint. "Rabobank International" is the name by which Rabobank is referred outside of the Netherlands, but is not a legal entity separate from Rabobank. These entities should be dismissed.

| Amended Complaints Asserting Antitrust Claims | Relevant Claims for Relief | Type of Antitrust Claim Asserted | Relief Requested |
|---|---|---|---|
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | No. 11 | Federal (asserted for preservation purposes only) | |
| *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186[2] | Nos. 8-9 | Federal; California (asserted for preservation purposes only) | |
| *Salix Capital US Inc. v. Banc of Am. Securities LLC*, No. 13-cv-4018 | No. 22 | Federal | |

---

[2] The actions by California municipalities previously filed as *City of Riverside* (13-cv-0597) (C.D. Cal.), *Cnty. of San Mateo* (13-cv-0625) (N.D. Cal.), *E. Bay Mun. Util. Dist.* (13-cv-0626) (N.D. Cal.), *City of Richmond* (13-cv-0627) (N.D. Cal.), *Cnty. of San Diego* (13-cv-0667) (S.D. Cal.), *Cnty. of Sonoma* (13-cv-5187) (N.D. Cal.), *San Diego Ass'n of Gov'ts* (13-cv-5221) (S.D. Cal.), *Cnty. of Sacramento* (13-cv-5569) (E.D. Cal.), *Cnty. of Mendocino* (13-cv-8644) (N.D. Cal.) are now consolidated in the Direct Action Plaintiffs' Consolidated First Amended Complaint, *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186 (MDL ECF No. 684).

**B**

## Schedule B—Commodity Exchange Act

| Amended Complaint Asserting CEA Claim | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| *Amabile v. Bank of Am. Corp.*, No. 13-cv-1700 | Nos. 1-4 | Dismissal as to all Defendants of CEA claims alleging persistent suppression from August 2007 through April 15, 2009, and certain CEA claims alleging episodic trader manipulation, including those from August 2007 through April 15, 2009. |

C

**Schedule C—Contract**

**Schedule C.1—Dismissal of Breach of Contract and Breach of the Implied Covenant
of Good Faith and Fair Dealing Claims Against Non-Counterparty Defendants**

| Amended Complaints Asserting Contract Claims | Relevant Claims for Relief | Relevant Plaintiff(s) | Relief Requested |
|---|---|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp.*, No. 14-cv-3094 | No. 8 | BATA | Dismissal of all claims for breach of express contract in all actions; |
| *CEMA Joint Venture v. Charter One Bank, N.A. et al.*, No. 13-civ.-5511 | Nos. 3, 5 | CEMA Joint Venture | Dismissal of all breach of the implied covenant of good faith and fair dealing claims asserted against: |
| *Charles Schwab Corp. v. Bank of Am. Corp.*, No. 13-cv-7005 | No. 5 | All plaintiffs | (i) Defendants with which the Plaintiffs did not contract; |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 | Nos. 2-7 | Darby Financial Products | (ii) Defendants that transacted with the Plaintiffs merely as an underwriter or broker-dealer; and |
| | Nos. 4-7 | Capital Ventures | |
| *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp.*, No. 14-cv-1757 | Nos. 1, 11 | FDIC as receiver for Amcore Bank, N.A. | (iii) non-Panel Bank Defendants |
| | Nos. 4, 11 | FDIC as receiver for IndyMac Bank, F.S.B. | |
| | Nos. 5, 11 | FDIC as receiver for Integra Bank, N.A. | |
| | Nos. 6, 11 | FDIC as receiver for Silverton Bank, N.A. | |
| | Nos. 7, 11 | FDIC as receiver for Superior Bank | |
| | Nos. 8, 11 | FDIC as receiver for United Commercial Bank | |
| | Nos. 9, 11 | FDIC as receiver for Washington Mutual Bank | |
| | Nos. 10, 11 | FDIC as receiver for Westernbank Puerto Rico | |

| Amended Complaints Asserting Contract Claims | Relevant Claims for Relief | Relevant Plaintiff(s) | Relief Requested |
|---|---|---|---|
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp.*, No. 13-cv-3952 | Nos. 2-9 | Freddie Mac | |
| *Fed. Nat. Mortg. Ass'n v. Barclays Bank PLC*, No. 13-cv-7720 | Nos. 1-2 | Fannie Mae | |
| *City of Houston v. Bank of Am. Corp.*, No. 13-cv-5616 | Nos. 4-5 | City of Houston | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG*, No. 13-cv-7394 | No. 3 | NCUA as receiver for Members United Corporate Federal Credit Union | |
| | No. 4 | NCUA as receiver for Southwest Corporate Federal Credit Union | |
| | No. 5 | NCUA as receiver for Western Corporate Federal Credit Union Wescorp | |
| | No. 6 | NCUA as receiver for U.S. Central Federal Credit Union | |
| *City of Philadelphia v. Bank of Am. Corp.*, No. 13-cv-6020 | Nos. 1-4 | City of Philadelphia | |
| | Nos. 5-6 | Pennsylvania Intergovernmental Cooperation Authority | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 13-cv-6014 | Nos. 3-4 | All plaintiffs | |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 13-cv-6013 | Nos. 3-4 | All plaintiffs | |

| Amended Complaints Asserting Contract Claims | Relevant Claims for Relief | Relevant Plaintiff(s) | Relief Requested |
|---|---|---|---|
| *Prudential Inv. Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | Nos. 5-8 | All plaintiffs | |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp.*, No. 13-cv-5186 | Nos. 4-5 | All plaintiffs | |
| *Salix Capital US Inc. v. Banc of Am. Securities LLC*, No. 13-cv-4018 | Nos. 8-9 | Salix as assignee of FrontPoint Relative Value Opportunities Fund, L.P. | |
| | | Salix as assignee of FrontPoint Volatility Opportunities Fund, L.P. | |
| | | Salix as assignee of FrontPoint Volatility Opportunities Fund GP, L.P. | |
| | | Salix as assignee of FrontPoint Partners, L.P. | |

**Schedule C.2—Dismissal of Contract Claims as Untimely**

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp.*, No. 14-cv-3094 | March 31, 2014 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before March 31, 2010. |
| *Charles Schwab, N.A. v. Bank of Am. Corp.*, No. 13-cv-7005 | April 29, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before April 29, 2009. |
| *City of Philadelphia v. Bank of Am. Corp.*, No. 13-cv-6020 | July 26, 2013 | Four years.  42 Pa.C.S.A. § 5525(a). | August 2007 – end of 2010 (Am. Compl. ¶ 11) | Dismissal as to all claims accruing before July 26, 2009. |
| *City of Richmond v. Bank of Am. Corp.*, No. 13-cv-0627 (CM)[3] | January 9, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2009. |
| *City of Riverside v. Bank of Am. Corp.*, No. 13-cv-0597 (CM) | January 9, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2009. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

[3] This action and others in this Schedule that have the parenthetical ("CM") have been consolidated into *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186, and consist of claims brought on behalf of various California municipalities.  Because the municipalities filed their actions on different dates, and therefore are subject to different statute of limitations periods, we have broken them out for purposes of this Schedule only even though the actions are now consolidated.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of Mendocino v. Bank of Am. Corp.*, No. 13-cv-8644 (CM) | November 13, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before November 13, 2009. |
| *Cnty. of Sacramento v. Bank of Am.*, No. 13-cv-5569 (CM) | July 23, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before July 23, 2009. |
| *Cnty. of San Diego v. Bank of Am. Corp.*, No. 13-cv-0667 (CM) | January 9, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2009. |
| *Cnty. of San Mateo v. Bank of Am. Corp.*, No. 13-cv-0625 (CM) | January 9, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2009. |
| *Cnty. of Sonoma v. Bank of Am. Corp.*, No. 13-cv-5187 (CM) | June 28, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 28, 2009. |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 | November 21, 2013 | Four years. 42 Pa.C.S.A. § 5525(a). | August 2007 – end of 2010 (Am. Compl. ¶ 3) | Dismissal as to all claims accruing before November 21, 2009. |
| *East Bay Municipal Utility Dist. v. Bank of Am. Corp.*, No. 13-cv-0626 (CM) | January 9, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2009. |

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp.*, No. 13-cv-3952 | March 14, 2013 | Five years. VA Code Ann. § 8.01-246. | August 2007 – May 2010 (Am. Compl. ¶ 7) | Dismissal as to all claims accruing before March 14, 2008. |
| *Fed. Nat. Mortg. Ass'n v. Barclays Bank PLC*, No. 13-cv-7720 | October 13, 2013 | Three years. D.C. Code § 12-301. | August 2007 – 2010 (Am. Compl. ¶ 4) | Dismissal as to all claims accruing before October 31, 2010. |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 13-cv-6014 | October 6, 2014 | Six years. N.Y. C.P.L.R. § 213(2). | August 2007 – May 2010 (Am. Compl. ¶ 2) | Dismissal as to all claims accruing before October 6, 2008.[4] |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 13-cv-6013 | October 6, 2014 | Six years. N.Y. C.P.L.R. § 213(2). | August 2007 – May 2010 (Am. Compl. ¶ 2) | Dismissal as to all claims accruing before October 6, 2008.[5] |

---

[4] This applies only to the Defendants first named by Principal Financial Group and Principal Funds in their amended complaints filed October 6, 2014:  As to Principal Funds, these are Barclays Capital, Inc.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC; Lloyds Bank PLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.

As to Principal Financial Group: Barclays Capital, Inc.; Chase Bank USA, N.A.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Dublin PLC; J.P. Morgan Securities, LLC; Lloyds Bank PLC; Merrill Lynch Capital Services, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.  Additionally, Credit Suisse International; Credit Suisse Securities (USA) LLC; Credit Suisse AG, and Deutsche Bank Securities, Inc., have not yet been served in either action and reserve their rights if plaintiffs fail to timely effect service.

