IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br><br>ECF Case |
| *City of Riverside* v. *Bank of Am. Corp. et al.* | No. 13-cv-0597 |
| *Cnty. of San Mateo* v. *Bank of Am. Corp. et al.* | No. 13-cv-0625 |
| *E. Bay Mun. Util. Dist.* v. *Bank of Am. Corp. et al.* | No. 13-cv-0626 |
| *City of Richmond* v. *Bank of Am. Corp. et al.* | No. 13-cv-0627 |
| *Cnty. of San Diego* v. *Bank of Am. Corp. et al.* | No. 13-cv-0667 |
| *Regents of the Univ. of Cal.* v. *Bank of Am. Corp. et al.* | No. 13-cv-5186 |
| *Cnty. of Sonoma* v. *Bank of Am. Corp. et al.* | No. 13-cv-5187 |
| *San Diego Ass'n of Gov'ts* v. *Bank of Am. Corp. et al.* | No. 13-cv-5221 |
| *Cnty. of Sacramento* v. *Bank of Am. Corp. et al.* | No. 13-cv-5569 |
| *Cnty. of Mendocino* v. *Bank of Am. Corp. et al.* | No. 13-cv-8644 |
| *Amabile et al.* v. *Bank of Am. Corp. et al.* | No. 13-cv-1700 |
| *Maragos* v. *Bank of Am. Corp. et al.* | No. 13-cv-2297 |
| *Federal Home Loan Mortg. Corp.* v. *Bank of Am. Corp. et al.* | No. 13-cv-3952 |
| *City of Houston* v. *Bank of Am. Corp. et al.* | No. 13-cv-5616 |
| *The Charles Schwab Corp. et al.* v. *Bank of Am. Corp. et al.* | No. 13-cv-7005 |
| *Nat'l Credit Union Admin. Bd.* v. *Credit Suisse Grp. AG et al.* | No. 13-cv-7394 |
| *Triaxx Prime CDO 2006-1 Ltd. et al.* v. *Bank of Am. Corp. et al.* | No. 14-cv-0146 |
| *Federal Deposit Ins. Corp.* v. *Bank of America Corp. et al.* | No. 14-cv-1757 |
| *Bay Area Toll Authority* v. *Bank of Am. Corp. et al.* | No. 14-cv-3094 |

### DECLARATION OF DOMINICK R. SABELLA IN SUPPORT OF THE BANK OF TOKYO-MITSUBISHI UFJ, LTD.'S MOTION TO DISMISS THE DIRECT ACTIONS FOR LACK OF PERSONAL JURISDICTION

I, Dominick R. Sabella, hereby declare:

1. I am Managing Director and Comptroller of the New York branch of The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU"). I submit this declaration in further support of BTMU's motion to dismiss the above-captioned actions (the "Direct Actions") for lack of personal

jurisdiction. I have personal knowledge of the facts set forth herein based on my work at BTMU and my review of BTMU's records.

2. BTMU is a financial institution incorporated in Japan under the Company Law. Its headquarters are and have been located at 2-7-1, Marunouchi, Chiyoda-ku, Tokyo, Japan. BTMU's principal place of business is and has been in Japan.

3. Currently, BTMU has over 700 branches in Japan. It has dozens of branches or representative or other offices in more than forty other countries around the world.

4. BTMU challenges the assertion of personal jurisdiction over it in all U.S. jurisdictions in which actions have been commenced alleging unlawful activity involving the London Interbank Offered Rate ("Libor") and naming BTMU a defendant. For purposes of this motion to dismiss the Direct Actions for lack of personal jurisdiction, five jurisdictions are relevant: California, Kansas, New York, Texas and Virginia.

    4.1. At all relevant times, BTMU had a single branch in New York.

    4.2. Until March 2012, BTMU had two branches in California, one in San Francisco and one in Los Angeles. Since March 2012, BTMU has had one branch in California (Los Angeles) and one representative office (San Francisco).

    4.3. At all relevant times, BTMU had one agency (Houston) and one office (Dallas) in Texas.

    4.4. BTMU never has had a branch or office in Kansas or Virginia.

5. In addition, during the relevant period, BTMU had one or two other branches in the United States and five to seven other banking or representative offices or agencies. BTMU also had several subsidiaries in the United States.

6. At all relevant times, BTMU's operations in the United States were small when compared to its global operations.

    6.1. For the fiscal year ending March 2011, all of BTMU's branches and offices in the United States generated just 3.72% of BTMU's gross revenue and 7.58% of its ordinary profit.

    6.2. For the fiscal year ending March 2012, all of BTMU's branches and offices in the United States generated just 4.22% of BTMU's gross revenue and 7.26% of its ordinary profit.

    6.3. For the fiscal year ending March 2013, all of BTMU's branches and offices in the United States generated just 5.6% of BTMU's gross revenue and 6.74% of its ordinary profit.

    6.4. For the fiscal year ending March 2014, all of BTMU's branches and offices in the United States generated just 6.74% of BTMU's gross revenue and 5.92% of its ordinary profit.

7. BTMU's operations in the United States also are small when measured by the number of full-time employees in the United States.

    7.1. As of March 2011, there were 1,707 full-time BTMU employees in the United States, or 4.9% of the 34,797 full-time employees of BTMU worldwide.

    7.2. As of March 2012, there were 1,641 full-time BTMU employees in the United States, or 4.6% of the 35,480 full-time employees of BTMU worldwide.

    7.3. As of March 2013, there were 1,862 full-time BTMU employees in the United States, or 5.1% of the 36,499 full-time employees of BTMU worldwide.

7.4. As of March 2014, there were 2,344 full-time BTMU employees in the United States, or 6.2% of the 37,527 full-time employees of BTMU worldwide.

8. None of BTMU's U.S. branches, offices or agencies ever has been responsible for or involved with the determination or submission of rates to the British Bankers' Association in the United Kingdom for use in the calculation of Dollar Libor. I understand that the BTMU employees responsible for these submissions are located in London, United Kingdom and have made the submissions from London, United Kingdom.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November 2014 in New York City, New York.

_____
Dominick R. Sabella