UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to:

FEDERAL DEPOSIT INSURANCE CORPORATION as
receiver for AMCORE BANK, N.A., et al.,

                              Plaintiffs,

          - against -

BANK OF AMERICA CORPORATION, et al.,

                              Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

11 MD 2262 (NRB)
14 Civ. 1757 (NRB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2014

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Pending before this Court is a motion of Sharon Sklarov and Val Sklarov to intervene in a non-class action (the "FDIC Action") filed by the Federal Deposit Insurance Corporation (FDIC) as receiver for thirty-eight defunct banks (the "Closed Banks"). Mot. to Intervene, 14 Civ. 1757, ECF No. 27.[1] We deny the motion.

---

[1] Except where noted, all ECF citations refer to the docket in the main MDL case, 11 MD 2262.
  The FDIC filed its opposition on October 27, 2014 (14 Civ. 1757, ECF No. 36). The Sklarovs filed a reply on November 12, 2014 (14 Civ. 1757, ECF No. 82), without permission of the Court, nearly a week after the deadline for filing such a reply. See S.D.N.Y. Loc. Civ. R. 6.1(b) (requiring replies to be served within seven days after the service of answering papers); Fed. R. Civ. P. 6(d) (allowing three additional days to respond to papers served electronically). We find nothing in the Sklarovs' untimely reply to alter our view that the Sklarovs' motion is meritless.

1

I.    PROCEDURAL HISTORY

   A.   The FDIC Action

   The FDIC alleges that the banks on the LIBOR panel had persistently suppressed LIBOR and had manipulated LIBOR to benefit their own trading positions.  See Compl. ¶¶ 48-74, Mar. 14, 2014, 14 Civ. 1757, ECF No. 2, amended as Am. Compl. ¶¶ 81-116, Oct. 7, 2014, 14 Civ. 1757, ECF No. 23; see generally In re Libor-Based Fin. Instruments Antitrust Litig. (LIBOR I), 935 F. Supp. 2d 666, 676-81, ECF No. 286 (S.D.N.Y. Mar. 29, 2013).  According to the FDIC, this manipulation caused the Closed Banks to lose money on financial instruments, such as interest-rate swaps, whose value was determined with reference LIBOR.  See Am. Compl. ¶¶ 127-28.  The FDIC deploys a wide array of legal theories against each of the panel banks; affiliates of the panel banks that had traded directly with the Closed Banks; and the British Bankers' Association and its affiliates, which had administered the calculation of LIBOR.

   Defendants recently moved to dismiss the FDIC Action and other non-class action cases in this MDL, and briefing is well underway.  See Mot. to Dismiss Direct Action Claims, Nov. 5, 2014, ECF No. 741.

   B.   The Sklarov Action

   The Sklarovs claim to be beneficiaries of a trust that owns a certain parcel of commercial property in South Holland,

2

Illinois. See Compl. ¶¶ 1-3, 14 Civ. 1757, ECF No. 82-1 (Sklarov Compl.).[2] This property is burdened by a loan whose (default) interest rate is defined with reference to LIBOR. See Sklarov Compl. ¶ 14. It appears that the Sklarovs are in default on this debt and have been litigating against their mortgagee, BMO Harris Bank N.A., for nearly three years. See Sklarov Compl. ¶¶ 5-13 (describing a failed negotiation in 2012); Sklarov v. BMO Harris, N.A., No. 13 CH 959 (Ill. Cir. Ct., Cnty. Dep't, Ch. Div.) (filed Jan. 11, 2013; dismissed Sept. 12, 2013; re-filed Dec. 10, 2013; dismissed Feb. 14, 2014; re-filed Feb. 28, 2014; dismissed May 1, 2014; re-filed Aug. 7, 2014). The Sklarovs now claim, both here and in Illinois state court, that their interest rate was fraudulent and that BMO Harris was therefore required to compute the Sklarovs' interest payments based on a hypothetical "rate determined by competitive and legitimate market forces." Mot. to Intervene 7.

