SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

November 18, 2014

BY HAND AND ECF

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*
      USDC, Southern District of New York, Case No. 11-md-2262 (NRB)

Dear Judge Buchwald:

We write on behalf of the OTC plaintiffs in response to issues raised in the November 5, 2014 letter from counsel from Royal Bank of Scotland Group, plc ("RBS Group") and Citizens Bank, N.A., f/k/a RBS Citizens Bank of Massachusetts ("Citizens") (collectively, "RBS").

By way of background, by letter of August 20, 2014 (Dkt. No. 627), the OTC plaintiffs sought leave to file a proposed Third Consolidated Amended Complaint (TAC), which (a) added the plaintiffs in the previously filed *SEIU* and *Highlander Realty* actions as plaintiffs in the OTC actions, with factual allegations related to the relevant entities and transactions in those cases (*id.* at 2–3), (b) added additional plaintiffs Miami Children's Hospital and Jennie Stuart Medical Center (*id.* at 3–4), and (c) added agency allegations related to the Credit Suisse defendants (*id.* at 1–2 & n.1) and the RBS defendants (related to the *Highlander Realty* action).

By order of September 5, 2014, the Court granted the OTC plaintiffs leave to add the plaintiffs in the previously filed *SEIU* and *Highlander Realty* actions as plaintiffs in the OTC action. Dkt. No. 638. However, the Court has not yet ruled on the OTC plaintiffs' request to add Miami Children's Hospital and Jennie Stuart Medical Center or on the OTC plaintiffs' agency allegations.

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
November 18, 2014
Page 2

RBS's November 5 letter (Dkt. No. 732) raises three issues.

**First,** RBS states that it wishes to move to dismiss the claims asserted against it in the TAC by the former *Highlander Realty* plaintiff. Specifically, RBS argues that the claims against it should be dismissed because (a) RBS Group itself is a non-counterparty, (b) the Court lacks personal jurisdiction over RBS Group, and (c) Citizens Bank was not involved in setting LIBOR. Dkt. No. 732.

These arguments are without merit. First, the agency allegations in the TAC allege in detail how RBS Group used Citizens Bank as its agent to conduct banking activities in the United States. *See* TAC ¶¶ 35–38. The Court has not yet considered these allegations. Second, any personal jurisdiction argument by RBS has been waived. *See* F.R.C.P. 12(g)(2). It is also belied by the factual allegations going back to the original complaint, which allege in detail RBS Group's conspiracy with other banks based in New York, its participation in LIBOR manipulation affecting billions of dollars of commerce with New York institutions, and (in the TAC) its agent's entry into an ISDA agreement specifying New York as governing law.

**Second**, RBS's November 5 letter highlights previous pre-motion letters by Credit Suisse Group AG ("CSGAG") and Credit Suisse International ("CSI") related to personal jurisdiction and limitations for unjust enrichment. *See* Dkt. No. 732 at 2.

These arguments are without merit. The OTC plaintiffs previously explained why jurisdiction is proper against CSGAG (Dkt. No. 732), and plaintiffs in other actions have explained why the unjust enrichment cause of action is not time-barred as against CSI (*see* Dkt. No. 625). The jurisdictional argument has not only been waived, but jurisdiction was adequately alleged, given the detailed allegations of CSGAG's participation in activities in New York. *See* Dkt. No. 732.[1] And on limitations as it relates to CSI, at the very least, *American Pipe* tolled limitations that might arguably have run against plaintiff Texas Competitive Energy Holdings (TCEH). The Texas limitations period cited by CSI (Dkt. No. 589) cannot apply in light of the allegations in the complaint showing that New York has the most significant relationship to the unjust enrichment cause of action, including the fact that TCEH's swap contains a

---

[1] Although the Court ruled on October 8, 2014, that CSGAG should be dismissed as a non-counterparty defendant (Dkt. No. 682), which would moot CSGAG's personal jurisdiction argument, the Court has not yet had an opportunity to rule on whether the agency allegations in the TAC, which the Court has not considered, would permit claims against CSGAG.

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
November 18, 2014
Page 3

choice of law provision selecting New York law. *See Zoll v. Ruder Finn, Inc.*, No. 01 CIV. 1339(CSH), 2004 WL 42260, at *4 (S.D.N.Y. Jan. 7, 2004) (applying New York law to an unjust enrichment claim because "New York is the jurisdiction that 'has the most significant relationship' to the present cause of action."). Instead, New York's six-year limitations period applies because plaintiffs' "unjust enrichment and breach of contract claims are based upon the same facts[.]" *Maya NY, LLC v. Hagler*, 965 N.Y.S.2d 475, 477 (1st Dep't 2013). And as discussed by other plaintiffs' pre-motion letters, *see* Dkt. No. 625, any limitations has been tolled because "New York courts have . . . long embraced the principles of *American Pipe*." *Cullen v. Margiotta*, 811 F.2d 698, 719 (2d Cir. 1987) (collecting cases). "[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420 (S.D.N.Y. 2013). CSI cannot make that showing here.

**Third**, RBS's November 5 letter raises the possibility that unnamed "defendants" or "other defendant entities" may seek to move to dismiss claims against them in the TAC either on jurisdiction grounds or because they were not alleged to be involved in setting LIBOR. Dkt. No. 732 at 2.

However, the time for asserting additional grounds for motions to dismiss has come and gone. *See* F.R.C.P. 12(g)(2). As for the issues raised in previous pre-motion letters by RBS, CSGAG, and CSI, although counsel for the OTC plaintiffs believes these arguments lack merit, if RBS, CSGAG, and CSI wish to continue to press these arguments, they can be briefed on the same schedule as the motions to dismiss in the previously stayed class actions: motions on January 16, 2015 oppositions on February 27, 2015, and replies on March 17, 2015. *See* Dkt. No. 826.

For these reasons, OTC plaintiffs respectfully request that the Court order that the TAC be filed.

Respectfully submitted,

William Christopher Carmody
SUSMAN GODFREY LLP

Cc:  All Counsel (By ECF)