**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

December 1, 2014

Via Facsimile and ECF

Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:     *In re LIBOR-Based Financial Instruments Antitrust Litigation,*
        No. 11-md-2262 (NRB)

Dear Judge Buchwald:

Pursuant to Local Rule 7.1(d) and Rule 2.A of Your Honor's Individual Practices, I write on
behalf of all of the Direct Action Plaintiffs ("DAPs") to request permission to file omnibus
oppositions in excess of the 25-page limit set by Rule 2.B of the Court's Individual Practices in
response to Defendants' seven separate subject-matter motions to dismiss under Fed.R.Civ.P.
12(b)(6).  The oppositions are due December 8, 2014.  For the reasons explained below, we
believe that in the unique context of this MDL litigation, this is one of the rare instances where
relief from the page limits will result in more focused briefs, less potential for redundancy, and
the Court having to read significantly fewer pages of briefs.

By way of background, on November 5, 2014, defendants filed and served "subject-matter"
briefs in support of motions to dismiss directed at all of the DAPs.  For example, Defendants
filed a 50-page brief in support of a motion[1] to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6) in
which they assert that "plaintiffs" failed to adequately plead common law fraud.  There are seven
such subject-matter briefs.[2]  In addition, Defendants filed a single motion and brief challenging
personal jurisdiction pursuant to Fed.R.Civ.Proc. 12(b)(2) in each of the DAP forum states.  All
told, defendants' briefing totaled approximately 225 pages.

---

[1]  As the Court will recall, the DAPs did not oppose, and this Court granted, Defendants' request for relief from the
page limits for Defendants' omnibus fraud motion.

[2]  For the sake of brevity, we use the short hand employed by defendants to describe their briefs:  Prior Rulings
Brief; Fraud Brief; Tortious Interference Brief; Consumer Claims Brief; Schwab Securities Brief; Injunctive Relief
Brief.  Societe Generale also filed an additional motion to dismiss against the plaintiffs that sued it under Rules
12(b)(2) and 12(b)(6).

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
December 1, 2014
Page 2

We have contacted liaison counsel for defendants to obtain defendants' position on our request. He responded that our request is "disproportionate" and would affect their ability to prepare replies on the schedule set by the Court.[3] We respectfully disagree. First, DAPs' proposal will limit the number of pages DAPs are permitted to submit, not increase them, so the burden on defendants will be lesser, not greater. Second, DAPs are entitled to have their complaints addressed on the merits. Defendants' briefing addressed general arguments such as "plaintiffs" as a group "fail to allege" or words to that effect. By contrast, the DAPs' oppositions will provide the Court with the analysis of those specific allegations so that the Court can address each DAP's allegations on the merits rather than on the basis of the generic attack offered by defendants.

To be clear, DAPs believe that they are requesting far fewer, not more, total pages than allowed by the Court's Individual Practices. Those practices would appear to authorize each DAP (or group of DAPs that have filed a collective complaint) to file separate 25-page oppositions to each of the seven subject-matter motions, or 175 pages in total in seven oppositions. Those oppositions would necessarily involve duplicative recitations of fact, procedural background and discussions of the appropriate legal standards under state and federal law. We respectfully submit that the more economical and manageable approach would be for each DAP (or group of DAPs) to submit one consolidated brief of more than 25 pages (as specified below) opposing the subject-matter motions directed at it (or them). (In addition, DAPs plan to oppose the personal jurisdiction motions on a state-by-state, rather than plaintiff-by-plaintiff, basis to further limit the number of oppositions and total paper filed with the Court.)

