# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

December 2, 2014

Re:   *LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Via ECF and Hand Delivery

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007-1312

Dear Judge Buchwald:

      This letter is submitted on behalf of defendants in response to the December 1, 2014 letter to the Court from liaison counsel for the non-class (or "direct action") plaintiffs requesting page enlargements for their briefs in opposition to defendants' motions to dismiss.

      In an effort to simplify the briefing and avoid redundancy, defendants filed seven joint briefs, each addressed to a type of claim or defense, in which they consolidated their arguments with respect to seventeen separate non-class amended complaints.  Six of those seven briefs are 25 pages or less;[1] defendants requested and were granted an enlargement to 50 pages for the seventh.  As filed, the joint briefs total 175 pages,[2] less than half the 425 pages that would have resulted had defendants jointly filed separate 25 page briefs with respect to each of the seventeen amended complaints.

      As best we understand Mr. Leveridge's letter, rather than follow this course and consolidate their arguments, plaintiffs propose to file nine oppositions, one by each of the nine different plaintiffs' law firms in the seventeen cases, to the six joint defense briefs addressed to

---

[1] Defendants' briefs with respect to their motions to dismiss plaintiffs' claims for equitable relief and the Schwab plaintiffs' securities claims are 25 pages *combined*.

[2] One defendant, Societe Generale, also filed a separate brief of 15 pages with respect to certain issues unique to it.

the substantive claims.  Four plaintiffs' firms request 100 pages each (Dickstein Shapiro, Quinn Emanuel, Cotchett Pitre, and Robins Kaplan); one requests 60 pages (Lieff Cabraser); and four request 30 pages each (counsel in Fannie Mae, NCUA, Maragos, and Amabile).  In addition, some plaintiffs' firms (those that filed in Virginia and New York) also intend to file two briefs of 25 pages each in opposition to the single 25-page brief submitted by defendants with respect to personal jurisdiction.  Altogether, plaintiffs propose to file 630 pages in response to the less than 200 granted to (and 175 actually filed jointly by) defendants.

While as a matter of courtesy, defendants would be happy to consent to a reasonable page enlargement request, plaintiffs' request is highly disproportionate and would pose an unfair burden on both the Court and defendants, who made substantial efforts to consolidate and streamline their arguments in joint briefs, all of which but one were kept within the 25-page limit.  The Court has set a briefing schedule that gives defendants fifteen days (December 8 to 23) to reply.  Coordination and review within a group of seventeen separately represented defendants will be a challenge under any circumstances, but will be virtually impossible if defendants must reply to over 600 pages of opposition briefs, in which the arguments addressed to any particular claim are stated and restated nine different ways by nine different plaintiffs' firms in nine different opposition briefs (plus two different personal jurisdiction briefs). .

Defendants should not be penalized for having coordinated their drafting and for working together to consolidate their arguments in joint briefs.  Defendants' organization based on subject matters achieved considerable efficiencies by consolidating arguments applicable across multiple complaints, whereas plaintiffs' proposal based solely on law firms makes no sense and achieves no efficiencies; to the contrary, it virtually assures considerable redundancy.  If plaintiffs cannot or will not work together to file joint briefs and to consolidate their arguments as to claims common across multiple amended complaints, such as fraud, tortious interference, and unfair competition, then it is hard to see a justification for page enlargements, particularly of the magnitude requested by plaintiffs.  If there were no enlargements and each of the nine plaintiffs' firms filed a 25-page opposition brief addressed to the substantive claims, and if they also jointly filed one 25-page joint brief on personal jurisdiction, the total (250 pages) would still be substantially more than defendants were granted or actually filed.

We are of course available at the Court's convenience should Your Honor wish further submissions or to confer with counsel on this issue.

Respectfully yours,

*(signature)*

Robert F. Wise

cc:  All counsel (via ECF)