**MEMO ENDORSED**

MEMO ENDORSED



Hughes
Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/02/2014
```

RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD
NOV 26 2014
UNITED STATES COURT JUDGE

November 26, 2014

BY ECF AND FACSIMILE

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re LIBOR-Based Financial Instruments Antitrust Litigation*
             USDC, Southern District of New York, 11-md-2262 (NRB)
             This letter relates to *Maragos v. Bank of America Corp., et al.* 13-cv-2297
             (NRB)

Dear Judge Buchwald:

       We write on behalf of Defendants Portigon AG (f/k/a WestLB AG) ("Portigon") and Westdeutsche ImmobilienBank, AG ("WestImmo") with regard to *Maragos v. Bank of America Corp., et al*, No. 13-cv-2297 (NRB).

       Portigon and WestImmo were defendants in *Maragos v. Bank of America Corp.*, which was originally filed on or about November 27, 2012 in the Supreme Court of the State of New York, Nassau County, Index No. 12/014496. In December 2012, a group of Defendant banks including Portigon removed *Maragos* to the United States District Court for the Eastern District of New York (Maragos Dkt. 1). In January 2013, Plaintiff voluntarily dismissed the action against Portigon and WestImmo pursuant to F.R.C.P. 41(a)(1)(A)(i) (Maragos Dkt. 48). The voluntary dismissal was so-ordered on January 18, 2013 by Judge Arthur D. Spatt, and the caption was amended accordingly (Maragos Dkt. 52). Subsequently, in April 2013, the JPML ordered that the case be transferred to the Southern District of New York, and assigned to Your Honor for inclusion in the LIBOR MDL (Maragos Dkt. 69).

      Pursuant to Your Honor's September 5, 2014 Order (MDL Dkt. 638), Plaintiff filed an amended complaint on October 6, 2014. The amended complaint appears only on its individual docket (Maragos Dkt 118) and not in the MDL docket. On November 24, 2014, well after the Defendant banks filed their motions to dismiss directed to the Direct Action amended complaints, Plaintiff served Portigon and WestImmo with copies of the amended complaint, which was its first notice to them that it had re-named them as defendants.

MEMO ENDORSED

Portigon and WestImmo seek to join, as regards *Maragos*, each of the November 5, 2014 motions to dismiss directed to the *Maragos* action (MDL Dkts. 741, 743, 745, 746, 747, 754 and 756; Maragos Dkts. 147, 148, 151, 153, and 154). Portigon and WestImmo are already signatories to these motions with respect to other plaintiffs, and simply seek to assert the same arguments as against Maragos as well. Portigon and WestImmo therefore respectfully request that the Court order that each of the above-listed motions, along with Portigon's and WestImmo's two Declarations in support of their motion to dismiss for lack of personal jurisdiction (MDL Dkts. 786 and 787), be deemed asserted as against *Maragos* as well. There are no separate facts or arguments specific to these defendants that would prejudice Plaintiff in any way. We have conferred with counsel for Plaintiff and they have informed us that they have no objection to the proposed course of action.

So Ordered.

[signature]
USDJ
12/1/14

Sincerely,

[signature]

Christopher M. Paparella