UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This document applies to:

EXCHANGE-BASED PLAINTIFF ACTION:

FTC CAPITAL GMBH et al.,
                              Plaintiffs,

        - against -

CREDIT SUISSE GROUP AG et al.,
                              Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

11 MDL 2262 (NRB)
11 Civ. 2613 (NRB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/02/2014

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before this Court is a motion for preliminary approval of a proposed settlement between a putative class and defendant Barclays Bank plc ("Barclays"). Because the proposed settlement is sufficiently reasonable to merit notice to the class and fuller development of the record, we grant the motion. However, we have lingering concerns regarding certain aspects of the proposed settlement, and therefore require that the proposed class notice adequately explain how counsel propose to allocate the settlement fund amongst categories of class members with divergent interests.

## I. BACKGROUND

This multi-district litigation involves fifty-one related cases filed against member banks of the London Interbank Offer Rate ("LIBOR") Panel and related entities (collectively, "defendants"). Plaintiffs in these cases allege that defendants, such as Barclays Bank plc ("Barclays"), artificially suppressed or inflated U.S.-dollar LIBOR by misreporting their borrowing costs to the organization that calculated LIBOR.

Plaintiffs in FTC Capital GmbH v. Credit Suisse Group AG (the "Exchange-Based Action") represent a putative class of "[a]ll Persons (other than Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators) that transacted in LIBOR-based Eurodollar futures or options on exchanges such as the Chicago Mercantile Exchange between January 1, 2005 and May 31, 2010." Settlement Agreement ¶ 4, Oct. 8, 2014, ECF No. 680, Att. 3; see also Am. Cons. Class Action Compl. ¶ 221, Apr. 30, 2012, ECF No. 134 (defining a similar putative class).[1]

In a series of three substantial opinions, we addressed motions to dismiss several actions, including the Exchange-Based Action.[2] Of particular consequence here, we held (1) that the

---

[1] All ECF citations are to the docket in case number 11-md-2262.
[2] See In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR I), 935 F. Supp. 2d 666, ECF No. 286 (S.D.N.Y. 2013); In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR II), 962 F. Supp. 2d 606, ECF No. 389 (S.D.N.Y. 2013); In re LIBOR-Based Fin. Instruments Antitrust Litig.

Exchange-Based Plaintiffs had not pleaded "antitrust injury," see LIBOR I, 935 F. Supp. 2d at 685-95, slip op. at 24-47; and (2) that the Exchange-Based Plaintiffs had adequately pleaded claims under the Commodities Exchange Act[3] for the manipulation of Eurodollar futures contracts, see id. at 713-19, slip op. at 98-111; but (3) that CEA claims based on transactions between August 2007 and April 15, 2009, were time-barred, see id. at 697-713, slip op. at 54-94; LIBOR III, 2014 WL 2815645 at *14-19, slip op. at 40-56. Furthermore, we recently denied the Exchange-Based Plaintiffs' request to add claims for sporadic trader-based manipulation after August 2007. See Memorandum & Order, 2014 WL 6488219 at *1-3, ECF No. 848 at 2-9 (S.D.N.Y. Nov. 18, 2014).

## II.  THE PROPOSED SETTLEMENT

In October 2014, the Exchange-Based Plaintiffs and Barclays entered into a settlement agreement (the "Proposed Settlement"), conditioned on judicial approval of the creation of a settlement class and of the settlement itself.  Under the terms of the Proposed Settlement, Barclays will cooperate in producing documents and other information and will create a settlement fund of $19,975,000; in exchange, Barclays will received a general release from the entire class.

---

(LIBOR III), ___ F. Supp. 2d ___, 2014 WL 2815645, 2014 U.S. Dist. LEXIS 86765, ECF No. 568 (S.D.N.Y. June 23, 2014).
[3] Commodities Exchange Act ("CEA"), 7 U.S.C. §§ 1-25 (2006).

3

The Proposed Settlement provides that, except for certain fees and costs, the settlement fund will be distributed entirely to class members.[4] However, the Proposed Settlement does not describe how the fund will be allocated among class members. In particular, the Proposed Settlement does not address the extent to which time-barred claims (i.e., those based on trades between August 2007 and April 15, 2009) will be discounted relative to timely claims (i.e., those based on trades before August 2007 or after April 15, 2009).

The Exchange-Based Plaintiffs filed a motion for preliminary approval of the Proposed Settlement. On October 27, 2014, the Exchange-Based Plaintiffs and Barclays presented the Proposed Settlement in open court. Our discussion with counsel focused on the unaddressed tensions between those class members with timely claims and those with time-barred claims—whether we can proceed with preliminary approval in the absence of a specific allocation plan, and whether separate named plaintiffs and class counsel should be designated to represent the two categories of class members in order to protect their apparently divergent interests. Following the hearing, the Exchange-Based Plaintiffs filed a supplemental brief to address these issues.

