## APPENDIX A.2.A

*Federal Deposit Insurance Corp. as Receiver for Amcore Bank N.A., et al., v. Bank of America Corp., et al.*, 14-cv-1757

**Fraud Claims[1]**

Date Filed: March 14, 2014

Alleges conduct occurred from August 2007 – mid-2011. (FDIC-R Compl. ¶ 288; *see also id.* ¶¶ 293, 297)

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Fraud | Discovery Rule[4] |
|---|---|---|---|---|
| Colonial Bank | Alabama | August 14, 2009 | Two years from the date of discovery. Ala. Code §§ 6-2-38(l), 6-2-3. | "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." |
| Downey Savings and Loan Association, F.A. | California | November 21, 2008 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |

---

[1] This table corresponds to Schedule D.3 of Defendants' Master Appendix (Dkt. 743-1).

[2] The below listed financial institutions include only those whose claims the Defendants seek to dismiss on statute of limitations grounds.

[3] The FDIC-R's claims are subject to the FDIC Extender Statute, which provides the longer of (1) the state statute of limitations period for fraud claims or (2) three years beginning from the later of (1) claim accrual or (2) FDIC appointment. *See* 12 U.S.C.§ 1821(d)(14).

[4] Column E discusses state law as to claim accrual. The statute of limitations for these claims may be tolled by Defendants' fraudulent concealment.

| California National Bank | California | October 30, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
|---|---|---|---|---|
| First Federal Bank of California, F.S.B. | California | December 18, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| First Regional Bank | California | January 29, 2010 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| Imperial Capital Bank | California | December 18, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| Indymac Bank F.S.B. | California | July 11, 2008 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |

| | | | | |
|---|---|---|---|---|
| La Jolla Bank, F.S.B. | California | February 19, 2010 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| Pacific National Bank | California | October 30, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| PFF Bank & Trust | California | November 21, 2008 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| San Diego National Bank | California | October 30, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |
| United Commercial Bank | California | November 6, 2009 | Three years from discovery. Cal. Civ. Proc. Code § 338(d). | "An action for relief on the ground of fraud or mistake. . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." |

| | | | | |
|---|---|---|---|---|
| United Western Bank | Colorado | January 21, 2011 | Three years from discovery. Colo. Rev. Stat. §§ 13-80-101(c), 13-80-108(3). | "A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." |
| BankUnited, F.S.B. | Florida | May 21, 2009 | Four years from discovery. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a). | "An action founded upon fraud under § 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." |

| Orion Bank | Florida | November 13, 2009 | Four years from discovery. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a). | "An action founded upon fraud under § 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." |
|---|---|---|---|---|
| Georgian Bank | Georgia | September 25, 2009 | Four years from discovery. Ga. Code §§ 9-3-31, 9-3-96. | "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." |
| Silverton Bank, N.A. | Georgia | May 1, 2009 | Four years from discovery. Ga. Code §§ 9-3-31, 9-3-96. | "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." |

| Hillcrest Bank | Kansas | October 22, 2010 | Two years from discovery. Kan. Stat. § 60-513. | "The following actions shall be brought within two years: . . . An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered." |
| Amtrust Bank | Ohio | December 4, 2009 | Four years from discovery. Ohio Code § 2305.09. | "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." |
| Washington Mutual Bank | Nevada | September 25, 2008 | Three years from discovery. Nev. Rev. Stat. § 11.190(3)(d). | "[A]n action for relief on the ground of fraud or mistake [must be commenced within 3 years], but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." |
| Eurobank | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298(2); *Garcia v. Bernabe*, 289 F.2d 690, 692 (1st Cir. 1961). | "[T]he bar of the statute of limitations in actions for relief on the ground of fraud commences to run only from discovery of the fraud or from when, with reasonable diligence, there ought to have been discovery of the facts constituting the fraud." |

| | | | | |
|---|---|---|---|---|
| R-G Premier Bank of Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298(2); *Garcia v. Bernabe*, 289 F.2d 690, 692 (1st Cir. 1961). | "[T]he bar of the statute of limitations in actions for relief on the ground of fraud commences to run only from discovery of the fraud or from when, with reasonable diligence, there ought to have been discovery of the facts constituting the fraud." |
| Westernbank Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298(2); *Garcia v. Bernabe*, 289 F.2d 690, 692 (1st Cir. 1961). | "[T]he bar of the statute of limitations in actions for relief on the ground of fraud commences to run only from discovery of the fraud or from when, with reasonable diligence, there ought to have been discovery of the facts constituting the fraud." |
| Guaranty Bank | Texas | August 21, 2009 | Four years after the day of accrual (discovery rule applies). Tex. Civ. Prac. & Rem. Code § 16.004(a)(4); *Alpert v. Riley*, No. H-04-3774, 2011 WL 564031, at *6 (S.D. Tex. Feb. 8, 2011). | "A four-year statute of limitations applies to the fraud and breach of fiduciary duty claims. Generally, in a case of fraud the statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence" (internal quotation marks and citation omitted). |
| Frontier Bank | Washington | April 30, 2010 | Three years from discovery pursuant to Wash. Rev. Code § 4.16.080. | "The following actions shall be commenced within three years . . . An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." |

7