## APPENDIX A.2.B

*Federal Deposit Insurance Corp. as Receiver for Amcore Bank N.A., et al., v. Bank of America Corp., et al.*, 14-cv-1757

### Negligent Misrepresentation Claims[1]

Date Filed: March 14, 2014

Alleges conduct occurred from August 2007 – mid-2011. (FDIC-R Compl. ¶ 288; *see also id.* ¶¶ 293, 297)

| Failed Financial Institution[2] | State | FDIC Appointment[3] | Statute of Limitations | Discovery Rule[4] |
|---|---|---|---|---|
| Colonial Bank | Alabama | August 14, 2009 | Two years from discovery. Ala. Code §§ 6-2-38(l), 6-2-3; *Fowler* v. *Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003). | "The limitations period applicable to [the fraudulent misrepresentation] claim[] . . . is two years, and begins to run on the date plaintiff discovers, or should have discovered, the fraud and the misrepresentation." |

---

[1] This table corresponds to Schedule F.3 of Defendants' Master Appendix (Dkt. 743-1).
[2] The below listed financial institutions include only those whose claims the Defendants seek to dismiss on statute of limitations grounds.
[3] The FDIC-R's claims are subject to the FDIC Extender Statute, which provides the longer of (1) the state statute of limitations period for negligent misrepresentation claims or (2) three years beginning from the later of (1) claim accrual or (2) FDIC appointment. *See* 12 U.S.C.§ 1821(d)(14).
[4] Column E discusses state law as to claim accrual. The statute of limitations for these claims may be tolled by Defendants' fraudulent concealment.

| **Failed Financial Institution**[2] | **State** | **FDIC Appointment**[3] | **Statute of Limitations** | **Discovery Rule**[4] |
|---|---|---|---|---|
| Superior Bank | Alabama | April 15, 2011 | Two years, pursuant to Ala. Code § 6-2-38(l); *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003). | "The limitations period applicable to [the fraudulent misrepresentation] claim[] . . . is two years, and begins to run on the date plaintiff discovers, or should have discovered, the fraud and the misrepresentation." |
| Downey Savings and Loan Association, F.A. | California | November 21, 2008 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| California National Bank | California | October 30, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |

| **Failed Financial Institution**[2] | **State** | **FDIC Appointment**[3] | **Statute of Limitations** | **Discovery Rule**[4] |
|---|---|---|---|---|
| First Federal Bank of California, F.S.B. | California | December 18, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| First Regional Bank | California | January 29, 2010 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| Imperial Capital Bank | California | December 18, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |

| **Failed Financial Institution**[2] | **State** | **FDIC Appointment**[3] | **Statute of Limitations** | **Discovery Rule**[4] |
|---|---|---|---|---|
| Indymac Bank F.S.B. | California | July 11, 2008 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| La Jolla Bank, F.S.B. | California | February 19, 2010 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| Pacific National Bank | California | October 30, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| PFF Bank & Trust | California | November 21, 2008 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| San Diego National Bank | California | October 30, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |
| United Commercial Bank | California | November 6, 2009 | Two years after discovery. Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008).). | Negligent misrepresentation accrues when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | Statute of Limitations | Discovery Rule[4] |
|---|---|---|---|---|
| Community Banks of Colorado | Colorado | October 21, 2011 | Three years from discovery. Colo. Rev. Stat. § 13-80-101(c); *Shriners Hospitals for Children v. Qwest Commc'ns Int'l Inc.*, No. 04-CV-0781-REB-CBS, 2005 WL 2350569, at *12 (D. Colo. Sept. 23, 2005 | "A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." |
| United Western Bank | Colorado | January 21, 2011 | Three years from discovery. Colo. Rev. Stat. §§ 13-80-101(c), 13-80-108(3); *Shriners Hospitals for Children v. Qwest Commc'ns Int'l Inc.*, No. 04-CV-0781-REB-CBS, 2005 WL 2350569, at *12 (D. Colo. Sept. 23, 2005 | "A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." |

