## APPENDIX A.2.C

*Federal Deposit Insurance Corp. as Receiver for Amcore Bank N.A., et al., v. Bank of America Corp., et al.*, 14-cv-1757

### Tortious Interference Claims[1]

Date Filed: March 14, 2014

Alleges conduct occurred from August 2007 – mid-2011. (FDIC-R Compl. ¶ 288; *see also id.* ¶¶ 293, 297)

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Colonial Bank | Alabama | August 14, 2009 | Two years. Ala. Code § 6-2-38(l); *Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1190 (M.D. Ala. 2010). | |
| California National Bank | California | October 30, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |

---

[1] This table corresponds to Schedule J.3 of Defendants' Master Appendix (Dkt. 743-1).
[2] The below listed financial institutions include only those whose claims the Defendants seek to dismiss on statute of limitations grounds.
[3] The FDIC-R's claims are subject to the FDIC Extender Statute, which provides the longer of (1) the state statute of limitations period for tortious interference claims or (2) three years beginning from the later of (1) claim accrual or (2) FDIC appointment. *See* 12 U.S.C.§ 1821(d)(14)\.
[4] Column E discusses state law as to claim accrual. The statute of limitations for these claims may be tolled by Defendants' fraudulent concealment.

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Downey Savings and Loan Association, F.A. | California | November 21, 2008 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| First Federal Bank of California, F.S.B. | California | December 18, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| First Regional Bank | California | January 29, 2010 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Imperial Capital Bank | California | December 18, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| IndyMac Bank, F.S.B. | California | July 11, 2008 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| La Jolla Bank, F.S.B. | California | February 19, 2010 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Pacific National Bank | California | October 30, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| PFF Bank & Trust | California | November 21, 2008 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| San Diego National Bank | California | October 30, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| United Commercial Bank | California | November 6, 2009 | Two years from discovery. Cal. Code Civ. Proc. § 339(1); on obligation; *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1361 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997). | Actions pursuant to § 339(1) "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." |
| United Western Bank | Colorado | January 21, 2011 | Two years from discovery. Colo. Rev. Stat. §§ 13-80-102; 13-80-108; *Tara Woods Ltd. P'ship v. Fannie Mae*, 566 F. App'x 681, 690 (10th Cir. 2014). | "[A] cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." |
| BankUnited, F.S.B. | Florida | May 21, 2009 | Four years. Fla. Stat. § 95.11(3)(o); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). | |

