## APPENDIX A.2.D

*Federal Deposit Insurance Corp. as Receiver for Amcore Bank N.A., et al., v. Bank of America Corp., et al.*, **14-cv-1757**

### Unjust Enrichment Claims[1]

Date Filed: March 14, 2014

Alleges conduct occurred from August 2007 – mid-2011. (FDIC-R Compl. ¶ 288; *see also id.* ¶¶ 293, 297)

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Unjust Enrichment | Discovery Rule[4] |
|---|---|---|---|---|
| Superior Bank | AL | April 15, 2011 | Six years. *See Branch Banking & Trust Co. v. McDonald*, 2013 U.S. Dist. LEXIS 150073 (N.D. Ala. 2013) (acknowledging the absence of authority definitively stating the statute of limitations applicable to an unjust enrichment claim and adopting a six-year period provided for under Ala. Code § 7-3-118 because the unjust enrichment claim arose from a negotiable instrument) | |

---

[1] This table corresponds to Schedule L.3 of Defendants' Master Appendix (Dkt. 743-1).
[2] The below listed financial institutions include only those whose claims the Defendants seek to dismiss on statute of limitations grounds.
[3] The FDIC-R's claims are subject to the FDIC Extender Statute, which provides the longer of (1) the state statute of limitations period for unjust enrichment claims or (2) six years beginning from the later of (1) claim accrual or (2) FDIC appointment. See 12 U.S.C.§ 1821(d)(14).
[4] Column E discusses state law as to claim accrual. The statute of limitations for these claims may be tolled by Defendants' fraudulent concealment.

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Unjust Enrichment | Discovery Rule[4] |
|---|---|---|---|---|
| IndyMac Bank F.S.B. | CA | July 11, 2008 | Three years from discovery. Cal.Civ.Proc. § 338; *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 348 (2008) | An unjust enrichment action accrues when a plaintiff "actually, or reasonably should have, discovered its mistake that resulted in the unjust enrichment" |
| United Commercial Bank | CA | November 6, 2009 | Three years from discovery. Cal.Civ.Proc. § 338; *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 348 (2008) | An unjust enrichment action accrues when a plaintiff "actually, or reasonably should have, discovered its mistake that resulted in the unjust enrichment" |
| Silverton Bank, N.A. | GA | May 1, 2009 | Four years. Ga. Code § 9-3-26; *McBride v. Life Ins. Co. of Va.*, 190 F. Supp. 2d 1366, 1373 (M.D. Ga. 2002). | |
| Amcore Bank, N.A. | IL | April 23, 2010 | Five years. 735 ILCS 5/13-205; *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 511 (N.D. Ill. 2011), *aff'd*, 523 F. App'x 407 (7th Cir. 2013). | |

| Failed Financial Institution[2] | State | FDIC Appointment[3] | State Statute of Limitations for Unjust Enrichment | Discovery Rule[4] |
|---|---|---|---|---|
| Corus Bank, N.A. | IL | September 11, 2009 | Five years. 735 ILCS 5/13-205; *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 511 (N.D. Ill. 2011), *aff'd*, 523 F. App'x 407 (7th Cir. 2013). | |
| Washington Mutual Bank | NV | September 25, 2008 | Four years from discovery. Nev. Rev. Stat. Ann. § 11.190(2)(c); *In Re Amerco Derivative Litig.*, 127 Nev. Adv. Op. 17 (2011). | A claim for unjust enrichment accrues when "the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action." |
| Amtrust Bank | OH | December 4, 2009 | Six years. *United States Bank, NA v. Graham*, 185 Ohio App. 3d 226 (Ohio Ct. App. 2009). | |
| Westernbank Puerto Rico | PR | April 30, 2010 | Fifteen or one year(s) from discovery. 31 L.P.R.A. § 5294; *Arroyo v. Caldas*, 68 P.R.R. 639 (1948) (finding the claim grounded in contract where the object of the contract was not in the best conditions to serve for the purpose for which it had been leased, and thus, the main obligation—the very essence of the contract—was breached); *Lanuza v. Medic Emergency Specialties, Inc.*, 229 F. Supp. 2d. 92, 98 (D.P.R. 2002). | "The one-year period [for tort-based restitution claim] does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit." *Lanuza,* 229 F. Supp. 2d. at 98. |

3