**Appendix A.3**

*NCUA v. Credit Suisse Grp. AG*, No. 13-2497 (D. Kan.)
Original Complaint filed Sept. 23, 2013; Amended Complaint filed Oct. 6, 2014

| Credit Union & Dates of Conservatorship and Liquidation[1] | Claims Subject To Timeliness Challenges[2] | Pre-Conservatorship Statutes of Limitation[3] | Claims Timely As Of Conservatorship If They Did Not Accrue Prior To[4] | Expiration of Minimum 3-Year Limitations Period for Tort Claims | Expiration of Minimum 6-Year Limitations Period for Contract Claims |
|---|---|---|---|---|---|
| **WesCorp (CA)** 3/20/09 (conservatorship) 10/1/10 (liquidation) | C, UE, TI, UCL | C: 4 years<br>UE: 4 years<br>TI: 2 years<br>UCL: 4 years | C: 3/20/2005<br>UE: 3/20/2005<br>TI: 3/20/2007<br>UCL: 3/20/2005 | 10/1/2013 | 10/1/16 |
| **U.S. Central (KS)** 3/20/09 (conservatorship) 10/1/10 (liquidation) | C, UE, TI | C: 5 years<br>UE: 5 years<br>TI: 2 years | C: 3/20/2004<br>UE: 3/20/2004<br>TI: 3/20/2007 | 10/1/2013 | 10/1/16 |
| **Members United (IL)** 9/24/10 (conservatorship) 10/31/10 (liquidation) | C, UE, TI | C: 5 years<br>UE: 5 years<br>TI: 2 years | C: 9/24/2005<br>UE: 9/24/2005<br>TI: 9/24/2008 | 10/31/2013 | 10/31/16 |
| **Southwest (TX)** 9/24/10 (conservatorship) 10/31/10 (liquidation) | C, UE, TI | C: 4 years<br>UE: 2 years<br>TI: 2 years | C: 9/24/2006<br>UE: 9/24/2008<br>TI: 9/24/2008 | 10/31/2013 | 10/31/16 |

---

[1]  NCUA only brings antitrust claims on behalf of Constitution, and Defendants do not challenge the timeliness of those claims.

[2]  These abbreviations are used:  breach of contract ("C"), unjust enrichment ("UE"), tortious interference ("TI"), Unfair Competition Law ("UCL")

[3]  For the purpose of this motion, NCUA assumes Defendants are correct that Kansas's statutes of limitations apply to NCUA's common law claims pre-conservatorship; that the pre-conservatorship statute of limitations for the TI claims is two years; and that the pre-conservatorship statute of limitations is four years for the UCL claim.  *See* Master Appendix, Schedule J.4, K.3, and L.3.  Defendants, however, are incorrect that the statute of limitations for the unjust enrichment claims is three years.  *See* Master Appendix, Schedule L.3.  NCUA's Kansas unjust enrichment claims are governed by a five-year statute of limitations.  *See Freebird, Inc. v. Merit Energy Co.*, 883 F. Supp. 2d 1026, 1031 (D. Kan. 2012) (Kan. Stat. Ann. § 60-511 applied to unjust enrichment claims for an "implied in fact" contract, citing *Smith v. Amoco Prod. Co.*, 31 P.3d 255, 264-68 (Kan. 2001)); NCUA Compl. ¶ 304.  Due to Kansas's borrowing statute, shorter two- and four- year statutes of limitations apply to the unjust enrichment claims for Southwest and WesCorp, respectively.  *See* Kan. Stat. Ann. § 60-516 (out-of-state plaintiffs must satisfy the statute of limitations of the state where the cause of action accrued); Tex. Civ. Prac. & Rem. Code § 16.003; Cal. Civ. Pro. § 337; *cf.* 735 ILCS 5/13-205.  The statute of limitations for the contract claims are as follows: Kan. Stat. Ann. § 60-511(1) (5 years); Tex. Civ. Prac. & Rem. Code § 16.051 (4 years); Cal. Civ. Pro. § 337 (4 years); 735 ILCS 5/13-206 (10 years)

[4]  NCUA's claims were tolled by fraudulent concealment, NCUA Compl. ¶¶ 193-223, and are subject to the discovery rule given the difficulty of discovering the misconduct:  **Texas:** *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314-15 (Tex. 2006); *Robinson v. Weaver*, 550 S.W.2d 18, 22 n.1 (Tex. 1977); *S.V. v. R.V.*, 933 S.W.2d 1, 5 (Tex. 1996) (canvassing example applications of the discovery rule, including in a "loan contract fraud" action).  **California:** *Aryeh v. Canon Bus. Soln.s, Inc.*, 292 P.3d 871, 875, 878 (Cal. 2013) (UCL); *Gryczman v. 4550 Pico Partners, Ltd.*, 131 Cal. Rptr. 2d 680, 682 (Cal. Ct. App. 2003).  **Illinois:** *Greenberg v. Broad Capital Assocs., Inc.*, 2002 WL 31269617, at *3 (N.D. Ill. Oct. 9, 2002) (citing *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135 (Ill. 1995)).  **Kansas:** Kan. Stat. Ann. § 60-513(b).