UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LIBOR-Based Financial Instruments Antitrust Litigation | MDL No. 2262 |
| This Document Relates To: | Master File No. 1:11-md-02262-NRB<br><br>ECF Case |
| Amabile et al. v. Bank of Am. Corp. et al. | No. 13-cv-1700 |

**DECLARATION OF JEFFREY L. HABERMAN IN OPPOSITION TO CERTAIN DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF <u>PERSONAL JURISDICTION IN NEW YORK</u>**

1. I am an attorney at Schlesinger Law Offices, P.A., counsel for the *Amabile* plaintiffs. I make this Declaration based upon my personal knowledge and/or my review of the pleadings, affidavits, and record in this action, and if called upon to testify as to the facts herein, I could and would do so competently.

2. This Declaration supplements Lisa M. Kaas, Esq.'s Declaration.

3. The *Amabile* plaintiffs, Illinois residents or corporations, all traded in exchange-based products tied to USD-LIBOR in the class period. *Amabile* Amended Compl. ¶¶ 35-59. During that time, Plaintiffs transacted in Eurodollar futures contracts on days on which Eurodollar futures contract prices were artificial as a result of Defendants' unlawful and systematic suppression of LIBOR and as a result of Defendants' suppression and trader-based manipulation of LIBOR, their positions were such that they were injured. *Id.*

4. Defendants were all members of the USD-LIBOR contributing panel. *Id.,* ¶ 6. Defendants either individually and/or through their broker-dealer affiliates actively traded

Eurodollar futures and options. *Id.*, ¶¶ 1, 6-8, 27, 28. Among the reasons Defendants misreported and manipulated USD-LIBOR was to directly benefit their trading on their LIBOR-based financial instruments. *Id.*, ¶¶ 6-7, 14, 25. No Defendant maintains that it did not hold Eurodollar futures or options positions. Barclays admitted that its CEA violations occurred in New York, and Defendants conspired to commit and aided and abetted one another in their CEA violations. *Id.*, ¶¶ 1, 14, 27, 76, 133-137, 502.

    5. Eurodollar futures or options trading occurs on the floor of the Chicago Mercantile Exchange (CME) in Illinois, or via Globex, the CME electronic trading platform. *Id.*, ¶ 35. The CME also has trading facilities in New York.[1] Not only did Defendants trade on a United States based exchange, Defendants transacted (and still transact) business in the Southern District of New York. *Id.*, ¶ 34. <u>See</u> Direct Action Plaintiffs' Personal Jurisdiction Brief and the Kaas Declaration attached thereto. Broker dealer affiliates located in New York include Credit Suisse Securities (USA) LLC, Deutsche Bank Securities, and HSBC Securities (USA). *Id.*, ¶ 27. Defendants further concede that their domestic subsidiaries are subject to personal jurisdiction in New York. [DE 47 at 3].

    6. Like the Exchange Based Class, *Amabile* plaintiffs assert the same causes of action under the CEA, antitrust laws, and common law unjust enrichment for the exact same conduct underpinning the Exchange Based complaint. *Accord*, [DE 12 at 193-200] *with FTC Capital GMBH et al. v. Credit Suisse Group AG et al.*, [Master DE 134 and 407]. Among those challenging personal jurisdiction, Lloyds Banking Group plc, which is the current parent of HBOS PLC,

---

[1] *See*, CME Group http://www.cmegroup.com/ (last visited 12/5/14).

admitted that both challenging defendants violated the CEA.[2] The same is true for RBS Group.[3] All Defendants named in the *Amabile* complaint were named in the Exchange Based Class complaint. None of the Defendants challenged personal jurisdiction in their pre-answer motions to dismiss the Exchange Based Class complaint. Portigon challenges personal jurisdiction here, but it is the successor-in-interest to WestLB AG, which it acquired in 2009. Both Amabile and the Exchange Based Class complaint sued WestLB.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 7th day of December, 2014 in Ft. Lauderdale, Florida.

_____
Jeffrey L. Haberman

---

[2] In the Matter of: Lloyds Banking Group plc and Lloyds Bank plc, Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, CFTC Docket No. 14-18, at 18 ("Lloyds CFTC Order").

[3] In the Matter of: The Royal Bank of Scotland pls and RBS Securities Japan Limited, Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, CFTC Docket No. 13-14, at 33 ("RBS CFTC Order").