UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262<br>ECF Case |
| THIS DOCUMENT RELATES TO:<br><br>BAY AREA TOLL AUTHORITY,<br>            Plaintiff,<br>      v.<br><br>BANK OF AMERICA CORPORATION et al.,<br>            Defendants.<br><br>THE CHARLES SCHWAB CORPORATION et al.,<br>            Plaintiffs,<br>      v.<br><br>BANK OF AMERICA CORPORATION et al.,<br>            Defendants.<br><br>GEORGE MARAGOS, in his official capacity as the COMPTROLLER OF THE COUNTY OF NASSAU, acting on behalf of the COUNTY OF NASSAU,<br>            Plaintiff,<br>      v.<br><br>BANK OF AMERICA CORPORATION et al.,<br>            Defendants.<br><br>NATIONAL CREDIT UNION ADMINISTRATION BOARD<br>            Plaintiff,<br>      v.<br><br>CREDIT SUISSE GROUP AG et al.,<br>            Defendants. | Master File No. 1:11-md-2262-NRB<br><br><br><br>No. 14-cv-3094<br><br><br><br><br><br>No. 13-cv-7005<br><br><br><br><br><br><br>No. 13-cv-2297<br><br><br><br><br><br>No. 13-cv-7394<br><br><br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS
<u>DIRECT ACTION PLAINTIFFS' UCL AND GBL CLAIMS</u>**

**TABLE OF CONTENTS**

I. Plaintiffs Concede That Many Claims Are Extraterritorial. ............................................... 1

II. Plaintiffs Cannot Avoid Their Choice-of-Law Provisions. ................................................ 1

III. No Tolling Doctrine Saves Plaintiffs' UCL and GBL Claims. ........................................... 3

IV. Schwab's Denial of the UCL's Securities Exclusion Fails. ................................................ 4

V. Plaintiffs Fail to State a Claim under the UCL or GBL. .................................................... 5

    A. Plaintiffs' Transactions Are Not Consumer Transactions. ......................................... 5

    B. Plaintiffs' Complaints Fail to Plead Requisite Elements of UCL or GBL Claims. ..... 6

**CONCLUSION** ........................................................................................................................... 6

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*,
  89 F.3d 1399 (9th Cir. 1996) .................................................................................................. 6

*Benson v. JPMorgan Chase Bank, N.A.*,
  No. C-09-5272 EMC, 2010 WL 1526394 (N.D. Cal. Apr. 15, 2010) ........................................ 4

*Betz v. Trainer Wortham & Co., Inc.*,
  829 F. Supp. 2d 860 (N.D. Cal. 2011) ...................................................................................... 4

*Bowen v. Ziasun Techs., Inc.*,
  116 Cal. App. 4th 777 (Cal. Ct. App. 2004) .............................................................................. 4

*Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*,
  123 F.3d 1351 (10th Cir. 1997) ................................................................................................ 2

*Cervantes v. City of San Diego*,
  5 F.3d 1273 (9th Cir. 1993) ...................................................................................................... 3

*Defer LP v. Raymond James Fin., Inc.*,
  654 F. Supp. 2d 204 (S.D.N.Y. 2009) ....................................................................................... 6

*Delgado v. Ocwen Loan Servicing, LLC*,
  No. 13-CV-4427, 2014 WL 4773991 (E.D.N.Y. Sept. 23, 2014) ............................................. 5

*Enter. Bank & Trust v. Barney Ashner Homes, Inc.*,
  No. 106,588, 2013 WL 1876293 (Kan. Ct. App. May 3, 2013) ................................................ 2

*Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*,
  414 F.3d 325 (2d Cir. 2005) ..................................................................................................... 2

*Harley v. Minerals Techs., Inc.*,
  No. 13-CV-954 RJS, 2014 WL 5017830 (S.D.N.Y. Sept. 26, 2014) ........................................ 2

*Harte v. Ocwen Fin. Corp.*,
  No. 13-CV-5410, 2014 WL 4677120 (E.D.N.Y. Sept. 19, 2014) ............................................. 5

*Hendrix v. Novartis Pharm. Corp.*,
  975 F. Supp. 2d 1100 (C.D. Cal. 2013) .................................................................................... 3

