**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 1:13-cv-7005-NRB | Master File No. 1:11-md-2262-NRB<br><br>ECF Case |
| THE CHARLES SCHWAB CORP., ET AL.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BANK OF AMERICA CORPORATION, ET AL.<br><br>                    Defendants. | **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE SCHWAB PLAINTIFFS' SECURITIES CLAIMS**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   SCHWAB'S CLAIMS ARE TIME-BARRED ............................................................1

    A.   The Statute of Limitations Bars Schwab's Exchange Act Claims........................ 1
    B.   The Statute of Limitations Bars Schwab's Blue-Sky Claims ............................... 2
    C.   *American Pipe* Does Not Apply .......................................................................... 3
    D.   Equitable Tolling Does Not Apply ....................................................................... 4

II.  SCHWAB'S CLAIMS ARE NOT ADEQUATELY PLEADED ........................................4

    A.   Schwab's Claims Fail Under Rule 9(b) ................................................................ 5
    B.   Schwab's Blue-Sky Claims Fail to Allege Loss Causation or Damages............... 6
    C.   Schwab's Exchange Act Claims Fail to Allege Loss Causation or Damages .......................................................................................................................... 7

Conclusion ...................................................................................................................7

# TABLE OF AUTHORITIES

CASES

PAGE(S)

*Am. High-Income Trust v. Alliedsignal*,
329 F. Supp. 2d 534 (S.D.N.Y. 2004)......................................................................6

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974).................................................................................................3

*Anschultz Corp. v. Merrill Lynch & Co.*,
785 F. Supp. 2d 799 (N.D. Cal. 2011) ....................................................................3

*Anschutz Corp. v. Merrill Lynch & Co.*,
690 F.3d 98 (2d Cir. 2012)......................................................................................6

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
158 Cal. App. 4th 226 (Cal. Ct. App. 2007) ..........................................................6

*Barrows v. Forest Labs., Inc.*,
742 F.2d 54 (2d Cir. 1984).......................................................................................7

*In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*,
995 F. Supp. 2d 291 (S.D.N.Y. 2014)..................................................................3, 4

*Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*,
750 F.3d 227 (2d Cir. 2014).....................................................................................3

*In re CitiGroup Inc. Bond Litig.*,
723 F. Supp. 2d 568 (S.D.N.Y. 2010)......................................................................5

*Commercial Union Assur. Co. v. Milken*,
17 F.3d 608 (2d Cir. 1994).......................................................................................7

*Contreras v. UAL Corp.*,
No. C 10-05127, 2014 WL 554485 (N.D. Cal. Feb. 7, 2014) .................................4

*Conyers v. Rossides*,
558 F.3d 137 (2d Cir. 2009).....................................................................................4

*Defer LP v. Raymond James Fin., Inc.*,
654 F. Supp. 2d 204 (S.D.N.Y. 2009)......................................................................6

*Deveny v. Entropin, Inc.*,
    42 Cal. Rptr. 3d 807 (Cal. Ct. App. 2006) ..............................................................2, 3

*Dura Pharm., Inc. v. Broudo*,
    544 U.S. 336 (2005)...................................................................................................7

*Eisenbaum v. Western Energy Resources, Inc.*,
    267 Cal. Rptr. 5 (Cal. Ct. App. 1990) .....................................................................3

*Fed. Hous. Fin. Agency v. UBS Ams., Inc.*,
    858 F. Supp. 2d 306 (S.D.N.Y. 2012).....................................................................2

*Franks v. Burlington N. & Santa Fe Ry. Co.*,
    No. B157936, 2004 WL 119860 (Cal. Ct. App. Jan. 27, 2004)................................4

*GAMCO Investors, Inc. v. Vivendi, S.A.*,
    917 F. Supp. 2d 246 (S.D.N.Y. 2013).....................................................................2

*Glonti v. Stevenson*,
    No. 08 cv 8960 (CM), 2009 WL 311293 (S.D.N.Y. Feb. 6, 2009) ..........................4

*Grace Brothers v. DNA Plant Tech. Corp.*,
    No. 99-15564, 2000 WL 750625 (9th Cir. June 8, 2000).........................................3

*Hardisty v. Moore*,
    No. 11cv1591, 2012 WL 1564533 (S.D. Cal. 2012) ...............................................3

*Hatfield v. Halifax PLC*,
    564 F.3d 1177 (9th Cir. 2009) ..................................................................................4

*Hernandez v. Vasquez*,
    B244533, 2013 WL 5952022 (Cal. Ct. App. Nov. 7, 2013)......................................3

*Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*,
    159 F.3d 723 (2d Cir. 1998).....................................................................................2

