# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

January 16, 2015

**BY HAND DELIVERY AND ECF**

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262, Nos. 13-cv-00598, 12-cv-5723, 13-cv-01016, 13-cv-1198, 13-cv-3010, 11-cv-2613, 11-cv-05450, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

      We are liaison counsel for Defendants in the above matter, and we write pursuant to Your Honor's Individual Practice Rule 2E.1 to summarize the arguments advanced in Defendants' Motions to Dismiss the Putative Class Action Complaints (the "Motions"). The Motions, made today pursuant to the Court's December 4, 2014 Memorandum Endorsement (Dkt. No. 865), seek dismissal of the putative class actions as set forth in four separate memoranda of law. Three memoranda address the following class action complaints: (1) *Payne v. Bank of America Corp.*, No. 13-cv-598 (the "ARM" action); (2) *Berkshire Bank v. Bank of America Corp.*, 12-cv-5723, 13-cv-1016 (the "Lenders" action); and (3) *Weglarz v. JPMorgan Chase Bank, N.A. et al*, No. 13-cv-1198 and *Nagel v. Bank of America, N.A.*, No. 13-cv-3010 (the "Student Loan" actions). The fourth memorandum seeks dismissal for lack of personal jurisdiction of the above mentioned class action complaints, as well as *FTC Capital GMBH v. Credit Suisse Grp. AG*, No. 11-cv-2613 and *Mayor & City Council of Baltimore v. Bank of America Corp.*, No. 11-cv-5450, as specified in Schedule A to the notice of motion. An outline of the substantive arguments in each of the four memoranda follows.

*Payne v. Bank of America Corp.*

In the ARM brief, Defendants show that Plaintiffs, purporting to represent a class of purchasers of Adjustable Rate Mortgage ("ARM") loans that were priced with reference to U.S. Dollar LIBOR ("LIBOR"), have failed to plead a plausible theory of harm. Plaintiffs' claims rest on conclusory assertions that the margin on LIBOR-based ARM loans was derived by deducting LIBOR on the loan origination date from the initial fixed interest rate on the loan. Plaintiffs fail to allege any factual basis, let alone a plausible one, to support this theory, and indeed it is contradicted by their own contract terms.

Plaintiffs also fail to state claims of common law fraud and violations of unfair competition laws ("UCL") under California law as to non-counterparty Defendants, who did not have any transactional relationship with Plaintiffs. As to the counterparty Defendants, Plaintiffs' claims are duplicative of the damages that they seek for the alleged contractual breach of the ARM loans. Further, Plaintiffs' fraud claims are untimely, fail to adequately allege actual reliance by Plaintiffs upon Defendants' allegedly false LIBOR submissions in obtaining their ARM loans, and suffer from other deficiencies. Plaintiffs' UCL claims fail where California law does not apply or where they are preempted by the National Bank Act. Plaintiffs' contract and unjust enrichment claims against JPMorgan Chase & Co. also fail under *LIBOR III*. Lastly, Plaintiffs have not adequately alleged why they should be entitled to injunctive, equitable, or declaratory relief because they cannot demonstrate any imminent and irreparable injury, or that monetary damages are inadequate.

*The Berkshire Bank v. Bank of America Corporation*

In the Lenders brief, Defendants show that Plaintiffs, purporting to represent a class of institutional lenders that made or had an interest in loans tied to LIBOR, have failed to allege a sustainable theory of fraud because they claim only that they viewed publicly available LIBOR and used it in their loans to third parties. Courts routinely reject indirect fraud claims when plaintiffs, as here, belong to a large and indeterminate class without connection to defendants. Plaintiffs also do not plausibly allege justifiable reliance because, as the Lender Complaint demonstrates, and as this Court has recognized, the same information that Plaintiffs allege is indicative of LIBOR manipulation was readily discoverable at the time that Plaintiffs entered their transactions. Plaintiffs' claims based on omissions also fail because they do not allege any relationship with Defendants that would give rise to a duty to disclose. Further, Plaintiffs' claims against panel bank affiliates fail under Federal Rule of Civil Procedure 9(b) because they impermissibly attribute allegations of scienter to corporate affiliates.

Named Plaintiff Berkshire's fraud claim also fails because it impermissibly seeks benefit of the bargain damages, which are unavailable under New York law. Moreover, all of Plaintiff Government Development Bank's claims are time-barred, and, as to the bank defendants, most of Plaintiff Director Financial Group's claims are time-barred. Further, all of Director Financial Group's claims against the BBA are time-barred and some of Berkshire's claims against BBA are time-barred. Finally, Plaintiffs' conspiracy to defraud claim fails because Plaintiffs do not state an underlying fraud claim and because they fail to properly allege any agreement among Defendants.

*Weglarz v. JP Morgan Chase Bank, N.A. and Nagel v. Bank of America, N.A*

In the Student Loan Brief, Defendants show that Plaintiffs, purporting to represent a class of persons who obtained or co-signed LIBOR-linked student loans from JPMorgan Chase Bank, N.A. or Bank of America, N.A., fail to plausibly allege any upward LIBOR manipulation and fail to reconcile their simultaneous and contradictory allegation of LIBOR suppression with any theory of injury, since they would have benefited from lower LIBOR rates.  Furthermore, Plaintiffs' allegations that Defendants misrepresented that LIBOR was objective are conclusory and contradicted by other allegations, and Plaintiffs fail to plead any intent to deceive or that Plaintiffs justifiably relied on any misrepresentation by Defendants, requiring dismissal of their fraud and consumer fraud claims.  Defendants also show that the consumer fraud claims are time-barred, and that the Illinois Consumer Fraud Act claim is foreclosed by the choice of law provision in the Weglarz Plaintiffs' contract.  Plaintiffs' Wisconsin Consumer Act claims also fail because Nagel's loan transaction is not alleged to have occurred in Wisconsin and WCA claims cannot be brought as a class action.  Plaintiffs' unconscionability claims must be dismissed because, in addition to the implausibility of Plaintiffs' theory of harm, Plaintiffs do not allege that they were forced to enter LIBOR-based loans with Defendants.  Finally, Plaintiffs' requests for declaratory and equitable relief should be denied because Plaintiffs fail to allege any likelihood of future injury, the requests are duplicative of their other causes of action, and because Plaintiffs have an adequate remedy at law.

*Personal Jurisdiction Motion*

In the Personal Jurisdiction Brief, Defendants show that the Putative Class Actions have failed to allege either general or specific jurisdiction over most Defendants in most of the jurisdictions in which the Putative Class Actions were originally filed.  With respect to general jurisdiction, none of the Defendants is "at home" in the Challenged Jurisdictions.  It is undisputed that none of the Defendants is incorporated or has its principal place of business in any of the jurisdictions challenged by a given Defendant.  Nor does this case present an "exceptional case" under *Daimler*.  With respect to specific jurisdiction, as this Court has recognized and as Plaintiffs allege, the benchmark at the center of this multi-district litigation, USD LIBOR, was at all relevant times administered by a British trade association (the British Bankers' Association) and based upon submissions from panel banks in London.  For foreign banks, these submissions originated either from London or the bank's home country.  Similarly, USD LIBOR submissions by domestic banks were made by employees outside of the United States.  Plaintiffs thus cannot show, as they must to satisfy due process, that the defendants' suit-related conduct created a substantial connection with the forum State.

Pursuant to Rule 2.F, Defendants respectfully request oral arguments on the Motions.

Respectfully yours,

/s/ Robert. F. Wise
Robert F. Wise

cc: All counsel (by ECF)

Davis Polk & Wardwell LLP