# Davis Polk & Wardwell LLP

450 Lexington Avenue
New York, NY 10017
212 450 4000
Fax 212 701 5800

Menlo Park
Washington, D.C.
São Paulo
London
Paris
Madrid
Tokyo
Beijing
Hong Kong

Robert F. Wise, Jr.
212 450 4512

January 16, 2015

**BY HAND DELIVERY AND ECF**

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
       MDL No. 2262, 14 Civ. 7720

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

We are counsel for Bank of America, N.A. in the above matter, and we write pursuant to Your Honor's Individual Practice Rule 2E.1 to summarize the arguments advanced in the Memorandum of Law in Support of Defendant's Motion to Dismiss the Goldsleger Complaint (the "Motion"). The Motion, made today pursuant to the scheduling order endorsed by the Court on December 1, 2014 (Dkt. No. 864), seeks to dismiss Goldsleger's Complaint in its entirety.

*First*, Goldsleger cannot have been injured by any alleged LIBOR manipulation because her mortgage was not indexed to LIBOR during the alleged manipulation period. Goldsleger alleges LIBOR manipulation from August 2007 to December 2010. A review of her loan documents shows that her mortgage was indexed to a United States Treasury rate, and not LIBOR, until 2008. Although the terms of her mortgage were renegotiated in 2008 to include a reference to LIBOR, she paid a fixed interest rate until 2013. Goldsleger thus had no exposure to LIBOR during the relevant period and cannot have been injured by the alleged manipulation.

*Second*, even if Goldsleger could have been harmed by LIBOR manipulation before 2010, her conclusory and implausible allegations of LIBOR inflation must be rejected. Goldsleger's alleged support for this theory amounts to one paragraph of certain simple calculations showing that LIBOR rates on the first business day of each month were modestly higher than the average rates over the period. These calculations do not identify an anomaly,

because LIBOR was generally falling over this period, making it inevitable the rates were higher at the beginning of the month.  Even if Goldsleger had discovered an anomaly that years of governmental and private investigations failed to uncover, it would provide no basis for alleging that Bank of America (or any panel bank) deliberately inflated LIBOR.  In any event, Goldsleger's allegations of inflation are contradicted by her simultaneous allegations of persistent LIBOR suppression, a contradiction she fails to address.

*Third*, Goldsleger's claims are all untimely.  Goldsleger filed this lawsuit on June 2, 2014, seven years after the alleged manipulation began and six years after May 29, 2008, when this Court held that plaintiffs were on inquiry notice of LIBOR manipulation.  No plausible basis for tolling is alleged.

*Fourth*, even assuming Goldsleger could have been injured by alleged LIBOR inflation, her claims all fail on the merits.  The fraud claims fail because she has alleged no duty to disclose that would support an omission-based claim, and has identified no misrepresentations that would support a claim based on false statements.  The contract and unjust enrichment claims fail because she does not allege a transaction with Bank of America, N.A. and "Bank of America Home Loans" is a nonexistent entity.  The tortious interference claims fail because she has failed to identify a contract or a business relationship with which Bank of America interfered and has failed to allege intent to interfere.  Because all underlying claims fail, her requests for equitable relief should also be denied.

Bank of America, N.A. accordingly requests that this Court dismiss Goldsleger's complaint in its entirety, with prejudice.

Respectfully yours,

/s/ Robert F. Wise

cc: All counsel (by e-mail)

Davis Polk & Wardwell LLP