MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

January 20, 2015

**Steven Wolowitz**
Direct Tel +1 212 506 2535
Direct Fax +1 212 849 5535
swolowitz@mayerbrown.com

BY ECF AND HAND

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Court House
500 Pearl Street
New York, NY 10007-1312

Re:     *In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
        No. 1:11-md-2262-NRB (S.D.N.Y.); *Carl A. Payne, et al.
        v. Bank of America., et al.*, No. 1:13-cv-00598 (S.D.N.Y.)

Dear Judge Buchwald:

        We are counsel for defendant Société Générale ("SG") in the above-captioned matter and submit this letter pursuant to Rule 2.E.1 of Your Honor's Individual Practices in connection with SG's Motion to Dismiss the First Amended Complaint ("FAC").  Courtesy copies of SG's motion papers, which were electronically filed on January 16, 2015, are enclosed.

        For the reasons set forth in SG's memorandum of law, Plaintiffs' claims against SG—for fraud and under California's unfair competition law—should be dismissed.  *First*, as a threshold matter, SG is not subject to general or specific jurisdiction in California, where Plaintiffs brought their claims.  Under the Supreme Court's ruling in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), corporations are "at home", absent "exceptional circumstances" that are not alleged here, only where they are incorporated or have their principal place of business.  Plaintiffs acknowledge, and SG has demonstrated, that SG is a French bank headquartered in France.  Thus, there is no basis for exercising general jurisdiction over SG.  There also is no basis for exercising specific jurisdiction over SG.  In particular, Plaintiffs do not, because they cannot, allege that SG determined the levels of its LIBOR contributions, or transmitted those contributions to Thomson Reuters, from California.

        *Second*, the FAC should be dismissed as against SG because Plaintiffs have never served SG with a summons and complaint.

        *Third*, as shown in Defendants' joint brief, Plaintiffs' fraud (three-year limitations period, Cal. Civ. Proc. Code § 338(d)) and UCL (four-year limitations period, Cal. Bus. & Prof. Code § 17208) claims against SG are time barred because Plaintiffs were on inquiry notice no later than May 29, 2008 and they did not assert any claims against SG until November 13, 2014.

The Honorable Naomi Reice Buchwald
January 20, 2015
Page 2

*Fourth*, the FAC should be dismissed because Plaintiffs fail to state a claim against SG. The gravamen of Plaintiffs' claim is that alleged LIBOR suppression caused their ARM loans to have artificially high "margins," which they allege to be a percentage determined at the loan's inception that is then added to the fluctuating LIBOR rate to comprise the interest rate paid by the borrower for the life of the loan. *See* FAC ¶¶ 219-25. Each of the named Plaintiffs concedes that the margin on his ARM loan was determined in 2007, when those loans originated. *See id.* ¶¶ 226-41. As the Court is aware, SG did not join the USD LIBOR panel until February 2009. Accordingly, Plaintiffs' claims against SG fail for the obvious reason that SG had no involvement in (or control over) the setting of LIBOR during 2007 and thus did not affect the determination of the margins for Plaintiffs' loans. Because none of the Plaintiffs has standing to assert a claim against SG, the class action must be dismissed. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262, 2014 WL 2815645, at *23 (S.D.N.Y. June 23, 2014).

Plaintiffs' claims must also be dismissed because they do not allege any specific misconduct by SG. Plaintiffs do not, because they cannot, allege that they had any direct dealings with SG. Plaintiffs fail to identify any representation (or omission) purportedly made by SG to them concerning their ARM loans, much less one on which Plaintiffs purport to have relied on in obtaining, or making interest payments on, those loans. In addition, there are no allegations linking SG to any communications—identified in the regulatory settlements or otherwise—that suggest collusive behavior. The FAC, moreover, lacks any well-pled allegations that SG's LIBOR quotes were artificial, including on any day that Plaintiffs obtained, or made interest payments on, an ARM loan. Further, there is no purported empirical evidence in the FAC to support an allegation of wrongdoing by SG. Permitting Plaintiffs to proceed to discovery on their factually unsupported claims against SG would, moreover, contravene the important and well established policy against needlessly subjecting defendants to the enormous expense of discovery and the one requiring that each defendant be adequately apprised of the factual basis for the claims against it.

For these reasons and the additional reasons set forth in SG's moving papers, Plaintiffs' claims against SG should be dismissed in their entirety. SG respectfully requests oral argument on its motion to dismiss.

Respectfully submitted,

/s/Steven Wolowitz

Encls.

cc:      All Counsel (*via email*)