# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

January 23, 2015

VIA ECF & FAX

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

The OTC plaintiffs and Exchange-Based plaintiffs ("plaintiffs") write respectfully to request entry of final judgment on their antitrust claims under Rule 54(b). On Wednesday, the Supreme Court held that the Gelboim plaintiffs may appeal the dismissal of their antitrust claim under § 1291. As the Supreme Court discussed, this Court previously granted plaintiffs' request for Rule 54(b) certification in identical circumstances, and withdrew the Rule 54(b) certification only because the Second Circuit dismissed the Gelboim appeal. *See Gelboim et al. v. Bank of America et al.*, Slip. Op. at 5-6 (January 21, 2015). Now that the Gelboim appeal has been revived, and for the same reasons as before, we respectfully request a Rule 54(b) certification so that we may join the Gelboim appeal of the same issue.

In reaching its decision, the Supreme Court rejected defendants' concern that plaintiffs with "stronger cases" would be unable to appeal because they have other claims pending, citing this Court's prior Rule 54(b) certification.

> The banks express concern that plaintiffs with the weakest cases may be positioned to appeal because their complaint states only one claim, while plaintiffs with stronger cases will be unable to appeal simultaneously because they have other claims still pending. Brief for Respondents 46–47. Rule 54(b) attends to this concern. District courts may grant certifications under that Rule, thereby enabling plaintiffs in actions that have not been dismissed in their entirety

January 23, 2015
Page 2

>to pursue immediate appellate review. That is just what happened in this very case. The District Court granted Rule 54(b) certifications to the OTC and Exchange plaintiffs so they could appeal at the same time Gelboim and Zacher could. *See supra*, at 5.

*Id.* at 9.

The entry of Rule 54(b) is advisable for the same reasons this Court previously granted the request: the antitrust claims are separable from the remaining state law claims and there is no just reason for delay given that the same issues will already be on appeal.[1] When plaintiffs first sought this relief, defendants took no position on plaintiffs' request. (Dkt. 443).[2] The Court withdrew its Rule 54(b) decision only because it was "premised on the pendency" of the Gelboim appeal. (Dkt. 492). Now that the Gelboim appeal is pending anew, the equities again weigh strongly in favor of certification: plaintiffs should be permitted to brief and argue the appeal that will determine the major issue respecting their Sherman Act claims at the same time that the Gelboim plaintiffs are appealing that same issue.

Thank you for your continued consideration of these matters.

Respectfully,

William Christopher Carmody

---

[1] The relevant cases are discussed in previous letters filed by the OTC plaintiffs, which are incorporated here. *See* 11-md-2262 Dkt Nos. 414 & 522.
[2] Counsel for plaintiffs asked defendants on Wednesday whether they will oppose this request, and defendants are still considering their position.