# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO:<br><br>Case Nos.:<br>1:11-cv-06409-NRB<br>1:11-cv-06411-NRB<br>1:11-cv-06412-NRB | Master File No. 1:11-md-2262-NRB<br><br>ECF Case |
| SCHWAB SHORT-TERM BOND MARKET FUND, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>        Defendants. | **NOTICE OF APPEAL** |
| CHARLES SCHWAB BANK, N.A., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>        Defendants. | |
| SCHWAB MONEY MARKET FUND, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>        Defendants. | |

1217622.1

Notice is hereby given that, in accordance with Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs The Charles Schwab Corporation, Charles Schwab Bank, N.A., Charles Schwab & Co., Inc., Schwab Money Market Fund, Schwab Value Advantage Money Fund, Schwab Retirement Advantage Money Fund, Schwab Investor Money Fund, Schwab Cash Reserves, Schwab Advisor Cash Reserves, Schwab YieldPlus Fund, Schwab YieldPlus Fund Liquidation Trust, Schwab Short-Term Bond Market Fund, Schwab Total Bond Market Fund, and Schwab U.S. Dollar Liquid Assets Fund (collectively, the "Schwab Plaintiffs") appeal to the United States Court of Appeals for the Second Circuit from (1) the judgment entered on August 26, 2013 ("Judgment") in the above-captioned actions following this Court's Memorandum and Order entered on March 29, 2013 ("March 29, 2013 Order") that dismissed all claims for relief asserted in those actions—except to the extent this Court (in the March 29, 2013 Order) declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over, and thus dismissed without prejudice, the Schwab Plaintiffs' state common-law claims for interference with economic advantage, breach of the implied covenant of good faith and fair dealing, and unjust enrichment;[1] and (2) all orders and rulings subsumed within the Judgment, except the Court's declination of supplemental jurisdiction over the Schwab Plaintiffs' state common-law claims (as stated above).

This Notice of Appeal is being filed in light of the U.S. Supreme Court's recent decision

---

[1] Following its entry of the March 29, 2013 Order, this Court did not direct the clerk to enter judgment in the Schwab Plaintiffs' cases.  Judgment was therefore deemed entered on August 26, 2013 in accordance with Federal Rule of Civil Procedure 58(c)(2)(B) and Federal Rule of Appellate Procedure 4(a)(7)(A)(ii).  *See, e.g., Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175, 177 (2d Cir. 2013) ("Where a separate document is required [for entry of judgment], entry occurs 'when the judgment or order is entered in the civil docket' and either 150 days have passed or 'the judgment or order is set forth on a separate document.'") (quoting Fed. R. App. P. 4(a)(7)(A)(ii)).

1

in *Gelboim v. Bank of America Corp.*, 574 U.S. __, 2015 U.S. LEXIS 756 (2015) ("*Gelboim*"), reversing the Second Circuit's *sua sponte* dismissal of the appeal of plaintiffs Ellen Gelboim and Linda Zacher (the "Gelboim Appeal," No. 13-3565) on October 30, 2013.  Because those proceedings bear on the timing of this Notice of Appeal, the Schwab Plaintiffs recount the pertinent procedural history below.

On September 24, 2013, the Schwab Plaintiffs filed an appeal from the Judgment following this Court's March 29, 2013 Order, which dismissed all claims in the three above-captioned, non-class cases brought by the Schwab Plaintiffs based on Defendants' artificial suppression of the London InterBank Offered Rate for U.S. Dollars from August 2007 to May 2010.  Defendants did not contest this Court's jurisdiction to hear Schwab's appeal.

On October 30, 2013, however, the Second Circuit *sua sponte* dismissed Schwab's appeal for lack of jurisdiction, reasoning that "a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the order[] appealed from did not dispose of all claims in the consolidated action."  App. Dkt. No. 87 in No. 13-3636 (Oct. 30, 2013 Order ("Appeal Dismissal Order")), at 1.[2]  In that Order, the court also dismissed the Gelboim Appeal, which had been consolidated with the Schwab Plaintiffs' appeal.  In dismissing the appeals, the court relied on Second Circuit authority directing that "'when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification.'" *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498 (2d Cir. 2010) (per curiam)

---

[2] Unless otherwise indicated, all references to "App. Dkt. No. __" are to entries on the docket for appeal No. 13-3636.

(quoting *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988)).[3]

The Schwab Plaintiffs and the Gelboim plaintiffs then moved for reconsideration of the Appeal Dismissal Order and reinstatement of the appeals, which the Second Circuit denied. On January 13, 2014, the court of appeals issued its mandate to this Court. *See* App. Dkt. No. 118. The Gelboim plaintiffs then filed a petition to the U.S. Supreme Court for a writ of *certiorari*, which the Schwab Plaintiffs did not join. The Supreme Court granted review on June 30, 2014.

