**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

February 19, 2015

Via Facsimile and ECF

Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
      No. 11-md-2262 (NRB), 18 U.S.C. § 1406, Venue Issue

Dear Judge Buchwald:

      I write as liaison counsel for the Direct Action Plaintiffs ("DAPs") to respond to a question posed by Your Honor at the February 5, 2015 oral argument:  "Assuming that we were to hold that any of the direct actions were commenced in the state which did not have personal jurisdiction over the Defendants, and that the statute of limitations has run, is there any mechanism that plaintiffs suggest whereby they can save those cases from dismissal."
Tr. 85:8-13.

      For the reasons set forth at length in our papers, DAPs believe this Court has personal jurisdiction over each Defendant in each action.  Nevertheless, in the event that the issue identified by the Court did arise, 28 U.S.C. §§ 1406(a) and 1631 would independently provide such a mechanism.  Section 1406(a) directs that a "district court of a district in which is filed a case laying venue in the wrong division or district shall . . . if it be the interest of justice, transfer such case to any district or division in which it could have been brought."  While the text of § 1406(a) expressly refers to venue, the Supreme Court has emphasized that the language is "amply broad enough" to authorize transfer even where the original court lacked personal jurisdiction over the defendants.  *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  The Supreme Court has instructed that applying § 1406(a) in this manner promotes the federal policy of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Id.* at 466–67.[1]

---

[1] The Supreme Court explained in *Goldlawr*:  "When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.  If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
February 19, 2015
Page 2

        As a result, the Second Circuit and district courts in this Circuit have consistently utilized § 1406(a) to "save" actions that were originally filed in districts where personal jurisdiction over the defendant ultimately was found to be lacking.  *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 79-80 (2d Cir. 1978) (reversing district court, finding that transfer was appropriate where the action was originally laid in the "wrong division or district" because the plaintiff could not obtain personal jurisdiction over the defendant there).[2]  Indeed, § 1406(a) explicitly requires the court to transfer whenever it would serve the "interests of justice" to do so.[3]  Consistent with *Goldlawr*'s rationale, transfer will normally be in the interests of justice because dismissal of an action that could be brought elsewhere would be "time-consuming and justice-defeating."  *In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d at 734.  Of particular relevance to this Court's question, another court in this District recently ruled, "a compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum."  *DH Servs., LLC*, 2014 WL 496875, at *16-17 ("transfer is proper to ensure that [p]laintiff is not unfairly subject to a statute of limitations or laches defense based on its decision to commence litigation in this Court").[4]

        Section 1631 functions in a similar manner.  The provision is titled "Transfer to cure want of jurisdiction" and provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  While the Second Circuit has never explicitly resolved whether this provision may be used to cure personal jurisdiction defects,[5] the prevailing

---

transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'"  *Id.* at 467.

[2] *See DH Servs., LLC v. Positive Impact, Inc.*, No. 12 CIV. 6153 RA, 2014 WL 496875, at *16 (S.D.N.Y. Feb. 5, 2014); *Holey Soles Holdings, Ltd. V. Foam Creations, Inc.*, No. 05-DV-6893 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006); *Statler v. Pavarini Const. Co.*, No. 90 CIV. 4222 9 (JFK), 1990 WL 17640, at *1–2 (S.D.N.Y. Nov. 6, 1990); *see also Opinion Corp. v. Roca Labs, Inc.*, No. 14 CIV. 6389 LGS, 2015 WL 405532, at *5 (E.D.N.Y. Jan. 30, 2014).

[3] *See, e.g.*, *Corke*, 572 F.2d at 80; *DH Servs., LLC*, 2014 WL 496875, at *16; *Dejana v. Marine Tech.*, Inc., No. 10-CV-4029 JS WDW, 2011 WL 4530012, at *6 (E.D.N.Y. Sept. 26, 2011); *In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 734 (S.D.N.Y. 2003); *Statler*, 1990 WL 176401, at *2.

[4] *See also Dejana*, 2011 WL 4530012, at *6 (finding that it lacked personal jurisdiction over defendants and transferring the case for the "compelling reason" that "[t]he statute of limitations has likely run on Plaintiffs' claims"); *In re Ski Train Fire In Kaprun*, 257 F. Supp. 2d 717 at 733–35 (transferring action to district where plaintiffs may have personal jurisdiction over defendants because if the case was dismissed, plaintiffs would be barred from refiling by the statute of limitations); *Statler*, 1990 WL 176401, at *2 (finding that transfer to a district where the action might have been brought was in the interest of justice because dismissal for lack of jurisdiction would eliminate the plaintiffs' "right to bring suit due to the expiration of the applicable statute of limitations").

