SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
|---|---|---|---|
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

March 3, 2015

BY HAND AND ECF

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instr. Antitrust Litig.*, 11-md-2262 (NRB)

Dear Judge Buchwald:

The letter is submitted on behalf of the OTC plaintiffs in response to the motions to dismiss the OTC Plaintiffs' complaint as to certain defendants for lack of personal jurisdiction (Dkt. 966), to dismiss the claims asserted against the RBS defendants (Dkt. 964), and to dismiss the claims against the Credit Suisse defendants (Dkt. 958).  Enclosed are courtesy copies of plaintiffs' memoranda of law in opposition to defendants' motions.  In compliance with Rule 2.D, this letter outlines the substantive arguments advanced in plaintiffs' briefs.

### **Personal Jurisdiction** (Dkt. 1067)

After litigating this case for four years, several banks now argue that they cannot be sued for unjust enrichment in the forum states, even though they have conducted billions of dollars of business there and even though they generally concede that there is personal jurisdiction over plaintiffs' contract claims in those states.  While they rely on last year's Supreme Court decision in *Daimler AG v. Bauman*, that decision does not support defendants' unreasonable request to litigate contract and unjust enrichment claims between the same parties, relating to the same swaps and same facts, in different forum states.

*First*, except for RBS, defendants' contracts contain forum selection clauses that cover all claims "relating" to those contracts, and the case law make clear that these clauses cover related unjust enrichment claims.

March 3, 2015
Page 2

***Second***, there is specific jurisdiction over each of the defendants.  Every moving defendant, or its agent, negotiated the LIBOR transactions and managed the parties' ongoing LIBOR relationship through defendants' employees or defendants' agents in the forum states.

***Third***, there are numerous other, independent grounds for personal jurisdiction, including general jurisdiction, waiver, and supplemental jurisdiction.  For example, after defendants' briefing, a SDNY bankruptcy court held that moving defendant Deutsche Bank is subject to general jurisdiction in New York under *Daimler*'s "exceptional circumstances" test.

**RBS (Dkt. 1079)**

In addition to personal jurisdiction, RBS's motion to dismiss raises fact issues that normally would be resolved at summary judgment or trial.  These arguments are not only inappropriate at this pre-discovery stage, where there is no record and plaintiffs' factual allegations must be accepted as true, they are wrong.

***First***, RBS argues that plaintiff Highlander suffered no injury on the transactions alleged in the proposed Third Amended Complaint.  However, the motion ignores an entire theory of harm alleged in the TAC—uncompensated credit risk—that has nothing to do with whether Highlander received a net LIBOR rate.  Turning to the facts surrounding the parties' transaction, RBS's simplistic description overlooks numerous technical aspects of the loan and swap at issue that suggest that there could be different payments under the swap and loan agreements referenced in RBS's brief.

***Second***, RBS argues that RBS Group cannot be held liable because it allegedly manipulated LIBOR through one branch while it conducted its United States swaps business through another, Citizens Bank.  RBS's argument overlooks agency principles and the fact that unjust enrichment claims are viable against both Citizens and RBS Group.  As to agency, the TAC plainly alleges RBS's knowledge, oversight, and control of Citizens—the counterparty on the Highlander transaction—in an area (commercial swap lending) that was plainly within Citizens' authority.  Further, RBS Group was directly involved in the misconduct—manipulating LIBOR—alleged in the complaint.  RBS's argument that the Court's prior opinions foreclose an agency argument is wrong; these allegations have ***never*** been addressed or ruled upon by the Court.

<u>Credit Suisse</u> (Dkt. 1080)

Credit Suisse argues that OTC Plaintiffs' unjust enrichment claims are time barred and that prior rulings of this Court compel dismissal of both the unjust enrichment and breach of contract claims. Each of these arguments lacks merit.

2

March 3, 2015
Page 3

*First*, Credit Suisse does not argue that TCEH and SEIU's breach of contract claims are untimely; that these plaintiffs' unjust enrichment claims are untimely under New York's six year statute of limitations, which applies here; or that any of TCEH and SEIU's claims against Credit Suisse Group are untimely. As to the other Credit Suisse defendants, even if New York law doesn't apply, plaintiffs' unjust enrichment claims are timely under Texas and District of Columbia's statutes of limitation under *American Pipe* tolling and relation back under Federal Rule of Civil Procedure 15(c).

*Second*, Credit Suisse's argument that Credit Suisse International and Credit Suisse USA, Inc. cannot be held liable because they were not on the U.S. Dollar LIBOR panel overlooks the fact that Credit Suisse itself identified the entire "group," including subsidiaries, as being on the submitting panel; the close inter-relationship and overlapping management of the Credit Suisse entities; and the fact that unjust enrichment claims extend to defendants who may have been enriched despite no involvement in the wrongdoing at issue.

*Third*, Credit Suisse's argument that claims against the Credit Suisse Group are foreclosed by the Court's prior opinions overlooks the detailed allegations supporting agency in the TAC, which have **never** been addressed or ruled upon by the Court.  Given those allegations, and indeed prior case law where claims have been **sustained** against CSGAG based on the contracting of its subsidiaries, the Court should not dismiss these fact-intensive allegations at the pleadings stage.

We thank the Court for its attention to this matter, and are available to answer any questions that the Court may have.

Respectfully submitted,

*[signature]*

William Christopher Carmody
SUSMAN GODFREY LLP


Cc:  All Counsel (By ECF)