## Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | CIRO A. GAMBONI | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| L. HOWARD ADAMS | CHARLES A. GILMAN | FACSIMILE: (212) 269-5420 | ANN S. MAKICH | DARREN SILVER |
| ROBERT A. ALESSI | JASON M. HALL | | JONATHAN I. MARK | HOWARD G. SLOANE |
| HELENE R. BANKS | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | CRAIG M. HOROWITZ | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | SUSANNA M. SUH |
| SUSAN BUCKLEY | TIMOTHY B. HOWELL | FAX: (202) 862-8958 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | | ATHY A. O'KEEFFE | JONATHAN D. THIER |
| JAMES J. CLARK | ELAI KATZ | | DAVID R. OWEN | JOHN A. TRIPODORO |
| BENJAMIN J. COHEN | THOMAS J. KAVALER | 24 MONUMENT STREET | JOHN PAPACHRISTOS | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON, EC3R 8AJ | LUIS R. PENALVER | HERBERT S. WASHER |
| STUART G. DOWNING | DAVID N. KELLEY | (011) 44.20.7920.9800 | KIMBERLY PETILLO-DÉCOSSARD | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | FAX: (011) 44.20.7920.9825 | MICHAEL W. REDDY | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | EDWARD P. KRUGMAN | | JAMES ROBINSON | DAVID WISHENGRAD |
| JENNIFER B. EZRING | JOEL KURTZBERG | | THORN ROSENTHAL | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | WRITER'S DIRECT NUMBER | TAMMY L. ROY | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| BART FRIEDMAN | JOEL H. LEVITIN | (212) 701-3120 | JOHN SCHUSTER | ADAM ZUROFSKY |

*ADMITTED IN DC ONLY

March 5, 2015

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig. (NRB)*
      Master File No. 1:11-md-02262-NRB

Dear Judge Buchwald:

I submit this letter on behalf of all Defendants in response to the letter submitted on February 19, 2015 by Richard Leveridge on behalf of the Direct Action Plaintiffs ("Plaintiffs") (the "February 19 Letter") [Dkt. No. 1025].

The February 19 Letter purports to answer the following question, which was raised by the Court at the February 5, 2015 oral argument: "Assuming that we were to hold that any of the direct actions were commenced in the state which did not have personal jurisdiction over the Defendants, and that the statute of limitations has run, is there any mechanism that plaintiffs suggest whereby they can save those cases from dismissal?" (Tr. 85:8-13.) The February 19 Letter contends that, under the Court's hypothetical, the direct actions could be saved by transfer under 28 U.S.C. §§ 1406(a) or 1631. But Plaintiffs' response is wrong because it disregards a key element of the Court's hypothetical—that this is an MDL action. This flaw infects Plaintiffs' entire analysis, as they have failed to identify a single case that considers what an MDL court can do to save a claim after concluding that there is no personal jurisdiction and the statute of limitations has run. There is, however, case law that addresses this precise situation, and it dictates that the mandatory language of the MDL statute prohibits a district court from transferring an action, whether to itself or to another court. Accordingly, if this Court were to find that the direct actions were commenced without personal jurisdiction over the Defendants, the actions could not be transferred and would have to be dismissed. That the statute of limitations may or may not have run does not impact the analysis.

Transfer is prohibited in the Court's hypothetical because, under Supreme Court precedent, MDL transferee courts lack the authority to transfer. Section 1407(a), the MDL transfer statute, states that: "Each action so transferred [to an MDL transferee court] shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), the Supreme Court held that the language of § 1407—particularly, the "mandatory 'shall,' which normally creates an obligation impervious to judicial discretion"—creates an "unconditional command" that it be the Panel, *not* the transferee court, that remands actions to district courts at the conclusion of pretrial proceedings. *Id*. at 34-36. It also held that "none of the arguments raised [in favor of an alternative reading] unsettle the straightforward language imposing

CAHILL GORDON & REINDEL LLP

- 2 -

the Panel's responsibility to remand, which bars recognizing any self-assignment power in a transferee court." *Id.* at 40. As a result, a district court conducting pretrial proceedings under § 1407 cannot invoke § 1404(a) to assign a transferred case to itself for trial. *Id.* at 27. And the "statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion." *Id.* 41 n.4. This clear directive by the *Lexecon* Court likewise would bar transfer under §§ 1406(a) and 1631.

