**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

March 11, 2015

Via Facsimile and ECF

Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
      No. 11-md-2262 (NRB)

Dear Judge Buchwald:

      We write on behalf of the Direct Action Plaintiffs ("DAPs") in response to Defendants' letter of March 5, 2015, which addresses the question posed by the Court to the DAPs regarding the possible mechanisms for transfer of cases in the event the Court found that it could not assert personal jurisdiction over some Defendants in the original transferor court.

      Defendants, in their response letter, do not seriously contest that, in any context other than a MDL proceeding, 28 U.S.C. §§ 1406(a) or 1631 would provide a simple mechanism to transfer these actions to any district in which they could have originally been brought, including the Southern District of New York.  Defendants instead argue that § 1407 impliedly repeals § 1406(a)'s mandate that a district court transfer cases when it is in the "interest of justice" to do so.  That contention violates the longstanding rule that federal statutes should be read in harmony.  *See J.E.M. Ag Supply, Inc. v. Pioneer Hi–Bred Int'l, Inc.*, 534 U.S. 124, 143–44 (2001) ("[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974))).[1]  Defendants' assertion that Congress intended § 1407(a) to divest the Court of the power Congress gave the Court to transfer certain cases pursuant to the mandatory provision of § 1406(a)[2] cannot be reconciled with § 1407(a)'s

---

[1] *See also Doe v. Bin Laden*, 663 F.3d 64, 69 (2d Cir. 2011) ("Absent a clearly established congressional intention, repeals by implication are not favored." (quoting *Handberry v. Thompson*, 446 F.3d 335, 345 (2d Cir.2006)) (internal quotation marks omitted)); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340 (2d Cir. 2006) ("[W]e acknowledge the well-established principle of statutory construction that repeal or amendment by implication is disfavored.").

[2] As discussed in the DAPs' February 19, 2015 letter, § 1631 contains the same language stating that a court "shall" transfer an action in the interest of justice.  Although some courts use § 1631 and others use § 1406(a), they all do so

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
March 11, 2015
Page 2

authorization of discretionary transfer of actions to promote the "***just*** and efficient conduct of such actions." § 1407(a) (emphasis added).[3] Thus, if Defendants' unsupported view were correct, plaintiffs in all MDL cases would be incentivized to oppose transfer prior to adjudication of personal jurisdiction defenses. This Court should therefore decline Defendants' invitation to rely on "analogy and further inference" to deprive DAPs of "an expeditious and orderly adjudication of [their] cases and controversies on their merits." *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

As discussed in the DAPs' February 19, 2015 letter, Defendants' reliance on *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), cannot withstand scrutiny. Defendants have not identified a single case in the seventeen years since *Lexecon* was decided holding that § 1407(a) forecloses a transfer in the interest of justice under §§ 1406(a) or 1631.[4]

The absence of case law supporting Defendants' position is telling. Defendants' argument would defeat the policies underlying the statutes: it would mean that plaintiffs that arrived in the "right" jurisdiction *sooner* via a defendant-initiated MDL would be in a worse

---

for the same purpose and to achieve the same objective. Section 1407 therefore should be construed in harmony with § 1631 as well.

[3] Section 1406(a) "provides a mandatory basis for dismissal (or transfer) when venue is improper." *See Excellent Home Care Services, LLC v. FGA, Inc.*, No. 13 CIV. 05390 ILG, 2014 WL 652357, at *1 (E.D.N.Y. Feb. 19, 2014) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947); *Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 67 (2d Cir. 2003); *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir.1996); 14D Charles A. Wright et al., Federal Practice and Procedure § 3826 (3d ed. 2007)). Although § 1407 also contains mandatory language requiring remand at the conclusion of coordinated proceedings, its authorization of transfer in the first instance is discretionary (cases "may" be transferred for coordinated proceedings if it is just and efficient to do so). Sections 1406(a) and 1407 can be read in harmony by construing the remand language to prohibit a MDL court from transferring cases to ***itself*** for trial, but requiring the MDL court to undertake the interest-of-justice analysis and remand actions to the districts in which venue is ultimately found to be proper.

[4] Defendants' citation to *In re Asbestos Prod. Liab. Litig.*, 965 F. Supp. 2d 612, 618, 622 (E.D. Pa. 2013) is unavailing. *See* Defendants' Letter, Mar. 5, 2015, Dkt. No. 1095, at 2 ("Defs. Mar. 5 Ltr."). In *In re Asbestos*, the district court denied transfer under § 1404(a)'s discretionary transfer provision. *Id.* In doing so, the court rejected the plaintiffs' reliance on a Nevada district court case that suggested a MDL transferee court could transfer cases under §§ 1406(a) or 1631. Concluding the relevant language from Nevada district court's decision was dicta, the *Asbestos* court declined to accept it as broadly as to permit a MDL transferee court to transfer MDL cases to other districts under § 1404(a). *Id.* at 622–23. The *Asbestos* court, however, neither expressly ruled that § 1407 bars transfer under §§ 1406(a) or 1631 as a mechanism to cure personal jurisdiction nor conducted meaningful analysis of the issue. The other cases cited by Defendants on page 2 of their letter (*In re Celexa & Lexapro Products Liab. Litig.*, No. MDL 1736, 2008 WL 1913927 (E.D. Mo. Apr. 25, 2008); *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, No. MDL 1407, 2005 WL 1528946 (W.D. Wash. June 24, 2005); *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d 1125 (S.D. Ind. 2002)) are equally unavailing, as the courts in those cases only contemplated transfer under § 1404(a). Notably, *In re Celexa* and *In re Phenylpropanolamine* both involved request for transfer by defendants over plaintiffs' objections.

