

# SCHLESINGER
LAW OFFICES, P.A.

March 12, 2015

**By Fax: (212) 805-7927 and ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        Re:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 2262
               *Amabile et al. v. Bank of America Corp. et al.*, Case No. 1:13-cv-01700-NRB

Dear Judge Buchwald:

      We represent the *Amabile* plaintiffs in the above referenced action in this MDL. At the February 5, 2015 hearing, the Court inquired about period zero claims for plaintiffs other than Amabile, Furlong, Haggerty, Pankau, Restani, Vecchione and 303 Capital. I replied that I believed other plaintiffs also had period zero claims. The Court asked for a letter to inform the Court on the issue.

      All *Amabile* plaintiffs claim to have been injured by trader-based manipulation of LIBOR, in addition to systematic suppression, in period zero (as well as periods 1-3). All *Amabile* plaintiffs alleged that they "transacted Eurodollar futures contracts on days on which Eurodollar Futures contract prices were artificial as a result of trader-based manipulation of LIBOR and their positions were such that they were injured." Am. Compl. ¶ 35.

      The Amended Complaint contained two exhibits. In Exhibit A, plaintiffs matched the trading records to the dates LIBOR is known to have been manipulated as revealed in various settlement agreements. There, plaintiffs Louie Amabile, Robert Furlong, Brian Haggerty, Brett Pankau, Eduardo Restani, Margery Teller, David Vecchione, and 303 Capital demonstrated period zero injury as the Court had diagramed in *LIBOR III*. Exhibit B demonstrates plaintiffs' claim that all were harmed because they were trading in a tainted market. All plaintiffs were injured because prices were artificial. As the Court stated in *LIBOR I*, "[T]o determine whether an artificial price has occurred, one must look at the aggregate forces of supply and demand and search for those factors which are extraneous to the pricing system, are not a legitimate part of the economic pricing of the commodity, or are extrinsic to that commodity market." 935 F. Supp. 2d 666, 713 (S.D.N.Y. 2013) (internal citations omitted). Here, because the banks were manipulating LIBOR, extraneous factors existed, which caused illegitimate economic pricing. Even if a plaintiff's position was in line with a manipulating bank's position, that plaintiff could have been harmed where, for example, the plaintiff was trying to buy when the manipulating bank that knew where the contract price will be was buying, which pushed prices higher and the plaintiff bought at a higher price than he otherwise would have.

Plaintiffs also obtained records that demonstrate that Joseph Amabile, Norman Byster, Michael Cahill, David Klusendorf, Christopher Lang have period zero claims that square with *LIBOR III*. The following are examples:

| Date | Bank | Requested Direction | Quartile Position | Plaintiff(s) Harmed | Plaintiff Position |
|---|---|---|---|---|---|
| 9/29/05 | Barclays | Upward | Upper | J. Amabile Cahill Klusendorf | Seller |
| 6/30/06 | Rabobank | Upward | Interquartile | Byster Lang | Seller |

The above list is not plaintiff or trade and date exhaustive. Not all plaintiffs have been successful in obtaining their records from 2005-2010. Some plaintiffs have had trouble obtaining their records from either the Chicago Mercantile Exchange or their respective clearing houses. Some plaintiffs received only monthly records that do not state their day-to-day trading positions. Accordingly, one cannot discern whether the plaintiff was a buyer or seller of Eurodollar futures on a particular date. Other plaintiffs' clearing firms are no longer operational or merged with other clearing firms. The CME is also uncooperative. Accordingly, plaintiffs respectfully seek Court guidance and will file an appropriate motion to subpoena all pertinent records from the CME.

*Amabile* plaintiffs also object to defendants' contentions in their February 27, 2015 Letter [DE 1065] for the reasons stated in opposition to their Prior Rulings Motion to Dismiss, and any argument first raised here should be rejected. Defendants Lloyds and RBS contest timeliness but that claim should fail because the settlements express that the allegations only sample the banks' wrongs – they do not list the entire universe of manipulative conduct. Further, on the dates that Exhibit A lists the plaintiffs as "buyers" and "sellers" that position applies in cases where a bank requested a direction in one month and the opposite direction in another. The "buyer" applies in cases where the bank made a downward request and vice versa.

Respectfully yours,

By: s/Jeffrey L. Haberman
    Jeffrey L. Haberman

SCHLESINGER LAW OFFICES, P.A.
1212 Southeast Third Avenue
Ft. Lauderdale, FL 33316
Tel: 954-320-9507
jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs Amabile, et al.*

cc:    All Counsel by ECF