# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel

Roger W. Kirby
Alice McInerney

March 17, 2015

**BY ECF AND HAND DELIVERY**
Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
              No. 11 Civ. 2613 (NRB), Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

      We are interim co-lead counsel for the Exchange-Based Plaintiffs and the proposed Class ("Plaintiffs") in the above-referenced action and submit this letter pursuant to Rule 2.E.1 of Your Honor's Individual Practices to outline arguments Plaintiffs advance to oppose Defendants' motion to dismiss Plaintiffs' Commodity Exchange Act ("CEA") claims for lack of personal jurisdiction. *See* ECF No. 1111.

## The CEA Authorizes Personal Jurisdiction Over The Defendants

      After litigating this case for several years, certain Defendants now argue that they cannot be hauled into this District Court to answer for their alleged manipulation of U.S. Dollar LIBOR ("LIBOR") in violation of the CEA. [ECF Nos. 966, 966-1]. In their Complaint, Plaintiffs allege that the Court has jurisdiction over all Defendants under Section 22 of the CEA, 7 U.S.C. § 25(c). This provision authorizes personal jurisdiction, venue and nationwide service of process in a private right of action under the CEA. When, as here, a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction. *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 6126 (ALC)(KNF), 2013 WL 9815198, at *28 (S.D.N.Y. Dec. 20, 2013) (holding that plaintiffs made a *prima facie* showing of jurisdiction over a foreign defendant in an action alleging CEA manipulation violations) (citing *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 526 (S.D.N.Y. 2008)).

      Plaintiffs easily have established the required *prima facie* case of statutory jurisdiction over all of the Defendants. *Id.* at *31. Moreover, Defendants have waived any challenges to personal jurisdiction. In two previous motions to dismiss filed in this action under Fed. Civ. P. Rule 12(b)(6), Defendants did not raise any personal jurisdiction or venue challenges. Thus, they have waived these arguments, which clearly were available to be raised in their previous motions to dismiss. *See* Fed. R. Civ. P. 12(h); *S.E.C. v. Softpoint*, No. 95 Civ. 2951, 2001 WL 43611, at *7 (S.D.N.Y. Jan. 18, 2001). Defendants' arguments that the Supreme Court's decisions in *Daimler AG v. Bauman* and *Walden v. Fiore*, make available new constitutional

Kirby **McInerney LLP**

Honorable Naomi Reice Buchwald
March 17, 2015
Page 2

arguments that resuscitate their right to challenge personal jurisdiction are unavailing. The question of jurisdiction over a defendant where there is a federal statute providing nationwide service of process was never an issue before the Supreme Court in *Daimler* or *Walden*. Also, to analyze jurisdiction, the Supreme Court followed "well-established principles of personal jurisdiction." *Walden*, 134 S. Ct. 1115, 1126 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) (foreign subsidiaries were not at home in North Carolina so as to render general jurisdiction over them).

Furthermore, *Daimler* and *Walden* involved challenges to general and specific jurisdiction, respectively, based on the defendant's lack of contacts in one particular state. When a complaint invokes federal question jurisdiction under a federal statute like the CEA, which provides for nationwide service in the United States, the Court must examine Defendants' contacts throughout the United States as a whole to determine whether the exercise of personal jurisdiction comports with due process under the Fifth Amendment. *See Amaranth,* 587 F. Supp. 2d at 526. Under the Fifth Amendment, Plaintiffs need only establish that a defendant has "minimum contacts" with the United States such that the maintenance of the suit is reasonable. *Cotton Futures*, 2013 WL 9815198, at *28-29.

Plaintiffs have established the requisite minimum contacts with the United States where Defendants' alleged unlawful activities had "an unmistakably foreseeable effect." *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990). This Court has already held that that "the 'danger' of submitting artificial LIBOR quotes – the manipulation of the price of Eurodollar futures contracts – was either known to the defendant banks or so obvious that they must have been aware of it." *In re LIBOR-Based Fin. Instruments Antitrust Litig.,* 27 F. Supp. 3d 447, 470, Slip Op. at 38 (S.D.N.Y. 2013).

Because Plaintiffs have established minimum contacts in the United States, Defendants bear the burden of presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-69 (2d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)). Defendants' broad invocation of international comity is insufficient to make the rare showing of a "compelling" interest that outweighs the interest of the United States in adjudicating actions brought under the CEA. *See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 116 (1987) (Brennan, J., concurring) (finding that only in "rare cases" will inconvenience defeat the reasonableness of jurisdiction); *Donogue v. Dicut, Inc.*, No. 01 Civ. 10194 (NRB), 2002 WL 1728539, at *3 (S.D.N.Y. July 24, 2002) (noting there was "no evidence of any competing foreign forum for this controversy"). Additionally, "the conveniences of modern communication and transportation" minimize burdens of litigating internationally. *Cotton Futures*, 2013 WL 9815198, at *30.

Kirby **McInerney LLP**

Honorable Naomi Reice Buchwald
March 17, 2015
Page 3

### The Court Also Can Exercise General and Specific Jurisdiction Over Defendants

General jurisdiction over Defendants here is appropriate and fully within the grasp of due process requirements because each of them maintained a branch or other office and engaged in substantial, long-term banking, investment banking and other business activities in the United States so as to render them at home in the United States. *In re Hellas Telecommunications (Luxembourg) II SCA*, 524 B.R. 488, 508 (Bankr. S.D.N.Y. 2015) (distinguishing *Daimler*). *See also* Declaration of David E. Kovel [ECF No. 1112].

Because Defendants' acts outside the United States had a pervasive effect in the United States, and Defendants transacted business and conducted activities in the United States that relate to Plaintiffs' claims, specific jurisdiction over Defendants also is appropriate. *Amaranth*, 587 F. Supp. 2d at 537. Specific jurisdiction exists when personal jurisdiction over a defendant arises out of or is related to the defendants' contacts with the United States. *Id.*; *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002) (specific jurisdiction exists because "while these [New York] contacts may not have directly given rise to the plaintiff's cause of action, they certainly 'relate to' it"). Based upon their Complaint and additional materials submitted to the Court, Plaintiffs have already established numerous contacts and activities of Defendants in the United States that relate to Plaintiffs' claims. Should there be any doubt whether Plaintiffs' allegations are sufficient to establish personal jurisdiction over any of the Defendants, Plaintiffs should be provided with an opportunity to conduct jurisdictional discovery. *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003).

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motions to dismiss Plaintiffs' claims based on personal jurisdiction. Courtesy copies of Plaintiffs' opposition memorandum and supporting declaration are enclosed.

Respectfully submitted,

|  |  |
|---|---|
| */s/ Christopher Lovell* | */s/ David E. Kovel* |
| Christopher Lovell | David E. Kovel |
| LOVELL STEWART HALEBIAN | KIRBY McINERNEY LLP |
| 61 Broadway, Suite 501 | 825 Third Avenue, 16th floor |
| New York, New York 10006 | New York, New York 10022 |
| Telephone: (212) 608-1900 | Telephone: (212) 371-6600 |
| Email: clovell@lshllp.com | Email: dkovel@kmllp.com |

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*

cc:   All Counsel of Record (by Electronic Filing)