# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | CIRO A. GAMBONI | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| L. HOWARD ADAMS | CHARLES A. GILMAN | FACSIMILE: (212) 269-5420 | ANN S. MAKICH | DARREN SILVER |
| ROBERT A. ALESSI | JASON M. HALL | | JONATHAN I. MARK | HOWARD G. SLOANE |
| HELENE R. BANKS | WILLIAM M. HARTNETT | | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | CRAIG M. HOROWITZ | 1990 K STREET, N.W. | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | SUSANNA M. SUH |
| SUSAN BUCKLEY | TIMOTHY B. HOWELL | (202) 862-8900 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | FAX: (202) 862-8958 | ATHY A. O'KEEFFE | JONATHAN D. THIER |
| JAMES J. CLARK | ELAI KATZ | | DAVID R. OWEN | JOHN A. TRIPODORO |
| BENJAMIN J. COHEN | THOMAS J. KAVALER | 24 MONUMENT STREET | JOHN PAPACHRISTOS | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON, EC3R 8AJ | LUIS R. PENALVER | HERBERT S. WASHER |
| STUART G. DOWNING | DAVID N. KELLEY | (011) 44.20.7920.9800 | KIMBERLY PETILLO-DÉCOSSARD | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | FAX: (011) 44.20.7920.9825 | MICHAEL W. REDDY | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | EDWARD P. KRUGMAN | | JAMES ROBINSON | DAVID WISHENGRAD |
| JENNIFER B. EZRING | JOEL KURTZBERG | | THORN ROSENTHAL | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | WRITER'S DIRECT NUMBER | TAMMY L. ROY | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| BART FRIEDMAN | JOEL H. LEVITIN | (212) 701-3120 | JOHN SCHUSTER | ADAM ZUROFSKY |

*ADMITTED IN DC ONLY

April 10, 2015

Re:   In re LIBOR-Based Financial Instruments Antitrust Litig.
      (NRB) Master File No. 1:11-md-02262-NRB

Dear Judge Buchwald:

    I submit this letter to notify the Court of three decisions relevant to Defendants' November 5, 2014 motion to dismiss Direct Action Plaintiffs' Amended Complaints for lack of personal jurisdiction (the "Motion")[1] that were decided after briefing was completed and oral argument held on February 5, 2015: (i) an opinion issued by Judge Gardephe in *7 West 57th Street Realty Company, LLC* v. *Citigroup, Inc.*, No. 13 Civ. 981, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) (attached as Exhibit A) ("*7 West 57th*"); (ii) an opinion issued by Judge Daniels in *Laydon* v. *Mizuho Bank, Ltd.*, No. 12 Civ. 3419, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) (attached as Exhibit B) ("*Laydon*"); and (iii) an opinion issued by the Ninth Circuit in *Picot* v. *Weston*, _ F.3d _, 2015 WL 1259528 (9th Cir. Mar. 19, 2015) (attached as Exhibit C) ("*Picot*"). Each decision granted motions to dismiss for lack of personal jurisdiction or affirmed such a dismissal.

    Though it was not consolidated into the MDL, *7 West 57th* involves similar allegations of USD LIBOR manipulation and includes many of the same defendants. Last week, Judge Gardephe dismissed for lack of personal jurisdiction all moving foreign bank defendants in that action,[2] all of whom have joined in this Motion. In doing so, the court rejected many of the same arguments Plaintiffs advance in opposing this Motion. For example, the court concluded that

---

[1] Unless otherwise noted, Defendants adopt the definitions from their briefing on this motion.

[2] The defendants subject to the *7 West 57th* personal jurisdiction ruling were: The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC, Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, Lloyds Banking Group plc, Cooperatieve Centrale Raifieisen-Boerenleenbank B.A., HBOS plc, the Norinchukin Bank, the Royal Bank of Canada, the Royal Bank of Scotland plc, Portigon AG (f/k/a WestLB AG), and Westdeutsche ImmobilienBank AG.

