

**Jeremy A. Lieberman**
Senior Partner

May 28, 2015

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*
> **MDL No. 2261, Case No. 1:11-md-02262-NRB – Request for Consideration
> of Deutsche Bank Government Resolutions and Notice of Recent Authority**

Dear Judge Buchwald:

    We represent Plaintiffs Berkshire Bank, Government Development Bank for Puerto Rico and Directors Financial Group (the "Lender Action Plaintiffs" or "LAPs") in Case No: 12-CV-5723-NRB and 13-CV-01016-NRB (the "Lender Actions"). We write to join the letter of May 13, 2015 filed by the Direct Action Plaintiffs (Dkt. 1132), and request the Court to consider the settlements reached between Defendant Deutsche Bank AG ("DB") and various government agencies regarding the manipulation of the LIBOR rates as well as certain facts contained within them in the Court's analysis of the pending motion to dismiss the claims asserted in the Lender Actions. These materials provide additional factual support for, *inter alia*, the allegations that Defendants (i) knowingly published false USD LIBOR, (ii) conspired to violate the law and the Libor-setting rules, (iii) intentionally concealed their systematic USD LIBOR depression to prevent discovery, as discussed in LAPs' Opposition to Defendants' Motion to Dismiss (Dkt. 1085) at 14, 24, and 10, 22, respectively. The settlement materials and the facts contained therein also demonstrate that DB engaged in suit-related conduct directed at New York, as discussed in LAPs' Opposition to Defendants' Joint Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 1082).

    Lender Action Plaintiffs also join Direct Action Plaintiffs' letter of May 18, 2015 (Dkt. 1135), notifying the Court of the Second Circuit recent decision in, *BPP III., LLC v. Royal Bank of Scotland Grp. PLC*, -- Fed. Appx. --, 2015 WL 2215004 (2d. Cir. May 13, 2015) (Summary Order) ("*BPP* "), in which the Court of Appeals vacated Judge Furman's dismissal of LIBOR-related state-law claims as untimely under Pennsylvania's two-year statute of limitations. In dismissing the state-law claims, Judge Furman extended this Court's holding under the

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK    CHICAGO    LOS ANGELES    WESTON, FL

325



Page 2

Commodities Exchange Act ("CEA") in *LIBOR I* that media coverage in the spring of 2008 concerning LIBOR satisfied the CEA's "inquiry notice" standard.  The Second Circuit ruled that whether the plaintiffs had exercised reasonable diligence in investigating their state-law claims was a question of fact that the District Court had "acted too hastily" in resolving on a motion to dismiss: "[a]lthough a plaintiff bears the burden of showing that the discovery rule tolls the statute of limitations, the statute of limitations is an affirmative defense, and a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Id.* at *2 (citations and quotation marks omitted).   Given that Judge Furman expressly relied on the same LIBOR-related articles at issue in this action, the Court should apply the Second Circuit's reasoning in rejecting Defendants' argument that the sufficiency of "notice" as of May 2008 can be determined on a motion to dismiss.  Moreover, the Second Circuit's reasoning also undermined Defendants' argument that the Court should rule that all reliance after May 2008 was "unreasonable" as a matter of law.

Respectfully submitted,

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman

cc:     All counsel of record by ECF