# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| | |
|---|---|
| Telephone | Facsimile |
| 212.608.1900 | 212.719.4775 |

June 12, 2015

**BY ECF and Hand Delivery**

Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 13 Civ. 2613, Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

Exchange-Based Plaintiffs ("Plaintiffs") respectfully request leave to make this brief reply to Defendants' letter dated June 3, 2015 (ECF No. 1148) which opposes Plaintiffs' May 27, 2015 letter request (ECF No. 1142) for a pre-motion conference to seek reconsideration of the Court's *LIBOR I* (ECF No. 286) and *LIBOR III* (ECF No. 568) decisions in light of the Second Circuit's summary order in *BPP Illinois, LLC v. Royal Bank of Scotland Corp PLC*, 13 Civ. 4459, 2015 WL 2215004 (2d Cir. May 13, 2015) ("*BPP Illinois II*") ("*BPP* summary order").

Contrary to Defendants' arguments, in *Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618, 2009 WL 3817590, at *2 (S.D.N.Y. Nov. 16, 2009), the Court granted a motion for reconsideration based on a summary order stating "[t]he Court concludes that the Second Circuit's June 3, 2009 Summary Order, which vacated the Court's March 4, 2008 Order dismissing *Wiwa III*, is a "change in controlling law" that warrants reconsideration of the Court's (same) March 4, 2008 Order dismissing the *Kiobel* claims against SPDC. The Second Circuit's reasoning applies, with equal force, to this action."[1] Also contrary to Defendants, the *BPP* summary order constitutes "persuasive authority" in support of Plaintiffs' positions here. *See Anwar v. Fairfield Greenwich Ltd.*, 884 F.Supp.2d 92 (S.D.N.Y.2012) (defendants' motion for reconsideration based on two summary orders granted in part and denied in part; district court states that while the two

---

[1] *See also Brault v. Soc. Sec. Admin., Com'r,* 683 F.3d 443, 450 n.5 (2d Cir. 2012)(court is "permitted to consider summary orders for their persuasive value, and often draw guidance from them in later cases."); *Laboy v. Bd. of Tr. of Building Serv.*, No. 11 Civ. 5127, 2012 WL 701397, at *2 (S.D.N.Y. 2012) ("[t]he Court is not persuaded that it is at liberty not only to disregard but contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order").

Honorable Naomi Reice Buchwald
June 12, 2015
Page 2

Second Circuit summary orders "do not have precedential effect . . . they are nevertheless persuasive authority to the extent that their factual patterns align with the instant case and their reasoning is compelling."); *Goris v. Breslin*, No. 04 Civ. 5666, 2009 WL 1955607, at *5 (E.D.N.Y. July 6, 2009) *aff'd*, 402 F. App'x 582 (2d Cir. 2010) (court finds summary order of appeals court in another case persuasive because of similar facts presented); *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) ("[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases); *U.S. v. Tejada*, 824 F.Supp.2d 473, 474-475 (S.D.N.Y. 2010) (citing various cases and discussing effect of summary orders).[2]

More generally, summary orders from our Court of Appeals are relied upon in applying or determining legal standards.  See e.g., *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012) ("*Koch*") (citing to Second Circuit summary orders regarding discovery accrual under RICO statute of limitations); *Clemmer v. Fordham Bedford Community Services*, No. 14 Civ. 2343, 2015 WL 273657 *3 (S.D.N.Y. January 16, 2015) (citing to two summary orders for the proposition that plaintiff's ADEA and Title VII claims were not "reasonably related" to the disability discrimination claims); *Valenti v. Penn Mut. Life Ins. Co.*, 850 F. Supp. 2d 445, 452 (S.D.N.Y. 2012) *aff'd*, 511 F. App'x 57 (2d Cir. 2013) (citing to Second Circuit summary order regarding court's discretion on adverse inferences).[3]

