# CAHILL GORDON & REINDEL LLP
### EIGHTY PINE STREET
### NEW YORK, NY 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
BRADLEY J. BONDI
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

BART FRIEDMAN
CIRO A. GAMBONI
CHARLES A. GILMAN
JASON M. HALL
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
BRIAN S. KELLEHER
DAVID N. KELLEY
RICHARD KELLY
CHÉRIE R. KISER*
EDWARD P. KRUGMAN
JOEL KURTZBERG
MARC R. LASHBROOK

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3120

ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
ANN S. MAKICH
JONATHAN I. MARK
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
ATHY A. O'KEEFFE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
MICHAEL W. REDDY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY

JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

June 19, 2015

Re:   In re LIBOR-Based Financial Instruments Antitrust Litig. (NRB) Master File No. 1:11-md-02262-NRB

Dear Judge Buchwald:

This firm represents Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, and Credit Suisse (USA), Inc. I write in response to the OTC Plaintiffs' June 10, 2015 letter (Dkt. No. 1149) notifying the Court of two opinions, *Laydon v. Mizuho Bank, Ltd.* and *BPP Illinois LLC v. Royal Bank of Scotland Group plc*, which have already been addressed in earlier briefs and letters submitted to the Court. *See, e.g.*, Dkt. No. 1124 at 7, 9-10, 23 n. 26 (*Laydon*); Dkt. No. 1125 (*Laydon*); Dkt. No. 1126 (*Laydon*); Dkt. No. 1135 (*BPP*); Dkt. No. 1141 (*BPP*); Dkt. No. 1142 (*BPP*); Dkt. No. 1143 (*BPP*); Dkt. No. 1148 (*BPP*); Dkt. No. 1151 (*BPP*).

### 1. The *Laydon* Opinions Support Defendants' Personal Jurisdiction Defense.

OTC Plaintiffs bring to the Court's attention only one of the two recent *Laydon* opinions.[1] Defendants cited both opinions in their April 3, 2015 reply brief in support of their motion to dismiss the Class Actions (including the OTC action) for lack of personal jurisdiction (Dkt. No. 1124 at 7, 9-10, 23 n.26) and in an April 10, 2015 supplemental authority letter in further support of their motion to dismiss the Direct Actions for lack of personal jurisdiction (Dkt. No. 1125).

Contrary to OTC Plaintiffs' assertion, the *Laydon* decisions support defendants' personal jurisdiction defense. In *Laydon I* (the opinion OTC Plaintiffs omitted), Judge Daniels dismissed several foreign and broker bank defendants and rejected several theories of specific jurisdiction that are substantially similar to those advanced by plaintiffs. *See* Dkt. No. 1125 at 2-3. In

---

[1] *Laydon v. Mizuho Bank, Ltd.*, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) (*Laydon I*), and *Laydon v. Mizuho Bank, Ltd.*, 2015 WL 1499185 (S.D.N.Y. Mar. 31, 2015) (*Laydon II*), attached as Exs. B and D to Defendants' April 10, 2015 letter (Dkt. No. 1125).

Cahill Gordon & Reindel llp

- 2 -

*Laydon II*, the court concluded that some defendants waived their personal jurisdiction defense in that case because, after *Daimler* was decided, those defendants moved for reconsideration of the court's decision on a prior motion to dismiss, attended a discovery conference without raising a personal jurisdiction defense, and did not give the court advance notice they were moving on personal jurisdiction grounds. *Laydon II*, 2015 WL 1499185, at *6-*7. Those unique procedural facts are not present here; and defendants have all challenged personal jurisdiction diligently within the Court's scheduling orders. *Laydon II* is inapposite.

In any event, OTC Plaintiffs' waiver argument is moot. OTC Plaintiffs argue that Credit Suisse Group AG ("CSGAG"),[2] Deutsche Bank AG, and Barclays Bank plc waived their personal jurisdiction defenses by waiting too long after *Daimler* to file their personal jurisdiction motions. *See* Dkt. 1149 at 1-3. But in Defendants' reply brief, Deutsche Bank and Barclays withdrew their motion to dismiss the OTC case for lack of personal jurisdiction, Dkt. No. 1124 at 6, n.6, and CSGAG is not even a defendant in the OTC action. CSGAG was previously dismissed from the OTC action as a non-contracting defendant, which was further confirmed in this Court's October 8, 2014 order (Dkt. No. 682). In defendants' notice of motion and accompanying schedule, CSGAG noted that it was not a defendant in the OTC action and was only listed as a moving defendant to preserve the personal jurisdiction defense. Dkt. No. 966-1 at 4 n.8 (Notice of Motion Schedule A). None of the defendants against which OTC Plaintiffs invoke *Laydon II* is presently moving to dismiss those claims on personal jurisdiction grounds.

