**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

August 7, 2015

Via ECF and Facsimile

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
      MDL No. 2262, Case No. 1:11-md-02262-NRB

Dear Judge Buchwald:

      This letter is submitted on behalf of the Federal Home Loan Mortgage Corporation ("Freddie Mac") whose federal antitrust claim was dismissed by the Court's August 4, 2015 Memorandum Opinion ("LIBOR IV"). Freddie Mac seeks certification pursuant to Rule 54(b) at the Court's earliest convenience, so that it can immediately appeal the dismissal and have its appeal decided by the Second Circuit in conjunction with pending appeals arising from LIBOR I.

      Those pending appeals are from Rule 54(b) final judgments the Court entered last February at the request of 20 plaintiffs whose antitrust claims the Court had dismissed. That group of plaintiffs sought such relief so that they could appeal the dismissals and participate in the *Gelboim* appeal. *See* Orders dated February 5, 2015 and February 13, 2015, ECF Nos. 1008 and 1023, respectively.[1]

      Freddie Mac did not then seek 54(b) judgments because its Amended Complaint presented "new antitrust theories" it believed were sufficient to defeat a motion to dismiss consistent with the Court's reasoning in LIBOR I and might otherwise be deemed waived or not encompassed by the judgment if this Court had not had an opportunity to address those theories. LIBOR IV at 11. Freddie Mac advised the Court at that time that if the Court later dismissed the new antitrust facts and theories, Freddie Mac also would seek relief under Rule 54(b) so that it could have its appeal heard along with the *Gelboim* case appeals. *See* Letter from Richard J. Leveridge (Feb. 12, 2015), ECF No. 1018.

---

[1] In ruling, the Court referred to its initial Rule 54(b) certifications granted in 2013. *See* Memorandum and Order dated October 17, 2013, ECF No. 490.

Honorable Naomi Reice Buchwald
August 7, 2015
Page 2

      The policies underlying Rule 54(b), the Supreme Court's decision in *Gelboim*, and the arguments Defendants and their *amici* advance in their briefs in the pending Second Circuit appeals all support this request. As this Court has recognized, in the "atypical context" presented by the present posture of this MDL Litigation, allowing plaintiffs whose antitrust claims have been dismissed to participate in a single appeal serves judicial efficiency. *See In Re LIBOR–Based Financial Instruments Antitrust Litig.*, 2013 WL 5738189 at *1 (S.D.N.Y. Oct. 18, 2013) (granting 54(b) certification and partial final judgment at the request of numerous plaintiffs so that they could appeal the Court's dismissal of their antitrust claims for lack of antitrust standing and antitrust injury). Granting Freddie Mac the same relief would likewise promote judicial efficiency.

      The Supreme Court's recent decision in *Gelboim v. Bank of America, et al.*, 135 S.Ct. 897, 906 (2015) also supports this request. In that case, defendants expressed concern that a rule allowing plaintiffs in MDL cases whose entire complaints had been dismissed to immediately appeal under 28 U.S.C. § 1291 would tend to send plaintiffs with the "weakest cases" to the appellate courts while plaintiffs with "stronger cases" might not be able to appeal until much later. The Supreme Court held that Rule 54(b) adequately addressed that concern because it enables those other plaintiffs to participate in the same appeal. *Id.*

      The positions the Defendants and their *amici* have taken in the Second Circuit in the pending appeals support Freddie Mac's Rule 54(b) request as well. Although this Court granted Rule 54(b) judgments to the prior plaintiffs on the limited basis of antitrust injury, *see, e.g.,* ECF No. 490, Defendants have asked the Second Circuit to affirm on alternative grounds, including supposed failure to allege facts sufficient to plausibly infer a conspiracy and to allege harm to competition. Joint Brief for Defendants-Appellees at 10-12 (attached as Exhibit A). Defendants and their *amici* also have sought affirmance based on Appellants' purported failure to make rule-of-reason allegations or pursue a market exclusion theory. *Id.* at 28; Brief for *Amici Curiae* Antitrust Scholars in Support of Defendants-Appellants at 8-15 (attached as Exhibit B). Freddie Mac alleged those facts and theories. Allowing Freddie Mac to appeal now will allow the Second Circuit to evaluate all of the theories and facts raised in support of all of the antitrust claims at the same time.

      With regard to timing, briefing on the *Gelboim* appeals remains underway. Appellants' Reply Brief is due August 17. Oral argument has not yet been scheduled, but may not take place for several months. The parties were recently asked to provide availability in the next 6-20 weeks. That means there is still time for Freddie Mac to present its additional facts and theories to the Second Circuit before oral argument on the pending appeals.

      The course Freddie Mac intends to follow if the Court enters the requested Rule 54(b) judgments makes that a realistic time frame. Upon entry of judgment, Freddie Mac will immediately file a notice of appeal and ask to be placed on the Second Circuit's Expedited

Honorable Naomi Reice Buchwald
August 7, 2015
Page 3

Appeals Calendar ("XAC"), which is reserved for, among other things, dismissals for failure to state a claim upon which relief may be granted. United States Court of Appeals for the Second Circuit, Local Rule 31.2(b). The standard XAC briefing schedule requires an opening brief within 35 days of the clerk's notification of placement on the XAC, an opposition brief 35 days later, and a reply brief 14 days after that. *Id.* Thus, even if Freddie Mac utilized the entire 35 days to file its opening brief, briefing would be complete within 12 weeks of placement on the XAC calendar. That would allow the Second Circuit to either coordinate the scheduling of oral argument with the *Gelboim* appeals, or hear argument from Freddie Mac before deciding the *Gelboim* appeals so that it can address both sets of cases in one opinion.

For all of these reasons, Freddie Mac respectfully asks that the Court grant Rule 54(b) certification and enter a partial final judgment on its antitrust claim. A Proposed Order is attached as Exhibit C.

Sincerely,

James R. Martin
DICKSTEIN SHAPIRO LLP
(202) 420-2239 direct dial
(202) 379-9325 direct fax
martinj@dicksteinshapiro.com