```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:                                              O R D E R

LIBOR-Based Financial Instruments                  11 MDL 2262 (NRB)
Antitrust Litigation.

------------------------------------------

This document applies to:

FEDERAL HOME LOAN MORTGAGE CORP.,

                    Plaintiff,
                                                    13 Civ. 3952 (NRB)
         - against -

BANK OF AMERICA CORP., et al.,

                    Defendants.

------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    The request of the Federal Home Loan Mortgage Corporation ("Freddie Mac") for partial judgment pursuant to Federal Rule of Civil Procedure 54(b) is denied.

    We dismissed antitrust claims in three class actions and certain non-class actions filed by Charles Schwab affiliates in LIBOR I, 935 F. Supp. 2d 666, 685-95 (S.D.N.Y. 2013), ECF No. 286.  Because LIBOR I disposed of the Gelboim class action in its entirety, the plaintiff in Gelboim appealed.  Following procedural detours, the Gelboim appeal was set before the Second

1

Circuit for merits briefing early this year.[1] At that time, several other plaintiffs in this MDL, whose complaints had not been dismissed completely, requested entry of partial judgment as to their federal antitrust claims so that they could participate in the Gelboim appeal. We agreed to these requests, viewing a consolidated appeal as the most efficient method of resolving all plaintiffs' antitrust claims. See Order, Feb. 5, 2015, ECF No. 1008; Order, Feb. 13, 2015, ECF No. 1023.

Freddie Mac and plaintiffs in three other cases (FDIC, Principal Funds, and Principal Financial Group) declined to seek partial judgment on their antitrust claims. Instead, they attempted to distinguish and overcome LIBOR I by presenting what they characterized as new factual and legal arguments. See Leveridge Letter at 2, ECF No. 1018.[2] We ultimately rejected their arguments in LIBOR IV, based on the absence of a plausible conspiracy pleading and the absence of an "antitrust injury." See slip op. at 207-22, 2015 WL 4634541, at *81-83.

While we considered defendants' motion to dismiss Freddie Mac's complaint, the Second Circuit proceeded with consolidated briefing in the Gelboim appeal. To date, defendants have filed

---

[1] For greater detail concerning this procedural history, see LIBOR IV, slip op. at n.2, pp. 43-44, ECF No. 1164, and Gelboim v. Bank of America Corp., 574 U.S. ___, 135 S. Ct. 897 (2015). (Except where noted, all ECF citations refer to the MDL docket.)

[2] In the same letter, Freddie Mac noted that it expected to request partial judgment if we were to grant the pending motions to dismiss. This statement does not bind us to treat Freddie Mac the same as plaintiffs who requested partial judgment before briefing in the Gelboim appeal was underway.

their brief, plaintiffs have filed their opposition brief, several amici have filed briefs,[3] and plaintiffs and defendants have named their advocates for oral argument. See Docket Sheet, Gelboim v. Bank of Am. Corp., No. 13-3565 (2d Cir.). Plaintiffs' reply brief is due on August 17, and oral argument (which was previously scheduled for June 23, rescheduled for August 18, and adjourned sine die) is likely to take place this fall.

In this context, it would not be efficient to enter partial judgment against Freddie Mac. In order to consider Freddie Mac's arguments together with the arguments that have already been briefed, the Circuit would have to accept supplemental briefing in the present appeal (perhaps delaying oral argument even further) or would have to accept separate briefing and argument on a tandem case whose briefing could easily take much longer than the standard expedited appeals procedure calls for. We do not believe that it is appropriate for us to so interfere with the Circuit's calendar.

Furthermore, Freddie Mac has consistently portrayed its arguments as materially different from those of the consolidated Gelboim appellants. To the extent that Freddie Mac's antitrust claims are truly different from those of the other plaintiffs,

---

[3] Freddie Mac likely could have filed an amicus brief before the Second Circuit, which accepted an amicus brief from Yale University even though Yale University is completely united in interest with the OTC plaintiff-appellants. See Mot. Order, Gelboim, Second Circuit ECF No. 254; Amicus Br., Gelboim, Second Circuit ECF No. 370.

an immediate appeal would distract from the arguments that are already before the Circuit.

The bottom line is Freddie Mac made a strategic decision. If Freddie Mac had wished to present its supposedly distinctive arguments to the Circuit, Freddie Mac could have sought partial judgment along with other plaintiffs or could have filed an amicus brief in Gelboim.  Having determined not to do so, Freddie Mac must now follow the usual course and wait for final judgment to appeal to the proper Court of Appeals.

For the foregoing reasons, Freddie Mac's application (ECF No. 1168) is denied.

**IT IS SO ORDERED.**

Dated:   New York, New York
         August _13_, 2015

                                         *[signature]*
                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE