# POMERANTZ LLP

Attorneys at Law

**Jeremy A. Lieberman**　　　　　　　　　　　　　　　　　　　　　　　600 Third Avenue
jalieberman@pomlaw.com　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　　　　　　　T: 212.661.1100  F: 212.661.8665

September 4, 2015

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street – Courtroom 21A
New York, NY 10007-1312

　　Re:　*In re LIBOR-Based Financial Instruments Antitrust Litig.*, **No. 11-MD-2262 (NRB);** *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, **No. 12-cv-5723-NRB;** and *Directors Financial Group v. Bank of America, et al.*, **No. 13-cv-01016-NRB**

Dear Judge Buchwald:

　　In accordance with provision 2B of Your Honor's Individual Practices, we write on behalf of plaintiffs Berkshire Bank, Government Development Bank for Puerto Rico, and Directors Financial Group (the, "Lender Class Plaintiffs" or "Plaintiffs") in the above-referenced actions to request that the Court hold a pre-motion conference to address Plaintiffs' intention to move for leave to amend the Corrected Consolidated Second Amended Complaint ("CSAC"), filed on November 19, 2014, in light of issues raised by Your Honor during the August 20, 2015 hearing in which the Court heard oral arguments on Defendants' motions to dismiss (the "August 20 Hearing").

　　At the August 30 Hearing, the Court indicated that the allegations in the CSAC may lack requisite particularity as to damages because the CSAC does not identify specific transactions entered into by Plaintiffs.  *See* August 20, 2015 Transcript at 73:1-75:5.  Plaintiffs seek to amend the CSAC to add examples of adjustable-rate loans tied to LIBOR that were originated or purchased by Plaintiffs during the period of alleged manipulation (August 2007 – May 2010).

　　Plaintiffs believe the Court's prior decisions strongly suggest that Plaintiffs' fraud claim – which is premised on the "persistent suppression" theory – does not require alleging the particulars of transactions, *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 718-19 (S.D.N.Y. 2013) ("*LIBOR I*") (holding that plaintiffs pursuing a persistent suppression theory of manipulation did not need to identify individual purchases); *In re LIBOR-*

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
September 4, 2015
Page | 2

*Based Fin. Instruments Antitrust Litig.*, 962 F. Supp.2d 606, 621-22 (S.D.N.Y. 2013) ("*LIBOR II*") ("In evaluating the persistent suppression allegations in plaintiffs' first amended complaint, we did not require plaintiffs to allege the specific days on which they traded because LIBOR, and consequently Eurodollar futures prices, was allegedly artificial throughout the Class Period."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 461 (S.D.N.Y. 2014) ("*LIBOR III*") ("plaintiffs' damages are "plausible" based on a persistent suppression theory, even without allegations of specific transactions[.]").

Specifically, in *In re Libor-Based Fin. Instruments Antitrust Litig.*, 2015 WL 4634541, at *62 (S.D.N.Y. Aug. 4, 2015) ("*LIBOR IV*"), the Court sustained the fraud claims of Fannie Mae and FDIC based damages resulting from mortgages and loans purchased from non-Defendant entities despite neither plaintiff identifying specific examples of such transactions.  *See* Fannie Mae Am. Compl. (Case No. 11-md-02262; ECF No. 674, filed October 7, 2014) ¶¶ 3, 10 ("The balance of Fannie Mae's estimated Libor losses come from swaps, ***mortgages***, mortgage-backed securities, and ***loans purchased from other counterparties***." (emphasis supplied)), 11, 38; FDIC Am. Compl. (Case No. 14-cv-01757; ECF No. 23, filed October 7, 2014) ¶¶ 4, 292 ("As a result of the Closed Banks' reasonable reliance on these false representations of material fact, the Closed Banks and the FDIC-R have suffered damages in the form of, among other things, higher prices for bbaLIBOR™-based financial products and ***lower interest-rate payments*** from Defendants ***and others*** from bbaLIBOR™-based financial products." (emphasis supplied)). Plaintiffs nevertheless wish to promptly remedy any potential deficiency and alleviate any concerns the Court may have as to whether Plaintiffs – major financial institutions – originated, purchased and/or held adjustable-rate mortgages and loans tied to LIBOR during the alleged period of manipulation.  Moreover, the potential deficiency in the pleading is easily curable without any disruption to the proceedings.

"[Federal Rule of Civil Procedure] 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See Williams v. Citigroup Inc.,* 659 F.3d 208, 212-213 (2d Cir. 2011) (stating the Second Circuit's "strong preference for resolving disputes on the merits").  Second Circuit authority holds that even following <u>dismissal</u> for failure to state a claim, a curative amendment should normally be allowed: "Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course." *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991). *See Foman*, 371 U.S. at 182 (leave to amend should be "freely given," unless the Court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("[M]ere technicalities should not prevent cases from being decided on the merits[.]") (citations omitted).

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
September 4, 2015
Page | 3

    Plaintiffs' intention to amend the CSAC is based on a good faith desire for the operative pleading in this case to be pleaded with the particularity desired by the Court as identified at the August 20 Hearing.  Permitting amendment will neither prejudice Defendants nor delay the proceedings because (i) the amendment does not alter the claims asserted; (ii) Defendants have not sought dismissal based on the subject of the proposed amendment (the Court raised the issue *sua sponte*), and (iii) the Court has not yet ruled on Defendants' motions to dismiss.

    Accordingly, Plaintiffs respectfully request a pre-motion conference to address the filing of a motion for leave to amend the CSAC.

    Please do not hesitate to contact me if the Court has any questions or concerns regarding this matter.

    Respectfully,

    **POMERANTZ LLP**

    By: *s/ Jeremy A. Lieberman*
    Marc I. Gross
    Jeremy A. Lieberman
    Michael J. Wernke
    600 Third Avenue
    New York, NY 10016
    Tel: (212) 661-1100
    Fax: (212) 661-8665
    Email: migross@pomlaw.com
           jalieberman@pomlaw.com
           mjwernke@pomlaw.com

cc:    All counsel (via ECF )