SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

September 17, 2015

BY ECF

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (NRB)

Dear Judge Buchwald:

We write as lead counsel for the OTC class to provide further responses to questions Your Honor posed during the August 20, 2015 hearing on defendants' motions to dismiss.

### A. Texas-Specific Law on *American Pipe*

In response to the Court's question concerning "Texas-specific law on the issue of *American Pipe* tolling," (Oral Arg. Tr. at 35), the Texas Supreme Court has not ruled on whether it would adopt cross-jurisdictional tolling. Pursuant to *LIBOR IV*, the Court "will predict that each state would accept cross-jurisdictional tolling unless state-specific factors suggest otherwise." *LIBOR IV*, at 336. Here, the state-specific factors suggest that the Texas Supreme Court would accept cross-jurisdictional tolling.

First, Texas has a class action rule similar to Federal Rule 23. *See, e.g., In re Enron Corp. Securities*, 465 F. Supp. 2d 687, 719-720 (S.D. Tex. 2006) ("[A] Houston court of appeals decided that Texas Rule of Civil Procedure 42 was patterned on Federal Rule of Civil Procedure 23 and by analogy held that a state class action seeking property damages tolled limitations for all potential class members' individual claims, pending a decision on class certification."). And "[t]he doctrine of *American Pipe* and progeny has been adopted by Texas courts."

September 17, 2015
Page 2


*In re Enron Corp. Securities*, 465 F. Supp. 2d 687, 719 (S.D. Tex. 2006).

  Second, state-specific non-binding law is mixed but suggests that the Texas Supreme Court would adopt cross-jurisdictional tolling in the present factual situation. The seminal Texas case on this issue is *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 758 (Tex. App. 1995), writ denied (Oct. 5, 1995). In *Bell*, the Texas Court of Appeal did not create a bright-line rule but instead concluded that courts should evaluate whether "the defendant ha[d] notice of the type and potential number of the claims against it." *Id.* Here, Credit Suisse International ("CSI") had notice of both the type and potential number of the claims against it because Credit Suisse Group AG ("CS GAG") was named as a defendant in the original complaint that challenged the OTC instruments, and CSI is the swaps dealing arm of the group entity. As a result, CSI had notice of the type of claims asserted against it and of the potential number of claims that could be asserted against them. *Cf. Brinston v. Koppers Industries, Inc.*, 538 F. Supp. 2d 969, 980 (W.D. Tex. 2008) (applying cross-jurisdictional tolling in dicta because "[u]nder Texas and federal law, the statute of limitations is tolled as to all putative class members, named and unnamed."); The Fifth Circuit in *Newby v. Enron Corporation* did state that "Texas courts likely will not extend *American Pipe* tolling to this situation," but the factual circumstances of that case differed from this one, and the court did not grapple with the notice concerns that *Bell* pointed to. 542 F.3d 463, 472 (5th Cir. 2008). *But see id*. (citing prior district court decisions recognizing cross-jurisdictional tolling, including *In re Norplant Contraceptive Prods. Liab. Litig.*, 173 F.R.D. 185, 189 (E.D. Tex. 1997) (holding that a federal class action would toll the state statute of limitations when the class action gives the defendant "fair notice of the type and potential number of claims against it"); *Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F.Supp.2d 506, 518 (N.D. Tex. 2001) (surmising that Texas courts would "interpret the class action tolling rule of Grant and Bell as extending to all property damage claims ... regardless of the forum in which the class action was filed"). At the very least, these factually intensive issues concerning notice cannot be resolved against TCEH at the motion to dismiss stage.

  Finally, Texas law permits tolling when a person files in state court after an individual case elsewhere has been dismissed. For example, Texas Civil Practice and Remedies Code § 16.064(a)(1) tolls "[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court" where the first action was dismissed for lack of jurisdiction and the plaintiff files the second action in the correct court within 60 days of the dismissal. And Texas law applies equitable tolling in a number of circumstances, including where the plaintiff named the wrong corporate entity and where the plaintiff actively pursued its judicial remedies but filed a defective pleading

September 17, 2015
Page 3

within the limitations period.  *See, e.g., Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 695 (Tex. App. 2003) ("In cases of misidentification where the wrong legal entity is sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading."); *Bilinsco Inc. v. Harris Cnty. Appraisal Dist.*, 321 S.W.3d 648, 654 (Tex. App. 2010) (Texas law allows for equitable tolling (a) "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period" and where (b) "the plaintiff sues the wrong defendant, does not name the proper defendant until after limitations expires, and a 'special relationship' exists between defendants, such that the added defendant was aware of the facts, not misled, and not disadvantaged in preparing a defense.").

### B.  Status of TCEH Bankruptcy

In response to the Court's question, "What is happening, if anyone knows, with the TCEH bankruptcy" (Oral Arg. Tr. at 41), TCEH is a subsidiary of Energy Future Holdings ("EFH").  EFH submitted a confirmation plan on August 10, 2015 in which TCEH's first lien creditors would receive TCEH's assets in a tax-free spinoff.  The court scheduled a November 3, 2015 confirmation hearing.  TCEH retained Susman Godfrey L.L.P. to provide legal services pursuant to the Bankruptcy Court's Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business, which is all that is required by the bankruptcy court.  (Del. Bankr. Case No. 14-10979-CSS, Dkt. # 765).  At the hearing in this case, Your Honor made a reference to the expenditure of the TCEH estate's assets, but because Class Counsel is advancing all expenses related to this litigation, TCEH is incurring no expenses as a result of this case.

### C.  TCEH Swap Papers

In response to the Court's question about whether "the agreement for TCEH [is] in the record some place" (Oral Arg. Tr. at 39), the TCEH / Credit Suisse Oct. 29, 2007 Master Agreement was submitted as an exhibit to Credit Suisse's motion to dismiss (Dkt. 959-1, Ex. B), but the swaps were not included.  If the Court would like us to submit any additional materials relating to TCEH's swaps, we are happy to provide them.

### D.  Highlander Realty

As to the Court's question about Highlander Realty (Oral Arg. Tr. at 24), our position is that Highlander's case is a traditional "tag along" case to the other OTC plaintiffs' cases, and that at the end of pre-trial proceedings the case would

be remanded for trial in Massachusetts.  We would have no issue with trying the case before this Court if defendants would agree to waive any objections relating to such a course of action.  We are not aware of any significance of this issue to the pending motions to dismiss (and no argument has been made), consistent with the Court's view as expressed at the hearing. *See* Oral Arg. Tr. at 29 ("You know, from my perspective, we will make our rulings and whether you are, you know, sort of here just as a named plaintiff in a pre-existing sort of class grouping or you're a Massachusetts case that may some day go back to Massachusetts, that doesn't matter to me.").

### E. February 2006 Bank of America Transaction

In response to the Court's question concerning whether the February 15, 2006 transaction between Jennie Stuart and Bank of America NA referred to LIBOR (Oral Arg. Tr. at 49), plaintiff does not dispute that the transaction does not reference USD-LIBOR.

***

We thank the Court for its attention to this matter, and are available to answer any questions that the Court may have.

Respectfully submitted,

William Christopher Carmody
SUSMAN GODFREY LLP

Cc:  All Counsel (By ECF)