LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO OFFICE CENTER
840 MALCOLM ROAD
TELEPHONE (650) 697-6000
FAX (650) 697-0577
www.cpmlegal.com

LOS ANGELES                                                                                                      NEW YORK

September 18, 2015

<u>ELECTRONICALLY FILED</u>

Honorable Naomi Reice Buchwald
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   <u>In re LIBOR-Based Financial Instruments Antitrust Litigation
      11-md-2262 (NRB) (S.D.N.Y.)</u>

Dear Judge Buchwald:

      Plaintiffs in the complaint titled *The Regents of the University of California v. Bank of America*, collectively referred to as the "California Consolidated Plaintiffs" in the Court's *Libor IV* Order, submit this in response to Defendants' August 28, 2015 letter to this Court ("Defendants' August 28 Letter") regarding purported "scrivener's errors" and "oversights or omissions" in the Court's *Libor IV* Order.

      The California Consolidated Plaintiffs join Plaintiffs Salix Capital US Inc., Prudential Investment Portfolios 2, and Darby Financial Products in noting that the issues raised in Defendants' August 28 Letter are not "scrivener's errors." *See* Letter to Court from Daniel L. Brockett dated September 11, 2015 (ECF Doc. No. 1195).  Indeed, as to the California Consolidated Plaintiffs, Defendants ask the Court to not merely correct a typographical or clerical error, but to expand the reach of *Libor IV's* holding.  Defendants should be denied the broad relief they seek.

      The issue in Defendants' August 28 Letter concerning the California Consolidated Plaintiffs is material rather than clerical as Defendants seek to portray, and goes to the heart of which class action operated to toll the claims stemming from the California Consolidated Plaintiffs' purchase of bonds and notes.

Honorable Naomi Reice Buchwald
September 18, 2015

In *Libor IV*, this Court held that:

> Plaintiffs' <u>fraud claims relating to bonds and notes</u> were possibly tolled by the original Gelboim complaint (depending on whether each issuer was a Fortune 500 company and whether each bond was underwritten by a defendant), but not by the amended Gelboim complaint (because that complaint excluded bonds issued by a defendant) or by the Berkshire Bank or Directors Financial complaints (because none of the California Consolidated Plaintiffs are financial institutions).

*Libor IV* at 388 (emphasis added).  The Court then added that unjust enrichment was subject to the same tolling analysis as fraud claims.  *Id*. at 389.

As written, *Libor IV* states that the claims subject to tolling by the original *Gelboim* complaint were fraud (and seemingly unjust enrichment) claims relating to Plaintiffs' purchase of bonds and notes.  Defendants' August 28 Letter asks this Court to expand this holding and extend the application of *Libor IV* to all claims relating to purchase of bonds and notes, irrespective of whether the claims sound in fraud, unjust enrichment, or <u>contract</u>.  Defendants' request goes far beyond a request to correct a clerical error, and is a request to rewrite the Court's *Libor IV* Order.  As such the letter must be seen for what it is -- a motion for reconsideration in disguise – which should be rejected.[1]

Accordingly, the California Consolidated Plaintiffs respectfully request that the Court deny Defendants' August 28, 2015 Letter request for clarification in the California Consolidated Plaintiffs' action.

Respectfully submitted,


 /s/ *Nanci E. Nishimura*
Nanci E. Nishimura
COTCHETT, PITRE, & MCCARTHY, LLP


cc:     All Counsel of Record (via ECF)

---

[1] Plaintiffs respectfully disagree with the Court's holding and adhere to their position that class actions filed prior to *Gelboim* can fairly be interpreted to provide tolling of the statute of limitations as to Plaintiffs' fraud and unjust enrichment claims relating to bonds and notes.