WILMERHALE

October 23, 2015

**By ECF**

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In Re: Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262

Dear Judge Buchwald:

I represent The Royal Bank of Scotland Group plc and write on behalf of all Defendants in response to the September 30, 2015 letter from the Exchange-Based Plaintiffs (MDL ECF No. 1214) ("Sept. 30 Ltr."). In that letter, the Exchange-Based Plaintiffs (1) renew their request for a pre-motion conference to address their proposed motion for reconsideration of this Court's *LIBOR I* and *LIBOR III* decisions in light of the Second Circuit's summary order in *BPP Illinois v. Royal Bank of Scotland Group plc*, 603 F. App'x 57 (2d Cir. 2015); and, in the alternative, (2) request certification for immediate appeal under 28 U.S.C. § 1292(b) of the Court's denial of the Exchange-Based Plaintiffs' original pre-motion conference request and "the cognate portion of [the Court's] *LIBOR IV* decision relating to statute of limitations under the Commodity Exchange Act." Both requests should be denied for the reasons set forth below and in Defendants' June 3, 2015 letter (ECF No. 1148) responding to the Exchange-Based Plaintiffs' first request for a pre-motion conference.

   **1. There is no basis to reconsider *LIBOR I* and *LIBOR III*.**

This Court has held that reconsideration is an "extraordinary remedy to be employed sparingly." *de Ganay v. de Ganay*, No. 11-cv-6490, 2013 WL 1797993, at *1 (S.D.N.Y. Apr. 29, 2013) (Buchwald, J.) (internal quotation marks omitted). Reconsideration is unwarranted here because the *BPP* summary order does not constitute an "intervening change of controlling law" or a "*de facto* reversal" of this Court's prior decisions. Sept. 30 Ltr. at 2. The *BPP* summary order has no precedential effect, *see* L.R. App. P. 32.1.1(a), and accordingly is not "controlling law," *see, e.g.*, *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-cv-3461, 2014 WL 2815571, at *4 (S.D.N.Y. June 23, 2014) (declining to grant reconsideration based on non-precedential summary order); *Alvarez v. Coca-Cola Refreshments, USA, Inc.*, 914 F. Supp. 2d 256, 257 (E.D.N.Y. 2012) (declining to follow summary order concerning "nearly identical facts").

Even if the summary order had some precedential effect, it addresses a question distinct from those addressed in *LIBOR I* and *LIBOR III*, and thus still would not "control." The summary order's narrow holding is that, as a matter of Pennsylvania law, it was premature for the *BPP*

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

The Honorable Naomi Reice Buchwald  
October 23, 2015  
Page 2  

**WilmerHale**

district court to conclude that plaintiffs had not exercised "reasonable diligence." 603 F. App'x at 59. That holding does not bear on (much less contradict) this Court's conclusion that the Exchange-Based Plaintiffs were on inquiry notice under the different federal inquiry notice standard applicable to their CEA claims. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, 2015 WL 4634541, at *116, 121 (S.D.N.Y. Aug. 4, 2015) ("*LIBOR IV*") (Pennsylvania fraud claims are subject to "weak" inquiry notice standard while different "intermediate" standard applies to CEA claims). The summary order also does not disturb the extensive controlling precedent supporting dismissal of untimely federal claims at the Rule 12 stage based on inquiry notice. *See, e.g.*, *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994) (affirming Rule 12 dismissal of CEA claim based on inquiry notice); *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 352 n.3 (2d Cir. 1993) (noting "vast number of cases in this circuit resolving these [constructive notice] issues at the pleading stage").[1]

Finally, reconsideration of *LIBOR I* and *III* is also inappropriate because in *LIBOR IV* this Court considered the Exchange-Based Plaintiffs' arguments and addressed the *BPP* summary order. *See* 2015 WL 4634541 at *7, 122. Accordingly, at this point the Exchange-Based Plaintiffs cannot identify anything that the Court has overlooked or that could alter the Court's decision. *See In re SAIC, Inc. Secs. Litig.*, No. 12-cv-1353, 2014 WL 407050, at *2 (S.D.N.Y. Jan. 30, 2014) ("Reconsideration may only be granted where the moving party can demonstrate that the court overlooked decisions or information that might reasonably be expected to alter the conclusion reached by the court." (internal quotation marks omitted)).

