# POMERANTZ LLP

## Attorneys at Law

**Jeremy A. Lieberman**
jalieberman@pomlaw.com

600 Third Avenue
New York, New York 10016
T: 212.661.1100   F: 212.661.8665

November 17, 2015

<u>**VIA ECF**</u>

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street – Courtroom 21A
New York, NY 10007-1312

  **Re:** *In re LIBOR-Based Financial Instruments Antitrust Litig.*, **No. 11-MD-2262 (NRB);**
     *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of*
     *America, et al.*, **No. 12-cv-5723-NRB; and** *Directors Financial Group v. Bank of*
     *America, et al.*, **No. 13-cv-01016-NRB**

Dear Judge Buchwald:

   In accordance with provision 2B of Your Honor's Individual Practices, the Court's
November 3, 2015 Order (Dkt. #310 at 35-36) ("*LIBOR V*") and November 12, 2015 Judgment
(Dkt. #1236), we write on behalf of plaintiff Berkshire Bank ("Berkshire"), in the above-
referenced actions to request that the Court hold a pre-motion conference to address Plaintiffs'
intention to move pursuant to Federal Rules of Civil Procedure 15(a), 59(e) and 60(b) and Local
Rule 6.3 to amend *LIBOR V* to dismiss Berkshire's claims without prejudice and for leave to
amend the First Amended Consolidated Complaint ("FACC"), filed on November 17, 2015, to
add information concerning Berkshire's specific investments and the cash flows it did and would
have received if LIBOR had not been suppressed or had Berkshire invested in comparable
investment opportunities.[1]

   In *LIBOR V*, the Court held that its assessment of "out-of-pocket" damages under New
York law would be based on a comparison of the cash flows received by Berkshire from its
LIBOR-based mortgages with those that would have been received if Berkshire had pursued
another investment opportunity. *Id.* at 29. The Court held: "However, Berkshire has not pleaded
information about any specific investment, so we cannot assess whether Berkshire suffered any

---

[1] Although Berkshire has filed this letter within the 14-day limitation in Local Rule 6.3, it notes that Rule 6.3 itself
and courts of this district have held that the 28-day limitation in Federal Rule 59(e) supersedes the 14-day limitation
in Local Rule 6.3. *See Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC,* No. 14 CIV. 1370 ER,
2015 WL 5439217, at *4 (S.D.N.Y. Sept. 14, 2015) (collecting cases).

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
November 17, 2015
Page | 2

net loss on any mortgage or other loan.  Accordingly, we dismiss Berkshire for failure to plead damages." *Id.* at 30.  "[W]e have no basis upon which to assess whether an amended pleading would be futile.  Accordingly, Berkshire may not amend without first moving for leave to do so." *Id*. at 35-36.

"[Federal Rule of Civil Procedure] 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See Williams v. Citigroup Inc.,* 659 F.3d 208, 212-213 (2d Cir. 2011) (stating the Second Circuit's "strong preference for resolving disputes on the merits").  "As a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Citigroup*, 659 F.3d at 213.  Second Circuit authority holds that following dismissal for failure to state a claim, a curative amendment should normally be allowed: "Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course." *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991).  Leave to amend should be "freely given," unless the Court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("[M]ere technicalities should not prevent cases from being decided on the merits[.]") (citations omitted).

Amendment should be permitted because there has not been any undue delay or bad faith by Berkshire.  The complaint filed on November 19, 2014 (Dkt. # 852) alleges that Berkshire was damaged by Defendants' LIBOR suppression because as a result Berkshire "received lower returns (i.e., lower interest rates) than they would have had LIBOR been accurately and honestly set, or had Plaintiffs purchased financial instruments not paying interest as a function of LIBOR." *Id*. at ¶ 364.  Defendants never questioned the specificity of this allegation.  Instead, Defendants argued that Berkshire's entire theory of damages based on "true LIBOR" and comparable investments was flawed.

> "Berkshire alleges only that it 'received lower returns'—i.e., lower profits—under the terms of its loan agreements, or received less than it would have 'had Plaintiffs purchased financial instruments not paying interest as a function of LIBOR.'  This theory of damages seeks to recover only profits that Berkshire allegedly should have made absent the alleged misrepresentations, not compensation for actual out-of-pocket losses. Accordingly, Berkshire has no fraud claim."

Dkt. #970 at 18.  *See also id* at n.45.  In its opposition brief, Berkshire requested "leave to replead if any claim is found deficient." Dkt. # 1085 at 25.

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
November 17, 2015
Page | 3

The first indication that greater specificity as to its damages may be required was during the August 20, 2015, in which the Court suggested that Berkshire, along with all of the Lender Plaintiffs, should provide more specifics concerning the loans they originated and/or purchased that were tied to LIBOR. *See* August 20, 2015 Transcript at 73:1-75:5.  In response, and prior to dismissal, on September 4, 2015, Berkshire filed a pre-motion letter requesting permission to amend its allegations to provide this detail.  *See* Dkt. # 1191

Prior to the August 20 Hearing, Berkshire had no reason to believe its allegations of damages, which were based on the "persistent suppression" theory required greater specificity. Indeed, the Court had addressed the pleading requirements for damages in each of its previous four major opinions, holding on multiple occasions that plaintiffs pursuing a "persistent suppression" theory are not required to plead the particulars of their transactions – only that the plaintiffs transacted in LIBOR-based financial instruments during the period of manipulation. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 718-19 (S.D.N.Y. 2013) ("*LIBOR I*") (holding that plaintiffs pursuing a persistent suppression theory of manipulation did not need to identify individual purchases); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp.2d 606, 621-22 (S.D.N.Y. 2013) ("*LIBOR II*") ("In evaluating the persistent suppression allegations in plaintiffs' first amended complaint, we did not require plaintiffs to allege the specific days on which they traded because LIBOR, and consequently Eurodollar futures prices, was allegedly artificial throughout the Class Period."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 461 (S.D.N.Y. 2014) ("*LIBOR III*") ("plaintiffs' damages are "plausible" based on a persistent suppression theory, even without allegations of specific transactions[.]").

The amendment of Berkshire's damages will not be futile.  In *LIBOR V*, the Court set forth the manner in which it would measure Berkshire's damages.  *Id*. at 29.  The proposed amendment to the FACC will identify specific transactions entered into by Berkshire tied to LIBOR and demonstrates that Berkshire sustained damages as a result of Defendants' suppression of LIBOR whether those loans are compared to "true LIBOR" or to other benchmark rates available to Berkshire (but forwent on the loans tied to LIBOR).

Nor will the amendment prejudice Defendants or delay the proceedings. Defendants' never challenged the specificity of Berkshire's damages allegations and the amendment does not alter the claims asserted but merely provides additional detail raised *sua sponte* by the Court.

Accordingly, Plaintiffs respectfully request a pre-motion conference to address the filing of a motion for leave to amend the FACC.

Please do not hesitate to contact me if the Court has any questions or concerns regarding this matter.

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
November 17, 2015
Page | 4

Respectfully,

**POMERANTZ LLP**

By: _s/ Jeremy A. Lieberman_
     Marc I. Gross
     Jeremy A. Lieberman
     Michael J. Wernke
     600 Third Avenue
     New York, NY 10016
     Tel: (212) 661-1100
     Fax: (212) 661-8665
     Email: migross@pomlaw.com
           jalieberman@pomlaw.com
           mjwernke@pomlaw.com

cc:    All counsel (via ECF )