# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
 Roger W. Kirby
 Alice McInerney

December 1, 2015

**VIA ECF & HAND DELIVERY**

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

   Re: *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
      No. 11 Civ. 2613 (NRB), Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

  We represent the Exchange-Based Plaintiffs and the proposed Class ("Plaintiffs") in the above-referenced action (the "Exchange-Based Action"). This letter is to respond briefly to the letter that certain defendants named in the Exchange-Based Action submitted to the Court regarding their position on dismissal.[1]  *See* ECF No. 1241.  Plaintiffs disagree that under the Court's general rulings any Defendants should be dismissed on personal jurisdictional grounds or excused from class certification discovery and briefing.

  It is our understanding from defense counsel in the Exchange-Based Action that they are in the process of preparing a spreadsheet to comply with the Court's Order dated November 3, 2015, directing the parties to confer and create a spreadsheet containing a list of claims that are dismissed on personal jurisdictional grounds.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR V*"), No. 11 MDL 2262, 2015 WL 6696407, at *20, Slip Op. at 54 (S.D.N.Y. Nov. 3, 2015).  It is our further understanding that defense counsel intends to provide a copy of the draft spreadsheet to Plaintiffs in early December, which will allow the parties the opportunity to confer and determine whether the "parties disagree as to how any ruling applies to a particular defendant." *Id.* n.18.

  Separately, in response to the Court's November 5, 2015 Order directing the parties to confer on a schedule for class certification discovery and briefing [ECF No. 1235], a subset of Defendants named in the Exchange-Based Action submitted a spreadsheet to show that they "have now been dismissed" from all putative class actions, including the Exchange-Based Action, on personal jurisdictional grounds.  Therefore, they seek to be excused from class certification discovery and briefing.  Prior to submitting the spreadsheet, these Defendants did not confer with Plaintiffs regarding their view of how any ruling applies to each of them or their

---

[1] Defendants Lloyds Banking Group plc, Lloyds Bank plc (f/k/a Lloyds TSB Bank plc), HBOS PLC, The Bank of Tokyo-Mitsubishi UFJ, Ltd., HSBC Holdings PLC, HSBC Bank PLC, The Norinchukin Bank, Portigon AG, The Royal Bank of Scotland Group plc, and Westdeutsche Immobilienbank AG (referred to herein as "Defendants") assert that they have been dismissed from the Exchange-Based Action on personal jurisdictional grounds and therefore need not confer with Plaintiffs regarding any class certification scheduling issues.  ECF No. 1241-1.

**Kirby McInerney LLP**

Honorable Naomi Reice Buchwald
December 1, 2015
Page 2

affiliates. Plaintiffs believe that these Defendants remain proper parties and should not be excused from class certification discovery or briefing.

Plaintiffs have advised the Defendants seeking to avoid the class certification briefing and discovery schedule that their unilateral designation of themselves as non-parties is premature given that: 1) the Court has not yet ruled on Plaintiffs' proposed Third Amended Complaint, which sets forth additional trader-based LIBOR manipulation and suppression allegations that further bolster Plaintiffs' Commodity Exchange Act ("CEA") claims; 2) the process to confer and create a spreadsheet of any defendants that could be dismissed has not commenced or concluded; and 3) Plaintiffs have not had an opportunity to obtain jurisdictional discovery. Plaintiffs will explain to the Court the information that they require to complete the spreadsheet in compliance with the Court's order. *See LIBOR V,* at *8 n.18, Slip Op. at *24 n.18 ("To the extent that plaintiffs are unable to complete a spreadsheet [containing a list of claims dismissed on jurisdictional grounds] in accordance with [the Court's] rulings, they should describe with particularity the information that they require and that is not in their possession."); *see also* ECF No. 1111 at 24-25.[2] For all of these reasons, the Court should deny the Defendants' request to be excused from class certification briefing and discovery.

Thank you for your continued consideration of these matters.

Respectfully submitted,

*/s/ Christopher Lovell*  
Christopher Lovell
LOVELL STEWART HALEBIAN
 JACOBSON LLP
61 Broadway, Suite 501
New York, New York 10006
Telephone: (212) 608-1900
Email: clovell@lshllp.com

*/s/ David E. Kovel*  
David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue, 16th floor
New York, New York 10022
Telephone: (212) 371-6600
Email: dkovel@kmllp.com

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*

cc:   All Counsel of Record (by Electronic Filing)

---

[2] Plaintiffs anticipate that they will require jurisdictional discovery, like the Direct Action Plaintiffs, after having an opportunity to meet and confer with Defendants. *See generally* ECF No. 1242 at 1-6.