

December 11, 2015

By ECF and Fax

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

      We represent non-parties ICAP plc and ICAP Europe Ltd. ("IEL") and write to inform the Court of our opposition to the Exchange-Based Plaintiffs' proposed amendment of their complaint to add ICAP plc and IEL as defendants in their Proposed Third Amended Complaint ("PTAC").[1] Plaintiffs refer to ICAP plc and IEL collectively as "ICAP" in their proposed pleading, despite the fact that they are separate legal entities.

      Plaintiffs' proposed amendment would be futile for at least three independent reasons.

      *First*, Plaintiffs' Proposed Third Amended Complaint ("PTAC") is devoid of allegations demonstrating the Court's personal jurisdiction over either ICAP plc, a London-based, non-operational holding company, or IEL, a London-based interdealer broker. Plaintiffs do *not* allege that ICAP plc or IEL conducted any activity in or directed toward the United States but, instead, rely predominately on allegations that London-based ICAP brokers manipulated *Yen* LIBOR in collaboration with a Tokyo-based panel bank trader (PTAC ¶¶ 247–51). But this Court has "reject[ed] . . . any argument that conduct related to non-USD LIBOR can support personal jurisdiction in these cases, which seek relief based on the manipulation of USD LIBOR only." *LIBOR IV*, slip op. (ECF No. 1222), at 81. Moreover, Judge Daniels recently held identical allegations of foreign-based, Yen-related misconduct insufficient to establish personal jurisdiction over ICAP plc in the Yen LIBOR class action currently pending in this district. *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419(GBD), 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015). (IEL is not, at present, a party to that action, and has reserved all rights to contest personal jurisdiction should it be added as a defendant.) Plaintiffs' only specific allegation of ICAP's

---

[1] ICAP plc was initially named as a defendant in two actions within the U.S. Dollar LIBOR multi-district litigation—*Principal Funds, Inc. et al. v. Bank of America et al.*, 1:13-cv-06013 and *Principal Financial Group., Inc. et al v. Bank of America Corp., et al.*, 1:13-cv-06014—but was subsequently omitted from the *Principal* plaintiffs' amended complaints.

involvement in U.S. Dollar LIBOR manipulation rests on a single, isolated conversation in September 16, 2008 between one London-based ICAP broker and a London-based Deutsche Bank trader.  (PTAC ¶ 252.)  This conversation, which does not mention U.S. Dollar LIBOR and involves only non-U.S. individuals, falls far short of demonstrating suit-related conduct "creat[ing] a substantial connection with the [United States]." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014); *see LIBOR IV* at 66 ("Personal jurisdiction may not be exercised on the basis of a defendant's 'random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  While the PTAC makes several additional references to ICAP, (*see* PTAC ¶¶ 260, 296, 321), none of these general and conclusory allegations describe any specific conduct by ICAP directed toward the United States.

     *Second*, Plaintiffs' proposed Commodity Exchange Act claims against ICAP plc and IEL are time-barred.[2]  Plaintiffs were put on inquiry notice of their alleged injury from trader-based manipulation as early as June 2012, when the Barclays Settlement revealed facts indicating that traders at panel banks had engaged in LIBOR manipulation.  *See LIBOR I*, 935 F. Supp. 2d 666, 706 (S.D.N.Y. 2013) ("The specificity required to trigger inquiry notice is not necessarily specificity with regard to [each] defendant, but rather specificity that notifies a plaintiff that he has been injured.").  And, in January 2013, it was widely reported that ICAP was being investigated by the U.K.'s Financial Services Authority as part of its probe into LIBOR manipulation.  (*See, e.g.* "ICAP Says It's Being Investigated by FSA in Libor Probe," Bloomberg Business, Jan. 24, 2013 (available at: http://www.bloomberg.com/news/articles/2013-01-24/icap-says-fsa-investigating-firm-as-part-of-global-libor-probe).)  Because Plaintiffs were put on inquiry notice well before June 2013 of ICAP's alleged misconduct, their claims against ICAP plc and IEL are time-barred and amending the complaint to add ICAP plc and IEL would be futile.

     *Third*, the PTAC fails to state a claim of commodities manipulation against ICAP plc or IEL.  Under this Court's prior LIBOR opinions, those entities' alleged Yen-related misconduct is irrelevant to Plaintiffs' claims of U.S. Dollar LIBOR manipulation.  *See LIBOR IV*, at 110 ("Admissions by both RBS Securities Japan Ltd. and UBS Securities Japan Co., Ltd., to manipulating Yen LIBOR are not relevant to this MDL, which deals only with USD LIBOR.").  And, with respect to the alleged September 16, 2008 conversation between an ICAP broker and a London Deutsche Bank trader, the PTAC's meager and vague description of the conversation provides no indication that it related to U.S. Dollar LIBOR or led to any manipulative activity by the ICAP broker.  (*See* PTAC ¶ 236 at p. 110.)  Perhaps even more telling that Plaintiffs have not stated a claim, they have failed to allege any injury on that single day for which they allege even ambiguous conduct by any ICAP employee.  (*See* Appx. A. to PTAC, at 6 (failing to identify "Plaintiff(s) Harmed" by the alleged September 16, 2008 manipulation).)  *See LIBOR II*, 962 F.

---

[2] Plaintiffs acknowledge the Court's prior dismissal of their Antitrust and unjust enrichment claims.  (*See* PTAC at 311 n. 235.)

Supp. 2d 606, 620 (S.D.N.Y. 2013) ("To plead actual damages based on [trader-based] manipulation, plaintiffs would need to allege that the resulting artificiality in LIBOR caused them injury.").

      We would be happy to address these arguments in more detail at the Court's request. Should the Court grant Plaintiffs leave to amend their complaint, ICAP plc and IEL reserve the right to raise the above arguments, and others, in a motion to dismiss.

                                        Respectfully submitted,

                                        Brian S. Fraser

cc:    All Counsel (by ECF)