DICKSTEINSHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

December 15, 2015

Via Facsimile and ECF

Honorable Naomi Reice Buchwald
United States District Court
   Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re:   *In re LIBOR-Based Financial Instrument Antitrust Litigation*, No. 1:11-md-02262-NRB

Dear Judge Buchwald:

     Direct Action Plaintiffs ("DAPs") write briefly to correct one misstatement of law in Defendants' December 10, 2015 letter (Docket No. 1253) regarding DAPs' request for information needed to complete the jurisdictional spreadsheet requested by the Court – a letter that does not rebut DAPs' demonstration that, at least as to certain jurisdictional allegations, DAPs have made a *prima facie* showing sufficient to survive dismissal. In their letter, Defendants suggest that under Second Circuit law, requests for jurisdictional discovery must be denied "when plaintiffs fail to establish a *prima facie* case for personal jurisdiction." Dkt. No. 1253 at 2 (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)).

     But, as the Second Circuit recognized in the course of rejecting virtually the same argument in *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007), that is not the law. In *Ehrenfeld*, the Second Circuit explained that interpreting *Jazini* as forbidding jurisdictional discovery any time a plaintiff does not make a *prima facie* showing of jurisdiction would be "legal error." *Id.* (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)); *see also PST Services, Inc. v. Larson*, 221 F.R.D. 33, 36 (N.D.N.Y. 2004) ("Although a *prima facie* showing must be made in order to withstand a motion to dismiss for lack of personal jurisdiction, New York law entitles plaintiffs to conduct discovery without having made a *prima facie* showing provided that plaintiffs have made a sufficient start toward establishing jurisdiction, and have shown that their position is not frivolous.").

     As Judge Kaplan recently observed, the Second Circuit's rationale is straightforward: "requiring a *prima facie* showing of jurisdiction before granting discovery on that issue would be unwarranted, as that is the same showing required to survive a motion to dismiss in the first place." *College Essay Optimizer, LLC v. Edswell, Inc.*, No. 14-cv-8586, 2015 WL 5729681 at *8 (S.D.N.Y. Sept. 30, 2015). For that reason, "[t]he better way to consider this issue is to ask

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Honorable Naomi Reice Buchwald
December 15, 2015
Page 2

whether plaintiff's complaint and affidavits suggest the existence of additional discoverable facts that could subject defendants to long-arm jurisdiction." *Id*.

As evidenced by DAPs' complaints, briefing in opposition to the motion to dismiss, and letters previously submitted in support of jurisdiction, DAPs have made legally sufficient allegations suggesting the existence of additional discoverable facts that could subject Defendants to long-arm jurisdiction, which is all that the Second Circuit requires to survive dismissal. *See Ehrenfeld*, 489 F.3d at 550 n.6; *Edswell*, 2015 WL 5729681, at *8. Specifically, the facts alleged create a strong inference that substantial actions contributing to the determination of Defendants' USD LIBOR submissions occurred in the relevant forums. Given these allegations, this Court would be well within its discretion to order jurisdictional discovery even if it were to conclude that they do not amount to a *prima facie* showing. *See id*. Furthermore, by pointing out that this Court may apply a less-exacting standard for granting jurisdictional discovery, DAPs do not concede Defendants' argument that DAPs have failed to make a *prima facie* showing. At least as to the allegations concerning several defendants (for example, Barclays, Deutsche Bank, and Rabobank), these allegations state a *prima facie* case in support of jurisdiction and therefore require a denial of the motion to dismiss and jurisdictional discovery in conjunction with the merits.

Finally, we take issue with Defendants' contention that it is "too late" to identify which specific information is needed. But of course, DAPs are merely responding to the Court's direction in *Libor IV*. *In re LIBOR-Based Fin. Instrs. Antitrust Litig.*, No. 11-md-2262, 2015 WL 4634541, at *31 & n.63 (S.D.N.Y. Aug. 4, 2015). And DAPs could not have known what specific information would be needed to apply the Court's *Libor IV* ruling, until such ruling was issued.

Respectfully submitted,


/s/ Richard J. Leveridge
Richard J. Leveridge
(202) 420-4778 direct dial
(202) 379-9325 direct fax
leveridger@dicksteinshapiro.com