**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S INTERNET ADDRESS
**danbrockett@quinnemanuel.com**

January 14, 2016

ELECTRONICALLY FILED

Honorable Naomi Reice Buchwald
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Darby Financial Products v. Barclays Bank PLC*, 13-cv-8799

Dear Judge Buchwald:

     We write in connection with the request to make a should-be-uncontroversial amendment to the *Darby* complaint.  *See* MDL Dkt. Nos. 1251, 1285.  Defendants generically refer to "bad faith," "prejudice," and "extensive motion practice."  But the *Darby* plaintiffs had every reason to think their detailed description of their swaps[1] was sufficiently particular—especially since the relevant claims are against counterparties, who would well-know when terminations occurred.  Further, there has only been one motion to dismiss here, and **the amendment will not trigger any more**, as the proposal to add a "termination date" column to the exhibit identifying the swaps is not disputed to bring the *Darby* complaint fully onto par with those whose termination-inducement claims were upheld in *Libor IV*.[2]

     Defendants mislead by suggesting the proposed amended exhibit broadens the scope of liability to an "unbounded period."  To the contrary, the proposed amended exhibit *reduces* the number of termination-related payments being put in issue, by demarcating which ones were *not* terminated during the period of suppression.

---

[1] *See, e.g.*, 13-cv-8799, Dkt. No. 36 at Exhibit A (table of swaps at issue, from the operative complaint).

[2] *See Libor IV*, MDL Dkt. No. 1222, at 145.  *See also* MDL Dkt. No. 1251-1 (proposed amended complaint) at Exhibit A (table of swaps at issue, with proposed new "termination date" column).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Honorable Naomi Reice Buchwald
January 14, 2016

      Finally, the proposed amendment also tweaks language in the complaint's body. Defendants claim these changes "sneak in a new legal theory." As an initial matter, that cannot justify disallowing amending the exhibit to include the called-for termination dates. But nor is there good reason to deny the proposed housekeeping alterations to the body.

      Defendants decry added references to the receipt of too-small termination payments, where before some paragraphs referenced the making of too-big termination payments. Defendants identify no way in which the identity of the party writing the check matters. Even if they had, the operative complaint already alleged that the math can work out in such a way as to create both situations, even in a case that was and still is wholly about the impact of Libor's suppression, and was and still is wholly about plaintiffs who were the Libor-receiving parties:

> When Plaintiffs terminated the swaps during the Relevant Period, the Libor forward curves artificially projected low Libor rates for the remaining terms of those swaps due to Defendants' ongoing suppression of the Libor rates. . . . ***This resulted in Plaintiffs making termination payments that were materially inflated (or receiving termination payments that were materially depressed) in connection with the swap unwinds.***

13-cv-8799, Dkt. No. 36 (currently operative complaint) at ¶ 15; *see also id.* ¶ 16 (referring to "inflated payments made (and depressed payments received by) Plaintiffs"). In short, using the occasion of an amendment focused on the exhibit to clean up the body of the complaint in this regard does not present a "legal theory" at all, let alone a "new" one.

      Plaintiffs thus again respectfully request that the Court grant leave to file the Proposed Second Amended Complaint attached to their initial letter, and confirm that such will not trigger any additional motion-to-dismiss practice.

Respectfully submitted,


 /s/ *Daniel L. Brockett*
Daniel L. Brockett
QUINN EMANUEL URQUHART & SULLIVAN, LLP


cc:    All Counsel of Record (via ECF)