CAHILL GORDON & REINDEL LLP

EIGHTY PINE STREET

NEW YORK, NY 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
ANIRUDH BANSAL
HELENE R. BANKS
LANDIS C. BEST
BRADLEY J. BONDI
SUSAN BUCKLEY
JAMES J. CLARK
BENJAMIN J. COHEN
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

BART FRIEDMAN
CIRO A. GAMBONI
PIERRE M. GENTIN
CHARLES A. GILMAN
JASON M. HALL
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
BRIAN S. KELLEHER
DAVID N. KELLEY
RICHARD KELLY
CHÉRIE R. KISER*
EDWARD P. KRUGMAN
JOEL KURTZBERG

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3120

MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
ANN S. MAKICH
JONATHAN I. MARK
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
ATHY A. O'KEEFFE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
MICHAEL W. REDDY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY

JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

January 21, 2016

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
Master File No. 1:11-md-02262-NRB

Dear Judge Buchwald:

We write on behalf of Defendants and Direct Action Plaintiffs to provide the Court with the enclosed spreadsheet listing claims that were dismissed on jurisdictional grounds that Your Honor directed the parties to provide. *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 2015 WL 6243526, at *37 (S.D.N.Y. Oct. 20, 2015) (Amended Memorandum and Order) ("*LIBOR IV*"). As directed in *LIBOR IV*, the parties have conferred on the spreadsheet and attempted to resolve their differences. To the extent the parties are at an impasse, their views are reflected in the attached spreadsheet.

Respectfully submitted,


 /s/ Joel Kurtzberg
Joel Kurtzberg
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
(212) 701-3120 direct dial
(212) 378-2522 direct fax

*On behalf of Defendants*

  /s/ Richard J. Leveridge
Richard J. Leveridge
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-4778 direct dial
(202) 379-9325 direct fax

*On behalf of Direct Action Plaintiffs*

Cᴀʜɪʟʟ Gᴏʀᴅᴏɴ & Rᴇɪɴᴅᴇʟ ʟʟᴘ

- 2 -

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Enclosure

BY ECF

cc:      Counsel of Record

**Spreadsheet of Claims Dismissed on Grounds of Personal Jurisdiction Pursuant to *LIBOR IV***

**Claims subject to Plaintiffs' requests for jurisdictional discovery**.  Certain Plaintiffs requested by letter to the Court (Dkt. No. 1242) that certain jurisdictional discovery be allowed, regarding where Defendants "determined" their LIBOR submissions, and where LIBOR-linked instruments were "issued".  The Court denied Plaintiffs' proposed discovery requests in its December 23, 2015 ruling (Dkt. No. 1267).  In the spreadsheet below, Plaintiffs identify some, but not all, of the claims they believe still require jurisdictional discovery.  The parties' positions with respect to this issue are set forth below in a table entitled "Parties' Positions with Respect to Each Dispute" that begins on page 2.  This dispute is addressed in Issue 4.

**Column Entitled: "All Claims that the Parties Agree Survive."**  This column identifies all claims that remain in the case at this time against each defendant named in each action (except for those Defendants that did not move on personal jurisdiction grounds).  In *LIBOR IV*, the Court set forth in Section III.6, how its "jurisdictional holdings apply to the claims that survive on the merits," *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 2015 WL 6243526, at *37 (S.D.N.Y. Oct. 20, 2015) (Amended Memorandum and Order) ("*LIBOR IV*"), and asked the parties to provide "a spreadsheet containing a list of claims that, in accordance with the conclusions below, [i.e., *id.* at *37-38] are dismissed on jurisdictional grounds."  *Id.* at *37.  The parties agree the Court's requested spreadsheet applies only to claims that the Court did not dismiss on the merits alone.  This spreadsheet therefore does not include claims that, under *LIBOR IV*, were dismissed solely on merits grounds.  The parties reserve the right to argue in the future, if necessary, whether claims dismissed on the merits were also subject to dismissal under the Court's personal jurisdiction holdings.

If a claim is listed as "surviving," that does not mean that the entirety of the claim (or any portion of the claim) necessarily survives.  For example, if a portion of the claim was dismissed on statute of limitation grounds, the spreadsheet does not identify the time periods that survived on the merits.  Similarly, if plaintiffs allege multiple theories of fraud and only one survives on the merits, that claim is listed as "surviving" if it is not dismissed on personal jurisdiction grounds, without specifying the theory of fraud that survives on the merits.  Thus, for instance, a fraud count might be alive to the extent it is based on one theory (fraudulent inducement in a contract) but dismissed to the extent it is based on another (false submissions).  In such a situation, "fraud" would be listed here as surviving.

**Column Entitled: "Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)."**  Unless otherwise noted, this column identifies all claims that the parties agree were dismissed on personal jurisdiction grounds.  The column includes claims that have been dismissed either solely on personal jurisdiction grounds (as set forth at *LIBOR IV*, 2015 WL 6243526, at *37-38) or on both personal jurisdiction and merits grounds.  Thus, the fact that a claim appears in this column does not necessarily mean that the claim was dismissed on the merits.  However, in certain instances the parties agree a claim has been dismissed, but dispute whether it was solely based on a jurisdictional ruling or based on both jurisdictional and merits rulings.  In such instances, the claim is included in the spreadsheet here as being dismissed, but the parties reserve the right to argue in the future, if it ever proves necessary, as to the nature of the dismissal.  The column does not identify claims that the parties agree have been dismissed only on merits grounds — e.g., antitrust, RICO, securities, and unfair competition/consumer claims.  To the extent the column states that "All Counts" have been dismissed with respect to a particular defendant, it excludes claims that were dismissed on merits grounds alone.  With respect to these claims, the parties reserve the right to argue at a later date, if necessary, about the applicability or inapplicability of the Court's personal jurisdiction holdings.

**The "Claims in Dispute" column.**  In some instances, the parties disagree about what claims were dismissed on the merits and, therefore whether certain claims should be included in the spreadsheet at all.  In other instances, the parties disagree about what claims were dismissed on personal jurisdiction grounds.  Claims that are in dispute (for any reason) are included in the "Claims in Dispute" column.

The claims in dispute generally fell into thirteen categories that are identified on pages 2-8.  Through the meet and confer process, the parties have been able to resolve three of these issues (Issues 3, 5 & 7).  The nature of the disagreement for each disputed claim is identified by a parenthetical next to each claim that specifies which of the thirteen issues is implicated.   The parties' respective positions concerning each of these thirteen issues are listed on the chart entitled "Parties' Positions with Respect to Each Dispute," which begins on page 2.

**Parties' Positions with Respect to Each Dispute**

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| 1 | **Plaintiffs' Failure to Adequately Allege Fraud by Omission or Inducement (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds)**.  These are fraud and fraud-related claims that, on their face, do not relate to the contractual relationship between the parties, *see LIBOR IV*, 2015 WL 6243526, at *34, *37, because, for example, the fraud is alleged to have occurred *after* the contract was created.  Under *LIBOR IV*, the Court found that there is no personal jurisdiction over such claims.  *Id.* (to establish personal jurisdiction under a forum selection clause "[t]he claim must relate to the particular contractual relationship" and "[t]hus, for example, we will not uphold jurisdiction over a counterparty for all fraud claims that plaintiff might bring against that counterparty on the basis of the forum selection clause").  The Court also held there was no duty to inform plaintiffs about the manipulation after the inception of the contract and, therefore, Plaintiffs also fail to state a claim for fraud on the merits.  *Id.* at *58 ("If, however, a counterparty learned about manipulation *after* the inception of a contract, then there was no duty to inform plaintiffs later, because new information would not alter plaintiffs' commitment to pay and receive money based on published LIBOR." (emphasis in original)).  As Plaintiffs have failed both to adequately allege a claim for fraud and to allege that the court has jurisdiction over these claims, these claims should be dismissed on both merits and personal jurisdiction grounds.  This analysis applies with equal force to negligent misrepresentation claims, *Id.* at *69, and aiding and abetting fraud claims.  *Id.* at *49.  Even if, as Plaintiffs insist, these claims survive the Court's personal jurisdictional rulings, they are dismissed on the merits, and, therefore, such claims should be removed from the chart. | With respect to swap transactions, the Court specifically upheld personal jurisdiction for fraud claims for counterparties in the plaintiffs' home forums, so long as the forum selection clause did not specifically preclude such jurisdiction.  *See LIBOR IV*, 2015 WL 6243526, at *34, *37.  In situations where plaintiffs learned about the manipulation after the inception of the contract, whether Defendants had a continuing duty to inform plaintiffs about the manipulation (for example, when new swap transactions were entered or if the swap contracts were renewed or amended) is a merits issue, not a personal jurisdiction issue.  Personal jurisdiction in a plaintiffs' home forum (or where a forum selection clause dictates) should therefore be upheld for all fraud or fraud-related claims brought against a counterparty to a swap contract.

Further, Defendants Bank of America, N.A. and JPMorgan Chase Bank, N.A.'s suggestion that the fraud and aiding and abetting fraud claims by the Bay Area Toll Authority (BATA) "do not relate to the contractual relationship between the parties" because "the fraud is alleged to have occurred after the contract was created" is incorrect.  One of BATA's swap agreements with Bank of America, N.A. is dated September 2, 2008 (during the Relevant Period), another was effective only as of November 1, 2007 (during the Relevant Period), and one agreement with JPMorgan Chase Bank, N.A. likewise was effective only as of November 1, 2007 (during the Relevant Period).  *See, e.g.*, BATA Am. Compl. ¶ 252.

