**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S INTERNET ADDRESS
**danbrockett@quinnemanuel.com**

February 1, 2016

<u>ELECTRONICALLY FILED</u>

Honorable Naomi Reice Buchwald
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   <u>In re LIBOR-Based Financial Instruments Antitrust Litigation</u>, 11-MD-2262 (NRB)

Dear Judge Buchwald:

    We write in response to the defense argument that certain claims brought by the SEIU Pensions Master Trust are untimely because some of the privity-type class actions relied on for class action "tolling" had definitions that did not expressly refer to transactions with "Defendants *or affiliates*." MDL Dkt. 1269. We write on behalf of those Direct Action Plaintiffs that have raised "tolling" issues, and thus who have a vital interest in how the Court resolves tolling-related questions. Accordingly, we request permission to file this letter making three basic points that were not brought to the Court's attention in the exchange of letters by the parties to the OTC litigation.

    *First*, the argument that a "with Defendants" class definition must be strictly interpreted to affirmatively exclude transactions "with affiliates" would not just require revisiting *Libor V*, but could also be read as an attempt to re-litigate the "tolling" and timeliness conclusions of *Libor IV*. This is why we feel compelled to write despite not representing anyone in the OTC actions. This is also another reason why Defendants' request for a "correction" is procedurally infirm.

    *Second*, Defendants presume that the phrase "with Defendants" when used in a class definition need be interpreted hyper-technically. But in allowing "tolling" even as against entities not even named and as to claims not asserted, this Court has recognized the hallmark of class action "tolling" is notice. The class action complaints put the banks on notice that their wrongdoing was widespread. And it is clear that Libor-referencing instruments were harmed by

Honorable Naomi Reice Buchwald
February 1, 2016

Libor's manipulation in the same way *regardless* of who the counterparty was.  In such a setting, a rigid interpretation of "with Defendants" does not make sense.  *See Ashby v. Farmers Ins. Co. of Oregon*, 565 F. Supp. 2d 1188, 1194-95 (D. Or. 2008) (interpreting class defined as those with policies with "subsidiaries" to also include those with policies with "affiliates" because defendants were on notice of the claims).

*Third*, even if the *First* Amended Complaint in *Baltimore* was read in such a hyper-technical way, it is undisputed that the *Second* Amended Complaint expressly referenced transactions with "affiliates."  Even if the transactions were "new," an amendment to include additional transactions harmed by the same bad behavior "related back" to the original filing date under Rule 15.[1]  This fills in any purported "gap" in the time available for "tolling" claims tied to transactions entered into with affiliates.

We raise the issue of "relation back" even though it was not raised by SEIU because a ruling that overlooked its applicability could later be used by Defendants to undermine the conclusions reached in *Libor IV*.  This would be inappropriate, because the relation-back doctrine where it applies also impacts what "tolling" is available.[2]  If the law were otherwise, then the *Baltimore* SAC's assertion of "with affiliate" transactions would itself assert timely claims on behalf of named plaintiffs and absent class members—but a decision to opt out would trigger a different set of calculations that would negate the *same exact claims* when asserted outside *Baltimore* itself.  Such a result cannot be squared with the purposes of class action "tolling," or the Rules' protection of class members' opt-out rights.[3]

---

[1]  *See, e.g.*, *Thind v. Healthfirst Mgmt. Servs.*, 2015 WL 4554252, at *3 (S.D.N.Y. Jul. 29, 2015) (holding that class complaint with additional transactions related back because the original complaint put defendants on "adequate notice" of the "subject matter" of the litigation); *Dahl v. Bain Capital Partners, LLC*, 878 F. Supp. 2d 298, 300 (D. Mass. 2012) (allowing relation back for class definition with additional transactions encompassed by the overarching conspiracy); *New Jersey Carp. Vac. Fund v. Royal Bank of Scotland Grp.*, 720 F. Supp. 2d 254, 266-67 (S.D.N.Y. 2010) (claims in an amended class complaint that added new offerings related back to the date of the original complaint because based on the "same core factual allegations"); *Teamsters Local 445 Freight Div. Pens. Fund v. Bombardier Inc.*, 2005 WL 2148919, at *10-11 (S.D.N.Y. Sept. 6, 2005) (expanded class complaint with additional transactions related back because "based on the same conduct alleged in the original Complaint—a fraudulent scheme to misrepresent the quality of underwriting").

[2]  *See, e.g.*, *Phillips v. WellPoint, Inc.*, 900 F. Supp. 2d 870, 881-85 (S.D. Ill. 2012) (amended class complaint related back to original complaint, and thus claims against the newly added defendants were tolled as of the date of the original complaint); *Bontempo v. Wolpoff v. Abramson, L.L.P.*, 2007 WL 3174050, at *5 (W.D. Pa. Oct. 29, 2007) (amended complaint with new sub-classes related back to original, and "the original complaint tolled the claims of the newly defined sub-classes").

[3]  For instance, the 2003 amendment to Rule 23 provides that a court may refuse to approve a post-certification settlement unless it provides a new opt-out opportunity.  *See* Fed. R. Civ. Pro. 23(e)(4).  This right would be illusory for many *Baltimore* class members if the viability of "tolling" did not track the viability of "relation back" in the *Baltimore* action itself.

Honorable Naomi Reice Buchwald
February 1, 2016

      Thus, we respectfully request that, for the reasons set forth by the SEIU plaintiffs as well as those above, the Court refuse the request to "correct" how it reached its timeliness conclusions in *Libor V*. In the alternative, we request that the Court make clear any refusal to allow the inclusion of SEIU as a named plaintiff does not affect the Court's conclusions reached as to the Direct Action Plaintiffs in *Libor IV*.

Respectfully submitted,


 /s/ *Daniel L. Brockett*
Daniel L. Brockett
QUINN EMANUEL URQUHART & SULLIVAN, LLP


cc:    All Counsel of Record (via ECF)