# Exhibit A

**Spreadsheet of Lender Action Claims Dismissed on Grounds of Personal Jurisdiction Pursuant to *LIBOR IV* and *LIBOR V***

**Column Entitled: "All Claims that the Parties Agree Survive."** This column identifies all claims that remain in the case at this time against each Defendant named in the Lender Action (or whether those Defendants did not move on personal jurisdiction grounds). The Court asked the parties to provide "a spreadsheet containing a list of claims [against banks and affiliated defendants] that, in accordance with [our general rulings], are dismissed on jurisdictional grounds" in the Lender Action. *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 2015 WL 6696407, at *8 (S.D.N.Y. Nov. 3, 2015) ("*LIBOR V*"). The parties agree that the Court's requested spreadsheet does not apply to claims dismissed on the merits alone or statute of limitations grounds alone. Defendants reserve the right to argue in the future, if necessary, that claims dismissed on other grounds are also subject to dismissal under the Court's personal jurisdiction holdings.

If a claim is listed as "surviving," that does not necessarily mean that the entirety of the claim survives. For example, if a portion of the claim was dismissed on statute of limitation grounds, the spreadsheet does not identify the time periods that survived.

**Column Entitled: "Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone or Statute of Limitations Grounds Alone)."** This column identifies all claims that the parties agree were dismissed on personal jurisdiction grounds (as set forth at *LIBOR V*, at *8). The column does not, however, identify claims that to date have been dismissed on merits alone or statute of limitations grounds alone, though the parties do not believe there are any such claims. With respect to these claims, Defendants reserve the right to argue at a later date, if necessary, about the applicability of the Court's personal jurisdiction holdings.

**Column Entitled: "Claims in Dispute."** In some instances, the parties disagree about what claims were dismissed on personal jurisdiction grounds. Claims that are in dispute are included in this column.

1

Parties' Positions with Respect to Each Dispute

| Issue | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| 1 | **Claims for Which Plaintiffs Are Not Entitled to Jurisdictional Discovery (Claim Should Be Listed as Dismissed on Personal Jurisdictional Grounds).**  These are claims where Plaintiffs contend that they are entitled to jurisdictional discovery and, therefore, dismissal of these claims is premature. Plaintiffs have not established a *prima facie* basis for the exercise of personal jurisdiction and accordingly are not entitled to any jurisdictional discovery, both for the reasons set forth in Defendants' letters to the Court on December 10, 2015 (Dkt. No. 1253) and January 28, 2016, (Dkt. No. 1306), and for the reasons the Court cited in denying Direct Action Plaintiffs' request for such discovery (Dkt. No. 1267). Plaintiffs should not be able to delay or avoid dismissal based on unsubstantiated and previously-rejected demands for additional information. The claims should be dismissed forthwith.  Plaintiffs claim they require discovery as to where LIBOR was "determined or transmitted." The Court denied a similar request made by Direct Action Plaintiffs in its December 23 order, holding that the question of where a LIBOR submission was determined or transmitted has "one or at most two straightforward answers and does not require the expansive discovery sought by Plaintiffs." (Dkt. No. 1267). The result here should be the same. In any event, defendants have already provided this information in the declarations submitted with their Rule 12(b)(2) motions to dismiss based on personal jurisdiction. (Dkt. No. 977; *see also* Dkt. No. 1253 (addressing why defendants have already provided the information sought by Plaintiffs)). | **Claims for Which Plaintiffs Are Entitled to Jurisdictional Discovery (Claim Should Not Be Listed as Dismissed on Personal Jurisdictional Grounds)**  The Court upheld Lender Plaintiffs' fraud claims based upon "Persistent Suppression" against Panel Banks, and the Court held that it would uphold personal jurisdiction for these fraud claims against panel banks on the basis of their allegedly false LIBOR submissions "where the LIBOR submission was determined or transmitted." *LIBOR IV*, 2015 WL 6243526, at *37 (Amended Memorandum and Order) (S.D.N.Y. Oct. 20, 2015).  Certain plaintiffs requested by letter to the Court (Dkt. No. 1242) that certain jurisdictional discovery be allowed, regarding where Defendants "determined" their LIBOR submissions, and where LIBOR-linked instruments were "issued". The Court denied plaintiffs' proposed discovery requests in its December 23, 2015 ruling. (Dkt. No. 1267). In briefing and letters to the Court (Dkt Nos. 1111, 1285, 1286), plaintiffs in the Exchange-Based Action ("Exchange Plaintiffs") requested that certain jurisdiction discovery be allowed regarding where Panel Banks' LIBOR submissions were "determined or transmitted", including the location of all offices from which submissions were made; whether these locations changed over time during the Class Period; and where all bank officials that determined or influenced LIBOR submissions were located. Exchange Plaintiffs also sought jurisdictional discovery to determine the location of all persons that requested submitters to manipulate LIBOR, as well as the location of the submitters and the location to |

