USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/11/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LIBOR-BASED FINANCIAL
INSTRUMENTS ANTITRUST LITIGATION

MDL No. 2262

THIS DOCUMENT RELATES TO:

Case No. 1:13-cv-7005-NRB

THE CHARLES SCHWAB CORPORATION,
*et al.*,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION,
*et al.*,

Defendants.

Master File No. 1:11-md-2262-NRB

ECF Case

**JUDGMENT**

WHEREAS, on April 29, 2013, Plaintiffs The Charles Schwab Corporation, Charles

Schwab Bank, N.A., Charles Schwab & Co., Inc., Schwab Short-Term Bond Market Fund,

Schwab Total Bond Market Fund, Schwab U.S. Dollar Liquid Assets Fund, Schwab Money

Market Fund, Schwab Value Advantage Money Fund, Schwab Retirement Advantage Money

Fund, Schwab Investor Money Fund, Schwab Cash Reserves, Schwab Advisor Cash Reserves,

Schwab YieldPlus Fund, and Schwab YieldPlus Fund Liquidation Trust (collectively, the

"Schwab Plaintiffs" or "Plaintiffs") commenced the above-referenced action (the "2013 Schwab

Action") in California state court, asserting claims against defendants Bank of America

Corporation; Bank of America, N.A.; Barclays Bank PLC; The Bank of Tokyo-Mitsubishi UFJ

Ltd.; Citibank, N.A.; Citigroup Inc.; Credit Suisse Group AG; Deutsche Bank AG; HBOS PLC;

HSBC Holdings PLC; HSBC Bank PLC; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.;

Lloyds Banking Group plc; The Norinchukin Bank; Portigon AG (f/k/a WestLB AG);

1

Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); The Royal Bank of Scotland Group plc; Royal Bank of Canada; UBS AG; and Westdeutsche ImmobilienBank AG (collectively "Defendants");

WHEREAS, Defendants subsequently removed the 2013 Schwab Action to the United States District Court for the Northern District of California and successfully moved to transfer it to this Court for pretrial purposes under 28 U.S.C. § 1407;

WHEREAS, by Memorandum and Order entered on December 30, 2013, this Court denied the Schwab Plaintiffs' motion to remand the 2013 Schwab Action to California state court;

WHEREAS, on October 6, 2014, the Schwab Plaintiffs filed an Amended Complaint in the 2013 Schwab Action asserting the following claims, against all Defendants: (i) fraud, deceit, and concealment (collectively, "fraud"); (ii) aiding and abetting fraud; (iii) violation of Section 17200 of the California Business and Professions Code ("UCL"); (iv) interference with prospective economic advantage ("tortious interference"); (v) breach of the implied covenant of good faith and fair dealing ("breach of the implied covenant"); (vi) violation of Sections 25400 and 25401 (and related provisions) of the California Corporations Code ("California Blue Sky Law"); (vii) rescission of contract; (viii) unjust enrichment; (ix) violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as Rule 10b-5 promulgated by the United States Securities and Exchange Commission; and (x) violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"); and Plaintiffs also allege that Defendants engaged in a conspiracy;

2

WHEREAS, on November 5, 2014, Defendants moved to dismiss the Schwab Plaintiffs' claims in the 2013 Schwab Action as well as claims asserted by other plaintiffs in these multidistrict proceedings (the "November 2014 Motions to Dismiss");

WHEREAS, the Schwab Plaintiffs opposed the November 2014 Motions to Dismiss (to the extent those motions were directed at the Schwab Plaintiffs' claims) except with respect to Plaintiffs' Securities Act claims, which Plaintiffs agreed to dismiss in light of controlling Second Circuit authority regarding the applicable statute of "repose";

WHEREAS, on October 20, 2015, the Court issued an Amended Memorandum and Order ("*LIBOR IV*") addressing the November 2014 Motions to Dismiss;

WHEREAS, under *LIBOR IV*, (i) the Schwab Plaintiffs' claims for fraud, aiding and abetting fraud, tortious interference, breach of the implied covenant, and unjust enrichment were dismissed in their entirety under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and were otherwise dismissed in part under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (ii) the Schwab Plaintiffs' Exchange Act, California Blue Sky Law, UCL, and rescission claims were dismissed in their entirety under Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, in light of *LIBOR IV*, the Schwab Plaintiffs have requested entry of judgment in the 2013 Schwab Action, and Defendants do not oppose the Schwab Plaintiffs' request;

**IT IS NOW ORDERED, ADJUDGED, AND DECREED** that, for the reasons stated in *LIBOR IV*, the 2013 Schwab Action is dismissed in its entirety. This judgment is entered only with respect to the 2013 Schwab Action and does not apply to any other actions in these

3

multidistrict proceedings, including those bearing Case Nos. 1:11-cv-6409-NRB, 1:11-cv-6411-NRB, and 1:11-cv-6412-NRB.

     This judgment will be reported to the United States Judicial Panel on Multidistrict Litigation and the United States District Court for the Northern District of California.

Dated: New York, New York
     April 11 , 2016

                                      BY: _____
                                    United States District Judge