UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

LIBOR-Based Financial Instruments          **MEMORANDUM AND ORDER**
Antitrust Litigation.
                                              11 MD 2262 (NRB)
This Document Applies to:

CASES LISTED IN APPENDIX.

------------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    The Exchange-Based, Lender, and Direct Action Plaintiffs
request jurisdictional discovery to determine, in accordance
with our decisions in LIBOR IV and LIBOR V, whether this Court
may exercise personal jurisdiction over certain defendants.  In
those decisions, we upheld personal jurisdiction for fraud and
Commodity Exchange Act claims against panel banks "where the
LIBOR submission was determined or transmitted" and, for trader-
based claims, we additionally upheld personal jurisdiction "in
the location of the person who requested the submitter to engage
in manipulation."  LIBOR IV, 11 MD 2262, 2015 WL 6243526, at
*38, 2015 U.S. Dist. LEXIS 147561, at **189-90 (S.D.N.Y. Oct.
20, 2015); see also LIBOR V, 11 MD 2262, 2015 WL 6696407, at *8,
2015 U.S. Dist. LEXIS 149629, at **66-67 (S.D.N.Y. Nov. 3,
2015).  For the reasons stated herein, plaintiffs' requests are
granted in part and denied in part.

Plaintiffs' requests for jurisdictional discovery must be evaluated in the context of the jurisdictional information previously provided by the defendants. Specifically, in connection with the motions to dismiss the Direct Action Plaintiffs' complaints for lack of personal jurisdiction, defendants submitted affidavits regarding, _inter alia_, the location of their LIBOR submission and decisionmaking activities. When briefing the motion to dismiss the putative class actions for lack of personal jurisdiction, defendants resubmitted these declarations in support of their motion.

In _LIBOR V_, this Court directed the Exchange-Based Plaintiffs, Lender Plaintiffs, and defendants moving to dismiss for lack of personal jurisdiction to submit a chart identifying the claims dismissed on personal jurisdiction grounds. _LIBOR V_, 2015 WL 6696407, at *8, *20, 2015 U.S. Dist. LEXIS 149629, at *67, **99-100. In addition, the Exchange-Based Plaintiffs have proposed a Third Amended Complaint, which includes additional jurisdictional allegations and names new defendants, some of whom have challenged this Court's jurisdiction. Further, in two recent decisions, this Court held that the Exchange-Based Plaintiffs had not put forth a _prima facie_ showing of personal

jurisdiction over certain defendants for claims relating to the persistent suppression of LIBOR.[1]

Both the Exchange-Based and Lender Plaintiffs contend that no Commodity Exchange Act or fraud[2] claims should be dismissed prior to jurisdictional discovery. The Exchange-Based Plaintiffs have requested jurisdictional discovery to determine "the location of all offices from which submissions were made; whether these locations changed over time during the Class Period; . . . where all bank officials that determined or influenced LIBOR submissions were located[;] . . . the location of all persons that requested submitters to manipulate LIBOR, as well as the location of the submitters and the location to which the submitter aimed its conduct or intended an effect on a trading position." Kurtzberg Letter, Ex. B at 3, March 10, 2016, ECF No. 1339. These plaintiffs assert that the affidavits submitted by defendants are insufficient. In addition, the Exchange-Based Plaintiffs seek jurisdictional discovery "to determine whether bank affiliates or subsidiaries based in the U.S. engaged in aiding and abetting of Panel Banks' alleged

---

[1] Bank of Tokyo-Mitsubishi UFJ, Ltd.; Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) ("Rabobank"); Credit Suisse AG;  Credit Suisse Group AG; Deutsche Bank AG ("Deutsche Bank"); DB Group Services (UK) Ltd.; HBOS plc; HSBC Bank plc; HSBC Holdings plc; ICAP plc; ICAP Europe Limited; Lloyds Banking Group plc; Lloyds Bank plc; The Norinchukin Bank; Portigon AG (f/k/a WestLB AG); Royal Bank of Canada; The Royal Bank of Scotland Group plc; The Royal Bank of Scotland plc; Tullet Prebon plc; and Westdeutsche Immobilien Bank AG.

