# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
 Roger W. Kirby
 Alice McInerney

May 17, 2016

**VIA ECF & HAND DELIVERY**

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

   Re: *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
     No. 11 Civ. 2613 (NRB), Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

  We are interim co-lead counsel for the Exchange-Based Plaintiffs ("Plaintiffs") and respectfully request a pre-motion discovery conference for leave to file a motion to compel the production of documents in connection with Plaintiffs' document requests.[1]  Despite numerous meet and confer conferences, Defendants[2] continue to impose artificial limitations on the production of emails and other communications that were produced to government regulators. *See* Ex. A, Request No. 38.[3]  Namely, Defendants have refused to produce these documents for a period broader than Plaintiffs' Class Period, even though certain Defendants have already produced a larger subset of these documents to other parties in related actions in this litigation – to the exclusion of Plaintiffs.

  By arbitrarily designating what should and should not be produced, Defendants have improperly created barriers to cooperation among the plaintiff groups.  *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 413 (S.D.N.Y. 2014) (observing that the MDL promotes efficiency, minimizes the risks of inconsistent rulings and reduces the unnecessary duplication of efforts).  *See also* ECF No. 1410 (Direct Action Plaintiffs Discovery Letter dated May 16, 2016).

  Instead of simply producing the materials previously produced to government regulators, each of the Defendants has confined their production of underlying communications as follows:

---

[1] *See* Plaintiffs' Requests for Production and Defendants' Responses and Objections, attached hereto as Exs. A-F.

[2] "Defendants" include Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeeisen-Boerenleenbank B.A.) ("Rabobank"), Bank of America Corporation and Bank of America, N.A. ("Bank of America"), UBS AG ("UBS"), JPMorgan Chase & Co., JPMorgan Chase Bank N.A. ("JPMorgan"), Citigroup Inc., and Citibank, N.A. ("Citi"), and Deutsche Bank AG and DB Group Services (UK), Ltd. (collectively "Deutsche Bank").

[3] Defendants generally produced documents and communications to regulators for a period beginning in January 1, 2005, according to the Defendants.  Here, Plaintiffs only seek Defendants' documents and communications that **were previously produced to regulators**, although the overall scope of the Requests are broader and further disputes regarding production may arise.  *See* Ex. A, Requests Nos. 38-40.  Plaintiffs continue to meet and confer with these and other Defendants regarding their productions concerning additional issues not covered by this letter.

Kirby **McInerney LLP**
Honorable Naomi Reice Buchwald
May 17, 2016
Page 2

1. **Bank of America, UBS, JPMorgan, and Citi** have limited production of their underlying communications to Period Three, encompassing only April 15, 2009 through May 31, 2010, despite the entire period's relevance to the suppression case and having produced additional documents to other plaintiffs in this MDL. *See* Defs.' Responses to Request No. 38 (Exs. C-F).[4]

2. **Rabobank** has refused to produce underlying communications previously produced to regulators except for materials "dated or created" during Period Zero from January 1, 2005 through August 8, 2007. *See* Ex. B, Rabobank's Response to Request No. 38.

3. **Deutsche Bank** similarly is unwilling to produce underlying communications, other than those narrowly involving November 28, 2005 and March 1, 2007 and days when Plaintiffs can identify putative class representatives who maintained a net position. As discussed *infra*, this unjust limitation is artificial and without basis. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 Md. 02262, 2016 WL 1558504, at *8-9 n.9, Slip. Op. at 29 n.9 (S.D.N.Y. Apr. 15, 2016).[5] Deutsche Bank's formal response to Plaintiffs' Requests is forthcoming.

4. **For all Defendants,** Plaintiffs have asked Defendants to share the search terms, custodians and server locations, as well as a list of materials provided to government regulators (or cover letters). Defendants have not yet fully produced this information.[6] To this end, Plaintiffs seek to understand the scope of productions to the government by Defendants in order to evaluate (1) which previously produced and potentially relevant materials are not being provided, (2) the completeness of the current production, (3) the burden for further production and (4) the possibility of refining future requests.

