```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

LIBOR-Based Financial Instruments           MEMORANDUM AND ORDER
Antitrust Litigation.
                                              11 MD 2262 (NRB)
                                              12 CV 5723 (NRB)
                                              13 CV 1016 (NRB)
This Document Applies to:

Lender Plaintiff Action
------------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendants in <u>Berkshire Bank v. Bank of America Corporation et al.</u>, No. 12-cv-5723 (NRB) (S.D.N.Y.), and <u>Directors Financial Group v. Bank of America Corporation et al.</u>, No. 13-cv-1016 (NRB) (S.D.N.Y.), seek leave to file a motion to strike class allegations in the Second Amended Consolidated Class Action Complaint (No. 11-md-2262 (NRB), ECF No. 1383).  Plaintiffs Berkshire Bank and Directors Financial Group ("DFG") (together, the "Lender plaintiffs") seek to represent a class "of all lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, purchased whole loans, purchased interests in loans or sold loans with interest rates tied to USD LIBOR, which rates adjusted at any time between August 1, 2007 and May 31, 2010."  Second Am. Consol. Class Action Compl. ¶ 354.  For the reasons stated herein, defendants' requests are denied.

1

**I. Legal Standard**

A district court will deny a motion to strike class allegations from a complaint unless the movants can show, solely on the basis of the complaint, that the class is uncertifiable as a matter of law. Mayfield v. Asta Funding, Inc., 95 F. Supp. 3d 685, 696-97 (S.D.N.Y. 2015).

**II. Application**

Defendants argue that the class of Lender plaintiffs is uncertifiable as a matter of law because (1) variations in state law render a nationwide fraud class unmanageable; (2) justifiable reliance, statutes of limitations, and mitigation of damages are individual issues that, either alone or in combination with other issues, predominate over common ones; and (3) DFG's new theory of injury mandates individualized inquiry into class members' actual reliance.  We address each issue in turn.

**A. Variations in State Law**

Defendants first argue that the Lender plaintiffs' class allegations fail because adjudication of the claims will require the application of the fraud laws of every state, which vary in material ways, rendering maintenance of a nationwide fraud class unmanageable.  However, a nationwide fraud class is not uncertifiable as a matter of law. See Rodriguez v. It's Just Lunch, Int'l, 300 F.R.D. 125, 140-41 (S.D.N.Y. 2014).  Rather, a

2

plaintiff seeking such certification bears the burden of showing, "through an extensive analysis of state law variances, that class certification does not present insuperable obstacles."  In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 127 (2d Cir. 2013) (quoting Walsh v. Ford Motor Co., 807 F.2d 1000, 1017 (D.C. Cir. 1986)) (internal quotation marks omitted).

In the present case, such a showing may also require narrowing the geographic scope in a way that allows a manageable number of subclasses to proceed.  Indeed, defendants' submissions certainly suggest that material differences exist between state fraud laws and that proving predominance and superiority will be challenging.  "[C]ourts routinely deny class certification because plaintiffs' claims would require application of the substantive law of multiple states," In re Currency Conversion Fee Antitrust Litig., 230 F.R.D. 303, 311 (S.D.N.Y. 2004), modified on reconsideration, No. 03 CIV. 2843 (WHP), 2005 WL 1705285 (S.D.N.Y. July 22, 2005), and this Court may do so here in the future.  However, the class definition in the complaint, if overbroad, is not set in stone.  See Robidoux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly.").  The process of developing a

3

rigorous state law analysis may yet affect the contours of the class that the Lender plaintiffs will propose in their class certification motion.

**B.  Individual Issues of Justifiable Reliance, Statutes of Limitations, and Mitigation of Damages**

First, defendants argue that justifiable reliance presents an inherently individual question because the Lender plaintiffs may not rely on a presumption of reliance.  But regardless of whether they can establish such a presumption, Lender plaintiffs may use circumstantial evidence to show that they relied on LIBOR, such as the fact of entering into LIBOR-based transactions.  Cf. McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 225 (2d Cir. 2008) ("[P]roof of reliance by circumstantial evidence may be sufficient under certain conditions."), abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co., 553 U.S. 639 (2008); see also id. n.7 ("[P]ayment may constitute circumstantial proof of reliance upon a financial representation.").  It is true that such evidence may be insufficient in the face of, for instance, a showing that the Lender plaintiffs knew about or were indifferent to LIBOR suppression.  However, this evaluation is properly conducted at the class certification stage.  Indeed, if the Lender plaintiffs put forward generalized proof of reliance, defendants will need to make their own showing in order to demonstrate that reliance presents, in fact, an individual issue.  See In re U.S.

4

Foodservice Inc. Pricing Litig., 729 F.3d at 121-22 (finding district court did not abuse its discretion in determining that reliance presented a common issue where plaintiffs put forward generalized proof of reliance and defendant failed to introduce evidence of actual individual knowledge).

Second, defendants argue that the application of various statutes of limitations will require individualized examination of the actual and inquiry notice of each plaintiff.  However, "the presence of individual [statute of limitations] defenses does not by its terms preclude class certification." McLaughlin, 522 F.3d at 233.  While it is true that where "there is no doubt that a substantial number of class members were on notice of defendants' alleged fraud before the class period[, s]uch a finding counsels in favor" of denying class certification, id., that showing has not yet been made with respect to the Lender class in this case.  We agree that the statute of limitations issue will likely prove a difficult hurdle for the Lender plaintiffs to clear, but they are allowed to make the attempt.

Finally, defendants argue that their affirmative defense of mitigation of damages must weigh in favor of striking the class allegations in light of the other individual issues they have identified.  Like all individual issues, it undoubtedly does, but it does not predominate over common issues as a matter of

5

law.  See In re Nassau Cty. Strip Search Cases, 461 F.3d 219, 225 (2d Cir. 2006) (although affirmative defenses may raise individual issues, this fact "does not compel a finding that individual issues predominate over common ones." (internal quotation marks omitted)).

### C. DFG's Theory of Injury

We previously held that DFG stated a fraud claim where it alleged that it relied on LIBOR to calculate the fixed rate component of its LIBOR-based loans but sold those loans before the adjustable-rate period began, because it "provided the specific formula it used to price the fixed interest rate in its loans" and we found it "plausible that defendants expected mortgage lenders to use LIBOR as an input in determining the initial, fixed interest rate."  In re LIBOR-Based Fin. Instruments Antitrust Litig., No. 11 MDL 2262 (NRB), 2016 WL 1558504, at *4 (S.D.N.Y. Apr. 15, 2016).

Defendants argue that determining both who relied on LIBOR in setting the initial, fixed rate of interest and when they did so requires an individualized inquiry.  However, such an argument is premature.  Plaintiffs may be able to propose defined subclasses in which the members calculated fixed rates using reliable and simple formulas amenable to common proof -- or they may not.  But this analysis is not one to be made on the

pleadings alone, and therefore is not a basis to strike class allegations at this time.

### III. Class Certification Stage

In denying defendants' request for leave to move to strike the class action allegations here, we have discussed each of defendants' arguments individually and relied on cases which have held that the particular argument is insufficient. However, as we have indicated throughout this decision and elsewhere, the defendants' arguments are not ones that can be dismissed readily. Lest there be any misinterpretation, we note that while the issues viewed individually are insufficient at this stage, upon full class action briefing an examination of the issues cumulatively may well preclude class action status.

### CONCLUSION

For the reasons stated above, defendants' request for leave to move to strike the Lender plaintiffs' class allegations is denied.

**IT IS SO ORDERED.**

Dated:  New York, New York
        September 20, 2016

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

7