UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>City of Riverside, et al. v. Bank of America Corporation, et al. S.D.N.Y. Case No. 1:13-cv-00597;<br><br>County of San Mateo, et al. v. Bank of America Corporation, et al. S.D.N.Y. Case No. 1:13-cv-00625;<br><br>East Bay Municipal Utility District v. Bank of America Corporation, et al. S.D.N.Y. Case No. 1:13-cv-00626;<br><br>City of Richmond, et al. v. Bank of America Corporation, et al. S.D.N.Y. Case No. 1:13-cv-00627;<br><br>County of San Diego v. Bank of America Corporation, et al. S.D.N.Y. Case No. 1:13-cv-00667;<br><br>Salix Capital US Inc. v. Banc of America Securities LLC, et al., S.D.N.Y. Case No. 1:13-cv-04018;<br><br>The Regents of the Univ. of California v. Bank of America Corp., et al. S.D.N.Y. Case No. 1:13-cv-05186;<br><br>County of Sonoma, et al. v. Bank of America Corp., et al. S.D.N.Y. Case No. 1:13-cv-05187;<br><br>San Diego Assoc. of Governments v. Bank of America Corp., et al. S.D.N.Y. Case No. 1:13-cv-05221;<br><br>County of Sacramento v. Bank of America, et al. S.D.N.Y. Case No. 1:13-cv-05569;<br><br>City of Houston v. Bank of America Corp., et al. S.D.N.Y. Case No. 1:13-cv-05616;<br><br>National Credit Union Administration v. Credit Suisse Group AG, et al., S.D.N.Y. Case No. 13-cv-07394; | Master File No. 1:11-md-2262-NRB<br>ECF Case<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/19/17 |

County of Mendocino v. Bank of America Corp., et al.
S.D.N.Y. Case No. 1:13-cv-08644;

Darby Financial Prods., et al. v. Barclays Bank plc, et al.,
S.D.N.Y., Case No. 1:13-cv-8799;

Bay Area Toll Authority v. Bank of America Corp., et al.,
S.D.N.Y. Case No. 1:14-cv-03094;

Prudential Investment Portfolios 2, et al. v. Bank of
America Corp., et al., S.D.N.Y. Case No. 1:14-cv-04189;

and

The City of Philadelphia, et al. v. Bank of America Corp.,
et al., S.D.N.Y. Case No. 1:13-cv-06020

## [PROPOSED] CORRECTED ORDER FOR ENTRY OF PARTIAL FINAL JUDGMENT

WHEREAS, on December 20, 2016, this Court held that it has no personal jurisdiction over certain defendants and dismissed the antitrust claims against them, *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2016 WL 7378980, at *1 (S.D.N.Y. Dec. 20, 2016) ("*LIBOR VI*"), and

WHEREAS, the effect of *LIBOR VI* was to dismiss all of the Schwab plaintiffs' remaining claims, against all foreign and domestic defendants, on personal jurisdiction grounds, *id.* at *25; and

WHEREAS, on March 6, 2017, the Schwab plaintiffs requested entry of final judgment as to their actions filed in 2011 (*i.e.*, S.D.N.Y. Case Nos. 1:11-cv-6409, 1:11-cv-6411, and 1:11-cv-6412) (the "2011 Schwab Actions")), *see* ECF No. 1801; and

WHEREAS, on April 27, 2017, this Court granted entry of final judgment as to the 2011 Schwab Actions, *see* ECF No. 1877; and

WHEREAS, on June 8, 2017, this Court stated that it was prepared to grant the OTC plaintiffs' request for entry of partial final judgment, to join the Schwab plaintiffs' appeal, and that it would be receptive to parallel submissions by other plaintiffs, *see* ECF No. 1962; and

WHEREAS, on June 13, 2017, this Court granted entry of final judgment as to the OTC plaintiffs' antitrust claims against the foreign defendants that were dismissed on personal jurisdiction grounds for the reasons given in *LIBOR VI*, *see* ECF No. 1970; and

WHEREAS, the plaintiffs in each of the above-captioned direct actions (collectively, "Plaintiffs") now seek entry of partial final judgment pursuant to Rule 54(b) to appeal the dismissal of their antitrust claims against the foreign defendants that were dismissed on the same personal jurisdiction grounds at issue in the Schwab plaintiffs' appeal (*i.e.,* all foreign defendants named in Plaintiffs' actions, except those foreign bank defendants against which Plaintiffs' antitrust claims remain pending, as set out in the appendix to *LIBOR VI*); and

WHEREAS, the plaintiffs in the above-captioned direct actions which, like the 2011 Schwab Actions, were originally filed outside of New York (the "Non-N.Y. Plaintiffs")[1], now also seek entry of partial final judgment pursuant Rule 54(b) to appeal the dismissal of their antitrust claims against the domestic bank defendants who were also dismissed on the same personal jurisdiction grounds at issue in the Schwab plaintiffs' appeal (*i.e.,* all domestic defendants named in the Non-N.Y. Plaintiffs' actions, except those domestic bank defendants

---

[1] These are the direct actions brought by the East Bay Municipal Utility District (EBMUD), County of Mendocino, City of Richmond, Richmond Joint Powers Financing Authority, Successor Agency to the Richmond Community Redevelopment Agency, City of Riverside, Riverside Public Financing Authority, County of Sacramento, County of San Diego, County of San Mateo, San Mateo County Joint Powers Financing Authority, San Diego Association of Governments (SANDAG), County of Sonoma, David E. Sundstrom, in his official capacity as Treasurer of the County of Sonoma, and The Regents of the University of California (collectively the "California Consolidated Plaintiffs" or "CCPs"), and by the Bay Area Toll Authority, City of Houston, National Credit Union Administration, The City of Philadelphia, The Pennsylvania Intergovernmental Cooperation Authority, and Prudential Investment Portfolios 2.

against which these plaintiffs' antitrust claims remain pending, as set out in the appendix to *LIBOR VI, see* 2016 WL 7378980, at \*25); and

WHEREAS, Plaintiffs seek to join the Schwab plaintiffs' appeal to the extent that it raises the issue of personal jurisdiction; and

WHEREAS, judicial efficiency would be served by permitting Plaintiffs to participate in the Schwab plaintiffs' appeal to the extent requested; and

WHEREAS, under these circumstances, there is no just reason for delay.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, pursuant to Rule 54(b), that partial final judgment is entered dismissing Plaintiffs' antitrust claims against foreign defendants that were dismissed on personal jurisdiction grounds for the reasons given in *LIBOR VI.*

NOW, THEREFORE, IT IS FURTHER HEREBY ORDERED AND ADJUDGED, pursuant to Federal Rule of Civil Procedure 54(b), that partial final judgment is entered dismissing the Non-N.Y. Plaintiffs' antitrust claims against the domestic defendants that were dismissed on personal jurisdiction grounds for the reasons given in *LIBOR VI.*

Naomi Reice Buchwald
United States District Judge

July 19, 2017