CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| L. HOWARD ADAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | ARIEL GOLDMAN | WWW.CAHILL.COM | BRIAN T. MARKLEY | DARREN SILVER |
| HELENE R. BANKS | JASON M. HALL | | WILLIAM J. MILLER | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | WILLIAM M. HARTNETT | | NOAH B. NEWITZ | RICHARD A. STIEGLITZ JR. |
| DAVID L. BARASH | CRAIG M. HOROWITZ | 1990 K STREET, N.W. | MICHAEL J. OHLER | SUSANNA M. SUH |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | WASHINGTON, DC 20006-1181 | DAVID R. OWEN | ANTHONY K. TAMA |
| BRADLEY J. BONDI | TIMOTHY B. HOWELL | (202) 862-8900 | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| BROCKTON B. BOSSON | DAVID G. JANUSZEWSKI | | LUIS R. PENALVER | SEAN P. TONOLLI* |
| KEVIN J. BURKE | ELAI KATZ | | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| JAMES J. CLARK | BRIAN S. KELLEHER | CAHILL GORDON & REINDEL (UK) LLP | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | RICHARD KELLY | 24 MONUMENT STREET | MICHAEL W. REDDY | HERBERT S. WASHER |
| STUART G. DOWNING | CHÉRIE R. KISER* | LONDON EC3R 8AJ | OLEG REZZY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | JOEL KURTZBERG | +44 (0)20 7920 9800 | JAMES ROBINSON | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | TED B. LACEY | | THORN ROSENTHAL | DAVID WISHENGRAD |
| JENNIFER B. EZRING | MARC R. LASHBROOK | | TAMMY L. ROY | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | WRITER'S DIRECT NUMBER | JONATHAN A. SCHAFFZIN | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | JOEL H. LEVITIN | | JOHN SCHUSTER | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | | (212) 701-3120 | | |

*ADMITTED IN DC ONLY

July 28, 2017

Re:  In re: LIBOR-Based Financial Instruments Antitrust Litigation, Master File No. 11-md-2262-NRB; Mayor and City Council of Baltimore, et al. v. Credit Suisse AG, et al., No. 11-cv-5450-NRB

Dear Judge Buchwald:

We are counsel for Defendant Credit Suisse AG ("CSAG") and write on behalf of all remaining Defendants[1] in the OTC Action to oppose OTC Plaintiffs' requests that SEIU be dismissed without prejudice and that Plaintiffs be allowed, at some point in the future, to "seek leave to add a substitute class representative [for SEIU] at an appropriate time."[2] See Letter from William Christopher Carmody dated July 18, 2017, Dkt. No. 2090. The Court should deny Plaintiffs' requests and dismiss SEIU with prejudice because (1) Plaintiffs have not shown just cause for their delay in providing discovery from SEIU, for seeking a substitute class representative, or for amending the Court's class certification scheduling order; and (2) Defendants would be prejudiced by dismissing SEIU without prejudice or the appointment of a new class representative, after Defendants filed their opposition to Plaintiffs' motion for class certification opposition (and six years after commencement of the case. See Bailey v. Cumberland Cas. & Surety Co., 180 F. App'x 862, 865 (11th Cir. 2006) ("The magistrate judge did not abuse his discretion when he denied the putative class the opportunity to identify another lead plaintiff."); In re WorldCom, Inc., 2010 WL 3341728, at *2 (S.D.N.Y. Aug. 20, 2010) (Buchwald, J.) (denying with prejudice plaintiff's request for substitution of a class representative in a five-year old putative class action where it would "risk opening a never-

---

[1] Defendants CSAG and Royal Bank of Canada ("RBC") requested dismissal on the ground that, with the withdrawal of SEIU as a class representative, Dkt. No. 1992, there are no class representatives with any claims against CSAG and RBC. Dkt. Nos. 1993, 2087. CSAG and RBC's request for dismissal remains pending. Although Plaintiffs do not oppose dismissal of the remaining state law claims against RBC and CSAG without prejudice, Dkt. No. 2090, the dismissal should be with prejudice for the reasons stated in this letter.

[2] On June 26, 2017, the Court so-ordered the withdrawal of SEIU as a class representative. Dkt. No. 1992.

ending revolving door of additional discovery and putative plaintiffs" and "plaintiff has not shown any good cause for the extraordinary relief sought"); *Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351, 354 (E.D. Pa. 1974) (denying leave to add additional class representatives because of "the prejudice which would result to defendant should the Court permit joinder or intervention now that the briefs directed to the class action question have already been filed"); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 315 F.R.D. 169, 173-74 (S.D.N.Y. 2016) (Gorenstein, M.J.) (prejudice occurs "where a grant of a motion to intervene would require further discovery" or "require the reopening of discovery").

