UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE LIBOR-BASED FINANCIAL
INSTRUMENTS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
-----------------------------------------------------------x
METZLER INVESTMENT GmbH, et al.,

        Plaintiffs,

  -against-

CREDIT SUISSE GROUP AG, et al.,

        Defendants.
-----------------------------------------------------------x

MDL No. 2262
Master File No. 1:11-md-2262-NRB

**ORAL ARGUMENT REQUESTED**

No. 11-cv-2613

**DEFENDANTS' JOINT SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
EXCHANGE-BASED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

August 2, 2017

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................. 1

    A.      Metzler Is Another Named Plaintiff ███████████████
           ████████ .................................................................................................... 1

    B.      The New Data Underscore The Predominance Of Individualized Issues ......................... 3

CONCLUSION .............................................................................................................................. 4

Defendants submit this joint supplemental brief concerning named plaintiff Metzler Asset Management GmbH ("Metzler") pursuant to the Court's order of July 19, 2017 (MDL ECF No. 2092) ("July 19 Order").[1]  Metzler, ███████████████████████████████████████████████████████████████████████████████████████████████████ Pursuant to the July 19 Order, Metzler produced additional data ██████████████████████████████ ████████████████—though Metzler admits that this data might be incomplete.  The data confirm that (i) ███████████████████████████████████████████████████; and (ii) the complexities of individual netting, standing, and damages inquiries—████████ ██████████████████████████████████—will predominate over any common issues.

## ARGUMENT

**A.    Metzler Is Another Named Plaintiff** ███████████████████████████████████████.

"[P]laintiffs may ultimately recover only to the extent of their net injury." *LIBOR VI*, 2016 WL 7378980, at *18 (S.D.N.Y. Dec. 20, 2016).  This netting must account for all LIBOR-based instruments in which a plaintiff transacted, to detect whether an apparent loss from EDF trading is, for example, merely the other side of a hedge with another LIBOR-based transaction that insulated against LIBOR fluctuation.  *See, e.g.*, *LIBOR IV*, 2015 WL 6243526, at *12 n.21 (S.D.N.Y. Oct. 20, 2015); Supp'n Opp. at 23 & n.34; Trader Opp. at 29 n.28.

Metzler's net loss or gain must be calculated ██████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

---

[1] This brief supplements Defendants' Joint Downstream Opposition to the Exchange-Based Plaintiffs' Motion for Class Certification, June 30, 2017 (MDL ECF No. 2009) ("Supp'n Opp."), and Rabobank's Memorandum of Law in Opposition to Exchange-Based Plaintiffs' Motion to Certify a Trader Conduct Class, June 30, 2017 (MDL ECF No. 2023) ("Trader Opp.").  Unless noted, abbreviations herein are as defined in those briefs.

[2] Bell Decl. Ex. 1, Aug. 2, 2017 ("Metzler Dep.") at 188:14-15; *see* Exch. Pls.' Second Am. Compl. (MDL ECF No. 407) ¶ 20.

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████ A fund that "cannot sue or be sued . . . is merely a division . . . and not a legal person." *Phelan ex rel. Phelan v. Torres*, 2011 WL 6935354, at *33 n.15 (E.D.N.Y. Dec. 30, 2011). ████████████████████████████████

██████,[3] so their losses and gains must be aggregated to determine injury.

Plaintiffs fail to make any showing that Metzler, in the aggregate, suffered any net loss due to the alleged suppression or trader conduct.[4] Defendants previously explained that █████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████[5]

This result confirms yet again that the proposed class would include many other net winners. ████████████████████████████

---

[3] ████████████████████████████████ is further supported by abundant examples in the case law: unincorporated divisions cannot claim different states of citizenship for purposes of diversity jurisdiction, *see Durove v. Fabian Transp., Inc.*, 2004 WL 2912891, at *2 (S.D.N.Y. Dec. 14, 2004) (Holwell, J.); they have no legal capacity to conspire with one another, *see, e.g., Rush v. Oppenheimer & Co.*, 628 F. Supp. 1188, 1194 (S.D.N.Y. 1985); and they have no separate assets, *Albers v. Church of the Nazarene*, 698 F.2d 852, 857 (7th Cir. 1983) (Posner, J.).

[4] *See* Supp'n Opp. at 20-23; Trader Opp. at 20-21. ████████████████████████ ██████████████████████████████ Plaintiffs have not proposed any methodology to do that.

