SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

32ND FLOOR

1301 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10019-6022

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|
| 1000 LOUISIANA STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

August 9, 2017

VIA HAND DELIVERY AND CM/ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:     *In re LIBOR-Based Fin. Instr. Antitrust Litig.*, Case No. 11-md-2262

Dear Judge Buchwald:

I write on behalf of the Over-the-Counter Plaintiffs in response to the defendants' July 28 letter (Dkt. 2139) to request substitution of Bucks County Water And Sewer Authority ("Bucks County"), as a named plaintiff. Bucks County entered into a 1-month LIBOR interest rate swap with defendant Royal Bank of Canada ("RBC"). The defendants' suppression of LIBOR caused Bucks County significant damages.

"[S]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional (routine) feature of class action litigation . . . ."  *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 2006 WL 1004725, at *4 (S.D.N.Y. Apr. 17, 2006) (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006)); *see also In re Nat'l Austl. Bank Secs. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) ("*[C]ourts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.*"); Manual for Complex Litig. (Fourth) 277 ("Replacement also may be appropriate if a representative . . . is no longer pursuing the litigation. In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements." (footnote omitted)).

August 9, 2017
Page 2

Leave to add a new class representative should freely be granted unless the defendant can show undue delay, bad faith, prejudice or futility. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010). Courts frequently grant motions to add class representatives under these liberal standards. *See, e.g.*, *id.* at 96-106 (granting leave to add an additional named plaintiff after the class certification motion had been fully briefed and was pending); *In re Avon Secs. Litig.*, 1998 WL 834366, at *2, *10 (S.D.N.Y. 1998) (granting a request for substitution contemporaneous with class certification brief);[1] *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005) (granting leave to add additional named plaintiffs and certifying class simultaneously); *Doe v. Pataki*, 3 F. Supp. 2d 456, 473–74 (S.D.N.Y. 1998) (granting leave to add new plaintiffs bringing *new claims* on behalf of a *new class* even though *discovery was complete* and the court had *ruled on cross-motions for summary judgment*).

It is respectfully submitted that the Court should grant leave to substitute Bucks County as a named plaintiff. *Duling* is directly on point. The plaintiffs in *Duling* moved to add an additional named plaintiff after class certification had been fully briefed "in order to eliminate certain objections to their motion for class certification." 265 F.R.D. at 95–96. The Court granted the motion, finding no undue delay because the plaintiffs' motion responded to "defendants' argument that the [named plaintiffs] are atypical" in their class certification response. *Id.* at 98. Further, the Court found no prejudice to the defendants based on the need for additional discovery, *id.* at 100 ("[T]he need for new discovery is not sufficient to constitute undue prejudice on its own."), or the need for additional briefing on class certification, *id.* at 101 ("[T]he need to supplement the briefing of a motion is generally not enough to constitute prejudice.").

Indeed, substitution of named plaintiffs is routine even ***after*** class certification has been granted. *Monaco v. Hogan*, 2016 WL 3212082, at *2 (E.D.N.Y. June 8, 2016) ("[T]he Second Circuit's preferred approach where the named plaintiff is no longer an adequate class representative is to afford plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative."); *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 3304605, at *6 (S.D.N.Y. Dec. 7, 2005) ("Courts routinely allow the replacement of class representatives."); *Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) (requiring the "district court to allow a reasonable period of time" for substitution of a new class representative, even though class counsel had yet to locate, let alone offer, anyone specific).

The defendants' arguments against substitution are meritless. *First*, the defendants argue that "Plaintiffs have not shown just cause for their delay in . . . seeking a substitute class representative." Dkt. 2139, at 2. But "[d]elay alone, in the absence of bad faith or prejudice, is

---

[1] The defendants attempt to distinguish *Avon* and *National Australia Bank* by arguing "in each, the court had expressly authorized the plaintiffs to locate substitute class representatives." Dkt. 2139, at 3. But the fact that those courts recognized the importance of allowing class counsel to locate substitute class representatives *supports* the OTC Plaintiffs' request. Here, by contrast, the OTC Plaintiffs' counsel have already located a substitute class representative.

August 9, 2017
Page 3

not a sufficient reason" to deny leave "and, in any event, delay is rarely fatal . . . if it can be explained." *Duling*, 265 F.R.D. at 97. No bad faith or undue delay is present here. The OTC Plaintiffs' basis for substituting a new named plaintiff arose on June 15, 2017, when SEIU sought leave to withdraw.  Dkt. 1981.  The defendants conflate SEIU's delay in appearing for a deposition with delay on the part of the OTC Plaintiffs *in seeking to substitute a new named plaintiff*. But the OTC Plaintiffs had no reason to believe until shortly before its withdrawal that SEIU would not appear for a deposition (much less would withdraw altogether) and the OTC Plaintiffs had no new named plaintiff to substitute or add until they were recently contacted by Bucks County about serving as a named plaintiff.  The limited period of time between SEIU's withdrawal and this letter, during which time the OTC Plaintiffs have taken and defended expert depositions, responded to a *Daubert* motion, and filed a reply brief on class certification, is far from undue delay. *See Pataki*, 3 F. Supp. 2d at 474 (finding "two-month" delay in seeking to add new named plaintiffs excusable as "the parties were diligently briefing the cross-motions for summary judgment").

