SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM
_____

SUITE 5100                              SUITE 950                               SUITE 3800
1000 LOUISIANA STREET                   1901 AVENUE OF THE STARS                1201 THIRD AVENUE
HOUSTON, TEXAS 77002-5096               LOS ANGELES, CALIFORNIA 90067-6029      SEATTLE, WASHINGTON 98101-3000
(713) 651-9366                          (310) 789-3100                          (206) 516-3880
_____                             _____                             _____

                    WILLIAM CHRISTOPHER CARMODY                 E-MAIL BCARMODY@SUSMANGODFREY.COM
                    DIRECT DIAL (212) 336-8334

August 18, 2017

VIA CM/ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262 (NRB)

Dear Judge Buchwald:

    I write on behalf of the Over-the-Counter Plaintiffs to reply to Defendants' letter dated August 16, 2017, and in support of our letter requesting substitution of Bucks County Water and Sewer Authority ("Bucks County") as a named plaintiff.

    The OTC Plaintiffs request to substitute Bucks County for a straightforward reason. The Court has previously ruled the OTC Plaintiffs may pursue state law claims only against defendants with which a named plaintiff directly transacted. The lone named plaintiff that transacted directly with defendant RBC recently withdrew as a class representative. The OTC Plaintiffs thus seek to substitute a putative class member who directly transacted with RBC in its place.

    Defendants' opposition letter (conspicuously written by counsel for JPMorgan, who doesn't have a dog in the fight, rather than RBC) is meritless. Decades of caselaw has

August 18, 2017
Page 2

recognized that substitution of named plaintiffs, before,[1] during,[2] and **_even after_** class certification is a "routine" part of class action cases.[3]

      Defendants simply ignore the vast majority of that case law. The handful of cases they do address plainly support substitution of Bucks County. Defendants argue that _Duling v. Gristede's Operating Co._, which granted leave to add a named plaintiff after class certification had been fully briefed and was pending, is distinguishable because "before plaintiffs even sought leave to add the new named plaintiff, the defendants had conducted discovery concerning that new plaintiff (including by deposition)." Dkt. 2230, at 5. But the Court in _Duling_ expressly declined to base its ruling on the amount of additional discovery required by adding the named plaintiff, instead holding "[i]n any case, the need for new discovery is not sufficient to constitute undue prejudice on its own." 265 F.R.D. at 100 (collecting cases). Defendants argue that _Doe v. Pataki_, which allowed substitution of a class representative bringing claims on behalf of an entirely new class after discovery had closed and after the Court had ruled on summary judgment, is inapposite because the plaintiffs "were covered by the summary judgment ruling." Dkt. 2230, at 6. But that is the precise situation here—Bucks County would similarly be covered by this Court's prior rulings. Defendants attempt to distinguish _In re Avon Securities Litigation_, which granted substitution of a named plaintiff while the class certification motion was pending, by arguing "substitution was sought after the only named plaintiff in the litigation withdrew, thus leaving no one but the potential substitute plaintiffs to represent the absent members of the class," Dkt. 2230, at 6, but again that is exactly the case here—SEIU was the only named plaintiff that directly transacted with RBC, and SEIU's withdrawal leaves no one but Bucks County to represent the absent class members with state-law claims against RBC.

---

[1] _In re Methyl Tertiary Butyl Ether Prods. Liability Litig._, 2006 WL 1004725, at *4 (S.D.N.Y. Apr. 17, 2006) ("[S]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional (routine) feature of class action litigation . . . ." (quoting _Phillips v. Ford Motor Co._, 435 F.3d 785, 787 (7th Cir. 2006)); _In re Nat'l Austl. Bank Secs. Litig._, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) ("[C]ourts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.").

[2] _Duling v. Gristede's Operating Corp._, 265 F.R.D. 91, 96-106 (S.D.N.Y. 2010) (granting leave to add an additional named plaintiff after the class certification motion had been fully briefed and was pending); _In re Avon Secs. Litig._, 1998 WL 834366, at *2, *10 (S.D.N.Y. 1998) (granting a request for substitution contemporaneous with class certification brief); _Doe v. Pataki_, 3 F. Supp. 2d 456, 473–74 (S.D.N.Y. 1998) (granting leave to add new plaintiffs bringing _new claims_ on behalf of a _new class_ even though _discovery was complete_ and the court had _ruled on cross-motions for summary judgment_).

