**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Patrick J. Coughlin
patc@rgrdlaw.com

August 18, 2017

VIA ECF

The Honorable Naomi Reice Buchwald
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*
            No. 11-md-2262 (NRB)

Dear Judge Buchwald:

      We represent plaintiff SEIU Pension Plan Master Trust ("SEIU").  We write in connection with defendants' July 28, 2017 letter.  While defendants' letter is primarily directed at the OTC Plaintiffs' request for the right to seek leave to add a substitute class representative at an appropriate time[1], defendants also seek the dismissal of all of plaintiff SEIU's claims ***with prejudice*** – the most extreme sanction available, purportedly due to SEIU's delay in providing certain discovery.  Dkt. No. 2139.  There is no basis here for dismissal.

      Only exceptional circumstances warrant termination of the action before adjudication on the merits.  "Th[e Second Circuit] has long been committed to the proposition that dismissal of an action with prejudice is a drastic remedy which should be applied only in extreme circumstances." *Tamini v. M/V Jewon*, 808 F.2d 978, 980 (2d Cir. 1987); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) ("Because dismissal with prejudice is a particularly 'harsh remedy," however, it should only be used when a court finds 'willfulness, bad faith, or any fault' by the non-compliant party.") (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). In the Second Circuit, as elsewhere, "a terminating sanction is justified in only the most egregious cases, such as where a party has engaged in perjury, tampering with evidence, or intentionally destroying evidence by burning, shredding, or wiping out computer hard drives." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010).  Moreover, because terminating sanctions require a willfulness finding, they cannot be granted simply on counsel representations in informal letter submissions; an evidentiary hearing is required. *Jay v. Spectrum Brands Holdings, Inc.*, No. 13 Civ. 8137 (LTS)(DF), 2015 U.S. Dist. LEXIS 144361, 2015 WL 6437581, at *6 (S.D.N.Y. Oct. 20, 2015).

---

[1]   SEIU takes no position on the OTC Plaintiffs' request for the right to seek leave to add a substitute class representative.

ROBBINS GELLER
RUDMAN & DOWD LLP

The Honorable Naomi Reice Buchwald
August 18, 2017
Page 2

      SEIU has, at all times, been diligent in responding to defendants' discovery. In response to a set of 63 wide ranging document requests, covering nearly every aspect of SEIU's operations and investment activity across numerous years, SEIU produced a voluminous amount of transactional data (which required hundreds of hours of time obtaining, cleaning, and filtering the data to identify the responsive information), as well as thousands of pages of hard copy and electronically stored documents. It completed these productions long ago and long before the class certification deadlines. Following these productions, SEIU repeatedly answered defendants' questions about the documents it had produced. Defendants have not taken a single issue with the content or timing of SEIU's document production, which is exceedingly rare in complex, high stakes litigation such as this action where virtually every issue, no matter how marginal, has seemingly been subject to contested litigation. SEIU's efforts in this case are hardly the mark of an unwilling party.

      Of all the discovery SEIU has provided, defendants take issue only with: (i) SEIU's decision not to sit for a class representative deposition, and (ii) SEIU's response to two informal sets of data-related questions posed by defendants' April 11 and 13, 2017 letters.

      But defendants overreach when suggesting that SEIU did not comply with a court order relating to their motion to compel a deposition. In response to defendants' motion, plaintiffs represented that SEIU would either secure a deposition date or seek leave to withdraw as a class representative. Dkt. No. 1961. ***Defendants endorsed that approach***, stating that they would "accept that belated offer." Dkt. No. 1964. Ultimately, SEIU chose the latter option – it sought leave to withdraw as a class representative. Counsel for the OTC plaintiffs advised the Court of SEIU's decision on June 15, 2017, and the Court granted the request on June 26, 2017. Dkt. No. 1992. After SEIU indicated that it sought to withdraw as a class representative, defendants did not oppose or otherwise object to SEIU's decision to withdraw, or suggest that they would be prejudiced by SEIU's decision rather than appear for a class representative deposition. And rightly so. It made little sense for SEIU to sit for (or defendants to conduct) a class representative deposition when SEIU no longer sought class representative status.

      All that has happened is that SEIU did not sit for a class representative deposition before the class certification briefing was complete. It has not refused to participate in discovery. It has not flaunted any order of the Court.[2]

---

[2] Defendants cite this Court's June 12 letter (Dkt. No. 1966), but omit the portion which indicates that the Court "will rely on Mr. Carmody's representation." That "representation" was that SEIU would either sit for deposition or withdraw as a class representative. Dkt. No. 1961. It is far from clear that SEIU was required to immediately sit for a deposition even if it withdrew as a class representative. When evaluating a sanctions motion, any doubt concerning the interpretation of the

