```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:
                                            MEMORANDUM and ORDER
LIBOR-Based Financial Instruments
Antitrust Litigation.                       11 MD 2262 (NRB)

This Document Applies to:

OTC Plaintiff Action                        11 CV 5450 (NRB)

------------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order responds to a number of letters received by the Court following our order approving the withdrawal of SEIU Pension Plan Master Trust ("SEIU") as a class representative. See Endorsed Letter, June 26, 2017 (ECF No. 1992). Specifically, this Memorandum and Order addresses (1) defendants' request that SEIU's claims be dismissed with prejudice, Kurtzberg Letter, July 28, 2017 (ECF No. 2139) and Robbins Geller's letter of August 18, 2017 (ECF No. 2236), as well as (2) OTC plaintiffs' request that the Bucks County Water and Sewer Authority ("Bucks County") be substituted as a named plaintiff, Carmody Letter, Aug. 9, 2017 (ECF No. 2215) and subsequent letters (ECF Nos. 2230, 2234, 2246, and 2249).

Defendants' request that SEIU's claims be dismissed with prejudice is denied, as there is no showing of bad faith or serious fault. See Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) ("[T]he sanction of dismissal with

1

prejudice . . . should be used only in extreme situations, and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." (citations and internal quotation marks omitted)). We will rely on SEIU's representation that it will not seek to return as a class representative in this or another similar action. See Robbins Geller Letter, Aug. 18, 2017 (ECF No. 2236).

OTC plaintiffs' request to substitute Bucks County as a named plaintiff is granted. In allowing this substitution, we recognize that defendants identify several issues regarding the features of Bucks County's LIBOR-based holdings and the timing of Bucks County's transactions. See Ellis Letter, Aug. 16, 2017 (ECF No. 2230). Accordingly, we expressly note that we reserve decision on whether Bucks County is an adequate representative of the proposed class (or of any subclass) and similarly reserve judgment on the propriety of any subclass proposed by the OTC plaintiffs, especially to the extent that those subclasses would be unrepresented absent Bucks County's substitution. Finally, though we find no undue delay in the OTC plaintiffs' request to substitute Bucks County, we reserve judgment on any subsequent motion seeking to add a plaintiff that transacted with Credit Suisse.

OTC plaintiffs shall produce discovery for Bucks County, which shall be identical in scope to that produced for the other

named plaintiffs, by September 22, 2017, and shall make representatives of Bucks County available for Rule 30(b)(6) depositions by September 29, 2017. Defendants may file a supplemental brief of no more than 5 pages addressing issues related to the substitution of Bucks County by October 13, 2017, and plaintiffs may file a reply of no more than 5 pages by October 20, 2017.

Finally, nothing in this Memorandum and Order should be understood by anyone as a retreat from the "fixed and firm" class action schedule. Rather, the last-minute withdrawal of SEIU is a unique situation which required a departure from the Court's schedule in the interest of justice.

**SO ORDERED.**

Dated:   New York, New York
         September 7, 2017

                                                    NAOMI REICE BUCHWALD
                                                  UNITED STATES DISTRICT JUDGE