**MAYER·BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Steven Wolowitz**
Direct Tel +1 212 506 2535
Direct Fax +1 212 849 5535
swolowitz@mayerbrown.com

September 22, 2017

BY ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

We are counsel for defendant Société Générale ("SG") and write in response to Direct Action Plaintiffs' ("DAPs'") September 14, 2017 letter to the Court (ECF 2263).[1] While we agree that the Second Circuit's disposition of the pending appeals will address jurisdictional and certain merits issues and, therefore, there is no reason for further motion practice before this Court on those issues, the Court should not grant DAPs' vague request for "approval to postpone the filing of any potential motions for reconsideration" arising from the Indictment of two individuals which they attached to their letter.

*First*, although DAPs vaguely refer to "time limitations for raising new issues as part of a reconsideration motion" as the impetus for their letter, they have not identified an imminent deadline and thus have provided no reason for the Court to grant any relief. To the extent that any deadlines have already passed, we do not understand DAPs to be requesting any retroactive relief and none would be warranted.

*Second*, DAPs do not identify what rulings they might ask the Court to reconsider. Nothing in the Indictment provides any basis for the Court to revisit its jurisdictional rulings: identically to the declaration that SG submitted in this action, the Indictment alleges that SG's submitters and others on the treasury desk were all located in Paris, where SG's submissions were determined, and that SG's submissions were transmitted to Thomson Reuters in London. *Compare* Indictment (ECF 2263-1) at ¶¶ 2-8, 10, *with LIBOR IV*, 2015 WL 6243526, at *32 n.52 (S.D.N.Y. Oct. 20, 2015) (citing Decl. of Dominique Bourrinet (ECF 785) at ¶ 10 (Société Générale submissions were determined in Paris and transmitted from London)). Similarly, the

---

[1] By sending this letter, SG does not waive and expressly reserves defenses that it may have, including as to the lack of personal jurisdiction.

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

only "merits" issue on appeal is the efficient enforcer ground for dismissal, and the Indictment does not bear on any of the efficient enforcer factors.

We would also be remiss if we did not point out the inaccuracy of DAPs' assertion that the Indictment alleges "specific overt acts in the United States in support of personal jurisdiction for 'reputation driven' conduct". All of the alleged "overt acts" by SG's employees occurred abroad. *See* Indictment at ¶¶ 2-8, 34. The only U.S.-related events mentioned in the Indictment are *Thomson Reuters'* alleged transmissions from London of SG's LIBOR submissions to a Thomson Reuters data center in Hauppauge, NY in the Eastern District. *See id.* at ¶¶ 10, 11, 36. The Court has held that an allegation that submissions were sent to New York, without additional allegations (absent here) that any person or entity did anything with the submissions in the United States, is insufficient to support personal jurisdiction. *See LIBOR VI*, 2016 WL 7378980, at *10 (S.D.N.Y. Dec. 20, 2016).

Accordingly, there is no reason for the Court to grant DAPs' application.

Respectfully submitted,

/s/ Steven Wolowitz
Steven Wolowitz

cc:   All counsel of record (via ECF)

725333889