# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The OTC Action | Honorable Naomi R. Buchwald |

# [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH BARCLAYS BANK PLC

WHEREAS, an action is pending before this Court styled *Mayor and City Council of Baltimore v. Credit Suisse Group AG, et al.*, No. 1:11-md-2262-NRB (the "OTC Action");

WHEREAS, OTC Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (a) granting final approval to the Settlement with Barclays Bank PLC; (b) certifying the settlement class; (c) granting final approval to the Plan of Distribution; (d) appointing Hausfeld LLP and Susman Godfrey LLP as Co-Lead Counsel for the Settlement Class; (e) granting final approval to the class notice; and (f) appointing Mr. Kenneth Feinberg as the Settlement Administrator and Huntington Bank as the Escrow Agent.

WHEREAS, the Court has considered the Settlement and other documents submitted in connection with OTC Plaintiffs' Motion for Final Approval of Settlement with Barclays Bank PLC, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Court has subject matter jurisdiction over this action and personal jurisdiction over all the parties in this action.

2.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

## I.      FINAL APPROVAL OF SETTLEMENT

3.      Upon review of the record, including the Orders preliminarily approving the Settlement and the submissions in support of the Settlement and preliminary certification, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

4.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to,

and in the best interests of, all Class Members, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlement's consummation according to its terms. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follow:

> a. The Settlement was negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's length negotiations undertaken in good faith and with the assistance of a professional mediator experienced in complex cases;
>
> b. No objections to the proposed Settlement have been filed;
>
> c. This action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlement, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and
>
> d. Interim Co-Lead Counsel's judgment that the settlement is fair and reasonable, and the Class Members' reaction to the Settlement, is entitled to great weight.

## II. FINAL APPROVAL OF THE PLAN OF DISTRIBUTION

5. Upon review of the record, the Court finds that the pro rata Plan of Distribution has a reasonable, rational basis and is fair and adequate. Therefore, the Plan of Distribution is hereby finally approved.

### III.   CERTIFICATION OF THE SETTLEMENT CLASS

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the settlement set forth in the Settlement, the following Class:

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant (or a Defendant's subsidiaries or affiliates), a U.S. Dollar LIBOR-Based Instrument and that owned the U.S. Dollar LIBOR-Based Instrument any time during the period August 2007 through May 2010 (the "Class Period").[1]

7.     The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

a.     Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

b.     Pursuant to Rule 23(a)(2), the Court determines that OTC Plaintiffs have alleged one or more questions of fact or law common to the Class;

c.     Pursuant to Rule 23(a)(3), the Court determines that OTC Plaintiffs' claims are typical of the claims of the Class;

d.     Pursuant to Rule 23(a)(4), the Court determines that OTC Plaintiffs will fairly and adequately protect the interests of the Class;

e.     Pursuant to Rule 23(b)(3), the Court determines that common questions of

---

[1] "Specifically excluded from the Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over this action and the members of his/her immediate families and judicial staff, and any juror assigned to the OTC Action." Settlement ¶ 3(b).

law and fact predominate over questions affecting only individual members; and

    f.    Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

8.    If the Effective Date does not occur with respect to the Settlement because of the failure of a condition that affects the Settlement, this certification of the Class shall be deemed null and void as to the Parties subject to such the Settlement without the need for further action by the Court or Barclays. In such circumstances, Barclays shall retain its rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

9.    The Court's certification of the Class as provided herein is without prejudice to, or waiver of the rights of, any defendant, other than Barclays, to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions, and no party may cite or refer to the Court's approval of the Class as persuasive or binding authority with respect to any motion to certify any such class.

## IV.    CLASS COUNSEL

10.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are designated as settlement class counsel for the Class:

HAUSFELD LLP           SUSMAN GODFREY L.L.P.

1700 K Street, NW, Suite 650      560 Lexington Avenue, 15th Floor

Washington, DC 20006                    New York, NY 10022
     Tel: 202-540-7200                          Tel: 212-336-8334

## V.    FINAL APPROVAL OF CLASS NOTICE

11.    Upon review of the record, the Court finds that the Notice of the Settlement constituted due, adequate, and sufficient notice of the settlement and was the best practicable under the circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law.  Therefore, the class notice is finally approved.

## VI.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR AND ESCROW AGENT

12.    Upon review of the record, the Court finds that Mr. Kenneth Feinberg and Huntington National Bank are qualified to serve as Settlement Administrator and Escrow Agent, respectively. Therefore, Mr. Kenneth Feinberg is appointed as Settlement Administrator and Huntington National Bank is appointed as Escrow Agent.

## VII.  OTHER PROVISIONS

13.    The Court approves and directs the implementation of all the terms of the Settlement.

14.    If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Class shall be vacated *nunc pro tunc*.

15.    Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class ("Opt-Outs"), all Parties are bound by this Final Judgment and Order and by the Settlement Agreement.

16.     Except as to the Opt-Outs, the Court dismisses the OTC Action, as well as all of the Released Claims, against any of the Releasees by the Class Representatives and/or Class Members, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement, provided that such dismissal shall not affect, in any way, the right of Class Plaintiffs or Class Members to pursue claims, if any, outside the scope of the Released Claims.

17.     Any Opt-Outs have timely and validly requested exclusion from the Class and are hereby excluded from the Class, not bound by this Final Judgment and Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.

