# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT SUISSE AG, et al., <br><br> Defendants. | No. 11-cv-5450 (NRB) |

**DECLARATION OF JASON RABE REGARDING NOTICE BY**
**MAILING AND PUBLICATION OF THE PUBLICATION AND**
**INTERNET NOTICES**

JASON RABE, declares and states as follows:

1.      I am a Program Manager at Rust Consulting, Inc. ("Rust").  Rust was appointed as Claims Administrator pursuant to ¶ 1 of the Order Approving OTC Plaintiffs' Notice Program and Preliminary Approval of Plan of Distribution dated June 6, 2017 (the "Preliminary Approval Order").  I have the responsibility for overseeing all aspects of the notice and claims administration services performed by Rust with respect to the Settlement.

2.      I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Long Form Notice and Proof of Claim (collectively, the "Direct Notice") and the publication of the publication notice (the

"Publication Notice") and the internet notice (the "Internet Notice").  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**PUBLICATION OF THE PUBLICATION AND INTERNET NOTICES**

3.     Rust's services include mailing the Direct Notice to potential Class Members; coordinating the Publication Notice and Internet Notice in accordance with the Notice Program with Kinsella Media, LLC ("KM"); establishing an interactive website to provide information and Court-approved documents to Class Members concerning the proposed settlement; and responding to calls and requests for Direct Notices.

4.     Pursuant to the Preliminary Approval Order, the Court approved the Notice Program submitted by KM.   KM is an advertising and notification consulting firm in Washington, D.C. specializing in the design and implementation of class action and bankruptcy notification programs.

5.     The declaration of Shannon R. Wheatman certifying that the publications of the Publication Notice and the Internet Notice were effectuated in accordance with the Preliminary Approval Order is being filed contemporaneously herewith.

**MAILING OF THE DIRECT NOTICE**

6. As a result of Rust's efforts outlined below, Rust has mailed a total of 137,656 Direct Notices[1] to potential Class Members.

7. Rust received from Class Counsel, Susman Godfrey LLP, 8 files containing 48,327 counterparty names and addresses received from seven (7) of the Defendants.[2]

8. Rust received a list containing 2,977 names and addresses of institutional investors from Bates White. In addition, Rust purchased lists of institutional investors from Dun and Bradstreet (12,708 names and addresses) as well as Vickers (8,866 names and addresses).

9. Rust utilized a list of 66,946 names and addresses of state, city, and county government offices, as well as schools (excluding private schools), universities, and healthcare facilities.

10. Rust entered the data referenced above into a segregated database (the "Rust Mailing Database") to be used for mailing the Direct Notices to potential Class Members. The data was electronically scrubbed to eliminate duplicate names and addresses and incomplete records and forwarded to the National Change of Address ("NCOA") service to ensure adequate address formatting and to qualify for postal discounts. As a result of the processes above, 2,168 duplicate or incomplete records were removed, resulting in 137,656 records for mailing.

_____

[1] The number of Direct Notices mailed includes 14,580 to counterparties provided by Barclays Bank plc and 32,007 to counterparties provided by other Defendants (*see* ¶ 7), 24,123 mailed to institutional investors (*see* ¶ 8) and 66,946 mailed to state, city, and county government offices, as well as schools (excluding private schools), universities, and healthcare facilities (*see* ¶ 9) for an aggregate of 137,656 Direct Notices mailed.
[2] Rust was informed by OTC Class Counsel that HSBC and Credit Suisse AG would be providing Direct Notice to their own counterparties.

11.     Pursuant to ¶ 2 of the Preliminary Approval Order, on July 24, 2017, Rust caused the Direct Notice to be printed and sent to the 137,656 potential Class Members referred to in ¶¶ 7, 8 and 9 above.  A copy of the printed Direct Notice is attached hereto as Exhibit A.

12.     Rust leases and maintains a Post Office Box (P.O. Box 2602, Faribault, MN 55021-9602) for the receipt of all undeliverable mail and written communications necessary to implement the Settlement.

13.     As of September 21, 2017, the USPS had returned 18,028 Direct Notices as undeliverable without forwarding addresses.  Of these, Rust was able to locate 2,871 new addresses, through an information supplier to which Rust subscribes.  Direct Notices were promptly mailed to the potential Class Members at the updated addresses.

14.     As of September 21, 2017, the USPS had returned 218 Direct Notices with forwarding addresses.  Direct Notices were promptly re-mailed to the potential Class Members at the updated addresses.

15.     Additionally, as of September 21, 2017, in response to telephone and email requests for Direct Notices made directly to Rust by potential Class Members, an additional 9 Direct Notices were mailed.

16.     Through September 21, 2017, an aggregate of 140,754 Direct Notices had been mailed, pursuant to the Preliminary Approval Order.

## THE SETTLEMENT WEBSITE

17.     Rust established and maintains a website, www.BarclaysLiborSettlement.com (the "Website"), that enables Class Members and other individuals to obtain information about the

Settlement and to access important documents related to the Settlement.  Specifically, the Website contains a listing of the deadlines for requesting exclusion from the Class, objecting to the Settlement and filing a Proof of Claim, as well as contact information and the date, time and location of the Court's Final Approval Hearing.  The Website also contains "links" to the Publication and Long Form Notice, Proof of Claim, and important Court documents including, among others, the Settlement Agreement between OTC Plaintiffs and Barclays Plc.  The "links" permit any person, including potential Class Members with internet access, to view, download, and print copies of the Long Form Notice and Proof of Claim, thereby providing potential Class Members with information about the Settlement at their convenience.  Additionally, the Website allows individuals and entities to submit electronic claims.

18.    The Website went "live" on July 24, 2017 and as of September 21, 2017, the Website has had 113,600 unique visitors.  In addition, the Notice has been downloaded 1,491 times and 225 Proofs of Claim have been submitted electronically.  The website is periodically updated as the status of the Settlement changes (e.g., a deadline passes).

19.    Rust    also    established    a    case-dedicated    e-mail    address, info@BarclaysLiborSettlement.com, to allow persons to email the Claims Administrator with questions or inquiries.  The e-mail address was activated on July 24, 2017 and is listed in the Direct Notice and on the website.  As of September 21, 2017, Rust has received and processed 441 e-mail inquiries from potential Class Members.

