

1700 K Street, NW
Suite 650
Washington, DC 20006

Direct
202-540-7200 Main
202-540-7201 Fax

Michael D. Hausfeld
mhausfeld@hausfeld.com

December 15, 2017

**VIA CM/ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

    Re:    *In re LIBOR-Based Financial Instruments Litigation*,
            Master File No. 1:11-MD-2262 (NRB)
            OTC Case No. 11-cv-5450

Dear Judge Buchwald:

Pursuant to Rule 2.E.1 of the Court's Individual Practices, I write to outline the arguments OTC Plaintiffs advance in their Memorandum of Law in Support of their Motion for Final Approval of Settlement with Citibank N.A. and Citigroup Inc.

**Final Approval of the Settlement**

OTC Plaintiffs respectfully submit that the Settlement is fair, reasonable, and accurate and therefore warrants final approval. First, the Settlement is the "product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation," such that it is entitled to a "presumption of fairness." *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000). Second, the Settlement satisfies the requirements of *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

**Final Approval of the Plan of Distribution**

The Plan of Distribution also warrants final approval because it has "a reasonable, rational basis" and is "recommended by experienced and competent class counsel." *In re Credit Default Swaps Antitrust Litig.*, No. 13MD2476 (DLC), 2016 WL 2731524, at *9 (S.D.N.Y. Apr. 26, 2016). Specifically, the Plan of Distribution provides for a pro rata distribution based on the sum of the suppressed daily underpayments. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004) ("Pro-rata distribution of settlement funds based on investment loss is clearly a reasonable approach.").



**Certification of the Settlement Class**

For the reasons set forth in OTC Plaintiffs' Motion for Preliminary Approval, ECF No. 1337, and in OTC Plaintiffs briefing and expert reports in support of their motion to certify a litigation class, the proposed Class warrants certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

**Appointment of Hausfeld and Susman Godfrey as Class Counsel**

Interim Co-Lead Counsel – Hausfeld LLP and Susman Godfrey – should be appointed Class Counsel under Federal Rule of Civil Procedure 23(g)(1). Interim Co-Lead Counsel have considerable experience litigating antitrust class actions, have invested substantial resources into this litigation, and have vigorously represented OTC Plaintiffs and the Class since the case's inception.

**Final Approval of the Class Notice**

Notice to members of the Settlement Class was the "best practicable under the circumstances," and included "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). As set forth in the accompanying declarations of Dr. Shannon R. Wheatman and Jason Rabe, direct notice and publication notice were disseminated to class members in accordance with Rule 23 and due process.

A [Proposed] Order is attached hereto.

Regards,

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld