# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

December 22, 2017

VIA ELECTRONIC FILING

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:**
> **DATE FILED:** 12/27/2017

**Jennifer L. White**
Counsel
212 457 5411 DIRECT
212 484 3990 FAX
jennifer.white@arentfox.com

Re:   IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION
      MDL No. 2262, Master File No. 1:11-md-2262-NRB, Case No. 11-cv-5450 (NRB)

Your Honor:

We represent Maimonides Medical Center, an entity planning to object to the settlement
agreement between the OTC Plaintiffs and Citibank, N.A. and Citigroup Inc. in connection with
the referenced matter. We respectfully request an adjournment of one deadline set forth in the
Court's September 26, 2017 Order, MDL Docket No. 2290 (the "Order"). Specifically, we
request a one-week adjournment of the deadline to object to the settlement from January 2, 2018
to January 9, 2018 (the proposed "New Objection Deadline"). The requested adjournment would
provide significant value and is necessary without causing any harm or prejudice to any party
and without requiring any change to any of the other dates set forth in the Order, including the
final approval hearing. A proposed Revised Scheduling Order is enclosed. There have been no
previous requests for an adjournment or extension of this deadline.

*Application denied. Leave known. Reece Buchwald, USDJ 12/27/17* [handwritten annotation]

The schedule allows for the proposed modification.

There is presently a one-week cushion in the schedule set in the Order. The minimum time
between each of the objection deadline, the deadline to file reply memoranda, and the final
approval hearing is one week. (Order, ¶¶ 7, 8, 10). Although the final approval hearing,
according to the Order (¶ 10) must be "no earlier than one week after the deadline for reply
memoranda…responding to any objections lodged to the settlement," there are currently two
weeks between the January 9 reply memoranda deadline and the January 23 hearing. In addition,
the deadline for reply memoranda is set as "January 9, 2018, or one week following the
Objection and Opt Out Deadline, *whichever is later.*" (¶ 8, emphasis added). Thus, moving only
the objection date back by a week would not require any change to either the deadline for reply –
which would be January 16, the later of January 9 or one week after objections are due – or to

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213 629 7400  F 213 629 7401

1675 Broadway
New York, NY 10019-5820
T 212 484 3900  F 212 484 3990

55 Second Street, 21st Floor
San Francisco, CA 94105-3470
T 415 757 5500  F 415 757 5501

1717 K Street, NW
Washington, DC 20006-5344
T 202 857 6000  F 202 857 6395

**Arent Fox**

the January 23 final approval hearing, which would still be no earlier than one week after the deadline for reply memoranda.

The proposed modification would not prejudice any party or require new class notice.

Adjourning only the objection deadline would not require new or expensive notice to the class, as no party would be prejudiced by the change – even if they did not learn of the change. First, any order granting this adjournment would appear publicly on the docket and could be made available on the administrator's website. A potential objector would likely see the extended deadline when consulting the website in connection with their objection. Second, even if a potential objector remained unaware of the one-week adjournment, it would simply object *earlier* than necessary (but within the time frame previously deemed appropriate by the Court), and its objection would considered all the same. Third, the date of the final approval hearing remains unchanged under this proposal. Finally, neither OTC Plaintiffs' class counsel nor counsel to the settling banks will be prejudiced because, as discussed above, the schedule – with its one-week minimums – otherwise remains in place.

The proposed adjournment is reasonable and appropriate.

OTC Plaintiffs have withheld their consent, listing their concerns as (1) timing concerns; (3) the high cost of formally re-noticing the class; and/or (3) if the class is not re-noticed, lack of comfort in agreeing to an adjourned objection deadline that might not become known to all prospective objectors.[1]  Counsel for Citibank, N.A. and Citigroup Inc. also withheld consent, stating that their position is the same as the OTC Plaintiffs.  For the reasons described above, we respectfully submit that these issues pose no real impediment or reason to deny the requested adjournment.

Moreover, the reasons we seek this adjournment are several and substantial:

- The January 2 deadline is particularly difficult because it falls immediately after Hanukkah, Christmas and the New Year, a time when it is difficult or impossible to reach potential objectors and other parties necessary to obtain critical information and approvals.  To be clear, we are, and will continue to be, in the office and working, and it is not our personal schedules that pose the problem; but, particularly given the types of

---

[1] Our initial request to the parties was for consent to a three-week adjournment of the objection deadline and a corresponding adjournment of the hearing date, but the OTC Plaintiffs withheld consent, citing the high number of people who received notice and the cost to the class of issuing new notice. To address those concerns, we formulated the proposal contained in this request, but, as noted, the OTC Plaintiffs still withheld consent. Citibank, N.A. and Citigroup Inc. also withheld consent to both the original and modified requests.

**Arent Fox**

parties included in the class (including governmental entities, schools, not-for-profit entities, etc), it is especially difficult to make contact with the necessary personnel during this time.[2]

- Also given the nature of the class, many interested members are completely occupied with year-end closings and other related matters. It should be noted that many of the bond closings have related swaps. This problem was compounded this year with the addition of the just-passed tax reform legislation that has required the immediate attention of these same groups, as the proposed House legislation eliminated the issuance of Private Activity Bonds for, among other things, the following purposes: (i) certain infrastructure projects (e.g. airports, water and sewer, and solid and hazardous waste facilities), (ii) affordable housing for single family and multifamily homeowners, (iii) affordable housing for veterans, (iv) redevelopment projects in blighted areas, (v) industrial development projects for small companies, (vi) student loans, (vii) hospitals, and (viii) colleges and universities. The maintenance of low cost tax-exempt financing and certain tax credits for, among other things, renewable energy projects, only became assured with the passage of the final tax reform legislation this week.

  Thus, in addition to the typical year-end crunch, the same people involved in swaps are also dealing with cutbacks in bonding authority for entities all over the country and otherwise addressing issues relating to the new legislation. And, many class members (and therefore would-be objectors) had an additional item added to their year-end plate – submitting a claim in connection with the OTC/Barclays settlement by yesterday's deadline – which adds to the usual year-end crunch and further inhibits their ability to consider their options and, if appropriate, formulate a meaningful objection by the first business day in the new year.

- The problem is also exacerbated by the fact that the OTC Plaintiffs' papers in support of the motion for final approval were only due to be filed, and actually were filed, on December 15, right in the midst of the holiday season and the class members' year-end crunch. The additional week requested will allow any potential objectors to consider the arguments made, and to either make the determination that an objection is unwarranted or to formulate a meaningful objection that addresses the relevant points.

---

[2] Similarly, we have sought and are continuing to seek the assistance of experts in order to evaluate and prepare any objection to best assist the Court; however, these people are also largely traveling or are otherwise unavailable during the holiday season.

# Arent Fox

In sum, we submit that a meaningfully-developed objection will aid the Court in its task of assessing the fairness of the proposed settlement, and the requested short adjournment will significantly alleviate the issues posing an impediment to that.

We respectfully request that the Court grant a one-week adjournment of the objection deadline, as set forth in the accompanying proposed order.


Respectfully submitted,

Jennifer L. White

Jennifer L. White


Enclosure