# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The Lender Action | |

## AMENDED SETTLEMENT AGREEMENT BETWEEN
## LENDER PLAINTIFFS, CITIBANK, N.A. AND CITIGROUP INC.

1.    **RECITALS**

This Amended Settlement Agreement ("Agreement") is made and entered into on January 15, 2018 (the "Execution Date"), between Plaintiffs The Berkshire Bank and The Government Development Bank for Puerto Rico (collectively, the "Lender Plaintiffs"), individually and on behalf of the Lender Class in the Lender Action, and defendants Citibank, N.A. and Citigroup Inc. (collectively, "Citibank"), by and through Lender Plaintiffs' Counsel and Citibank's Counsel. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, the Lender Plaintiffs have alleged, among other things, that Citibank committed common-law fraud and conspiracy to commit fraud;

WHEREAS, the Lender Plaintiffs contend that they and the Lender Class suffered monetary damages as a result of Citibank's (and the other Defendants') alleged conduct;

WHEREAS, Citibank maintains that it has meritorious defenses to the claims of liability and damages made by the Lender Plaintiffs in the Lender Action and all charges of liability and damages against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lender Action;

WHEREAS, the Lender Plaintiffs, for themselves individually and on behalf of the Lender Class, and Citibank agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Citibank or of the truth of any of the claims or allegations alleged in the Lender Action;

WHEREAS, Lender Plaintiffs' Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Lender Action, the legal and factual defenses thereto, and the applicable law, that: (1) it is

in the best interests of the Lender Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Citibank under this Agreement and the cooperation to be provided to the Lender Plaintiffs by Citibank under this Agreement, are obtained for the Lender Class; and (2) the Settlement set forth in this Agreement is fair, reasonable, and adequate and in the best interests of the Lender Class;

WHEREAS, Citibank, while continuing to deny that it is liable for the claims asserted against it in the Lender Action, has nevertheless agreed to enter into this Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to resolve this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the Lender Action as to Citibank and a release of the claims as set forth herein;

WHEREAS, this Agreement is the product of arm's-length negotiations between Lender Plaintiffs' Counsel and Citibank's Counsel and this Agreement embodies all of the terms and conditions of the Settlement agreed upon between Citibank and the Lender Plaintiffs, both for themselves individually and on behalf of the Lender Class;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among the Lender Plaintiffs (individually and on behalf of the Lender Class) and Citibank, by and through Lender Plaintiffs' Counsel and Citibank's Counsel, that, subject to the approval of the Court, the Lender Action be settled, compromised, and dismissed with prejudice as to Citibank and the other Released Parties only, without costs, except as stated herein, and releases be extended, as set forth in this Agreement.

2.      **DEFINITIONS**

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)      Agreement:  This Amended Settlement Agreement.

(b)      Alternative Judgment:  A Final Judgment and Order of Dismissal entered by the Court but in a form other than proposed by the Lender Plaintiffs and Citibank.

(c)      Authorized Claimant:  Any Lender Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court in accordance with the terms of this Agreement.

(d)      Bondholder Plaintiffs' Action:  *Ellen Gelboim v. Credit Suisse Group AG, et al.*, S.D.N.Y. Case No. 12-cv-1025 (NRB).

(e)      Citibank:  Citigroup Inc., a Delaware corporation headquartered in New York, New York, and Citibank, N.A., a federally-chartered national banking association headquartered in New York, New York. Citigroup Inc. and Citibank, N.A. are referenced collectively herein as "Citibank."

(f)      Citibank's Counsel:  Covington & Burling LLP.

(g)      BBA:  British Bankers' Association.

(h)      Claims Administrator:  The third party to be retained by Lender Plaintiffs' Counsel and approved by the Court to manage and administer the process by which the Class will be notified of this Agreement and by which each Authorized Claimant is paid pursuant to this Agreement.

(i)      Class Distribution Order:  An order approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the

4

Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants.

(j)     <u>Class Notice</u>:  The Notice and Summary Notice, collectively.

(k)     <u>Court</u>:  The United States District Court for the Southern District of New York.

(l)     <u>Defendants</u>:  Bank of America Corporation, Bank of America, N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank PLC, British Bankers' Association, BBA Enterprises Ltd, BBA LIBOR Ltd, Citibank, N.A., Citigroup Inc., Coöperatieve Centrale Raiffeisen Boerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank PLC, JPMorgan Chase Bank & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group PLC, HBOS PLC, Royal Bank of Canada, The Norinchunkin Bank, The Royal Bank of Scotland Group PLC, UBS AG, WestLB AG, Westdeutsche Immobilenbank AG, and any other Person or Persons who are or were named as defendants in the Lender Action at any time up to and including the date a Preliminary Approval Order is issued.  These Defendants are also referred to herein as the "Lender Defendants."

