# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The Lender Action | |

**SETTLEMENT AGREEMENT BETWEEN**
**LENDER PLAINTIFFS AND HSBC BANK PLC**

1.      **RECITALS**

This Settlement Agreement ("Agreement") is made and entered into on January 16, 2018 (the "Execution Date"), between Plaintiffs The Berkshire Bank and The Government Development Bank for Puerto Rico (collectively, the "Lender Plaintiffs"), individually and on behalf of the Settlement Class in the Lender Action, and defendant HSBC Bank plc ("HSBC"), by and through the Lender Plaintiffs' Counsel and HSBC's Counsel.   This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, the Lender Plaintiffs have alleged, among other things, that HSBC and others committed common law fraud and conspired to commit fraud;

WHEREAS, the Lender Plaintiffs contend that they and the Settlement Class suffered monetary damages as a result of HSBC's (and the other Defendants') alleged conduct;

WHEREAS, HSBC denies the Lender Plaintiffs' allegations and maintains that it has meritorious defenses to the claims of liability and damages made by the Lender Plaintiffs in the Lender Action and all charges of liability and damages against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lender Action;

WHEREAS, the Lender Plaintiffs, for themselves individually and on behalf of the Settlement Class, and HSBC agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by HSBC or of the truth of any of the claims or allegations alleged in the Lender Action;

WHEREAS, Lender Plaintiffs' Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Lender Action, the legal and factual defenses thereto, and the applicable law, that: (1) it is in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by HSBC under this Agreement and the cooperation to be provided to the Lender Plaintiffs by HSBC under this Agreement, are obtained for the Settlement Class; and (2) the settlement set forth in this Agreement is fair, reasonable, and adequate and in the best interests of the Lender Class;

WHEREAS, HSBC, while continuing to deny that it is liable for the claims asserted against it in the Lender Action, has nevertheless agreed to enter into this Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to resolve this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the Lender Action as to HSBC and a release of the claims as set forth herein;

WHEREAS, this Agreement is the product of arm's-length negotiations between Lender Plaintiffs' Counsel and HSBC's Counsel and this Agreement embodies all of the terms and conditions of the settlement agreed upon between HSBC and the Lender Plaintiffs, both for themselves individually and on behalf of the Settlement Class;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among the Lender Plaintiffs (individually and on behalf of the Settlement Class) and HSBC by and through the Lender Plaintiffs' Counsel and HSBC's Counsel, that, subject to the approval of the Court, the Lender Action be settled, compromised,

and dismissed with prejudice as to HSBC and the other Released Parties only, without costs, except as stated herein, and releases be extended, as set forth in this Agreement.

## 2.    DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)    <u>Agreement</u>:  This Settlement Agreement.

(b)    <u>Alternative Judgment</u>:  A Final Judgment and Order of Dismissal entered by the Court but in a form other than proposed by the Lender Plaintiffs' Counsel and HSBC.

(c)    <u>Authorized Claimant</u>:  Any Settlement Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court in accordance with the terms of this Agreement.

(d)    <u>Bondholder Plaintiffs' Action</u>:  *Ellen Gelboim v. Credit Suisse Group AG et al.,* No. 12-cv-1025 (NRB).

(e)    <u>BBA</u>:  British Bankers' Association.

(f)    <u>Claims Administrator</u>:  The third party to be retained by the Lender Plaintiffs' Counsel and approved by the Court to manage and administer the process by which the Settlement Class will be notified of this Agreement and by which each eligible member of a Class is paid pursuant to this Agreement.

(g)    <u>Class Distribution Order</u>:  An order approving the Claims Administrator's and, where applicable, the Settlement Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Settlement Administrator and the Claims

Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

(h)     <u>Class Notice</u>:  The Notice and Summary Notice, collectively.

(i)     <u>Court</u>:  The United States District Court for the Southern District of New York.

(j)     <u>Defendants</u>:  Bank of America Corporation, Bank of America, N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank PLC, British Bankers' Association, BBA Enterprises Ltd, BBA LIBOR Ltd, Citigroup Inc., Citibank, N.A., Coöperatieve Centrale Raiffeisen Boerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, JPMorgan Chase Bank & Co., JPMorgan Chase Bank, Lloyds Banking Group PLC, HBOS PLC, Royal Bank of Canada, The Norinchunkin Bank, The Royal Bank of Scotland Group PLC, UBS AG, WestLB AG, and Westdeutsche Immobilenbank AG, and any other Person or Persons who are or were named as defendants in the Lender Action at any time up to and including the date a Preliminary Approval Order is issued.  These Defendants are also referred to herein as the "Lender Defendants."

(k)     <u>Effective Date or Effective Date of Settlement</u>:  *See* Paragraph 6(a).

(l)     <u>Escrow Agent</u>:  Huntington Bank.

(m)     <u>Exchange-Based Plaintiffs' Action</u>:  *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al*., No. 11-cv-2613 (NRB), and related class action cases on behalf of Exchange-Based Plaintiffs that are currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

(n)     <u>Execution Date</u>:  The date of execution of this Agreement by counsel for all Parties hereto.

(o)   <u>Fairness Hearing</u>:  The hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Rule 23 of the Federal Rule of Civil Procedure.

(p)   <u>Fee and Expense Application</u>:  *See* Paragraph 9(a).

