DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ARTHUR J. BURKE
212 450 4352

February 14, 2018

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-md-2262 (NRB);
*Berkshire Bank v. Bank of America Corp., et al.*, 12-cv-5723 (NRB);
*Mayor and City Council of Baltimore, et al. v. Credit Suisse AG*, 11-cv-5450 (NRB)

Via ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

    We submit this letter on behalf of the remaining defendants in the Lender and OTC actions (collectively, "Defendants")[1] to inform the Court of two recent SDNY decisions: *Blackrock Allocation Target Shares v. U.S. Bank N.A.*, No. 14-cv-9401 (S.D.N.Y. Jan 31, 2018) (Gardephe, J.), ECF No. 252,[2] and *Royal Park Invest, SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175 (S.D.N.Y. Feb. 1, 2018) (Schofield, J.), ECF No. 454.[3] In each decision, the district court declined to certify a putative class action based on arguments that Defendants have advanced in the Lender and OTC actions as well. Accordingly, as set forth below, both decisions provide further support for denying class certification in the Lender and OTC actions.

---

[1] The remaining defendants in the Lender action are Bank of America Corporation, Bank of America, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and UBS AG. The remaining defendants in the OTC action are Bank of America, N.A., JPMorgan Chase Bank, N.A., Royal Bank of Canada, and UBS AG. RBC continues to object to jurisdiction outside of Pennsylvania with respect to any claims that BCWS may assert against RBC. *See* ECF Nos. 2402 & 2339 n.15.

[2] Judge Gardephe entered an order denying class certification as "stated in open court on January 31, 2018." *Blackrock*, No. 14-cv-9401, at ECF No. 252. The January 31, 2018 transcript is attached as Exhibit A, and Judge Gardephe's oral decision begins at page 19.

[3] Judge Schofield's decision in *Royal Park* is attached hereto as Exhibit B.

## I. The *Blackrock* Decision

In *Blackrock*, certain investors and noteholders in 25 Delaware statutory trusts that issued RMBS alleged that U.S. Bank violated its duties as an indenture trustee by failing to provide notice of material breaches of loan terms and failing to appropriately exercise its rights against third-parties to cure, substitute, or repurchase those breached loans. Ex. A at 24-27. On this basis, plaintiffs sued U.S. Bank for breach of contract and violations of the Trust Indenture Act ("TIA") and sought to certify a class of investors spanning the 25 trusts. *Id.* at 19-24.

Judge Gardephe denied the motion for class certification. As an initial matter, the court held that the class of TIA claims could not be certified as to 21 of the trusts because the plaintiffs lacked both Article III standing under *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2006), and statutory standing under the TIA as to those trusts. Ex. A at 28, 33-45. Because the plaintiffs had failed to demonstrate that they suffered "out-of-pocket loss," such as a decline in the principal value of their notes as to those trusts, they suffered no "cognizable injury." *Id.* at 43. The court explained that the TIA's "actual damages" requirement is limited to out-of-pocket loss, but the plaintiffs had improperly sought to recover under a "benefit of the bargain" theory of harm instead. *Id.* at 42-43.[4]

Judge Gardephe also denied plaintiffs' class certification motion for the independent reason that plaintiffs failed to meet their burden under Rule 23 of providing a proper damages model. *Id.* at 28. First, plaintiffs' model failed *Comcast* because it failed to allocate damages in a manner consistent with their theory of recovery; the model was "premised on a 'benefit-of-the-bargain' methodology" and did "not even attempt to measure out-of-pocket losses" as required by the TIA. *Id.* at 55-57; *see Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Second, Judge Gardephe also found that plaintiffs' damages model was fatally flawed because it did not address several variables that an appropriate model of the but-for world "would have to account for." *Id.* at 57-59.[5]

*Blackrock* further supports denial of class certification in the Lender and OTC actions here. As in *Blackrock*, Lender Plaintiffs have not demonstrated that any, let alone all, class members suffered an out-of-pocket loss. Moreover, like plaintiffs' expert's model in *Blackrock*, the damages methodology employed by Lender Plaintiffs' expert, Prof. Webb, fails to satisfy Lender Plaintiffs' Rule 23 burden for two independent reasons: First, it ignores this Court's holding that New York common law fraud claims may proceed only on an out-of-pocket loss theory and instead improperly applies a benefit-of-the-bargain methodology. *See* Brief in Opposition to Lender Plaintiffs' Motion for Class Certification, ECF No. 2024 ("Lender Opp."),

---

[4] Judge Gardephe also noted that 18 of the 21 trusts experienced a net increase in value following plaintiffs' purchases, suggesting that plaintiffs with claims arising out of those trusts received a net benefit. *See* Ex. A at 43.

