# Simpson Thacher & Bartlett LLP

900 G STREET, NW
WASHINGTON, D.C. 20001

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

Direct Dial Number
+1-202-636-5579

E-mail Address
aellis@stblaw.com

BY ECF AND BY HAND

February 16, 2018

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11-md-2262-NRB,
      *Mayor and City Council of Baltimore, et al. v. Credit Suisse AG*, 11-cv-5450-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

We are counsel for JPMorgan[1] in the putative class action brought by the OTC Plaintiffs ("Plaintiffs"). We write on behalf of all remaining Defendants in the OTC Action in response to Plaintiffs' February 13, 2018 letter (ECF No. 2429), as Defendants feel compelled to set the record straight on several points raised in Plaintiffs' latest letter.[2]

First, Plaintiffs' suggestion that Defendants improperly withheld ISDA agreements for all putative class members is both factually wrong and legally irrelevant. Plaintiffs never informed Defendants or the Court that the agreements were relevant to class certification—indeed, they never submitted any of their own agreements or offered any evidence, expert or otherwise, to address choice of law issues.[3] In any event, Plaintiffs' argument that "all the

---

[1] JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

[2] RBC continues to object to jurisdiction outside of Pennsylvania with respect any claims that BCWS may assert against RBC. *See* ECF Nos. 2402 & 2339 at n.15.

[3] Plaintiffs try to shift the blame to Defendants, but fail to mention that the parties' Proposed Joint Discovery Scheduling Order, which the Court endorsed, contemplated the production of documents previously produced to regulators, ECF No. 1327, which is exactly what Defendants produced. And although Defendants objected to Plaintiffs' Request for Production No. 66 ("RFP 66") 23 months ago, at no point did Plaintiffs push back on Defendants' objections. Nor did Plaintiffs move to compel the production of documents responsive to RFP 66, as they did with other documents that were beyond the scope of the Joint Discovery Scheduling Order. *See* ECF No. 1775. Moreover, Defendants' objection that RFP 66 "calls for information not relevant to any party's claim or defense" was and is correct because, among other things, RFP 66 seeks "[a]ll documents concerning any master agreements with all counterparties for all . . . borrowing and lending transactions," which need not even

February 16, 2018                                                                                                     Honorable Naomi Reice Buchwald

Simpson Thacher & Bartlett LLP

relevant contracts" are needed, ECF No. 2429 at 1, only *confirms* that individualized proof is required to resolve choice of law issues. *See In re Petrobras Sec.*, 862 F.3d 250, 271–74 (2d Cir. 2017) (noting that an inquiry is individualized where it turns on proof that "varies from member to member") (internal quotation marks omitted).

Second, Plaintiffs' attempt to explain away differences in their own ISDA agreements is disingenuous. The agreements provide clear evidence of parties selecting substantive law other than New York law, *see* ECF No. 2419 at 2-3, and Plaintiffs have no response to that.

Plaintiffs' third argument—that even if their claims implicate the laws of different jurisdictions, those laws do not differ in a material way—has nothing to do with the questions the Court asked at oral argument, ignores the record, and is equally without merit. Plaintiffs have not even attempted to conduct the "extensive analysis of state law variances" required under Rule 23.[4] Moreover, Defendants have disputed the existence of common proof as to breach and identified a host of other individualized issues arising from these bespoke contracts, which Plaintiffs ignore.[5]

Fourth, Plaintiffs misread *IRB-Brasil Resseguros, S.A. v. Inepar Investments, S.A.*, 20 N.Y.3d 310, 316 (2012) and *Ministers & Missionaries Benefit Board v. Snow*, 26 N.Y.3d 466 (2015), which only confirm that the parties' intent as to choice of law should be effectuated.[6] Plaintiffs do not dispute that the "standard" ISDA template's language has been changed for certain named Plaintiffs, ECF No. 2419 at 3-4 & n.14, thus confirming the need for an individualized inquiry to determine whether the agreements reflect an express decision to *include* New York choice of law principles. Nor do Plaintiffs dispute that *IRB-Brasil* has no impact on their unjust enrichment claims, ISDA agreements that identify the law of other jurisdictions, or the varying statute of limitations that would apply to different claims.

For these reasons, Plaintiffs' motion for class certification should be denied.

---

be LIBOR-linked transactions or Defendants' own transactions, let alone transactions covered by the putative OTC class definition. Plaintiffs' assertion that Defendants' objections to their plainly overbroad and highly burdensome request somehow absolved Plaintiffs from satisfying their burden at class certification is meritless.

[4] Mem. and Order (ECF No. 1574) at 2-3 (Sept. 20, 2016) (internal quotation marks omitted).

[5] *See, e.g.*, Defs.' Joint Mem. on "Downstream" Issues in Opp. to OTC Pls.' Mot. for Class Certification (ECF No. 2032) at 23-27; Defs.' Supp. Br. in Opp. to the OTC Pls.' Mot. for Class Certification (ECF No. 2239) at 2-5.

[6] *IRB-Brasil* was limited to contracts governed by New York General Obligations Law § 5-1401 that lacked an expressed desire to incorporate New York choice of law principles, and *Ministers & Missionaries* only applied *IRB-Brasil* to contracts <u>not</u> governed by General Obligations Law § 5-1401, such as the statutory choice of law directive in New York Estates, Powers & Trusts Law § 3-5.1(b)(2).

                                Respectfully submitted,

                                /s/  Abram J. Ellis
                                Abram J. Ellis

cc:      All Counsel of Record (*via ECF*)