# POMERANTZ LLP

## Attorneys at Law

**Jeremy A. Lieberman**
jalieberman@pomlaw.com

600 Third Avenue
New York, New York 10016
T: 212.661.1100   F: 212.661.8665

February 22, 2018

**VIA ECF &HAND DELIVERY**

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street – Courtroom 21A
New York, NY 10007-1312

Re:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*, **No.11-MD-2262 (NRB)**;
       *The Berkshire Bank v. Bank of America, et al.*, No. 12-cv-5723-NRB

Dear Judge Buchwald:

        We write as interim class counsel for the Lender Action in response to Defendants'
February 14, 2018 letter (ECF No. 2432) ("Def. Letter") informing the Court of two recent
S.D.N.Y. decisions: *Blackrock Allocation Target Shares v. U.S. Bank N.A.*, No. 14-cv-9401
(S.D.N.Y. Jan 31, 2018) (Gardephe, J.), ECF No. 252 ("*Blackrock*"), and *Royal Park Invest,
SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175 (S.D.N.Y. Feb. 1, 2018) (Schofield, J.), ECF
No. 454 ("*Royal Park*"). Each opinion is wholly inapposite.  Indeed, the significant factual
differences between these cases and the Lender Action (and the many instances in which courts
have certified a nationwide class asserting common law fraud claims) serves only to highlight
that class certification is appropriate.

## I.    The *Blackrock* Decision

        In *Blackrock*, investors and noteholders in 25 Delaware statutory trusts that issued RMBS
alleged that U.S. Bank violated its duties as an indenture trustee by failing to provide notice of
material breaches of loan terms and failing to appropriately exercise its rights against third-
parties to cure, substitute, or repurchase those breached loans. Def. Letter, Ex. A at 24-27. On
this basis, the plaintiffs sued U.S. Bank for breach of contract and violations of the Trust
Indenture Act ("TIA") and sought to certify a class of investors spanning the 25 trusts. *Id.* at 19-
24.

        Judge Gardephe denied the motion for class certification because the plaintiffs did not
have standing and the Court, therefore, lacked subject matter jurisdiction. *Id.* at 45. The plaintiffs
lacked standing because they admitted that they were seeking "benefit of the bargain" damages
despite TIA only permitting "out-of-pocket" damages. *Id.* at 42. The plaintiffs were current
noteholders that purchased their notes at a discount after U.S. Bank violated its duties.
Nevertheless, they were not limiting their damages to the underpayment of principal and interest

for violations by U.S Bank during their ownership, which would be out-of-pocket-damages. *Id.* at 43. Instead, the plaintiffs conceded that they were seeking benefit of the bargain damages because they were seeking all of the historic losses to the Trust caused by U.S. Bank's failure to perform its duties, even the losses that occurred prior to the plaintiff's discounted purchase. *Id.* at 42. "Indeed, Plaintiffs concede that most of the current noteholders have suffered no out-of-pocket losses." *Id.* After denying the motion for class certification for lack of standing and subject matter jurisdiction, the Court expressed concerns about the plaintiff's damages model, which the plaintiffs admitted calculated benefit of the bargain damages instead of out-of-pocket damages because (i) it calculated as damages all missed payments experienced by the Trust even if they were not a result of U.S. Bank's breach of duty (*id.* at 58-59); and (ii) it distributed the Trust's damages evenly to current noteholders on a pro rata basis "regardless of when these noteholders purchased their notes" or whether they suffered any losses. *Id.* at 56-57. Therefore, even noteholders whose notes increased in value would receive payments under the damages model.

