**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | |
| | No. 1:11-md-2262-NRB |
| THIS DOCUMENT RELATES TO: | |
| The OTC Action | |

**DECLARATION OF HILARY K. SCHERRER IN SUPPORT OF**
**OTC PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF**
**SETTLEMENT WITH DEUTSCHE BANK AKTIENGESELLSCHAFT**

Pursuant to 28 U.S.C. § 1746, I, Hilary K. Scherrer, declare:

1.      I am a partner in the law firm of Hausfeld LLP. My firm serves as interim co-lead counsel for the putative class of over-the-counter plaintiffs ("OTC Plaintiffs")[1] in the above-captioned litigation (the "OTC Action"). *See* ECF No. 66.

2.      I submit this declaration in support of OTC Plaintiffs' Motion for Preliminary Approval of Settlement with Deutsche Bank Aktiengesellschaft, also known as Deutsche Bank AG ("Deutsche Bank"). I have been actively involved in prosecuting and resolving this action, am familiar with its proceedings, and have personal knowledge of the matters set forth herein, and if called upon and sworn as a witness, I could competently testify thereto.

3.      Because this declaration is submitted in support of a Settlement, it is inadmissible in any subsequent proceedings, other than in connection with the Settlement. In the event the

---

[1] OTC Plaintiffs are Mayor and City Council of Baltimore; City of New Britain; Vistra Energy Corp.; Yale University; Jennie Stuart Medical Center, Inc.; and Bucks County Water & Sewer Authority.

Settlement is not approved by the Court, this declaration and the statements contained herein are without prejudice to OTC Plaintiffs' position on the merits of the OTC Action.

4.      Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement between the OTC Plaintiffs and Deutsche Bank (together, the "Parties").

5.      Attached hereto as Exhibit B is a true and correct copy of the Supplemental Agreement between the Parties.

6.      If approved, the proposed settlement, consisting of an agreement by Deutsche Bank to pay $240 million in cash and to provide significant cooperation to OTC Plaintiffs in pursuing their case against the non-settling defendants, will resolve this complex case against Deutsche Bank.

7.      The following is a summary of the nature of OTC Plaintiffs' claims, the principal events that have occurred in the litigation to date, the settlement negotiations and the terms of the Settlement.

## I.      SUMMARY OF CLAIMS AND THE PROCEDURAL HISTORY OF THE LITIGATION

8.      On April 15, 2011, the first complaint alleging an interbank conspiracy to artificially suppress U.S. Dollar LIBOR was filed in this Court. *See* Class Action Compl., *FTC Capital GMBH v. Credit Suisse Grp. AG*, No. 11-2613 (S.D.N.Y.).

9.      OTC Plaintiff Mayor and City Council of Baltimore, represented by Susman Godfrey L.L.P. and Hausfeld LLP ("OTC Plaintiffs' Counsel"), filed its complaint shortly thereafter. *See* Class Action Compl., *Mayor and City Council of Baltimore v. Bank of America*, No. 11-5450 (S.D.N.Y. filed Aug. 5, 2011) (the "*Baltimore* Action").

10.      On August 12, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") centralized the various actions in this Court "for coordinated and consolidated pretrial

proceedings." Transfer Order, ECF No. 1, No. 11-md-2262-NRB.

11.     On November 29, 2011, the Court consolidated the various LIBOR class actions pending before the Court under Federal Rule of Civil Procedure 42(a) and appointed OTC Plaintiffs' Counsel as "interim class counsel for the putative class of over-the-counter plaintiffs." ECF No. 66.

12.     On April 30, 2012, OTC Plaintiffs, on behalf of themselves and a putative Class, filed their Consolidated Amended Complaint ("CAC"). ECF No. 130.  This complaint built on OTC Plaintiffs' Counsel's extensive pre-research filing and included substantial additional information garnered from (a) counsel's work with industry and economic experts, (b) the Defendants' filings with the United States Securities and Exchange Commission ("SEC"), (c) court documents filed in other LIBOR proceedings in Canada, Singapore, and Japan, and (d) scholarly articles concerning the suppression of U.S. Dollar LIBOR during the Class Period. In relevant part, this complaint alleged that the Defendants, the banks that comprised the U.S. dollar LIBOR panel during the Class Period, conspired to manipulate LIBOR in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and unjust enrichment. *Id*. ¶¶ 220-30.

