# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | No. 11-md-2262-NRB |
| THIS DOCUMENT RELATES TO: | |
| The OTC Action | No. 11-cv-5450 |

**SETTLEMENT AGREEMENT BETWEEN**
**OTC PLAINTIFFS AND DEUTSCHE BANK AKTIENGESELLSCHAFT**

## TABLE OF CONTENTS

1.    RECITALS ................................................................................................... 1

2.    DEFINITIONS.............................................................................................. 3

3.    SETTLEMENT CLASS CERTIFICATION .................................................... 12

4.    GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT . 13

5.    PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING ........ 13

6.    EFFECTIVE DATE OF SETTLEMENT ......................................................... 19

7.    CLAIMS ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR ................... 20

8.    SCOPE AND EFFECT OF SETTLEMENT .................................................... 20

9.    FEE AND EXPENSE APPLICATION ........................................................... 22

10.   THE SETTLEMENT FUND ........................................................................ 24

11.   ADMINISTRATION OF THE SETTLEMENT ................................................. 27

12.   TAXES.................................................................................................... 32

13.   TERMINATION OF THE SETTLEMENT ....................................................... 34

14.   COOPERATION OBLIGATIONS ................................................................. 36

15.   RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER
      DEFENDANTS ......................................................................................... 47

16.   MISCELLANEOUS ................................................................................... 48

17.   SIGNATURES.......................................................................................... 51

## 1.     RECITALS

This Settlement Agreement ("Agreement") is made and entered into on February 6, 2018 (the "Execution Date"), between Plaintiffs Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, Jennie Stuart Medical Center, Inc., and Bucks County Water & Sewer Authority (collectively, the "OTC Plaintiffs"), individually and on behalf of the OTC Class in the OTC Action, and defendant Deutsche Bank Aktiengesellschaft ("Deutsche Bank"), by and through OTC Plaintiffs' Counsel and Deutsche Bank's Counsel. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, the OTC Plaintiffs have alleged, among other things, that Deutsche Bank: (1) violated the Sherman Act, 15 U.S.C. § 1, by conspiring to manipulate the U.S. Dollar LIBOR rate; (2) breached the covenant of good faith and fair dealing by manipulating the U.S. Dollar LIBOR rate; and (3) was unjustly enriched as a result of its manipulative acts in connection with U.S. Dollar LIBOR (collectively, the factual predicate of the OTC Action);

WHEREAS, the OTC Plaintiffs contend that they and the OTC Class suffered monetary damages as a result of Deutsche Bank's (and the other Defendants') alleged conduct;

WHEREAS, Deutsche Bank maintains that it has meritorious defenses to the claims of liability and damages made by the OTC Plaintiffs in the OTC Action and all charges of liability and damages against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the OTC Action;

WHEREAS, the OTC Plaintiffs, for themselves individually and on behalf of the OTC Class, and Deutsche Bank agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation

1

of any statute or law or of any liability or wrongdoing by Deutsche Bank or of the truth of any of the claims or allegations alleged in the OTC Action;

WHEREAS, OTC Plaintiffs' Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the OTC Action, the legal and factual defenses thereto, and the applicable law, that: (1) it is in the best interests of the OTC Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Deutsche Bank under this Agreement and the cooperation to be provided to the OTC Plaintiffs by Deutsche Bank under this Agreement, are obtained for the OTC Class; and (2) the settlement set forth in this Agreement is fair, reasonable, and adequate and in the best interests of the OTC Class;

WHEREAS, Deutsche Bank, while continuing to deny that it is liable for the claims asserted against it in the OTC Action, has nevertheless agreed to enter into this Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to resolve this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the OTC Action as to Deutsche Bank and a release of the claims as set forth herein;

WHEREAS, this Agreement is the product of arm's-length negotiations between OTC Plaintiffs' Counsel and Deutsche Bank's Counsel under the guidance and oversight of Mediator Layn R. Phillips, and this Agreement embodies all of the terms and conditions of the settlement agreed upon between Deutsche Bank and the OTC Plaintiffs, both for themselves individually and on behalf of the OTC Class;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among the OTC Plaintiffs (individually and on behalf of the OTC Class) and Deutsche Bank, by and through the OTC Plaintiffs' Counsel and Deutsche Bank's Counsel, that, subject to the approval of the Court, the OTC Action be settled, compromised, and dismissed with prejudice as to Deutsche Bank and the other Released Parties only, without costs, except as stated herein, and releases be extended, as set forth in this Agreement.

## 2.  DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)   <u>Agreement</u>: This Settlement Agreement.

(b)   <u>Alternative Judgment</u>: A Final Judgment and Order of Dismissal entered by the Court but in a form other than proposed by OTC Plaintiffs' Counsel and Deutsche Bank.

(c)   <u>Authorized Claimant</u>: Any OTC Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court in accordance with the terms of this Agreement.

(d)   <u>Deutsche Bank</u>: Deutsche Bank AG, a German financial services company headquartered in Frankfurt, Germany.

(e)   <u>Deutsche Bank's Counsel</u>: Paul, Weiss, Rifkind, Wharton & Garrison LLP.

(f)   <u>BBA</u>: British Bankers' Association.

(g)   <u>Claims Administrator</u>: The third party to be retained by OTC Plaintiffs' Counsel and approved by the Court to manage and administer the process by which the Class will be notified of this Agreement and by which each eligible member of a Class will be paid pursuant to this Agreement.

3

(h)   <u>Class Distribution Order</u>: An order approving the Claims Administrator's and, where applicable, the Settlement Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Settlement Administrator and the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

(i)   <u>Class Notice</u>: The Notice and Summary Notice, collectively.

(j)   <u>Class Plaintiffs</u>: Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, Jennie Stuart Medical Center, Inc., and Bucks County Water & Sewer Authority.

(k)   <u>Court</u>: The United States District Court for the Southern District of New York.

(l)   <u>Defendants</u>: Deutsche Bank; Barclays Bank PLC; Citigroup Inc.; Citibank, N.A.; Credit Suisse AG; Credit Suisse Group AG; Credit Suisse International; Credit Suisse (USA) Inc.; Bank of America Corporation; Bank of America, N.A.; JPMorgan Chase & Co.; JPMorgan Chase Bank, NA; HSBC Holdings PLC; HSBC Bank PLC; Lloyds Banking Group PLC; WestLB AG; Westdeutsche Immobilienbank AG; UBS AG; The Royal Bank of Scotland Group PLC; Citizens Bank of Massachusetts a/k/a RBS Citizens Bank N.A.; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; The Norinchukin Bank; The Bank of Tokyo-Mitsubishi UFJ, Ltd; HBOS PLC; Société Générale S.A.; Royal Bank of Canada; and any other Person or Persons who are or were named as defendants in the OTC Action at any time up to and including the date a Preliminary Approval Order is issued. These Defendants are also referred to herein as "OTC Defendants."

