# SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

March 16, 2018

VIA ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 11-md-2262, Case No. 11-cv-5450 (S.D.N.Y.)

Dear Judge Buchwald:

We write to bring to the Court's attention serious concerns about the authority of Managed Care Advisory Group LLC ("MCAG") to file claims on behalf of class members to the settlement fund associated with OTC Plaintiffs' settlement with Barclays Bank plc (the "Barclays Settlement"). MCAG, which purports to assist "thousands of clients nationwide . . . organize and marshal their claim information for submission to the courts" in class action settlements, recently informed the Court that it had "submitted, on behalf of its clients, in the Barclay's Settlement $9.183 billion in total Libor-based transactions, of which $6.376 billion are confirmed to be with panel banks." Dkt. 2422 at 1.[1]  As was the case with MCAG's prior objection to the Barclays Settlement, which it lacked standing to assert as it failed to name even a single objecting client, *see* Dkt. 2318, MCAG's recent letter also fails to name any of the clients for whom it submitted claims.

---

[1] MCAG's asserts that its clients hold "a sizable portion of claims in the Barclay's Settlement and likely future Libor-based settlements," Dkt. 2422 at 2, because those claims arise from LIBOR-Based Instruments purchased from panel banks totaling $6.376 billion notional value. This is misleading. For comparison, class representative Vistra Energy Corporation alone transacted in interest rate swaps totaling ███████ notional value. *See* Dkt. 1906, Ex. 2 at 98 (Dr. Bernheim's opening report).

March 16, 2018
Page 2

Class Counsel has reason to believe that MCAG has filed many claims that it had **no client authorization to file**. *First*, of the 356 total claims filed by MCAG in the Barclays settlement, 25 claims appear to be duplicates of *competing* claims filed directly by MCAG's alleged clients. *See* Ex. A (charts of information provided by the Claims Administrator listing the 25 suspected duplicate claims and all 356 claims filed by MCAG).[2] Class Counsel has reached out directly to several of these claimants, on whose alleged behalf MCAG filed competing claims, and they confirmed that MCAG had no authority to file on their behalf. For example, ▮▮▮▮▮▮▮▮▮▮ has informed Class Counsel that it filed its *own* claim to the Barclays Settlement directly with the Claims Administrator and did not grant permission to any other entity, including MCAG, to file a claim on its behalf. The Claims Administrator, in turn, has confirmed to Class Counsel that it received two separate claims for ▮▮▮, one filed directly by ▮▮▮ and the other filed by MCAG.

*Second*, MCAG recently produced to Class Counsel a chart of the claims it asserts authority to file in the Barclays Settlement — a chart that lists *only* ▮ *claims*, not the 356 it has filed with the Claims Administrator. *See* Ex. B. Moreover, ▮ of MCAG's ▮ self-reported claims appear to be invalid, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* In connection with MCAG's objection to the Barclays Settlement on behalf of no one, OTC Plaintiffs served a subpoena on MCAG, on October 13, 2017, asking for all documents evidencing MCAG's alleged authority to file claims. *See* Ex. C, Request for Production Nos. 3, 5–7. Now, more than **5 months later**, MCAG has still not produced a single document evidencing its alleged authority to file claims on behalf of any identified client — much less authority to file any *objection* — even though in recent meet and confers MCAG promised to begin doing so by last Friday, March 9.

*Third*, MCAG has a history of attempting to file unauthorized claims to class action settlements. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 JG, 2014 WL 4966072, at *9-10 (E.D.N.Y. Oct. 3, 2014) (describing a campaign by MCAG and its partners, which receives "20% of their [claimants'] recovery" as payment, to "automatically enroll class members in MCAG's claims filing service," and describing a prior court order requiring MCAG to halt this campaign and send corrective notices to affected class members).

---

[2] The Claims Administrator has also informed Class Counsel that the last 17 claims filed by MCAG were received well after the December 1, 2017 claim deadline.

March 16, 2018
Page 3

As a result of MCAG's misconduct, the Claims Administrator will need to individually investigate and resolve the 25 duplicate claims, a cost that will be borne by the class. In the meantime, MCAG stands to profit despite the confusion it has caused in this Settlement and will continue to cause in future settlements.

The Court has discretion over the administration of settlement funds. Should the Court approve the settlements, Class Counsel recommends the Court order the following relief: (1) exclude any claims filed by MCAG for which it did not produce to Class Counsel proof of its authority to file by March 19, 2018; (2) require MCAG to send, within 10 days of the entry of the Court's order on this issue, notice of the order to all excluded claimants,[3] in a letter approved by Class Counsel, which also informs these claimants that they (not MCAG) will be granted 30 days from the postmark date of the letter to file claims to the Barclays Settlement directly with the Claims Administrator; and (3) enjoin MCAG from filing any more claims in the OTC action. Alternatively, Class Counsel recommends that the Court order MCAG to produce, for any future claims it files, all documents evidencing its authority to file those claims prior to any future claims deadline (such as the March 29, 2018 claims deadline for the OTC Plaintiffs' settlement with Citigroup Inc. and Citibank, N.A.). A proposed order is attached as Exhibit D to this letter.

We thank the Court for it continued consideration of this matter.

Sincerely,

*/s/ William Christopher Carmody*

William Christopher Carmody

---

[3] Class Counsel will submit a list of these excluded claimants to the Court *in camera* and to MCAG within 3 days of the Court's decision.