

1775 PENNSYLVANIA AVENUE NW, SUITE 375  
WASHINGTON, DC 20006  
(202)-899-4100 MAIN     (612) 336-9100 FAX

JAMES R. MARTIN  
jmartin@zelle.com  
(202) 899-4101

March 27, 2018

By ECF and Facsimile

The Honorable Naomi Reice Buchwald  
United States District Judge  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, NY 10007-1312

RE:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

We write on behalf of Plaintiffs The Federal Home Loan Mortgage Corporation ("Freddie Mac"), the FDIC as Receiver for 38 Closed Banks ("the FDIC-R"), and the Principal Plaintiffs (collectively, "FFP Plaintiffs") to request that they be permitted to file amended complaints on the same schedule that the Court has set for the Charles Schwab Corporation, *et al*. ("the Schwab Plaintiffs").[1]  *See* ECF No. 2469.  FFP Plaintiffs seek this relief so that the Court can consider the adequacy of their respective amended complaint allegations in the context of their individual forums and specific LIBOR-Based instruments after *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68 (2nd Cir. 2018).  Defendants do not take a position on this request.[2]

While only the Schwab Plaintiffs were named appellants, FFP Plaintiffs respectfully submit that the Second Circuit's decision inures to the benefit of all plaintiffs subject to the Court's jurisdictional rulings in *LIBOR IV*,[3] including FFP Plaintiffs.  In their amendments, FFP Plaintiffs would allege additional facts to address personal jurisdiction issues based on the Second Circuit's most recent guidance.  For example, FFP Plaintiffs believe they can allege facts that would demonstrate personal jurisdiction over certain foreign defendants in the home forums of each FFP Plaintiff, *e.g.*, facts demonstrating that a foreign defendant used a domestic affiliate as an agent in transactions with that plaintiff, and acts in furtherance of the reputation-based conspiracy in the forum state.[4]  *Schwab*, 883 F.3d at 84, 89 (granting leave to amend jurisdictional allegations

---

[1] The FDIC-R has not yet made a final decision with respect to amending its complaint if the Court grants this request, but in the interest of efficiency, the FDIC-R is joining the request to do so at this time.

[2] Defendants' liaison counsel stated that they will respond as appropriate after reviewing the relevant submissions.

[3] *In re LIBOR-Based Fin. Instruments Antitrust Litig.,* No. MDL 2262 NRB, 2015 WL 6243526, at *133 (S.D.N.Y. Oct. 20, 2015).

[4] Freddie Mac would allege facts supporting its assertions of personal jurisdiction over certain foreign defendants in Virginia for its fraud and antitrust claims.  Although the Court dismissed Freddie Mac's fraud claims as time-barred in *LIBOR IV*, Freddie Mac respectfully submits that the Second Circuit's decision to revive Schwab's unjust enrichment claims on statute of limitations grounds also effectively revived Freddie Mac's fraud claims, which the Court dismissed in *LIBOR IV* as untimely under Virginia law.  *See LIBOR IV*, 2015 WL 6243526, at *133 (identifying Virginia as a "weak" inquiry notice state, like California).

The Honorable Naomi Reice Buchwald
March 27, 2018
Page 2

because the "deficiencies" in the complaint "might well be overcome" through amendment and in the "extraordinary" circumstances faced by the Court in these MDL cases leave to amend is proper).

Permitting FFP Plaintiffs to amend would also be consistent with this Court's practice of applying appellate rulings to MDL cases that were not the subject of a specific remand order.  *See* ECF 1461 (proposal for defendants to address all antitrust claims at one time "appears sensible and is consistent with this Court's practice in this case of addressing legal issues across complaints").

FFP Plaintiffs seek this relief *in lieu* of seeking to file *seriatim* motions for reconsideration and motions for leave to amend, which would prove time-consuming and inefficient.  If the Court would prefer such motions, FFP Plaintiffs would file these motions (or requests to file such motions) on any schedule the Court deems proper.

Sincerely,


*/s/ James R. Martin*
James R. Martin
*Liaison Counsel for Direct Action Plaintiffs*


cc:     All Counsel (via ECF)