# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

April 9, 2018

VIA ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 11-md-2262, Case No. 11-cv-5450 (S.D.N.Y.)

Dear Judge Buchwald:

We write to respond briefly to the 7-page, single-spaced letter submitted last week by Managed Care Advisory Group LLC ("MCAG"). *See* Dkt. 2477. Nothing in MCAG's letter answers any of the following grave concerns raised in our letter of March 16, 2018:

- MCAG appears to have filed scores of OTC claims *without client authorization*. One alleged client—███████—denied granting MCAG permission to file its claim, and **twenty-four** other alleged MCAG clients filed their own, **competing claims** to Barclays settlement funds.

- MCAG failed to produce any evidence of its authorization to file any of the 356 total claims it submitted to the Claims Administrator, despite repeated requests (and promises) to do so no later than March 19, 2018; and

- Another court found that MCAG likely lacked authorization to file settlement claims, and enjoined similar conduct by MCAG. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, Tr. at 141:12-142:2 (E.D.N.Y. Nov. 20, 2013), ECF No. 6094 (The Court: "I want what you're doing to stop. No more of this . . . I don't

April 9, 2018
Page 2

>think there is authorization here. . . . I think there's a possibility for many duplicative claims, which will be inefficient as can be even if you withdraw the one that you filed . . . . All the requisites for injunctive relief are met here.").

See Dkt. 2462 at 2. MCAG's conduct here fits its prior pattern of conduct in this case: MCAG filed an objection to the Barclays settlement, but then admitted it had no client authorization to object and was filing the objection on its own behalf, even though it had no standing to do so—conduct for which MCAG has been faulted by other courts. See Dkt. 2318 at 7 (citing cases discussing MCAG's practices); Dkt. 2352-1, Ex. A at 30:23-32:2 (transcript of final approval hearing for Barclays settlement) (The Court: "You have not named a single entity. . . . You're a professional gadflies or whatever, but you don't have standing.").

For these reasons, we continue to recommend that the Court exclude any claims filed by MCAG without proof of authorization (i.e., all 356 claims it submitted to the Barclays Settlement, and any claims it submitted to OTC Plaintiffs' settlement with Citigroup Inc. and Citibank, N.A.), establish a 30-day supplemental claims period for the entities affected, required MCAG to send notice of the exclusion and the supplemental period to those entities, and enjoin MCAG from filing any further claims in the OTC action. See Dkt. 2462, Ex. D. We thank the Court for its continued consideration of this matter.

Respectfully,

/s/ William Christopher Carmody

William Christopher Carmody