USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/11/2018

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In re:

LIBOR-Based Financial Instruments              ORDER
Antitrust Litigation.
                                               11 MD 2262 (NRB)
This Document Applies to:

    OTC Plaintiff Action                       11 Civ. 5450

-----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This order addresses OTC plaintiffs' March 16, 2018 letter motion raising certain concerns regarding the authority of Managed Care Advisory Group LLC (MCAG) to file claims on behalf of class members in OTC plaintiffs' settlement with Barclays, ECF No. 2462; MCAG's April 2, 2018 response, ECF No. 2477; and OTC plaintiffs' April 9, 2018 reply, ECF No. 2483. The Court has previously expressed skepticism regarding MCAG's authority to appear on behalf of class members, and nothing in MCAG's prolix response warrants a reassessment of that skepticism. Rather, MCAG's purported filing of claims on behalf of, among other entities, General Electric Corp., Morgan Stanley, and perhaps most incredibly, Citizens Bank, presumably the then-U.S. subsidiary of <u>panel bank</u> Royal Bank of Scotland, only heightens our concern.

Though MCAG's responses have done little to assuage our concerns, the Court nonetheless acknowledges the possibility

1

that MCAG may in fact have authority to file claims on behalf of <u>some</u> class members, even if not all of the class members on whose alleged behalf MCAG has actually filed claims. Accordingly, and in light of the Court's jurisdiction over the administration of the settlement (including claimants), <u>see</u> OTC-Barclays Settlement Agreement ¶¶ 11(d), (f), Decl. of Michael Hausfeld ex. A, Mar. 9, 2016, ECF No. 1338, the Court orders as follows:

- MCAG shall provide Class Counsel and the Claims Administrator, within two weeks of this order, proof of its authority to file the claim for <u>each</u> of the claims that MCAG has already filed. Any submission made by MCAG shall be considered confidential information as set forth in the Amended Stipulation and Protective Order governing proceedings in this case, ECF No. 1405.

- The Claims Administrator shall investigate whether MCAG in fact possessed such authority and shall provide the Court, Class Counsel, and MCAG a list of all claimants on whose behalf MCAG has filed a claim and for whom the Claims Administrator has determined that MCAG lacked authority to do so.

- The Claims Administrator shall submit to the Court for approval a proposed notice to those claimants. The notice shall (1) inform the claimant that MCAG has filed a claim

2

on its behalf, (2) provide the claimant an opportunity to affirm or deny MCAG's authority, and (3) in the event that the claimant disputes MCAG's authority, provide the claimant an opportunity to directly submit a claim to the Claims Administrator within thirty days.

- Additionally, should MCAG wish to continue filing claims on behalf of class members moving forward, it shall attach proof of its authority when filing each claim.
- Class Counsel and the Claims Administrator shall record their expenses incurred in complying with this order.

Under the terms of the Barclays settlement agreement, the Court retains ultimate authority to approve the distribution of settlement funds, see, e.g., OTC-Barclays Settlement Agreement ¶¶ 2(h), 10(f)(v), 11(c)(vi), and no class distribution order will issue absent the Court's satisfaction that settlement funds will not be paid out on improperly filed claims. As expeditious resolution of these lingering issues regarding MCAG's authority will inure to the benefit of the class, the Court fully expects prompt compliance with the terms of this order.

**SO ORDERED.**

Dated: New York, New York
April 11, 2018

Naomi Reice Buchwald
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3