April 30, 2018

<u>Via ECF</u>

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007


Re:     *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

        This letter is submitted by counsel for all Defendants in the above-referenced
multi-district litigation ("MDL").[1]  We write jointly to respectfully request that the Court issue a
comprehensive scheduling order governing the next phase of the MDL.  Specifically, Defendants
request that the Court set a schedule that includes deadlines for:  (i) any motion for leave to make
amendments prompted by the Second Circuit's decision in *Charles Schwab Corp.* v. *Bank of
America Corp.*, 883 F.3d 68 (2d Cir. 2018) ("*Schwab I*"); (ii) the filing of an amended complaint
by any Plaintiff in any of the stayed actions that has not yet used its one amendment of right;
(iii) any motion to dismiss an amended or previously stayed complaint; and (iv) further class or
merits discovery.  Establishing such a schedule would best facilitate the Court's continued
efficient and effective management of the MDL by ensuring that the parties and claims in each
action are fixed, to the maximum extent reasonably feasible, prior to the commencement of
further discovery.

        In connection with their April 6, 2018 letter to the Court (ECF No. 2482), the
OTC Plaintiffs and certain direct action Plaintiffs informed Defendants that they want to embark
on merits discovery now.  But that position ignores that there are dozens of cases in the MDL,
and that the very purpose of an MDL is to efficiently coordinate pretrial proceedings.  Moving
forward with further discovery in some actions while others remain stayed, and amended
pleadings or motions for leave to amend are being filed in still others, would place different
parties and different actions on different tracks and would lead to inefficient and duplicative
discovery.

---

[1] Each Defendant joins this letter to the extent (and only to the extent) that such Defendant is currently a non-
dismissed defendant named in any action (including any stayed action) within the MDL.  By joining this letter, no
Defendant consents to personal jurisdiction or venue in any action, including any action where (i) that defense has
been asserted, (ii) a Defendant has not had an opportunity to assert that defense, including in the stayed cases, or
(iii) the Court dismissed a claim against Defendants before a personal jurisdiction defense became available.  For the
avoidance of doubt, Defendants that have been dismissed from all non-stayed actions join this letter only to the
extent that it pertains to stayed actions in which they have been named as Defendants and that have not yet been the
subject of motions to dismiss.  Defendants also expressly reserve all jurisdictional defenses available to them,
including jurisdictional objections to discovery.

At this time, multiple questions remain as to which claims will survive motions to dismiss, or against which Defendants those claims will be allowed to proceed.  To date, the Court has followed a disciplined, phased approach to these MDL proceedings whereby the proper parties and claims in each action are determined *before* entering into discovery. Maintaining that approach is particularly important now that (i) various Plaintiffs are seeking to amend their complaints in light of *Schwab I*, while many actions remain stayed, and (ii) an end to the current stage of the proceedings is in sight.  The Court has already granted five Plaintiffs' requests to either amend in light of *Schwab I* or move for leave to make amendments to their complaints prompted by *Schwab I* (*see* ECF Nos. 2469, 2490)—including requests from some Plaintiffs who have proposed commencing discovery immediately—and other Plaintiffs have indicated that they may seek to do the same.  Additionally, there are ten stayed actions that have never been subjected to motions to dismiss,[2] as well as a number of so-called "protective" complaints filed by Plaintiffs that originally filed actions outside the Southern District of New York that were dismissed, in part, for lack of personal jurisdiction in *LIBOR IV*.[3]  Because it is unclear which Defendants ultimately will be parties to these actions, what claims ultimately will be permitted to go forward, and, for some cases, what form the litigation will take (class or individual), commencing discovery now, before these gating issues are addressed, would result in fragmented litigation.  It would prejudice Defendants' ability to seek discovery in aid of their defenses and subject Plaintiffs, Defendants, and third parties to duplicative discovery that would waste resources of both the Court and the parties.

The Court has undertaken a monumental effort to resolve numerous legal issues and ensure that this MDL proceeds in an efficient manner.  Defendants believe that now is the time to put a capstone on those efforts through a final round of coordinated briefing that places all remaining actions in this MDL on the same footing.[4]  Unless all Plaintiffs in this MDL are

