# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
|---|---|---|
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

April 30, 2018

VIA ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   In re LIBOR-Based Financial Instruments Antitrust Litigation, Case No. 11-md-2262

Dear Judge Buchwald:

We write as liaison counsel on behalf of the Over-the-Counter Plaintiffs, the Direct-Action Plaintiffs, and the Lender Plaintiffs and propose the attached schedule for the merits phase of this action. Ex. 1.

Despite weeks of meet and confers with the defendants on the schedule, Defendants announced just this week that they are insisting on a unilateral stay of discovery, and will not even be proposing a schedule for discovery at all. The Plaintiffs' proposed schedule will move this case forward from class certification and into merits discovery. The Defendants' proposed schedule, by contrast, would stay all discovery in this case so the Defendants can file yet another round of motions to dismiss directed at anticipated amended complaints from certain plaintiffs' groups that have not even been filed yet.[1]

The Defendants' proposed schedule would set this case back significantly. The Defendants have already filed at least five rounds of motions to dismiss (six if the Court counts the Defendants' opposition to motions for leave to amend). Under the Defendants' proposed schedule, briefing on the Defendants' *sixth* round of anticipated motions to dismiss would not conclude—much less be

---

[1] As set forth in the Court's recent Orders, the FFP Plaintiffs and Schwab are prepared to amend or move for leave to amend only the complaints in case numbers 1:13-cv-06013; 1:13-cv-06014; 1:18-cv-01540; 1:14-cv-01757; 1:13-cv-03952; and 1:13-cv-07005. Other DAPs have not yet determined whether they will amend or seek leave to do so, nor have the Principal plaintiffs with regard to their complaints which Defendants have not yet moved to dismiss.

April 30, 2018
Page 2

resolved—until October, making it virtually certain that merits discovery in this more-than-six-year-old case would be fully stayed until 2019.  Plaintiffs respectfully submit that this proposal makes no sense, as there is much that can be accomplished between now and then.

Indeed, the Defendants' proposed stay of discovery and refusal to participate in the discovery process has already imposed significant inefficiencies on the progress of this litigation.  On March 12—less than two weeks after this Court's order granting class certification—the OTC Plaintiffs sent defendants JPMorgan, Bank of America, and UBS (the live defendants in the OTC action) comprehensive emails detailing deficiencies in those defendants' discovery responses.  Exs. 2–4.  Most notably, the OTC Plaintiffs observed that those defendants had objected to nearly all of the OTC Plaintiffs' document requests on the (now stale) basis that the discovery was not relevant to class certification.  *Id.*  The OTC Plaintiffs also noted that Bank of America has not produced ***a single email from 2009*** or ***a single audio recording*** period from taped lines of its LIBOR personnel, and JPMorgan has only collected audio recordings from a limited set of custodians for a limited set of dates rather than for the class period.  The OTC Plaintiffs also noted that the defendants had refused to produce privilege logs.  *Id.*  The OTC Plaintiffs asked JPMorgan, Bank of America, and UBS when we could expect amended responses to our document requests, when we could confer on the scope of audio and ESI productions, and when the defendants would be serving (long overdue) privilege logs.  *Id.*  The defendants refused to engage at all on those discovery issues, insisting that the Court first enter a scheduling order.  Then this week, Defendants announced for the first time that they were staying discovery unilaterally, and propose a schedule that puts off updated responses to the OTC Plaintiffs' already two-plus-year-old document requests until next year at the earliest.  Exs. 5–7.

The DAPs, meanwhile, still do not have a complete set of the regulatory documents that Defendants produced to the class plaintiffs years ago.  Based on the Court's prior rulings, DAPs believe they cannot issue formal discovery requests without express permission from the Court.

There is no reason this case should not move forward.  There are live claims against numerous Defendants, and Plaintiffs are eager to move forward on those claims.  The Defendants are more than capable of briefing any motions to dismiss or oppositions to leave to amend while discovery is ongoing.  The Defendants argued in meet and confers that discovery cannot be efficiently coordinated without certainty as to which claims are viable and which are not but that argument makes no sense. Regardless of the legal theory each plaintiffs' group relies on, the factual issues at issue in discovery will be overwhelmingly the same for all plaintiffs, namely, defendants conduct that allegedly suppressed LIBOR.  Discovery will thus be conducted in a materially identical fashion regardless of how any new motions to dismiss are resolved.  Further, the certified OTC class is entitled to discovery related to damages; any potential motions to dismiss will not even theoretically affect discovery related to damages suffered by members of the certified OTC class, and there is no reason that discovery cannot proceed while any motions to dismiss are pending.  The same is true for many of the DAPs, who are also entitled to discovery

on damages—discovery that will be the same regardless of the outcome of the Defendants' anticipated motions to dismiss.

These cases have been on file for more than six years. The Defendants cannot justify putting the merits phase of this case on ice while they litigate yet another round of motion to dismiss briefing.

Accordingly, the Plaintiffs' proposed schedule moves this case forward expeditiously, providing a reasonable period of time for document discovery, depositions, and expert discovery, followed by briefing on any motions for summary judgment after discovery closes. The proposed schedule attempts to be efficient while accounting for the difference in discovery received by the different plaintiffs' groups thus far, the complex nature of the claims, the large number of parties, and the probable need to use the Hague Convention to obtain evidence overseas. Doubling down on their efforts to stall this case entirely, the Defendants—while objecting to any discovery whatsoever—have argued in meet and confers that the dates proposed by the Plaintiffs for discovery are far too short.[2] The Defendants' counter proposal would extend the Plaintiffs' proposed schedule by two years and—even without their proposed stay of all discovery until 2019 so they can file a sixth round of motions to dismiss—would push the Joint Pretrial Order in this case out to 2023 at the earliest, *five years from now*. The Court should reject the Defendants' untenable proposed delay.

The Plaintiffs respectfully request that the Court enter an order adopting the Plaintiffs proposed schedule.

Respectfully Submitted,


William Christopher Carmody

cc:   All counsel of record (via CM/ECF)

---

[2] The Defendants proposed a total of 9 months for substantial completion of document discovery in response to initial requests for production, 18 months for depositions, and four months for expert depositions after reply expert reports are served.