```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to:

    ALL ACTIONS

------------------------------------------X

**ORDER**

11 MD 2262 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    The Court is in receipt of a number of letters addressing certain scheduling issues relating to discovery and motions practice as to the amended complaints that will or may be filed. In particular, the Court has reviewed the defendants' letter of April 30, 2018 (ECF No. 2498); the OTC, Direct Action, and Lender plaintiffs' letter of April 30, 2018 (ECF No. 2499); the Schwab plaintiffs' letter of May 1, 2018 (ECF No. 2501); the Green Pond plaintiffs' letter of May 1, 2018 (ECF No. 2503); and the FFP plaintiffs' letter of May 2, 2018 (ECF No. 2505).

    While the Court is well aware of the filing date of this MDL and appreciates the need for all concerned to invest in the advancement of this litigation, the reality is that there remains lack of clarity as to the identity of defendants and viable claims. The Court generally agrees with defendants' position -- consistent with customary case management procedures -- that the defendants remaining in an action, the viability of

1

claims, and any related legal issues should be established or resolved with reasonable certainty before full-fledged discovery is undertaken. At the same time, given the legal issues that have been addressed previously and the fact that viable claims remain against several defendants, there would appear to be at least some discovery (likely documentary) that could be conducted without prejudice to any party or named defendant. Plaintiffs' submission falls far short, however, of describing such limited discovery and of proposing a discovery plan that is unlikely to result in substantial duplication of effort if the parties to, or the legal issues remaining in, a given action were to change as a result of intervening developments.

Therefore, if plaintiffs in fact wish to advance this case expeditiously, amended pleadings -- or motions for leave to amend -- should be filed sooner rather than later. The Second Circuit's decision in Charles Schwab Corp. v. Bank of America Corp., 883 F.3d 68 (2d Cir. 2018), was issued ten weeks ago, and indeed, the Court considers generous the amount of time afforded by May 15, 2018 deadline previously requested by certain plaintiffs. Nonetheless, because the precise scope of amendments that plaintiffs will make remains unknown, the parties are directed to submit a (hopefully agreed upon) schedule for the filing of amended complaints and accompanying motions. The first date in any proposed schedule should apply

to both the filing of complaints amended as of right (either under Schwab or under Rule 15(a)(1)), and the filing of motions for leave to amend. That is, complaints amended as of right and motions for leave to amend should be filed concurrently. The second deadline should apply to both defendants' motions to dismiss the complaints amended as of right and oppositions to plaintiffs' motions for leave to amend, which again should be filed concurrently. Likewise, the third deadline should apply to both plaintiffs' oppositions to defendants' motions to dismiss and plaintiffs' replies in support of their motions for leave to amend. Defendants may file replies in support of their motions to dismiss thereafter, by a fourth deadline. Given the number and extent of legal issues that have previously been decided, the proposed motions schedule should be condensed and allow for no more than 70 days between the first and fourth deadlines.

The Court looks forward to receiving a proposed schedule and further submissions on the subject of discovery consistent with the comments set out above.

**SO ORDERED.**

Dated:   New York, New York
         May 7, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3