

1775 PENNSYLVANIA AVENUE NW, SUITE 375　　　　　　　　　　　　　　　　　　　　　　　　JAMES R. MARTIN
WASHINGTON, DC 20006　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　jmartin@zelle.com
(202)-899-4100 MAIN　　(612) 336-9100 FAX　　　　　　　　　　　　　　　　　　　　　　　(202) 899-4101

May 9, 2018

By ECF and Facsimile

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

　　　　We write on behalf of Direct Action Plaintiffs ("DAPs") in response to the Court's Order dated May 7, 2018 ("the May 7 Order") in which the Court directed plaintiffs to propose discrete discovery that could be conducted without prejudice to any party or named defendant.

　　　　As a first step, DAPs ask the Court to order certain Defendants[1] (Non-Producing Defendants) to immediately make available to DAPs all documents that they produced to the class action plaintiffs in the certification process. In addition, DAPs request an order directing Defendant Barclays to produce its regulatory productions and transactional data. A separate order is needed for Barclays because it produced those materials to class plaintiffs in settlement proceedings, not in response to later class discovery requests.

　　　　As the Court may recall, DAPs requested these materials twice during the class certification stage of the case.[2] The Court ruled those requests were premature.[3] DAPs believe those requests are now ripe. And the documents are relevant to core factual issues in every DAP case, including (1) the fact, duration, scope, and effect of the conspiracy, (2) whether, and by how much, Defendants suppressed their USD LIBOR submissions, and (3) the identities of the individuals who participated in, or were aware of, systematic suppression. *See, e.g., In re Urethane Antitrust Litig.*, 261 F.R.D. 570 (D. Kan. 2009) ("In antitrust cases involving allegations of conspiracy, this liberal policy favoring discovery is particularly appropriate because 'broad discovery may be

---

[1] The Non-Producing Defendants are Bank of Tokyo-Mitsubishi UFJ, Bank of Scotland plc, HBOS plc, Lloyds, Norinchukin, Rabobank, Société Générale, Portigon AG, and WestImmo AG. Other Panel Bank Defendants: Bank of America, Citibank, Deutsche Bank, Credit Suisse, HSBC, JPMorgan, RBC, RBS, and UBS, all of which agreed to (and did) produce the requested documents to DAPs last summer. DAPs reserve their right to seek documents from these defendants, if any, that were promised but not produced. Defendant The British Bankers Association is not a named defendant in any class case and therefore not subject to this request.

[2] *See* Letter from James R. Martin to Hon. Naomi Reice Buchwald (June 9, 2017), ECF Nos. 1963; Letter from James R. Martin to Hon. Naomi Reice Buchwald (May 16, 2016), ECF No. 1410.

[3] *See* Order dated July 5, 2017 (denying application without prejudice), ECF No. 2047; Letter from Hon. Naomi Reice Buchwald to Counsel (June 7, 2016), ECF No. 1441.

The Honorable Naomi Reice Buchwald
May 9, 2018
Page 2

needed to uncover evidence of invidious design, pattern, or intent,'" direct evidence "is often difficult to obtain, and the existence of a conspiracy frequently can be established only through circumstantial evidence, such as business documents and other records.").[4]

The Non-Producing Defendants argued last June that the Court lacks the power to order them to produce any documents because the Court granted motions to dismiss for lack of personal jurisdiction in all MDL cases.[5] DAPs respectfully disagree that the Court's jurisdictional rulings are dispositive, particularly with regard to documents that the Non-Producing Defendants already provided to class plaintiffs.[6] Rather than expend the time and resources to litigate that issue, however, DAPs propose that the Court order class plaintiffs to share the documents produced by those Defendants.[7] The Court clearly has jurisdiction to enter such an order.

As a second step, DAPs will work with the parties to identify additional discrete discovery requests that meet the Court's guidelines for interim discovery pending the resolution of additional briefing on the merits. DAPs and counsel for the OTC Class will seek to submit those discovery items by May 18.

Sincerely,

/s/ James R. Martin
James R. Martin
*Direct Action Plaintiffs Liaison Counsel*

cc:   All Counsel (via ECF)

---

[4] *See also, In re Aspartame Antitrust Litig.*, No. 2:06–CV–1732–LDD, 2008 WL 2275531, at *1 (E.D. Pa. May 13, 2008) ("This broad scope of discovery 'has been held to be particularly appropriate in antitrust cases.'"); *In re Microcrystalline Cellulose Antitrust Litig.*, 221 F.R.D. 428, 429–30 (E.D. Pa. 2004) ("[A] broad scope of discovery is particularly appropriate in antitrust litigation because, for example, relevant business documents pertaining to the antitrust conspiracy may not exist and covert behavior may have to be proven through less direct means."); *Callahan v. AEV, Inc*., 947 F.Supp. 175, 179 (W.D. Pa. 1996) ( "Discovery in an antitrust case is necessarily broad because allegations involve improper business conduct.... Such conduct is generally covert and must be gleaned from records, conduct, and business relationships.").

[5] Letter from Christopher M. Viapiano to Hon. Naomi Reice Buchwald (June 16, 2017), ECF No. 1984.

[6] The case previously cited by Defendants, *Gucci America, Inc. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014), did not establish a clear standard for determining specific jurisdiction over nonparties in the context of discovery requests. In *Gucci*, the Second Circuit recognized that the Supreme Court had not ruled on that specific question and at least one circuit focused on the connection between the nonparty's contacts with the forum and the discovery request at issue. *Id*. at 141–42 (citing *Application to Enforce Admin. Subpoenas Duces Tecum of the S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir.1996)); *see also Leibovitch v. Islamic Republic of Iran*, 852 F.3d 687, 689-90 (7th Cir. 2017) ("[A] district court can have ... 'specific' jurisdiction over a corporation if the corporation's activities within the jurisdiction of the court are closely related to the lawsuit or, as in this case, to subpoenas ... issued within that jurisdiction.") Thus, the Court may find a sufficient nexus between a defendant's contacts with the United States and the discovery requested, even if the Court concluded that it lacks personal jurisdiction over claims for relief. *Id.*

[7] DAPs have consulted with the OTC class plaintiffs to assure them that DAPs would obtain those materials directly from the OTC class plaintiffs' document vendor and DAPs would pay the vendor costs for that effort.