# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                   :

IN RE CREDIT DEFAULT SWAPS ANTITRUST    :
LITIGATION                                :      13 Md. 2476 (DLC)
                                   :

This Document Relates To: All Actions         :
                                   :
                                   :
                                   :
------------------------------------------------------------------ x

## JOINT INITIAL REPORT

Pursuant to section 1(A) of the Standing Order for the Pilot Project Regarding Case

Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot

Project Standing Order"), which, by order of this Court, governs pretrial procedures in this

matter, Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's instructions at the

December 5, 2013 hearing, counsel for the undersigned parties met and conferred on August 19,

2014 and September 11, 2014, and submit this Initial Report.

## I.    NATURE OF THE LITIGATION

The nature of this litigation is set forth in the Second Consolidated Amended Class

Action Complaint (Dkt. 285) and this Court's September 4, 2014, Opinion and Order (Dkt. 321).

## II.    INITIAL DISCLOSURES

The parties will dispense with all initial disclosures described in Federal Rule of Civil

Procedure 26(a)(1), with the exceptions noticed below, and in place of such disclosures, will

exchange the following information:

        A.     Rule 26(a)(1)(A)(i) Disclosures:  Within 21 days of the entry of the Rule 16(b)

            scheduling order, all parties will produce to the other parties the disclosures

            described in Federal Rule of Civil Procedure 26(a)(1)(A)(i).

B. <u>Initial Document Production</u>: Within 30 days of the entry of the Rule 16(b) scheduling order, Defendants will produce (i) copies of the Civil Investigative Demands ("CIDs") issued by the U.S. Department of Justice ("DOJ") in connection with its investigation into credit default swaps ("CDS"), (ii) all documents dated or created on or after January 1, 2007 that were produced to the DOJ in connection with those CIDs (without prejudice to the parties' positions as to the appropriate time period for subsequent document discovery in this action), and (iii) transcripts of all depositions taken by the DOJ in connections with those CIDs. Defendants will simultaneously disclose to Plaintiffs the following information about their production to the DOJ: (i) the custodians and search terms that were used, (ii) the timeframe covered, and (iii) the sources of the documents produced. Within 30 days of the entry of the Rule 16(b) scheduling order, Plaintiffs will produce copies of any documents received from Citadel LLC (f/k/a Citadel Investment Group, LLC) or CME Group related to the subject matter of this litigation. The parties agree that the initial document productions contemplated in this paragraph shall not constitute a waiver of any attorney client, work product, or other applicable privilege.

C. <u>Documents Produced to the European Commission</u>: Within 30 days of entry of the Rule 16(b) scheduling order, each Defendant will meet and confer with Plaintiffs regarding the parameters and scope of its production to the European Commission ("EC") and any issues that may relate to the production of these materials. Within 60 days of entry of the Rule 16(b) scheduling order, the parties

will report to the Court regarding any remaining issues with regard to the production to Plaintiffs of the documents produced to the EC.

D.      Additional Disclosures:  Within 45 days of the entry of the Rule 16(b) scheduling order, each Defendant (to the extent applicable) will make reasonable efforts to provide the following information: (i) for each custodian used in the DOJ production and any employee deposed in connection with the DOJ investigation, (a) the person's name; (b) the person's employer and city, state, and country of employment; (c) the person's current title, if any, with that party and any other title or position he or she had during the class period; and (d) a statement as to whether the person is currently employed by or an agent of the party and, if not, the person's last known phone number(s), address(es), and email address(es), and (ii) the names of any employees who served on (a) the boards of directors of ISDA or Markit from January 1, 2008 through December 31, 2013, and (b) the risk committees of ICE Clear or CME Clearing from January 1, 2008 through December 31, 2013.

E.      Initial Custodian Proposals:  Within 30 days of the service of requests for production of documents, each party shall make a good faith proposal of the appropriate custodians for purposes of document discovery, including former and current employees.  This proposal shall not bind the party making the proposal to any requirements about the manner in which the files of the proposed custodians shall be searched.  For each proposed custodian, each party will make a reasonable effort to provide the following information: (i) the person's name; (ii) the person's employer and city, state, and country of employment; (iii) the

3

person's current title, if any, with that party and any other title or position he or she had during the class period; and (iv) a statement as to whether the person is currently employed by or an agent of the party. For those proposed custodians identified by Defendants who were also custodians for purposes of the DOJ productions, the parties agree to meet and confer in good faith regarding an appropriate method for any additional search that may be reasonably necessary in connection with those custodians in light of the search that was performed and documents that were produced from such custodians in connection with the DOJ productions.

