# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ARTHUR J. BURKE
212 450 4352

June 20, 2018

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Via ECF and Hand Delivery

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

The remaining Defendants in the Lender action[1] ("Defendants") submit this letter in opposition to the Lender Plaintiffs' June 15, 2018 letter (ECF No. 2555) ("Plaintiffs' Letter") seeking reconsideration based on *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68 (2d Cir. 2018), of this Court's prior dismissal of the Government Development Bank of Puerto Rico ("GDB") on statute of limitations grounds.[2] Lender Plaintiffs' request is both untimely and meritless, and reconsideration should be denied.

*First*, Lender Plaintiffs' request comes months too late. Addressing a materially identical motion made by the Exchange Plaintiffs in April, this Court ruled that "Exchange plaintiffs offer no justification for why their motion was not filed until almost seven weeks after the Second Circuit's issuance of *Schwab*. This unexplained delay alone warrants denial of Exchange plaintiffs' application." (Apr. 24, 2018 Order at 2, ECF No. 2496 ("Apr. 24 Order").) This rationale applies *a fortiori* here. Lender Plaintiffs have provided no explanation at all, let alone justification, for delaying their motion nearly four months after *Schwab* was issued and more than two months after the Exchange Plaintiffs' untimely request. Lender Plaintiffs' request fails for this reason alone.

---

[1] Bank of America Corporation, Bank of America, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and UBS AG.

[2] By submitting this letter, Defendants do not waive their opposition to Lender Plaintiffs' Motion for Leave to Amend the Court's November 3, 2015 Order and for Leave to Amend the Second Amended Consolidated Complaint. (ECF No. 2552.) Defendants plan to respond to Lender Plaintiffs' motion on July 10, 2018, unless that motion is mooted by the Court's order on Plaintiffs' Letter or the Court directs otherwise.

*Second*, Lender Plaintiffs' request, like Exchange Plaintiffs' request before it, does not "meet the substantive standard for reconsideration." (Apr. 24 Order at 2.) A court may reconsider a prior ruling based on an intervening change in controlling law "only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated. [M]ere doubt . . . is not enough." (*Id.* (alteration and ellipses in original).) Lender Plaintiffs do not even raise such a doubt.

Lender Plaintiffs seek reconsideration of the dismissal of GDB's claims, which arise under Puerto Rican law, based on *Schwab*'s ruling as to California's statute of limitations. (*See* Plaintiffs' Letter at 2-3.) But "[i]n contrast to other inquiry notice jurisdictions, California courts have rejected" reliance on "press reporting" to trigger inquiry notice. (Apr. 24 Order at 3 (quoting *Schwab*, 883 F.3d at 97).) As this Court explained in rejecting Exchange Plaintiffs' similar request, *Schwab*'s statute of limitations analysis was "dependent on this unique facet of California law." (*Id.* at 3-4.)

By contrast, Puerto Rican law is like that of "many other jurisdictions" in that it "tolls the running of the statute until the claimant is on notice of her claim—that is, 'notice of the injury, plus notice of the person who caused it.'" *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 14 (1st Cir. 2005). Thus, as this Court correctly held in *LIBOR V*, because a "frequent lender such as GDB . . . is much closer to the exchange-based trader" on the spectrum of active versus passive market participants, GDB had "every reason to follow news about LIBOR" and would or should have been on notice of Defendants' alleged suppression of LIBOR when it was published on the front page of the *Wall Street Journal* in May 2008. *See LIBOR V*, 2015 WL 6696407, at *12 (S.D.N.Y. Nov. 3, 2015). Accordingly, just as *Schwab* did not impact the timeliness of the Exchange Plaintiffs' claims, it does not impact the timeliness of GDB's either.

Indeed, GDB's claims are untimely for an additional reason not present in either the Exchange action or *Schwab*. GDB filed its initial complaint on November 21, 2012. *Id.*; Am. Class Action Compl., No. 12-cv-5723-NRB (S.D.N.Y. Nov. 21, 2012), ECF No. 242. Thus, under Puerto Rico's one-year statute of limitations, GDB's fraud claims (which are the only claims it asserts) are untimely if GDB was, or should have been, on notice of those claims as of November 21, 2011. *See* P.R. Law Ann. tit. 31, §§ 5141, 5298(2). Plainly it was. GDB itself states that it "discover[ed] facts indicating Defendants were knowingly engaging in misconduct" in "March 2011," (Plaintiffs' Letter at 3), and in any event, by November 21, 2011, more than two dozen alleged LIBOR manipulation actions had already been filed, including actions by the Schwab Plaintiffs, as well as actions by OTC and Exchange Plaintiffs that later survived a motion to dismiss.[3] GDB was thus on notice of its claim under any inquiry notice standard by November 21, 2011. The Second Circuit's ruling in *Schwab* does not affect or address any of that analysis and therefore cannot give rise to a "clear conviction of error with respect to a point of law" that was not even before the Second Circuit in that case. (*See* Apr. 24 Order at 2.)

For all of the foregoing reasons, Lender Plaintiffs' request to reconsider the dismissal of GDB's claims should be denied.

---

[3] *See, e.g.*, Compl., *Charles Schwab Bank v. Bank of Am.*, No. 3:11-cv-04187 (N.D. Cal. Aug. 23, 2011); Class Action Compl., *Mayor & City Council of Baltimore v. Bank of Am.*, No. 11-civ-5450 (S.D.N.Y. Aug. 05, 2011); Class Action Compl., *Metzler Inv. v. Credit Suisse*, No. 11-civ-7676 (S.D.N.Y. Oct. 28, 2011).

Hon. Naomi Reice Buchwald 3 June 20, 2018

                        Respectfully yours,

                        <u>/s/ Arthur J. Burke</u>
                        Arthur J. Burke

cc: Counsel for all parties via ECF

Davis Polk & Wardwell LLP