## Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3800 |
| --- | --- | --- |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

June 21, 2018

VIA ECF AND HAND DELIVERY

The Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Case No. 11-md-2262

Dear Judge Buchwald:

We write on behalf of the OTC Plaintiffs in response to defendants JPMorgan and Bank of America's ("Defendants") letter dated June 8, 2018.  ECF 2570.

*Privilege Logs*

Contrary to Defendants' letter, the OTC Plaintiffs dispute Defendants' claim of burden in providing privilege logs for documents already produced, because Defendants' claim of burden is completely unsubstantiated.  *See Boss Mfg. Co. v. Hugo Boss AG*, No. Civ. 8495 (SHS) (MHD), 1999 WL 20829, at *1 (S.D.N.Y. Jan. 13, 1999) ("Although plaintiff's counsel suggests that the production in question is excessively burdensome, he offers no evidence whatever to support this assertion.  That alone suffices to justify its rejection.").[1]  For example, Defendants

---

[1] *See also AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052 (SHS) (HBP), 2008 WL 5062030, at *9 (S.D.N.Y. Nov. 25, 2009) ("AIU's burden in opposing this discovery 'requires an evidentiary showing by competent evidence and cannot be discharged by mere conclusory or ipse dixit assertions.'  AIU has not met this burden."); *see also In re Namenda Direct Purchaser Antitrust Litig.*, Case No. 15 Civ. 7488 (CM) (JCF), 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 9, 2017) ("[I]t is still the responsibility of the target of the subpoena to establish, with evidence and argument, that the discovery sought is unduly burdensome."); *State Farm Mutual Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense."); *cf. In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224–25 (2d Cir. 1984) (holding, in the context of an assertion of privilege, that a party could not discharge its burden of resisting discovery "by mere conclusory or ipse dixit assertions." (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965))).

June 21, 2018
Page 2

do not say how many documents they withheld from their regulatory productions, and if there are only a few thousand or less, there is clearly no burden at all. Nor do Defendants make any representations (much less provide any evidence) as to whether they kept track of documents they withheld from their regulatory productions based on a claim of privilege (even if they did not ultimately produce a privilege log), or tagged them in a database. If they did, that would make creating a log much easier.[2]

Further, Defendants' burden argument is beside the point. The Federal Rules and the Local Rules require Defendants to set out the basis for claims of privilege in a privilege log to allow the OTC Plaintiffs to assess that claim of privilege. Fed. R. Civ. P. 26(b)(5)(A); Local R. 26.2. The Rules do not require the OTC Plaintiffs to establish that there is no burden in creating the logs, or to take Defendants' word that their claims of privilege are correct, and Defendants cite no authority to support that proposition.

Defendants also argue "OTC Plaintiffs cite no case in which a defendant was required to create a privilege log for a prior regulatory production after the fact in a later litigation." ECF 2570, at 1. Not true. That is exactly what the Court held in *Ross v. Abercrombie & Fitch Co.*—a case on which Defendants themselves rely. No. 2:05-cv-0819, 2009 WL 779328, at *2 (S.D. Ohio Mar. 19, 2009) ("Counsel in this case are both entitled to and ***obligated to prepare their own privilege log*** based upon their ***independent review of the law*** of privilege and their ***independent review of the documents*** in question." (emphasis added)). Defendants' failure to even address (much less distinguish) this holding speaks volumes.

Defendants concede the Local Rules expressly contemplate producing privilege logs with each document production, but instead argue that "OTC Plaintiffs do not dispute . . . it would be far more efficient to produce any log that may be required as a single privilege log after the scope of Defendants' productions have been determined across all actions." ECF 2570, at 2. That too is incorrect. It is no less efficient for Defendants to log documents withheld on privilege grounds with each document production than to wait until document discovery closes, and that is why the Local Rules so provide.[3] In no circumstance would Defendants have to log the same document more than once, and each new log would only have to record any additional documents withheld on a claim of privilege. And waiting to the close of document discovery would prejudice the OTC Plaintiffs by depriving them of the ability to follow up with additional document requests on information learned from improperly withheld documents. That is likely why Defendants cannot cite a single case adopting their unprecedented proposal.[4]

---

[2] Nor do Defendants' explain why any failure to preserve such information—when litigation was clearly contemplated, if not already on file—would cut in their favor here.

