UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

**MEMORANDUM AND ORDER**

LIBOR-Based Financial Instruments
Antitrust Litigation.                          11 MD 2262 (NRB)

This Document Applies to:

   Lender Action                               12 Civ. 5723

----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Lender plaintiffs seek reconsideration of our decision in LIBOR V, 2015 WL 6696407 (S.D.N.Y. Nov. 3, 2015), ECF No. 1234, dismissing as time-barred the fraud claims asserted by Government Development Bank for Puerto Rico (GDB), see id. at *12-13, slip op. at *32-34. Lender plaintiffs base this motion on the analysis of the statute of limitations applicable under California law set forth in Charles Schwab Corp. v. Bank of America Corp., 883 F.3d 68, 97-98 (2d Cir. 2018). See Letter from Jeremy Lieberman to the Court, June 15, 2018, ECF No. 2555. Bank of America, JPMorgan, and UBS, the defendants remaining in this action, oppose this application. See Letter from Arthur Burke to the Court, June 20, 2018, ECF No. 2577.

    The motion is denied. We considered a comparable request from the Exchange plaintiffs two months ago, and this request fares no better. "As a threshold matter, even assuming that Schwab's analysis of statutes of limitations [and inquiry

1

notice] . . . under California law applies directly to [GDB's fraud claims under Puerto Rico law], [Lender plaintiffs] offer no justification for why their motion was not filed until [sixteen] weeks after the Second Circuit's issuance of Schwab." Apr. 23, 2018 Order, ECF No. 2496. As sixteen is greater than seven, "[t]his unexplained delay alone warrants denial" of GDB's pending application as well. Id.

Lender plaintiffs' motion falls far short, too, of the substantive standard for reconsideration. Reconsideration on the basis of an intervening change in controlling law is appropriate "only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated. [M]ere doubt . . . is not enough to open the point for full reconsideration." N. River Ins. Co. v. Phila. Reinsurance Corp., 63 F.3d 160, 165 (2d Cir. 1995) (alterations in original) (citations omitted) (quoting Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981)).

At this point in the litigation, Lender plaintiffs should be well aware of the importance of variations in state law. Cf. LIBOR VII, 299 F. Supp. 3d 430, 575-79, slip op. at *284-94 (S.D.N.Y. 2018), ECF No. 2452 (analyzing variations in state substantive law and denying class certification, in part, on that basis). And yet, Lender plaintiffs do not consider, address, or even cite any Puerto Rico law in contending that we

should reconsider our prior analysis of Puerto Rico law -- even though issues regarding statutes of limitations generally and the recognition of a "defendant reassurance" exception (under which a statute of limitations is tolled based on a defendant's reassurances once the plaintiff has otherwise been placed on inquiry notice) specifically, have figured in this litigation from the outset, see, e.g., LIBOR I, 935 F. Supp. 2d 666, 705, slip op. at *74 (S.D.N.Y. 2013), ECF No. 286.

Puerto Rico is not California, and indeed, some jurisdictions do not appear to recognize a "defendant reassurance" exception to the applicable discovery rule. See, e.g., Gaslow v. QA Invs. LLC, 36 A.D.3d 286, 291-92 (1st Dep't 2006) (analyzing In re Dean Witter P'ship Litig., No. Civ. A. 14816, 1998 WL 442456 (Del. Ch. July 17, 1998), aff'd mem. 725 A.2d 441 (Del. 1999)); see also Christianson v. Conrad-Houston Ins., 318 P.3d 390, 403 & n.44 (Alaska 2014) (recognizing reliance on reassurances depending on the nature of the relationship between the plaintiff and person providing reassurance); Aleo v. Weyant, No. M2013-00355, 2013 WL 6529571, at *4-5 (Ct. App. Tenn. Dec. 12, 2013) (rejecting reassurances made by the plaintiff's attorney as a basis for tolling the legal malpractice statute of limitations).[1]   Lender plaintiffs

_____

[1] Differences in the recognition of such an exception would only heighten the concerns about statutes of limitations and variations in state law that we have previously expressed. See LIBOR VII, 299 F. Supp. 3d at

offer no argument that Puerto Rico law would likely (let alone clearly) recognize such an exception in a context like that of this case.

And further, even if Puerto Rico law were to recognize such an exception, it would not render GDB's claims timely here. Lender plaintiffs cannot dispute that they were on notice by March 15, 2011 at the latest, meaning that the one-year statute of limitations supplied by Puerto Rico law would have expired on March 15, 2012. The amended class action complaint, the first pleading identifying GDB as a plaintiff, was not filed until November 21, 2012, and GDB "cannot benefit from class-action tolling because GDB was not within the original Berkshire Bank class" (which was limited to New York-based institutions), LIBOR V, 2015 WL 6996407, at *13 n.21, slip op. at *34 n.21, and in any event, Berkshire's first complaint was not filed until July 25, 2012. GDB also makes no argument that it can benefit from class-action tolling based on other, earlier-filed complaints. See generally LIBOR IV, 2015 WL 6243526, at *154-55, slip op. at *369-74 (S.D.N.Y. Oct. 20, 2015), ECF No. 1222 (analyzing the tolling effect of other putative class-action complaints).

---

572, slip op. at *278 ("[A]ny statute-of-limitations issues impacting the class here are not reducible simply to a question of inquiry notice."); id. at 576, slip op. at *288 ("[S]tate substantive law varies materially on . . . when a would-be plaintiff is charged with a duty to investigate."); see also id. at 577, slip op. at *290-91 (noting Lender plaintiffs' reliance on our holding that "constructive notice occurred as to all class members (except under California law) on May 29, 2008" as supporting class certification).

Lender plaintiffs' application for reconsideration -- untimely, underdeveloped, and ultimately unpersuasive -- is denied. Lender plaintiffs shall revise the notice program proposed in relation to the pending settlements to acknowledge both LIBOR V's dismissal of GDB's fraud claims and LIBOR VII's denial of class certification, as directed by the Court during the conference held on June 18, 2018.

**SO ORDERED.**

Dated: New York, New York
July 2, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE