# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ARTHUR J. BURKE
212 450 4352

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/18
```

July 10, 2018

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Via ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

    We write on behalf of the Defendants in the above-referenced litigation[1] to request permission to file four memoranda of law totaling 110 pages to respond to all of the newly filed, amended or proposed amended complaints by the Schwab plaintiffs, the FDIC (including the new Doral complaint), the Principal Plaintiffs, Freddie Mac, the NCUA and the Lender Plaintiffs, and to move for judgment on the pleadings with respect to the OTC Plaintiffs' claims.

*Application granted.*
*[signature]*
*Buchwald,*
*USDJ*
*7/11/18*

    Specifically, Defendants intend to file the following submissions:

- a consolidated motion to dismiss/opposition to motion for leave to amend for lack of personal jurisdiction with respect to the Schwab, FDIC, Principal, Freddie Mac, NCUA, and Lender actions;

- a consolidated opposition to the FDIC, Principal, Freddie Mac, NCUA, and Lender motions for leave to amend addressing issues other than personal jurisdiction;

---

[1] Each Defendant joins this letter to the extent (and only to the extent) that such Defendant is currently a non-dismissed defendant named in any action within the MDL. By joining this letter, no Defendant consents to personal jurisdiction or venue in any action, including any action where (i) that defense has been asserted, (ii) a Defendant has not had an opportunity to assert that defense, including in the stayed cases, or (iii) the Court dismissed a claim against Defendants before a personal jurisdiction defense became available. Defendants also expressly reserve all jurisdictional defenses available to them, including jurisdictional objections to discovery.

Hon. Naomi Reice Buchwald                          2                          July 10, 2018

- a consolidated motion to dismiss claims by the Schwab Plaintiffs and claims by the FDIC on behalf of Doral Bank, with respect to issues other than personal jurisdiction;

- a motion for judgment on the pleadings in the OTC action with respect to claims based on panel bank affiliates and subsidiaries.

      Defendants respectfully submit that their request for 110 pages total for these briefs is reasonable and appropriate. The proposed briefing would address complaints or proposed complaints in eight actions, involving dozens of causes of actions, as well as many new allegations that impermissibly extend beyond "those prompted by the Second Circuit's decision in *Schwab*," Order, ECF No. 2490, and the four briefs together would average only slightly more than 25 pages per brief. The Plaintiffs in the above actions do not oppose Defendants' request.[2]

                                                       Respectfully yours,

                                                       /s/ Arthur J. Burke
                                                       Arthur J. Burke

cc: Counsel for all parties via ECF

---

[2] OTC Plaintiffs do not object on the condition that the motion for judgment on the pleadings in the OTC action does not exceed 25 pages and OTC Plaintiffs can get at least as many pages for their opposition as are in OTC Defendants' briefing, per this Court's rules. Defendants do not object to OTC Plaintiffs' request.