SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

32ND FLOOR

1301 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10019-6023

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
|---|---|---|
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

July 13, 2018

VIA ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald, United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

Re:     In re LIBOR-Based Financial Instruments Antitrust Litigation, Case No. 11-md-2262

Dear Judge Buchwald:

We write on behalf of the OTC Plaintiffs in response to the Court's letter dated July 2, 2018.
ECF 2608.  The Court's letter reiterated the Court's request for the parties to propose "areas of
substantive discovery which would have expanded the shared knowledge base of all parties to
facilitate a resolution of issues on their merits" and expressed "hope[] that there is discovery to
be conducted that will do so in a meaningful manner." ECF 2608, at 1–2.

The OTC Plaintiffs have attempted to confer with Defendants on these matters for the past few
months. There are gaping holes in the discovery produced to date, including in the defendants'
regulatory productions, which can and should be addressed and resolved at this time. For
example, Bank of America did not produce *any* documents from 2009 or *any* audio recordings,
and JP Morgan's document production was far less complete than other defendants who have
been dismissed from the case.  ECF 2499, at 2.  Defendants agreed over 6 weeks ago to remedy
some of these deficiencies, but they still have not committed to any firm date for doing so (as
discussed below).

OTC Plaintiffs would respectfully request the Court ordering the following three things:

First, order JPMorgan, Bank of America, and UBS to provide amended written responses to
OTC Plaintiffs' document requests. These Defendants objected to nearly all of the OTC
Plaintiffs' document requests on the now stale basis that the discovery was not relevant to class
certification.  *See* ECF 2499, at 2.  The defendants have refused to amend their responses and
objections.  They should be compelled to do so, in order that the parties can meet-and-confer on

July 13, 2018
Page 2

the scope of documents the Defendants will agree to produce and bring any remaining disputes to the Court for prompt resolution.

Second, order JPMorgan, Bank of America, and UBS to meet and confer with the OTC Plaintiffs within the next 2 weeks to either agree on an appropriate list of search terms or present competing terms to the Court. The defendants' regulatory productions were largely based on collection of electronically stored information from designated custodians using search terms. The search terms and custodians are deficient, and the most meaningful way to achieve progress on this matter is to negotiate a proper set of custodians and search terms, which is how cases— including those involving prior regulatory productions—normally work. Indeed, Defendants have agreed to this starting point in many other cases. *See* ECF 2528-1. But Defendants have not produced a *single* document to OTC Plaintiffs that result from search terms negotiated by the parties for this litigation.

OTC Plaintiffs have attached to this letter their proposed list of initial search terms and custodians to illustrate the gaps that exist and the progress that can be made. *See* Ex. A.

Third, order JP Morgan, Bank of America, and UBS to produce within 30 days the documents they previously agreed to produce. *See* ECF 2528. The OTC Plaintiffs reached out to the Defendants last week for an update on their productions. UBS has represented that it "expect[s] to begin production of the documents for which we agreed to search . . . on July 13 and finish shortly thereafter." Bank of America provided no information on when it would produce the agreed categories of documents, and promised a response "early [this] week. When that response came, Bank of America said it expected to have a response on organizational charts and BBA meeting minutes not encompassed in its regulatory productions, but had no estimate for when it expected to produce its internal antitrust compliance policies, its documents from 2009, or its audio recordings.

JPMorgan, however, told the Plaintiffs that it "did not agree to produce any documents," said it was "investigating the categories of documents" identified by the OTC Plaintiffs and would provide an update this week. Those categories of documents are: (a) Internal policies on compliance relating to LIBOR and antitrust and competition laws and regulations; (b) Organizational charts for business units responsible for submitting LIBOR, for trading USD cash in London, the bank's treasury and asset and liability management functions, and trading USD LIBOR-based financial instruments in London and the United States; and (c) Minutes or recordings of BBA LIBOR Steering Committee, FXMCC, and FXMMC subcommittee meetings not included within JPMorgan's regulatory productions that are found in discrete locations or folders. JPMorgan did not explain why it has taken six weeks for it to "investigate" producing those documents.

The OTC Plaintiffs request JPMorgan, Bank of America, and UBS be compelled to produce these documents within 30 days.

July 13, 2018
Page 3


The OTC Plaintiffs have endeavored in good faith to comply with the Court's instructions on the scope of discovery during motion to dismiss briefing in this submission and in their previous submissions. OTC Plaintiffs respectfully seek the Court's assistance in moving discovery forward productively, and are available to discuss these issues at any time if the Court desires.

Respectfully Submitted,

*/s/ William Christopher Carmody*

William Christopher Carmody