UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to:

  Lender Action

--------------------------------------X

**MEMORANDUM AND ORDER**

11 MD 2262 (NRB)

12 Civ. 5723

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


## I.  INTRODUCTION

This order addresses Lender plaintiffs' motion for preliminary approval of their settlements with (1) Citibank, N.A. and Citigroup Inc. (collectively, "Citi"); (2) HSBC Bank plc; and (3) Barclays Bank PLC.  See Letter from Jeremy Lieberman to the Court, May 4, 2018, ECF No. 2506.  We held a conference regarding the proposed settlements on June 18, 2018, and Lender plaintiffs have submitted updated materials in support of their motion that provide greater clarity to notice recipients regarding the current status of this action.  See Letter from Jeremy Lieberman to the Court, July 3, 2018, ECF No. 2609.  Since then, the Second Circuit has denied Lender plaintiffs' motion for interlocutory review of our decision denying certification of a Lender class for litigation purposes.  See Berkshire Bank v. Bank of Am. Corp., No. 18-718 (2d Cir. July 10, 2018).

We proceed to consider whether preliminary approval of the pending settlements is warranted in light of this procedural posture, and conclude that it is.

## II.  PRELIMINARY APPROVAL

"Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled." In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997).  At this stage, we need only decide whether the terms of the Proposed Settlement are "at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." Id.  This analysis is "a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." In re Traffic Exec. Ass'n E. R.Rs., 627 F.2d 631, 634 (2d Cir. 1980).

## 1.  Class Certification

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." In re Am. Int'l Grp., Inc. Sec. Litig. ("In re AIG"), 689 F.3d 229, 238 (2d Cir. 2012).  Considering a putative class defined identically to the one proposed here in LIBOR VII, 299 F. Supp. 3d 430 (S.D.N.Y. 2018), Rule 23(f) appeal denied in relevant part sub nom. Berkshire

Bank v. Bank of Am. Corp., No. 18-718 (2d Cir. July 10, 2018), we found that the Lender class satisfied the Rule 23(a)(1)-(3) requirements of numerosity, commonality, and typicality, id. at 563-65.  We adhere to these conclusions here.

We also held that Berkshire Bank was not an adequate representative as required by Rule 23(a)(4), id. at 565-68, and that the proposed class did not meet the predominance and superiority requirements of Rule 23(b)(3) based on individualized issues of reliance, statutes of limitations, damages, and variations in state substantive law, id. at 569-79.  These findings regarding the litigation class sought to be certified in LIBOR VII do not, however, preclude the certification of a settlement class in this context.

As to adequacy of representation, any concerns regarding Berkshire Bank's inadequacy are addressed by the participation of an additional named plaintiff, the Government Development Bank for Puerto Rico (GDB), in the settlement process.  While we do not depart from our earlier finding that Berkshire Bank is not an adequate representative given the relationship between Berkshire Bank, Mordchai Krausz, and his father and Berkshire Bank CEO Moses Krausz and given Mordchai Krausz's contractual entitlement to 15% of any attorneys' fees that might be awarded to class counsel, id. at 565-68, these concerns do not extend to GDB.  While we previously dismissed GDB's claims as being barred by the applicable

statute of limitations, see LIBOR V, 2015 WL 6696407, at *12-13 (S.D.N.Y. Nov. 3, 2015); see also July 2, 2018 Order, 2018 WL 3222518 (S.D.N.Y. July 2, 2018), ECF No. 2607, that dismissal does not render GDB an inadequate representative.  Cf. LIBOR VII, 299 F. Supp. 3d at 589 (reasoning that a defense applicable to many class members does not render a named plaintiff's claim atypical). We conclude, based only on GDB's participation in the settlement process, that the adequacy of representation requirement of Rule 23(a)(4) is met.[1]

As to predominance and superiority, we find that the context of settlement is sufficient to tip the predominance balance. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems" precluding findings of predominance under Rule 23(b)(3).  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).  "Those manageability concerns do not stand in the way of certifying a settlement class."  In re AIG, 689 F.3d at 242.  Accordingly, individual issues of reliance and variations in state law weigh less heavily against predominance, see, e.g., id. at 241 ("[W]ith a settlement class, the manageability concerns posed by numerous

