UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Civ. No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| 33-35 GREEN POND ROAD ASSOC., LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-5822 (NRB) |
| COURTYARD AT AMWELL II, LLC, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-6693 (NRB) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN NON-DEFENDANT OTC PLAINTIFFS AND HSBC BANK PLC AND FOR APPOINTMENT OF SETTLEMENT CLASS COUNSEL**

THIS CAUSE came before the Court on Non-Defendant OTC Plaintiffs' Motion for Preliminary Approval of Settlement with HSBC Bank plc ("HSBC"), filed July __, 2016. Non-Defendant OTC Plaintiffs have entered into a settlement agreement, dated May 18, 2018

745577.1

("Settlement Agreement") with Defendant HSBC.  The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below.  The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

<u>Class Certification</u>

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met for settlement purposes only and certifies the following class (the "Settlement Class"):

> All Persons that purchased or otherwise acquired in the United States from a Non-Defendant OTC Financial Institution a U.S. Dollar LIBOR-Based Instrument and that owned such instrument from any time during the Class Period.

The "Class Period" is defined as August 1, 2007 through May 31, 2010.  A "Non-Defendant OTC Financial Institution" is defined in the Settlement Agreement.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the

- 2 -

745577.1

Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Non-Defendant OTC Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Freed Kanner London & Millen LLC, Hagens Berman Sobol Shapiro LLP, Heins Mills & Olson, P.L.C. and Lite DePalma Greenberg LLC as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Non-Defendant OTC Plaintiffs 33-35 Green Pond Road Associates, LLC, Courtyard at Amwell II, LLC, Greenwich Commons II, LLC, Jill Court Associates II, LLC, Maidencreek Ventures II LP, Raritan Commons, LLC, and Lawrence W. Gardner (collectively, "Non-Defendant OTC Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

## Plan of Distribution and Notice to Potential Class Members

7. At a later date, Settlement Class Counsel shall submit to the Court for approval a plan of distribution and a notice plan for purposes of advising Settlement Class Members, among other things, of the plan of distribution, their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

## Settlement Administration

8. The Court approves Rust Consulting as the Claims Administrator.

9. The Court approves Huntington Bank as Escrow Agent.

<u>Other Provisions</u>

10. This action is stayed as against HSBC and HSBC Holdings plc until this Court renders a final decision on approval of the settlement set forth in the Settlement Agreement.

11. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, HSBC, and the members of the Settlement Class.

12. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

**IT IS SO ORDERED.**

DATED: _____                    _____
                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE