```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to:

   OTC Plaintiff Action
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/18

**ORDER**

11 MD 2262 (NRB)

11 Civ. 5450

**NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE**

On April 11, 2018, after certain issues regarding the claims filed by Managed Care Advisory Group (MCAG) were brought to the Court's attention, the Court ordered, inter alia, (1) that MCAG provide Class Counsel and the Claims Administrator with proof of its authority to file previously submitted claims; (2) that the Claims Administrator investigate whether MCAG in fact had such authority and inform the Court of its findings; and (3) that the Claims Administrator propose notices to be mailed to claimants on whose behalf MCAG has purported to submit claims. See Apr. 11, 2018 Order at 2-3 (ECF No. 2489).

OTC plaintiffs' letter of June 29, 2018 (ECF No. 2603) reports on the Claims Administrator's findings. The Claims Administrator has concluded that each of the claims that MCAG has filed is invalid and has proposed notices to be sent to the affected entities. MCAG has responded in a letter dated July

1

20, 2018 (ECF No. 2637), and OTC plaintiffs have offered a reply via letter dated July 24, 2018 (ECF No. 2639).

Of the 396 entities on whose behalf MCAG has purported to submit claims, 25 have submitted claims in their own name. (ECF No. 2603 at 3 n.1 (citing ECF No. 2462-1).) Of the 371 entities for which MCAG has not filed a duplicative claim, MCAG has withdrawn the claims that it has filed as to some, but not all, of those entities. (ECF No. 2603 at 3.) OTC plaintiffs have requested that notice be distributed to those 371 entities, and have proposed two forms of notice: the first for the 210 entities as to which MCAG has not withdrawn the MCAG-filed claim ("Notice A"), and the second for the 161 entities as to which MCAG has withdrawn the MCAG-filed claim ("Notice B"). (ECF No. 2603 at 3; ECF No. 2603-1 ex. A (Notice A); ECF No. 2603-1 ex. B (Notice B).) MCAG does not object to providing additional notice to these entities, but offers revisions to Notice A as proposed by the Claims Administrator (ECF No. 2637 at 7).

The notices proposed by the Claims Administrator and MCAG differ only as to the options presented to the recipient. The Claims Administrator's notice allows the recipient to (1) "Confirm that MCAG did NOT have your authorization to submit a claim"; (2) "Dispute [the Claims Administrator's] determination and affirm that MCAG had your authorization"; or (3) "Do Nothing." (ECF No. 2603-1 ex. A.) MCAG's proposed notice

2

changes the baseline and allows the recipient to (1) "Affirm MCAG's claim that MCAG had your authorization to submit a claim"; (2) "State that MCAG does NOT have your authorization"; or (3) "Do Nothing." (ECF No. 2637 ex. 1.) Other than differences in the options presented, the proposed notices are otherwise identical.

MCAG's revisions assume that its actions in filing claims are entitled to a presumption of validity. Such an assumption -- given all that has come to light about the claims that MCAG has filed and MCAG's apparent failure to comply with the April 11 order of this Court -- cannot be taken seriously at this point. Indeed, MCAG's revisions seek to pretend that the Claims Administrator never made findings that MCAG lacked authority. But those findings exist.

Accordingly, MCAG shall provide to Class Counsel and the Claims Administrator contact information -- consisting, at minimum, of name of entity, name of specific contact, and full mailing address -- for each of the 396 entities on whose purported behalf it has filed a claim. The Claims Administrator shall provide notice to the 371 entities that have not filed its own claims, with Notice A being sent to entities whose MCAG-filed claims were not withdrawn and with Notice B being sent to entities whose MCAG-filed claims were withdrawn.

In our April 11 order, the Court expressed optimistically that we "fully expect prompt compliance with the terms of this order." Apr. 11, 2018 Order at 3. Our expectations having apparently been too high, the Court will endeavor to be clearer: this order imposes direct obligations on MCAG to be fulfilled by MCAG. Our April 11 order did so, too. Continued failure to comply with obligations imposed by this Court's orders will be addressed accordingly. See generally CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98-100 (2d Cir. 2016).

**SO ORDERED.**

Dated:   New York, New York
         August 7, 2018

*(signature)*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE