```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:
                                            **ORDER**

LIBOR-Based Financial Instruments
Antitrust Litigation.              11 MD 2262 (NRB)

This Document Applies to:

   Lender Action                   12 Civ. 5723

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On July 19, 2018, we preliminarily approved Lender plaintiffs' pending settlements with Barclays, Citi, and HSBC and certified a class for settlement purposes only (the "Settlement Class"). See July 19, 2018 Order, 2018 WL 3475465 (S.D.N.Y. July 19, 2018), ECF No. 2635. We then directed several rounds of revisions to the proposed notice program. Concluding that the proposed notice program, as revised, is adequate subject to the making of additional changes specified below, we will direct the provision of notice as follows to class members and hereby establish the relevant dates and deadlines for the final approval process.

1.  The Court appoints Pomerantz LLP as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.  A Fairness Hearing, as required by Rule 23(e) of the Federal Rules of Civil Procedure, is scheduled for December 20,

2018, at 11:00 a.m., in order to, <u>inter alia</u>, (a) determine whether the settlements are fair, reasonable, and adequate, and therefore may be finally approved by the Court; (b) finally determine whether the Final Judgment and Order of Dismissal with Prejudice as provided under the settlements should be entered, dismissing the Lender Action on the merits and with prejudice as to Citi, HSBC, and Barclays, and to determine whether the release by the Settlement Class of the Released Parties should be ordered along with a permanent injunction barring efforts to bring any Released Claims extinguished by the settlements; (c) finally determine whether the proposed Plan of Distribution for the distribution of the Net Settlement Funds is fair and reasonable and should be approved by the Court; (d) consider the Fee and Expense Application and any application for incentive awards to any Lender Plaintiff; and (e) consider objections to the settlements, if any, whether submitted previously in writing or presented orally at the fairness hearing by Settlement class members (or by counsel on their behalf).

3. The Court approves the form, substance, and requirements of (a) the Notice, attached as Exhibit A to the August 2, 2018 declaration of Jeremy Lieberman, ECF No. 2656-1; (b) the Summary Notice, attached as Exhibit B to the August 2, 2018 declaration of Jeremy Lieberman, ECF No. 2656-2; and (c) the proof of claim form, attached as Exhibit 2 to the April 20,

2018 Declaration of Jennifer M. Keough, ECF No. 2506-10.  Class
Counsel shall populate the notices with the applicable dates and
make the following additional changes[1]:

- Q16: In the last bullet point, delete <, or thirty-five
  days prior to the date set for the Fairness Hearing.>

- Q21: In the second paragraph, delete <three> in the
  sentencing beginning <The objection must be mailed>, and
  delete the entire sentence beginning <Note: You may
  . . . >.[2]

4.    The Plan of Distribution set forth as Exhibit C to
July 3, 2018 declaration of Jeremy Lieberman, ECF No. 2609-3, is
preliminarily approved.   The use of the modeling described
therein is approved only for purposes of effectuating the
settlement and not for any other purpose.

5.    The Court appoints JND Legal Administration as the
Claims Administrator.

6.    The Court appoints Huntington Bank as Escrow Agent.

7.    With respect to the Citi Settlement, Class Counsel is
authorized to establish a notice and settlement administration
account of $500,000 in accordance with the provisions of the

_____

[1] The Court notes the substantial inconsistencies between the notice
proposed by Lender plaintiffs, ECF No. 2656-1, and the proposed order
submitted by Lender plaintiffs to the Court, ECF No. 2506-12, regarding how
deadlines are treated and, in particular, whether a postmark date is
sufficient to meet a deadline.  Compare, e.g., ECF No. 2656-1 at 10 ("The
objection must be mailed to the three addresses listed below with a postmark
no later than [date]." (emphasis added)), with, e.g., ECF No. 2506-12 at 11
(requiring "objections and any supporting papers are served to be received at
least twenty-one (21) calendar days prior to the Fairness Hearing" (emphasis
added)).  The Court has endeavored to enter an order consistent with the
notice that will be distributed to class members, even though the proposed
order submitted by Lender plaintiffs falls woefully short in this regard.
