UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

William C. Carmody, Esq.
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

James R. Martin, Esq.
Zelle LLP
1775 Pennsylvania Avenue NW, Suite 375
Washington, DC 20006

Arthur J. Burke, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/05/2018

September 5, 2018

Re: In re LIBOR-Based Financial Instruments Antitrust Litigation
11 MD 2262 (NRB)

Dear Counsel:

      The Court's Order of May 7, 2018 (ECF No. 2507) and our letter of July 2, 2018 have addressed the scope of discovery that would be appropriate at this stage of this litigation, when, because of the pendency of appeals and substantive motions before this Court, there remains meaningful uncertainty about the viability of causes of action and the assertion of personal jurisdiction over named and proposed defendants.

      I thought I had communicated in my May 7 Order that the only discovery that would be approved by the Court was discovery that would be unaffected by the resolution of any of the open issues. Stated otherwise, any permitted discovery had to be of such a nature that there was no risk that it would need to be redone if, for example, additional plaintiffs were in a position to seek disclosure on the same subject matter. To illustrate, the proposal that the defendants (Bank of America, JPMorgan, and UBS) be ordered to negotiate new search terms with the OTC plaintiffs runs the very real likelihood that the defendants will need to repeat the process with counsel for other plaintiffs in the future since they would not be bound by any agreement reached between the OTC plaintiffs and the three banks with whom they would

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

negotiate. Thus, the issue is basic and is not the merit of any particular search term or exchange between the parties.

The OTC plaintiffs have also requested that the defendants reformulate their objections to their document requests, which were served over two years ago. The Court does not discern any need for the defendants to revise their objections (even assuming some deficiency) before the OTC plaintiffs can commence any meet and confer discussions they wish to have.

Moreover, to the extent that the parties have reached agreement on additional document production, such disclosure, if not already made, should be completed by November 15, 2018.

Finally, as indicated in my July 2 letter, it had been my assumption, apparently incorrect, that there remained areas of substantive discovery that had not previously been explored and that could have been in a manner than ran no risk of duplicated effort. I remain totally receptive to any such proposal, but, unfortunately, I have yet to receive one.

Very truly yours,

Naomi Reice Buchwald
United States District Judge