UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br>ECF Case<br>12 Civ. 5723 (NRB) |
| The Lender Action | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE, GRANTING FINAL APPROVAL OF SETTLEMENT BETWEEN LENDER PLAINTIFFS, CITIBANK, N.A., CITIGROUP INC., HSBC BANK PLC AND BARCLAYS BANK PLC**

On the 20th day of December, 2018, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Citibank Amended Settlement Agreement dated January 15, 2018, the HSBC Settlement Agreement dated January 16, 2018, and the Barclays Settlement Agreement dated May 3, 2018 (together, the "Settlements" and each as documented in an "Agreement") which settle all claims in *The Berkshire Bank and Government Development Bank for Puerto Rico v. Bank of America, et al.*, No. 12-cv-5723-NRB, consolidated in *In Re Libor-Based Fin. Instruments Litig.*, No. 11-md-2262-NRB (the "Lender Action"), for $23,000,000 (twenty-three million U.S. dollars), $4,000,000 (four million U.S. dollars), and $4,000,000 (four million U.S. dollars), respectively (the "Settlement Amounts"), are fair, reasonable, and adequate for the settlement of all claims

asserted by the Lender Class[1] against Citibank, N.A. and Citigroup Inc. (collectively, "Citibank"), HSBC Bank plc ("HSBC"), and Barclays Bank plc ("Barclays") (together with Citibank and HSBC, the "Settling Defendants"), particularly in light of the fact that this Court has dismissed claims against HSBC and its affiliate and Barclays for lack of personal jurisdiction and denied class certification with respect to Citibank; and (2) whether to approve the proposed Plan of Distribution as a fair and reasonable method to allocate the respective Net Settlement Funds among the Lender Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable potential members of the Lender Class; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in each of the Agreements.

2. For purposes of finally approving the Settlements, the Court has jurisdiction over the subject matter of the Lender Action, Lender Plaintiffs, all Lender Class Members, and, solely

---

[1] "Lender Class" refers to: "All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, held interests in loans, owned loans, owned interests in loans, purchased loans, purchased interests in loans, sold loans, or sold interests in loans with interest rates based upon USD LIBOR between August 1, 2007 and May 31, 2010."

2

for purposes of effectuating the Settlements and subject to the limitations contained in the Agreements, the Settling Defendants.

3. Excluded from the Lender Class Members are those Persons who filed valid and timely Requests for Exclusion in accordance with each respective Agreement (the "Opt-Outs") (paragraph 5(c) of each of the Agreements). The Opt-Outs are listed in Exhibit A.

4. The Court hereby finds that the forms and methods of notifying the Lender Class of the Settlements and their terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Lender Class Members entitled thereto of these proceedings and the matters set forth herein, including the Settlements and Plan of Distribution. No Lender Class Member is relieved from the terms of the Agreements, including the releases provided for therein, based upon the contention or proof that such Lender Class Member failed to receive actual or adequate notice. A full opportunity has been offered to all Lender Class Members to object to the Settlements and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Lender Class Members are bound by this Final Judgment and Order of Dismissal with Prejudice, except those persons listed on Exhibit A to this Final Judgment and Order of Dismissal with Prejudice.

5. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlements as fair, reasonable and adequate, and in the best interests of the Lender Class, in all respects (including, without limitation: the amounts paid

under the Settlements; the Releases provided for herein; and the dismissal with prejudice of the claims provided for herein). Lender Plaintiffs and Settling Defendants (the "Parties") are directed to consummate the Settlements in accordance with the terms and provisions of each of the Agreements.

6.  All of the claims asserted in the Lender Action are hereby dismissed on the merits with prejudice as to the Settling Defendants and HSBC Holdings plc. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreements.

7.  This Court orders that: Releasing Parties hereby release and forever discharge the Released Parties from any and all Released Claims. Releasing Parties are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Parties, as set forth in the Agreements. For the purposes of this Final Judgment and Order of Dismissal with Prejudice:

   a. "Releasing Parties", with respect to Citibank, means, individually and collectively, Lender Plaintiffs and each Lender Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund.

   b. "Releasing Parties", with respect to HSBC, means, individually and collectively, Lender Plaintiffs and each Lender Class Member, on behalf of themselves and any of their respective past or present officers, directors,

stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in the Agreements and whether or not they make a claim for payment from the Net Settlement Fund.

