# Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3800 |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

October 28, 2019

VIA CM/ECF AND HAND DELIVERY

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re Libor-Based Financial Instruments Antitrust Litig.*, Case No. 11-md-2262

We write as liaison counsel for, and on behalf of, the Class Plaintiffs[1] and the Direct-Action Plaintiffs[2] in the above-referenced action to request that the Court enter a scheduling order for the merits phase of this litigation.

The Court ruled on class certification more than 18 months ago, all pending motions to dismiss have been resolved, and Defendants have now answered the live complaints in all cases where Plaintiffs sought answers. Plaintiffs' proposed scheduling order, filed concurrently with this letter, sets out a reasonable and efficient path forward to prepare this case for trial. It provides for 18 months of fact discovery, followed by 9 months for expert discovery, and then summary judgment briefing, with an anticipated trial date in Fall 2022.

Defendants, on the other hand, disagree that a schedule should be set at this time. Defendants take the position that, in light of the pending appeal of *Libor VI* in the Second Circuit, setting a discovery schedule is premature because the outcome of the *Libor VI* appeal could impact which plaintiffs, defendants, and claims remain in the litigation. Defendants instead contend that the limited discovery period under this Court's May 7, 2018, order should continue until the Second Circuit rules. ECF 2507.

---

[1] It is the position of the plaintiffs in the *Green Pond* and *Courtyard at Amwell* cases that, because those cases were stayed shortly after their filing, allowing discovery to move forward without their participation would be prejudicial to their interests. Because Bondholder Plaintiffs' claims in this Court have been dismissed and are on appeal in the Second Circuit, Bondholder Plaintiffs do not join in this letter.

[2] The following DAPs are not joining this letter: Darby Financial Products, the City of Philadelphia, Prudential Inv. Portfolios 2, Salix Capital U.S., Inc., the consolidated California plaintiffs (as listed in ECF No. 684), and City of Houston.

October 28, 2019
Page 2

Defendants' argument is contrary to the Court's order certifying *Libor VI* for appeal under Federal Rule of Civil Procedure 54(b). In that order, the Court wrote: "[T]he parties should be aware that the existence of any appeal will not be an acceptable reason to delay proceedings here." ECF 1896. Yet that is exactly the argument Defendants are now making.

Indeed, more than a year ago, Defendants sought a stay of merits discovery pending the outcome of their most recent round of pleadings motions. *See* ECF 2498. Defendants argued that certain plaintiffs had to amend their complaints in light of the Second Circuit's opinion in the *LIBOR VI* appeal, and that allowing merits discovery to go forward would have led to duplicative discovery efforts. ECF 2498. Defendants assured the Court that their efforts would represent a "final round of coordinated briefing" and a "capstone" to the pleadings motions thus far. ECF 2498. That "final round" of briefing has been completed and ruled on. There is no justification for limiting discovery any longer.[3]

Further, to the extent a decision from the Second Circuit in the pending *LIBOR VI* appeal impacts the plaintiffs, defendants, or claims in this action, the parties and the Court can address the implications of that ruling when it is issued. Additionally, Plaintiffs' proposed schedule includes an automatic 6-month extension of discovery deadlines in the event that dismissal of any defendant is reversed as part of a ruling in the *Libor VI* appeal. To the extent Defendants believe there are other contingencies that can currently be anticipated and would merit changes to the schedule in this Court should they occur, Plaintiffs are willing to work with Defendants to find a pragmatic way to address them in a proposed scheduling order. The solution is not, however, to put merits discovery on hold.

Plaintiffs respectfully request that the Court enter the proposed scheduling order filed with this letter.

---

[3] Per the Court's guidance in its July 2, 2018 letter to the parties (ECF 2608), over the past year, Direct Action Plaintiffs (DAPs) have pursued discrete discovery from the Defendants against whom the DAPs have live claims. Mindful of the Court's admonitions to DAPs that merits discovery was not yet open to them, this discovery has largely been related to productions made by these Defendants to the class plaintiffs in the certification phase of this MDL, which consist of documents culled from these Defendants' productions to certain foreign and domestic regulators. DAPs' attempts to pursue substantive discovery beyond the scope of the regulatory productions to the classes, that would require keyword or custodial searches, have been met with objection from Defendants that such requests were not appropriate at the time. As such, that discovery has necessarily been far more limited than that contemplated by the Federal Rules of Civil Procedure as part of full merits discovery. DAPs still do not have the full set of materials produced by Defendants in those certification proceedings, nor have DAPs been allowed to undertake any meaningful non-class certification related discovery, for example, interrogatories, document requests or depositions based on queries, custodians, or search terms specific to DAPs' claims or any relevant third-party discovery. At this time, DAPs believe the most efficient path is to begin full merits discovery rather than try to negotiate one-off interstitial requests on a Defendant-by-Defendant basis.

October 28, 2019
Page 3


Respectfully Submitted,

| | |
|---|---|
| */s/ William Christopher Carmody* | */s/ James R. Martin* |
| William Christopher Carmody | James R. Martin |

6868129v1/012751