UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/19

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br>ECF Case |
| The Lender Action | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS BETWEEN LENDER PLAINTIFFS, JPMORGAN AND BANK OF AMERICA, CONDITIONALLY CERTIFYING THE LENDER SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, APPROVING NOTICE PROGRAM AND PRELIMINARILY APPROVING PLAN OF DISTRIBUTION**

THIS CAUSE came before the Court on Lender Plaintiffs' Motion for Preliminary Approval of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") and Bank of America Corporation and Bank of America, N.A. (collectively, "BOA"), Conditional Certification of the Lender Class, Appointment of Settlement Class Counsel, Approval of Notice Program and Preliminary Approval of Plan of Distribution of the Settlement Agreements, filed on August 28, 2019 (the "Motion"). Lender Plaintiffs have entered into a Settlement Agreement with JPMorgan and BOA, dated August 15, 2019.[1]

The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreements, the Declaration of Jeremy A. Lieberman ("Lieberman Declaration") and exhibits thereto, the Plan of Distribution, the Declaration of Jennifer M. Keough and exhibits thereto, and the file, **HEREBY ORDERS, ADJUDGES, AND DECREES:**

---

[1] Unless otherwise expressly defined in this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

## PRELIMINARY APPROVAL OF THE SETTLEMENTS

1.  The Settlements are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Lender Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to final Court approval following the Fairness Hearing described below. The Court finds that the Settlements were entered into at arm's length by experienced counsel and are sufficiently within the range of reasonableness that notice of the Settlements should be given to the members of the Lender Class as provided in this Order.

## CERTIFICATION OF THE LENDER CLASS

2.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlements, the Court hereby finds that the prerequisites for conditional certification have been met and certifies the following class for settlement purposes only (the "Lender Class"):

> All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, held interests in loans, owned loans, owned interests in loans, purchased loans, purchased interests in loans, sold loans, or sold interests in loans with interest rates based upon U.S. Dollar LIBOR, which rates adjusted at any time between August 1, 2007 and May 31, 2010 (the "Class Period").[2]

3.  The Court finds that the certification of the Lender Class is warranted in light of and solely for the purpose of the Settlements because (a) the Lender Class is so numerous that joinder is impracticable; (b) the claims of Lender Plaintiffs present common issues and are typical of the claims of the Lender Class; (c) The Government Development Bank for Puerto Rico and Lender Plaintiffs' Counsel (defined below) will fairly and adequately represent the Lender Class; and (d)

---

[2] As specified in the Settlement Agreement, the Lender Class excludes Defendants; Released Parties; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, successor, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over the Lender Action and the members of his/her immediate families and judicial staff.

common issues predominate over any individual issues affecting the members of the Lender Class. The Court further finds that The Government Development Bank for Puerto Rico interests are aligned with the interests of all other members of the Lender Class. The Court also finds that approval of the Settlement on a class basis is superior to other means of resolving this matter.

4. The Court hereby appoints Pomerantz LLP as counsel for the Lender Class ("Lender Plaintiffs' Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court hereby appoints The Government Development Bank for Puerto Rico and The Berkshire Bank ("Lender Plaintiffs") to serve as representatives of the Lender Class.

6. A Fairness Hearing pursuant to Rule 23(e) of the Federal Rule of Civil Procedure is hereby scheduled to be held before the Court on May 26, 2020 at 2:30 p.m. [a date not less than thirty-five (35) days following the deadline for a class member to request exclusion] for the following purposes:

  a. to determine whether the Settlements are fair, reasonable, and adequate, and should be approved by the Court;

  b. to finally determine whether the Final Judgment and Order of Dismissal with Prejudice as provided under the Settlements should be entered, dismissing the Lender Action on the merits and with prejudice as to Citibank, HSBC, and Barclays, and to determine whether the release by the Lender Class of the Released Parties, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlements;

    c. to finally determine whether the proposed Plan of Distribution for the distribution of the Net Settlement Funds is fair and reasonable and should be approved by the Court;

    d. to consider the Fee and Expense Application and any application for service awards to any Lender Plaintiff;

    e. to consider Lender Class Members' objections to the Settlements, if any, whether submitted previously in writing or presented orally at the Fairness Hearing by Lender Class Members (or by counsel on their behalf); and

    f. to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Lender Class where to do so would not impair Lender Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law. The Court further reserves the right to enter its Final Judgment and Order of Dismissal with Prejudice, approving the Settlements and dismissing the Lender Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Distribution or awarded attorneys' fees and expenses or made an award to Lender Plaintiffs.

