# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The Lender Action | |

**SETTLEMENT AGREEMENT BETWEEN**
**LENDER PLAINTIFFS AND UBS AG**

1.     **RECITALS**

This settlement agreement (the "Settlement Agreement" or "Agreement") is made and entered into on December 20, 2019 (the "Execution Date"), between Plaintiffs The Berkshire Bank and The Government Development Bank for Puerto Rico (collectively, the "Lender Plaintiffs"), individually and on behalf of the Settlement Class in the Lender Action, and defendant UBS AG ("UBS") by and through the Lender Plaintiffs' Counsel and Settling Defendant's Counsel.[1]  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, the Lender Plaintiffs have alleged, among other things, that the Settling Defendant and others committed common law fraud and conspired to commit fraud, and that they and the Lender Class suffered monetary damages as a result of the Settling Defendant's (and the other Defendants') alleged conduct;

WHEREAS, the Settling Defendant has denied and continues to deny each and all of the claims and allegations of wrongdoing made by the Lender Plaintiffs in the Lender Action and all charges of wrongdoing or liability against the Settling Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lender Action;

WHEREAS, the Settling Defendant maintains that it has meritorious defenses to the claims of liability and damages made by Lender Plaintiffs;

WHEREAS, the Lender Plaintiffs, for themselves individually and on behalf of the Settlement Class, and the Settling Defendant agree that neither this Agreement nor any statement

---

[1]     Capitalized terms not otherwise defined shall have the meanings set forth *infra* Paragraph 2.

made in negotiation thereof shall be deemed or construed to be an admission or evidence of anything, including, without limitation: (i) the merit or lack of merit of any claim or defense; (ii) any violation of any statute or law; (iii) any liability or wrongdoing by the Settling Defendant; (iv) the truth of any of the claims or allegations alleged in the Lender Action; or (v) an admission of liability by any Person, including, without limitation, the Released Parties;

WHEREAS, this Agreement is the product of arm's-length negotiations between Lender Plaintiffs' Counsel and Settling Defendant's Counsel and this Agreement embodies all of the terms and conditions of the settlement agreed upon between Settling Defendant and the Lender Plaintiffs, both for themselves individually and on behalf of the Settlement Class;

WHEREAS, Lender Plaintiffs' Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Lender Action, the legal and factual defenses thereto, and the applicable law, that: (i) it is in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by the Settling Defendant under this Agreement and the nonmonetary consideration to be provided to the Lender Plaintiffs by the Settling Defendant under this Agreement, are obtained for the Settlement Class; and (ii) the settlement set forth in this Agreement is fair, reasonable, and adequate and in the best interests of the Lender Class;

WHEREAS, the Settling Defendant, while continuing to deny that it is liable for the claims asserted against it in the Lender Action and believing that it has good and meritorious defenses thereto, has nevertheless agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to resolve this controversy, to avoid the risks inherent in complex litigation, and to obtain complete

dismissal of the Lender Action as to the Settling Defendant and a release of the claims as set forth herein;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is hereby agreed, by and among the Lender Plaintiffs (individually and on behalf of the Settlement Class and each member thereof) and the Settling Defendant by and through its counsel or attorneys of record, that, subject to the approval of the Court, the Lender Action shall be finally and fully settled, compromised, and dismissed with prejudice as to the Settling Defendant and the other Released Parties only, without costs, except as stated herein, and releases be extended, as set forth in this Agreement.

## 2.  DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)  <u>Agreement or Settlement Agreement</u>:  this Settlement Agreement, together with any exhibits attached hereto, which are incorporated herein by reference.  *See* the above Recitals.

(b)  <u>Alternative Judgment</u>:  A Final Judgment and Order of Dismissal entered by the Court but in a form other than proposed by the Lender Plaintiffs' Counsel and the Settling Defendant.

(c)  <u>Authorized Claimant</u>:  Any Settlement Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court in accordance with the terms of this Agreement.

(d)  <u>Claims Administrator</u>:  The claims administration firm, JND Legal Administration LLC, that Lender Plaintiffs' Counsel will request the Court to appoint to manage and administer the process by which the Settlement Class will be notified of this Agreement and by which each eligible member of the Settlement Class is paid pursuant to this Agreement, or

such other qualified third-party firm selected by Lender Plaintiffs' Counsel and approved by the Settling Defendant and appointed by the Court.

(e) <u>Class Distribution Order</u>: An order from the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

(f) <u>Class Notice</u>: The Notice and Summary Notice, collectively.

(g) <u>Court</u>: The United States District Court for the Southern District of New York.

(h) <u>Defendants</u>: Bank of America Corporation, Bank of America, N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank PLC, British Bankers' Association, BBA Enterprises Ltd., BBA LIBOR Ltd., Citigroup Inc., Citibank, N.A., Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank PLC, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group PLC, HBOS PLC, Royal Bank of Canada, The Norinchunkin Bank, The Royal Bank of Scotland Group PLC, UBS AG, WestLB AG, and Westdeutsche Immobilienbank AG, and any other Person or Persons who are or were named as defendants in the Lender Action at any time up to and including the date a Preliminary Approval Order is issued.

(i) <u>Effective Date or Effective Date of Settlement</u>: *See* Paragraph 6(a).

(j) <u>Escrow Agent</u>: The entity jointly designated as such by Lender Plaintiffs' Counsel and UBS, and any successor agent, to maintain the Settlement Fund.

(k) <u>Execution Date</u>: *See* the above Recitals.

(l)      <u>Fairness Hearing</u>:  The hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

(m)      <u>Fee and Expense Application</u>:  *See* Paragraph 9(a).

(n)      <u>Fee and Expense Award</u>:  *See* Paragraph 9(b).

(o)      <u>Final Judgment and Order of Dismissal</u>:  The order of the Court finally approving the settlement set forth in this Agreement, dismissing the Lender Action against the Settling Defendant with prejudice, and except as provided for in this Agreement, without costs, and meeting the criteria set forth in Paragraph 5(g).  The Final Judgment and Order of Dismissal shall become final when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

(p)      <u>Investment Vehicles</u>: Any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

(q)      Lender Action:  *The Berkshire Bank and Government Development Bank for Puerto Rico* v. *Bank of America, et al.*, No. 12-cv-5723 (NRB), currently pending in the USD LIBOR MDL.

(r)      Lender Class:  *See* Paragraph 3(a).

(s)      Lender Class Member:  A Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

(t)      Lender Plaintiffs:  The Berkshire Bank and The Government Development Bank for Puerto Rico.

(u)      Lender Plaintiffs' Counsel:  Pomerantz LLP.

(v)      LIBOR:  The London Interbank Offered Rate.

(w)      Net Settlement Fund:  *See* Paragraph 10(f)(v).

(x)      Notice:  The Notice of Proposed Settlement of Class Action to be provided to the Settlement Class as provided in this Agreement and the Preliminary Approval Order.

(y)      Notice and Administration Costs:  The costs, fees and expenses that are reasonably and actually incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notice to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees and expenses incurred in connection with the Escrow Account.

(z)      Parties:  The Settling Defendant and the Lender Plaintiffs.

(aa)     Person(s):  An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state

7

agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing.

(bb)   Plan of Distribution:  A plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the Notice and Administration Costs of the settlement, Taxes and tax expenses, and such attorneys' fees, costs, interest, and other expenses as may be awarded by the Court.  At a time and in a manner determined by the Court, Lender Plaintiffs' Counsel shall submit for Court approval a Plan of Distribution for the Lender Class that will provide for the distribution of the applicable Net Settlement Fund.

(cc)   Preliminary Approval Order:  An order (or set of orders) of the Court that preliminarily approves the settlement set forth in this Agreement, certifies the Settlement Class solely for settlement purposes, directs Notice thereof to the Class, and stays all proceedings against the Settling Defendant until such time as the Court renders a final decision on approval of the Agreement.

(dd)   Released Claims:  Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), of every nature and description, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation (including Rule 11 of

the Federal Rules of Civil Procedure), ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to the origination, ownership, purchase, or sale of loans (or interests in loans, including through mortgage-backed securities, home or business loans, or other instruments) with interest rates tied to LIBOR which adjusted during the Class Period, and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lender Plaintiffs or any member of the Settlement Class in the Lender Action or in any other action in any court or forum, which any Releasing Party ever had, now has, or hereafter may have against the Released Parties (whether directly, derivatively, representationally, or in any other capacity), from the beginning of time.  Furthermore, Settling Defendant shall benefit from any potential larger set of released claims that may have been agreed to in prior settlements with other Defendants.

(ee)   <u>Released Party or Released Parties</u>:  The Settling Defendant and its respective divisions, predecessors, successors and assigns, the respective direct and indirect parents (including holding companies), subsidiaries, associates, and affiliates thereof, and the respective current and former officers, directors, employees, managers, members, partners, agents (in their capacities as agents of Settling Defendant), shareholders (in their capacities as shareholders of Settling Defendant), attorneys, trustees, and legal or other representatives thereof, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their respective capacity as such.  Released Parties does not include: (i) any of the other Defendants in the Lender Action or (ii) any other person or entity formerly named as a party in the Lender Action.

(ff)   <u>Releasing Party or Releasing Parties</u>:   Lender Plaintiffs and each and every Lender Class Member on their own behalf and on behalf of their respective predecessors, successors, beneficiaries, and assigns, the respective direct and indirect parents (including holding companies), subsidiaries, divisions, associates, and affiliates thereof, the respective future, current, and former officers, directors, employees, agents, stockholders, trustees, fiduciaries, and legal or other representatives thereof, and the respective predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing in their respective capacity as such, whether or not they object to the Settlement and whether or not they make a claim for payment from the Settlement Fund to be established with respect to this Settlement.

(gg)   <u>Settlement Amount</u>:   One million dollars ($1,000,000.00), which includes any and all attorneys' fees, costs, service awards to class representatives, and expenses of Class Notice and Claims Administration.   For the avoidance of doubt, the Settling Defendant will have no responsibility or obligation to make any further payment than the Settlement Amount.

(hh)   <u>Settlement Class</u>:   *See* Paragraph 3(a).

(ii)   <u>Settlement Fund</u>:   The escrow account established pursuant to Paragraph 10 of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(jj)   <u>Settling Defendant</u>:   UBS AG.

(kk)   <u>Settling Defendant's Counsel</u>:   Gibson, Dunn & Crutcher LLP.

(ll)   <u>Summary Notice</u>:   The summary notice of proposed settlement and hearing for publication that may be directed by order(s) of the Court.

(mm)   <u>Taxes</u>:   *See* Paragraph 12(c).

(nn)    <u>UBS:</u>  UBS AG

(oo)    <u>Unknown Claims:</u>  Any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties might have affected his, her, or its decision(s) with respect to the settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived, and each Lender Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims.  Nevertheless, Lender Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Lender Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Lender

Plaintiffs acknowledge, and Lender Class Members shall be deemed to have acknowledged, that the inclusion of "unknown" claims in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

(pp)   <u>USD LIBOR MDL</u>: *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Case No. 11-md-2262 (NRB), currently pending in the U.S. District Court for the Southern District of New York.

(qq)   <u>U.S. Dollar LIBOR-Based Loans</u>: A loan with any term, provision, obligation, right to pay, to be paid, or to receive interest based upon any U.S. Dollar LIBOR-related rate, including, but not limited to, through mortgage-backed securities, business or home loans, or other instruments.

## 3.   SETTLEMENT CLASS CERTIFICATION

(a)   The Parties hereby stipulate for purposes of settlement only that, subject to Court approval, the following settlement class shall be certified as to the Settling Defendant (the "Settlement Class"):

> All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, held interests in loans, owned loans, owned interests in loans, purchased loans, purchased interests in loans, sold loans, or sold interests in loans with interest rates based upon U.S. Dollar LIBOR ("U.S. Dollar LIBOR-Based Loans"), which rates adjusted at any time between August 1, 2007 and May 31, 2010 (the "Class Period").

(b)   Excluded from the Settlement Class are Defendants; Released Parties; any entity in which any Defendant, Released Party, or alleged co-conspirator has a controlling interest; any affiliate, legal representative, heir, successor, or assign of any Defendant, Released Party, or alleged co-conspirator and any person acting on their behalf.  Also excluded from the Class are any judicial officers presiding over the Lender Action and the members of his/her immediate families and judicial staff.  Solely for purposes of the Settlement, the Parties agree that

Investment Vehicles are not excluded from the Settlement Class solely because they are, or are managed by, affiliates or subsidiaries of the Defendants.

(c)     The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating a settlement and for no other purpose.  The Settling Defendant retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective for any reason.  The Parties acknowledge that there has been no stipulation to any class or certification of any class for any purpose other than effectuating the settlement, and that if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to become effective for any reason, this agreement as to certification of the Settlement Class will become null and void *ab initio*.  Neither this Agreement nor any other settlement-related statement may be cited regarding the certification of the Lender Class, or in support of any argument for certifying a class for any purpose related to the USD LIBOR MDL or this Action, including any litigation class.

4.     **GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT**

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement.  This includes the Settling Defendant serving notice on those persons and entities required to receive notice pursuant to 28 U.S.C. § 1715.

5.     **PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING**

(a)     Within fifteen (15) calendar days of execution of this Agreement, Lender Plaintiffs' Counsel shall submit to the Court a motion requesting entry of the Preliminary Approval Order (this time may be extended with the consent of the Settling Defendant, which consent shall not be unreasonably withheld).  Lender Plaintiffs will submit the Settlement to the Court for final approval as soon as is practicable after the Court enters the Preliminary Approval Order.  Lender Plaintiffs' Counsel shall share drafts of any papers related to the Settlement with the Settling Defendant's Counsel at least three (3) business days in advance of any submission to the Court in order to give the Settling Defendant a reasonable opportunity to comment.  The motion requesting entry of the Preliminary Approval Order shall:

(i)     Seek certification of the Settlement Class for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

(ii)     Request preliminary approval of the Settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23;

(iii)     Seek the appointment of the Lender Plaintiffs as class representatives of the Settlement Class under Federal Rule of Civil Procedure 23;

(iv)     Seek appointment of Lender Plaintiffs' Counsel as interim Class counsel under Federal Rule of Civil Procedure 23(g);

(v)     Seek approval of the form and method of dissemination of (1) the Notice, which shall be mailed along with a proof of claim form via first-class mail or as otherwise directed by the Court, and (2) the Summary Notice, which shall be published based upon the recommendations of the Claims Administrator.  The Claims Administrator will also establish and maintain

a dedicated settlement website, from which each member of the Settlement Class can view and download relevant documents, including the Notice, Summary Notice, and proof of claim form;

(vi)   Seek appointment of a qualified claims administrator as the Claims Administrator;

(vii)  Seek appointment of an Escrow Agent;

(viii) Seek a stay of all proceedings in the Lender Action against the Settling Defendant until the Court renders a final decision on approval of the settlement set forth in this Agreement; and

(ix)   Attach a proposed order in a form agreed to by the Parties, which shall include such provisions as are typical in such orders, including (1) a finding that the proposed plan of notice complies with Federal Rule of Civil Procedure 23 and the requirements of due process; (2) providing that to be valid for any purpose, a request for exclusion must be timely and include all the required information specified in the Class Notice; (3) addressing scheduling with respect to an ultimate Fairness Hearing; and (4) a provision that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement any related orders had not been entered.

(b)   Class Notice shall apprise each member of the Settlement Class of his, her, or its right to exclude themselves from the Settlement Class, or object to the settlement.

(c)     Subject to the provisions of this Agreement, Lender Plaintiffs' Counsel shall be responsible for arranging Class Notice, claims administration, and distribution of the Settlement Fund, and for obtaining any necessary Court approvals.  Unless agreed to by the Settling Defendant, the Settling Defendant shall have no responsibility for providing publication or distribution of the Settlement or any notice of the Settlement to Lender Class Members.  Lender Plaintiffs' Counsel shall consult with the Settling Defendant in advance regarding any content that will be used by Lender Plaintiffs' Counsel and/or the Claims Administrator in any Settlement-related communications, press releases, or other media publications, including on websites.

(d)     Any Person seeking exclusion from the Settlement Class must file a timely and complete written request for exclusion ("Request for Exclusion").  Any Person that files such a request shall be excluded from the Settlement Class, shall have no rights with respect to this Agreement, and shall receive no payment provided for in this Agreement.  To be valid for any purpose, a Request for Exclusion shall include all of the required information specified in the Notice, including that it must:

> (i)     Be in writing;
>
> (ii)    Be signed by the Person or his, her, or its authorized representative;
>
> (iii)   State the name, address and phone number of that Person;
>
> (iv)    Include (1) proof of membership in the Settlement Class and (2) a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*;"

        (v)      List and provide documentation regarding the origination, ownership, holding, purchase, or sale of loans or interests in loans with interest rates based upon USD LIBOR during the Class Period, including any loans issued to the excluding party during the Class Period.   Such documentation should also demonstrate the interest received or paid during the Class Period for such loans or interests in loans.

        (vi)      Be mailed to the Claims Administrator at the address provided in the Class Notice and postmarked no later than twenty-one (21) days prior to the date set for the Fairness Hearing or any other date set by the Court.

(e)      A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Lender Class Member and shall be bound by the settlement set forth in this Agreement, if approved.   Lender Plaintiffs' Counsel agrees to provide the Settling Defendant with notice of any Person who requests to be excluded from the Settlement Class, together with all documents and information provided by such Person, within three (3) business days of receipt by Lender Plaintiffs' Counsel of that Request for Exclusion, or sooner if practicable.

(f)      Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.   However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by

the Court, unless such Person properly submits a written objection that includes all of the following:

     (i)     A notice of intention to appear;

     (ii)     Proof of membership in the Settlement Class, including documentation evidencing the origination, ownership, holding, purchase, or sale of loans or interests in loans with interest rates based upon USD LIBOR during the Class Period; and

     (iii)     The specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.

     (g)     Such a written objection must be both filed with the Court no later than twenty-one (21) days prior to the date set for the Fairness Hearing and mailed to Lender Plaintiffs' Counsel and the Settling Defendant's Counsel at the addresses provided in the Class Notice and postmarked no later than fourteen (14) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from making any such objections in the Lender Action, unless otherwise excused for good cause shown, as determined by the Court.

     (h)     If the Preliminary Approval Order is entered by the Court, Lender Plaintiffs shall seek, and the Settling Defendant shall not oppose, entry of a Final Judgment and Order of Dismissal in a form mutually agreeable to the Parties. Lender Plaintiffs' Counsel shall share drafts of the proposed Final Judgment and Order of Dismissal with the Settling Defendant's Counsel at least two (2) weeks before the anticipated filing date in order to give the Settling Defendant a reasonable opportunity to comment. The Final Judgment and Order of Dismissal

shall meet all of the following criteria (in addition to any additional criteria specified elsewhere in this Agreement):

(i)     Certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) solely for the purpose of the settlement;

(ii)    Approve finally the settlement set forth in this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation according to its terms;

(iii)   Find that the Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)    Direct that, as to the Released Parties, the Released Claims shall be released and the Lender Action shall be dismissed with prejudice and, except as provided for in this Agreement, without costs; provided, however, that such dismissal shall not affect, in any way, the right of Lender Plaintiffs or Lender Class Members to pursue claims, if any, outside the scope of the Released Claims;

(v)     Order that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action, arbitration or other proceeding asserting any Released Claims against any Released Party in any jurisdiction;

(vi)     Permanently bar and enjoin any claim or action by any Person against the Settling Defendant, or any other Released Party, for contribution, indemnification, or similar claims (however denominated) for all or any portion of amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vii)    Specify that should any court determine that any Defendant or other co-conspirator is/was legally entitled to any kind of contribution or indemnification from any Released Parties arising out of or related to Released Claims, any money judgment subsequently obtained by the Plaintiffs against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim for contribution, indemnification, or similar claims (however denominated) against the Released Parties;

(viii)   Retain with the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of the settlement and all future proceedings relating thereto;

(ix)     Determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and direct that the judgment of dismissal as to Settling Defendants shall be final and entered forthwith; and

(x)      Contain such other and further provisions consistent with the terms of this Agreement to which the Settling Parties expressly consent in writing.

6.     **EFFECTIVE DATE OF SETTLEMENT**

(a)     The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)     The Settling Defendant's contribution to the Settlement Fund has been made pursuant to this Agreement;

(ii)     Entry of the Preliminary Approval Order;

(iii)     Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing;

(iv)     No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(b); and

(v)     Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Lender Plaintiffs nor the Settling Defendant elects to terminate this Agreement, and such Alternative Judgment becomes final.

(b)     Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

7.     **CLAIMS ADMINISTRATOR**

(a)     Pursuant to the Preliminary Approval Order and subject to Court approval, Lender Plaintiffs' Counsel shall engage the Claims Administrator. The Settling Defendant shall not object to Lender Plaintiffs' Counsel's selection.

(b)      The Claims Administrator shall, under the direction of the Court and/or Lender Plaintiffs' Counsel, take all steps reasonably necessary to effectuate the notice plan approved by the Court in the Preliminary Approval Order, assist in the development of the Plan of Distribution, assist in the identification of Lender Class Members, administer and calculate the claims submitted by Lender Class Members, oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution, and perform such other tasks and duties as directed by the Court and/or Lender Plaintiffs' Counsel to effectuate this Agreement (collectively, "Claims Administration").

(c)      The Settling Defendant will have no involvement in (nor have liability for) Lender Plaintiffs' selection of the Claims Administrator, the Claims Administration process, or the Plan of Allocation of the Settlement proceeds.  Lender Plaintiffs' Counsel shall provide the plan of allocation to the Settling Defendant at least five (5) business days before it is submitted to the Court.  The Settling Defendant shall take no position with respect to the proposed Plan of Allocation.

## 8.    SCOPE AND EFFECT OF SETTLEMENT

(a)      The obligations incurred pursuant to this Agreement shall be in full and final disposition of the following:

(i)      The Lender Action against the Settling Defendant; and

(ii)     Any and all Released Claims as against all Released Parties with prejudice and without costs.

(b)      This Agreement is expressly intended to absolve the Released Parties from any claims for contribution, indemnification, or similar claims (however denominated) from other Defendants in the Action and other alleged co-conspirators, arising out of or related to the Released Claims in the manner and to the fullest extent permitted under the laws of the State of

New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims (however denominated) against any Released Parties.

(c)     Upon the Effective Date of Settlement, each of the Releasing Parties:

(i)     Shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim;

(ii)    Shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties;

(iii)   Agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims; and

(iv)    Agrees that, should any court determine that any Defendant or other co-conspirator is/was legally entitled to any kind of contribution, indemnification, or similar claim (however denominated) from a Released Party arising out of or related to Released Claims, the Releasing Parties agree that any money judgment obtained against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim

for contribution, indemnification, or similar claims (however denominated) against the Released Parties.

(d)     Upon the Effective Date of Settlement, the Settling Defendant shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have fully, finally, and forever released and discharged, and shall forever be enjoined from prosecuting any and all claims against Lender Plaintiffs and their counsel arising out of or relating to the institution, prosecution, or resolution of the Released Claims in the Action; provided, however, that this Paragraph does not release or discharge any claim or right that the Settling Defendant may have to enforce this Agreement, or any claim, right, or defense that the Settling Defendant may otherwise have arising out of or relating to any U.S. Dollar LIBOR-Based Loans, including any claim or right to enforce the terms of any such U.S. Dollar LIBOR-Based Loans.  For the avoidance of doubt, this Paragraph does not release claims, rights, or defenses that the Settling Defendant may have relating to or arising out of  any instruments, products, or transactions other than U.S. Dollar LIBOR-Based Loans, or any other claims, rights or defenses that do not arise out of the factual predicate of the Action.

(e)     The releases provided in this Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(f)     The releases set forth herein are given pursuant to New York law and are to be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims.

(g)     As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, with prejudice and without

costs barring claims against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of settlement, judgment, or otherwise by any of the following:

<div style="margin-left: 2em;">

(i)      Any of the other Defendants currently named in the Lender Action;

(ii)     Any other Person formerly named as a party in the Lender Action; or

(iii)    Any other Person subsequently added or joined as a party in the Lender Action.

</div>

(h)      In the event that this Agreement is terminated pursuant to Paragraphs 10(c), 13(a), or 13(b), or any condition for the final approval of this Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

## 9.     FEE AND EXPENSE APPLICATION

(a)      Lender Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of the following:

<div style="margin-left: 2em;">

(i)      Attorneys' fees paid from the Settlement Fund;

(ii)     Reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Lender Action; and

(iii)    May also seek service awards for Lender Plaintiffs in conjunction with their representation of the Class.

</div>

(b)      Any attorneys' fees and litigation expenses that are awarded by the Court shall be paid to Lender Plaintiffs' Counsel from the Escrow Account no later than thirty (30) business days after the Court enters the Final Judgment, notwithstanding any objections to the Settlement or the fee request, or any appeal therefrom, or any collateral attack on the Settlement or fee award.   This payment shall be subject to Lender Plaintiffs' Counsel's obligation to make

appropriate refund or repayment, plus interest thereon at the same rate at which interest is accruing on the Settlement Fund, if the award of attorneys' fees, litigation expenses, and/or service awards is for any reason subsequently reduced or reversed, including if the Settlement itself is later terminated.   In such event, Lender Plaintiffs' Counsel, including each of the law firm's individual partners and/or principals, shall be jointly and severally liable for the return to the Settling Defendant of any sums paid as attorneys' fees, litigation expenses, and/or service awards.   Such repayment or refund shall be made no later than thirty (30) days after Lender Plaintiffs' Counsel's receipt from the Court of notice of any final non-appealable order that reverses or reduces any award of attorneys' fees, litigation expenses and/or service awards, or notice of termination of the Settlement. The Settling Defendant shall take no position with respect to Lender Plaintiffs' Counsel's motion for attorneys' fees and expenses, or any request for service awards to Lender Plaintiffs.

(c)    Notwithstanding any other provision of this Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding solely relating to the Fee and Expense Application, or any appeal of any order solely relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the settlement of the Lender Action, or affect the finality or binding nature of any of the releases granted hereunder.   The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Lender Plaintiffs' Counsel or of any service award.

(d)     For the avoidance of doubt, the Settling Defendant shall have no responsibility for any costs, fees or expenses incurred for or by Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents or representatives other than the Settlement Amount.

## 10.   THE SETTLEMENT FUND

(a)     The Settlement Fund shall be established as an escrow account and administered by the Escrow Agent, subject to approval by the Court.   The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control.  No monies shall be paid from the Settlement Fund without the specific authorization of Lender Plaintiffs' Counsel and either the Court or the Settling Defendant.   Counsel for the Parties agree to cooperate, in good faith, to form an appropriate escrow agreement in conformance with this Agreement.

(b)     In consideration of the full release and discharge of all claims, the Settling Defendant will cause to be wired the entire Settlement Amount within fifteen (15) business days of when the Court enters the Preliminary Approval Order, provided within five (5) business days following the date such court order is entered, Lender Plaintiffs' Counsel shall provide Settling Defendant's Counsel with such information as the Settling Defendant may require to complete the wire transfer.  Should Lender Plaintiffs' Counsel provide such information later than five (5) business days, the Settling Defendant shall cause the payment to be made within ten (10) business days after the information is provided.  None of the Released Parties shall have any obligation to make any further payment.

(c)     Without prejudice to the Lender Plaintiffs' right to seek enforcement of this Agreement by motion or otherwise, if the Settlement Amount is not timely transferred to the escrow account, Lender Plaintiffs' Counsel may terminate this Agreement if the following occur:

      (i)     Lender Plaintiffs' Counsel has notified the Settling Defendant's Counsel in writing of Lender Plaintiffs' Counsel's intention to terminate this Agreement; and

      (ii)    The entire Settlement Amount is not transferred to the Settlement Fund within ten (10) business days after Lender Plaintiffs' Counsel has provided such written notice.

(d)     The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either:  (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (ii) secured by instruments backed by the full faith and credit of the United States Government.  The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(e)     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and the Plan of Distribution approved by the Court.

(f)     The Settlement Fund shall be applied as follows:

      (i)     To pay any Fee and Expense Award, if and to the extent allowed by the Court;

      (ii)    To pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the

settlement, including, without limitation, locating members of the Settlement Class, soliciting Lender Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms;

(iii)    To pay the Taxes and tax expenses described in Paragraph 12 hereof;

(iv)    To pay any other Court approved fees and expenses including Lender Plaintiffs' Counsel out-of-pocket expenses, compensatory awards and disbursements; and

(v)    To distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Court pursuant to the Class Distribution Order.

(g)    Lender Plaintiffs' Counsel may pay from the Settlement Fund, without further approval from the Settling Defendant or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Class Counsel may only pay up to $125,000 in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent.

(h)      With the object of reducing the costs of Class Notice, Lender Plaintiffs' Counsel shall use their reasonable best efforts to coordinate the provision of Class Notice pertaining to this Agreement with the provision of notice for any other settlements that may be reached, and any expenses related thereto shall be apportioned based on the number of settling parties (counting affiliated entities as one party for this purpose).  Any Notice and Administration Costs incurred or invoiced on or after the execution of this Settlement shall be shared proportionately among all Defendants that have settled with Lender Plaintiffs based on their respective settlement amounts.  In all events, the Settling Defendant shall have no liability for the costs of provision of notice beyond those set forth in Paragraph 10(g).

(i)      At the discretion of Lender Plaintiffs' Counsel, in consultation with the Claims Administrator, the Net Settlement Fund in this Settlement may be held for future distribution with net settlement funds from other settlements either already entered into or to be entered into in the future in the Action.

(j)      The Settling Defendant shall have no responsibility for any other costs, including, as further detailed in this Agreement, any attorneys' fees and expenses, service awards, or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

(k)      Lender Plaintiff's Counsel shall be responsible for arranging for class notice, claims administration, and distribution of the settlement funds, and for obtaining any needed court approvals.  Settling Defendant shall be provided the opportunity for comment.

(l)      If the Settlement does not become final, the entire amount paid or caused to be paid by the Settling Defendant plus all accrued interest, less the Notice and Administration Costs

up to a maximum of $125,000, shall be returned to the Settling Defendant, within ten (10) business days of termination.

## 11.     ADMINISTRATION OF THE SETTLEMENT

(a)     Any Lender Class Member who does not submit a valid proof of claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(b)     The Claims Administrator shall process this settlement based upon proofs of claim submitted in connection with the settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for their respective obligations to fund their portion of the settlement or cause it to be funded as detailed in this Agreement, the Settling Defendant shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund.  Lender Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lender Plaintiffs' Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

(c)     For purposes of determining the extent, if any, to which a Lender Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)     Each Lender Class Member, at a time determined by the Court, shall be required to submit a proof of claim (as shall be approved by the Court) which, *inter alia*, releases all Released Claims against all Released Parties,

is signed under penalty of perjury by an authorized Person, and is supported by such documents or proof as Lender Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable;

(ii)    All proofs of claim must be submitted by the date specified by the Court, unless such period is extended by order of the Court.  Any Lender Class Member who fails to submit a proof of claim by such date shall be forever barred from receiving any payment pursuant to this Agreement (unless, by order of the Court, a later submitted proof of claim by such Lender Class Member is approved), but shall in all other respects be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions contained in the proof of claim form.  In all other cases, the proof of claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(iii)    Each proof of claim shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim is in accordance with this Agreement and any applicable orders of the Court,

and the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Paragraph 11(c)(v), *infra*. The Claims Administrator will review each approved proof of claim and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant. The Released Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

(iv)   Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons for such rejection. If the claimant so desires and complies with the requirements of Paragraph 11(c)(v), *infra*, the claimant may seek review by the Court;

(v)   If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Paragraph 11(c)(iv), *supra*, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be

otherwise resolved, Lender Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(vi)     The administrative determinations of the Claims Administrator accepting and rejecting claims, shall be presented to the Court, on notice to the Settling Defendant's Counsel, for approval by the Court in the Class Distribution Order (as defined in Paragraph 2(g)).

(d)     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Lender Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed to be directed to the Settling Defendant or any of the Released Parties, and no discovery shall be allowed on the merits of the Lender Action or settlement in connection with processing of the proofs of claim.

(e)     Payment pursuant to this Agreement and the Plan of Distribution shall be deemed final and conclusive against all Lender Class Members.  All Lender Class Members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lender Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions

of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

(g)     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after all of the following have occurred:

(i)     All claims have been processed and evaluated by the Claims Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

(ii)    All objections with respect to all rejected or disallowed claims have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired;

(iii)   All matters with respect to the Fee and Expense Application have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired; and

(iv)    All fees and costs of administration have been paid.

(h)     Lender Plaintiffs' Counsel will apply to the Court for the Class Distribution Order.

(i)     Lender Plaintiffs and Lender Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims.  Except as set forth in Paragraph 10(g), the Settling Defendant shall have no obligation under this Agreement or the settlement to pay or cause to be paid any amount of money, and the Settling Defendant shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or

damages whatsoever alleged or incurred by Lender Plaintiffs, by any Lender Class Member, or by any Releasing Parties, including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the Lender Action and Released Claims.  Lender Plaintiffs and Lender Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(j)       This is not a claims-made settlement.  If all conditions of the Settlement are satisfied and the Effective Date occurs, no portion of the Settlement Amount will revert to the Settling Defendant.  If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion.

## 12.      TAXES

(a)       The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § l.468B-1 and agree not to take any position for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be returned to the Settling Defendant as provided in Paragraph 13(d), if the settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraphs 13(a) or 13(b).

(b)       For the purpose of § 468B of the Internal Revenue Code and the Treasury regulations thereunder, Lender Plaintiffs' Counsel shall be designated as the "administrator" of the Settlement Fund.  Lender Plaintiffs' Counsel shall timely and properly file all income,

informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § l.468B-2(k)). Such returns shall be consistent with this Paragraph 12 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)     The following (collectively "Taxes") shall be promptly paid out of the Settlement Fund by the Escrow Agent without prior order from the Court:

     (i)     Taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-l (or any relevant equivalent for state tax purposes); and

     (ii)    Other taxes or tax expenses imposed on or in connection with the Settlement Fund.

(d)     The Claims Administrator shall also be obligated to, and shall be responsible for, withholding from distribution to Lender Class Members any funds necessary to pay any Taxes, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(e)      Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to the following:

(i)      Any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise;

(ii)     The Plan of Distribution;

(iii)    The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

(iv)    Any losses suffered by, or fluctuations in the value of, the Settlement Fund; or

(v)     The payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(f)      The Escrow Agent shall indemnify and hold harmless the Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in Paragraph 12(e) (including, without limitation, Taxes payable by reason of any such indemnification).

## 13.      TERMINATION OF THE SETTLEMENT

(a)      Lender Plaintiffs, through Lender Plaintiffs' Counsel, and the Settling Defendant, through the Settling Defendant's Counsel, shall have the right to terminate the settlement set forth in this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which any of the following occur:

(i)       The Court enters an order declining to enter the Preliminary Approval Order in any material respect adverse to the terminating party;

(ii)      The Court enters an order refusing to approve this Agreement or any material part of it adverse to the terminating party;

(iii)     The Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect adverse to the terminating party;

(iv)     The Court enters an Alternative Judgment;

(v)      The Final Judgment and Order of Dismissal is vacated, modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party; or

(vi)     An Alternative Judgment is vacated, modified or reversed by a court of appeal or any higher court in any material respect adverse to the terminating party.

(b)      Further, in addition to the provisions contained in Paragraph 13(a) herein, the Settling Defendant shall have the right to terminate this Settlement Agreement pursuant to the terms and conditions of the supplemental agreement (the "Supplemental Agreement") executed at the same time as this Settlement Agreement. The Supplemental Agreement shall not be filed with the Court unless ordered by the Court, and, in such event, Lender Plaintiffs and the Settling Defendant shall request that the Supplemental Agreement, along with any other material submitted, be filed and maintained with the Court under seal. The Supplemental Agreement is expressly incorporated into this Settlement Agreement.

(c)      Notwithstanding this Paragraph 13, the Court's determination as to the Fee and Expense Application, any application for service awards to any plaintiff, or any Plan of

Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Agreement or settlement.  Without limiting the foregoing, Settling Defendant shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action as to UBS and a full discharge of the Released Claims as to the Released Parties.

(d)     Except as otherwise provided herein, in the event the settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Lender Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  The litigation between the Parties shall be returned, to the maximum extent possible, to the position that existed on the date of execution of this Agreement, without waiver or prejudice to the Parties' rights, claims, or defenses as they existed on that date, which is expressly preserved; and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc,* and any judgment or order vacated as part of the implementation of this Agreement shall be treated as reinstated, *nunc pro tunc.*  Any portion of the Settlement Fund previously paid by or on behalf of the Settling Defendant, together with any interest earned thereon (and, if applicable, repayment of any Fee and Expense Award or service award referred to in Paragraph 9(b) hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $125,000 without the prior approval of the Court) shall be returned to the Settling Defendant within ten (10) business days from the

date of the Termination Notice.  At the request of the Settling Defendant's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to the Settling Defendant.  Neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Lender Action or any other lawsuit, arbitration or other proceeding for any purpose (other than to enforce the terms remaining in effect).  None of the Parties nor their counsel shall directly, or indirectly, solicit or encourage any Person to request exclusion from the Class.

## 14.   COOPERATION OBLIGATIONS

(a)     In consideration for the dismissal of the Lender Plaintiffs' and the Lender Class Members' claims against the Settling Defendant in the Lender Action and the release of the Released Claims, subject to any order from the Court, the Settling Defendant shall provide cooperation as set forth below.

(b)     All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.  The Settling Defendant's cooperation obligations shall apply only to Releasing Parties who act with, by or through Lender Plaintiffs' Counsel pursuant to this Agreement.  The Settling Defendant's cooperation obligations shall in all events be limited to facts and events involving U.S. Dollar LIBOR and shall not extend to other financial benchmarks.  The Settling Defendant reserves all of its rights to vigorously defend itself against any claims asserted by other plaintiffs involving U.S. Dollar LIBOR, or any other, allegations. Nothing in this Agreement shall limit the Settling Defendant's ability to fully defend against litigation brought by other class and non-class plaintiffs as to any matter, including without limitation the USD LIBOR MDL, except that the Settling Defendant will not join in the applicable section(s) of any pleading, filing, or expert report submitted in the USD LIBOR MDL

that solely relate to the claims of the Lender Plaintiffs.  For the avoidance of doubt, nothing in this Agreement shall preclude the Settling Defendant from taking any position in this or any other case, regardless of whether such position may also affect, or apply to, the Lender Plaintiffs.

(c)    The Settling Defendant shall have no obligation to produce any document or provide any materials or information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest doctrine, or bank examination privilege, and/or other applicable privilege or immunity from disclosure, nor shall the Settling Defendant be obligated to provide to Lender Plaintiffs information or documents that it reasonably believes is prohibited from disclosing under applicable domestic or foreign data privacy, bank secrecy, state secrets, or other laws, regulations, policies, and/or rules of any regulatory agency of governmental body.  None of the cooperation provisions set forth herein are intended to, nor do they waive any such privileges or immunities.  The Settling Defendant agrees that the Settling Defendant's Counsel will meet with Lender Plaintiffs' Counsel as is reasonably necessary to discuss any applicable privilege.  Any disputes regarding privilege that cannot be resolved amongst the parties shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Paragraph 14(j)(iii).  If any document protected by the attorney-client privilege, work-product doctrine, the common interest doctrine, the joint-defense privilege, the bank examination privilege, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Lender Plaintiffs shall, upon notice from the Settling Defendant to Lender Plaintiffs' Counsel, promptly cease reviewing the document and shall return the document and all copies of it to the notifying counsel within five (5) business days.  Lender Plaintiffs and their counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the document.  The document shall not be used or

referred to in any way by Lender Plaintiffs or their counsel, and its production shall in no way be construed to have waived any privilege, protection or restriction attached to such document or information.

(d)     In the event that the Settling Defendant believes that Lender Plaintiffs' Counsel has requested cooperation of a kind or to an extent that is not within the scope of the Settling Defendant's respective obligations as set forth herein, the Settling Defendant's Counsel and Lender Plaintiffs' Counsel agree to meet and confer with each other regarding such disagreement and, if necessary, to seek resolution pursuant to the alternative dispute resolution procedures set forth in Paragraph 14(j)(iii).

(e)     Lender Plaintiffs' Counsel agree to use any and all of the information and documents obtained from the Settling Defendant only for the purpose of the Action, and agree to be bound by the terms of the Amended Stipulation and Protective Order entered by the Court in the Action on May 12, 2016 (MDL Dkt. No. 1405) (the "Protective Order"), and any subsequent protective orders in place in the Action.  For the avoidance of doubt, Lender Plaintiffs' Counsel expressly agrees that the documents, materials and/or information provided by the Settling Defendant, may be used directly or indirectly by Lender Plaintiffs' Counsel solely in connection with the prosecution of the Action against the non-settling Defendants, but not for the institution or prosecution of any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.  The foregoing restriction shall not apply to any information or documents that is or becomes publicly available.

(f)     The Parties expressly agree that any information provided in connection with the cooperation obligations set forth in this Agreement may be used by Lender Plaintiffs or Lender

Plaintiffs' Counsel solely in connection with the prosecution of the Lender Action, and not for any other purpose whatsoever, including, but not limited to, the prosecution of any Released Claim against any Released Party.

(g)     Unless ordered by a court after Lender Plaintiffs' Counsel has provided reasonable advance notice to the Settling Defendant, under no circumstances shall Lender Plaintiffs or Lender Plaintiffs' Counsel produce documents obtained from the Settling Defendant hereunder to any other person or entity, including, without limitation, any Class Member, whether or not it may exclude or has excluded itself from the class or its counsel, or counsel for any other plaintiff or class in the USD LIBOR MDL, other pending litigation, or otherwise.

(h)     None of the cooperation provisions are intended to, nor do they, waive any applicable privilege or protection.

(i)     The Settling Defendant's cooperation obligations shall begin only after the Stipulation has been filed with the Court and the Court enters the Preliminarily Approved Order.

(j)     Subject to the foregoing, the Settling Defendant will provide Lender Plaintiffs and the Settlement Class the following cooperation:

  (i)     **Documents:**

    a.     The Settling Defendant shall provide document and data productions provided to plaintiffs in the USD LIBOR MDL other than the Lender Action Plaintiffs, so long as information is relevant to the Lender Action.

    b.     The Settling Defendant will provide reasonable cooperation in providing an authenticity and business records certification

requested in order to admit documents or data contained in the above productions at trial.

(ii)   **Continuation, Scope, and Termination of Settling Defendants' Obligation:** The Settling Defendant's obligations to cooperate under the Agreement are continuing so long as the Lender Action is actively litigated.

(iii)  **Mediation:** In the event of a disagreement between the Settling Defendant and Lender Plaintiffs' Counsel with respect to any cooperation obligation, said disputes will be resolved by non-binding mediation by neutral mediator acceptable to the Parties, or if the mediation is unsuccessful, by binding arbitration before a neutral arbitrator.  If the Parties are unable to agree on a mediator or arbitrator, the Parties agree to jointly petition JAMS for an appointee.

## 15.   RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any Lender Class Member against former, current, or future defendants or co-conspirators other than any Released Parties, or any other Person other than the Released Parties, with respect to any of the Released Claims are specifically reserved by Lender Plaintiffs and the Lender Class Members.

## 16.   MISCELLANEOUS

(a)   The Settling Defendant shall bear the costs and responsibility of serving notice of the Settlement and shall do so in a timely manner upon the "Appropriate State Official" and "Appropriate Federal Official," as those terms are defined by the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1715(a).  The Settling Defendant shall also cause a copy of such notice as well as proof of service of such notice to be provided to Lender Plaintiffs' Counsel.

(b)     The Parties to this Agreement intend the settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lender Plaintiffs and any Lender Class Member against the Released Parties with respect to the Lender Action and the Released Claims.  Accordingly, Lender Plaintiffs and the Settling Defendant agree not to assert in any judicial proceeding that the Lender Action was brought by Lender Plaintiffs or defended by the Settling Defendant in bad faith or without a reasonable basis.  The Parties further agree not to assert in any judicial proceeding that any Party violated Rule 11 of the Federal Rules of Civil Procedure, or seek any other fees or cost shifting upon the Parties or their counsel.  The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

(c)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)     The administration and consummation of the settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Distribution, and enforcing the terms of this Agreement.

(e)     For the purpose of construing or interpreting this Agreement, Lender Plaintiffs and the Settling Defendant agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)     This Agreement shall constitute the entire agreement between Lender Plaintiffs and the Settling Defendant pertaining to the settlement of the Lender Action against the Settling Defendant and supersedes any and all prior and contemporaneous undertakings of Lender Plaintiffs and the Settling Defendant in connection therewith.  The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, beneficiaries, representatives, agents, attorneys, partners, successors to their business or assets, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Lender Class Members.

(g)     This Agreement may be modified or amended only by a writing executed by Lender Plaintiffs, through Lender Plaintiffs' Counsel, and the Settling Defendant, through the Settling Defendant's Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court.  Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

(h)     Nothing in this Agreement nor in any other Agreement-related document constitutes an admission by the Settling Defendant as to the validity, infirmity or merits of the allegations made in the Lender Action, the liability or non-liability of the Settling Defendant, or the validity of any defenses that could be asserted by the Settling Defendant, or the appropriateness of certification of any class other than the Class under Rule 23 of the Federal Rules of Civil Procedure for purposes of settlement only.

(i)     If the Lender Plaintiffs reach any settlements with other Defendants in the Action (the "Other Settlements") prior to the dissemination of notice to class members concerning the Settlement, in the absence of a material change in circumstances due to a ruling by the Court, a change in the law, or some other significant event that meaningfully alters the scope or value of

the case, the parties agree that the class definition, release and settlement termination provisions applied to the Settling Defendant shall be no less favorable than the corresponding provisions applicable to the Other Settlements.   This provision shall expire upon entry of the Final Judgment and order of dismissal as to the Settling Defendant.  This provision shall be set forth and described in the notice.

(j)      All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its conflict-of-law principles.

(k)      The Settling Defendant, Lender Plaintiffs, their respective counsel, and the Lender Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(l)      The Parties acknowledge that this Agreement makes no determination as to which Lender Class Members are entitled to distribution of the Settlement Fund or as to the formula for determining the amounts to be distributed.

(m)      The proposed Plan of Distribution is not a necessary term of this Agreement, and it is not a condition of this Agreement that any particular Plan of Distribution be approved.  The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court.  The Plan of Distribution is a matter separate and apart from the settlement between the Parties, and any decision by the Court solely concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(n)     This Agreement may be executed in one or more counterparts, including by .pdf signature transmitted by facsimile or email.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.  This Agreement shall be deemed to have been executed on the date set forth in Paragraph 1.

(o)     Lender Plaintiffs and the Settling Defendant acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.

(p)     The existence and terms of the Settlement shall remain confidential until the earlier of (i) the filing of the Agreement with the Court, or (ii) the Parties agreeing on the content of a public disclosure.  Nothing in this Agreement shall preclude the Settling Defendant from disclosing the fact or amount of the Settlement to its regulators (or those of its parents, subsidiaries, or affiliates) or pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements if they deem such disclosure is necessary or advisable, or from disclosing the fact or amount of the Settlement to its external auditors (or those of its parents, subsidiaries, or affiliates).

(q)     This Agreement may be executed in counterparts, and a facsimile or .pdf signature shall be deemed an original signature for purpose of executing this Agreement.

(r)     Each of the undersigned attorneys represents that he is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval; and the undersigned Lender Plaintiffs' Counsel represent that they are authorized to execute this Agreement on behalf of Lender Plaintiffs.

17.   **SIGNATURES**

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

DATED:  December 20, 2019

*Lender Plaintiffs and the Class:*

Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       mjwernke @ pomlaw.com
       vvmontenegro@pomlaw.com

*Defendant UBS AG:*

Jefferson E. Bell
Eric J. Stock
Ryan J. Levan
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-2395
Email: EStock@gibsondunn.com
       JBell@gibsondunn.com
       RLevan@gibsondunn.com