UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Civ. No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| 33-35 GREEN POND ROAD ASSOC., LLC, on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>       Defendants. | Civ. No. 12-cv-5822 (NRB) |
| COURTYARD AT AMWELL II, LLC, *et al.*, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>       Defendants. | Civ. No. 12-cv-6693 (NRB) |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS WITH HSBC BANK PLC, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., AND CITIBANK, N.A.

WHEREAS, the following cases are pending before this Court: (1) *33-35 Green Pond Road Assoc., LLC et at. v. Bank of America Corporation, et al.*, Civ. No. 12-cv-5822 (S.D.N.Y.) (NRB) and (2) *Courtyard at Amwell II, LLC, et al. v. Bank of America Corporation, et al.*, Civ. No. 12-cv-6693 (S.D.N.Y.) (NRB) (collectively, the "Non-Defendant OTC Action" or the "Action");

WHEREAS, Plaintiffs 33-35 Green Pond Road Assoc., LLC, Courtyard at Amwell II, LLC, Greenwhich Commons II, LLC, Jill Court Associates II, LLC, Maidencreek Ventures II LP, Raritan Commons, LLC, and Lawrence W. Gardener (collectively, the "Non-Defendant OTC Plaintiffs") have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order: (a) granting final approval to the settlements with Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc., HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and Citibank, N.A.,[1] (b) certifying the Settlement Classes (defined in ¶ 6, *infra*); (c) granting final approval to the Plan of Allocation; (d) appointing Lite DePalma Greenberg, LLC and Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Classes; and (e) finding that the notice provided to members of the Settlement Classes satisfied Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law;[2]

WHEREAS, the Court has considered the Settlement Agreements and other documents submitted in connection with Non-Defendant OTC Plaintiffs' Motion for Final Approval of

---

[1] In this Final Judgment and Order, the terms "Settlement" or "Settlement Agreements" refers collectively to the Non-Defendant OTC Plaintiffs' settlements with HSBC, Citi, JPM and BOA, but not with Barclays. The Non-Defendant OTC Plaintiffs' settlement with Barclays is addressed in a separate Final Judgment and Order.

[2] "Settlement Classes" as used in this Final Judgment and Order refers collectively to the HSBC, JPMorgan, Bank of America, and Citibank settlement classes preliminarily approved by the Court. ECF No. 3079.

Settlements with Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc., HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and Citibank, N.A., and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this Action and, solely for purposes of effectuating the Settlements and subject to the express limitations contained in the Settlement Agreements, personal jurisdiction over Non-Defendant OTC Plaintiffs, Settling Defendants,[3] and all Class Members.[4]

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

## I.    FINAL APPROVAL OF SETTLEMENTS

3. Upon review of the record, including the orders preliminarily approving the Settlements and the submissions in support of the Settlements and preliminary approval, the Court finds that all of the Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of all of the Settlements on the basis that they are fair, reasonable, and adequate as to, and in the best interests of, all Class Members, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure; the Court directs the Settlements' consummation according to their terms. In reaching this conclusion, the Court

---

[3] "Settling Defendants" refers to: (1) HSBC Bank plc ("HSBC"); (2) JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPM"); (3) Bank of America Corporation and Bank of America, N.A. (collectively, "BOA"); and (4) Citibank, N.A. ("Citi").

[4] "Class Members" refer collectively to members of the Settlement Classes.

has considered the express language of Rule 23(e) and the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

a. The Settlements were negotiated by counsel with significant experience litigating antitrust class actions and are the result of vigorous arm's-length negotiations undertaken in good faith;

b. This Action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlements, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and

c. Class Counsel's judgment that the Settlements are fair and reasonable, and the reactions to the Settlements by members of the Settlement Classes are entitled to great weight.

## II.   FINAL APPROVAL OF THE PLAN OF ALLOCATION

5. Upon review of the record, the Court finds that the Plan of Allocation[5] has a reasonable, rational basis and is fair and adequate. Therefore, the Plan of Allocation is hereby finally approved.

---

[5] The Plan of Allocation was set forth at pp. 18-20 of Non-Defendant OTC Plaintiffs' Memorandum of Law in Support of Motion for Authorization to Disseminate Notice of Settlements to the Non-Defendant OTC Class, Appointing Rust Consulting as the Notice and Claims Administrator, Huntington Bank as the Escrow Agent, and for Preliminary Approval of Plan of Allocation (ECF No. 3032), and was preliminarily approved by the Court on April 20, 2020. *See* ECF No. 3080.

### III. CERTIFICATION OF THE SETTLEMENT CLASSES

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlements set forth in the Settlement Agreements, the following Settlement Classes:

The HSBC Settlement is on behalf of a class ("HSBC Settlement Class") defined as:

> All Persons that purchased or otherwise acquired in the United States from a Non-Defendant OTC Financial Institution a U.S. Dollar LIBOR-Based Instrument and that owned such instrument during the Class Period.

The Citi Settlement is on behalf of a class ("Citi Settlement Class") defined as:

> All Persons that transacted in the United States with a Non-Defendant OTC Financial Institution in a U.S. Dollar LIBOR-Based Instrument, which instrument paid interest based upon U.S. Dollar LIBOR at any time during the Class Period.

The JPM/BOA Settlement is on behalf of a class ("JPM/BOA Settlement Class") defined as:

> All Persons that transacted in the United States with a Non-Defendant OTC Financial Institution in a U.S. Dollar LIBOR-Based Instrument, which instrument paid interest based upon U.S. Dollar LIBOR at any time during the Class Period.

Although the definitions of the Settlement Classes differ slightly, the composition of the Settlement Classes is materially the same, and the Class Period for all Settlement Classes is August 1, 2007 through May 31, 2010. For all Settlement Classes, the Non-Defendant OTC Financial Institutions are the following entities (and any of their subsidiaries, affiliates, predecessors, or successors): Ally Financial Inc.; American Express Company; Bancwest Corporation; The Bank of New York Mellon Corporation; BB&T Corporation; BBVA Compass Bancshares, Inc.; BMO Harris Bank, N.A.; Capital One Financial Corporation; Fifth Third

- 4 -

Bancorp; Goldman Sachs Group, Inc.; Harris Financial Corporation; Keycorp Cleveland; M&T Bank Corporation; Metlife, Inc.; Morgan Stanley; Northern Trust Corporation; The PNC Financial Services Group, Inc.; Regions Financial Corporation; State Street Corporation; Suntrust Banks, Inc.; The Toronto-Dominion Bank; Unionbancal Corporation; U.S. Bancorp; and Wells Fargo & Company.

7. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of the rights of, any defendant to contest certification of any other class proposed in these actions (*i.e.*, the actions included in the above-captioned multi-district litigation). The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion. The findings that follow in Paragraphs 8-9 are limited to this Final Judgment and Order and are made only in the context of the Settlements.

8. The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlements as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Classes are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that Non-Defendant OTC Plaintiffs have alleged one or more questions of fact or law common to the Settlement Classes;

c. Pursuant to Rule 23(a)(3), the Court determines that Non-Defendant OTC Plaintiffs' claims are typical of the claims of the Settlement Classes;

d. Pursuant to Rule 23(a)(4), the Court determines that Non-Defendant OTC Plaintiffs will fairly and adequately protect the interests of the Settlement Classes;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Settlement Classes; and

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this Action.

9. If the Effective Date[6] does not occur with respect to any Settlement because of a failure of a condition that affects that Settlement, then certification of the corresponding

---

[6] Pursuant to Paragraph 6(a) of the HSBC Settlement Agreement, the Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: (i) HSBC's contribution to the Settlement Fund has been made pursuant to this Agreement; (ii) Entry of the Preliminary Approval Order; (iii) Final Approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d) of this Agreement; and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor HSBC elects to terminate this Agreement, and such Alternative Judgment becomes final.

Pursuant to Paragraph 6(a) of Citi Settlement Agreement, the Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: (i) Citi's payment of the Settlement Amount has been made pursuant to this Agreement; (ii) Entry of the Preliminary Approval Order; (iii) Final Approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d) of this Agreement; and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor Citi elects to terminate this Agreement, and such Alternative Judgment becomes final.

Pursuant to Paragraph 6(a) of the JPM/BOA Settlement Agreement, the Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: (i) JPMorgan's and BOA's respective contributions to the Settlement Fund have been made pursuant to this Agreement; (ii) Entry of

83623359v.2

Settlement Class shall be deemed null and void as to the parties subject to the relevant Settlement without the need for further action by the Court or the affected Settling Defendant(s).

## IV.     CLASS COUNSEL

10.     Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are designated as settlement class counsel for the Settlement Classes ("Class Counsel"): Lite DePalma Greenberg, LLC and Hagens Berman Sobol Shapiro LLP.

## V.     CLASS NOTICE

11.     Upon review of the record, the Court finds that members of the Settlement Classes were provided direct notice of the Settlements as well as publication notice and Internet notice, which constituted due, adequate, and sufficient notice of the Settlements; the Court further finds that the notice provided to members of the Settlement Classes was the best practicable notice under the circumstances, and that it satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. No Class Member is relieved from the terms of the Settlements, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to all Class Members to object to the Settlements and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action

---

the Preliminary Approval Order; (iii) Final Approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d) of this Agreement; and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor the Settling Defendants elects to terminate this Agreement, and such Alternative Judgment becomes final.

Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.

## VI.     OTHER PROVISIONS

12.     The Court approves and directs the implementation of all the terms of the Settlements.

13.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Settlement Classes shall be vacated *nunc pro tunc*.

14. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Classes ("Opt-Outs"),[7] all Released Parties[8], and all Releasing Parties[9] are bound by this Final Judgment and Order and by the Settlement Agreements.

---

[7] The Opt-Outs to the Settlements are listed in Exhibit A to this Order.

[8] Pursuant to Paragraph 2(kk) of the HSBC Settlement Agreement, "Released Parties" are defined as "HSBC, HSBC Holdings plc, and each of their past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants that are unaffiliated with HSBC or HSBC Holdings plc; or (ii) any other Person unaffiliated with HSBC or HSBC Holdings plc formerly named as a party in the Non-Defendant OTC Action."

Pursuant to Paragraph 2(ll) of the Citi Settlement Agreement, "Released Parties" are defined as "Citi and its respective predecessors, successors and assigns, the respective current and former officers, directors, employees, managers, members, partners, agents (in their respective capacities as agents of Citi), shareholders (in their respective capacities as shareholders of Citi), attorneys, trustees, and legal or other representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their respective capacity as such. Released Parties does not include: (i) any of the other Defendants that are unaffiliated with Citi; or (ii) any other Person unaffiliated with Citi formerly named as a party in the Non-Defendant OTC Action."

Pursuant to Paragraph 2(nn) of the JPM/BOA Settlement Agreement, "Released Parties" are defined as "JPMorgan, BOA, and their respective predecessors, successors and assigns, the respective direct and indirect parents, subsidiaries, associates, and affiliates thereof, and the respective current and former officers, directors, employees, managers, members, partners, agents (in their respective capacities as agents of JPMorgan or BOA), shareholders (in their respective capacities as shareholders of JPMorgan or BOA), attorneys, trustees, and legal or other representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their respective capacity as such. Released Parties does not include: (i) any of the other Defendants that are unaffiliated with the Settling Defendants; or (ii) any other Person unaffiliated with the Settling Defendants formerly named as a party in the Non-Defendant OTC Action."

[9] Pursuant to Paragraph 2(ll) of the HSBC Settlement Agreement, "Releasing Parties" are defined as "Individually and collectively, Class Plaintiffs and each Non-Defendant OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, beneficial owners, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund."

Pursuant to Paragraph 2(mm) of the Citi Settlement Agreement, "Releasing Parties" are defined as "Individually and collectively, Non-Defendant OTC Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective predecessors, successors, beneficiaries, and assigns, the direct and indirect parents, subsidiaries, divisions, and affiliates thereof, the current and former officers, directors, employees, agents, stockholders, trustees,

15. The Court dismisses the Non-Defendant OTC Action, and hereby bars all Released Claims,[10] against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlements.

---

fiduciaries, and legal or other representatives of each of the foregoing (in their capacity as such) and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund."

Pursuant to Paragraph 2(nn) of the JPM/BOA Settlement Agreement, "Releasing Parties" are defined as "Individually and collectively, Non-Defendant OTC Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective predecessors, successors, beneficiaries, and assigns, the direct and indirect parents, subsidiaries, divisions, and affiliates thereof, the current and former officers, directors, employees, agents, stockholders, trustees, fiduciaries, and legal or other representatives of each of the foregoing (in their capacity as such) and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund."

[10] Pursuant to Paragraph 2(jj) of the HSBC Settlement Agreement, "Released Claims" are defined as "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, concerning U.S. Dollar LIBOR-Based Instruments which the Releasing Party ever had, now has, or hereafter may have against the Released Parties (whether directly, derivatively, representationally, or in any other capacity) arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the Non-Defendant OTC Action or any amended complaint or pleading therein, from the beginning of time until the Effective Date: <u>provided</u>, <u>however</u>, that Released Claims does not include claims for any breach of the terms of this Agreement."

Pursuant to Paragraph 2(kk) of the Citi Settlement Agreement and Paragraph 2(mm) of the JPM/BOA Settlement Agreement, "Released Claims" are defined as "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to any U.S. Dollar LIBOR-Based Instrument transacted with a Non-Defendant OTC Financial Institution, that any Releasing Party ever had, now has, or hereafter may have against the Released Parties (whether directly, derivatively, representationally, or in any other capacity) and that were alleged or could have been alleged in the Non-Defendant OTC Actions or any amended complaint or pleading therein, from the beginning of time until the Effective Date, including, for the

16. Any Opt-Outs that have timely and validly requested exclusion from any Settlement Class and are hereby excluded from that Settlement Class, are not bound by this Final Judgment and Order as it relates to that Settlement, and may not make any claim or receive any benefit from that Settlement, whether monetary or otherwise.

17. Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

18. This Final Judgment and Order shall not affect, in any way, the right of the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

19. The Settlements, acts performed in furtherance of the Settlements and/or documents executed in furtherance of the Settlements may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Non-Defendant OTC Plaintiffs, Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

---

avoidance of doubt, Unknown Claims: <u>provided, however</u>, that Released Claims does not include claims for any breach of the terms of this Agreement."

- 11 -

83623359v.2

20. The Settlements shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the respective Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlements may be filed in an action to enforce or interpret the terms of the respective Settlement and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlements and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Any order entered regarding the motion for attorneys' fees and expenses in this Action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event a Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of the Settlement Agreements.

23. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlements

and any award or distribution of monies under the claims-made Settlements; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Non-Defendant OTC Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlements.

24.  To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Non-Defendant OTC Action by way of any settlement, judgment or otherwise by any of the following:

   a.  Any of the other Defendants currently named in the Non-Defendant OTC Action;

   b.  Any other Person[11] formerly named as a party in the Non-Defendant OTC Action; or

   c.  Any other Person subsequently added or joined as a party in the Non-Defendant OTC Action.

Notwithstanding the foregoing, should any court determine that any Defendant or Person is or was legally entitled to any kind of contribution or indemnification from the Settling Defendants arising out of or related to Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any Person or Defendant shall be reduced to an amount such that, upon paying the entire amount, the Person or Defendant would have no

---

[11] Pursuant to Paragraph 2(gg) of the HSBC Settlement Agreement, Paragraph 2(hh) of the Citi Settlement Agreement, and Paragraph 2(jj) of the JPM/BOA Settlement Agreement, "Person" is defined as "An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, limited partnership, partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing."

claim for contribution, indemnification, or similar claims (however denominated) against the Settling Defendants.

25. To the extent permitted by law, the Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Non-Defendant OTC Action by way of any settlement, judgment or otherwise against any of the following:

   a. Any of the other Defendants currently named in the Non-Defendant OTC Action;

   b. Any other Person formerly named as a party in the Non-Defendant OTC Action; or

   c. Any other Person subsequently added or joined as a party in the Non-Defendant OTC Action.

26. There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

   IT IS SO ORDERED.

DATED: October 5, 2020

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**List of Requests to Opt-Out of the Settlement Classes**

1. The City of Philadelphia, Pennsylvania
2. The Pennsylvania Intergovernmental Cooperation Authority
3. Salix Capital US, Inc.
4. Darby Financial Products
5. Capital Ventures International
6. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, o/b/o PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short-Term Bond Fund)
7. PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund
8. National Credit Union Administration as liquidating agent for U.S. Central Federal Credit Union
9. National Credit Union Administration as liquidating agent for Western Corporate Federal Credit Union
10. National Credit Union Administration as liquidating agent for Members United Corporate Federal Credit Union
11. National Credit Union Administration as liquidating agent for Southwest Corporate Federal Credit Union
12. National Credit Union Administration as liquidating agent for Constitution Corporate Federal Credit Union.
13. The Charles Schwab Corporation
14. Charles Schwab Bank, N.A.
15. Charles Schwab & Co., Inc.
16. Schwab Money Market Fund, a series of The Charles Schwab Family of Funds
17. Schwab Value Advantage Money Fund, a series of the Charles Schwab Family of Funds
18. Schwab Retirement Advantage Money Fund, a series of the Charles Schwab Family of Funds
19. Schwab Investor Money Fund, a series of the Charles Schwab Family of Funds
20. Schwab Advisor Cash Reserves, a series of the Charles Schwab Family of Funds
21. Schwab Cash Reserves, a series of the Charles Schwab Family of Funds
22. Schwab U.S. Dollar Liquid Assets Fund, a series of the Charles Schwab Worldwide Funds, plc
23. Schwab Short-Term Bond Market Fund, a former series of Schwab Investments
24. Schwab Total Bond Market Fund, a former series of Schwab Investments
25. Schwab Yield Plus Fund, a former series of Schwab Investments;
26. Schwab YieldPlus Liquidation Trust
27. Federal Home Loan Mortgage Corporation
28. The Federal Deposit Insurance Corporation as Receiver for Amcore Bank, N.A.
29. The Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B.
30. The Federal Deposit Insurance Corporation as Receiver for Lydian Private Bank
31. The Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank
32. The Federal Deposit Insurance Corporation as Receiver for Westernbank Puerto Rico

33. Principal Financial Group, Inc.
34. Principal Commercial Funding II, LLC
35. Principal Mortgage Value Investors A, LLC
36. Principal Capital Interest Only I, LLC
37. Bay Area Toll Authority