UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Civ. No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| 33-35 GREEN POND ROAD ASSOC., LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-5822 (NRB) |
| COURTYARD AT AMWELL II, LLC, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-6693 (NRB) |

**[PROPOSED] ORDER GRANTING NON-DEFENDANT OTC PLAINTIFFS' COUNSEL AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS TO THE NON-DEFENDANT OTC PLAINTIFFS**

This matter having come before the Court by way of the Non-Defendant OTC Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses filed on July 20, 2020:

- 1 -

835379.2

IT IS HEREBY ORDERED THAT:

1. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreements.

2. Non-Defendant OTC Plaintiffs' Counsel shall receive $6,097,000.00 in attorneys' fees to be paid *pro rata* out of the $21,775,000 settlement fund (*Settlement Fund*)[1] created by the settlements between the Non-Defendant OTC Plaintiffs and HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (collectively *JPM*), Bank of America Corporation, Bank of America, N.A. (collectively *BOA*) and Citibank, N.A. (*Citi*). If the attorneys' fees award is not paid within five business days from the date of this order, then Non-Defendant OTC Plaintiffs' Counsel shall be entitled to interest on the foregoing attorneys' fees award, accruing from entry of this Order until paid, at the same rate earned by the Settlement Fund.

3. Non-Defendant OTC Plaintiffs' Counsel shall be reimbursed $42,697.66 in costs and expenses reasonably incurred in the prosecution and settlement of this litigation, to be paid out of the settlement fund. If the reimbursement of litigation expenses is not paid within five business days from the date of this order, then Non-Defendant OTC Plaintiffs' Counsel shall be entitled to interest on the foregoing expense reimbursement, accruing from entry of this Order until paid, at the same rate earned by the Settlement Fund.

4. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, Non-Defendant OTC Plaintiffs' Counsel's fees and expense award and/or reimbursement of litigation expenses is overturned or lowered, or if the Settlements are terminated or are not approved by the Court, or if there is an appeal and any order approving the Settlements does not become final and binding upon the Non-Defendant OTC Plaintiff class

---

[1] The *pro rata* allocation shall be as follows: 45.9% from the BOA/JPM Settlement Fund, 32.3% from the Citi Settlement Fund, and 21.8% from the HSBC Settlement Fund.

835379.2

members, then, within 30 calendar days after receiving notice of such an order from a court of appropriate jurisdiction, Non-Defendant OTC Plaintiffs' Counsel shall refund the respective Settlement Funds such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate earned on the Settlement Funds in an amount consistent with such reversal or modification. Non-Defendant OTC Plaintiffs' Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner, shareholder or member in Non-Defendant OTC Plaintiffs' Counsel's law firms shall be subject to the jurisdiction of the Court for the purpose of enforcing this Order, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to Non-Defendant OTC Plaintiffs' Counsel, including all amounts paid as referral fees to other law firms, as well as accrued interest thereon. Upon application of HSBC, JPM, Citi or BOA, or their respective counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against Non-Defendant OTC Plaintiffs' Counsel or any of the partners in Non-Defendant OTC Plaintiffs' Counsel's firms, should Non-Defendant OTC Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this paragraph.

5. Hagens Berman Sobol Shapiro LLP and Lite DePalma Greenberg LLP (*Class Counsel*) shall have the sole authority to allocate and distribute any attorneys' fees and expenses awarded from the settlement fund pursuant to this Order among counsel who performed work on behalf of the Non-Defendant OTC Plaintiffs in a manner in which, in the opinion of Class Counsel fairly compensates such counsel for their services.

6. Plaintiff 33-35 Green Pond Road Assoc. LLC is awarded the sum of $10,000, and plaintiffs Courtyard at Amwell II, LLC, Greenwich Commons II, LLC, Jill Court Associates II, LLC, Maidencreek Ventures II LP, Raritan Commons, LLC, and Lawrence W. Gardner (collectively the *Courtyard at Amwell Plaintiffs*) awarded the sum of $10,000, as reasonable costs and expenses and as a

835379.2

service award directly relating to the representation of the Non-Defendant OTC Plaintiffs class. The Courtyard at Amwell Plaintiffs shall have the sole authority to allocate and distribute the service award amongst themselves.

**IT IS SO ORDERED.**

DATED: October 5, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE