**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The Lender Action | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE, GRANTING FINAL APPROVAL OF SETTLEMENT BETWEEN LENDER PLAINTIFFS AND DEUTSCHE BANK AG**

On the _____ day of _____, 20__, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Deutsche Bank AG Settlement Agreement, dated July 29, 2020 (the "Settlement" as documented in an "Agreement") which settle all claims in *The Berkshire Bank and Government Development Bank for Puerto Rico* v. *Bank of America, et al.*, No. 12-cv-5723-NRB (the "Lender Action"), consolidated in *In Re Libor-Based Fin. Instruments Litig.*, No. 11-md-2262-NRB, for $425,000 (the "Settlement Amount"), are fair, reasonable, and adequate for the settlement of all claims asserted by the Lender Class[1] against Deutsche Bank AG ("Deutsche Bank" or the "Settling Defendant"); and

---

[1] "Lender Class" refers to: "All lending institutions headquartered in the United States, including its fifty (50) states and United States territories, that originated loans, held loans, held interests in loans, owned loans, owned interests in loans, purchased loans, purchased interests in loans, sold loans, or sold interests in loans with interest rates based upon USD LIBOR between August 1, 2007 and May 31, 2010."

(2) whether to approve the proposed Plan of Distribution as a fair and reasonable method to allocate the Net Settlement Fund among the Lender Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable potential members of the Lender Class; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Agreement.

2.     For purposes of finally approving the Settlement, the Court has jurisdiction over the subject matter of the Lender Action, Lender Plaintiffs, all Lender Class Members, and, solely for purposes of effectuating the Settlement and subject to the limitations contained in the Agreement, the Settling Defendant.

3.     Excluded from the Lender Class Members are those Persons who filed valid and timely Requests for Exclusion in accordance with the Agreement (the "Opt-Outs") (paragraph 5(d) of the Agreement). The Opt-Outs are listed in Exhibit A.

4.     The Court hereby finds that the forms and methods of notifying the Lender Class of the Settlement and its terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil

Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Lender Class Members entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Distribution. No Lender Class Member is relieved from the terms of the Agreement, including the releases provided for therein, based upon the contention or proof that such Lender Class Member failed to receive actual or adequate notice. A full opportunity has been offered to all Lender Class Members to object to the Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Lender Class Members are bound by this Final Judgment and Order of Dismissal with Prejudice, except those persons listed on Exhibit A to this Final Judgment and Order of Dismissal with Prejudice.

5.     Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Lender Class, in all respects (including, without limitation: the amounts paid under the Settlement; the Releases provided for herein; and the dismissal with prejudice of the claims provided for herein). Lender Plaintiffs and Settling Defendant (the "Parties") are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

6.     All of the claims asserted in the Lender Action are hereby dismissed on the merits with prejudice as to the Settling Defendant. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

7.     This Court orders that:  Releasing Parties hereby release and forever discharge the Released Parties from any and all Released Claims. Releasing Parties are hereby permanently

and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Parties, as set forth in the Agreement. For the purposes of this Final Judgment and Order of Dismissal with Prejudice:

a. "Releasing Parties" means Lender Plaintiffs and each and every Lender Class Member on their own behalf and on behalf of their respective predecessors, successors, beneficiaries, and assigns, the respective direct and indirect parents (including holding companies), subsidiaries, divisions, associates, and affiliates thereof, the respective future, current, and former officers, directors, employees, agents, stockholders, trustees, fiduciaries, and legal or other representatives thereof, and the respective predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing in their respective capacity as such, whether or not they object to the Settlement and whether or not they make a claim for payment from the Settlement Fund to be established with respect to this Settlement.

b. "Released Claims" means any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), of every nature and description, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), whether based on federal, state, local, statutory or common law,

4

in equity, or on any other law, rule, regulation (including Rule 11 of the Federal Rules of Civil Procedure), ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to the origination, ownership, purchase, or sale of loans (or interests in loans, including through mortgage-backed securities, home or business loans, or other instruments) with interest rates tied to LIBOR which adjusted during the Class Period, and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lender Plaintiffs or any member of the Settlement Class in the Lender Action or in any other action in any court or forum, which any Releasing Party ever had, now has, or hereafter may have against the Released Parties (whether directly, derivatively, representationally, or in any other capacity), from the beginning of time.

c.   "Released Party" or "Released Parties" the Settling Defendant and its respective divisions, predecessors, successors and assigns, the respective direct and indirect parents (including holding companies), subsidiaries, associates, and affiliates thereof, and the respective current and former officers, directors, employees, managers, members, partners, agents (in their capacities as agents of Settling Defendant), shareholders (in their capacities as shareholders of Settling Defendant), attorneys, trustees, and legal or other representatives thereof, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their respective

capacity as such. Released Parties does not include: (i) any of the other Defendants in the Lender Action or (ii) any other person or entity formerly named as a party in the Lender Action.

8.      Accordingly, the Court hereby bars all Released Claims against and by the Released Parties as provided herein.

9.      The Court further orders that, as of the Effective Date, the Settling Defendant, including any and all of its successors in interest or assigns, hereby release and forever discharge, and shall forever be enjoined from prosecuting any and all claims against Lender Plaintiffs, any of the Lender Class Members, and Lender Plaintiffs' Counsel arising out of or relating to the institution, prosecution, or resolution of the Released Claims in the Action; provided, however, that this Paragraph does not release or discharge any claim or right that the Settling Defendant may have to enforce the Agreement, or any claim, right, or defense that the Settling Defendant may otherwise have arising out of or relating to any transactions or contracts (including any U.S. Dollar LIBOR-Based Loans) that Settling Defendant may have entered with Lender Plaintiffs, Lender Plaintiffs' Counsel, or members of the Settlement Class, including any claim or right to enforce the terms of any such transaction or contract (including any U.S. Dollar LIBOR-Based Loans).

10.     For purposes of this Final Judgment and Order of Dismissal with Prejudice:

        a.      "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree

that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived, and each Lender Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, Lender Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Lender Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lender Plaintiffs acknowledge, and Lender Class Members shall be deemed to have acknowledged, that the

inclusion of "unknown" claims in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

11.     Lender Plaintiffs' Counsel are awarded attorneys' fees in the amount of $_____ plus interest at the same rate as earned by the Settlement Fund, and expenses in the amount of $_____ plus interest at the same rate as earned by the Settlement Fund, such amounts to be paid from out of the Settlement Fund no later than five (5) business days following the entry of this Final Judgment and Order of Dismissal with Prejudice. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, Lender Plaintiffs' Counsel's fees and expense award is overturned or lowered, or if the Settlement is terminated, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Lender Class Members, then, within thirty (30) calendar days after receiving notice of such an order from a court of appropriate jurisdiction, Lender Plaintiffs' Counsel shall refund the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Lender Plaintiffs' Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, (including the law firm partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Final Judgment and Order of Dismissal with Prejudice and the Agreement, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to Lender Plaintiffs' Counsel, including all amounts paid as referral fees to other law firms, as well as accrued interest thereon. Upon application of Settling Defendant or its counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for

contempt against Lender Plaintiffs' Counsel or any of its partners and/or shareholders should such Lender Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this paragraph.

12.     The Court hereby finds that the proposed Plan of Distribution[2] is a fair and reasonable method to allocate the Net Settlement Fund among Lender Class Members.

13.     The Court finds that the parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Neither this Final Judgment and Order of Dismissal with Prejudice, the Preliminary Approval Order, the Agreement (including the exhibits and Supplemental Agreement thereto), the Term Sheet between the Lender Plaintiffs and Deutsche Bank, dated March 27, 2020,  nor any of the negotiations, documents or proceedings connected with them shall be:

    a.   deemed or construed to be an admission or evidence of (i) the merit or lack of merit of any claim or defense; (ii) any violation of any statute or law; (iii) any liability or wrongdoing by anyone; (iv) the truth of any of the claims or allegations alleged in the Lender Action; or (v) an admission of liability by any Person, including, without limitation, the Released Parties;

    b.   construed against the Released Parties, the Lender Plaintiffs, or the Lender Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c.   construed as, or received in evidence as, an admission, concession or presumption against the Lender Class or any Lender Class Member, that any

---

[2] The Plan of Distribution is found at ECF No. 3204-3.

of their claims are without merit or that damages recoverable in the Lender Action would not have exceeded the Settlement Amount;

d.   used or construed as an admission that any one or more of the Settling Defendant or Released Parties were or are otherwise subject to personal jurisdiction in the Court except to the extent specifically provided the Agreement or in this Order; or

e.   offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Agreement.

15.    Notwithstanding the foregoing Paragraph 14, the Parties and other Released Parties may file or refer to this Final Judgment and Order of Dismissal with Prejudice, the Settlement Agreement, Preliminary Approval Order, and/or any proof of claim form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Agreement and/or this Final Judgment and Order of Dismissal with Prejudice.

16.    Exclusive jurisdiction is hereby retained over (a) implementation of the Settlement and any award or distribution of monies under the Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Lender

10

Plaintiffs; and (c) all Parties hereto solely for the purpose of construing, enforcing, and administering the Settlement.

17.     To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of any settlement, judgment or otherwise by any of the following:

   a.   Any of the other Defendants[3] currently named in the Lender Action;

   b.   Any other Person formerly named as a party in the Lender Action; or

   c.   Any other Person subsequently added or joined as a party in the Lender Action.

18.     To the extent permitted by law, the Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Lender Action by way of any settlement, judgment or otherwise by any of the following:

   a.   Any of the other Defendants currently named in the Lender Action;

   b.   Any other Person formerly named as a party in the Lender Action; or

   c.   Any other Person subsequently added or joined as a party in the Lender Action.

---

[3] The term "Defendants" includes Bank of America Corporation, Bank of America, N.A., Bank of Tokyo Mitsubishi UFJ Ltd., Barclays Bank plc, British Bankers' Association, BBA Enterprises Ltd., BBA LIBOR Ltd., Citigroup Inc., Citibank, N.A., Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Lloyds Banking Group PLC, HBOS PLC, Royal Bank of Canada, The Norinchunkin Bank, The Royal Bank of Scotland Group PLC, UBS AG, WestLB AG, and Westdeutsche Immobilienbank AG, and any other Person or Persons who are or were named as defendants in the Lender Action at any time up to and including the date of this Final Judgment and Order of Dismissal with Prejudice.

19.     Should any court determine that any Defendant or other co-conspirator is or was legally entitled to any kind of contribution, indemnification, or similar claim (however denominated) from any Released Parties arising out of or related to Released Claims, any money judgment subsequently obtained by the Lender Plaintiffs against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim for contribution, indemnification or similar claims (however denominated) against the Released Parties.

20.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Settlement Agreement.

21.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22.     The finality of this Final Judgment and Order of Dismissal with Prejudice shall not be affected, in any manner, by any appeals concerning the attorneys' fees and expenses awarded herein, the award to Lender Plaintiffs, or the Plan of Distribution.

23.     In the event that a Settlement does not become final and effective in accordance with the terms and conditions set forth in the Agreement, then, except as otherwise provided in the Agreement, the Preliminary Approval Order, and this Final Judgment and Order of Dismissal with Prejudice, the Agreement shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Term Sheet, and the Parties shall proceed in all respects as if the Term Sheet and the Agreement had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of

12

their respective claims and defenses (including for lack of personal jurisdiction) in the Lender Action, and shall revert to their respective positions in the Lender Action.

24.     In the event that a Settlement does not become final and effective in accordance with the terms and conditions set forth in the Agreement, the Escrow Agent shall refund the Settlement Fund, together with any interest earned thereon (and, if applicable, repayment of any attorney's fees referred to in Paragraph 9 hereof), less amounts already expended for notice and administration expenses pursuant to the terms of the Agreement, to Settling Defendant within ten (10) business days thereafter.  At the request of a Settling Defendant or Lender Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the Settling Defendant.

25.     All agreements made and orders entered during the course of this Lender Action relating to the confidentiality of information shall survive the Settlement and be binding on the Parties, including but not limited to the Stipulation and Protective Order entered on March 21, 2016 (ECF No. 1347).

Dated: _____, 202_

                                           _____
                                           NAOMI REICE BUCHWALD
                                           UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1) Salix Capital US, Inc.
2) Prudential Investment Portfolios 2 (f/k/a Dryden Core Investment Fund), o/b/o PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short-Term Bond Fund)
3) PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund
4) Darby Financial Products
5) Capital Ventures International
6) The City of Philadelphia
7) The Pennsylvania Intergovernmental Cooperation Authority
8) The Federal Home Loan Mortgage Corporation
9) Federal National Mortgage Association
10) Federal Deposit Insurance Corporation as Receiver for:
    a. Amcore Bank, N .A.
    b. AmTrust Bank
    c. California National Bank
    d. Colonial Bank
    e. Corus Bank, N.A.
    f. Guaranty Bank
    g. Imperial Capital Bank
    h. IndyMac Bank, F.S.B.
    i. Integra Bank, N.A.
    j. Lydian Private Bank
    k. Pacific National Bank
    l. Park National Bank
    m. R-G Premier Bank of Puerto Rico
    n. San Diego National Bank
    o. Silverton Bank, N.A.
    p. Superior Bank
    q. United Commercial Bank
    r. United Western Bank
    s. Washington Mutual Bank
    t. Westernbank Puerto Rico