# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: | MDL No. 2262<br>Master File No. 1:11-md-2262-NRB |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMCORE BANK, N.A., et al.,<br><br>      Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, CORP., et al.,<br><br>      Defendants. | No. 14-cv-01757-NRB |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK,<br><br>Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, CORP., et al.,<br><br>Defendants. | No. 18-cv-01540-NRB |

## AMENDED STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CERTAIN HARD COPY RECORDS

**WHEREAS,** on September 16, 2019, Defendant JPMorgan Chase Bank, N.A. ("JPMC") and Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank ("FDIC-R") jointly submitted correspondence, a Stipulation and Proposed Protective Order, and supporting declarations relating to certain hard copy records ("WMB

Boxes") of Washington Mutual Bank ("WMB") that JPMC obtained when it purchased substantially all of the assets of WMB pursuant to the Purchase and Assumption Agreement dated September 25, 2008 among the Federal Deposit Insurance Corporation ("FDIC"), FDIC-R and JPMC, *see* ECF Nos. 2978-2981 (the "September 16 Filing");

**WHEREAS**, the September 16 Filing detailed the costs JPMC was incurring in connection with its storing of the WMB Boxes;

**WHEREAS**, the September 16 Filing outlined a process using an index mainly reflecting information provided by WMB in 2008 regarding the WMB Boxes (the "Index") whereby JPMC identified 323 boxes that might contain records related to claims or defenses concerning alleged LIBOR manipulation ("LIBOR-Related Claims") and certain other defendants in the MDL proceeding identified 564 additional boxes that they requested by retained (collectively, the "Retained Boxes");

**WHEREAS**, the Stipulation and Proposed Protective Order submitted with the September 16 Filing provided that JPMC will continue to maintain the Retained Boxes in accordance with the Purchase and Assumption Agreement, or until a court of competent jurisdiction orders that the Retained Boxes need no longer be preserved;

**WHEREAS**, the Stipulation and Proposed Protective Order submitted with the September 16 Filing provided that other than the Retained Boxes, JPMC shall not be required to preserve the remaining WMB Boxes (the "Other WMB Boxes") for purposes of any document retention obligations relating to litigation of the LIBOR-Related Claims and that no person with notice of the application would be permitted to argue or otherwise raise questions in any legal proceeding in any court that (1) destruction of the Other WMB Boxes pursuant to the Stipulation and Proposed Protective Order constitutes evidence of spoliation by FDIC-R or JPMC or (2)

materials relevant to any issue in the LIBOR-Related Claims may have been included in the Other WMB Boxes;

**WHEREAS**, the Court so-ordered the Stipulation and Proposed Protective Order on October 1, 2019, *see* ECF No. 2985 (the "October 1 Order");

**WHEREAS**, JPMC has since learned that the Index used to identify WMB Boxes in preparing the September 16 Filing was outdated and contained errors, including listing (1) duplicate entries, (2) boxes that the storage facility was unable to locate, and (3) boxes that had previously been destroyed pursuant to an agreed-upon process between JPMC and FDIC-R for specifically-identified boxes that had been determined not to contain LIBOR-Related materials (*see* Declaration of Cristina R. Pontes at ¶ 6, appended hereto as Exhibit A);

**WHEREAS**, on account of the inaccurate Index, the September 16 Filing incorrectly indicated that JPMC would preserve 887 WMB Boxes when, in fact, the number of WMB Boxes JPMC is preserving pursuant to the process outlined in the September 16 Filing is 650 (*see id.* at ¶ 6);

**WHEREAS**, JPMC has informed both FDIC-R and the defendants in the above-captioned litigation about the error, and no party has objected to entry of this Amended Stipulation and Proposed Protective Order;

**WHEREAS**, JPMC has also learned that there are an additional approximately 750,000 WMB boxes and 500,000 WMB files (the "Additional WMB Records") that were not captured on the Index and, accordingly, were not addressed in the September 16 Filing or October 1 Order (*see id.* at ¶ 7);

**WHEREAS**, similar to the approach outlined in the September 16 Filing and October 1 Order, JPMC has conducted certain keyword searches across an updated index

capturing the Additional WMB Records, removed obvious false hits (*e.g.*, the search term "BBA" hitting on the surname "Hubbard"), and has identified nine additional boxes that may contain references to "LIBOR" and/or other search terms potentially relevant to the LIBOR-Related Claims (*see id.* at ¶¶ 8-9), and, pursuant to feedback from one other Defendant, an additional 28 boxes and five files will be retained, for a total of 37 boxes and five files (collectively, the "Retained Records");

**WHEREAS**, JPMC will continue to maintain the Retained Records in accordance with the Purchase and Assumption Agreement or until a court of competent jurisdiction orders that the Retained Records need no longer be preserved;

**WHEREAS**, based on available information, other than possibly the Retained Records, JPMC and FDIC-R are not aware and have no reason to believe that the remaining Additional WMB Records (the "Other WMB Records") contain materials that are relevant to any LIBOR-Related Claims;

**WHEREAS**, other than the updated index, no other record of the Additional WMB Records' contents is available and the only way to determine more information about their contents would be through a box-by-box, page-by-page review of the approximately 750,000 boxes and 500,000 files, the burden and expense of which, based on available information, would outweigh its likely benefit (*see id.* at ¶ 7);

**WHEREAS**, JPMC has shared the index capturing the Additional WMB Records and the LIBOR-Related keyword searches used to identify the Retained Records with FDIC-R and all other Defendants in this MDL and requested that they indicate whether they have any objection to the destruction of the Other WMB Records or whether there are additional WMB

records that they have a reasonable belief may contain relevant information and should be retained (*see* Declaration of Alan C. Turner at ¶ 5, appended hereto as Exhibit B);

**WHEREAS**, in response, counsel for one other Defendant identified certain Additional WMB Records that it requested be retained, and no other Defendant has requested retention of any other Additional WMB Records or has raised any objection to the destruction of the Other WMB Records; (*see id.* at ¶ 6);

**WHEREAS**, except for the material in the Other WMB Records, nothing in this Stipulation eliminates or otherwise modifies any obligation or duty of JPMC, its subsidiaries and/or its affiliates, under the Purchase and Assumption Agreement or under applicable law, to maintain and preserve any other records;

**NOW, THEREFORE,** subject to the approval of the Court, Plaintiff FDIC-R and Defendant JPMC hereby stipulate and agree as follows:

1. <u>Amendment of the Stipulation and Proposed Order dated September 16, 2019 and Order dated October 1, 2019</u>: The references in the September 16 Filing to 887 WMB Retained Boxes are hereby amended to reflect 650 WMB Retained Boxes.

2. <u>Preservation of the Retained Records and Disposal of the Other WMB Records</u>: JPMC shall not be required to preserve the Other WMB Records for purposes of any document retention obligations relating to litigation of the LIBOR-Related Claims and no other person that had notice of this application shall be permitted to argue or otherwise raise questions in any legal proceeding in any court that (1) destruction of the Other WMB Records pursuant to this Order constitutes evidence of spoliation by FDIC-R or JPMC or (2) materials relevant to any issue in the LIBOR-Related Claims may have been included in the Other WMB Records.

Dated: June 16, 2021
New York, New York

                                         /s/ Alan C. Turner
Paul C. Gluckow
Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
pgluckow@stblaw.com
aturner@stblaw.com

Abram J. Ellis
900 G Street NW
Washington, D.C. 20001
Telephone: (202) 636-5500
aellis@stblaw.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*

   /s/ James R. Martin
James R. Martin
Jennifer D. Hackett
ZELLE LLP
1775 Pennsylvania Avenue, NW
Suite 375
Washington, DC 20006
Telephone: 202-899-4100
jmartin@zelle.com
jhackett@zelle.com

*Counsel for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank*

SO ORDERED.

_____June 22_____, 2021

_____
United States District Judge