

| | |
|---|---|
| 1775 PENNSYLVANIA AVENUE, NW, SUITE 375<br>WASHINGTON DC  20006<br>(202) 899-4100 MAIN    (612) 336-9100 FAX | JAMES R. MARTIN<br>JMARTIN@ZELLE.COM<br>(202) 899-4101 DIRECT |

May 9, 2022

Via ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      RE:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262-NRB

Dear Judge Buchwald:

      We write on behalf of the Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks ("FDIC-R") in response to the British Bankers Association Defendants (the "BBA") letter dated May 6, 2022.  ECF No. 3390.  In that response, the BBA questioned what opinions the FDIC-R would ask the Court to reconsider and on what grounds.  Id. at 1.  The FDIC-R had thought its request was clear but to limit any risk of confusion, the FDIC-R would ask the Court to reconsider its finding in *LIBOR VIII* that FDIC-R failed to allege that the BBA was a member of the "plausibly pled conspiracy."  *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11 MDL 2262 (NRB), 2019 WL 1331830, at *15 (S.D.N.Y. Mar. 25, 2019).  Based on that finding, the Court held that the FDIC-R's allegations failed on both the merits and for lack of personal jurisdiction.

      The BBA chose to raise *LIBOR VIII* in the *Berkshire* appeal as a basis for affirming its dismissal in that case.  The BBA now argues that summary orders can never justify a motion for reconsideration, but none of the cases cited by the BBA involve a situation where (as here) the Second Circuit addressed the ***same*** opinion arising from a multidistrict litigation involving the ***same*** parties.  *See, e.g., Urena v. United States*, 18 Civ. 9995 (PAE), 2021 WL 5827044, at *2 (S.D.N.Y. Dec. 7, 2021) (finding that summary order in criminal case arising from same indictment, but involving different defendants, "governs" because the district court "is not at liberty to 'contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order.'")

      With regard to timing, the parties to this MDL promptly began meeting and conferring after the Second Circuit decided *Schwab II*.  Those discussions included a proposed mechanism to address the effect of *Schwab II* and *Berkshire* on the various cases in this MDL.  *See* ECF No. 3381-01 at 2; ECF No. 3382 at 2.  The parties submitted their respective proposals on March 16,

The Honorable Naomi Reice Buchwald
May 9, 2022
Page 2

2022.  *Id*.  The Second Circuit issued its mandate in *Berkshire* two days later, on March 18, 2022, which reinstated the Lender Plaintiffs' claims against the BBA.  ECF No. 3383.

On April 4, 2022, the Court declined to adopt either of the scheduling proposals and instructed the parties to propose a new set of deadlines that implemented a "sequential approach" to prioritize the prompt filing of motions for summary judgment on "upstream topics."  ECF No. 3386.  Following the Court's letter, the FDIC-R met and conferred with the BBA in an effort to reach agreement on the effect of the *Berkshire* decision on the FDIC-R's claims.  The FDIC-R filed its pre-motion letter after exhausting those efforts at informal resolution.

The FDIC-R submits that the issue should be decided now because the BBA has taken the position that it should not be subject to any discovery pending "resolution of any motions to dismiss filed by the BBA Defendants and any disputes as to whether there are live claims against the BBA in the MDL."  ECF No. 3380-1 at n. 1.  The BBA is in possession of important documents and evidence directly relevant to the "upstream topics" that should be produced at the earliest opportunity once the Court approves a scheduling order.[1]

Respectfully submitted,

*/s/ James R. Martin*

James R. Martin
*Counsel for Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks*

cc: All Counsel of Record via ECF

---

[1] The parties are continuing to meet and confer regarding a proposed schedule and hope to present the Court with a joint proposal, or competing proposals, in the near future.