**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Jefferson E. Bell
Direct: +1 212.351.2395
Fax: +1 212.351.5295
JBell@gibsondunn.com

July 21, 2022

<u>VIA ECF</u>

The Honorable Naomi Reice Buchwald
United States District Judge, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
       No. 11-md-02262 (NRB)

Dear Judge Buchwald:

We represent UBS AG and also write on behalf of Barclays Bank PLC, Coöperatieve Rabobank U.A., Deutsche Bank AG, Bank of Scotland plc, Lloyds Bank plc, and Royal Bank of Scotland plc (collectively, the "Bank Defendants") in response to the July 18, 2022, letter from the Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks (the "FDIC").  *See* Dkt. 3439.

In its letter, the FDIC seeks leave to move for reconsideration of unspecified decisions of this Court as a result of appellate developments so that certain "viable" claims can be "reinstate[d]" against the Bank Defendants in this Court.  Dkt. 3439 at 1.  The Bank Defendants do not oppose the Court's granting the FDIC leave to file such a motion.

However, the FDIC's letter provides only a cursory overview of its potential arguments for why "reinstatement" is appropriate and no indication as to which claims or theories the FDIC now considers "viable."  Accordingly, the Bank Defendants reserve all rights to oppose the FDIC's motion on all available grounds.  After reviewing the FDIC's motion, the Bank Defendants may also determine that a limited opposition or no opposition on the merits is warranted.

The Bank Defendants also note that the FDIC seeks "reinstatement" in the U.S. while it has been litigating what it characterizes as these same claims against the same defendants in England.  *See, e.g.*, Dkt. 3417 at 1 (describing the English action as consisting of "identical tort claims" and "claims under England's Competition Laws that mirror its [U.S.] antitrust claims").  The FDIC has indicated that the U.S. "is, and always has been, the FDIC[]'s preferred forum," *id.*, but the FDIC's letter is silent on whether it intends to discontinue its case in England if its proposed motion for reconsideration is granted.  Should the FDIC continue to pursue its

July 21, 2022
Page 2

litigation against the Bank Defendants in England while simultaneously litigating in the U.S., the Bank Defendants respectfully reserve the right to seek appropriate relief from this Court and/or the English court based upon, among other things, the manifest unjustness of defending duplicative claims in two forums.

    Respectfully submitted,

    /s/ *Jefferson E. Bell*

    Jefferson E. Bell


    Cc:  All counsel via ECF