September 27, 2022

Re: *In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    Master File No. 11-md-2262-NRB

<u>Via ECF</u>

The Honorable Naomi Reice Buchwald
United States District Judge, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

      We write on behalf of Class Plaintiffs, Direct Action Plaintiffs, and Defendants with regard to the upcoming "[d]eadline to agree or for Plaintiffs to move to compel on custodians and search terms with respect to Upstream Issues and class certification in the OTC action." *See* ECF No. 3425. The deadline is Thursday, September 29, 2022. ECF No. 3492. The parties have differing views as to what should occur on that date. Plaintiffs propose to file a motion of no more than 30 double-spaced pages addressing issues common to all Defendants, and separate appendices of no more than six single-spaced pages for each Defendant addressing individual issues. Defendants believe that Plaintiffs should file pre-motion letters pursuant to Paragraph 2(B) of the Court's Individual Practices. The parties' respective positions are set forth below.[1]

<u>Plaintiffs' Position</u>

      Plaintiffs' plan to file a consolidated motion is consistent with what the parties agreed, and the most efficient and fair path forward. The Scheduling Order sets a deadline for Plaintiffs to "move to compel." ECF No. 3425 at Row 9. If Defendants wanted Plaintiffs to file pre-motion letters, they should have requested it, as they did elsewhere in the Scheduling Order. *See id.* at Row 6, 7, 10.

      Even if the Scheduling Order was unclear (it is not), Plaintiffs' proposal furthers the Court's request that "every effort should be made to file the summary judgment motion on the upstream topics as soon as possible," ECF No. 3368, because other deadlines in the Scheduling Order are tied to resolution of the motions to compel and pre-motion letters will simply inject delay. *See id.* at Row 12 (substantial completion deadline tied to resolution of "any motions to compel").

      The issues do not lend themselves to pre-motion letters and filing such letters would cause delay and waste judicial resources. Plaintiffs have spent thousands of hours identifying gaps in Defendants' regulatory productions and the search methodologies used to generate those productions. Plaintiffs have met and conferred with each Defendant to propose additional custodians and search terms, narrow those proposals, and reach agreement where possible. Defendants claim that certain terms are overbroad (although some terms were in some Defendants' prior lists), but they have neither substantiated such claims nor responded to

---

[1] The parties agreed to limit their respective positions to 500 words or less.

Plaintiffs' efforts to narrow terms as appropriate to target non-duplicative documents.

The consolidated brief will address issues that are common to Defendants. It will identify the categorical gaps in the regulatory productions and articulate the core bases for Plaintiffs' requests for additional search terms and custodians. Plaintiffs will further show that the regulatory productions are incomplete in material respects, e.g., *inter alia*, omitting terms and custodians that would identify relevant communications (1) among Defendants and their senior executives, (2) with (and through) interbank brokers, (3) with Thomson Reuters (to align and suppress submissions), and (4) with the Bank of England, New York Federal Reserve. Plaintiffs will tie those gaps to key legal principles to show why Plaintiffs' requested search terms and custodians should be granted. These are not issues that can be properly considered in a pre-motion letter.

The appendices will build on the consolidated brief to address issues specific to each defendant, e.g., why each proposed custodian's files and the proposed search terms (which are personalized for each Defendant) will lead to relevant, non-duplicative discovery that is proportional to Plaintiffs' claims. Filing a consolidated motion is far more efficient than individual motions against each Defendant, which could result in 400 pages of briefing for Plaintiffs alone.

Plaintiffs must be afforded a "reasonable opportunity to elicit information within the control of [their] adversaries" prior to opposing summary judgment motions. *In re Dana Corp.*, 574 F.3d 129, 149 (2d Cir. 2009). Plaintiffs' plan to file a single consolidated motion to compel is the most efficient path to address deficiencies in Defendants' Regulatory Productions.

Defendants' Position

Defendants agree that the Parties should make submissions that will enable the Court to efficiently evaluate and rule on outstanding discovery disputes—but fail to see how Plaintiffs' proposal that the parties submit up to 252 pages of briefing on routine discovery disputes accomplishes that goal.[2] Defendants objected to Plaintiffs' proposal to submit such voluminous briefing as inconsistent with Your Honor's Individual Practices and requested to meet-and-confer with Plaintiffs—first on September 16 and again on September 21—to see if the parties could agree on an approach to efficiently present key issues without burdening the Court with excessive briefing. During that process, Defendants asked Plaintiffs to identify how many issues—common and individualized—Plaintiffs expect to raise with the Court, but Plaintiffs did not do so. While an enlargement of the Court's standard pre-motion page limits may be warranted, depending on how many issues Plaintiffs intend to raise, Plaintiffs have not justified the voluminous briefing they now request.

Routine discovery disputes like those at issue here can most efficiently be handled via

---

[2] Plaintiffs' 6-page appendices for each of 16 defendants (which would be single-spaced), plus an additional 30 pages of common briefing, amounts to 126 pages. If Defendants submitted the same, this would total 252 pages of briefing on discovery disputes, 192 pages of it single-spaced. While Plaintiffs have informed Defendants they might not have an appendix for 1-2 defendants, and will use less than 6 pages for some, Plaintiffs' proposal nevertheless involves hundreds of pages of briefing.

pre-motion letters, with the Court directing formal briefing as it deems appropriate, rather than submitting hundreds of pages of briefing at the outset.  Although Plaintiffs' specific disputes with individual Defendants vary slightly in their particulars, the disputes boil down to certain recurring themes that can be distilled for the Court in simple pre-motion letters.  For example, Plaintiffs have requested production of documents of individuals who Defendants believe had no role in the U.S. dollar LIBOR submissions and are likely to have few, if any, incremental relevant documents; a few pages of briefing should be sufficient for the Court to understand the dispute and to give the parties guidance.  Similarly, on search terms, Plaintiffs have asked that Defendants search for commonly used words in banking such as "Fed," "FSA," "BOE," "Bank of England" (including documents that make no mention of "LIBOR").  Defendants are concerned such terms would require a review of a large number of irrelevant hits.  These simple disputes do not require voluminous briefing, which could delay the case schedule as the parties and Court are bogged down in minor details.  Defendants believe the Parties should streamline and simplify the presentation of these issues, so that the Court can efficiently address them.

Accordingly, Defendants suggest that the forthcoming Discovery Motions to Compel be initiated pursuant to Paragraph 2(B) of Your Honor's Individual Rules of Practice, with a limited number of additional pages that the Court considers appropriate, rather than the Parties submitting hundreds of pages of briefing at the outset.

Respectfully yours,

*/s/ William Christopher Carmody*
William Christopher Carmody

Co-Lead Counsel for the OTC Plaintiffs
and Liaison Counsel for the Class Plaintiffs

*/s/ Paul S. Mishkin*
Paul S. Mishkin

Counsel for Bank of America Corporation and Bank of America, N.A., and Liaison Counsel for Defendants

*/s/ James Robertson Martin*
James Robertson Martin

Counsel for The Federal Deposit Insurance Corporation as Receiver for 20 Banks and The Federal Home Loan Mortgage Corporation and Liaison Counsel for the Direct Action Plaintiffs

Cc:  All counsel via ECF