UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | ) ) ) ) | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: Case No. 12-CV-1025 (NRB) | ) ) ) ) ) | Master File No. 1:11-md-2262-NRB ECF Case |

**[PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENTS BETWEEN BONDHOLDER PLAINTIFFS AND BANK OF TOKYO-MITSUBISHI UFJ LTD., CREDIT SUISSE GROUP AG, AND THE NORINCHUKIN BANK, CONDITIONALLY CERTIFYING THE BONDHOLDER SETTLEMENT CLASSES, APPOINTING SETTLEMENT CLASS COUNSEL, APPROVING THE NOTICE PROGRAM, AND PRELIMINARILY APPROVING THE PLAN OF ALLOCATION**

THIS CAUSE came before the Court on the motion by Ellen Gelboim and Linda Zacher ("Bondholder Plaintiffs") for preliminary approval of settlements between Bondholder Plaintiffs and Bank of Tokyo-Mitsubishi UFJ, LTD. (n/k/a MUFG Bank, Ltd.) ("MUFG"), Credit Suisse Group AG ("Credit Suisse") and The Norinchukin Bank ("Norinchukin") (collectively, "the Settlements" or "the Subsequent Bondholder Settlements"), conditional certification of the bondholder settlement classes, appointment of settlement class counsel, approval of the notice program, and preliminary approval of a plan of allocation, filed on October 19, 2022 (the "Motion");

The Court, having reviewed the Motion, its accompanying memorandum, the pertinent settlement agreements, the declaration of Karen L. Morris and Robert S. Kitchenoff and exhibits thereto, the proposed plan of allocation, the declaration of Cameron R. Azari and exhibits thereto, and the file;

1

The Court, preliminarily approving the Settlements, conditionally certifying the Bondholder Settlement Classes (defined below), and the appointing Bondholder Plaintiffs' Counsel as settlement class counsel; The Court, finding that the proposed additional notice program satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process of law in that it constitutes the best notice practicable under the circumstances; and

The Court, finding that the proposed plan of allocation is reasonable and should be sent to the Bondholder Settlement Classes before the final approval hearing on the Settlements:

**IT IS,** on this ___7th___ day of ___Nov.___, 202_2_:

**ORDERED** that the Motion is **GRANTED** as follows:

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS**

1. The terms of the settlement agreements (the "Settlement Agreements") between Bondholder Plaintiffs and, respectively, MUFG, Credit Suisse, and Norinchukin are hereby preliminarily approved, subject to final Court approval pursuant to Federal Rule of Civil Procedure 23 following a hearing to be held by the Court, on notice to the Settlement Classes, to determine whether the Settlements are fair, reasonable, and adequate to the Settlement Classes (the "Fairness Hearing"). The Court finds that the Settlement Agreements were entered into at arm's length by experienced counsel and are sufficiently within the range of reasonableness that notice of the Settlements should be given to the members of the Settlement Classes as provided in this Order. Any terms not defined herein shall have the meaning ascribed to them in the Settlement Agreements.

**CERTIFICATION OF SETTLEMENT CLASSES**

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed MUFG settlement, the Court finds that the prerequisites for conditional certification have

been met and certifies the following MUFG settlement class for settlement purposes only (the "MUFG Settlement Class"):

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned any interest in (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); however, any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Credit Suisse settlement, the Court finds that the prerequisites for conditional certification have been met and certifies the following Credit Suisse settlement class for settlement purposes only (the "Credit Suisse Settlement Class"):

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however that any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Norinchukin settlement, the Court finds that the prerequisites for conditional certification have been met and certifies the following Norinchukin settlement class for settlement purposes only (the "Norinchukin Settlement Class"):

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however

that any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

5. The Class Period for the MUFG, Credit Suisse, and Norinchukin Settlements is from August 1, 2007, through May 31, 2010.

6. The Court finds, for purposes of settlement only, that certification of the MUFG Settlement Class, the Credit Suisse Settlement Class, and the Norinchukin Settlement Class (collectively "the Settlement Classes") is warranted because (a) the members of the Settlement Classes are so numerous that joinder of all members is impracticable; (b) the claims of Bondholder Plaintiffs present common issues and are typical of the claims of the members of the Settlement Classes; (c) Bondholder Plaintiffs and Bondholder Settlement Class Counsel (defined below) will fairly and adequately protect the interests of the Settlement Classes; and (d) common issues predominate over any issues affecting only individual members of the Settlement Classes. The Court further finds, for purposes of settlement only, that Bondholder Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes and that approval of the Settlements on a class basis is superior to other means of resolving this matter.

7. The Court hereby appoints Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC as Bondholder Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court hereby appoints Bondholder Plaintiffs to serve as class representatives for the Settlement Classes.

9. The Court approves Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator.

      10.      The Court approves The Huntington National Bank as Escrow Agent.

**OTHER PROVISIONS**

      11.      In the event that any of the Settlement Agreements is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the *status quo ante* rights of Bondholder Plaintiffs, the applicable Settling Defendant(s), and the members of the applicable Settlement Class(es), with all of their respective legal claims and defenses preserved as they existed as of the date of the execution of the relevant Settlement Agreement(s), including without limitation any objection or defense based on a lack of personal jurisdiction.

      12.      The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any litigation class in this action, and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class.

      13.      All proceedings in the action with respect to MUFG, Credit Suisse, and Norinchukin are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement or comply with the terms of the Settlement Agreements. Pending final determination of whether the Settlements should be approved, neither Bondholder Plaintiffs nor any member of the Settlement Classes shall commence or prosecute any action alleging any Released Claim against MUFG, Credit Suisse, Norinchukin, or other Released Party.

14. Neither this Order nor the proposed Subsequent Bondholder Settlements (including the Settlement Agreements or any of their terms, any negotiations or proceedings connected with the Settlement Agreements, or any act performed or document executed pursuant to or in furtherance of the Settlements): (a) shall be admissible in any proceeding for any purpose, except to enforce the terms of this Order and/or the Settlement Agreements (including, without limitation, to seek dismissal of any pending or future action as a Released Claim or according to the doctrines of collateral estoppel or res judicata); (b) shall be deemed or construed to be or used as an admission, adjudication or evidence of the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of any released party; or (c) shall be deemed to be or used as an admission, adjudication, or evidence of any violation of any domestic or foreign statute, law, or regulation or of any liability, fault, wrongdoing, or omission of any released party in any civil, criminal, or administrative proceeding before any court, administrative agency, arbitration panel, or other tribunal.

15. Except as provided in the Settlement Agreements, none of the Settling Defendants nor any of their counsel shall have any responsibility for, or liability whatsoever with respect to notice procedures; the investment, administration, or distribution of the Settlement Funds; the plan of distribution; the determination, administration, calculation, or payment of any claims asserted against the Settlement Funds or any funds held by the Escrow Agent; the payment or withholding of Taxes or any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Bondholder Plaintiffs or Settlement Class Counsel; or any allocation of the fee and expense award by Settlement Class Counsel. Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlements.

**THE PLAN OF ALLOCATION**

16.     The Plan of Allocation set forth in Exhibit 4 to the Declaration of Karen L Morris and Robert S. Kitchenoff in Support of Bondholder Plaintiffs' Motion for Preliminary Approval of the Settlements with Bank of Tokyo-Mitsubishi FJU LTD., Credit Suisse AG, and The Norinchukin Bank, Conditional Certification of the Bondholder Settlement Classes, Appointment of Settlement Class Counsel, Approval of the Notice Program and Preliminary Approval of the Plan of Allocation (the "Morris-Kitchenoff Declaration") is preliminarily approved. By preliminarily approving the Plan of Allocation, the Court does not sanction the use of Professor Fernando Alvarez's methodology for any purpose other than the Settlements.

**THE NOTICE PROGRAM**

17.     The forms and methods set forth herein of notifying members of the Bondholder Settlements Classes of the Subsequent Bondholder Settlements and their terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. The Notice Program as herein provided is approved.

18.     The Postcard Notice, the Detailed Notice, and the Publication Notice, set forth, respectively, as Attachments 2, 3, and 4 to the Declaration of Cameron R. Azari Regarding Notice Program, are approved and may be disseminated in substantially such forms.

19.     By __Nov. 28__, 2022 (the "Notice Distribution Date"), the Claims Administrator, Epiq, shall cause the Postcard Notice to be disseminated either via electronic mail where viable email addresses are known, or otherwise via first-class mail to all individuals, entities, and institutions previously identified as potential members of the Bondholder Settlement Classes

pursuant to the notice program instituted in connection with initial Bondholder settlements (the "Original Notice Program") with Barclays Bank plc, UBS AG, HSBC Bank plc, Citibank, N.A., Citigroup Inc., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and the Royal Bank of Scotland Group plc (collectively, the "Initial Bondholder Settlements").

20.    Brokers and other nominees who, pursuant to the Original Notice Program, requested bulk receipt of copies of the claim packet to disseminate directly to their clients shall disseminate the Postcard Notice to their same clients within seven (7) calendar days of receipt of bulk copies from Epiq, which shall provide such copies without charge to the recipient broker or nominee. Such brokers or nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought within thirty (30) calendar days of compliance. Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be deemed a Notice and Administration Cost and shall be paid from the Settlement Fund in accordance with the provisions of the Settlement Agreements.

21.    Bondholder Plaintiffs' Counsel, through the Claims Administrator, shall cause the Publication Notice to be published within __21__ (__) calendar days of the entry of this Order (the "Summary Notice Publication Date") as follows: (i) published once in *IBD Weekly*; and (ii) issue a press release on PR Newswire's US 1 Newsline.

22.    By the Notice Distribution Date, Epiq shall cause copies of the Proof of Claim Form, the Detailed Notice, the Publication Notice, and Postcard Notice as well as other

documents relevant to the Subsequent Bondholder Settlements to be posted in downloadable form on the Bondholder Website, www.BondholderLIBORSettlements.com.

23. Bondholder Plaintiffs' Counsel, through the Claims Administrator, shall continue to maintain the toll-free telephone number established pursuant to the Original Notice Program, which shall be listed in the Postcard Notice and Publication Notice and posted on the Bondholder Website.

24. Bondholder Plaintiffs' Counsel, through the Claims Administrator, shall continue to maintain the post office box where members of the Settlement Classes can send requests for exclusion or other correspondence relating to the Notice and claims process for the Subsequent Bondholder Settlements. The post office box address shall be listed in the Postcard Notice, Detailed Notice, and Publication Notice and also posted on the Bondholder Website.

**THE FINAL APPROVAL HEARING**

25. The final approval brief and the requests for attorneys' fees and expenses, and for service awards to the Settlement Class representatives will be due __Feb. 16__, 2023.

26. The deadline to file reply memoranda concerning final approval of the Subsequent Bondholder Settlements, the requests for attorneys' fees and expenses and for service awards to the Settlement Class representatives, or any objections thereto, shall be __Mar. 14__, 2023.

27. Epiq shall keep track of all objections and Requests for Exclusion and shall furnish such information to Bondholder Settlement Class Counsel and Counsel for the Settling Defendants. Bondholder Settlement Class Counsel shall submit this information to the Court either in connection with the final approval briefing or, if objections or requests for exclusion are received after that brief is filed, then with the reply brief.

The Fairness Hearing will be in a format to be determined by the Court that the Court will announce on the case docket in advance of the hearing.

28. A final approval hearing (the "Fairness Hearing) is set for  Mar. 28 , 2023, at 11:00 a.m. ~~in Courtroom 21A at the Daniel Patrick Moynihan United States Courthouse, U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.~~ Without additional notice, the Court may change the Fairness Hearing's date, time, location, or how the Fairness Hearing will be conducted, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Subsequent Bondholder Settlements. The Court may approve the Settlements, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Classes.

29. Settlement Class members may hire their own attorneys to represent them, at their sole expense, in making written objections or in appearing at the Fairness Hearing. The attorney for a Settlement Class member must file a notice of appearance with the Court and serve it on Bondholder Settlement Class Counsel and counsel for Settling Defendants so that such notice is received at least fourteen (14) calendar days before the Fairness Hearing.. Failure to timely file and serve a notice of appearance will preclude a Class Member's attorney from appearing at the Final Approval Hearing.

30. If the Subsequent Bondholder Settlements are approved, all members of the Settlement Classes who have not excluded themselves will be bound by the terms of the Settlements, including, but not limited to, the release of the Released Claims provided for in the Settlements, and by any judgment or determination of the Court affecting the members of the Settlement Classes, regardless of whether or not a member of the Settlement Classes submits a Proof of Claim Form.

**THE CLAIMS PROCESS**

31. Any claim already submitted in the Initial Bondholder Settlements will automatically be considered for recovery in the Subsequent Bondholder Settlements and should not be resubmitted in the Subsequent Bondholder Settlements.

32. Any member of the Settlement Classes who did not submit a Proof of Claim Form in connection with the Initial Bondholder Settlements, but who wishes to receive a distribution from any of Subsequent Bondholder Settlements, shall timely complete and submit a Proof of Claim Form in accordance with the instructions contained therein.

33. Recovery for new claims submitted in the Subsequent Bondholder Settlements will be limited to the net settlement funds in the Subsequent Settlements.

34. Unless the Court orders otherwise, all Proof of Claim Forms submitted in connection with the Subsequent Bondholder Settlements must be postmarked and filed or submitted electronically no later than __Feb. 27__, 2023. Each Proof of Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth in the Proof of Claim Form. In all other cases, the Proof of Claim Form shall be deemed to have been submitted when it was received by the Claims Administrator.

35. Any member of the Settlement Classes who did not submit a timely and valid Proof of Claim Form in the Initial Bondholder Settlements and does not submit a timely and valid Proof of Claim Form in the Subsequent Bondholder Settlements shall be barred from sharing in the distribution of the proceeds of the settlement funds but nonetheless will be bound by all of the terms of the Initial and Subsequent Bondholder Settlements, including the releases provided therein, and shall be barred and enjoined from bringing any action, claim, or other

proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the members of the Settlement Classes.

**OBJECTING TO THE SETTLEMENTS**

36. Any member of the Subsequent Settlement Classes may appear at the Final Approval Hearing individually or through counsel and show cause why the Subsequent Bondholder Settlements should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to Bondholder Settlement Class Counsel, or why a service award should not be granted to Bondholder Plaintiffs; provided, however, that no member of the Settlement Classes shall be heard or entitled to contest such matters, unless that person provides a timely and valid written objection with copies of any supporting papers and briefs that the objector would like the Court to consider (an "Objection"). The deadline for members of the Settlement Classes to submit Objections will be __Mar. 1__, 2023 (the "Objection Deadline").

37. To be valid, an Objection must include: (i) the objector's name, address, and telephone number; (ii) a statement identifying the Settlement(s) or other matter to which the Objection is directed; (iii) whether the objector intends to attend or speak at the Fairness Hearing; (iv) proof of membership in the Settlement Class(es), including documentation that the objector owned at least one U.S. Dollar LIBOR-Based Debt Security on which interest was payable during the Class Period; (v) the specific reason(s) for the objection(s), along with supporting materials or documents that the objector would like the Court to consider; and (vi) the objector's signature.

38. Further, to be timely, an Objection must be mailed by first-class mail, postage prepaid, postmarked no later than the Objection Deadline, or otherwise delivered so that it is received by Bondholder Plaintiffs' Counsel and the relevant Settling Defendants' Counsel by the Objection Deadline, at the following addresses:

**Counsel for Bondholder Plaintiffs and the Settlement Classes:**

Karen L. Morris
MORRIS AND MORRIS LLC
　COUNSELORS AT LAW
4023 Kennett Pike, # 254
Wilmington, DE  19807

Robert S. Kitchenoff
WEINSTEIN KITECHENOFF & ASHER LLC
150 Monument Road, Suite 107
Bala Cynwyd, PA  19004

**MUFG Counsel:**

Christopher Michael Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C.  20006

**Credit Suisse Counsel:**
Joel Kurtzberg
CAHILL GORDON & REIDELL LLP
32 Old Slip
New York, NY  10005

**Norinchukin Counsel:**

Andrew W. Stern
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY  10019

and the objector must (by that same Objection Deadline) file the Objection, showing proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

39. Attendance at the Fairness Hearing is not necessary for an Objection to be considered by the Court, but persons wishing to be heard in support of their Objection are required to indicate in that Objection that they intend to speak at the Fairness Hearing and identify any witnesses they may call or exhibits they intend to introduce into evidence. Bondholder Settlement

Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the Settlements.

40.     Any member of the Settlement Classes who does not make their Objection in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Subsequent Bondholder Settlements, to the Plan of Allocation, to the award of attorneys' fees and expenses, or to the award of service fees to Bondholder Plaintiffs. In filing an objection, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the Objection.

### REQUEST FOR EXCLUSION FROM ANY SETTLEMENT CLASS

41.     The deadline for members of the Settlement Classes to file a Request for Exclusion from any or all of the Subsequent Bondholder Settlement Classes will be  Mar. 1 , 2023 (the "Exclusion Deadline"). To be valid, any Request for Exclusion must be made in a timely and proper manner, and must: (i) be in writing; (ii) be signed with the Settlement Class Member or an authorized representative; (iii) provide the name, address, and phone number of the Settlement Class Member; and (iv) include a statement in substance that "I/we hereby request the I/we be excluded from (one or more of the following) in the *In re LIBOR-Based Financial Instruments Antitrust Litigation*": (a) the proposed MUFG Settlement Class; (b) the proposed Credit Suisse Settlement Class; and/or (c) the proposed Norinchukin Settlement Class; (v) provide documentation supporting membership in the Settlement Classes, which may include, for example, a relevant account statement. Settlement Class Counsel and the Claims Administrator are directed to provide reasonable assistance in this process.

42.     A Settlement Class Member wishing to be excluded from one or more of the Settlement Classes shall mail a Request for Exclusion by first-class mail, postage prepaid so that it

is postmarked no later than the Exclusion Deadline, or cause it to be delivered by the Exclusion Deadline to the Claims Administrator at: Bondholder LIBOR Settlements, P.O. Box 10306, Dublin, OH 43017-5906. Bondholder Plaintiffs' Counsel may contact any person or entity filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

43. All Persons who submit valid and timely Requests for Exclusion from one or more of the Subsequent Bondholder Settlement Classes in the manner set forth above shall have no rights under those Settlements, shall not share in the distribution of Settlement Funds from those Settlements, and shall not be bound by those Settlements or the Judgment entered in the Bondholder Action as to those Settlements. Any Person who fails to timely and validly file a Request for Exclusion, or whose Request for Exclusion is not otherwise accepted by the Court, shall be deemed a member of the Bondholder Settlement Classes, and shall be deemed by operation of law to have released all Released Claims against the Released Parties as defined in the Settlement Agreements.

**IT IS SO ORDERED.**

DATED: <u>November 7</u>, 2022

                                                        NAOMI REICE BUCHWALD
                                                        UNITED STATES DISTRICT JUDGE