# EXHIBIT 1

**quinn emanuel** trial lawyers | london

90 High Holborn, London WC1V 6LJ, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100

WRITER'S DIRECT DIAL NO.
**+44 20 7653 2002**

WRITER'S INTERNET ADDRESS
katevernon@quinnemanuel.com
yasseengailani@quinnemanuel.com

6 January 2022

**VIA E-MAIL**

Clifford Chance LLP
10 Upper Bank Street
London E14 5JJ

**Attention: Ian Moulding
(ian.moulding@cliffordchance.com)**

Gibson, Dunn & Crutcher LLP
Telephone House
2-4 Temple Avenue
London EC4Y 0HB

**Attention: Philip Rocher
(procher@gibsondunn.com)**

Milbank LLP
100 Liverpool Street
London EC2M 2AT

**Attention: Julian Stait
(jstait@milbank.com)**

Macfarlanes LLP
20 Cursitor Street
London EC4A 1LT

**Attention: Barry Donnelly
(barry.donnelly@macfarlanes.com)**

Hogan Lovells International LLP
Atlantic House
50 Holborn Viaduct
London EC1A 2FG

**Attention: Whiston Bristow
(whiston.bristow@hoganlovells.com)**

Clifford Chance LLP
10 Upper Bank Street
London E14 5JJ

**Attention: Kelwin Nicholls
(kelwin.nicholls@cliffordchance.com)**

Slaughter & May
One Bunhill Row
London EC1Y 8YY

**Attention: Jonathan Clark
(jonathan.clark@slaughterandmay.com)**

**quinn emanuel urquhart & sullivan uk llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Quinn Emanuel Urquhart & Sullivan UK LLP is a limited liability partnership registered in England and Wales (with registered number OC337278) and is authorised and regulated by the Solicitors Regulation Authority.  A list of members and their professional qualifications is open to inspection at our registered office, 90 High Holborn, London WC1V 6LJ, United Kingdom.

Our ref: 07288-00001/KV/YG

Dear Counsel,

**The Federal Deposit Insurance Corporation as Receiver for Amcore Bank, N.A. and Others (the "FDIC-R") v Barclays Bank PLC and Others, Claim No FL-2017-00002**

1. We refer to the previous correspondence between the parties in respect of the Second Case Management Conference presently scheduled for 7 February 2022 (**Second CMC**), including the letter sent by Clifford Chance (for Barclays, on behalf of all Defendants) on 20 December 2021. Unless otherwise stated, we adopt the definitions used in previous correspondence.

2. In our letters of 27 September 2021 and 9 December 2021, we explained that the English Proceedings would be affected by the outcome of the (then pending) decision of the United States Court of Appeals for the Second Circuit in *In re LIBOR-Based Financial Instruments Antitrust Litigation* No. 27-1569(L) (***Schwab II***). As we trust your clients will be aware, the decision in *Schwab II* was handed down on 30 December 2021 and the District Court's prior rulings on personal jurisdiction in the *Schwab* claims have been reversed.

3. We understand from the FDIC-R's US Counsel (Zelle LLP) that further consideration by the District Court is likely to be necessary before the effect of the ruling on all plaintiffs' cases in the MDL (including the FDIC-R's claims against the Bank Defendants) is fully and finally clarified. However, it is clear that, pursuant to *Schwab II,* the FDIC-R's claims against the Bank Defendants, in some part or in total, will be reinstated and will continue in the US Proceedings.

4. As we noted in our letter of 9 December 2021, if the FDIC-R's claims against the Defendants are reinstated in the US Proceedings, parties should not continue to incur the cost and expense of parallel litigation in two jurisdictions, and nor would such duplication be the most efficient use of judicial resources. That remains our client's position.

5. In light of the above, it is in the best interests of all the parties to the English Proceedings and the most efficient use of judicial resources that the parties agree now to a short stay of the English Proceedings and the vacation of the Second CMC presently scheduled for February 2022, in order to provide an opportunity for the effect of *Schwab II* on the US Proceedings and for its consequential impact on the case management of the English Proceedings to be considered by all parties and to be clarified if necessary. The proposed stay would avoid the parties wasting significant costs on the English Proceedings in respect of matters which may ultimately fall to be resolved entirely within the scope of the US Proceedings, depending on the ultimate application of the decision in *Schwab II* to the MDL.

6. Should the Defendants be agreeable in principle to the FDIC-R's proposal, the parties can discuss further the appropriate length of any stay, noting *inter alia* that the time required for *Schwab II* to be fully applied in the MDL is likely to depend in significant part on whether the Defendants intend to exercise any rights of appeal and/or to contest the application of the ruling by the District Court to particular plaintiffs' cases. However, at this stage, the FDIC-R suggests that the appropriate course would be for

      the stay to last until 31 July 2022, and for the Second CMC to be rescheduled for the first available date after 3 October 2022.

7. Given the imminence of the Second CMC, and the fact that this matter will need to be dealt with by the Court in the absence of the parties' agreement, we request the Defendants' urgent response to this letter by no later than 5.00 pm on 11 January 2022.

8. The FDIC-R has previously indicated that it will make such further disclosure requests of the Bank Defendants as it is able to make by 10 January 2022. In this regard, if the Defendants agree to the FDIC-R's proposals for a case management stay, it would plainly not be an appropriate use of the parties' time and resources for the FDIC-R's disclosure requests to be made and acted upon at this stage. Accordingly, the FDIC-R no longer intends to make further requests by 10 January 2022. However, if the Defendants do not consent to the FDIC-R's stay proposals, it will make its disclosure requests by 17 January 2022. This will not result in any prejudice to the Defendants in circumstances where any such requests will, in any event, not finally resolve the scope of the Defendants' disclosure in these proceedings,[1] and where no party has proposed to deal with further disclosure applications at the Second CMC.

9. We look forward to receiving your urgent response. In the meantime, all of the FDIC-R's rights remain reserved.

Yours faithfully,

*[signature]*

**QUINN EMANUEL URQUHART & SULLIVAN UK LLP**

---

[1] For the avoidance of doubt, the FDIC-R continues to disagree, for the reasons set out in our 9 December 2021 letter, that such requests as it may now make by 17 January 2022 should be the FDIC-R's final and exhaustive requests arising from the material contained in the Bank Defendants' May 2021 productions. As necessary, we will respond further to the points made in your letter of 20 December 2021 once we have received your response to the proposals made in this letter.