January 6, 2023

<u>By ECF and Facsimile</u>

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

      We write on behalf of Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac"), the Federal National Mortgage Association ("Fannie Mae"), and the plaintiffs in *Principal Fin. Grp., Inc. et al. v. Bank of Am. Corp. et al.* and *Principal Funds et al. v. Bank of America et al.* (collectively, "Principal"), pursuant to Paragraph 2.b. of the Court's Individual Practices to join in the pre-motion letter submitted by the Government Development Bank of Puerto Rico and The Berkshire Bank (the "Lender Plaintiffs"), the FDIC as Receiver for 20 Closed Banks ("FDIC-R"), and the Bay Area Toll Authority ("BATA") (collectively, "Moving Plaintiffs") that seek (1) entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of, Defendant British Bankers' Association and two of its subsidiaries, BBA LIBOR Ltd. and BBA Enterprises Ltd. (collectively, "the BBA") or, in the alternative, (2) for immediate interlocutory appeal under 28 U.S.C. § 1292(b).

      The undersigned plaintiffs are the only parties other than the Moving Plaintiffs that have sued, or sought to sue, the BBA in this MDL. This Court dismissed the undersigned plaintiffs' claims against the BBA for lack of personal jurisdiction in the same series of orders, and for the same reasons, that led to dismissal of the Moving Plaintiffs' claims against the BBA. In *LIBOR IV*, No. 11 MDL 2262 NRB, 2015 WL6243526, at *38 (S.D.N.Y. Oct. 20, 2015), this Court held that it lacked personal jurisdiction over the BBA in cases brought by BATA, the FDIC-R, Freddie Mac, Fannie Mae, and Principal. In that decision, this Court also held that no plaintiffs plausibly alleged facts sufficient to show the existence of a conspiracy to suppress USD LIBOR. *Id.* at *29.

      In *LIBOR VI*, No. 11 MDL 2262 (NRB), 2016 WL 7378980 (S.D.N.Y. Dec. 20, 2016), the Court granted the BBA's renewed motions to dismiss federal antitrust claims against it for lack of personal jurisdiction. *Id.* at **1, 12. In an order dated February 2, 2017, this Court extended its ruling in *LIBOR VI* to state-law fraud and conspiracy claims, leaving no live claims against the BBA. *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2017 WL 532465, at *3 (S.D.N.Y. Feb. 2, 2017). Finally, in *LIBOR VIII* the Court rejected a request from the FDIC-R, Freddie Mac, and the Principal Plaintiffs to amend their Complaints to address the personal jurisdiction issue. *LIBOR VIII*, No. 11 MDL 2262 (NRB), 2019 WL 1331830 (S.D.N.Y. Mar. 25, 2019).

The Honorable Naomi Reice Buchwald
January 6, 2023
Page 2

      Two subsequent Second Circuit decisions revisited personal jurisdiction and reinstated claims against the BBA in the BATA and Lender Plaintiffs' cases. In *Schwab Short-Term Bond Market Fund v. Lloyds Banking Group PLC*, 22 F.4th 103 (2d Cir. 2021) ("*Schwab II*"), the Court of Appeals reversed the *LIBOR IV*, *LIBOR V*, and *LIBOR VI* rulings and held that, where a conspiracy involving the participation of out-of-forum defendants is alleged, any overt act by a co-conspirator gives rise to personal jurisdiction over those out-of-forum defendants when the act has sufficient contacts with the forum. *Id.* at 122. The Second Circuit held that certain communications among the LIBOR conspirators were sufficient to satisfy the overt act requirement of conspiracy-based personal jurisdiction. *Id.* at 123. The Circuit reversed the dismissal of all Defendants, including the BBA, and remanded for further proceedings consistent with its opinion. *Id.* at 110, 125. Subsequently, in *The Berkshire Bank v. Lloyds Banking Group plc*, No. 20-1987-cv, 2022 WL 569819 (2d Cir. Feb. 25, 2022) (summary order) ("*Berkshire*"), the Second Circuit applied its *Schwab II* personal jurisdiction holding to the Lender Plaintiffs' allegations, finding that the Lender Plaintiffs had sufficiently alleged a conspiracy that had the requisite minimum contacts with New York. *Id.* at **2-3.

      In light of the remand orders in *Schwab II* and *Berkshire*, the BBA sought this Court's permission to file renewed motions to dismiss in the BATA and Lender Plaintiffs' cases. ECF Nos. 3369, 3410. The FDIC-R, believing that it was similarly situated to BATA and the Lender Plaintiffs, sought leave to file a motion for reconsideration of the Court's orders dismissing the BBA for lack of personal jurisdiction. ECF No. 3389. This Court directed the Moving Plaintiffs to brief a single issue: whether *Schwab II* or *Berkshire* "impact, in any way" the Court's rulings in *LIBOR VIII* with respect to the BBA. ECF No. 3424. Following briefing, this Court held on November 18, 2022, that the appeals did not undermine its ruling in *LIBOR VIII* because "the only conspiracy that has been held to be adequately pled is the 16-bank antitrust conspiracy upheld in *Gelboim v. Bank of America Corp.*, 823 F.3d 759, 782 (2d Cir. 2016)." ECF No. 3590 at 4. The BBA was not a party to *Gelboim*. The Court further held that "the Second Circuit clearly did not understand *LIBOR VIII* to be subject to the *Berkshire* appeal" because *LIBOR VIII* was not listed in the "series of district court decisions" regarding personal jurisdiction that had been challenged on appeal. *Id.* at 8. Thus, this Court held that the Second Circuit has not had occasion to pass on whether plaintiffs alleged facts sufficient to show that the BBA was a member of a plausibly alleged conspiracy; that issue, unlike many of the other threshold issues in this MDL already addressed on appeal, remains unresolved at the circuit level, per the Court's ruling. [1]

      The undersigned plaintiffs did not participate in the briefing of the effect of the appeals on *LIBOR VIII*. Instead, they articulated their respective positions in the Joint Memorialization process set forth in the Court's Scheduling Order, which required all parties in this MDL to state

---

[1] The BBA recently argued that Moving Plaintiffs did not "explain what decision or order of this Court they wish to appeal" pursuant to 28 USC §1292(b). ECF No. 3608. Plaintiffs understand Moving Plaintiffs seek certification of the Court's November 18, 2022, Order, ECF No. 3590, as that is the Order that deemed BBA's membership in a conspiracy over which the court had personal jurisdiction unaffected by recent appeals. Plaintiffs understand the specific question to be resolved to be "whether the court has personal jurisdiction over the BBA as a co-conspirator, given controlling precedent, including the Second Circuit's prior rulings in Schwab II and Berkshire on personal jurisdiction and the scope of the conspiracy." That does not, contrary to BBA's claims, require resolution of factual questions, it merely looks to whether the issue has been conclusively resolved by the Second Circuit's prior decisions.

The Honorable Naomi Reice Buchwald
January 6, 2023
Page 3

their position on the effect of the appeals on their respective cases.  *See* ECF No. 3425 at 3.  The undersigned plaintiffs listed their claims against the BBA as "disputed," ECF No. 3461-1 at 11, 14, 19-20, and subsequently identified as "Disputed Issue No. 21" "Whether the Court may exercise personal jurisdiction over claims asserted against the BBA Defendants by Freddie Mac, the Principal Plaintiffs, and Fannie Mae in light of *LIBOR VIII*, 2019 WL 1331830, at *15 (S.D.N.Y. Mar. 25, 2019) [affected by briefing *sub judice* involving the Bay Area Toll Authority, the FDIC, and the Lender Plaintiffs]."  ECF No. 3495.

The undersigned plaintiffs understand that the Court's rulings on common issues apply across the MDL, including the Court's November 18th ruling.  Whether the undersigned plaintiffs have alleged facts sufficient to make a *prima facie* case of personal jurisdiction over the BBA is a question common to both the Moving Plaintiffs and the undersigned plaintiffs.  Accordingly, the undersigned plaintiffs recently agreed to the BBA's request to modify their entries in the Joint Memorialization chart to list their claims against the BBA as "not live."  With that change, the undersigned plaintiffs now join, adopt, and incorporate by reference the factual background, arguments, authorities, and requests for relief set forth in the pre-motion letter submitted by Moving Plaintiffs on December 20, 2022.

The undersigned plaintiffs are aware of the BBA's opposition to the Moving Plaintiffs' requested relief.  The undersigned plaintiffs respectfully disagree with the BBA's opposition, in particular the BBA's assertion that Moving Plaintiffs should have sought interlocutory review immediately after this Court decided *LIBOR VIII*.  At the time, both *Schwab II* and *Berkshire* were pending, the BBA was an appellant in each case, and plaintiffs had every reason to believe that those appeals would address the jurisdictional question before any decision in a new appeal could be rendered.  Indeed, that is precisely what happened.  The impetus for the requested relief is not *LIBOR VIII* but, rather, the Court's November 18, 2022, Order.  Neither Rule 54(b) nor section 1292(b) contains a time limit, notwithstanding BBA's assertions that an appeal should have been requested earlier.

As to Rule 54(b), even if there are other issues within the scope of a final judgment as to BBA, as BBA asserts, that does not make it inappropriate to proceed with an appeal because there is no just reason for delaying resolution of any such issues.  Whether, for example, Plaintiffs plausibly alleged "marketing fraud" claims against the BBA should be resolved at the earliest possible opportunity.  That issue is unique to the BBA.  Moreover, this MDL is already more than a decade old and will not end for at least several more years, at which time the undersigned plaintiffs' cases will be remanded to different circuits for trial and any subsequent appeals.  The Second Circuit is well versed in the LIBOR cases and there is no just reason to delay resolution in these circumstances.  An appellate decision that corrects the course of the MDL would promote, not "upend" as the BBA asserts, the orderly administration of the MDL.

The Honorable Naomi Reice Buchwald
January 6, 2023
Page 4

Respectfully submitted,

/s/ Jennifer Duncan Hackett

Jennifer Duncan Hackett
*Counsel for the Federal Home Loan Mortgage Corporation*

/s/ Stacey P. Slaughter

Stacey P. Slaughter
*Counsel for the Principal Plaintiffs*

/s/ Sam W. Cruse III

Sam W. Cruse III
*Counsel for the Federal National Mortgage Association*