UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION
----------------------------------------X
THIS DOCUMENT RELATES TO:

Bay Area Toll Authority v. Bank of America
Corporation, et al.;

The Berkshire Bank, et al. v. Bank of                   **MEMORANDUM AND ORDER**
America Corporation, et al.;

                                          11 MDL 2262 (NRB)
Federal Deposit Insurance Corporation                    14 Civ. 3094 (NRB)
as Receiver for Amcore Bank, N.A.,                       12 Civ. 5723 (NRB)
et al. v. Bank of America Corporation, et                14 Civ. 1757 (NRB)
al.;                                                     13 Civ. 3952 (NRB)
                                          13 Civ. 7720 (NRB)
Federal Home Loan Mortgage Corporation v.                13 Civ. 6014 (NRB)
Bank of America Corporation, et al.;                     13 Civ. 6013 (NRB)

Federal National Mortgage Association v.
Barclays Bank PLC, et al.;

Principal Financial Group, Inc., et al. v.
Bank of America Corporation, et al.; and

Principal Funds, Inc., et al. v. Bank of
America Corporation, et al.

----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


      Having failed to persuade this Court that the Second Circuit's

decisions in Schwab II[1] and Berkshire had sub silentio reversed

---

[1] The Court adopts the short-hand conventions used in previous decisions in this MDL.  The full citations are as follows: Berkshire Bank v. Lloyds Banking Group plc, 20-1987-cv, 2022 WL 569819 (2d Cir. Feb. 25, 2022) (summary order) ("Berkshire"); Schwab Short-Term Bond Market Fund v. Lloyds Banking Group PLC, 22 F.4th 103 (2d Cir. Dec. 30, 2021) ("Schwab II"); Gelboim v. Bank of Am. Corp., 823 F.3d 759, 782 (2d Cir. 2016) ("Gelboim"); In re LIBOR-Based Financial Instruments Antitrust Litig., No. 11 MDL 2262 (NRB), 2019 WL 1331830, at *15 (S.D.N.Y. Mar. 25, 2019) ("LIBOR VIII").

this Court's unappealed holding in <u>LIBOR VIII</u> issued nearly four years ago that the BBA[2] was not a member of the plausibly pled 16-bank antitrust conspiracy upheld in <u>Gelboim</u>, plaintiffs who named the BBA as a defendant[3] have adopted a new approach: namely, seeking interlocutory review under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b) of this Court's decision in <u>LIBOR VIII</u>.[4]

It is well-settled that there is a "strong presumption" against interlocutory appeals, <u>Brewer v. Cootes Drive LLC</u>, 98 F. App'x 41, 44 (2d Cir. 2004), which are "strongly disfavored in federal practice," <u>In re Facebook, Inc., IPO Sec. & Derivative Litig.</u>, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014). Therefore, the

---

[2] The "BBA" refers to the British Bankers' Association, BBA Enterprises Ltd., and BBA LIBOR Ltd.

[3] It is noteworthy that only seven of the nearly 80 cases in this MDL even named the BBA as a defendant.

[4] The Government Development Bank of Puerto Rico and the Berkshire Bank ("Lender Plaintiffs"), the Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks ("FDIC"), and the Bay Area Toll Authority ("BATA") filed a pre-motion letter on December 20, 2022 for leave to file a motion for entry of partial final judgment in favor of the BBA pursuant to Fed. R. Civ. P. 54(b) or, in the alternative, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). <u>See</u> ECF No. 3605. The Lender Plaintiffs, FDIC, and BATA attached a full brief in support of their proposed motion to their pre-motion letter, <u>see</u> ECF No. 3605-1, and the BBA responded on December 23, 2022 in a short but comprehensive letter, in which it argued for denial of the application, <u>see</u> ECF No. 3608. Two weeks later, on January 6, 2023, the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the Federal National Mortgage Association ("Fannie Mae"), and the plaintiffs in <u>Principal Fin. Grp., Inc. v. Bank of Am. Corp.</u>, 13 Civ. 6014 (NRB), and <u>Principal Funds v. Bank of America</u>, 13 Civ. 6013 (NRB), (collectively, "Principal") filed an application to join in the pre-motion letter submitted by the Lender Plaintiffs, FDIC, and BATA. <u>See</u> ECF No. 3612. On January 11, 2023, the BBA filed a letter in response to Freddie Mac, Fannie Mae, and Principal's application, in which it stated that while it does not oppose the joinder request, the underlying application for immediate appeal should be denied. <u>See</u> ECF No. 3620. The Court permits Freddie Mac, Fannie Mae, and Principal to join in the Lender Plaintiffs, FDIC, and BATA's pre-motion letter, and does not require further briefing to resolve the application.

relief requested is only to be afforded in "exceptional" cases, <u>Hogan v. Consol. Rail Corp.</u>, 961 F.2d 1021, 1025 (2d Cir. 1992), involving "highly unusual circumstances that warrant a departure from the traditional rule against interlocutory appeals," <u>Brewer</u>, 98 F. App'x at 43 (internal quotations omitted).

Plaintiffs have not approached meeting the standards required under Fed. R. Civ. P. 54(b) or 28 U.S.C § 1292(b) for the relief sought.  Accordingly, the applications are denied.

**SO ORDERED.**

Dated:     New York, New York
           January 26, 2023

_____
        NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE