## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— )
IN RE LIBOR-BASED FINANCIAL )
INSTRUMENTS ANTITRUST LITIGATION )          MDL No. 2262
—————————————————————————— )
                                 )
THIS DOCUMENT RELATES TO: )          Master File No. 1:11-md-2262-NRB
Case No. 12-CV-1025 (NRB) )          ECF Case
—————————————————————————— )


### [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENTS BETWEEN BONDHOLDER PLAINTIFFS AND MUFG BANK, LTD., CREDIT SUISSE GROUP AG, AND THE NORINCHUKIN BANK, AND OF THE PLAN OF ALLOCATION, AND AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

WHEREAS, an action is pending before this Court styled *Ellen Gelboim and Linda Zacher v. Credit Suisse Group AG, et al.*, Case No. 1025 (NRB), consolidated in *In Re Libor-Based Fin. Instruments Litig.*, No. 11-md-2262-NRB (the "Bondholder Action");

WHEREAS, Ellen Gelboim and Linda Zacher (the "Bondholder Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 23(e) for an Order granting final approval to the settlements (collectively, the "Subsequent Settlements") with defendants MUFG Bank, Ltd., f/k/a Bank of Tokyo-Mitsubishi UFJ Ltd. ("MUFG"), Credit Suisse Group AG ("Credit Suisse"), and The Norinchukin Bank ("Norinchukin") (together, the "Settling Defendants")  and final approval of the Plan of Allocation (defined in ¶ 5 *infra*);

WHEREAS, on March 28, 2023, following due notice to the Subsequent Settlement Classes (as hereinafter defined), the Court conducted a hearing to consider the motion; and

WHEREAS, the Court has considered the motion, including the Settlement Agreements and other documents submitted in connection with the Bondholder Plaintiffs' Motion for Final Approval of Subsequent Settlements with the Settling Defendants, and good cause appearing therefor,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     Unless indicated otherwise herein, all capitalized terms used in this Final Judgment and Order shall have the same respective meanings as in the Settlement Agreements.

2.     This Court has subject matter jurisdiction over the Bondholder Action and, solely for purposes of effectuating the Subsequent Settlements and subject to the express limitations, if any, contained in the Settlement Agreements, has personal jurisdiction over Bondholder Plaintiffs, the Settling Defendants, and all members of the Subsequent Settlement Classes (as defined in ¶ 6 *infra*).

**I.     FINAL APPROVAL OF THE SUBSEQUENT SETTLEMENTS**

3.     Upon review of the record, including the order preliminarily approving the Subsequent Settlements and the submissions in support of preliminary and final approval of the Subsequent Settlements, the Court finds that each of the Subsequent Settlements is fair, reasonable, and adequate as to, and in the best interests of, all members of the respective Subsequent Settlement Classes (as hereinafter defined and certified) who have not timely and validly excluded themselves in accordance with the procedures established by the Court, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by*

*Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

    a.    The aggregate settlement funds total $1,749,000 ("Subsequent Settlement Funds"), and consist of the following: $750,000 paid by MUFG, $550,000 paid by Credit Suisse, and $449,000 paid by Norinchukin;

    b.    The Subsequent Settlements were negotiated by counsel with significant experience litigating antitrust class actions; are the result of vigorous arm's length negotiations undertaken in good faith; and fall within the range of possible approval;

    c.    The Bondholder Action is fully and finally dismissed as to all non-settled defendants, and thus the value of immediate monetary recovery outweighs the certainty of no recovery in the litigation; and

    d.    The judgment of Counsel for the Subsequent Settlement Classes[1] that the Subsequent Settlements are fair and reasonable, and the reaction of the members of the Subsequent Settlement Classes to the Subsequent Settlements, are entitled to great weight.

    4.    Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of each of the Subsequent Settlements and directs the Subsequent Settlements' consummation according to their terms.

---

[1] Counsel for the Subsequent Settlement Classes are Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC.

## II.    FINAL APPROVAL OF THE PLAN OF ALLOCATION

5.    Upon review of the record, the Court finds that the *pro rata* Plan of Allocation that was preliminarily approved by the Court has a reasonable basis and is fair and adequate. Therefore, the Plan of Allocation for the distribution of Subsequent Settlement funds is hereby finally approved.

## III.   CONFIRMATION OF THE CERTIFICATION OF THE SUBSEQUENT SETTLEMENT CLASSES

6.    By Order dated November 7, 2022 (ECF 3578), the Court conditionally certified the MUFG, Credit Suisse, and Norinchukin Settlement Classes for settlement purposes only, finding that the requirements of Rule 23 of the Federal Rules of Civil Procedure had been met.

7.    The Court now confirms, solely for purposes of effectuating the Subsequent Settlements, the certification the Subsequent Settlement Classes as set forth in each of the Settlement Agreements. The settlement class for MUFG is defined as:

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned any interest in (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); however, any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

The settlement class for Credit Suisse and Norinchukin is each defined as:

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however that any such securities that were issued by any Defendant, including its

4

subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

The settlement classes for MUFG, Credit Suisse, and Norinchukin are collectively referred to as the "Subsequent Settlement Classes".

8.     The Court's certification of the Subsequent Settlement Classes as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these actions (*i.e.*, the actions included in the above-captioned multi-district litigation). The findings that follow in Paragraphs 9 - 10 are limited to this particular Final Judgment and Order, and are made only in the context of these particular Subsequent Settlements.

9.     The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Subsequent Settlements as follows:

a.     Pursuant to Rule 23(a)(1), the Court determines that the members of the Subsequent Settlement Classes are so numerous that their joinder before the Court would be impracticable;

b.     Pursuant to Rule 23(a)(2), the Court determines that Bondholder Plaintiffs have alleged one or more questions of fact or law common to the Subsequent Settlement Classes;

c.     Pursuant to Rule 23(a)(3), the Court determines that Bondholder Plaintiffs' claims are typical of the claims of the Subsequent Settlement Classes;

d.     Pursuant to Rule 23(a)(4), the Court determines that Bondholder Plaintiffs will fairly and adequately protect the interests of the Subsequent Settlement Classes;

e.      Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Subsequent Settlement Classes; and

f.      Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

10.     If the Effective Date does not occur with respect to any of the Subsequent Settlements because of the failure of a condition that affects that settlement, this certification of the corresponding settlement class shall be deemed null and void as to the parties subject to the relevant settlement, without the need for further action by the Court or the affected Settling Defendant(s).

**IV.    CLASS COUNSEL**

11.     Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Court hereby confirms its appointment of Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC as Counsel for the Subsequent Settlement Classes.

**V.    CLASS NOTICE**

12.     Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Subsequent Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including due process of law), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Subsequent Settlement Classes of these proceedings and the matters set forth herein, including the Subsequent Settlements, the Plan of Allocation, and the Fairness Hearing.

6

13.     No member of the Subsequent Settlement Classes is relieved from the terms of the Settlement Agreements, including the releases provided for therein, based upon the contention or proof that such member of the Subsequent Settlement Classes failed to receive actual or adequate notice. A full opportunity has been offered to all members of the Subsequent Settlement Classes to object to the Subsequent Settlements and to participate in the hearing thereon.

14.     The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Subsequent Settlement Classes are bound by this Final Judgment and Order, except those persons listed on Exhibit 1 to this Final Judgment and Order.

## VI.    AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO THE BONDHOLDER PLAINTIFFS

15.     Counsel for the Subsequent Settlement Classes are awarded attorneys' fees in the amount of $_____. Counsel for the Subsequent Settlement Classes are awarded reimbursement of expenses in the amount of $_____. The foregoing amounts shall be paid to Class Counsel from the Subsequent Settlement Funds pursuant to the terms, conditions, and obligations of the Settlement Agreements, which terms, conditions, and obligations are incorporated herein. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, Counsel for the Subsequent Settlement Classes' fees and expense award is overturned or lowered, or any of the Subsequent Settlements is terminated, or if there is an appeal and any order approving any of the Subsequent Settlements does not become final and binding upon the members of the respective settlement class or classes, then, within

thirty (30) calendar days after receiving notice of such an order from a court of appropriate jurisdiction, Counsel for the Subsequent Settlement Classes shall refund to the respective settlement fund(s) such fees and expenses previously paid to them from the settlement fund(s), plus interest thereon from the date of payment, at the same rate as earned on the settlement funds, in an amount consistent with such reversal or modification. Each Counsel for the Subsequent Settlement Classes, as a condition of receiving such fees and expenses, on behalf of itself and each partner, member, and/or shareholder of it, (including the law firm partners, members, and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Final Judgment and Order and the Settlement Agreements, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to such Counsel for the Subsequent Settlement Classes, as well as accrued interest thereon. Upon application of any of the Settling Defendants, or their respective Counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt against any Counsel for the Subsequent Settlement Classes or any of their partners, members, and/or shareholders should such Counsel for the Subsequent Settlement Classes fail timely to repay fees and expenses pursuant to this paragraph.

16.     Plaintiffs Ellen Gelboim and Linda Zacher are each awarded the sum of $_____ as a service award directly relating to their representation of the Bondholder Class.

## VII.   OTHER PROVISIONS

17.     The Court approves and directs the implementation of all the terms of the Subsequent Settlements.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreements.

19.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Subsequent Settlement Classes shall be vacated *nunc pro tunc.*

20.     Upon the Effective Date, each of the Releasing Parties, regardless of whether such Releasing Party executes and delivers a proof of claim: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties; (b) shall be forever permanently enjoined and barred from instituting, commencing or prosecuting any action, arbitration, or other proceeding asserting any Released Claim against any of the Released Parties in any jurisdiction; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims. For the purposes of this Final Judgment and Order:

    a.  With respect to MUFG:

        (i)  "Released MUFG Party" or "Released MUFG Parties" means MUFG, its respective predecessors, successors, parents, affiliates, officers, attorneys, agents, insurers, and assigns, and all other current and former employees, officers and directors of MUFG.

        (ii) "Releasing Party" or "Releasing Parties" means, individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries,

legal or other representatives, partners, associates, trustees, parents,

subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers,

predecessors, successors, and assigns, and any other Person legally entitled to

bring Released Claims on their behalf or by reason of their relationship to any

of the foregoing Persons, whether or not they object to the Settlement and

whether or not they make a claim for and/or receive payment from the Net

Settlement Fund.

(iii) "Released Claims" means, to the fullest extent that the law permits their

release, any and all claims, including unknown claims, causes of action, cross-

claims, counter-claims, charges, liabilities, demands, judgments, suits,

obligations, debts, setoffs, rights of recovery, or liabilities for any obligations

of any kind whatsoever (however denominated), whether class or individual,

in law or equity or arising under constitution, statute, regulation, ordinance,

contract, or otherwise in nature, for fees, costs, penalties, fines, debts,

expenses, attorneys' fees, and damages, whenever incurred, and liabilities of

any nature whatsoever (including joint and several), known or unknown,

suspected or unsuspected, asserted or unasserted, concerning U.S. Dollar

LIBOR-Based Debt Securities not issued by any Defendant or by any

subsidiary or affiliate of any Defendant, as obligor, which the Settlement

Class or any of them ever had, now has, or hereafter can, shall or may have,

representatively, derivatively, or in any other capacity, against the Released

MUFG Parties, arising out of or relating in any way to the factual predicate of

the Action, or which could have been alleged in the Action against the

Released MUFG Parties concerning any U.S. Dollar LIBOR-Based Debt

Securities not issued by any Defendant or by any subsidiary or affiliate of any

Defendant, as obligor.  For the avoidance of doubt, Released Claims do not

include claims to enforce the Settlement Agreement.

b.  With respect to Credit Suisse:

(i)  "Released Credit Suisse Party" or "Released Credit Suisse Parties" means

Credit Suisse, its respective predecessors, successors, parents, subsidiaries,

affiliates, officers, attorneys, agents, insurers, and assigns, and all other

current and former employees, officers and directors of Credit Suisse.

(ii)  "Releasing Party" or "Releasing Parties" means, individually and collectively,

Bondholder Plaintiffs and each and every Bondholder Class Member, on

behalf of themselves and any of their respective past, present, or future

officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries,

legal or other representatives, partners, associates, trustees, parents,

subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers,

predecessors, successors, and assigns, and any other Person legally entitled to

bring Released Claims on their behalf or by reason of their relationship to any

of the foregoing Persons, whether or not they object to the Settlement and

whether or not they make a claim for and/or receive payment from the Net

Settlement Fund.

(iii)  "Released Claims" means, to the fullest extent that the law permits their

release, any and all claims, causes of action, cross-claims, counter-claims,

charges, liabilities, demands, judgments, suits, obligations, debts, setoffs,

rights of recovery, or liabilities for any obligations of any kind whatsoever, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, concerning U.S. Dollar LIBOR-Based Debt Securities not issued by any Defendant or by any subsidiary or affiliate of any Defendant, as obligor, which the Settlement Class ever had, now has, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Credit Suisse Parties, arising out of or relating to the factual predicate of the Action, including but not limited to any such claims arising out of or relating to the defense or resolution of the Action. For the avoidance of doubt, Released Claims do not include claims to enforce the Settlement Agreement.

c.  With respect to Norinchukin:

(i) "Released Norinchukin Party" or "Released Norinchukin Parties" means Norinchukin, its respective predecessors, successors, parents, affiliates, officers, attorneys, agents, insurers, and assigns, and all other current and former employees, officers and directors of Norinchukin.

(ii) "Releasing Party" or "Releasing Parties" means, individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future

12

officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons, whether or not they object to the Settlement and whether or not they make a claim for and/or receive payment from the Net Settlement Fund.

(iii) "Released Claims" means, to the fullest extent that the law permits their release, any and all claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, concerning U.S. Dollar LIBOR-Based Debt Securities not issued by any Defendant or by any subsidiary or affiliate of any Defendant, as obligor, which the Settlement Class ever had, now has, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Norinchukin Parties, arising out of or relating to the factual predicate of the Action, including but not limited to any such claims arising out of or

13

relating to the defense or resolution of the Action.  For the avoidance of doubt, Released Claims do not include claims to enforce the Settlement Agreement.

21.     Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Subsequent Settlement Classes, as listed in Exhibit 1 hereto, all Released Parties and Releasing Parties are bound by this Final Judgment and Order and by the Settlement Agreements.

22.     The Court dismisses the Bondholder Action, as well as all of the Released Claims, as against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Subsequent Settlements.

23.     The Court further orders that, as of the Effective Date, the Settling Defendants, including any and all of their successors in interest or assigns, hereby release and forever discharge any and all Settling Defendants' Claims, to the extent they relate to the subject matter of the Bondholder Action or its prosecution, against Bondholder Plaintiffs, any of the members of the Subsequent Settlement Classes, and Counsel for the Subsequent Settlement Classes. For the purposes of this Final Judgment and Order, with respect to all of the Subsequent Settlements, "Settling Defendants' Claims" means any claim, including unknown claims, that any Released Party may have against a Releasing Party or Counsel for the Subsequent Settlement Classes relating to the institution, prosecution or settlement of the Bondholder Action, except for claims to enforce any of the terms of the Subsequent Settlements.

24.     Any Persons that have timely and validly requested exclusion from any of the Subsequent Settlement Classes and are hereby excluded from that/those class(es), are not bound by this Final Judgment and Order as it relates to the relevant settlement(s), and may not make any claim or receive any benefit from that/those settlement(s), whether monetary or otherwise.

14

25.     This Final Judgment and Order shall not affect, in any way, the right of the Bondholder Plaintiffs or members of the Subsequent Settlement Classes to pursue claims, if any, outside the scope of the Released Claims.

26.     The Subsequent Settlements, acts performed in furtherance of the Subsequent Settlements, and/or documents executed in furtherance of the Subsequent Settlements may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Bondholder Plaintiffs, members of the Subsequent Settlement Classes, or Counsel for the Subsequent Settlement Classes (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

27.     The Subsequent Settlements shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of any of the respective Subsequent Settlements' terms or brought to enforce its terms. Notwithstanding the foregoing, the Subsequent Settlements may be filed in an action to enforce or interpret the terms of any of the respective settlement(s) and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Subsequent Settlements and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.     The finality of this Final Judgment and Order shall not be affected, in any manner, by any appeals concerning the attorneys' fees and expenses awarded herein or any award to Bondholder Plaintiffs.

29.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further consideration or appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event a settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of their respective settlement agreement(s) including, without limitation, the provisions of paragraphs 6.2 and 10.4 of the MUFG, Credit Suisse, and Norinchukin Settlement Agreements.

30.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Subsequent Settlements, the Settlement Agreements, and any award or distribution of monies under the Subsequent Settlements and (b) all parties hereto for the purpose of construing, enforcing, and administering the Subsequent Settlements and all future proceedings relating thereto.

31.     To the extent permitted by law, the Court bars claims against any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Bondholder Action by way of any settlement, judgment, or otherwise by any of the following:

a.   Any of the other defendants currently named in the Bondholder Action;

16

b.   Any other Person formerly named as a party in the Bondholder Action; or

c.   Any other Person subsequently added or joined as a party in the Bondholder Action.

32.     To the extent permitted by law, the Court bars claims by any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Bondholder Action by way of any settlement, judgment or otherwise by any against the following:

a.   Any of the other defendants currently named in the Bondholder Action;

b.   Any other Person formerly named as a party in the Bondholder Action; or

c.   Any other Person subsequently added or joined as a party in the Bondholder Action.

33.     All agreements made and orders entered during the course of the Bondholder Action relating to the confidentiality of information shall survive the Subsequent Settlements and this Final Judgment and Order and continue to be binding on the Parties, including but not limited to the Stipulation and Protective Order entered on March 21, 2016 (ECF No. 1347) and the Stipulated Protective Order between Bondholder Plaintiffs and CUSIP Global Services, entered on June 16, 2020 (ECF No. 3102).


**IT IS SO ORDERED.**


DATED: _____, 2023                    _____

                                                NAOMI REICE BUCHWALD
                                                UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**
**EXCLUSIONS FROM BONDHOLDER LIBOR SETTLEMENTS**

1. Salix Capital US, Inc.
2. Barbara Bopp
3. National Credit Union Administration ("NCUA"), as liquidating agent for:

   a. U.S. Central Federal Credit Union
   b. Western Corporate Federal Credit Union
   c. Members United Corporate Federal Credit Union
   d. Southwest Corporate Federal Credit Union
   e. Constitution Corporate Federal Credit Union

4. Federal National Mortgage Association ("Fannie Mae")