**KIRBY McINERNEY**

**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820, New York, NY 10177
Tel. 212.371.6600  Fax. 212.751.2540
WWW.KMLLP.COM

February 27, 2023

**VIA ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     RE:   *In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
            No. 11 Civ. 2613 (NRB), Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

We represent the Exchange-Based Plaintiffs ("Plaintiffs") in the above-captioned action. Pursuant to 2.B. of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference concerning Plaintiffs' motion for class certification. That motion will concern recently reinstated antitrust claims against previously dismissed Defendants that have never had the opportunity to be considered for certification.[1] Plaintiffs respectfully submit that the motion will satisfy Rule 23 requirements and address issues identified by the Court in its prior class certification order. Further, this motion can be filed at the time of OTC Plaintiffs' anticipated motion to certify the OTC class with respect to foreign defendants, which would not disturb the existing litigation schedule. *See* Scheduling Order, ECF No. 3425. Consistent with the Parties' prior scheduling submissions (*id.*), Plaintiffs conferred about this motion with Defendants, who indicated that they would oppose the relief sought.[2] Plaintiffs summarize the contours of the proposed renewed class certification motion as well as their position on scheduling.

**I.    Exchange-Based Plaintiffs Seek Leave to File a Motion to Certify a Narrow Class of Traders Who Executed Efficient Enforcer Transactions**

***Plaintiffs did not have "live" antitrust claims and several Defendants were fully dismissed at the time the Court previously denied class certification.*** In *LIBOR V*, the Court dismissed Exchange-Based Plaintiffs' antitrust claims against certain Defendants for lack of personal jurisdiction. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR V*"), No.

---

[1] Defendants include: (i) Credit Suisse AG, (ii) Bank of Scotland plc, (iii) Lloyds Bank plc, (iv) Portigon AG f/k/a WestLB AG, (v) UBS AG ("UBS"), (vi) The Royal Bank of Scotland plc, (vii) The Norinchukin Bank, (viii) RBC Capital Markets LLC, (ix) The Bank of Tokyo-Mitsubishi UFJ, Ltd., and (x) Cooperatieve Rabobank U.A ("Rabobank"). Of these, only (v) and (x) were part of the original motion to certify a class and even then, these Defendants were subject to different time periods and a different Commodity Exchange Act ("CEA") claim.

[2] Plaintiffs previously advised the Court of their intention to confer with Defendants on class certification issues and to subsequently provide an update. *See e.g.*, Joint Letter Req. for Entry of Proposed Case Management Schedule, 1 n.2, ECF No. 3408, June 9, 2022.

11 MDL 2262 (NRB), 2015 WL 6696407 (S.D.N.Y. Nov. 3, 2015) [ECF No. 1234].[3] Those claims were revived by the Second Circuit's *Schwab II* opinion. *See Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. plc*, 22 F.4th 103 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2852 (2022). Defendants do not suggest otherwise. *See* Joint Memorialization Letter, 10, ECF No. 3461-1.

As the Court is aware, prior to the class certification decision, Plaintiffs resolved their remaining "live" antitrust claims against the Bank of America and JPMorgan Chase Defendants. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 472-473, 510 n.66 (S.D.N.Y. 2018) ("*LIBOR VII*") (noting that "following Bank of America and JPMorgan Chase's settlements with Exchange plaintiffs, no live antitrust claims remain in this action."); *see also* Final J. and Order of Dismissal and Final Approval of Exchange-Based Pls.' Class Action Settlement with JPMorgan and Bank of America, ECF No. 3178, Sept. 17, 2020 (granting final approval to $30 million settlements with Bank of America and JPMorgan Chase Defendants).

Consequently, the Court's prior class certification order did not have the opportunity to consider whether Plaintiffs' antitrust claims warranted class certification. Rather, the Court only considered whether Plaintiffs' remaining extant CEA claims—namely, CEA claims against Rabobank during Period 0 and against UBS during Period 3—warranted class certification. In addition, Plaintiffs did not previously seek class certification against the seven (7) Defendants previously dismissed for lack of personal jurisdiction. Those same Defendants presently contemplate moving to decertify the OTC Class. *See* Scheduling Order, ECF No. 3425.

***Plaintiffs respectfully seek leave to file a motion to certify a narrowly defined class of traders who executed "efficient enforcer" transactions.*** Specifically, Plaintiffs seek leave to file a motion to certify an antitrust-only class on behalf of the following Eurodollar Futures investors:

> All Eligible Persons who sold prior to August 7, 2007 and held until the final expiration of the Eurodollar futures contract after August 7, 2007 and before August 31, 2009. Eligible Persons that sold a Eurodollar futures contract, or bought a put option or sold a call option on Eurodollar futures before August 7, 2007 and purchased all or part of this short position back at the final expiration formula price of a Eurodollar futures contract expiring after August 7, 2007 and before August 31, 2009 (the "Proposed Class").[4]

***Plaintiffs respectfully submit the revised "efficient enforcer" class definition would satisfy the requirements of Rule 23 and address the Court's prior concerns with other class certification motions.*** As a threshold matter, Plaintiff Atlantic Trading USA, LLC ("Atlantic Trading") and members of the proposed class transacted in Eurodollar Futures contracts, which are standardized contracts, subject to the same rules in that same centralized CME marketplace.

---

[3] The Court's dismissal of the foreign Defendants *did not* extend to Exchange-Based Plaintiffs' CEA claims against Rabobank during "Period 0" and UBS during "Period 3." *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2015 WL 6243526, at *24 (S.D.N.Y. Oct. 20, 2015); *LIBOR V* at *19 n.27.

[4] With the exception of the Class Period end date, this revised class definition tracks "Subpart A" of Plaintiffs' original class definition. *See* Pls.' Mem. of Law in Supp. of Mot. for Class Certification, 3, ECF No. 1891.

Plaintiff Atlantic Trading, which the Court previously found typical and adequate,[5] executed qualifying "efficient enforcer" transactions. *See* Fifth Am. Consolidated Class Action Compl. ¶ 701, ECF No. 3510. Specifically, in *LIBOR VI*, the Court found that Exchange-Based plaintiffs "who, before the suppression period started, shorted contracts that were held to settlement during the suppression period," could be "efficient enforcers" with standing to assert antitrust claims. *In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR VI*"), No. 11 MDL 2262 (NRB), 2016 WL 7378980, at *23 (S.D.N.Y. Dec. 20, 2016).

In the Court's prior class certification order, the Court questioned Plaintiffs' ability to demonstrate the relationship between daily LIBOR and the trading price of Eurodollar Futures. *LIBOR VI* at *21. However, the Court found that the nature of "efficient enforcer" transactions mitigated that concern insofar as "plaintiffs [who executed efficient enforcer transactions] would be able to rely on an unmanipulated selling price as well as a settlement price demonstrably impacted by LIBOR suppression." *Id.* at *23. That is because on the date of settlement Eurodollar Futures directly incorporated the price of daily LIBOR—namely, the settlement price equaled one minus LIBOR. *See LIBOR VI* at *21. Thus, by limiting the Proposed Class to so-called efficient enforcers, Plaintiffs' Proposed Class would not be precluded by the Court's finding in *LIBOR VI* and *LIBOR VII* that Eurodollar Futures and LIBOR are directly related only at settlement.

Plaintiffs recognize that they will also need to demonstrate LIBOR suppression by calculating a "but-for" LIBOR on Eurodollar Futures settlement dates. Plaintiffs respectfully submit the Court's prior order certifying the OTC Class provides a roadmap for doing so. Plaintiffs intend to rely on a new testifying expert who would advance a "but-for" LIBOR model consistent with the one advanced by the OTC Plaintiffs' testifying expert, Dr. B. Douglas Bernheim. Adopting this approach would allow Plaintiffs to address the issues identified with their previous testifying expert's LIBOR suppression models. In comparable situations, courts have granted renewed class certification motions where plaintiffs' initial experts analyses were found lacking. *See e.g.*, *Allen v. Dairy Farmers of Am., Inc.*, No. 09 Civ. 230, 2012 WL 5844871, at *12 (D. Vt. Nov. 19, 2012) (granting renewed class certification motion and noting "Plaintiffs directly address the court's concerns").[6] Similarly, limiting the Proposed Class to holders at settlement of Eurodollar Futures and options addresses the need for Plaintiffs to show that Defendants controlled the market. *LIBOR VI* at *17. This is because *at settlement* the only market participants dictating the price of Eurodollar Futures can be the Defendant banks who reported LIBOR on that day.

At bottom, Plaintiffs respectfully request the opportunity to present a class certification motion for antitrust claims previously not before the Court. Plaintiffs anticipate that the motion on behalf of the narrowed Proposed Class will directly address the Court's prior concerns and satisfy all requirements of Rule 23.

---

[5] *See LIBOR VII* at *534-38.

[6] *See also B & R Supermarket, Inc. v. Mastercard Int'l Inc.*, No. 17 Civ. 2738, 2021 WL 234550, at *7-13, 36 (E.D.N.Y. Jan. 19, 2021) (granting plaintiffs' new motion for class certification as supported by supplemental expert reports); *In re Optical Disk Drive Antitrust Litig.*, No. 10 MDL 2143, 2016 WL 467444, at *3-4, 11 (N.D. Cal. Feb. 8, 2016) (granting new class certification motion for "narrowed" class definition that relied on new expert report addressing court's previously articulated concerns).

**KM** | **KIRBY** McINERNEY

## II.     Plaintiffs' Proposed Class Motion Would Not Disturb the Existing Litigation Schedules

Plaintiffs respectfully submit that this motion can be filed at the time of OTC Plaintiffs' anticipated motion to certify the OTC class with respect to foreign defendants. *See* Scheduling Order, ECF No. 3425. As set forth in the following chart annexed as Appendix A, Plaintiffs propose a schedule for briefing and expert reports that synchronizes with the existing litigation schedule. For this reason, Plaintiffs submit that their new class certification motion would not unduly prejudice previously dismissed Defendants.

***

We appreciate the Court's consideration of this request and would be available to address any questions that the Court may have regarding its substance.

Respectfully submitted,

  */s/ Christopher Lovell*                         */s/ David E. Kovel*
Christopher Lovell                               David E. Kovel
LOVELL STEWART HALEBIAN                KIRBY McINERNEY LLP
JACOBSON LLP                                   250 Park Avenue, Suite 820
500 5th Avenue, Suite 2440                 New York, New York 10022
New York, NY 10110                           Telephone: (212) 371-6600
Telephone: (212) 608-1900                  Email: dkovel@kmllp.com
Email: clovell@lshllp.com

*Counsel for Exchange-Based Plaintiffs*

cc:     All Counsel of Record (by Electronic Filing)

| Appendix A | | |
|---|---|---|
| **Event** | **Deadline** | **Calendar Estimate** |
| Deadline for parties to serve opening expert report(s) concerning Plaintiffs' renewed class certification motion. | 30 days after close of fact discovery | 9/25/2023 |
| Deadline for parties to serve rebuttal expert report(s) concerning Plaintiffs' renewed class certification motion. | 75 days after opening expert report | 12/11/2023 |
| Deadline for parties to serve reply expert report(s). | 75 days after rebuttal expert report | 2/26/2024 |
| Close of expert discovery (including depositions) concerning Plaintiffs' renewed class certification motion. | 30 days after reply expert report | 3/27/2024 |
| Deadline for Plaintiffs to file motion to certify the Exchange class with respect to Defendants.<br><br>Deadline to file motions to exclude experts concerning Plaintiffs' renewed class certification motion. | 30 days after close of expert discovery | 4/26/2024 |
| Deadline for Defendants to file oppositions to Plaintiffs' renewed motion to certify the Exchange class with respect to Defendants.<br><br>Deadline to file oppositions to motions to exclude experts concerning Plaintiffs' renewed class certification motion. | 60 days after opening motion | 6/25/2024 |
| Deadline for Plaintiffs to file reply brief in support of renewed motion to certify the Exchange class with respect to Defendants.<br><br>Deadline to file reply briefs in support of motions to exclude experts concerning Plaintiffs' renewed class certification motion. | 45 days after opposition | 8/9/2024 |