

KIRBY McINERNEY LLP

250 Park Avenue, Suite 820, New York, NY 10177

Tel. 212.371.6600   Fax. 212.751.2540

WWW.KMLLP.COM

March 8, 2023

<u>**VIA ECF**</u>

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
> No. 11 Civ. 2613 (NRB), Master File No. 1:11-md-2262-NRB

Dear Judge Buchwald:

We represent the Exchange-Based Plaintiffs ("Plaintiffs") in the above-captioned action. We write in response to Defendants' letter dated March 2, 2023 (ECF No. 3639) ("Def. Let.") and in further support of Plaintiffs' request for a pre-motion conference concerning Plaintiffs' motion for class certification (ECF No. 3638) ("Pl. Let.").

*First*, Defendants' suggestion that Plaintiffs' request is too late is unsupported. Federal Rule of Civil Procedure 23(c)(1)(C) provides that an order that "denies class certification may be altered or amended" at any time in the litigation, so long as it is "before final judgment." Indeed, it is precisely this same authority that Defendants rely on in seeking to *decertify* the OTC class more than four years after that class was certified. Defendants do not dispute that Plaintiffs could not have sought certification of an antitrust class until after their antitrust claims were revived by the Second Circuit's *Schwab II* opinion. *See Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. plc*, 22 F.4th 103 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2852 (2022). And Defendants' submission affirmatively acknowledges that Plaintiffs previously met-and-conferred about the contours of the anticipated class certification motion and that this potential motion was disclosed in prior scheduling submissions with the Court. *See* Def. Let. at 1.[1] Plaintiffs expressly seek to avoid disturbing the discovery and class certification motion schedule negotiated by the Parties (including Plaintiffs). *See* Pl. Let. at 4. Likewise, Defendants' prejudice arguments are overstated. *See* Def. Let. at 1. Defendants are not simply stipulating to the certification of OTC Plaintiffs' claims against previously dismissed Defendants. As such, Defendants elide mention that they will be required to proffer "new" expert analyses in their opposition to OTC Plaintiffs' forthcoming motion.

*Second*, Plaintiffs are not asking for a "do-over." Def. Let. at 1. Defendants concede (i) that the Court has never ruled whether Plaintiffs' antitrust claims are certifiable and (ii) the non-

---

[1] Defendants cite no authority where a court has, contrary to Rule 23(c)(1)(C), and in reliance on Rule 16, prevented scheduling of or the making of a new motion for class certification, particularly where, as here, Defendants have been fully aware that Plaintiffs intended to make such motion.

**KM** | **KIRBY** McINERNEY

settling foreign defendants—with the exceptions of Rabobank and UBS[2]—were never subject to Plaintiffs' prior class certification motion.  Plaintiffs do not treat *LIBOR VII* as a "mere 'advisory opinion.'"  Def. Let. at 2.  Rather, Plaintiffs' request expressly articulates how they seek to apply that decision to claims that were not covered by the Court's prior class certification order.  Even if Plaintiffs were seeking to file a renewed motion for class certification (rather than a motion to certify previously dismissed antitrust claims), it would still be appropriate to grant Plaintiffs' request.  *See In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) (ruling that nothing precludes plaintiffs "from returning to the District Court to seek certification of a more modest class, one as to which the Rule 23 criteria might be met"); *see also Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020) ("Courts cannot graft onto [Rule 23] the heightened motion-for-reconsideration standard requiring that, in addition to satisfying the typical Rule 23 criteria, plaintiffs show there was a change in controlling law, new evidence, or a clear error . . . . District courts should treat renewed motions for class certification as they would initial motions under Rule 23") (citation omitted).  Whether Plaintiffs' new class certification motion satisfies the Rule 23 standards is a question that can be better answered through motion practice as opposed to truncated letter briefing.[3]

*Finally*, if the Court were so inclined, and consistent with Defendants' suggestion, Plaintiffs would be amenable to revisiting their request following the downstream phase of the litigation after summary judgment motions.  However, Plaintiffs respectfully submit that Defendants' characterization of recent Second Circuit authorities misses the mark.  Notably, in *In re Platinum & Palladium Antitrust Litig.*, No. 20-1458, 2023 WL 2229364, at *9 (2d Cir. Feb. 27, 2023), the Second Circuit expressly held "that the Exchange Plaintiffs are efficient enforcers of the antitrust laws."  Here, Plaintiffs seek to certify a limited class of those investors who comply with this Court's prior efficient enforcer analysis as it relates to LIBOR suppression.  *See LIBOR VI*, at *23.  Likewise, Defendants' reliance on *Laydon v. Cooperatieve Rabobank U.A.*, 55 F.4th 86 (2d Cir. 2022), is misplaced.  In that case, the alleged trader-based manipulation implicated multiple causal steps and concerned how the prices of multiple benchmarks were incorporated into the trading price of Euroyen TIBOR futures contracts.  *Id.* at 98-99.[4]  In stark contrast, Plaintiffs' proposed narrow class definition consisting of investors who satisfy the Court's prior efficient enforcer standing requirements does not "depend[] on a series of causal steps."  *Id.*  That is because

---

[2] As noted in Plaintiffs' opening letter, the Court only considered whether Plaintiffs' remaining extant CEA claims—namely, CEA claims against Rabobank during Period 0 and against UBS during Period 3—warranted class certification.  Pl. Let. at 2.

[3] For example, Defendants raise concerns regarding netting (Def. Let. at 2-3), but they fail to reconcile the Court's prior findings relating to the relationship between LIBOR and Eurodollar Futures prices prior to settlement.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2016 WL 7378980, at *21 (S.D.N.Y. Dec. 20, 2016) ("*LIBOR VI*"); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 486 n.36 (S.D.N.Y. 2018) ("*LIBOR VII*").  While Defendants previously challenged the impact of LIBOR on Eurodollar Futures prior to settlement, Defendants now seem to posit a closer pricing relationship for the convenience of their netting arguments.  In any event, the relevance of and answers to such questions are appropriately resolved through class certification motion practice.

[4] *See id.* at 98 ("Plaintiff's theory of liability depends on a series of causal steps that separate Defendants' conduct and his purported injury.  Plaintiff asserts that (1) Defendants submitted fraudulent rates to the BBA; (2) the BBA then used these artificial submissions to set Yen-LIBOR; (3) the manipulated Yen-LIBOR affected Euroyen TIBOR during the Class Period; and (4) any distorted benchmark rate also affected the market's perception of the value of Plaintiff's Euroyen TIBOR futures contract.").

at settlement LIBOR is directly incorporated into the price of Eurodollar futures contracts. *See LIBOR VI* at *23.

***

We appreciate the Court's consideration of this request and would be available to address any questions that the Court may have regarding its substance.

Respectfully submitted,

  */s/ Christopher Lovell*
Christopher Lovell
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 5th Avenue, Suite 2440
New York, NY 10110
Telephone: (212) 608-1900
Email: clovell@lshllp.com

  */s/ David E. Kovel*
David E. Kovel
KIRBY McINERNEY LLP
250 Park Avenue, Suite 820
New York, New York 10022
Telephone: (212) 371-6600
Email: dkovel@kmllp.com

*Counsel for Exchange-Based Plaintiffs*

cc:    All Counsel of Record (by Electronic Filing)