UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO: | No. 1:11-md-2262-NRB |
| The OTC Action | |

**MEMORANDUM OF LAW IN SUPPORT OF
OTC PLAINTIFFS' MOTION FOR AN ORDER APPROVING NOTICE PLAN FOR
SETTLEMENT WITH DEFENDANTS COÖPERATIEVE RABOBANK U.A., LLOYDS
BANKING GROUP PLC, LLOYDS BANK PLC, HBOS PLC, BANK OF SCOTLAND
PLC, ROYAL BANK OF CANADA, PORTIGON AG, AND WESTDEUTSCHE
IMMOBILIEN SERVICING AG AND APPOINTING A CLAIMS ADMINISTRATOR
AND ESCROW AGENT**

**TABLE OF CONTENTS**

Page

I. Introduction ..............................................................................................................1

II. The Proposed Notice Plan Warrants Approval .....................................................3

    A. OTC Plaintiffs' Proposed Notice Plan—Which Provides Direct Notice to All Reasonably Ascertainable Class Members and Publication Notice to the Remainder—Is the Best Practicable Under the Circumstances .................................................................................................3

    B. The Contents of the Long Form Notice, Publication Notice, and Proof of Claim Comply with Rule 23(c)(2)(B) and Comport with Due Process ........................................................................................................7

III. ANgeion Group, LLC Should Be Appointed as the Claims Administrator and Huntington Bank Should Be Appointed as the Escrow Agent ..........................11

IV. Conclusion ............................................................................................................12

I.      INTRODUCTION

OTC Plaintiffs[1] respectfully move this Court for an Order approving dissemination of a notice to Settlement Class Members in connection with the class settlement (the "Settlement") reached between OTC Plaintiffs and Defendants Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (n/k/a Coöperatieve Rabobank U.A.) ("Rabobank"), Lloyds Banking Group plc, Lloyds Bank plc, HBOS plc, and Bank of Scotland plc (together, "Lloyds"), Royal Bank of Canada ("RBC"), and WestLB AG (n/k/a Portigon AG) and Westdeutsche Immobilienbank AG (n/k/a Westdeutsche Immobilien Servicing AG) (together "Portigon") (together with OTC Plaintiffs, the "Parties") in this case (the "OTC Action").[2]

OTC Plaintiffs propose a thorough and comprehensive notice campaign (the "Notice Plan")—designed by esteemed notice expert Steven Weisbrot of Angeion Group, LLC ("Angeion"). The Notice Plan is substantively similar to (i) the notice plan approved for the prior settlement between OTC Plaintiffs and Barclays Bank plc ("Barclays"), ECF No. 1926 (preliminarily approved on June 6, 2017, ECF No. 1948); (ii) the notice plan for the prior settlement between OTC Plaintiffs and Citibank, N.A. and Citigroup Inc. (collectively, "Citi"), ECF No. 2251 (preliminarily approved on September 26, 2017, ECF No. 2290); (iii) the notice plan for the prior settlements between OTC Plaintiffs and Deutsche Bank AG ("Deutsche Bank") and HSBC Bank plc ("HSBC"), ECF No. 2515 (preliminarily approved on June 21, 2018, ECF No. 2579); and (iv) the notice plan for the prior settlement between OTC Plaintiffs and MUFG

---

[1] OTC Plaintiffs are Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, and Jennie Stuart Medical Center, Inc.

[2] *See* Declaration of Seth Ard, Exhibit A (executed settlement agreement), ECF No. 3696-1 (the "Settlement Agreement").

1

Bank, Ltd. ("MUFG"), The Norinchukin Bank ("Norinchukin"), and Société Générale ("SocGen"), ECF No. 3675 (preliminarily approved on June 13, 2023, ECF No. 3683).

The Notice Plan consists of direct notice via mail and email, publication notice through paid media in national newspapers, business and trade magazines, and online media across various websites, digital advertising targeted to Settlement Class Members through social media and search engines, an internationally distributed press release, and a dedicated website. Under the Notice Plan, direct notice will be sent to:

- Counterparties provided by defendant banks;
- Claimants from prior settlements; and
- Angeion's proprietary database of known securities brokers, dealers, banks, and other third-party nominees.

OTC Plaintiffs will implement a paid media program designed to supplement direct notice and reach additional Settlement Class Members who may not receive direct notice. This publication campaign has been carefully tailored to reach potential Settlement Class Members through print media outlets including, *inter alia*, *Bloomberg Businessweek*, *The Wall Street Journal*, *Financial Times*, and *Investment Advisor*. All told, this portion of the proposed Notice Plan will appear in ten print publication newspapers, trade magazines, and business magazines with a combined estimated circulation of over 1.57 million.

In addition, the proposed Notice Plan will produce Internet advertisements that will provide information on the Settlement. These advertisements will be placed in eighteen digital publications, with a purchase of over 3 million gross impressions across various websites. These digital publications include, *inter alia*, Bloomberg.com, Forbes.com, Economist.com, NYTimes.com, Marketwatch.com, and Barrons.com. The proposed Notice Plan also includes digital advertisements targeted to Settlement Class Members through social media and search

engines. Furthermore, a global press release distributed through PR Newswire (or a similar press release distribution service) will be translated into nine languages, reaching audiences across the world. Finally, the Claims Administrator will establish a phone line and a website at www.USDollarLIBORSettlement.com to enable Settlement Class Members to get more complete information.

The proposed notices themselves explain, in clear and concise language, the legal options and monetary benefits available to Settlement Class Members under the Settlement and were created with the help of a leading expert in the form and content of notice.

The proposed Notice Plan fully comports with due process and Federal Rule of Civil Procedure 23 and is the best notice practicable under the circumstances. It mirrors substantially the programs previously approved by the Court in connection with the prior settlements in the OTC Action. As such, approval of the proposed Notice Plan is warranted.

**II.     THE PROPOSED NOTICE PLAN WARRANTS APPROVAL**

    **A.     OTC Plaintiffs' Proposed Notice Plan—Which Provides Direct Notice to All Reasonably Ascertainable Class Members and Publication Notice to the Remainder—Is the Best Practicable Under the Circumstances**

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Long v. HSBC USA Inc.*, No. 14 CIV. 6233 HBP, 2015 WL 5444651, at *10 (S.D.N.Y. Sept. 11, 2015). However, neither individual nor actual notice to each class member is required; rather, "class counsel [need only] act[] reasonably in selecting means likely to inform the persons affected." *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 00214 CM, 2010 WL 5187746, at *3 (S.D.N.Y. Dec. 6, 2010) (citing *Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)); *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x 41, 44 (2d Cir. 2008) ("It is clear that for due process to be satisfied, not every class

3

member need receive actual notice[.]"). In evaluating the reasonableness of a proposed notice program, the "'district court has virtually complete discretion.'" *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 345 (E.D.N.Y. 2010) (quoting *Handschu v. Special Services Div.*, 787 F.2d 828, 833 (2d Cir. 1986)). Here, OTC Plaintiffs—on the advice, recommendation, and counsel of their notice expert, Steven Weisbrot of Angeion—propose a thorough, multi-pronged Notice Plan that is amply capable of reaching the beneficiaries of the Settlement. *See* Weisbrot Decl. ¶¶ 12–40.

*First*, OTC Plaintiffs propose to provide direct notice to Settlement Class Members whose names and addresses have been obtained from the business records of Barclays, Citi, Deutsche Bank, HSBC, Bank of America Corporation and Bank of America, N.A. (together, "Bank of America"), JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (together, "JPMorgan Chase"), RBC, and UBS AG. Weisbrot Decl. ¶¶ 13–14, 20–21. These are the counterparties who were served with notice in the Barclays, Citi, Deutsche Bank, and HSBC Settlements. In addition, to the extent such information is reasonably available, Rabobank, Lloyds, and Portigon will provide identifying information to the Claims Administrator or will use such information to provide direct notice to their U.S. counterparties.

*Second*, OTC Plaintiffs propose to send direct notice to persons who submitted claims to the Barclays, Citi, Deutsche Bank, and HSBC settlements with OTC Plaintiffs. Weisbrot Decl. ¶¶ 13–14, 20–21. OTC Plaintiffs have obtained every potential Settlement Class Members' name and address that could be ascertained through reasonable efforts.

*Third*, OTC Plaintiffs propose to use Angeion's proprietary Broker Database of known securities brokers, dealers, banks, and other third-party nominees ("Nominees"), who routinely submit requests for notice to be sent to their clients. Weisbrot Decl. ¶¶ 13–14. Having administered

4

numerous securities cases, Angeion has a long-standing relationship with many of these Nominees. Angeion will receive requests from Nominees to (i) send copies of the Notice to the Nominee for them to send directly to their clients who are potential Settlement Class Members; or (ii) cause the Notice to be mailed via first-class mail directly to the Nominee's clients whose contact information the Nominee provides to Angeion. *Id.* ¶ 15.

*Fourth*, OTC Plaintiffs propose a rigorous publication notice program that includes print and digital media. The print portion of the publication notice program would span ten newspapers, trade magazines, and business magazines with a combined estimated circulation of over 1.57 million. Weisbrot Decl. ¶¶ 22–23. The publication outlets include, *inter alia*:

- *The Wall Street Journal*, a newspaper with a rich heritage in business and financial news (circulation: 644,804);

- *Bloomberg Businessweek*, a business magazine covering business issues around the world (circulation: 200,000);

- *Pensions & Investments*, a trade magazine targeted at the institutional investment community (circulation: 40,000); and

- *Financial Times*, a newspaper considered to be one of the world's leading business publications, which provides essential news to the global business community (circulation: 145,439).

*See also generally id.* ¶ 23 (list of proposed print publications with estimated number of circulations).

In addition, the digital portion of the publication notice program would span eighteen digital publications that will provide information on the Settlement, resulting in over 3 million gross impressions to potential Settlement Class Members across various websites. Weisbrot Decl. ¶¶ 22–23; *see also generally id.* ¶ 23 (list of proposed digital publications with estimate number of impressions circulations).

5

*Fifth*, the Notice Plan includes a multi-pronged approach to disseminate notice of the Settlement across the internet. The Notice Plan will utilize Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States designed to target audiences. Weisbrot Decl. ¶¶ 24–30. The Programmatic Display Advertising will be strategically designed to provide notice to Settlement Class Members by driving them to the dedicated Settlement Website. *Id*. ¶ 24. The Notice Plan also includes a social media campaign utilizing Twitter. *Id.* ¶¶ 31–32. Combined, the social media notice and programmatic display advertising components of the Notice Plan are designed to deliver approximately 2.1 million impressions. *Id.* ¶ 32. The Claims Administrator will track the success of advertising and social media campaigns on the Internet and make sure real-time adjustments are made throughout the campaigns to ensure that the notice is being delivered to the desired audience. *Id.* ¶¶ 33–34.

*Sixth*, the Notice Plan includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Weisbrot Decl. ¶ 35. The paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website. *Id*.

*Seventh*, the Notice Plan includes a global press release distributed through PR Newswire (or a similar press release distribution service), which will be translated into nine languages, to further diffuse news of the Settlement. Weisbrot Decl. ¶ 36.

*Eighth*, OTC Plaintiffs propose to maintain a toll-free phone number and a website at www.USDollarLiborSettlement.com to enable members of the Settlement Class to ask clarifying questions and obtain more complete information—including court filings concerning the ongoing

6

litigation, details about the proposed Settlement, and instructions on how to opt out, object, or file a claim. Weisbrot Decl. ¶¶ 37–38. All notices will refer potential Settlement Class Members to that website. *See* Weisbrot Decl., Exs. B–C.

Courts routinely approve notice programs, like this one, that combine direct notice and publication notice. *See, e.g.*, *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 BMC JO, 2012 WL 5289514, at *8 (E.D.N.Y. Oct. 23, 2012) ("The notice was also distributed widely, through the internet, print publications, and targeted mailings. The Court concludes that the distribution of the class notice was adequate."). It is well-settled that where providing direct notice to all Settlement Class Members would be unreasonably burdensome or impracticable, supplementation through publication notice satisfies Federal Rule of Civil Procedure 23 and due process. *Jermyn*, 2010 WL 5187746, at *3 ("If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due process clause and Rule 23."); Man. Complex Lit. § 30.211 at 223 (endorsing publication notice in lieu of direct notice, "[i]n all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable"); *see also In re Platinum & Palladium Commodities Litig.*, No. 10CV3617, 2014 WL 3500655, at *14 (S.D.N.Y. July 15, 2014) ("Given the greater difficulties in contacting Physical Class members, the proposed publication notice is the best practicable notice plan under the circumstances."), *appeal dismissed* (2d Cir. Oct. 6, 2014).

For these reasons, OTC Plaintiffs' proposed Notice Plan is the best notice practicable under the circumstances and merits approval.

**B.      The Contents of the Long Form Notice, Publication Notice, and Proof of Claim Comply with Rule 23(c)(2)(B) and Comport with Due Process**

The contents of a class action settlement notice must (1) "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to

7

them in connection with the proceedings" and (2) be written as to "be understood by the average class member." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114–15 (2d Cir. 2005) (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982); 4 Newberg § 11:53, at 167). "There are no rigid rules to determine whether a settlement notice satisfies constitutional or Rule 23(e) requirements." *In re Vitamin C*, 2012 WL 5289514, at *8 (quotation omitted). Factors typically considered are:

- "whether there has been a succinct description of the substance of the action and the parties' positions";
- "whether the parties, class counsel, and class representatives have been identified";
- "whether the relief sought has been indicated";
- "whether the risks of being a class member, including the risk of being bound by the judgment have been explained";
- "whether the procedures and deadlines for opting out have been clearly explained"; and
- "whether class members have been informed of their right to appear in the action through counsel."

*Id.* (citing *In re Payment Interchange Fee & Merch. Discount Antitrust Litig.*, No. 05-MD-1720, 2008 WL 115104, at *15 (E.D.N.Y. Jan. 8, 2008)).

The contents of the two notices (long form and publication form) were prepared with the aid of Steven Weisbrot, a recognized expert in the form and content of class action notice. *See* Weisbrot Decl. ¶¶ 1–10, 40 & Exs. B–C; *see also infra* at 10–11. A long form notice will be mailed directly to Settlement Class Members and a publication notice will be published in the various media outlets detailed in Section II.A, *supra*. These publication and long form notices effectively communicate information about the Settlement. Weisbrot Decl. ¶¶ 39-40.

Specifically, the publication notice is designed to capture the Class Member's attention with clear, concise, "plain language, understood by members of the Settlement Class" and "follows

8

the principles embodied in the Federal Judicial Center's illustrative 'model' notices." Weisbrot Decl. ¶ 39. The notices "contain plain-language summaries of key information about the rights and options of members of the Settlement Class[.]" *Id.* The publication notice also directs Settlement Class Members to the settlement website, where the long form notice and other settlement-related documents are available—such as the Settlement Agreement itself, the operative OTC Class Action Complaint, and certain orders of the Court—affording Settlement Class Members further detailed, but still clear and concise, information about the Settlement. *See* Weisbrot Decl. Ex. C. The publication notice is substantively identical to the publication notice submitted in connection with the MUFG, Norinchukin, SocGen settlement that was approved by the Court on June 13, 2023, which incorporated modifications directed by the Court. *See* ECF Nos. 3681, 3683.

In addition, the long form notice contains similar, but more comprehensive, information about the Settlement. *See* Weisbrot Decl., Ex. B. The long form notice states in plain, easily understood language: (i) the nature of the action; (ii) the claims pleaded and the defenses thereto (iii) the scope of the releases, as established by the Settlement Agreement ¶¶ 2(gg), (nn); (iv) the definition of the Settlement Class; (v) the monetary benefits available to the Settlement Class Members, including the Plan of Distribution and OTC Plaintiffs' Counsel's intention to move for an award of fees, expenses, and incentive awards—including the maximum amounts that would be requested and the timing of that motion; (vi) the deadline and procedure for submitting a claim (and the necessity to submit a claim to receive benefits under the Settlement); (vii) the deadlines and procedures for excluding oneself from the class, objecting to the Settlement, and attending the fairness hearing; (viii) that Settlement Class Members may, but need not, appear through their own counsel at the fairness hearing; (ix) the binding effect of the class judgment under Rule 23(c); and

(x) the identity of OTC Plaintiffs' Counsel. *See* Weisbrot Decl., Ex. B. That more than satisfies Federal Rule of Civil Procedure 23(c)(2)(B). *See* Weisbrot Decl. ¶¶ 40, 47.

The long form notice is substantively identical to the long form notice submitted in connection with the MUFG, Norinchukin, SocGen settlement that was approved by the Court on June 13, 2023, which incorporated modifications directed by the Court. *See* ECF Nos. 3681, 3683. Because direct mail notice for the MUFG, Norinchukin, SocGen settlement will also be mailed in 2023, the long form notice for this Settlement will be sent on a different color paper to reduce confusion among Settlement Class Members if they receive two mailed notices in close proximity. Weisbrot Decl. ¶ 14.

The proposed Proof of Claim itself is simple to understand and submit—which will increase claims rates—while eliciting sufficient information for the Claims Administrator and Class Counsel to assess Class Members' claims and evaluate any potentially fraudulent or errant submissions. *See* Weisbrot Decl. Ex. D. The proposed Proof of Claim has been designed, in conjunction with Bates White, L.L.C., to elicit sufficient information to assess the claims of holders of all financial instruments at issue in the Settlement, *e.g.*, asset swaps, collateralized debt obligations, credit default swaps, forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options, and floating rate notes. *See* Weisbrot Decl. Ex. D. And it can be submitted online or in paper, at Class Members' election. *See id*. This is sufficient. *See, e.g.*, *In re CertainTeed Corp. Roofing Shingle Prods. Liability Litig.*, 269 F.R.D. 468, 482–84 (E.D. Pa. 2010) (notice plan that included direct mailing, use of the Internet, and substantively detailed notices satisfied Rule 23 requirements). And Settlement Class Members that participated in prior settlements will be compensated based on their prior submissions, without the need to submit any further documentation or affirmatively file a claim, unless they elect to opt out of the Settlement or to submit additional or different documentation to support their claim. Weisbrot Decl. ¶ 13.

**III.     ANGEION GROUP, LLC SHOULD BE APPOINTED AS THE CLAIMS ADMINISTRATOR AND HUNTINGTON BANK SHOULD BE APPOINTED AS THE ESCROW AGENT**

OTC Plaintiffs also respectfully request that the Court appoint Angeion Group, LLC ("Angeion") as the Claims Administrator and Huntington Bank as the Escrow Agent.

Angeion is a class action notice and claims administration firm that specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. Weisbrot Decl. ¶ 1. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. *Id.* ¶ 9. As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services. *Id.* ¶ 10. A comprehensive summary of judicial recognition Angeion has received is attached as Exhibit A to the Declaration of Steven Weisbrot.

Steven Weisbrot is the President and Chief Executive Officer at Angeion. Weisbrot Decl. ¶ 1. He has experience in designing and implementing hundreds of court-approved notice and administration programs, including large and complex notice plans. *Id.* ¶¶ 3, 6–7. He has taught numerous accredited Continuing Legal Education courses on issues related to legal notification in class action settlements and claims administration and is a co-author of multiple publications related to class action litigation and notice. *Id.* ¶¶ 3–4. Mr. Weisbrot has given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting due process notice, and has met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures. *Id.* ¶ 5. Courts have repeatedly recognized his work in the design of class action notice programs. *Id.* ¶ 8. On June 13, 2023, the Court appointed Angeion as the Claims

11

Administrator in connection with the MUFG, Norinchukin, and SocGen settlement. *See* ECF No. 3683.

The Settlement Agreement names Huntington Bank as Escrow Agent, which served as the Escrow Agent in all five earlier settlements in the OTC Action. *See* Settlement Agreement ¶ 2(l); *see also* ECF Nos. 2247, 2480, 2481, 3683.

These qualifications justify the appointment of Angeion as Claims Administrator and Huntington Bank as Escrow Agent.

### IV.   CONCLUSION

For the foregoing reasons, OTC Plaintiffs' motion should be granted in its entirety.

Dated: July 21, 2023

| By:  /s/ Michael D. Hausfeld | /s/ William Christopher Carmody |
|---|---|
| Michael D. Hausfeld | William Christopher Carmody (WC8478) |
| Hilary Scherrer | Seth Ard (SA1817) |
| Nathaniel C. Giddings | Geng Chen (GC2733) |
| HAUSFELD LLP | Amy B. Gregory (5663299) |
| 1700 St. NW, Suite 650 | SUSMAN GODFREY L.L.P. |
| Washington, D.C. 20006 | 1301 Avenue of the Americas, 32nd Fl. |
| Telephone: (202) 540-7200 | New York, New York 10019 |
| Facsimile: (202) 540-7201 | Telephone: 212-336-3330 |
| mhausfeld@hausfeldllp.com | Facsimile: 212-336-8340 |
| hscherrer@hausfeldllp.com | bcarmody@susmangodfrey.com |
| ngiddings@hausfeldllp.com | sard@susmangodfrey.com |
|  | gchen@susmangodfrey.com |
| Scott Martin | agregory@susmangodfrey.com |
| HAUSFELD LLP |  |
| 33 Whitehall Street | Marc M. Seltzer (CA State Bar No. 54534) |
| 14th Floor | Glenn C. Bridgman (CA State Bar No. 270891) |
| New York, New York 10004 | SUSMAN GODFREY L.L.P. |
| Telephone: 646-357-1195 | 1901 Avenue of the Stars |
| Facsimile: 212-202-4322 | Los Angeles, California 90067-6029 |
| smartin@hausfeld.com | Telephone: (310) 789-3100 |
|  | mseltzer@susmangodfrey.com |
| Gary I. Smith, Jr. | gbridgman@susmangodfrey.com |
| HAUSFELD LLP |  |
| 600 Montgomery Street |  |
| Suite 3200 | Drew D. Hansen (WA State Bar No.: 30467) |

12

San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-633-4980
GSmith@hausfeld.com

*Counsel for Baltimore, Yale, New Britain, Vistra, and Jennie Stuart, and Co-Lead Counsel for the OTC Class*

Matthew R. Berry (WA State Bar No.: 37364)
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: dhansen@susmangodfrey.com
mberry@susmangodfrey.com

Barry C. Barnett (BB1984)
Karen A. Oshman (TX State Bar No.: 15335800)
Michael C. Kelso (TX State Bar No.: 24092617)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
bbarnett@susmangodfrey.com
koshman@susmangodfrey.com
mkelso@susmangodfrey.com

*Counsel for Baltimore, Yale, New Britain, Vistra, and Jennie Stuart, and Co-Lead Counsel for the OTC Class*