UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: DIRECT ACTION PLAINTIFFS | Master File No. 1:11-md-2262-NRB ECF Case |

**[PROPOSED] ORDER GRANTING SOCIÉTÉ GÉNÉRALE'S UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DATA PRIVACY MONITOR AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed the Notice of Motion and the Declaration of Andrew J. Calica, dated September 25, 2023, together with the exhibits annexed thereto in support of Defendant Société Générale's ("SG's") Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Data Privacy Monitor, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

(1) The Motion is GRANTED.

(2) The form of Request for Assistance annexed to the Calica Declaration as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, whose address is Polaris Law, 4 avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

(a) receive from SG its French-originated documents that are responsive to Plaintiffs' First Coordinated Set of "Upstream" Requests for Production of Documents to Defendants subject to SG's objections, as served on August 1, 2022, the Court's April 10 order, and the parties' agreement as memorialized in SG's June 6, 2023 and August 25, 2023 letters to Plaintiffs;

(b) simultaneously transmit the Documents to counsel for Plaintiffs and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as commissioner and duties thereunder; and

(c) upon completion, inform the French Ministère de la Justice.

(4) Following receipt of the Documents by the Commissioner, he shall simultaneously transmit the Documents to respective counsel for Plaintiffs and SG. Counsel for SG shall thereafter transmit a copy of the Documents to counsel for the other defendants. The Documents shall be for use in this litigation only.

(5) This signed Order and the signed Request for Assistance will be given to Mayer Brown LLP, counsel for SG, which will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6)   This signed Order and the signed Request for Assistance will be filed with the Ministère de la Justice within seven (7) business days of their receipt. SG will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor.

(7)   SG's initial transmission of Documents to the Commissioner will occur by approximately 21 days after the the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor. SG will transmit the remaining Documents, if any, to the Commissioner for rolling productions.

(8)   By agreement of the parties, SG will anonymize or pseudonymize confidential client information.

(9)   The Stipulation and Order Regarding the Form of Privilege Logs and Production of Electronically Stored Information and Paper Documents (ECF No. 3530), entered on September 20, 2022, and the Confidentiality Stipulation and Protective Order (ECF No. 1347), entered on March 21, 2016 in this action, in this action shall apply to SG's production of Documents.

(10)  Any unresolved disputes between SG and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court. Further, any unresolved disputes between SG and Plaintiffs concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The

        Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned actions.

(11) Plaintiffs will not seek relief from this Court with respect to the Request for Assistance so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and transmission of the Documents to the Commissioner for production occur within the timeframes set forth in paragraphs (5) – (6) above. Plaintiffs maintain all other rights. Plaintiffs may also seek relief from this Court, after first meeting-and-conferring in good faith with SG if: (a) at any time, Plaintiffs fails to receive reasonable assurances from SG of its efforts promptly to seek approval of the Court's Request for Assistance, appointment of the Commissioner or transmission of the Documents to the Commissioner for production; or (b) after approximately October 11, 2023 (unless otherwise extended by the consent of the parties), SG has not begun its transmission of the Documents to the Commissioner for production, regardless of the cause for delay. SG will not object to a request by Plaintiffs for relief from this Court on the basis that this Motion was uncontested.

(12) All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process; however, if counsel is required to travel to France to attend any proceedings arising from this Hague

Convention process, SG will bear the reasonable travel-related expenses for one attorney for Plaintiff.

(13) Neither this Order, the transmission of Documents by SG to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of Plaintiffs or SG in the above-captioned action, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

(14) Mr. Blumrosen is also hereby appointed Data Privacy Monitor, to oversee and to certify, as may be required, SG's compliance with applicable French and EU data protection laws.

Dated: New York, New York
       September 28, 2023

SO ORDERED

Naomi R. Buchwald
UNITED STATES DISTRICT JUDGE