**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: The OTC Action | |

**[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING**
**FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS MUFG BANK, LTD.,**
**THE NORINCHUKIN BANK, AND SOCIÉTÉ GÉNÉRALE**

11808414v1/012751

WHEREAS, an action is pending before this Court styled *Mayor and City Council of Baltimore v. Credit Suisse AG, et al.*, No. 1:11-md-2262-NRB (the "OTC Action");

WHEREAS, OTC Plaintiffs[1] have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (a) granting final approval to the settlement with MUFG Bank, Ltd., The Norinchukin Bank, and Société Générale (the "Settlement" or the "Settlement Agreement");[2] (b) certifying the Settlement Class (defined in ¶ 6, *infra*); (c) granting final approval to the Plan of Distribution (defined in ¶ 5, *infra*); (d) appointing Hausfeld LLP and Susman Godfrey L.L.P. as Co-Lead Counsel for the Settlement Class; and (e) granting final approval to the Class Notice (defined in ¶ 11, *infra*);

WHEREAS, persons or entities who entered into qualifying transactions with non-settling Defendants[3] (or their subsidiaries and affiliates) can participate in this Settlement in part because the OTC Action includes antitrust claims under which MUFG Bank, Ltd. ("MUFG"), The

---

[1] Paragraph 1 of Settlement Agreement, ECF No. 3667-1, defines "OTC Plaintiffs" as: "Plaintiffs Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, and Jennie Stuart Medical Center, Inc."

[2] The Settlement Agreement memorializing the terms of the settlement with MUFG Bank, Ltd., The Norinchukin Bank, and Société Générale was entered into on May 12, 2023 and submitted to the Court as Exhibit A of Seth Ard's Declaration in Support of OTC Plaintiffs' Motion for Preliminary Approval of the Settlement. ECF No. 3667-1. All references to docket entries in this Final Judgment and Order are references to Case No. 11-md-2262 (S.D.N.Y).

[3] Paragraph 2(k) of the Settlement Agreement defines "Defendants" as: "Barclays Bank PLC; Citigroup Inc.; Citibank, N.A.; Credit Suisse AG; Credit Suisse Group AG; Credit Suisse International; Credit Suisse (USA) Inc.; Bank of America Corporation; Bank of America, N.A.; JPMorgan Chase & Co.; JPMorgan Chase Bank, NA; HSBC Holdings plc; HSBC Bank plc; Lloyds Banking Group PLC; WestLB AG; Westdeutsche Immobilienbank AG; UBS AG; The Royal Bank of Scotland Group PLC; Citizens Bank of Massachusetts a/k/a RBS Citizens Bank N.A.; Deutsche Bank AG; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; The Norinchukin Bank; The Bank of Tokyo-Mitsubishi UFJ, Ltd; HBOS PLC; Société Générale S.A.; Royal Bank of Canada; and any other Person or Persons who are or were named as defendants in the OTC Action at any time up to and including the date a Preliminary Approval Order is issued." ECF No. 3667-1 ¶ 2(k).

Norinchukin Bank ("Norinchukin"), and Société Générale ("SocGen") can allegedly be held jointly and severally liable for the alleged conduct of all Defendants;

WHEREAS, the Court has considered the Settlement Agreement and other documents submitted in connection with OTC Plaintiffs' Motion for Final Approval of Settlement with MUFG, Norinchukin, and SocGen, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over MUFG Bank, Ltd., The Norinchukin Bank, and Société Générale for purposes of this settlement, and all members of the OTC Class (defined in ¶ 6, *infra*).

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

I. FINAL APPROVAL OF SETTLEMENT

3. Upon review of the record, including the order preliminarily approving the Settlement and the submissions in support of the Settlement and preliminary certification, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all OTC Class Members,[4] within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlement's consummation according to the terms. In reaching this conclusion, the Court has

---

[4] Paragraph 2(aa) of the Settlement Agreement defines "OTC Class Member" as: "A Person who is a member of the OTC Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court." ECF No. 3667-1 ¶ 2(aa).

considered the factors set forth in Federal Rule of Civil Procedure 23(e) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

a. The Settlement was negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's length negotiations undertaken in good faith and with the assistance of a professional mediator experienced in complex cases;

b. This action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlement, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and

c. Co-Lead Counsel's[5] judgment that the Settlement is fair and reasonable, and the OTC Class Members' reaction to the Settlement, is entitled to great weight.

## II.   FINAL APPROVAL OF THE PLAN OF DISTRIBUTION

5. Upon review of the record, the Court finds that the *pro rata* Plan of Distribution[6] has a reasonable, rational basis and is fair and adequate. Therefore, the Plan of Distribution is hereby finally approved.

---

[5] Susman Godfrey L.L.P. and Hausfeld LLP are Co-Lead Counsel for the OTC Class.

[6] The Plan of Distribution is found at ECF No. 3667-2.

### III. CERTIFICATION OF THE SETTLEMENT CLASS

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the settlement class (the "Class" or "OTC Class" or "Settlement Class") that is defined as follows:

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant (or a Defendant's subsidiaries or affiliates), a U.S. Dollar LIBOR-Based Instrument and that owned the U.S. Dollar LIBOR-Based Instrument any time during the period August 2007 through May 2010 (the "Class Period").[7]

7. The Court's certification of the Class as provided herein is without prejudice to, or waiver of the rights of, any defendant to contest certification of any other class proposed in these actions (*i.e.*, the actions included in the above-captioned multi-district litigation). The Court's findings in this Final Judgment and Order shall have no effect on the Court's order certifying for

---

[7] ECF No. 3667-1 ¶ 3(a). "Specifically excluded from the Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over this action and the members of his/her immediate families and judicial staff, and any juror assigned to the OTC Action." *Id.* ¶ 3(b).

Paragraph 2(uu) of the Settlement Agreement defines "U.S. Dollar LIBOR-Based Instrument" as: "An instrument that includes any term, provision, obligation or right to be paid by or to receive interest from a Defendant (or its subsidiaries or affiliates) based upon the U.S. Dollar LIBOR rate, including but not limited to asset swaps, bonds/floating rate notes, collateralized debt obligations, credit default swaps, forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options or floating rate notes. For the avoidance of doubt, U.S. Dollar LIBOR-Based Instrument does not include instruments for which a Defendant (or a Defendant's subsidiaries or affiliates) does not pay interest based upon any U.S. Dollar LIBOR rate, such as corporate or municipal bonds issued by non-Defendants. Nor does it include instruments that include only a term, provision, or obligation requiring the purchaser to pay interest based upon the U.S. Dollar LIBOR rate, such as business, home, student or car loans, or credit cards." *Id.* ¶ 2(uu).

class treatment OTC Plaintiffs' antitrust claims or any certification order that may be issued in this action in the future. The findings that follow in ¶¶ 8–9 are limited to this particular order and are made only in the context of this particular settlement.

8. The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

b. Pursuant to Rule 23(a)(2), the Court determines that OTC Plaintiffs have alleged one or more questions of fact or law common to the Class;

c. Pursuant to Rule 23(a)(3), the Court determines that OTC Plaintiffs' claims are typical of the claims of the Class;

d. Pursuant to Rule 23(a)(4), the Court determines that OTC Plaintiffs will fairly and adequately protect the interests of the Class;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members; and

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

9. If the Effective Date[8] does not occur with respect to the Settlement because of the failure of a condition that affects the Settlement, this certification of the corresponding Settlement Class shall be deemed null and void as to the parties subject to the relevant Settlement without the need for further action by the Court or MUFG, Norinchukin, or SocGen.

## IV. CLASS COUNSEL

10. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are designated as settlement class counsel ("Class Counsel") for the Class:

| | |
|---|---|
| HAUSFELD LLP<br>888 16th Street, N.W., Suite 300<br>Washington, DC 20006<br>Tel: 202-540-7200 | SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel: 212-336-8334 |

## V. FINAL APPROVAL OF CLASS NOTICE

11. Upon review of the record, the Court finds that the Class Notice[9] constituted due, adequate, and sufficient notice of the Settlement and was the best notice practicable under the

---

[8] Pursuant to ¶ 6(a) of the Settlement Agreement: "The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: (i) The contribution to the Settlement Fund has been made pursuant to this Agreement; (ii) Entry of the Preliminary Approval Order; (iii) Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d); and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor [MUFG, Norinchukin, and SocGen] elects to terminate this Agreement, and such Alternative Judgment becomes final." ECF No. 3667-1 ¶ 6(a).

[9] Class Notice is defined in the Settlement Agreement as: "The Notice and Summary Notice, collectively." ECF 3667-1 ¶ 2(h). The Settlement Agreement define the "Notice" as "The Notice of Proposed Settlement of Class Action to be provided to the Class as provided in this Agreement and the Preliminary Approval Order" and the "Summary Notice" as "The summary notice of proposed settlement and hearing for publication." ECF No. 3667-1 ¶¶ 2(x), 2(pp). The Class Notice is described in detail in OTC Plaintiffs' Memorandum of Law in Support of OTC Plaintiffs'

circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. Therefore, the Class Notice is finally approved.

## VI. OTHER PROVISIONS

12. The Court further finds that MUFG, Norinchukin and SocGen have complied with the obligations imposed by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

13. The Court approves and directs the implementation of all the terms of the Settlement.

14. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class ("Opt-Outs"),[10] all Released Parties[11] and Releasing Parties[12] are bound by this Final Judgment and Order and by the Settlement Agreement.

---

Motion for Preliminary Approval of Settlement with Defendants MUFG, Norinchukin, and SocGen, ECF No. 3666 at 13-14, Declaration of Seth Ard, ECF No. 3667 ¶¶ 54-56, OTC Plaintiffs' Memorandum of Law in Support of their Motion for an Order Approving Joint Notice Plan for Settlement with MUFG, Norinchukin, and SocGen, ECF No. 3676, and Declaration of Steven Weisbrot, ECF No. 3677.

[10] The Opt-Outs to the MUFG, Norinchukin, and SocGen Settlement are listed in Exhibit A to this Order.

[11] Pursuant to ¶ 2(hh) of the Settlement Agreement, "Released Parties" are defined as: "[MUFG/Norinchukin/SocGen], and each of their respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), joint ventures, predecessors, successors, and each of their respective current and former officers, directors, employees, members, agents, attorneys, insurers, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants that are unaffiliated with Settling Defendants; or (ii) any other Person unaffiliated with Settling Defendants formerly named as a party in the OTC Action." ECF No. 3667-1 ¶ 2(hh).

[12] Pursuant to ¶ 2(ii) of the Settlement Agreement "Releasing Parties" are defined as: "Individually and collectively, Class Plaintiffs and each OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, beneficial owners, parents,

15. The Court dismisses the OTC Action, as well as all of the Released Claims,[13] against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement, provided that such dismissal shall not affect, in any way, the right of the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

16. Any Opt-Outs that have timely and validly requested exclusion from the Class and are hereby excluded from that Class, are not bound by this Final Judgment and Order as it relates

---

subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund..” ECF No. 3667-1 ¶ 2(ii).

[13] Pursuant to ¶ 2(gg) of the Settlement Agreement "Released Claims" are defined as: "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action; provided, however, that Released Claims does not include (1) claims concerning Eurodollar futures contracts or options arising from or relating in any way to the conduct alleged in the Exchange-Based Plaintiffs' Action; (2) claims concerning U.S. Dollar LIBOR-Based Debt Securities that were not issued or sold directly to the claimant by a Defendant (or its subsidiaries or affiliates) arising from or relating to conduct that is alleged in the Non-OTC Bondholder Action; (3) claims arising solely under foreign law related to transactions entirely outside the United States; or (4) claims to enforce any of the terms of this Agreement. Additionally, excluded from the release are any claims that OTC Plaintiffs or any absent class members may have arising out of the purchase, sale or ownership of any U.S. Dollar LIBOR-linked instruments that were issued by a non-panel bank or which were not directly sold to a claimant by or purchased from a Defendant (or its subsidiaries or affiliates). For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase of non-U.S. Dollar LIBOR-Based Instruments or any other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement of, or otherwise enforce the terms of, a U.S. Dollar LIBOR-Based Instrument." ECF No. 3667-1 ¶ 2(gg). This term is subject to the limitations in ¶¶ 19-20 infra.

to the Settlement, and may not make any claim or receive any benefit from that Settlement, whether monetary or otherwise.

17. Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

18. This Final Judgment and Order shall not affect, in any way, the right of the OTC Plaintiffs or OTC Class Members to pursue claims, if any, outside the scope of the Released Claims.

19. The Settlement, acts performed in furtherance of the Settlement and/or documents executed in furtherance of the Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by OTC Plaintiffs, OTC Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

20. The Settlement shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlement may be filed in an action to enforce or interpret the terms of the respective Settlement and any other documents executed in connection with the performance of the agreements embodied therein.

The Released Parties may file the Settlement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Any order entered regarding the motion for attorneys' fees and expenses in this action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event a Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of the Settlement Agreement including, the provisions of paragraphs 9(b) and 13(c).

23. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of monies under the claims-made Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the OTC Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

24. To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts

paid or awarded in the OTC Action by way of any settlement, judgment, or otherwise by any of the following:

    a.    Any of the other Defendants currently named in the OTC Action;

    b.    Any other Person[14] formerly named as a party in the OTC Action; or

    c.    Any other Person subsequently added or joined as a party in the OTC Action.

25.    To the extent permitted by law, the Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the OTC Action by way of any settlement, judgment or otherwise against any of the following:

    a.    Any of the other Defendants currently named in the OTC Action;

    b.    Any other Person formerly named as a party in the OTC Action; or

    c.    Any other Person subsequently added or joined as a party in the OTC Action.

26.    There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[14] The Settlement Agreement defines "Person(s)" as: "An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing." ECF No. 3667-1 ¶ 2(dd).

IT IS SO ORDERED.

DATED: <u>October 17</u>, 2023

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## MUFG Bank, LTD., The Norinchukin Bank, and Société Générale Settlement

## Requests for Exclusion

| Exclusion # | Name of Class Member |
|---|---|
| 1 | Federal Deposit Insurance Corporation as Receiver for:<br>   a.  Amcore Bank, N.A.<br>   b.  AmTrust Bank<br>   c.  California National Bank<br>   d.  Colonial Bank<br>   e.  Corus Bank, N.A.<br>   f.  Guaranty Bank<br>   g.  Imperial Capital Bank<br>   h.  Indy Mac Bank, F.S.B.<br>   i.  Integra Bank, N.A.<br>   j.  Lydian Private Bank<br>   k.  Pacific National Bank<br>   l.  Park National Bank<br>   m.  R-G Premier Bank of Puerto Rico<br>   n.  San Diego National Bank<br>   o.  Silverton Bank, N.A.<br>   p.  Superior Bank<br>   q.  United Commercial Bank<br>   r.  United Western Bank<br>   s.  Washington Mutual Bank<br>   t.  Westernbank Puerto Rico |
| 2 | The Federal Home Loan Mortgage Corporation ("Freddie Mac") |
| 3 | Federal National Mortgage Association ("Fannie Mae") |
| 4 | Devon Energy Production Company, L.P. |
| 5 | Allegheny County |