```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

IN RE LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION                          MEMORANDUM AND ORDER

----------------------------------------X    11 MDL 2262 (NRB)

THIS DOCUMENT RELATES TO: ALL CASES

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

As part of ongoing discovery, the OTC and Direct Action plaintiffs have submitted 39 Letters of Request for International Judicial Assistance ("LORs") pursuant to the Hague Convention on Obtaining Evidence Abroad in Civil and Commercial Matters (the "Hague Convention") to depose witnesses based in the United Kingdom. See ECF Nos. 3774-75, 3791-92, 3795-833. To date, the Court has granted 20 LORs when there were no objections or the objections had been resolved. See ECF Nos. 3793-94, 3882-906. We write to address the pending applications which involve some dispute.

### A. Royal Bank of Canada, Deutsche Bank, Coöperatieve Rabobank U.A, and Lloyds Bank plc

Plaintiffs seek LORs to examine eleven witnesses that are former employees of the Royal Bank of Canada ("RBC"), Deutsche Bank, Coöperatieve Rabobank U.A ("Rabobank"), and Lloyds Bank plc ("Lloyds").[1]  RBC, Deutsche Bank, Rabobank, and Lloyds oppose

---

[1] The Court received plaintiffs' applications for LORs dated October 23, 2023. See ECF Nos. 3797-98, 3803-04, 3807-10. These four defendants submitted a joint

1

plaintiffs' applications because the proposed LORs for these witnesses do not include a provision for plaintiffs to have seven hours of examination and defendants to have 3.5 hours of cross-examination for each witness. See ECF No. 3852. These defendants maintain that this is the proper time allocation for depositions pursuant to the October 3, 2022 Deposition Protocol. In the alternative, these defendants request that any examination conducted pursuant to these LORs have a 2:1 ratio of examination time between plaintiffs and defendants. Plaintiffs maintain that requesting more than seven hours for an examination of a witness, who may object to the deposition once the application is made to the English court, may lead to the denial of the request by an English court. See e.g., ECF No. 3797. Plaintiffs also maintain that they would be prejudiced by not having a full seven hours of examination as provided by the Deposition Protocol. See e.g., ECF Nos. 3797, 3875. Confusingly, plaintiffs go as far as to assert that the defendants have no right to take testimony of these witnesses because they did not file their own proposed LORs. See ECF No. 3875 at 2.

Plaintiffs' position that the defendants may have no time to examine these witnesses is fundamentally flawed. Any testimony that

---

letter in opposition dated October 26, 2023. See ECF No. 3852. Plaintiffs submitted a reply letter dated October 30, 2023, see ECF No. 3875 and these defendants then submitted a sur-reply letter dated November 2, 2023, see ECF No. 3909.

is taken without the opportunity for cross-examination would be inadmissible hearsay at trial. Fed. R. Evid. 804. Indeed, defendants must have an opportunity to cross-examine the witness, otherwise this exercise would ultimately prove futile. While it is true that several other LORs included provisions that allowed for over 10 hours of testimony, see e.g., ECF No. 3888 at 24, the Court is unwilling to direct the parties to include a provision that may delay discovery if a witness opposes the application before the English court. The Court is confident that the parties will be able to thoroughly examine each witness within seven hours. Accordingly, plaintiffs are directed to file revised LORs that explicitly provide for the examination to last seven hours and include a 2:1 ratio of time.

**B. HSBC Bank plc**

Plaintiffs seek LORs to examine Paul Bellinger, Jon Flint, and Stuart Gulliver, former employees of HSBC Bank plc ("HSBC").[2] See ECF Nos. 3791-92. The parties do not oppose the issuance of LORs for Messrs. Bellinger and Flint. Accordingly, those proposed LORs will be granted.

However, HSBC opposes the issuance of the proposed LOR for Mr. Gulliver, HSBC's former Chief Executive Officer. See ECF Nos. 3846-47. The Court previously denied plaintiffs' request for

---

[2] The Court received plaintiffs' applications for LORs dated October 23, 2023. See ECF Nos. ECF Nos. 3791-92. HSBC submitted an opposition letter dated October 25, 2023. See ECF Nos. 3846-47.

discovery from Mr. Gulliver because he was not directly involved in the LIBOR submission process and his relevance as a custodian would raise issues of privilege held by regulatory authorities. See ECF No. 3655 at 24. HSBC argues that Mr. Gulliver's deposition would be inappropriate for the same reasons and would be particularly burdensome given Mr. Gulliver's position as a high-ranking corporate officer. The Court concurs. As a high-ranking officer who was not involved in the LIBOR submission process, examining Mr. Gulliver would be unduly burdensome, particularly when there are other witnesses that were more directly involved in the process that are available to testify. Therefore, plaintiffs' application for an LOR to examine Mr. Gulliver is denied.

Plaintiffs are directed to submit a new proposed order for the issuance of LORs for Messrs. Bellinger and Flint, removing Mr. Gulliver.

**C. Royal Bank of Scotland Group plc**

Plaintiffs seek a LOR to examine Johnny Cameron, the former Chairman of Global Banking and Markets of the Royal Bank of Scotland Group Plc ("RBS", now known as NatWest).[3] See ECF Nos. 3829-33. If granted, Mr. Cameron would be the seventh witness affiliated with RBS to be examined. RBS opposes the application on the ground that plaintiffs have not shown good cause to increase

---

[3] The Court received plaintiffs' application for LORs dated October 23, 2023. See ECF Nos. ECF Nos. 3829-33. RBS submitted an opposition letter dated October 26, 2023. See ECF Nos. 3858-59.

the number of depositions per defendant, limited to six pursuant to the Deposition Protocol. RBS also argues that Mr. Cameron's testimony would be cumulative and can be obtained from other lower-ranking witnesses instead of such a high-ranking officer.[4] See ECF No. 3858.

The parties stipulated and agreed to the Deposition Protocol that was ordered by the Court on October 3, 2022. See ECF No. 3544. In that Deposition Protocol, plaintiffs agreed to seek only six depositions for witnesses affiliated with each defendant. Plaintiffs have not offered a persuasive reason that the Court should now ignore the agreed upon Deposition Protocol and grant an additional deposition, particularly of a high-ranking officer. Accordingly, the LOR for Mr. Cameron is denied.

### D. British Bankers Association

Plaintiffs seek four LORs seeking to depose John Ewan, Angela Knight, Sally Scutt, and documents from and an examination of Henrietta Royle, witnesses affiliated with the British Bankers Association (the "BBA").[5] See ECF Nos. 3813, 3818. The BBA raises

---

[4] Unlike Mr. Gulliver, the Court previously granted plaintiffs' request for documents from Johnny Cameron because he "had alleged unique and substantial communications about accusations of LIBOR suppression, including with other panel banks or at BBA meetings." ECF No. 3655 at 22.
[5] The Court received plaintiffs' application for LORs dated October 23, 2023. See ECF Nos. 3813, 3818. The BBA submitted an opposition letter dated October 26, 2023. See ECF Nos. 3857, 3860. Plaintiffs submitted a reply letter dated October 30, 2023, see ECF No. 3876 and the BBA then submitted a sur-reply letter dated October 31, 2023, see ECF No. 3881. Thereafter, Liaison Counsel for Defendants submitted a letter requesting that this Court postpone a decision on plaintiffs' applications while the parties confer. See ECF No. 3909. Liaison

three objections to plaintiffs' application and Liaison Counsel for Defendants informs the Court that the parties dispute the allocation of time for examination of at least one BBA-affiliated witness.

First, the BBA opposes its designation as a "defendant" instead of as a "non-party" in the proposed LORs. See ECF No. 3857. As the parties are well aware, the BBA is no longer a defendant in the MDL.[6] In an effort to provide the English court with the most succinct description for the BBA without overburdening the LORs with additional detail, the parties are directed to refer to the BBA as a "former party" in these letters.

Second, the BBA opposes plaintiffs' application to obtain documents and testimony insofar as the request seeks documents beyond the August 2007 to May 2010 timeframe and documents that are not relevant to the surviving claims in the MDL. See ECF No. 3857. The Direct Action plaintiffs have previously sought discovery beyond the August 2007-May 2010 time period alleged in their complaints. See ECF No. 3655 at 12. The Court denied the Direct Action plaintiffs' request, see ECF No. 3655 at 13, and will not allow plaintiffs to use the Hague Convention as an end run to obtain these documents or related testimony. Therefore,

---

Counsel for Defendants submitted an update letter to the Court on November 10, 2023. See ECF No. 3919.
[6] The Court assumes familiarity with its prior rulings related to the BBA, including its January 26, 2023 decision, see ECF No. 3634.

any documents or testimony obtained pursuant to these LORs must be cabined to the August 2007-May 2010 time period and must comport with the discovery relating to the upstream issues as set out in this Court's Memorandum and Order dated April 10, 2023, see ECF No. 3655.[7]

Third, the BBA opposes the request to depose Ms. Royle. See ECF No. 3857. The BBA argues that because Ms. Royle did not join the BBA until late 2014, her testimony would only serve to authenticate documents which can be provided through a certification. See ECF No. 3860. The Court concurs and holds that seeking to depose Ms. Royle, a high-ranking officer who was not an employee of the BBA during the relevant period, when there are other means to authenticate documents is unduly burdensome.

Fourth, the parties dispute the allocation of time for examination of at least Mr. Ewan while they have reached a compromise to divide the examination time for Ms. Knight and Ms. Scutt with a 5:2 ratio. See ECF No. 3919 at 1. Liaison Counsel requests that the examination of Mr. Ewan be ordered to follow a 5:2 ratio for a deposition limited to seven hours or a 2:1 ratio for a deposition exceeding seven hours. The Court's concern that the examination of any witness must be subject to cross-examination

---

[7] From the BBA's letter date October 26, 2023, the Court understands that the BBA does not object to production of a category of documents from a later time period that was submitted under seal. Given the agreement between the parties, the Court does not object to their production.

applies equally to the BBA witnesses. As previously stated, the Court is also unwilling to direct the parties to submit an LOR requesting a deposition over seven hours that may lead to considerable delay. Given that the parties have agreed to a 5:2 ratio of time for some BBA witnesses, the Court is persuaded that the parties can complete their examinations within seven hours with the same ratio of time. Therefore, the depositions of Mr. Ewan, Ms. Knight, and Ms. Scutt shall last no longer than seven hours and follow a 5:2 examination ratio.

Plaintiffs are directed to submit revised proposed LORs for Mr. Ewan, Ms. Knight, and Ms. Scutt in accordance with this decision. The application for an LOR to examine Ms. Royle is denied. Plaintiffs are directed to submit a revised LOR for the production of documents from the BBA.

## CONCLUSION

For the foregoing reasons, the pending applications are granted in part and denied in part. Plaintiffs are directed to promptly submit, in accordance with this Memorandum and Order: (1) revised proposed LORs for the eleven former employees of RBC, Deutsche Bank, Rabobank, and Lloyds; (2) a revised proposed order for the issuance of LORs for Messrs. Bellinger and Flint; (3) revised proposed LORs for Mr. Ewan, Ms. Knight, and Ms. Scutt; and (4) a revised proposed LOR for documents from the BBA.

The parties are reminded of the October 4, 2024 deadline to file summary judgment motions related to the alleged suppression of LIBOR and/or any conspiracy to suppress LIBOR (the "Upstream Issues"). See ECF No. 3687 at 6. The parties are likewise reminded that the deadline for these motions will not be extended.

The Clerk of Court is respectfully requested to terminate motions at ECF Nos. 3791-92, 3797-98, 3803-04, 3807-10, 3813, 3818, 3829.

**SO ORDERED.**

Dated:   New York, New York
         November 14, 2023

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE