April 2, 2024

Via CM/ECF

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL 2262

Dear Judge Buchwald:

  We write on behalf of the Direct Action and OTC Class Plaintiffs ("Plaintiffs") pursuant to Section II.B. of the Court's Individual Practices to request approval from the Court to take, by agreement of the parties and witnesses, a limited number of depositions following the close of fact discovery on April 4, 2024. Plaintiffs request no additional changes to the Scheduling Order (Doc. 3687). In particular, Plaintiffs do not seek to modify any of the other deadlines, including those related to class certification, summary judgment, and *Daubert* proceedings.[1] Absent good cause shown, Plaintiffs will not seek to take any additional party or third-party depositions related to the "Upstream Issues," beyond those identified in this letter, after fact discovery closes on April 4, 2024.

  The parties and witnesses have worked cooperatively and in good faith to schedule all depositions at times and locations convenient for witnesses and counsel. However, despite their best efforts, the parties have not been able to schedule a limited number of depositions that were requested or noticed months ago before the close of fact discovery, for logistical and other reasons. These depositions fall into three categories: (1) depositions sought by Requests for International Judicial Assistance ("Letters of Request") pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") that could not be scheduled for reasons detailed below; (2) Fed. R. Civ. P. 30(b)(6) corporate depositions; and (3) Fed. R. Civ. P. 30(b)(1) depositions of witnesses (a) originally scheduled on dates before the close of fact discovery and then deferred by agreement as a consequence of pending settlement discussions or medical considerations or (b) yet to be scheduled pending identification of an RBS witness.

  <u>Depositions Ordered by the English Court</u>

  Plaintiffs have good cause to seek the depositions of Defendant Royal Bank of Canada (RBC) former employee Kelly Bateman and Defendant Barclays former employee Peter Johnson

---

[1] Plaintiffs have shared a copy of this letter with Defendants and are authorized to represent that Defendants consent to this request to take the specified depositions following the close of fact discovery on April 4, 2024 (with the exception of Portigon, as discussed in note 2, *infra*). Defendants reserve all rights to oppose any additional discovery sought by Plaintiffs after April 4, 2024 and reserve the right to seek relief from the Court (as necessary) with respect to Plaintiffs' March 21, 2024 responses to Defendants' interrogatories and requests for admission to Plaintiffs.

after the close of fact discovery.  This Court issued Letters of Request (Docs. 3891 and 3942) to take the depositions of these witnesses pursuant to Plaintiffs' timely motion.  After Mr. Bateman agreed to an April 3, 2024, deposition, Plaintiffs learned that no Examiner (a British barrister who must preside over the deposition in accordance with English law) was available on that date.  Because neither Mr. Bateman nor his counsel were available on alternative dates on or before April 4, 2024, Plaintiffs and the witness agreed to a new date of April 12, subject to this Court's approval.  Plaintiffs have applied to the English Court for an order to take his testimony on that day.  Similarly, Mr. Johnson's deposition was originally scheduled for March 7 and 8 and Mr. Johnson's counsel informed Plaintiffs that his client intended to assert the Fifth Amendment in response to all questions.  The parties do not necessarily agree that Mr. Johnson may validly assert any Fifth Amendment rights, but the parties, including Mr. Johnson's personal counsel, have been discussing potential alternatives to avoid litigating that issue.  Those discussions are ongoing.  Nevertheless, in an abundance of caution, Plaintiffs have made an application to the English Court to take Mr. Johnson's testimony on a date to be determined.  The deposition is scheduled to take two days and will be subject to availability of both Mr. Johnson and an Examiner – if it goes forward. Plaintiffs have diligently pursued these depositions and they are the only two Hague depositions to be held after the April 4 deadline.

### Fed. R. Civ. P. 30(b)(6) Depositions

Plaintiffs seek the Court's approval to take no more than six Rule 30(b)(6) depositions after the close of fact discovery.  Plaintiffs noticed Fed. R. Civ. P. 30(b)(6) depositions of all Defendants in late 2023 and early 2024.  Defendants filed objections to the topics, and the parties have had a number of conferences to address their objections and attempt to narrow the scope of the topics.  Defendants also, in some cases, asked Plaintiffs to agree on alternate, acceptable means of providing the corporate evidence authorized by Rule 30(b)(6).  As a result of the parties' negotiations, the only corporate depositions that may not be completed prior to the fact discovery deadline are JP Morgan, Credit Suisse, Portigon, RBS, RBC and UBS.[2]

### Fed. R. Civ. P. 30(b)(1) Depositions

Plaintiffs also noticed the Fed. R. Civ. P. 30(b)(1) depositions of two former employees of Defendant MUFG Bank, Ltd., f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd. (MUFG), Caroline Hoskings and Philip Rowley.  As the result of Direct Action Plaintiffs reaching an agreement in principle to settle with MUFG, these depositions were removed from the calendar.  The OTC Class plaintiffs subsequently sought (and obtained) these depositions pursuant to the terms of their settlement agreement with MUFG, but the witnesses were unavailable to reschedule them until April 18, 2024.  The parties intend to go forward with these two depositions on that date, this Court permitting.

---

[2] Portigon does not consent to Plaintiffs taking a Rule 30(b)(6) deposition of Portigon after the close of fact discovery on April 4, 2024.  The parties continue to meet and confer in an attempt to resolve Portigon's objections. To the extent the parties are unable to reach agreement on these issues, Plaintiffs and/or Portigon may seek relief from the Court.

Page 3

Anthony Miller, a former Credit Suisse employee, was originally scheduled to be deposed before the deadline but, for health reasons, his deposition was rescheduled after the deadline.

Finally, Plaintiffs are also in discussion with RBS about a Rule 30(b)(1) deposition of former employee Mark Thomasson.  To the extent Mr. Thomasson's deposition cannot be secured, Plaintiffs may attempt to pursue the deposition of a different RBS witness to be taken as soon as practicable.

The parties have endeavored in good faith to complete all fact discovery before the April 4 deadline.  The vast majority of the fact depositions will be concluded by then, and there is good cause to seek this limited extension, which will benefit the parties and the witnesses.  Additionally, the Court will not be prejudiced because Plaintiffs do not seek to change any of the other deadlines in the Scheduling Order and Plaintiffs will not seek further depositions beyond those specifically set forth in this letter, absent good cause shown.  Finally, Defendants consent to this request.  For these reasons, Plaintiffs respectfully request that the Court grant these limited exceptions to the fact discovery deadline to accommodate the small number of depositions discussed above.

Respectfully,

*/s/ James R. Martin*

James Robertson Martin
Counsel for The Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks and The Federal Home Loan Mortgage Corporation and Liaison Counsel for the Direct Action Plaintiffs

*/s/ William Christopher Carmody*

William Christopher Carmody
Co-Lead Counsel for the OTC Plaintiffs and Liaison Counsel for the Class Plaintiffs