UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | No. 11-md- 2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| METZLER INVESTMENT GmbH, et al., <br><br>Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, et al.,<br><br>Defendants. | No. 11 Civ. 2613 |

**[PROPOSED] ORDER (1) PRELIMINARILY APPROVING SETTLEMENT WITH DEFENDANTS CREDIT SUISSE AG, LLOYDS BANK PLC, BANK OF SCOTLAND PLC, NATWEST MARKETS PLC, PORTIGON AG, WESTDEUTSCHE IMMOBILIENBANK AG, ROYAL BANK OF CANADA, RBC CAPITAL MARKETS, LLC, COÖPERATIEVE RABOBANK U.A., THE NORINCHUKIN BANK, MUFG BANK, LTD., AND UBS AG; (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (3) APPOINTING SETTLEMENT CLASS COUNSEL; (4) APPROVING CLAIMS ADMINISTRATOR AND ESCROW AGENT; (5) APPROVING NOTICE PROGRAM; (6) PRELIMINARILY APPROVING PLAN <u>OF DISTRIBUTION; AND (7) SCHEDULING A FAIRNESS HEARING</u>**

**WHEREAS**, the above-captioned matter (the "Action") is a putative class action before this Court;

**WHEREAS**, Plaintiffs Metzler Asset Management GmbH (f/k/a Metzler Investment GmbH), FTC Futures Fund SICAV, FTC Futures Fund PCC Ltd., Atlantic Trading USA, LLC, 303030 Trading LLC, Gary Francis, and Nathanial Haynes (collectively, the "Exchange-Based Plaintiffs"), for themselves and on behalf of others who transacted in Eurodollar futures and/or options on Eurodollar futures between January 1, 2003 and May 31, 2011, entered into a Settlement

Agreement with Credit Suisse Credit Suisse AG ("Credit Suisse"), Lloyds Bank plc and Bank of Scotland plc (together, "Lloyds"), NatWest Markets plc (f/k/a The Royal Bank of Scotland plc) ("NatWest"), Portigon AG (f/k/a WestLB) and Westdeutsche Immobilienbank AG (n/k/a Westdeutsche Immobilien Servicing AG) (together, "Portigon"), Royal Bank of Canada and RBC Capital Markets, LLC (together, "RBC"), Coöperatieve Rabobank U.A. (f/k/a/ Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) ("Rabobank"), The Norinchukin Bank ("Norinchukin"), MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.), and UBS AG ("UBS") (collectively, the "Settling Defendants"[1] and together with Exchange-Based Plaintiffs, the "Settling Parties"), dated April 8, 2024, which sets forth the terms and conditions of the proposed settlement of the Action and which provides, subject to final approval, for the dismissal with prejudice of the Action and a full discharge of the Released Claims as to Credit Suisse, Lloyds, NatWest, Portigon, RBC, Rabobank, Norinchukin, MUFG, and UBS;

**WHEREAS**, in full and final settlement of the claims asserted in this Action, the Settling Defendants have agreed to pay $3,450,000;

**WHEREAS**, Exchange-Based Plaintiffs moved for preliminary approval of the Settlement Agreement;

**WHEREAS**, Exchange-Based Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

---

[1] Credit Suisse, Lloyds, NatWest, Portigon, RBC, Rabobank, Norinchukin, MUFG, and UBS are referred to herein as the "Settling Defendants."

**WHEREAS**, Exchange-Based Plaintiffs have requested that the law firms of Kirby McInerney LLP and Lovell Stewart Halebian Jacobson LLP be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

**WHEREAS**, Exchange-Based Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreement; and

**NOW, THEREFORE**, the Court having read and considered the Settlement Agreement and the submissions relating thereto, upon all prior proceedings in the Action, and after due deliberation, **IT IS HEREBY ORDERED**:

1. **Preliminary Approval of Settlement Agreement**.  The Court preliminarily approves the Settlement Agreement and the terms and conditions set forth therein, including the release contained therein, as being fair, reasonable, and adequate as to the Settlement Class (as defined below in paragraph 3).  The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

2. **Fairness Hearing**.  A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before this Court at ___:___ __.m. on _____ __, 2024, [a date at least 120 calendar days from the date of this Order] in a format to be determined by the Court that the Court will announce on the case docket in advance of the hearing.  The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class.  The Court may finally approve the Settlement and enter Judgment,

with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

3. **Settlement Class Certification**. The Court preliminarily certifies, for purposes of settlement only, the Settlement Class identified below and finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3). The Settlement Class is defined as follows:

> All persons, corporations and other legal entities that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including, without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011, inclusive; provided that if Exchange-Based Plaintiffs expand the class period in any subsequent amended complaint, motion or settlement, the period in the Settlement Class definition in this Agreement shall be modified so as to include that expanded class period. Excluded from the Settlement Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and alleged co-conspirators; (ii) the Releasees (as defined in Section 1(LL)); (iii) any Settlement Class Member who files a timely and valid request for exclusion; and (iv) any Persons dismissed from this Action with prejudice. *See* Settlement Agreement at ¶ 2.A.

All Persons falling within the definition of the Settlement Class shall be deemed "Settlement Class Members."

4. **Settlement Class Representatives**. The Court appoints Plaintiffs Metzler Asset Management GmbH (f/k/a Metzler Investment GmbH), FTC Futures Fund SICAV, FTC Futures Fund PCC Ltd., Atlantic Trading USA, LLC, 303030 Trading LLC, Gary Francis, and Nathanial Haynes as Class Representatives for the Settlement Class.

5. **Settlement Class Counsel**. The Court appoints the law firms of Kirby McInerney LLP and Lovell Stewart Halebian Jacobson LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. **Claims Administrator**. The Court appoints A.B. Data, Ltd. (the "Claims Administrator") to execute the Notice Program set forth herein, process and analyze Claim Forms, and otherwise administer the Settlement as set forth in the Settlement Agreement.

7. **Plan of Distribution**. The proposed Plan of Distribution set forth in Exhibit G to the Declaration of Elaine Pang Regarding Notice Program ("Pang Declaration") is reasonable and rational, and is preliminarily approved.

8. **Form of Notice and Claim Form**. The Court approves, as to form and substance, the Notice of Class Action Settlement ("Long Form Notice"), the Summary Notice of Class Action Settlement ("Summary Notice"), Postcard Notice, and the Proof of Claim and Release ("Claim Form"), substantially in the form attached to the Pang Declaration as Exhibits E, D, C, and F, respectively. The Court finds that the form and substance of the Long Form Notice, Summary Notice, Postcard Notice, and Claim Form satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

9. **Notice Program**. The Court finds that the Notice Program set forth herein satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), comports with due process, and constitutes the best notice practicable under the circumstances. Accordingly, the Notice Program is approved.

   a. The Claims Administrator shall cause the Postcard Notice to be mailed by first-class United States mail postage prepaid to all individuals, entities, and institutions previously identified as potential members of the Settlement Class pursuant to the notice program instituted in connection with initial Exchange-Based Plaintiffs' settlements (the "Original Notice Program") with: (i) Barclays Bank plc; (ii) Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; (iii) Deutsche Bank AG, Deutsche Bank Securities Inc., and DB Group Services (UK) Ltd.; (iv)

HSBC Bank plc ("HSBC"); (v) JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. and Bank of America Corporation and Bank of America, N.A.; and (vi) Société Générale (collectively, the "Prior Exchange-Based Plaintiffs' Settlements").

   b. No later than thirty (30) calendar days after entry of this Order, the Claims Administrator shall begin to cause the Summary Notice to be published one time in the following financial newspapers: *The Wall Street Journal* (U.S. audience only) and *IBD Weekly*.

   c. No later than thirty (30) calendar days after entry of this Order, the Claims Administrator shall begin to cause the Summary Notice to be disseminated via *PR Newswire's US1* Newsline distribution list.

   d. No later than ten (10) calendar days after entry of this Order, the Claims Administrator shall cause copies of the Long Form Notice, Summary Notice, Plan of Distribution, Claim Form, Settlement Agreement, and this Order to be posted in downloadable form on the settlement website, www.USDLiborEurodollarSettlements.com.

   e. The Claims Administrator shall continue to maintain the toll-free telephone number established pursuant to the Original Notice Program, which shall be listed in the Long Form Notice, Postcard Notice, Summary Notice, and posted on the settlement website.

   f. The Claims Administrator shall continue to maintain the post office box established pursuant to the Original Notice Program, which shall be listed in the Long Form Notice, Postcard Notice, Summary Notice, and posted on the settlement website.

   g. Brokers and other nominees who transacted in any U.S. Dollar LIBOR-based Eurodollar futures contracts and/or options on Eurodollar futures for the beneficial interest of a Settlement Class Member during the Settlement Class Period shall within seven (7) calendar days of receipt of the Postcard Notice either: (i) provide to the Claims Administrator the name and

last known address of each person or organization for whom or which the brokers or nominees held such U.S. Dollar LIBOR-based Eurodollar futures contracts and/or options on Eurodollar futures during the Settlement Class Period, and the Claims Administrator will send a copy of the Postcard Notice to each identified beneficial owner; or (ii) request additional copies of the Postcard Notice, which will be provided to the brokers or nominees free of charge, and within seven (7) calendar days, mail the Postcard Notice directly to the beneficial owners.  Upon complying with this Order, such brokers or nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds in accordance with the provisions of the Settlement Agreement.

    h. All fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid solely from the Settlement Fund and as set forth in the Settlement Agreement.

    i. At least thirty-five (35) calendar days prior to the Fairness Hearing, the Claims Administrator shall file a sworn statement attesting to compliance with the notice provisions in ¶ 9.

  10. Motions, memoranda of law and supporting documents in support of final approval of the Settlement, the Plan of Distribution, and applications by Settlement Class Counsel for attorneys' fees and reimbursement of expenses shall be filed no later than thirty-five (35) calendar days prior to the Fairness Hearing.  Reply briefs, including responses to any objections, shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

11. **<u>Objections</u>**. Any member of the Settlement Class may appear at the Fairness Hearing in-person or by counsel (at his, her or its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of any or all of the proposed Settlement or any related matter (including the request for attorneys' fees and expenses, the Plan of Distribution, or any other matter); provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters unless that Settlement Class Member or other Person has delivered by hand or sent by First-Class Mail written objections and copies of any supporting papers and briefs to Settlement Class Counsel, counsel for Settling Defendants, and filed same with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 such that the objection is received and filed (not simply postmarked) at least twenty-one (21) calendar days before the Fairness Hearing. To be valid, an objection must be in writing and include:

    a.    The objecting Settlement Class Member's or other Person's name, address, and telephone number;

    b.    The specific reasons for the objection(s) along with any supporting material(s) or document(s);

    c.    A statement indicating whether the objecting Settlement Class Member or other Person plans to appear at the Fairness Hearing;

    d.    Proof of membership in the Settlement Class to which the Settlement Class Member is objecting. Specifically, a description of and documentation evidencing that the objecting Settlement Class Member's transactions fall within the Settlement Class definition (including, for each transaction, the

      identity of the broker (if any), the date of the transaction, the type of the transaction, the counterparty (if any), the exchange on which the transaction occurred, any transaction identification numbers, the rate, and the notional amount of the transactions); and

  e. The objecting Settlement Class Member's or other Person's signature.

  12. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (including appeals) to the fairness or adequacy of the proposed Settlement, Judgment, the Plan of Distribution, or the award of attorneys' fees and expenses to Settlement Class Counsel, unless otherwise ordered by the Court.  By objecting to the proposed Settlement, Judgment, the Plan of Distribution, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Fairness Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect the Person's objection or request to be heard.  Discovery concerning objections shall be completed no later than three (3) calendar days before the Fairness Hearing.

  13. Any Settlement Class Member may hire his, her, or its own attorney, at his, her, or its own expense, to represent the Settlement Class Member in making written objection(s) or in appearing at the Fairness Hearing.  If any Settlement Class Member chooses to hire an attorney at his, her, or its own expense, that attorney must file a notice of appearance with the Court and serve it on Settlement Class Counsel and counsel for Settling Defendants so that the notice is received fourteen (14) calendar days prior to the Fairness Hearing.

  14. **<u>Request for Exclusion</u>**.  Any Person falling within the definition of the Settlement Class defined in ¶ 3 above may, upon request, be excluded from the Settlement.  Any such Person

must submit to the Claims Administrator at the addresses specified in the Long Form Notice a signed request for exclusion ("Request for Exclusion") by first-class mail postmarked no later than twenty-one (21) calendar days before the scheduled date of the Fairness Hearing.  To be valid, a Request for Exclusion must be in writing and include:

    a.    The Settlement Class Member's name, address, and telephone number;

    b.    A signed statement that "I/we hereby request that I/we be excluded from the proposed Exchange-Based Settlement Class in *In Re LIBOR-based Financial Instruments Antitrust Litig.*, 11 MDL No. 2262;"

    c.    Proof of membership in the Settlement Class.  Specifically, a description of and documentation evidencing that the Settlement Class Member's transactions fall within the Settlement Class (including, for each transaction, the identity of the broker (if any), the date of the transaction, the type of the transaction, the counterparty (if any), the exchange on which the transaction occurred, any transaction identification numbers, the rate, and the notional amount of the transactions); and

    d.    The Settlement Class Member's signature.

15.    All Settlement Class Members who submit valid and timely Requests for Exclusion in the manner set forth herein shall have no rights under the Settlement Agreement, shall not share in the distribution of any of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in the Action.  Any Person who fails to timely or validly file a Request for Exclusion, or whose Request for Exclusion is not otherwise accepted by the Court, shall be deemed a Settlement Class Member.  At least seven (7) calendar days prior to the Fairness Hearing, the

Claims Administrator shall file a sworn statement concerning any exclusion requests received from Settlement Class Members to the proposed Settlement.

16. **Claims Process**. Any claim already submitted in the Prior Exchange-Based Plaintiffs' Settlements will automatically be considered for recovery in the Settlement and should not be resubmitted in the Settlement. Any Settlement Class Members who did not submit a Claim Form in connection with the Prior Exchange-Based Plaintiffs' Settlements, but who wishes to participate in the Settlement and be eligible to potentially receive a distribution from the Net Settlement Fund must timely complete and submit a Claim Form in accordance with the instructions contained therein. Recovery for new claims submitted in the Settlement will be limited to the net settlement fund in the Settlement. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically to the Claims Administrator no later than forty-five (45) calendar days after the Fairness Hearing.

17. **Stay**. Unless otherwise ordered by the Court, the Court stays all proceedings in the Action against the Settling Defendants other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

18. **Settlement Funds**. The cash consideration provided for in the Settlement Agreement is $3,450,000. Payment of the Settlement Amount by Settling Defendants shall be made pursuant to the Settlement Agreement.

19. **Escrow Agent**. The Court approves Huntington Bank as the Escrow Agent for the Settlement.

20. The Court approves the establishment of the escrow account as Qualified Settlement Funds ("QSF") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may

arise in connection with the formulation or administration of the QSF.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

21. **Taxes**.  The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court and in a manner consistent with the provisions of the Settlement Agreement.

22. **Termination**.  In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement (the "Terminated Agreement") and all proceedings had in connection therewith shall be null and void, and shall be without prejudice to the rights of Exchange-Based Plaintiffs, the Class Members, and the Settling Defendants party to the Terminated Agreement, all of whom shall be restored to their respective positions in the Action, as provided for in the Settlement Agreement, except that any costs of Class Notice and administration paid or owing at the time of termination (up to a maximum of the amount specified in the Settlement Agreement), any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination or Escrow Agent costs paid or owing at the time of termination shall not be refunded to Settling Defendants.

23. **Use of this Order**.  Neither this Order nor the proposed settlement (including the Settlement Agreement or any of its terms, any negotiations or proceedings connected with the Settlement Agreement, or any act performed or document executed pursuant to or in furtherance of the Settlement): (a) shall be admissible in any proceeding for any purpose, except to enforce the

terms of this Order and/or the Settlement Agreement (including, without limitation, to seek dismissal of any pending or future action as a Released Claim or according to the doctrines of collateral estoppel or *res judicata*); (b) shall be deemed or construed to be or used as an admission, adjudication or evidence of the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of Releasees; or (c) shall be deemed to be or used as an admission, adjudication or evidence of any violation of any domestic or foreign statute, law, or regulation or of any liability, fault, wrongdoing or omission of the Releasees in any civil, criminal, or administrative proceeding before any court, administrative agency, arbitration panel or other tribunal.

24. None of the Settling Defendants nor any of their counsel shall have any responsibility for, or liability whatsoever with respect to the notice procedures (except as provided in this Order and in the Settlement Agreement); the investment, administration, or distribution of the Settlement Fund; the plan of distribution; the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards, or expenses submitted by Class Plaintiffs or Settlement Class Counsel; or any allocation of the fee and expense award by Settlement Class Counsel. Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Agreement. Further, neither Exchange-Based Plaintiffs nor Settlement Class Counsel shall have any obligation whatsoever for any amounts incurred or disbursed pursuant to the Settlement Agreement for costs and expenses of providing notice and/or administration of the Settlement.

25. The Court's preliminary certification of the Settlement Class as provided herein is

without prejudice to, or waiver of the rights of any defendant other than the Settling Defendants to contest certification of any other class proposed in the Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, and no party may cite or refer to the Court's preliminary approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class in this Action. Further, no party may cite or refer to the Court's preliminary approval of the Settlement Class to support or oppose a motion to dismiss in this Action.

26. The Court retains jurisdiction to consider all further applications arising out of or relating to the proposed Settlement.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

28. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

DATED: _____         _____
NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE