UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re LIBOR-Based Financial Antitrust Litigation | No. 11-md-2262-NRB |
| This Document Relates To: | |
| David Klusendorf | No. 1:13-cv-01700-NRB |
| _____/ | |

SCHLESINGER LAW OFFICES, P.A.'S RESPONSE IN OPPOSITION TO DAVID KLUSENDORF'S MOTION
WITH

MEMORANDUM OF LAW

Schlesinger Law Offices, P.A. (Schlesinger), by its undersigned counsel, respectfully submits this response in opposition to David Klusendorf's Motion. Based on the foregoing, the Court should enforce the contingency fee agreement Mr. Klusendorf executed. The Court may also decline to hear this matter because there is a petition to enforce the contingency fee contract that is pending in a Florida state court.

PRELIMINARY STATEMENT

Mr. Klusendorf retained Schlesinger over ten years ago to represent him in the *Libor* litigation. The retention was on a contingency fee basis and Mr. Klusendorf signed a contract that, among other things, provides Schlesinger will get a percentage of any recovery obtained for Mr. Klusendorf by lawsuit, settlement, or any favorable disposition. Mr. Klusendorf never complained about the contract, or the work Schlesinger performed for him. Mr. Klusendorf specifically authorized and instructed Schlesinger to complete and submit his settlement claim. Schlesinger retained an expert to assist in this complex process. Due to Schlesinger's efforts, Mr. Klusendorf

obtained one of the highest recoveries of the thousands of claims submitted. Schlesinger did what it was hired to do. The fact is, that over the past 10 years, Schlesinger provided him with skilled and effective representation. Mr. Klusendorf terminated Schlesinger only after it did the work. Mr. Klusendorf cannot now set aside the agreement he made simply because he wants more money. The Court should, respectfully, enforce the contingency fee agreement and otherwise deny Mr. Klusendorf's Motion. The Court may also decline to hear this motion in light of Schlesinger's Petition to Approve its Contingency Fee Agreement with Mr. Klusendorf that is pending in the Seventeenth Judicial Circuit Court in Broward County, Florida.

## THE FACTS

Mr. Klusendorf retained Schlesinger on March 6, 2013, to represent him in any and all matters, including *claims* and *lawsuits*, against certain financial institutions for the harms he allegedly suffered as a result of those financial institutions manipulation of the London Interbank Offer Rate (Libor) (emphasis added). Mr. Klusendorf retained Schlesinger on a contingency fee basis and executed a contingency fee agreement (the Agreement), attached as Exhibit 1. The Agreement provides, in relevant part:

> I, the undersigned client, do hereby retain and employ Schlesinger Law Offices, P.A. as my attorneys to represent me in any and all matters, claims and lawsuits against the financial institutions, corporations and any other entity responsible the financial losses I sustained.
>
> I understand this litigation may be extremely expensive. I do not have sufficient funds to undertake this litigation or to pay any costs in advance to Schlesinger Law Offices, P.A., nor do I wish to do so. I understand I will not be asked to pay any costs in advance to Schlesinger Law Offices, P.A. I also have been advised that if no money is recovered from my case I will not be obligated to reimburse Schlesinger Law Offices, P.A. for any costs incurred on my behalf. However, if a recovery is made on my behalf I hereby agree to pay all expenses, costs, and "court costs" advanced on my behalf by my attorneys out of my portion of the proceeds.

> In addition…Schlesinger Law Offices, P.A. also charges common benefit costs to clients in cases where Schlesinger Law Offices, P.A. represents multiple clients in similar litigation.  Common benefit costs are costs expended by Schlesinger Law Offices, P.A. for the common benefit of a group of clients.
>
> I understand and agree that the employment of Schlesinger Law Offices, P.A. is on a contingent fee basis, and if no recovery is made I will not be indebted to Schlesinger Law Offices, P.A. for any sums whatsoever, including attorneys' fees or costs.
>
> I agree to pay a contingency fee to the law firm of Schlesinger Law Offices, P.A. from any moneys which I shall be entitled to receive in the event of a settlement, trial, appeal or other favorable disposition of the matter, in accordance with the following fee schedule….33/ 1/3% of any recovery up to $1 million.
>
> I hereby give Schlesinger Law Offices, P.A. the exclusive right to take all legal steps to enforce my claims.  I hereby further agree not to settle my claims in any manner without first conferring and consulting with my attorneys.
>
> I authorize Schlesinger Law Offices, P.A. to withhold and retain from any recovery or monies obtained on by behalf: (1) their attorney's fees; (2) any monies owed to any subrogated interests…, and (3) any costs, court costs, or other expenses advanced on my behalf by my attorneys.
>
> To the extent permitted by applicable law, Client agrees that this Agreement shall be governed by Florida Law.

Schlesinger filed suit for Mr. Klusendorf on March 13, 2013. The case name and number is *Amabile v. Bank of America et al*, 13-cv-01700-NRB (S.D.N.Y), which centralized in the multidistrict litigation: *In re Libor Based Financial Instruments Antitrust Litigation*, 11-md-2262 (S.D.N.Y).

Beginning around April 2020 through August of that year, Mr. Klusendorf and Mr. Haberman had numerous communications and correspondence about the Court-approved Eurodollar Futures class action settlement and whether to opt in or opt out.  *See* Haberman Decl. ¶ 12.  In those communications, Mr. Klusendorf had told Mr. Haberman that he had received the

Notice of the settlement. *Id.*, ¶ 13. The Notice has a section on who the class action lawyers are and provides: "If you want to be represented by your own lawyer, you may hire one at your own expense." *See* Exhibit 2 at 10. Mr. Haberman also provided Mr. Klusendorf with the Plan of Distribution, which makes clear that a claimant's distribution will be from the Net Settlement Fund, which is defined as "the Total Settlement Fund from the Settlements approved by the Court, minus the costs, expenses, and fees approved by the Court. *See* Exhibit 3, Haberman Decl. ¶ 14. Mr. Klusendorf knew that Schlesinger did not represent the class, he knew Schlesinger represented him, individually. *Id.*, ¶ 15. Mr. Klusendorf also told Mr. Haberman that another attorney even solicited Mr. Klusendorf for purposes of representing him in the claims process. *Id.*, ¶ 16. But Mr. Klusendorf declined and continued to be represented by Schlesinger.

In order to best analyze Mr. Klusendorf's potential recovery in the settlement, Schlesinger retained an expert. Haberman Decl. ¶ 17. This expert, along with Schlesinger, reviewed Mr. Klusendorf's trading records and applied the settlement's plan of distribution to the records. The expert also estimated how many potential claimants would likely submit claims to come up with a likely recovery Mr. Klusendorf would obtain should he opt in. *Id.*, ¶ 18. Schlesinger also subpoenaed the Chicago Mercantile Exchange for Mr. Klusendorf's records to make sure he would have as much data as possible to submit a claim form. *Id.*, ¶ 19.

On August 21, 2020, Mr. Klusendorf agreed to a partial settlement of his claims. *See* Exhibit 4. On that date, and again on November 25, 2020, Mr. Klusendorf specifically authorized Schlesinger to execute the necessary settlement claim form and release. *See* Exhibit 5. At no point in working on the claims process did Mr. Klusendorf express that he could handle the claim submission on his own. Haberman Decl. ¶ 20.

Schlesinger prepared and submitted Mr. Klusendorf's settlement claim form. Mr. Klusendorf's partial settlement amounted to a substantial recovery. In fact, Schlesinger helped him obtain one of the highest recoveries of the claimants. His claim was ranked 44 out of the 2,404 claims that were timely submitted. Haberman Decl. ¶ 7-9, Exhibit 6.

On January 12, 2024, Mr. Klusendorf was presented with a closing statement pursuant to the terms of the contingency fee agreement. *See* Exhibit 7. On March 29, 2024, Schlesinger received a letter from Mr. Klusendorf's attorney, James Koutoulas, that disputed Schlesinger is owe a fee, charged Schlesinger for billing unreasonable fees and costs, and referred Schlesinger to Florida Bar Rule 5.1.1(f), which governs fee disputes. *See* Exhibit 8. Mr. Klusendorf terminated Schlesinger from representing him on April 4, 2024. Haberman Decl. ¶ 21.

On April 6, 2024, Mr. Klusendorf executed a partial closing statement, wherein he acknowledged that he signed the contingency fee agreement on March 6, 2013; that he agreed to a partial settlement of his claims; that he authorized Schlesinger to execute the necessary settlement claim form and release; and that he was allocated a recovery of $301,670.22. *See* Exhibit 4.

Schlesinger disbursed the amount which was not in dispute to Mr. Klusendorf. Pursuant to the Florida Rules of Professional Conduct, Schlesinger offered Mr. Klusendorf the opportunity to mediate. Mr. Klusendorf declined. Then, on April 19, 2024, Schlesinger filed a Petition for Approval of Fee Contract Signed by Mr. David Klusendorf in the Circuit Court of the Seventeenth Judicial Circuit, in Broward Country, Florida. *See* Exhibit 9. That matter is currently pending.

On April 20, 2024, Mr. Klusendorf filed this Motion. Mr. Klusendorf's memorandum of law fails to argue that the Agreement is unreasonable under Florida law or New York law. While Mr. Klusendorf maintains this Court should assess the reasonableness of the fees Schlesinger seeks, its fails to argue or provide any legal basis why Florida law should not apply to this situation,

especially where, as here, the Agreement provides that Florida law governs.

Prior to Mr. Klusendorf's objection to Schlesinger's fees, Schlesinger had been representing Mr. Klusendorf for over 10 years without any complaint or issue. Haberman Decl. ¶ 23. Schlesinger's representation was effective. Schlesinger filed suit on Mr. Klusendorf's behalf in March 2013. Schlesinger filed an amended complaint on October 7, 2014. *See Amabile v. Bank of America et. al.*, Case No. 13-cv-01700-NRB (S.D.N.Y). Schlesinger retained experts to evaluate the claims and work on a damages model. Haberman Decl. ¶ 24. Schlesinger responded to motions to dismiss along with other Direct Plaintiff Action work. And all through the past ten years Schlesinger was on top of a docket that contains over 4,000 entries of pleadings, some with hundreds of pages of legal memoranda and supporting material. *See* Docket of 11-md-2262-NRB. Through Schlesinger's efforts, Mr. Klusendorf enjoyed the benefits of his own suit along with class membership.

## ARGUMENT

### I.     The Court Should Enforce The Contingency Fee Agreement

In retaining Schlesinger to represent him, Mr. Klusendorf agreed that the Agreement shall be governed by Florida law. In conclusory fashion, he takes an opposite view in his Affidavit, but the Memorandum of Law submitted in support of his Motion utterly fails to even mention which state's law should apply. The Court should find that Mr. Klusendorf therefore abandoned any choice-of-law argument. In any event, both New York and Florida enforce choice-of-law provisions in contracts. *See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000) (holding: "New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long the state selected has sufficient contacts with the

transaction.")  *See also Krenkel v. Kerzner International Hotels, Ltd.*, 579 F.3d 1279 (choice of law clauses are presumptively valid unless they are unfair on unreasonable under the circumstances).   Accordingly, if the Court retains this matter, it should apply Florida law.

Florida Supreme Court authority makes plain that "there is a strong public poly favoring freedom of contract." *State ex rel. Fulton v. Ives*, 123 Fla. 401, (Fla. 1936).  *See also City of Largo v. AHF-Bay-Fund*, 215 So. 3d 10, 16 (Fla. 2017) ("it is a matter of great public concern that freedom of contract be not lightly interfered with."), and *Barakat v. Broward Cnty. Hous. Auth.*, 771 So. 2d 1193, 1195 (Fla. 4th DCA 2000) ("A fundamental tenet of contract law is that parties are free to contract.").

Further, the Florida Supreme Court has discussed these principles in connection with its approval of contingency fees.  *See generally The Fla. Bar*, 349 So. 2d 630-634 (Fla. 1977).   There, the State's Supreme Court noted, "It is irrefutable that the poor and least fortunate in our society enjoy access to our courts, in part, because of the existence of the contingent fee."  *Id*., 349 So. 2d at 633.  In support of the contingency fee, the Florida Supreme Court noted:

> It is both a liberty and property right and is within the protection of the guaranties against the taking of liberty or property without due process of law.
>
> It follows, therefore, that neither the federal nor state governments may impose any arbitrary or unreasonable restraint on the freedom of contract.

Klusendorf retained Schlesinger to represent him on a contingency fee basis to prosecute all "*claims*" and "*lawsuits*." (emphasis added).  In doing so, Klusendorf acknowledged:

> I understand this litigation may be extremely expensive.  I do not have sufficient funds to undertake this litigation or to pay any costs in advance to Schlesinger Law Offices, P.A., nor do I wish to do so.  I understand I will not be asked to pay any costs in advance to Schlesinger Law Offices, P.A.  I also have been advised that if no money is recovered from my case I will not be obligated to reimburse Schlesinger Law Offices, P.A. for any costs incurred on my behalf.  However, if a recovery is made on my behalf I hereby agree to pay all expenses,

> costs, and "court costs" advanced on my behalf by my attorneys out of my portion of the proceeds.
>
> I understand and agree that the employment of Schlesinger Law Offices, P.A. is on a contingent fee basis, and if no recovery is made I will not be indebted to Schlesinger Law Offices, P.A. for any sums whatsoever, including attorneys' fees or costs.
>
> I agree to pay a contingency fee to the law firm of Schlesinger Law Offices, P.A. from any moneys which I shall be entitled to receive in the event of a settlement, trial, appeal or other favorable disposition of the matter, in accordance with the following fee schedule….33/ 1/3% of any recovery up to $1 million.

Schlesinger did just as it was retained to do: it represented Mr. Klusendorf in the lawsuit, and represented him in the settlement. Mr. Klusendorf specifically wanted Schlesinger to complete and submit his claim form. He even said so to the Settlement Administrator:

> Settlement Administrator
> USD LIBOR EURODOLLAR FUTURES SETTLEMENTS
> c/o A.B. Data, Ltd.
> P.O. Box 170990
> Milwaukee, WI 53217
> 800-918-8964
>
> **LETTER OF REPRESENTATION AND AUTHORIZATION TO EXECUTE CLAIM FORM**
>
> To Whom It May Concern:
>
> I write to inform the Settlement Administrator that I am a class member in the case *In Re: Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262. I am represented by the Schlesinger Law Offices, P.A., in connection with the USD LIBOR Eurodollar Futures Settlements, and I hereby authorize Schlesinger Law Offices, P.A. to execute the claim form and release on my behalf.
>
> Respectfully yours,
>
> *[signature]*
>
> David Klusendorf          11-25-2020

The Agreement provides for a fee for any recovery obtained by way of settlement, trial or other favorable disposition. Mr. Klusendorf acknowledged he was allocated a recovery of

$301,670.22 in signing the Partial Closing Statement.  Schlesinger is therefore entitled to its fee of 33 and 1/3%, or $100,546.68.

Contrary to Mr. Klusendorf's argument, the Court's Order on the Exchange-Based attorneys' fee application does not apply here.  The Order addresses a motion made by lawyers seeking compensation for work that was done on behalf of the class. The Order governs that limited issue. Schlesinger was not part of that motion.  Schlesinger is not seeking compensation for work done on behalf of the class, Schlesinger is seeking to enforce its contingency fee agreement for work done on behalf of Mr. Klusendorf. The Order has nothing to do with private fee contracts between individual plaintiffs or claimants and their respective counsel. Those clients were entitled to and benefited from the work performed by their own counsel – that's what happened here.

The class Notice even anticipates that claimants may retain their own counsel, independent of the class lawyers.  The Notice provides that, "If you want to be represented by your own lawyer, you may hire one at your own expense."  Mr. Klusendorf's assertion that he did not know Schlesinger would seek its fees is unreasonable.  First, Mr. Klusendorf signed the contingency fee agreement that covers the work Schlesinger did for him.  Second, Mr. Klusendorf received the Notice that provides for this exact scenario: Mr. Klusendorf hired his own lawyer.  Third, Mr. Klusendorf specifically authorized Schlesinger to complete the settlement claim form.  Mr. Klusendorf plainly wanted Schlesinger's continued representation.  He plainly wanted Schlesinger to handle the filing of the complex settlement claim form.  And he plainly enjoyed the benefits of Schlesinger's expert analysis and work.

While Mr. Klusendorf did not need to hire his own counsel, he did.  And because he did, he must live with the Agreement he knowingly and voluntarily executed.  Because of Schlesinger's efforts and expertise in submitting Mr. Klusendorf's claim, he obtained one of the highest

recoveries of the thousands of claimants.  To complain that Schlesinger's representation was not significant, as Mr. Klusendorf does here, is unfounded.   At no point did Mr. Klusendorf suggest he could submit the claim himself.

Schlesinger's contingency fee is presumptively reasonable because it the very fee schedule set forth in the Florida Rules of Professional Conduct, Rule 4-1.5(f)(4)(B)(i).  Schlesinger's costs of $5,921.43 that specifically pertain to Mr. Klusendorf, and $2,454.92 that are his share of general costs Schlesinger incurred in the *Libor* litigation are reasonable too. Schlesinger represented Mr. Klusendorf for over 10 years.  That amount represents expenses for, among other things, expert work, Westlaw charges, travel to New York for hearings, and to obtain his financial records.

Under these circumstances, the Court should enforce the contingency fee agreement Mr. Klusendorf signed on March 6, 2013.

## II. The Court Can Decline To Address This Motion Because Florida State Court Is The More Appropriate Forum

The Court can also decline to hear this matter in light of Schlesinger's Petition to Approve its Contingency Fee Agreement with Mr. Klusendorf that is pending in the Seventeenth Judicial Circuit Court in Broward County, Florida.  This issue presented is straightforward: whether under the circumstances described above, the Agreement is enforceable under Florida law.  Principles of comity weigh in favor of a Florida court hearing the issue rather than this Court.

Mr. Klusendorf retained a firm that is based in Ft. Lauderdale.  Mr. Klusendorf signed a contingency fee agreement that comports with Florida law, and expressly provides that the "Client agrees this Agreement shall be governed by Florida law."  Mr. Klusendorf's correspondence of March 29, 2024, which questioned the reasonableness of the Schlesinger's fees and costs demanded compliance with Florida Bar Rule 5.1.1(f) – a Florida rule that governs fee disputes.

Mr. Klusendorf's motion is too attenuated from the issues before this Court regarding the

*Libor* cases – it is a basic fee dispute. As demonstrated above, the Court's Order addressing Exchange-Based Plaintiffs' class counsel's applications for attorney's fees in not applicable here. The Order has nothing to do with private fee contracts between individual plaintiffs or claimants and their respective counsel. Those clients were entitled to and benefited from the work performed by their own counsel – that's what happened here. The class Notice even anticipates that claimants may retain their own counsel, independent of the class lawyers.

For these reasons, the Court should respectfully pass on deciding this Motion, as the court in Florida is the better forum for resolution of this fee dispute.

### III.    Next Steps If The Court Declines To Enforce The Contingency Fee Agreement or Seeks Additional Information From Schlesinger

If the Court decides to adjudicate this matter, the Court, respectfully, should first determine whether the contingency fee agreement is enforceable. A ruling that the Agreement is enforceable would dispose of Mr. Klusendorf's Motion. If the Court, however, decides otherwise or if the Court decides it needs more information, then Schlesinger will submit its hours and lodestar corresponding with the work the firm performed. Schlesinger's 10-plus years of representation was effective, and much work was done on his behalf. It enabled Mr. Klusendorf to enjoy the benefit of his own suit along with class membership. Mr. Klusendorf should not be able to simply avoid paying for the representation he obtained.

### CONCLUSION

Based on the foregoing, the Court should respectfully decline to address the matter, or enforce the contingency fee agreement and deny Mr. Klusendorf's motion, and grant such other and further relief the Court deems just and proper.

Dated: May 6, 2024                                                  Respectfully submitted,

                                                                                    s/Jeffrey L. Haberman

        Jeffrey L. Haberman
        Scott P. Schlesinger
        Jonathan R. Gdanski
        SCHLESINGER LAW OFFICES, P.A.
        1212 SE Third Avenue
        Ft. Lauderdale, FL 33316
        954-467-8800
        jhaberman@schlesingerlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 6, 2024, I filed the foregoing with the Clerk of Court, which will automatically notify counsel for Mr. Klusendorf.

        <u>s/Jeffrey L. Haberman</u>
        Jeffrey L. Haberman