# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-2472 | aturner@stblaw.com |

BY ECF											February 7, 2025

Re:	*In re LIBOR-Based Financial Instruments Antitrust Litig.*,
	No. 11-md-2262 (NRB)

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

	We are counsel to Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Dublin plc, JPMorgan Markets Limited, and Bear Stearns Capital Markets, Inc. We write on behalf of all remaining Defendants in this MDL proceeding to seek the Court's guidance with respect to an issue concerning the confidentiality designations and sealing of exhibits to the pending summary judgment, *Daubert*, and class certification motions (the "Motions").

	Prior to the first round of briefing on the Motions, the parties agreed and obtained this Court's approval to file under seal all exhibits that had been designated confidential pursuant to the Protective Order in this MDL proceeding. *See* September 27, 2024 Order (ECF No. 4136); October 11, 2024 Order (ECF No. 4195); May 12, 2016 Amended Stipulation and Protective Order (ECF No. 1405). Counsel for the Direct Action Plaintiffs ("DAPs") have informed Defendants that they now wish to *unseal every one of the more than 2,300 exhibits* to the Motions, and so have invoked the Protective Order's procedures to challenge the confidentiality designations as to every single document, triggering a meet-and-confer process and probable motion practice as to any unresolved challenges. *See* ECF 1405, § 9. This request by the DAPs comes on the heels of a similar request by one DAP, the FDIC, in its ongoing U.K. court proceeding related to alleged LIBOR suppression, in which some but not all of the MDL Defendants are defendants. The FDIC asked the panel banks that are not defendants in the U.K. proceeding to permit the FDIC to use in the U.K. proceeding the documents that are part of the MDL summary judgment record, even though such documents were not requested or produced in the U.K. proceeding through the U.K. disclosure process,

Simpson Thacher & Bartlett LLP

The Honorable Naomi Reice Buchwald -2- February 7, 2025

through 28 U.S.C. § 1782, or otherwise. Counsel for the FDIC in this MDL have represented that the two requests are unconnected.[1]

  Defendants have started to confer in good faith with liaison counsel for the DAPs pursuant to the terms of the Protective Order. Through that process, it has become clear that the de-designation process will be Defendant-specific and potentially complex. As just one example, a number of the exhibits are expert reports that incorporate hundreds of unique exhibits—both exhibits produced by Defendants and by third parties—that will require individualized consideration and which will likely require the Court's involvement. Defendants wish to avoid or minimize any unnecessary burden on the Court that may result if confidentiality and sealing issues are presented while the Court is engaged in the substantial work associated with the pending Motions. Accordingly, Defendants proposed to the DAPs that the parties and the Court defer resolution of such issues until after the Motions have been decided, with the added benefit that the parties would then be able to prioritize their efforts on exhibits the Court relies upon. In Defendants' counsel's experience, it is not unusual to defer resolution of confidentiality and sealing issues until the motions to which those documents relate have been ruled upon. The DAPs instead insist that all of this work must happen now.

  Because the documents in question have been designated as confidential for many years without challenge, have been filed under seal in accordance with the parties' agreement and the Court's orders, and there is no apparent prejudice to any party or to the public from deferring resolution of any challenges to their confidentiality until after the Motions have been ruled upon, Defendants seek the Court's guidance as to whether it wishes these issues to be addressed now or deferred until after the Court rules on the Motions.

  We thank the Court for its consideration of this matter and are available to answer any questions the Court may have.

Respectfully submitted,

*/s/ Alan Turner*

Alan C. Turner

---

[1] The MDL Protective Order limits a party's use of MDL Discovery Material to the prosecution or defense of the MDL Actions (ECF No. 1405, § 2.2), which do not include the FDIC's U.K. proceeding. That proceeding is governed by the U.K. court's discovery and procedural rules.