[5] *See supra* note 3.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | May 19, 2014 | Six years. N.J.S.A. § 2A:14-1; N.Y. C.P.L.R. § 213(2). | August 2007 – end of 2010 (Am. Compl. ¶ 3) | Dismissal as to all claims accruing before May 19, 2008. |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp.*, No. 13-cv-5186 | June 25, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 25, 2009. |
| *San Diego Ass'n of Gov'ts v. Bank of Am. Corp.*, No. 13-cv-5221 | June 25, 2013 | Four years. Cal. Code Civ. Proc. § 337(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 25, 2009. |

**D**

**Schedule D—Fraud-Related Claims**

**Schedule D.1—Dismissal of Fraud-Related Claims for Failure to Plead Substantive Elements**

| Amended Complaints Asserting Fraud-Related Claims | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp., et al.,* No. 14-cv-3094 | Nos. 4-5 | Dismissal of all fraud-related claims as to all Defendants in all actions; |
| *CEMA Joint Venture v. Charter One Bank, N.A., et al.,* No. 13-cv-5511 | No. 1 | Alternatively, dismissal of all fraud claims by Plaintiffs against Defendants with which such Plaintiffs had no direct LIBOR referenced transactions; |
| *Charles Schwab Corp. v. Bank of Am. Corp., et. al.,* No. 13-cv-7005 | Nos. 1-2 | Alternatively, dismissal of all fraud claims based on transactions entered into before August 2007. |
| *City of Houston v. Bank of Am. Corp., et al.,* No. 13-cv-5616 | Nos. 1-2 | |
| *City of Phila. v. Bank of Am. Corp., et al.,* No. 13-cv-6020 | Nos. 7-8 and 13 | |
| *Darby Fin. Prods. v. Barclays Bank PLC, et al.,* No. 13-cv-8799 | Nos. 8-9 and 12 | |
| *Fed. Deposit Ins. Corp. v. Bank of Am. Corp., et al.,* No. 14-cv-1757 | Nos. 13-15 | |
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp., et al.,* No. 13-cv-3952 | No. 10 | |
| *Fed. Nat'l. Mortg. Ass'n v. Barclays Bank PLC, et al.,* No. 13-cv-7720 | Nos. 4-6 | |
| *Maragos v. Bank of Am. Corp., et al.,* No. 13-cv-2297 | No. 1 | |
| *Principal Fin. Grp., Inc., et al. v. Bank of Am. Corp., et al.,* No. 13-cv-6014 | Nos. 5-6 | |
| *Principal Funds, Inc., et al. v. Bank of Am. Corp., et al.,* | Nos. 5-6 | |

| Amended Complaints Asserting Fraud-Related Claims | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| No. 13-cv-6013 | | |
| *Prudential Inv. Portfolios 2, et al. v. Bank of Am. Corp., et al.*, No. 14-cv-4189 | Nos. 1-2 and 13 | |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.*, No. 13-cv-5186 | Nos. 1-2 | |
| *Salix Capital US Inc. v. Bank of Am. Sec. LLC, et al.*, No. 13-cv-4018 | Nos. 13-16 and 20-21 | |
| *Triaxx v. Bank of Am. Corp., et al.*, No. 14-cv-0146 | Nos. 1-2 | |

**Schedule D.2—Dismissal of Fraud-Related Claims by non-FDIC Plaintiffs as Untimely**

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| **Actions Transferred from California** | | | | |
| *Bay Area Toll Auth. v. Bank of Am. Corp., et al.,* No. 14-cv-3094 | Mar. 31, 2014 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – May 2010 (BATA ¶ 1.) | Dismissal as to all fraud claims. |
| *Charles Schwab Corp. v. Bank of Am. Corp., et. al.,* No. 13-cv-7005 | Apr. 29, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d).[3] | August 2007 – May 2010 (Schwab ¶ 1.) | Dismissal as to all fraud claims accruing before Apr. 29, 2010. |
| *City of Richmond v. Bank of Am. Corp., et al.,* No. 13-cv-0627 | Jan. 9, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Jan. 9, 2010. |
| *City of Riverside v. Bank of Am. Corp., et al.,* No. 13-cv-0597 | Jan. 9, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Jan. 9, 2010. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

[3] Certain Schwab Plaintiffs not based in California—Charles Schwab Bank, N.A. (Nevada; Schwab ¶ 26), Schwab Short-Term Bond Market Fund, Schwab Total Bond Market Fund and Schwab YieldPlus Fund (Massachusetts; Schwab ¶¶ 28-29; 37)—must be timely under their respective home jurisdictions, pursuant to Cal. Civ. Proc. Code § 361, as well as under California's statute of limitations, pursuant to California's choice of law analysis. *See, e.g., Gonzales v. Texaco, Inc.,* 2007 WL 4044319, at *4 (N.D. Cal. Nov. 15, 2007). The claims of these Schwab Plaintiffs are untimely under both California and Nevada or Massachusetts law. *See* Cal. Civ. Proc. Code § 338(d) (three years); Nev. Rev. Stat. § 11.190(3)(d) (three years); M.G.L.A. 260, § 2A (three years).

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of Mendocino v. Bank of Am. Corp., et al.*, No. 13-cv-8644 | Nov. 11, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Nov. 11, 2010. |
| *Cnty. of Sacramento v. Bank of Am. Corp., et al.*, No. 13-cv-5569 | July 23, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before July 23, 2010. |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13-cv-0667 | Jan. 9, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Jan. 9, 2010. |
| *Cnty. of San Mateo v. Bank of Am. Corp., et al.*, No. 13-cv-0625 | Jan. 9, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Jan. 9, 2010. |
| *Cnty. of Sonoma v. Bank of Am. Corp., et al.*, No. 13-cv-5187 | June 28, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before June 28, 2010. |
| *E. Bay Mun. Util. Dist. v. Bank of Am. Corp., et al.*, No. 13-cv-0626 | Jan. 9, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before Jan. 9, 2010. |

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.,* No. 13-cv-5186 | June 25, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before June 25, 2010. |
| *San Diego Ass'n of Gov'ts v. Bank of Am. Corp., et al.,* No. 13-cv-5221 | June 25, 2013 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | August 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all fraud claims accruing before June 25, 2010. |
| **Actions Transferred from Pennsylvania** | | | | |
| *City of Phila. v. Bank of Am. Corp., et al.,*[4] No. 13-cv-6020 | July 26, 2013 | Two years from discovery. 42 Pa.C.S. § 5524(7). | August 2007 – end of 2010 (Phila. ¶ 11.) | Dismissal as to all fraud claims. |
| **Actions Transferred from New Jersey** | | | | |
| *Prudential Inv. Portfolios 2, et al. v. Bank of Am. Corp., et al.,* No. 14-cv-4189 | May 19, 2014 | Six years from discovery. N.J.S.A. §§ 2A:14–1. | August 2007 – end of 2010 (Prudential ¶ 3.) | Dismissal as to all fraud claims accruing before May 19, 2008. |
| **Actions Transferred from Virginia** | | | | |
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp., et al.,* No. 13-cv-3952 | Mar. 14, 2013 | Two years from discovery pursuant to Va. Code § 8.01-243(A). | August 2007 – May 2010 (Freddie Mac ¶ 7.) | Dismissal as to all fraud claims. |

---

[4] At this time, Defendants are moving on statute of limitations grounds with respect to Plaintiff The City of Philadelphia.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| **Actions Transferred from Iowa** | | | | |
| *Principal Fin. Grp., Inc., et al. v. Bank of Am. Corp., et al.,* No. 13-cv-6014 | Aug. 1, 2013 | Five years from discovery of the fraud pursuant to Iowa Code Ann. §§ 614.1(4) & 614.4. | August of 2007 – May of 2010 (Principal Fin. ¶ 2.) | Dismissal as to all fraud claims accruing before Aug. 1, 2008 (original defendants)/October 6, 2009 (new defendants).[5] |
| *Principal Funds, Inc., et al. v. Bank of Am. Corp., et al.,* No. 13-cv-6013 | Aug. 1, 2013 | Five years from discovery of the fraud pursuant to Iowa Code Ann. §§ 614.1(4) & 614.4. | August of 2007 – May of 2010 (Principal Funds ¶ 2.) | Dismissal as to all fraud claims accruing before Aug. 1, 2008 (original defendants)/October 6, 2009 (new defendants).[6] |

[5] As to the Defendants first named by Principal Financial Group and Principal Funds in their amended complaints filed October 6, 2014, dismissal is requested as to all claims accruing before October 6, 2009:  As to Principal Funds, these are Barclays Capital, Inc.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC, Lloyds Bank PLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.

As to Principal Financial Group: Barclays Capital, Inc.; Chase Bank USA, N.A.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse International; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Dublin PLC; J.P. Morgan Securities, LLC; Lloyds Bank PLC; Merrill Lynch Capital Services, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.  Additionally, Credit Suisse International; Credit Suisse Securities (USA) LLC; Credit Suisse AG, and Deutsche Bank Securities, Inc., have not yet been served in either action and reserve their rights if plaintiffs fail to timely effect service.

[6] *See supra* note 5.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| **Actions Filed in New York** | | | | |
| *Darby Fin. Prods. v. Barclays Bank PLC, et al.*,[7] No. 13-cv-8799 | Nov. 21, 2013 | Two years from discovery pursuant to 42 Pa.C.S. § 5524(7), applicable pursuant to N.Y. CPLR § 202. | August of 2007 – end of 2010 (Darby ¶ 3.) | Dismissal as to all fraud claims. |
| *Fed. Nat'l. Mortg. Ass'n v. Barclays Bank PLC, et al.*, No. 13-cv-7720 | Oct. 31, 2013 | Three years from discovery pursuant to D.C. Code § 12-301(8), applicable pursuant to N.Y. CPLR § 202. | August of 2007 – 2010  (Fannie Mae ¶¶ 4, 39.) | Dismissal as to all fraud claims accruing before Oct. 31, 2010. |

---

[7] At this time, Defendants are moving on statute of limitations grounds with respect to Plaintiff Darby Financial Products.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Salix Capital US Inc. v. Bank of Am. Sec. LLC, et al.,*[8] No. 13-cv-4018 | May 20, 2013 | "Under Connecticut law, the statute of limitations for fraud is three years . . . from the date of the act or omission complained of." *Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356, 367 (S.D.N.Y. 2011) *aff'd,* 484 F. App'x 616 (2d Cir. 2012); *see also* Conn. Gen. Stat. §§ 52–577, applicable pursuant to N.Y. CPLR § 202. | August of 2007 – end of 2010 (Salix ¶ 3.)[9] | Dismissal as to all fraud claims. |

---

[8] At this time, Defendants are moving on statute of limitations grounds with respect to the claims allegedly assigned to Salix Capital US by FrontPoint Relative Value Opportunities Fund, L.P.; FrontPoint Volatility Opportunities Fund, L.P.; FrontPoint Volatility Opportunities Fund GP, L.P.; and FrontPoint Partners, L.P.'s claims.

[9] Salix does not allege that any FrontPoint Claims accrued less than three years before Salix filed suit on May 20, 2013.  *See* Salix Ex. A (alleging all swaps were terminated by no later than December 3, 2009); Salix Ex. B. (alleging all bonds were sold by no later than December 3, 2009).

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Triaxx v. Bank of Am. Corp., et al.*, No. 14-cv-0146 | Dec. 20, 2013 | "Under New York law, the statute of limitations for fraud is the greater of six years from the time of accrual or two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it." *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 279 (S.D.N.Y. 2011); *see also* N.Y. C.P.L.R. § 213(8). | 2005 – 2010 (Triaxx ¶ 5.) | Dismissal as to all fraud claims accruing before Dec. 20, 2007. |

**Schedule D.3—Dismissal of Fraud-Related Claims by FDIC Plaintiffs as Untimely**

***Federal Deposit Insurance Corp. v. Bank of America Corp.*, 14-cv-1757**
Date Filed: March 14, 2014[10]
Alleges conduct occurred from August 2007 – mid-2011.  (FDIC Compl. ¶ 288; *see also id.* ¶¶ 293, 297).

| Failed Financial Institution[11] | State | FDIC Appointment[12] | State Statute of Limitations for Fraud | Relief Requested[13] |
|---|---|---|---|---|
| Colonial Bank | AL | August 14, 2009 | Two years from the date of discovery pursuant to Ala. Code § 6-2-3. [14] | Dismissal as to claims accruing before March 14, 2011. |
| Downey Savings and Loan Association, F.A. | CA | November 21, 2008 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| California National Bank | CA | October 30, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| First Federal Bank of California, F.S.B. | CA | December 18, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |

---

[10] This reflects the filing date of the original complaint.

[11] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[12] The FDIC Extender statute defines the accrual date as the later of the date of the appointment as conservator or receiver or "the date on which the cause of action accrues."  *See* 12 U.S.C. § 1821(d)(14)(B).

[13] This column applies the FDIC Extender Statute, under which the applicable statute of limitations for the fraud claims alleged by the FDIC is the longer of either (1) the three-year period beginning on the date the claim accrues or (2) the period applicable under state law.  12 U.S.C. § 1821(d)(14)(A).

[14] Because the FDIC complaint was filed in New York, the applicable state law limitations period is New York's, unless a shorter limitations period would be applicable under New York's borrowing statute.  Nevertheless, any shorter limitations period is effectively irrelevant because the Extender Statute applies the longer of its three-year limitations period and the applicable state law limitations period.  *See* 12 U.S.C. § 1821(d)(14)(A)(ii).

| Failed Financial Institution[11] | State | FDIC Appointment[12] | State Statute of Limitations for Fraud | Relief Requested[13] |
|---|---|---|---|---|
| First Regional Bank | CA | January 29, 2010 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| Imperial Capital Bank | CA | December 18, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| Indymac Bank F.S.B. | CA | July 11, 2008 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| La Jolla Bank, F.S.B. | CA | February 19, 2010 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| Pacific National Bank | CA | October 30, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| PFF Bank & Trust | CA | November 21, 2008 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| San Diego National Bank | CA | October 30, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| United Commercial Bank | CA | November 6, 2009 | Three years from discovery pursuant to Cal. Civ. Proc. Code § 338(d). | Dismissal as to claims accruing before March 14, 2011. |
| United Western Bank | CO | January 21, 2011 | Three years from discovery pursuant to Colo. Rev. Stat. Ann. §§ 13-80-101, 13-80-108. | Dismissal as to claims accruing before March 14, 2011. |
| BankUnited, F.S.B. | FL | May 21, 2009 | Four years from discovery pursuant to Fla. Stat. Ann. §§ 95.11(j), 95.031(2)(a). | Dismissal as to claims accruing before March 14, 2010. |

| Failed Financial Institution[11] | State | FDIC Appointment[12] | State Statute of Limitations for Fraud | Relief Requested[13] |
|---|---|---|---|---|
| Orion Bank | FL | November 13, 2009 | Four years from discovery pursuant to Fla. Stat. Ann. §§ 95.11(j), 95.031(2)(a). | Dismissal as to claims accruing before March 14, 2010. |
| Georgian Bank | GA | September 25, 2009 | Four years from discovery pursuant to Ga. Code Ann. §§ 9-3-31, 9-3-96. | Dismissal as to claims accruing before March 14, 2010. |
| Silverton Bank, N.A. | GA | May 1, 2009 | Four years from discovery pursuant to Ga. Code Ann. §§ 9-3-31, 9-3-96. | Dismissal as to claims accruing before March 14, 2010. |
| Hillcrest Bank | KS | October 22, 2010 | Two years after discovery pursuant to Kan. Stat. Ann. § 60-513(a)(3). | Dismissal as to claims accruing before March 14, 2011. |
| Amtrust Bank | OH | December 4, 2009 | Four years from accrual pursuant to Ohio Rev. Code Ann. § 2305.09(C) (West); *see Sullivan* v. *Westfield Ins. Co.*, 2013 WL 221436, at *5 (Ohio Ct. App. 2013). | Dismissal as to claims accruing before March 14, 2010. |
| Washington Mutual Bank | NV | September 25, 2008 | Three years after discovery pursuant to Nev. Rev. Stat. Ann. § 11.190(3)(d). | Dismissal as to claims accruing before March 14, 2011. |
| Eurobank | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298. | Dismissal as to claims accruing before March 14, 2011. |
| R-G Premier Bank of Puerto Rico | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298. | Dismissal as to claims accruing before March 14, 2011. |
| Westernbank Puerto Rico | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298. | Dismissal as to claims accruing before March 14, 2011. |

| Failed Financial Institution[11] | State | FDIC Appointment[12] | State Statute of Limitations for Fraud | Relief Requested[13] |
|---|---|---|---|---|
| Guaranty Bank | TX | August 21, 2009 | Four years after the day of accrual pursuant to Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West); *Seureau* v. *ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App. 2008). | Dismissal as to claims accruing before March 14, 2010. |
| Frontier Bank | WA | April 30, 2010 | Three years after discovery pursuant to Wash. Rev. Code Ann. § 4.16.080(4). | Dismissal as to claims accruing before March 14, 2011. |

**E**

**Schedule E—Claims for Injunctive Relief**

| Amended Complaints Asserting Claims for Injunctive Relief | Relief Requested |
|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp.*, No. 14-cv-3094 | Dismissal of all claims for injunctive relief as to all Defendants in all actions. |
| *CEMA Joint Venture v. Charter One Bank, N.A. et al.*, No. 13-cv-5511 | |
| *Charles Schwab Corp. v. Bank of Am. Corp.*, No. 13-cv-7005 | |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 | |
| *City of Houston v. Bank of Am. Corp.*, No. 13-cv-5616 | |
| *City of Philadelphia v. Bank of Am. Corp.*, No. 13-cv-6020 | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG*, No. 13-cv-7394 | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 13-cv-6014 | |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 13-cv-6013 | |
| *Prudential Inv. Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | |
| *Regents of the Univ. of Cal. et al. v. Bank of Am. Corp.*, No. 13-cv-5186 | |
| *Salix Capital US Inc. v. Banc of Am. Securities LLC*, No. 13-cv-4018 | |

**F**

**Schedule F—Negligent Misrepresentation Claims**

**Schedule F.1—Dismissal of Negligent Misrepresentation Claims for Failure to Plead Substantive Elements**

| Amended Complaints Asserting Negligent Misrepresentation Claims | Relevant Claim(s) for Relief | Relief Requested |
|---|---|---|
| *Fed. Dep. Ins. Corp. v. Bank of Am. Corp.*, No. 14-cv-1757 | No. 16 | Dismissal of all negligent misrepresentation claims as to all Defendants in all actions. |
| *City of Houston v. Bank of Am. Corp.*, No. 13-cv-5616 | No. 3 | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 13-cv-6014 | No. 7 | |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 13-cv-6013 | No. 7 | |
| *Prudential Inv. Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | No. 12 | |
| *Regents of the Univ. of Cal.et al. v. Bank of Am. Corp.*, No. 13-cv-5186 | No. 3 | |
| *Triaxx Prime CDO 2006-1 Ltd. v. Bank of Am. Corp.*, No. 14-cv-00146 | No. 4 | |

**Schedule F.2—Dismissal of Negligent Misrepresentation Claims by non-FDIC Plaintiffs as Untimely**

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| **Actions Transferred from California** | | | | |
| *City of Richmond v. Bank of Am. Corp., et al.*, No. 13-cv-0627 (CM)[3] | Jan. 9, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Jan. 9, 2011. |
| *City of Riverside v. Bank of Am. Corp., et al.*, No. 13-cv-0597 (CM) | Jan. 9, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Jan. 9, 2011. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

[3] This action and others in this Schedule that have the parenthetical ("CM") have been consolidated into *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186, and consist of claims brought on behalf of various California municipalities. Because the municipalities filed their actions on different dates, and therefore are subject to different statute of limitations periods, we have broken them out for purposes of this Schedule only even though the actions are now consolidated.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of Mendocino v. Bank of Am. Corp., et al.*, No. 13-cv-8644 (CM) | Nov. 11, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Nov. 11, 2011. |
| *Cnty. of Sacramento v. Bank of Am. Corp., et al.*, No. 13-cv-5569 (CM) | July 23, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before July 23, 2011. |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13-cv-0667 (CM) | Jan. 9, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Jan. 9, 2011. |

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of San Mateo v. Bank of Am. Corp., et al.*, No. 13-cv-0625 (CM) | Jan. 9, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Jan. 9, 2011. |
| *Cnty. of Sonoma v. Bank of Am. Corp., et al.*, No. 13-cv-5187 (CM) | June 28, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before June 28, 2011. |
| *E. Bay Mun. Util. Dist. v. Bank of Am. Corp., et al.*, No. 13-cv-0626 (CM) | Jan. 9, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before Jan. 9, 2011. |

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.,* No. 13-cv-5186 (CM) | June 25, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before June 25, 2011. |
| *San Diego Ass'n of Gov'ts v. Bank of Am. Corp., et al.,* No. 13-cv-5221 (CM) | June 25, 2013 | Two years from discovery pursuant to Cal. Civ. Proc. Code § 339(1). *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012). | August of 2007 – March 2011 (Regents ¶ 6.) | Dismissal as to all negligent misrepresentation claims accruing before June 25, 2011. |

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| **Actions Transferred from New Jersey** | | | | |
| *Prudential Inv. Portfolios 2, et al. v. Bank of Am. Corp., et al.,* No. 14-cv-4189 | May 19, 2014 | For negligent misrepresentation claims, New Jersey does not have a specific limitations statute, but applies a general six-year statute of limitations pursuant to N.J.S.A. 2A:14–1. *See Goodman v. Goldman, Sachs & Co.,* 2010 WL 5186180, at *5 (D.N.J. Dec. 14, 2010). | August 2007 – end of 2010 (Prudential ¶ 3.) | Dismissal as to all negligent misrepresentation claims accruing before May 19, 2008. |
| **Actions Transferred from Iowa** | | | | |
| *Principal Fin. Grp., Inc., et al. v. Bank of Am. Corp., et al.,* No. 13-cv-6014 | Aug. 1, 2013 | Five years pursuant to Iowa Code Ann. §§ 614.1(4) & 614.4 (West); *see also In re Fibred Props. Ltd. P'ship*, 36 F. App'x 574, 575 (8th Cir. 2002), applicable pursuant to N.Y. CPLR § 202. | August 2007 – May 2010 (Principal Fin. ¶ 2.) | Dismissal as to all negligent misrepresentation claims accruing before Aug. 1, 2008 (original defendants)/October 6, 2009 (new defendants).[4] |

[4]As to the Defendants first named by Principal Financial Group and Principal Funds in their amended complaints filed October 6, 2014, dismissal is requested as to all claims accruing before October 6, 2009:  As to Principal Funds, these are Barclays Capital, Inc.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC, Lloyds Bank PLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.

As to Principal Financial Group: Barclays Capital, Inc.; Chase Bank USA, N.A.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse International; Credit Suisse Securities (USA) LLC; (….continued)

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Principal Funds, Inc., et al. v. Bank of Am. Corp., et al.,* No. 13-cv-6013 | Aug. 1, 2013 | Five years pursuant to Iowa Code Ann. §§ 614.1(4) & 614.4; *see also In re Fibred Props. Ltd. P'ship,* 36 F. App'x 574, 575 (8th Cir. 2002), applicable pursuant to N.Y. CPLR § 202. | August 2007 – May 2010. (Principal Funds ¶ 2.) | Dismissal as to all negligent misrepresentation claims accruing before Aug. 1, 2008 (original defendants)/October 6, 2009 (new defendants). [5] |
| **Actions Filed in New York** | | | | |
| *Triaxx v. Bank of Am. Corp., et al.,* No. 14-cv-0146 | Dec. 20, 2013 | Six years from the date the cause of action accrued or two years from the time the plaintiff discovered the fraud. *See 14 Bruckner LLC v. 14 Bruckner Blvd. Realty Corp,* 909 N.Y.S.2d 630, 631 (N.Y. App. Div. 2010); N.Y. C.P.L.R. § 213(8). | 2005 – 2010. (Triaxx ¶ 5.) | Dismissal as to all negligent misrepresentation claims accruing before Dec. 20, 2007. |

(continued….)

Deutsche Bank Securities, Inc.; J.P. Morgan Dublin PLC; J.P. Morgan Securities, LLC; Lloyds Bank PLC; Merrill Lynch Capital Services, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC. Additionally, Credit Suisse International; Credit Suisse Securities (USA) LLC; Credit Suisse AG, and Deutsche Bank Securities, Inc., have not yet been served in either action and reserve their rights if plaintiffs fail to timely effect service.

[5] *See supra* note 4.

**Schedule F.3—Dismissal of Negligent Misrepresentation Claims by FDIC Plaintiffs as Untimely**

***Federal Deposit Insurance Corp. v. Bank of America Corp.*, 14-cv-1757**

Date Filed: March 14, 2014[6]

Alleges conduct occurred from August 2007 – mid-2011.  (FDIC Compl. ¶ 288; *see also id.* ¶¶ 293, 297).

| Failed Financial Institution[7] | State | FDIC Appointment[8] | State Statute of Limitations for Negligent Misrepresentation | Relief Requested[9] |
|---|---|---|---|---|
| Colonial Bank | AL | August 14, 2009 | Two years, pursuant to Ala. Code § 6-2-38(l); *Fowler* v. *Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003). [10] | Dismissal as to claims accruing before March 14, 2011. |
| Superior Bank | AL | April 15, 2011 | Two years, pursuant to Ala. Code § 6-2-38(l); *Fowler* v. *Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003). | Dismissal as to claims accruing before April 15, 2009. |
| Downey Savings and Loan Association, F.A. | CA | November 21, 2008 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |

---

[6] This reflects the filing date of the original complaint.

[7] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[8] The FDIC Extender statute defines the accrual date as the later of the date of the appointment as conservator or receiver or "the date on which the cause of action accrues."  *See* 12 U.S.C. § 1821(d)(14)(B).

[9] This column applies the FDIC Extender Statute, under which the applicable statute of limitations for the negligent misrepresentation claims alleged by the FDIC is the longer of either (1) the three-year period beginning on the date the claim accrues or (2) the period applicable under state law.  12 U.S.C. § 1821(d)(14)(A).

[10] Because the FDIC complaint was filed in New York, the applicable state law limitations period is New York's, unless a shorter limitations period would be applicable under New York's borrowing statute.  Nevertheless, any shorter limitations period is effectively irrelevant because the Extender Statute applies the longer of its three-year limitations period and the applicable state law limitations period.  *See* 12 U.S.C. § 1821(d)(14)(A)(ii).

| Failed Financial Institution[7] | State | FDIC Appointment[8] | State Statute of Limitations for Negligent Misrepresentation | Relief Requested[9] |
|---|---|---|---|---|
| California National Bank | CA | October 30, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| First Federal Bank of California, F.S.B. | CA | December 18, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| First Regional Bank | CA | January 29, 2010 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| Imperial Capital Bank | CA | December 18, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| Indymac Bank F.S.B. | CA | July 11, 2008 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| La Jolla Bank, F.S.B. | CA | February 19, 2010 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| Pacific National Bank | CA | October 30, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |

| Failed Financial Institution[7] | State | FDIC Appointment[8] | State Statute of Limitations for Negligent Misrepresentation | Relief Requested[9] |
|---|---|---|---|---|
| PFF Bank & Trust | CA | November 21, 2008 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| San Diego National Bank | CA | October 30, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| United Commercial Bank | CA | November 6, 2009 | Two years after discovery, pursuant to Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc.* v. *EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Dismissal as to claims accruing before March 14, 2011. |
| Community Banks of Colorado | CO | October 21, 2011 | Two years after discovery, pursuant to Colo. Rev. Stat. § 13-80-102(1)(a); *Callaham* v. *First American Title Ins. Co.*, 837 P.2d 769, 771 (Colo. Ct. App. 1992)). | Dismissal as to claims accruing before March 14, 2011. |
| United Western Bank | CO | January 21, 2011 | Two years after discovery, pursuant to Colo. Rev. Stat. § 13-80-102(1)(a); *Callaham* v. *First American Title Ins. Co.*, 837 P.2d 769, 771 (Colo. Ct. App. 1992)). | Dismissal as to claims accruing before March 14, 2011. |
| BankUnited, F.S.B. | FL | May 21, 2009 | Four years after discovery, pursuant to Fla. Stat. Ann. § 95.11(3)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | Dismissal as to claims accruing before March 14, 2010. |

| Failed Financial Institution[7] | State | FDIC Appointment[8] | State Statute of Limitations for Negligent Misrepresentation | Relief Requested[9] |
|---|---|---|---|---|
| Lydian Private Bank | FL | August 19, 2011 | Four years after discovery, pursuant to Fla. Stat. Ann. § 95.11(3)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | Dismissal as to claims accruing before August 19, 2007. |
| Orion Bank | FL | November 13, 2009 | Four years after discovery, pursuant to Fla. Stat. Ann. § 95.11(3)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | Dismissal as to claims accruing before March 14, 2010. |
| Georgian Bank | GA | September 25, 2009 | Four years after discovery, pursuant to Ga. Stat. § 9-3-31; *PricewaterhouseCoopers, LLP* v. *Bassett*, 293 Ga. App. 274, 278 n.6 (2008). | Dismissal as to claims accruing before March 14, 2010. |
| Silverton Bank, N.A. | GA | May 1, 2009 | Four years after discovery, pursuant to Ga. Stat. § 9-3-31; *PricewaterhouseCoopers, LLP* v. *Bassett*, 293 Ga. App. 274, 278 n.6 (2008). | Dismissal as to claims accruing before March 14, 2010. |
| Hillcrest Bank | KS | October 22, 2010 | Two years from when the injury becomes "reasonably ascertainable," pursuant to Kan. Stat. Ann. § 60-513(a)(4), § 60-513(b); *Karlin* v. *Paul Revere Life Ins. Co.*, 742 F. Supp. 2d 1253, 1267 (D. Kan. 2010). | Dismissal as to claims accruing before March 14, 2011. |
| Amtrust Bank | OH | December 4, 2009 | Four years pursuant to Ohio Rev. Code Ann. 2305.09(D) (West); *see Schnippel Constr., Inc.* v. *Profitt*, 2009-Ohio-5905, at *3 (Nov. 9, 2009). | Dismissal as to claims accruing before March 14, 2010. |

11

| Failed Financial Institution[7] | State | FDIC Appointment[8] | State Statute of Limitations for Negligent Misrepresentation | Relief Requested[9] |
|---|---|---|---|---|
| Washington Mutual Bank | NV | September 25, 2008 | Three years after discovery pursuant to Nev. Rev. Stat. Ann. § 11.190(3)(d); *see Kancilia* v. *Claymore & Dirk Ltd. P'ship*, 2014 WL 3731862, at *1 (Nev. July 24, 2014). | Dismissal as to claims accruing before March 14, 2011. |
| Eurobank | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | Dismissal as to claims accruing before March 14, 2011. |
| R-G Premier Bank of Puerto Rico | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | Dismissal as to claims accruing before March 14, 2011. |
| Westernbank Puerto Rico | PR | April 30, 2010 | One year pursuant to P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | Dismissal as to claims accruing before March 14, 2011. |
| First National Bank | TX | September 13, 2013 | Two years from discovery pursuant to Tex. Civ. Prac. & Rem. Code § 16.003(a); *Malik v. ConocoPhillips Co.*, 2014 WL 3420775, at *3 (E.D. Tex. June 23, 2014). | Dismissal as to claims accruing before March 14, 2011. |
| Guaranty Bank | TX | August 21, 2009 | Two years from discovery pursuant to Tex. Civ. Prac. & Rem. Code § 16.003(a); *Malik v. ConocoPhillips Co.*, 2014 WL 3420775, at *3 (E.D. Tex. June 23, 2014). | Dismissal as to claims accruing before March 14, 2011. |
| Frontier Bank | WA | April 30, 2010 | Three years after discovery pursuant to Wash. Rev. Code Ann. § 4.16.080(4). | Dismissal as to claims accruing before March 14, 2011. |

12

G

### Schedule G—Personal Jurisdiction

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| *Amabile v. Bank of Am. Corp.*, No. 13-cv-1700 | S.D.N.Y. | BTMU[1]<br>CSGAG[2]<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC[3]<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Royal Bank of Canada<br>RBS Group[4] | Dismissal for lack of personal jurisdiction as to all claims.<br><br>* Indicates defendant moving against all claims except breach of contract and/or breach of implied covenant of good faith and fair dealing claims brought by a contracting plaintiff. |
| *Bay Area Toll Auth. v. Bank of Am. Corp., et al.*, No. 14 Civ. 3094 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BBA[5]<br>BBA Enterprises Ltd.<br>BBA LIBOR Ltd.<br>BTMU<br>Citibank, N.A.<br>Citigroup Financial Products, Inc.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc | |

---

[1] The Bank of Tokyo-Mitsubishi UFJ, Ltd. will be referred to as "BTMU" throughout this Schedule.

[2] Credit Suisse Group AG will be referred to as "CSGAG" throughout this Schedule.

[3] HSBC Bank PLC is not named in the case caption but is referred to as a defendant in ¶ 65 of the Amended Complaint.

[4] The Royal Bank of Scotland Group plc will be referred to as "RBS Group" throughout this Schedule.

[5] The British Bankers' Association will be referred to as "BBA" throughout this Schedule.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Norinchukin Bank<br>Portigon AG<br>Rabobank[6]<br>RBS Group<br>Royal Bank of Canada<br>UBS AG<br>WestImmo | |
| *CEMA Joint Venture v. Charter One Bank, N.A.*, No. 13-cv-5511 | N.D. OH. | RBS Group | |
| *Charles Schwab Corp., et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 7005 | Cal. Super. Ct. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>UBS AG<br>WestImmo | |

---

[6] Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. will be referred to as "Rabobank" throughout this Schedule.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| *City of Houston v. Bank of Am. Corp., et al.*, No. 13 Civ. 05616 | S.D. Tex. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>WestImmo | |
| *City of Philadelphia, et al.  v. Bank of Am. Corp., et al.*, No. 13 Civ. 06020 | E.D. Pa. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>Citibank, N.A<br>Citigroup Financial Products, Inc.<br>CSGAG<br>Deutsche Bank AG<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>RBS plc[7]<br>Royal Bank of Canada<br>UBS AG | |
| *City of Richmond, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 00627 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG | |

[7] The Royal Bank of Scotland plc will be referred to as "RBS plc" throughout this Schedule.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 00597 | C.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Cnty. of Mendocino v. Bank of Am. Corp., et al.*, No. 13 Civ. 08644 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG | |

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Cnty. of Sacramento v. Bank of Am., et al.*, No. 13 Civ. 05569 | E.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>Deutsche Bank AG*<br>CSGAG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13 Civ. 00667 | S.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.*<br>Citigroup Inc.<br>CSGAG | |

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 00625 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 05187 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG | |

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>UBS AG<br>WestImmo | |
| *Darby Fin. Products, et al. v. Barclays Bank plc, et al.*, No. 13 Civ. 08799 | N.Y. Sup. Ct. | Barclays Bank PLC<br>Deutsche Bank AG<br>J.P. Morgan Dublin plc<br>UBS Limited<br>RBS plc | |
| *East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al.*, No. 13 Civ. 00626 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>JPMorgan Chase & Co.<br>Lloyds Banking Group plc<br>JPMorgan Chase Bank, N.A.<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>UBS AG<br>WestImmo | |
| *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks* | S.D.N.Y. | Barclays Bank PLC*<br>BBA<br>BBA Enterprises Ltd. | |

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| *v. Bank of Am. Corp.*, No. 14-cv-1757 | | BBA LIBOR Ltd.<br>BTMU<br>CSGAG<br>Credit Suisse Int'l*<br>HBOS PLC<br>HSBC Holdings PLC<br>Deutsche Bank AG*<br>Hong Kong and Shanghai Banking Corp. Ltd.<br>J.P. Morgan Dublin plc<br>J.P. Morgan Markets Limited<br>Lloyds Banking Group plc<br>Lloyds TSB Bank plc<br>MLIB[8]<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>Royal Bank of Canada*<br>Société Générale<br>RBS plc* | |

---

[8] Merrill Lynch International Bank will be referred to as "MLIB" throughout this Schedule.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp. et al.*, No. 13 Civ. 03952 | E.D. Va. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BBA<br>BBA Enterprises Ltd.<br>BBA LIBOR Ltd.<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Credit Suisse Int'l<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Lloyds Banking Group plc<br>Lloyds Bank plc[9]<br>Norinchukin Bank<br>Rabobank<br>RBS Group<br>RBS plc<br>Royal Bank of Canada<br>Portigon AG<br>Société Générale | |
| *Fed. Nat. Mortg. Ass'n v. Barclays Bank PLC*, No. 13-cv-7720 | S.D.N.Y. | Barclays Bank PLC*<br>BBA<br>BBA LIBOR Ltd.<br>CSGAG<br>Credit Suisse Int'l*<br>Rabobank<br>RBS Group<br>RBS plc* | |
| *Maragos v. Bank of Am. Corp.*, No. 13-cv-2297 | N.Y. Sup. Ct. | BTMU<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC<br>Lloyds Banking Group plc<br>Norinchukin Bank | |

---

[9] Formerly known as Lloyds TSB Bank PLC.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Barclays Bank PLC<br>Rabobank<br>Royal Bank of Canada<br>RBS Group | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG* (13-cv-7394) | D. Kan. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>Barclays Capital Inc.<br>BTMU<br>Citigroup Inc.<br>Citibank, N.A.<br>Citigroup Financial Products Inc.<br>Citi Swapco Inc.<br>CSGAG<br>Credit Suisse Group International<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank USA, N.A.<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank N.A.<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>Rabobank International[10]<br>RBS Group<br>Royal Bank of Canada<br>Société Générale<br>WestImmo | |
| *Principal Funds, Inc. v. Bank of Am. Corp.* (13-cv-6013) | S.D. Iowa | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>Barclays Capital Inc.<br>BBA<br>BBA Enterprises Ltd.<br>BBA LIBOR Ltd. | |

[10] NCUA lists "Rabobank International" as a defendant in the caption of the complaint. "Rabobank International" is the name by which Rabobank is referred outside of the Netherlands. It is not a legal entity separate from Rabobank. It should be dismissed for this reason.

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Credit Suisse AG<br>Credit Suisse Securities (USA) LLC<br>Deutsche Bank AG<br>Deutsche Bank Securities, Inc.<br>HBOS PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank N.A.<br>Lloyds Banking Group plc<br>Lloyds Bank plc<br>Rabobank<br>RBS Group<br>RBS plc<br>Royal Bank of Canada | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.* (13-cv-6014) | S.D. Iowa | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>Barclays Capital Inc.<br>BBA<br>BBA Enterprises Ltd.<br>BBA LIBOR Ltd.<br>Chase Bank, USA, N.A.<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Credit Suisse AG<br>Credit Suisse Int'l<br>Credit Suisse Securities (USA) LLC<br>Deutsche Bank AG<br>Deutsche Bank Securities, Inc.<br>HBOS PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank N.A.<br>J.P. Morgan Dublin plc<br>Lloyds Banking Group plc | |

11

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | Lloyds Bank plc<br>MLCS[11]<br>Rabobank<br>RBS Group<br>RBS plc<br>Royal Bank of Canada | |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.,* No. 14 Civ. 04189 | D.N.J. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays PLC<br>Barclays Bank PLC<br>Barclays Capital Inc.<br>Citibank, N.A.<br>Citigroup Funding Inc.<br>CSGAG<br>Credit Suisse AG<br>Credit Suisse (USA) Inc.<br>Credit Suisse Securities (USA) LLC<br>Deutsche Bank AG[12]<br>HSBC Bank PLC<br>HSBC Holdings PLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A.<br>Royal Bank of Canada<br>RBS plc | |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.,* No. 13 Civ. 05186 | N.D. Cal. | Bank of America Corporation<br>Bank of America, N.A.<br>Barclays Bank PLC<br>BTMU<br>Citibank, N.A.<br>Citigroup Inc.<br>CSGAG<br>Deutsche Bank AG<br>HBOS PLC<br>HSBC Holdings PLC<br>HSBC Bank PLC | |

---

[11] Merrill Lynch Capital Services, Inc. will be referred to as "MLCS" throughout this Schedule.

[12] In addition, Deutsche Bank AG is moving to dismiss for failure to state a claim – on grounds of a forum selection clause – the following claims to the extent they are brought on behalf of Prudential Core Short-Term Bond Fund: the fifth cause of action (breach of contract against the swap defendants) and sixth cause of action (breach of the implied covenant of good faith and fair dealing as against the swap defendants).

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | JPMorgan Chase & Co. JPMorgan Chase Bank, N.A. Lloyds Banking Group plc Norinchukin Bank Portigon AG Rabobank RBS Group Royal Bank of Canada Société Générale UBS AG WestImmo | |
| *Salix Capital US Inc. v. Banc of Am. Sec. LLC, et al.*, No. 13 Civ. 04018 | N.Y. Sup. Ct. | Barclays Bank PLC* CSGAG Credit Suisse AG Credit Suisse Int'l* Deutsche Bank AG RBS plc | |
| *San Diego Ass'n of Gov. v. Bank of Am. Corp., et al.*, No. 13 Civ. 05221 | S.D. Cal. | Bank of America Corporation Bank of America, N.A. Barclays Bank PLC BTMU Citibank, N.A. Citigroup Inc. CSGAG Deutsche Bank AG HBOS PLC HSBC Holdings PLC HSBC Bank PLC JPMorgan Chase & Co. JPMorgan Chase Bank, N.A. Lloyds Banking Group plc Norinchukin Bank Portigon AG Rabobank RBS Group Royal Bank of Canada Société Générale UBS AG WestImmo | |
| *Triaxx Prime CDO 2006-1 Ltd., et al. v. Bank of Am. Corp., et al.*, No. 14 Civ. 146 | N.Y. Sup. Ct. | Barclays Bank PLC BTMU CSGAG Credit Suisse Int'l Deutsche Bank AG | |

| Amended Complaints | Jurisdiction Filed | Defendants Moving to Dismiss | Relief Requested |
|---|---|---|---|
| | | HSBC Holdings PLC<br>Lloyds Banking Group plc<br>Norinchukin Bank<br>Portigon AG<br>Rabobank<br>Royal Bank of Canada<br>RBS Group<br>RBS plc<br>Société Générale<br>WestImmo | |

**H**

**Schedule H—RICO**

| Amended Complaints Asserting RICO Claims | Relevant Claims for Relief | Type of RICO Claim Asserted | Relief Requested |
|---|---|---|---|
| *Bay Area Toll Authority v. Bank of Am. Corp.*, No. 14-cv-3094 | No. 2 | Federal | Dismissal of federal RICO claim as to all Defendants. |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | No. 10 | New Jersey | Dismissal of New Jersey RICO claim as to all Defendants. |

I

**Schedule I—Securities Claims**

| Amended Complaints Asserting Securities Claims | Relevant Claims for Relief | Type of Securities Claim Asserted | Relief Requested |
|---|---|---|---|
| *Charles Schwab Corp. v. Bank of Am. Corp.*, No. 13-cv-7005 | Nos. 9-13 | Sections 10(b), 20(a) of the Securities Exchange Act of 1934; Sections 11, 12(a)(2), and 15 of the Securities Act of 1933; Sections 25400 and 25401 of the California Corporations Code. | Dismissal of all securities claims as to all Defendants. |

1

J

**Schedule J—Tortious Interference**

**Schedule J.1—Dismissal of Tortious Interference Claims for Failure to Plead Substantive Elements**

| Amended Complaints Asserting Tortious Interference Claims | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp., et al.*, No. 14-cv-3094 | No. 7 | Dismissal of all tortious interference claims as to all Defendants in all actions. |
| *CEMA Joint Venture v. Charter One Bank, N.A., et al.*, No. 13-cv-5511 | No. 2 | |
| *Charles Schwab Corp., et al. v. Bank of Am. Corp., et al.*, No. 13-cv-7005 | No. 4 | |
| *City of Houston v. Bank of Am. Corp., et al.*, No. 13-cv-05616 | No. 6 | |
| *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-06020 | Nos. 11-13 | |
| *City of Richmond, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00627 | No. 6 | |
| *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00597 | No. 6 | |
| *Cnty. of Mendocino v. Bank of Am. Corp., et al.*, No. 13-cv-08644 | No. 6 | |
| *Cnty. of Sacramento v. Bank of Am., et al.*, No. 13-cv-05569 | No. 6 | |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13-cv-00667 | No. 6 | |
| *Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00625 | No. 6 | |
| *Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-05187 | No. 6 | |
| *Darby Fin. Products, et al. v. Barclays Bank plc, et al.*, No. 13-cv-08799 | Nos. 10-12 | |
| *East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al.*, No. 13-cv-00626 | No. 6 | |

| Amended Complaints Asserting Tortious Interference Claims | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp.*, No. 14-cv-1757 | Nos. 17-22 | |
| *Federal Home Loan Mortg. Corp. v. Bank of Am. Corp. et al.*, No. 13-cv-03952 | No. 11 | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG*, No. 13-cv-7394 | No. 7-8 | |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.*, No. 14-cv-04189 | Nos. 3-4, 13 | |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.*, No. 13-cv-05186 | No. 6 | |
| *Salix Capital US Inc. v. Banc of Am. Sec. LLC, et al.*, No. 13-cv-04018 | Nos. 18-20 | |
| *San Diego Ass'n of Gov. v. Bank of Am. Corp., et al.*, No. 13-cv-05221 | No. 6 | |
| *Triaxx Prime CDO 2006-1 Ltd., et al. v. Bank of Am. Corp., et al.*, No. 14-cv-0146 | No. 3 | |

**Schedule J.2—Dismissal of Tortious Interference Claims by Non-FDIC and Non-NCUA Plaintiffs as Untimely**

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Bay Area Toll Auth. v. Bank of Am. Corp., et al.*, No. 14-cv-3094 | March 31, 2014 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims. |
| *CEMA Joint Venture v. Charter One Bank, N.A., et al.*, No. 13-cv-5511 | March 21, 2013 | Four years. Ohio Revised Code § 2305.09(D); *Samman v. Nukta*, 2005-Ohio-5444 (2005). | Nov. 15, 2005 – present (Compl. ¶ 2) | Dismissal as to all claims accruing before March 21, 2009. |
| *Charles Schwab Corp., et al. v. Bank of Am. Corp., et al.*, No. 13-cv-7005 | First complaint filed August 23, 2011; dismissed March 29, 2013. New complaint filed April 20, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before August 23, 2009. |
| *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-06020 | July 26, 2013 | Two years. 42 PA.C.S.A. § 5524. | August 2007 – end of 2010 (Am. Compl. ¶ 11) | Dismissal as to all claims of Plaintiff City of Philadelphia. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

3

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *City of Richmond, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00627 (CM)[3] | January 9, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2011. |
| *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00597 (CM) | January 9, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2011. |
| *Cnty. of Mendocino v. Bank of Am. Corp., et al.*, No. 13-cv-08644 (CM) | November 13, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims. |
| *Cnty. of Sacramento v. Bank of Am., et al.*, No. 13-cv-05569 (CM) | July 23, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims. |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13-cv-00667 (CM) | January 9, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2011. |

---

[3] This action and others in this Schedule that have the parenthetical ("CM") have been consolidated into *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186, and consist of claims brought on behalf of various California municipalities.  Because the municipalities filed their actions on different dates, and therefore are subject to different statute of limitations periods, we have broken them out for purposes of this Schedule only even though the actions are now consolidated.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00625 (CM) | January 9, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2011. |
| *Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-05187 (CM) | June 28, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims. |
| *Darby Fin. Products, et al. v. Barclays Bank plc, et al.*, No. 13-cv-08799 | November 21, 2013 | Two years for Plaintiff Darby Financial Products. 42 Pa. C.S. § 5524.[4] Three years for Plaintiff Capital Ventures International. N.Y. C.P.L.R. § 214(4). | August 2007 – end of 2010 (Am. Compl. ¶ 3) | Dismissal as to all claims of Plaintiff Darby Financial Products; dismissal as to all claims of Plaintiff Capital Ventures International accruing before November 21, 2010. |
| *East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al.*, No. 13-cv-00626 (CM) | January 9, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2011. |

---

[4] Pennsylvania's limitations period is applicable to Darby Financial Products, a company with its principal place of business in Pennsylvania, under New York's borrowing statute, N.Y. C.P.L.R. § 202.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *The Federal Home Loan Mortg. Corp. v. Bank of Am. Corp. et al.*, No. 13-cv-03952 | March 14, 2013 | Five years. Code § 8.01–243(B); *Dunlap v. Cottman Transmission Sys.*, LLC, 287 Va. 207, 222 (2014). | August 2007 – May 2010 (Am. Compl. ¶ 7). | Dismissal as to all claims accruing before March 14, 2008. |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.*, No. 14-cv-04189 | May 19, 2014 | Six years.  N.J. S. A.§ 2A:14-1. | August 2007 – end of 2010 (Am. Compl. ¶ 3) | Dismissal as to all claims accruing before May 19, 2008. |
| *Regents of the Univ. of Cal. v. Bank of Am. Corp., et al.*, No. 13-cv-05186 (CM) | June 25, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims. |
| *Salix Capital US Inc. v. Banc of Am. Sec. LLC, et al.*, No. 13-cv-04018 | May 20, 2013 | Three years. N.Y. C.P.L.R. § 214(4); Conn. Gen. Stat. § 52-577.[5] | August 2007 – the end of 2010 (2nd Am. Compl. ¶ 3) | Dismissal as to all claims accruing before May 20, 2010. |
| *San Diego Ass'n of Gov. v. Bank of Am. Corp., et al.*, No. 13-cv-05221 (CM) | June 25, 2013 | Two years. Cal. Code Civ. Proc. § 339(1). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims. |

---

[5] *Salix* was filed in New York but brought on behalf of a hedge fund with its principal place of business in Connecticut.  Both states have three years limitations periods.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Triaxx Prime CDO 2006-1 Ltd., et al. v. Bank of Am. Corp., et al.,* No. 14-cv-0146 | December 20, 2013 | Three years. N.Y. C.P.L.R. § 214(4). | 2005 – 2010 (Am. Compl. ¶ 5) | Dismissal as to all claims accruing before December 20, 2010. |

**Schedule J.3—Dismissal of Tortious Interference Claim by FDIC as Untimely**

***Federal Deposit Insurance Corp. v. Bank of America Corp.*, 14-cv-1757**
Date Filed: March 14, 2014[6]
Alleges conduct occurred from August 2007 – mid- 2011 (Am. Compl. ¶ 288)

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| Amcore Bank, N.A. | April 23, 2010 (Am. Compl. ¶ 9a) | New York[10] | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| AmTrust Bank | December 4, 2009 (Am. Compl. ¶ 9b) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| BankUnited, F.S.B. | May 21, 2009 (Am. Compl. ¶ 9c) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |

---

[6] This reflects the filing date of the original complaint.

[7] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[8] The FDIC Extender statute defines the accrual date as the later of the date of the appointment as conservator or receiver or "the date on which the cause of action accrues."  *See* 12 U.S.C. § 1821(d)(14)(B).

[9] This column applies the FDIC Extender Statute, under which the applicable statute of limitations for the tortious interference claims alleged by the FDIC is the longer of either (1) the three-year period beginning on the date the claim accrues or (2) the period applicable under state law.  12 U.S.C. § 1821(d)(14)(A).

[10] Because the FDIC complaint was filed in New York, the applicable state law limitations period is New York's, unless a shorter limitations period would be applicable under New York's borrowing statute.  Nevertheless, any shorter limitations period is effectively irrelevant because the Extender Statute applies the longer of the three-year limitations period and the applicable state law limitations period.  *See* 12 U.S.C. § 1821(d)(14)(A)(ii).

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| California National Bank | October 30, 2009 (Am. Compl. ¶ 9d) | California | Two years.  Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| Colonial Bank | August 14, 2009 (Am. Compl. ¶ 9e) | Alabama | Two years. *Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1190 (M.D. Ala. 2010). | Dismissal as to all claims accruing before March 14, 2011. |
| Corus Bank, N.A. | September 11, 2009 (Am. Compl. ¶ 9g) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Downey Savings and Loan Association, F.A. | November 21, 2008 (Am. Compl. ¶ 9h) | California | Two years.  Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| Eurobank | April 30, 2010 (Am. Compl. ¶ 9i) | Puerto Rico | One year. 31 L.P.R.A. § 5298(2). | Dismissal as to all claims accruing before March 14, 2011. |
| First Community Bank | January 28, 2011 (Am. Compl. ¶ 9j) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| First Federal Bank of California, F.S.B. | December 18, 2009 (Am. Compl. ¶ 9k) | California | Two years.  Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| First Regional Bank | January 29, 2010 (Am. Compl. ¶ 9m) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| Frontier Bank | April 30, 2010 (Am. Compl. ¶ 9n) | New York | Three years. N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Georgian Bank | September 25, 2009 (Am. Compl. ¶ 9o) | New York | Three years. N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Guaranty Bank | August 21, 2009 (Am. Compl. ¶ 9p) | Texas | Two years. *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986). | Dismissal as to all claims accruing before March 14, 2011. |
| Hillcrest Bank | October 22, 2010 (Am. Compl. ¶ 9q) | Kansas | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Imperial Capital Bank | December 18, 2009 (Am. Compl. ¶ 9r) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| Indymac Bank, F.S.B. | July 11, 2008 (Am. Compl. ¶ 9s) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| Irwin Union Bank and Trust Company | September 18, 2009 (Am. Compl. ¶ 9u) | Indiana | Two years. *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 644 (Ind .Ct. App. 1999). | Dismissal as to all claims accruing before March 14, 2011. |
| La Jolla Bank, F.S.B. | February 19, 2010 (Am. Compl. ¶ 9v) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| Midwest Bank and Trust Company | May 14, 2010 (Am. Compl. ¶ 9x) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Orion Bank | November 13, 2009 (Am. Compl. ¶ 9y) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| Pacific National Bank | October 30, 2009 (Am. Compl. ¶ 9z) | California | Two years.  Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |

11

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| Park National Bank | October 30, 2009 (Am. Compl. ¶ 9aa) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| PFF Bank & Trust | November 21, 2008 (Am. Compl. ¶ 9bb) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| R-G Premier Bank of Puerto Rico | April 30, 2010 (Am. Compl. ¶ 9cc) | Puerto Rico | One year. 31 L.P.R.A. § 5298(2). | Dismissal as to all claims accruing before March 14, 2011. |
| Riverside National Bank of Florida | April 16, 2010 (Am. Compl. ¶ 9dd) | New York | Three years.  N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| San Diego National Bank | October 30, 2009 (Am. Compl. ¶ 9ee) | California | Two years.  Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| Silverton Bank, N.A. | May 1, 2009 (Am. Compl. ¶ 9ff) | New York | Three years. N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| TierOne Bank | June 4, 2010 (Am. Compl. ¶ 9hh) | New York | Three years. N.Y. C.P.L.R. § 214(4). | Dismissal as to all claims accruing before March 14, 2011. |
| United Commercial Bank | November 6, 2009 (Am. Compl. ¶ 9ii) | California | Two years. Cal. Code Civ. Proc. § 339(1). | Dismissal as to all claims accruing before March 14, 2011. |
| United Western Bank | January 21, 2011 (Am. Compl. ¶ 9jj) | Colorado | Two years. Colo. Rev. Stat. Ann. § 13-80-102 (West). | Dismissal as to all claims accruing before March 14, 2011. |
| Washington Mutual Bank | September 25, 2008 (Am. Compl. ¶ 9kk) | Nevada | Two years. Nev. Rev. Stat. Ann. § 11.190(4) (West 2014). | Dismissal as to all claims accruing before March 14, 2011. |

| Failed Financial Institution[7] | FDIC Appointment[8] | Relevant State Law | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| Westernbank Puerto Rico | April 30, 2010 (Am. Compl. ¶ 9ll) | Puerto Rico | One year. 31 L.P.R.A. § 5298(2). | Dismissal as to all claims accruing before March 14, 2011. |

**Schedule J.4—Dismissal of Tortious Interference Claim by NCUA as Untimely**

*Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG* **(13-cv-7394)**
Date Filed: September 23, 2013 (Amended Complaint naming new defendants
filed October 6, 2014)[11]
Alleges conduct occurred from August 2007 – May 2010 (Am. Compl. ¶ 2)

| Failed Financial Institution[12] | NCUA Appointment | Relevant State Law | Applicable Statute of Limitations | Relief Requested[13] |
|---|---|---|---|---|
| U.S. Central | March 20, 2009 (Am. Compl. ¶ 11) | Kansas[14] | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims. |
| WesCorp | March 20, 2009 (Am. Compl. ¶ 11) | Kansas | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims. |

[11] As used herein, the "Original Defendants" comprise those Defendants named in NCUA's original complaint filed September 23, 2013: The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank plc, Rabobank, Credit Suisse Group AG, HBOS plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group plc, the Norinchukin Bank, Royal Bank of Canada, the Royal Bank of Scotland Group plc, Société Générale, Westdeutsche Immobilienbank AG, WestLB, and UBS AG. The "NCUA New Defendants" comprise those Defendants that were first named in NCUA's amended complaint filed October 6, 2014: Bank of America Corporation, Bank of America, N.A., Barclays Capital, Inc., Citi Swapco Inc., Citibank, N.A., Citigroup Financial Products, Citigroup, Inc., Credit Suisse Group International, Deutsche Bank AG, HSBC Bank USA, N.A., and HSBC Holdings plc. "Rabobank International" was first named as a defendant in the caption of NCUA's amended complaint filed October 6, 2014. "Rabobank International" is the name by which Rabobank is referred outside of the Netherlands. It is not a legal entity separate from Rabobank. It should be dismissed for this reason.

[12] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[13] Pursuant to the NCUA Extender Statute, the applicable statute of limitations for tortious interference claims that did not expire before NCUA was appointed is the longer of the three-year period beginning on the date the claim accrues or the period applicable under state law. 12 U.S.C. § 12 U.S.C. 1787(b)(14)(A). Because the NCUA Extender Statute does not have a "revival" provision like the FDIC Extender Statute, *compare* 12 U.S.C. § 1787(b)(14) *with* 12 U.S.C. § 1821(d)(14)(C), claims that expired before NCUA's appointment are also time-barred.

[14] Under Kansas choice of law rules, Kansas courts apply the Kansas statute of limitations to actions before them. *See Patterson v. Williams*, 500 F. App'x 792, 794 (10th Cir. 2012). Kansas also has a borrowing statute that operates like New York's. *See* Kan. Stat. Ann. § 60-516. Thus, if a cause of action accrues in another state with a shorter limitations period, the court will apply that shorter limitations period. *Id.*

| Failed Financial Institution[12] | NCUA Appointment | Relevant State Law | Applicable Statute of Limitations | Relief Requested[13] |
|---|---|---|---|---|
| Southwest | September 24, 2010 (Am. Compl. ¶ 12) | Kansas | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims accruing before September 24, 2008 (Original Defendants); all claims (New Defendants). |
| Members United | September 24, 2010 (Am. Compl. ¶ 12) | Kansas | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims accruing before September 24, 2008 (Original Defendants); all claims (New Defendants). |
| Constitution | September 24, 2010 (Am. Compl. ¶ 12) | Kansas | Two years. K.S.A. § 60-513(a)(4). | Dismissal as to all claims accruing before September 24, 2008 (Original Defendants); all claims (New Defendants). |

**K**

**Schedule K—Consumer Claims**

**Schedule K.1—Dismissal of UCL and GBL Claims**

| Amended Complaints Asserting Consumer Claims | Relevant Claim(s) for Relief | Relief Requested |
|---|---|---|
| *Bay Area Toll Authority v. Bank of Am. Corp.*, No. 14-cv-3094 | No. 6 | Dismissal of all consumer claims as to all Defendants in all actions. |
| *Charles Schwab Corp., et al. v. Bank of Am. Corp., et al.*, No. 13-cv-7005 | No. 3 | |
| *Maragos v. Bank of Am. Corp.*, No. 13-cv-2297 | No. 2 | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG*, No. 13-cv-7394 | No. 2 | |

**Schedule K.2—Dismissal of UCL and GBL Claims by BATA and Schwab as Untimely**
Date of Inquiry Notice: May 29, 2008

| Action[1] | Date Filed[2] | Relevant State Law[3] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|---|
| *BATA v. Bank of America Corp., et al.*, No. 1:14-cv-3094 | March 31, 2014 | California | Four years (Cal. Bus. & Prof. Code § 17208) | August 2007 to May 2010 | Dismissal as to all claims accruing before March 31, 2010.[4] |
| *Maragos v. Bank of America Corp., et al.*, No. 13-cv-02297 | November 27, 2012 | NY | Three years (N.Y. C.P.L.R. § 214(2)) | 2007 to 2011 | Dismissal as to all claims accruing before November 27, 2009. |
| *Charles Schwab Corp., et al. v. Bank of America Corp., et al.*, No. 1:13-cv-7005 | April 29, 2013 | California | Four years (Cal. Bus. & Prof. Code § 17208) | August 2007 to May 2010 | Dismissal as to all claims accruing before April 29, 2009. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

[3] This column assumes for the limited purpose of calculating the statute of limitations that California and New York law apply to Plaintiffs' UCL and GBL claims, respectively. As explained in Defendants' brief, however, to the extent the transactions underlying Plaintiffs' claims, such as ISDA Master Agreements, call for the application of another state's law, those claims must be dismissed. *See* Consumer Claims Br. Part I.A.

[4] This conclusion was reached as follows: pursuant to this Court's prior rulings, BATA was on inquiry notice by May 29, 2008 at the latest, of probable LIBOR manipulation going back to at least August 2007. Because BATA cannot claim it was unaware of its claims after May 29, 2008, only claims that accrued within four years of the filing of BATA's action (here, claims accruing between March 31, 2010 and May 2010) may be considered timely. Similar calculations were applied to Schwab's and Maragos' claims using the relevant statutes of limitations.

**Schedule K.3—Dismissal of UCL by NCUA as Untimely**

*Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG* **(13-cv-7394)**
Date Filed: September 23, 2013[5]
Alleges conduct occurred from August 2007 – May 2010 (Am. Compl. ¶ 2)

| Failed Financial Institution[6] | NCUA Appointment[7] | Relevant State Law[8] | Applicable Statute of Limitations | Relief Requested[9] |
|---|---|---|---|---|
| U.S. Central Federal Credit Union | March 20, 2009 | California | Four years (Cal. Bus. & Prof. Code § 17208) | Dismissal as to all claims accruing before September 23, 2009.[10] |
| Western Corporate Federal Credit Union ("WesCorp") | March 20, 2009 | California | Four years (Cal. Bus. & Prof. Code § 17208) | Dismissal as to all claims accruing before September 23, 2009. |

---

[5] This reflects the filing date of the original complaint.

[6] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[7] Pursuant to the Extender Statute, the applicable statute of limitations is the longer of the three-year period beginning on the date the claim accrues (the later of the date of the appointment as conservator or receiver) or the period applicable under state law.  12 U.S.C. § 1787(b)(14)(A)-(B).

[8] This column assumes for the limited purpose of calculating the statute of limitations that California law applies to NCUA's UCL claims.  As explained in Defendants' brief, however, the transactions underlying NCUA's claims, governed by ISDA Master Agreements, call for the application of New York law and therefore must be dismissed.  *See* Consumer Claims Br. Part I.A.

[9] As noted in the accompanying memorandum of law, all UCL claims brought by NCUA (on behalf of all five credit unions) against defendants added for the first time in its October 6, 2014 complaint are time barred.  These new defendants are: Barclays Capital Inc., Bank of America Corporation, Bank of America, N.A., Citigroup, Inc., Citibank, N.A., Citigroup Financial Products, Citi Swapco Inc., Deutsche Bank AG, HSBC Holdings PLC; HSBC Bank USA, N.A., and Rabobank International.  "Rabobank International" was first named as a defendant in the caption of NCUA's amended complaint filed October 6, 2014.  "Rabobank International" is the name by which Rabobank is referred outside of the Netherlands. It is not a legal entity separate from Rabobank.  It should be dismissed for this reason.

[10] Because the Extender Statute's three-year limitations period provided expired on March 20, 2012 for claims on behalf of U.S. Central and WesCorp, only claims that accrued less than four years before the September 23, 2013 filing date may be timely pursuant to the UCL's statute of limitations period.

**L**

**Schedule L—Unjust Enrichment**

**Schedule L.1—Dismissal of Unjust Enrichment Claims Against Non-Counterparty Defendants**

| Amended Complaints Asserting Unjust Enrichment Claims | Relevant Claims for Relief | |
|---|---|---|
| | | **Relief Requested** |
| *Amabile v. Bank of Am. Corp.*, No. 13-cv-1700 | No. 6 | Dismissal of all unjust enrichment claims in all actions asserted against: |
| *Bay Area Toll Auth. v. Bank of Am. Corp.*, No. 14-cv-3094 | No. 9 | (i) Defendants with which the Plaintiffs did not contract; |
| *CEMA Joint Venture v. Charter One Bank, N.A. et al.,* No. 13-cv-5511 | No. 5 | (ii)  Defendants that transacted with the Plaintiffs merely as underwriters or broker-dealers; and |
| *Charles Schwab Corp. v. Bank of Am. Corp.*, No. 13-cv-7005 | No. 8 | (iii)  non-Panel Bank Defendants |
| *City of Houston v. Bank of Am. Corp.*, No. 13-cv-5616 | No. 7 | |
| *City of Philadelphia v. Bank of Am. Corp.*, No. 13-cv-6020 | Nos. 9-10 | |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 (as to Plaintiff Capital Ventures International CVI only) | No. 1 | |
| *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG,* No. 13-cv-7394 | No. 9 | |
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 13-cv-6014 | No. 8 | |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 13-cv-6013 | No. 8 | |

| Amended Complaints Asserting Unjust Enrichment Claims | Relevant Claims for Relief | Relief Requested |
|---|---|---|
| *Regents of the Univ. of Cal. et al. v. Bank of Am. Corp.*, No. 13-cv-5186 | No. 7 | |
| *Salix Capital US Inc. v. Banc of Am. Securities LLC*, No. 13-cv-4018 | Nos. 8-9 | |

## Schedule L.2—Dismissal of Unjust Enrichment Claims as Untimely

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Amabile v. Bank of Am. Corp.*, No. 13-cv-1700 | March 13, 2013 | Three years.  N.Y. C.P.L.R. § 214(3). | January 2005 – end of 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before March 13, 2010. |
| *Bay Area Toll Auth. v. Bank of Am. Corp.*, No. 14-cv-3094 | March 31, 2014 | Three years.  *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before March 31, 2011. |
| *CEMA Joint Venture v. Charter One Bank, N.A.*, No. 13-cv-0-3-0248 | March 21, 2013 | Six years.  O.R.C. § 2305.07; *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 448 (6th Cir. 2014). | November 2005 – present (Compl. ¶ 2) | Dismissal as to all claims accruing before March 21, 2007. |
| *Charles Schwab, N.A. v. Bank of Am. Corp.*, No. 13-cv-7005 | April 29, 2013 | Three years.  *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – May 2010 (Am. Compl. ¶ 1) | Dismissal as to all claims accruing before April 29, 2010. |
| *City of Philadelphia v. Bank of Am. Corp.*, No. 13-cv-6020 | July 26, 2013 | Four years.  42 Pa.C.S.A. § 5525(a); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. 1997). | August 2007 – end of 2010 (Am. Compl. ¶ 11) | Dismissal as to all claims accruing before July 26, 2009. |

---

[1] The below listed actions include only those against which Defendants are moving on statute of limitations grounds at this time.

[2] This reflects the filing date of the original complaint.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *City of Richmond v. Bank of Am. Corp.*, No. 13-cv-0627 (CM)[3] | January 9, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |
| *City of Riverside v. Bank of Am. Corp.*, No. 13-cv-0597 (CM) | January 9, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |
| *Cnty. of Mendocino v. Bank of Am. Corp.*, No. 13-cv-8644 (CM) | November 13, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before November 13, 2010. |
| *Cnty. of Sacramento v. Bank of Am.*, No. 13-cv-5569 (CM) | July 23, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before July 23, 2010. |
| *Cnty. of San Diego v. Bank of Am. Corp.*, No. 13-cv-0667 (CM) | January 9, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |

---

[3] This action and others in this Schedule that have the parenthetical ("CM") have been consolidated into *Regents of the Univ. of Calif. v. Bank of Am. Corp.*, No. 13-cv-5186, and consist of claims brought on behalf of various California municipalities. Because the municipalities filed their actions on different dates, and therefore are subject to different statute of limitations periods, we have broken them out for purposes of this Schedule only even though the actions are now consolidated.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Cnty. of San Mateo v. Bank of Am. Corp.*, No. 13-cv-0625 (CM) | January 9, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |
| *Cnty. of Sonoma v. Bank of Am. Corp.*, No. 13-cv-5187 (CM) | June 28, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 28, 2010. |
| *Darby Fin. Prods. v. Barclays Bank PLC*, No. 13-cv-8799 | November 21, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |
| *East Bay Municipal Utility Dist. v. Bank of Am. Corp.*, No. 13-cv-0626 (CM) | January 9, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before January 9, 2010. |
| *Fed. Nat. Mortg. Ass'n v. Barclays Bank PLC*, No. 13-cv-7720 | October 13, 2013 | Three years. D.C. Code § 12-301; *New Worlds Comms. v. Thompsen*, 878 A.2d 1218, 1220-21 (D.C. 2005).[4] | August 2007 – 2010 (Am. Compl. ¶ 4) | Dismissal as to all claims accruing before October 31, 2010. |
| *Maragos v. Bank of Am. Corp.*, No. 13-cv-2297 | November 27, 2012 | Three years. N.Y. C.P.L.R. § 214(3). | 2007 – 2011 (Am. Compl. ¶ 3) | Dismissal as to all claims accruing before November 27, 2009. |

---

[4] The District of Columbia's limitations period is applicable to Fannie Mae, a company whose principal place of business is in Washington D.C., (*see* Fannie Mae Am. Compl. ¶¶ 12, 15), under New York's borrowing statute, N.Y. C.P.L.R. § 202.

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Principal Fin. Grp., Inc. v. Bank of Am. Corp.*, No. 111-MD-2262 | August 1, 2013 and October 6, 2014 | Three years.  N.Y. C.P.L.R. § 214(3). | August 2007 – May 2010 (Am. Compl. ¶ 2) | Dismissal as to all claims accruing before August 1, 2010.[5] |
| *Principal Funds, Inc. v. Bank of Am. Corp.*, No. 11-MD-2262 | August 1, 2013 and October 6, 2014 | Three years.  N.Y. C.P.L.R. § 214(3). | August 2007 – May 2010 (Am. Compl. ¶ 2) | Dismissal as to all claims accruing before August 1, 2010.[6] |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp.*, No. 14-cv-4189 | May 19, 2014 | Six years.  *Jacobson v. Celgene*, 2010 WL 1492869, at *3 (D.N.J. Apr. 14, 2010); *37 Park Dr. S., Inc. v. Duffy*, 881 N.Y.S.2d 481, 482 (N.Y. App. Div. 2009) | August 2007 – end of 2010 (Am. Compl. ¶ 3) | Dismissal as to all claims accruing before May 19, 2008. |

---

[5] As to the Defendants first named by Principal Financial Group and Principal Funds in their amended complaints filed October 6, 2014, dismissal is requested as to as to all claims accruing before October 6, 2011:  As to Principal Funds, these are Barclays Capital, Inc.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC, Lloyds Bank PLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.

As to Principal Financial Group: Barclays Capital, Inc.; Chase Bank USA, N.A.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse International; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Dublin PLC; J.P. Morgan Securities, LLC; Lloyds Bank PLC; Merrill Lynch Capital Services, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Royal Bank of Scotland PLC; RBS Securities, Inc.; and UBS Securities LLC.  Additionally, Credit Suisse International; Credit Suisse Securities (USA) LLC; Credit Suisse AG, and Deutsche Bank Securities, Inc., have not yet been served in either action and reserves their rights if plaintiffs fail to timely effect service.

[6] *See supra* note 4.

6

| Action[1] | Date Filed[2] | Applicable Statute of Limitations | Alleged Period of Relevant Conduct | Relief Requested |
|---|---|---|---|---|
| *Regents of the Univ. of Cal. v. Bank of Am. Corp.*, No. 13-cv-5186 (CM) | June 25, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 25, 2010. |
| *Salix Capital US Inc. v. Banc of Am. Securities LLC*, No. 13-cv-4018 | May 20, 2013 | Three years.  N.Y. C.P.L.R. § 214(3). | August 2007 – end of 2010 (SAC ¶ 3) | Dismissal as to all claims.[7] |
| *San Diego Ass'n of Gov'ts v. Bank of Am. Corp.*, No. 13-cv-5221 (CM) | June 25, 2013 | Three years. *FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Cal. App. 2008). | August 2007 – March of 2011 (Consol. Am. Compl. ¶ 6) | Dismissal as to all claims accruing before June 25, 2010. |

[7] Salix's complaint identifies the last allegedly manipulated payment as occurring on September 28, 2009, *see, e.g.*, Salix Am. Compl. Ex. A, making that date the last possible date its injury accrued. Salix's claims expired on September 29, 2012 and are time-barred.

**Schedule L.3—Dismissal of Unjust Enrichment Claims by FDIC as Untimely**

*Federal Deposit Insurance Corp. v. Bank of America Corp.*, 14-cv-1757
Date Filed: March 14, 2014[8]
Alleges conduct occurred from August 2007 – mid-2011.  (FDIC Compl. ¶ 288;
*see also id.* ¶¶ 293, 297)

| Failed Financial Institution[9] | State | FDIC Appointment[10] | State Statute of Limitations for Unjust Enrichment | Relief Requested[11] |
|---|---|---|---|---|
| Superior Bank | AL | April 15, 2011 | Two years.  Ala. Code § 6-2-38(l). [12] | Dismissal as to claims that accrued before March 14, 2011. |
| Indymac Bank F.S.B. | CA | July 11, 2008 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| United Commercial Bank | CA | November 6, 2009 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| Silverton Bank, N.A. | GA | May 1, 2009 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |

---

[8] This reflects the filing date of the original complaint.

[9] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[10] The FDIC Extender statute defines the accrual date as the later of the date of the appointment as conservator or receiver or "the date on which the cause of action accrues."  *See* 12 U.S.C. § 1821(d)(14)(B).

[11] This column applies the FDIC Extender Statute, under which the applicable statute of limitations for the unjust enrichment claims alleged by the FDIC is the longer of either (1) the three-year period beginning on the date the claim accrues or (2) the period applicable under state law.  12 U.S.C. § 1821(d)(14)(A).

[12] Because the FDIC complaint was filed in New York, the applicable state law limitations period is New York's, unless a shorter limitations period would be applicable under New York's borrowing statute.  Nevertheless, any shorter limitations period is effectively irrelevant because the Extender Statute applies the longer of its three-year limitations period and the applicable state law limitations period.  *See* 12 U.S.C. § 1821(d)(14)(A)(ii).

| Failed Financial Institution[9] | State | FDIC Appointment[10] | State Statute of Limitations for Unjust Enrichment | Relief Requested[11] |
|---|---|---|---|---|
| Amcore Bank, N.A. | IL | April 23, 2010 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| Corus Bank, N.A. | IL | September 11, 2009 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| Washington Mutual Bank | NV | September 25, 2008 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| Amtrust Bank | OH | December 4, 2009 | Three years.  N.Y. C.P.L.R. § 214(3). | Dismissal as to claims that accrued before March 14, 2011. |
| Westernbank Puerto Rico | PR | April 30, 2010 | One year.  P.R. Laws Ann. tit. 28 § 5898(2); *Corey Lanuza v. Medic Emergency Specialties, Inc.*, 229 F. Supp. 2d, 92, 98 (2002) | Dismissal as to claims that accrued before March 14, 2011. |

**Schedule L.4—Dismissal of Unjust Enrichment Claims by NCUA as Untimely**

*Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG* **(13-cv-7394)**
Date Filed: September 23, 2013 (Amended Complaint naming new defendants
filed October 6, 2014)[13]
Alleges conduct occurred from August 2007 – May 2010 (Am. Compl. ¶ 2)

| Failed Financial Institution[14] | State | NCUA Appointment | State Statute of Limitations for Unjust Enrichment | Relief Requested[15] |
|---|---|---|---|---|
| Western Corporate Federal Credit Union | CA | March 29, 2009 | Three years. Kan. Stat. Ann. § 60-512.[16] | (i) Dismissal as to claims against Original Defendants that accrued before September 23, 2010; and (ii) dismissal as to claims against New Defendants that accrued before October 6, 2011. |

[13] As used herein, the "Original Defendants" comprise those Defendants named in NCUA's original complaint filed September 23, 2013: The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank plc, Rabobank, Credit Suisse Group AG, HBOS plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group plc, the Norinchukin Bank, Royal Bank of Canada, the Royal Bank of Scotland Group plc, Société Générale, Westdeutsche Immobilienbank AG, WestLB, and UBS AG. The "NCUA New Defendants" comprise those Defendants that were first named in NCUA's amended complaint filed October 6, 2014: Bank of America Corporation, Bank of America, N.A., Barclays Capital, Inc., Citi Swapco Inc., Citibank, N.A., Citigroup Financial Products, Citigroup, Inc., Credit Suisse Group International, Deutsche Bank AG, HSBC Bank USA, N.A., and HSBC Holdings plc. "Rabobank International" was first named as a defendant in the caption of NCUA's amended complaint filed October 6, 2014. "Rabobank International" is the name by which Rabobank is referred outside of the Netherlands. It is not a legal entity separate from Rabobank. It should be dismissed for this reason.

[14] The below listed financial institutions include only those whose claims the Defendants are moving against on statute of limitations grounds at this time.

[15] Pursuant to the NCUA Extender Statute, the applicable statute of limitations for unjust enrichment claims that did not expire before NCUA was appointed is the longer of the three-year period beginning on the date the claim accrues or the period applicable under state law. 12 U.S.C. § 12 U.S.C. 1787(b)(14)(A). Because the NCUA Extender Statute does not have a "revival" provision like the FDIC Extender Statute, *compare* 12 U.S.C. § 1787(b)(14) *with* 12 U.S.C. § 1821(d)(14)(C), claims that expired before NCUA's appointment are also time-barred.

[16] Under Kansas choice of law rules, Kansas courts apply the Kansas statute of limitations to actions before them. *See Patterson v. Williams*, 500 F. App'x 792, 794 (10th Cir. 2012). Kansas also has a borrowing statute that operates like New York's. *See* Kan. Stat. Ann. § 60-516. Thus, if a cause of action accrues in another state with a shorter limitations period, the court will apply that shorter limitations period. *Id.*

| Failed Financial Institution[14] | State | NCUA Appointment | State Statute of Limitations for Unjust Enrichment | Relief Requested[15] |
|---|---|---|---|---|
| Constitution Corporate Federal Credit Union | CT | September 24, 2010 | Three years.  Kan. Stat. Ann. § 60-512. | (i) Dismissal as to claims against Original Defendants that accrued before September 24, 2007; and (ii) dismissal as to claims against New Defendants that accrued before October 6, 2011. |
| U.S. Central Federal Credit Union | KS | March 29, 2009 | Three years.  Kan. Stat. Ann. § 60-512. | (i) Dismissal as to claims against Original Defendants that accrued before September 23, 2010; and (ii) dismissal as to claims against New Defendants that accrued before October 6, 2011. |
| Members United Corporate Federal Credit Union | IL | September 24, 2010 | Three years.  Kan. Stat. Ann. § 60-512. | (i) Dismissal as to claims against Original Defendants that accrued before September 24, 2007; and (ii) dismissal as to claims against New Defendants that accrued before October 6, 2011. |

| Failed Financial Institution[14] | State | NCUA Appointment | State Statute of Limitations for Unjust Enrichment | Relief Requested[15] |
|---|---|---|---|---|
| Southwest Corporate Federal Credit Union | TX | September 24, 2010 | Two years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). | (i) Dismissal as to claims against Original Defendants that accrued before September 24, 2007; and (ii) Dismissal as to claims against New Defendants that accrued before October 6, 2011. |