The only connection between the Sklarovs and the FDIC is that one of the Closed Banks (Amcore Bank) happens to have originated the Sklarovs' loan (which has since been superseded at least three times by amended and restated notes). Sklarov Compl. ¶¶ 33, 78. When Amcore became insolvent, the Sklarovs'

---

[2] We take these allegations from a proposed complaint that the Sklarovs attached to their untimely reply brief. Although the Sklarovs' failure to file a timely "pleading that sets out the claim . . . for which intervention is sought," Fed. R. Civ. P. 24(c), might be sufficient for us to reject the Sklarovs' application, we prefer to reject the application for its utter lack of merit.

3

loan passed through the FDIC to BMO Harris. Sklarov Compl. ¶ 34. The Sklarovs, however, make no suggestion that either Amcore or the FDIC committed any wrongdoing with respect to the Sklarovs' delinquent loan.

Furthermore, the FDIC and the Sklarovs rely on starkly different factual theories. The FDIC aims to show that LIBOR was consistently suppressed. The Sklarovs, on the other hand, appear to believe that they overpaid interest because LIBOR was, at least on some dates, inflated.

## II. DISCUSSION

### A. Intervention as of Right

A non-party may intervene in a federal proceeding as of right when,

> [u]pon timely application, . . . the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

Putting aside the question of timeliness, we cannot discern what the Sklarovs' purported interest in the FDIC Action is, let alone why it is "significantly protectable and direct as opposed to remote and contingent." United States v. New York, 820 F.2d 554, 558 (2d Cir. 1987). The Sklarovs merely state: "Plaintiff

4

[sc. the Sklarovs] asserts an Interest in the Transaction that is the subject of the Action. Plaintiff has a direct interest in the litigation. Plaintiff relied on the credibility of the LIBOR rates and entered into transactions resulting in damages." Mot. to Intervene 11.

This is wholly inadequate. There is no connection between the Sklarovs and the FDIC, other than that the FDIC coincidentally held a previous incarnation of a note that the Sklarovs now accuse the FDIC's successor of breaching. Both actions are related in some manner to LIBOR, but so are fifty other cases before us. And no conceivable outcome in the FDIC Action will affect the merits of the Sklarovs' case against BMO Harris or the remedies available to the Sklarovs.[3]

### B. Intervention by Permission

A court may permit a party to intervene if that party has a "claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising our discretion, we must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and we may also consider "the nature and extent of the intervenors' interests

---

[3] The Sklarovs' reply argues that "[t]here is an interest for the [Sklarovs] to have a fair interest rate rather than a fraudulently manipulated one." Reply 7. The question on a motion to intervene as of right, though, is not whether the Sklarovs have an interest in the merits of their own case, but whether the Sklarovs have an interest in the disposition of the FDIC's case. They have none.

5

. . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978).

The Sklarovs' motion meets the threshold requirement that some question of law or fact be common to both disputes, as both the Sklarovs' mortgage dispute and the FDIC Action depend to some extent on the basic factual questions of whether LIBOR was manipulated, in which direction, and by how much.

But the similarities end there. As described above, the Sklarovs' dispute with BMO Harris has essentially nothing to do with the FDIC's dispute with LIBOR panel banks, the Sklarovs have no cognizable interest in the FDIC Action, and the Sklarovs' complaint that LIBOR was fraudulently inflated is incompatible with the FDIC's primary complaint that LIBOR was fraudulently suppressed.

Moreover, the Sklarovs do not demonstrate that they will assist in any way to develop the legal or factual questions relevant to the FDIC Action. We already enjoy the assistance of dozens of competently counseled parties whose interests in the FDIC Action and related cases are genuine. We consider it far more likely that the Sklarovs would muddle this litigation with extraneous issues related to their particular mortgage, their claims under Illinois law, and their distinct factual theories,

thereby distracting both this Court and the parties from the FDIC's own claims and from the broader MDL.

### III. CONCLUSION

For the foregoing reasons, the Sklarovs' motion to intervene is denied. The clerk is directed to terminate ECF No. 27 in 14 Civ. 1757.

**IT IS SO ORDERED.**

Dated:  New York, New York
        November 14, 2014

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

7