For example, our Firm filed two Complaints, one in Virginia on behalf of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and one in New York on behalf of the Federal Deposit Insurance Corporation as Receiver for 38 Closed Banks ("FDIC-R"). These complaints were the target of four subject-matter dismissal motions as well as the personal jurisdiction motion. To our understanding, the Court's practices would authorize these agencies to file ten 25-page briefs (assuming no enlargement to respond to Defendants' 50-page fraud motion) for 250 pages of briefing in total. If permitted, however, Freddie Mac and the FDIC-R would file just one opposition to the subject-matter motions consisting of no more than 100 pages or 100 pages fewer than the Court's practices appear to authorize. In addition, Freddie Mac as the lone plaintiff that originally filed in Virginia would file a separate 25-page opposition to the personal

---

[3] Defense liaison counsel, Robert Wise, has authorized us to quote his response to our proposal: "While defendants would of course consent to page enlargements for opposition briefs in line with those granted for the moving papers (defendants filed seven briefs covering the issues in all seventeen non-class actions being challenged, of which one was enlarged to 50 pages), defendants believe plaintiffs' request is disproportionate and excessive and cannot consent to it. Defendants are concerned both about the total number of briefs and pages and about the impact such filings would have on their ability to prepare replies in the fifteen day period set by the Court. Defendants will, of course, abide by whatever directions the Court issues."

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
December 1, 2014
Page 3

jurisdiction motion.  The FDIC-R would join with the other DAPs that originally filed in New York (there are seven such cases) would file a single consolidated 25-page opposition addressing the arguments made by those Defendants challenging personal jurisdiction in New York.

The plaintiffs represented by Quinn Emanuel (Prudential, Salix, City of Philadelphia, and Susquehanna), Cotchett Pitre (15 California governmental entities and the City of Houston), and Robins Kaplan (Principal Funds and Principal Financial Group) each also request permission to file opposition memoranda of up to 100 pages on behalf of their respective clients collectively (300 pages instead of the 900 pages they would be permitted under the Court's practices).[4]  In addition, the following plaintiffs seek enlargement of the page limitation as follows:  the Schwab Plaintiffs (consisting of 14 entities) and the Bay Area Toll Authority ("BATA") represented by Lieff Cabraser Heimann & Bernstein, LLP seek to file (one collective brief of no more than 60 pages -- i.e., 10 pages more than the 50 pages Schwab and BATA would be afforded to respond in separate briefs of 25 pages each -- to respond to the six claim-specific subject-matter briefs directed at them (and to include plaintiff-specific arguments regarding personal jurisdiction[5]; Fannie Mae (30 pages); NCUA (30 pages); Maragos (30 pages); and Amabile (30 pages).  These individual DAPs are able to keep their requests to this level because DAPs are coordinating and these individual DAPs intend to join in aspects of the more fulsome subject-matter oppositions filed by the other DAPs identified above

Although this proposal would allow DAPs to consolidate their oppositions into a single memorandum exceeding 25-pages, it would nevertheless drastically curtail the total number pages filed with the Court.  In addition, the DAPs would present the Court with discrete memoranda focusing on the specific allegations in their respective complaints and specifically addressing how those allegations rebut Defendants' arguments.  We strongly believe that this proposal would provide both the Court and the DAPs with the most efficient way to respond to the motions while preserving each DAP's right  to properly respond to attacks on their respective pleadings.

---

[4]  Quinn Emanuel (4 complaints x 4 motions x 25 = 400 pages); Cotchett Pitre (2 complaints x 6 motions x 25 = 300 pages); Robins Kaplan (2 complaints x 4 motions x 25 = 200 pages).

[5]  Though the Schwab Plaintiffs took part in the first round of motion-to-dismiss briefing in 2012, many of the claims now at issue, as well as Defendants' arguments regarding personal jurisdiction, were not addressed in those briefs.  BATA – whose case until recently, had been stayed – was not involved in that prior briefing.

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Honorable Naomi Reice Buchwald
December 1, 2014
Page 4

Thank you for your consideration of this request.

Respectfully submitted,

Richard J. Leveridge
(202) 420-4778 direct dial
(202) 379-9325 direct fax
leveridger@dicksteinshapiro.com

cc:      All Counsel of Record (by ECF)