---

[4] No money will revert to Barclays, even if the settlement fund retains a balance after all distributions. Instead, plaintiffs' counsel will submit a supplemental distribution plan.

4

## III. DISCUSSION

Preliminary approval is "not tantamount to a finding that [a proposed] settlement is fair and reasonable." In re Traffic Exec. Ass'n—E. R.R.s, 627 F.2d 631, 634 (2d Cir. 1980). Instead, at this stage, we need only decide whether the terms of the Proposed Settlement are "at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). This requires at least "what might be termed 'probable cause,'" Traffic Exec., 627 F.2d at 634, that the Proposed Settlement will ultimately be found fair and reasonable.

In this instance, we grant the motion for preliminary approval, as there are enough factors to suggest that the Proposed Settlement is viable. First, the Proposed Settlement is the result of arm's-length negotiations between counsel who have been involved in this litigation from the outset.[5] Second, it is reasonable to expect that the Exchange-Based Plaintiffs will benefit considerably from Barclays's cooperation in producing evidence to use against the many non-settling defendants. See, e.g., In re IPO Sec. Litig., 226 F.R.D. 186,

---

[5] At this stage, we state no view whether separate counsel must represent class members with timely and time-barred claim. In this preliminary context, it is enough to say that the interim counsel have adequately represented the Exchange-Based Plaintiffs through LIBOR I, II, and III, and that there is no conflict of interest as between the Exchange-Based Plaintiffs and Barclays.

5

198-99 (S.D.N.Y. 2005) (approving settlement largely on the basis of intangible benefits, including cooperation against non-settling defendants). Third, to win an award without settling, the Exchange-Based Plaintiffs must prove a factually complex case with genuine legal uncertainties.

As for class certification, our only serious doubt is whether the named plaintiffs and class counsel, as fiduciaries of a unitary class, can "fairly and adequately protect" the interests of class members with time-barred and of those with timely claims. Fed. R. Civ. P. 23(a)(4); see also Fed. R. Civ. P. 23(b)(3) (requiring that common questions of law or fact predominate over questions affecting only individual members); Fed. R. Civ. P. 23(g)(1)(B) (permitting court to consider class counsel's ability to fairly and adequately represent interests of the class). We have determined to defer this question until we are presented with a more complete record, including a concrete allocation plan and the informed views of any class members who come forward.

A specific allocation plan will also help class members decide whether to object to the settlement itself. In some circumstances, it may be appropriate to grant preliminary (and even final) approval without establishing a distribution regime, as when the interests of class members are sufficiently uniform that a simple pro rata distribution as natural. See, e.g.,

6

In re Wachovia Equity Sec. Litig., No. 08-cv-6171 (RJS), 2012 WL 2774969 at *5 (S.D.N.Y. June 12, 2012) (approving a settlement agreement and a pro rata allocation plan after having preliminarily approved the settlement agreement without considering an allocation plan); In re Marsh Erisa Litig., 265 F.R.D. 128, 145-146 (S.D.N.Y. 2012) (same). In such cases, class members may consider a proposed settlement under the reasonable expectation that they will be paid in proportion to the size of their claims. In this case, however, each individual class member's recovery will depend significantly on the extent to which the plan of allocation discounts the value of time-barred claims.[6] We believe, therefore, that a concrete plan will yield better-informed comment from the class.

## IV. CONCLUSION

Accordingly, the Exchange-Based Plaintiffs' counsel are directed to propose a plan of notice, form of notice and summary notice within thirty days of this preliminary order. In addition to conforming to Rule 23(c) and (e), the proposed notice should clearly set out:

---

[6] The Exchange-Based Plaintiffs' supplemental brief recognizes that too large a discount would unfairly reduce payments to class members whose CEA claims we have held to be time-barred. We are at least as concerned, however, that too small a discount would unfairly reduce payments to class members whose CEA claims we have held to be timely.

7

- a summary of which claims have and have not been dismissed, including the legal analysis resulting in the distinctions between dismissed claims and live claims;

- how the proposed plan of allocation distinguishes between categories of claims[7]; and

- that the named plaintiffs and interim class counsel have represented the putative class as a whole, rather than any particular categories of class members within the class.

**IT IS SO ORDERED.**

Dated:  New York, New York
        December __/__, 2014

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[7] Although this Order focuses on the distinction between CEA claims that we have ruled are time-barred or timely, we do not rule out the possibility that a reasonable plan of allocation will distinguish claims on other bases as well.

8