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| BankUnited, F.S.B. | Florida | May 21, 2009 | Four years from discovery. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | "An action founded upon fraud under § 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." |

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| Lydian Private Bank | Florida | August 19, 2011 | Four years from discovery. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | "An action founded upon fraud under § 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." |

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| Orion Bank | Florida | November 13, 2009 | Four years from discovery. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a); *Allocco* v. *City of Coral Gables*, 221 F. Supp. 2d 1317, 1359 n.17 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003). | "An action founded upon fraud under § 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." |
| Georgian Bank | Georgia | September 25, 2009 | Four years from discovery. Ga. Stat. §§ 9-3-31, 9-3-96; *PricewaterhouseCoopers, LLP* v. *Bassett*, 293 Ga. App. 274, 278 n.6 (2008). | "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." |

| **Failed Financial Institution**[2] | **State** | **FDIC Appointment**[3] | **Statute of Limitations** | **Discovery Rule**[4] |
|---|---|---|---|---|
| Silverton Bank, N.A. | Georgia | May 1, 2009 | Four years from discovery. Ga. Stat. §§ 9-3-31, 9-3-96; *PricewaterhouseCoopers, LLP v. Bassett*, 293 Ga. App. 274, 278 n.6 (2008). | "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." |
| Hillcrest Bank | Kansas | October 22, 2010 | Two years. Kan. Stat. Ann. §§ 60-513(a)(4), 60-513(b); *Dung Kim Thi Lai v. Bank of Am., N.A.*, No. 13-1221-JWL, 2013 WL 5651739 (D. Kan. Oct. 16, 2013) | "[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until sometime after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." |
| Amtrust Bank | Ohio | December 4, 2009 | Four years. Ohio Rev. Code 2305.09; *Chandler v. Schriml*, 2000 Ohio App. LEXIS 2209, at *11 (Ohio Ct. App. May 25, 2000) | |

10

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| Washington Mutual Bank | Nevada | September 25, 2008 | Three years from discovery. Nev. Rev. Stat. § 11.190(3)(d); *Kancilia* v. *Claymore & Dirk Ltd. P'ship*, 2014 WL 3731862, at *1 (Nev. July 24, 2014). | "The cause[] of action for . . . negligent misrepresentation [is] deemed to begin to accrue on the discovery of the facts constituting the . . . fraud." |
| Eurobank | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |
| R-G Premier Bank of Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |

| **Failed Financial Institution[2]** | **State** | **FDIC Appointment[3]** | **Statute of Limitations** | **Discovery Rule[4]** |
|---|---|---|---|---|
| Westernbank Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. P.R. Laws Ann. tit. 31, §§ 5141, 5298; *see Doe 171* v. *Order of Saint Benedict*, 2012 WL 1410320, at *3 n.3 (D.P.R. Apr. 20, 2012). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |
| First National Bank | Texas | September 13, 2013 | Two years from discovery. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Malik v. ConocoPhillips Co.*, 2014 WL 3420775, at *3 (E.D. Tex. June 23, 2014). | Where "the nature of the injury is inherently undiscoverable and objectively verifiable," claim for negligent misrepresentation accrues when the "plaintiff knows, or reasonably should have known of the facts giving rise to the claim" |
| Guaranty Bank | Texas | August 21, 2009 | Two years from discovery. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Malik v. ConocoPhillips Co.*, 2014 WL 3420775, at *3 (E.D. Tex. June 23, 2014). | Where "the nature of the injury is inherently undiscoverable and objectively verifiable," claim for negligent misrepresentation accrues when the "plaintiff knows, or reasonably should have known of the facts giving rise to the claim" |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | Statute of Limitations | Discovery Rule[4] |
|---|---|---|---|---|
| Frontier Bank | Wash. | April 30, 2010 | Three years from discovery. Wash. Rev. Code Ann. § 4.16.080(4); First *Maryland Leasecorp v. Rothstein*, 72 Wash. App. 278, 286 (1993) | "The following actions shall be commenced within three years . . . An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." |