5

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Orion Bank | Florida | November 13, 2009 | Four years. Fla. Stat. § 95.11(3)(o); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). | |
| Riverside National Bank of Florida | Florida | April 16, 2010 | Four years. Fla. Stat. § 95.11(3)(o); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). | |
| Georgian Bank | Georgia | September 25, 2009 | Four years. Ga. Code § 9-3-31. | |
| Silverton Bank, N.A. | Georgia | May 1, 2009 | Four years. Ga. Code § 9-3-31. | |
| Amcore Bank, N.A. | Illinois | April 23, 2010 | Five years (from discovery). 735 ILCS 5/13-205; *Bank of Blue Island*, No. 92 C 5073, 1993 WL 22859, at *5 (N.D.Ill. Jan. 20, 1993). | Where a tort arises from contract, the "discovery rule serves to postpone the starting of the limitations period until the injured party either knows or should have known the injury and also knows or reasonably should have known that the injury was caused by the wrongful acts of another." *Commonwealth Edison Co. v. Encompas, Inc.*, 158 Ill. App. 3d 852, 857 (1987). |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Corus Bank, N.A. | Illinois | September 11, 2009 | Five years (from discovery). 735 ILCS 5/13-205; *Bank of Blue Island*, No. 92 C 5073, 1993 WL 22859, at *5 (N.D.Ill. Jan. 20, 1993). | Where a tort arises from contract, the "discovery rule serves to postpone the starting of the limitations period until the injured party either knows or should have known the injury and also knows or reasonably should have known that the injury was caused by the wrongful acts of another." *Commonwealth Edison Co. v. Encompas, Inc.*, 158 Ill. App. 3d 852, 857 (1987). |
| Midwest Bank and Trust Company | Illinois | May 14, 2010 | Five years (from discovery). 735 ILCS 5/13-205; *Bank of Blue Island*, No. 92 C 5073, 1993 WL 22859, at *5 (N.D.Ill. Jan. 20, 1993). | Where a tort arises from contract, the "discovery rule serves to postpone the starting of the limitations period until the injured party either knows or should have known the injury and also knows or reasonably should have known that the injury was caused by the wrongful acts of another." *Commonwealth Edison Co. v. Encompas, Inc.*, 158 Ill. App. 3d 852, 857 (1987). |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Park National Bank | Illinois | October 30, 2009 | Five years (from discovery). 735 ILCS 5/13-205; *Bank of Blue Island*, No. 92 C 5073, 1993 WL 22859, at *5 (N.D.Ill. Jan. 20, 1993). | Where a tort arises from contract, the "discovery rule serves to postpone the starting of the limitations period until the injured party either knows or should have known the injury and also knows or reasonably should have known that the injury was caused by the wrongful acts of another." *Commonwealth Edison Co. v. Encompas, Inc.*, 158 Ill. App. 3d 852, 857 (1987). |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Irwin Union Bank and Trust Company | Indiana | September 18, 2009 | Two years from discovery. Ind. Code § 34-11-2-4; *McLaughlin Equip. Co. v. Servaas*, No. IP98-0127-C-T/K, 2004 WL 1629603, at *58 (S.D. Ind. Feb. 18, 2004). | "Indiana follows the discovery rule for determining when a cause of action accrues. . . . [A] cause of action accrues . . . not when the tortious conduct occurs, but when the plaintiff knows or in the exercise of ordinary diligence could discover that an injury had been sustained as a result of the tortious act of another." *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, 865 F. Supp. 2d 922, 938 (N.D. Ind. 2011) |
| Hillcrest Bank | Kansas | October 22, 2010 | Two years from discovery. K.S.A. §§ 60-513(a)(4), 60-513(b) | "[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| TierOne Bank | Nebraska | June 4, 2010 | Four years. Neb. Rev. Stat. § 25-207; *Hroch v. Farmland Indus., Inc.*, 548 N.W.2d 367, 371 (Neb. App. 1996). | |
| Washington Mutual Bank | Nevada | September 25, 2008 | Three years. Nev. Rev. Stat. Ann. § 11.190(3); *Bancorp Int'l Grp. v. Fin. Indus. Regulatory Auth.*, 3:13-CV-00170-RCJ, 2014 WL 134282 (D. Nev. Jan. 10, 2014) | |
| First Community Bank | New Mexico | January 28, 2011 | Four years. N.M. Stat. § 37-1-4. | "In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved." |
| Amtrust Bank | Ohio | December 4, 2009 | Four years. Ohio Code § 2305.09; *Tri-State Computer Exch., Inc. v. Burt*, No. C-020345, 2003 WL 21414688 (June 20, 2003) | |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Eurobank | Puerto Rico | April 30, 2010 | One year from discovery. 31 L.P.R.A. § 5298(2). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |
| R-G Premier Bank of Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. 31 L.P.R.A. § 5298(2). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |
| Westernbank Puerto Rico | Puerto Rico | April 30, 2010 | One year from discovery. 31 L.P.R.A. § 5298(2). | "Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Tortious Interference | Discovery Rule[4] |
|---|---|---|---|---|
| Guaranty Bank | Texas | August 21, 2009 | Two years from discovery. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) | "[W]hen the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable," accrual of a cause of action occurs when "the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." |
| Frontier Bank | Washington | April 30, 2010 | Three years from discovery. Wash. Rev. Code § 4.16.080(2); *Matter of Estates of Hibbard*, 118 Wash. 2d 737, 744–45 (1992). | The discovery rule, which states that "a cause of action accrues at time plaintiff knew or should have known of all essential elements of cause of action," applies to torts where "injured parties do not, or cannot, know they have been injured." |