*In re Asbestos Sch. Litig.*,
  104 F.R.D. 422 (E.D. Pa. 1984),
  *aff'd in part, rev'd in part*, 789 F.2d 996 (3d Cir. 1986) ............................................................ 3

*In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR I*"),
  935 F. Supp. 2d 666 (S.D.N.Y. 2013) ............................................................................... 6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR II*"),
  962 F. Supp. 2d 606 (S.D.N.Y. 2013) ............................................................................... 6

*Int'l Union of Operating Eng'rs, Stationary Eng'rs Local 39 Pension Trust Fund v. Bank of N.Y. Mellon Corp.*,
  No. C 11-03620, 2012 WL 476526 (N.D. Cal. Feb. 14, 2012) ...................................... 5

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ........................................................................................ 4

*Lantzy v. Centex Homes*,
  73 P.3d 517 (Cal. 2003) .................................................................................................. 4

*Linear Tech. Corp. v. Applied Materials, Inc.*,
  152 Cal. App. 4th 115 (Cal. Ct. App. 2007) ................................................................... 5

*Marine Bank v. Weaver*,
  455 U.S. 551 (1982) ........................................................................................................ 4

*Medimatch, Inc. v. Lucent Techs. Inc.*,
  120 F. Supp. 2d 842 (N.D. Cal. 2000) ............................................................................ 2

*Merrill Lynch Capital Mkts. Ag v. Controladora Comercial Mexicana S.A.B. De C.V.*,
  No. 603214/08, 2010 WL 5827550 (N.Y. Sup. Ct. Mar. 16, 2010) ............................... 5

*New York v. Feldman*,
  210 F. Supp. 2d 294 (S.D.N.Y. 2002) ............................................................................ 5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (N.Y. 1995) .............................................................................................. 5

*Overstock.com, Inc. v. Gradient Analytics, Inc.*,
  151 Cal. App. 4th 688 (Cal. Ct. App. 2007) ................................................................... 4

*Regions Bank v. SoFHA Real Estate Inc.*,
  No. 2:09-CV-57, 2010 WL 5488471 (E.D. Tenn. Dec. 3, 2010) ................................... 5

*Riordan v. Nationwide Mut. Fire Ins. Co.*,
  977 F.2d 47 (2d Cir. 1992) ............................................................................................. 5

*Rosenbluth Int'l, Inc. v. Super. Ct. of L.A. Cnty.*,
  101 Cal. App. 4th 1073 (Cal. Ct. App. 2002) ................................................................. 5

*Roskind v. Morgan Stanley Dean Witter & Co.*,
  80 Cal. App. 4th 345 (Cal. Ct. App. 2000) ..................................................................... 4

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*,
 44 Cal. Rptr. 2d 305 (Cal. Ct. App. 1995) ................................................................................. 3

*Wurtz v. Rawlings Co., LLC*,
 No. 12-CV-1182, 2014 WL 4961422 (E.D.N.Y. Oct. 3, 2014) ................................................. 5

*Zeller v. Bogue Elec. Mfg. Corp.*,
 476 F.2d 795 (2d Cir. 1973) ...................................................................................................... 5

Defendants submit this reply in further support of their motion to dismiss Plaintiffs' UCL and GBL claims.[1]  Because BATA is no longer pursuing its UCL claims (Consumer Opp. 1 n.2),[2] this memorandum addresses only claims asserted by Schwab, Maragos, and NCUA.

## I. PLAINTIFFS CONCEDE THAT MANY CLAIMS ARE EXTRATERRITORIAL.

NCUA concedes that non-California residents cannot bring UCL claims and now asserts such claims on behalf of only one California credit union, WesCorp.  Consumer Opp. 3.  WesCorp's claims fail, however, for the reasons discussed *infra* Parts II-III, V.  Maragos' GBL claims for which he does not contest that there was no transaction in New York between any Defendant and Nassau County also must be dismissed as extraterritorial.  *See* Consumer Br. 4-5.

## II. PLAINTIFFS CANNOT AVOID THEIR CHOICE-OF-LAW PROVISIONS.

Plaintiffs do not contest that California UCL claims fail if California law does not apply, but argue that California law applies because: (1) Defendants have not identified a non-California choice-of-law clause for *every* contract giving rise to Schwab's and NCUA's UCL claims, and (2) "a procedural choice-of-law provision does not eliminate a substantive claim based on California law." Consumer Opp. 1-2.  These arguments are meritless.

Defendants did not identify every choice-of-law clause for Schwab's transactions because Schwab fails to identify the contracts from which its UCL claims arise.  Schwab conspicuously (and fatally) does not dispute that the contracts on which it premises its claims contain clauses specifying non-California law.  NCUA argues that "many of WesCorp's UCL claims do not rest on its ISDA pay-fix swap contracts," Consumer Opp. 2, but identifies no contract governed by

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Joint Memorandum of Law in Support of Defendants' Motion to Dismiss Direct Action Plaintiffs' UCL and GBL Claims, dated Nov. 5, 2014 (Doc. No. 747).

[2] The sole UCL claim against the BBA has thus been abandoned; accordingly, no UCL or GBL claims remain pending against the BBA.

1

California law.  Claims arising from contracts not governed by California law cannot serve as a basis for California UCL claims and thus fail as a matter of law.

NCUA argues that, under New York law, the New York choice-of-law provisions in WesCorp's swap contracts do not govern UCL claims premised on those contracts.  That argument fails.  First, the threshold analysis of whether a contractual choice-of-law provision applies to claims related to the contract is governed by the law of the state where the claim is filed (Kansas for NCUA)—*not* the state whose law governs the substantive interpretation of the contract.[3]  Second, even under New York law, Plaintiff's own case law (Consumer Opp. 2) demonstrates that contractual choice-of-law provisions govern related statutory claims.  *See Harley v. Minerals Techs., Inc.*, No. 13-CV-954 RJS, 2014 WL 5017830, at *4-6 (S.D.N.Y. Sept. 26, 2014) (dismissing Pennsylvania "statutory wage payment claim [] aris[ing] out of [plaintiff's] contractual employment relationship" where New York law applied under contractual choice-of-law analysis).[4]  NCUA's UCL claims arise from the LIBOR-based contracts on which it alleges WesCorp overpaid, which are not governed by California law.[5]

---

[3] *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 333 (2d Cir. 2005) ("Courts [] determine a choice-of-law clause's scope under the same law that governs the clause's validity—the law of the forum."); *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1353 (10th Cir. 1997) (*en banc*) ("rather than automatically applying the law of the state providing the substantive contract law, a district court must first apply the forum state's choice-of-law rules").

[4] California and Kansas choice-of-law rules similarly prescribe that contractual choice-of-law provisions govern related tort or statutory claims.  *Medimatch, Inc. v. Lucent Techs. Inc.*, 120 F. Supp. 2d 842, 861-62 (N.D. Cal. 2000); *Enter. Bank & Trust v. Barney Ashner Homes, Inc.*, No. 106,588, 2013 WL 1876293, at *16 (Kan. Ct. App. May 3, 2013).  Kansas Supreme Court Rule 7.04(f) provides that unpublished decisions "may be cited for persuasive authority on a material issue not addressed by a published Kansas appellate court opinion."  *Enterprise Bank* expressly noted that "[w]e have found no Kansas appellate case directly addressing the efficacy of a choice-of-law contract clause incorporating the laws of another state for purposes of tort claims" and accordingly based its holding on the established principle that "a choice-of-law clause in a contract generally will be enforced in Kansas so long as the agreed-upon law does not violate this state's well-established public policy."  *Enters. Bank*, 2013 WL 1876293, at *15.  Plaintiffs do not allege that the law for which they contracted would contravene any state's public policy.

[5] The relevant distinction between *Harley* and NCUA's case is that Harley's contract *did not* contain a choice-of-law clause (*Harley*, 2014 WL 5017830, at *1 n.2), which required the Court to revert to a "center of gravity" analysis; if the contract had contained such a provision, as WesCorp's contracts do, that clause would have governed.  *Id.* at *3.

2

**III.    NO TOLLING DOCTRINE SAVES PLAINTIFFS' UCL AND GBL CLAIMS.**

As set forth in Defendants' other briefs, Schwab and NCUA's contention that they were not on inquiry notice fails, and the doctrines of fraudulent concealment, equitable tolling, continuing violation, and *American Pipe* tolling do not apply.[6] Indeed, Maragos concedes that his GBL claims accruing before November 27, 2009 (three years prior to filing) are untimely. SOL Opp. App. A.1 at 21. NCUA's UCL claims are untimely because they were filed over four years after NCUA assumed legal responsibility for WesCorp as conservator.[7]

Schwab and NCUA's reliance on California's equitable tolling doctrine is also baseless. A "long line of California precedents" holds that "a plaintiff who wishes to benefit from equitable tolling must have actually relied on the use of some other legal mechanism to vindicate his rights."[8] Plaintiffs' own case law dictates that tolling is available only where a plaintiff delays its own action in good faith reliance on a prior action[9]—but Plaintiffs pursued their own actions *before* any decisions on class certification. Nor is equitable tolling justified by a purported "substantial similarity" with earlier class actions (SOL Opp. 20-21) because those actions did not assert UCL or other consumer-based claims.[10] Furthermore, Schwab disqualified itself from tolling by voluntarily dismissing its original UCL claims to pursue claims that

---

[6] *See* Fraud Reply 2-8; Tortious Interference Reply 6-11.

[7] *See* Tortious Interference Reply 6-7.

[8] *Hendrix v. Novartis Pharm. Corp.*, 975 F. Supp. 2d 1100, 1114 (C.D. Cal. 2013). Plaintiffs' attempt to distinguish *Hendrix* fails: there, equitable tolling was indeed inapplicable because the class action did not put the defendant on notice, but also on the independent ground that the plaintiff did not rely on the prior class action. *Id.* at 1114-15.

[9] *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). *San Francisco Unified School District v. W.R. Grace & Co.*, 44 Cal. Rptr. 2d 305 (Cal. Ct. App. 1995), does not suggest otherwise. Not only does the case not discuss this issue, but the facts indicate that the plaintiff *did* rely on the prior class action in delaying its own action. There, the plaintiff opted out of the class only *after* class certification was partially denied. *See In re Asbestos Sch. Litig.*, 104 F.R.D. 422 (E.D. Pa. 1984), *aff'd in part, rev'd in part*, 789 F.2d 996 (3d Cir. 1986) (affirming denial of class certification).

[10] *See Hendrix*, 975 F. Supp. 2d at 1113.

3

Schwab perceived to be more valuable, reasserting them only when those claims failed.[11]

## IV. SCHWAB'S DENIAL OF THE UCL'S SECURITIES EXCLUSION FAILS.

Schwab's attempt to argue that UCL claims can be based on securities transactions (Consumer Opp. 5) defies case law directly on point. *See Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 790 (Cal. Ct. App. 2004). The cases Schwab invokes are inapposite. *Roskind v. Morgan Stanley Dean Witter & Co.*, 80 Cal. App. 4th 345, 355 n.8 (Cal. Ct. App. 2000), "only held that federal securities laws do not *preempt* section 17200 claims … and does not support a conclusion that section 17200 applies to securities transactions." *Bowen*, 116 Cal. App. 4th at 789-90 (emphasis in original). And the claims in *Overstock.com, Inc. v. Gradient Analytics, Inc.* "*d[id] not arise from any stock transactions between the parties*" but rather from alleged defamation. 151 Cal. App. 4th 688, 715 (Cal. Ct. App. 2007) (emphasis in original). By contrast, Schwab's UCL claims expressly arise from securities transactions,[12] and "[n]o court … has allowed Section 17200 claims to proceed where … the predicate acts are securities transactions."[13] Contrary to Schwab's assertions, CDs and commercial paper are "securities transactions." *See Benson v. JPMorgan Chase Bank, N.A.*, No. C-09-5272 EMC, 2010 WL 1526394, at *9 (N.D. Cal. Apr. 15, 2010) ("*Bowen* would apply [to a fraud-based UCL claim] since the sale of fraudulent CDs would constitute a securities transaction").[14]

---

[11] *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008) ("[A] plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations."); *Lantzy v. Centex Homes*, 73 P.3d 517, 536 (Cal. 2003) (California equitable tolling requires "reasonable and good faith conduct on the part of the plaintiff").

[12] *Schwab* ¶ 328 ("Defendants' unfair and fraudulent business acts and practices … induced investors, including Plaintiffs, to purchase and retain the LIBOR-based financial instruments.").

[13] *Betz v. Trainer Wortham & Co., Inc.*, 829 F. Supp. 2d 860, 866-67 (N.D. Cal. 2011) (collecting cases and observing that federal courts have consistently recognized the UCL's securities exclusion).

[14] Schwab's cases (Consumer Opp. 4-5) do not support the contention that these instruments are categorically not securities. *Marine Bank v. Weaver* stated, "It does not follow [from our ruling] that a certificate of deposit … invariably falls outside the definition of a 'security' as defined by the federal statutes." 455 U.S. 551, 560 n.11 (1982). *Zeller v. Bogue Electrical Manufacturing Corp.* held that "only [] prime quality negotiable *(continued)*

4

## V.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE UCL OR GBL.

### A. Plaintiffs' Transactions Are Not Consumer Transactions.

Plaintiffs cannot circumvent the UCL's and GBL's "consumer oriented" requirement with the absurd assertion that, even though *Plaintiffs* are sophisticated entities, LIBOR is also used as a benchmark for products purchased by *others* who are not parties to this litigation. Consumer Opp. 5-6.  The relevant inquiry is not whether *others'* transactions reference the same benchmark; it is whether the *parties'* transactions are of a routine, standardized type made available to the wider public.[15]  Plaintiffs' cases apply this very legal standard,[16] and courts have specifically held that interest rate swaps like Plaintiffs' are "large-scale transactions … not of the type marketed to consumers" and cannot give rise to GBL claims.[17]

---

commercial paper of a type not ordinarily purchased by the general public" may not be considered securities.  476 F.2d 795, 799 (2d Cir. 1973).  If Schwab's commercial paper was "not intended to be marketed to the public," then any conduct involving these products would not be "consumer-oriented," as the UCL requires.  *See* Part V.A, *infra.*

[15] *See Linear Tech. Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115, 135 (Cal. Ct. App. 2007) ("[W]here a UCL action is based on contracts not involving either the public in general or individual consumers *who are parties to the contracts*, a corporate plaintiff may not rely on the UCL for the relief it seeks." (emphasis added)); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A*., 85 N.Y.2d 20, 25 (N.Y. 1995) ("Private contract disputes, unique to the parties … would not fall within the ambit of the [GBL].").  Plaintiffs baldly assert that *Rosenbluth International, Inc. v. Superior Court of L.A. County*, 101 Cal. App. 4th 1073 (Cal. Ct. App. 2002), and its progeny "are no longer governing law" due to the UCL's amendment in 2004.  Consumer Opp. 6 n.8.  The 2004 amendment *narrowed* the types of plaintiffs who could bring UCL claims by adding an actual injury requirement and is consistent with *Rosenbluth*'s holding that a non-party to the consumer contracts at issue cannot bring UCL claims.  Moreover, *Linear* and its line of cases all post-date the amendment.

[16] *E.g.*, *Int'l Union of Operating Eng'rs, Stationary Eng'rs Local 39 Pension Trust Fund v. Bank of N.Y. Mellon Corp*., No. C 11-03620, 2012 WL 476526, at *7 (N.D. Cal. Feb. 14, 2012) (GBL's "threshold requirements were whether the bank's practices had a broader impact on consumers at large and if the … clients were treated 'as any customer entering the bank' as opposed to entering into a private, unique contract").  Each GBL case Plaintiffs cite (Consumer Opp. 6-7) concerned transactions that *by their nature* targeted individual consumers.  *Riordan v. Nationwide Mut. Fire Ins. Co*., 977 F.2d 47, 49-51 (2d Cir. 1992) (homeowner's insurance); *New York v. Feldman*, 210 F. Supp. 2d 294, 302 (S.D.N.Y. 2002) (public auctions involving "unsophisticated individual sellers"); *Wurtz v. Rawlings Co., LLC*, No. 12-CV-1182, 2014 WL 4961422, at *8 (E.D.N.Y. Oct. 3, 2014) (health insurance); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 23, 2014) (home warranties); *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2014 WL 4677120, at *17 (E.D.N.Y. Sept. 19, 2014) (home loans).

[17] *Regions Bank v. SoFHA Real Estate Inc.*, No. 2:09-CV-57, 2010 WL 5488471, at *3 (E.D. Tenn. Dec. 3, 2010); *see also Merrill Lynch Capital Mkts. Ag v. Controladora Comercial Mexicana S.A.B. De C.V*., No. 603214/08, 2010 WL 5827550, at *14 (N.Y. Sup. Ct. Mar. 16, 2010) ("courts have routinely rejected attempts to apply GBL § 349 to securities transactions and other financial transactions, like the [swaps] at issue here").

**B. Plaintiffs' Complaints Fail to Plead Requisite Elements of UCL or GBL Claims.**

Plaintiffs' opposition briefs do nothing to remedy their failure to plead the requisite elements of their claims, including unlawful, unfair, or fraudulent business practices; reliance or materiality; proximate causation; and actual harm.[18] Schwab, NCUA, and Maragos cannot trace the purported effects of any individual Defendant's allegedly deceptive practices to their losses.

Plaintiffs argue that Schwab and NCUA satisfy Rule 9(b) for their fraud-based claims by describing the type, value, and counterparties of their various transactions. Fraud Opp. 8-9. But Plaintiffs' ability to identify their own transactions does not suffice to plead any—let alone every—*Defendant's* allegedly wrongful business practices with specificity, as required by the UCL.[19] Furthermore, NCUA fails to address that its UCL claim cannot survive where the predicate claims—alleged antitrust violations—are not viable under this Court's prior rulings.[20]

Maragos also fails to explain how its allegations meet the GBL's materiality requirement. Maragos' argument that "[t]here is no requirement that the defendants' manipulation be material to plaintiff's decision *to enter into* the swap transactions," Consumer Opp. 8 (emphasis added), does not excuse his failure to allege how the purported conduct was "materially misleading" to Nassau County in *any* way.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiffs' UCL and GBL claims.

---

[18] *See* Fraud Reply 11-24.

[19] *See Defer LP v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 216 (S.D.N.Y. 2009) (plaintiff must "specify which defendant allegedly is responsible for the alleged [misstatements or] omissions"). Rule 9(b) is applicable despite Schwab's disclaimers of fraud-based allegations for its Securities Act claims. *See, e.g., Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996) (dismissing attempt to disclaim fraud allegations with respect to securities claims "where the gravamen of the complaint is plainly fraud").

[20] *See LIBOR I*, 935 F. Supp. 2d 666, 685-95 (S.D.N.Y. 2013); *LIBOR II*, 962 F. Supp. 2d 606, 624-28 (S.D.N.Y. 2013).

Dated: New York, New York
       December 23, 2014

/s/ Robert F. Wise, Jr.
Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com

*Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.*

/s/ Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Fax: (202) 956-6973
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.*

/s/ Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
Amos Friedland
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-2300
jschiller@bsfllp.com
lnathanson@bsfllp.com
afriedland@bsfllp.com

Michael A. Brille
5301 Wisconsin Avenue NW
Washington, D.C.  20015
Telephone: (202) 237-2727
mbrille@bsfllp.com

/s/ Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for Defendants Barclays Bank plc and Barclays Capital Inc.*

7

| | |
|---|---|
| /s/ Andrew A. Ruffino | /s/ David R. Gelfand |
| Andrew A. Ruffino<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York  10018<br>Telephone: (212) 841-1000<br>aruffino@cov.com<br><br>Alan M. Wiseman<br>Thomas A. Isaacson<br>Jonathan Gimblett<br>One CityCenter<br>850 Tenth Street, N.W.<br>Washington, DC 20001<br>Telephone: (202) 662-6000<br>awiseman@cov.com<br>tisaacson@cov.com<br>jgimblett@cov.com | David R. Gelfand<br>Sean M. Murphy<br>MILBANK TWEED HADLEY &<br>MCCLOY  LLP<br>One Chase Manhattan Plaza<br>New York, New York  10005<br>Telephone: (212) 530-5000<br>dgelfand@milbank.com<br>smurphy@milbank.com<br><br>*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.* |
| /s/ Michael R. Lazerwitz | /s/ Herbert S. Washer |
| Michael R. Lazerwitz<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York  10006<br>Telephone: (212) 225-2000<br>mlazerwitz@cgsh.com<br><br>*Attorneys for Defendants Citibank, N.A. and Citigroup, Inc.* | Herbert S. Washer<br>Elai Katz<br>Joel Kurtzberg<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, New York  10005<br>Telephone: (212) 701-3000<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jkurtzberg@cahill.com<br><br>*Attorneys for Defendant Credit Suisse Group AG* |

| | |
|---|---|
| /s/ Moses Silverman | /s/ Thomas C. Rice |
| Moses Silverman<br>Andrew C. Finch<br>Jessica Brach<br>Noam Lerer<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3355<br>Fax: (212) 492-0355<br>msilverman@paulweiss.com<br>afinch@paulweiss.com<br>jbrach@paulweiss.com<br>nlerer@paulweiss.com<br><br>*Attorneys for Defendant Deutsche Bank AG* | Thomas C. Rice<br>Paul C. Gluckow<br>Omari L. Mason<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Fax: (212) 455-2502<br>trice@stblaw.com<br>pgluckow@stblaw.com<br>omason@stblaw.com<br><br>*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* |
| /s/ Ed DeYoung | /s/ Marc J. Gottridge |
| Ed DeYoung<br>Gregory T. Casamento<br>LOCKE LORD LLP<br>3 World Financial Center<br>New York, New York 10281<br>Telephone:  (212) 812-8325<br>Fax:  (212) 812-8385<br>edeyoung@lockelord.com<br>gcasamento@lockelord.com<br><br>Roger B. Cowie<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>Telephone:  (214) 740-8614<br>Fax:  (214) 740-8800<br>rcowie@lockelord.com<br><br>*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc* | Marc J. Gottridge<br>Lisa J. Fried<br>HOGAN LOVELLS US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 918-3000<br>marc.gottridge@hoganlovells.com<br>lisa.fried@hoganlovells.com<br><br>*Attorneys for Defendants HBOS plc, Bank of Scotland plc, Lloyds Bank plc (formerly known as Lloyds TSB Bank plc) and Lloyds Banking Group plc* |

/s/ Andrew W. Stern
Andrew W. Stern
Alan M. Unger
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
astern@sidley.com
aunger@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant The Norinchukin Bank*

/s/ Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN LLP
Arthur W. Hahn
Christian T. Kemnitz
525 West Monroe Street
Chicago, Illinois  60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

*Attorneys for Defendant Royal Bank of Canada*

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Jamie Dycus
Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
jamie.dycus@wilmerhale.com
alan.schoenfeld@wilmerhale.com

/s/ Robert G. Houck
Robert G. Houck
Alejandra de Urioste
James D. Miller
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com
jim.miller@cliffordchance.com

*Attorneys for Defendant Royal Bank of Scotland Group plc*

| | |
|---|---|
| /s/ Steven Wolowitz | /s/ Christopher M. Paparella |
| Steven Wolowitz<br>Henninger S. Bullock<br>Andrew J. Calica<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-2500<br>Fax: (212) 262-1910<br>swolowitz@mayerbrown.com<br>hbullock@mayerbrown.com<br>acalica@mayerbrown.com<br><br>*Attorneys for Defendant Société Générale* | Christopher M. Paparella<br>Ethan E. Litwin<br>Marc A. Weinstein<br>Morgan J. Feder<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>Chris.Paparella@hugheshubbard.com<br>Ethan.Litwin@hugheshubbard.com<br>Marc.Weinstein@hugheshubbard.com<br>Morgan.Feder@hugheshubbard.com<br><br>*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG* |
| /s/ Peter Sullivan | /s/ Richard D. Owens |
| Peter Sullivan<br>Lawrence J. Zweifach<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166-0193<br>Telephone: (212) 351-4000<br>psullivan@gibsondunn.com<br>lzweifach@gibsondunn.com<br><br>Joel S. Sanders (*admitted pro hac vice*)<br>555 Mission Street Suite 3000<br>San Francisco, California  94105<br>Telephone: (415) 393-8268<br>jsanders@gibsondunn.com<br><br>*Attorneys for Defendant UBS AG* | Richard D. Owens<br>Jeff G. Hammel<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 906-1200<br>richard.owens@lw.com<br>jeff.hammel@lw.com<br><br>*Attorneys for Defendants British Bankers' Association, BBA Enterprises Ltd., and BBA LIBOR Ltd.* |