*I-Enterprise Co. v. Draper Fisher Jurvetson Mgmt. Co. V*,
    No. C-03-1561 MMC, 2005 WL 3590984 (N.D. Cal. Dec. 30, 2005).....................2

*Jackson v. Fischer*,
    931 F. Supp. 2d 1049 (N.D. Cal. 2013) ..................................................................5

*Janus Capital Grp., Inc. v. First Derivative Traders*,
    131 S. Ct. 2296 (2011)..............................................................................................6

*Johnson v. Riverside Healthcare Sys., LP,*
  534 F.3d 1116 (9th Cir. 2008) .........................................................................4

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,*
  501 U.S. 350 (1991), *superseded by statute as stated in Arnold v. KPMG LLP,*
  334 F.App'x 349 (2d Cir. 2009) ........................................................................4

*In re Lehman Bros. Sec. & ERISA Litig.,*
  903 F. Supp. 2d 152 (S.D.N.Y. 2012) ..............................................................5

*Lentell v. Merrill Lynch & Co.,*
  396 F.3d 161 (2d Cir. 2005) ..........................................................................5, 7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.,*
  935 F. Supp. 2d 666 (S.D.N.Y. 2013) ...................................................1, 2, 3, 5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.,*
  No. 11 MD 2262, 2014 WL 2815645 (S.D.N.Y. June 23, 2014) .......................1, 2

*Merck & Co. v. Reynolds,*
  559 U.S. 633 (2010) .........................................................................................1

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*
  289 F. Supp. 2d 416 (S.D.N.Y. 2003) ..............................................................4

*In re Merrill Lynch Auction Rate Sec. Litig.,*
  851 F. Supp. 2d 512 (S.D.N.Y. 2012), *aff'd sub nom. La. Pacific Corp. v.*
  *Merrill Linch & Co.,* 571 Fed. App'x 8 (2d Cir. 2014) .......................................7

*MLSMK Inv. Co. v. JP Morgan Chase & Co.,*
  651 F.3d 268 (2d Cir. 2011) .............................................................................5

*Morin v. Trupin,*
  747 F. Supp. 1051 (S.D.N.Y. 1990) ..................................................................5

*NCUA v. Morgan Stanley & Co.,*
  No. 13-Civ. 6705 (DLC), 2014 WL 241739 (S.D.N.Y. Jan. 22, 2014)...................3

*In re PXRE Grp., Ltd. Sec. Litig.,*
  600 F. Supp. 2d 510 (S.D.N.Y. 2009), *aff'd sub nom. Condra v. PXRE Grp., Ltd.,*
  357 F. App'x 393 (2d Cir. 2009) ......................................................................6

*Packer v. Yampol,*
  630 F. Supp. 1237 (S.D.N.Y. 1986).................................................................7

*Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*,
   648 F.3d 533 (7th Cir. 2011) ................................................................1

*Prettyman v. City of San Diego Police Dep't*,
   No. 11-cv-00195, 2012 WL 959472 (S.D. Cal. Mar. 21, 2012) ................4

*Shaffer v. Combined Ins. Co. of Am.*,
   No. 02 C 19774, 2003 WL 22715818 (N.D. Ill. Nov. 18, 2003) ...............3

*Sitrick v. Citigroup Global Markets, Inc.*,
   No. CV 05-3731, 2009 WL 1298148 (C.D. Cal. Apr. 30, 2009) ...............3

*In re UBS AG Sec. Litig.*,
   No. 07 Civ. 11225 (RJS), 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)................6

*Wilson v. Dalene*,
   699 F. Supp. 2d 534 (E.D.N.Y. 2010) ................................................7

## Statutes & Rules

28 U.S.C.§ 1658(b) ................................................................1, 4

Cal. Corp. Code § 25400 ................................................................6

Cal. Corp. Code § 25401 ................................................................5, 6, 7

Cal. Corp. Code § 25403 ................................................................6

Cal. Corp. Code § 25500 ................................................................6

Cal. Corp. Code § 25501 ................................................................5, 6, 7

Cal. Corp. Code § 25504 ................................................................6

Cal. Corp. Code § 25506 ................................................................3

Cal. Corp. Code § 25506(b) ................................................................3

Fed. R. Civ. P. 9(b) ................................................................5, 6

Sec. 10(b) of the Exch. Act ................................................................5, 6, 7

Defendants submit this reply memorandum of law in further support of their motion to dismiss the Schwab Plaintiffs' ("Schwab") securities claims.  Schwab stipulates that it will dismiss its Securities Act claims.  Schwab Op. 4 n.4.  Only Schwab's Exchange Act and California "blue sky" securities claims remain.  Those, too, should be dismissed, with prejudice.

# I.   SCHWAB'S CLAIMS ARE TIME-BARRED

## A.   The Statute of Limitations Bars Schwab's Exchange Act Claims

The Exchange Act's two-year statute of limitations bars Schwab's Exchange Act claims, filed April 29, 2013, because a "reasonably diligent plaintiff would have discover[ed] the facts constituting the violation" by May 2008, let alone by April 29, 2011.  28 U.S.C. § 1658(b); *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010) (alteration in original) (internal quotation marks omitted).  Schwab's contention that it could not discover its claims until government agencies investigated and settled with certain banks in June 2012—almost a year after it filed its first complaint—must be rejected because a "reasonably diligent plaintiff" does not rely exclusively on government investigations,[1] and this Court held that the core information underlying Schwab's securities claims has been public since 2008.[2]  While less may be required under the CEA, according to this Court's rulings in *LIBOR I*, by May 2008 the public knew that LIBOR was "likely artificial" and that the "submission of artificial LIBOR quotes was necessarily illegitimate," which are the key facts underpinning each element of Schwab's claims,

---

[1] *See Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 536-37 (7th Cir. 2011) (Easterbrook, J.) (holding that *Merck* "focuses attention on what the plaintiff knows or could have found out, not on what the defendant admits or denies—or for that matter on what a federal agency such as the SEC believes"); *cf.* Mar. 5, 2013 Hr'g Tr. 54:21-55:3 ("Your job here, as plaintiffs' counsel, looking for whopping legal fees, is not to piggyback on the government.").

[2] *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2014 WL 2815645, at *19 (S.D.N.Y. June 23, 2014) (*LIBOR III*) ("[T]he publicly available literature at the time of purchase would have made clear that LIBOR was, in all probability, still artificial."); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 708 (S.D.N.Y. 2013) (*LIBOR I*) ("[B]y May 29, 2008, plaintiffs' investigative work had already been done for them and had been published in the pages of the *Wall Street Journal*.").

thus satisfying *Merck*.[3]

Indeed, Schwab's initial actions, filed August 23, 2011, were based on substantively identical allegations as this action[4] and *included an Exchange Act claim*.  Schwab does not identify any facts it alleged on August 23, 2011 to support its Exchange Act claim that were not as available on April 29, 2011 (the date two years prior to filing this action).[5]  Even if Schwab's claims had not accrued by April 29, 2011, Schwab still fails to show "reasonable diligence" because it was on notice by May 2008 that LIBOR was "in all probability" artificial.[6]  In any event, the five-year statute of repose bars Schwab's claims based on violations occurring before April 29, 2008.  Schwab Mem. 8 n.3.

## B.   The Statute of Limitations Bars Schwab's Blue-Sky Claims

Schwab's California claims are barred by a two-year statute of limitations from inquiry notice.[7]  Schwab relies on *I-Enterprise Co. LLC v. Draper Fisher Jurvetson Mgmt. Co. V, LLC*, No. C-03-1561 MMC, 2005 WL 3590984, at *26 (N.D. Cal. Dec. 30, 2005), to suggest that only actual notice triggers the statute of limitations.  But Defendants' authority (*Deveny*) postdates *I-*

---

[3] *LIBOR I*, 935 F. Supp. 2d at 708; *see, e.g.*, Am. Compl. ¶ 9 ("Defendants caused USD LIBOR to be set artificially low, resulting in artificially suppressed rates of return on LIBOR-based financial instruments.").  Schwab's reliance on *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232-35 (2d Cir. 2014), is misplaced because, as Schwab admits, its claims do not rest on a corrective disclosure.  Schwab Op. 16-17.

[4] *See, e.g.*, Schwab Money Market Compl. (filed Aug. 23, 2011) ¶ 1 ("By acting together and in concert to knowingly understate to the BBA their true costs of borrowing, Defendants caused LIBOR to be set artificially low.").  By arguing that it could not allege an Exchange Act claim until June 2012, Schwab implicitly suggests that its initial actions, which contained such claims, were improperly filed.  Schwab also does not identify what information revealed in June 2012 would have supported Exchange Act claims against all Defendants or point to any new information revealed in June 2012 regarding any non-settling banks or an Exchange Act claim against them.

[5] *Cf. Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 321 (S.D.N.Y. 2012) (finding *Merck* standard was not triggered in 2007 because "[b]etween 2007 and the filing of this complaint an important event occurred that caused" plaintiffs to discover new facts).  Here, by contrast, other plaintiffs had discovered and brought suit on the same factual allegations underlying Schwab's securities claims before April 29, 2011.  *See* Schwab Mem. 8.

[6] *LIBOR III*, 2014 WL 2815645, at *19; *see GAMCO Investors, Inc. v. Vivendi, S.A.*, 917 F. Supp. 2d 246, 254 (S.D.N.Y. 2013) (plaintiffs do not reasonably rely when "plaintiff had access to information which rendered reliance on the allegedly material misstatement unreasonable"); *Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 730 (2d Cir. 1998).

[7] *Deveny v. Entropin, Inc.*, 42 Cal. Rptr. 3d 807, 817 (Cal. Ct. App. 2006) ("[I]nquiry notice is sufficient to trigger the running of the limitations period under section 25506.").

*Enterprise* and rejected its reasoning.[8]  Later decisions have therefore followed *Deveny* in holding that inquiry notice applies to section 25506.[9]  Nor does Schwab cite a California case that applies *Merck* to section 25506.[10]  As noted, plaintiffs were on inquiry notice by 2008.[11]

## C.  *American Pipe* Does Not Apply

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), does not apply because, among other reasons: (1) Schwab voluntarily dismissed its previously asserted securities claims;[12] (2) Schwab identifies no securities class action that would toll its claims, *see, e.g.*, *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 304 (S.D.N.Y. 2014); and (3) any potentially relevant class action was filed outside the limitations period.  Securities Mem. 9-10.  As this Court recognized, Schwab's invocation of *American Pipe* after filing its individual actions and requesting they be separate from the class actions is self-serving.[13]

---

[8] *Deveny*, 42 Cal. Rptr. 3d at 817; *see also Grace Brothers, Ltd. v. DNA Plant Tech. Corp.*, No. 99-15564, 2000 WL 750625, at *1 & n.1 (9th Cir. June 8, 2000) (inquiry notice applies to 25506; court not "convinced that [*Eisenbaum v. Western Energy Resources, Inc.*, 267 Cal. Rptr. 5, 11-12 (Cal. Ct. App. 1990), on which *I-Enterprise* relied,] is an accurate predictor of what the California Supreme Court would do if required to interpret section 25506"); *id.* (discrediting *Eisenbaum* (which interprets a different statute) because "*Eisenbaum* relied primarily on the fiduciary relation between the parties to impose an actual notice standard").

[9] *See, e.g.*, *Hernandez v. Vasquez*, B244533, 2013 WL 5952022, at *6 (Cal. Ct. App. Nov. 7, 2013) ("Actual notice of the facts will trigger the statute, but inquiry notice is also sufficient."); *Hardisty v. Moore*, No. 11cv1591, 2012 WL 1564533, at *5 (S.D. Cal. May 2, 2012); *Anschultz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 819 (N.D. Cal. 2011); *Sitrick v. Citigroup Global Markets, Inc.*, No. CV 05-3731, 2009 WL 1298148, at *12 (C.D. Cal. Apr. 30, 2009).

[10] *NCUA v. Morgan Stanley & Co.*, No. 13-Civ. 6705 (DLC), 2014 WL 241739, at *12-14 (S.D.N.Y. Jan. 22, 2014), is inapposite both because it interprets a Texas statute, and because, unlike section 25506, "[n]either the Texas Supreme Court nor the intermediate appellate courts [had] construed" the accrual provision.  Even if *Merck* applied, Schwab's claims fail as with the Exchange Act claims.

[11] *See, e.g.*, *LIBOR I*, 935 F. Supp. 2d at 701.  Schwab's California claims based on alleged violations occurring before April 29, 2008 are also barred by a five-year statute of repose.  Cal. Corp. § 25506(b).

[12] *See Shaffer v. Combined Ins. Co. of Am.*, No. 02 C 1774, 2003 WL 22715818, at *3 (N.D. Ill. Nov. 18, 2003); *cf. LIBOR I*, 935 F. Supp. 2d at 728 (noting Schwab's "dubious" attempt "to disown their original complaint and thereby avoid dismissal of their RICO claim").

[13] *See* Dec. 4, 2013 Hr'g Tr. 21:23-22:2.  As Schwab concedes, California does not apply *American Pipe* to claims filed in other jurisdictions; accordingly, *American Pipe* is inapplicable to Schwab's California claims.  Schwab Op. 13-14.  Defendants further address Schwab's *American Pipe* arguments in their Tortious Interference Reply.

### D.        Equitable Tolling Does Not Apply

Schwab's strategic dismissal of its previously asserted securities claims makes it ineligible for equitable tolling.[14]  Schwab incorrectly asserts that "[a]bsent Defendants' procedural boomeranging," it could have amended its complaint in its initial actions.  Schwab Op. 12.  It was Schwab's burden as plaintiff to allege federal jurisdiction in its complaint.  *E.g.*, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).  Schwab was also free to amend its complaint to assert additional bases for federal jurisdiction; indeed, the OTC Plaintiffs did precisely that.  Dkt. 334.  Schwab, however, filed in a different forum to avoid this Court's rulings.[15]  Schwab is also not entitled to equitable tolling due to the pendency of a putative class action, Schwab Op. 14, because it identifies no relevant class action that would toll its claims, the first class actions were filed outside of the limitations period, and this Court recognized Schwab's argument as a transparent attempt to avoid the statute of limitations.  *See* Dec. 4, 2013 Hr'g Tr. 21:23-22:2.[16]

## II.        SCHWAB'S CLAIMS ARE NOT ADEQUATELY PLEADED

Schwab conceded during oral argument that it "can't make out the elements of a 10b-5

---

[14] *See, e.g., Franks v. Burlington N. & Santa Fe Ry. Co.*, No. B157936, 2004 WL 119860, at *9 (Cal. Ct. App. Jan. 27, 2004) (denying equitable tolling because "it is difficult to endorse plaintiffs' conduct" of pursuing an action only to "suddenly abandon[] it, without compulsion, to undertake a new and presumably more favorable forum"); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008); *Contreras v. UAL Corp.*, No. C 10-05127, 2014 WL 554485, at *2 (N.D. Cal. Feb. 7, 2014); *Prettyman v. City of San Diego Stearns Police Dep't*, No. 11-cv-00195, 2012 WL 959472, at *5 (S.D. Cal. Mar. 21, 2012).  California's equitable tolling doctrine is also unavailable to the non-California plaintiffs.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189-90 (9th Cir. 2009).

[15] *See Hatfield*, 564 F.3d at 1186 (equitable tolling "focuses on a plaintiff's good faith and reasonable conduct in filing a second action.").

[16] Schwab cites no cases applying equitable tolling to § 1658(b), and courts have held that the "equitable tolling doctrine is fundamentally inconsistent" with the limitations period applicable to Exchange Act claims.  *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991), *superseded by statute as stated in Arnold v. KPMG LLP*, 334 F. App'x 349, 351 n.1 (2d Cir. 2009); *see also In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 303 (S.D.N.Y. 2014) (the Judiciary Committee Report for Sarbanes-Oxley "made clear that no tolling applied," because the "the inner limit by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary" (citing *Lampf*, 501 U.S. at 363) (internal quotation marks omitted)); *Glonti v. Stevenson*, No. 08 cv 8960 (CM), 2009 WL 311293, at *10 (S.D.N.Y. Feb. 6, 2009); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 426 (S.D.N.Y. 2003).

claim."[17]   Now backtracking, Schwab asserts "that the Court agreed with [Defendants']
argument that a securities-fraud claim could be pled on these facts," Schwab Op. 15 (emphasis
omitted), even though the Court stated only that the *SEC* could potentially pursue securities
claims, and that the PSLRA bars a RICO claim "'even where a plaintiff cannot itself pursue a
securities fraud action against the defendant.'"[18]   Because the SEC, unlike Schwab, need not
allege reliance, economic loss, or loss causation, this Court's rulings only reinforce Schwab's
concession that it cannot credibly plead the elements of its claims.  Schwab recognized this when
it dropped the securities claims in its initial actions.

### A.      Schwab's Claims Fail Under Rule 9(b)

Schwab's allegations, which provide only general information regarding the type of
security purchased and the total value of securities purchased, are insufficient under Rule 9(b).[19]
Securities Mem. 13-15.  Schwab's current Amended Complaint does not identify specific
securities Schwab purchased, when it purchased them, or from which Defendant it purchased the
securities, which especially dooms Schwab's California securities claims because "Sections
25401 and 25501 impose liability only on the actual seller of the security" and thus "require[]
privity between the plaintiff and the defendant."[20]   Schwab also fails to identify with
particularity when and where Defendants' alleged false statements were made, fails to specify

---

[17] Mar. 5, 2013 Hr'g Tr. 88:9-10; *see also id.* 88:2-7.

[18] *LIBOR I*, 935 F. Supp. 2d at 726 (quoting *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 277 (2d Cir. 2011)); *id.* at 730 n.20.

[19] *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 169 (2d Cir. 2005) (plaintiffs are required "to allege facts *specific to the security in question*, including who said what to whom concerning that *particular security*." (internal quotation marks omitted) (emphases in original)); *Morin v. Trupin*, 747 F. Supp. 1051, 1062 (S.D.N.Y. 1990); *In re CitiGroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 585 (S.D.N.Y. 2010).

[20] Schwab Op. 20; *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1064 (N.D. Cal. 2013).  *See also In re Lehman Bros. Sec. & ERISA Litig.*, 903 F. Supp. 2d 152, 195-97 (S.D.N.Y. 2012) (plaintiffs insufficiently alleged claims under 25401 and 25501 because complaint "does not allege from whom or in what manner plaintiffs purchased these securities" thus failing to allege "privity with *any* 'seller'" (footnote omitted)); *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 253 (Cal. Ct. App. 2007).

which Defendant made which misstatement, fails to particularize which misstatement was made in connection with which security, and fails to particularize what exactly the purported misstatements were.[21]  Schwab's contention that "[t]his is not a 'fraud-on-the-market' case" highlights these deficiencies because Schwab does not particularize which misstatements it relied on when purchasing the securities, or which Defendant made them.[22]  Schwab's Exchange Act and California claims therefore must be dismissed.[23]

### B.   Schwab's Blue-Sky Claims Fail to Allege Loss Causation or Damages

Schwab's California securities claims fail also because it does not allege that it purchased a "security at a price which was affected" by Defendants.  Cal. Corp. Code § 25500.  Section 25500 recognizes only stock drop-type securities cases: the "difference between the price at which such other person purchased or sold securities and the market value which such securities would have had at the time of his purchase or sale in the absence of such act or transaction."  *Id.* And Schwab does not even allege the securities it purchased, whether it sold them, the purchase price, or the sale price.  Nor has Schwab plausibly alleged that it purchased securities at an inflated price and then sold them for a loss following a corrective disclosure, particularly since LIBOR-based instruments were allegedly paying *less* interest at the time of purchase.  Schwab's

---

[21] *See, e.g., Defer LP v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 215-16 (S.D.N.Y. 2009); *see also Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2301 (2011); *In re UBS AG Sec. Litig.*, No. 07 Civ. 11225 (RJS), 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012).

[22] Schwab Op. 16.  Schwab contends that it "is entitled to a presumption of reliance based on omissions," Schwab Op. 12, but, not having pleaded facts regarding the specific securities at issue, it is impossible to know whether Schwab pleads omissions, affirmative misrepresentations, or both.  Indeed, Schwab previously conceded: "[t]here is no conceivable way that we could demonstrate reliance on any specific misrepresentation in connection with the purchase and sale of those securities."  Mar. 5, 2013 Hr'g Tr. 86:22-87:5.

[23] *See Am. High-Income Trust v. Alliedsignal*, 329 F. Supp. 2d 534, 545 (S.D.N.Y. 2004) (California claims subject to Rule 9(b)).  Schwab cannot allege underlying violations of sections 25400, 25401, 25500, or 25501, and thus cannot allege derivative liability under section 25504.  *See Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 112 (2d Cir. 2012).  And there is no private right of action for section 25403.  *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 255 (Cal. Ct. App. 2007).  Because Schwab has no Section 10(b) claim, Schwab's Section 20(a) claim also fails.  *See In re PXRE Grp., Ltd. Sec. Litig.*, 600 F. Supp. 2d 510, 548 (S.D.N.Y. 2009), *aff'd sub nom. Condra v. PXRE Grp., Ltd.*, 357 F. App'x 393 (2d Cir. 2009).

section 25401 and 25501 claims fail for similar reasons: Schwab does not plausibly allege that it was damaged by any alleged misrepresentation.[24]

### C.    Schwab's Exchange Act Claims Fail to Allege Loss Causation or Damages

Schwab's assertion that Defendants' alleged misrepresentations or omissions caused it to receive lower interest rate payments on its securities fails to plead loss causation for its Exchange Act claims.  Am. Compl. ¶ 269-70.  As to fixed-rate securities, Schwab speculates that it would have demanded and received higher rates and received more in interest payments, *id.*, but Schwab does not allege that Defendants made any misrepresentation about the securities or the creditworthiness of the issuers, much less that any misrepresentation caused a loss.  Moreover, even as to floating-rate securities, Schwab does not allege any actual, "out of pocket" loss on its principal investment, much less a causal connection between any misrepresentation and such loss.  It alleges only that it should have received more interest on those securities.  Schwab Mem. 17-18.[25]  Section 10(b) does not recognize such "benefit of the bargain" damages, where, as here, they are based on "what the parties might have done or received had the circumstances surrounding the agreement been different."[26]

### <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss Schwab's securities claims with prejudice.

---

[24] *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 340 (2005); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 540-41 (S.D.N.Y. 2012) (California securities plaintiff could not "satisfy its own proffered minimum showing" that the price it paid was "'affected by'" defendant's conduct), *aff'd sub nom. La. Pacific Corp. v. Merrill Lynch & Co.*, 571 Fed. App'x 8 (2d Cir. 2014); *Wilson v. Dalene*, 699 F. Supp. 2d 534, 560 (E.D.N.Y. 2010).

[25] Am. Compl. ¶ 269; *see, e.g.*, *Packer v. Yampol*, 630 F. Supp. 1237, 1241 (S.D.N.Y. 1986).

[26] *See Commercial Union Assur. Co. v. Milken*, 17 F.3d 608, 614-15 (2d Cir. 1994); *Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 60 (2d Cir. 1984); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005).

Dated:  New York, New York
        December 23, 2014

                                        Respectfully submitted,

| | |
|---|---|
| /s/ Robert F. Wise, Jr. | /s/ Daryl A. Libow |
| Robert F. Wise, Jr. | Daryl A. Libow |
| Arthur J. Burke | Christopher M. Viapiano |
| Paul S. Mishkin | SULLIVAN & CROMWELL LLP |
| DAVIS POLK & WARDWELL LLP | 1700 New York Avenue, N.W., Suite 700 |
| 450 Lexington Avenue | Washington, D.C.  20006 |
| New York, New York  10017 | Telephone: (202) 956-7500 |
| Telephone: (212) 450-4000 | Fax: (202) 956-6973 |
| Fax: (212) 450-4800 | libowd@sullcrom.com |
| robert.wise@davispolk.com | viapianoc@sullcrom.com |
| arthur.burke@davispolk.com | |
| paul.mishkin@davispolk.com | *Attorneys for Defendant The Bank of* |
| | *Tokyo-Mitsubishi UFJ, Ltd.* |
| *Attorneys for Defendants Bank of America* | |
| *Corporation and Bank of America, N.A.* | |

| | |
|---|---|
| */s/* Jeffrey T. Scott | */s/* Andrew A. Ruffino |
| David H. Braff | Andrew A. Ruffino |
| Yvonne S. Quinn | COVINGTON & BURLING LLP |
| Jeffrey T. Scott | The New York Times Building |
| Matthew J. Porpora | 620 Eighth Avenue |
| SULLIVAN & CROMWELL LLP | New York, New York  10018 |
| 125 Broad Street | Telephone: (212) 841-1000 |
| New York, New York  10004 | aruffino@cov.com |
| Telephone: (212) 558-4000 | |
| braffd@sullcrom.com | Alan M. Wiseman |
| quinny@sullcrom.com | Thomas A. Isaacson |
| scottj@sullcrom.com | Jonathan Gimblett |
| porporam@sullcrom.com | One CityCenter |
| | 850 Tenth Street N.W. |
| */s/* Jonathan D. Schiller | Washington, D.C.  20001 |
| Jonathan D. Schiller | Telephone: (202) 662-6000 |
| Leigh M. Nathanson | awiseman@cov.com |
| Amos Friedland | tisaacson@cov.com |
| BOIES, SCHILLER & FLEXNER LLP | jgimblett@cov.com |
| 575 Lexington Avenue | |
| New York, New York  10022 | */s/* Michael R. Lazerwitz |
| Telephone: (212) 446-2300 | Michael R. Lazerwitz |
| jschiller@bsfllp.com | CLEARY GOTTLIEB STEEN & |
| lnathanson@bsfllp.com | HAMILTON LLP |
| afriedland@bsfllp.com | One Liberty Plaza |
| Michael Brille | New York, New York  10006 |
| 5301 Wisconsin Avenue NW | Telephone: (212) 225-2000 |
| Washington, D.C.  20015 | mlazerwitz@cgsh.com |
| Telephone: (202) 237-2727 | |
| mbrille@bsfllp.com | *Attorneys for Defendants Citibank, N.A.* |
| | *and Citigroup, Inc.* |
| *Attorneys for Defendant Barclays plc* | |

| | |
|---|---|
| */s/* David R. Gelfand | */s/* Herbert S. Washer |
| David R. Gelfand | Herbert S. Washer |
| Sean M. Murphy | Elai Katz |
| MILBANK TWEED HADLEY & McCLOY  LLP | Joel Kurtzberg |
| One Chase Manhattan Plaza | CAHILL GORDON & REINDEL LLP |
| New York, New York  10005 | 80 Pine Street |
| Telephone: (212) 530-5000 | New York, New York  10005 |
| dgelfand@milbank.com | Telephone: (212) 701-3000 |
| smurphy@milbank.com | hwasher@cahill.com |
| | ekatz@cahill.com |
| *Attorneys for Defendant Coöperatieve* | jkurtzberg@cahill.com |
| *Centrale Raiffeisen-Boerenleenbank B.A.* | |
| | *Attorneys for Defendant Credit Suisse* |
| | *Group AG* |

| | |
|---|---|
| /s/ Moses Silverman<br>Moses Silverman<br>Andrew C. Finch<br>Jessica Brach<br>Noam Lerer<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3355<br>Fax: (212) 492-0355<br>msilverman@paulweiss.com<br>afinch@paulweiss.com<br>jbrach@paulweiss.com<br>nlerer@paulweiss.com<br><br>*Attorneys for Defendant Deutsche Bank AG* | /s/ Ed DeYoung<br>Ed DeYoung<br>Gregory T. Casamento<br>LOCKE LORD LLP<br>3 World Financial Center<br>New York, New York 10281<br>Telephone:  (212) 812-8325<br>Fax:  (212) 812-8385<br>edeyoung@lockelord.com<br>gcasamento@lockelord.com<br><br>Roger B. Cowie<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>Telephone:  (214) 740-8614<br>Fax:  (214) 740-8800<br>rcowie@lockelord.com<br><br>*Attorneys for Defendants HSBC Holdings*<br>*plc and HSBC Bank plc* |
| /s/ Thomas C. Rice<br>Thomas C. Rice<br>Paul C. Gluckow<br>Omari L. Mason<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York  10017<br>Telephone: (212) 455-2000<br>Fax: (212) 455-2502<br>trice@stblaw.com<br>pgluckow@stblaw.com<br>omason@stblaw.com<br><br>*Attorneys for Defendants JPMorgan Chase & Co.*<br>*and JPMorgan Chase Bank, N.A.* | /s/ Marc J. Gottridge<br>Marc J. Gottridge<br>Lisa J. Fried<br>HOGAN LOVELLS US LLP<br>875 Third Avenue<br>New York, New York  10022<br>Telephone: (212) 918-3000<br>marc.gottridge@hoganlovells.com<br>lisa.fried@hoganlovells.com<br><br>*Attorneys for Defendants Lloyds Banking*<br>*Group plc and HBOS plc* |

| | |
|---|---|
| /s/ Andrew W. Stern<br><br>Alan M. Unger<br>Andrew W. Stern<br>Nicholas P. Crowell<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, New York  10019<br>Telephone: (212) 839-5300<br>Fax: (212) 839-5599<br>aunger@sidley.com<br>astern@sidley.com<br>ncrowell@sidley.com<br><br>*Attorneys for Defendant The Norinchukin Bank* | /s/ Arthur W. Hahn<br><br>Arthur W. Hahn<br>Christian T. Kemnitz<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street<br>Chicago, Illinois  60661<br>Telephone: (312) 902-5200<br>arthur.hahn@kattenlaw.com<br>christian.kemnitz@kattenlaw.com<br><br>*Attorneys for Defendant Royal Bank of Canada* |
| /s/ Fraser L. Hunter, Jr.<br><br>Fraser L. Hunter, Jr.<br>David S. Lesser<br>Alan E. Schoenfeld<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>250 Greenwich Street,<br>New York, New York  10007<br>Telephone: (212) 230-8800<br>Fax: (212) 230-8888<br>fraser.hunter@wilmerhale.com<br>david.lesser@wilmerhale.com<br>alan.schoenfeld@wilmerhale.com<br><br>/s/ Robert G. Houck<br><br>Robert G. Houck<br>Alejandra de Urioste<br>CLIFFORD CHANCE US LLP<br>31 West 52nd Street<br>New York, New York  10019<br>Telephone: (212) 878-8000<br>Fax: (212) 878-8375<br>robert.houck@cliffordchance.com<br>alejandra.deurioste@cliffordchance.com<br><br>*Attorneys for Defendant The Royal Bank of Scotland Group plc* | /s/ Peter Sullivan<br><br>Peter Sullivan<br>Lawrence J. Zweifach<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166-0193<br>Telephone: (212) 351-4000<br>psullivan@gibsondunn.com<br>lzweifach@gibsondunn.com<br><br>Joel S. Sanders (*admitted pro hac vice*)<br>555 Mission Street, Suite 3000<br>San Francisco, California  94105<br>jsanders@gibsondunn.com<br><br>*Attorneys for Defendant UBS AG* |

| | |
|---|---|
| */s/* Christopher M. Paparella<br>Christopher M. Paparella<br>Ethan E. Litwin<br>Marc A. Weinstein<br>Morgan J. Feder<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York  10004<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>Chris.Paparella@hugheshubbard.com<br>Ethan.Litwin@hugheshubbard.com<br>Marc.Weinstein@hugheshubbard.com<br>Morgan.Feder@hugheshubbard.com<br><br>*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG* | |