On January 21, 2015, the Supreme Court issued its decision in *Gelboim*, reversing the Second Circuit's judgment dismissing the Gelboim Appeal. The Supreme Court held that despite being consolidated for pretrial purposes with numerous other cases in this MDL, the Gelboim plaintiffs' complaint "retained its independent status for purposes of appellate jurisdiction under §1291." 2015 U.S. LEXIS 756, at *6. Accordingly, the Court concluded, those plaintiffs' right to appeal "ripened when the District Court dismissed their case, not upon eventual completion of multidistrict proceedings in all of the consolidated cases." *Id.* The Court reasoned that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under §1291 as an appealable final decision." *Id.* at *13 (footnote omitted).

Similar to the Gelboim plaintiffs' action, this Court's March 29, 2013 Order disposed of the above-captioned Schwab actions in their entirety. Specifically, the Court dismissed the Schwab Plaintiffs' federal and state antitrust claims, as well as their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), with prejudice, and declined to exercise supplemental jurisdiction over the Schwab Plaintiffs' state common-law claims, thus dismissing

---

[3] *See also* Appeal Dismissal Order at 1 (citing, *inter alia*, *Houbigant*).

them without prejudice to refiling them in a separate action. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 685-95, 724-34, 735-36 (S.D.N.Y. 2013).[4]

Thus, under *Gelboim*'s reasoning, the Schwab Plaintiffs are entitled to an appeal from the Judgment following this Court's March 29, 2013 Order.[5]

Dated:  February 10, 2015         Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:   */s/ Steven E. Fineman*
     Steven E. Fineman

Steven E. Fineman
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
sfineman@lchb.com
mmiarmi@lchb.com

---

[4] The Court determined that "considerations of judicial economy, convenience, fairness, and comity . . . counsel us to decline to exercise supplemental jurisdiction" over the Schwab Plaintiffs' common-law claims, adding that "[i]n light of the early stage of the proceedings, there is no reason why a California court should not decide plaintiffs' California common law claims." *Id.* at 735-36.  Following the Court's ruling, on April 29, 2013 the Schwab Plaintiffs filed a separate action in California state court (the "Schwab California Action"), asserting the claims over which this Court had declined to exercise supplemental jurisdiction, as well as other claims.  Defendants subsequently removed that case to the Northern District of California, citing federal jurisdiction under the Edge Act and the Foreign Sovereign Immunities Act, and then moved to transfer the case to this Court.  On October 2, 2013, the Judicial Panel on Multidistrict Litigation granted Defendants' motion, over the Schwab Plaintiffs' objection.  The case was then transferred to this Court and assigned Case No. 13 Civ. 7005 (NRB) (S.D.N.Y.).  On December 27, 2013, the Court denied Plaintiffs' motion to remand.  The Schwab California Action is currently pending in this MDL.  The Schwab Plaintiffs' antitrust and RICO claims are not part of that case.

[5] Additionally, on February 5, 2015, the Court ordered the clerk to enter partial judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to federal antitrust claims asserted by the Over-the-Counter Plaintiffs and the Exchange-Based Plaintiffs, as well as partial or final judgment with respect to federal antitrust claims asserted by plaintiffs in certain other putative class cases included in this MDL.  *See* MDL Dkt. No. 1008.

4

1217622.1

Richard M. Heimann
Eric B. Fastiff
Brendan P. Glackin
Marc A. Pilotin
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
rheimann@lchb.com
efastiff@lchb.com
bglackin@lchb.com
mpilotin@lchb.com

Lowell Haky
*Vice President and Associate General Counsel*
THE CHARLES SCHWAB CORPORATION
211 Main Street
San Francisco, CA 94105
Telephone:  (415) 667-0622
Facsimile:  (415) 667-1638
Lowell.Haky@schwab.com

*Attorneys for Plaintiffs The Charles Schwab Corporation; Charles Schwab Bank, N.A.; Charles Schwab & Co., Inc.; Schwab Money Market Fund; Schwab Value Advantage Money Fund; Schwab Retirement Advantage Money Fund; Schwab Investor Money Fund; Schwab Cash Reserves; Schwab Advisor Cash Reserves; Schwab YieldPlus Fund; Schwab YieldPlus Fund Liquidation Trust; Schwab Short-Term Bond Market Fund; Schwab Total Bond Market Fund; and Schwab U.S. Dollar Liquid Assets Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2015, a true and correct copy of the foregoing Notice of Appeal was filed electronically through the Court's ECF system.  In accordance with Local Civil Rule 5.2 of the United States District Courts for the Southern and Eastern Districts of New York as well as Local Rule 3.1 of the United States Court of Appeals for the Second Circuit, the Notice of Appeal has thereby been served electronically on counsel for all parties in these actions.

Dated:   February 10, 2015

/s/ *Michael J. Miarmi*
Michael J. Miarmi
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
mmiarmi@lchb.com