[5] DAPs note that some district courts in this circuit restrict § 1631 to subject matter jurisdiction, but in those cases the courts concluded that § 1404(a) or § 1406(a) provided the better mechanism.  *See Corke*, 572 F.2d at 80 (holding that § 1404(a) and § 1406(a), in combination, provide courts with the "power to transfer the case even if there is no

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
February 19, 2015
Page 3

view in other circuits is that it can be so used.[6] Moreover, § 1631 explicitly states that once the action is transferred, it "shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." Accordingly, for statute of limitations purposes, the relevant date after transfer remains the date on which the DAPs' complaints were filed in the transferor districts. *See Ross*, 822 F.2d at 1527.

Citing *Lexecon Inc. v. Milberg Weiss Bershad Haynes & Lerach*, 523 U.S. 26 (1998), Defendants have incorrectly argued that the MDL transfer statute, 28 U.S.C. § 1407, bars this Court from transferring cases to address the personal jurisdiction issue because this Court cannot "[assign] a case to itself." Defs. Personal Jurisdiction Reply (Dkt. No. 922) at 2 n. 3. Defendants misconstrue *Lexecon*. There, the Supreme Court held that a MDL transferee court could not use 28 U.S.C. § 1404(a), which allows transfer "[f]or the convenience of the parties and witnesses," to override a plaintiff's choice of forum and thus prevent remand to the original court for trial. *Id.* at 28.[7] *Lexecon* is irrelevant to the issue raised by the Court for two reasons. First, DAPs' cases would be transferred under § 1406(a), an entirely different statute neither at

---

personal jurisdiction over the defendants, and whether or not venue is proper in (the) district, if a transfer would be in the interest of justice" (citation omitted)); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 400 n.3 (S.D.N.Y. 2004) (collecting cases); *see also Levy v. Pyramid Co. of Ithaca*, 687 F. Supp. 48, 52 (N.D.N.Y. 1988) (district court found that § 1631 was the wrong procedural mechanism to transfer for lack of personal jurisdiction, but nevertheless treated the transfer as effective under §§ 1404(a) and 1406(a)); *Skolnick v. Wainer*, No. CV 2013-4694 WFK MDG, 2013 WL 5329112, at *2 (E.D.N.Y. Sept. 20, 2013) ("District courts may, in cases where they lack subject matter or personal jurisdiction, or proper venue, transfer a case "in the interest of justice." (citing §§ 1404(a), 1406(a) and 1631)). Other courts in this Circuit, however, *have* used § 1631 to address personal jurisdiction issues. *See, e.g.*, *Bacarella Transp. Servs., Inc. v. J.M. Logistics, LLC*, No. 3:11-CV-00147-WWE, 2011 WL 4549400, at *5 (D. Conn. Sept. 29, 2011) ("28 U.S.C. § 1631, rather than § 1404(a), is the best vehicle for transfer for want of personal jurisdiction" (citing *Sabatino v. St. Barnabas Med. Ctr.*, No. 03CV7445, 2005 WL 2298181, at *3 (S.D.N.Y. Sept. 20, 2005))); *M. Shanken Communc'ns, Inc. v. Variant Events, LLC*, No. 10 CIV. 4747 CM, 2010 WL 4159476, at *9 (S.D.N.Y. Oct. 7, 2010). Whatever procedural device courts use, the underlying policies require transfer to save claims that might otherwise be time-barred. *See In re Ski Train Fire In Kaprun*, 257 F. Supp. 2d at 733–34 (stating that the inquiry as to whether transfer is appropriate is the same under §§ 1404(a), 1406(a), and 1631).

[6] *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003); *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1526–27 (10th Cir. 1987); *see also Cimon v. Gaffney*, 401 F.3d 1, 7 n.21 (1st Cir. 2005) (being "inclined to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction)," but not resolving the issue); *Proctor v. Morrissey*, No. 93-2570, 1995 WL 3840 (4th Cir. Jan. 6, 1995) (vacating dismissal for lack of personal jurisdiction and remanding case to district court to determine whether transfer pursuant § 1631 would be in the interest of justice).

[7] *See also id.* at 36 n.1; *In re Electronic Books Antitrust Litig.*, No. 11 MD 2293 DLC, 2014 WL 1642813, at *8 (S.D.N.Y. Apr. 24, 2014) ("All parties agree that the right of remand under Section 1407(a) can be waived if the parties consent to a trial in the transferee venue, since Section 1407(a) is directed at venue, not jurisdiction."). Until remand, of course, this Court will oversee all MDL proceedings regardless of where the plaintiff originally chose to file.

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
February 19, 2015
Page 4

issue in *Lexecon* or addressed by the *Lexecon* court.  Second, if the DAPs consent, *Lexecon* does not preclude a court from transferring a case that would otherwise be dismissed for lack of personal jurisdiction to an appropriate district in the interests of justice.  Indeed, in *Lexecon,* the Supreme Court specifically noted that a plaintiff could waive its right to remand under § 1407 and thus allow transfer under § 1404(a), but the MDL court could not force the plaintiff to do so.[8]

Defendants ignore these critical distinctions.  By Defendants' flawed reasoning, this Court could transfer such cases to any District in which personal jurisdiction exists *except*, apparently, the Southern District of New York.  In fact, Defendants' argument could be interpreted to mean that the Court has authority to transfer cases to ***any*** United States District Court Judge other than itself.  Nothing in *Lexecon* supports such an absurd result.  Further, should this Court choose to use the mechanism provided by § 1406(a) or § 1631, it would transfer cases to a *district*, not itself, rendering *Lexecon* even more inapposite to the Court's question.  As established above, §§ 1406(a) and 1631 are not only relevant to, but definitely resolve the issue as long as DAPs consent (which they do).

Various other mechanisms also allow a MDL transferee court to cure personal jurisdiction defects.  For example, the Court could instead recommend that the JPML remand the cases back to the transferor courts — or the DAPs could file motions to transfer in their respective transferor courts — and allow the transferor courts to transfer the cases to the proper districts under § 1406(a) or § 1631.[9]  Moreover, should the Court determine that personal jurisdiction is lacking in certain cases, the Court could permit those DAPs to file amended complaints asserting venue ***and personal jurisdiction*** in a new district.  The *Principal* plaintiffs have already amended their complaints in this regard,[10] and Judge Cote has allowed several

---

[8] *Lexecon*, 523 U.S. at 36 n.1, 41; *Armstrong v. Lasalle Bank Nat'l Ass'n*, 552 F.3d 613, 616 (7th Cir. 2009) ("Because § 1407(a) is a venue statute, however, plaintiffs may waive their right to the remand and consent to venue in the transferee court. . . ."). Notably, all but a few Defendants concede that venue is appropriate in the Southern District of New York.  Personal Jurisdiction Motion at n. 29.  Those few defendants — the British Bankers Association, Credit Suisse Group AG, Lloyds Banking Group plc (but not Lloyds Bank plc), and HBOS plc — deny that venue is appropriate *anywhere* in the United States.  *Id.*  In other words, no defendant asserts venue is more appropriate in a district other than the Southern District of New York.

[9] It is undisputed that *Lexecon* permits a transferor court to decide transfer motions.  *See Lexecon,* 523 U.S. at 39. Even if this Court were to find that the transferor courts could not decide such motions while the cases are pending in the MDL proceeding, this Court could recommend that the JPML temporarily remand the cases back to their respective transferor courts so that these issues could be promptly resolved.  *See* J.P.M.L. Rule 10.1(b)(1), 28 U.S.C. § 1407 (stating that the Panel may remand based upon the transferee court's suggestion); *Walsh v. Nortel Networks Corp.*, No. 05 Civ. 2344 (LAP), 2007 U.S. Dist. LEXIS 47901, at *8 (S.D.N.Y. June 29, 2007) ("In making its remand determination, the JPML 'has consistently given great weight' to the recommendation of the transferee judge."); *Manual for Complex Litigation, Fourth*, §20.132 at 224-25 (2004) ("After an action has been remanded to the originating transferor court . . . the transferor court could transfer the action, pursuant to 28 U.S.C. § 1404 or 1406, back to the transferee court for trial by the transferee judge.").

[10] PF Compl. at ¶ 8 (ECF No. 57); PFG Compl. at ¶ 8 (ECF No. 57).

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
February 19, 2015
Page 5

plaintiffs in other MDL cases who originally filed suit in the Northern District of California to amend their complaints to assert venue and personal jurisdiction in the Southern District of New York. *See In re Electronic Books Antitrust Litig.*, 2014 WL 1642813, at. *10.[11] This method of curing personal jurisdiction offends neither § 1407(a) nor the *Lexecon* holding.[12]


Respectfully submitted,

 /s/ *Richard J. Leveridge*
Richard J. Leveridge
(202) 420-4778 direct dial
(202) 379-9325 direct fax
leveridger@dicksteinshapiro.com

cc:     All Counsel of Record (by ECF)

---

[11] *See* Consol. Am. Class Action Compl. ¶ 56, *In re Electronic Books Antitrust Litig.*, 2014 WL 1642813, ECF No. 47.

[12] See *Armstrong*, 552 F.3d at 618 ("It is clear that plaintiffs may file a new complaint, thus removing themselves from the [JPML]'s reach."); *Manual for Complex Litigation, Fourth* § 20.132 at 224-25 (2004) (stating that an MDL transferee court is not required to remand a case under *Lexecon* when a plaintiff "file[s] an amended complaint asserting venue in the transferee district."). Additionally, were the Court to determine that none of the above mechanisms applies, non-statutory doctrines such as equitable tolling may allow DAPs to timely refile their claims in a jurisdiction the Court deems proper. *See, e.g.,* DAPs' PJ Opp. (Dkt. No. 886) at 43 n.90; *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1184-85 (9th Cir. 2009).