Plaintiffs contend that *Lexecon* is irrelevant to the issue raised by the Court because the case addresses § 1404(a) and not § 1406(a). While the question before the Court in *Lexecon* was whether § 1407(a) foreclosed transferee courts from transferring actions to themselves under § 1404(a), the rationale of the Court's holding—derived from the "straightforward language" of the statute—extends to *any* transfer decision made at or before the conclusion of pretrial proceedings. Both courts and commentators have read *Lexecon* in this manner. *See, e.g.*, *In re Asbestos Prod. Liab. Litig.*, 965 F. Supp. 2d 612, 618, 622 (E.D. Pa. 2013) ("*Lexecon* does not allow an MDL transferee court to transfer a case back to itself for trial; nor does *Lexecon* leave room for the MDL transferee court to transfer MDL cases to other districts directly");[1] David F. Herr, *Annotated Manual for Complex Litigation Fourth* § 20.132, at 223 n.666 (Thomson Reuters 2014) ("The Court infers that MDL transferee judges may not use section 1404(a) to transfer to any district at all, neither to a third district or back to the section 1407 transferor district. By analogy and further inference, an MDL transferee judge likewise now may not transfer under § 1406.") (citations omitted). Nothing in the language of § 1406(a) or § 1613, as compared with § 1404(a), suggests a different outcome, and Plaintiffs have offered no authority that would justify ignoring this clear directive from *Lexecon*.[2]

Plaintiffs also argue that, with a plaintiff's consent, *Lexecon* would not preclude transfer of a case otherwise dismissed for lack of personal jurisdiction to an appropriate district in the interests of justice. (February 19 Letter, at 4.) This argument is equally unavailing. *Lexecon*'s reading of § 1407 is that the statute forecloses MDL transferee courts from granting *any* motions to transfer under § 1404(a). *Lexecon*, 523 U.S. at 41 n.4. While Plaintiffs have identified cases acknowledging a party's ability to waive their § 1407 remand rights and consent to venue in the transferee court (*see, e.g.*, February 19 Letter, at 3 n.7, 4 n.8), none supports that the MDL transferee court can

---

[1] Courts also routinely deny transfer motions to "third party districts" under § 1404(a) based on the holding in *Lexecon*. *See In re Celexa and Lexapro Prod. Liab. Litig.*, 2008 WL 1913927, at *1 (E.D. Mo. April 25, 2008) ("As for the motion to transfer, the United States Supreme Court has made it clear that I do not have the authority to transfer any of the cases at issue in this motion to other judicial districts under § 1404"); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 2005 WL 1528946, at *2 (W.D. Wash. June 24, 2005) ("The reasoning on which the *Lexecon* Court relied in finding a lack of an MDL court's authority to self-transfer applies with equal force to motions to transfer venue to a 'third-party' court."); *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 190 F.Supp.2d 1125, 1146 n. 31 (S.D. Ind. 2002) ("transfer to a possibly more appropriate federal court under 28 U.S.C. § 1404 appears to be beyond our power at this point.").

[2] For this reason alone, Plaintiffs' reliance on *Goldlawr, Inc. v. Heiman* is misplaced, as the court that granted a § 1406 transfer in that action to cure a defect of personal jurisdiction was not an MDL transferee court. 369 U.S. 463 (1962). Plaintiffs cite only a single example of a MDL transferee court invoking § 1406(a) or § 1613 to cure a personal jurisdiction defect, though, notably, it is not offered in support of their *Lexecon* argument. (February 19 Letter, at 2, 2 n.3, 2 n.4, & 2-3 n.5.) That case—*In re Ski Train Fire in Kaprun, Aus.*, 257 F. Supp. 2d 717 (S.D.N.Y. 2003)—is distinguishable from the Court's hypothetical because (i) plaintiffs there had already "made an initial showing that there may be jurisdiction" over some of the defendants in the new forum, and (ii) the court did not address or even consider whether the holding in *Lexecon* barred the action it took.

transfer an action to a new district where personal jurisdiction exists based on the consent of a single party.[3] A one-sided consent to transfer, whether under § 1404(a), § 1406(a), or § 1631, cannot overcome the statutory hurdle espoused in *Lexecon*.

In any event, even if § 1407 (as interpreted by *Lexecon*) did not foreclose a transferee court from using §§ 1406(a) and 1631, transfer would still be inappropriate under the Court's hypothetical. *Goldlawr, Inc. v. Heiman*, the seminal case addressing § 1406, supports this conclusion. 369 U.S. 463 (1962). The issue in *Goldlawr* was whether a district court lacking personal jurisdiction over defendants has the authority under § 1406 to transfer the action to a district where venue is proper and personal jurisdiction can be obtained. 369 U.S. at 464-65. The Court explained that the "problem which gave rise to the enactment of [§ 1406] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466. Given this context, the Court viewed the case before it as a "typical example" in which § 1406 should apply. *Id.* at 466.

By filing a timely complaint in a forum that it reasonably believed would have jurisdiction over the corporate defendants, the plaintiff demonstrated its desire to begin its case and toll applicable statutes of limitation. The plaintiff thereby exercised "proper diligence," which is exactly what "such statutes of limitation were intended to insure." *Id.* at 467. But, in that case, the plaintiff was forced to guess the appropriate forum based on "elusive facts" concerning where and how the defendants conducted their business. *Id.* at 466-67. Plaintiff guessed incorrectly, and without judicial relief, would have lost a substantial part of its cause of action due to no fault, delay or strategic decision of its own.

By contrast, the case before this Court involves no "elusive fact" that impeded the Plaintiffs from filing their actions in a jurisdictionally proper forum. All relevant information concerning Defendants' places of incorporation and principal places of business is publicly available.[4] And our

---

[3] Neither *In re Electronic Books Antitrust Litig.*, 2014 WL 1642813 (S.D.N.Y. Apr. 24, 2014) ("*E-Books*"), nor *Armstrong v. Lasalle Bank Nat'l Ass'n*, 552 F.3d 613 (7th Cir. 2009), supports Plaintiffs' position. *E-Books* is a mutual consent case. Both parties—plaintiffs through consent and defendants through waiver—acquiesced to trial before the MDL transferee court. *E-Books*, 2014 WL 1642813, at *1-*6, *11-*12. *Armstrong* is also inapposite. There, the Seventh Circuit addressed two discrete issues: (i) "whether the filing of an amended complaint agreeing to venue and jurisdiction in the transferee court . . . constitutes consent to trial in the transferee court sufficient to overcome [the § 1407 remand right]," and (ii) the evidentiary requirements for a finding that the remand right has been waived. *Armstrong*, 552 F.3d at 615. Neither question (nor its answer) speaks to the Court's hypothetical.

[4] Plaintiffs' own pleadings demonstrate that Defendants' places of incorporation and principal places of business are not "elusive facts." *See, e.g.*, BATA Compl. ¶¶ 20-34, MDL Dkt. No. 673 (listing the places of incorporation and headquarters of Defendants); Schwab Compl. ¶¶ 38-52, MDL Dkt. No. 672 (same); Houston Compl. ¶¶ 32-47, MDL Dkt. No. 685 (same). That Plaintiffs' pleadings would be scrutinized under *Daimler* and *Walden* was also no secret. By letter dated Aug. 13, 2014 [Dkt. No. 601], Defendants notified Plaintiffs that they would be moving to dismiss the actions for lack of personal jurisdiction. The letter identified specific pleading deficiencies and outlined the legal grounds for dismissal. Plaintiffs acknowledged the motion in a letter to the Court seeking leave to amend their complaints, indicating that "it would be more efficient and orderly if they could file their amendments before the Defendants file their contemplated motions to dismiss." (Aug. 20, 2014 Letter by Richard J. Leveridge) [Dkt. 610.] The Court accommodated the request, and on Oct. 14, 2014, granted Plaintiffs leave "to file any amended complaints within thirty days

CAHILL GORDON & REINDEL LLP

- 4 -

legal "system virtually mandates that a responsible plaintiff be aware of applicable limitations periods." *Spar, Inc.* v. *Information Resources, Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992). Allowing transfer in the situation outlined by the Court's hypothetical would reward plaintiffs for their lack of diligence in selecting a proper forum—or their gamesmanship in choosing an improper one—and encourage similar forum shopping whenever a plaintiff encounters unfavorable law. *See Spar*, 956 F.2d at 394-95 ("[Where plaintiff's] own failure to pursue its claim diligently and research [applicable] statute of limitations has resulted in a procedural bar, [plaintiff] should [not] be permitted to transfer the action and essentially forum shop."); *World Skating Federation* v. *Int'l Skating Union*, 357 F. Supp. 2d 661, 667 (S.D.N.Y. 2005) (transfer "should not be a panacea for lawyers who bring suits in jurisdictions where they know or should know that they do not belong").[5]

As a last-ditch effort, Plaintiffs offer a grab bag of alternative mechanisms for the Court's consideration. Plaintiffs propose that this Court ask the JPML to remand the cases to their respective transferor courts, in the expectation that the transferor courts will then transfer those cases to districts where personal jurisdiction might be established. (February 19 Letter, at 4.) Essentially, plaintiffs ask this Court to "cure" a lack of personal jurisdiction by sending these cases back to the very courts that lack personal jurisdiction over the defendants. Plaintiffs cite no authority approving of such a procedural maneuver. Instead, Plaintiffs suggest that such a transfer is sanctioned under § 1407(a). (February 19 Letter, at 4 n.9.) But § 1407(a) provides for remand of an action at or before the conclusion of pretrial proceeding "unless it shall have been previously terminated." If this Court were to find that the transferor court had no personal jurisdiction over Defendants, the logical next step would be to terminate the action. The remand provisions of §1407(a) would therefore not apply.

Plaintiffs' second alternative, transferring venue simply by filing an amended complaint that alleges a different venue, is equally unavailing and has already been rejected by this Court. (Tr. 85:17-86:6.) No set of allegations can alter the fact of where an action was originally filed. An amended complaint that alleges jurisdiction in a different venue is simply a complaint that fails to allege jurisdiction in the only relevant venue: the court where the action was filed. *Lexecon* prevents this Court from transferring this case to itself. The Court should not permit plaintiffs to use their contrived alternatives to achieve the same result.

---

of this ruling." [Dkt. No. 692.] At the time Plaintiffs obtained leave to amend their complaints, they were already aware of all potential jurisdictional objections and all relevant jurisdictional facts. The time to bolster their allegations or seek any other action from the Court was then, not now.

[5] *See Deleski* v. *Raymark Indus., Inc.*, 819 F.2d 377, 381 (3d Cir.1987) ("It is not in the 'interest of justice' to transfer a case to [another judicial district] upon appellant's tardy discovery that her complaint is time-barred."); *Feldman* v. *L & M Mowing, Inc.*, 1999 WL 284983, at *3 (E.D.N.Y. May 3, 1999) ("[D]ismissal may be warranted where the plaintiff knowingly chooses the wrong forum or otherwise exhibits a lack of diligence."); *see also Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 435-36 (2d Cir. 2005) (transfer not in the interest of justice where case "is clearly doomed" on other grounds).

CAHILL GORDON & REINDEL LLP

- 5 -

Respectfully submitted,

Joel Kurtzberg

The Honorable Naomi Reice Buchwald
United State District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:    All counsel of record (by ECF)