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
March 11, 2015
Page 3

position than plaintiffs that remained in the "incorrect" jurisdiction longer (and had time to rebut jurisdictional challenges raised by the pleadings while in the original court where jurisdiction did not actually exist). Nor is it legally supportable. As explained in the DAPs' February 19, 2015 letter, Defendants' argument would turn *Lexecon* on its head, transforming a case whose central holding was meant as a shield to protect plaintiffs from having special panels override plaintiffs' choice of venue for trial on the grounds of purported "convenience," *Lexecon*, 523 U.S. at 41–42, into a sword for defendants to cut off otherwise available avenues to save plaintiffs' claims.

Contrary to Defendants' assertion (Defs. Mar. 5 Ltr. at 2–3), "one-sided consent to transfer" by the plaintiff alone is enough; several courts subsequent to *Lexecon* have held that a waiver of § 1407 **by the plaintiff** alone allows for a transfer under § 1406(a), as the DAPs would seek. *In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 36–37 (D.D.C. 2003); *see also* DAPs Letter, Feb. 19, 2015, Dkt. No. 1025, at 4 & n.8 ("Pls. Feb. 19 Ltr."). Even if mutual consent was required (which it is not), Defendants could hardly argue that they have not consented to proceeding in the Southern District of New York when they sought and established a MDL here and have conceded that jurisdiction over the vast majority of Defendants exists in this district.

Perhaps realizing the futility of their legal position, Defendants next assert that the DAPs should have "fil[ed] their actions in a jurisdictionally proper forum" at the onset of this litigation, and thus §§ 1406(a) and 1631 should be unavailable. Defs. Mar. 5 Ltr. at 3–4. Defendants' argument ignores the entire point of those provisions, under which it is well established that a "compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). Even where MDLs are present, courts have rejected this "dilemma" of the plaintiffs' "own making" argument, and instead have utilized transfer to "avoid the potential loss of certain of the . . . Plaintiffs' claims which could be barred by a statute of limitations, merely because they made a mistake in thinking that the defendants could be 'found' or that they 'transact . . . business' in the district in which claims were filed." *In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d at 36 (citation and internal punctuation omitted).

Aside from the primary transfer mechanism advocated by the DAPs, which would allow the Court to immediately proceed with these cases and avoid any jurisdictional issues, Defendants altogether fail to explain why none of the DAPs' three alternative proposals under which personal jurisdiction could be asserted in New York (*see* Pls. Feb. 19 Ltr. at 4–5) is adequate, even though each proposal is independently fatal to Defendants' argument.

Defendants do not contend that *Lexecon* prohibits original transferor courts from deciding motions pursuant to §§ 1406(a) or 1631. Accordingly, if this Court determines that *Lexecon* prohibits the Court from adjudicating a request for transfer under §§ 1406(a) and 1631, DAPs should be allowed to file such motions with the original transferor courts. Dismissal on

**DICKSTEIN**SHAPIRO LLP

Honorable Naomi Reice Buchwald
March 11, 2015
Page 4

the merits in a situation where transfer would cure personal jurisdiction defects would flatly contradict the reason Congress enacted §§ 1406(a) and 1631.

      Defendants also mischaracterize the DAPs' proposal, under which the complaints would be amended to assert *both* venue and personal jurisdiction in New York. Defendants cite no authority to challenge the provisions of the Manual for Complex Litigation § 20.132, which specify filing an amended complaint as one way to address the *Lexecon* issues they raise.

      Defendants' jurisdictional arguments also ignore the history of this litigation. Most of the DAPs filed these cases long ago. The cases were subject to the Court's stay and the DAPs therefore had no prior opportunity to address the personal jurisdiction arguments. DAPs had good faith bases for their forum choices and (and continue to believe that personal jurisdiction exists over all defendants in all selected forums). DAPs chose personal jurisdiction based on the law as it existed before the 2014 decisions in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Walden v. Fiore*, 134 S. Ct. 1115 (2014), which Defendants assert caused a "dramatic shift in personal jurisdiction law." Defendants' Personal Jurisdiction Motion at 1. If the Court were to conclude that the *Daimler* and *Walden* opinions changed the rules regarding personal jurisdiction, that would be precisely the kind of situation where transfer would be appropriate in the interests of justice. But as the DAPs have shown above and in their prior letter, the Court will never find itself in that position, because none of Defendants' arguments and efforts to convince this Court to create new jurisdictional law in this complex MDL litigation is factually or legally supportable.

Respectfully submitted,

/s/ *Richard J. Leveridge*
Richard J. Leveridge
(202) 420-4778 direct dial
(202) 379-9325 direct fax
leveridger@dicksteinshapiro.com

cc:    All Counsel of Record (by ECF)