CAHILL GORDON & REINDEL LLP

- 2 -

the foreign bank defendants did not waive their personal jurisdiction defense by failing to assert it in a motion to dismiss filed before *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) was decided because "*Gucci America* unequivocally holds . . . that *Daimler* effected a change in the law, providing defendants such as the Foreign Banks with a personal jurisdiction defense that was previously unavailable to them." *Compare 7 West 57th*, 2015 WL 1514539, at *6-*7 *with* Reply Mem. of Law in Support of Defs.' Mot. to Dismiss the Direct Actions for Lack of Personal Jurisdiction (Dkt. No. 922) ("Reply Br.") at 14-15. After plaintiff conceded that there was no general jurisdiction over the Foreign Bank defendants, the court also held there was no specific jurisdiction because there was little-to-no connection between the suit-related conduct (i.e., the alleged manipulation of USD-LIBOR) and the relevant forum (New York). *Compare 7 West 57th*, 2015 WL 1514539, at *7-*11 *with* Mem. of Law in Support of Defs.' Mot. to Dismiss the Direct Actions for Lack of Personal Jurisdiction (Dkt. No. 745) ("Moving Br.") at 10-15 *and* Reply Br. 6-7. Indeed, the court ruled that even the presence of traders employed by Barclays in New York and allegedly involved in trader conduct was an insufficient basis for specific jurisdiction over Barclays where the plaintiff did not plead that the alleged conduct of the traders had "any connection with the injury suffered by [the plaintiff]," or that it "took place within the . . . time period" relevant to plaintiff's alleged injury. *Compare 7 West 57th*, 2015 WL 1514539, at *10 *with* Reply Br. 11. Moreover, that a plaintiff resides in New York is insufficient because the "suit-related conduct must tie [defendants] to New York *itself*, not just to a plaintiff who happens to reside in New York." *7 West 57th*, 2015 WL 1514539, at *10 (emphasis in original). The court also rejected plaintiff's co-conspirator theory of personal jurisdiction because all of plaintiff's allegations concerning the existence of a conspiracy were conclusory. *Compare 7 West 57th*, 2015 WL 1514539, at *12-*13 *with* Moving Br. 15-16 *and* Reply Br. 13. Further, the court in *7 West 57th* rejected plaintiff's theory of jurisdiction based on nationwide service provisions applicable to plaintiff's federal antitrust and CEA claims. *Compare 7 West 57th*, 2015 WL 1514539, at *13 *with* Moving Br. 20-24 *and* Reply Br. 13-14. Finally, the court held there was no general jurisdiction by virtue of registration with the New York Department of Financial Services under New York Banking Law § 200. To the extent registration constitutes consent, that consent is limited "to claims arising out of the activities of a New York branch or agency." *Compare 7 West 57th*, 2015 WL 1514539, at *11 *with* Reply Br. 5 n.10.

The opinion issued in *Laydon* addresses whether the court has personal jurisdiction over foreign defendants concerning claims (including antitrust and RICO) arising out of the alleged manipulation of Yen LIBOR and Euroyen TIBOR (the Tokyo Interbank Offered Rate). In *Laydon*, as in *7 West 57th*, the court dismissed several foreign and broker bank defendants for lack of personal jurisdiction and rejected several theories of specific jurisdiction that are substantially similar to those advanced by Plaintiffs in opposing this Motion. For example, the court rejected plaintiff's contention that defendants purposefully availed themselves of the benefits of the forum through, for example, electronic communications that "passed through and/or were stored within the United States." *Compare Laydon*, 2015 WL 1515358, at *2-*3 *with* Reply Br. 10-12. Similarly, it rejected plaintiff's claim that his allegations satisfied the *Calder* "effects test" because plaintiff failed to establish that the alleged suit-related conduct had a "substantial connection" to the United States. *Compare Laydon*, 2015 WL 1515358, at *4-*6 *with* Moving Br. 10-15 *and* Reply Br. 6-7. The court also rejected plaintiff's co-conspirator theory of jurisdiction because the allegations were

CAHILL GORDON & REINDEL LLP

- 3 -

insufficient to find conspiracy. *Compare Laydon*, 2015 WL 1515358, at *3 *with* Moving Br. 15-16 *and* Reply Br. 13. In doing so, the court expressed skepticism regarding the vitality of such a theory observing that "[c]ourts have been increasingly reluctant to extend this theory of jurisdiction beyond the context of New York's long-arm statute." *Laydon*, 2015 WL 1515358, at *3.[3]

Lastly, in *Picot*, the Ninth Circuit determined that the district court lacked specific jurisdiction over an out-of-state defendant for contract and tortious interference claims. The court rejected the plaintiff's argument that allegations that the plaintiff "fulfilled his obligations under the agreement" by performing certain actions in the forum established that the *defendant* "purposefully availed himself of the privilege of conducting business within California." 2015 WL 1259528, at *4-*5. The Ninth Circuit reasoned that "[t]his argument would mistakenly 'allow[] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis.'" *Id.* at *5 (quoting *Walden* v. *Fiore*, 134 S. Ct. 1115, 1125 (2014)) (alteration in the original). Neither the defendant's actions in contracting with a forum resident nor making trips to the forum that were incidental to his performance of the agreement established sufficient minimum contacts with the forum to subject the defendant to specific personal jurisdiction. *Id.* at *5. Similarly, Direct Action Plaintiffs' alleged contacts with Defendants do not create sufficient contacts between the Defendants and the Challenged Jurisdictions to support finding specific personal jurisdiction, even where Plaintiffs have supplemented their arguments with allegations that they communicated with the Contracting Defendants. *See* Moving Br. 12-15; Reply Br. 9-10.

Moreover, in analyzing the tortious interference claim, the Ninth Circuit found that the defendant's alleged misconduct, which included directing statements from his residence in Michigan to an Ohio resident that resulted in a Delaware corporation halting payments to out-of-forum trusts, did not have "anything to do with [California] itself" and was insufficient to establish that defendant expressly aimed his conduct at the forum state. *Picot*, 2015 WL 1259528, at *7 (quoting *Walden*, 134 S. Ct. at 1125) (alteration in the original). Further, the court emphasized that plaintiff's financial injury was "not tethered to California in any meaningful way" and was instead "entirely personal to [the plaintiff] and would follow him wherever he might choose to live or travel" and thus "the effects of [the defendant's] actions are . . . 'not connected to the forum State in a way that makes those effects a proper basis for jurisdiction.'" *Id.* The misconduct underlying the claims at issue in the Direct Action Complaints occurred in London, not in any of the Challenged

---

[3] In a second opinion in *Laydon* v. *Mizuho Bank, Ltd.*, No. 12 Civ. 3419, 2015 WL 1499185 (S.D.N.Y. Mar. 31, 2015) (attached as Exhibit D), the court concluded that some defendants waived their personal jurisdiction defense because, after *Daimler* was decided, those defendants moved for reconsideration of the court's decision on a prior motion to dismiss, attended a discovery conference without raising a personal jurisdiction defense, and did not give the court advance notice that they were moving on personal jurisdiction grounds. *Laydon*, 2015 WL 1499185, at *2-*7. Defendants, many of whom are parties in *Laydon*, dispute that conclusion. Regardless, that holding is inapposite to the *Schwab* case, which is the only Direct Action case to assert a waiver argument. In *Schwab*, Defendants asserted their personal jurisdiction defense as soon as this Court lifted the stay on the case. That Schwab filed an earlier case—that was dismissed before *Daimler* was decided—does not affect the analysis. None of the factors listed above in *Laydon II* is present in *Schwab*, and therefore there is no waiver here.

CAHILL GORDON & REINDEL LLP

- 4 -

Jurisdictions, *see, e.g.*, Reply Br. 12-13, and thus necessitates finding that Direct Action Plaintiffs have not established specific personal jurisdiction over Defendants for their tort-related claims because none of Defendants' alleged misconduct happened in the Challenged Jurisdictions. *Picot*, 2015 WL 1259528, at *7. Direct Action Plaintiffs merely allege that they have suffered financial injury that can follow them wherever they choose to go—allegations that are plainly insufficient to establish personal jurisdiction under *Picot*. *Id.*

Defendants respectfully request that the Court consider the above referenced authorities in deciding on the motion to dismiss Direct Action Plaintiffs' Amended Complaints for lack of personal jurisdiction.

Respectfully submitted,

Joel Kurtzberg

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

BY ECF

cc:   All counsel of record (by ECF)