Finally, and further contrary to Defendants' position, the new persuasive precedent in the *BPP* summary order also helps interpret *Koch* and earlier cases.  This

---

[2]    The cases cited by Defendants involved applicability of summary orders and/or other non-summary order authority to cases where the facts were either not similar or identical to, or aligned with the case in which the summary order was issued or where the summary order conflicted with state law or other precedent. *E.g.*, *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461, 2014 WL 2815571, at *5 (S.D.N.Y. June 23, 2014) (defendant's motion for partial reconsideration denied; facts pertaining to Goldman's conduct and statements differed from those at issue in *Barclays*, *Bahash* (a summary order) and *UBS* cases and were directly related to the subject of the fraud); *Alvarez v. Coca-Cola Refreshments, USA, Inc.,* 914 F. Supp.2d 256 (E.D.N.Y. 2012) (defendant's reliance on summary order and other non-summary authorities cited was inapposite where they conflicted with New York law and plaintiff's circumstances were distinguishable because he had submitted an affidavit rebutting presumption of mailing which defendant argued established his agreement to arbitrate); *Intesa Sanpaolo, S.p.A. v. Credit Agricole Corporate & Inv. Bank*, 924 F. Supp. 2d 528, 536 (S.D.N.Y. 2013) (summary order held inapposite to this case "because it addresses a scenario where the alleged misrepresentation was made after the purchase" and not before)

[3]    *Bermudez v. City of New York,* 599 F. App'x. 26, 28 (2d Cir. April 10 2015) (quoting various summary orders in determining scope of notice of appeal and appealability); *Tim v. Colvin*, 2014 WL 838080 at *5 (N.D.N.Y. March 4, 2014) (citing Second Circuit summary orders on weight to be given treating physician's opinion).

Honorable Naomi Reice Buchwald
June 12, 2015
Page 3

Court adopted the inquiry notice standard of *Koch* in *LIBOR I*, 935 F.Supp.2d at 697. Where, as here and as in the same facts at issue in the *BPP* summary order, there is a dispute among the public newspaper articles as to whether the cause of a phenomenon was wrongdoing or other causes, an issue of fact exists as to whether the person of reasonable intelligence knows of any probability of wrongdoing.

But where, as in *Koch*, there are consistent newspaper articles plus a study showing a "greater than 90% chance" of misrepresentation, as well as a publicly filed lawsuit effectively supporting or alleging misrepresentation, the probability of misrepresentation under the inquiry notice standard is satisfied.[4]

Accordingly, Plaintiffs' request for a pre-motion conference to seek leave to file a motion for reconsideration should be granted.

Respectfully submitted,

/s/ Christopher Lovell  
Christopher Lovell  
LOVELL STEWART HALEBIAN JACOBSON  
61 Broadway, Suite 501  
New York, NY 10006  

Tel: (212) 608-1900  
Email: clovell@lshllp.com

/s/ David E. Kovel  
David E. Kovel  
KIRBY McINERNY LLP  
835 Third Avenue, 16th Floor  
New York, NY 10022  
Tel: (212)371-6600  

Email: dkovel@kmllp.com

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*
*cc:* All Counsel of Record (by Electronic Filing)

---

[4] Several cases Defendants cite for the general proposition that CEA cases can be dismissed under Rule 12 under the "federal notice inquiry standard" are neither CEA cases nor apposite based on the facts alleged here. For example, Defendants cite *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 156-157 (2d Cir. 2003), however, they selectively quote from the court's holding and fail to cite its prior statement, "whether a plaintiff had sufficient facts to place it on inquiry notice is 'often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6).'"). In *Dodds v. Cigna Sec. Inc*; 12 F.3d 346 (2d Cir. 1993)(securities law claims), and *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56 (2d Cir. 1998) (RICO claims), the Second Circuit agreed that investor plaintiffs were on inquiry notice based on the disclosure documents they received, e.g., prospectuses, annual reports, and investments. That is not the fact pattern here.