### 2. *BPP* Does Not Alter the Statute of Limitations Analysis.

OTC Plaintiffs also argue that the Second Circuit's recent summary order in *BPP Illinois LLC v. Royal Bank of Scotland Group plc*, 2015 WL 2215004 (2d Cir. May 13, 2015) (Summary Order) suggests this Court incorrectly ruled in *LIBOR I*, 935 F. Supp. 2d 666 (S.D.N.Y. 2013), that plaintiffs were on inquiry notice no later than May 29, 2008. According to OTC Plaintiffs, the statute of limitations on TCEH's unjust enrichment claim was tolled until March 15, 2011, the date on which OTC Plaintiffs allege they were on inquiry notice.[3] But *BPP* has no bearing on TCEH's unjust enrichment claim against Credit Suisse International, which is time-barred under Texas' two-year statute of limitations or, in the alternative New York's three-year statute of limitations.[4]

*First*, *BPP* in no way impacts this Court's inquiry notice ruling. *BPP* is not controlling authority; it is a summary order that "do[es] not have precedential effect" and, until recently,

---

[2] In their letter, OTC Plaintiffs erroneously state that Credit Suisse AG ("CSAG") moved to dismiss for lack of personal jurisdiction. However, CSAG is not and never has been a defendant in the OTC action. Credit Suisse Group AG is the relevant Credit Suisse entity.

[3] OTC Plaintiffs do not argue that *BPP* implicates SEIU Pension Plans Master Trust's unjust enrichment claim. Even if they did, for the reasons described herein, *BPP* does not alter the analysis.

[4] OTC Plaintiffs mischaracterize Credit Suisse's position that TCEH's unjust enrichment claim is timely under New York's six year statute of limitations. Dkt. No. 1149 at 5 n.4. If the six year limitations period were to apply — and it does not — a portion of their claims would still be time barred. *See* Dkt. No. 1113 at 5 n.6.

CAHILL GORDON & REINDEL LLP
- 3 -

could not even be cited in the Second Circuit except in limited circumstances. Loc. R. App. P. 32.1.1(a)-(b). District courts in this Circuit are free to and routinely do disregard such decisions. *See, e.g., Yang* v. *Navigators Grp., Inc.*, 18 F. Supp. 3d 519, 528 (S.D.N.Y. 2014) (declining to follow summary order); *Intesa Sanpaolo, S.p.A.* v. *Credit Agricole Corporate & Inv. Bank*, 924 F. Supp. 2d 528, 537 (S.D.N.Y. 2013) (same); *Alvarez* v. *Coca-Cola Refreshments, USA, Inc.*, 914 F. Supp. 2d 256, 257 (E.D.N.Y. 2012) (same). This Court should do so here.

*Second*, *BPP* is confined to the specific Pennsylvania law at issue in that case. The court there held that, as a matter of Pennsylvania law, the district court acted "too hastily" in concluding at the pleading stage that the *BPP* plaintiffs did not exercise "reasonable diligence" as that term is construed in cases involving Pennsylvania's discovery rule. 2015 WL 2215004 at *2. *BPP* says nothing about this Court's prior holding concerning the federal inquiry notice standard or whether, on the face of the OTC complaint, it was plain that public reports of alleged LIBOR manipulation placed plaintiffs on inquiry notice of their supposed injuries. Numerous precedential Second Circuit decisions directly support this Court's Rule 12 dismissal under the inquiry notice standard. *See, e.g., Benfield* v. *Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994) (affirming Rule 12 dismissal of CEA claim based on inquiry notice); *see also, e.g., LC Capital Partners, LP* v. *Frontier Ins. Grp., Inc.*, 318 F.3d 148, 157 (2d Cir. 2003) (affirming Rule 12 dismissal based on inquiry notice); *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 58-60 (2d Cir. 1998) (same); *Dodds* v. *Cigna Sec., Inc.*, 12 F.3d 346, 352 n.3 (2d Cir. 1993) (noting "vast number of cases in this circuit resolving these [constructive notice] issues at the pleading stage"). Nothing in the *BPP* summary order disturbs these controlling decisions of the Second Circuit.[5]

*Third*, even if OTC Plaintiffs are right that the statute of limitations tolled TCEH's unjust enrichment claim until March 15, 2011 (and they are not), the claim still expired as of March 15, 2013 (under Texas's two year limitations period), six months before Credit Suisse International was first named as a defendant. *See* Dkt. No. 406 (Second Consolidated Amended Complaint filed September 10, 2013).

Respectfully submitted,

Joel Kurtzberg

---

[5] OTC Plaintiffs do not and cannot argue that the analysis would be any different under Texas law. *See, e.g., Woodlands Twp.* v. *Unicredit Bank AG*, 2014 WL 3891359 (S.D. Tex. Aug. 6, 2014) (granting a motion to dismiss on statute of limitations grounds where discovery issue raised under Texas law). The same is true in New York where the discovery rule is disfavored, *Spiro* v. *Healthport Technologies, LLC*, 2014 WL 4277608, *12 (S.D.N.Y. Aug. 29, 2014), and where it is applied, can be disposed of on a motion to dismiss. *See 1414 APF, LLC* v. *Deer Stags, Inc.*, 834 N.Y.S.2d 133, 134-35 (1st Dep't 2007); *AmBase Corp.* v. *City Investing Co. Liquidating Trust*, 2002 WL 59431, at *4 (S.D.N.Y. Jan. 15, 2002) *aff'd on other grounds*, 326 F.3d 63 (2d Cir. 2003).

CAHILL GORDON & REINDEL LLP

- 4 -

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:  Counsel of Record (by ECF)