### 2. There is no basis to certify an interlocutory appeal.

An interlocutory appeal should not be certified because the Exchange-Based Plaintiffs do not identify any "controlling question of law as to which there is substantial ground for difference of opinion"; nor will an immediate appeal "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus there is no basis to invoke a "rare exception to the rule that only final judgments are appealable." *In re Goldman Sachs Group, Inc. Sec. Litig.*, No. 10-cv-3461, 2014 WL 5002090 at *1 (S.D.N.Y. Oct. 7, 2014).

As an initial matter, certification is unwarranted because the Exchange-Based Plaintiffs seek leave to appeal from the denial of their request for a pre-motion conference, Sept. 30 Ltr. at 1, and/or from the "dismissal of [their] motion to reconsider" *LIBOR I* and *LIBOR III*, *id.* at 3 (citing MDL ECF No. 1165). "Whether to grant or deny a motion for reconsideration or reargument is in the 'sound discretion of a district court judge and will not be overturned on

---

[1] In their June 12, 2015 letter to the Court (MDL ECF No. 1151), the Exchange-Based Plaintiffs argued that the *BPP* summary order was controlling based on *Kiobel v. Royal Dutch Petroleum Co.*, No. 02-cv-7618, 2009 WL 3817590 (S.D.N.Y. Nov. 16, 2009). But in *Kiobel*, the court deemed a summary order "controlling" as to its prior ruling because the summary order reversed *that same prior ruling*. *See id.* at *2. Here, in contrast, although the Second Circuit clearly was aware of this Court's prior rulings, *see* Sept. 30 Ltr. at 2 (noting citations in *BPP* district court decision to *LIBOR I*), the *BPP* summary order does not mention, let alone reverse, those rulings.

The Honorable Naomi Reice Buchwald
October 23, 2015
Page 3

**WilmerHale**

appeal absent an abuse of discretion,'" *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)), and "a district court should [o]rdinarily ... refuse to certify matters that lie within the district court's discretion," *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (internal quotation marks omitted)).  *See also In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) ("A legal question of the type envisioned in § 1292(b) … generally does not include matters within the discretion of the trial court."); 16 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3930 ("Appellate courts frequently note the inappropriateness of interlocutory review of most discretionary orders.").

Contrary to the Exchange-Based Plaintiffs' assertion, the Court's adherence in *LIBOR IV* to its prior ruling that the Exchange-Based Plaintiffs "were on constructive notice of news articles relating to LIBOR by May 29, 2008," 2015 WL 4634541 at *122, is no basis to certify an interlocutory appeal.  They argue that the "primary issue warranting certification" is "whether, absent any discovery, it can be held as a matter of law that under an objective, ordinary person standard, inquiry notice can be triggered for plaintiffs who purchased Eurodollar futures, but not for plaintiffs who purchased over-the-counter swaps." Sept. 30 Ltr. at 4.  But the Court's holding that the Exchange-Based Plaintiffs were on inquiry notice for purposes of their CEA claims does not present "a controlling question of law" or "substantial ground for difference of opinion" because the Court applied well-established federal inquiry notice principles to the facts presented—as a court may at the pleading stage under the precedents cited above and in Defendants' June 3, 2015 letter (ECF No. 1148).  *See, e.g.*, *Goldman Sachs*, 2014 WL 5002090 at *2, 3 (holding that "application of settled law to the facts presented here does not raise a controlling question of law" and that "mere disagreement or the possibility of a different outcome on appeal is not sufficient").  Nor may the Exchange-Based Plaintiffs justify an early appeal of this Court's dismissal of certain of *their* CEA claims based on the Court's treatment of *other* plaintiffs who purchased other financial instruments under other alleged circumstances.

Finally, an immediate appeal of *LIBOR IV* would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Though the Exchange-Based Plaintiffs contend otherwise, *see* Sept. 30 Ltr. at 5, their "one-sided argument fails to take into account the (just as likely) possibility that certification will delay the action further," *Goldman Sachs*, 2014 WL 5002090 at *2, particularly where certification might permit review of *any* issue addressed in *LIBOR IV*, not just the issue or issues for which the Exchange-Based Plaintiffs seek certification, *see California Pub. Employees' Retirement Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004) (noting that an appellate court "may address any issue fairly included within the certified order, as it is the *order* that is appealable and not the controlling question identified by the district court" (internal quotation marks omitted)).

For the foregoing reasons, the Exchange-Based Plaintiffs' requests should be denied.

The Honorable Naomi Reice Buchwald
October 23, 2015
Page 4

WILMERHALE

Respectfully submitted,

David Sapir Lesser