Fannie Mae has alleged that it was fraudulently induced to enter swap transactions with Barclays, Credit Suisse International, and RBS plc during the relevant period—i.e., while the fraud was ongoing.  *See* Fannie Mae |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | BATA states in this chart that it has a swap agreement with JPMorgan Chase Bank, N.A. with an *effective* date of November 1, 2007, but BATA itself alleged that this swap agreement was entered into on December 1, 2005, well before any alleged manipulation.  *See* BATA Am. Compl. ¶ 252(g).  Accordingly, BATA has failed to allege any transaction with JPMorgan Chase Bank, N.A. that was entered into after the alleged fraud occurred, and this Court does not have personal jurisdiction over BATA's fraud and aiding and abetting claims against JPMorgan Chase Bank, N.A., .  BATA's claim against Bank of America, N.A., based on the swap "effective" as of November 1, 2007, fails for the same reason.  The relevant date is the date the parties entered the contract (which is before the alleged misconduct occurred), not the effective date of the agreement.<br><br>Regarding Fannie Mae's fraudulent inducement claim by affirmative misrepresentation and omission claims, Fannie Mae only alleges generally that it entered swap transactions pursuant to the ISDA Agreements with Barclays, Credit Suisse International, and RBS during the relevant time period.  Am. Compl. ¶ 116 ("At all relevant times, Fannie Mae was a party to an ISDA Master Agreement with each of the Counterparty Defendants, under which Fannie Mae entered into a substantial volume of LIBOR-pegged interest-rate swap transactions.").  It is not clear from the Amended Complaint, however, that each counterparty defendant entered into swap agreements during the relevant time period and Plaintiffs have refused to provide specific details to confirm the existence of such swap transactions.   Even if such swap transactions did occur during the relevant time period, the fraudulent omission claim fails for the additional reason that fraud by omission claims survive where defendants knew of the alleged LIBOR manipulation *before* (or at the time) they entered into the relevant contracts, here the ISDA Agreement. *See LIBOR IV*, 2015 WL 6243526, at *57-58. | Am. Compl. ¶¶ 3, 38, 134-141 & Exs. 25B, 25D, 25G, 26B, 26D & 26G detailing number of swap transactions with Barclays, Credit Suisse, and RBS on a monthly basis between July 2007 and June 2010.  The Court sustained these claims.  *See LIBOR IV*, 2015 WL 6243526, at *56-57 (inducement by affirmative misrepresentation) & *57-58 (inducement by omission).  As to personal jurisdiction, the Court held that forum-selection clauses in swap agreements support jurisdiction for claims relating to the contractual relationship, including fraudulent inducement.  *See id*. at *34, *37.<br><br>The Principal plaintiffs have also alleged that defendants fraudulently induced the Principal plaintiffs into entering the relevant swap agreements. *See* Principal Funds Am. Compl. ¶¶ 222-33; Principal Financial Am. Compl. ¶¶ 224-35. |
| 2 | **Plaintiffs' Failure to Allege They Entered a Contract with the Named Defendant (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds).** These are claims in which Plaintiffs assert that | The California Consolidated Plaintiffs require jurisdictional discovery in order to determine the relationships (including both successorship and level of control among affiliates) between named defendants and Plaintiffs' |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | personal jurisdiction is based on a contract but the counterparty to the contract is an entity other than the named defendant or its successor. Under *LIBOR IV*, there is no personal jurisdiction for these claims because the court found that, to assert personal jurisdiction over state law claims based on the existence of a contract, the Defendant must have been a counterparty to the contract during the period of alleged LIBOR manipulation. *LIBOR IV*, 2015 WL 6243526, at *31, *75-76. | counterparties. The Principal Plaintiffs alleged in their Amended Complaints that they entered into agreements with the relevant Defendants. |
| 3 | **This Issue has been resolved.** | This issue has been resolved. |
| 4 | **Claims for Which Plaintiffs Are Not Entitled to Jurisdictional Discovery (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds)**. These are claims where Plaintiffs believe they are entitled to jurisdictional discovery and, therefore, dismissal of these claims at this time is premature. Defendants disagree that Plaintiffs are entitled to any jurisdictional discovery, both for the reasons set forth in their letter submitted to the Court on December 10, 2015, Dkt. No. 1253, and for the reasons the Court cited in denying Plaintiffs' prior request for jurisdictional discovery. Dkt. No. 1267. Despite the Court's ruling, Plaintiffs now claim they are entitled to discovery on two issues. On each issue, they have failed to satisfy their burden as to why they are entitled to this information. First, they claim they require discovery as to where LIBOR was "determined or submitted." The Court denied that request in its December 23 order, holding that the question has "one or at most two straightforward answers and does not require the expansive discovery sought by Plaintiffs." Dkt. No. 1267. Defendants have already provided this information in the declarations cited in their December 10 letter, Dkt. No. 1253 at 3-4, and Plaintiffs' claims to the contrary lack merit and are based on a misreading of the Court's orders which have found the information in Defendants' declarations sufficient to dismiss their claims. Second, Plaintiffs seek information as to where certain bonds were issued but have not identified which bonds require this information. The Court's December 23 order stated that Plaintiffs have failed to explain "why the bond documents in plaintiffs' possession do not reveal the relevant information" and, to the extent the information is publicly available, directed the parties to confer. Dkt. No. 1267. The order did not grant | "Persistent Suppression" fraud claims were upheld by the Court against Panel Banks on the merits, and the Court held that personal jurisdiction was appropriate against those Panel Banks in fora where the Panel Banks "determined or submitted" the false LIBOR submissions. *See LIBOR IV*, 2015 WL 6243526, at *32, *37-38.   The Court's December 23, 2015 discovery order (Dkt. No. 1267) said that this standard was met if the submitter was "directed by another bank official" within a relevant jurisdiction. Certain Panel Bank Defendants have not provided the required information regarding LIBOR submission and determination. For example, banks HSBC Bank PLC and Deutsche Bank AG did not submit any information about the location where LIBOR was submitted or determined. By way of further examples, while banks Credit Suisse Group AG, Rabobank, The Royal Bank of Scotland plc, and Royal Bank of Canada did submit declarations stating where LIBOR was submitted, they did not furnish information about whether their submitters were "directed by another bank official" and, if so, where "that official's office [was] located." Dkt. 1267 (discovery order). The Court also held that personal jurisdiction was appropriate against bond obligors in fora where the bond was issued (i.e., where the bonds were placed with an underwriter or agent for sale or marketing). As stated in Plaintiffs' letter of November 23, 2015, Plaintiffs with such claims are not in a position, without jurisdictional discovery, to state whether such claims are dismissed or upheld on personal jurisdiction grounds. The Court's resulting discovery order required Defendants to confer with respect to their assertion that the required information could be found in the public domain. |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | jurisdictional discovery to Plaintiffs, and Plaintiffs have not explained why the information in their possession is insufficient. Consistent with the Court's order, Defendants will confer with Plaintiffs to the extent they identify a need for publicly available information. Accordingly, there is no basis for personal jurisdiction over these claims and they should be dismissed forthwith. Plaintiffs should not be able to delay the dismissal of their claims based on unsubstantiated and previously-rejected claims that they need additional information.<br><br>In several instances throughout the spreadsheet (*see* footnotes 4, 6-8, 10-11 and 25), Plaintiffs claim for the first time that they need jurisdictional discovery into parent-affiliate, affiliate-affiliate, and/or successor relationships at Bank of America, Citi and JPMorgan. This request was not included in Plaintiffs' prior letter to the Court seeking jurisdictional discovery (Dkt. No. 1242), and Plaintiffs have not set forth a basis for why they need this discovery. *LIBOR IV* is clear that there is only personal jurisdiction over claims where the defendant served as the plaintiff's counterparty or a successor to such counterparty, *LIBOR IV*, at *37, and Plaintiffs seek jurisdictional discovery purely as a fishing expedition to try to find a jurisdictional basis to assert claims against entities for which they have not alleged any counterparty and/or successor relationship. Because "[d]iscovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts," Plaintiffs' requests for jurisdictional discovery should be denied. *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, __ F. Supp. 3d __, No. 14 Civ. 804, 2015 WL 5000863, at *11 (S.D.N.Y. Aug. 18, 2015) (quoting *Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10-CV-1777, 2011 WL 381612, at *10 (E.D.N.Y. Feb. 2, 2011)). | Defendants admit in their "issue 4" statement herein that such conferrals have not yet taken place.<br><br>In short, Plaintiffs understand the Court's ruling of December 23, 2015 to deny their initially proposed discovery requests as overbroad. But Plaintiffs still intend to confer with Defendants with respect to their belief that the declarations submitted do not supply all of the information the Court's order confirmed was relevant under *LIBOR IV*. The fact that the discovery issue is clearly not yet fully settled is why certain Plaintiffs have in the charts below put certain panel banks in the "disputed" column, while other Plaintiffs have achieved the same result by reserving their rights to revisit the charts should any allowed discovery place the defendant in a relevant jurisdiction under the rubric set forth in *LIBOR IV*.<br><br>The Principal Plaintiffs state in a footnote that jurisdictional discovery will determine whether Iowa has personal jurisdiction over persistent suppression claims. Nonetheless, the Principal Plaintiffs still have claims for fraudulent inducement. Where those claims exist, personal jurisdiction is proper in Iowa. |
| 5 | **This Issue has been resolved.** | This issue has been resolved. |
| 6 | **Failure to Allege a Conspiracy (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds).** These are claims in which Plaintiffs improperly base personal jurisdiction on conspiracy allegations, despite the fact that, in *LIBOR IV*, the Court held that Plaintiffs' inter-bank allegations failed to "support the pleading of a broad-based conspiracy to | It is Plaintiffs' position that this is a merits issue and not appropriate for inclusion in this chart**.** |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
|  | manipulate USD LIBOR for traders' benefit or to suppress LIBOR during the financial crisis." *LIBOR IV*, 2015 WL 6243526, at *50. The Court further held that, where Plaintiffs failed to make a *prima facie* showing of conspiracy, they cannot base personal jurisdiction on a conspiracy theory. *Id.* at *29. Even if, as Plaintiffs insist, these claims survive the Court's personal jurisdictional rulings, they are dismissed on the merits, and, therefore, such claims should be removed from the chart. |  |
| 7 | **This Issue has been resolved.** | This issue has been resolved. |
| 8 | **Plaintiffs' Failure to Allege the Defendant Affiliate with Which It Contracted (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds).** These are claims in which the Plaintiffs failed to specify the party that they allegedly contracted with and thereby failed to allege sufficient facts to support personal jurisdiction. The Court found that, to assert personal jurisdiction over a Defendant for state law claims based on the existence of a contract, the Defendant must have been a counterparty. *LIBOR IV*, 2015 WL 6243526, at *31. For a number of claims, Plaintiffs fail to adequately allege that the contract they entered into was with the party named as a defendant. | The Principal Plaintiffs alleged in their Amended Complaints that they entered into agreements with the relevant Defendants. |
| 9 | **Claims for Which Plaintiffs' Failed to Allege the Date the Parties Entered the Relevant Contract (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds).** These are claims that survive only if they "relate" to a specific contract, *see LIBOR IV*, 2015 WL 6243526, at *34, *37, but Plaintiffs fail to allege when the contract at issue was formed. This pleading deficiency makes it impossible, for example, to tell if the contract was entered into before any alleged fraudulent inducement; or, for contractual claims, to determine whether the contract was in effect during the alleged suppression period. Because Plaintiffs have not alleged facts sufficient to demonstrate whether they have stated a claim or, if they have, whether there is personal jurisdiction over that claim, these claims should be dismissed on both merits and personal jurisdiction grounds.<br><br>As to Fannie Mae, *see* Defendants' response to Issue 1. | Fannie Mae has sufficiently alleged that it entered swap transactions throughout the relevant period of Defendants' fraud. *See* Fannie Mae's response to Issue 1.<br><br>The Principal Plaintiffs also sufficiently alleged that they entered into swap agreements during the relevant period of Defendants' fraud. |
| 10 | **Claims Are Time-Barred (Claim Should Not Be Listed on the Chart).** These are fraud and contract claims that Defendants believe are time- | It is Plaintiffs' position that this is a merits issue and not appropriate for inclusion in this chart. |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | barred, but Plaintiffs have listed on the spreadsheet.  Because the spreadsheet is only supposed to address claims that have survived on the merits, these claims do not belong on the spreadsheet.  The Court identified the time periods in which claims needed to accrue to remain viable for different groups of Defendants.  *LIBOR IV*, 2015 WL 6243526, at *159-78.  Claims that accrued outside the viable time periods are therefore time-barred.  For purposes of a fraud claim, accrual occurs "at the moment of the misrepresentation or omission."  *Id.* at *137.  Claims that arose from a contract signed outside of the viable time periods identified in *LIBOR IV* are dismissed on the merits and, therefore, should be removed from the chart.[1]<br><br>As to BATA's claims against Bank of America, N.A. and JPMorgan Chase Bank, N.A., all fraudulent omission claims are time-barred, because BATA allegedly entered into its swap transactions before April 28, 2009.  The only timely fraud and aiding and abetting fraud claims are "false data" fraud claims, but such claims do not arise out of the contract and therefore cannot support personal jurisdiction.  *See LIBOR IV*, 2015 WL 6243526, at *38 ("In our merits discussion, we find that plaintiffs have stated viable claims for fraud . . . on the basis of their allegedly false LIBOR submissions.  We uphold personal jurisdiction for these claims only where the LIBOR submission was determined or transmitted.").  As a result, there is no personal jurisdiction over BATA's fraud and aiding and abetting fraud claims against Bank of America, N.A. and JPMorgan Chase Bank, N.A. | In any event, the Court held that BATA's claims against Bank of America, N.A. and JPMorgan Chase Bank, N.A. for fraud and aiding and abetting fraud are timely to the extent they arose on or after April 28, 2009, *see LIBOR IV*, 2015 WL 6243526, at *161; accordingly, BATA's fraud and aiding and abetting fraud claims against Bank of America, N.A. and JPMorgan Chase Bank, N.A. survive to the extent they arise from misstatements or omissions occurring on or after that date.  Bank of America, N.A. and JPMorgan Chase Bank, N.A.'s assertions in this chart that (i) all of BATA's "fraudulent omission" claims (for fraud and aiding and abetting fraud) are time-barred (i.e., even to the extent they arise from misstatements or omissions occurring on or after April 28, 2009) and (ii) BATA's "false data" fraud and aiding and abetting fraud claims "do not arise out of the contract and therefore cannot support personal jurisdiction" are not supported by *LIBOR IV*. |
| 11 | **Aiding and Abetting Fraud Claims That Do Not Relate to Plaintiffs' Contracts (Claim Should Be Listed as Dismissed on Personal** | Plaintiffs incorporate their response to Issue 1 above, which applies equally to claims for aiding and abetting fraud. |

[1] Defendants note that this chart is not intended to provide a comprehensive statute of limitations analysis, and the issue of timeliness is flagged here only in certain instances where there is a known dispute as to whether the claim was fully dismissed on statute of limitations grounds, such that there would be no need to determine the existence of personal jurisdiction.  Defendants reserve the right to argue that any claims are time-barred (regardless of whether the issue of a claim's timeliness is identified in this chart), and in no way does a failure to identify the issue of a claim's timeliness in this chart constitute an admission or concession that a claim is timely in full or in part.

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
|  | **Jurisdictional Grounds**).  These are aiding and abetting fraud claims that do not relate to Plaintiffs' contractual relationships with Defendants for which Plaintiffs have offered no other basis for jurisdiction.  Plaintiffs argue that where there is personal jurisdiction over a primary fraud claim, jurisdiction automatically exists over claims for aiding and abetting that act of fraud.  However, where jurisdiction over the primary fraud claim arises from a contract, that contract does not confer jurisdiction over third-party aiders and abettors that have no contractual relationship with Plaintiffs.  *LIBOR IV*, 2015 WL 6243526, at *34, *37 (fraud claims are subject to personal jurisdiction if relate to contract with Defendant).  Plaintiffs have offered no alternative basis for jurisdiction over these aiding and abetting fraud claims that do not relate to any contract with the Defendant.  Defendants oppose jurisdictional discovery for the reasons stated in response to Issue 4. | Further, the Court sustained claims for aiding and abetting false data fraud on the merits.  *See LIBOR IV*, 2015 WL 6243526, at *49.  To the extent a Plaintiff can satisfy the Court's test for personal jurisdiction over a Panel Bank for false data fraud, it follows that the Plaintiff has likewise established jurisdiction over the panel bank for aiding and abetting false data fraud.  As noted in response to Issue 4, Plaintiffs request jurisdictional discovery regarding the location in which Panel Banks determined their LIBOR quotes. |
| 12 | **Breach of Contract Claims Based on an "Express Breach" (Claim Should Not Be Listed on the Chart**).  These are express breach of contract claims that were dismissed on the merits.  In *LIBOR IV*, the Court reaffirmed its decision in *LIBOR II* to dismiss claims based on a theory of an express breach of contract. *LIBOR IV*, 2015 WL 6243526, at *72.  As such, any express breach of contract claims or any breach of contract claims that do not expressly assert a claim for breach of implied covenant are dismissed on the merits and should not be listed on the chart.  Freddie Mac's assertion that it advanced a breach of implied covenant claim within counts that gave notice only of express breach of contract claims is without merit.  (*See Freddie Mac* Am. Compl. Counts II-IX.)  Whether or not Virginia law would recognize a separate cause of action for an implied covenant claim, no such cause of action was pled here— either on its own or within the express breach of contract claims.  Instead, Freddie Mac pointed only to express contractual provisions that Defendants allegedly breached without giving notice of any implied provisions.  Because these breach of the implied covenant claims were | Freddie Mac: Virginia does not recognize a separate cause of action for breach of implied covenant of good faith and fair dealing.  Instead, that claim is implicit in a breach of contract claim.  Because Freddie Mac adequately pled its breach of contract claim to include a breach of the implied covenant, those claims should not be listed as dismissed or excluded from the chart. |

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
|  | never asserted in Plaintiff's complaint, they should not be listed on the chart |  |
| 13 | **Breach of Implied Covenant Claims Arising from a Contract with a Panel Bank Subsidiary or Affiliate (Claim Should Not Be Listed on the Chart)**.  These are breach of implied covenant of good faith and fair dealing claims that do not arise from a contractual relationship with a panel bank.  An implied covenant claim requires "some showing of intent to harm the other contracting party or a reckless disregard." *LIBOR IV*, 2015 WL 6243526, at \*76.  The Court held that Plaintiffs had only made adequate allegations of such intent with respect to panel banks and affiliates of certain panel banks.  *Id.*  As such, implied covenant claims asserted against affiliates of most panel banks are dismissed on the merits and should not be listed on the chart. | By Defendants' own admission, this 'issue 13' has nothing to do with personal jurisdiction.  It is undisputed that implied covenant claims are subject to the same jurisdictional analysis as breach of contract claims, and thus jurisdiction over them exists where, for instance, the swap Plaintiff was located or where a forum selection clause pointed the parties to.  See *LIBOR IV*, 2015 WL 6243526, at \*34, \*37.  Those jurisdictional decisions have nothing to do with whether or not the counterparty is a panel bank or not.  Accordingly, it is even now undisputed that this Court does have jurisdiction over such implied-duty claims.  Indeed, in the same rows Defendants' purport to have a "jurisdictional dispute" on implied-duty claims, they admit jurisdiction is proper over other jurisdictionally indistinguishable claims, such as unjust enrichment.  This jurisdictional chart is thus not the proper vehicle for in effect seeking Court clarification as the distinct question of whether the claim was adequately pled as to any particular defendant.  If the Court were to nonetheless consider Defendants' request, Plaintiffs further state that Plaintiffs do not agree that "implied covenant claims asserted against affiliates of most panel banks" were dismissed, because Plaintiffs pled intent to harm Plaintiffs with respect to all affiliate counterparties.  See, e.g., FDIC Amended Complaint at paragraph 199 ("The IndyMac Contracting Defendants knowingly breached and defaulted on the IndyMac Master Agreements through their fraudulent and collusive conduct, their failure to disclose fraudulent and collusive conduct, their intentional misrepresentation and manipulation of USD bbaLIBOR, and their underpayments to IndyMac tied to the artificially depressed USD bbaLIBOR). |

| Amabile et al. v. Bank of Am. Corp. et al., 13-cv-1700, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Barclays Bank PLC | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| BTMU | None | None | All Counts[2] (Issue 4) |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Credit Suisse Group AG | None | None | All Counts (Issue 4) |
| Deutsche Bank AG | None | Count 1 – CEA (certain "trader-based manipulation" claims only) Count 2 – CEA (certain "trader-based manipulation" claims only) Count 3 – CEA Vicarious liability (certain "trader-based manipulation" claims only) | Count 1 – CEA (all other claims) (Issue 4) Count 2 – CEA (all other claims) (Issue 4) Count 3 – CEA Vicarious liability (all other claims) (Issue 4) |
| HBOS PLC | None | None | All Counts (Issue 4) |
| HSBC Holdings PLC | None | None | All Counts (Issue 4) |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Lloyds Banking Group plc | None | None | All Counts (Issue 4) |
| Norinchukin Bank | None | None | All Counts (Issue 4) |
| WestLB AG (n/k/a Portigon | None | None | All Counts (Issue 4) |

---

[2] **Plaintiffs' Position**: The Amabile plaintiffs' claims, for purposes of determining whether the Court may exercise personal jurisdiction over a moving defendant, are analyzed under the national contacts test of personal jurisdiction. *LIBOR IV*, 2015 WL 6243526, at *24. According to *LIBOR IV*, personal jurisdiction exists where LIBOR manipulation took place in the United States (*id.* at 32), where a bank cooperated with a request made by a trader in the United States (*id.* at 32), or where a panel bank intended to affect the price of commodities listed in the United States (*id.* at 32). For the moving defendants, Amabile plaintiffs need more information on where LIBOR submissions were determined or transmitted, and the location of the person(s) who requested the submitter to engage in manipulation. *Id.* at 37. In addition, Amabile plaintiffs need to know whether a LIBOR requester traded in Eurodollar futures or options, since that would establish whether that moving defendant intended to affect the price of commodities. For the same reason, Amabile plaintiffs need to know whether a moving defendant's US subsidiary, charged with aiding and abetting under the CEA, communicated with the panel bank for purposes of its Eurodollar futures or options position.

**Defendants' Position**: Defendants oppose the Amabile plaintiffs' request for jurisdictional discovery for the reasons set forth in their letter submitted to the Court on December 10, 2015 (Dkt. No.1253) and under Issue 4 in the table entitled "Parties' Positions with Respect to Each Dispute" that begins on page 2. Defendants submit that the discovery request does not relieve the Amabile plaintiffs of the obligation to identify claims dismissed in *LIBOR IV* on personal jurisdiction grounds.

| Amabile et al. v. Bank of Am. Corp. et al., 13-cv-1700, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| AG) | | | |
| Rabobank | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Royal Bank of Canada | None | None | All Counts (Issue 4) |
| RBS Group | None | None | All Counts (Issue 4) |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

| Bay Area Toll Authority v. Bank of America Corp. et al., 14-cv-3094, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage<br>Count 8 – Breach of Contract<br>Count 9 – Unjust Enrichment | None | None |
| Bank of America N.A. | Count 7 – Interference with Prospective Economic Advantage | Count 8 – Breach of Contract<br>Count 9 – Unjust Enrichment | Count 4 – Fraud  (Issues 1 and 10)<br>Count 5 – Aiding and Abetting Fraud (Issues 1, 10, and 11) |
| Barclays Bank PLC | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| BBA | Count 4 – Fraud[3]<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| BBA Enterprises Ltd. | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| BBA LIBOR Ltd. | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| BTMU | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

[3] The BBA Defendants' position is that both the LIBOR marketing and data publishing fraud claims are subject to dismissal on personal jurisdiction grounds under *LIBOR IV*.  This position applies to all cases in which the BBA Defendants are named.

| Bay Area Toll Authority v. Bank of America Corp. et al., 14-cv-3094, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Citigroup Financial Products, Inc. | None | None | Claims dismissed solely on the merits, *see LIBOR IV*, 2015 WL 6243526, at *178. |
| Citigroup Inc. | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage<br>Count 8 – Breach of Contract<br>Count 9 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Deutsche Bank AG | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| HBOS PLC | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| HSBC Holdings PLC | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| HSBC Bank PLC | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| JPMorgan Chase & Co. | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage<br>Count 8 – Breach of Contract<br>Count 9 – Unjust Enrichment | None | None |

| Bay Area Toll Authority v. Bank of America Corp. et al., 14-cv-3094, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| JPMorgan Chase Bank, N.A. | Count 7 – Interference with Prospective Economic Advantage | Count 8 – Breach of Contract (implied covenant)<br>Count 9 – Unjust Enrichment | Count 4 – Fraud (Issues 1 and 10)<br>Count 5 – Aiding and Abetting Fraud (Issues 1, 10, and 11) |
| Lloyds Banking Group plc | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Norinchukin Bank | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Portigon AG  (f/k/a WestLB AG) | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Rabobank | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| RBS Group | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Royal Bank of Canada | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| UBS AG | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |
| Westdeutsche ImmobilienBank AG | Count 4 – Fraud<br>Count 5 – Aiding and Abetting Fraud<br>Count 7 – Interference with Prospective Economic Advantage | None | None |

14

| *CEMA Joint Venture v. Charter One Bank, N.A.*, (No. 13-cv-5511), N.D. Oh. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| RBS Group | All Counts | None | None |

| *The Charles Schwab Corp., et al. v. Bank of America, et al.*, 13-cv-7005, Cal. Super. Ct. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Barclays Bank PLC | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| BTMU | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Citibank, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud | None | None |

| The Charles Schwab Corp., et al. v. Bank of America, et al., 13-cv-7005, Cal. Super. Ct. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | | |
| Citigroup Inc. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Deutsche Bank AG | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| HBOS PLC | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage | None | None |

17

| The Charles Schwab Corp., et al. v. Bank of America, et al., 13-cv-7005, Cal. Super. Ct. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | | |
| HSBC Holdings PLC | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br><br>Count 8 – Unjust Enrichment | None | None |
| HSBC Bank PLC | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied | None | None |

18

| The Charles Schwab Corp., et al. v. Bank of America, et al., 13-cv-7005, Cal. Super. Ct. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment |  |  |
| Lloyds Banking Group plc | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Norinchukin Bank | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Portigon AG (f/k/a WestLB AG) | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Rabobank | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing | None | None |

| The Charles Schwab Corp., et al. v. Bank of America, et al., 13-cv-7005, Cal. Super. Ct. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 8 – Unjust Enrichment | | |
| RBS Group | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Royal Bank of Canada | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| UBS AG | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |
| Westdeutsche ImmobilienBank AG | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 4 – Interference with Prospective Economic Advantage<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 8 – Unjust Enrichment | None | None |

| *City of Houston v. Bank of Am. Corp., et al.*, No. 13 Civ. 05616, S.D. Tex. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |

| *City of Houston v. Bank of Am. Corp., et al.*, No. 13 Civ. 05616, S.D. Tex. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co.[4] | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issue 2) Count 2 – Aiding and Abetting Fraud (Issue 2) Count 3 – Negligent Misrepresentation (Issue 2) Count 4 – Breach of Contract (Issue 2) Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Issues 2 and 13) Count 7 – Unjust Enrichment (Issue 2) |
| JPMorgan Chase Bank, N.A. | Count 6 – Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing Count 7 - Unjust Enrichment | Count 1 – Fraud (Issue 1) Count 2 – Aiding and Abetting Fraud (Issues 1 and 11) Count 3 – Negligent Misrepresentation (Issue 1) Count 4 - Breach of Contract (Issue |

---

[4] **JPMorgan's Position:** Plaintiff City of Houston alleges that it entered into a 2004 ISDA Master Agreement with Bear Stearns Financial Products Inc., which became a subsidiary of Defendant "JPMorgan" in 2008.  City of Houston Compl., Dkt. No. 685 at ¶ 387-88.  JPMorgan Chase Bank, N.A. is the successor in interest to Bear Stearns Financial Products.  JPMorgan Chase & Co. is not a counterparty or successor in interest.  Therefore, claims arising out of swaps governed by the 2004 ISDA Master Agreement against Defendant JPMorgan Chase & Co. should be dismissed for lack of personal jurisdiction.  Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

**Plaintiff's Position:** Plaintiff requires discovery to confirm JP Morgan's position regarding successorship and regarding the relationship, if any, between JP Morgan Chase Bank, N.A. and JP Morgan Chase & Co.

| *City of Houston v. Bank of Am. Corp., et al.*, No. 13 Civ. 05616, S.D. Tex. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | | | 12) |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| Royal Bank of Canada | Count 6 – Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 7 - Unjust Enrichment | Count 1 – Fraud (Issue 1)<br>Count 2 – Aiding and Abetting Fraud (Issues 1 and 11)<br>Count 3 – Negligent Misrepresentation (Issue 1)<br>Count 4 - Breach of Contract (Issue 12) |
| RBS Group | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

23

| *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 06020. E.D. Pa.[5] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Claims on Behalf of City of Philadelphia and PICA:<br>Count 7 – Fraud<br>Count 8 – Aiding and Abetting Fraud<br>Count 11 – Tortious Interference with Contract<br>Count 12 – Tortious Interference with Prospective Business Relations<br>Count 13 – Civil Conspiracy | None | None |
| Bank of America, N.A. | Claims on Behalf of City of Philadelphia and PICA:<br>Count 7 – Fraud<br>Count 8 – Aiding and Abetting Fraud<br>Count 11 – Tortious Interference with Contract<br>Count 12 – Tortious Interference with Prospective Business Relations<br>Count 13 – Civil Conspiracy | None | None |
| Barclays Bank PLC | Claims on Behalf of City of Philadelphia and PICA:<br>Count 7 – Fraud<br>Count 8 – Aiding and Abetting Fraud<br>Count 11 – Tortious Interference with Contract<br>Count 12 – Tortious Interference with Prospective Business Relations | None | None |

[5] As indicated below, in many instances the parties to the *Philadelphia* case agree that aiding and abetting fraud, tortious interference with contract, and tortious interference with prospective business relations claims were fully dismissed under *LIBOR IV*.  However, in at least some of the instances below there are potential disputes as to whether the dismissal was jurisdictional, merits-based, or both.  Should that distinction ever prove relevant to any dispute, the parties to the *Philadelphia* case reserve the right to argue how the dismissal of these claims should be characterized.  But for purposes of describing the current status of the case, such is unnecessary, so the claims are listed in the "dismissed" column.

| *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 06020. E.D. Pa.[5] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 13 – Civil Conspiracy | | |
| Citigroup Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citibank, N.A. | Claims on Behalf of City of Philadelphia and PICA: <br> Count 7 – Fraud <br> Count 8 – Aiding and Abetting Fraud <br> Count 11 – Tortious Interference with Contract <br> Count 12 – Tortious Interference with Prospective Business Relations <br> Count 13 – Civil Conspiracy | None | None |
| Citigroup Financial Products Inc. | Claims on behalf of City of Philadelphia and PICA: <br> Count 8 – Aiding and Abetting Fraud <br> Count 11 - Tortious Interference with Contract <br> Count 12 - Tortious Interference with Prospective Business Relations <br> Count 13 – Civil Conspiracy | Claims on behalf of the City of Philadelphia: <br> Count 7 – Fraud <br> Count 9 – Unjust Enrichment as to the City of Philadelphia <br><br> Claims on behalf of PICA: <br> None | Count 2 – Breach of Implied Covenant of Good Faith and Fair Dealing with the City of Philadelphia (Issue 13) |
| Credit Suisse Group AG | Claims on Behalf of City of Philadelphia and PICA: <br> Count 7 – Fraud <br> Count 8 – Aiding and Abetting Fraud <br> Count 11 – Tortious Interference with Contract <br> Count 12 – Tortious Interference with Prospective Business Relations <br> Count 13 – Civil Conspiracy | None | None |
| Deutsche Bank AG | Claims on Behalf of City of Philadelphia and PICA: <br> Count 7 – Fraud | None | None |

| City of Philadelphia, et al. v. Bank of Am. Corp., et al., No. 13 Civ. 06020. E.D. Pa.[5] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 8 – Aiding and Abetting Fraud Count 11 – Tortious Interference with Contract Count 12 – Tortious Interference with Prospective Business Relations Count 13 – Civil Conspiracy | | |
| JPMorgan Chase & Co. | Claims on Behalf of City of Philadelphia and PICA: Count 7 – Fraud Count 8 – Aiding and Abetting Fraud Count 11 – Tortious Interference with Contract Count 12 – Tortious Interference with Prospective Business Relations Count 13 – Civil Conspiracy | None | None |
| JPMorgan Chase Bank, N.A. | Claims on behalf of City of Philadelphia and PICA:<br><br>Count 8 – Aiding and Abetting Fraud Count 11 - Tortious Interference with Contract Count 12 - Tortious Interference with Prospective Business Relations Count 13 - Civil Conspiracy | Claims on behalf of City of Philadelphia and PICA: Count 7 – Fraud Claims on behalf of the City of Philadelphia: Count 3 – Breach of Implied Covenant of Good Faith and Fair Dealing with the City of Philadelphia Count 9 – Unjust Enrichment as to the City of Philadelphia<br><br>Claims on behalf of PICA: Count 6 – Breach of Implied Covenant of Good Faith and Fair Dealing with PICA Count 10 – Unjust Enrichment as to PICA | None |
| RBS plc | Claims on behalf of City of Philadelphia and PICA: Count 7 – Fraud Count 8 – Aiding and Abetting Fraud Count 11 - Tortious Interference with | None | None |

| *City of Philadelphia, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 06020. E.D. Pa.[5] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Contract<br>Count 12 - Tortious Interference with Prospective Business Relations<br>Count 13 – Civil Conspiracy | | |
| Royal Bank of Canada | Claims on behalf of City of Philadelphia and PICA:<br><br>Count 8 – Aiding and Abetting Fraud<br>Count 11 - Tortious Interference with Contract<br>Count 12 - Tortious Interference with Prospective Business Relations<br>Count 13 – Civil Conspiracy<br><br>Claims on behalf of PICA only:<br>Count 7 - Fraud | Claims on behalf of City of Philadelphia:<br>Count 4 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 7 – Fraud<br>Count 9 – Unjust Enrichment<br><br>Claims on behalf of PICA:<br>None | None |
| UBS AG | Claims on behalf of City of Philadelphia and PICA:<br>Count 7 – Fraud<br>Count 8 – Aiding and Abetting Fraud<br>Count 11 - Tortious Interference with Contract<br>Count 12 - Tortious Interference with Prospective Business Relations<br>Count 13 – Civil Conspiracy | None | None |

| City of Richmond, et al. v. Bank of Am. Corp., et al., No. 13-cv-00627, N.D.Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |

| City of Richmond, et al. v. Bank of Am. Corp., et al., No. 13-cv-00627, N.D.Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co.[6] | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2) Count 2 – Aiding and Abetting Fraud (Issues 1, 2 and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 2) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issues 2 and 13) Count 7 – Unjust Enrichment (Issue 2) |
| JPMorgan Chase Bank, N.A. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2) Count 2 – Aiding and Abetting Fraud (Issues 1, 2 and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 2) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issue 2) Count 7 – Unjust Enrichment (Issue |

[6] **JPMorgan's Position:** City of Richmond alleges a 2006 ISDA Agreement and interest rate swap with Bear Stearns Capital Markets. *See* Nishimura Decl., Dkt. No. 878 at ¶ 43. Neither JPMorgan Chase & Co. nor JPMorgan Chase Bank, N.A. is a successor to Bearn Stearns Capital Markets, and Plaintiff does not allege otherwise. Thus, City of Richmond's claims against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. should be dismissed. Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

**Plaintiff's Position:** Plaintiff require discovery to confirm JP Morgan's position regarding successorship and regarding the relationship, if any, between Bear Stearns Capital Markets, JP Morgan Chase Bank, N.A. and JP Morgan Chase & Co.

| City of Richmond, et al. v. Bank of Am. Corp., et al., No. 13-cv-00627, N.D.Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | | | 2) |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | Count 6 – Interference with Economic Advantage | Count 1 – Fraud and Deceit<br>Count 3 – Negligent Misrepresentation<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 7 – Unjust Enrichment | Count 2 – Aiding and Abetting Fraud (Issue 11)<br>Count 4 – Breach of Contract (Issue 12) |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00597, C.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1, 2, and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1, 2, and 10)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issues 2 and 13)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Bank of America, N.A. | Count 6 –Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Unjust Enrichment[7] | Count 1 – Fraud (Issues 1 and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1 and 10)<br>Count 4 – Breach of Contract (Issue 12) |
| Barclays Bank PLC | All counts | None | None |

---

[7] **City of Riverside's Position:** Bank of America, N.A. ("BANA") concedes jurisdiction over these claims with respect to Plaintiff City of Riverside ("Riverside")'s swap with BANA, but apparently not with respect to Riverside's swap with Merrill Lynch Capital Services, Inc. ("MLCS"). With respect to Bank of America's Position, Plaintiff requires jurisdictional discovery in order to ascertain the relationship, if any, between MLCS and BANA.

**Bank of America's Position**: While there is personal jurisdiction under *LIBOR IV* over Riverside's implied covenant and unjust enrichment claims against BANA that are based on the swap contract between Riverside and BANA, there is no personal jurisdiction over claims against BANA based on Riverside's swap contract with non-party MLCS. *LIBOR IV*, 2015 WL 6243526, at *31, *75-76. Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

| *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00597, C.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co.[8] | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1 and 2) |

---

[8] **JPMorgan's Position:** City of Riverside alleges a 2005 ISDA Agreement and interest rate swap with Bear Stearns Capital Markets. *See* Nishimura Decl., Dkt. No. 878 at ¶ 49.  Neither JPMorgan Chase & Co. nor JPMorgan Chase Bank, N.A. is a successor to Bearn Stearns Capital Markets, and Plaintiff does not allege otherwise.  Thus, City of Riverside's claims against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. should be dismissed.   Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

**Plaintiff's Position:** Plaintiff require discovery to confirm JP Morgan's position regarding successorship and regarding the relationship, if any, between Bear Stearns Capital Markets, JP Morgan Chase Bank, N.A. and JP Morgan Chase & Co.

|  | *City of Riverside, et al. v. Bank of Am. Corp., et al.*, No. 13-cv-00597, C.D. Cal. |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | | | Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issues 2 and 13)<br>Count 7 – Unjust Enrichment (Issue 2) |
| JPMorgan Chase Bank, N.A. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1 and 2)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issue 2)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| *Cnty. of Mendocino v. Bank of America Corp., et al.*, No. 13-cv-08644, N.D.Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |

| *Cnty. of Mendocino v. Bank of America Corp., et al.*, No. 13-cv-08644, N.D.Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

35

| County of Sacramento v. Bank of Am. et al., No. 13-cv-05569, E.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America, Corp | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 4 – Breach of Contract Count 5 – Breach of Implied  Covenant of Good Faith and Fair Dealing Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 6 –Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith Count 7 – Unjust Enrichment | Count 1 – Fraud (Issue 1 and 10) Count 2 – Aiding and Abetting Fraud (Issues 1, 10 and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 10) Count 4 – Breach of Contract (Issue 12) |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | Count 6 – Interference with Economic Advantage | Count 1 – Fraud Count  3 – Negligent Misrepresentation | Count 2 - Aiding and Abetting Fraud (Issue 11) |

| County of Sacramento v. Bank of Am. et al., No. 13-cv-05569, E.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  |  | Count 5 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Unjust Enrichment | Count 4 – Breach of Contract (Issue 12) |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

|  | *Cnty. of San Diego v. Bank of Am. Corp., et al.*, No. 13-cv-00667, S.D. Cal. |

| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|---|---|---|---|
| Bank of America Corp. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 6 – Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Unjust Enrichment | Count 1 – Fraud (Issue 1)<br>Count 2 – Aiding and Abetting Fraud (Issues 1 and 11)<br>Count 3 – Negligent Misrepresentation (Issue 1)<br>Count 4 – Breach of Contract (Issue 12) |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud | None | None |

38

| Cnty. of San Diego v. Bank of Am. Corp., et al., No. 13-cv-00667, S.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 3 – Negligent Misrepresentation Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | | |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al., No. 13 Civ. 00625, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 6 – Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Unjust Enrichment | Count 1 – Fraud (Issue 1)<br>Count 2 – Aiding and Abetting Fraud (Issues 1 and 11)<br>Count 3 – Negligent Misrepresentation (Issue 1)<br>Count 4 – Breach of Contract (Issue12) |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing | None | None |

| Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al., No. 13 Civ. 00625, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | | |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 4 – Breach of Contract Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud Count 3 – Negligent Misrepresentation Count 4 – Breach of Contract Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing Count 6 – Interference with Economic Advantage Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |

41

| *Cnty. of San Mateo, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 00625, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

42

| *Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 05187, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant | None | None |

| Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al., No. 13 Civ. 05187, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | | |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |

44

| *Cnty. of Sonoma, et al. v. Bank of Am. Corp., et al.*, No. 13 Civ. 05187, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| *Darby Fin. Products, et al. v. Barclays Bank plc, et al.*, No. 13 Civ. 08799, S.D.N.Y.[9] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Barclays Bank PLC | Claims on behalf of DFP and CVI: Count 8 – Fraud Count 9 – Aiding and Abetting Fraud Count 10 – Tortious Interference with Contract Count 11 – Tortious Interference with Prospective Business Relations Count 12 – Civil Conspiracy | None | None |
| Deutsche Bank AG | Claims on behalf of DFP and CVI: Count 9 - Aiding and Abetting Fraud Count 10 - Tortious Interference with Contract Count 11 - Tortious Interference with Prospective Business Relations Count 12 - Civil Conspiracy | Claims on behalf of DFP: Count 1 - Unjust Enrichment/Restitution Count 3 - Breach of Implied Covenant of Good Faith and Fair Dealing Count 8 – Fraud | None |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| J.P. Morgan Dublin plc | Claims on behalf of DFP and CVI: Count 9 – Aiding and Abetting Fraud Count 10 - Tortious Interference with Contract Count 11 - Tortious Interference with Prospective Business Relations Count 12 - Civil Conspiracy<br><br>Claims on behalf of CVI: | Claims on behalf of DFP: Count 1 – Unjust Enrichment/Restitution Count 8 – Fraud | Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issue 13) |

---

[9] As indicated below, in many instances the parties to the *Darby* case agree that aiding and abetting fraud, tortious interference with contract, and tortious interference with prospective business relations claims were fully dismissed under *LIBOR IV*. However, in at least some of the instances below there are potential disputes as to whether the dismissal was jurisdictional, merits-based, or both. Should that distinction ever prove relevant to any dispute, the parties to the *Darby* case reserve the right to argue how the dismissal of these claims should be characterized. But for purposes of describing the current status of the case, such is unnecessary, so the claims are listed in the "dismissed" column.

| Darby Fin. Products, et al. v. Barclays Bank plc, et al., No. 13 Civ. 08799, S.D.N.Y.[9] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 1 – Unjust Enrichment/Restitution Count 4 – Breach of Contract Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing | | |
| RBS plc | All counts | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| UBS Limited | All counts | None | None |

| *East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al.*, No. 13 Civ. 00626, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1, 2, and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1, 2, and 10)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of the Implied Covenant of Good Faith (Issues 2 and 13)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Bank of America, N.A. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1, 2, and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1, 2, and 10)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of the Implied Covenant of Good Faith (Issue 2)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |

| East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al., No. 13 Civ. 00626, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Citibank, N.A.[10] | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2) Count 2 – Aiding and Abetting Fraud (Issues 1, 2, and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 2) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of the Implied Covenant of Good Faith (Issue 2) Count 7 – Unjust Enrichment (Issue 2) |
| Citigroup Inc. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2) Count 2 – Aiding and Abetting Fraud (Issues 1, 2 and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 2) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of the Implied Covenant of Good Faith (Issues 2 and 13) Count 7 – Unjust Enrichment (Issue 2) |

---

[10] **Citi's Position:** East Bay Municipal Utility District ("EBMUD") alleges a 2002 ISDA Agreement and interest rate swaps with Salomon Brothers Holding Co. Citigroup Financial Products Inc. succeeded Salomon Brothers Holding Co. in 2003, a fact that EBMUD acknowledges. *See* Nishimura Decl., Dkt. No. 878 at pg. 10.  Citigroup Financial Products Inc. has not been named as a defendant by EBMUD and EBMUD asserts no alternative basis for personal jurisdiction over Citigroup Inc. and Citibank, N.A.  Thus, EBMUD's claims against Citigroup Inc. and Citibank, N.A. should be dismissed for lack of personal jurisdiction. Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

**Plaintiff's Position:** Plaintiff requires discovery to confirm Citi's position regarding successorship and regarding the relationship between and among Citigroup Financial Products, Inc., Citigroup Inc. and Citibank, N.A.

| East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al., No. 13 Civ. 00626, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co.[11] | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1 and 2) Count 2 – Aiding and Abetting Fraud (Issues 1, 2, and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 2) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of the Implied Covenant of Good Faith (Issues 2 and 13) Count 7 – Unjust Enrichment (Issue 2) |
| JPMorgan Chase Bank, N.A. | Count 6 – Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith Count 7 – Unjust Enrichment | Count 1 – Fraud (Issues 1 and 10) Count 2 – Aiding and Abetting Fraud (Issues 1, 10, and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 10) Count 4 – Breach of Contract (Issue 12) |

[11] **JPMorgan's Position:** East Bay Municipal Utility District fails to allege a contract with JPMorgan Chase & Co. EBMUD alleges that it entered into 2002 ISDA Master Agreements and 2002 and 2005 swaps with Bear Stearns Capital Markets, that were subsequently transferred to JPMorgan Chase Bank, N.A. *See* Nishimura Decl. ¶¶ 36, 38, 39. Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

**Plaintiff's Position:** Plaintiff requires discovery to confirm JP Morgan's position regarding successorship and regarding the relationship, if any, between Bear Stearns Capital Markets, JP Morgan Chase Bank, N.A. and JP Morgan Chase & Co.

| East Bay Municipal Utility Dist. v. Bank of Am. Corp. et al., No. 13 Civ. 00626, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | | | |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Merrill Lynch and Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Merrill Lynch Capital Services | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Merrill Lynch International Bank | Claims on Behalf of All Closed Banks:<br><br>Count 15 – Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br><br>Claims on Behalf of All Closed Banks Other than UCB and WaMu:<br><br>Count 11 – Breach of Implied Covenant of Good Faith<br>Count 12 – Unjust Enrichment<br>Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud | Claims on Behalf of UCB and WaMu:<br><br>Count 12 – Unjust Enrichment | Claims on Behalf of UCB:<br><br>Count 11 – Breach of Implied Covenant of Good Faith (Issue 13)<br>Count 13 – Fraud (Issues 1 and 10)<br>Count 14 – Aiding and Abetting Fraud (Issues 1, 10 and 11)<br><br>Claims on Behalf of WaMu:<br><br>Count 11 – Breach of Implied Covenant of Good Faith (Issue 13)<br>Count 13 – Fraud (Issue 1)<br>Count 14 – Aiding and Abetting Fraud (Issues 1 and 11) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Barclays Bank PLC | Claims on Behalf of All Closed Banks: <br><br> Count 15 – Civil Conspiracy to Commit Fraud <br> Count 16 – Negligent Misrepresentation <br> Count 17 - Tortious Interference with Contract <br> Count 18 - Aiding and Abetting Tortious Interference with Contract <br> Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract <br> Count 20 - Tortious Interference with Prospective Economic Advantage <br> Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage <br> Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage <br><br><br> Claims on Behalf of All Closed Banks Other than IndyMac, UCB, and WaMu: <br><br> Count 11 – Breach of Implied Covenant of Good Faith <br> Count 12 – Unjust Enrichment <br> Count 14 – Aiding and Abetting Fraud | Claims on Behalf of IndyMac, UCB, and WaMu: <br><br> Count 11 – Breach of Implied Covenant of Good Faith <br> Count 12 - Unjust Enrichment <br><br><br> Claims on behalf of UCB: <br><br> Count 13 – Fraud | Claims on Behalf of Closed Banks Other than IndyMac, UCB and WaMu: <br><br> Count 13 – Fraud (Issue 4) <br><br><br> Claims on Behalf of IndyMac and WaMu: <br><br> Count 13 – Fraud (Issues 1 and 4) <br> Count 14 – Aiding and Abetting Fraud (Issues 1, 4and 11) <br><br><br> Claims on behalf of UCB: <br><br> Count 14 – Aiding and Abetting Fraud (Issues 4and 11) |
| BBA | Count 13 - Fraud <br> Count 14 – Aiding and Abetting Fraud <br> Count 15 – Civil Conspiracy to Commit Fraud <br> Count 16 – Negligent Misrepresentation | None | None |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage |  |  |
| BBA Enterprises Ltd. | Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 – Tortious Interference with Contract<br>Count 18 – Aiding and Abetting Tortious Interference with Contract<br>Count 19 – Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 – Tortious Interference with Prospective Economic Advantage<br>Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | None |
| BBA LIBOR Ltd. | Count 13 – Fraud | None | None |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | | |
| BTMU | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit | None | Count 13 – Fraud (Issue 4) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Tortious Interference with Prospective Economic Advantage | | |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Financial Products, Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Credit Suisse AG | Count 14 – Aiding and Abetting Fraud Count 15 – Civil Conspiracy to Commit Fraud Count 16 – Negligent Misrepresentation Count 17 - Tortious Interference with Contract Count 18 - Aiding and Abetting Tortious Interference with Contract Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract Count 20 - Tortious Interference with Prospective Economic Advantage Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | Count 13 – Fraud (Issue 4) |
| Credit Suisse Group AG | Defendant dismissed pursuant to stipulation between the parties | Defendant dismissed pursuant to stipulation between the parties. | Not applicable |
| Credit Suisse International | Claims on Behalf of All Closed Banks: Count 15 - Civil Conspiracy to Commit Fraud Count 16 – Negligent Misrepresentation Count 17 - Tortious Interference with Contract Count 18 - Aiding and Abetting Tortious | Claims on Behalf of Superior Count 12 - Unjust Enrichment | Claims on Behalf of Indymac, Superior, WaMu, and Westernbank: Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing (Issue 13) Count 12 - Unjust Enrichment with WaMu (Issue 10) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage<br><br>Claims on Behalf of All Closed Banks Other than IndyMac, Superior, WaMu, and Westernbank:<br><br>Count 11 – Breach of Implied Covenant of Good Faith<br>Count 12 – Unjust Enrichment<br>Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud | | Count 12 - Unjust Enrichment with Indymac (Issue 10)<br>Count 12 - Unjust Enrichment with Westernbank (Issue 10)<br>Count 13 – Fraud (Issues 1 and 10)<br>Count 14 – Aiding and Abetting Fraud (Issues 1, 10 and 11) |
| Deutsche Bank AG | Claims on Behalf of All Closed Banks:<br><br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 –Tortious Interference with Contract<br>Count 18 – Aiding and Abetting Tortious Interference with Contract<br>Count 19 – Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 –Tortious Interference with | Claims on Behalf of IndyMac:<br><br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 – Unjust Enrichment | Claims on Behalf of All Closed Banks Other than IndyMac:<br><br>Count 13 – Fraud (Issue 4)<br><br>Claims on Behalf of IndyMac:<br><br>Count 13 – Fraud (Issues 1 and 4)<br>Count 14 – Aiding and Abetting Fraud (Issues 1 and 11) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Prospective Economic Advantage<br>Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage<br><br>Claims on Behalf of All Closed Banks Other than IndyMac:<br><br>Count 11 – Breach of Implied Covenant of Good Faith<br>Count 12 – Unjust Enrichment<br>Count 14 – Aiding and Abetting Fraud | | |
| HBOS PLC | Defendant dismissed pursuant to stipulation between the parties. | Defendant dismissed pursuant to stipulation between the parties. | Not applicable |
| HSBC Bank PLC[12] | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with | None | Count 13 – Fraud (Issue 4) |

[12] By stipulation and order entered on December 24, 2014, Dkt. No. 928, HSBC Bank PLC was substituted as a party defendant in place of HSBC Holdings plc, which was dismissed from the action.

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage |  |  |
| HSBC Bank USA, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Hong Kong and Shanghai Banking Corp. Ltd. | Count 8 – Breach of Contract<br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 – Unjust Enrichment<br>Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 – Tortious Interference with Contract<br>Count 18 – Aiding and Abetting Tortious Interference with Contract<br>Count 19 – Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 – Tortious Interference with Prospective Economic Advantage<br>Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | None |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| JPMorgan Dublin plc | Claims on Behalf of All Closed Banks:<br><br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 - Negligent Misrepresentation<br><br>Claims on Behalf of All Closed Banks Other than IndyMac:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 - Unjust Enrichment<br>Count 13 - Fraud<br>Count 14 – Aiding and Abetting Fraud | Claims on Behalf of IndyMac:<br><br>Count 12 - Unjust Enrichment | Claims on Behalf of IndyMac:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing (Issue 13)<br>Count 13 – Fraud (Issues 1 and 10)<br>Count 14 – Aiding and Abetting Fraud (Issues 1, 10 and 11) |
| JPMorgan Markets Limited | Claims on Behalf of All Closed Banks:<br><br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 - Negligent Misrepresentation<br><br>Claims on Behalf of All Closed Banks Other than IndyMac:<br><br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 – Unjust Enrichment<br>Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud | Claims on Behalf of IndyMac:<br><br>Count 12  - Unjust Enrichment | Claims on Behalf of IndyMac:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing (Issue 13)<br>Count 13 – Fraud (Issues 1 and 10)<br>Count 14 – Aiding and Abetting Fraud (Issues 1, 10 and 11) |
| Bear Stearns Capital Markets | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

60

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Inc. | | | |
| Lloyds Banking Group plc | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 – Tortious Interference with Prospective Economic Advantage<br>Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | Count 13 – Fraud (Issue 4) |
| Bank of Scotland plc[13] | Count 13 – Fraud<br>Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 – Tortious Interference with Contract<br>Count 18 – Aiding and Abetting Tortious Interference with Contract<br>Count 19 – Civil Conspiracy to | None | None |

---

[13] By stipulation and order entered on December 24, 2014, Dkt. No. 928, Bank of Scotland plc was substituted as a party defendant in place of HBOS plc, which was dismissed from the action.

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Tortious Interference with Contract Count 20 – Tortious Interference with Prospective Economic Advantage Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | | |
| Lloyds TSB Bank plc | Count 13 – Fraud Count 14 – Aiding and Abetting Fraud Count 15 – Civil Conspiracy to Commit Fraud Count 16 – Negligent Misrepresentation Count 17 – Tortious Interference with Contract Count 18 – Aiding and Abetting Tortious Interference with Contract Count 19 – Civil Conspiracy to Commit Tortious Interference with Contract Count 20 – Tortious Interference with Prospective Economic Advantage Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | None |
| Norinchukin Bank | Count 14 – Aiding and Abetting Fraud Count 15 – Civil Conspiracy to Commit Fraud Count 16 – Negligent Misrepresentation Count 17 – Tortious Interference with Contract | None | Count 13 – Fraud (Issue 4) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 – Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 – Tortious Interference with Prospective Economic Advantage<br>Count 21 – Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 – Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | | |
| Portigon AG (f/k/a WestLB AG) | Claims on Behalf of All Closed Banks:<br><br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage<br><br>Claims on Behalf of All Closed Banks | None | Claims on Behalf of All Closed Banks:<br><br>Count 13 – Fraud (Issue 4)<br><br>Claims on Behalf of WaMu:<br><br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Issue 4)<br>Count 12 – Unjust Enrichment (Issue 4)<br>Count 14 – Aiding and Abetting Fraud (Issue 4) |

| *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp.*, No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Other than WaMu:<br><br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 – Unjust Enrichment<br>Count 14 – Aiding and Abetting Fraud | | |
| Rabobank | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | Count 13 – Fraud (Issue 4) |
| Royal Bank of Scotland, plc | Claims on Behalf of All Closed Banks:<br><br>Count 15 - Civil Conspiracy to Commit Fraud<br>Count 16  - Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious | Claims on Behalf of Amtrust and IndyMac:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 - Unjust Enrichment | Claims on Behalf of Closed Banks other than Amtrust and IndyMac:<br><br>Count 13 – Fraud (Issue 4)<br><br><br>Claims on Behalf of Amtrust and IndyMac: |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage<br><br>Claims on Behalf of Closed Banks Other than Amtrust and IndyMac:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 - Unjust Enrichment<br>Count 14 – Aiding and Abetting Fraud | | Count 13 – Fraud (Issues 1 and 4)<br>Count 14 – Aiding and Abetting Fraud (Issues 1 and 11) |
| Royal Bank of Canada | Claims on Behalf of All Closed Banks:<br><br>Count 15 - Civil Conspiracy to Commit Fraud<br>Count 16 - Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious | None | Claims on Behalf of Closed Banks other than IndyMac and WaMu:<br><br>Count 13 – Fraud (Issue 4)<br><br>Claims on Behalf of IndyMac and WaMu:<br><br>Count 11 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Issue 10)<br>Count 12 – Unjust Enrichment (Issue 10) |

| Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage<br><br>Claims on Behalf of Closed Banks Other than IndyMac and WaMu:<br><br>Count 11 - Breach of the Implied Covenant of Good Faith and Fair Dealing<br>Count 12 – Unjust Enrichment<br>Count 14 – Aiding and Abetting Fraud | | Count 13 – Fraud (Issues 1, 9 and 10)<br>Count 14 – Aiding and Abetting Fraud (Issues 1, 9, 10 and 11) |
| Société Générale | Count 14 – Aiding and Abetting Fraud<br>Count 15 – Civil Conspiracy to Commit Fraud<br>Count 16 – Negligent Misrepresentation<br>Count 17 - Tortious Interference with Contract<br>Count 18 - Aiding and Abetting Tortious Interference with Contract<br>Count 19 - Civil Conspiracy to Commit Tortious Interference with Contract<br>Count 20 - Tortious Interference with Prospective Economic Advantage<br>Count 21 - Aiding and Abetting Tortious Interference with Prospective Economic Advantage<br>Count 22 - Civil Conspiracy to Commit Tortious Interference with Prospective Economic Advantage | None | Count 13 – Fraud (Issue 4) |

66

| *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp.*, No. 14-cv-1757, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

| *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp. et al.*, No. 13 Civ. 03952, E.D. Va. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corporation | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issues 1, 2, and 4) |
| Bank of America, N.A. | Count 11 – Tortious Interference with Contract | None | Count 2 – Breach of Contract (Issue 12)<br>Count 10 – Fraud (Issues 1 and 4) |
| Bank of Scotland plc[14] | Count 10 – Fraud<br>Count 11 – Tortious Interference with Contract | None | None |
| Barclays Bank PLC | Count 11 – Tortious Interference with Contract | None | Count 3 – Breach of Contract (Issue 12)<br>Count 10 – Fraud (Issues 1 and 4) |
| BBA | Count 10 - Fraud<br>Count 11 – Tortious Interference with Contract | None | None |
| BBA Enterprises Ltd. | Count 10 - Fraud<br>Count 11 – Tortious Interference with Contract | None | None |
| BBA LIBOR Ltd. | Count 10 – Fraud<br>Count 11 – Tortious Interference with Contract | None | None |
| BTMU | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Citibank, N.A. | Count 11 – Tortious Interference with Contract | None | Count 4 – Breach of Contract (Issue 12)<br>Count 10 – Fraud (fraudulent inducement) (Issue 1) |
| Citigroup Inc. | Count 10 – Fraud | None | None |

[14] By stipulation and order entered on December 24, 2014, Dkt. No. 928, Bank of Scotland plc was substituted as a party defendant in place of HBOS plc, which was dismissed from the action.

68

| Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp. et al., No. 13 Civ. 03952, E.D. Va. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 11 – Tortious Interference with Contract | | |
| Credit Suisse AG | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Credit Suisse Group AG | Defendant dismissed pursuant to stipulation between the parties | Defendant dismissed pursuant to stipulation between the parties | None |
| Credit Suisse International | Count 11 - Tortious Interference with Contract | None | Count 5 - Breach of Contract (Issue 12, 13)<br>Count 10 – Fraud (Issue 1, 10) |
| Deutsche Bank AG | Count 11 - Tortious Interference with Contract | None | Count 6 - Breach of Contract (Issue 12)<br>Count 10 – Fraud (Issues 1 and 4) |
| HBOS PLC | Defendant dismissed pursuant to stipulation between the parties. | Defendant dismissed pursuant to stipulation between the parties. | None |
| HSBC Bank PLC[15] | Count 11 - Tortious Interference with Contract[16] | None | Count 10 – Fraud (Issue 4) |
| HSBC Bank USA. N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Chase & Co. | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| JPMorgan Chase Bank, N.A. | Count 10 – Fraud<br>Count 11 – Tortious Interference with Contract | None | None |
| Lloyds Banking Group plc | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Lloyds TSB Bank plc | Count 10 – Fraud | None | None |

[15] By stipulation and order entered on December 24, 2014, Dkt. No. 928, HSBC Bank PLC was substituted as a party defendant in place of HSBC Holdings plc, which was dismissed from the action.

[16] Although the complaint in this action alleges a breach of contract claim again "Defendant HSBC" (Count 7), plaintiff has confirmed that this claim was asserted only against HSBC Bank USA, N.A., which did not challenge personal jurisdiction, and that all claims against HSBC Bank plc in this action have been dismissed *except* as specifically indicated in the "Claims in Dispute" column above.

| Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp. et al., No. 13 Civ. 03952, E.D. Va. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 11 – Tortious Interference with Contract | | |
| Norinchukin Bank | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Portigon AG (f/k/a WestLB AG) | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Rabobank | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Royal Bank of Scotland Group, plc | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Royal Bank of Scotland, plc | Count 11 – Tortious Interference with Contract | None | Count 8 – Breach of Contract (Issue 12)<br>Count 10 – Fraud (Issues 1 and 4) |
| Royal Bank of Canada | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| Société Générale | Count 11 – Tortious Interference with Contract | None | Count 10 – Fraud (Issue 4) |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

| Fed. Nat'l Mortg. Ass'n v. Barclays Bank PLC, No. 13-cv-7720, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Barclays Bank PLC | Count 6 – Civil Conspiracy to Commit Fraud | Count 1 – Breach of Contract Count 2 – Breach of Implied Duty of Good Faith and Fair Dealing Count 3 – Unjust Enrichment | Count 4 – Fraud (Issues 1 and 4) Count 5 – Aiding and Abetting Fraud (Issues 1, 4, and 11) |
| BBA | All counts | None | None |
| BBA LIBOR Ltd. | All counts | None | None |
| Citigroup Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Credit Suisse Group AG | All counts | None | None |
| Credit Suisse International | Count 5 – Aiding and Abetting Fraud Count 6 – Civil Conspiracy to Commit Fraud | Count 1 - Breach of Contract Count 3 – Unjust Enrichment | Count 2 - Breach of Implied Duty of Good Faith and Fair Dealing (Issue 13) Count 4 – Fraud  (Issues 1 and 9) |
| Deutsche Bank AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| RBS Group | All counts | None | None |
| RBS plc | Count 6 – Civil Conspiracy to Commit Fraud | Count 1 – Breach of Contract Count 2 – Breach of Implied Duty of Good Faith and Fair Dealing Count 3 – Unjust Enrichment | Count 4 – Fraud (Issues 1, 4 and 9) Count 5 – Aiding and Abetting Fraud (Issues 4, 11) |
| Rabobank | Count 6 – Civil Conspiracy to Commit Fraud | None | Count 4 – Fraud (Issue 4) Count 5 – Aiding and Abetting Fraud (Issues 4, 11) |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

71

| Maragos v. Bank of Am. Corp., No. 13-cv-2297, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Barclays PLC | All counts | None | None |
| Citigroup, Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| BTMU | All counts | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| JPMorgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| RBS Group | All counts | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

72

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.[17] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 3 – Breach of Contract with Members United<br>Count 5 – Breach of Contract with WesCorp<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment with Members United and WesCorp | Count 6 – Breach of Contract with U.S. Central<br>Count 9 – Unjust Enrichment with U.S. Central | None |
| Barclays Bank PLC | Count 5 – Breach of Contract with WesCorp<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment (with all credit unions except U.S. Central) | Count 6 – Breach of Contract (with U.S. Central only)<br>Count 9 – Unjust Enrichment (with U.S. Central only) | None |
| Barclays Capital Inc. | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| BTMU | Count 7 – Tortious Interference with | None | None |

---

[17] This table pertains only to NCUA's complaint filed in the above captioned action and not to NCUA's complaint filed in the Southern District of New York in *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG.* No. 15-cv-02060.

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.17 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | | |
| Citibank, N.A. | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Citigroup Inc. | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Citigroup Financial Products Inc. | Count 4 – Breach of Contract with Southwest<br>Count 5 – Breach of Contract with WesCorp<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Citi Swapco Inc. | Count 4 – Breach of Contract with Southwest<br>Count 5 – Breach of Contract with WesCorp<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | Count 7 – Tortious Interference with Contract | None | None |

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.17 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 8 – Tortious Interference with Prospective Economic Advantage <br> Count 9 – Unjust Enrichment | | |
| Credit Suisse Group International | None | None | Defendant Dismissed, LIBOR IV, 2015 WL 6243526, at *178. |
| Deutsche Bank AG | Count 4 – Breach of Contract with Southwest <br> Count 5 – Breach of contract with WesCorp <br> Count 7 – Tortious Interference with Contract <br> Count 8 – Tortious Interference with Prospective Economic Advantage <br> Count 9 – Unjust Enrichment with WesCorp | Count 6 – Breach of Contract with U.S. Central <br> Count 9 – Unjust Enrichment with U.S. Central | None |
| HBOS PLC | Count 7 – Tortious Interference with Contract <br> Count 8 – Tortious Interference with Prospective Economic Advantage <br> Count 9 – Unjust Enrichment | None | None |
| HSBC Holdings PLC | Count 5 – Breach of Contract with WesCorp <br> Count 7 – Tortious Interference with Contract <br> Count 8 – Tortious Interference with Prospective Economic Advantage <br> Count 9 – Unjust Enrichment | None | None |
| HSBC Bank USA, N.A. | Count 5 – Breach of Contract <br> Count 7 – Tortious Interference with Contract <br> Count 8 – Tortious Interference with Prospective Economic Advantage <br> Count 9 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, | Count 3 – Breach of Contract with | Count 6 – Breach of Contract with U.S. | None |

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.17 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| N.A. | Members United<br>Count 5 – Breach of Contract with WesCorp<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment with Members United and WesCorp | Central<br>Count 9 – Unjust Enrichment with U.S. Central | |
| JPMorgan Chase & Co. | Count 3 – Breach of Contract with Members United<br>Count 5 – Breach of Contract with WesCorp<br>Count 6 – Breach of Contract with U.S. Central<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment with U.S. Central, Members United, and WesCorp | None | None |
| Lloyds Banking Group plc | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Norinchukin Bank | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| WestLB AG (n/k/a Portigon AG) | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with | None | None |

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.17 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | | |
| Rabobank[18] | Count 7 – Tortious Interference with Contract<br>Count 8 – Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment with Members United and WesCorp | Count 6 – Breach of Contract with U.S. Central<br>Count 9 – Unjust Enrichment with U.S. Central | None |
| RBS Group | Count 5 – Breach of Contract with WesCorp<br>Count 6 – Breach of Contract with U.S. Central<br>Count 7 – Tortious Interference with Contract<br>Count 8 – Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment with all plaintiffs | None | None |
| Royal Bank of Canada | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with Prospective Economic Advantage<br>Count 9 – Unjust Enrichment | None | None |
| Société Générale | None | None | Defendant Dismissed, LIBOR IV, 2015 WL 6243526, at *178. |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Westdeutsche ImmobilienBank AG | Count 7 – Tortious Interference with Contract<br>Count 8 – Tortious Interference with | None | None |

---

[18] NCUA's October 6, 2014 amended complaint lists "Rabobank International" as a defendant in the caption of its complaint. Defendants have represented that "Rabobank International" is an alternative name for Rabobank and not a separate legal entity. Accordingly, Defendants do not list that entity in this chart.

| Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, 13-cv-7394, D. Kan.17 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Prospective Economic Advantage Count 9 – Unjust Enrichment | | |

| Principal Fin. Group., Inc. v. Bank of Am. Corp. et al. (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| Bank of America Corp. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud[19]<br>Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud for Agreement dated 9/12/1997 and bond agreement(s)<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 5 – Fraud relating to Agreement dated 7/15/2008<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation (Issues 1 and 10) |
| Merrill Lynch, Pierce, Fenner & Smith Inc. | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Merrill Lynch Capital Services, Inc. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud | Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issues 12 and 13)<br>Count 7 – Negligent Misrepresentation |

[19] Although included in the "Dismissed" column, Plaintiffs note that both Fraud and Aiding and Abetting Fraud claims may still be subject to personal jurisdiction in Iowa if, through discovery, Plaintiffs learn that any defendant engaged in conduct in Iowa that would constitute "false data fraud" as described in *LIBOR IV*. This includes, for example, making a false Libor submission or requesting Libor manipulation. This note applies throughout these charts for all Fraud and Aiding and Abetting Fraud claims by the Principal Financial Group and Principal Funds plaintiffs.

| Principal Fin. Group., Inc. v. Bank of Am. Corp. et al. (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset-Backed Securities | | (Issues 1 and 10) |
| Barclays Bank PLC | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation (Issues 1and 10) |
| Barclays Capital Inc. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | None | None |
| BBA | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| BBA LIBOR, Ltd. | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| BBA Enterprises, Ltd. | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| Citibank, N.A. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 5 – Fraud<br>Count 7 – Negligent Misrepresentation | None |

| *Principal Fin. Group., Inc. v. Bank of Am. Corp. et al.* (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 8 – Unjust Enrichment as to Interest Rate Swaps | |
| Citigroup Inc. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| Citigroup Global Markets, Inc. | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Credit Suisse Group AG | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| Credit Suisse AG | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud | None | None |

81

| *Principal Fin. Group., Inc. v. Bank of Am. Corp. et al.* (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | | |
| Credit Suisse Securities (USA) LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Credit Suisse International | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | None | Count 3 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issues 8, 9, 12 and 13)<br>Count 5 – Fraud (Issues 1, 8, 9 and 10)<br>Count 7 – Negligent Misrepresentation (Issues 1, 8, 9 and 10)<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 1, 8, 9 and 10) |
| Deutsche Bank AG[20] | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities<br><br>The following claims brought by plaintiffs other than Principal Life Insurance Co., Inc.:<br>Count 3 - Breach of Contract and Covenant of Good Faith and Fair | The following claims brought by Plaintiff Principal Life Insurance Co., Inc.:<br><br>Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation (Issues 1 and 10) |

[20] Deutsche Bank AG notes that, per the Court's ruling in *LIBOR IV*, Deutsche Bank Securities, Inc. has been dismissed in its entirety from *Principal Financial*, and therefore it is not addressed in this chart.

| Principal Fin. Group., Inc. v. Bank of Am. Corp. et al. (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | | |
| HBOS plc | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| JPMorgan Chase & Co. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank N.A. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation (Issues 1 and 10) |
| JPMorgan Dublin plc | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | None | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issues 10 and 13)<br>Count 5 – Fraud (Issue 10)<br>Count 7 – Negligent Misrepresentation (Issues 1 and 10)<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 10) |
| Chase Bank USA, N.A. | Count 4 - Breach of Contract and | None | Count 3 – Breach of Contract and |

| Principal Fin. Group., Inc. v. Bank of Am. Corp. et al. (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | | Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issues 10 and 13)<br>Count 5 – Fraud (Issues 1 and 10)<br>Count 7 – Negligent Misrepresentation (Issues 1 and 10)<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 10) |
| JPMorgan Securities LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Lloyds Banking Group plc | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| Lloyds Bank plc | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| RBS Group | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | None | None |
| RBS plc | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 5 – Fraud (Issues 1 and 10)<br>Count 7 – Negligent Misrepresentation (Issues 1 and 10) |
| RBS Securities, Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not moving on PJ grounds |
| Rabobank | Count 5 – Fraud | None | None |

| Principal Fin. Group., Inc. v. Bank of Am. Corp. et al. (13-cv-6014), S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Count 6 – Aiding and Abetting Fraud | | |
| Royal Bank of Canada | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation (Issue 1 and 9) |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not moving on PJ grounds |
| UBS Securities LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| Bank of America Corp. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| Bank of America, N.A. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issues 8 and 9) |
| Merrill Lynch, Pierce, Fenner and Smith | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Barclays Bank PLC | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud relating to the swap agreement(s) Count 6 – Aiding and Abetting Fraud Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | None | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issue 9) Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issue 9) Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 9) |
| Barclays Capital Inc. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair | None | None |

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | | |
| BBA | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| BBA Enterprises Ltd. | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| BBA LIBOR Ltd. | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| Citibank, N.A. | Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud relating to the swap agreement(s) Count 6 – Aiding and Abetting Fraud relating to the swap agreement(s) Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 8 – Unjust Enrichment as to Interest Rate Swaps | Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issue 9) |
| Citigroup Inc. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | | |
| Citigroup Global Markets, Inc. | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Credit Suisse Group AG | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| Credit Suisse AG | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| Credit Suisse Securities (USA) LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| Deutsche Bank AG[21] | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud relating to the bond agreements<br>Count 6 – Aiding and Abetting Fraud relating to the swap agreement(s)<br>Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | None | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issue 2)<br>Count 5 – Fraud relating to the swap agreement(s) (Issue 9)<br>Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issue 9)<br>Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 2) |
| HBOS PLC | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| JPMorgan Chase & Co. | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps<br>Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud<br>Count 7 – Negligent Misrepresentation<br>Count 8 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities<br>Count 6 – Aiding and Abetting Fraud | None | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issue 8)<br>Count 5 – Fraud relating to the swap agreement(s) (Issues 8 and 9) |

---

[21] Deutsche Bank AG notes that, per the Court's ruling in *LIBOR IV*, Defendant Deutsche Bank Securities, Inc. has been dismissed in its entirety from *Principal Funds*, and therefore it is not addressed in this chart.

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| | relating to the swap agreement(s) Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | | Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issues 8 and 9) Count 8 – Unjust Enrichment as to Interest Rate Swaps (Issue 8) |
| J.P. Morgan Securities LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Lloyds Banking Group plc | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| Lloyds Bank plc | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| Rabobank | Count 5 – Fraud Count 6 – Aiding and Abetting Fraud | None | None |
| RBS Group | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps Count 4 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 5 – Fraud Count 6 – Aiding and Abetting Fraud Count 7 – Negligent Misrepresentation Count 8 – Unjust Enrichment | None | None |
| RBS plc | Count 4 - Breach of Contract and Covenant of Good Faith and Fair Dealing for Variable-Rate Bonds and Asset-Backed Securities Count 6 – Aiding and Abetting Fraud relating to the swap agreement(s) Count 8 – Unjust Enrichment as to Variable-Rate Bonds and Asset Backed Securities | None | Count 3 – Breach of Contract and Covenant of Good Faith and Fair Dealing for Interest Rate Swaps (Issue 8) Count 5 – Fraud relating to the swap agreement(s) (Issue 9) Count 7 – Negligent Misrepresentation relating to the swap agreement(s) (Issue 9) Count 8 –Unjust Enrichment as to Interest Rate Swaps (Issue 8) |

| Principal Funds, Inc. et al. v. Bank of Am. Corp. et al., 13-cv-6013, S.D. Iowa | | | |
|---|---|---|---|
| **Defendant** | **Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone)** | **All Claims that the Parties Agree Survive** | **Claims in Dispute** |
| RBS Securities, Inc. | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178) | None | None |
| Royal Bank of Canada | Count 5 – Fraud<br>Count 6 – Aiding and Abetting Fraud | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not moving on PJ grounds |
| UBS Securities LLC | None (Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *177) | None | None |

| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.*, No. 14 Civ. 04189, D. N.J.[22] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | None | None |
| Bank of America, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment | None | None |

---

[22] As indicated below, in many instances the parties to the *Prudential* case agree that aiding and abetting fraud, intentional interference with contract, and intentional interference with prospective economic relations claims were fully dismissed under *LIBOR IV*. However, in at least some of the instances below there are potential disputes as to whether the dismissal was jurisdictional, merits-based, or both. Should that distinction ever prove relevant to any dispute, the parties to the *Prudential* case reserve the right to argue how the dismissal of these claims should be characterized. But for purposes of describing the current status of the case, such is unnecessary, so the claims are listed in the "dismissed" column.

| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.*, No. 14 Civ. 04189, D. N.J.[22] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | | |
| Merrill, Lynch, Pierce, Fenner & Smith Inc. | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| Barclays Bank PLC | Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | Count 1 – Fraud (fraudulent inducement only)<br>Count 6 – Breach of the Implied Covenant of Good Faith<br>Count 9 – Unjust Enrichment | None |
| Barclays PLC | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 6 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Breach of Contract<br>Count 8 – Breach of the Implied Covenant of Good Faith<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | None | None |
| Barclays Capital Inc. | All counts | None | None |

| Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al., No. 14 Civ. 04189, D. N.J.[22] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Citibank, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | None | None |
| Citigroup Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Funding Inc. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | None | None |
| Citigroup Global Markets Inc. | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| Credit Suisse Group AG | All counts | None | None |
| Credit Suisse AG | All counts | None | None |
| Credit Suisse (USA) Inc. | All counts | None | None |

| Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al., No. 14 Civ. 04189, D. N.J.[22] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Credit Suisse Securities (USA) LLC | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| Deutsche Bank AG | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| HSBC Finance Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| HSBC Securities (USA) Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| HSBC USA Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| HSBC Holdings PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation<br>Count 13 – Civil Conspiracy | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Intentional Interference with Contract<br>Count 4 – Intentional Interference with Prospective Economic Relations<br>Count 8 – Breach of the Implied Covenant of Good Faith and Fair Dealing (Obligors)<br>Count 9 – Unjust Enrichment<br>Count 12 – Negligent Misrepresentation | None | None |

| Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al., No. 14 Civ. 04189, D. N.J.[22] | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 13 – Civil Conspiracy | | |
| JPMorgan Securities LLC | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| RBS plc | All counts | None | None |
| RBS Securities, Inc. | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| Royal Bank of Canada | All counts | None | None |
| RBC Capital Markets, LLC | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| UBS Securities LLC | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |

| Regents of the Univ. of Cal. v. Bank of Am. Corp., et al., No. 13 Civ. 05186, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud and Deceit (Issues 1, 2, and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1, 2, and 10)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of the Implied Covenant of Good Faith (Issues 2 and 13)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Bank of America, N.A. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud and Deceit (Issues 1, 2, and 10)<br>Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11)<br>Count 3 – Negligent Misrepresentation (Issues 1, 2, and 10)<br>Count 4 – Breach of Contract (Issues 2 and 12)<br>Count 5 – Breach of the Implied Covenant of Good Faith (Issue 2)<br>Count 7 – Unjust Enrichment (Issue 2) |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract | None | None |

| Regents of the Univ. of Cal. v. Bank of Am. Corp., et al., No. 13 Civ. 05186, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| | Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | | |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | Count 6 –Interference with Economic Advantage | Count 1 – Fraud (swap-based only)<br>Count 3 – Negligent Misrepresentation<br>Count 5 – Breach of the Implied Covenant of Good Faith<br>Count 7 – Unjust Enrichment | Count 2 – Aiding and Abetting Fraud (Issue 11)<br>Count 4 – Breach of Contract (Issue 12) |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud | None | None |

| Regents of the Univ. of Cal. v. Bank of Am. Corp., et al., No. 13 Civ. 05186, N.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Count 3 – Negligent Misrepresentation<br>Count 4 – Breach of Contract<br>Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment |  |  |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| Salix Capital US Inc. v. Banc of Am. Sec. LLC, et al., No. 13 Civ. 04018, S.D.N.Y.23 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Merrill Lynch, Pierce, Fenner & Smith Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Barclays Bank PLC | Count 15 - Aiding and Abetting Fraud<br>Count 16 - Aiding and Abetting Fraud<br>Count 18 – Tortious Interference with Contract<br>Count 19 – Tortious Interference with Economic Advantage<br>Count 20 – Conspiracy to Commit Fraud<br>Count 21 – Conspiracy to Commit Fraud | Count 4 – Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 13 – Fraud<br>Count 17 - Unjust Enrichment/Restitution | None |
| Barclays Capital Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Global Markets Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Global Markets Ltd. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Credit Suisse Group AG | All counts | None | None |
| Credit Suisse AG | All counts | None | None |
| Credit Suisse International | Count 15, 16 - Aiding and Abetting Fraud<br>Count 18 - Tortious Interference with Contract<br>Count 19 - Tortious Interference with | None | Claims on behalf of FRV<br>Count 8 - Breach of Implied Covenant of Good Faith and Fair Dealing (Issue 13) |

[23] As indicated below, in many instances the parties to the *Salix* case agree that aiding and abetting fraud, tortious interference with contract, and tortious interference with prospective business relations claims were fully dismissed under *LIBOR IV*. However, in at least some of the instances below there are potential disputes as to whether the dismissal was jurisdictional, merits-based, or both. Should that distinction ever prove relevant to any dispute, the parties to the *Salix* case reserve the right to argue how the dismissal of these claims should be characterized. But for purposes of describing the current status of the case, such is unnecessary, so the claims are listed in the "dismissed" column.

100

| Salix Capital US Inc. v. Banc of Am. Sec. LLC, et al., No. 13 Civ. 04018, S.D.N.Y.23 | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Prospective Business Advantage<br>Count 20 - Civil Conspiracy<br>Count 21 - Civil Conspiracy<br>Count 22 – Violation of the Sherman Act |  |  |
| Credit Suisse Securities (USA) LLC | Not moving on PJ grounds | Not moving on PJ grounds | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| Deutsche Bank AG[24] | Count 15, 16 - Aiding and Abetting Fraud<br>Count 18 - Tortious Interference with Contract<br>Count 19 - Tortious Interference with Prospective Business Advantage<br>Count 20, 21 - Civil Conspiracy | Count 10 - Breach of Implied Covenant of Good Faith and Fair Dealing<br>Count 17 - Unjust Enrichment/Restitution<br>Count 13 – Fraud | None |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JPMorgan Securities LLC | None | None | Defendant Dismissed, *LIBOR IV*, 2015 WL 6243526, at *178. |
| RBS plc | All counts | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |

[24] Deutsche Bank AG notes that, per the Court's ruling in *LIBOR IV*, Deutsche Bank Securities, Inc. has been dismissed in its entirety from *Salix*, and therefore it is not addressed in this chart.

| | *San Diego Ass'n of Gov. v. Bank of Am. Corp., et al.*, No. 13 Civ. 05221, S.D. Cal. | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Count 6 – Interference with Economic Advantage | None | Count 1 – Fraud (Issues 1, 2 and 10) Count 2 – Aiding and Abetting Fraud (Issues 1, 2, 10, and 11) Count 3 – Negligent Misrepresentation (Issues 1, 2 and 10) Count 4 – Breach of Contract (Issues 2 and 12) Count 5 – Breach of Implied Covenant of Good Faith and Fair Dealing (Issues 2 and 13) Count 7 – Unjust Enrichment (Issue 2) |
| Bank of America, N.A. | Count 6 –Interference with Economic Advantage | Count 5 – Breach of the Implied Covenant of Good Faith Count 7 – Unjust Enrichment[25] | Count 1 – Fraud (Issues 1 and 10) Count 2 – Aiding and Abetting Fraud (Issues 1, 10, and 11) Count 3 – Negligent Misrepresentation (Issues 1 and 10) Count 4 – Breach of Contract (Issue 12) |
| Barclays Bank PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citibank, N.A. | Count 1 – Fraud and Deceit Count 2 – Aiding and Abetting Fraud | None | None |

---

[25] **San Diego Ass'n of Gov.'s Position:** Bank of America, N.A. ("BANA") concedes jurisdiction over these claims with respect to Plaintiff San Diego Association of Governments' ("SANDAG") swap with BANA, but apparently not with respect to SANDAG's swap with Merrill Lynch Capital Services, Inc. ("MLCS"). With respect to Bank of America's Position, Plaintiff requires jurisdictional discovery in order to ascertain the relationship, if any, between MLCS and BANA.

**Bank of America's Position**: While there is personal jurisdiction under *LIBOR IV* over SANDAG's implied covenant and unjust enrichment claims against BANA that are based on the swap contract between SANDAG and BANA, there is no personal jurisdiction over claims against BANA based on SANDAG's swap contract with non-party MLCS. *LIBOR IV*, 2015 WL 6243526, at *31, *75-76. Plaintiff's new request for jurisdictional discovery should be denied for the reasons laid out in Defendant's Position to Issue 4, above.

| San Diego Ass'n of Gov. v. Bank of Am. Corp., et al., No. 13 Civ. 05221, S.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|  | Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment |  |  |
| Citigroup Inc. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Credit Suisse Group AG | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| HSBC Bank PLC | All counts | None | None |
| JPMorgan Chase & Co. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| JPMorgan Chase Bank, N.A. | Count 1 – Fraud and Deceit<br>Count 2 – Aiding and Abetting Fraud<br>Count 3 – Negligent Misrepresentation<br>Count 6 – Interference with Economic Advantage<br>Count 7 – Unjust Enrichment | None | None |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| Portigon AG (f/k/a WestLB AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| RBS Group | All counts | None | None |

103

Case 1:11-md-02262-NRB   Document 1303   Filed 01/21/16   Page 106 of 107

| San Diego Ass'n of Gov. v. Bank of Am. Corp., et al., No. 13 Civ. 05221, S.D. Cal. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Royal Bank of Canada | All counts | None | None |
| Société Générale | All counts | None | None |
| UBS AG | All counts | None | None |
| Westdeutsche ImmobilienBank AG | All counts | None | None |

| *Triaxx Prime CDO 2006-1 Ltd., et al. v. Bank of Am. Corp., et al.*, No. 14 Civ. 146, S.D.N.Y. | | | |
|---|---|---|---|
| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Barclays PLC | All counts | None | None |
| BTMU | All counts | None | None |
| Citigroup, Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Credit Suisse Group AG | All counts | None | None |
| Credit Suisse Int'l | All counts | None | None |
| Deutsche Bank AG | All counts | None | None |
| HBOS PLC | All counts | None | None |
| HSBC Holdings PLC | All counts | None | None |
| JPMorgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| JPMorgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Lloyds Banking Group plc | All counts | None | None |
| Norinchukin Bank | All counts | None | None |
| WestLB AG (n/k/a Portigon AG) | All counts | None | None |
| Rabobank | All counts | None | None |
| Royal Bank of Canada | All counts | None | None |
| RBS Group | All counts | None | None |
| RBS plc | All counts | None | None |
| Societe Generale | All counts | None | None |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not Applicable |
| Westdeutsche ImmobilienBank AG | All counts | None | None |