2

| | |
|---|---|
| Plaintiffs contend further that "Defendants' declarations do not supply all of the information that the Court has stated is relevant under *LIBOR IV* and *LIBOR V*," but this Court has already rejected similar arguments. For example, the Direct Action plaintiffs argued that defendants' declarations were inadequate in a November 23, 2015 letter (Dkt. No. 1242), but the Court rejected this argument on December 23, 2015. (Dkt. No. 1267). For the reasons stated in defendants' January 28, 2016 letter (Dkt. No. 1306), Plaintiffs have failed to articulate any basis for why those prior rulings should be revisited. | which the submitter aimed its conduct or intended an effect on a trading position. To date, the Court has not yet ruled on Exchange Plaintiffs' request for jurisdictional discovery. Plaintiffs in the Lender Action ("Lender Plaintiffs") hereby join the request for jurisdictional discovery.<br><br>The Court's December 23, 2015 discovery order in the related Direct Action Plaintiffs' Cases (Dkt. No. 1267) further specified that "[w]ith respect to the location from which the LIBOR submission was transmitted or determined, *LIBOR IV* contemplated a geographical response: from what office was the submission made, and/or if the submitter was directed by another bank official, where was that official's office located?" Lender Plaintiffs need jurisdictional discovery to determine the location of all offices from which submissions were made; whether these locations changed over time during the Class Period; and where all bank officials that determined or influenced LIBOR submissions were located.<br><br>Lender Plaintiffs are not in a position, without jurisdictional discovery, to state whether fraud claims based on persistent suppression against the Panel Banks that are challenging this Court's jurisdiction are dismissed or upheld on jurisdictional grounds. Before discovery, a plaintiff need only allege facts that support (not prove) a *prima facie* basis for jurisdiction. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). At a minimum, Lender Plaintiffs' fraud allegations are sufficient to entitle them to conduct discovery regarding where the Panel Banks' suit-related conduct actually occurred.<br><br>Lender Plaintiffs will meet and confer with Defendants re- |

garding their belief that Defendants' declarations do not supply all of the information that the Court has stated is relevant under *LIBOR IV* and *LIBOR V*. For example, Citibank has declared that its LIBOR submissions were made by employees in London (Dkt. No. 763, ¶4), but as set forth in Exchange Plaintiffs' January 5, 2016 letter, there is recently disclosed evidence of internal communications between Andrew Thursfield, Citigroup's London-based head of European risk treasury desk, and Scott Bere, the New York-based head of Citibank's North American Treasury unit, and internal communications between Citi's LIBOR submitter and a New York-based Senior U.S. Dollar Trader to determine Citibank's LIBOR submissions.

4

*Berkshire Bank v. Bank of Am. Corp.*, No. 12-cv-5723, S.D.N.Y.

| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone or Statute of Limitations Grounds Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|---|---|---|---|
| Bank of America Corp. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Bank of America, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| BBA | Count 1 – Fraud [1]<br>Count 2 – Civil Conspiracy to Commit Fraud | None | None |
| BBA Enterprises LTD | Count 1 – Fraud<br>Count 2 – Civil Conspiracy to Commit Fraud | None | None |
| BBA LIBOR LTD | Count 1 – Fraud<br>Count 2 – Civil Conspiracy to Commit Fraud | None | None |
| Barclays Bank PLC | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| BTMU | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Citibank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Citigroup, Inc. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| CSGAG | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Deutsche Bank AG | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| HBOS PLC | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| HSBC Bank PLC | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |

---

[1] The BBA Defendants' position is that both the LIBOR marketing and data publishing fraud claims are subject to dismissal on personal jurisdiction grounds under *LIBOR IV*. This position applies to all cases in which the BBA Defendants are named.

5

*Berkshire Bank v. Bank of Am. Corp.*, No. 12-cv-5723, S.D.N.Y.

| Defendant | Claims that the Parties Agree Are Dismissed on PJ Grounds (Excludes Claims the Parties Agree Were Dismissed on Merits Alone or Statute of Limitations Grounds Alone) | All Claims that the Parties Agree Survive | Claims in Dispute |
|---|---|---|---|
| HSBC Holdings PLC | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| JP Morgan Chase & Co. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| JP Morgan Chase Bank, N.A. | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| Lloyds Banking Group plc | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Norinchukin Bank | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Portigon AG (f/k/a WestLB AG) | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Rabobank | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| Royal Bank of Canada | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| RBS Group plc | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |
| UBS AG | Not moving on PJ grounds | Not moving on PJ grounds | Not applicable |
| WestdeutscheImmobilien Bank AG | Count 2 – Civil Conspiracy to Commit Fraud | None | Count 1 – Fraud (Issue 1) |