[2] Other than fraud claims against the British Bankers' Association, BBA Enterprises Ltd., and BBA LIBOR Ltd.

false LIBOR submissions" and "to determine whether a LIBOR requester traded in Eurodollar futures or options, or other positions linked to the same IMM fixes to which Eurodollar futures and options settle" in order to "help to establish which forum the requester's and submitter's conduct was aimed or intended." Id. at 6-7. The Lender Plaintiffs join the requests for jurisdictional discovery related to persistent suppression.

In LIBOR IV, "due to the sheer number of allegations and the lack of clarity in many complaints as to which claims [were] alleged against which defendants . . . we direct[ed] the parties to confer and provide us with a spreadsheet containing a list of claims that, in accordance with [our] conclusions . . . are dismissed on jurisdictional grounds." LIBOR IV, 2015 WL 6243526, at *37, 2015 U.S. Dist. LEXIS 147561, at *186 (S.D.N.Y. Oct. 20, 2015). In order to supplement the already filed spreadsheet, the Direct Action Plaintiffs, who assert, inter alia, state law fraud claims based on defendants' alleged persistent suppression of LIBOR, seek discovery as to where defendants made and determined their LIBOR submissions. They point out that some defendants never submitted an affidavit identifying the location of their LIBOR submitters and decisionmakers and contend that some affidavits do not include critical information. Further, they assert that it is not clear that defendants' declarations, submitted prior to this Court's

4

jurisdictional rulings, use "determined" in the same way as this Court.

With respect to persistent suppression claims, defendants contend that their affidavits provide the information that plaintiffs request.   With respect to trader-based claims, defendants contend that, without a valid claim, plaintiffs may not seek jurisdictional discovery.   Regarding the Exchange-Based Plaintiffs' request for information regarding the Eurodollar futures holdings of requesters, defendants argue that plaintiffs, who have not shown that defendants aimed their LIBOR-manipulation at the United States, may not seek discovery in order to enable them to make out a <u>prima facie</u> showing of personal jurisdiction.

## DISCUSSION

"A district court has wide latitude to determine the scope of discovery and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." <u>Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic</u>, 582 F.3d 393, 401 (2d Cir. 2009) (alterations, citations, and internal quotation marks omitted).   While a district court may permit jurisdictional discovery even if a plaintiff has not made out a <u>prima facie</u> case of personal jurisdiction, <u>Ehrenfeld v. Mahfouz</u>, 489 F.3d 542, 550 n.6 (2d Cir. 2007), a plaintiff should "first make a

threshold showing that there is some basis for the assertion of jurisdiction." <u>Daval Steel Prods. v. M.V. Juraj Dalmatinac</u>, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).

We largely agree with defendants that the affidavits regarding the LIBOR submission activities of the panel banks provide sufficient information to determine whether personal jurisdiction exists under our rulings in <u>LIBOR IV</u> and <u>LIBOR V</u> without resort to jurisdictional discovery. For the most part, these affidavits clearly state that LIBOR submissions were made and determined outside of the United States. However, the declarations submitted on behalf of Citigroup Inc., Citibank, N.A., Citigroup Global Markets, Inc., Citigroup Financial Products Inc., Citigroup Funding Inc., and Citi Swapco Inc. (together, the "Citi defendants");[3] JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan Dublin plc, and Chase Bank USA, N.A.; and The Royal Bank of Scotland Group plc and The Royal Bank of Scotland plc lack information regarding where these banks determined LIBOR and only identify the location from which these defendants transmitted their LIBOR submissions. These defendants should submit updated affidavits identifying where they determined

---

[3] Because the Judicial Panel on Multidistrict Litigation transferred several of the Direct Action Plaintiffs' cases from courts in other states and we therefore "analyze whether personal jurisdiction exists . . . in the transferor court," <u>LIBOR IV</u>, 2015 WL 6243526, at *22, 2015 U.S. Dist. LEXIS 147561, at *141, several defendants who do not challenge personal jurisdiction in the United States generally do challenge jurisdiction in one or more specific states.

LIBOR during the relevant time periods. Further, Bank of America, N.A., which did not provide an affidavit in the first instance, should submit an affidavit identifying the locations in which it determined and transmitted its LIBOR submissions. The Direct Action Plaintiffs also contend that HSBC Bank plc and HSBC Holdings plc (together, the "HSBC defendants") did not identify the location of their LIBOR submissions and determinations. However, the affidavit on behalf of HSBC Bank plc states that it has no "offices, branches, or other regular place of business . . . in any . . . state in the United States," Decl. of Nicola S. Black, ECF No. 790, while HSBC Holdings plc stated that it is not a panel bank, all of which implies that HSBC Bank plc made its LIBOR determinations and submissions outside of the United States. While we are inclined to find the current state of the record sufficient, to avoid any issue, we direct the HSBC defendants to submit an affidavit in conformity with the Court's articulated standard.

With respect to the remaining defendants challenging this Court's jurisdiction, plaintiffs' submissions do not identify facts that indicate that discovery could show that those defendants determined or submitted LIBOR in forums that would allow this Court to exercise personal jurisdiction. First, contacts sufficient to assert personal jurisdiction over defendants for trader-based claims do not suffice as a threshold

showing with respect to persistent suppression claims. For example, that a panel bank employee in New York requested a LIBOR submission beneficial to his or her trading position on one day — or on many days — does not suggest that reputation-based LIBOR suppression originated in New York or anywhere else in the United States. Plaintiffs have argued that this distinction between trader-based and persistent suppression claims is artificial. They have supported this argument by pointing to evidence that certain panel banks such as Deutsche Bank and Rabobank engaged in routine trader-based manipulation, but have failed to link this activity to reputation-oriented persistent suppression, except to note that they occurred over the same time period or that a derivatives trader was aware of persistent suppression. However, such "connections" are plainly insufficient to attribute the jurisdictional contacts of one scheme, undertaken to increase the profits or stem the losses of derivative traders, to the other, undertaken to bolster the perception of the panel banks' creditworthiness.

Second, the fact of significant activity, by a defendant or its affiliates, in this country, combined with some evidence of LIBOR manipulation in London, provides no indication that the LIBOR determination and submission process occurred any place other than outside the United States. Finally, evidence indicating that a New York-based employee of one of the Citi

8

defendants influenced that bank's LIBOR submissions does not indicate that other defendants' affidavits are somehow deficient. Rather, this fact is not inconsistent with the Citi defendants' affidavit, which states only that its LIBOR submissions were made in London and does not address where the determinations were made, resulting in our direction that the Citi defendants supplement their submission. Further, this alleged conduct does not implicate the LIBOR-related decisionmaking process of any other entity. In sum, while in the typical case we might order jurisdictional discovery where pertinent jurisdictional facts lie solely within the defendants' possession, plaintiffs have simply not identified any reason to think that banks headquartered in Japan, the Netherlands, Canada, Germany, the UK, and Switzerland made determinations as to expected interbank borrowing rates in London anywhere other than London or the country in which they are domiciled.

With respect to trader-based claims, plaintiffs may not obtain jurisdictional discovery with respect to defendants against whom they have not stated a claim. Regarding the defendants against whom plaintiffs have stated a trader-based claim, jurisdictional discovery is unnecessary, as this Court may exercise personal jurisdiction over those defendants with respect to those claims, and further discovery identifying other such claims is properly conducted during merits discovery.

Plaintiffs' related request to determine whether a requester traded in Eurodollar futures or options in order to determine the forum at which the submitter and requester aimed their conduct is denied, as plaintiffs have not identified any reason to believe that Deutsche Bank's or Rabobank's requesters or submitters traded such instruments. To the extent that merits discovery uncovers any such evidence, plaintiffs may seek leave to amend their complaint.

The Exchange-Based Plaintiffs request for discovery to determine whether United States-based related entities aided and abetted the panel banks' allegedly illegal activity is denied. Plaintiffs have not pleaded facts or submitted supporting material that suggests that any panel bank's United States-based affiliate played a role in that bank's alleged persistent suppression of LIBOR.

Finally, with respect to the interdealer broker defendants, ICAP plc, ICAP Europe Limited, and Tullet Prebon plc, plaintiffs have not pleaded any facts indicating that these defendants engaged in any suit-related conduct in or directed towards the United States with respect to persistent suppression claims. Rather, plaintiffs only allege broadly that these defendants have significant operations in the United States, which, without more, is insufficient to subject these defendants to the jurisdiction of this Court.

10

Therefore, Commodity Exchange Act and fraud claims based on persistent suppression are dismissed as to the following defendants in the listed cases:

| Case | Dismissed Defendants |
|---|---|
| Metzler Inv. GmbH v. Credit Suisse Grp. AG, No. 11-cv-2613 (NRB) (S.D.N.Y.) | Bank of Tokyo-Mitsubishi UFJ, Ltd.; Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.); Credit Suisse AG; Credit Suisse Group AG; Deutsche Bank AG; DB Group Services (UK) Ltd.; HBOS plc; ICAP plc; ICAP Europe Limited; Lloyds Banking Group plc; Lloyds Bank plc; The Norinchukin Bank; Portigon AG (f/k/a WestLB AG); Royal Bank of Canada; Tullet Prebon plc; Westdeutsche Immobilien Bank AG |
| Berkshire Bank v. Bank of Am. Corp., No. 12-cv-5723 (NRB) (S.D.N.Y.) | Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank plc; Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.); Credit Suisse Group AG; Deutsche Bank AG; HBOS plc; Lloyds Banking Group plc; The Norinchukin Bank; Portigon AG (f/k/a WestLB AG); Royal Bank of Canada; Westdeustsche Immobilien Bank AG |

The remaining jurisdictional disputes regarding the Direct Action Plaintiffs' claims will be resolved in a forthcoming Memorandum and Order.  This Memorandum and Order terminates docket nos. 1339, 1349, and 1353.

**IT IS SO ORDERED.**

Dated:  New York, New York
        April 28, 2016

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

12

## **APPENDIX**

This Memorandum applies to the following cases:

| CASE NAME | CASE NO. |
|---|---|
| In re Libor-Based Financial Instruments Antitrust Litigation | 11-md-2262 |
| Metzler Inv. GmbH v. Credit Suisse Grp. AG et al. | 11-cv-2613 |
| Berkshire Bank v. Bank of Am. Corp. et al. | 12-cv-5723 |
| City of Riverside et al. v. Bank of America Corp. et al. | 13-cv-0597 |
| County of San Mateo et al. v. Bank of America Corp. et al. | 13-cv-0625 |
| East Bay Municipal Utility District v. Bank of America Corp. et al. | 13-cv-0626 |
| City of Richmond et al. v. Bank of America Corp. et al. | 13-cv-0627 |
| County of San Diego v. Bank of America Corp. et al. | 13-cv-0667 |
| Amabile et al. v. Bank of America Corp. et al. | 13-cv-1700 |
| Maragos v. Bank of America Corp. et al. | 13-cv-2297 |
| Federal Home Loan Mortgage Corp. v. Bank of America Corp. et al. | 13-cv-3952 |
| Salix Capital US Inc. et al. v. Banc of America Securities LLC et al. | 13-cv-4018 |
| Regents of the University of California v. Bank of America Corp. et al. | 13-cv-5186 |

| County of Sonoma et al. v. Bank of America Corp. et al. | 13-cv-5187 |
|---|---|
| San Diego Association of Governments v. Bank of America Corp. et al. | 13-cv-5221 |
| CEMA Joint Venture v. RBS Citizens, N.A. et al. | 13-cv-5511 |
| County of Sacramento v. Bank of America Corp. et al. | 13-cv-5569 |
| City of Houston v. Bank of America Corp. et al. | 13-cv-5616 |
| Principal Funds, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6013 |
| Principal Financial Group, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6014 |
| City of Philadelphia v. Bank of America Corp. et al. | 13-cv-6020 |
| National Credit Union Administration Board v. Credit Suisse Group AG et al. | 13-cv-7394 |
| Federal National Mortgage Ass'n v. Barclays Bank plc et al. | 13-cv-7720 |
| County of Mendocino v. Bank of America Corp. et al. | 13-cv-8644 |
| Darby Financial Products et al. v. Barclays Bank plc et al. | 13-cv-8799 |
| Triaxx Prime CDO 2006-1 Ltd. et al. v. Bank of America Corp. et al. | 14-cv-0146 |
| Federal Deposit Insurance Co. et al. v. Bank of America Corp. et al. | 14-cv-1757 |

| | |
|---|---|
| Bay Area Toll Authority v. Bank of America Corp. et al. | 14-cv-3094 |
| Prudential Investment Portfolios 2 et al. v. Bank of America Corp. et al. | 14-cv-4189 |