I. **The scope of discovery sought from Defendants is not defined by the Class Period.** There is no rule restricting the temporal scope of discovery in class action litigation to the class period.[7] Rather, "any information that sheds light on whether class period statements were false

---

[4] *See Berkshire Bank v. Bank of America Corp.*, Nos. 12 Civ. 5723, 13 Civ. 1016 (the "*Lender*" action) and *Mayor & City Council of Baltimore v. Bank of America Corp.*, No. 11 Civ. 5450 (the "*OTC*" action).

[5] The Court recently held that ". . . [P]laintiffs have stated a claim against DBGS for trader-based manipulation." *Id.* Deutsche Bank has already produced regulatory materials to other plaintiffs in this matter based on these same requests. *See* the *OTC* action. It is illogical – though possible – to require Plaintiffs to identify a potential class representative with a net position for every single day from January 1, 2005 through August 2007 in order to require Deutsche Bank to produce discovery throughout Period Zero.

[6] For instance, Defendants generally have produced metadata containing a populated custodian field within the limited materials that have been produced and Citi has provided server locations. The extended delay of Defendants' production hinders Plaintiffs' ability to conduct an effective analysis. *See* Plaintiffs' Requests for Production and Defendants' Responses and Objections (Exs. A-F).

[7] *In re Merck & Co.*, No. 05 Civ. 02367, 2012 WL 4764589 at *9 (D.N.J. Oct. 5, 2012) (citing *In re Control Data Sec. Litig.*, No. 85 Civ. 1241, 1988 WL 92085, at *3 (D. Minn. Feb. 22, 1988) (internal citation omitted) (holding pre-class period and post-class period documents relevant to the issues of scienter, intent and knowledge and

Kirby **McInerney LLP**
Honorable Naomi Reice Buchwald
May 17, 2016
Page 3

or materially misleading is relevant." *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001).[8]

Indeed, courts regularly permit Plaintiffs to conduct discovery temporally broader than the class period.[9] In addition, "where the information is otherwise relevant, the statute of limitations is not a basis for barring discovery."[10] Here, Plaintiffs' ability to analyze Defendants' conduct prior to the live period, or admissions and acknowledgements following the Class Period will be curtailed if the requested discovery is not produced.[11] Documents throughout the Relevant Time Period are probative, and at a minimum, advance the following critical objectives:

    **A. The discovery will likely provide evidence of Defendants' alleged manipulation.** For example, although Period Zero ended in 2007, the potential for Rabobank's manipulation continued at least through November 2010: "[f]rom May 2005 to November 2010, Rabobank Traders made . . . [a]t least 112 documented Internal Requests in relation to USD LIBOR." *See* ECF No. 1159-1 at ¶201 (citing Rabobank FCA Final Notice ¶2.6).[12] Likewise, regulatory settlements confirm that Deutsche Bank "engaged in systemic and pervasive misconduct directed at manipulating" and undermining the integrity of LIBOR in "the U.S. and global financial

---

ordering defendants to produce such documents)). In general, "[c]ourts allow discovery to extend to events before and after the period of actual liability so as to provide context." *See In re New Century*, No. 07 Civ. 09310, 2009 WL 9568860 (C.D. Cal. July 8, 2009); *see also Grossman v. First Pennsylvania Corp.*, No. 89 Civ. 9234, 1992 U.S. Dist. LEXIS 2266, *5 (E.D. Pa. Feb. 24, 1992) (finding "no general rule" limiting class action discovery solely to the class period).

[8] *See also Rotham v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (same); *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005) ("The proposed class period dates function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts in [a] case."); *Brody v. Zix Corp.*, No. 04 Civ. 1931, 2007 WL 1544638, at *2 (N.D. Tex. May 25, 2007) (same).

[9] *See Lightsquared Inc. v. Deere & Co.*, No. 13 Civ. 8157, 2015 WL 8675377, at *4 (S.D.N.Y. Dec. 10, 2015) (requiring defendants to produce documents from nearly nine years prior to period relevant to plaintiff's claims); *see also*, *F.T.C. v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977) (allowing discovery seven and a half years prior to the statute of limitations period to show design, pattern or intent in an antitrust conspiracy); *In re Providian Fin. Corp. Sec. Litig.*, 222 F.R.D. 22, 28 (D.D.C. 2004) (finding post-class period documents to be "absolutely" relevant "if they relate back to events that transpired during the class period or earlier").

[10] *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 358 n.5 (N.D. Ill. 2005) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978) (noting that discovery regarding "events occurring before an applicable limitations period" is permissible where "the information sought is otherwise relevant to the issues in the case."); *see also Lancaster v. Norfolk & Western Ry. Co.*, 773 F.2d 807 (7th Cir.1985) (Posner, J.); *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir.1984).

[11] The documents may also become pertinent with respect to Defendants' affirmative defenses. *See, e.g., In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003).

[12] Government settlements and public trials involving Rabobank's former U.S. Dollar LIBOR submitters highlighted widespread manipulation beyond August 2007, which was directed, in part, towards benefitting the banks' derivative trading positions, rendering related information highly relevant. *See e.g.*, ECF Nos. 1286 at 4 and 1159-1 at ¶195.

Kirby McInerney LLP
Honorable Naomi Reice Buchwald
May 17, 2016
Page 4

markets" for more than six years from at least 2005 through early 2011.[13]  This conduct was "systemic," "pervasive," "regular," "common," and "routine."  *See* ECF No. 1159-1 at ¶225 (citing CFTC Order at 2, 4); *see generally, id.*, Section V.I. and Appendix A.  Pervasive manipulation by Deutsche Bank was found by the CFTC, DOJ, FCA, and NYDFS.  *Id.* at ¶236.[14]

    **B.   The discovery will likely enable Plaintiffs to develop a damages model that incorporates a "but-for" LIBOR.**  Underlying communications from the Relevant Time Period "will also provide plaintiffs with information relevant to damages."  *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 309 (S.D.N.Y. 1982).  Discussions related to how Defendants' LIBOR submissions were calculated and the ratios of borrowing costs to LIBOR submissions preceding and following the manipulation compared to the time period when rates were being manipulated will help show intention, motive and impact on the market.[15]

    **C.   The requested discovery will support merits discovery.**  The discovery will likely demonstrate Defendants' knowledge and intent to manipulate.[16]  In addition, the requested discovery will likely enable Plaintiffs to identify potential witnesses and aiders and abettors.

    **II.   Defendants should be compelled to produce relevant discovery.**  Amended Rule 26[17] makes clear that the scope of discovery continues to encompass far more than just admissible evidence.[18]  Statute of limitations and personal jurisdiction determinations do not define what

---

[13] CFTC Order, at 3 ¶3A, ECF No. 1132-8.  *See also* DOJ SOF, ECF 1132-4, at 24-26 ¶32 (Almost every day for more than two years Deutsche Bank's USD LIBOR submissions were altered to align with the needs of Deutsche Bank's trading strategy).  The scope of discovery encompasses all of the days when potential class members were injured by Deutsche Bank's manipulation.

[14] *See also LIBOR,* 2016 WL 1558504, at *9, Slip. Op. at 29 (observing that Deutsche Bank's daily USD LIBOR submissions often included many altered tenors).

[15] *See Am. Fed'n of Musicians v. Sony Music Entm't, Inc.*, No. 15 Civ. 05249, 2016 WL 2609307, at *4 (S.D.N.Y. Apr. 29, 2016), *citing Princeton Graphics Operating, L.P. v. NEC Home Elecs. (USA.), Inc.*, No. 87 Civ. 7257, 1990 WL 144799, at *2 (S.D.N.Y. Sept. 24, 1990) (denying motion to limit damages discovery, noting that the plaintiff is not "restricted to any particular theory of damages at this stage").

[16] For example, UBS refuses to share emails and other correspondence previously produced to the government if those communications pre-date April 15, 2009.  Yet, the UBS government settlements evidence LIBOR manipulation during August 2007 and suggest UBS' motive and intent.  *See* ECF No. 1159-1 at ¶190.

[17] Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is: (1) relevant to any party's claim or defense and (2) proportional to the needs of the case, considering the importance of the issues at stake in the action, (3) the amount in controversy, (4) the parties' relative access to relevant information, (5) the parties' resources, (6) the importance of the discovery in resolving the issues, and (7) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of this discovery need not be admissible in evidence to be discoverable.  *See* Fed. R. Civ. P. 26(b)(1), as amended Dec. 1, 2015.

[18] *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (a core purpose of discovery is to enable parties to "obtain the factual information needed to prepare for trial."); *see also Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, No. 15 MISC. 359, 2015 WL 9450645, at *3 n.1 (S.D.N.Y. Dec. 18, 2015) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .").  Defendants cannot show

should be supplied. Defendants ignore their "duty to disclose" by withholding relevant evidence that was already produced to regulators and in this MDL. Fed. R. Civ. P. 26(b)(1).[19]

The Rule 26(b)(1) balancing factors militate strongly in favor of production. There is no undue burden or expense to produce materials already reviewed and produced to regulators. Indeed, any effort or cost of re-production is greatly outweighed by the critical nature of this material to Plaintiffs' legal claims and factual ability to explain the story of what occurred here. Plaintiffs have no alternative method of obtaining this discovery, to which only Defendants (and the government) have access. Further, the discovery beyond the Class Period will enable Plaintiffs to establish how Defendants calculated and discussed LIBOR during un-manipulated periods, to measure the artificiality of LIBOR and Eurodollar futures and options of Eurodollar futures during manipulated periods, and provide evidence of Class Period motive and intent. Defendants' piecemeal approach runs counter to the principles of efficiency and cost-sharing and makes no sense as they have already produced a number of these documents to others in this MDL proceeding.

Accordingly, Plaintiffs respectfully request that the Court overrule Defendants' objections or permit Plaintiffs to further explain their position at a pre-discovery motion conference or in a motion to compel.

Respectfully submitted,

| _/s/ Christopher Lovell_ | _/s/ David E. Kovel_ |
|---|---|
| Christopher Lovell | David E. Kovel |
| Lovell Stewart Halebian Jacobson LLP | Kirby McInerney LLP |
| 61 Broadway, Suite 501 | 825 Third Avenue, 16th floor |
| New York, New York 10006 | New York, New York 10022 |
| Telephone: (212) 608-1900 | Telephone: (212) 371-6600 |
| Email: clovell@lshllp.com | Email: dkovel@kmllp.com |

*Interim Co-Lead Counsel for Exchange-Based Plaintiffs and the Proposed Class*

cc: All Counsel of Record (by Electronic Filing)

---

that the alleged burden outweighs the relevance of the requested documents. Rule 26(b)(1) "does not place on the party seeking discovery the burden of addressing all proportionality considerations". *See* Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015).

[19] Defendants cannot assert burden as to materials already produced to the government (Deutsche Bank and Rabobank) and already produced again to certain other Plaintiffs *in this MDL proceeding* (Bank of America, UBS, JPMorgan, and Citi) (*i.e.*, the *Lender* Action and the *OTC* Action). *See also Cohalan v. Genie Indus. Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011) (citation omitted) (requiring that "party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules."). In addition, Rule 26(b)(1) "does not place on the party seeking discovery the burden of addressing all proportionality considerations." *See* Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015).