*First*, Plaintiffs have not shown just cause for their delay in providing discovery from SEIU[3] or in seeking a substitute class representative, which would require amendment of the Court's class certification scheduling order. Plaintiffs have been on notice for at least five months that SEIU was not complying with its discovery obligations and might not be available as a purported class representative. As the Court is aware, in February 2017, Defendants sought to depose SEIU for purposes of class certification, proposing a deposition date of March 15, 2017. Plaintiffs objected to the date and location of the noticed deposition and yet made no attempt to agree upon a suitable time. Defendants also posed written questions about SEIU's transaction data in two e-mails sent April 11, 2017 and April 13, 2017 to streamline SEIU's deposition testimony. Plaintiffs never responded to those e-mails. Defendants wrote to Plaintiffs on three separate occasions asking Plaintiffs to propose new dates for SEIU's deposition. Plaintiffs failed to respond. Defendants, giving SEIU every opportunity to present itself for deposition, issued a new deposition notice for June 7, 2017. One week prior to the new deposition date, Plaintiffs unilaterally cancelled the deposition due to an unspecified "unavoidable conflict." After additional attempts to reschedule SEIU's deposition failed, Defendants sought judicial relief, *see* Dkt. No. 1950, and on June 12, 2017, the Court directed that "SEIU must provide a date for a deposition by June 14, 2017, and appear for a deposition on or before June 28, 2017." *See* Dkt. No. 1966. SEIU did not comply with the Court's order and instead withdrew as class representative. Dkt. No. 1992. As their inability to produce SEIU for deposition became apparent, Plaintiffs could have sought a substitute class representative. But throughout the five months since Defendants first sought SEIU's deposition in February 2017, Plaintiffs neither responded to Defendants' requests nor proposed adding any other class representatives.

Plaintiffs have provided no justification for their delay. Nowhere in their letters have Plaintiffs explained the basis for SEIU's withdrawal, the efforts they have undertaken to

---

[3] When a class representative fails to satisfy its discovery obligations and fails to comply with court orders requiring their participation in discovery (as SEIU failed to do here), courts may dismiss the class representative's claims with prejudice. *See Scott v. Chipotle Mexican Grill, Inc.*, 2016 WL 397677, at *4 (S.D.N.Y. Feb. 1., 2016) (dismissing with prejudice plaintiffs who refused to comply with their discovery obligations); *Pavon v. Joe's Pizzeria*, 2013 WL 2177781, at *1, *3 (E.D.N.Y. May 20, 2013) (named plaintiff was dismissed with prejudice, after missing deadlines for the conclusion of fact discovery and continued refusal to communicate with counsel); *Diaz v. Ward*, 1987 WL 13723, at *3 (S.D.N.Y. July 8, 1987) (named plaintiffs were dismissed with prejudice after they failed to appear for their depositions and dropped out of contact with class counsel). The Court should do so here.

find a substitute class representative, the timing of any potential request to add such a class representative, or why they have tarried so long — with no end in sight.

*Second*, Plaintiffs' requests would cause undue prejudice to Defendants and result in major judicial inefficiencies that could have been avoided. Consistent with the schedule the Court set in December 2015, *see* Dkt. No. 1268, Defendants have already opposed Plaintiffs' class certification motion. Allowing SEIU to return as a class representative in this action (or another action) or adding a new named class representative at this date (or some unknown later date) would throw open the schedule this Court emphasized in December 2015 would be "fixed and firm," *id.*, and would impose significant additional expense on Defendants. As the existing class certification schedule shows, any attempt to add new class representatives would consume much effort and many months, including at a minimum (i) documentary and data discovery, (ii) depositions, (iii) expert reports and depositions, and (iv) briefing. *See Kruse* v. *Wells Fargo Home Mortgage, Inc.*, 2006 WL 1212512, at *4 (E.D.N.Y. May 3, 2006) (denying intervention of substitute named plaintiffs in an uncertified putative class action after completion of discovery of named plaintiffs). Indeed, on April 20, 2017, *before* Plaintiffs filed their motions for class certification, the Court denied a similar request by Exchange Plaintiffs for leave to include an additional named plaintiff because it would be "wasteful, futile, and prejudicial." Dkt. No. 1859 at 3, 6. Plaintiffs have offered no justification for the prejudice to Defendants that would be caused by either dismissing SEIU without prejudice or their indeterminate request to be allowed to substitute a class representative.

The two cases Plaintiffs cite are inapposite; in each, the court had expressly authorized the plaintiffs to locate substitute class representatives and the time the court had provided to do so had not lapsed, as it has here. *See In re Avon Sec. Litig.*, 1998 WL 834366, at *10 (S.D.N.Y. Nov. 30, 1998); *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, at *2 (S.D.N.Y. Nov. 8, 2006). In contrast, courts have denied requests to intervene made in circumstances similar to those here. *See, e.g., WorldCom*, 2010 WL 3341728, at *2; *Dickerson*, 64 F.R.D. at 354; *In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 545-46 (E.D. Pa. 2010). For example, in *Wellbutrin*, the court denied a request to intervene that was made after "substantial discovery ha[d] been conducted" and "plaintiffs' motion for class certification ha[d] been filed" because the intervention would "require a new motion for class certification" and a "significant amount of additional discovery, including volumes of documents and additional depositions, briefing[,] and expert reports," all of which would "return the case to the position it was in nine months before" the request to intervene and "prejudice the defendants by delaying the progress of th[e] case." 268 F.R.D. at 545-546.

CAHILL GORDON & REINDEL LLP

- 4 -

We respectfully request that the Court dismiss all of SEIU's claims with prejudice, dismiss CSAG and RBC from the OTC Action, and deny Plaintiffs' request to "seek leave to add a substitute class representative [for SEIU] at an appropriate time."[4]

Respectfully Submitted,

Joel Kurtzberg

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 1007

BY ECF

cc:   Counsel of Record

---

[4] Should the Court deny Defendants' request at this time, Defendants respectfully reserve the right to challenge any future application to add a substitute class representative.