[5] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

2

▇▇▇ a net loss or net gain would require an individualized mini-trial to resolve with certainty, both with respect to suppression and trader conduct claims.

A class representative without net injury fails to satisfy Rule 23(a)'s requirements of adequacy and typicality because it would be "preoccupied" with defenses unique to its own lack of injury. *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000). Moreover, given Metzler's belated disclosure ▇▇▇, even the determination of net injury (or distribution of damages, if any) would raise thorny issues of German law, casting typicality further into doubt.[6]

**B.    The New Data Underscore The Predominance Of Individualized Issues.**

Metzler's production further confirms Defendants' arguments that individualized issues of netting, standing, and damages (among others) predominate in this litigation, with respect to both suppression and trader conduct allegations. Metzler's production illustrates the intensive and complex analysis required for each individual's data.

To begin with, the Metzler data reflect  ▇▇▇ Plaintiffs have offered no methodology for doing that, let alone a methodology that could be applied to one "common" set of records and carried out on a class-wide basis. Indeed, the only data Metzler

---

[6] Typicality was Metzler's undoing in *South Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011), in which Metzler was dismissed as a class representative because its standing under German law to sue on behalf of closed funds raised "a unique legal issue." In *Killinger*, Metzler belatedly disclosed the closure of its funds and then tarried further, delaying related disclosures "until almost two months after Defendants filed their response to the class-certification motion." *Id.* at 658. ▇▇▇ The court in *Killinger* reviewed the parties' conflicting interpretations of German standing law and ultimately concluded that regardless of the answer, "Metzler's uncertain standing renders Metzler an atypical class representative." *Id.* at 658–59. The same is true here.

has produced ████████████████████████████████████████

████████████████████████ Moreover, determining the appropriate scope of Metzler's legally

relevant transactions would require an understanding of applicable German law. *See supra* n.6.

████████████████████████████████████████████████ provides

another reason that individual questions of class member eligibility will predominate over

common questions. *See In re Petrobras Secs.*, 2017 WL 2883874, at *12 (2d Cir. July 7, 2017).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ Without a *complete* set of records, it is impossible

to know whether Metzler suffered net harm. ████████████████████████

████████████████████████████; it is a certainty that the absent class members

would fare even worse. That revelation makes clear that individualized inquiries would

predominate if any class were certified in this action.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' motion for certification of

the exchange-based class and the trader conduct class with prejudice.

---

[7] Indeed, there is reason to think Metzler's production may be incomplete. ████████████████████████████████████████████████████████████

4

Dated: New York, New York
August 2, 2017

Respectfully submitted,

/s/ Peter Sullivan
Peter Sullivan
Eric J. Stock
Jefferson E. Bell
Matthew Greenfield
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Fax: (212) 351-4035
psullivan@gibsondunn.com
estock@gibsondunn.com
jbell@gibsondunn.com
mgreenfield@gibsondunn.com

*Attorneys for Defendant UBS AG*

/s/ Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Alan C. Turner
Omari L. Mason
Alexander Li
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
aturner@stblaw.com
omason@stblaw.com
zander.li@stblaw.com

Abram J. Ellis
900 G Street NW
Washington, D.C. 20001
Telephone:  (202) 636-5500
Fax:  (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

| | |
|---|---|
| /s/ Arthur J. Burke | /s/ David R. Gelfand |
| Arthur J. Burke | David R. Gelfand |
| Paul S. Mishkin | Robert C. Hora |
| Adam G. Mehes | Mark D. Villaverde |
| Patrick W. Blakemore | MILBANK, TWEED, HADLEY & |
| Peter J. Davis | McCLOY LLP |
| DAVIS POLK & WARDWELL LLP | 28 Liberty Street |
| 450 Lexington Avenue | New York, New York 10005 |
| New York, New York 10017 | Telephone:  (212) 530-5000 |
| Telephone: (212) 450-4000 | Fax:  (212) 530-5219 |
| Fax: (212) 450-4800 | dgelfand@milbank.com |
| arthur.burke@davispolk.com | rhora@milbank.com |
| paul.mishkin@davispolk.com | mvillaverde@milbank.com |
| adam.mehes@davispolk.com | |
| patrick.blakemore@davispolk.com | *Attorneys for Defendant Coöperatieve* |
| peter.davis@davispolk.com | *Rabobank U.A.* |

*Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.*