*Second*, the defendants argue that substituting a new class representative for SEIU "would cause undue prejudice to Defendants and result in major judicial inefficiencies that could have been avoided." Dkt. 2139, at 3. But the defendants fail to identify any concrete prejudice. They argue that class certification briefing would need to be re-opened, however "the need to supplement the briefing of a motion is generally not enough to constitute prejudice." *Duling*, 265 F.R.D. at 101. And given that Bucks County has *always been a putative absent class member* and is merely substituting in as a named plaintiff, no additional class certification briefing is necessary—the only possible new argument the defendants could make would be directed to Bucks County's adequacy as a class representative. Such an argument is unlikely, as the defendants have raised no such issue as to any other named plaintiff,[2] and could be addressed in a short letter brief. Further, Bucks County's claims rest on the same factual and legal theories as the existing named plaintiffs' claims. *See Cortigiano*, 227 F.R.D. at 202 ("[T]he facts giving rise to the claims of the Additional Named Plaintiffs are the same or virtually the same as those of the named plaintiffs."); *Duling*, 265 F.R.D. at 102 (adding named plaintiff though she alleged an additional and unique theory of discrimination).

The defendants also argue that adding a new class representative would necessitate additional discovery, but "the need for new discovery is not sufficient to constitute undue prejudice on its own." *Id.* at 100 (collecting cases).



And because Bucks County has always been a putative class member, the defendants have had its transaction data all along. Further, any discovery (including a deposition) the Court deems necessary can be provided on an expedited basis.

---

[2] The defendants (incorrectly) argue in their class certification brief that any plaintiff who entered into swaps during the Class Period would be inadequate, but Bucks County's swap predates the Class Period. Dkt. 2032, at 28–29.

August 9, 2017
Page 4


Moreover, Bucks County's claims have been tolled under *American Pipe*. Were substitution denied, Bucks County "would have ample time to commence its own individual action against [RBC]" and, "[g]iven that this Court will continue to manage this entire multidistrict litigation moving forward, [Bucks County]'s individual action would be assigned to this Court and proceed in parallel with that of the OTC plaintiffs." *LIBOR III*, 27 F. Supp. 3d at 484 n.34.

The defendants' cited cases are inapposite. The plaintiffs in *WorldCom* had been on notice for "over five years" "of the disputed adequacy of the putative class representative," whereas here the OTC Plaintiffs learned only recently that SEIU planned to withdraw. 2010 WL 3341728, at *2 (S.D.N.Y. Aug. 20, 2010). Similarly, in *Kruse v. Wells Fargo Home Mortgage*, "it should have been clear" for four years that the named plaintiffs' claims were "meritless" because they had no standing, and the proposed intervenors' claims were futile because they were not subject to *American Pipe* tolling. 2006 WL 1212512, at *4 (E.D.N.Y. May 3, 2006).[3]

In reality, the defendants oppose the OTC Plaintiffs' request in order to avoid an adjudication of the claims against them on the merits.  We respectfully submit this is not a valid reason to deny our request.  For these reasons, the Court should substitute Bucks County as a named plaintiff and deny the defendants' request that RBC and Credit Suisse be dismissed with prejudice.[4]

Respectfully Submitted,


*/s/ William Christopher Carmody*
William Christopher Carmody


---

[3] The defendants' remaining cases are even further afield.  *Dickerson v. U.S. Steel Corp.* was an employment discrimination class action, not an antitrust case, in which key facts about the purported discrimination suffered by the proposed plaintiff were not disclosed to the Court. 64 F.R.D, 351, 354 (E.D. Pa. 1974). *Wellbutrin* involved an attempt by a party to intervene and raise "a large number of new claims," not to substitute a named plaintiff raising the exact same claims. 268 F.R.D. 539, 545–46 (E.D. Pa. 2010). *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 315 F.R.D, 169 (S.D.N.Y. 2016), was not a class action and the proposed intervenor had been on notice of the suit for almost two years and provided no explanation for its delay in intervening.  *Id.* at 172-73.
[4] The request to dismiss Credit Suisse with prejudice should be denied for the same reasons as for RBC (or deferred until such time as there is an attempt to substitute a plaintiff who is a Credit Suisse counterparty).