[3] _Monaco v. Hogan_, 2016 WL 3212082, at *2 (E.D.N.Y. June 8, 2016) ("[T]he Second Circuit's preferred approach where the named plaintiff is no longer an adequate class representative is to afford plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative."); _In re Currency Conversion Fee Antitrust Litig._, 2005 WL 3304605, at *6 (S.D.N.Y. Dec. 7, 2005) ("Courts routinely allow the replacement of class representatives."); _Birmingham Steel Corp. v. Tenn. Valley Auth._, 353 F.3d 1331, 1342 (11th Cir. 2003) (requiring the "district court to allow a reasonable period of time" for substitution of a new class representative, even though class counsel had yet to locate, let alone offer, anyone specific); Manual for Complex Litig. (Fourth) 277 ("Replacement also may be appropriate if a representative . . . is no longer pursuing the litigation. In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements." (footnote omitted)).

August 18, 2017
Page 3


Indeed, despite filing a seven-page letter, Defendants cite just one case in which a court denied leave to substitute a named plaintiff. *See* Dkt. 2230, at 5 (citing *Davis v. Lenox Hill Hospital*, 2004 WL 1926086, at *3 (S.D.N.Y. Aug. 31, 2004)). But even that lone case is distinguishable. In *Davis*, the named plaintiff brought a wage-and-hour class action against multiple defendants on behalf of several classifications of nurses different from her own with "significantly different levels of training and specialization." 2004 WL 1926086, at *1. Even though the named plaintiff "ha[d] been aware **since the filing of [her] lawsuit**" of the "hurdles she faced . . . in meeting the typicality and commonality requirements for a broader class [of all classifications of nurses] if she were the sole named plaintiff," the named plaintiff "waited until five days after the close of class discovery" before moving to "add fourteen named plaintiffs" including other classifications of nurses. *Id.* at *4 (emphasis added). By contrast, here the need for substitution only recently arose here when SEIU withdrew as a named plaintiff.

Nor does this Court's April 20, 2017, order denying the Exchange-Based-Plaintiffs leave to amend support Defendants' position here. Dkt. 1859. The EBPs' proposed intervenor was "seek[ing] to add" new claims that "[t]his Court has never permitted Plaintiffs to allege," Dkt. 1707-2, at 2, whereas here Bucks County is merely taking over as a named plaintiff for the state-law claims against RBC that have always been part of the OTC case.

Given the total absence of law justifying Defendants' opposition to the OTC Plaintiffs' *actual* request, Defendants simply make up a new one and accuse the OTC Plaintiffs of clandestinely attempting to back-door in a class representative to "lead" a supposedly entirely new class. Not true.

Defendants' letter improperly tries to reargue the merits. OTC Plaintiffs are not seeking to narrow the class, but simply noted that alternative narrowed classes are available if any of Defendants' improper attacks on class certification are credited. Dkt. 2190, at 11–20.

Defendants' theory that the OTC Plaintiffs are attempting to substitute Bucks County "so Plaintiffs can argue that one of the named plaintiffs has standing to assert claims" on behalf of a class defined to include only instruments purchased before the Class Period is also based on an incorrect factual premise—Yale, Jennie Stuart, and Baltimore all entered into LIBOR-based instruments before the Class Period.

Finally, Defendants' claims of "undue prejudice" are pure fiction. Defendants claim they would need to file new motions to dismiss—but motions to dismiss based on what? Defendants have moved to dismiss OTC Plaintiffs' claims on every conceivable basis (and then some) and the Court has ruled on them all. *Duling*, 265 F.R.D. at 101 (rejecting the defendants' argument that an additional dispositive motion was a basis to deny substitution of a named plaintiff); *see also Cortigiano*, 227 F.R.D. at 202 ("[T]he facts giving rise to the claims of the Additional Named Plaintiffs are the same or virtually the same as those of the named plaintiffs."). Defendants claim a need for a repeat of the extensive discovery they demanded from the current named plaintiffs and then claim they would need to "and be entitled to" file supplemental expert

August 18, 2017
Page 4

reports and supplemental oppositions to class certification. But that argument ignores the (uncontested) facts—to date Defendants have relied on *negligible* documents and testimony from the named plaintiffs in contesting class certification. ███████████████████████████████ ███████████████████████████████ Additional discovery (commensurate with what Defendants have actually used at class certification) could be accomplished without delay. Moreover, "the need for new discovery is not sufficient to constitute undue prejudice on its own." *Duling*, 265 F.R.D. at 100 (collecting cases).

Additionally, Defendants' claim of prejudice based on a supposed need for additional class certification briefing is based on the incorrect presumption that Bucks County is attempting to join a case in which it has thus far not been. But that is not so. Bucks County is, and always has been, a putative class member and is merely seeking substitution as a named plaintiff. So any issues created by Bucks County's inclusion in the proposed class have been present all along and Defendants had every opportunity to brief them. The only relevant question as to substitution is thus: What prejudice would Defendants suffer as a result of Bucks County moving from being a putative class member to being a named plaintiff?[4]

Given that "but-for world," the only possible additional briefing Defendants would require on class certification as a result of substituting Bucks County would be to argue that Bucks County is not an adequate representative of the putative class. But even that is not credible as it is an argument Defendants have not made as to *any other named plaintiff in the OTC Class*. Even assuming Defendants were to raise the issue for the very first time with respect to Bucks County, it could be addressed promptly with minimal letter briefing without delaying any ruling on class certification. In any event, the case law is clear that "the need to supplement the briefing of a motion is generally not enough to constitute prejudice." *Duling*, 265 F.R.D. at 101; *see also In re Avon Secs. Litig.*, 1998 WL 834366, at *2, *10; *Doe v. Pataki*, 3 F. Supp. 2d at 473–74. Further, adequacy issues can be raised at any time, including *after* class certification. *See Birmingham Steel Corp.*, 353 F.3d at 1342.

Defendants also speculate that the OTC Plaintiffs should have been on notice that SEIU would withdraw earlier. Defendants argue that SEIU "ignored written discovery," but that is not true. SEIU produced hundreds of documents in response to Defendants' document requests and Defendants can point to no deficiency in SEIU's responses to written discovery. OTC Plaintiffs had no reason to believe that SEIU would decline to appear for a deposition (much less withdraw

---

[4] Defendants claim that Bucks County's swap is "unique" in "at least three respects" is inapposite for this exact reason. Bucks County's swap—and others like it—are in the putative class whether Bucks County is a named plaintiff or not. Defendants' bizarre insinuation that Bucks County's termination of its swap may have included compensation for RBC's suppression of LIBOR is baseless. Bucks County never settled its claims with RBC, and the Court can presume by RBC's silence that RBC is not offering its customers compensation for its suppression of LIBOR without a release.

August 18, 2017
Page 5

as a class representative) until shortly before notifying the Court.  The greater detail that Defendants request about OTC Plaintiffs' communications with SEIU is, of course, privileged.

More fundamentally, even if the OTC Plaintiffs had known earlier that SEIU would withdraw, class representatives do not simply appear out of thin air on request.  Even for the putative class members the OTC Plaintiffs are able to contact, serving as a class representative requires a substantial sacrifice of an entity's own people, time, and money in working with interim class counsel, collecting documents, and appearing for depositions, in order to get justice largely for the benefit of others.  That is always a big ask, and we are grateful that Bucks County and the other named plaintiffs are willing to make those sacrifices, stand up to Defendants, and hold them accountable for their wrongdoing on behalf of the putative class.

Finally, Defendants' request that Credit Suisse be dismissed with prejudice is an improper request for this Court to pre-judge a motion that has yet to be made.  The proper time to rule on a request to substitute a named plaintiff who transacted with Credit Suisse is when such a request is presented to the Court.

Respectfully,

*/s/ William Christopher Carmody*
William Christopher Carmody