1299705_1

The Honorable Naomi Reice Buchwald
August 18, 2017
Page 3

As for the second basis for their request – the April 11 and 13, 2017 letters, SEIU did, in fact, provide responses to those letters. *See* Ex. 1.[3] In addition, with respect to many of the April 11 and 13 questions, it was the second time SEIU had provided the information. Noticeably absent from defendants' filing is recognition that SEIU responded in January to a lengthy list of similar questions posed in late December. *See* Ex. 2. Many of the questions posed by defendants on April 11 and 13 overlapped with questions SEIU had already answered in January. And while defendants insist that the information sought by the letters was so important that SEIU's purported refusal to provide answers warrants outcome-determinative sanctions, until now defendants never raised this issue with the Court or otherwise sought to compel responses – the obvious first step when a party believes its opponent is not cooperating in discovery. *Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d Cir. 1996) (entering judgment against a party under Rule 37 sanction is as a "last resort").

Mindful of its discovery obligations, SEIU provided responses to every data-related question it could reasonably answer, and even went beyond the call of duty in an effort to provide defendants the explanations they wanted. Defendants' April 11 and 13 questions related to a nearly decade-old set of transactional data that was maintained by a non-party (Amalgamated Bank), **not SEIU**, and of which SEIU has little personal knowledge. Even though it does not have the power to force the non-party to provide answers to defendants' questions, SEIU went to great lengths to obtain its cooperation. While SEIU was unable to provide substantive answers to a small number of defendants' many questions, it was because that information was within the control of a non-party. That is no basis for sanctions. Where a party's compliance with discovery requests is dependent on the cooperation of third parties, such as here, sanctions for noncompliance are not proper. *See*

---

Court's letter must be in favor of SEIU. *Southern New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) ("Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is, we have recognized, a 'potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the [party's] conduct.'"); *Accurate Grading Quality Assur., Inc. v. KGK Jewelry, LLC*, No. 12cv01343 (KPF) (DF), 2014 U.S. Dist. LEXIS 84601, at *13 (S.D.N.Y. June 17, 2014) (Rule 37 "sanctions should not be awarded under Rule 37(b) without a clear violation of a discovery order.").

[3] Until defendants' July 28, 2017 letter to the Court, neither SEIU nor its counsel were aware that defendants may not have received responses to their April 11 and 13, 2017 letters, as OTC class counsel was handling discovery discussions with the defendants. SEIU provided answers to class counsel in an April 20, 2017 e-mail, one week after receiving the questions, with the understanding that class counsel would forward the responses to defendants, as they had done with earlier responses. *See* Exs. 1-2. If defendants did not receive SEIU's April 20 answers to their April 11 and 13 questions, it is not because SEIU was unwilling to provide them. SEIU is willing to provide this information to defendants.

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Naomi Reice Buchwald
August 18, 2017
Page 4

*Florentia Contracting Corp. v. Resolution Trust Corp.*, No. 92 Civ. 1188 (PKL), 1993 U.S. Dist. LEXIS 5275, at *10 (S.D.N.Y. Apr. 22, 1993) (denying plaintiff's motion for sanctions where defendant could not produce documents that were in the custody and control of former subsidiary); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958) (recognizing that there are times when a party, through no fault of its own, cannot comply with court orders, the law is clear that "Rule 37 should not be construed to authorize dismissal . . . when it has been established that failure to comply [with a production order] has been due to inability").

SEIU's efforts in this action distinguish it from the situations presented by defendants' authorities, where, a party for more than one year "ignored several court orders and has abandoned his claims and refused to cooperate with his attorney," *Pavon v. Joe's Pizzeria*, No. 11-CV-4544 (KAM), 2013 U.S. Dist. LEXIS 25548, at *2-*4 (E.D.N.Y. Feb. 22, 2013); where plaintiffs ignored four court orders requiring them to respond to discovery, *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-08333 (ALC)(SN), 2016 WL 397677, at *4 (S.D.N.Y. Feb. 1, 2016); or where a party twice agreed to dates for a deposition but then failed to appear and dropped out of contact with his counsel, *Diaz v. Ward*, No. 75 Civ. 1194–CSH, 1987 WL 13723, at *3 (S.D.N.Y. July 8, 1997). All of these actions involved repeated violations of court orders; here, however, there has not even been a single violation.

Finally, even if, as defendants say, SEIU is an unwilling party, which it is not, defendants have not established actual prejudice. *GenOn Mid-Atl, LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 357 (S.D.N.Y. 2012) (the moving party has the burden to establish prejudice resulting from the alleged discovery violation). At most, defendants raise the specter of future prejudice, speculating that, should SEIU seek to return as a class representative in the action, it may cause defendants undue prejudice. But SEIU represents to this Court that it has no intention of returning as a class representative in this (or another similar) action related to the manipulation of LIBOR. Defendants' sanctions request should be denied.

                                                Respectfully submitted,

                                                PATRICK J. COUGHLIN

SMJ:ji
Enclosures
cc: All Counsel (via ECF)

1299705_1