18.     Upon the Effective Date, the Releasors[2] shall be deemed to hereby fully and irrevocably waived, released, relinquished, and discharged all Release Claims[3] against the

---

[2] Individually and collectively, Class Plaintiffs and each OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

[3] Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action; provided, however, that Released Claims do not include (1) claims that are the subject of the Settlement Agreement, dated October 7, 2014, between Barclays and the Exchange-Based Plaintiffs, specifically claims arising from or relating in any way to any conduct alleged in the Exchange-Based Plaintiffs' Action or that could have been alleged in the Exchange-Based Plaintiffs' Action concerning Eurodollar future contracts or options; (2) claims arising under foreign law related to transactions outside the United States; or (3) claims to enforce any of the terms of this Agreement. For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase of non-U.S. Dollar LIBOR-Based Instruments or any

Released Parties,[4] regardless of whether such Releasing Party executives and delivers a proof of claim; Shall be forever enjoined from prosecuting in any forum any Release Claim against any of the Released Parties; and Agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

Notwithstanding the foregoing, persons or entities that only purchased bonds issued by entities other than U.S. Dollar LIBOR Panel Banks are not members of this Settlement Class. Further, claims which are alleged in the Bondholder Plaintiff Action (Case No. 12 CY 1025 (NRB)) concerning U.S. Dollar LIBOR-Based Debt Securities are not released by the OTC Settlement. Thus, any claim based on a U.S. Dollar LIBOR-Based Debt Security may be asserted only against the Bondholder Settlement (and not the OTC Settlement), and will only be released pursuant to the Bondholder Settlement. Likewise, any claim based on a debt security tied to U.S. Dollar LIBOR that was issued by a Defendant (or a Defendant's subsidiary or affiliate) as obligor and was purchased directly from a Defendant (or a Defendant's subsidiary or affiliate) may be asserted only against the OTC Settlement (and not the Bondholder Settlement), and will only be released pursuant to the OTC Settlement. Any OTC Class Member who is also a member of the class alleged in the Bondholder Plaintiff Action will be entitled to assert claims to share in the

---

other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement or otherwise enforce the terms of a U.S. Dollar LIBOR-Based Instrument.

[4] Barclays and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants; or (ii) any other Person formerly named as a party in the OTC Action.

settlement funds established in both actions in accordance with the limitations set forth above.  Similarly, any member of the class in the Bondholder Plaintiff Action who is also a member of the OTC Class will be entitled to assert claims to share in both settlement funds in accordance with the limitations set forth above.

In addition, claims concerning U.S. Dollar LIBOR-Based Instruments purchased from one or more Non-Defendant OTC Financial Institutions[1] which are alleged in *33-35 Green Pond Road Assocs. LLC v. Bank of America Corp., et al.* (Case No. 12 CV 5822 (NRB)) and *Courtyard at Amwell II, LLC, et al. v. Bank of America Corp., et al.* (Case No. 12 CV 6693 (NRB)) class actions (collectively the "Non-Defendant OTC Action") are not released by the OTC Settlement.  Accordingly, any OTC Class Member who is also a member of the class alleged in the Non-Defendant OTC Action will be entitled to assert claims to share in any settlement funds established in both actions.  Similarly, any member of the class in the Non-Defendant OTC Action who is also a member of the OTC Class will be entitled to assert claims to share in any settlement funds established in both actions.  Thus, a person or entity who purchased U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions and also purchased U.S. Dollar LIBOR-Based Instruments directly from a Defendant (or subsidiary or affiliate of a Defendant) will be legally entitled to assert a claim to share in any Non-Defendant OTC Settlement with Barclays based on purchases of U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions, and will also be legally entitled to assert a claim to share in the OTC Settlement based on U.S. Dollar LIBOR Based Instruments purchased directly from a Defendant (or subsidiary or affiliate of a Defendant), but will not be legally entitled to assert a claim to share in the OTC Settlement based on purchases of U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions.

14

19.     This Final Judgment and Order shall not affect, in any way, the right of Class Representatives or Class Members to pursue claims, if any, outside the scope of the Released Claims.

20.     The Settlement, acts performed in furtherance of the Settlement and/or documents executed in furtherance of the Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by OTC Plaintiffs, Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency, or other proceeding.

21.     The Settlement shall not be offered or be admissible in evidence against Releasees in any action or proceeding, except in an action or proceeding that is in furtherance of the Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlement may be filed in an action to enforce or interpret the terms of the Settlement and any other documents executed in connection with the performance of the agreements embodied therein. The Releasees may file the Settlement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.     Any order entered regarding the motion for attorneys' fees and expenses in this action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

15

23.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever.

24.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of monies under the claims-made Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and Service Awards to the OTC Plaintiffs; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

25.     To the extent permitted by law, the Court bars claims against the Releases Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the OTC Action by way of any settlement, judgment or otherwise by any of the following:

        a.     Any of the other Defendants currently named in the OTC Action;

        b.     Any other Person formerly named as a party in the OTC Action; or

        c.     Any other Person subsequently added or joined as a party in the OTC Action.

26.     There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____, 2017          _____
                                                         HON. NAOMI REICE BUCHWALD
                                                         UNITED STATES DISTRICT COURT JUDGE