**TOLL-FREE TELEPHONE HOTLINE**

20.    Rust also established a toll-free telephone hotline (1-888-568-7640) that became operational on July 24, 2017.  Class Members calling the hotline are given the key dates for

filing deadlines as well as the website address for additional information.  At the end of the recorded message, Class Members can remain on the line to speak with a representative.  The recorded information is available 24 hours a day, 7 days a week.  As of September 21, 2017, Rust has received 557 calls on this line.

## REMINDER POSTCARD MAILING

21.     Pursuant to ¶ 2 of the Order Preliminarily Approving Amended Plan of Distribution dated August 28, 2017, on September 8, 2017, Rust caused a postcard (the "Reminder Postcard") to be printed and sent to the 137,656 potential Class Members referred to in ¶ 11 above.  The Reminder Postcard notified potential Class Members of the Amended Distribution Plan and also reminded potential Class Members of the upcoming filing deadlines.  A copy of the printed Reminder Postcard is attached hereto as Exhibit B.

## REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE

22.     Pursuant to ¶ 8 of the Preliminary Approval Order, Requests for Exclusion from the Class are required to be mailed to the Claims Administrator, postmarked no later than October 9, 2017 and addressed to: U.S. Dollar LIBOR Settlement, P.O. Box 2602, Faribault, MN 55021-9602.  As of September 21, 2017, Rust has not received any Requests for Exclusion from the Class.

23.     Pursuant to ¶ 8 of the Preliminary Approval Order, objections are required to be postmarked or delivered to the Clerk of the Court, OTC Class Counsel and Barclays' Counsel no later than October 9, 2017.  Although objections are not to be sent to Rust, nevertheless, as part of its standard procedures, Rust personnel examine all mail received to search for, among other

things, Requests for Exclusion and objections.  As of September 21, 2017, Rust has received no objections.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 22nd day of September, 2017 in Minneapolis, Minnesota.

_____
Jason Rabe

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If You Owned a U.S. Dollar LIBOR-Based Instrument Between August 2007 and May 2010,

### *You May Be Eligible for a Payment from a $120 Million Settlement.*

**Impacts individuals and institutions** that entered into most over-the-counter financial derivative and non-derivative instruments directly with a U.S. Dollar Panel Bank (*see* Question 8) that received payments tied to U.S. Dollar LIBOR, including certain interest rate swaps, forward rate agreements, asset swaps, collateralized debt obligations, credit default swaps, inflation swaps, total return swaps, options, and floating rate notes.

*A United States federal court authorized this notice.  This is **not** a solicitation from a lawyer.*

- A Settlement has been reached with Barclays Bank plc ("Barclays") in a class action lawsuit about the price-fixing and manipulation of the London Interbank Offered Rate ("LIBOR").  The lawsuit claims that Barclays and the Non-Settling Defendants (*see* Question 2) unlawfully manipulated the U.S. Dollar LIBOR rate, artificially lowering the rate to reduce payments to Class Members.

- You are included in the Settlement and are entitled to seek a payment, if you directly purchased U.S. Dollar LIBOR-based instruments directly from Barclays or any Non-Settling Defendant (*see* Question 6).  Class Members who transacted with Barclays and Class Members who transacted with Non-Settling Defendants will be entitled to payments in the same manner (*see* Question 12).  Class Members will release claims through this Settlement only against Barclays and its affiliates; the Settlement does not impact claims in the lawsuit against the Non-Settling Defendants, and the lawsuit is ongoing.

- The instruments affected include, among others: asset swaps, collateralized debt obligations, credit default swaps, forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options, or floating rate notes.  The Settlement does **not** include U.S. Dollar LIBOR-based instruments that include only a term, provision, or obligation or right to pay interest based on the U.S. Dollar, such as business; home, student, or car loans; or credit cards.

- The Settlement will pay individuals and institutions that owned certain U.S. Dollar LIBOR-based instruments between August 2007 and May 2010.  In addition, Barclays has agreed to cooperate with Class Counsel and provide information to use against the Non-Settling Defendants.

- **Your legal rights are affected even if you do nothing.  Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to get a payment.  See Question 15. |
| **ASK TO BE EXCLUDED** | You will get no monetary benefits from the Settlement.  This is the only option that allows you to assert the claims released by this Settlement against Barclays about the U.S. Dollar LIBOR manipulation claims at issue in this case.  See Question 17. |
| **OBJECT** | If you wish to object to the Settlement, or anything else referenced in this Notice, you must file a written objection. See Question 22. |
| **GO TO A HEARING** | You may also request to be heard at the Fairness Hearing.  See Question 26. |
| **DO NOTHING** | You will forfeit your right to get a monetary benefit from the Settlement, and you will give up your rights to assert claims released by this Settlement against Barclays about the U.S. Dollar LIBOR manipulation claims at issue in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will only be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

QUESTIONS?  CALL 1-888- 568-7640 OR VISIT WWW.BARCLAYSLIBORSETTLEMENT.COM

## What This Notice Contains

**BASIC INFORMATION** ...................................................................................................………...3
    1. Why is there a notice?
    2. What is this lawsuit about?
    3. Are there any related lawsuits?
    4. Why is this a class action?
    5. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ...................................................................................………...4
    6. How do I know if I am part of the Settlement?
    7. What is the London Interbank Offered Rate ("LIBOR")?
    8. What U.S. Dollar LIBOR-based instruments are covered by the Settlement?
    9. Does the Settlement include instruments where I only pay interest based on U.S. Dollar LIBOR rate?
    10. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ..................................................................................………...6
    11. What does the Settlement provide?
    12. How much will my payment be?
    13. When will I receive my payment?
    14. What am I giving up to stay in the Class?

**HOW TO RECEIVE A PAYMENT** .................................................................................………...8
    15. How can I receive a payment?
    16. What if my claim is rejected?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .............................................………...8
    17. How do I get out of the Settlement?
    18. If I do not exclude myself, can I sue Barclays for the same thing later?
    19. If I exclude myself, can I still get a payment from this Settlement?

**THE LAWYERS REPRESENTING YOU** .....................................................................………...9
    20. Do I have a lawyer in the case?
    21. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................................……......9
    22. How do I tell the Court if I do not like the Settlement?
    23. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** ......................................................................................………...10
    24. When and where will the Court decide whether to approve the Settlement?
    25. Do I have to attend the hearing?
    26. May I speak at the hearing?

**GETTING MORE INFORMATION** .............................................................................………...11
    27. How do I get more information?

# BASIC INFORMATION

## 1.  Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Naomi Reice Buchwald of the United States District Court for the Southern District of New York is overseeing this case.  This litigation has been consolidated within *In re LIBOR-Based Financial Instruments Antitrust Litigation,* MDL No. 2262, and this Settlement relates to an action referred to as the "OTC Action" because it involves Plaintiffs who entered into over-the-counter ("OTC") financial derivative and non-derivative instruments directly with Barclays or the Non-Settling Defendants.

## 2.  What is this lawsuit about?

Banks on the U.S. Dollar panel (and their affiliates) around the world were sued by a group of their counterparties ("Plaintiffs") who claim that the banks manipulated the U.S. Dollar LIBOR rate during the financial crisis, artificially lowering the rate for their own benefit.  Plaintiffs claim that Barclays and other banks manipulated the U.S. Dollar LIBOR rate, and that, as a result, purchasers did not receive as much interest payments for their U.S. Dollar LIBOR-based instruments from the banks as they should have.  Barclays and the Non-Settling Defendants deny these claims and maintain they did nothing wrong.  Plaintiffs in the OTC Action have brought (a) antitrust claims under the Sherman Act, (b) breach of contract claims, and (c) unjust enrichment claims against Barclays and the Non-Settling Defendants.

A Settlement has been reached with Barclays, the Settling Bank, and that is why you are receiving this Notice.  The Settlement does not impact claims in the lawsuit against the Non-Settling Defendants, and the lawsuit is ongoing.

For purposes of the Settlement, the Non-Settling Defendants are (collectively with Barclays, the "Defendants"):

- Credit Suisse Group AG; Credit Suisse International; Credit Suisse (USA) Inc. (together, "Credit Suisse");
- Bank of America Corporation and Bank of America, N.A. (together, "Bank of America");
- JPMorgan Chase & Co. and JPMorgan Chase Bank, NA (together, "JPMorgan Chase");
- HSBC Holdings PLC and HSBC Bank PLC (together, "HSBC");
- Barclays Bank plc;
- Lloyds Banking Group PLC ("Lloyds");
- WestLB AG and Westdeutsche Ummobilienbank AG (together "WestLB");
- UBS AG ("UBS");
- The Royal Bank of Scotland Group PLC ("RBS");
- Citizens Bank of Massachusetts a/k/a RBS Citizens Bank N.A. ("Citizens Bank");
- Deutsche Bank AG ("Deutsche Bank");
- Citibank NA and Citigroup Inc. (together, "Citibank");
- Coöperatieve Central Raiffeisen Boerenleenbank B.A. ("Rabobank");
- The Norinchukin Bank ("Norinchukin");
- The Bank of Tokyo-Mitsubishi UFJ, Ltd ("Bank of Tokyo");
- HBOS PLC ("HBOS");

- Société Générale S.A.; and
- Royal Bank of Canada ("RBC").

## 3.  Are there any related lawsuits?

Yes.  There are many cases that have been consolidated as a multi-district litigation ("MDL") in the U.S. District Court for the Southern District of New York, entitled: *In re LIBOR Financial Instruments Litigation*, 11-MD-2262.  This Settlement is made with Plaintiffs in the OTC Action only.

## 4.  Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of themselves and other people with similar claims.  All of these people together are the "class" or "class members."  In this Settlement, the Class Representatives are: the Mayor and City of Baltimore; City of New Britain; Texas Competitive Electric Holdings Company LLC; Yale University; Jennie Stuart Medical Center, Inc.; Variety Children's Hospital doing business as Miami Children's Hospital; Highlander Realty LLC; and SEIU Pension Plans Master Trust.  One court resolves the issues for all Class Members, except for those who exclude themselves from the OTC Class.

## 5.  Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Barclays.  Instead, the Parties have engaged in lengthy negotiations, and Plaintiffs and Barclays have agreed to a Settlement.  By agreeing to settle, the Parties avoid the costs and uncertainty of a trial, and the people affected will get a chance to receive compensation.  The Class Plaintiffs and their attorneys think the Settlement is best for all OTC Class Members.  The proposed Settlement does not mean that any law was broken or that Barclays did anything wrong.

# WHO IS IN THE SETTLEMENT?

If you received mailed notice of the Settlement, then you may be a Class Member.  But even if you did not receive a notice, you may be a Class Member, as described below.

## 6.  How do I know if I am part of the Settlement?

You are included in the Settlement if you (individual or entity):
- Directly purchased certain U.S. Dollar LIBOR-based instruments (*see* Question 8);
- From Barclays or any Non-Settling Defendant (or their subsidiaries or affiliates) (*see* Question 2);
- In the United States; and
- Owned the instruments at any time between August 2007 and May 2010.

You are **not** a member of the Class, even if you meet the above criteria, if you are:
- One of the Non-Settling Defendants, Released Parties, or alleged co-conspirators or their employees, officers, or directors;
- One of the Non-Settling Defendants', Released Parties', or alleged co-conspirators' parent companies, subsidiaries, affiliates, legal representatives, heirs, assigns, or any person acting on their behalf;
- An entity in which any Non-Settling Defendants, Released Parties, or alleged co-conspirators have a controlling interest; or
- A judicial officer presiding over this action or his/her immediate family member or are a judicial staff member or juror assigned to the OTC Action.

## 7.  What is the London Interbank Offered Rate ("LIBOR")?

The U.S. Dollar LIBOR rate is defined as the average rate at which each individual bank on the U.S. Dollar LIBOR panel could borrow funds, were it to do so by asking for and then accepting inter-bank offers in reasonable market size, just prior to 11:00 am London time.  It is the reference point for determining interest rates for financial instruments worldwide.  LIBOR rates are calculated for several currencies, such as U.S. Dollars, and seven borrowing periods ranging from overnight to one year.  They are published each business day.  This Settlement only involves U.S. Dollar LIBOR.

## 8.  What U.S. Dollar LIBOR-based instruments are covered by the Settlement?

The Settlement relates to U.S. Dollar LIBOR-Based Instruments, which are instruments that include any term, provision, obligation or right to be paid or to receive interest based upon the U.S. Dollar LIBOR rate. These include, but are not limited to, the following:

- **Asset Swaps** – a type of over-the-counter derivative in which one investor exchanges the cash flows of an asset or pool of assets for a different cash flow without affecting the underlying investment position.

- **Collateralized Debt Obligations ("CDOs")** – a type of structured asset back security ("ABS"). CDOs have multiple levels of risk ("tranches") and are issued by special purpose entities.  They are collateralized by debt obligations including bonds and loans.

- **Credit Default Swaps ("CDSs")** – a type of over-the-counter, credit-based derivative where the seller of the CDSs compensates the buyer of the CDS only if the underlying loan goes into default or has another credit event.

- **Forward Rate Agreements ("FRAs")** – a type of over-the-counter derivative based on a "forward contract."  The contract sets the rate of interest or the currency exchange rate to be paid or received on an obligation beginning at a future start date.

- **Inflation Swaps** – a type of over-the-counter derivative used to transfer inflation risk from one party to another through an exchange of cash flows.

- **Interest Rate Swaps** – a type of over-the-counter derivative in which two parties agree to exchange interest rate cash flows, based on a specified notional amount from a fixed rate to a floating rate (or vice versa) or from one floating rate to another.  Interest rate swaps are commonly used for both hedging and speculating.

- **Total Return Swaps** – a type of over-the-counter derivative based on financial contracts that transfer both the credit and market risk of an underlying asset.  These derivatives allow one contracting party to derive the economic benefit of owning an asset without putting that asset on its balance sheet.

- **Options** – a type of over-the-counter derivative based on a contract between two parties for a future transaction on an asset.  The other derivative instruments, defined above, can serve as the asset for an option.

- **Floating Rate Notes** – evidence an amount of money owed to the buyer from the seller.  The interest rate on floating rate notes is adjusted at contractually-set intervals and is based on a variable rate index, such as U.S. Dollar LIBOR.

Only U.S. Dollar LIBOR-based instruments that were sold in over-the-counter transactions (OTC transactions) are included in the Settlement.

**9.  Does the Settlement include instruments where I only pay interest based on U.S. Dollar LIBOR rate?**

The Settlement does not include U.S. Dollar LIBOR-based instruments that include only a term, provision, or obligation or right to pay interest based on the U.S. Dollar LIBOR rate, such as business, home, student, or car loans or credit cards.

**10.  What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-888-568-7640 with questions or visit www.BarclaysLiborSettlement.com.  You may also write with questions to U.S. Dollar LIBOR, P.O. Box 2602, Faribault, MN 55021-9602 or email info@BarclaysLiborSettlement.com.

# THE SETTLEMENT BENEFITS

**11.  What does the Settlement provide?**

The Settlement will create a $120 million Settlement Fund that will be used to pay eligible Class Members who submit valid claims.  The cost to administer the Settlement, attorney fees, and payment to the Class Representatives will come out of the Settlement Fund (*see* Question 21).  Additionally, Barclays will cooperate with the Plaintiffs in their ongoing litigation against the Non-Settling Defendants.

More details are in a document called the Settlement Agreement, which is available at www.BarclaysLiborSettlement.com.

**12.  How much will my payment be?**

The Settlement Fund will be distributed to Settlement Class Members *pro rata*, in proportion to a reasonable estimate of their damages, after deduction of any fees and expenses (*see* Question 21). This distribution will be made pursuant to a Plan of Distribution, which has been submitted to the Court in advance of the final approval hearing, and made available at www.BarclaysLiborSettlement.com.  The Plan of Distribution provides that each Class Member will receive a *pro rata* distribution, based on how much less the Class Member was paid during the Class Period as a result of the alleged suppression.  A chart showing the applicable amount of suppression during the Class Period is available on the website, and is based on expert modelling the Plaintiffs' have used in support of the litigation.  Class Members will have the option to comment on or object to any portion of the Plan of Distribution at the Fairness Hearing.  The Settlement Agreement will remain in place if the Court rejects or alters the proposed Plan of Distribution.

**13.  When will I receive my payment?**

Class Members who are entitled to payments will receive their payments after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

## 14.  What am I giving up to stay in the Class?

Unless you exclude yourself from the Settlement, you will give up your right to sue Barclays for the claims being resolved by this Settlement.  The specific claims you are giving up against Barclays and all related parties are described in paragraphs 2(ff)-(hh) and 8(b) of the Settlement Agreement.  You will be "releasing" Barclays and all related people as described in the Settlement Agreement.

The released claims do not, however, include the following:

- Certain claims that are subject of the October 7, 2014 Settlement between Barclays and the Exchange-Based Plaintiffs;
- Claims under foreign law that relate to transactions outside the U.S.;
- Claims to enforce any of the terms of the Settlement Agreement in this case; or
- Claims that relate to or are from the purchase of non-U.S. Dollar LIBOR-based instruments or any other claims that do not arise out of the factual predicate of the OTC Action.

Notwithstanding the foregoing, persons or entities that only purchased bonds issued by entities other than U.S. Dollar LIBOR Panel Banks are not members of this Settlement Class.  Further, claims which are alleged in the Bondholder Plaintiff Action (Case No. 12 CY 1025 (NRB)) concerning U.S. Dollar LIBOR-Based Debt Securities are not released by the OTC Settlement.  Thus, any claim based on a U.S. Dollar LIBOR-Based Debt Security may be asserted only against the Bondholder Settlement (and not the OTC Settlement), and will only be released pursuant to the Bondholder Settlement.  Likewise, any claim based on a debt security tied to U.S. Dollar LIBOR that was issued by a Defendant (or a Defendant's subsidiary or affiliate) as obligor and was purchased directly from a Defendant (or a Defendant's subsidiary or affiliate) may be asserted only against the OTC Settlement (and not the Bondholder Settlement), and will only be released pursuant to the OTC Settlement.  Any OTC Class Member who is also a member of the class alleged in the Bondholder Plaintiff Action will be entitled to assert claims to share in the settlement funds established in both actions in accordance with the limitations set forth above.  Similarly, any member of the class in the Bondholder Plaintiff Action who is also a member of the OTC Class will be entitled to assert claims to share in both settlement funds in accordance with the limitations set forth above.

In addition, claims concerning U.S. Dollar LIBOR-Based Instruments purchased from one or more Non-Defendant OTC Financial Institutions[1] which are alleged in *33-35 Green Pond Road Assocs. LLC* v. *Bank of America Corp., et al.* (Case No. 12 CV 5822 (NRB)) and *Courtyard at Amwell II, LLC, et al.* v. *Bank of America Corp., et al.* (Case No. 12 CV 6693 (NRB)) class actions (collectively the "Non-Defendant OTC Action") are not released by the OTC Settlement.  Accordingly, any OTC Class Member who is also a member of the class alleged in the Non-Defendant OTC Action will be entitled to assert claims to share in any settlement funds established in both actions.  Similarly, any member of the class in the Non-Defendant OTC Action who is also a member of the OTC Class will be entitled to assert claims to share in any settlement funds established in both actions.  Thus, a person or entity who purchased U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions and also purchased U.S. Dollar LIBOR-Based Instruments directly from a Defendant (or subsidiary or affiliate of a Defendant) will be legally entitled to assert a claim to share in any Non-Defendant OTC Settlement with Barclays based on purchases of U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions, and will also be legally entitled to assert a claim to share in the OTC Settlement based on U.S. Dollar LIBOR Based

---

[1] The "Non-Defendant OTC Financial Institutions" are Wells Fargo & Company; Goldman Sachs Group, Inc.; Morgan Stanley; Metlife, Inc.; U.S. Bancorp; The PNC Financial Services Group, Inc.; The Bank of New York Mellon Corporation; Capital One Financial Corporation; Ally Financial Inc.; Suntrust Banks, Inc.; BB&T Corporation; TD Bank US Holding Company; State Street Corporation; Citizens Financial Group, Inc.; American Express Company; Regions Financial Corporation; Fifth Third Bancorp; Keycorp Cleveland; Unionbancal Corporation; Northern Trust Corporation; Bancwest Corporation; M&T Bank Corporation; Harris Financial Corporation; BBVA USA Bancshares, Inc., as well as any of their subsidiaries or affiliates.

Instruments purchased directly from a Defendant (or subsidiary or affiliate of a Defendant), but will not be legally entitled to assert a claim to share in the OTC Settlement based on purchases of U.S. Dollar LIBOR-Based Instruments from Non-Defendant OTC Financial Institutions.

The Settlement Agreement available at www.BarclaysLiborSettlement.com describes the released claims with specific descriptions, so read it carefully.  If you have any questions, you can talk to the law firms listed in Question 20 for free or you can, of course, talk to your own lawyer about what this means.

## HOW TO RECEIVE A PAYMENT

### 15.  How can I receive a payment?

To ask for a payment, you will need to complete and submit a Proof of Claim by **December 21, 2017**.  Claims may be submitted online at www.BarclaysLiborSettlement.com.  If you submit a Proof of Claim with your contact information, you will receive future notifications containing additional important information, including with respect to any future Settlements.  You may also download and mail your completed Proof of Claim to:

U.S. Dollar LIBOR Settlement
P.O. Box 2602
Faribault, MN 55021-9602

### 16.  What if my claim is rejected?

The Settlement provides a process for Class Members to contest the rejection of a claim.  You will get further details in the letter you receive after your claim has been processed.  If your claim is rejected, you may request a review.  You will need to do so in writing and submit reasons for why you are contesting the rejection along with any supporting documentation.  If your dispute cannot be resolved, it may be presented to the Court for review.  The Court's decision will be final and binding.  More details are in a document called the Settlement Agreement, which is available at www.BarclaysLiborSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment/benefits from this Settlement, and you want to keep the right to sue Barclays about the issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself—or it is sometimes referred to as "opting out" of the Class.

### 17.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail a letter or other written document to the Settlement Administrator.  To exclude yourself from the Class, you must file a timely written request for exclusion ("Request for Exclusion").

A Request for Exclusion must:
- Be in writing;
- Be signed by you or your authorized representative;
- State your name, address, and phone number;
- Include (1) proof of membership in the Class and (2) a signed statement that "I/we hereby request that I/we be excluded from the proposed OTC Class in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262";

- Be mailed to the Claims Administrator at the address provided below and postmarked no later than **October 9, 2017**.

You must also provide any other information reasonably requested by the Claims Administrator.  You must mail your Request for Exclusion, postmarked no later than **October 9, 2017**, to:

U.S. Dollar LIBOR Settlement
P.O. Box 2602
Faribault, MN 55021-9602

**18.  If I do not exclude myself, can I sue Barclays for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Barclays for the claims that you release through this Settlement.

**19.  If I exclude myself, can I still get a payment from this Settlement?**

No.  You will not get a payment if you exclude yourself from this Settlement.

## THE LAWYERS REPRESENTING YOU

**20.  Do I have a lawyer in the case?**

The Court has appointed two law firms — Susman Godfrey LLP and Hausfeld LLP — to represent all OTC Class Members as interim "Class Counsel."  They can be contacted at:

| | |
|---|---|
| William C. Carmody<br>Susman Godfrey LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019 | Michael D. Hausfeld<br>Hausfeld LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006 |

You will not be charged for contacting these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.  How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees up to one-third of the $120 million Settlement Fund as well as reimbursement for costs and expenses.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees to award.  Class Counsel will also request that special service payments of up to $25,000 each be paid from the Settlement Fund to the Class Representatives for their service as representatives on behalf of the whole Class.

## OBJECTING TO THE SETTLEMENT

**22.  How do I tell the Court if I do not like the Settlement?**

If you are a member of the OTC Class, you can object to the Settlement if you don't like some part of it.  To object, you must submit a letter or other written document that includes the following:

- Your name, address, and telephone number;
- A statement saying that you object to the Settlement in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262;
- Whether you plan to appear at the Fairness Hearing (*see* Question 25);
- Proof of membership in the Class, including documentation evidencing the purchase of a U.S. Dollar LIBOR-Based Instrument during the Class Period (August 2007 and May 2010);
- The specific reasons you object to the Settlement, along with any supporting materials or documents that you want the Court to consider; and
- Your signature.

The objection must be mailed to the three addresses listed below with a postmark no later than **October 9, 2017**. Note: You may mail it to the Court, but it must be received by the Court and filed by that date.

| COURT | OTC CLASS COUNSEL | BARCLAYS' COUNSEL |
|---|---|---|
| Hon. Naomi Reice Buchwald<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 10007 | William C. Carmody<br>Susman Godfrey LLP<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY 10019 | Matthew Porpora<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY  10004 |

If your objection is not postmarked by the deadline and does not include the information listed above, it will not be valid.

### 23.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you don't exclude yourself from the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses.  You may attend and you may ask to speak, but you do not have to.

### 24.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 10:30 a.m. on **October 23, 2017**, at the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl St., New York, NY 10007, Courtroom 21A.  The hearing may be moved to a different location or time without additional notice, so it is a good idea to check www.BarclaysLiborSettlement.com or call 1-888-568-7640.  At this hearing, the Court will consider whether the Settlement, Plan of Allocation, and any proposed fees and expenses are fair, reasonable, and adequate.  If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**25.  Do I have to attend the hearing?**

No.  Class Counsel will answer questions the Court may have.  But, you or your own lawyer are welcome to attend at your expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also have your own lawyer attend, but it is not necessary.

**26.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intention to Appear" in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262.  Be sure to include your name, address, telephone number, and your signature.  You must send your "Notice of Intention to Appear" to the addresses listed in Question 22, so it is postmarked no later than **October 9, 2017**.

## GETTING MORE INFORMATION

**27.  How do I get more information?**

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.BarclaysLiborSettlement.com.  You also may write with questions to U.S. Dollar LIBOR, P.O. Box 2602, Faribault, MN 55021-9602, or email info@BarclaysLiborSettlement.com, or call the toll-free number, 1-888-568-7640.  You can also get a Proof of Claim at the website or by calling the toll-free number, 1-888-568-7640.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re LIBOR-Based Financial Instruments Antitrust Litigation | |
| THIS DOCUMENT RELATES TO: | MDL No. 11-MD-2262 (NRB) |
| OTC ACTION | |

**PROOF OF CLAIM**
**FOR THE OTC PLAINTIFFS SETTLEMENT WITH BARCLAYS**

### I.  GENERAL INSTRUCTIONS

1. To recover as an Authorized Claimant based on your claim in the action entitled In re *LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262 (NRB), pending in the United States District Court for the Southern District of New York, involving plaintiffs who entered into over-the-counter financial derivative and non-derivative instruments directly with Defendants (the "OTC Action"), you must complete a Proof of Claim form.  If you fail to submit a properly completed and addressed Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Barclays Settlement of the OTC Action.

2. Submission of this Proof of Claim form, however, does not assure that you will share in the Net Settlement Fund.

3. You have two options for completing a Proof of Claim form:

    a.  You can mail your completed and signed Proof of Claim form postmarked no later than **December 21, 2017**, to:

    U.S. Dollar LIBOR Settlement
    P.O. Box 2602
    Faribault, MN 55021-9602

    b.  You can complete and submit the Proof of Claim form through the Settlement website by visiting www.BarclaysLiborSettlement.com.  Upon completion of the online Proof of Claim form, you will receive an acknowledgment that your Proof of Claim has been submitted.  If you choose this option and file a Proof of Claim electronically, you must file on or before **December 21, 2017**.

4. If you are NOT an OTC Class Member (as defined in the Notice), DO NOT submit a Proof of Claim form.

5. If you are an OTC Class Member and have not requested exclusion, you will be bound by the terms of the Settlement and any judgment entered in the OTC Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

### II.  DEFINITIONS

Capitalized terms not defined in this Proof of Claim have the same meaning as defined in the following Settlement Agreement with Barclays Bank plc ("Barclays"), dated November 11, 2015. (The Settlement Agreement, in its entirety, is available at www.BarclaysLiborSettlement.com.)

### III.  CLAIMANT IDENTIFICATION

1. If you purchased or otherwise acquired U.S. Dollar LIBOR-Based Instruments and held them in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased the U.S. Dollar LIBOR-Based Instruments but they were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify the purchaser of record ("nominee"), if different from the beneficial purchaser of U.S. Dollar LIBOR-Based Instruments which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

**NOTE:**  A single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has.

## IV.    CLAIM FORM

1.  Use Part II of this form entitled "Schedule of U.S. Dollar LIBOR-Based Instruments" to supply all required details of your transaction(s).  If you need more space, photocopy or attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.  On the schedules, provide all of the requested information with respect to all of your purchases or other acquisitions of U.S. Dollar LIBOR-Based Instruments which were held at any time from August 1, 2007 through May 31, 2010, inclusive.  Failure to report all such transactions may result in the rejection of your claim.

3.  List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.  You must supply the name of the counterparty for each transaction you list in Part II.  To qualify for a claim, you must have purchased at least one U.S. Dollar LIBOR-Based Instrument in the United States directly from a Defendant (or a Defendant's subsidiary or affiliate), and owned that instrument any time during the period August 2007 through May 2010 (the "Class Period"). The Defendants in the OTC action are:

    •   Credit Suisse Group AG; Credit Suisse International; Credit Suisse (USA) Inc. (together, "Credit Suisse");
    •   Bank of America Corporation and Bank of America, N.A, (together, "Bank of America");
    •   JPMorgan Chase & Co. and JPMorgan Chase Bank, NA (together, "JPMorgan Chase");
    •   HSBC Holdings PLC and HSBC Bank PLC (together, "HSBC");*
    •   Barclays Bank plc;
    •   Lloyds Banking Group PLC ("Lloyds");
    •   WestLB AG and Westdeutsche Ummobilienbank AG (together "WestLB");
    •   UBS AG ("UBS");
    •   The Royal Bank of Scotland Group PLC ("RBS");
    •   Citizens Bank of Massachusetts a/k/a RBS Citizens Bank N.A. ("Citizens Bank");
    •   Deutsche Bank AG ("Deutsche Bank");
    •   Citibank NA and Citigroup Inc. (together, "Citibank");
    •   Coöperatieve Central Raiffeisen Boerenleenbank B.A. ("Rabobank");
    •   The Norinchukin Bank ("Norinchukin");
    •   The Bank of Tokyo-Mitsubishi UFJ, Ltd ("Bank of Tokyo");
    •   HBOS PLC ("HBOS");
    •   Société Générale S.A.; and
    •   Royal Bank of Canada ("RBC").

5.  Documentation to support your transactions in U.S. Dollar LIBOR-Based Instruments is NOT required at this time, however, the Claims Administrator may ask you to provide documentation to substantiate your transactions during auditing.

6.  NOTICE TO INSTITUTIONAL FILERS:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must call the Claims Administrator toll-free at 1 (888) 568-7640, send an e-mail to info@BarclaysLiborSettlement.com, or visit the website for the Settlement at www.BarclaysLiborSettlement.com to obtain the required file layout.

7.  A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by **December 21, 2017** and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

8.  You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlements.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

---

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. - THANK YOU FOR YOUR PATIENCE.**

---



**MUST BE POSTMARKED
ON OR BEFORE
DECEMBER 21, 2017**

*0 1 2 3 4 5 6 7 8 9*

*In re LIBOR-Based Financial Instruments Antitrust Lit.*

*11-MD-2262 (NRB)*

**PROOF OF CLAIM AND RELEASE**

Use Blue or Black Ink Only

**PART I:**  **CLAIMANT IDENTIFICATION** - Please type or print.

A.  Complete the following Section.

Entity Name/Beneficial Owner

Name of Representative submitting the Claim Form

Title/Capacity

B.  Account/Mailing Information:

Number and Street or P.O. Box

City

State

Zip Code

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day)

Telephone Number (Evening)

Email Address

Account Number

Taxpayer Identification No.





*5 0 9 5 *   * C F *

**PART II:   SCHEDULE OF U.S. DOLLAR LIBOR-BASED INSTRUMENTS**

DOCUMENTATION TO SUPPORT YOUR TRANSACTIONS IN U.S. DOLLAR LIBOR-BASED INSTRUMENTS IS NOT REQUIRED AT THIS TIME, HOWEVER, THE CLAIMS ADMINISTRATOR MAY ASK YOU TO PROVIDE DOCUMENTATION TO SUBSTANTIATE YOUR TRANSACTIONS DURING AUDITING.

**INSTRUCTIONS:** List all U.S. Dollar LIBOR-Based Instruments you purchased in the United States directly from a Defendant (or a Defendant's subsidiary or affiliate), and which you owned any time during the period **August 2007 through May 2010** (Class Period).  You should only list the information for the leg of the swap (or bond) where you **received** LIBOR-based payments from a Defendant during the Class Period.  The Settlement does not include U.S. Dollar LIBOR-based instruments that include only a term, provision, or obligation or right to **pay** interest based on the U.S. Dollar LIBOR rate, such as business, home, student, or car loans, or credit cards.  If you have an instrument for which you cannot fit the terms in the space below, attach the instrument separately and describe the terms of the LIBOR-based payments on a separate page.  **If you do not know every term for a transaction, fill in the form with as many fields for which you know the answer** – the Claims Administrator will attempt to fill in any blanks, but may reject the claim if it is unable to.

An example for how to fill out the form for a plain-vanilla swap is:

| Defendant Paying LIBOR | Effective Date (Month/Day/Year) | Maturity/ Cancellation Date (Month/Day/Year) | Tenor and Currency of LIBOR | Notional Amount | Frequency of LIBOR Payment Periods | Non-Standard Terms |
|---|---|---|---|---|---|---|
| UBS AG | 9/10/06 | 9/10/21 | 3-Month USD LIBOR | $20 Million | Quarterly | Actual/360 N146950N |

**PART II:   SCHEDULE OF U.S. DOLLAR LIBOR-BASED INSTRUMENTS**

### A.   SWAPS AND FORWARD RATE AGREEMENTS

**(Interest Rate Swaps, Amortizing Swaps, Basis Swaps, Asset Swaps, Inflation Swaps, Total Return Swaps, Currency Swaps)[1]**

| Defendant Paying LIBOR | Effective Date (Month/Day/Year) | Maturity/ Cancellation Date[2] (Month/Day/Year) | Tenor and Currency of LIBOR[3] | Notional Amount | Frequency of LIBOR Payment Periods | Non-Standard Terms[4] |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PHOTOCOPY THIS PAGE.

---

[1] For each swap, only complete this chart for the leg of the swap where you **received** LIBOR-based payments from a Defendant, with the exception of basis swaps (see below).  For amortizing swaps, you must list initial notional amount and provide a schedule of the amortization, reflecting the notional amount for each payment period. For forward rate swaps, list the LIBOR payment date in the Start date, and leave "End date" and "Frequency" fields blank. For basis swaps, where both legs are tied to LIBOR, list the terms of both legs of the swap in consecutive lines, indicating for which one you are paying and receiving LIBOR-based payments. For forward rate agreement, list the LIBOR payment date in the Start date, and leave "End date" and "Frequency" fields blank. Further definitions for each of these instruments can be found in the Notice, available on the website.

[2] If the transaction was cancelled before the maturity date, list the cancellation date not the maturity date.

[3] If any multiplier is applied to the LIBOR-based payments (e.g., 66% of 3-month LIBOR), or spread (e.g., 8 basis points added to 3-month LIBOR), include that in this column.

[4] The following standard terms will be used unless otherwise indicated here. The standard "Accrual Convention" (which measures the length of the accrual period) is actual/360 (meaning the actual number of days in the interest accrual period is divided by 360 to calculate payments).  The standard "lookback days" (which is the gap between LIBOR fixing date and rate effective date) is 2 days. The standard date convention is modified following, and the standard holiday calendar is New York and London.  The standard compounding is flat.

**PART II:   SCHEDULE OF U.S. DOLLAR LIBOR-BASED INSTRUMENTS**

## B.   BONDS AND FLOATING RATE NOTES

| Defendant Paying LIBOR[5] | Issue/ Purchase Date[6] (Month/Day/ Year) | Maturity/ Call/Sale Date[7] (Month/Day/ Year) | Tenor and Currency of LIBOR[8] | Frequency of LIBOR Payment Periods | Amount (in $) | ISIN/CUSIP | Non-Standard Terms[9] |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PHOTOCOPY THIS PAGE.**

---

[5] If you purchased the instrument from a non-panel bank, indicate the name of the seller as well as the defendant paying LIBOR.

[6] If you purchased the instrument after it issued, please enter both the issue date and purchase date.

[7] If you sold the instrument or it was called before it matured, use the earlier of the maturity, call and sale date.

[8] If any multiplier is applied to the LIBOR-based payments (e.g., 66% of 3-month LIBOR), or spread (e.g., 8 basis points added to 3-month LIBOR), include that in this column.

[9] The following standard terms will be used unless otherwise indicated here. The standard "Accrual Convention" (which measures the length of the accrual period) is actual/360 (meaning the actual number of days in the interest accrual period is divided by 360 to calculate payments). The standard "lookback days" (which is the gap between LIBOR fixing date and rate effective date) is 2 days. The standard date convention is modified following, and the standard holiday calendar is New York and London.  The standard compounding is flat.

## PART III:   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim form under the terms of the Distribution Plan of Net Settlement Fund described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court"), with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Settlement Administrator to support this claim, such as additional documentation for transactions in U.S. Dollar LIBOR-Based Instruments, if required to do so.  I (We) have not submitted any other claim covering the same holdings of U.S. Dollar LIBOR-Based Instruments during the Class Period and know of no other person having done so on my (our) behalf.

## PART IV.   RELEASES AND WARRANTIES

1.  I (We) hereby acknowledge that we have read and agree to the terms of the Releases set forth in the Settlement.

2.  I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined in the Settlement, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Distribution Plan.

3.  I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

4.  This release shall be of no force or effect unless and until the Court approves the Settlements and it becomes effective on the Effective Date.

5.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

## PART V.   CERTIFICATION

Enter TIN on the appropriate line.

*   For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

*   For other entities, it is your EIN.

Social Security No. (for individuals)               or          Employer Identification Number

|  |  |
|---|---|

If you are exempt from backup withholding, enter your current TIN above and write "exempt" on the following line:

_____ .

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.  The number shown on this form is my current TIN; and

2.  I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

*NOTE:*  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, 20_____ in _____, _____.
(City)      (State/Country)

| | |
|---|---|
| | |
| Signature of Claimant | Type or print name of Claimant |
| | |
| Signature of Joint Claimant | Type or print name of Joint Claimant |
| | |
| Signature of person signing on behalf of Claimant | Type or print name of person signing on behalf of Claimant |

Capacity of person signing on behalf of Claimant

# Reminder Checklist:

1.  Please sign the above release and declaration.

2.  If this Proof of Claim and Release form is being made on behalf of Joint Claimants, then both must sign.

3.  **DO NOT USE HIGHLIGHTER ON THE PROOF OF CLAIM FORM.**

4.  Keep a copy of your Proof of Claim form and all documentation submitted for your records.

5.  If you move after submitting this Proof of Claim, please send your new address to the Claims Administrator at the address below:

U.S. Dollar LIBOR Settlement
P.O. Box 2602
Faribault, MN 55021-9602

Email:  info@BarclaysLiborSettlement.com

US DOLLAR LIBOR SETTLEMENT
PO BOX 2602
FARIBAULT MN 55021-9602

## IMPORTANT LEGAL MATERIALS



\* C L M N T   I D N O \* - UAA - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

# EXHIBIT B

*U.S. Dollar LIBOR Settlement*
*P.O. Box 2602*
*Faribault, MN 55021-9602*

*Court-Ordered Legal Notice*

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE

**Reminder Notice About
U.S. Dollar LIBOR
Settlement with Barclays**

**This notice is only a summary.**

**For detailed information:**
**1-888-568-7640**
**www.BarclaysLiborSettlement.com**

– UAP <<SequenceNo>>

\* C L M N T   I D N O \*

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address 1>>
<<Address2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

**If You Owned a U.S. Dollar LIBOR-Based Instrument Between August 2007 and May 2010**
*You May Be Eligible for a Payment from a $120 Million Settlement*

You previously should have received a notice about a Settlement with Barclays that impacts individuals and institutions that entered into over-the-counter financial derivative and non-derivative instruments directly with Barclays or a Non-Settling Defendant that received payments tied to U.S. Dollar LIBOR.

This notice is to remind you of upcoming deadlines and to inform you about a change to the formula for calculating claims in the proposed Plan of Distribution, which is available in the Amended Plan of Distribution at www.BarclaysLiborSettlement.com. The distribution of funds from the Settlement will be made pursuant to a Plan of Distribution. The Court will consider any objections to the proposed Plan of Distribution at the October 23, 2017 hearing. Please continue to check the Settlement website for any further changes.

**Important Dates**

| | |
|---|---|
| Submit a Claim | Postmarked no later than **December 21, 2017** |
| Object or Ask to be Excluded | Postmarked no later than **October 9, 2017** |
| Go to a Hearing | **October 23, 2017 at 10:30 A.M.**<br>Daniel Patrick Moynihan United States Courthouse<br>Southern District of New York, 500 Pearl St.<br>New York, NY 10007, Courtroom 21A |