(m)     <u>Effective Date or Effective Date of Settlement</u>:  *See* Paragraph 6(a).

(n)     <u>Escrow Agent</u>:  Huntington Bank.

(o)     <u>Exchange-Based Plaintiffs' Action</u>:  *FTC Capital GmbH, et. al. v. Credit Suisse Group AG, et al*., No. 11-cv-2613 (NRB), and related class-action cases on behalf of Exchange-Based Plaintiffs that are currently pending in the Multi-District Litigation.

(p)     <u>Execution Date</u>:  The date of execution of this Agreement by counsel for all Parties thereto.

(q)     <u>Fairness Hearing</u>:  The hearing to be held by the Court to determine whether the Settlement shall receive final approval pursuant to Federal Rule of Civil Procedure 23.

(r)　　Fee and Expense Application:  *See* Paragraph 9(a).

(s)　　Final Judgment and Order of Dismissal:  The order of the Court finally approving the Settlement and dismissing the Lender Action against Citibank with prejudice and without costs. The Final Judgment and Order of Dismissal shall become final when (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

(t)　　Lender Action:  *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, No. 12-cv-5723 (NRB) (S.D.N.Y.), currently pending in the Multi-District Litigation.

(u)　　Lender Class or Class:  *See* Paragraph 3(a).

(v)　　Lender Class Member:  A Person who is a member of the Lender Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

(w)　　Lender Plaintiffs' Counsel:  Pomerantz LLP.

(x)　　LIBOR:  The London Interbank Offered Rate, regardless of tenor.

(y)　　Multi-District Litigation:  The multi-district litigation currently pending in the Court, designated as MDL No. 2262, Master File No. 1:11-md-2262-NRB.

(z)　　Net Settlement Fund:  *See* Paragraph 10.

(aa)    Notice:  The Notice of Proposed Settlement of Class Action to be provided to the Class as provided in this Agreement and the Preliminary Approval Order.

(bb)    OTC Plaintiffs' Action:  *Mayor and City Council of Baltimore v. Credit Suisse Group AG, et al.*, No. 11-cv-5450 (NRB), and related class-action cases on behalf of OTC Plaintiffs that are currently pending in the Multi-District Litigation.

(cc)    Parties:  Citibank and the Lender Plaintiffs.

(dd)    Person(s):  An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing.

(ee)    Plan of Distribution:  A plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and tax expenses, and such attorneys' fees, costs, interest, and other expenses as may be awarded by the Court. At a time and in a manner determined by the Court, Lender Plaintiffs' Counsel shall submit for Court approval a Plan of Distribution for the Lender Class that will provide for the distribution of the applicable Net Settlement Fund. The Plan of Distribution shall be devised and implemented with the assistance of the Claims Administrator.

(ff)    Preliminary Approval Order:  An order of the Court that preliminarily approves the Settlement and directs Notice thereof to the Class.

(gg)     Released Claims:  Any and all manner of claims, actions or causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), of every nature and description, whether known or unknown, whether class or individual, in law or equity or arising under constitution, statute, state, federal, common, or foreign law or regulation (including Rule 11 of the Federal Rules of Civil Procedure), ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, that arise out of or relate in any way to the origination, ownership, purchase, or sale of loans with interest rates tied to LIBOR which adjusted during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lender Plaintiffs or any member of the Settlement Class in the Lender Action or in any other action in any court or forum.

(hh)     Released Party or Released Parties:  Citibank and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, insurers, underwriters, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants or (ii) any other Person formerly named as a party in the Lender Action.

(ii)     Releasing Party or Releasing Parties:  Individually and collectively, Lender Plaintiffs and each Lender Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners,

associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund.

(jj)     <u>Settlement</u>: The settlement set forth in this Agreement.

(kk)     <u>Settlement Amount</u>:  Twenty-three million U.S. dollars ($23 million).

(ll)     <u>Settlement Fund</u>:  The escrow account established pursuant to Paragraph 10 of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(mm)   <u>Settling Defendant</u>:  Citibank.

(nn)     <u>Settling Defendant's Claims</u>:  Claims, including "Unknown Claims" as defined below, that any Released Party may have against a Releasing Party or Lender Plaintiffs' Counsel, shall include all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law (including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Citibank, except for claims relating to the enforcement of the Agreement. For the avoidance of doubt, Settling Defendant's Claims does not include claims relating to or arising out of non-U.S. Dollar LIBOR-Based Loan or any other claims that do not arise out of the factual predicate of the Lender Action.

(oo)     <u>Summary Notice</u>:  The summary notice of proposed Settlement and hearing for publication.

(pp)     <u>Unknown Claims</u>:  Any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and the Settling Defendant's Claims against Releasing Parties which Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing

Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settling Defendant's Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties and Released Parties shall have expressly waived, and each Lender Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and Settling Defendant's Claims. Nevertheless, Lender Plaintiffs and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Lender Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims and Settling Defendant's Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lender Plaintiffs and the Released Parties acknowledge, and Lender Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Released Claims and Settling Defendant's Claims was separately bargained for and is a key element of the Agreement.

(qq) <u>U.S. Dollar LIBOR-Based Loan</u>:  A loan with any term, provision, obligation or right to pay, to be paid, or to receive interest based upon any U.S. Dollar LIBOR rate, including but not limited to business or home loans. For the avoidance of doubt, U.S. Dollar LIBOR-Based Loan does not include the instruments covered by the proposed class in the OTC Plaintiffs' Action, which include asset swaps, collateralized debt obligations, credit default swaps, forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options and floating rate notes entered directly with a defendant in the OTC Plaintiffs' Action.

## 3.   SETTLEMENT CLASS CERTIFICATION

(a)    Subject to Court approval, the following Settlement Class shall be certified as to Citibank (the "Class" or "Lender Class"):

> All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, purchased whole loans, purchased interests in loans or sold loans with interest rates tied to USD LIBOR, which rates adjusted at any time between August 1, 2007 and May 31, 2010 (the "Class Period").

(b)    Specifically excluded from the Class are Defendants; Released Parties; coconspirators (if any) identified by Lender Plaintiffs prior to the Execution Date; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, successor, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over the Lender Action and the members of his/her immediate families and judicial staff.

(c)    The Parties' definition of a Settlement Class is only for purposes of effectuating a settlement and for no other purpose. Citibank retains all of its objections, arguments, and defenses

with respect to class certification, and reserves all rights to contest class certification, if the Settlement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any Class or certification of any Class for any purpose other than effectuating the Settlement, and that if the Settlement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement otherwise fails to become effective, this Agreement as to certification of the Lender Class becomes null and void *ab initio*. This Agreement or any other Settlement-related statement may not be cited in support of any argument for certifying any litigation class.

## 4.   GOOD-FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement. This includes Citibank serving notice on those persons and entities entitled to receive notice pursuant to 28 U.S.C. § 1715.

## 5.   PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)     Within thirty (30) days of the Execution Date, Lender Plaintiffs' Counsel shall submit to the Court a motion requesting entry of the Preliminary Approval Order. Lender Plaintiffs' Counsel shall share drafts of the papers for this motion with Citibank's Counsel at least one week before the anticipated filing date in order to give Citibank a reasonable opportunity to comment. This motion shall:

(i)     Seek certification of the Class for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

(ii)     Request preliminary approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23;

(iii)    Seek the appointment of the Lender Plaintiffs as Class representatives of the Lender Class under Federal Rule of Civil Procedure 23;

(iv)    Seek appointment of Lender Plaintiffs' Counsel as interim Class counsel under Federal Rule of Civil Procedure 23(g);

(v)     If practicable at the time the motion is filed or otherwise at a later time, seek approval of the form and method of dissemination of (1) the Notice, which shall be mailed along with a proof of claim form via first-class mail, and (2) the Summary Notice, which shall be published based upon the recommendations of the Claims Administrator. The Claims Administrator shall also establish and maintain a dedicated Settlement website, from which each member of the Class can view and download relevant documents, including the Notice, Summary Notice, and proof of claim form;

(vi)    Seek appointment of a qualified claims administrator as the Claims Administrator;

(vii)   Seek appointment of Huntington Bank as Escrow Agent;

(viii)  Stay all proceedings in the Lender Action against Citibank until the Court renders a final decision on approval of the Settlement; and

(ix)    Attach a proposed form of order, which shall include such provisions as are typical in such orders, including (1) a finding that the proposed plan of notice complies with Federal Rule of Civil Procedure 23 and the

requirements of due process, and (2) a provision that, if final approval of the Settlement is not obtained, the Settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses.

(b)     Class Notice shall apprise each member of the Class of his, her, or its right to exclude themselves from the Settlement Class, or object to the Settlement.

(c)     Any Person seeking exclusion from the Class must file a timely written request for exclusion ("Request for Exclusion"). Any Person that files a Request for Exclusion shall be excluded from the Class, shall have no rights with respect to this Agreement, and shall receive no payment provided for in this Agreement. A Request for Exclusion must meet all of the following criteria:

(i)     Be in writing;

(ii)    Be signed by the Person or his, her, or its authorized representative;

(iii)   State the name, address and phone number of that Person;

(iv)    Include (1) proof of membership in the Class and (2) a signed statement that "I/we hereby request that I/we be excluded from the proposed Lender Class in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*";

(v)     List and provide documentation regarding any instruments within the Settlement Class definition, including (1) the origination, purchase, or receipt of or the holding of any interest in all loans with interest rates tied to USD LIBOR that adjusted during the Class Period, including any loans issued to the excluding party during the Class Period; and (2)

14

documentation demonstrating the interest received or paid during the Class Period for such loans; and

(vi)     Be mailed to the Claims Administrator at the address provided in the Class Notice and postmarked no later than twenty-one (21) days prior to the date set for the Fairness Hearing or any other date set by the Court.

(d)     A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and any Person filing such an invalid request shall be a Lender Class Member and shall be bound by the Settlement, if approved. Lender Plaintiffs' Counsel agrees to provide Citibank with notice of any Person who requests to be excluded from the Class, together with all documents and information provided by such Person, within three (3) business days of receipt by Lender Plaintiffs' Counsel of that Request for Exclusion.

(e)     Any Person who has not requested exclusion from the Class and who objects to the Settlement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes all of the following:

(i)     A notice of intention to appear;

(ii)     Proof of membership in the Class, including documentation evidencing the ownership of a U.S. Dollar LIBOR-Based Loan during the Class Period; and

15

(iii)    The specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.

(f)    Such a written objection must be both filed with the Court no later than twenty-one (21) days prior to the date set for the Fairness Hearing and mailed to Lender Plaintiffs' Counsel and Citibank's Counsel at the addresses provided in the Class Notice and postmarked no later than fourteen (14) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and shall be forever barred from making any such objections in the Lender Action, unless otherwise excused for good cause shown, as determined by the Court.

(g)    If the Preliminary Approval Order is entered by the Court, Lender Plaintiffs shall seek, and Citibank shall support, entry of a Final Judgment and Order of Dismissal. Lender Plaintiffs' Counsel shall share drafts of the proposed Final Judgment and Order of Dismissal with Citibank's Counsel at least one week before the anticipated filing date in order to give Citibank a reasonable opportunity to comment. The Final Judgment and Order of Dismissal shall meet all of the following criteria:

(i)    Certifies the Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) solely for the purpose of the Settlement;

(ii)    Approves finally the Settlement and its terms as being a fair, reasonable, and adequate Settlement as to the Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation according to its terms;

(iii)    Finds that the Class Notice constituted due, adequate, and sufficient notice of the Settlement and the Fairness Hearing, and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)    Directs that, as to the Released Parties, the Lender Action shall be dismissed with prejudice and, except as provided for in this Agreement, without costs; provided, however, that such dismissal shall not affect, in any way, the right of Lender Plaintiffs or Lender Class Members to pursue claims, if any, outside the scope of the Released Claims;

(v)    Orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vi)    Retains with the Court exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of the Settlement; and

(vii)    Determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Citibank shall be final and entered forthwith.

**6.     EFFECTIVE DATE OF SETTLEMENT**

(a)    The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)    The contribution to the Settlement Fund has been made pursuant to this Agreement;

(ii)    Entry of the Preliminary Approval Order;

(iii)   Final approval by the Court of the Settlement, following Class Notice and the Fairness Hearing;

(iv)   No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d); and

(v)   Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Lender Plaintiffs nor Citibank elects to terminate this Agreement, and such Alternative Judgment becomes final.

(b)   Notwithstanding any other provision herein, any proceeding, order, motion for reconsideration, appeal, or petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution or Fee and Expense Application (or both), shall not in any way delay or preclude the Effective Date.

(c)   This Agreement is not contingent on any of the Parties settling with any other party to the Action or in any other litigation.

7.   **CLAIMS ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR**

(a)   Pursuant to the Preliminary Approval Order and subject to Court approval, Lender Plaintiffs' Counsel shall engage a qualified claims administrator as the Claims Administrator. The Claims Administrator shall assist with the Settlement claims process as set forth herein.

(b)   The Claims Administrator shall effectuate the notice plan approved by the Court, shall administer and calculate the claims submitted by Lender Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution.

(c)     Citibank shall have no involvement in (or liability for) selection of the Claims Administrator, the claims administration process, or the Plan of Allocation of the Settlement proceeds.

## 8.    SCOPE AND EFFECT OF SETTLEMENT

(a)     The obligations incurred pursuant to this Agreement shall be in full and final disposition of the following:

(i)     The Lender Action against Citibank;

(ii)    Any and all Released Claims as against all Released Parties with prejudice and without costs; and

(iii)   Any and all Settling Defendant's Claims as against all Releasing Parties.

(b)     Upon the Effective Date of Settlement, each of the Releasing Parties:

(i)     Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim;

(ii)    Shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and

(iii)   Agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(c)     Upon the Effective Date of Settlement, each of the Released Parties:

(i)     Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have fully, finally, and forever released and discharged

19

Lender Plaintiffs, Lender Plaintiffs' Counsel, and each and all Lender Class Members from each and every one of the Settling Defendant's Claims;

(ii)    Shall forever be enjoined from prosecuting the Settling Defendant's Claims; and

(iii)    Agrees and covenants not to sue on the basis of the Settling Defendant's Claims, or to assist any third party in commencing or maintaining any such suit related to the Settling Defendant's Claims.

(d)    The releases provided in this Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(e)    As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, with prejudice and without costs, to the extent permitted by law, barring claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of settlement, judgment, or otherwise by any of the following:

(i)    Any of the other Defendants currently named in the Lender Action;

(ii)    Any other Person formerly named as a party in the Lender Action; or

(iii)    Any other Person subsequently added or joined as a party in the Lender Action.

(f)    In the event that this Agreement is terminated pursuant to Paragraphs 10(c), 13(a), or 13(d), or any condition for the final approval of this Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

9.      **FEE AND EXPENSE APPLICATION**

(a)      Lender Plaintiffs' Counsel shall submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of the following:

(i)      Attorneys' fees from the Settlement Fund;

(ii)      Reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Lender Action; and

(iii)      May also seek service awards for Lender Plaintiffs in conjunction with their representation of the Class.

(b)      Citibank shall take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court ("Fee and Expense Award") to Lender Plaintiffs' Counsel shall be paid from the Settlement Fund to Lender Plaintiffs' Counsel no later than five (5) business days after the Court enters the Final Judgment, notwithstanding any objections to the Agreement or the fee request, or any appeal therefrom, or any collateral attack on the Settlement or fee award. This payment shall be subject to Lender Plaintiffs' Counsel's obligation to make appropriate refund or repayment if the award of attorneys' fees and litigation expenses is for any reason subsequently reduced or reversed. Such repayment or refund shall be made no later than thirty (30) days after Lender Plaintiffs' Counsel's receipt from the Court of notice of any final non-appealable order that reverses or reduces any award of attorneys' fees or litigation expenses.

(c)      Notwithstanding any other provision of this Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the Settlement of

the Lender Action, or affect the finality or binding nature of any of the releases granted hereunder. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Lender Plaintiffs' Counsel.

## 10.   THE SETTLEMENT FUND

(a)      The Settlement Fund shall be established as an escrow account and administered by the Escrow Agent, subject to approval by the Court. The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control. No monies shall be paid from the Settlement Fund without the specific authorization of Lender Plaintiffs' Counsel. Lead Plaintiffs and Lead Counsel agree to enter into an appropriate escrow agreement with the Escrow Agent in conformance with this Agreement.

(b)      In consideration of the full release and discharge of all claims, Citibank will cause to be wired twenty-three million U.S. dollars ($23,000,000) (the "Settlement Amount") as follows:

(i)      Five (5) business days following the Execution Date, five hundred thousand U.S. dollars ($500,000) shall be wired to a Settlement Administration Account to be maintained by the Escrow Agent for the purpose of notice and claims administration. Lender Plaintiffs' Counsel may use these funds for notice and administration expenses, without court approval only after Preliminary Approval of the Settlement. If for any reason the Settlement fails to become effective, the amounts paid or incurred for such expenses shall not be recoupable by Citibank from Lender Plaintiffs' Counsel or any other Person.

(ii)     Fifteen (15) business days following Preliminary Approval of the Settlement, eleven million and two hundred fifty thousand U.S. dollars ($11,250,000) shall be wired to an interest-bearing escrow account

maintained by the Escrow Agent. These funds, together with any and all interest earned thereon, shall constitute the Settlement Fund.

(iii)   Fifteen (15) business days following the Court's entry of a Final Judgment, eleven million and two hundred fifty thousand U.S. dollars ($11,250,000) shall be wired to the Settlement Fund.

(iv)   The time periods to make these payments shall not begin to run unless and until Lender Plaintiffs' Counsel have provided appropriate wire instructions and a Form W-9.

(c)   Without prejudice to Lender Plaintiffs' right to seek enforcement of this Agreement by motion or otherwise, if any of the Settlement Amount payments referenced above is not timely transferred to the escrow account, Lender Plaintiffs' Counsel may terminate this Agreement if the following occur:

(i)   Lender Plaintiffs' Counsel has notified Citibank's Counsel in writing of Lender Plaintiffs' Counsel's intention to terminate this Agreement; and

(ii)   The amount due is not transferred to the Settlement Fund within ten (10) business days after Lender Plaintiffs' Counsel has provided such written notice.

(d)   The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (ii) secured by instruments backed by the full faith and credit of the United States Government. The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature. All

risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(e)     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and the Plan of Distribution approved by the Court.

(f)     The Settlement Fund shall be applied as follows:

(i)     To pay any Fee and Expense Award, if and to the extent allowed by the Court;

(ii)     To pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the Settlement, including, without limitation, locating members of the Class, soliciting Lender Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms;

(iii)     To pay the Taxes and tax expenses described in Paragraph 12 hereof;

(iv)     To pay any other Court-approved fees and expenses, including Lender Plaintiffs' Counsel out-of-pocket expenses, compensatory awards, and disbursements; and

(v)     To distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Court pursuant to the Class Distribution Order.

(g)     With the object of reducing the costs of Class Notice, Lender Plaintiffs' Counsel shall use their reasonable best efforts to coordinate the provision of Class Notice pertaining to this Agreement with the provision of notice for any other settlements that may be reached. In all events, Citibank shall have no liability for the costs of provision of notice beyond those set forth in Paragraph 10(b).

(h)     As set forth above, Citibank shall be responsible for paying the Settlement Amount. Citibank shall have no responsibility for any other costs, including, as further detailed in this Agreement, any attorneys' fees and expenses or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

(i)     If the Settlement does not become final, the entire amount paid or caused to be paid by Settling Defendant plus all accrued interest, less the costs of notice and administration up to a maximum of five hundred thousand U.S. dollars ($500,000), shall promptly be returned to Settling Defendant.

## 11.     ADMINISTRATION OF THE SETTLEMENT

(a)     Any Lender Class Member who does not submit a valid proof of claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(b)     The Claims Administrator shall process this Settlement based upon proofs of claim submitted in connection with the Settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for its

obligation to fund the Settlement or cause it to be funded as detailed in this Agreement, Citibank shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Lender Plaintiffs' Counsel shall have the right but not the obligation to advise the Claims Administrator to waive what Lender Plaintiffs' Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

 (c) For purposes of determining the extent, if any, to which a Lender Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

  (i) Each Lender Class Member, at a time determined by the Court, shall be required to submit a proof of claim (as shall be approved by the Court) which, *inter alia*, releases all Released Claims against all Released Parties, is signed under penalty of perjury by an authorized Person, and is supported by such documents or proof as Lender Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable;

  (ii) All proofs of claim must be submitted by the date specified by the Court, unless such period is extended by order of the Court. Any Lender Class Member who fails to submit a proof of claim by such date shall be forever barred from receiving any payment pursuant to this Agreement (unless, by order of the Court, a later submitted proof of claim by such Lender Class Member is approved) but shall in all other respects be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and

the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the proof of claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(iii)   Each proof of claim shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim is in accordance with this Agreement and any applicable orders of the Court, and the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Paragraph 11(c)(v), *infra*. The Claims Administrator will review each approved proof of claim and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant. The Released Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

(iv)   Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs

of claim it proposes to reject, in whole or in part, setting forth the reasons for such rejection. If the claimant so desires and complies with the requirements of Paragraph 11(c)(v), *infra*, the claimant may seek review by the Court;

(v)     If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Paragraph 11(c)(iv), *supra*, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be otherwise resolved, Lender Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(vi)    The administrative determinations of the Claims Administrator accepting and rejecting claims, as the case may be, shall be presented to the Court, on notice to Citibank's Counsel, for approval by the Court in the Class Distribution Order (as defined in Paragraph 2(h)).

(d)     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Lender Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Citibank or any of the Released Parties, and no discovery shall be allowed on the merits of the Lender Action or Settlement in connection with processing of the proofs of claim.

28

(e)     Payment pursuant to this Agreement and the Plan of Distribution shall be deemed final and conclusive against all Lender Class Members. All Lender Class Members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

(g)     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after all of the following have occurred:

(i)     All claims have been processed and evaluated by the Claims Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

(ii)     All objections with respect to all rejected or disallowed claims have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired;

29

(iii)    All matters with respect to the Fee and Expense Application have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired; and

(iv)    All fees and costs of administration have been paid.

(h)    Lender Plaintiffs' Counsel will apply to the Court for the Class Distribution Order.

(i)    Lender Plaintiffs and Lender Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Except as set forth in Paragraph 10(b), Citibank shall have no obligation under this Agreement or the Settlement to pay or cause to be paid any amount of money, and Citibank shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Lender Plaintiffs, by any Lender Class Member, or by any Releasing Parties, including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the Lender Action and Released Claims. Lender Plaintiffs and Lender Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(j)    If the Settlement is approved by the Court, none of the Settlement Amount will revert to Settling Defendant. This is not a claims-made settlement; there will be no reversion. If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement

Fund is *de minimis* and such remaining balance shall be donated to an appropriate § 501(c)(3) nonprofit organization selected by Lender Plaintiffs' Counsel and approved by the Court.

## 12.    TAXES

(a)     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and agree not to take any position for Tax purposes inconsistent therewith. The Settlement Fund, less any amounts incurred for notice, administration, and Taxes (as defined below), plus any accrued interest thereon, shall be returned to Citibank, as provided in Paragraph 13(c), if the Settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraph 13(a) or 13(d).

(b)     For the purpose of § 468B of the Internal Revenue Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund. The Claims Administrator shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 12 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)     The following, collectively "Taxes," shall be promptly paid out of the Settlement Fund by the Escrow Agent without prior order from the Court:

(i)     Taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income

31

earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); and

(ii)     Other taxes or tax expenses imposed on or in connection with the Settlement Fund.

(d)     The Claims Administrator shall also be obligated to, and shall be responsible for, withholding from distribution to Lender Class Members any funds necessary to pay any Taxes, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(e)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to the following:

(i)     Any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise;

(ii)     The Plan of Distribution;

(iii)     The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

(iv)     Any losses suffered by, or fluctuations in the value of, the Settlement Fund; or

(v)     The payment or withholding of any Taxes, expenses, and costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(f)     The Escrow Agent shall indemnify and hold harmless the Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in Paragraph 12(e).

## 13.    TERMINATION OF THE SETTLEMENT

(a)     Lender Plaintiffs, through Lender Plaintiffs' Counsel, and Citibank, through Citibank's Counsel, shall, in each of their separate discretions, have the right to terminate the Settlement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which any of the following occur:

(i)     The Court declines to enter the Preliminary Approval Order in any material respect adverse to the terminating party;

(ii)    The Court declines to approve this Settlement or any material part of it adverse to the terminating party, except that Lender Plaintiffs cannot terminate this Settlement on the ground that the Court only certified one, but not both, of The Berkshire Bank or The Government Development Bank for Puerto Rico as a representative of the proposed Lender Class;

(iii)   The Court declines to enter the Final Judgment and Order of Dismissal in any material respect adverse to the terminating party;

(iv)    The Court enters an Alternative Judgment that is adverse in a material respect to the terminating party;

(v) The Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party; or

(vi) An Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party.

(b) Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, any application for service awards to any Lender Plaintiff, or any Plan of Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement.

(c) Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Lender Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Citibank, together with any interest earned thereon (and, if applicable, repayment of any Fee and Expense Award referred to in Paragraph 9(a) hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed five hundred thousand U.S. dollars ($500,000) without the prior approval of the Court) shall be returned to Citibank within ten (10) business days from the date of the Termination Notice. At the request of Citibank's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Citibank.

(d)     The Lender Plaintiffs shall provide a list of Requests for Exclusion to Citibank within five (5) business days of the deadline set by the Court for the filing of Requests for Exclusion. Citibank has the right to terminate the Settlement Agreement if the persons submitting valid Requests for Exclusion would likely have been eligible to receive a certain amount of the expected distributions from the Net Settlement Fund (the "Materiality Threshold"). The amount of the Materiality Threshold is not reflected in this Agreement, but shall rather be reflected in a supplemental agreement to be executed by the parties contemporaneously with the execution of this Agreement. This supplemental agreement shall not be filed with the court except in the event of a dispute thereunder, in which case such supplemental agreement may be filed under seal only.

## 14.     COOPERATION OBLIGATIONS

(a)     In consideration for the dismissal of the Lender Plaintiffs' and the Lender Class Members' claims against Citibank in the Lender Action and the release of the Released Claims, subject to any order from the Court, Citibank shall provide cooperation as set forth below.

(b)     All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided. Citibank's cooperation obligations shall apply only to Releasing Parties who act with, by or through Lender Plaintiffs' Counsel pursuant to this Agreement. Citibank's cooperation obligations shall in all events be limited to facts and events involving U.S. Dollar LIBOR and shall not extend to other financial benchmarks. Citibank reserves all of its rights to vigorously defend itself against any claims asserted by other plaintiffs involving U.S. Dollar LIBOR, or any other, allegations.

(c)     Nothing in this Agreement shall impose on Citibank an obligation to produce or provide any materials or information protected from disclosure by the work-product doctrine, the attorney-client privilege, the common-interest privilege, the joint-defense privilege, the bank regulatory or examination privilege, obligations under applicable laws or regulations involving

data privacy or bank secrecy, or any other applicable privilege or protection with respect to any documents, interviews, declarations, affidavits, depositions, testimony, material, or information requested under this Agreement.

(d)     Any documents or information provided to Lender Plaintiffs pursuant to this provision shall be covered by the protective order in effect in the Lender Action, or, if no protective order is in effect, shall be maintained as confidential and available only to Lender Plaintiffs' Counsel and Citibank's Counsel.

(e)     In the event and at the time that Citi produces any additional documents to other class Plaintiffs in the Multi-District Litigation in discovery, Citi will promptly produce those documents to the Lender Plaintiffs unless the Lender Plaintiffs' claims against all other defendants have been dismissed in their entirety. Citi will cooperate to provide information necessary for the Lender Plaintiffs to authenticate or otherwise make usable at trial the materials produced in this Action.

## 15.   RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any Lender Class Member against other former, current, or future defendants or co-conspirators, or any other Person other than the Released Parties, with respect to any of the Released Claims are specifically reserved by Lender Plaintiffs and the Lender Class Members.

## 16.   MISCELLANEOUS

(a)     The Parties to this Agreement intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by any Releasing Party against the Released Parties with respect to the Lender Action and the Released Claims. Accordingly, Lender Plaintiffs and Citibank agree not to assert in any judicial proceeding that the Lender Action was brought by Lender Plaintiffs or defended by Citibank in bad faith or without a reasonable basis.

36

The Parties further agree not to assert in any judicial proceeding that any Party violated Federal Rule of Civil Procedure 11, or seek any other fees or cost-shifting upon the parties or their counsel. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

(b)     If disputes arise regarding the finalization of the Agreement, the Parties shall submit such disputes to a mutually agreeable mediator for resolution. The decision of the mediator as to any such dispute shall be final and binding on the Parties.

(c)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)     The administration and consummation of the Settlement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Distribution, and enforcing the terms of this Agreement.

(e)     For the purpose of construing or interpreting this Agreement, Lender Plaintiffs and Citibank agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)     This Agreement constitutes the entire agreement between Lender Plaintiffs and Citibank pertaining to the settlement of the Lender Action against Citibank and supersedes any and all prior and contemporaneous undertakings of Lender Plaintiffs and Citibank in connection therewith. All terms of this Agreement are contractual and not mere recitals. The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors to their business or assets,

predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Lender Class Members.

(g)     This Agreement may be modified or amended only by a writing executed by Lender Plaintiffs, through Lender Plaintiffs' Counsel, and Citibank, through Citibank's Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

(h)     Nothing in this Agreement nor in any other Agreement-related document constitutes an admission by Citibank as to the validity, infirmity, or merits of the allegations made in the Lender Action, the liability or non-liability of Citibank, the validity of any defenses that could be asserted by Citibank, or the appropriateness of certification of any class other than the Class under Federal Rule of Civil Procedure 23 for purposes of settlement only. This Agreement is without prejudice to the right of Citibank to do either or both of the following:

(i)     Challenge the Court's certification of any class, including the Class, in the Lender Action should the Agreement not be approved or implemented for any reason; or

(ii)     Oppose any certification or request for certification in any other proposed or certified class action.

(i)     If Lender Plaintiffs reach one or more other settlements with other Defendants in the Lender Action (the "Other Settlements") prior to the dissemination of notice to class members concerning this Agreement, the class definition, release, and termination provisions applied to Citibank shall be no less favorable than the corresponding provisions applicable to one or more of the Other Settlements.

(j)      All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(k)      Citibank, Lender Plaintiffs, their respective counsel, and the Lender Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(l)      The Parties acknowledge that this Agreement makes no determination as to which Lender Class Members are entitled to distribution of the Settlement Fund or as to the formula for determining the amounts to be distributed.

(m)      The proposed Plan of Distribution is not a necessary term of this Agreement, and it is not a condition of this Agreement that any particular Plan of Distribution be approved. The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court. The Plan of Distribution is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed Settlement including the scope of the release.

(n)      This Agreement may be executed in counterparts, including by PDF signature transmitted by facsimile or email. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. This Agreement shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. This Agreement shall be deemed to have been executed on the date set forth after Paragraph 17.

(o)     Lender Plaintiffs and Citibank acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so. Therefore, Lender Plaintiffs and Citibank and their respective counsel agree that they will not seek to set aside any part of this Agreement on the grounds of mistake. Moreover, Lender Plaintiffs and Citibank and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(p)     The existence and terms of the Settlement shall remain confidential until the earlier of (i) the filing of the Agreement with the Court, or (ii) Citibank's public disclosure of it.

(q)     Each of the undersigned attorneys represents that he is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval; and the undersigned Lender Plaintiffs' Counsel represent that they are authorized to execute this Agreement on behalf of Lender Plaintiffs. Each of the undersigned attorneys shall use their best efforts to effectuate this Agreement.

## 17.    SIGNATURES

WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

DATED: January 15, 2018

*Lender Plaintiffs and the Lender Class:*

_____
Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Defendants Citibank, N.A. and Citigroup Inc.:*

_____
Andrew A. Ruffino
Alan M. Wiseman
Thomas A. Isaacson
Andrew D. Lazerow
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: 212-841-1097
One City Center
850 Tenth Street, NW
Washington, D.C.
Tel: 202-662-6000
aruffino@cov.com
awiseman@cov.com
tisaacson@cov.com
alazerow@cov.com