(q)   <u>Final Judgment and Order of Dismissal</u>:  The order of the Court finally approving the settlement set forth in this Agreement, dismissing the Lender Action against HSBC and HSBC Holdings plc with prejudice, and meeting the criteria set forth in Paragraph 5(g).  The Final Judgment and Order of Dismissal shall become final when (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

(r)   <u>HSBC</u>:  HSBC Bank plc, which is a public limited company organized under English law and headquartered in London, England.  It is a wholly-owned subsidiary of Defendant HSBC Holdings plc, which is a Released Party under this Agreement.

(s)   <u>HSBC's Counsel:</u>  Locke Lord LLP.

(t)   <u>HSBC Holdings plc Release</u>:  The document attached hereto as <u>Exhibit A</u>, an executed version of which shall be delivered by HSBC's Counsel to Lender Plaintiffs' Counsel on or before the Effective Date.

(u)      <u>Lender Action</u>:  *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, No. 12-cv-5723 (NRB), currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

(v)      <u>Settlement Class</u>:  *See* Paragraph 3(a).

(w)      <u>Lender Class Member</u>:  A Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

(x)      <u>Lender Plaintiffs</u>:  The Berkshire Bank and The Government Development Bank for Puerto Rico (GDB).

(y)      <u>Lender Plaintiffs' Counsel</u>:  Pomerantz LLP.

(z)      <u>LIBOR</u>:  The London Interbank Offered Rate.

(aa)     <u>Net Settlement Fund</u>:  *See* Paragraph 10.

(bb)     <u>Notice</u>:  The Notice of Proposed Settlement of Class Action to be provided to the Settlement Class as provided in this Agreement and the Preliminary Approval Order.

(cc)     <u>OTC Action</u>:  *Mayor and City Council of Baltimore v. Credit Suisse Group AG, et al.*, No. 11-cv-5450 (NRB), and related class action cases on behalf of OTC Plaintiffs that are currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

(dd)     <u>Parties</u>:  HSBC and the Lender Plaintiffs.

(ee)     <u>Person(s)</u>:  An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision,

authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing.

(ff)    Plan of Distribution:  A plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and tax expenses, and such attorneys' fees, costs, interest, and other expenses as may be awarded by the Court.  At a time and in a manner determined by the Court, Lender Plaintiffs' Counsel shall submit for Court approval a Plan of Distribution for the Lender Class that will provide for the distribution of the applicable Net Settlement Fund. The Plan of Distribution shall be devised and implemented with the assistance of the Settlement Administrator.

(gg)    Preliminary Approval Order:  An order (or set of orders) of the Court that preliminarily approves the settlement set forth in this Agreement, certifies the Settlement Class solely for settlement purposes, directs Notice thereof to the Class, and stays all proceedings against HSBC and HSBC Holdings plc until such time as the Court renders a final decision on approval of the Agreement.

(hh)    Released Claims:  Any and all manner of claims, actions or causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights  of recovery, or liabilities for any obligations of any kind whatsoever (however denominated),  of every nature and description, whether known or unknown, whether class or individual, in law or equity or arising under constitution, statute, state, federal, common or foreign law or regulation (including Rule 11 of the Federal Rules of Civil Procedure), ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses,  attorneys' fees, and damages whenever incurred, and liabilities of any nature whatsoever (including joint and

several), known or unknown, suspected or unsuspected, asserted or unasserted, that arise out of or relate in any way to the origination, ownership, purchase, or sale of loans with interest rates tied to U.S. Dollar LIBOR which adjusted during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lender Plaintiffs or any member of the Settlement Class in the Lender Action or in any other action in any court or forum, except for claims relating to enforcement of the Settlement.

(ii)     Released Party or Released Parties:  HSBC, HSBC Holdings plc, and each of their past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, insurers, underwriters, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns.  Released Parties does not include any of the other Defendants that are unaffiliated with HSBC or HSBC Holdings plc.

(jj)     Releasing Party or Releasing Parties: Individually and collectively, Lender Plaintiffs and each Lender Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

(kk)     Settlement Amount:  Four million dollars ($4,000,000.00).

(ll)     <u>Settlement Fund</u>:  The escrow account established pursuant to Paragraph 10 of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(mm)     <u>Settling Defendant</u>:  HSBC.

(nn)     <u>Settling Defendant's Claims</u>:  All claims and causes of action of every nature and description, including "Unknown Claims" as defined below, whether arising under federal, state, common or foreign law (including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the Action as against HSBC and HSBC Holdings plc, <u>except</u> for claims relating to the enforcement of the Settlement or claims related to any representation(s) made in the Memorandum of Understanding dated December 22, 2017 or this Agreement.  For the avoidance of doubt, Settling Defendants' Claims do not include claims relating to or arising out of any transactions or contracts that HSBC or HSBC Holdings plc may have entered with Lender Plaintiffs, Lender Plaintiffs' Counsel, or members of the Settlement Class.

(oo)     <u>Summary Notice</u>:  The summary notice of proposed settlement and hearing for publication.

(pp)     <u>Unknown Claims</u>:  Any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and the Settling Defendant's Claims against Releasing Parties which Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the settlement.  With respect to any and all Released Claims and Settling Defendant's Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of

10

Dismissal, upon the Effective Date, Releasing Parties and Released Parties shall have expressly waived, and each Lender Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights  and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and Settling Defendant's Claims.  Nevertheless, Class Plaintiffs and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Lender Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims and Settling Defendant's Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lender Plaintiffs and the Released Parties acknowledge, and Lender Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settling Defendant's Claims was separately bargained for and was a key element of the Agreement.

(qq)   <u>U.S. Dollar LIBOR-Based Loan</u>:  A loan with any term, provision, obligation or right to be paid or to receive interest based upon U.S. Dollar LIBOR, including but not limited to business or home loans.

**3.**   **SETTLEMENT CLASS CERTIFICATION**

(a)   The Parties hereby stipulate for purposes of settlement only that, subject to Court approval, the following settlement class shall be certified as to HSBC (the "Settlement Class"):

> All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, purchased whole loans, purchased interests in loans or sold loans with interest rates tied to U.S. Dollar LIBOR, which rates adjusted at any time between August 1, 2007 and May 31, 2010 (the "Class Period").

(b)   Specifically excluded from the Settlement Class are Defendants; Released Parties; coconspirators; present and former officers, directors, or employees of any Defendant and any parent or subsidiary thereof, Released Party, or coconspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; immediate family members, any affiliate, legal representative, heir, successor or assign of any Defendant, Released Party, or coconspirator and any person acting on their behalf.  Also excluded from the Settlement Class are any judicial officers presiding over the Lender Action and the members of his/her immediate families and judicial staff, and any juror assigned to the Lender Action.

(c)   The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating a settlement and for no other purpose.  HSBC retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to

become effective for any reason.  The Parties acknowledge that there has been no stipulation to any Class or certification of any Class for any purpose other than effectuating the settlement, and that if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective for any reason, this agreement as to certification of the Settlement Class becomes null and void *ab initio*.  This Agreement or any other settlement-related statement may not be cited regarding certification of the Settlement Class, or in support of an argument for certifying a class for any purpose related to this proceeding.

## 4.   GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement.  This includes HSBC serving notice on those persons and entities required to receive notice pursuant to 28 U.S.C. § 1715.

## 5.   PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)     Within thirty (30) days of execution of this Agreement, Lender Plaintiffs' Counsel shall submit to the Court a motion requesting entry of the Preliminary Approval Order.  Lender Plaintiffs' Counsel shall share drafts of the papers for this motion with HSBC's Counsel at least one week before the anticipated filing date in order to give HSBC a reasonable opportunity to comment.  This motion shall:

(i)     Seek certification of the Settlement Class for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

(ii)     Request preliminary approval of the settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23;

(iii)    Seek the appointment of the Lender Plaintiffs as Class representatives of the Settlement Class under Federal Rule of Civil Procedure 23;

(iv)     Seek appointment of Lender Plaintiffs' Counsel as interim Class counsel under Federal Rule of Civil Procedure 23(g);

(v)      Seek approval of the form and method of dissemination of (1) the Notice, which shall be mailed along with a proof of claim form via first-class mail, and (2) the Summary Notice, which shall be published based upon the recommendations of the Claims Administrator.  The Claims Administrator will also establish and maintain a dedicated settlement website, from which each member of the Settlement Class can view and download relevant  documents, including the Notice, Summary Notice, and proof of claim form;

(vi)     Seek appointment of a qualified claims administrator as the Claims Administrator;

(vii)    Seek appointment of Huntington Bank as Escrow Agent;

(viii)   Stay all proceedings in the Lender Action against HSBC and HSBC Holdings plc until the Court renders a final decision on approval of the settlement set forth in this Agreement; and

(ix)     Attach a proposed order in a form agreed to by the Parties, which shall include such provisions as are typical in such orders, including (1) a

finding that the proposed plan of notice complies with Federal Rule of Civil Procedure 23 and the requirements of due process, and (2) a provision that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses, including any objection or defense based on a lack of personal jurisdiction.

(b)     Class Notice shall apprise each member of the Settlement Class of his, her or its right to exclude themselves from the Settlement Class, or object to the settlement.

(c)     Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion").  Any Person that files such a request shall be excluded from the Settlement Class, shall have no rights with respect to this Agreement, and shall receive no payment provided for in this Agreement.  A Request for Exclusion must meet all of the following criteria:

(i)     Be in writing;

(ii)     Be signed by the Person or his, her, or its authorized representative;

(iii)     State the name, address and phone number of that Person;

(iv)     Include (1) proof of membership in the Settlement Class and (2) a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*";

(v)     List and provide documentation regarding the purchase, issuance and receipt or any interest in all loans in dollar denominated U.S. Dollar LIBOR that reset during the Class Period, including any loans issued to

the excluding party during the Class Period.  Such documentation should also demonstrate the interest received or paid during the Class Period for such loans.

(vi)     Be mailed to the Claims Administrator at the address provided in the Class Notice and postmarked no later than twenty-one (21) days prior to the date set for the Fairness Hearing or any other date set by the Court.

(d)     A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Lender Class Member and shall be bound by the settlement set forth in this Agreement, if approved.  Lender Plaintiffs' Counsel agrees to provide HSBC with notice of any Person who requests to be excluded from the Settlement Class, together with all documents and information provided by such Person, within three (3) business days of receipt by Lender Plaintiffs' Counsel of that exclusion request.

(e)     Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.  However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes all of the following:

(i)     A notice of intention to appear;

(ii)     Proof of membership in the Settlement Class, including documentation evidencing the ownership of a U.S. Dollar LIBOR-Based Loan during the Class Period; and

(iii)    The specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.

(f)     Such a written objection must be both filed with the Court no later than twenty-one (21) days prior to the date set for the Fairness Hearing and mailed to Lender Plaintiffs' Counsel and HSBC's Counsel at the addresses provided in the Class Notice and postmarked no later than fourteen (14) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from making any such objections in the Lender Action, unless otherwise excused for good cause shown, as determined by the Court.

(g)     If the Preliminary Approval Order is entered by the Court, Lender Plaintiffs shall seek, and HSBC shall not oppose, entry of a Final Judgment and Order of Dismissal in a form mutually agreeable to the Parties. Lender Plaintiffs' Counsel shall share drafts of the proposed Final Judgment and Order of Dismissal with HSBC's Counsel at least one week before the anticipated filing date in order to give HSBC a reasonable opportunity to comment. The Final Judgment and Order of Dismissal shall meet all of the following criteria:

(i)     Certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) solely for the purpose of the settlement;

(ii)    Approve finally the settlement set forth in this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class

17

within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation according to its terms;

(iii)   Find that the Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)   Direct that, as to the Released Parties, the Lender Action shall be dismissed with prejudice and, except as provided for in this Agreement, without costs; provided, however, that such dismissal shall not affect, in any way, the right of Lender Plaintiffs or Lender Class Members to pursue claims, if any, outside the scope of the Released Claims;

(v)   Order that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vi)   Permanently bar and enjoin any claim or action by any Person against HSBC, HSBC Holdings plc, or any other Released Party for contribution or indemnification (however denominated) for all or any portion of amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vii)   Retain with the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of the settlement; and

(viii)   Determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to HSBC and HSBC Holdings plc shall be final and entered forthwith.

## 6.   EFFECTIVE DATE OF SETTLEMENT

(a)   The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)   The contribution to the Settlement Fund has been made pursuant to this Agreement;

(ii)   Entry of the Preliminary Approval Order;

(iii)   Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing;

(iv)   No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d); and

(v)   Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Lender Plaintiffs nor HSBC elects to terminate this Agreement, and such Alternative Judgment becomes final.

(b)   Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

7.     **CLAIMS ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR**

(a)     Pursuant to the Preliminary Approval Order and subject to Court approval, Lender Plaintiffs' Counsel shall engage the Settlement Administrator and a qualified claims administrator as the Claims Administrator.  Both the Claims Administrator and the Settlement Administrator will assist with the settlement claims process as set forth herein.

(b)     The Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order, shall administer and calculate the claims submitted by Lender Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution.

(c)     HSBC will have no ability to approval or disapprove (nor have liability for) Lender Plaintiffs' selection of the Claims Administrator, the Claims Administration process, or the Plan of Allocation of the Settlement proceeds.  However, HSBC will receive advance notice of such selections and be afforded the opportunity to review and comment on any relevant documentation.

8.     **SCOPE AND EFFECT OF SETTLEMENT**

(a)     The obligations incurred pursuant to this Agreement shall be in full and final disposition of the following:

(i)     The Lender Action against HSBC and HSBC Holdings plc;

(ii)     Any and all Released Claims as against all Released Parties with prejudice and without costs; and

(iii)     Any and all Settling Defendant's Claims as against all Releasing Parties.

(b)     Upon the Effective Date of Settlement, each of the Releasing Parties:

(i)    Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim;

(ii)    Shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and

(iii)    Agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(iv)    Agrees that, should any court determine that any Defendant or other co-conspirator is/was legally entitled to any kind of contribution or indemnification from a Released Party arising out of or related to Released Claims, the Releasing Parties agree that any money judgment obtained against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim for contribution, indemnification or similar claims against the Released Parties.

(c)    Upon the Effective Date of Settlement, each of the Released Parties:

(i)    Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal and the HSBC Holdings plc Release, shall have fully, finally, and forever released and discharged Lender Plaintiffs, Lender

Plaintiffs' Counsel, and each and all Lender Class Members from each and every one of the Settling Defendant's Claims;

(ii)    Shall forever be enjoined from prosecuting the Settling Defendant's Claims; and

(iii)   Agrees and covenants not to sue on the basis of the Settling Defendant's Claims, or to assist any third party in commencing or maintaining any such suit related to the Settling Defendant's Claims.

(d)    The releases provided in this Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(e)    As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, with prejudice and without costs, to the extent permitted by law, barring claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of settlement, judgment, or otherwise by any of the following:

(i)     Any of the other Defendants currently named in the Lender Action;

(ii)    Any other Person formerly named as a party in the Lender Action; or

(iii)   Any other Person subsequently added or joined as a party in the Lender Action.

(f)    In the event that this Agreement is terminated pursuant to Paragraphs 10(c), 13(a), or 13(d), or any condition for the final approval of this Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

22

9.      **FEE AND EXPENSE APPLICATION**

(a)      Lender Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of the following:

(i)      Attorneys' fees not to exceed 33-1/3% of the Settlement Fund;

(ii)      Reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Lender Action; and

(iii)      May also seek service awards for Lender Plaintiffs in conjunction with their representation of the Class.

(b)      HSBC will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court ("Fee and Expense Award") to Lender Plaintiffs' Counsel shall be paid from the Settlement Fund to Lender Plaintiffs' Counsel no later than five (5) business days after the Court enters the Final Judgment, notwithstanding any objections to the Agreement or the fee request, or any appeal therefrom, or any collateral attack on the settlement or fee award.  This payment shall be subject to Lender Plaintiffs' Counsel's obligation to make appropriate refund or repayment if the award of attorneys' fees and litigation expenses is for any reason subsequently reduced or reversed.  Such repayment or refund shall be made no later than thirty (30) days after Lender Plaintiffs' Counsel's receipt from the Court of notice of any final non-appealable order that reverses or reduces any award of attorneys' fees or litigation expenses.

(c)      Notwithstanding any other provision of this Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding solely relating to the Fee and Expense Application, or any appeal of any order solely

23

relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the settlement of the Lender Action, or affect the finality or binding nature of any of the releases granted hereunder.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Lender Plaintiffs' Counsel.

## 10.   THE SETTLEMENT FUND

(a)     The Settlement Fund shall be established as an escrow account and administered by the Escrow Agent, subject to approval by the Court.  The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control.  No monies shall be paid from the Settlement Fund without the specific authorization of Lender Plaintiffs' Counsel and either the Court or HSBC.  Counsel for the Parties agree to cooperate, in good faith, to form an appropriate escrow agreement in conformance with this Agreement.

(b)     In consideration of the full release and discharge of all claims, HSBC will cause to be wired the entire Settlement Amount within (10) days after the District Court enters the Preliminary Approval Order.

(c)     Without prejudice to the Lender Plaintiffs' right to seek enforcement of this Agreement by motion or otherwise, if the Settlement Amount is not timely transferred to the escrow account, Lender Plaintiffs' Counsel may terminate this Agreement if the following occur:

(i)     Lender Plaintiffs' Counsel has notified HSBC's Counsel in writing of Lender Plaintiffs' Counsel's intention to terminate this Agreement; and

(ii)    The entire Settlement Amount is not transferred to the Settlement Fund within ten (10) business days after Lender Plaintiffs' Counsel has provided such written notice.

(d)    The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (ii) secured by instruments backed by the full faith and credit of the United States Government.  The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(e)    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and the Plan of Distribution approved by the Court.

(f)    The Settlement Fund shall be applied as follows:

(i)    To pay any Fee and Expense Award, if and to the extent allowed by the Court;

(ii)    To pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the settlement, including, without limitation, locating members of the Settlement Class, soliciting Lender Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement

Fund to Authorized Claimants, and processing proof of claim and release forms;

(iii)    To pay the Taxes and tax expenses described in Paragraph 12 hereof;

(iv)    To pay any other Court approved fees and expenses including Lender Plaintiffs' Counsel out-of-pocket expenses, compensatory awards and disbursements; and

(v)    To distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Court pursuant to the Class Distribution Order.

(g)    With the object of reducing the costs of Class Notice, Lender Plaintiffs' Counsel shall use their reasonable best efforts to coordinate the provision of Class Notice pertaining to this Agreement with the provision of notice for any other settlements that may be reached.  In all events, HSBC shall have no liability for the costs of provision of notice beyond those set forth in Paragraph 10(b).

(h)    As set forth above, HSBC shall be responsible for paying the Settlement Amount. HSBC shall have no responsibility for any other costs, including, as further detailed in this Agreement, any attorneys' fees and expenses or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

(i)    If the Settlement does not become final, the entire amount paid or caused to be paid by HSBC plus all accrued interest, less the costs of notice and administration, shall promptly be returned to HSBC.

## 11.    ADMINISTRATION OF THE SETTLEMENT

(a)      Any Lender Class Member who does not submit a valid proof of claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(b)      The Claims Administrator shall process this settlement based upon proofs of claim submitted in connection with the settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for its obligation to fund the settlement or cause it to be funded as detailed in this Agreement, HSBC shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund.  Lender Plaintiffs' Counsel shall have the right but not the obligation to advise the Claims Administrator to waive what Lender Plaintiffs' Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

(c)      For purposes of determining the extent, if any, to which a Lender Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)      Each Lender Class Member, at a time determined by the Court, shall be required to submit a proof of claim (as shall be approved by the Court) which, *inter alia*, releases all Released Claims against all Released Parties, is signed under penalty of perjury by an authorized Person, and is

supported by such documents or proof as Lender Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable;

(ii)    All proofs of claim must be submitted by the date specified by the Court, unless such period is extended by order of the Court.  Any Lender Class Member who fails to submit a proof of claim by such date shall be forever barred from receiving any payment pursuant to this Agreement (unless, by order of the Court, a later submitted proof of claim by such Lender Class Member is approved) but shall in all other respects be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the proof of claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(iii)   Each proof of claim shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim is in accordance with this Agreement and any applicable orders of the Court, and the extent, if any, to which each claim shall be allowed, subject to

28

review by the Court pursuant to Paragraph 11(c)(v), *infra*.  The Claims Administrator will review each approved proof of claim and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant.  The Released Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

(iv)   Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons for such rejection.  If the claimant so desires and complies with the requirements of Paragraph 11(c)(v), *infra*, the claimant may seek review by the Court;

(v)   If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Paragraph 11(c)(iv), *supra*, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation.  If a dispute concerning a claim cannot be otherwise resolved, Lender Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(vi)     The administrative determinations of the Claims Administrator accepting and rejecting claims, shall be presented to the Court, on notice to HSBC's Counsel, for approval by the Court in the Class Distribution Order (as defined in Paragraph 2(h)).

(d)     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Lender Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed to be directed to HSBC or any of the Released Parties, and no discovery shall be allowed on the merits of the Lender Action or settlement in connection with processing of the proofs of claim.

(e)     Payment pursuant to this Agreement and the Plan of Distribution shall be deemed final and conclusive against all Lender Class Members.  All Lender Class Members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

(g)     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after all of the following have occurred:

>   (i)     All claims have been processed and evaluated by the Claims Administrator, and where requested by the Settlement Administrator and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

>   (ii)    All objections with respect to all rejected or disallowed claims have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired;

>   (iii)   All matters with respect to the Fee and Expense Application have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired; and

>   (iv)    All fees and costs of administration have been paid.

(h)     Lender Plaintiffs' Counsel will apply to the Court for the Class Distribution Order.

(i)     Lender Plaintiffs and Lender Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims.  Except as set forth in Paragraph 10(b), HSBC shall have no obligation under this Agreement or the settlement to pay or cause to be paid any amount of money, and HSBC shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Lender Plaintiffs, by any Lender Class Member, or by any Releasing Parties,

including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the Lender Action and Released Claims. Lender Plaintiffs and Lender Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(j)     If the Effective Date occurs, none of the Settlement Amount will revert to HSBC. This is not a claims-made settlement; there will be no reversion if the Effective Date occurs.  If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion.  These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis* and such remaining balance shall be donated to an appropriate § 501(c)(3) nonprofit organization selected by Lender Plaintiffs' Counsel and approved by the Court.

## 12.   TAXES

(a)     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and agree not to take any position for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be returned to HSBC as provided in Paragraph 13(c), if the settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraph 13(a) or 13(d).

(b)     For the purpose of § 468B of the Internal Revenue Code and the Treasury regulations thereunder, Lender Plaintiffs' Counsel shall be designated as the "administrator" of the Settlement Fund.  Lender Plaintiffs' Counsel shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 12 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)     The following (collectively "Taxes") shall be promptly paid out of the Settlement Fund by the Escrow Agent without prior order from the Court:

     (i)     Taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); and

     (ii)     Other taxes or tax expenses imposed on or in connection with the Settlement Fund.

(d)     The Claims Administrator shall also be obligated to, and shall be responsible for, withholding from distribution to Lender Class Members any funds necessary to pay any Taxes, including the establishment of adequate reserves for any Taxes.  The Parties agree to cooperate

with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(e)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to the following:

        (i)     Any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise;

        (ii)    The Plan of Distribution;

        (iii)   The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

        (iv)    Any losses suffered by, or fluctuations in the value of, the Settlement Fund; or

        (v)     The payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(f)     The Escrow Agent shall indemnify and hold harmless the Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in Paragraph 12(e).

## 13.    TERMINATION OF THE SETTLEMENT

(a)     Lender Plaintiffs, through Lender Plaintiffs' Counsel, and HSBC, through HSBC's Counsel, shall, in each of their separate discretions, have the right to terminate the settlement set forth in this Agreement by providing written notice of their election to do so

("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which any of the following occur:

(i)   The Court enters an order declining to enter the Preliminary Approval Order in any material respect adverse to the terminating party;

(ii)   The Court enters an order refusing to approve this Agreement or any material part of it adverse to the terminating party;

(iii)   The Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect adverse to the terminating party;

(iv)   The Court enters an Alternative Judgment;

(v)   The Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party;

(vi)   An Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party; or;

(vii)   HSBC fails to deposit $4 million into the Settlement Fund pursuant to Paragraph 10(b) hereto.

(b)   Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, any application for service awards to any Class Plaintiff, or any Plan of Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Agreement or settlement.

(c)   Except as otherwise provided herein, in the event the settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any

reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Lender Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.   The litigation between the Parties shall be returned, to the maximum extent possible, to the position that existed on December 22, 2017, without waiver or prejudice to the Parties rights, claims, or defenses as they existed on that date, including without limitation HSBC's and HSBC Holdings plc's objection to and defense based on a lack of personal jurisdiction, which is expressly preserved; and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and any judgment or order vacated as part of the implementation of this Agreement shall be treated as reinstated, *nunc pro tunc*.   Any portion of the Settlement Fund previously paid by or on behalf of HSBC, together with any interest earned thereon (and, if applicable, repayment of any Fee and Expense Award referred to in Paragraph 9(a) hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $250,000 without the prior approval of the Court) shall be returned to HSBC within ten (10) business days from the date of the Termination Notice.   At the request of HSBC's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to HSBC.

(d)      The Lender Plaintiffs shall provide a list of Requests for Exclusion to HSBC within five (5) business days of the deadline set by the Court for the filing of Requests for Exclusion. HSBC has the right to terminate the Settlement Agreement if the persons submitting Requests for Exclusion would likely have been eligible to receive a certain amount of the expected distributions from the Net Settlement Fund (the "Materiality Threshold").   The amount

of the Materiality Threshold is not reflected in this Agreement, but shall rather be reflected in a supplemental agreement to be executed by the parties contemporaneously with the execution of this Agreement.

(e)     This Agreement may be terminated upon terms set forth in a supplemental letter agreement to be filed under seal with the Court.

**14.     COOPERATION OBLIGATIONS**

(a)     In consideration for the dismissal of the Lender Plaintiffs' and the Lender Class Members' claims against HSBC in the Lender Action and the release of the Released Claims, subject to any order from the Court, HSBC shall provide cooperation as set forth below.

(b)     All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided. HSBC's cooperation obligations shall apply only to Releasing Parties who act with, by or through Lender Plaintiffs' Counsel pursuant to this Agreement.  HSBC's cooperation obligations shall in all events be limited to facts and events involving U.S. Dollar LIBOR and shall not extend to other financial benchmarks. HSBC reserves all of its rights to vigorously defend itself against any claims asserted by other plaintiffs involving U.S. Dollar LIBOR, or any other, allegations.

(c)     Nothing in this Agreement shall impose on HSBC an obligation to produce or provide any materials or information protected from disclosure by the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy or bank secrecy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, interviews, declarations and/or affidavits, depositions, testimony, material, and/or information requested under this Agreement.  For any documents withheld from production

pursuant to this Agreement, HSBC shall create a privilege log describing withheld documents in sufficient detail so as to explain the nature of the privilege asserted or the basis of any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents.  In the event of a disagreement between HSBC and Lender Plaintiffs' Counsel regarding a claim of any privilege or protection, the Parties will seek resolution of such disputes from the Court.

(d)     Any documents, declarations, affidavits, deposition testimony, and information provided to Lender Plaintiffs pursuant to this provision shall be covered by the protective order in effect in the Lender Action, or, if no protective order is in effect, shall be maintained as confidential and available only to Lender Plaintiffs' Counsel and HSBC's Counsel.

(e)     None of the cooperation provisions are intended to, nor do they, waive any applicable privilege or protection.

(f)     The information provided by HSBC's Counsel in connection with oral presentations may be utilized by Lender Plaintiffs or Lender Plaintiffs' Counsel to assist in the prosecution of the Lender Action or any action against non-Released Parties related to any Released Claim; provided, however, the Parties expressly agree that any of the information provided in connection with the cooperation obligations set forth in this Paragraph 14, including without limitation oral presentations, may be used directly or indirectly by Lender Plaintiffs or Lender Plaintiffs' Counsel solely in connection with the prosecution of the Lender Action or any action against non-Release Parties related to any Released Claim, but not for the prosecution of any action or proceeding against any Released Party nor for any other purpose whatsoever.

(g)      Subject to the foregoing, HSBC will provide Lender Plaintiffs and the Settlement Class the following cooperation and shall not disclose the contents of any of this cooperation in this matter to any Defendant in any manner that would identify such information as having been provided as cooperation.   Nothing herein is intended to prevent the use in pre-trial, trial, or appellate proceedings in this Action of information and/or documents produced in discovery or through the cooperation provisions set forth below:

(i)      **Preliminary Approval:**  HSBC shall cooperate to the extent reasonably necessary in connection with Lender Plaintiffs' Counsel's preparation of the motion for preliminary approval and any related documents necessary to effectuate and implement the terms and conditions of this Agreement.

(ii)      **Counsel Inquiries**: HSBC's Counsel will respond to reasonable follow up inquiries of Lender Plaintiffs' Counsel throughout the duration of the Lender Action or any action related to any Released Claims, including to produce further material, information, and documents relating to U.S. Dollar LIBOR, consistent with this Agreement.

(iii)      **Documents:**

a.      Absent objection by the specific regulator to which documents were produced, within ten (10) business days after the Execution Date, HSBC shall produce to Lender Plaintiffs, to the extent not already produced, in a mutually agreeable electronic format, and to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents, those documents that it has already produced or made

39

available to other class plaintiffs in the Multi-District Litigation. For purposes of clarity, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A);

b.      In the event and at the time that HSBC produces any additional documents to other class plaintiffs in the Multi-District Litigation, HSBC will promptly produce those documents to the Lender Plaintiffs unless the Lender Plaintiffs' claims against all other Defendants have been dismissed in their entirety; and

c.      As applicable and upon request, HSBC shall provide a business record or authenticity declaration as to any documents produced by HSBC pursuant to this Settlement Agreement or any other process.

(iv)   **Declarations and Affidavits:** HSBC will use its reasonable best efforts to make current HSBC employees available to provide declarations, certifications, or affidavits regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Rule 803(6) of the Federal Rule of Evidence.

(v)    **Continuation, Scope, and Termination of HSBC's Obligation:** HSBC's obligations to cooperate under the Agreement are continuing until and shall terminate upon the earlier of: (1) the date when final judgment has been rendered, with no remaining rights of appeal, in the Lender Action

against all Defendants; or (2) seven (7) years after the Court enters the Preliminary Approval Order.

(vi) **Mediation:** In the event of a disagreement between HSBC and Lender Plaintiffs' Counsel with respect to any cooperation obligation, the Parties will seek resolution from a mutually agreeable mediator, if necessary.

## 15. RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any Lender Class Member against other former, current, or future defendants or co-conspirators, or any other Person other than the Released Parties, with respect to any of the Released Claims are specifically reserved by Lender Plaintiffs and the Lender Class Members.

## 16. MISCELLANEOUS

(a)     The Parties to this Agreement intend the settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lender Plaintiffs and any Lender Class Member against the Released Parties with respect to the Lender Action and the Released Claims.  Accordingly, Lender Plaintiffs and HSBC agree not to assert in any judicial proceeding that the Lender Action was brought by Lender Plaintiffs or defended by HSBC in bad faith or without a reasonable basis.  The Parties further agree not to assert in any judicial proceeding that any Party violated Rule 11 of the Federal Rules of Civil Procedure, or seek any other fees or cost shifting upon the parties and their counsel.  The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

(b)     If disputes arise regarding the finalization of the Agreement, the Parties shall submit such disputes to a mutually agreeable mediator for resolution.  The decision of the mediator as to any such dispute shall be final and binding on the Parties.

(c)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)     The administration and consummation of the settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Distribution, and enforcing the terms of this Agreement.  Notwithstanding the forgoing, nothing in this Paragraph shall be deemed an admission or waiver by HSBC or HSBC Holdings plc of any defense or objection to personal jurisdiction in this Action other than for matters pertaining to this Agreement.

(e)     For the purpose of construing or interpreting this Agreement, Lender Plaintiffs and HSBC agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)     This Agreement shall constitute the entire agreement between Lender Plaintiffs and HSBC pertaining to the settlement of the Lender Action against HSBC and supersedes any and all prior and contemporaneous undertakings of Lender Plaintiffs and HSBC in connection therewith.  All terms of this Agreement are contractual and not mere recitals.  The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, beneficiaries, representatives, agents, attorneys, partners, successors to their business or assets, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Lender Class Members.

(g)     This Agreement may be modified or amended only by a writing executed by Lender Plaintiffs, through Lender Plaintiffs' Counsel, and HSBC, through HSBC's Counsel,

subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

(h)     Nothing in this Agreement nor in any other Agreement-related document constitutes an admission by HSBC or HSBC Holdings plc as to the validity, infirmity or merits of the allegations made in the Lender Action, the liability or non-liability of HSBC or HSBC Holdings plc, or the validity of any defenses that could be asserted by HSBC or HSBC Holdings plc, or the appropriateness of certification of any class other than the Class under Rule 23 of the Federal Rule of Civil Procedure for purposes of settlement only.  This Agreement is without prejudice to the rights of HSBC or HSBC Holdings plc to do any of the following:

(i)     Challenge the Court's certification of any class, including the Settlement Class, in the Lender Action should the Agreement not be approved or implemented for any reason;

(ii)    Oppose any certification or request for certification in any other proposed or certified class action; and/or

(iii)   Challenge the Court's personal jurisdiction over HSBC or HSBC Holdings plc for the claims and conduct alleged in the Lender Action.

(i)     If Lender Plaintiffs reach one or more other settlements with other Defendants in the Lender Action (the "Other Settlements") prior to the dissemination of notice to class members concerning this Agreement, the class definition, release, and termination provisions applied to HSBC shall be no less favorable than the corresponding provisions applicable to one or more of the Other Settlements.  Lender Plaintiffs represent and warrant that, as of the date of execution of this Agreement, they have reached at least one Other Settlement in the Lender

Action and that the non-monetary terms of such Other Settlement(s) are no more favorable to the settling Defendant(s) than the non-financial terms of this Agreement.

(j)     All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(k)     Except as provided in Paragraph 11, HSBC, Lender Plaintiffs, their respective counsel, and the Lender Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York *solely* for the purpose of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.  For the avoidance of doubt, HSBC expressly preserves and does not waive its right and the right of any Released Party to contest personal jurisdiction in the Lender Action if the Effective Date does not occur or the Agreement is terminated.

(l)     The Parties acknowledge that this Agreement makes no determination as to which Lender Class Members are entitled to distribution of the Settlement Fund or as to the formula for determining the amounts to be distributed.

(m)     The proposed Plan of Distribution is not a necessary term of this Agreement, and it is not a condition of this Agreement that any particular Plan of Distribution be approved.  The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court.  The Plan of Distribution is a matter separate and apart from the settlement between the Parties, and any decision by the Court solely concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(n)     This Agreement may be executed in counterparts, including by .pdf signature transmitted by facsimile or email.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.  This Agreement shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.  This Agreement shall be deemed to have been executed on the date set forth in Paragraph 17.

(o)     Lender Plaintiffs and HSBC acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.

(p)     The existence and terms of the Settlement shall remain confidential until the earlier of (i) the filing of the Agreement with the Court, or (ii) HSBC's public disclosure of it.

(q)     Each of the undersigned attorneys represents that he is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval; and the undersigned Lender Plaintiffs' Counsel represent that they are authorized to execute this Agreement on behalf of Lender Plaintiffs. Each of the undersigned attorneys shall use their best efforts to effectuate this Agreement.

## 17.   SIGNATURES

WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

DATED:  January 16, 2018

| | |
|---|---|
| *Lender Plaintiffs and the Class:* | *Defendant HSBC Bank plc:* |

Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
      mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

Roger B. Cowie
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Email: rcowie@lockelord.com

Gregory T. Casamento
**LOCKE LORD LLP**
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Email: gcasamento@lockelord.com

J. Matthew Goodin
**LOCKE LORD LLP**
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 443-0700
Email: jmgoodin@lockelord.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The Lender Action | |

**HSBC HOLDINGS PLC RELEASE**

This HSBC Holdings plc Release is executed by defendant HSBC Holdings plc pursuant to the Settlement Agreement ("Agreement") entered into on January 16, 2018 by and between plaintiffs The Berkshire Bank and The Government Development Bank for Puerto Rico (collectively, the "Lender Plaintiffs"), individually and on behalf of the Settlement Class in the Lender Action, and defendant and HSBC Bank plc.  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreement.

Upon the Effective Date of Settlement, HSBC Holdings plc releases and discharges Lender Plaintiffs and Lender Plaintiffs' Counsel from all claims and causes of action of every nature and description, including Unknown Claims, whether arising under federal, state, common or foreign law (including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the Action as against HSBC Holdings plc, except for claims relating to the enforcement of the Settlement or claims related to any representation(s) made in the Memorandum of Understanding dated December 22, 2017 or this Agreement.  For the avoidance of doubt, this release does not include claims relating

to or arising out of any transactions or contracts that HSBC Holdings plc may have entered with Lender Plaintiffs, Lender Plaintiffs' Counsel, or members of the Settlement Class.

The release provided herein shall be effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event. If the Settlement is terminated or not approved, or if the Effective Date does not otherwise occur, this release shall be null and void.

This release is executed subject to and without waiver of any defenses that HSBC Holdings plc may have in the Lender Action, including without limitation its personal jurisdiction defense.

DATED: January 16, 2018

*Defendant HSBC Holdings plc:*

Roger B. Cowie
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Email: rcowie@lockelord.com

Gregory T. Casamento
**LOCKE LORD LLP**
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Email: gcasamento@lockelord.com

J. Matthew Goodin
**LOCKE LORD LLP**
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 443-0700
Email: jmgoodin@lockelord.com