[5] Finally, the court noted that it had "grave concerns" as to the four remaining trusts because "the individualized inquiries necessary to determine whether each class member's claim is time-barred might preclude class certification," Ex. A at 55, concerns that were compounded by deficiencies in RMBS ownership records, *id.* at 54. Moreover, the court rejected plaintiffs' argument that the *defendant* had failed to show how variations in state statute of limitations laws would pose an insuperable obstacle to class certification, explaining that "Plaintiffs' argument . . . misstates the law and appears to reflect an effort to shift Plaintiffs' burden of proof onto Defendant." *Id.* Here, OTC and Lender Plaintiffs have not even *attempted* to show that the relevant state statute of limitations laws are uniform, let alone made a showing sufficient to satisfy their burden of proof.

at 7-12.  Second, Prof. Webb failed to address *any* relevant variables other than LIBOR itself (such as loan volume, default rates, loan spreads, and interest rate floors) in determining injury and damages in the but-for world.  *See id.* at 12-15.  And similarly, the OTC plaintiffs have not shown that all putative class members were injured by alleged suppression of LIBOR, and the damages model of OTC Plaintiffs' expert, Prof. Bernheim, fails to meaningfully account for the effects of absorption in the but-for world or undertake any netting analysis.  *See* Brief in Opposition to OTC Plaintiffs' Motion for Class Certification, ECF No. 2032 ("OTC Opp."), at 2-3, 14-19.  *Blackrock* thus supports Defendants' arguments that these failures preclude class certification.

## II.  The *Royal Park* Decision

Similar to *Blackrock*, *Royal Park* involved an RMBS trustee's alleged failure to take action to remedy loan breaches for the benefit of investors.  Ex. B at 1-3.  The plaintiffs alleged "contract, common law, and TIA claims" and sought to certify classes of persons that held or acquired an interest in certain trusts.  *Id.* at 3-4.

Judge Schofield denied class certification.  *Id.* at 6-13.  Because many putative class members acquired their securities only after the putative losses occurred, a class member only had standing to sue if they had received a valid "assignment of the right to sue."  *Id.* at 8.  Citing *In re Petrobras Securities*, 862 F.3d 250, 268 (2d Cir. 2017), Judge Schofield held that resolution of that issue was inherently individualized because it required the court to "look at every class member's transaction documents to determine who did and who did not have a valid claim."  *Id.* at 6-7 (alteration omitted).  Judge Schofield also held that variations in state statutes of limitations laws and the applicability of statutes of limitations to each plaintiff undermined predominance, despite the fact that certain trusts included New York choice of law provisions.  *Id.* at 12-13.

Here, the Court should deny class certification in the OTC and Lender actions for these same reasons.  As in *Royal Park*, individualized issues of standing predominate on all of the OTC and Lender Plaintiffs' claims.  Moreover, resolution of the OTC and Lender Plaintiffs' state law claims requires an individualized examination of the relevant contractual language for each class member's transactions and an independent choice of law analysis for each class member.  Ex. B at 11; *see* Lender Opp. 12-15; OTC Opp. 2-3, 14-19; OTC Defs.' Letter to Judge Buchwald, ECF No. 2419, at 1-3.  In addition, the need to determine the timeliness of putative class members' claims based on an individualized analysis that varies based on the differing laws of potentially all 50 states and other jurisdictions further undermines predominance in both the OTC and Lender actions.  *See* Lender Opp. at 23-24, 27-29; OTC Opp. at 27; OTC Defs.' Letter to Judge Buchwald, ECF No. 2419, at 1-3.

Respectfully yours,

/s/ Arthur J. Burke
Arthur J. Burke

cc:  All parties via ECF