The differences between *Blackrock* and the Lender Action demonstrate why class certification should be granted. Here, Berkshire is seeking out-of-pocket damages because it is only seeking to recover the lost/diminished payments that occurred while Berkshire held its LIBOR-linked loans and that were a direct result of Defendants' suppression of LIBOR (not other factors that caused LIBOR to fluctuate). This satisfies out-of-pocket damages. *See id.* at 43, citing *Okla. Police Pension & Ret. Sys. v. United States Bank Nat'l Ass'n*, 291 F.R.D. 47, 57 (S.D.N.Y. 2013) (plaintiff's claim of "millions of dollars in losses" deriving from "delinquencies in payments owed the Covered Trusts" satisfies injury in-fact for violations of TIA); ECF No. 2222 at 11-15. As discussed in Plaintiff's opposition to Defendants' motion to exclude the expert opinions of Robert I. Webb, even if the Court were to determine that out-of-pocket damages be based on an alternative investment rate (e.g. FRED) rather than a "but for" LIBOR, the methodology would be the same except FRED would be used in the damages model instead of the Bloomberg Rate. *See* ECF No. 2109 at 13-14. Finally, unlike the plaintiffs in *Blackrock*, Plaintiff's model limits damages to declines in LIBOR caused by Defendants' fraud. Plaintiff is not seeking to recover for, and its damages model does not include, lower interest payments resulting from non-fraud fluctuations in LIBOR.

## II.     The *Royal Park* Decision

Defendants' reliance on *Royal Park* is misplaced because it involved individual issues that are not present in the Lender Action. Like in *Blackrock*, *Royal Park* involved an RMBS trustee's alleged failure to take action to remedy loan breaches for the benefit of investors. Def. Letter, Ex. B at 1-3. The plaintiffs alleged contract, common law, and TIA claims and sought to certify classes of persons that held or acquired an interest in certain trusts. *Id.* at 3-4. Judge Schofield denied class certification, emphasizing, "the fact that many class members acquired their beneficial interests in the securities at issue *after the alleged injuries occurred* raises individualized questions as to standing to sue and the applicable statute of limitations." *Id.* at 6 (emphasis supplied). The class members, current holders of the notes, only had standing to sue if they had received a valid assignment of the right to sue. However, "[a] certificateholder has standing to sue only if every prior transaction in the chain included an assignment of the right to

Honorable Naomi Reice Buchwald
In re LIBOR-Based Financial Instruments Antitrust Litigation
11-MD-2262 (NRB)
February 20, 2018
Page | 3

sue along with the underlying certificate." *Id*. at 8. The Court found that individual issues would predominate because (i) class members were from all over the world with different governing laws, (ii) the notes were widely traded on secondary markets, (iii) using brokers from yet other jurisdictions, and (iv) each transfer agreement would have to be analyzed using New York choice of law and the relevant law to determine if the particular transfer included an assignment of the right to sue. *Id*. at 8-9.  All of this would be required just to determine if each class member had obtained the right to sue, prior to any evaluation of liability or damages. *Id*.  On the issue of statutes of limitations, the court held that because "for assigned claims, the cause of action accrues where the assignor's claim accrued", the need to evaluate each transaction in the chain for the purposes of determining whether a claim was time-barred also weighed against class certification. *Id.* at 12. "[T]o ascertain whether any given class member's claim is timely, the Court would have to determine the holder of the certificate at the time the claim accrued, that certificateholder's residency, and the statute of limitations in the applicable jurisdiction." *Id*.

Here, class members are only seeking damages for the suppression of LIBOR that occurred when they held their loans, and no elaborate tracing investigation is required to determine standing or the applicable statute of limitation. Indeed, the unique tracing investigation required in *Royal Park* is the exception that proves the rule that individual issues of damages and statute of limitations are not sufficient to prevent class certification. ECF No. 1888 at 14-21; ECF No. 2222 at 12-17, 23-25.  Notably, the defendants in *Blackrock* raised the same statute of limitations issue and argued that the individual issues preventing class certification would not be present if tracing was not required. Def. Letter, Ex. A at 47-48 ("Defendant further argues that the only way to avoid this kind of individualized tracing is to limit the class to those that have held notes from the time of the earliest breach through judgment.").

Respectfully submitted,

**POMERANTZ LLP**

By: *s/ Jeremy A. Lieberman*
    Jeremy A. Lieberman
    Michael J. Wernke

    600 Third Avenue
    New York, NY 10016
    Tel:  (212) 661-1100
    Fax:  (212) 661-8665
    Email:  jalieberman@pmlaw.com
            mjwernke@pomlaw.com

*Interim Lead Counsel for the Lender Class*

cc:  All Counsel of Record (via ECF)