13.     On June 29, 2012, the Defendants moved to dismiss the OTC Plaintiffs' complaint. ECF No. 165.

14.     On March 29, 2013, the Court granted the Defendants' motion to dismiss the OTC Plaintiffs' antitrust claim. ECF No. 286 ("*LIBOR I*"). The Court reached this conclusion based on its belief that the OTC Plaintiffs had not adequately alleged antitrust injury because the LIBOR-setting process was designed to be cooperative rather than competitive. *Id*. at 31.

15.     On May 17, 2013, OTC Plaintiffs sought leave to amend the complaint to add additional allegations with respect to their antitrust injury, reassert their unjust enrichment claim,

and assert a claim for breach of the implied covenant of good faith and fair dealing. ECF No. 333. On August 23, 2013, the Court denied OTC Plaintiffs' request to reassert their antitrust claim but granted their request to assert their state law claims. ECF No. 389 ("*LIBOR II*"). Consistent with this order, OTC Plaintiffs filed their Second Consolidated Amended Complaint on September 10, 2013. ECF No. 406.

16.     On November 26, 2013, the Defendants moved to dismiss the OTC Plaintiffs' unjust enrichment and breach of the implied covenant of good faith and fair dealing claims, ECF No. 507, and on June 23, 2014 the Court granted in part and denied in part this motion. ECF No. 568 ("*LIBOR III*"). Specifically, the Court permitted the OTC Plaintiffs to proceed on these claims as to those Defendants with whom they "directly transacted." *Id*. On August 20, 2014, OTC Plaintiffs thereafter filed a Proposed Third Consolidated Amended Complaint, which added additional named plaintiffs that are in privity with one or more of the Defendants. ECF No. 627.

17.     Certain Defendants made additional motions to dismiss the Second Consolidated Amended Complaint and/or requested that the Court deny leave to file the Proposed Third Consolidated Amended Complaint, *see* ECF Nos. 958, 971, 977, and on November 3, 2015, the Court granted in part these motions, ECF No. 1234.  In January 2016, OTC Plaintiffs began receiving and reviewing the millions of documents and audio tapes defendants had previously produced to regulators in investigations concerning alleged U.S. Dollar LIBOR misconduct, as well as voluminous transactional data.

18.     On March 9, 2016, OTC Plaintiffs sought preliminary approval of a settlement with Barclays Bank plc ("Barclays Settlement"). ECF Nos. 1335–38.

19.     On May 23, 2016, the Second Circuit reversed the Court's ruling in *LIBOR I*, reinstated OTC Plaintiffs' antitrust claim, and remanded the case for further proceedings. *Gelboim*

4

*v. Bank of Am. Corp.*, 823 F.3d 759 (2d Cir. 2016). All remaining Defendants sought to dismiss OTC Plaintiffs' antitrust claim on antitrust standing grounds, and certain Defendants sought to dismiss OTC Plaintiffs' claim on personal jurisdiction grounds. The Court granted the motion to dismiss with respect to personal jurisdiction on December 20, 2016. ECF No. 1676 ("*LIBOR VI*"). OTC Plaintiffs' appeal of *LIBOR VI*'s personal jurisdiction ruling as it pertains to OTC Plaintiffs is currently before the Second Circuit.

20.     On December 21, 2016, the Court granted preliminary approval of the Barclays Settlement. ECF No. 1678.

21.     On April 20, 2017, OTC Plaintiffs filed their Corrected Third Consolidated Amended Complaint ("TCAC"). ECF No. 1857. The non-dismissed Defendants filed answers to the TCAC on June 7, 2017. ECF Nos. 1952, 1954–59.

22.     On May 9, 2017, following over 16 months of class certification and expert discovery, OTC Plaintiffs moved for class certification of their antitrust and state law claims. ECF Nos. 1904-06.  OTC Plaintiffs filed a reply brief in support of class certification on August 4, 2017. ECF Nos. 2190, 2091.

23.     On August 7, 2017, OTC Plaintiffs sought preliminary approval of a settlement with Citibank, N.A. and Citigroup Inc. (collectively, "Citi"), ECF Nos. 2195, 2196, which the Court granted on August 31, 2017. ECF No. 2247.

24.     On October 23, 2017, following notice to the settlement class, the Court held a final Fairness Hearing for the Barclays Settlement.

25.     On January 18, 2018, the Court held a hearing on OTC Plaintiffs' motion for class certification, and a decision is pending.

26.     On January 23, 2018, following notice to the settlement class, the Court held a final

Fairness Hearing for the Citi Settlement.

27.    On February 6, 2018, OTC Plaintiffs executed a settlement with Deutsche Bank.

28.    In summary, this litigation has been uniquely complex and hard-fought.  OTC Plaintiffs have defended various iterations of the OTC Complaint from eight Rule 12(b) motions to dismiss and from two motions in opposition to the OTC Plaintiffs' motions for leave to amend the complaint. These motions have involved complex and sometimes novel legal arguments regarding the plausibility of the alleged conspiracy; pleading requirements for a conspiracy and the sufficiency of Plaintiffs' allegations; standing under the antitrust laws; standing and pleading requirements for contractual and quasi-contractual claims; personal jurisdiction for state law and federal antitrust claims; and the application of tolling doctrines to the statute of limitations.

29.    In addition, OTC Plaintiffs have reviewed and analyzed nearly 1.1 million documents, totaling nearly 5 million pages. They have also listened to and analyzed more than 6,000 of the 129,404 audio files, totaling nearly 1,000 hours of recorded conversation, produced by the Defendants.  OTC Plaintiffs, working closely with their experts, prepared more than sixty pages of briefing, more than sixty pages of attorney declarations, and 149 exhibits in support of the OTC Plaintiffs' motion for class certification.

30.    OTC Plaintiffs have entered into settlements with two other Defendants.  A $120 million settlement with Barclays Bank plc ("Barclays") was reached in November 2015, and a $130 million settlement with Citi was reached in July 2017.  As part of their respective settlements, both Barclays and Citi have provided cooperation to OTC Plaintiffs in the pursuit of claims against the non-settling Defendants.

## II.    THE SETTLEMENT NEGOTIATIONS WITH DEUTSCHE BANK

31.    OTC Plaintiffs' settlement with Deutsche Bank is the third settlement in the

litigation and represents another significant step forward in the prosecution of the OTC Action. The settlement is the product of hard-fought, arm's-length negotiations by counsel highly experienced in complex antitrust matters.

32.     Deutsche Bank's Counsel and OTC Plaintiffs' Counsel first discussed the possibility of settlement in August 2016 and again on other occasions over the course of the next year. Those discussions were not fruitful.  In September 2017, the parties agreed to retain the Honorable Layn Phillips, a former federal judge, as a mediator to facilitate settlement.

33.     On November 17, 2017, the Parties participated in a day-long in-person mediation session with Judge Phillips.  The mediation included negotiations concerning potential monetary and relevant information for non-monetary terms for a settlement, but the parties were not able to reach an agreement. Deutsche Bank's Counsel and OTC Plaintiffs' Counsel engaged in telephonic discussions and negotiations thereafter, including communications facilitated by Judge Phillips.

34.     On December 21, 2017, Judge Phillips made a mediator's recommendation for a settlement amount of $240 million, which OTC Plaintiffs and Deutsche Bank both accepted.  Over the next month and a half, the Parties engaged in negotiations regarding the non-monetary terms of a settlement. Final agreement was reached and the Settlement Agreement was executed on February 6, 2018.

35.     At all times, both sides vigorously negotiated their respective positions. OTC Plaintiffs' Counsel were well-informed of the facts and issues concerning liability and damages and the relative strengths and weaknesses of each side's litigation position.

36.     The fact that Deutsche Bank's cooperation comes prior to merits discovery enhances its value to the OTC Plaintiffs. Deutsche Bank's cooperation will permit OTC Plaintiffs' Counsel to obtain information not otherwise available at this stage of the litigation and may help

drive settlement negotiations with other Defendants.

I certify under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on February 27, 2018, in Washington, DC.

/s/ Hilary K. Scherrer
Hilary K. Scherrer