(m)   <u>Effective Date or Effective Date of Settlement</u>: *See* Paragraph 6(a).

(n)    <u>Escrow Agent</u>: Huntington Bank.

(o)    <u>Exchange-Based Plaintiffs' Action</u>: *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, Case No. 11-cv-2613 (NRB), and related class action cases on behalf of Exchange-Based Plaintiffs that are currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

(p)    <u>Execution Date</u>: The date of execution of this Agreement by counsel for all Parties thereto.

(q)    <u>Fairness Hearing</u>: The hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Federal Rule of Civil Procedure 23.

(r)    <u>Fee and Expense Application</u>: *See* Paragraph 9(a).

(s)    <u>Final Judgment and Order of Dismissal</u>: The order of the Court finally approving the settlement set forth in this Agreement and dismissing the OTC Action against Deutsche Bank with prejudice. The Final Judgment and Order of Dismissal shall become final when (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

(t)    <u>Green Pond Action</u>:  *33-35 Green Pond Road Assocs. LLC* v. *Bank of America Corp., et al.*, Case No. 12 CV 5822 (NRB), and *Courtyard at Amwell II, LLC, et al.* v. *Bank of*

*America Corp., et al.*, Case No. 12 CV 6693 (NRB), currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

      (u)      <u>LIBOR</u>: The London Interbank Offered Rate.

      (v)      <u>Mediator</u>: Layn R. Phillips, or, if he is unable or unwilling to serve in that capacity, another mutually agreeable mediator selected by the parties.

      (w)      <u>Non-OTC Bondholder Action</u>: *Ellen Gelboim v. Credit Suisse Group AG, et al.*, Case No. 12-CV-1025 (NRB), and related class action cases on behalf of Non-OTC Bondholder Plaintiffs currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

      (x)      <u>Net Settlement Fund</u>: *See* Paragraph 10.

      (y)      <u>Notice</u>: The Notice of Proposed Settlement of Class Action to be provided to the Class as provided in this Agreement and the Preliminary Approval Order.

      (z)      <u>OTC Action</u>: *Mayor and City Council of Baltimore v. Credit Suisse AG, et al.*, Case No. 11-cv-5450 (NRB), and related class action cases on behalf of OTC Plaintiffs currently pending in the multi-district litigation in the U.S. District Court for the Southern District of New York.

      (aa)      <u>OTC Class or Class</u>: *See* Paragraph 3(a).

      (bb)      <u>OTC Class Member</u>: A Person who is a member of the OTC Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

      (cc)      <u>OTC Plaintiffs' Counsel</u>: Hausfeld LLP and Susman Godfrey L.L.P.

      (dd)      <u>Parties</u>: Deutsche Bank and the OTC Plaintiffs.

(ee)     Person(s): An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing.

(ff)     Plan of Distribution: A plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and tax expenses, and such attorneys' fees, costs, interest, and other expenses as may be awarded by the Court. At a time and in a manner determined by the Court, OTC Plaintiffs' Counsel shall submit for Court approval a Plan of Distribution for the OTC Class that will provide for the distribution of the applicable Net Settlement Fund. The Plan of Distribution shall be devised and implemented with the assistance of the Settlement Administrator.

(gg)     Preliminary Approval Order: An order of the Court that preliminarily approves the settlement set forth in this Agreement and directs Notice thereof to the Class.

(hh)     Released Claims: Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or

7

unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action; provided, however, that Released Claims does not include (1) claims concerning Eurodollar futures contracts or options arising from or relating in any way to the conduct alleged in the Exchange-Based Plaintiffs' Action; (2) claims for transactions purchased from one or more Non-OTC Defendant as alleged in the Green Pond Action arising from or relating to conduct that is alleged in the Green Pond Action; (3) claims concerning U.S. Dollar LIBOR-Based Debt Securities that were not issued or sold directly to the claimant by an OTC Defendant (or its subsidiaries or affiliates) arising from or relating to conduct that is alleged in the Non-OTC Bondholder Action; (4) claims arising solely under foreign law related to transactions outside the United States; or (5) claims to enforce any of the terms of this Agreement. Additionally, excluded from the release are any claims that Class Plaintiffs or any absent class members may have arising out of the purchase, sale or ownership of any U.S. Dollar LIBOR linked instruments that were not issued by a Defendant (or its subsidiaries or affiliates) or which were not directly purchased from a Defendant (or its subsidiaries or affiliates). For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase, sale, or ownership of non-U.S. Dollar LIBOR-Based Instruments or any other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement or otherwise enforce the terms of a U.S. Dollar LIBOR-Based Instrument.

(ii)    Released Party or Released Parties: Deutsche Bank and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents,

attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants; or (ii) any other Person formerly named as a party in the OTC Action.

(jj)    <u>Releasing Party or Releasing Parties</u>: Individually and collectively, Class Plaintiffs and each OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

(kk)    <u>Settlement Administrator</u>: Kenneth Feinberg.

(ll)    <u>Settlement Amount</u>: Two hundred and forty million U.S. dollars ($240 million).

(mm)    <u>Settlement Fund</u>: The escrow account established pursuant to Paragraph 10 of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(nn)    <u>Settling Defendant</u>: Deutsche Bank.

(oo)    <u>Settling Defendant's Claims</u>: Claims, including "Unknown Claims" as defined below, that any Released Party may have against a Releasing Party or OTC Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the OTC Action, except for claims to enforce any of the terms of this Agreement. For the avoidance of doubt, Settling Defendant's Claims does not include claims relating to or arising out of the purchase of non-U.S. Dollar LIBOR-Based Instruments or any other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement or otherwise enforce the terms of a U.S. Dollar LIBOR-Based Instrument.

(pp)    <u>Summary Notice</u>: The summary notice of proposed settlement and hearing for publication.

(qq)    <u>Taxes</u>: *See* Paragraph 12(c).

(rr)    <u>Unknown Claims</u>: Any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and the Settling Defendant's Claims against Releasing Parties which Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Settling Defendant's Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties and Released Parties shall have expressly waived, and each OTC Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and Settling Defendant's Claims. Nevertheless, Class Plaintiffs and the

Released Parties shall expressly, fully, finally, and forever settle and release, and each OTC

Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final

Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any

and all Released Claims and Settling Defendant's Claims, whether or not concealed or hidden,

without regard to the subsequent discovery or existence of such different or additional facts.

Class Plaintiffs and the Released Parties acknowledge, and OTC Class Members shall be deemed

to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released

Claims and Settling Defendant's Claims was separately bargained for and was a key element of

the Agreement.

(ss)     U.S. Dollar LIBOR-Based Debt Securities: This term has the same meaning as in

the settlement agreement entered into on November 15, 2016, between Non-OTC Bondholder

Plaintiffs and Barclays Bank PLC.  Specifically:

> "U.S. Dollar LIBOR-Based Debt Securities" means any U.S. dollar-denominated
> debt security (a) that was assigned a unique identification number by the CUSIP[1]
> system; (b) on which interest was payable at any time during the Class Period;
> and (c) where that interest was payable at a rate based upon U.S. Dollar LIBOR
> ("USD LIBOR"). U.S. Dollar LIBOR-Based Debt Securities include, but are not
> limited to, any such bonds, corporate bonds, municipal bonds, government bonds,
> asset backed securities, residential mortgage backed securities, commercial
> mortgage backed securities, collateralized debt obligations and collateralized loan
> obligations. Excluded from the definition of U.S. Dollar LIBOR-Based Debt
> Securities are any such securities that were issued by any Defendant or its
> subsidiaries or affiliates as obligor.

(tt)     U.S. Dollar LIBOR-Based Instrument: An instrument that includes any term,

provision, obligation or right to be paid by or to receive interest from a Defendant (or its

subsidiaries or affiliates) based upon the U.S. Dollar LIBOR rate, including but not limited to

asset swaps, bonds/floating rate notes, collateralized debt obligations, credit default swaps,

---

[1] "CUSIP" stands for Committee on Uniform Securities Identification Procedures.

11

forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options or floating rate notes. For the avoidance of doubt, U.S. Dollar LIBOR-Based Instrument does not include an instrument that includes only a term, provision, obligation or right to pay interest based upon the U.S. Dollar LIBOR rate, such as business, home, student or car loans, or credit cards, nor does it include LIBOR-paying deposit accounts such as bank accounts, Certificates of Deposit, and time deposits.

**3.      SETTLEMENT CLASS CERTIFICATION**

(a)      The Parties hereby stipulate for purposes of settlement only that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied, and, subject to Court approval, the following settlement class shall be certified as to Deutsche Bank (the "Class" or "OTC Class"):

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant (or a Defendant's subsidiaries or affiliates), a U.S. Dollar LIBOR-Based Instrument and that owned the U.S. Dollar LIBOR-Based Instrument any time during the period August 2007 through May 2010 (the "Class Period").

(b)      Specifically excluded from the Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over the OTC Action and the members of his/her immediate families and judicial staff, and any juror assigned to the OTC Action.

(c)      The Parties' agreement as to certification of the Class is only for purposes of effectuating a settlement and for no other purpose. Deutsche Bank retains all of its objections,

arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any Class or certification of any Class for any purpose other than effectuating the settlement, and that if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective, this agreement as to certification of the OTC Class becomes null and void *ab initio*.  This Agreement or any other settlement-related statement may not be cited regarding certification of the OTC Class, or in support of an argument for certifying a class for any purpose related to this proceeding.

**4.     GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT**

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement. This includes Deutsche Bank serving notice on those persons and entities required to receive notice pursuant to 28 U.S.C. § 1715.

**5.     PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING**

(a)     Within thirty (30) days of execution of this Agreement, OTC Plaintiffs' Counsel shall submit to the Court and Deutsche Bank shall support a motion requesting entry of the Preliminary Approval Order. OTC Plaintiffs' Counsel shall share drafts of the papers for this motion with Deutsche Bank's Counsel at least ten (10) business days before the anticipated filing date in order to give Deutsche Bank a reasonable opportunity to comment. This motion shall:

13

(i)      Seek certification of the Class for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

(ii)     Request preliminary approval of the settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23;

(iii)    Seek the appointment of the OTC Plaintiffs as Class representatives of the OTC Class under Federal Rule of Civil Procedure 23;

(iv)    Seek appointment of OTC Plaintiffs' Counsel as interim Class counsel under Federal Rule of Civil Procedure 23(g);

(v)     If practicable at the time the motion is filed or otherwise at a later time, seek approval of the form and method of dissemination of (1) the Notice, which shall be mailed along with a proof of claim form via first-class mail, and (2) the Summary Notice, which shall be published based upon the recommendations of the Claims Administrator. The Claims Administrator will also establish and maintain a dedicated settlement website, from which each member of the Class can view and download relevant documents, including the Notice, Summary Notice, and proof of claim form;

(vi)    Seek appointment of Rust Consulting, Inc. as the Claims Administrator;

(vii)   Seek appointment of Huntington Bank as Escrow Agent;

(viii)  Stay all proceedings in the OTC Action against Deutsche Bank until the Court renders a final decision on approval of the settlement set forth in this Agreement; and

(ix)    Attach a proposed form of order, which shall include such provisions as are typical in such orders, including (1) a finding that the proposed plan of notice complies with Federal Rule of Civil Procedure 23 and the requirements of due process, and (2) a provision that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses.

(b)    Class Notice shall apprise each member of the Class of his, her or its right to exclude themselves from the settlement Class, or object to the settlement.

(c)    Deutsche Bank shall, to the extent not prohibited by law, regulation, policy, and/or rule of any regulatory agency or governmental body, and to the extent that the information is reasonably available to Deutsche Bank and production can be made without undue burden or expense, supply to OTC Plaintiffs' Counsel in electronic format or such other form as may be reasonably requested by OTC Plaintiffs' Counsel or the Claims Administrator, the names and addresses of all clients, who, between August 1, 2007 and May 31, 2010, entered into a U.S. Dollar LIBOR-Based Instrument and who can be reasonably identified based on client records that Deutsche Bank has in its possession, custody, or control. Any information provided pursuant to this provision shall be covered by the protective order in effect in the OTC Action, or, if no protective order is in effect, shall nevertheless be maintained as confidential. Moreover, any information provided pursuant to this provision shall be used solely for purposes of providing notice and administering and verifying claims, as set forth in Paragraphs 5 and 11, and any distribution of such information shall be limited to what is necessary for those purposes. If the Parties are unable to agree on the scope of the client-identifying data to be produced, the issue

15

shall be submitted to the Mediator for resolution. Notice shall be mailed to those Persons that are identified by Deutsche Bank. Notice to other members of the Class shall be by mail or by publication, as approved by the Court.

(d)    Any Person seeking exclusion from the Class must file a timely written request for exclusion ("Request for Exclusion"). Any Person that files such a request shall be excluded from the Class, shall have no rights with respect to this Agreement, and shall receive no payment provided for in this Agreement. A Request for Exclusion must meet all of the following criteria:

    (i)    Be in writing;

    (ii)    Be signed by the Person or his, her, or its authorized representative;

    (iii)    State the name, address and phone number of that Person;

    (iv)    Include (1) proof of membership in the Class and (2) a signed statement that "I/we hereby request that I/we be excluded from the proposed OTC Class in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*";

    (v)    Be mailed to the Claims Administrator at the address provided in the Class Notice and postmarked no later than fourteen (14) days prior to the date set for the Fairness Hearing or any other date set by the Court.

(e)    A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be an OTC Class Member and shall be bound by the settlement set forth in this Agreement, if approved. OTC Plaintiffs' Counsel agrees to provide Deutsche Bank with notice of any Person who requests to be excluded from the Class, together

with all documents and information provided by such Person, within three (3) business days of receipt by OTC Plaintiffs' Counsel of that exclusion request.

(f)     Any Person who has not requested exclusion from the Class and who objects to the settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes all of the following:

(i)     A notice of intention to appear;

(ii)    Proof of membership in the Class, including documentation evidencing the ownership of a U.S. Dollar LIBOR-Based Instrument during the Class Period; and

(iii)   The specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.

(g)     Such a written objection must be both filed with the Court no later than fourteen (14) days prior to the date set for the Fairness Hearing and mailed to OTC Plaintiffs' Counsel and Deutsche Bank's Counsel at the addresses provided in the Class Notice and postmarked no later than fourteen (14) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from making any such objections in the OTC Action, unless otherwise excused for good cause shown, as determined by the Court.

(h)       If the Preliminary Approval Order is entered by the Court, Class Plaintiffs shall seek, and Deutsche Bank shall support, entry of a Final Judgment and Order of Dismissal.  OTC Plaintiffs' Counsel shall share drafts of the proposed Final Judgment and Order of Dismissal with Deutsche Bank's Counsel at least ten (10) business days before the anticipated filing date in order to give Deutsche Bank a reasonable opportunity to comment.   The Final Judgment and Order of Dismissal shall meet all of the following criteria:

(i)       Certifies the Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) solely for the purpose of the settlement;

(ii)      Approves finally the settlement set forth in this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation according to its terms;

(iii)     Finds that the Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)     Directs that, as to the Released Parties, the OTC Action shall be dismissed with prejudice and, except as provided for in this Agreement, without costs; provided, however, that such dismissal shall not affect, in any way, the right of Class Plaintiffs or OTC Class Members to pursue claims, if any, outside the scope of the Released Claims;

(v)     Orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vi)    Retains with the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of the settlement; and

(vii)   Determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Deutsche Bank shall be final and entered forthwith.

## 6.    EFFECTIVE DATE OF SETTLEMENT

(a)     The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)     The contribution to the Settlement Fund has been made pursuant to this Agreement;

(ii)    Entry of the Preliminary Approval Order;

(iii)   Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing;

(iv)    No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d); and

(v)     Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor

19

Deutsche Bank elects to terminate this Agreement, such Alternative Judgment becomes final.

(b)    Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

## 7.    CLAIMS ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR

(a)    Pursuant to the Preliminary Approval Order and subject to Court approval, OTC Plaintiffs' Counsel shall engage the Settlement Administrator and a qualified claims administrator as the Claims Administrator.  Both the Claims Administrator and the Settlement Administrator will assist with the settlement claims process as set forth herein.

(b)    The Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order, shall administer and calculate the claims submitted by OTC Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution.

(c)    The Settlement Administrator shall assist in the development of the Plan of Distribution and the resolution of any disputes between OTC Class Members and the Claims Administrator pursuant to the Plan of Distribution.

## 8.    SCOPE AND EFFECT OF SETTLEMENT

(a)    The obligations incurred pursuant to this Agreement shall be in full and final disposition of the following:

(i)    The OTC Action against Deutsche Bank;

(ii)    Any and all Released Claims as against all Released Parties; and

(iii)    Any and all Settling Defendant's Claims as against all Releasing Parties.

20

(b)  Upon the Effective Date of Settlement, each of the Releasing Parties:

   (i)  Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim;

   (ii)  Shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and

   (iii)  Agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(c)  Upon the Effective Date of Settlement, each of the Released Parties:

   (i)  Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released and discharged Class Plaintiffs, OTC Plaintiffs' Counsel, and each and all OTC Class Members from each and every one of the Settling Defendant's Claims;

   (ii)  Shall forever be enjoined from prosecuting the Settling Defendant's Claims; and

   (iii)  Agrees and covenants not to sue on the basis of the Settling Defendant's Claims, or to assist any third party in commencing or maintaining any such suit related to the Settling Defendant's Claims.

(d)     The releases provided in this Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(e)     As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent permitted by law, barring claims by or against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the OTC Action by way of settlement, judgment, or otherwise by or against any of the following:

        (i)     Any of the other Defendants currently named in the OTC Action;

        (ii)    Any other Person formerly named as a party in the OTC Action; or

        (iii)   Any other Person subsequently added or joined as a party in the OTC Action.

(f)     Each Releasing Party shall be deemed to have released all Released Claims against the Released Parties regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund.

(g)     In the event that this Agreement is terminated pursuant to Paragraphs 10(c), 13(a), or 13(d), or any condition for the final approval of this Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

## 9.     FEE AND EXPENSE APPLICATION

(a)     OTC Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of the following:

        (i)     Attorneys' fees not to exceed 33-1/3% of the Settlement Fund;

     (ii)    Reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the OTC Action; and

     (iii)    May also seek service awards for Class Plaintiffs in conjunction with their representation of the Class.

(b)    Deutsche Bank will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court ("Fee and Expense Award") to OTC Plaintiffs' Counsel shall be paid from the Settlement Fund to OTC Plaintiffs' Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to OTC Plaintiffs' Counsel's joint and several obligation to repay those amounts to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed, or return of the Settlement Fund is required consistent with the provisions of Paragraph 13(c) hereof. In such event, OTC Plaintiffs' Counsel shall, within ten (10) business days from the event which requires repayment of the Fee and Expense Award, refund to the Settlement Fund the Fee and Expense Award paid to them, along with interest.

(c)    Notwithstanding any other provision of this Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the settlement of the OTC Action, or affect the finality or binding nature of any of

the releases granted hereunder. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to OTC Plaintiffs' Counsel.

## 10.  THE SETTLEMENT FUND

(a)    The Settlement Fund shall be established as an escrow account and administered by the Escrow Agent, subject to approval by the Court. The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control. No monies shall be paid from the Settlement Fund without the specific authorization of OTC Plaintiffs' Counsel. Counsel for the Parties agree to cooperate, in good faith, to form an appropriate escrow agreement in conformance with this Agreement.

(b)    Deutsche Bank shall cause the Settlement Amount to be paid to the Escrow Agent by wire transfer no later than fifteen (15) business days following the later of (i) entry of the Preliminary Approval Order and (ii) receipt by Deutsche Bank of written wiring instructions and a W-9 form. This payment, together with any and all interest earned thereon, shall constitute the Settlement Fund. OTC Plaintiffs' Counsel may pay from the Settlement Fund on a nonrefundable basis, without further approval from Deutsche Bank or the Court, the costs and expenses reasonably and actually incurred up to the sum of $800,000 in connection with providing Class Notice and the administration of the settlement, including, without limitation, locating members of the Class, soliciting OTC Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms. All costs and expenses incurred in connection with providing Class Notice and the administration of the settlement in excess of $800,000 shall be paid from the Settlement Fund, subject to approval from the Court. If for any reason the settlement set forth

in this Agreement fails to become effective, the amounts paid or incurred for such expenses shall not be recoupable by Deutsche Bank from OTC Plaintiffs' Counsel or any other Person.

(c)     Without prejudice to the Class Plaintiffs' right to seek enforcement of this Agreement by motion or otherwise, if the Settlement Amount is not timely transferred to the escrow account, OTC Plaintiffs' Counsel may terminate this Agreement if the following occur:

(i)     OTC Plaintiffs' Counsel has notified Deutsche Bank's Counsel in writing of OTC Plaintiffs' Counsel's intention to terminate this Agreement; and

(ii)    The entire Settlement Amount is not transferred to the Settlement Fund within ten (10) business days after OTC Plaintiffs' Counsel has provided such written notice.

(d)     The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (ii) secured by instruments backed by the full faith and credit of the United States Government. The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(e)     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and the Plan of Distribution approved by the Court.

(f)     The Settlement Fund shall be applied as follows:

25

(i)      To pay any Fee and Expense Award, if and to the extent allowed by the Court;

(ii)     To pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the settlement, including, without limitation, locating members of the Class, soliciting OTC Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms;

(iii)    To pay the Taxes and tax expenses described in Paragraph 12 hereof;

(iv)    To pay any other Court approved fees and expenses; and

(v)     To distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Court pursuant to the Class Distribution Order.

(g)    With the object of reducing the costs of Class Notice, OTC Plaintiffs' Counsel shall use their reasonable best efforts to coordinate the provision of Class Notice pertaining to this Agreement with the provision of notice for any other settlements that may be reached. In all events, Deutsche Bank shall have no liability for the costs of provision of notice beyond those set forth in Paragraph 10(b).

(h)    As set forth above, Deutsche Bank shall be responsible for paying the Settlement Amount. Deutsche Bank shall have no responsibility for any other costs, including, as further detailed in this Agreement, any attorneys' fees and expenses or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

11.    **ADMINISTRATION OF THE SETTLEMENT**

(a)    Any OTC Class Member who does not submit a valid proof of claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the OTC Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(b)    The Claims Administrator shall process this settlement based upon proofs of claim submitted in connection with the settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for its obligation to fund the settlement or cause it to be funded as detailed in this Agreement, Deutsche Bank shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund. OTC Plaintiffs' Counsel shall have the right but not the obligation to advise the Claims Administrator to waive what OTC Plaintiffs' Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

(c)    For purposes of determining the extent, if any, to which an OTC Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)    Each OTC Class Member, at a time determined by the Court, shall be required to submit a proof of claim (as shall be approved by the Court) which, *inter alia*, releases all Released Claims against all Released Parties, is signed under penalty of perjury by an authorized Person, and is

27

supported by such documents or proof as OTC Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable;

(ii)    All proofs of claim must be submitted by the date specified by the Court, unless such period is extended by order of the Court. Any OTC Class Member who fails to submit a proof of claim by such date shall be forever barred from receiving any payment pursuant to this Agreement (unless, by order of the Court, a later submitted proof of claim by such OTC Class Member is approved) but shall in all other respects be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the OTC Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the proof of claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(iii)   Each proof of claim shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim is in accordance with this Agreement and any applicable orders of the Court, and the extent, if any, to which each claim shall be allowed, subject to

28

review by the Court pursuant to Paragraph 11(c)(v), *infra*. The Claims Administrator will review each approved proof of claim and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant. The Released Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

(iv) Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Settlement Administrator. If the claimant so desires and complies with the requirements of Paragraph 11(c)(v), *infra*, the claimant may seek further review by the Court;

(v) If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Paragraph 11(c)(iv), *supra*, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be

otherwise resolved, OTC Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(vi)     The administrative determinations of the Claims Administrator accepting and rejecting claims, as modified by the Settlement Administrator, as the case may be, shall be presented to the Court, on notice to Deutsche Bank's Counsel, for approval by the Court in the Class Distribution Order (as defined in Paragraph 2(h)).

(d)     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as an OTC Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Deutsche Bank or any of the Released Parties, and no discovery shall be allowed on the merits of the OTC Action or settlement in connection with processing of the proofs of claim.

(e)     Payment pursuant to this Agreement and the Plan of Distribution shall be deemed final and conclusive against all OTC Class Members. All OTC Class Members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the OTC Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions

of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

(g)     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after all of the following have occurred:

(i)     All claims have been processed and evaluated by the Claims Administrator, and where requested by the Settlement Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

(ii)     All objections with respect to all rejected or disallowed claims have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired;

(iii)     All matters with respect to the Fee and Expense Application have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired; and

(iv)     All fees and costs of administration have been paid.

(h)     OTC Plaintiffs' Counsel will apply to the Court for the Class Distribution Order.

(i)     Class Plaintiffs and OTC Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Except as set forth in Paragraph 10(b), Deutsche Bank shall have no obligation under this Agreement or the settlement to pay or cause to be paid any amount of money, and Deutsche Bank shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or

incurred by Class Plaintiffs, by any OTC Class Member, or by any Releasing Parties, including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the OTC Action and Released Claims. Class Plaintiffs and OTC Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(j)     Deutsche Bank shall not have a reversionary interest in the Net Settlement Fund. If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis* and such remaining balance shall be donated to an appropriate § 501(c)(3) nonprofit organization selected by OTC Plaintiffs' Counsel and approved by the Court.

## 12.    TAXES

(a)     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and agree not to take any position for Tax purposes inconsistent therewith. The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be returned to Deutsche Bank, as provided in Paragraph 13(c), if the settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraph 13(a) or 13(d).

(b)      For the purpose of § 468B of the Internal Revenue Code and the Treasury regulations thereunder, OTC Plaintiffs' Counsel shall be designated as the "administrator" of the Settlement Fund. OTC Plaintiffs' Counsel shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 12 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)      The following, collectively "Taxes," shall be promptly paid out of the Settlement Fund by the Escrow Agent without prior order from the Court:

> (i)      Taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); and

> (ii)     Other taxes or tax expenses imposed on or in connection with the Settlement Fund.

(d)      The Claims Administrator shall also be obligated to, and shall be responsible for, withholding from distribution to OTC Class Members any funds necessary to pay any Taxes, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate

with the Claims Administrator, each other, and their tax attorneys and accountants to the extent

reasonably necessary to carry out the provisions of this paragraph.

(e)     Neither the Parties nor their counsel shall have any responsibility for or liability

whatsoever with respect to the following:

(i)     Any act, omission, or determination of the Escrow Agent, Claims

Administrator, Settlement Administrator, or any of their respective

designees or agents, in connection with the administration of the

Settlement Fund or otherwise;

(ii)    The Plan of Distribution;

(iii)   The determination, administration, calculation, or payment of any claims

asserted against the Settlement Fund;

(iv)    Any losses suffered by, or fluctuations in the value of, the Settlement

Fund; or

(v)     The payment or withholding of any Taxes, expenses, and/or costs incurred

in connection with the taxation of the Settlement Fund or the filing of any

returns.

(f)     The Escrow Agent shall indemnify and hold harmless the Parties out of the

Settlement Fund from and against any claims, liabilities, or losses relating to the matters

addressed in Paragraph 12(e).

## 13.    TERMINATION OF THE SETTLEMENT

(a)     Class Plaintiffs, through OTC Plaintiffs' Counsel, and Deutsche Bank, through

Deutsche Bank's Counsel, shall, in each of their separate discretions, have the right to terminate

the settlement set forth in this Agreement by providing written notice of their election to do so

("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which any of the following occur:

        (i)      The Court enters an order declining to enter the Preliminary Approval Order in any material respect adverse to the terminating party;

        (ii)     The Court enters an order refusing to approve this Agreement or any material part of it adverse to the terminating party;

        (iii)    The Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect adverse to the terminating party;

        (iv)    The Court enters an Alternative Judgment;

        (v)     The Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party; or

        (vi)    An Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party.

        (b)     Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, any application for service awards to any Class Plaintiff, or any Plan of Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Agreement or settlement.

        (c)     Except as otherwise provided herein, in the event the settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the OTC Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement and any related orders had

not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Deutsche Bank, together with any interest earned thereon (and, if applicable, repayment of any Fee and Expense Award referred to in Paragraph 9(b) hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $800,000 without the prior approval of the Court) shall be returned to Deutsche Bank within ten (10) business days from the date of the Termination Notice. At the request of Deutsche Bank's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Deutsche Bank.

(d)     This Agreement may be terminated upon terms set forth in a supplemental letter agreement to be filed under seal with the Court.

(e)     Neither Deutsche Bank nor Deutsche Bank's Counsel shall directly, or indirectly, solicit or encourage any Person to request exclusion from the Class.

## 14.     COOPERATION OBLIGATIONS

(a)     In consideration for the dismissal of the OTC Plaintiffs' and the OTC Class Members' claims against Deutsche Bank in the OTC Action and the release of the Released Claims, subject to any order from the Court, Deutsche Bank shall provide reasonable cooperation as set forth below.

(b)     All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided. Deutsche Bank's cooperation obligations shall apply only to Releasing Parties who act with, by or through OTC Plaintiffs' Counsel pursuant to this Agreement.   OTC Plaintiffs' Counsel shall use their best efforts to reduce the burdens of cooperation when practicable, including by making use wherever possible of documents and data already produced by Deutsche Bank.  Deutsche Bank's cooperation obligations shall in all events be limited to facts and events involving U.S. Dollar LIBOR during the period from August 9,

2007 through May 31, 2010 and shall not extend to other financial benchmarks. Deutsche Bank reserves all of its rights to defend itself vigorously against any claims asserted by other plaintiffs involving U.S. Dollar LIBOR, or any other, allegations.

(c)     Nothing in this Agreement shall impose on Deutsche Bank an obligation to produce or provide any materials or information protected from disclosure by the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, interviews, declarations and/or affidavits, depositions, testimony, material, and/or information requested under this Agreement. For any documents withheld from production pursuant to this Agreement, Deutsche Bank shall, if directed by the Mediator, create a privilege log describing withheld documents in sufficient detail so as to explain the nature of the privilege asserted or the basis of any law, regulation, policy, and/or rule of any regulatory agency or governmental body prohibiting or protecting disclosure of such documents. In the event of a disagreement between Deutsche Bank and OTC Plaintiffs' Counsel regarding a claim of any privilege or protection, the Parties will seek resolution of such disputes from the Court.

(d)     Any documents, declarations, affidavits, deposition testimony, and information provided to Class Plaintiffs pursuant to this provision shall be covered by the protective order in effect in the OTC Action, or, if no protective order is in effect, shall be maintained as confidential and available only to OTC Plaintiffs' Counsel and Deutsche Bank's Counsel.

(e)     None of the cooperation provisions are intended to, nor do they, waive any applicable privilege or protection.

(f)      The information provided by Deutsche Bank's Counsel in connection with oral presentations may be utilized by OTC Plaintiffs or OTC Plaintiffs' Counsel to assist in the prosecution of the OTC Action or any action related to any Released Claim, subject to the protections of the protective order in effect in the OTC Action or otherwise as provided in Paragraph 14(e) *supra*; provided, however, the Parties expressly agree that any of the information provided in connection with the cooperation obligations set forth in this Paragraph 14, including without limitation oral presentations, may be used directly or indirectly by OTC Plaintiffs or OTC Plaintiffs' Counsel solely in connection with the prosecution of the OTC Action or any action related to any Released Claim, but not for the prosecution of any action or proceeding against any Released Party nor for any other purpose whatsoever.

(g)      In the event of a disagreement between Deutsche Bank's Counsel and OTC Plaintiffs' Counsel with respect to this Paragraph 14, the Parties will seek resolution from the Mediator, if necessary.

(h)      Subject to the foregoing, Deutsche Bank will provide OTC Plaintiffs and the OTC Class the following cooperation, and no Party shall disclose the contents of any of this cooperation in this matter to any Defendant in any manner that would identify such information as having been provided as cooperation. Nothing herein is intended to prevent the use in pre-trial, trial, or appellate proceedings in this Action of information and/or documents produced in discovery or through the cooperation provisions set forth below:

> (i)      **Preliminary Approval:** Deutsche Bank shall cooperate to the extent reasonably necessary in connection with OTC Plaintiffs' Counsel's preparation of the motion for preliminary approval and any related

documents necessary to effectuate and implement the terms and conditions of this Agreement.

(ii)    **Proffers:** Beginning within ten (10) business days of the Execution Date, and completed within three (3) months of the Execution Date unless otherwise agreed by the Parties, Deutsche Bank's Counsel will meet with OTC Plaintiffs' Counsel at a mutually agreeable time and place to provide, to the extent not already provided by Deutsche Bank in discovery, over as many days as required to complete the proffers, the following categories of information:

a.    A general description of the U.S. Dollar LIBOR-setting process at Deutsche Bank, including but not limited to the individuals and entities involved and the factors considered in determining Deutsche Bank's daily submission;

b.    A detailed account of facts known to Deutsche Bank that are relevant to the Released Claims or the allegations in OTC Plaintiffs' pleadings, including but not limited to the alleged conduct, if any such facts exist, relating to the alleged collusion, manipulation and suppression of U.S. Dollar LIBOR by Deutsche Bank and other panel banks, and the individuals and entities, if any, involved in the alleged misconduct, the specific locations and dates of meetings or communications, if any, relating to the alleged misconduct, including actual words exchanged in any such

communications or meetings, and the identities of the speakers and other participants, if any;

c.    A description of Deutsche Bank's internal compliance policies with respect to U.S. Dollar LIBOR, including policies in effect at the time of the alleged conduct and policies enacted prior to June 27, 2013;

d.    With the consent of the specific regulatory agency or governmental body that released the papers, and to the extent not prohibited by any law, regulation, policy, and/or rule of any regulatory agency or governmental body protecting disclosure of such information, the identification of all individuals who were identified by code names in the papers released by governmental bodies pertaining to Deutsche Bank's conduct with respect to U.S. Dollar LIBOR; and

e.    To the extent not prohibited by any law, regulation, policy, and/or rule of any regulatory agency or governmental body protecting disclosure of such information, the identities and positions of employees of Deutsche Bank who were involved in any way in the U.S. Dollar LIBOR submission process at Deutsche Bank.

f.    Prior to each proffer, OTC Plaintiffs' Counsel may submit questions of reasonable scope, to be provided reasonably in advance, and Deutsche Bank shall make reasonable efforts to investigate and provide information relevant to such questions,

including by interviewing the most knowledgeable persons under Deutsche Bank's control concerning such questions.

(iii) **Counsel Inquiries**: Deutsche Bank's Counsel will respond to reasonable follow-up inquiries of OTC Plaintiffs' Counsel throughout the duration of this Action or any action related to any Released Claims, including to produce further material, information, and documents relating to U.S. Dollar LIBOR, consistent with this Agreement.

(iv) **Transactional Data:**

    a. Deutsche Bank will use its reasonable best efforts to produce, to the extent not already produced, reasonably requested transactional data related to the subject matter of the OTC Action, including but not limited to transactional data for U.S. Dollar LIBOR transactions entered into or lasting during the Class Period and data pertaining to the rates at which Deutsche Bank was actually able to borrow funds in the London inter-bank market during the Class Period, to the extent any such data is reasonably accessible.

    b. As soon as possible after the Execution Date, the Parties shall agree on a schedule to meet and confer about production by Deutsche Bank of transaction data related to the subject matter of the OTC Action.

    c. Deutsche Bank's Counsel shall use reasonable best efforts to assist OTC Plaintiffs' Counsel in understanding Deutsche Bank's transactional data.

(v)    **Documents:**

a.  Absent objection by the specific regulator to which documents were produced, within ten (10) business days after the Execution Date, Deutsche Bank shall commence preparation for production to OTC Plaintiffs, to the extent not already produced, in a mutually agreeable electronic format, and to the extent not prohibited by any law, regulation, policy, and/or rule of any regulatory agency or governmental body protecting disclosure of such documents, those documents that it has already produced or made available to the U.S. Department of Justice, U.S. Commodities Futures Trading Commission, and New York Department of Financial Services with respect to their investigations regarding alleged manipulative or anticompetitive conduct in, or affecting, the U.S. Dollar LIBOR-setting process, but not documents created during the course of the investigation for the purpose of communicating with or cooperating with these authorities. For purposes of clarity, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

b.  At OTC Plaintiffs' Counsel's written request and explanation, Deutsche Bank will use its reasonable best efforts to produce additional reasonably requested and reasonably accessible

42

documents that are relevant to the claims or defenses in this Action in a mutually agreeable electronic format, provided, however, that except as set forth in this Agreement, Deutsche Bank shall be under no obligation to collect or review documents or data that have not previously been collected and reviewed for the purposes of government investigations into U.S. Dollar LIBOR-related conduct.

c.  For all documents produced by Deutsche Bank pursuant to this Agreement that are not in English, Deutsche Bank shall provide any certified or uncertified English translations of such documents that it has available. Deutsche Bank is not obligated to create any new translations of documents for use by OTC Plaintiffs or OTC Plaintiffs' Counsel.

d.  As applicable and upon request, Deutsche Bank shall provide a business record or authenticity declaration as to any documents produced by Deutsche Bank pursuant to this Settlement Agreement or any other process.

**(vi)    Interviews:**

a.  At Deutsche Bank's expense, Deutsche Bank shall use good faith efforts to make available for an interview with OTC Plaintiffs' Counsel and/or their experts up to two (2) current Deutsche Bank employees designated by OTC Plaintiffs' Counsel prior to May 1, 2018, or another date mutually agreed to by the parties.

43

b.  Deutsche Bank shall use good faith efforts to assist OTC Plaintiffs' Counsel in arranging interviews with former Deutsche Bank employees.

c.  In the event that an employee or former employee of Deutsche Bank expresses concern that a non-disclosure or confidentiality agreement that he or she may have with Deutsche Bank (or a subsidiary or affiliate of Deutsche Bank) would bar him or her from answering OTC Plaintiffs' Counsel's questions in an interview concerning facts and events involving U.S. Dollar LIBOR during the period from August 9, 2007 through May 31, 2010, Deutsche Bank shall consent (or shall procure that the relevant subsidiary or affiliate of Deutsche Bank consent) to the employee's or former employee's answering such questions (limited to that subject matter), provided that such consent is, in the judgment of Deutsche Bank's legal counsel, consistent with Deutsche Bank's (or any relevant subsidiary or affiliate of Deutsche Bank's) obligations, if any exist, under the non-disclosure or confidentiality agreement in issue and any applicable labor, privacy, or other law or regulation of the jurisdiction whose law governs the non-disclosure or confidentiality agreement, and provided that no regulatory agency or governmental body objects. Any disputes regarding Deutsche Bank's obligation to provide the consent set forth herein shall be resolved by the Mediator.

(vii)   **Declarations and Affidavits:**

    a.  Deutsche Bank will use its reasonable best efforts to make current Deutsche Bank employees available to provide declarations, certifications, or affidavits reasonably requested by OTC Plaintiffs' Counsel for use in the OTC Action regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Federal Rule of Evidence 803(6).

**(viii)   Depositions:**

    a.  In the event OTC Plaintiffs' Counsel reasonably deem the declarations and affidavits provided for in Paragraph 14(h)(vii) insufficient, including for summary judgment or trial purposes, Deutsche Bank shall use its reasonable efforts to make available for deposition in the OTC Action up to two (2) current Deutsche Bank employees to provide testimony regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Federal Rule of Evidence 803(6).

    b.  Deutsche Bank shall use its reasonable efforts to make available for depositions in the OTC Action one (1) current Deutsche Bank employee that OTC Plaintiffs' Counsel may identify and reasonably believe has personal knowledge of the events, documents, and/or data at issue in the OTC Action. Nothing in this agreement waives any right OTC Plaintiffs may have to discovery

of Deutsche Bank as a third party under the Federal Rules of Civil Procedure.

c.   Deutsche Bank shall use good faith efforts to assist OTC Plaintiffs' Counsel in arranging depositions with former Deutsche Bank employees.

d.   In the event that an employee or former employee of Deutsche Bank expresses concern that a non-disclosure or confidentiality agreement that he or she may have with Deutsche Bank (or a subsidiary or affiliate of Deutsche Bank) would bar him or her from answering OTC Plaintiffs' Counsel's questions at a deposition concerning facts and events involving U.S. Dollar LIBOR during the period from August 9, 2007 through May 31, 2010, Deutsche Bank shall consent (or shall procure that the relevant subsidiary or affiliate of Deutsche Bank consent) to the employee's or former employee's answering such questions (limited to that subject matter), provided that such consent is, in the judgment of Deutsche Bank's legal counsel, consistent with Deutsche Bank's (or any relevant subsidiary or affiliate of Deutsche Bank's) obligations, if any exist, under the non-disclosure or confidentiality agreement in issue and any applicable labor, privacy, or other law or regulation of the jurisdiction whose law governs the non-disclosure or confidentiality agreement, and provided that no regulatory agency or governmental body objects.

Any disputes regarding Deutsche Bank's obligation to provide the consent set forth herein shall be resolved by the Mediator.

(ix) **Testimony at Trial:**

a. Deutsche Bank shall comply in good faith with its obligations to make witnesses available to testify at trial pursuant to any valid trial subpoenas issued by the OTC Plaintiffs in accordance with the requirements of Rule 45 of the Federal Rules of Civil Procedure and any other applicable rules or orders.

(x) **Continuation, Scope, and Termination of Deutsche Bank's Obligation:** Deutsche Bank's obligations to cooperate under the Agreement are continuing until and shall terminate upon the earlier of: (1) the date when final judgment has been rendered, with no remaining rights of appeal, in the OTC Action against all Defendants; or (2) except as to trial testimony provided for in Paragraph 14(h)(ix), five (5) years after the Court enters the Preliminary Approval Order.

(xi) **Mediation:** In the event of a disagreement between Deutsche Bank and OTC Plaintiffs' Counsel with respect to any cooperation obligation, the Parties will seek resolution from the Mediator, if necessary.

## 15. RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any OTC Class Member against other former, current, or future defendants or co-conspirators, or any other Person other than the Released Parties, with respect to any of the Released Claims are specifically reserved by Class Plaintiffs and the OTC Class Members. The purchase, sale, and trading of a U.S. Dollar LIBOR-Based Instrument by Deutsche Bank shall, to

the extent permitted or authorized by law, remain in the case against the other current or future Defendants in the OTC Action as a potential basis for damage claims and shall be part of any joint and several liability claims against the other former, current, or future Defendants in the OTC Action or any other Persons other than the Released Parties.

## 16.   MISCELLANEOUS

(a)     The Parties to this Agreement intend the settlement to be a final and complete resolution of all disputes that have been or could be asserted by Class Plaintiffs or any OTC Class Member against the Released Parties with respect to the OTC Action and the Released Claims. Accordingly, unless this Agreement terminates in accordance with its terms, Class Plaintiffs and Deutsche Bank agree not to assert in any judicial proceeding that the OTC Action was brought by Class Plaintiffs or defended by Deutsche Bank in bad faith or without a reasonable basis, and the Parties further agree not to assert in any judicial proceeding that any Party violated Federal Rule of Civil Procedure 11 in connection with its prosecution or defense of the OTC Action. The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and the Mediator.

(b)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(c)     The administration and consummation of the settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Distribution, and enforcing the terms of this Agreement.

(d)     For the purpose of construing or interpreting this Agreement, Class Plaintiffs and Deutsche Bank agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(e)     This Agreement shall constitute the entire agreement between Class Plaintiffs and Deutsche Bank pertaining to the settlement of the OTC Action against Deutsche Bank and supersedes any and all prior and contemporaneous undertakings of Class Plaintiffs and Deutsche Bank in connection therewith. All terms of this Agreement are contractual and not mere recitals. The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any OTC Class Members.

(f)     This Agreement may be modified or amended only by a writing executed by both Class Plaintiffs, through OTC Plaintiffs' Counsel, and Deutsche Bank, through Deutsche Bank's Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

(g)     Nothing in this Agreement constitutes an admission by Deutsche Bank as to the merits of the allegations made in the OTC Action, the validity of any defenses that have been or could be asserted by Deutsche Bank, or the appropriateness of certification of any class other than the Class under Federal Rule of Civil Procedure 23 for purposes of settlement only. This Agreement is without prejudice to the rights of Deutsche Bank to do either or both of the following:

      (i)      Challenge the Court's certification of any class, including the Class, in the OTC Action should the Agreement not be approved or implemented for any reason; and/or

      (ii)     Oppose any certification or request for certification in any other proposed or certified class action, including actions relating to U.S. Dollar LIBOR.

(h)      All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(i)      Except as provided in Paragraph 11, Deutsche Bank, Class Plaintiffs, their respective counsel, and the OTC Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(j)      The Parties acknowledge that this Agreement makes no determination as to which OTC Class Members are entitled to distribution of the Settlement Fund or as to the formula for determining the amounts to be distributed.

(k)      The proposed Plan of Distribution is not a necessary term of this Agreement, and it is not a condition of this Agreement that any particular Plan of Distribution be approved. The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court. The Plan of Distribution is a matter separate and apart from the settlement between the Parties, and any decision by the Court concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(l)      This Agreement may be executed in counterparts by Class Plaintiffs and Deutsche Bank, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

(m)      Class Plaintiffs and Deutsche Bank acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so. Therefore, Class Plaintiffs and Deutsche Bank and their respective counsel agree that they will not seek to set aside any part of this Agreement on the grounds of mistake. Moreover, Class Plaintiffs and Deutsche Bank and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(n)      Each of the undersigned attorneys represents that he is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval; and the undersigned OTC Plaintiffs' Counsel represent that they are authorized to execute this Agreement on behalf of Class Plaintiffs. Each of the undersigned attorneys shall use their best efforts to effectuate this Agreement.

## 17.    SIGNATURES

WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

*OTC Plaintiffs and the Class:*

*Defendant Deutsche Bank AG:*

_____

William C. Carmody
Arun Subramanian
Seth Ard
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: 212-336-8330
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
sard@susmangodfrey.com

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: 310-789-3100
mseltzer@susmangodfrey.com

_____

Michael D. Hausfeld
Hilary K. Scherrer
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Tel: 202-540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: 646-357-1100
smartin@hausfeld.com

Moses Silverman
Elizabeth M. Sacksteder
Aidan Synnott
Hallie S. Goldblatt
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
msilverman@paulweiss.com
esacksteder@paulweiss.com
asynnott@paulweiss.com
hgoldblatt@paulweiss.com

52