---

[2] *See Axiom Inv. Advisors, LLC* v. *Bank of Am. Corp.*, No. 15-cv-02973 (S.D.N.Y.); *Cnty. of Riverside* v. *Bank of Am. Corp.*, No. 13-cv-01135 (S.D.N.Y.); *Courtyard at Amwell II, LLC* v. *Bank of Am. Corp.*, No. 12-cv-6693 (S.D.N.Y.) ("*Courtyard*"); *Federal Deposit Ins. Corp., as receiver for Doral Bank* v. *Bank of Am., N.A.*, No. 18-cv-01540 (S.D.N.Y.); *33-35 Green Pond Rd. Assocs., LLC* v. *Bank of Am. Corp.*, No. 12-cv-5822 (S.D.N.Y.) ("*Green Pond*"); *Guaranty Bank & Trust Co.* v. *Credit Suisse Grp. AG*, No. 13-cv-0346 (S.D.N.Y.); *Lieberman* v. *Credit Suisse Grp. AG*, No. 12-cv-06056 (S.D.N.Y.); *Los Angeles Cnty. Emps. Ret. Ass'n.* v. *Bank of Am. Corp.*, No. 13-cv-00398 (S.D.N.Y.); *Nat'l Asbestos Workers Pension Fund* v. *Bank of Am. Corp.*, No. 15-cv-01334 (S.D.N.Y.); *Cicchini Enterprises, Inc.* v. *JPMorgan Chase & Co.*, No. 15-cv-04810 (S.D.N.Y.).  Defendants have been informed that the Plaintiffs in the *Courtyard* and *Green Pond* actions believe that those actions should remain stayed pending the Second Circuit's forthcoming decision with respect to efficient enforcer issues in *Schwab Short-Term Bond Market Fund* v. *Lloyds Banking Group PLC*, No. 17-1569 (2d Cir.) ("*Schwab II*").  But there is no need for further delay with respect to those actions—or any other stayed action—because *LIBOR VI* was rightly decided and efficient enforcer issues arising from *Schwab II*, if any, can be addressed when the Second Circuit renders its decision.  (*See* ECF No. 1463 at 2 (stating that the Court would establish a "co-ordinated briefing schedule" for motions to dismiss the stayed actions after the resolution of the motions that were decided in *LIBOR VI*).)

[3] *See City of Philadelphia* v. *Barclays Bank PLC*, No. 15-cv-07972 (S.D.N.Y.); *City of Philadelphia* v. *Bank of Am. Corp.*, No. 15-cv-08557 (S.D.N.Y.); *Nat'l Credit Union Admin. Bd.* v. *Credit Suisse Grp. AG*, No. 15-cv-02060 (S.D.N.Y.); *Principal Fin. Grp., Inc.* v. *Bank of Am. Corp.*, No. 15-cv-09792 (S.D.N.Y.); *Principal Fin. Grp., Inc.* v. *Bank of Am. Corp.*, No. 16-cv-00592 (S.D.N.Y.); *Principal Funds, Inc.* v. *Bank of Am. Corp.*, No. 15-cv-09793 (S.D.N.Y.); *Principal Funds, Inc.* v. *Bank of Am. Corp.*, No. 16-cv-00590 (S.D.N.Y.); *Prudential Inv. Portfolios 2* v. *Barclays Bank PLC*, No. 15-cv-07031 (S.D.N.Y.); *Prudential Inv. Portfolios 2* v. *Bank of Am. Corp.*, No. 15-cv-07975 (S.D.N.Y.).

[4] The Court has issued no less than seven substantial opinions considering various aspects of a large number of different claims regarding the alleged manipulation of USD LIBOR.  Those rulings should be applied to the stayed

required to make a decision to either amend, seek to amend or stand on their complaints, discovery in the MDL will become unworkable.  Absent greater certainty regarding the parties and claims at issue in each action before embarking on further discovery, the discovery obligations of Plaintiffs, Defendants, and third parties will be subject to uncertainty and Defendants' ability to meaningfully participate in discovery could be substantially prejudiced. For example, many Defendants have substantial objections to discovery in some or all actions because of a lack of personal jurisdiction, among other reasons.  If the result of any amendment is that a particular Defendant, having previously been dismissed from an action, is brought back into an action as a party, that Defendant's rights and discovery obligations would change from potentially no obligations at all, or, at most, the obligations of a third party, to those of a party. Moreover, because that Defendant would not have participated in any coordinated document requests to Plaintiffs or depositions of Plaintiffs prior to becoming a party, that Defendant would either need to engage in belated, individualized discovery or else forfeit its right to meaningfully pursue discovery.  The purpose of these MDL proceedings, of course, is to coordinate actions in order to avoid such prejudicial predicaments and the wasted time and effort that come with them.[5]

Accordingly, Defendants propose the following schedule for final amended pleadings and final motions to dismiss before further discovery proceeds:

- Any Plaintiff that intends to move for leave to make amendments to its complaint prompted by *Schwab I*,[6] or intends to amend as a matter of course under Rule 15(a)(1), must file, as appropriate for each case, its amended complaint or a motion for leave to amend, attaching a proposed amended complaint, on or before June 15, 2018.[7]  To avoid any unnecessary motion practice, Plaintiffs must state which claims, if any, they assert only for the purposes of appellate preservation.

---

cases.  (*See, e.g.*, ECF No. 638 ("However, for the four [stayed] cases that raise claims in addition to Sherman Act claims, plaintiffs will continue to be bound by any broad-based, substantive rulings issued by this Court.  Stated otherwise, any party subject to this voluntary stay will not be permitted to relitigate any issue resolved while the stay is in place.").)

[5] Plaintiffs may highlight that certain Defendants, such as Bank of America and JPMorgan, which do not contest personal jurisdiction in New York and against which claims remain pending in most actions, would be less impacted by the current uncertainty regarding which Defendants and claims will survive in which action.  But proceeding with discovery as to those Defendants as to some claims would create separate tracks and deadlines for different parties, which risks rendering this MDL unmanageable and prejudicing other Defendants for the reasons discussed above. And all Defendants would be prejudiced if any depositions, third-party discovery, or expert discovery occurred in any action prior to this Court's determination as to which Plaintiffs and claims may proceed in all actions.

[6] Defendants believe "the scope of any amendment [should] be limited to those prompted by the Second Circuit's decision in *Schwab*" (*see* ECF No. 2490 at 2), and that any attempts to seek reconsideration of this Court's prior rulings based on *Schwab I* would be untimely (*see* ECF No. 2496 at 2).  Now is not the appropriate time for any party to attempt to relitigate issues that have previously been decided by this Court.

[7] Defendants do not oppose extending the deadline to file motions for leave to amend or amended complaints, as applicable, for the Schwab Plaintiffs (ECF No. 2469) and for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver for 38 closed banks, and Principal Funds, Inc. and Principal Financial Group, Inc. (collectively, "Principal") (ECF No. 2490) from May 15, 2018 to June 15, 2018, so that all actions proceed on the same schedule.

- Defendants must (i) file any opposition to pending motions for leave to amend, or (ii) move to dismiss or otherwise respond to complaints amended under Rule 15(a)(1), by July 30, 2018.  Further, to the extent any Defendants consent to the amendment of any complaints subject to a motion for leave to amend filed by June 15, 2018, those Defendants shall move to dismiss or otherwise respond to those amended complaints by July 30, 2018.

- Plaintiffs must file any reply briefs in support of motions for leave to amend by August 29, 2018.

- Plaintiffs must file briefs opposing pending motions to dismiss by September 13, 2018.

- Defendants must file reply briefs in support of motions to dismiss by October 15, 2018.

- Within 30 days after the Court's resolution of any motions to dismiss, the remaining parties to all actions in which claims have survived a motion to dismiss must meet and confer as contemplated by Rule 26(f) of the Federal Rules of Civil Procedure.

- Within 30 days after the Court's resolution of any contested motion for leave to amend, the remaining Defendants must move to dismiss or otherwise respond to any complaint filed pursuant to an order granting leave to amend.  Any briefs in opposition to any such motion must be filed 35 days later, and any reply briefs in further support of any such motion must be filed 20 days after the filing of the opposition briefs.

Although no schedule will perfectly align all of the actions remaining in this MDL, Defendants believe the above-proposed schedule will ensure that discovery can be coordinated to the greatest extent possible in all of the actions in this MDL.

If, notwithstanding Defendants' request for entry of a comprehensive scheduling order that sets the stage for coordinated discovery, the Court is inclined to order that discovery proceed in one or more actions at this time, Defendants respectfully request that the Court direct the remaining parties to the affected actions to meet and confer to develop a joint proposed discovery schedule in those actions.  Further discussion between the parties is necessary because the schedule that the OTC Plaintiffs and certain direct action Plaintiffs have proposed to Defendants is both incomplete and entirely impractical.  Among the deficiencies in those Plaintiffs' proposed schedule are the following:

- It does nothing to account for Defendants' filing of answers to the complaints that have survived a motion to dismiss, nor does it contemplate service of initial disclosures pursuant to Rule 26(a)(1) or disclosure of expert witnesses under Rule 26(a)(2).

- It does not account for potential class certification briefing and related expert discovery in stayed actions that are putative class actions.

- The proposed deadline for the substantial completion of document discovery creates a likelihood that document discovery would need to be completed before the resolution of any motion to dismiss the amended Schwab complaint and any amended complaints Freddie Mac, the FDIC and Principal obtain leave to file.

- It proposes only eight months for the completion of fact depositions after the substantial completion of document productions and sets no deadline by which all parties must issue deposition notices and third party subpoenas, notwithstanding the many dozens of parties and third parties—located around the world—whom the parties will likely seek to depose in the many actions in this MDL, and the need to coordinate to avoid duplicative depositions.

- It contemplates only 30 days after service of rebuttal reports for the parties to take expert depositions, which is clearly insufficient given the large number of parties and extensive expert testimony that will be required to address complex, individualized issues with respect to, among other things, injury and damages in each action.

- It contemplates only 45 days for Defendants to file summary judgment reply briefs responding to all the factual arguments of the many dozens of Plaintiffs in this MDL.

Plaintiffs' flawed schedule would deprive all parties of the benefits of coordination, and its many deficiencies reflect Plaintiffs' disregard for the practicalities of this complex litigation.

    In order to achieve the benefits of coordinated pretrial proceedings in this MDL, all actions should now proceed together on the same schedule insofar as is reasonably practicable.  As a result, Defendants respectfully request that the Court enter an order establishing a schedule for the resolution of the outstanding issues with respect to Plaintiffs' pleadings (including proposed amended pleadings) before further discovery proceeds. Defendants believe this proposed approach is the most efficient path forward and that it will substantially limit the burden that litigating this extraordinary MDL places on the parties, numerous third parties, and the Court.

Respectfully Submitted,

/s/ Arthur J. Burke

Arthur J. Burke
Paul S. Mishkin
Adam G. Mehes
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
arthur.burke@davispolk.com
paul.mishkin@davispolk.com
adam.mehes@davispolk.com

*Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A., Banc of
America Securities LLC (n/k/a Merrill Lynch,
Pierce, Fenner & Smith, Inc.), Merrill Lynch &
Co., Inc., Merrill Lynch, Pierce, Fenner &
Smith, Inc., and Merrill Lynch Capital
Services, Inc.*

/s/ Daryl A. Libow

Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Fax: (202) 956-6973
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendant The Bank of
Tokyo-Mitsubishi UFJ, Ltd.*

/s/ David H. Braff
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

/s/ Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
Amos Friedland
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
jschiller@bsfllp.com
lnathanson@bsfllp.com
afriedland@bsfllp.com

Michael Brille
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
mbrille@bsfllp.com

*Attorneys for Defendants Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc.*

/s/ Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Andrew D. Lazerow
Jonathan Gimblett
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
alazerow@cov.com
jgimblett@cov.com

/s/ Lev Dassin
Lev Dassin
Jonathan S. Kolodner
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
ldassin@cgsh.com
jkolodner@cgsh.com

*Attorneys for Defendants Citibank, N.A., Citigroup Inc., Citigroup Financial Products, Inc., Citigroup Funding, Inc., Citigroup Global Markets Inc., Citigroup Global Markets Ltd., and Citi Swapco Inc.*

/s/ David R. Gelfand
David R. Gelfand
Robert C. Hora
Mark Villaverde
MILBANK TWEED HADLEY &
McCLOY LLP
28 Liberty Street
New York, New York 10005
Telephone: (212) 530-5000
dgelfand@milbank.com
rhora@milbank.com
mvillaverde@milbank.com

*Attorneys for Defendant Coöperatieve
Rabobank U.A. (f/k/a Coöperatieve
Centrale Raiffeisen-Boerenleenbank B.A.)*

/s/ Joel Kurtzberg
Joel Kurtzberg
Herbert S. Washer
Elai Katz
Jason Hall
Lauren Perlgut
Adam Mintz
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
jkurtzberg@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
lperlgut@cahill.com
amintz@cahill.com

*Attorneys for Defendants Credit Suisse
Group AG, Credit Suisse International,
Credit Suisse AG, Credit Suisse Securities
(USA) LLC, and Credit Suisse (USA) Inc.*

/s/ Moses Silverman
Moses Silverman
Aidan Synnott
Hallie S. Goldblatt
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990
msilverman@paulweiss.com
asynnott@paulweiss.com
hgoldblatt@paulweiss.com

*Attorneys for Defendants Deutsche Bank AG
and Deutsche Bank Securities Inc.*

/s/ Donald R. Littlefield
Donald R. Littlefield (*pro hac vice*)
Jack D. Ballard *(pro hac vice)*
Michael A. Rodriguez (*pro hac vice*)
BALLARD & LITTLEFIELD, LLP
3700 Buffalo Speedway, Suite 250
Houston, Texas 77098
Telephone: (713) 403-6400
Fax: (713) 403-6410
dlittlefield@ballardlittlefield.com
jballard@ballardlittlefield.com
mrodriguez@ballardlittlefield.com

*Attorneys for Defendants HSBC Holdings
plc and HSBC Bank plc in City of Houston* v.
*Bank of America Corp., et al.*, S.D.N.Y.
Case No. 1:13-cv-05616

/s/ Gregory T. Casamento
Gregory T. Casamento
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Holdings
plc, HSBC Bank plc, The Hongkong and
Shanghai Banking Corporation Ltd.,
and HSBC Bank USA, N.A., HSBC Finance
Corp., HSBC USA, Inc., and HSBC Securities
(USA) Inc. (except in City of Houston* v. *Bank
of America Corp., et al.*, S.D.N.Y. Case No.
1:13-cv-05616)

/s/ Paul C. Gluckow
Mary Beth Forshaw
Paul C. Gluckow
Alan C. Turner
Alexander N. Li
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
mforshaw@stblaw.com
pgluckow@stblaw.com
aturner@stblaw.com
zander.li@stblaw.com

Abram J. Ellis
900 G Street NW
Washington, D.C. 20001
Telephone:  (202) 636-5500
Fax:  (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P.
Morgan Securities LLC f/k/a J.P. Morgan
Securities Inc., J.P. Morgan Markets Limited
(f/k/a Bear Stearns International Limited), J.P.
Morgan Dublin plc f/k/a J.P. Morgan Bank
Dublin plc f/k/a Bear Stearns Bank plc, Chase
Bank USA, N.A., and Bear Stearns Capital
Markets, Inc.*

/s/ Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
Benjamin A. Fleming
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Fax: (212) 918-3100
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com
benjamin.fleming@hoganlovells.com

*Attorneys for Defendants Lloyds Banking
Group plc, Lloyds Bank plc (f/k/a Lloyds TSB
Bank plc) and HBOS plc*

/s/ Alan M. Unger
Alan M. Unger
Andrew W. Stern
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com

*Attorneys for Defendant The Norinchukin Bank*

/s/ Christopher M. Paparella
Christopher M. Paparella
Robert B. Bell
Marc A. Weinstein
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Chris.Paparella@hugheshubbard.com
Robert.Bell@hugheshubbard.com
Marc.Weinstein@hugheshubbard.com

*Attorneys for Defendants Portigon AG
(f/k/a WestLB AG) and Westdeutsche
ImmobilienBank AG*

/s/ Richard D. Owens
Richard D. Owens
Jeff G. Hammel
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
richard.owens@lw.com
jeff.hammel@lw.com

*Attorneys for Defendants British Bankers'
Association, BBA Enterprises Ltd., and BBA
LIBOR Ltd.*

/s/ Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
Brian J. Poronsky
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com
brian.poronsky@kattenlaw.com

*Attorneys for Defendants Royal Bank of
Canada and RBC Capital Markets LLC*

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Jamie S. Dycus
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
jamie.dycus@wilmerhale.com

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

/s/ Robert G. Houck
Robert G. Houck
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com

*Attorneys for Defendants The Royal Bank of
Scotland Group plc, The Royal Bank of
Scotland plc, and RBS Securities Inc.*[8]

---

[8] Wilmer Cutler Pickering Hale and Dorr LLP is counsel for these defendants except as to Plaintiffs Prudential Investment Portfolios 2; Triaxx Prime CDO 2006-2 LTD; Triaxx Prime CDO 2007-1 LTD; Principal Funds, Inc.; Principal Capital Interest Only I, LLC; Principal Commercial Funding, LLC; Principal Commercial Funding II, LLC; Principal Financial Group, Inc.; Principal Financial Services, Inc.; Principal Life Insurance Company; Principal Real Estate Investors, LLC; Principal Variable Contracts Funds, Inc.; and Fannie Mae.  Clifford Chance US LLP is counsel for these defendants except as to Plaintiff the Federal Home Loan Mortgage Corporation.

*/s/* Eric J. Stock
Mark A. Kirsch
Eric J. Stock
Jefferson E. Bell
Matthew Greenfield
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
mkirsch@gibsondunn.com
estock@gibsondunn.com
jbell@gibsondunn.com
mgreenfield@gibsondunn.com

*Attorneys for Defendants UBS AG, UBS*
*Securities LLC, and UBS Limited*