## III.   FOREIGN DOCUMENTS AND WITNESSES

Within 21 days of the entry of the Rule 16(b) scheduling order, the parties will meet and confer to discuss issues related to discovery of documents and information located outside the United States and from witnesses who reside or are located outside the United States. Within 30 days of entry of the Rule 16(b) scheduling order, the parties will report to the Court regarding any remaining issues with regard to foreign documents and witnesses.

## IV.   DOCUMENT PRODUCTION, INCLUDING ESI

The parties have prepared a separate proposed order regarding the logistics of document discovery in the actions, which includes initial provisions for the collection and production of electronically stored information ("ESI"). See Exhibit A.

## V.   CONFIDENTIAL DISCOVERY MATERIALS

The parties have agreed that issues about claims of confidentiality should be governed by the proposed Protective Order, which the parties have attached hereto as Exhibit B for the Court's review and approval.

## VI.    DISCOVERY LIMITATIONS

A.    <u>Identity of the Parties</u>:  For purposes of this Joint Report, the parties agree that

there are 6 Plaintiffs (which are LACERA, Salix Capital, the Delta Funds, Value

Recovery Fund, Essex Regional Retirement System, and the Unipension Pension

Funds) and 14 Defendants (which are BofA, BNPP, Barclays, Citibank, Credit

Suisse, Deutsche Bank, Goldman Sachs, HSBC, JPMorgan, Morgan Stanley,

RBS, UBS, ISDA and Markit).  To the extent either Plaintiffs or Defendants

determine, through the course of discovery, that affiliated Plaintiffs or

Defendants should be treated as separate entities for the purposes of the

discovery limitations described in this report, the parties will meet and confer in

good faith regarding appropriate additional discovery for those affiliated

Plaintiffs.

B.    <u>Document Requests</u>:  Each party may serve an unlimited number of document

requests to any other party(-ies).

C.    <u>Interrogatories</u>:  Plaintiffs (collectively) may serve up to 25 interrogatories on

each Defendant, and Defendants (collectively) may serve up to 25 interrogatories

on each Plaintiff.  Each Plaintiff, and each Defendant, may serve up to a total of

10 additional interrogatories on each Defendant, or each Plaintiff, but in no event

may a total of more than 40 interrogatories be served on any party.

D.    <u>Requests for Admission</u>:  Plaintiffs may collectively serve up to 50 requests for

admission on each Defendant, and Defendants may collectively serve up to 50

requests for admission on each Plaintiff.  Each Plaintiff, and each Defendant, may

serve up to a total of 10 additional requests for admission on each Defendant, or

each Plaintiff, but in no event may a total of more than 75 requests for admission be served on any party.  The parties must observe the limitations on length stated in section II(F) of the Pilot Project Standing Order.

E.      Consultation:  Each Defendant must consult the other Defendants before serving any discovery request on a party for the purpose of ensuring that the parties do not serve unnecessarily duplicative requests.

F.      Party Fact Depositions:  Plaintiffs (collectively) may notice the deposition of up to a total of 11 fact witnesses per Defendant pursuant to Federal Rule of Civil Procedure 30(b)(1) or Rule 30(b)(6).  Defendants (collectively) may notice the deposition of up to a total of 6 fact witnesses per Plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(1) or Rule 30(b)(6).  Former employees of a party shall be deemed party fact witnesses for purposes of this provision.  For 30(b)(6) depositions, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party fact depositions provided in this paragraph; however, designation of multiple witnesses for Rule 30(b)(6) depositions must be done in good faith.

G.      Non-Party Depositions:  Plaintiffs (collectively) and Defendants (collectively) each may serve no more than four subpoena duces tecum on any particular non-party, with the total number of non-parties subpoenaed to remain unlimited.  Pursuant to subpoenas ad testificandum or otherwise, Plaintiffs (collectively) may depose up to 45 non-party witnesses, and Defendants (collectively) may depose up to 45 non-party witnesses.  If the identity of the particular non-party witness to

6

be deposed is not stated in the subpoena and the non-party offers the deposition of more than one witness in response to the subpoena, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for non-party depositions provided in this paragraph; however, designation of multiple witnesses for Rule 30(b)(6) depositions must be done in good faith.  Each party must provide the other parties with:  (1) copies of any subpoenas at the time of service; (2) a written record of any oral or written modification to the subpoenas; (3) notice that the party has received any documents or data from the non-party in response to the subpoena; and (4) a copy of such documents or data, promptly upon receipt..

H.  <u>Withdrawal of Deposition Notices</u>:  Upon giving reasonable notice, a party (including Plaintiffs collectively or Defendants collectively) may withdraw a deposition notice at any time prior to the deposition, and that deposition will not count against the party for purposes of the number of depositions allotted herein.

I.  <u>Exceptions</u>:  The limitations on the number of discovery requests set forth under this heading ("Discovery Limitations") do not apply to (1) discovery requests made by a Plaintiff to another Plaintiff or a Defendant to another Defendant or (2) depositions of witnesses on a party's trial witness list, as described in section VII(G) below.  In addition, to the extent that the parties are unable, after meeting and conferring in good faith, to resolve issues regarding (i) the authenticity of documents, (ii) the status of documents as records of a regularly conducted activity for purposes of Federal Rule of Evidence 803(6), (iii) the

foundation for a possible objection to a claim of privilege, (iv) compliance with a subpoena, or (v) the foundation for a possible motion to compel, such party may by agreement or, absent an agreement, may apply to the Court for leave to take additional depositions or serve additional requests for admission limited to such matters and, if agreed to by the parties or approved by the Court, such depositions and requests for admission will not count toward the limitations on the number of depositions and requests for admission.

J.      Rights Reserved:  Nothing in this section prohibits a party or non-party from objecting to or moving to quash or modify any particular discovery request or subpoena it receives, or from seeking a protective order from the Court, on any appropriate ground, including that the discovery requests noticed to it are cumulative or unfairly burdensome.  In addition, for good cause shown, any party may seek relief from the Court from the limitations set forth under this section heading ("Discovery Limitations").

## VII.   FACT DEPOSITIONS

A.      Attendance and Scheduling:  All parties may attend any deposition noticed in this action.  Parties must provide reasonable notice of the number and identity of attendees prior to each scheduled deposition.  The parties shall consult periodically in a good-faith effort to agree in advance upon a mutually acceptable schedule of depositions for each upcoming calendar quarter.  Subject to the foregoing, parties will make best efforts to provide deposition notices at least 14 days' in advance of any deposition.  Within 10 days of service of any party deposition notice, the noticed party must notify all other parties that the noticed deposition date is acceptable or make reasonable efforts to offer an alternative

date within 30 days of the noticed date.  Parties noticing a deposition must make

reasonable efforts to choose a date for the deposition that is convenient for the

witness and, when possible, all attending parties.

B.  Time:  Except for the depositions described in paragraph VII(C) below,

depositions will proceed for no more than 7 hours of on-the-record time.  Any

party who noticed the deposition of a party witness (including Plaintiffs

collectively or Defendants collectively) is entitled to question the witness for 6 of

the 7 hours of on-the-record time, or an equivalent portion of any deposition

scheduled to last more or less than 7 hours on-the-record.  During the time

remaining after the noticing party or parties have finished their examination, any

other parties attending the deposition (including the party defending the

deposition, or, if none, the witness's counsel) may question the witness, with a

reasonable division of this time to be determined among them.  With respect to

non-party depositions, the presumption shall be that the noticing party or parties

will be entitled to 5 of the 7 hours unless a cross-notice has been served, in which

event the presumption is that the time will be split evenly between Plaintiffs

collectively and Defendants collectively, subject to further agreement of the

parties or order of the Court.  Allotted time that is unused by the party entitled to

it may be used by any other party at the deposition, not to exceed the 7-hour or

other-agreed limitation on the total time of the deposition.  For non-party

depositions noticed by Plaintiffs collectively or Defendants collectively, the

member parties of the noticing group must meet and confer to determine how the

allotted time for the deposition will be used among them.

C.   <u>Over-Length Depositions:</u>  Depositions may proceed for longer than 7 hours of on-the-record time when (i) an agreement for a longer duration is reached between the party taking the deposition and the party defending the deposition (or, if the witness is not represented by any party, the witness's counsel), in light of all parties' recognition that some depositions may reasonably require more than one day and their agreement to negotiate such extensions of deposition time in good faith; or (ii) permitted by order of the Court.  The parties further recognize that depositions related to Citadel LLC (f/k/a Citadel Investment Group, LLC), CME Group, and CMDX may reasonably require more than one day and agree to confer with each other and with counsel for those entities on appropriate time limitations and divisions for depositions for those entities.

D.   <u>Questioning and Objections:</u>  An objection or motion to strike made by any party at a deposition will be preserved for all other parties and need not be explicitly joined.

E.   <u>Deposition Logistics and Costs:</u>  The first party to notice the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer.  Each party is responsible for ordering and paying for its own copies of the transcripts or video from the court reporter or videographer, unless the parties agree to share these costs.

F.   <u>30(b)(6) Depositions:</u>  A party served with a notice for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) may designate one person to testify on more than one noticed topic, or may designate more than one witness to testify on a single noticed topic.  To the extent possible, a party served with a notice for

deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) shall disclose the identity of the witness or witnesses to testify at the deposition at least one week prior to the scheduled date for the deposition.

G.    Additional Depositions:  Any witness appearing on a party's trial witness list who has not previously been deposed in the actions may be deposed prior to trial (or, if the parties agree, during trial).

## VIII.  EXPERTS

A.    The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited herein, at the times and in the manner provided below.  The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705.

B.    Expert Reports and Summaries:  On the dates provided in the case schedule, Plaintiffs must serve their opening expert reports, Defendants must then serve their expert reports, and Plaintiffs must then serve their reply reports.  The expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this section.

C.    Associated Documents and Data:  Within 5 business days of service of any expert report, the serving party must produce to all other parties a copy of all documents or data referred to therein, except for any documents or data that have been produced previously in the actions, which can instead be referred to by Bates number.  To the extent the disclosures in an expert report include, rely upon, or describe exhibits, information, or data processed or modeled by a computer at the

direction of an expert in the course of forming the expert's opinions, the party

offering the expert's opinions must produce machine-readable copies of the data

along with the appropriate programs, software, and instructions, except that no

party need produce programs, software, or instructions that are commercially

available at a reasonable cost.  No party need produce databases, programs, and

software that (i) are used in the ordinary course of a party's business and (ii) are

not practicable to copy, as long as the party offering the expert's opinion provides

timely and reasonable access for purposes of replication or analysis of disclosed

results.

D.     <u>Expert Discovery Limitations</u>:  The provisions of Federal Rule of Civil Procedure

26(b)(4)(C), as modified or limited herein, will apply to expert discovery in the

actions.  No expert or party is required to produce or describe on a privilege log

and no party may seek discovery of by any method (including by deposition):

(i) any communication between an expert (including his or her assistants,

employees, or agents) and a party offering the testimony of such expert or a co-

party thereof (including that party's employees, agents, consultants, and counsel,

and their employees or agents); (ii) any communication between an expert and his

or her employees, assistants, or agents; (iii) drafts of any report, exhibit, study,

work paper, computation, calculation, compilation, or any other material prepared

by, for, or at the direction of an expert, regardless of the form in which the draft is

recorded; or (iv) any notes or other writings made by, for, or at the direction of an

expert.  Nothing in this paragraph relieves an expert or party from the duty to

identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions.

E.   <u>Depositions</u>:  The parties have not waived expert depositions.  Nothing in this Joint Report is intended to waive the ability to request multiple depositions of any experts who submit more than one report.

## IX.   DISPUTES & MOTIONS

A.   <u>Future Discovery Disputes</u>:  If discovery disputes arise between the parties, the parties must follow the procedures for seeking resolution of such disputes set forth in this Court's Individual Practices in Civil Cases at section 2(C).

B.   <u>Non-Discovery Motions</u>:  Section 3(A) of this Court's Individual Practices in Civil Cases (which dispenses with the pre-motion conference requirement for all motions except discovery motions), and not section III(A) of the Pilot Project Standing Order, governs non-discovery motion practice in this action.  Otherwise, section III of the Pilot Project Standing Order governs non-discovery motion practice in this action.

## X.   SCHEDULE

The parties propose the following schedule for this litigation, which they believe will lead to an efficient resolution of this action.  (Unless otherwise noted, the times indicated below are after entry of the Rule 16 Order.)

| | |
|---|---|
| Joint Initial Report, Proposed Protective Order, and Stipulation and Proposed Order Regarding Production of Discovery Material filed | |
| Rule 16 Order entered by Court | |
| Initial Disclosures served | 21 days |
| Answers to Second Consolidated Amended Class Action Complaint | 45 days |
| Deadline for Substantial Completion of Document Production | 7 months after service of request for |

| | production |
|---|---|
| Deadline for completion of fact discovery | 16 months |
| Opening class certification brief served | 16 months |
| Plaintiffs' opening merits expert reports served | 45 days after class certification briefing completed |
| Defendants' merits expert reports served | 60 days after Plaintiffs' opening reports |
| Plaintiffs' reply merits expert reports served | 60 days after Defendants' reports |
| Deadline for completion of expert depositions | 30 days after completion of expert reports |
| Summary judgment motions filed | not later than 45 days after the deadline for completion of expert depositions |
| Summary judgment oppositions filed | 60 days after motions filed |
| Summary judgment replies filed | 60 days after oppositions filed |
| Trial Date | |

Following the filing of the opening class certification brief, the parties will meet and confer about the schedule for responsive briefing. To the extent any dates in the schedule are affected by any Court-ordered stay or extensions thereof, the parties will meet and confer to determine reasonable alternative dates applicable to any parties included under the stay, as necessary, and, if necessary, seek approval of the Court.

## XI. BIFURCATION AND MINI-TRIALS

The parties do not believe at this time that there are issues as to which bifurcation or a mini-trial would be helpful.

## XII. ADR/MEDIATION

The parties are open to the potential resolution of this matter through mediation, and will meet and confer regarding the selection of a mediator and the timing of any such mediation.

14

## XIII.  TRIAL

A.  <u>Magistrate Trial</u>:  The parties do not consent to trial by magistrate.

B.  <u>Pretrial Order</u>:  The parties do not consent to waive the pretrial order.  At the
completion of summary judgment, however, the parties will confer with each
other and the Court regarding the need for, and items to be included in, the
pretrial order.

Respectfully submitted,


 /s/ *Daniel L. Brockett*         
Daniel L. Brockett
Steig D. Olson
Sascha N. Rand
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com
steigolson@quinnemanuel.com
sascharand@quinnemanuel.com

 /s/ *Bruce L. Simon*         
Bruce L. Simon
Clifford H. Pearson
George S. Trevor
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Fax: (415) 433-9008
bsimon@pswlaw.com
cpearson@pswlaw.com
gtrevor@pswlaw.com
asheanin@pswlaw.com

***Counsel for Plaintiffs and the Proposed Class***

 /s/_____           /s/_____
Robert F. Wise, Jr.                        Todd S. Fishman
Arthur J. Burke                            Michael S. Feldberg
Jeremy T. Adler                            M. Elaine Johnston
DAVIS POLK & WARDWELL LLP                  ALLEN & OVERY LLP
450 Lexington Avenue                       1221 Avenue of the Americas
New York, NY 10017                         New York, NY 10020
Tel:  (212) 450-4000                       Tel:  (212) 610-6300
Fax:  (212) 701-5800                       Fax:  (212) 610-6399
robert.wise@davispolk.com                  todd.fishman@allenovery.com
arthur.burke@davispolk.com                 michael.feldberg@allenovery.com
jeremy.adler@davispolk.com                 elaine.johnston@allenovery.com

*Attorneys for Bank of America Corporation*   *Attorneys for Barclays Bank PLC*
*and Bank of America N.A.*

/s/ _____
David Esseks
Brian de Haan
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399
david.esseks@allenovery.com
brian.dehaan@allenovery.com

John Terzaken
Molly Kelley
ALLEN & OVERY LLP
1301 K Street N.W.
9th Floor, East Tower
Washington, D.C. 20005
john.terzaken@allenovery.com
molly.kelley@allenovery.com

*Attorneys for BNP Paribas*

/s/ _____
Benjamin R. Nagin
Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
bnagin@sidley.com
ejoyce@sidley.com

David F. Graham*
David C. Giardina*
Jennifer E. Novoselsky
*admitted *pro hac vice*
SIDLEY AUSTIN LLP
1 S Dearborn St
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
dgraham@sidley.com
dgiardina@sidley.com
jnovoselsky@sidley.com

*Attorneys for Citigroup Inc., Citibank N.A.
and Citigroup Global Markets Inc.*

 /s/_____

J. Robert Robertson
Benjamin Holt*
HOGAN LOVELLS US LLP
*admitted *pro hac vice*
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax:  (202) 637-5910
robby.robertson@hoganlovells.com
benjamin.holt@hoganlovells.com

*Attorneys for Credit Suisse AG*

 /s/_____

David P. Wales*
*admitted pro hac vice
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
dpwales@jonesday.com

Tracy V. Schaffer
Eric P. Stephens
JONES DAY
222 East 41st Street
New York, NY 10017
Tel:  (212)-326-3916
Fax: (212)-755-7036
tschaffer@jonesday.com
epstephens@jonesday.com

Paula W. Render*
Alex P. Middleton*
*Admitted *pro hac vice*
JONES DAY
77 West Wacker
Chicago, IL 60601
Tel:  (312) 782-3939
Fax:  (312) 782-8585
prender@jonesday.com
apmiddleton@jonesday.com

*Attorneys for Deutsche Bank AG*

 /s/
Richard C. Pepperman II
Bradley P. Smith
D. Andrew Pietro
Mark S. Geiger
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
peppermanr@sullcrom.com
smithbr@sullcrom.com
pietroda@sullcrom.com
geigerm@sullcrom.com

Robert Y. Sperling*
WINSTON & STRAWN LLP
*admitted *pro hac vice*
35 West Wacker Drive
Chicago, IL 60601
Tel:  (313) 558-7941
Fax:  (312) 558-5700
rsperling@winston.com

Elizabeth P. Papez*
WINSTON & STRAWN LLP
*admitted *pro hac vice*
1700 K Street, N.W.
Washington, DC 20006
Tel:  (202) 282-5000
Fax:  (202) 282-5100
epapez@winston.com

*Attorneys for Goldman, Sachs & Co.*

 /s/
Richard A. Spehr
Michael O. Ware
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Tel:  (212) 506-2500
Fax:  (212) 262-1910
rspehr@mayerbrown.com
mware@mayerbrown.com

Andrew S. Marovitz*
Britt M. Miller*
MAYER BROWN LLP
*admitted *pro hac vice*
71 South Wacker Drive
Chicago, IL 60606
Tel:  (312) 782-0600
Fax:  (312) 701-7711
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

*Attorneys for HSBC Bank, PLC and HSBC Bank USA, N.A.*

 /s/_____

Peter E. Greene
Peter S. Julian
Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
New York, NY 10036
Tel:  (212) 735-3000
Fax:  (212) 735-2000
peter.greene@skadden.com
peter.julian@skadden.com
boris.bershteyn@skadden.com

Patrick J. Fitzgerald
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Drive
Suite 2700
Chicago, IL 60606
Tel:  (312) 407-0508
Fax:  (312) 407-0411
patrick.fitzgerald@skadden.com

*Attorneys for J.P. Morgan Chase & Co. and
J.P. Morgan Chase Bank, N.A.*

 /s/_____

Evan R. Chesler
Daniel Slifkin
Michael A. Paskin
Vanessa A. Lavely
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700
echesler@cravath.com
dslifkin@cravath.com
mpaskin@cravath.com
vlavely@cravath.com

*Attorneys for Morgan Stanley & Co. LLC*

 /s/ _____      /s/ _____

Charles F. Rule

Joseph J. Bial

Amy W. Ray

CADWALADER, WICKERSHAM & TAFT LLP

700 6th Street, NW

Washington, DC 20001

Tel:  (202) 862-2200

Fax:  (202) 862-2400

rick.rule@cwt.com

joseph.bial@cwt.com

amy.ray@cwt.com

*Attorneys for Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.*

David C. Bohan

James J. Calder

KATTEN MUCHIN ROSENMAN, LLP

575 Madison Avenue

New York, NY 10022

Tel:  (312) 902-5200

Fax:  (312) 577-4734

david.bohan@kattenlaw.com

james.calder@kattenlaw.com

*Attorneys for UBS AG and UBS Securities LLC*

 /s/_____
Matthew J. Reilly
Abram J. Ellis
SIMPSON THACHER & BARTLETT LLP
1155 F. Street, NW
Washington, DC 20004
Tel:  (202) 636-5500
Fax:  (202) 636-5502
matt.reilly@stblaw.com
aellis@stblaw.com

Michael J. Garvey
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 544-2502
mgarvey@stblaw.com

*Attorneys for International Swaps and
Derivatives Association*

 /s/_____
Alan R Kusinitz
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Colin R. Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel:  (202) 416-6800
Fax:  (202) 416-6899
ckass@proskauer.com

*Attorneys for Markit Group Holdings Ltd.
and Markit Group Ltd.*