[3] Indeed, Defendants' argument is self-contradictory. One of the reasons Defendants claim producing a privilege log for their regulatory productions would be burdensome is the amount of time that has passed between the present and their regulatory production. Defendants cannot have it both ways.

[4] The *Ross* case is inapposite on this issue. The Court in *Ross* never ruled the *defendant* was not obligated to produce a privilege log along with its document productions. Rather, *the Court* in *Ross* decided to defer *its own*

June 21, 2018
Page 3


*Corporate Policies: Document Retention & Audio Recording*

*Second*, Defendants' response on their document retention policies is also wrong. Defendants incorrectly argue that "OTC Plaintiffs do not dispute that they 'must provide an 'adequate factual basis' to justify' seeking such discovery 'collateral to the relevant issues.'" ECF 2570, at 2. Not true. The extensive authority the OTC Plaintiffs cited in our prior letter (and which Defendants fail to address) stands for the opposite proposition: discovery of document retention and destruction policies is routine.[5] Defendants cite two cases here they did not cite previously,[6] but neither case even addresses discovery requests for document retention or destruction policies at all. *See* ECF 2570, at 2 (citing *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) (argument that a defendant must have been withholding documents because its production was "paltry"), and *Freedman v. Weatherford International Ltd.*, Case No. 12 Civ. 2121(LAK)(JCF), 2014 WL 4547039, at *2–*3 (S.D.N.Y. Sept. 12, 2014) (request for a "hit report" showing how many documents "hit" on electronic search terms)).

Notably, Defendants relegate to a footnote their attempt to actually explain the basis for their burden objection. Defendants argue the OTC Plaintiffs "underestimate the complexities involved" with producing document retention policies, because Defendants "would need to identify which policies applied from 2007 to 2009, and who at the bank still has knowledge of those policies and can locate them." ECF 2570, at 2. But that does not sound particularly burdensome at all, and Defendants offer no ***evidence*** it would be. *See supra* at 1 & n.1 (collecting cases holding a defendant must offer evidence supporting an undue burden claim).

Nor do Defendants ever actually say whether they have already identified and collected the relevant policies. A party's "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). Accordingly, "[o]nce a party reasonably anticipates litigation, it must suspend its routine

---

*review* of privilege objections because a more comprehensive privilege log was *imminent*. *See* 2009 WL 779328, at *2. That is not the situation here. Here, Defendants are asking this Court to put off indefinitely Defendants' obligation under the Federal Rules to provide the OTC Plaintiffs with an explanation for Defendants' basis for withholding documents relevant to this case on a claim of privilege.

[5] *See* ECF 2537, at 3 (citing *Edwards v. Hearst Commc'ns, Inc.*, No. 15-CV-9279 (AT) (JLC), 2017 WL 6458612, at *6–*7 (S.D.N.Y. Dec. 18, 2017) (granting a motion to compel production of document retention policies, including past document retention policies); *Sharma v. BMW of N. Am. LLC*, No. 13-cv-02274-MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) ("[P]roduction of BMW NA's document retention policies would help establish the universe of documents that have been preserved and are available."); *Newman v. Borders, Inc.*, 257 F.R.D. 1, 3 (D.D.C. 2009) ("That a party's document retention policies, including its policies as to electronically stored information, may be a fit subject of discovery cannot be gainsaid.")).

[6] The OTC Plaintiffs already distinguished in our prior submission *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *6 (S.D.N.Y. Feb. 12, 2018), which similarly did not involve requests for document retention or destruction or audio recording policies, but rather 30(b)(6) deposition topics on the structure of databases that created transaction data that had been produced in the litigation. *See* ECF 2537, at 3 n.4.

June 21, 2018
Page 4

document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Id.* at 218. Step one in that process is determining what the party's "routine document retention/destruction policy" is so it can determine whether that policy needs to be "suspend[ed]." *See id.* This case was filed in August of 2011, and regulatory investigations began even before that time. Defendants have likely already identified and collected the relevant document retention and destruction policies in complying with their preservation obligations, and they do not claim otherwise. If they have, their burden objection is frivolous. That is why Court's require defendants to provide evidence to support objections based on undue burden—such as through sworn declarations—to prevent parties from hiding behind manufactured and improper claims of burden.

Respectfully Submitted,


*/s/ William Christopher Carmody*
William Christopher Carmody