---

[1] Accordingly, Lender plaintiffs should clarify the language in question 4 of the long form notice to reflect that while Berkshire Bank and GDB represented the class in negotiating the settlements, the Court found -- and continues to find -- that Berkshire Bank is not an adequate class representative.

individual questions of reliance disappear."); LIBOR VII, 299 F. Supp. 3d at 601 n.183 (discussing the different treatment of variations in state law in the settlement and litigation contexts), and can be manageably addressed through the plan of distribution.

Accordingly, the following class will be certified as to all three settlements:[2]

> All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, held interests in loans, owned loans, owned interests in loans, purchased loans, purchased interests in loans, sold loans, or sold interests in loans with interest rates based upon U.S. Dollar LIBOR between August 1, 2007 and May 31, 2010 (the "Class Period").[3]

## 2.   Settlement Fairness

"In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to

---

[2] Lender plaintiffs and the settling defendants have agreed that this class certification "is only for purposes of effectuating a settlement and for no other purpose." Each defendant "retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective for any reason." Barclays Settlement Agreement ¶ 3(c), ECF No. 2506-3; Citi Settlement Agreement ¶ 3(c), ECF No. 2506-4; HSBC Settlement Agreement ¶ 3(c), ECF No. 2506-5. The parties have also agreed that their respective settlement agreements and other settlement-related statements may not be cited regarding the certification of litigation classes. Id.

[3] The specific wording of the settlement agreements differ slightly, but the settlement class excludes the following defendants and other parties released by the settlements, coconspirators, entities "in which any Defendant, Released Party, or co-conspirator has a controlling interest; and any affiliate, legal representative, heir, successor, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf." "[A]ny judicial officers presiding over the Lender Action and the members of his/her immediate families and judicial staff" are also excluded. See Barclays Settlement Agreement ¶ 3(b); Citi Settlement Agreement ¶ 3(b); HSBC Settlement Agreement ¶ 3(b).

notice.   Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." In re Nasdaq, 176 F.R.D. at 102.

We find this standard met here.   This particular action, first filed in 2012, has been vigorously litigated over the last six years.   Accordingly, we have no reason to doubt that both sides have been well-informed regarding the strengths and weaknesses of the case, and particularly so given the volume of our opinions addressing the substantive issues at hand.   While the Court would have appreciated a more detailed description of the process by which the settlements were negotiated, see Lieberman Decl. ¶¶ 35-44, we nonetheless conclude that there is no suggestion thus far that the negotiation process was anything other than serious and non-collusive.   Further, the settlements entitle all members of the class to participate on a pro rata basis and bear no obvious deficiencies.   Therefore, we conclude that the settlements bear sufficient indicia of legitimacy such that preliminary approval is warranted.

### III.  CONCLUSION

Lender plaintiffs' settlements with Barclays, Citi, and HSBC are preliminarily approved, and a class is certified for purposes

of effectuating these settlements.   JND Legal Administration is approved as the Claims Administrator for all three settlements, and Huntington Bank is approved as Escrow Agent.

Lender plaintiffs shall propose revisions to the long form notice and amended publication notice that reflect the Second Circuit's denial of their Rule 23(f) motion for interlocutory review of LIBOR VII's denial of certification of a Lender class. An order establishing a schedule for the dissemination of notice, the filing of objections and exclusions, and the process of final approval (including the holding of a fairness hearing) will issue following the receipt of revisions to the Court's satisfaction.[4]

**SO ORDERED.**

Dated:   New York, New York
         July ___, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[4] Other issues raised by the Lender plaintiffs in their motion, such as (1) the procedural and substantive fairness of the settlements; (2) the compliance of the proposed class notice with the requirements of Rule 23(c)(2), Rule 23(e)(1), and due process; and (3) the propriety of the proposed plan of distribution are deferred until the final approval stage.

7