[2] Lender plaintiffs shall file a further revised version of the long-
form notice with the Court.

Settlement Agreements (the "Citi Notice and Settlement Administration Account"), to be used for reasonable out-of-pocket costs in connection with providing notice of the settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. Additional amounts may be transferred only with Court approval. All funds held in the Citi Notice and Settlement Administration Account shall be deemed to be in custodia legis and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

8. Also with respect to the Citi Settlement, Class Counsel is authorized to establish a settlement account of $22,500,000.00 in accordance with the provisions of the Settlement ("Citi Settlement Account"). All funds held in the Citi Settlement Account shall be deemed to be in custodia legis and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

9. With respect to the HSBC Settlement, Class Counsel is authorized to establish a notice and settlement administration account of $250,000 in accordance with the provisions of the Settlement Agreement (the "HSBC Notice and Settlement Administration Account"), to be used for reasonable out-of-

pocket costs in connection with providing notice of the settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. Additional amounts may be transferred only with Court approval. All funds held in the HSBC Notice and Administration Account shall be deemed to be <u>in custodia legis</u> and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

10. Also with respect to the HSBC settlement, Class Counsel is authorized to establish a settlement account of $3,750,000.00 in accordance with the provisions of the Settlement Agreement ("HSBC Settlement Account"). All funds held in the HSBC Settlement Account shall be deemed to be <u>in custodia legis</u> and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

11. With respect to the Barclays Settlement, Class Counsel is authorized to establish a notice and settlement administration account of $250,000 in accordance with the provisions of the Settlement Agreement (the "Barclays Notice and Settlement Administration Account"), to be used for reasonable out-of- pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-

of-pocket administrative expenses.   Additional amounts may be transferred only with Court approval.   All funds held in the Barclays Notice and Settlement Administration Account shall be deemed to be in custodia legis and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

12.  Also with respect to the Barclays Settlement, Class Counsel is authorized to establish a settlement account of $3,750,000.00 in accordance with the provisions of the Settlement Agreement ("Barclays Settlement Account").   All funds held in the Barclays Settlement Account shall be deemed to be in custodia legis and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

13.  The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting forms for, or in respect of, the Settlement Funds, to pay from the Settlement Funds any Taxes owed with respect to the Settlement Funds, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Settlement Agreements.

14.  Class Counsel, through the Claims Administrator, shall cause the Notice, substantially in the form attached as Exhibit A to the August 2, 2018 declaration of Jeremy Lieberman, ECF No. 2656-1, to be mailed, by first-class mail, postage prepaid, by September 10, 2018, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

15.  The Claims Administrator shall, at or before the Fairness Hearing, serve upon Citi's Counsel, HSBC's Counsel, and Barclays's Counsel, and file with the Court, proof of mailing of the Notice to the Settlement Class Members.

16.  Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be circulated by September 17, 2018, as follows: (i) published once in IBD Weekly, The Wall Street Journal, and Barron's, (ii) published through banner ads on websites Yahoo! Finance, Investors.com, Barrons.com, MarketWatch.com, and WSJ.com, (iii) run placements through the Targeted Digital Audience Network, and (iv) issue a press release on PR Newswire.  Class Counsel shall, at or before the Fairness Hearing, serve upon Citi's Counsel, HSBC's Counsel, and Barclays's Counsel, and file with the Court, proof of publication of the Summary Notice.

17.  In order to be entitled to recover from the Net Settlement Funds after the Effective Date, each Settlement Class

Member shall take the following action and be subject to the following conditions:

    a.   A properly completed and executed proof of claim form must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, submitted no later than November 20, 2018. Such deadline may be further extended by Order of the Court. Each proof of claim form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided such proof of claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Funds. Otherwise, any proof of claim form shall be deemed to have been submitted when it is actually received by the Claims Administrator at the address designated in the Notice.

    b.   The proof of claim form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported to the satisfaction of the Claims Administrator or Class Counsel; (iii) if the person executing the proof of claim form is acting in a

representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the proof of claim form; and (iv) the proof of claim form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. The Claims Administrator shall then determine whether a timely submitted claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a proof of claim form that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d. For the filing of and all determinations concerning their proof of claim form, each Settlement Class Member shall submit to the jurisdiction of the Court.

18. Settlement Class Members shall be bound by all determinations and judgments in the Lender Action, whether favorable or unfavorable, unless such Persons file a Request for

Exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first-class mail, postage prepaid, and postmarked by November 20, 2018, or otherwise deliver it so that it is received no later than November 20, 2018, to the addresses listed in the Notice. Such Request for Exclusion shall clearly indicate the name, address, phone number and e-mail (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such Person, or its authorized representative. The Request for Exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

19. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Funds.

20. The Court will consider comments on and/or objections to the Settlements, the Plan of Distribution, or the Fee and Expense Application or any application for incentive awards to Lender Plaintiffs only if such comments or objections and any

supporting papers are, by November 20, 2018, mailed to (with a postmark date) or otherwise served upon each of the following:

**Class Counsel**

Jeremy A. Lieberman, Esq.
Michael J. Wernke, Esq.
POMERANTZ LLP
600 Third Avenue New York, NY 10016

**HSBC's Counsel**

Roger B. Cowie, Esq.
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX  75201

Gregory T. Casamento, Esq.
LOCKE LORD LLP
Brookfield Place, 200 Vesey Street
20th Floor
New York, NY  10281

J. Matthew Goodin, Esq.
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL  60606

**Barclays's Counsel**

David H. Braff, Esq.
Jeffrey T. Scott, Esq.
Matthew J. Porpora, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Jonathan D. Schiller
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY  10004

**Citi's Counsel**

Andrew A. Ruffino, Esq.
Alan M. Wiseman, Esq.
Thomas A. Isaacson, Esq.
Andrew D. Lazerow, Esq.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

and the objector has (by that same date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Court, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 21A, 500 Pearl Street, New York, NY 10007.  Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to the Settlement, the Plan of Distribution, and/or the Fee and Expense

Application, or any application for incentive awards to any Lender Plaintiff are required to indicate in their written objection that they intend to appear at the Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

21. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlements, the Final Judgment and Order of Dismissal with Prejudice to be entered approving the Settlements, the Plan of Distribution, the Fee and Expense Application, and any application for incentive awards to any Lender Plaintiff.

22. All papers in support of the Settlements, the Plan of Distribution, any Fee and Expense Application, and any application for incentive awards to any Lender Plaintiff shall be filed and served by November 6, 2018.

23. Any submissions filed in response to any objections or in further support of the Settlements, the Plan of Distribution, any Fee and Expense Application, or any application for incentive awards to any Lender Plaintiff shall be filed no later than December 6, 2018.

24.   In the event that a Settlement is terminated in accordance with its provisions, the applicable Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement and without prejudice to the status quo ante rights of Lender Plaintiffs, Barclays, Citi, and HSBC, and Settlement Class Members.

25.   The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any litigation class in this action and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

26.   All proceedings in the Lender Action with respect to Settling Defendants are stayed until further order of the Court. Such stay does not apply, however, to actions to implement or comply with the terms of the Agreements. Pending final determination of whether the Agreements should be approved, neither Lender Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any Released Claim against any Settling Defendant or other Released Party.

To reiterate, this order establishes the following dates governing the provision of notice and the process for final approval of the three settlements under consideration here:

- September 10, 2018: Mailing of Long-Form Notice (¶ 14)

- September 17, 2018: Publication of Summary Notice (¶ 16)

- November 6, 2018: Motions for Final Approval (¶ 22)

- November 20, 2018: Deadline for submission of:
     - Claims (¶ 17)
     - Requests for Exclusion (¶ 18)
     - Objections (¶ 20)

- December 6, 2018: Responses to Objections (¶ 23)

- December 20, 2018: Fairness Hearing at 11:00 a.m. (¶ 2)

**SO ORDERED.**

Dated:  New York, New York
        August **20**, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

14