c. "Releasing Parties", with respect to Barclays, means, individually and collectively, Lender Plaintiffs and each Lender Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in the Barclays Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

d. "Released Claims" means any and all manner of claims, rights, demands, obligations, damages, actions or causes of action, cross-claims, counter-claims, judgments, suits, obligations, debts, setoffs, rights of recovery, charges or liabilities of any kind whatsoever (however denominated), of every nature and description, whether known or unknown, whether suspected or unsuspected, whether class or individual, whether fixed or contingent, in law or in equity, whether arising under federal, state, common, statutory or foreign law or regulation (including Rule 11 of the Federal Rules of Civil Procedure), whether directly, representatively, derivatively, or in any other capacity, that

arise out of or relate in any way to (i) the origination, ownership, holding, purchase, or sale of loans or interests in loans with interest rates based upon U.S. Dollar LIBOR, and (ii) the acts, facts, statements, or omissions that were or could have been alleged or asserted by the Lender Plaintiffs or any Lender Class Member in the Lender Action or in any other action in any court or forum, except for claims relating to enforcement of the Settlement.

e. "Released Party" or "Released Parties", as to Citibank, means Citibank and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, insurers, underwriters, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants or (ii) any other Person formerly named as a party in the Lender Action.

f. "Released Party" or "Released Parties", as to HSBC, means HSBC, HSBC Holdings plc, and each of their past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, insurers, underwriters, legal or other representatives, trustees, heirs, executors, administrators, advisors, and

assigns. Released Parties does not include any of the other Defendants that are unaffiliated with HSBC or HSBC Holdings plc.

    g. "Released Party" or "Released Parties" as to Barclays, means Barclays and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, insurers, underwriters, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns.

8. Accordingly, the Court hereby bars all Released Claims against and by the Released Parties as provided herein.

9. The Court further orders that, as of the Effective Date, the Settling Defendants, including any and all of their successors in interest or assigns, hereby release and forever discharge any and all Settling Defendants' Claims, to the extent they relate to the subject matter of the Lender Action or its prosecution thereof, against Lender Plaintiffs, any of the Lender Class Members, and Lender Plaintiffs' Counsel. For purposes of this Final Judgment and Order of Dismissal with Prejudice:

    a. "Settling Defendant's Claims," with respect to Citibank, means claims including "Unknown Claims" as defined below, that any Released Party may have against a Releasing Party, as defined below, or Lender Plaintiffs' Counsel, shall include all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state,

common or foreign law (including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Citibank, except for claims relating to the enforcement of the Agreement. For the avoidance of doubt, Settling Defendant's Claims does not include claims relating to or arising out of non-U.S. Dollar LIBOR-Based Loan or any other claims that do not arise out of the factual predicate of the Lender Action.

b. "Settling Defendant's Claims," with respect to HSBC, means all claims and causes of action of every nature and description, including "Unknown Claims" as defined below, whether arising under federal, state, common or foreign law (including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the Lender Action as against HSBC and HSBC Holdings plc, except for claims relating to the enforcement of the Settlement or claims related to any representation(s) made in the Memorandum of Understanding between HSBC and the Lender Plaintiffs, dated December 22, 2017, or the Agreement. For the avoidance of doubt, Settling Defendants' Claims do not include claims relating to or arising out of any transactions or contracts that HSBC or HSBC Holdings plc may have entered with Lender Plaintiffs, Lender Plaintiffs' Counsel, or Lender Class Members.

c. "Settling Defendant's Claims," with respect to Barclays, means all claims and causes of action of every nature and description, including Unknown Claims as defined below, whether arising under federal, state, common or foreign law

(including Rule 11 of the Federal Rules of Civil Procedure), that arise out of or relate in any way to the institution, prosecution, or settlement of the Lender Action as against Barclays, except for claims relating to the enforcement of the Settlement or claims related to any representation(s) made in the Memorandum of Understanding dated February 9, 2018 or the Barclays Agreement. For the avoidance of doubt, Settling Defendants' Claims do not include claims relating to or arising out of any transactions or contracts that Barclays may have entered with Lender Plaintiffs, Lender Plaintiffs' Counsel, or Lender Class Members.

d. "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date of the Settlements, and the Settling Defendants' Claims against Releasing Parties which Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date of the Settlements, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlements. With respect to any and all Released Claims and Settling Defendants' Claims, the Parties stipulate and agree that by operation of this Final Judgment and Order of Dismissal with Prejudice, upon the Effective Date of the Settlements, Releasing Parties and Released Parties shall have expressly waived, and each Lender Class Member shall be deemed to have waived, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have

9


Case 1:11-md-02262-NRB Document 2777 Filed 12/20/18 Page 10 of 19
Case 1:11-md-02262-NRB Document 2772 Filed 12/06/18 Page 10 of 19

expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and Settling Defendants' Claims. Nevertheless, Lender Plaintiffs and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Lender Class Member, upon the Effective Date of the Settlements, shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever settled and released, any and all Released Claims and Settling Defendant's Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lender Plaintiffs and the Released Parties acknowledge, and Lender Class Members shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims as set forth herein and Settling Defendants' Claims was separately bargained for and was a key element of the Agreements.

10

10. Lender Plaintiffs' Counsel are awarded attorneys' fees in the amount of $8,680,000 [NRB] plus interest at the same rate as earned by the Settlement Funds, and expenses, which sum includes experts' fees and expenses, in the amount of $1,459,447.48 plus interest at the same rate as earned by the Settlement Funds, such amounts if are not to be paid from [NRB] out of the Settlement Funds within no later than five (5) business days following the entry of this Final Judgment and Order of Dismissal with Prejudice. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, Lender Plaintiffs' Counsel's fees and expense award is overturned or lowered, or if the Settlements are terminated or are not approved by the Court, or if there is an appeal and any order approving the Settlements do not become final and binding upon the Lender Class Members, then, within thirty (30) calendar days after receiving notice of such an order from a court of appropriate jurisdiction, Lender Plaintiffs' Counsel shall refund the respective Settlement Funds such fees and expenses previously paid to them from the Settlement Funds plus interest thereon at the same rate as earned on the Settlement Funds in an amount consistent with such reversal or modification. Lender Plaintiffs' Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, (including the law firm partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Final Judgment and Order of Dismissal with Prejudice and the Agreements, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to Lender Plaintiffs' Counsel, including all amounts paid as referral fees to other law firms, as well as accrued interest thereon. Upon application of Citibank, HSBC, Barclays, or their respective Counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against Lender Plaintiffs' Counsel or any of its partners

and/or shareholders should such Lender Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this paragraph.

11. Plaintiff The Government Development Bank for Puerto Rico is awarded the sum of $ 25,000. plus interest at the same rate as earned by the Settlement Funds, as reasonable costs and expenses and as a service award directly relating to the representation of the Lender Class.

12. The Court hereby finds that the proposed Plan of Distribution[2] is a fair and reasonable method to allocate the respective Net Settlement Funds among Lender Class Members.

13. The Court finds that the parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Final Judgment and Order of Dismissal with Prejudice, the Preliminary Approval Order, the Agreements (including the exhibits and Supplemental Agreements thereto), the Memorandum of Understanding between the Lender Plaintiffs and Citibank, dated November 15, 2017, the Memorandum of Understanding between the Lender Plaintiffs and HSBC, dated December 22, 2017, the Memorandum of Understanding between the Lender Plaintiffs and Barclays, dated February 9, 2018, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. deemed or construed to be an admission or evidence of (i) the merit or lack of merit of any claim or defense; (ii) any violation of any statute or law; (iii) any liability or wrongdoing by anyone; (iv) the truth of any of the claims or

---

[2] The Plan of Distribution is found at ECF No. 2609-3.

allegations alleged in the Lender Action; or (v) an admission of liability by any Person, including, without limitation, the Released Parties;

b. construed against the Released Parties, the Lender Plaintiffs, or the Lender Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c. construed as, or received in evidence as, an admission, concession or presumption against the Lender Class or any Lender Class Member, that any of their claims are without merit or that damages recoverable in the Lender Action would not have exceeded the Settlement Amount;

d. used or construed as an admission that any one or more of the Settling Defendants or Released Parties were or are otherwise subject to personal jurisdiction in the Court except as specifically provided the Agreements or in this Order; or

e. offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Agreements.

15. Notwithstanding the foregoing Paragraph 14, the Parties and other Released Parties may file or refer to this Final Judgment and Order of Dismissal with Prejudice, the Settlement Agreements, Preliminary Approval Order, and/or any proof of claim form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

13

release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Agreements and/or this Final Judgment and Order of Dismissal with Prejudice.

16. Exclusive jurisdiction is hereby retained over (a) implementation of the Settlements and any award or distribution of monies under the Settlements; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Lender Plaintiffs; and (c) all Parties hereto solely for the purpose of construing, enforcing, and administering the Settlements.

17. To the extent permitted by law, NRB ~~The~~ Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of any settlement, judgment or otherwise by any of the following:

   a. Any of the other Defendants[3] currently named in the Lender Action;

   b. Any other Person formerly named as a party in the Lender Action; or

   c. Any other Person subsequently added or joined as a party in the Lender Action.

---

[3] The term "Defendants" includes Bank of America Corporation, Bank of America, N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank plc, British Bankers' Association, BBA Enterprises Ltd., BBA LIBOR Ltd., Citigroup Inc., Citibank, N.A., Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group PLC, HBOS PLC, Royal Bank of Canada, The Norinchunkin Bank, The Royal Bank of Scotland Group PLC, UBS AG, WestLB AG, and Westdeutsche Immobilienbank AG, and any other Person or Persons who are or were named as defendants in the Lender Action at any time up to and including the date of this Final Judgment and Order of Dismissal with Prejudice.

18. *To The extent permitted by law,* [NRB] The Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of any settlement, judgment or otherwise by any of the following:

   a. Any of the other Defendants currently named in the Lender Action;

   b. Any other Person formerly named as a party in the Lender Action; or

   c. Any other Person subsequently added or joined as a party in the Lender Action.

19. Should any court determine that any Defendant or other co-conspirator is or was legally entitled to any kind of contribution or indemnification from any Released Parties arising out of or related to Released Claims, any money judgment subsequently obtained by the Lender Plaintiffs against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim for contribution, indemnification or similar claims (however denominated) against the Released Parties.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Settlement Agreements.

21. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22. The finality of this Final Judgment and Order of Dismissal with Prejudice shall not be affected, in any manner, by any appeals concerning the attorneys' fees and expenses awarded herein, *or* the award to Lender Plaintiffs, [NRB] ~~or the Plan of Distribution.~~

23. In the event that a Settlement does not become final and effective in accordance with the terms and conditions set forth in its Agreement, then, except as otherwise provided in the Agreement, the Preliminary Approval Order, and this Final Judgment and Order of Dismissal with Prejudice, the Agreement shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of their Memorandum of Understanding ("MOU"), and the Parties shall proceed in all respects as if the MOU and the respective Agreement had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the respective Settlement, and preserving all of their respective claims and defenses in the Lender Action, and shall revert to their respective positions in the Lender Action.

24. In the event that a Settlement does not become final and effective in accordance with the terms and conditions set forth in that Agreement, the Escrow Agent shall refund that Settlement's Settlement Fund, less amounts already expended for notice and administration expenses pursuant to the terms of said Agreement, to Settling Defendant within ten (10) business days thereafter. At the request of a Settling Defendant or Lender Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to that Settlement's Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the respective Settling Defendant.

25. All agreements made and orders entered during the course of this Lender Action relating to the confidentiality of information shall survive the Settlements and be binding on the Parties, including but not limited to the Stipulation and Protective Order entered on March 21, 2016 (ECF No. 1347).

Dated: December 20, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A**

1. Harbor Loans of Leesville, Inc.
2. King Loan Service, Inc.
3. United Credit Corp of Lake Charles
4. United Credit Corp of Vidalia
5. Salix Capital US, Inc.
6. Darby Financial Products
7. Capital Ventures International
8. The City of Philadelphia
9. The Pennsylvania Intergovernmental Cooperation Authority
10. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, o/b/o PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short-Term Bond Fund)
11. PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund)
12. Carolina Quick Cash
13. Federal National Mortgage Association
14. The Federal Home Loan Mortgage Corporation
15. Federal Deposit Insurance Corporation as Receiver for:
    a. Amcore Bank, N.A.
    b. AmTrust Bank
    c. BankUnited, F.S.B.
    d. California National Bank
    e. Colonial Bank
    f. Community Banks of Colorado
    g. Corus Bank, N.A.
    h. Downey Savings and Loan Association, F.A.
    i. Eurobank
    j. First Community Bank
    k. First Federal Bank of California, F.S.B.
    l. First National Bank
    m. First Regional Bank
    n. Frontier Bank
    o. Georgian Bank
    p. Guaranty Bank
    q. Hillcrest Bank
    r. Imperial Capital Bank
    s. IndyMac Bank, F.S.B.
    t. Integra Bank, N.A.
    u. Irwin Union Bank and Trust Company
    v. La Jolla Bank, F.S.B.
    w. Lydian Private Bank

   x. Midwest Bank and Trust Company
   y. Orion Bank
   z. Pacific National Bank
   aa. Park National Bank
   bb. PFF Bank & Trust
   cc. R-G Premier Bank of Puerto Rico
   dd. Riverside National Bank of Florida
   ee. San Diego National Bank
   ff. Silverton Bank, N.A.
   gg. Superior Bank
   hh. TierOne Bank
   ii. United Commercial Bank
   jj. United Western Bank
   kk. Washington Mutual Bank
   ll. Westernbank Puerto Rico
16. Federal Deposit Insurance Corporation as Receiver for Doral Bank
17. National Credit Union Administration Board as liquidating agent for:
   a. U.S. Central Federal Credit Union
   b. Western Corporate Federal Credit Union
   c. Members United Corporate Federal Credit Union
   d. Southwest Corporate Federal Credit Union
   e. Constitution Corporate Federal Credit Union
18. Farm Credit of the Virginias, ACA