## NOTICE TO POTENTIAL CLASS MEMBERS AND PLAN OF DISTRIBUTION

8. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the proof of claim form, all of which are exhibits to the Declaration of the Jennifer Keough.

9. The Plan of Distribution set forth in Exhibit 3 to the Lieberman Declaration is preliminarily approved. The use of the modeling, as described in the Memorandum of Law, is

preliminarily approved without prejudice to the rights of any Defendants to contest certification of any other class.

10.  Lender Plaintiffs' Counsel has the authority to enter into the Settlements on behalf of the Lender Class and is authorized to act on behalf of the Lender Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlements or such other acts that are reasonably necessary to consummate the Settlements.

11.  The Court approves JND Legal Administration as the Claims Administrator.

12.  The Court approves the Huntington Bank as Escrow Agent.

13.  Lender Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, within twenty-one (21) calendar days of the entry of this Order, to all Lender Class Members who can be identified with reasonable effort by the Claims Administrator.

14.  Lender Plaintiffs' Counsel is authorized to establish a settlement account of $3,000,000.00 (three million U.S. dollars) in accordance with the provisions of the Settlement ("Settlement Account"). Lender Plaintiffs' Counsel is authorized to pay up to $250,000 (two hundred fifty thousand U.S. dollars) from the Settlement Account for Notice and Administration Costs prior to the Effective Date in accordance with the provisions of the Settlement Agreement. After the Effective Date, additional amounts may be used for Notice and Administration Costs. All funds held in the Citibank Settlement Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Settlement and/or further order of the Court.

15.  The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting forms for, or in respect of, the Settlement Fund, to pay from the

Settlement Fund any Taxes owed with respect to the Settlement Funds, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Settlement Agreement.

16. The Claims Administrator shall, at or before the Fairness Hearing, serve upon JPMorgan's Counsel, and BOA's Counsel, and file with the Court, proof of mailing of the Notice to the Lender Class Members.

17. Lender Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be circulated within twenty-eight (28) calendar days after the entry of this Order as follows: (i) published once in *IBD Weekly*, *The Wall Street Journal* and *Barron's*, (ii) published through banner ads on websites Yahoo! Finance, Investors.com, Barrons.com, MarketWatch.com and WSJ.com, (iii) run placements through the Targeted Digital Audience Network, and (iv) issue a press release on PR Newswire. Lender Plaintiffs' Counsel shall, at or before the Fairness Hearing, serve upon JPMorgan's Counsel, and BOA's Counsel, and file with the Court, proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Lender Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Lender Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Lender Class Member failed to receive actual or adequate notice.

19. In order to be entitled to recover from the Net Settlement Funds after the Effective Date, each Lender Class Member shall take the following action and be subject to the following conditions:

   a. A properly completed and executed proof of claim form must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, postmarked no later than thirty-five (35) calendar days prior to the Fairness Hearing. Such deadline may be further extended by Order of the Court. Each proof of claim form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such proof of claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any proof of claim form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

   b. The proof of claim form submitted by each Lender Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein as is deemed adequate by the Claims Administrator or Lender Plaintiffs' Counsel; (iii) if the person executing the proof of claim form is acting in a representative capacity, a certification of his current authority to act on behalf of the Lender Class Member must be provided with the proof of claim form; and (iv) the proof of claim form must be complete and contain no material deletions or

7

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted proof of claim form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a proof of claim form that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d. For the filing of and all determinations concerning their proof of claim form, each Lender Class Member shall submit to the jurisdiction of the Court.

20. All Lender Class Members who do not submit valid and timely proof of claim forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subjects to and bound by the provisions of the Settlement Agreement and the Final Judgment and Order of Dismissal with Prejudice, if entered.

21. Lender Class Members shall be bound by all determinations and judgments in the Lender Action, whether favorable or unfavorable, unless such Persons file a Request for Exclusion from the Lender Class in a timely and proper manner, as hereinafter provided. A Lender Class Member wishing to make such request shall mail it, in written form, by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty-five (35) calendar days prior to the Fairness Hearing or April 21, 2020, to the addresses listed in the Notice. Such Request for Exclusion shall clearly indicate the name, address, phone number and

8

e-mail (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Lender Class, and must be signed by such Person, or its authorized representative. Such Persons requesting exclusion are also required to list and provide documentation regarding any instruments within the Lender Class definition, including the origination, purchase, or receipt of or the holding of any interest in all loans with interest rates based upon U.S. Dollar LIBOR during the Class Period, including any loans issued to the excluding Person during the Class Period. Such documentation should also demonstrate the interest received or paid during the Class Period for such loans. The Request for Exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lender Plaintiffs' Counsel may contact any Person filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

22. Lender Class Members requesting exclusion from the Lender Class shall not be entitled to receive any payment out of the Net Settlement Fund.

23. The Court will consider comments on and/or objections to the Settlement, the Plan of Distribution, or the Fee and Expense Application or any application for service awards to Lender Plaintiffs only if such comments or objections and any supporting papers are postmarked no later than twenty-one (21) calendar days prior to the Fairness Hearing, upon each of the following:

***Counsel for Lender Plaintiffs and the Lender Settlement Class***

>Jeremy A. Lieberman, Esq.
>Michael J. Wernke, Esq.
>**POMERANTZ LLP**
>600 Third Avenue
>New York, NY 10016

***JPMorgan's Counsel***

>   Paul C. Gluckow
>   Simpson Thacher & Bartlett LLP
>   425 Lexington Avenue
>   New York, New York 10017
>   Telephone: (212) 455-2000

***BOA's Counsel***

>   Paul S. Mishkin
>   Davis Polk & Wardwell LLP
>   450 Lexington Avenue
>   New York, New York 10017

and the objector has (by that same date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to the Settlement, the Plan of Distribution, and/or the Fee and Expense Application, or any application for service awards to any Lender Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing. Lender Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

24.   Any Lender Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment and Order of Dismissal with Prejudice to be entered approving the Settlement, the Plan of

Distribution, the Fee and Expense Application, and any application for service awards to any Lender Plaintiff.

25. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Lender Class.

26. All papers in support of the Settlement, the Plan of Distribution and any Fee and Expense Application and any application for service awards to any Lender Plaintiff shall be filed and served thirty-five (35) calendar days before the Fairness Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Distribution and any Fee and Expense Application or any application for service awards to any Lender Plaintiff shall be filed no later than fourteen (14) calendar days prior to the Fairness Hearing.

## OTHER PROVISIONS

28. In the event that the Settlement is terminated in accordance with its provisions, the Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement and without prejudice to the *status quo ante* rights of Lender Plaintiffs, the Settling Defendants,[3] and the Lender Class Members.

29. The Court's certification of the Lender Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any litigation class in this action and no party may cite or refer to the Court's approval of the Lender Class as persuasive or binding authority with respect to any motion to certify any such class.

---

[3] For purposes of this Order, "Settling Defendants" includes JPMorgan and BOA.

30. All proceedings in the Lender Action with respect to Settling Defendants are stayed until further order of the Court. Such stay does not apply, however, to actions to implement or comply with the terms of the Agreement. Pending final determination of whether the Agreement should be approved, neither Lender Plaintiffs nor any Lender Class Member shall commence or prosecute any action alleging any Released Claim against any Settling Defendant or other Released Party.

**IT IS SO ORDERED.**

DATED: November 20, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE