# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262<br>Master File No. 1:11-md-2262-NRB<br><br><br>Hon. Naomi Reice Buchwald |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**CONSOLIDATED COPY OF SUBMISSIONS RELATED TO PLAINTIFFS' RULE 56.1
JOINT COUNTERSTATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to the Court's direction [ECF No. 4545], Plaintiffs hereby submit this consolidated copy of:

- Plaintiffs' Joint Counterstatement of Rule 56.1 Statements of Material Undisputed Facts [ECF No. 4331], filed on November 22, 2024,

- Defendants' Responses to Plaintiffs' Rule 56.1 Joint Counterstatement Material Undisputed Facts [ECF No. 4443], filed on January 21, 2025, and

- Errata to Plaintiffs' Joint Counterstatement to Defendants' Rule 56.1 Statement of Material Undisputed Facts [ECF No. 4526-1], filed on February 7, 2025.

For ease of review, the aforementioned submissions are reproduced below in the following order: (i) table of contents in Defendants' Responses to Plaintiffs' Rule 56.1 Joint Counterstatement of Material Undisputed Facts modified to correspond with pagination and headings in this filing; (ii) Defendants' table of defined terms; (iii) the parties' preliminary statements in the aforementioned submissions; and (iv) statements of material undisputed fact contained in Plaintiffs' Joint Counterstatement of Rule 56.1 Statement of Material Undisputed Facts followed by Defendants' responses thereto and, where applicable, Plaintiffs' errata to their responses. The segments of this document that come from filings by Defendants are noted with light gray shading, and statements from Plaintiffs' Errata are shown in red text (and for ease of reference are also shown herein in redline in the numbered paragraphs of Plaintiffs' Joint Counterstatement of Rule 56.1 Statements of Material Undisputed Facts where applicable). For purposes of this consolidated filing, all footnote numbers herein correspond to the original footnote numbers reflected in the above-referenced filings.

## TABLE OF CONTENTS

**Defendants' Statement:** *For the convenience of the Court, Defendants replicate below all headings as they appear in Plaintiffs' Joint Counterstatement of Rule 56.1 Statements of Material Undisputed Facts [ECF No. 4331]. Defendants dispute all statements in and all potential inferences from the headings.*

**Page**

DEFENDANTS' TABLE OF DEFINED TERMS.........................................................................IV

PLAINITFFS' PRELIMINARY STATEMENT ....................................................................... 1

DEFENDANTS' PRELIMINARY STATEMENT ................................................................... 2

I.     MARKET FUNDAMENTALS AND THE FINANCIAL CRISIS................................... 7

       A.     Wholesale Funding and Money Markets ................................................................ 7

       B.     The Global Financial Crisis ................................................................................. 10

              1.     Beginning in August 2007, the Global Financial Markets Came
                     Under Extreme Stress, and These Conditions Persisted Throughout
                     the Relevant Period......................................................................................... 10

              2.     The Global Financial Crisis Severely Impacted the Availability of
                     Offers at 11 a.m. in the London Interbank Market, ███████████
                     █████████████████████████████ ....................... 23

II.    LIBOR FUNDAMENTALS ............................................................................................ 27

       A.     The LIBOR Question............................................................................................. 27

       B.     LIBOR Setting Guidelines .................................................................................... 39

III.   DEFENDANTS AGREED TO IGNORE THE DEFINITION OF LIBOR IN
       SETTING LIBORS......................................................................................................... 45

       A.     Beginning in August 2007 and Through December 2007, ██████████
              ██████████████████████████████████████████████
              ████████████████████████████ ................................................. 47

       B.     The Market Conditions That Began in August 2007, Characterized by the
              Lack of Interbank Offers, Persisted Through the Relevant Period...................... 68

       C.     In 2008, All Defendants Participated in the BBA's Months-Long Formal
              "Consultation" Process, Led by the FXMMC, to Review the LIBOR
              Definition and Instructions .................................................................................. 76

       D.     The LIBOR "Consultation" Process Led by the FXMMC Resulted in No
              Changes to the LIBOR Definition and Instructions............................................. 87

IV.    DEFENDANTS SET LIBORS IN ORDER TO STAY 'WITHIN THE PACK' ............ 95

|       | A. | Defendants Understood That Setting LIBORs Outside "the Pack" Could Result in Negative Press Attention and Speculation About Their Creditworthiness ................................................................. 98 |
|-------|----|--------|
|       | B. | The Defendants Set Their LIBORs in Alignment with Other Panel Banks ....... 102 |
|       | C. | Barclays' Higher LIBORs in August 2007 Attracted Press Speculation and Served as a Lesson to Defendants About the Consequences of Getting Out of "the Pack" ................................................................. 130 |
| V. | | LIBOR WAS SUPPRESSED .......................................................... 138 |
|       | A. | Defendant Banks and the BBA Acknowledged that LIBORs Were Too Low .................................................................................. 138 |
|       | B. | Banks Acknowledged that Their LIBOR Submissions Were Too Low ............. 145 |
|       | C. | Expert Analysis Confirms the Record Evidence that LIBORs were Suppressed During the Relevant Period ................................................ 154 |
| VI. | | DEFENDANTS COMMUNICATED THROUGH INTERDEALER BROKERS IN ORDER TO COORDINATE THEIR SUPPRESSED SUBMISSIONS .................. 155 |
|       | A. | Defendants Received Daily Broker LIBOR "Indications" ................................ 156 |
|       | B. | Broker Indications Represented Defendants' Planned Submissions Rather than Permissible Information About Market Activity, and Were Too Low ....... 168 |
|       | C. | Defendants Exchanged Information About Their Planned Submissions Indirectly Via Brokers in Order to Align Their Submissions ............................. 174 |
|       | D. | Market Color ........................................................................................ 176 |
|       | E. | Defendants Relied on Information from Brokers in Setting LIBORs ................ 179 |
| VII. | | DEFENDANTS COMMUNICATED DIRECTLY TO COORDINATE THEIR SUPPRESSED LIBOR SUBMISSIONS ............................................... 212 |
| VIII. | | DEFENDANTS CONCEALED THEIR CONDUCT .................................... 240 |
|       | A. | In Response to a Period of Intense Press Scrutiny in Mid-April 2008, Defendants Jointly Moved LIBOR Up to Conceal Their Suppression .............. 240 |
|       | B. | Defendants Coordinated their Press Responses to Conceal their Suppression ........................................................................................ 254 |
|       | C. | Defendants at Times Took Measures to Conceal Their Conduct by Taking Steps to Keep Their Communications Private and to Avoid Memorializing Communications .................................................................................. 265 |
|       | D. | Defendants Made Efforts to Conceal their Suppression by not Paying (Publicly) Above LIBOR. ...................................................................... 273 |
| IX. | | MONITORING AND ENFORCEMENT ............................................... 282 |
|       | A. | Thomson Reuters Conducted Tolerance Checks of Submissions on Behalf of the FXMMC .................................................................................. 282 |

     B.      Defendants Modified their Submissions in Response to Queries from Thomson Reuters or the BBA ............................................................. 286

     C.      The FXMMC Did Not Use its Power to Discipline Panel Banks Submitting Inaccurate LIBORs .................................................................. 290

X.     DEFENDANTS' REGULATORY ADMISSIONS ....................................... 292

XII.     CREDIT SUISSE AND NORINCHUKIN SPECIFIC EVIDENCE ............................. 312

XIII.     DEFENDANTS COLLUDED TO SUPPRESS LIBORS ............................... 316

XIV.     DISCOVERY AND DOCUMENT ISSUES .................................................. 389

XV.     EMPIRICAL ANALYSES BY HIGHLY QUALIFIED ECONOMISTS CORROBORATE FFFP PLAINTIFFS' ALLEGATIONS ............................................. 394

## DEFENDANTS' TABLE OF DEFINED TERMS

| Term | Definition |
|------|------------|
| 1M | 1-month |
| 3M | 3-month |
| 6M | 6-month |
| 12M | 12-month |
| BaFin | German Federal Financial Supervisory Authority |
| Bank of America | Bank of America, N.A. |
| Barclays | Barclays Bank PLC |
| BBA | British Bankers' Association |
| BBA LIBOR Instruction | The LIBOR instruction published by the BBA that was in place from 1998 and throughout the Relevant Period |
| CCB | Canadian Competition Bureau |
| CFTC | U.S. Commodity Futures Trading Commission |
| Citi | Citibank, N.A. |
| Credit Suisse | Credit Suisse AG London Branch |
| DAPs | Direct Action Plaintiffs |
| Deutsche Bank | Deutsche Bank AG |
| DFS | New York State Department of Financial Services |
| DOJ | U.S. Department of Justice |
| DPA | Deferred prosecution agreement |
| EC | European Commission |

| Term | Definition |
|---|---|
| Fannie Mae | Federal National Mortgage Association |
| FCA | U.K. Financial Conduct Authority (f/k/a U.K. Financial Services Authority) |
| FDIC | Federal Deposit Insurance Corporation |
| FFFP Plaintiffs | Fannie Mae, Freddie Mac, FDIC, and the Principal Plaintiffs, collectively |
| FINMA | Swiss Financial Market Supervisory Authority |
| FRAs | Forward rate agreements |
| Freddie Mac | Federal Home Loan Mortgage Corporation |
| FX | Foreign exchange |
| FXMMC | Foreign Exchange & Money Markets Committee |
| GBP | British Pound Sterling |
| HBOS | Bank of Scotland plc |
| HSBC | HSBC Bank plc |
| IBA | ICE Benchmark Administration Limited |
| JPMorgan | JPMorgan Chase Bank, N.A. |
| JPY | Japanese Yen |
| LBG | Lloyds Banking Group plc |
| LIBOR | London Interbank Offered Rate |
| LID Transactions | Panel Bank interbank borrowing transactions made through cash or certificates of deposit in the London market, with a principal amount of $100,000 to $100,000,000 |

| Term | Definition |
|---|---|
| Lloyds Bank | Lloyds Bank plc (f/k/a Lloyds TSB Bank plc) |
| MAS | Monetary Authority of Singapore |
| MDL | The above-captioned multidistrict litigation |
| MUFG | MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.) |
| NatWest | NatWest Markets plc (f/k/a The Royal Bank of Scotland Group plc) |
| Norinchukin | The Norinchukin Bank |
| NPA | Non-prosecution agreement |
| OIS | Overnight index swap |
| OTC | Over the counter |
| OTC Plaintiffs | Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, Jennie Stuart Medical Center, Inc., and SEIU Pension Plans Master Trust, collectively |
| PAG | Property Alliance Group Limited |
| Panel Banks | Bank of America, Barclays, Citi, Credit Suisse, Deutsche Bank, HSBC, JPMorgan, Lloyds Bank, MUFG, NatWest, Norinchukin, Portigon, Rabobank, RBC, and UBS for the Relevant Period, and HBOS and SocGen for portions of the Relevant Period |
| Plaintiffs | DAPs and OTC Plaintiffs, collectively |
| Portigon | Portigon AG (f/k/a WestLB AG) |
| Principal Plaintiffs | Principal Financial Group and Principal Funds, Inc. |

| Term | Definition |
|---|---|
| Rabobank | Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) |
| RBC | Royal Bank of Canada |
| Relevant Period | As to the OTC action, August 2007 through August 2009 and, as to DAPs' actions, August 2007 through May 2010 |
| Reuters | Thomson Reuters |
| S&P | Standard & Poor's |
| SEC | U.S. Securities and Exchange Commission |
| SFO | U.K. Serious Fraud Office |
| SocGen | Société Générale |
| State AGs | Working group of various U.S. State Attorneys General |
| TARP | Troubled Asset Relief Program |
| U.K. | United Kingdom |
| U.S. | United States |
| UBS | UBS AG |
| USD | U.S. Dollars |
| USD LIBOR | U.S. Dollar LIBOR |
| WEKO | Swiss Competition Authority |
| Wheatley Review | A report of an independent review of and recommendations concerning the LIBOR setting process published in September 2012 by Martin Wheatley (Managing Director of the FSA and Chief Executive Officer–Designate of the FCA); the review was mandated by the U.K. Parliament |

## PLAINTIFFS' PRELIMINARY STATEMENT

Pursuant to Civil Rule 56.1 (b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs submit the following additional material facts as to which Plaintiffs contend there exist genuine issues to be tried.

Citations to Plaintiffs Exhibits ("PX") numbered up to 1799 are to Declaration of William Christopher Carmody in Opposition to Defendants' Joint Motion for Summary Judgment on Upstream Issues. Citations number PX1800 or higher are to the Declaration of James R. Martin in Support of Plaintiffs' Opposition to Summary Judgment and Joint Counterstatement of Rule 56.1 Statement of Material Undisputed Facts.

## **DEFENDANTS' PRELIMINARY STATEMENT**

Pursuant to Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1" or "S.D.N.Y. Loc. Civ. R. 56.1"), Defendants respectfully submit this response ("Response," and individual responses, "Responses") to Plaintiffs' Joint Counterstatement of Rule 56.1 Statements of Material Undisputed Facts ("Joint Counterstatement" or "Pls.' Counterstmt.") [ECF No. 4331].

Plaintiffs filed a 200-page Joint Counterstatement in addition to a 370-page response to Defendants' Rule 56.1 Statement of Material Undisputed Facts ("56.1 Responses" or "56.1 Resps.") [ECF No. 4333].  In these hundreds of pages, and after many years of discovery involving the production of millions of documents and more than sixty depositions, Plaintiffs do not identify a triable issue of material fact that warrants denial of Defendants' Joint Motion for Summary Judgment [ECF No. 4164].  Rather, Plaintiffs' tactic is obvious—to muddy the record with extraneous material, self-serving interpretations of documents and testimony, and repetition of unsupported allegations of a multi-year, 16-bank conspiracy to lowball USD LIBOR submissions every single day across all tenors of USD LIBOR.

Defendants provide the responses below for purposes of their Joint Motion for Summary Judgment.  To the extent Defendants do not dispute a particular statement, Defendants do not concede that Plaintiffs' statement relies on admissible evidence; Defendants reserve the right to object to any documents or testimony Plaintiffs may offer.

For the convenience of the Court, Defendants replicate below all headings as they appear in Plaintiffs' Joint Counterstatement.  Defendants dispute all statements in and all potential inferences from the headings.  Defendants' replication of Plaintiffs' Joint Counterstatement reproduces typographical errors that were in Plaintiffs' Joint Counterstatement.  Defendants

respond jointly to the Joint Counterstatement. This Response reproduces above and utilizes the Table of Defined Terms and Defendant-specific defined terms within Defendants' Rule 56.1 Statement of Material Undisputed Facts ("Defendants' Statement" or "Defs.' Stmt.") [ECF No. 4168]. Citations to Plaintiffs' Exhibits are denominated as "PX__." Defendants refer to the production bates numbers stamped on Plaintiffs' Exhibits to the extent those numbers differ from those cited by Plaintiffs herein.

**General Objections.**

1.    Plaintiffs often (but not always) accurately quote portions of documents or testimony cited in support of an alleged undisputed material fact. Defendants dispute that any reasonable inferences can be drawn from the cited material supporting Plaintiffs' allegations that Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period or conspired to do so.

2.    Plaintiffs often cite documents that are inadmissible and incapable of being converted into admissible evidence. The Court properly may disregard these documents. *See* Fed. R. Civ. P. 56(c)(1)-(2) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . . A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); S.D.N.Y. Loc. Civ. R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, as set forth as required by Fed. R. Civ. P. 56(c)."). Plaintiffs also purport to support certain statements with exhibits that have been "intentionally omitted" from the Declaration of William Christopher Carmody in Opposition to Defendants' Joint Motion for Summary Judgment on "Upstream Issues"

("Carmody Declaration" or "Carmody Decl.") [ECF No. 4280] or exhibits that do not contain the cited material. The Court should disregard such statements that are not based on any evidence in the record. *See Emanuel v. Griffin*, 2015 WL 1379007, at *2 (S.D.N.Y. Mar. 25, 2015) ("[In] deciding [d]efendants' motions for summary judgment, the Court will ignore all portions of [p]laintiffs' [counterstatement] that contain 'improper legal argument and unsupported assertions.'"). Defendants identify statements supported by inadmissible evidence with a superscript symbol "b," as explained below.

3.    Certain statements in the Joint Counterstatement reflect only the disputed opinions of Plaintiffs' proffered experts, which are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motions. *See* ECF Nos. 4148, 4152, 4158. Such inadmissible expert opinion cannot be relied upon by the Court at summary judgment. *See In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 172 (S.D.N.Y. 2018) ("[Expert's] opinions and testimony are inadmissible and will not be considered on the motion for summary judgment."). Further, the statements Plaintiffs proffer merely repeat speculative and conclusory expert opinions that should be disregarded. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (speculative and conclusory expert opinions are inappropriate material for consideration on a motion for summary judgment) (citing *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[A]n expert's report is not a talisman against summary judgment.")); *In re Refco Inc. Sec. Litig.*, 2013 WL 12191891, at *7 (S.D.N.Y. Mar. 11, 2013) ("An expert opinion is no substitute for proof of an underlying fact."). The Court should disregard Plaintiffs' statements based only on the improper opinions of their experts.

4.    Many statements in the Joint Counterstatement are not material or relevant to any matter on which Defendants seek summary judgment, and thus should be disregarded. *See Quarles*

*v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985) ("[T]he mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment."). Such statements include those supported by documents or testimony unrelated to USD LIBOR. *See In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR IV)*, 2015 WL 6243526, at *6 (S.D.N.Y. Oct. 20, 2015) ("Although the BBA published LIBORs for ten different currencies, this case concerns only the U.S. Dollar ('USD') LIBOR, and we use 'LIBOR' to refer *only* to USD LIBOR except where clear form context.") (emphasis in original). To the extent Plaintiffs' Joint Counterstatement refers to "LIBOR(s)," Defendants interpret this to be limited to USD LIBOR unless otherwise specified.

5.      The Joint Counterstatement frequently misquotes, mischaracterizes, or selectively presents documents or testimony. Often, these are not mere trifles, but gross distortions of the record. Such statements are insufficient to defeat summary judgment. *See Simmons v. Woodycrest Ctr. for Hum. Dev., Inc.*, 2011 WL 855942, at *1 n.1 (S.D.N.Y. Mar. 9, 2011) ("conclud[ing] that all assertions made in [d]efendants' 56.1 [s]tatement must be taken as true" because counterstatement was "materially deficient in several respects," particularly by relying "in significant part on gross distortions of the summary judgment record").

6.      Certain statements in the Joint Counterstatement are legal conclusions, not statements of undisputed fact, that have no proper place in a Rule 56.1 submission. *See, e.g., id.* (disregarding "several of [plaintiff's counterstatement's] 'facts'" which "are, in actuality, legal conclusions"). The Court should disregard such "materially deficient" statements. *Id.; see also Emanuel*, 2015 WL 1379007, at *2.

7.      Many statements in the Joint Counterstatement are impermissibly vague, conclusory, inapposite, speculative, argumentative, unsupported, or overbroad and should be

disregarded. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("Where, as here, the record does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently."); *see also Frederick v. Cap. One Bank (USA), N.A.*, 2018 WL 1583289, at *2 (S.D.N.Y. Mar. 27, 2018) (disregarding statements that were "vague, conclusory, inapposite, speculative, argumentative, unsupported, or otherwise inappropriate for consideration").

To conserve space, Defendants use the symbols identified in the table below to assert the foregoing objections in their specific Responses.

| | |
|---|---|
| a | Plaintiffs' statement accurately quotes one or more of the cited documents or testimony, but no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period. |
| b | The documents and testimony cited in support of Plaintiffs' statement are inadmissible and not capable of being converted into admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). |
| c | Plaintiffs' statement reflects only an opinion of their proffered expert, which opinion is unreliable and inadmissible for reasons set forth in Defendants' *Daubert* motion; it is not an undisputed statement of material fact. |
| d | Plaintiffs' statement is not material or relevant to any matter on which Defendants seek summary judgment. |
| e | Plaintiffs' statement misquotes, mischaracterizes, or improperly selectively presents documents or testimony. |
| f | Plaintiffs' statement is a legal conclusion, not a statement of material fact. |
| g | Plaintiffs' statement is impermissibly vague, conclusory, inapposite, speculative, argumentative, unsupported, or overbroad. |

## I.    MARKET FUNDAMENTALS AND THE FINANCIAL CRISIS

### A.    Wholesale Funding and Money Markets

1.    The London Interbank Market was a money market in which banks could raise funds.[1]

**DEFENDANTS' RESPONSE:**  Admit with the clarification that the London Interbank Market was a money market in which banks could attempt to raise funds.

2.    During the global Financial Crisis, major financial institutions, including Defendants, were highly leveraged and many were exposed to collateralized debt obligations.[2]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by "highly leveraged.  Moreover, the cited documents do not support Plaintiffs' statement that "Defendants" were "highly leveraged" and "exposed to collateralized debt obligations," which is, in any event, so broad and vague a statement as to be irrelevant to any issue concerning Defendants' Joint Motion for Summary Judgment.  In addition, the remarks of the former Chairman of the Board of Governors of the Federal Reserve System that Plaintiffs cite in support of Plaintiffs' statement, *see* Pls.' Counterstmt. ¶ 2 n.2 (citing PX1269 (Cragg Opening) ¶ 13 n.5), are inadmissible as support for the truth of Plaintiffs' statement.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(b, c, d, g)] that all Defendants "were highly leveraged and exposed to collateralized debt obligations."

---

[1] PX0737 (████████ Dep. 18:17-22 ███████████████████████████████ █████████████████████████████; PX1098 (BOFA-LIB0661262 at '262); PX0423 (PORTIGON0006666 at '669); PX0122 (JPM_MDLl_USD_00038933 at '936)████████████████████████ ██████████████████████████████; PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193); PX0316 (Marx Rep. ¶ 68 (citing John B. Taylor, John C. Williams, "A Black Swan in the Money Market," American Economic Journal: Macroeconomics 1, no. 1 (January 2009): 58-83)).

[2] PX1269 (Cragg Rep. ¶ 13, n.5, ¶ 46); PX0316 (Marx Rep. ¶ 77).

3.    The threat of bank runs is more acute for more leveraged banks.[3]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by the phrases "threat of bank runs," "more acute," or "more leveraged banks."  For this ambiguous and irrelevant statement, Plaintiffs cite only the factually unsupported opinion of their proffered expert, Dr. Cragg.  The paragraphs of the Hubbard Report and Carlton Report cited by Dr. Cragg do not support Plaintiffs' statement.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[b, c, d, e, g] Plaintiffs' statement.

4.    During financial crises, even "healthy banks" can experience bank runs.[4]

**DEFENDANTS' RESPONSE:**  Admit[a] that the cited testimony supports Plaintiffs' statement.

5.    Defendants competed to attract funds in money markets, including the London interbank market.[5]

**DEFENDANTS' RESPONSE:**  While Defendants are competitors in various financial markets and are both borrowers and lenders in money markets, including the London

---

[3] PX1269 (Cragg Rep. ¶ 18); PX0102 (Hubbard Rep. ¶ 77); PX1169 (Carlton Rep. ¶ 28); *see, e.g.*, PX0023 (DB-USDMDL 01276720 at '720) ██████████████████████████████████████████████████████ .

[4] PX1269 (Cragg Rep. ¶¶ 45, 110); PX0316 (Marx Rep. ¶ 94); PX1019 (Statement of Witness ██████ ¶ 56 ███████████████████████████████████████████████████████████████

[5] PX1463 ████████ Dep. 95:22-96:1 ██████████████████████████████████████████████ PX0724 ██████ Dep. 113:13-15 ████████████ PX0718 ██████ Dep. 128:17-20 ████ PX0746 ████ Dep. 105:23-106:14 ██████████████████ PX0817 (BAR-OTC-000915401 at '402) and ██████ Ex. 8C, HSBC-USDLIBORLIT-0322826 at '827); PX1479 ████ Dep. 85:6-86:8 ████████████████████████████████████████████████████████

8

interbank market, the cited documents and testimony do not support Plaintiffs' statement that "Defendants competed to attract funds in the money markets, including the London interbank market." *Cf.* 56.1 Resps. ¶ 456 █████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████        Moreover, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

        6.    Banks deemed relatively more creditworthy can generally access funds at lower rates than banks deemed to be less creditworthy.[6]

        **DEFENDANTS' RESPONSE:** It is unclear what Plaintiffs mean by "generally access funds at lower rates" and whether Plaintiffs are referring to access to funds in the interbank markets or via other means. Moreover, the cited testimony does not support Plaintiffs' statement and Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that, as set forth in the cited Expert Report of Dennis W. Carlton, █████████████████████████████

████████████████████████████████████████████████████████████

JPMorgan Decl. [ECF No. 4179], Ex. 20 (Carlton Opening ¶ 22). Defendants otherwise dispute[(a, d, g)] Plaintiffs' statement.

---

[6] PX1169 (Carlton Rep. ¶ 22); PX0733 (███ Dep. 56:21-57:2).

7.    All financial institutions were perceived to have higher default risk during the Financial Crisis than before Financial Crisis.[7]

**DEFENDANTS' RESPONSE**:  It is unclear how Plaintiffs are defining "financial institutions" or whose perceptions they are referring to in the statement.  Furthermore, the cited material does not support the proffered statement, which is, in any event, so broad and vague as to be irrelevant to any issue concerning Defendants' Joint Motion for Summary Judgment.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, c, d, e, g)] Plaintiffs' statement.

**B.    The Global Financial Crisis**

**1.    Beginning in August 2007, the Global Financial Markets Came Under Extreme Stress, and These Conditions Persisted Throughout the Relevant Period**

8.    Defendants generally understood references to the global "Financial Crisis" to refer to the period beginning in mid 2007 when the global financial markets came under extreme stress.[8]

**DEFENDANTS' RESPONSE**:  The cited testimony does not support the statement that Defendants "generally understood" the "Financial Crisis" to have occurred during "the period beginning in mid 2007."  Moreover, the cited testimony reflects the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that █████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████  Blakemore Decl. [ECF

---

[7] PX1269 (Cragg Rep. ¶ 45, 50, 53); PX0316 (Marx Rep. ¶¶ 77-78).

[8] PX1487 ████████ Dep. 32:24-35:11); PX0742 ████ Dep. 27:5-28:14); PX1522 ████ Dep. 129:7-130:7); PX1461 ██████ Dep. 19:12-20:1, 22:19-23:2); PX1483 ████ Dep. 161:3-17); PX0736 ████ Dep. 22:23-24:5); PX1489 ████ Dep. 85:17-86:16); PX1465 ████ Dep. 20:2-13, 24:13-25:7); PX1481 ████ Dep. 33:13-34:2); PX1482 ████ Dep. 36:14-22).

No. 4175], Ex. 9 (Hubbard Opening ¶ 71), but otherwise dispute[a, d, e, g] that all Defendants "generally understood" the "Financial Crisis" to have occurred during "the period beginning in mid 2007."

9.    On August 6, 2007, American Home Mortgage Investment Corp. declared bankruptcy after failing to meet lending obligations; its largest creditors were Defendant Banks Deutsche Bank and JPMorgan.[9]

**DEFENDANTS' RESPONSE:** Plaintiffs' statement should be disregarded because it is immaterial. To the extent any response is required, Defendants admit ███████████ ███████████████████████████████████████, but otherwise dispute[a, c, d] that any inferences can be drawn that Deutsche Bank or JPMorgan faced financial difficulties during the Relevant Period. *See* Defs.' Stmt. ¶¶ 449-451, 460-465, 623.

10.    On August 9, 2007, BNP Paribas stopped redemptions of shares in three of its investment funds that used short-term borrowing to finance investment in US subprime mortgages.[10] This was a "key precipitating event" of the "onset of a systemic liquidity crisis."[11]

**DEFENDANTS' RESPONSE:** Admit.[a, d]

11.    Every Defendant experienced severe losses during the Financial Crisis and/or was exposed to billions of dollars in toxic investments.[12]

**DEFENDANTS' RESPONSE:** It is unclear what Plaintiffs mean by "severe losses" and "toxic investments." Further, the internal MUFG document cited by Plaintiffs in footnote 12 in support of the statement is not admissible evidence. In any event, the cited document does not support the proposition that "[e]very Defendant experienced severe losses . . . and/or was exposed to billions of dollars in toxic investments" and no inference can be drawn from this one MUFG document that any Defendant faced financial difficulties during the financial crisis.

---

[9] PX0316 (Marx Rep. ¶ 68).

[10] PX0316 (Marx Rep. ¶ 68); PX1269 (Cragg Rep. ¶ 145).

[11] PX0102 (Hubbard Rep. ¶ 71).

[12] PX1135 (BTMU_Dollar0160734 at '734).

Defendants refer to the cited document for a complete and accurate statement of its contents. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, e, g)] Plaintiffs' statement.

      12.    Bank of America faced financial difficulties during the Relevant Period.[13]

      **<u>DEFENDANTS' RESPONSE:</u>** The cited material does not support Plaintiffs' statement that "Bank of America faced financial difficulties during the Relevant Period." Defendants have adduced substantial evidence concerning the strength of Bank of America's liquidity and financial position during the financial crisis. *See* Defs.' Stmt. ¶¶ 422-427. Further, it is unclear what Plaintiffs mean by the vague and generic statement that "Bank of America faced financial difficulties," which does not appear in any of the materials cited in support of Plaintiffs' statement in paragraph 12. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the parentheticals in footnote 15 include accurate partial quotations of some of the language in the cited material, but otherwise dispute[(a, d, e, g)] Plaintiffs' statement.

      13.    ████████████████████████████████████████[14]

---

[13] *See, e.g.*, Patrick Rucker & Jonathan Stempel, *Bank of America Gets Big Government Bailout*, Reuters (Jan. 16, 2009) https://www.reuters.com/article/business/bank-of-america-gets-big-government-bailout-idUSTRE50F1Q7/ ("Bank of America Corp was rescued by the U.S. government on Friday through a $20 billion bailout and a guarantee for almost $100 billion of potential losses on toxic assets to cushion the blow from a deteriorating balance sheet at Merrill Lynch & Co, its recently acquired brokerage. The bailout makes Bank of America the biggest recipient of taxpayer money next to Citigroup as the government pours cash into the nation's banks to plug holes left by bad loans."); *Special Report: The Rescue; Bailed Out Banks*, CNN Money (2008) https://money.cnn.com/news/specials/storysupplement/bankbailout/ (Bank of America received $15 billion through the Treasury Department's Capital Purchase Program in October 2008); U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (Bank of America Securities LLC borrowed more than $80 billion through the Federal Reserve's TSLF); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (showing that Bank of America NA borrowed more than $200 billion through the U.S. Federal Reserve's TAF).

[14] *See, e.g.*, PX0773 (BAR-DAP-000040496 at '496 ███████████████████████████████
████████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement, and that statement is directly contravened by undisputed record evidence ████████

████████████████████████████████████████████████████████████

████████████     *See* Defs.' Stmt. ¶¶ 430-441.  Neither of the two emails from the end of August 2007 that Plaintiffs cite discuss ███████████████████████     *See* PX0773 (BAR-DAP-000040496 at -496); PX0776 (BAR-OTC-000619726).  ████████████

████████████████████████████████████████████████████████████

████████████     And Plaintiffs cite no evidence supporting their implicit assumption that ████████████████████████████████████████████████     For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

     14.     Citi faced financial difficulties during the Relevant Period.[15]

---

████████████████████████████████████████████████████████

████████████████████████████ PX0776 (BAR-OTC-000619726 ████

████████████████████████████████████████████████████████

████████████████████████████████████ U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (Barclays Capital Inc. borrowed more than $159 billion through the Federal Reserve's TSLF); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (Barclays Bank PLC New York Branch, Barclays Bank PLC Park Avenue Branch, and Barclays Bank DE borrowed more than $230 billion through the U.S. Federal Reserve's TAF).

[15]  *See, e.g.*, Eamon Javers, *Citigroup Tops List of Banks Who Received Federal Aid*, CNBC (Mar. 16, 2011) https://www.cnbc.com/2011/03/16/citigroup-tops-list-of-banks-who-received-federal-aid.html ("The bank that exposed the federal government to the greatest potential loss during the government bailout was Citigroup, which received a grand total of $476.2 billion in cash and guarantees, according to a new report of the Congressional Oversight Panel which oversees the TARP program. . . . [O]f Citi's total federal assistance, $25 billion came from the TARP's CPP program, $68.6 billion came from the FDIC's TLGP debt issuance program, and $88 billion came from the Federal Reserve's TAF liquidity program, among others. The second biggest recipient of federal assistance, the new report says, was Bank of America , which racked up $336.1 billion in federal help."); U.S. Federal Reserve, *Term*

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement that "Citi faced financial difficulties during the Relevant Period."  Defendants have

adduced substantial evidence concerning ████████████████████████████████████

████████████    *See* Defs.' Stmt. ¶¶ 442-443.  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the

parentheticals in footnote 15 include accurate partial quotations of some of the language in the

cited material, but otherwise dispute[a, d, e, g] Plaintiffs' statement.

15.    Credit Suisse faced financial difficulties during the Relevant Period.[16]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement that "Credit Suisse faced financial difficulties during the Relevant Period."  First, the

Credit Suisse New York Branch did not borrow more than $6 billion through the U.S. Federal

Reserve's Term Auction Facility ("TAF").  The TAF data spreadsheet that Plaintiffs cite shows

that the amount was $5 million—not $6 billion.  Moreover, the Credit Suisse New York Branch

borrowing $5 million from the TAF does not indicate "financial difficulties."  The TAF was

"designed to improve liquidity by making it easier for sound institutions to borrow when the

---

*Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (Citibank NA and Citibank SD NA borrowed more than $110 billion through the U.S. Federal Reserve's TAF); U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (Citigroup Global Markets Inc. borrowed more than $297 billion through the Federal Reserve's TSLF).

[16] *See, e.g.*, David Gow, *Switzerland Unveils Bank Bail-Out Plan*, The Guardian (Oct. 16, 2008) https://www.theguardian.com/business/2008/oct/16/ubs-creditsuisse ("Brady Dougan, CS chief executive, reported a third-quarter net loss of around Sfr1.3bn ahead of next week's official figures. CS said its investment bank lost about Sfr3.2bn in the quarter, writing down a further Sfr2.4bn in leveraged finance and structured products."); Henry Blodget, *UBS and Credit Suisse Bailed Out*, Business Insider (Oct. 16, 2008) https://www.businessinsider.com/2008/10/ubs-and-credit-suisse-bailed-out ("Credit Suisse, the second largest Swiss bank, said it had raised $8.8 billion from 'a small group of major global investors' including the Qatari authorities, which already hold a significant stake."); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (Credit Suisse New York Branch borrowed more than $6 billion through the U.S. Federal Reserve's TAF); U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (Credit Suisse Securities (USA) LLC borrowed more than $224 billion through the Federal Reserve's TSLF).

markets are not operating efficiently." *See* Olivier Armantier, Sandra Krieger & James McAndrews, *The Federal Reserve's Term Auction Facility*, Current Issues in Econs. & Fin., July 2008, at 1, https://www.newyorkfed.org/research/current_issues/ci14-5.html. Second, Credit Suisse Securities (USA) LLC borrowing more than $224 billion through the U.S. Federal Reserve's Term Securities Lending Facility ("TSLF") is irrelevant, because it was not a Panel Bank nor is it a Defendant. Third, record evidence demonstrates that ████████████████████

██████████████████████████████████████████████████

*See* Defs.' Stmt. ¶¶ 444-448. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

16.    Deutsche Bank faced financial difficulties during the Relevant Period.[17]

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs' statement that "Deutsche Bank faced financial difficulties during the Relevant Period." The record evidence indisputably contravenes Plaintiffs' statement. *See* Defs' Stmt. ¶¶ 449-451. Moreover, the cited documents do not support Plaintiffs' statement. First, the first cited document concerns Deutsche Bank Securities, Inc. ("DBSI"), not Defendant and Panel Bank Deutsche Bank AG. Second, the fact that DBSI borrowed from the TSLF and Deutsche Bank borrowed from the TAF was not indicative of "financial difficulties." The TAF was "designed to improve liquidity by making it easier for sound institutions to borrow when the markets are not operating efficiently." *See* Olivier Armantier, Sandra Krieger & James McAndrews, *The Federal Reserve's Term Auction*

---

[17] *See, e.g.*, U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (Deutsche Bank Securities Inc. borrowed more than $239 billion through the Federal Reserve's TSLF); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (Deutsche Bank AG New York Branch borrowed more than $76 billion through the U.S. Federal Reserve's TAF); U.S. Securities and Exchange Commission, *Press Release: SEC Charges Deutsche Bank With Misstating Financial Reports During Financial Crisis* (May 26, 2015), https://www.sec.gov/newsroom/press-releases/2015-99 (SEC charged Deutsche Bank with hiding its precarious financial position during the Relevant Period).

*Facility*, Current Issues in Econs. & Fin., July 2008, at 1, https://www.newyorkfed.org/ research/current_issues/ci14-5.html.   Third, the third document cited does not refer to any "precarious financial position" of Deutsche Bank but concluded that the bank "failed to take into account a material risk" for potential losses.   For the foregoing reasons, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

17.     HSBC faced financial difficulties during the Relevant Period.[18]

**DEFENDANTS' RESPONSE:**   The cited material does not support Plaintiffs' statement that "HSBC faced financial difficulties during the Relevant Period."   There is no legal entity named "HSBC."   HSBC Bank plc and HSBC Bank USA, N.A., although affiliated, are two distinct legal entities and the only HSBC Defendants even arguably remaining in the MDL.   *See* Defendants' Joint Motion for Summary Judgment [ECF No. 4164] (setting forth which Defendants are facing "Live" or "Disputed" claims in the USD LIBOR MDL actions); Stipulation and Order of Dismissal with Prejudice of HSBC Holdings PLC and HSBC Bank PLC [ECF No. 4198] (dismissing HSBC Holdings plc from the *Triaxx* action).   HSBC Bank plc is the only HSBC-related entity to ever serve on the USD LIBOR panel.   *See* Defs.' Stmt. ¶ 1.   The data spreadsheets and news article cited by Plaintiffs do not even mention HSBC Bank plc, let alone support the statement that HSBC Bank plc "faced financial difficulties during the Relevant Period," whatever

---

[18] *See, e.g.*, U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (HSBC Securities (USA) Inc. borrowed $3 billion through the Federal Reserve's TSLF); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (HSBC Bank USA NA borrowed $4 billion through the U.S. Federal Reserve's TAF); *HSBC to Raise $17.7 Billion, Cut 6,100 U.S. Jobs*, Associated Press (Mar. 2, 2009) https://www.nbcnews.com/id/wbna29460805 (HSBC PLC "reported a 70 percent drop in 2008 net profit and said it would raise $17.7 billion in new capital through a share issue, while cutting 6,100 jobs" and that "[b]y turning to investors for new capital instead of asking for government aid, the bank would avoid the strings that go with the bailouts given to other British banks. It also said it would cut its dividend and not pay bonuses to top executives. In 2008, net profit tumbled to $5.7 billion from $19.1 billion a year earlier as the company wrote down the value of assets, particularly in the U.S.").

that might mean.  The first-cited data spreadsheet does not relate to either of the HSBC Defendants. The second-cited spreadsheet relates to HSBC Bank USA, N.A., but this borrowing from the TAF was not indicative of "financial difficulties."  The TAF was "designed to improve liquidity by making it easier for sound institutions to borrow when the markets are not operating efficiently." Olivier Armantier, Sandra Krieger & James McAndrews, *The Federal Reserve's Term Auction Facility*, Current Issues in Econs. & Fin., July 2008, at 1, https://www.newyorkfed.org/research/ current_issues/ci14-5.html.  And rather than supporting Plaintiffs' statement, the cited news article confirms that HSBC Bank plc was in a strong position in the U.K. market during the Relevant Period, as it did not need or receive funding from the central banks.  *See* Defs.' Stmt. ¶ 457; *see also id.* ¶¶ 452-459.  Finally, Plaintiffs' admission to paragraph 457 of Defendants' Statement that "HSBC [Bank plc] did not take part in the October 2008 government bailout, nor did HSBC [Bank plc] need or receive funding from the central banks during the financial crisis" conflicts with and contradicts Plaintiffs' statement.  *See* 56.1 Resps. ¶ 457.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, g] Plaintiffs' statement.

       18.     JPMorgan faced financial difficulties during the Relevant Period.[19]

---

[19] *See, e.g.*, U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 27, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (J.P. Morgan Securities LLC borrowed more than $59 billion through the Federal Reserve's TSLF); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (JPMorgan Chase Bank NA borrowed $52 billion through the U.S. Federal Reserve's TAF); Dea Book, *JPMorgan's $12 Billion Bailout*, N.Y. Times (Mar. 18, 2008), https://archive.nytimes.com/dealbook.nytimes.com/2008/03/18/jpmorgans-12-billion-bailout/ (Federal Reserve subsidized JPMorgan's acquisition of Bear Stearns in March 2008 through its provision of a $30 billion guarantee on Bear Stearn's liabilities); *Special Report: The Rescue; Bailed Out Banks*, CNN Money (October 2008), https://money.cnn.com/news/specials/storysupplement/bankbailout/ (JPMorgan Chase & Co was bailed out to the tune of $25 billion through the Treasury Department's Capital Purchase Program in October 2008); PX1267 (Cragg Reb.) at ¶¶ 18-23; PX1582 (Cragg Reply) at ¶¶143-153; *id.* (Cragg Reply) at ¶ 151

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement that "JPMorgan faced financial difficulties during the Relevant Period."  The record evidence demonstrates that JPMorgan was one of the safest banks during the financial crisis and was a large lender of unsecured, short-term funds to other Panel Banks.  *See* Defs.' Stmt. ¶¶ 460-465, 623; *see also* Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Undisputed Facts ¶¶ 461, 463.  Moreover, Plaintiffs' statement is unsupported by PX1582 because PX1582 was not introduced by Plaintiffs.  *See* Carmody Decl. ¶ 1647 ("Exhibit 1576-Exhibit 1582 have been intentionally omitted.").  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, g)] Plaintiffs' statement.

19.     Lloyds faced financial difficulties during the Relevant Period.[20]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement that ███████████████████████████████████  The cited material at most relates to ███████████████████████████████████████ ███████████████     In addition, the cited documents do not support the vague and generic statement where ████████████████████ is not described or defined with any degree of specificity.

---



(footnotes omitted)).

[20] *See, e.g.*, U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (Lloyds TSB Bank PLC New York Branch borrowed more than $10.5 billion through the U.S. Federal Reserve's TAF); Angela Monaghan*, Lloyds Banking Group Timeline: From Bailout to Government Sale*, The Guardian (Sept. 17, 2013), https://www.theguardian.com/business/2013/sep/17/lloyds-banking-group-from-bailout-to-selloff (detailing Lloyds' precarious financial position during the Relevant Period, including the provision of billions of dollars in liquidity from the UK government to bail out Lloyds); Federico Mor, *Bank Rescues of 2007-09: Outcomes and Cost*, House of Commons Library Briefing Paper, No. 5748 at 9 (Oct. 8, 2018), https://researchbriefings.files.parliament.uk/documents/SN05748/SN05748.pdf ("The [UK] Government's investment in Lloyds Banking Group was made in three different tranches: January, June and December 2009. The total invested was £20.3 billion, and the government's ownership peaked at 43%. The average cost per share was 73.6p.").

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

20.    Norinchukin faced financial difficulties during the Relevant Period.[21]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement that "Norinchukin faced financial difficulties during the Relevant Period."  The fact that Norinchukin borrowed from the TAF was not indicative of "financial difficulties."  The TAF was "designed to improve liquidity by making it easier for sound institutions to borrow when the markets are not operating efficiently."  *See* Olivier Armantier, Sandra Krieger & James McAndrews, *The Federal Reserve's Term Auction Facility*, Current Issues in Econs. & Fin., July 2008, at 1, https://www.newyorkfed.org/research/current_issues/ci14-5.html.  In addition, the record evidence contravenes Plaintiffs' statement. ████████████████████

████████████████████████████████████████

████████████████████████████  *See* Defs.' Stmt. ¶¶ 491-492.

████████████████████████████████████████

████████████████████████  *Id.* ¶¶ 492-493.  For the foregoing

---

[21] *See e.g.,* U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (showing that Norinchukin Bank York Branch borrowed more than $105 billion through the U.S. Federal Reserve's TAF); Reuters: *Norinchukin to Raise Over 1 Trillion Yen-Nikkei*, (Nov. 25, 2008), https://www.reuters.com/article/world/norinchukin-to-raise-over-1-trillion-yen-nikkei-idUSN25294763/ ("Japan's Norinchukin Bank [NORB.UL] plans to bolster its capital base by more than 1 trillion yen ($10.5 billion) due to a sharp drop in the value of its securities holdings, the Nikkei financial daily said. It would be the largest capital increase by a Japanese financial institution since the start of the financial crisis, the Nikkei said, without citing sources. The funds would probably be raised through a preferred share issue before the end of the current financial year, which ends on March 31, the report said."); The Japan Times: Business, *S&P Lowers Norinchukin Rating* (Dec. 5, 2008), https://www.japantimes.co.jp/news/2008/12/05/business/sp-lowers-norinchukin-rating/ ("Standard & Poor's cut its rating on Norinchukin Bank, saying asset-backed securities are eroding the lender's capital base and discounting any significant lift from a plan to raise ¥1 trillion in funds. Norinchukin, the central bank for Japan's agricultural cooperatives, had its fundamental strength rating lowered one level to C+ from B, the ratings company said in a statement Thursday.").

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

21.    Rabobank faced financial difficulties during the Relevant Period.[22]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by "financial difficulties."  Moreover, the cited material does not support Plaintiffs' statement that "Rabobank faced financial difficulties during the Relevant Period."  Indeed, the record evidence is to the contrary.  Rabobank was rated AAA by S&P—S&P's highest credit rating—throughout the Relevant Period and was the only Panel Bank that S&P rated as AAA throughout the Relevant Period.  Defs.' Stmt. ¶ 508.  Ratings agencies emphasized Rabobank's uniquely strong position during the financial crisis, reporting that it (i) benefited "from a 'flight to quality' effect"; (ii) "cop[ed] well with the reduced liquidity in the international banking markets" due "to its strong internal liquidity and funding mix"; (iii) "was one of the few institutions worldwide capable of maintaining its access to market funding all through" the 2008 liquidity squeeze; and (iv) "did not

---

[22] *See*, *e.g.*, PX0488 (RABO_METZLER_0079538

PX0471 (RABO_METZLER_0045155

; PX0452 (RABO_METZLER_0027522

PX0478 (RABO_METZLER_0072417 at 419

PX0503 (RABO_METZLER_0129864

PX1471 (A. Conti Dep. at 92:17-25

U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (showing that Rabobank Nederland New York Branch borrowed more than $23 billion through the U.S. Federal Reserve's TAF).

need any form of support from the Dutch government at any point during the [financial] crisis."

*Id.* ¶ 509. ███████████████████████████████████████████████████

███████████████████████████████████████████████████ *Id.* ¶¶ 511-

512; *see also* PX0488 (RABO_METZLER_0079538) (cited by Plaintiffs and ████████

████████████████████████████████████████████████████████████

████████ That Rabobank Nederland New York Branch borrowed more than $23 billion through

the TAF (as Plaintiffs point out) does not indicate "financial difficulties." The TAF was "designed

to improve liquidity by making it easier for sound institutions to borrow when the markets are not

operating efficiently." *See* Olivier Armantier, Sandra Krieger & James McAndrews, *The Federal*

*Reserve's Term Auction Facility*, Current Issues in Econs. & Fin., July 2008, at 1,

https://www.newyorkfed.org/research/current_issues/ci14-5.html. For the foregoing reasons, the

Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants

dispute[a, b, d, e, g] Plaintiffs' statement.

22.    RBC faced financial difficulties during the Relevant Period.[23]

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs'

statement that ████████████████████████████████████████ The same news

article cited quotes from the Canadian Bankers' Association that the "funding measures were not

put in place because banks were in financial difficulty," that "not one bank in Canada was in danger

of going bankrupt or required the government to buy an equity stake under taxpayer-funded

bailouts," and further notes that the Bank of Canada "itself says Canadian banks needed less

---

[23] *See*, *e.g.*, CBC: *Banks Got $114B from Governments During Recession* (Apr. 30, 2012)
https://www.cbc.ca/news/business/banks-got-114b-from-governments-during-recession-1.1145997 (revealing that
RBC borrowed $25 billion from the Bank of Canada during the Relevant Period); U.S. Federal Reserve, *Term Auction*
*Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010),
https://www.federalreserve.gov/regreform/files/taf.xls (showing that Royal Bank of Canada New York Branch
borrowed more than $9 billion through the U.S. Federal Reserve's TAF).

official central bank liquidity support than their foreign counterparts." And the fact that RBC borrowed from the TAF was not indicative of ███████████████ Instead, the evidence shows that RBC "maintained a AA- credit rating by S&P throughout the Relevant Period, and its Moody's credit rating ranged from Aaa to Aa1" and that ████████████████████████████████ ████████████████████████████████████ Defs.' Stmt. ¶¶ 513-515. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

23.    UBS faced financial difficulties during the Relevant Period.[24]

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs' statement that "UBS faced financial difficulties during the Relevant Period." The term "financial difficulties" is unduly vague to the extent "financial difficulties" is not described or defined with any degree of specificity. Plaintiffs' statement is also overbroad to the extent it does not recognize that, during the Relevant Period, UBS ███████████████████████████ ████████████████████████████████████ Defs.' Stmt. ¶ 519. "UBS maintained ████████████████████████ ████████████████████████████████████ ████████████████████████████ *Id.* ¶ 518. And from "April 1, 2008 and May 31, 2010, ███████████████████████████████

---

[24] *See, e.g.*, Gow, David*, The Guardian: Switzerland Unveils Bank Bail-Out Plan* (Oct. 16, 2008) https://www.theguardian.com/business/2008/oct/16/ubs-creditsuisse ("UBS, which had written down some $44bn (£25bn) of toxic assets and raised $27bn in fresh capital, saw almost $75bn of assets in wealth and asset management withdrawn in the third quarter. . . . In a deal coordinated by ministers, the Swiss National Bank and federal banking commission, the government effectively pumped $60bn into UBS, taking virtually the last $50bn of its toxic assets into a special purpose vehicle off its books . . . ."); U.S. Federal Reserve, *Term Auction Facility ("TAF") Data Worksheet* (Dec. 20, 2007 to Mar. 11, 2010), https://www.federalreserve.gov/regreform/files/taf.xls (showing that UBS AG Park Avenue Branch borrowed more than $55 billion through the U.S. Federal Reserve's TAF); U.S. Federal Reserve, *Term Securities Lending Facility ("TSLF") Data Worksheet* (Mar. 20, 2008 to July 16, 2009), https://www.federalreserve.gov/regreform/files/tslf.xls (showing that UBS Securities LLC borrowed more than $109 billion through the Federal Reserve's TSLF).

████████████████████████████████████████████████ *Id.* ¶ 521. None of the

cited documents in footnote 24 support Plaintiffs' statement, including because Plaintiffs cite a

document concerning UBS Securities LLC, which is not a Defendant in this litigation. For the

foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is

required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

24.     September 2008 saw the failure of multiple high-profile banks and financial
institutions.[25]

**DEFENDANTS' RESPONSE:** Admit.[a, b, c, g]

**2.      The Global Financial Crisis Severely Impacted the Availability of Offers at 11 a.m. in the London Interbank Market,** ████████████
█████████████████████████

25.     Beginning in August 2007, interbank term borrowing markets came "under severe stress," including a shortening in the maturity of unsecured interbank lending markets and a shift to overnight and collateralized borrowing.[26]

**DEFENDANTS' RESPONSE:** Admit.[a]

26.     Beginning in August 2007, the interbank market failed to operate as it should and liquidity in the market became severely restricted.[27]

---

[25] PX0316 (Marx Rep. ¶ 73 (citing "Lehman to file for bankruptcy, plans to sell units," *Reuters*, September 15, 2008); Marx Rep. ¶ 73 (citing John Poirier and Elinor Comlay, "Bank of America to buy Merrill for $50 bln," *Reuters*, September 15, 2008); Marx Rep. ¶ 73 (citing Edmund L. Andrews, "Fed rescues AIG with $85 billion loan for 80% stake*," New York Times*, September 17, 2008)); Marx Rep. ¶ 73 (citing "Timeline: U.S. government's rescue and sale of AIG," *Reuters*, December 10, 2012); Marx Rep. ¶ 73 (citing Elinor Comlay and Jonathan Stempel, "WaMu is largest U.S. bank failure," *Reuters*, September 25, 2008; "Status of the Washington Mutual Bank Receivership," Federal Deposit Insurance Corporation, October 23, 2020, https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/wamu-settlement.html); Marx Rep. ¶ 73 (citing *The Acquisition of Wachovia Corporation by Wells Fargo & Company*, Financial Crisis Inquiry Commission, Washington, DC (2010), (statement by Scott G. Alvarez, General Counsel of the Board of Governors of the Federal Reserve System), https://www.federalreserve.gov/newsevents/testimony/alvarez20100901a.htm)).

[26] PX0695 (Snow Rep. ¶ 42 (citing Martin Wheatley, "Wheatley Review of LIBOR: Final Report," September 2012, 7,                                                    available                                                    at https://www.gov.uk/government/uploads/system/uploads/attachment_data/file/191762/wheatley_review_libor_finalreport_280912.pdf)); PX1467 ████████ Dep. 25:22-26:3; 41:11-21 ███████████████████████████████████████████
████████ PX102 (Hubbard Rep. ¶¶ 70–84).

[27] PX0316 (Marx Rep. ¶ 68 (citing John B. Taylor, John C. Williams, "A Black Swan in the Money Market," American Economic Journal: Macroeconomics 1, no. 1 (January 2009): 58-83)).; PX1467 ████████ Dep. 25:22-26:3 ████

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by "operate as it should" or "severely restricted."  Moreover, the material cited by Dr. Marx and indirectly cited in footnote 27 is inadmissible and does not support Plaintiffs' statement.  The cited testimony does not support the statement that "[b]eginning in August 2007," the interbank market "failed to operate as it should" and liquidity in the market "became severely restricted." ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████ Blakemore Decl., Ex. 29 (Asker Opening ¶ 26), similarly are inadmissible and do not support Plaintiffs' statement.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, c, g] Plaintiffs' statement.

27.    During the Relevant Period, ███████████████████████████████

██████████████████████████████████[28]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is riddled with vagueness and ambiguity.  It is unclear what Plaintiffs mean by ██████████████████████████

██████ Although the Expert Report of Dennis W. Carlton contains an opinion ████████████

████████████████████████████████████████████████████████████




(Asker Report, ¶ 26, quoting Kevin Warsh, "The Panic of 2008," speech, Council of Institutional Investors 2009 Spring Meeting, Washington, DC, April 8, 2009, https://www.federalreserve.gov/newsevents/speech/warsh20090406a.htm).

[28] PX1169 (Carlton Rep. ¶ 28, n.50).

JPMorgan Decl., Ex. 20 (Carlton Opening ¶ 28 n.50), that opinion does not support Plaintiffs'

sweeping statement that █████████████████████████████████████████████████████

████████    *See id.*, Ex. 20 (Carlton Opening ¶ 30, Table 2).  For the foregoing reasons, the Court

should  disregard  Plaintiffs'  statement.    To  the  extent  any  response  is  required,  Defendants

dispute[(a, e, g)] Plaintiffs' statement.

28.    ████████████████████████████████████████████████████

during the Relevant Period.[29]

### DEFENDANTS' RESPONSE:  ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████ is  not  relevant  to  Defendants'  Joint  Motion  for  Summary

Judgment.  Moreover, PX0741 and PX0613 ████████████████████████████████

██████████████████████████ PX0260 and PX1483 ██████████████████████

███████████████████████████ and PX1523 ██████████████████████████

████████████████████████████████████ As to the Panel Banks' ████████████████

████████████████████████████ Defendants refer to the Blakemore Declaration, Exhibit

9 (Hubbard Opening Part V), █████████████████████████.  For the foregoing reasons, the

Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

dispute[(a, d, g)] Plaintiffs' statement.

---

[29] PX1169 (Carlton Rep. ¶ 24); PX0741 ███████    Dep. 60:14-61:1 ████████████████
████████████████████████████████████████████████ PX0613 (RBS_MDL_000664105
at '105 ███
PX0260 (LBG-FDIC-000005955 at 1 ███████████
████████████████████████████████████ and PX1483 ████    Dep. 190:9-20));
PX1523 (LBG-USD-000023734 at '734 ███████████████████████████████████████
███████████████

29. ████████████████████████████████████
████████████████ [0]

**DEFENDANTS' RESPONSE:**   Again, Plaintiffs' statement is riddled with ambiguities and so lacking in clarity that its relevance to Defendants' Joint Motion for Summary Judgment is unclear.  The phrases ██████████████████████████████████ ████████████  The opinion of Plaintiffs' proffered expert, Dr. Cragg, ██████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████  PX1269 (Cragg Opening ¶ 14) (footnotes omitted), is inadmissible.  Nor does the cited material support the statement that ████████████████████████████████ ████████████████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

30. ████████████████████████████████████ ████████████████████████████████████████

**DEFENDANTS' RESPONSE:**   It is unclear what Plaintiffs mean by ██████ ████████████████████  The statement is an inadmissible hypothetical proposition, not a statement of a material fact.  Moreover, the cited testimony does not support Plaintiffs' statement and reflects the views of only one employee at one Panel Bank, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine

---

[30] PX1269 (Cragg Rep. ¶ 14).
[31] PX0743 ██████████ Dep. 150:24-151:13 ███████████████████████
████████████████████████████████████████

26

dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[(a, d, g)] Plaintiffs' statement.

## II.      LIBOR FUNDAMENTALS

### A.      The LIBOR Question

31.      Prior to 1998, LIBOR was determined based on each Panel Bank's answer to the question "[a]t what rate do you think interbank term deposits will be offered by one prime bank to another prime bank for a reasonable market size today at 11am?"[32]

**DEFENDANTS' RESPONSE:**  Admit.[(a, d)]

32.      In 1998, the LIBOR Question was re-defined as: "The rate at which an individual Contributor Panel bank could borrow funds, were it to do so by, asking for and then accepting inter-bank offers in reasonable market size, just prior to 11:00 [a.m.] London time."[33]  The purpose of the change was to shift the focus from the rate at which a prime bank would receive offers to the rate at which the panel bank would receive offers.[34]  The LIBOR question did not change from its 1998 definition until after the end of the Relevant Period.

**DEFENDANTS' RESPONSE:**  Defendants acknowledge that "[i]n 1998, the

LIBOR Question was re-defined as:  'The rate at which an individual Contributor Panel bank could

borrow funds, were it to do so by asking for and then accepting inter-bank offers in reasonable

---

[32] PX1021 (The Basics, bbaliborTM at 1 ("The current definition became the standard after a review in 1998 where previous submissions from panel members were based upon the following: "At what rate do you think interbank term deposits will be offered by one prime bank to another prime bank for a reasonable market size today at 11am?")); PX0134 (JPM_MDL1_USD_00081670 at '670-71); PX0741          Dep. 36:7–10



[33] PX0741          Dep. 35:5-36:6

PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193); PX1021 (The Basics, bbaliborTM at 1); PX0134 (JPM_MDL1_USD_00081670 at '670-71).

[34] PX1021 (The Basics, bbaliborTM at 1 ("The current definition became the standard after a review in 1998")); PX0134 (JPM_MDL1_USD_00081670 at '670-71).

market size, just prior to 11:00 [a.m.] London time'" and that "[t]he LIBOR question did not

change from its 1998 definition until after the end of the Relevant Period."  However, there is no

support for Plaintiffs' statement that "[t]he purpose" of the 1998 change "was to shift the focus

from the rate at which a prime bank would receive offers to the rate at which the panel bank would

receive offers."   The testimony of ████████████, as well as the BBA and internal

JPMorgan documents cited in footnotes 33 and 34, do not support Plaintiffs' statement concerning

the purpose of the change.  Moreover, the record evidence indisputably contravenes Plaintiffs'

statement.  *See* Defs.' Stmt. Part III.A.2.  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, c, g)] Plaintiffs'

statement.

33.     The LIBOR Question was simple and well understood by the Panel Bank
Defendants.[35]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by ████████
████████████  Moreover, the cited testimony of ████████████ does not support

Plaintiffs' statement as to ████████████████  The BBA LIBOR Instruction

presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank

'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for

and then accepting' inter-bank offers in London just before 11 a.m."  *United States v. Connolly*,

24 F.4th 821, 835 (2d Cir. 2022) (citations omitted). ████████████████████

████████████████████████████████████████████

---

[35] PX1476 ████ Dep. 56:1-15 ████████████████████████
████████████████████████████████████████████
████████████████████ PX0735 ████ Dep. 43:12-16 ████
████████████████████████████████████████████



██████████████████████████████████████████████ Defs.' Stmt.

¶ 24; *see also id.* ¶¶ 17-22, 25. ██████████████████████████████████

████████████████████████████████████ *id.* ¶ 25, and ███████████████████████

████████████████████████ *id.* Part III.B ███████████████████████████ In any

event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it

were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs'

statement.

    34.  ███████████████████████████████████████████

███████████████████████████████████

        **DEFENDANTS' RESPONSE:**    Neither the cited testimony (including

PX0041, which is an empty exhibit) nor any other record evidence supports the statement that the

████████████████████████████████████████████████████████████

████████████████  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To

the extent any response is required, Defendants dispute[a, g] Plaintiffs' statement.

    35.    LIBOR submissions had to represent rates available from other commercial

banks in the London market just before 11 a.m. London time.[37]

        **DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by the phrase

"had to represent."  The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank

to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would

---

[36] PX1476 (████ Dep. 156:13-21); PX1019 (Statement of Witness ██████ at 43 ██████████████
██████)); PX0041 ██████ 2018 Dep. 82:2-15).
[37] PX0288 (The BBA Libor fixing-definition, at p. 2); PX1476 ██████ Dep. 77:6-19 ██████████████
████████████████████████████████████████████████████████

29

typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m." *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted).

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ████████

█████████████████████████████████████████████████████ *id.*

¶ 25, and ██████████████████████████████ *id.* Part III.B █████████

████████████████████. Moreover, Plaintiffs' statement limiting the transactions Panel Banks could consider when determining LIBOR submissions is contrary to the record. ███

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ *See* Defs.' Stmt. Part III.A.2-

4. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

36.    During the Relevant Period, ████████████████████████
████████████████[38]

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement is ambiguous.    For example, it is unclear what is meant by ████████████████████████

████████████    In addition, the cited testimony of ████████ does not support the statement that

---

[38] PX1476 ████████ Dep. 77:23-78:2 ████████████████████████
████████████████████████ PX0743 ████████ Dep. 71:3-10 ████
████████████████████████████████████████████████████████████
████████████████████████████████████████ X0251 & PX0251-
A (LBG-USD-000010661 (audio) and transcript at 4:4-13 ████████████
████████████████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████████████████████████ The cited document and testimony reflect the views of a ███████████ employee and only two employees at two Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters. In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

37. Lenders had to be other banks, excluding central banks and corporate customers.[39]

**DEFENDANTS' RESPONSE:** The record evidence indisputably contravenes Plaintiffs' statement. The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m." *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted). ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████ Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. To the extent Plaintiffs assert ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████ *See id.* Part III.A.2-4. ████████████████████████

---

[39] PX1134 (BTMU_Dollar0149849 at '851) (Consultative paper published by the BBA, "Understanding the construction and operation of BBA LIBOR – strengthening for the future," June 10, 2008); PX1476███████ Dep. 77:6-19
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████



*id.* ¶ 25, ▮ *id.* Part III.B ▮

▮ *Id.* ¶ 25(i).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[d, e, g] Plaintiffs' statement.

    38.    This paragraph has been intentionally omitted.

    **DEFENDANTS' RESPONSE:**  No response is required.

    39.    ▮[40]

    **DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by the statement that ▮  The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so

---

[40] PX1585 & PX1585-A (BTMU_Dollar0254020 (audio) and transcript at 10:1-11 (BTMU's Rowley: ▮ PX1203 (Citi-USD01817747 at '747 (Citi's ▮ PX1315 (CSUK_0143057 at '057 (Credit Suisse submitter ▮ ; PX1591 (CSAG_00147323 at '323 ▮ PX1414 (DB-USDMDL 00135512 at '512 ▮ PX0155 (JPM_MDL1_USD_00093632 at '057 ▮ PX0183 & PX0183-A (JPM_MDL1_USD_00116921 (audio), and transcript at 5:20-22 ▮ ; PX0528 (RABO_METZLER_0135941 ▮ PX1474 ▮ Dep. 45:20-46:12 ▮ PX1474 ▮ Dep. 210:18-25 ▮ PX0727 ▮ Dep. 63:7-24 ▮

by asking for and then accepting' inter-bank offers in London just before 11 a.m." *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted). ██████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ Defs.'

Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ the evidentiary record contradicts Plaintiffs' statement. ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ *Id.*

¶ 24.  Moreover, the cited documents and testimony reflect the views of only some employees at some Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters. Further, as to PX0528, to the extent Plaintiffs suggest that ████████████████████

███████████████████████████████████████████████████████

██████████████ *See* 56.1 Resps. ¶¶ 154, 155 (admitting ██████████████

███████████████████████████████████████████████████████

██████████████████████████████. Finally, PX0155 does not contain the cited page.

        For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, f, g] Plaintiffs' statement.

40. ██████████████████████████████████████████████[41]

**DEFENDANTS' RESPONSE**: Admit[a] that the BBA LIBOR Instruction did not ask for estimates of rates on secured loans, but provided that "[r]ates shall be for deposits" "that are simple and unsecured." Defs.' Stmt. ¶ 15. ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████ *Id.* ¶ 24; *see also id.* ¶¶ 17-22, 25.

41. ████████████████████████████████████████████████████████

████████[42]

**DEFENDANTS' RESPONSE**:  It is unclear what Plaintiffs mean by the statement that ████████████████████████████████████ or why Plaintiffs' statement is relevant to Defendants' Joint Motion for Summary Judgment.  Nor is there any logic to the causal relationship suggested by Plaintiffs' statement.  To the extent Plaintiffs intend to state that the ███████████████████████████████████████ ████████████████████████████████████ Plaintiffs' statement is contrary to the evidentiary record.  *See* Defs.' Stmt. Part III.A.2-4.  The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m."  *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted).  ████████████████████████

████████████████████████████████████████████████████████

---

[41] PX1467 ███████    Dep. 45:1-10 ██████████████████████████████████████

[42] PX0695 (Snow Rep. ¶¶ 156-167); PX1026 (Bernheim Rep. ¶ 84).

███████████████████████████████████████████████ Defs.' Stmt.

¶ 24; *see also id.* ¶¶ 17-22, 25. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ *Id.* ¶ 24.  Furthermore, the expert

opinions cited in support of Plaintiffs' statement are inadmissible.  For the foregoing reasons, the

Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

dispute[a, c, d, g] Plaintiffs' statement.

42. █████████████████████████████████████████

██████████████[43]

**DEFENDANTS' RESPONSE**:  It is unclear what Plaintiffs mean by ████████

████████████████████  To the extent Plaintiffs intend to state that █████████████

████████████████████████████████████████████████████████

████████████████ Plaintiffs' statement is contrary to evidence in the record.  *See* Defs.'

Stmt. Part III.A.2-4.  The BBA LIBOR Instruction presented a hypothetical, asking each Panel

Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it

would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in

London just before 11 a.m."  *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations

omitted).  ███████████████████████████████████████████████

---

[43] PX1476 ████ Dep. 174:6-10 ██████████████████████████ PX1476 ████ Dep. 75:17-23

████████████████████ PX1467 ████████ Dep. 51:3-52:12 ██████████████

██████████████████████████.

██████████████████████████████████████████████████

█████████████████████████████████████ Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 24.  In addition, the cited documents and testimony do not support

Plaintiffs' broad statement, including because, in the quoted testimony from ████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████ In any event,

the quoted testimony reflects the views of a ██████████████████ and only one employee at one

Panel Bank, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  For

the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response

is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

    43.  ████████████████████████████████████████████████[.44]

---

[44] *See* § II.A (¶ 32), *supra; see also, e.g.,* PX1026 (Bernheim Rep.) at ¶ 162 n.162 (citing record evidence suggesting that ██████████████████████████████████████████████████████████████

████████████ PX0316 (Marx Rep.) at ¶ 136 & n.322 ██████████████████████████ PX1466

█████████ Dep. at 61:16-62:6 (**Lloyds:** ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

PX0746 ████████████ Dep. at 43:25–44:4 (**Citi:** █████████████████████

Dep. at 43:23–44:3 (**HSBC:** ████████████████████████████████ PX1467

██████████████████████████████████ PX1465 ████████ Dep. at 71:9–72:12 (**Rabobank:**

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  To the extent Plaintiffs intend to state that

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ the cited material does not support Plaintiffs' statement,

and Plaintiffs' statement is contrary to evidence in the record.  *See* Defs.' Stmt. Part III.A.3

(summarizing BBA guidance concerning the BBA LIBOR Instruction's reference to "reasonable

market size").  ██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

PX0818 (BAR-OTC-000915407 at -410); *see also* Blakemore Decl., Ex. ███████ Dep. Tr.

176:25-178:18) (testifying that ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

---

PX0736 ████████████ Dep. at 67:16–68:1 (**Portigon:** ████

████ Dep. at 82:12-83:21 (**BBA:** ████████████████████████ PX1476

████████████████████ X0818 (BAR-OTC-000915407 at '407-410); PX0948 & PX0948-A (BAR-OTC-000002423 (audio); BAR-OTC-000005087 at 89-90 (transcript) (**Barclays:** ███████; PX1476

████ Dep. 82:24-83:10 (**BBA:** ████████ PX0732 ████████ Dep. 15:25–17:1 (**BTMU:**

████████████████ PX0746 ████ Dep. 43:25-44:4 (**Citi:** ████

████ PX0718 ████ Dep. 81:6-14 (**Citi:** ████

████ PX0723 ████ Dep. 117:6-14 (**Deutsche Bank:** ████

████ PX1467 ████ Dep. 43:23-44:3 (**HSBC:** ████████████ PX1470

████ Dep. 40:8-17 ████ PX0169 (JPM_MDL1_USD_00116153 (audio)

and transcript at 2 (**JPM:** ██████████ PX0725 ████ Dep. 91:12-92:6 (**HBOS:**

████ PX1466 (████ Dep. 61:18–62:6 (**Lloyds:** ████

PX1483 ████ Dep. 55:17-23 (**Lloyds:** ████████ PX1489 ████ Dep.

43:12-20 (**Norinchukin:** "around $50 million")); PX1465 (Allen Dep. 73:22-74:2 (**Rabobank:** confirming

████████████ PX0736 ████ Dep. 67:16-68:1 (**WestLB:**

PX1471 ████ Dep. 88:18-24 (**Rabobank:** ████████ PX0745 (████ Dep. 14:16-19 (**RBS:**

████████████████████

███████████████████████████████ In addition, Plaintiffs selectively quote PX0948-A and

omit that ███████████████████████████████████████████████████████

███████████████████████ PX0948-A (BAR-OTC-000005087 at -095).  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants dispute[a, e, g] Plaintiffs' statement.

    44.    The LIBOR Question asked for rates at which the panel bank "could," not "would," borrow funds.[45]

**DEFENDANTS' RESPONSE:**  The cited testimony does not support

Plaintiffs' statement.  The record also indisputably contradicts Plaintiffs' statement.  The BBA

LIBOR Instruction included the phrase "asking for and then accepting."  Defs.' Stmt. ¶ 15.  ██

████████████████████████████████████████████████████████

████████████ *Id.* ¶ 25(b)-(c).  ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ *Id.*  For the foregoing reasons, the Court should disregard

---

[45] PX1476 █████ Dep. 174:6-10 ████████████████████████ PX1476 ████ Dep. 75:17-23

████████████████████ PX1476 ████ Dep. 227:21-229:4 ████████████████████

████████████████████████████████████████████████████████

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, g] Plaintiffs' statement.

## B.    LIBOR Setting Guidelines

45.    The LIBOR Question and a set of rules that governed the answer to the LIBOR Question were publicly available.[46]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by "a set of rules that governed the answer to the LIBOR Question" except to the extent that phrase refers to the BBA LIBOR Instruction.  The cited document supports Plaintiffs' statement only to that extent. In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the BBA LIBOR Instruction was publicly available during the Relevant Period, but otherwise dispute[a, d, g] Plaintiffs' statement.

46.    LIBOR had to be set independently, without reference to other contributors' submissions.[47]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by the statement that "LIBOR had to be set independently" except to the extent that phrase refers to the portion of the BBA LIBOR Instruction that provided:  "Contributor Banks shall input their rate without reference to rates contributed by other Contributor Banks."  Defs.' Stmt. ¶ 15.  The cited document supports Plaintiffs' statement only to that extent.  *See id.* Parts III.A.2-4.  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the BBA LIBOR Instruction provided that "Contributor Banks

---

[46] PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193).

[47] PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193); PX1476 ▮▮▮ Dep. 66:2-10).

shall input their rate without reference to rates contributed by other Contributor Banks," *id.* ¶ 15, but otherwise dispute[(a, g)] Plaintiffs' statement.

47.     ███████████████████████████████████████████████████████████ .[48]

**DEFENDANTS' RESPONSE:**  Defendants assume that ████████████████

████████████████████████████████████  The cited testimony does not support Plaintiffs' statement.  The referenced testimony, which is missing from PX0730, reflects the views of only one employee at one Panel Bank, not BBA guidance or the views of any Panel Bank, let alone of all Panel Banks or their submitters.  To the extent Plaintiffs' statement suggests the ████

████████████████████████████████████████████████████████████████

██████████  the BBA LIBOR Instruction provided that "Contributor Banks shall input their rate without reference to rates contributed by other Contributor Banks."  Defs.' Stmt. ¶ 15.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

48.     Submitters were not allowed to ask intermediaries (such as brokers) where they believe LIBORs will set on a given day and use that information as a basis for submissions.[49]

**DEFENDANTS' RESPONSE:**   It is unclear what Plaintiffs mean by the statement that submitters were not allowed to "use . . . as a basis for submissions" information from intermediaries (such as brokers) about where they believed USD LIBOR would set on a given day.  To the extent Plaintiffs assert that such information could not serve as a piece of information a submitter could consider, the record indisputably contradicts Plaintiffs' statement.  BBA

---

[48] PX0730 ████  Dep. 82:10-13 ████████████████████████████████████ .

[49] PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193); PX0624 (RBS_MDL_001282793 at '793 (██████ email transmitting ███████████  PX0625 (RBS_MDL_001282795 at '795-96 (attached ██████████████████████████████████████████████████████████████ ██████████████████████████████████████

guidance cited by Plaintiffs provides that "contributors should not ask intermediaries where they believe LIBOR rates will set on a given day and use this as a basis for submissions," but also provides that "[c]ontributor banks will be constantly in touch with clients and intermediaries and the information that they receive from them will naturally contribute to a bank's perception of its cost of funds."  PX0625 (RBS_MDL_001282795 at -795-796).  The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m."  *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted).  ████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████  Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████  *Id.* ¶ 25(j).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

49.    Submitters provided just a single number in answer to the LIBOR Question.[50]

---

[50] PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193); PX0743 ██████ Dep. 63:12-20 ████

███████████████████████████ PX1488 ██ Dep. 41:9-12 ████████

█████████████ PX1476 ██ Dep. 67:12-68:18 ██████████████████

**DEFENDANTS' RESPONSE:**  Admit[a] that, in response to the BBA LIBOR Instruction, each USD LIBOR Panel Bank submitted a single rate for each tenor of USD LIBOR each business day.

50.    The LIBOR Question asked for a number representing the submitter's best, honest, answer to the LIBOR Question.  In the event it was not possible to conduct the LIBOR fixing in the usual way, the BBA, in consultation with others, will use its best efforts to set a substitute rate.[51]

**DEFENDANTS' RESPONSE:**  Paragraph 50 includes multiple independent statements; it is not a short statement that complies with Rule 56.1.  In addition, Plaintiffs' statements use ambiguous terms, such as "best," the meaning of which is unclear in this context.  The cited document and testimony do not support the statements in paragraph 50.  For the foregoing reasons, the Court should disregard Plaintiffs' statements.  To the extent any response is required, Defendants admit that the BBA LIBOR Instruction asked for a number representing the submitter's good faith estimate, with the clarification that each USD LIBOR Panel Bank submitted a rate for each tenor of USD LIBOR each business day.  However, Defendants dispute[e, g] Plaintiffs' statement that the BBA LIBOR Instruction asked for a number representing the submitter's "best" answer.  With respect to Plaintiffs' statement that "[i]n the event it was not possible to conduct the LIBOR fixing in the usual way, the BBA, in consultation with others, will use its best efforts to set a substitute rate," Defendants admit that language to this effect appears

---

PX1471 (⬛⬛⬛ Dep. 172:21-173:16); *see* PX1464 ⬛⬛⬛ Dep. 181:10-14); PX0182 & PX0182-A (JPM_MDL1_USD_00116920 (audio) and transcript at 2:15-25).

[51] PX1476 ⬛⬛⬛ Dep. 57:1-59:12); PX0288 (The BBA LIBOR Fixing Definition – 1998 version at 193).

in the cited BBA document. However, to the best of Defendants' knowledge, no alternative process to calculate LIBOR was ever utilized by the BBA during the Relevant Period.

51. ████████████████████████████████████████████████
████████████████████████████████.[52]

**DEFENDANTS' RESPONSE:** The cited testimony does not support Plaintiffs' statement. The cited testimony reflects the views of ████████████████ and one Panel Bank employee, not the views of any Panel Bank, let alone of all Panel Banks or their submitters. Further, the record contradicts Plaintiffs' statement. *See, e.g.*, Defs.' Stmt. ¶ 21 (summarizing BBA guidance that "[i]f a bank has taken money or been given a firm quote at two different tenors it should be able to use this, with the addition of its internal view on where markets and rates are headed, to form a view on its cost of funds at points between or beyond where it has traded"). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

52. ████████████████████████████████████████████████
████████████████████████████.[53]

---

[52] PX1476 ███████ Dep. 68:14-18 ████████████████████████████████████████████████ PX0743 ███████ Dep. 64:9-65:5 ("█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[53] *See* §§ II.A (¶¶ 32, 35, 37, 40), II.B (¶ 52), *supra*; *see also, e.g.*, PX0300 LIBOTCPL0202575 at '576 (BBA Libor Instructions state "[r]ates shall be for deposits … that are simple and unsecured")); PX1484 ███████ Dep. at 176:4-19 (**Credit Suisse**: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ PX1468 ███████ Dep. at 71:5-72:2 (**Citi**: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  The record contradicts Plaintiffs' statement. Although the BBA LIBOR Instruction provided that "[r]ates shall be for deposits" "that are simple and unsecured," PX0300 (LIBOTCPL0202575 at 2), the BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m." *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted). ██████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* ¶ 24.  In addition, the cited documents and testimony reflect the views of ████████████████████ and only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

████████ PX0733 ████████ Dep. at 49:19-50:4 (**Bank of America**: ████ ████████████████████████████████████████████████████ PX1465 ████████████████████████████████████████████████████████ ████ Dep. at 79:22-80:10 (**Rabobank**: ████████████████████████ ████████████████████████████████████████████████████████ ████████ PX0980 & PX0980-A (~~BAR-DAP-000462769~~ ~~BAR-OTC-000004740~~ (audio) and ~~BAR-DAP-000551712~~ ~~BAR-OTC-001408843~~ at '845~~714~~, '852~~721~~ (transcript)) ██████████████████████████ PX1486 ████ Dep. 61:11-15 ████████████████

*See* Blakemore Decl., Ex. ███████ Dep. Tr. 185:4; 187:6-9) ███████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Additionally, the testimony that

Plaintiffs cite in PX1484 does not support Plaintiffs' statement. ██████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Moreover,

aside from the statement of ████████ (PX0980, PX0980-A) and the testimony of ████████

(PX1465), the material cited in footnote 53 does not bear on the relevance of ████████████

██████████████████████ For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, g] Plaintiffs'

statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 52 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 52, fn. 53, the text "PX0980 & PX0980-A (BAR-OTC-000004740 (audio) and BAR-OTC-001408843 at '845, '852 (transcript)" is replaced with"PX0980 & PX980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 at '714, '721 (transcript))".

53.    LIBORs had to be determined by bank employees who had primary responsibility for management of the bank's cash, rather than the derivative book.[54]

**DEFENDANTS' RESPONSE**:  Admit[a] that the cited document, dated

June 10, 2008, "amplified" the BBA LIBOR Instruction by providing, among other things, that

"[t]he rates must be submitted by members of staff at a bank with primary responsibility for

management of a bank's cash, rather than a bank's derivative book."  PX1098 (BOFA-

LIB0661262 at -270).

**III.    DEFENDANTS AGREED TO IGNORE THE DEFINITION OF LIBOR IN**

---

[54] PX1098 (BOFA-LIB0661262 at '268).

**SETTING LIBORS**

54.    During the Relevant Period, the LIBOR Definition applied equally to all LIBOR currencies, including US Dollars.[55]

**DEFENDANTS' RESPONSE**:  Admit.[(a)]

55.    During the Financial Crisis, ██████████████████████████████████████████████████████.[56]  Until March 2009, FXMMC membership consisted solely of senior traders and treasurers who worked at LIBOR Panel Banks.[57]

**DEFENDANTS' RESPONSE**:    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  Moreover, the documents cited in footnote 57 do not support Plaintiffs' statement that "[u]ntil March 2009, FXMMC membership consisted solely of senior traders and treasurers who worked at LIBOR Panel Banks."  Instead, PX0813 ██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

PX0813 (BAR-OTC-000193600 at -603).  The record further reflects that ████████████████████

██████████████████████████████████████████████

Defs.' Stmt. ¶ 28.  The record reflects that ██████████████████████████████

██████████████████████████████████████████████

██████████████████    *Id.* ¶ 27.  For the foregoing reasons, the Court should disregard

---

[55] PX0741 ████ Dep. 35:1-36:6); PX1486 ████ Dep. 106:8-24); PX0729 ████ Dep. 104:23-25).

[56] PX1476 ████ Dep. 51:23-52:8 ███████████████████████████████████

PX1486 ████ Dep. 86:17-87:2 ███████████████████████████████

██████████████████████ PX1486 ████ Dep. 89:18-90:3 █████████

██████████████████████████████████████████████

██████████████████████████████

[57] PX289 (LBR07B000083-3455-48); PX813 (BAR-OTC-000193600) at '605.

Plaintiffs' statement.  To the extent any response is required, Defendants admit that the witnesses referenced in footnote 56 testified at their depositions in the MDL ██████████████

████████████████████████ and that PX0289 states that the FXMMC ██

███████████████████████████████

but otherwise dispute[a, e, g] Plaintiffs' statement.

**A.    Beginning in August 2007 and Through December 2007,** ███████████████

████████████████████████

56.    ████████████████████████

██████████████.[58]

**DEFENDANTS' RESPONSE:**  While the witnesses referenced in footnote 58 testified at their depositions in the MDL that the ████████████████████

████████████████████ the cited testimony does not support any inference concerning ████████████████████████

████████████████. In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

57.    During the Relevant Period, ██████████████████

██████████.[59]

---

[58] *See, e.g.*, PX0741 ██████ Dep. 53:8-56:13 (Barclays)); PX1474 ██████ Dep. 210:22-211:5 (Bank of America)); PX0743 ██████ Dep. 38:16-40:2; 61:15-62:14 (Citi)); PX0721 ██████ Dep. 168:24-170:8 (Credit Suisse)); PX1473 (██████ Dep. 42:5-43:1, 47:21-51:18 (Deutsche Bank)); PX1486 ██████ Dep. 104:3-108:4 (Lloyds)); PX0724 (Nygaard Dep. 21:20-25; 30:5-16 (RBS)).

[59] PX0741 ██████ Dep. 60:14-61:1 ████████████████████████

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement lacks an evidentiary basis.

While ███████████████████████████, testified at his deposition in the MDL

that ████████████████████████████████████████████████

██████████████████████████████████████████████ PX0741

does not support Plaintiffs' statement that ███████████████████████

████  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

58.    On August 10, 2007, the BBA publicly represented that LIBOR "closely
reflect~~s~~ed the real rates of interest being used by the world's ~~big financial institutions~~ large banks"
and "reflect~~s~~ed the actual rate at which banks borrow~~ed~~ money from each other."[60]

**DEFENDANTS' RESPONSE:**  Plaintiffs misquote paragraph 98 of the UBS

SOF cited in footnote 60, which reads:  "According to an August 10, 2007 BBA press release,

LIBOR closely reflected the real rates of interest being used by the world's large banks, and it

reflected the actual rates at which banks borrowed money from each other."  Accordingly, the

Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

do not dispute the contents of the UBS SOF and refer to the UBS SOF for a complete and accurate

statement of its content, but otherwise dispute[(e)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 58 SUBMITTED ON
FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**   In
Paragraph 58, the text "closely reflects the real rates of interest being used by the world's big
financial institutions" is replaced with "closely reflected the real rates of interest being used by the
world's large banks".  In Paragraph 58, the text "reflects the actual rate at which banks borrow
money from each other" is replaced with "reflected the actual rates at which banks borrowed
money from each other".

████████████████████████████████████████████████████

---

[60] Non-Prosecution Agreement Between U.S. Dep't of Justice, Criminal Fraud Section and UBS AG, App. A, Statement of Facts, ¶ 98 (Dec. 18, 2012) ("UBS SOF"), https://www.justice.gov/iso/opa/resources/6942012121911725320624.pdf ("UBS SOF").

59. 

.[61]

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not support Plaintiffs' statement that ██████████████████████ ████, nor do they support the statement that ████████████████████ ████████████████████████████████  The cited material reflects that, ████ ████████████████████████████████ ████████████████████████████████  Further, Plaintiffs' selectively quote from PX0197-A, where ████████████ ████████████████████████████████ ████████████████  PX0197-A ████████ Dep., Ex. 7A, at 1).  Moreover, Plaintiffs mischaracterize the deposition testimony of ████████████████████████ ████████████████████████████████████████  *See* PX1486 ████████ Dep. Tr. 117:6-118:4).  In addition, ████████████████ ████████████████████████████████████.  *See* Supplemental Declaration of Marc J. Gottridge in Further Support of Defendants' Joint Motion for

---

[61] PX0197 & PX0197-A (LBG-USD-000000373 (audio) and transcript at 1-2 ████████████ PX0198 & PX0198-A (LBG-USD-000000374 (audio) and transcript at 1 ████████████████████████████████████████ PX1486 ████ Dep. 117:6-118:4 ████████████████████ PX1059 (BOFA-LIB0367109 at '109 ████████████████████

Summary Judgment on "Upstream" Issues ("Lloyds Bank Reply Decl."), Ex. ████ Dep. Tr.

111:21-112:2; 119:2-11) ████████████████████████████████████████

████████████████████████ For the foregoing reasons, the Court should disregard

Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs'

statement.

     60. ████████████████████████████████████████

████████████████████████████████████████[62]

     **DEFENDANTS' RESPONSE:** The selective quotes from PX0071—

improperly reordered and taken out of context—do not support Plaintiffs' statement. PX0071—

an ████████████████████████████████████



PX0071 (HSBC-USDLIBORLIT-0290470 at -471). ████████████████

████████████████████████████████████████

████████████████████ *See* PX1479 ████ Dep. Tr. 66:4-10) ████████

████████████████████████████████████████

████████████████████████████████████████ *id*.

████ Dep. Tr. 69:13-17) ████████████████████████

████████████████████████████████████████

████████████████████████ Finally, Plaintiffs cite no evidence that ████████

---

[62] PX0071 (HSBC-USDLIBORLIT-0290470 at '470-71); PX1479 ████ Dep. 65:11-67:9).

██████████████ .  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To

the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

61. ████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████[63]

**DEFENDANTS' RESPONSE**:  Admit.[a]

62. █████████████████████████████████████████ .[64]

**DEFENDANTS' RESPONSE**:  The cited evidence does not support the

statement that ████████████████████████████████████████

██████████████████████  On the cited audio recording, ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

PX0202-A (Transcript of LBG-USD-000000551).  Further, ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████  PX1486 ██████ Dep. Tr. 130:7-131:19).  In any event,

Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the

---

[63] PX0613 (RBS_MDL_000664105 at '105); PX0201 (LBG-FDIC-000000318 at 1-2) ███████████████

[64] *See* PX0202 & PX0202-A (LBG-USD-000000551 (audio) and transcript at 1); PX1486 ██████ Dep. 130:7-131:19).

subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

63. ███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████[5]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement does not accurately quote

the cited document.  In the conversation reflected in that document, ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████.  PX0203-A (██████ Dep.,

Ex. 12A, at 1).  No part of the cited document supports Plaintiffs' statement that ████████████

██████████████████████████████████.  Moreover, the

statements in PX0203-A relate to ██████████████████, and are therefore irrelevant

to the subject matter of this MDL and inadmissible to prove Plaintiffs' claims, which relate only

to USD LIBOR.  *See* PX0302 (LIBOTCPL0202769) (3M USD LIBOR table); Lloyds Bank Reply

Decl., Ex. 3 (3M GBP LIBOR chart for selected date range) (comparing range for 3M USD LIBOR

in August 2007 -- between 5.36 and 5.62 -- and for 3M GBP LIBOR between August 8, 2007 and

August 22, 2007 -- between 6.13 and 6.65; in PX0203, ████████████████████

█████████████████.  In any event, Plaintiffs' statement is immaterial and would not

preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing

---

[65] PX0203 (LBG-USD-000000552 and transcript at 1-2).

reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, d, e, g)] Plaintiffs' statement. Furthermore, no inference reasonably can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

64. [68] In particular:

a.    [69]

b.    [70]

c.    "[71]

d.    [72]

e.    .[73]



---

[66] PX1486 ▮▮▮ Dep. 133:12-136:20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[67] PX1469 ▮▮▮ Dep. 19:12-21(▮▮▮▮▮▮▮▮▮▮▮▮▮▮)).

[68] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 3-13); PX1005-A (BAR-OTC-001401376 (audio) and BAR-OTC-001408773 (transcript) (Barclays' audio and transcript of same call).

[69] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 3.

[70] *Id.*

[71] PX1486 (▮▮▮ Dep. 137:13-138:3).

[72] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 3.

[73] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 5-6.

f. 

g.

h.

i.

j.

k.

l.

**DEFENDANTS' RESPONSE:**  PX1469 does not support Plaintiffs' statement

in paragraph 64 because PX1469 was not introduced by Plaintiffs.  *See Carmody Decl.* ¶ 1545

---

[74] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 6).

[75] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 3, 7-9).

[76] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 6).

[77] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 7).

[78] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 7).

[79] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 9).

[80] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 13).

("Exhibit 1469 has intentionally been omitted.").  Moreover, while the remaining exhibits cited in paragraph 64 contain the above-quoted language, no inference can be drawn that ██████████ ████████████████████████████████████████████████████████  Additionally, the communications in several of the cited exhibits ██████████████████████████████, *see, e.g.*, PX1486 ████████ Dep. Tr. 138:9-10) ████████████████████████████████████ ██████████████████████; PX0204-A (████████ Dep., Ex. 13A, at 7) (██████████████████████ ██████████████████████████), and are therefore irrelevant to the subject matter of this MDL and inadmissible to prove Plaintiffs' claims, which relate only to USD LIBOR.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited exhibits contain the above-quoted language, except for PX1469, but otherwise dispute[a, b, d, e, f, g] Plaintiffs' statement.

65.    ████████████████████████████████████████████████████████
██████[81]

**DEFENDANTS' RESPONSE:**    Plaintiffs  mischaracterize  ██████████
██████  ████████████████████████████████████████████████
████████████████████████████████████████████████████

██████    PX0741 ██████████ Dep. Tr. 73:5-9) (emphasis added).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[d, e] Plaintiffs' statement.

66.    ████████████████████████████████████████████████████████
████████████████████████████████████████████████.[82]

---

[81] PX0741 ██████████ Dep. 71:3-73:9).

[82] PX0979 & PX0979-A (BAR-OTC-000004739 (audio) and BAR-OTC-001408832 at '836-840 (transcript) ██████████

**DEFENDANTS' RESPONSE:**  Plaintiffs mischaracterize the communication cited in footnote 82. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████  PX0979-A (BAR-OTC-001408832 at -836). ████████████████████████████████████

████, *see* PX0979-A at -707-708 ████████████████████████████ *see also* Supplemental Declaration of Patrick W. Blakemore in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Blakemore Reply Decl."), Ex. 1 (████████ ████. Tr. 98:17-99:3) (████████████████████████████████████████ ████████████), and is therefore irrelevant to the subject matter of the claims and defenses in this MDL and inadmissible to prove Plaintiffs' claims, which relate only to USD LIBOR.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[b, d, e, g] Plaintiffs' statement.

67. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████[83]████████████████████████████████████[84]████████████

**DEFENDANTS' RESPONSE:**  This email chain refers in part to ████████████ ████████████████████ and it is irrelevant to the subject matter of this MDL and inadmissible

---

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

[83] PX1013 (████, Ex. 8, Sept. 3, 2007 email chain among ████████████, et al. Re: "████████████████ ████" at 2).
[84] PX1013 (████, Ex. 8, Sept. 3, 2007 email chain among ████████████, et al. Re: "████████████ ████" at 2).

to prove Plaintiffs' claims, which relate only to USD LIBOR.  *See* PX1013 (███ Dep., Ex. 8, at 2) ████████████████████████████████████████████████████████████

███ (emphasis added); *see also* Blakemore Reply Decl., Ex. ██████ Dep. Tr. 63:8-65:8) (testifying that ████████████████████████████).  Nor does ██████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████, much less that there was a conspiracy among Defendants to jointly make contributions in violation of the BBA LIBOR Instruction.  In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, f, g)] Plaintiffs' statement.



68. ████████████████████████████████████████████████████ ████████████████████████████████)[85], ████████████████[86] ███████[87]████████████████████████████████████████████ ████████████████████  In particular:

    a. ████████████████████████████████████████████████.[88]

    b. ██████████████████████[89]

---

[85] PX1467 ████ Dep. 93:17-19) ████████████████████████████

[86] PX0980 & PX0980-A (BAR-DAP-000462769~~BAR OTC 000004740~~ (audio) and BAR-DAP-000551712~~BAR-OTC-001408843~~ (transcript)).

[87] PX0208 (LBG-FDIC-000000667 at 1); PX0129 (JPM_MDL1_USD_00039262 at '262-63).

[88] PX0980 & PX0980-A (BAR-DAP-000462769~~BAR OTC 000004740~~ (audio) and BAR-DAP-000551712~~BAR-OTC-001408843~~ (transcript) at '845714).

[89] *Id.* at '~~847~~716.



c. ████████████████████████████████████.[90]

d. ████████████████████████████████████████
████████████████████[91]

e. ████████████████████████████████████████
█████████████████[92]

f. ████████████████████████████████████████
████████████[93]

g. ████████████████████████████████████████
██████████[94]

h. ████████████████████████████████████████
████████[95]

i. ████████████████████████████████████████.[96]

**DEFENDANTS' RESPONSE:**  The above quotations from Plaintiffs' cited material do not support Plaintiffs' overbroad and conclusory statement that ██████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

---

[90] *Id.*

[91] *Id.* at ~~'848 & '849~~ '717-20.

[92] *Id.* at ~~'852~~ '721. *See also* PX0161 (JPM_MDL1_USD_00112985 (████████████████████ ████████████████████████████████████████)

[93]  PX0980 & PX0980-A (BAR-DAP-000462769~~BAR-OTC-000004740~~ (audio) and BAR-DAP-000551712~~BAR-OTC-001408843~~ (transcript) at ~~'852-853~~ '721-22).

[94] *Id.* at ~~'854~~ '723.

[95] *Id.* at ~~'855~~ '724.

[96] *Id.* at ~~'854-56~~ '723-28; PX1011 (BAR-DAP-000636059 (████ Witness Statement) at '072 ("███████████████████ ████████████)).

██████████████████████████████████████████████████████████

██ PX0980-A (BAR-DAP-000551712 at -712). In addition, ████████████████████████

████████████████████, and is irrelevant to the subject matter of this MDL and inadmissible to

prove Plaintiffs' claims, which relate only to USD LIBOR. *See, e.g.*, *id.* (BAR-DAP-000551712

at -715-716) ███████████████████████████ *id.* (BAR-DAP-000551712 at -

718) ████████████████████████

████████████████ Further, PX1467 does not include the page cited in footnote 85, Plaintiffs

provide incorrect citations in their references to PX0980-A in footnotes 88 to 96, and Plaintiffs

misquote PX0161 in footnote 92 (████████████████████████████████

████████████████████████████████████ Defendants

refer to the cited communications for a complete and accurate statement of their contents.

Additionally, PX1011 contains out-of-court statements introduced for the truth

of that matter therein. Plaintiffs have not demonstrated that prior testimony, not subject to cross-

examination by any Defendant, fits into any exclusion or exception from the hearsay rules—

including the provision in Federal Rule of Evidence 804(b)(1) that permits the introduction of

certain prior testimony in circumstances not present here—that would allow it to be introduced at

trial. Absent such a showing, "[a] party 'cannot rely on inadmissible hearsay in opposing a motion

for summary judgment.'" *Abdel-Karim v. EgyptAir Airlines*, 116 F. Supp. 3d 389, 409 (S.D.N.Y.

2015) (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924

(2d Cir. 1985)), *aff'd sub nom. Abdel-Karim v. Egyptair Holding Co.*, 649 F. App'x 5 (2d Cir.

2016).

In any event, Plaintiffs' statement is immaterial and would not preclude

summary judgment even if it were the subject of a genuine dispute. For the foregoing reasons, the

Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, d, e, f, g)] Plaintiffs' statement. Furthermore, no inference reasonably can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 68 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 68, fn. 86, the text "PX0980 & PX0980-A (BAR-OTC-000004740 (audio) and BAR-OTC-001408843 (transcript)" is replaced with "PX0980 & PX980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 (transcript))". In Paragraph 68(a), fn. 88, the text "PX0980 & PX0980-A (BAR-OTC-000004740 (audio) and BAR-OTC-001408843 (transcript) at '845" is replaced with "PX0980 & PX980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 (transcript) at '714)". In Paragraph 68(b), fn. 89, the text "*Id.* at '847" is replaced with "*Id.* at '716". In Paragraph 68(d), fn. 91, the text "*Id.* at '848 & '849" is replaced with "*Id.* at '717-20". In Paragraph 68(e), fn. 92, the text "*Id.* at '852" is replaced with "*Id.* at '721". In Paragraph 68(f), fn. 93, the text "PX0980 & PX0980-A (BAR-OTC- 000004740 (audio) and BAR-OTC-001408843 (transcript) at '852-'853" is replaced with "PX0980 & PX0980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 (transcript) at '721-22)". In Paragraph 68(g), fn. 94, the text "*Id.* at '854" is replaced with "*Id.* at '723". In Paragraph 68(h), fn. 95, the text "*Id.* at '855" is replaced with "*Id.* at '724". In Paragraph 68(i), fn. 96, the text "*Id.* at '854-56" is replaced with "*Id.* at '723-28". In Paragraph 68(e), fn. 92, the text ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ .

69.    ██████████████████████████████████████████████████████
██████████████████████████████████████████████████ /

**DEFENDANTS' RESPONSE:** The cited evidence does not support Plaintiffs' statement. Defendants refer to the communication for a complete and accurate statement of its contents. ██████████████████████████████████████████████████████
██████████████████████████████ , which Plaintiffs admit. *See* 56.1 Resps. ¶¶ 154, 155, 160. ██████
██████████████████████████████████████████████████████████
██████    *See* PX0445 (RABO_METZLER_0016946 at -946) ██████████████████████████

---

[97] PX0445 (RABO_METZLER_0016946 at '946-47).

█████ (emphasis added).   For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

70.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███[98]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement represents an incomplete

and misleading characterization of the referenced conversation, including █████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████  PX0984-A (BAR-OTC-001408907 at -909, -911).   For the

foregoing reason, the Court should disregard Plaintiffs' statement.   To the extent any response is

required, Defendants dispute[(a, d, e)] Plaintiffs' statement.

71.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████.[99]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement represents an incomplete

and misleading characterization of PX0058.  Plaintiffs' selective quotations from the document

omit that █████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[98] PX0984 & PX0984-A (BAR-OTC-001401444 (audio) and BAR-OTC-001408907 at '907, '910-12 (transcript)).

[99] PX0058 (HSBC-USDLIBORLIT-0137012 at '012-13).

███████████████████    PX0058 (HSBC-USDLIBORLIT-0137012 at -013).  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants admit that PX0058 contains the above-cited material, but otherwise dispute[a, e]

Plaintiffs' statement.

        72.    █████████████████████████████████████████████████

██████████████████████████████████████████████.[100]

            **DEFENDANTS' RESPONSE:**    While certain employees of certain Panel

Banks had ████████████████████████████████████████████████████████

(PX0058), the cited material does not demonstrate that any Defendant agreed with the issues raised

by ████████.  *See, e.g.*, PX0108 (JPM_MDL1_USD_00032782 at -782-783) ████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████    In addition, PX0792 does not support

Plaintiffs' statement; █████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████.  PX0792 (BAR-OTC-000003950).  In any event, Plaintiffs'

statement is immaterial and would not preclude summary judgment even if it were the subject of

a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To

the extent any response is required, Defendants admit that ████████████████████████

---

[100] *See, e.g.*, PX0792 (BAR-OTC-000003950 at '950); PX0132 (JPM_MDL1_USD_00039318 at '318-21); PX0108 (JPM_MDL1_USD_00032782 at '782-83); PX0615 (RBS_MDL_000773957 at '957-59); PX0675 (SG-USDMDL-00020754 at '754).

█████████████████████████████████████████████████████

(PX0058), but otherwise dispute[a, d, e, g] Plaintiffs' statement.

73. ████████████████████████████████████████████

█████████████████████████████████████████[101].

**DEFENDANTS' RESPONSE**: ████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████ PX0145 does not provide evidentiary support for Plaintiffs' suggestion that ██

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Moreover, there is no support for the suggestion █████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ *See*

PX0145 (JPM_MDL1_USD_00083610 at -610). █████████████

█████████████████████████████████████ *Id.* (JPM_MDL1_USD_00083610 at -

610).  In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment

even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e]

Plaintiffs' statement.

74. ████████████████████████████████████[102]████████

████[103].

---

[101] PX0145 (JPM_MDL1_USD_00083610 at '610-11).

[102] PX0425 (PORTIGON0026954 at '954-55).

[103] PX0425 (PORTIGON0026954 at '954-55).

**DEFENDANTS' RESPONSE:**  Defendants acknowledge that on ████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████.  However, PX0425 does not provide

evidentiary support for Plaintiffs' suggestion that █████████████████████.  In any event,

Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the

subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, d, e] Plaintiffs' statement.

75.  ████████████████████████████████████████████████████

█████████████████████████████"[104]

**DEFENDANTS' RESPONSE:**  The quotations that Plaintiffs cite in PX1297

do not support Plaintiffs' statement.  ███████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████  PX1297 (CSUK_0072293).  For the

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, e, g] Plaintiffs' statement.

76.  ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████.[105]

---

[104] PX1297 (CSUK_0072293 at '293).

[105] PX0143 (JPM_MDL1_USD_00039238 at '238).

**DEFENDANTS' RESPONSE:**  While PX0143 contains the above-quoted language, Plaintiffs' statement represents an incomplete and misleading characterization of the referenced conversation, including because it omits that ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████   *See* PX0143 (JPM_MDL1_USD_00039238 at -238).  For the foregoing reason, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[(a, e)] Plaintiffs' statement.

77. ███████████████████████████████████ ███████████████████████   Defendants produced no audio recording of the meeting but produced documents memorializing the meeting and identifying at least some of its attendees. ████████████████████████████████████ █████████████████████

a. ███████████████████████████████████

b. ███████████████████████████████████

---

[106] PX0831 & PX0831-A (BAR-OTC-000001870 (audio), BAR-OTC-001404374 (transcript)).

[107] PX1474 ████████ Dep. 258:6-259:25).



,,108

c.  09

d.  ,, 110

e.  ,, 111

f.  112

g.  .113



**DEFENDANTS' RESPONSE:**  The above quotations from Plaintiffs' cited material do not support the assertion that ████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ nor do they support any

---

[108] PX1474 (████ Dep. 260:5-261:11); *see* PX1040 (BOFA-LIB0043993 at '993).

[109] PX0509 (RABO_METZLER_0130311 at '311); *see also* PX0031 (DB-USDMDL 01367802 at '802 (with date and time)).

[110] PX1299 (CSUK_0072758 at '758).

[111] PX0061 (HSBC-USDLIBORLIT-0138245 at '245).

[112] PX0176 & PX0176-A (JPM_MDL1_USD_00116478 (audio) and transcript at 18:19-21, 19:8-12).

[113] PX0741 ████ Dep. 173:21-175:2); PX1256 (Citi-USD02557698 at '698-99); PX0228 (LBG-USD-000005746 at '746); PX0544 (RBCOTC0043115 at '115); PX0545 (RBCOTC0043127 at '127).

assertion that Defendants persistently suppressed their USD LIBOR submissions or conspired to do so.  As a threshold matter, Plaintiffs misleadingly suggest that ████████████████████ ███████████████████████████████████████. *See* Blakemore Reply Decl., Ex. ██████ Witness Statement, Ex. JME0013) (███████████████████████████████████████ ██████████████████████████████████████). Plaintiffs also misleadingly characterize the statements in the cited exhibits.  For example, Plaintiffs provide an incomplete characterization of ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████ PX0831-A (BAR-DAP-000548737 at -738).  In addition, the document and testimony cited in subparagraph (b) do not support the statement that "█ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████  Similarly, the material quoted in subparagraph (f) does not support Plaintiffs' statement.  Rather, PX0176 reflects that ███████████████████████ ████████████████████████████████████████████████ █████████████████████  *See* PX0176-A ██████████ Dep., Ex. 7, at 18:18-23) ████████ ████████████████████████████████████████████████

67

██████████████████████████████████████████████████████████

████████████ Plaintiffs also mischaracterize PX1299. ████████████████████████████

████████████████████████████████████████████████ PX1299 (CSUK_0072758 at -758).  For

the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent that any

response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

**B.    The Market Conditions That Began in August 2007, Characterized by the Lack of Interbank Offers, Persisted Through the Relevant Period**

78. ████████████████████████████████████████████████████████[114]
████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not

support Plaintiffs' overbroad statement.  The cited documents and testimony reflect the views of

only certain employees of certain Panel Banks, not the views of any Panel Bank, let alone of all

Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a

small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt.

¶ 13(c).  Moreover, several of the cited documents and testimony do not provide any basis for

Plaintiffs' statement.  For example, PX0199 concerns ████████████████████████ and is

therefore irrelevant to the subject matter of this MDL and inadmissible to prove Plaintiffs' claims,

which relate only to USD LIBOR.  *See* PX0199-A (████████ Dep., Ex. 9A).  Because Plaintiffs

cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate

herein their responses to those other statements.  *See supra* Responses to ¶¶ 57-77.  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent that any response

is required, Defendants admit ████████████████████████████████████████████

---

[114] *Supra* ¶¶ 57-77; PX0120 (JPM_MDL1_USD_00032798 at '798 (**JPM:** ████████████████)); PX0199 & PX0199-A (LBG-USD-000000376 (audio) and transcript at 3 (**Lloyds:** ████████████████████████; PX0374 (NB-USDMDL-00011314 at '324 (**Norinchukin:** ████████████████████████████); PX0374 (NB-USDMDL-00011314 at '324 (**Norinchukin:** ████████).



but otherwise dispute[(a, b, d, e, g)] Plaintiffs' statement

.

79.

[115]

**DEFENDANTS' RESPONSE:**   The cited documents and testimony do not

support Plaintiffs' overbroad statement that

." The cited documents

and testimony reflect the views of only certain employees at certain Panel Banks at certain times,

not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  In addition, the

cited documents and testimony concern only a small fraction of the more than 700 submission

days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Moreover, citations to several

documents and testimony in footnote 115 contain inaccuracies:

---

[115] *See* ¶¶ 56-78, *supra*; PX0773 (BAR-DAP-000040496 at '496 (**Barclays**: "
 PX1270 (CS_00001637 at '638 (**Credit Suisse**:
 PX1374 (DB-USDMDL 00013423 at '423, DB-
USDMDL 00013423 at '423 (**Deutsche Bank**:
(HSBC-USDLIBORLIT-0137018 at '018 (**HSBC**: PX0059
(HSBC-USDLIBORLIT-0137018 at '018 (**HSBC**:
 PX1464 Dep. 81:10-20 (**JPM**
; PX0376 (NB-USDMDL-00031914 at '914 (**Norinchukin**:
PX0484 (RABO_METZLER_0079228 at '228 (**Rabobank**: LIBOR
 PX0558 (RBCOTC0079823 at '823 (**RBC**: "
; PX0601 (RBS_MDL_000080907
at '907 (**RBS**:
PX0627 (RBS_MDL_001360108 at '108 (**RBS**: "
); PX0629 (RBS_MDL_001364132 at '132 (**RBS**:
; PX0332~~1~~ (MDL_OTC_UBS_0057416
 *see* PX0736 (Sequeira
Dep. 23:15-25:5; 229:22-230:5 (**WestLB**:

- PX1464: ██████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
PX1464 ████████  Dep. Tr. 81:13-17).

- <u>PX0059</u>:  This document does not support Plaintiffs' statement because, in addition to Plaintiffs' selective quotation, █████████████████████████████████
███████████████████████████████████  PX0059 (HSBC-USDLIBORLIT-0137018).

- <u>PX0331</u>:  Plaintiffs  cite  MDL  OTC  UBS  0057416,  but  PX0331  is MDL_OTC_UBS_0055622. ████████████████████████████
███████████████████████████████████████  PX0331 (MDL_OTC_UBS_0055622).

- PX1374: █████████████████████████████████████████
█████████████████████████████████  PX1374 (DB-USDMDL 00013423).

- PX0376:  The document does not support Plaintiffs' statement because, ███████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████ *See* PX0727 ████████  Dep. Tr. 96:21-97:17).

- PX1270:  Plaintiffs' selective quotation of PX1270 does not support Plaintiffs' statement. ███████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████
Supplemental Declaration of Jason M. Hall in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Credit Suisse Reply Decl."), Ex. 2 (███
████  Dep. Tr. 225:14-18).

Because  Plaintiffs  cross-reference  other  statements  in  Plaintiffs'  Joint  Counterstatement, Defendants incorporate herein their responses to those other statements.  *See supra* Responses to ¶¶ 56-78.  For  the  foregoing  reasons,  the  Court  should  disregard  Plaintiffs'  statement.  To  the extent any response is required, Defendants admit ████████████████████████
████████████████████████████████████████████



, but otherwise dispute[(a,]

[b, d, e, g)] Plaintiffs' statement

.".

<span style="color:red">**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 79 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 79, fn. 115, the text "PX0331" is replaced with "PX0332".</span>

80.

[116]

**DEFENDANTS' RESPONSE:** The record evidence indisputably contravenes Plaintiffs' statement                              *See* Defs.' Stmt. ¶¶ 606-610

Moreover, the cited documents and testimony do not support Plaintiffs' overbroad statement that

The cited documents and testimony reflect the views of only certain employees at certain Panel Banks at certain times, not the views of any Panel Bank, let alone of all Panel Banks or their submitters. In addition, the cited documents and testimony concern only

---

[116] PX0979 & PX0979-A (BAR-OTC-000004739 (audio) and BAR-OTC-001408832 at '832 (transcript) (**Barclays**:                                   PX0788 (BAR-DAP-000095890 at '890 (**Barclays**:                    PX0790 (BAR-OTC-001408832 at '832) (**Barclays**:                    PX1476 (          Dep. 168:5-171:1                                    PX1270 (CS_00001637 at '637-38 (**Credit Suisse**:                    ); PX1416 (DB-USDMDL 00310579 at '579 (**Deutsche Bank**:                    PX0161 (JPM_MDL1_USD_00112985 at '985 (**JPM**:                    PX0376 (NB-USDMDL-00031914 at '914 (**Norinchukin**:                    ; PX0588 (RBS_MDL_000003554 at '554 (**RBS**:

a small fraction of the more than 700 submission days during the Relevant Period.  Defs.' Stmt. ¶ 13(c).  ███████████████████████████████████████████████████████

███████████████████████.  *See* PX0161 (JPM_MDL1_USD_00112985) ██████████████

██████████████████████.  PX0588 also does not support Plaintiffs' statement because PX0588 was not introduced by Plaintiffs.  *See* Carmody Decl. ¶ 612 ("Exhibit 588 has been intentionally omitted.").  Similarly, Plaintiffs' selective quotation of PX1270 does not support Plaintiffs' statement.  ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████  Credit Suisse Reply Decl., Ex. 2 (██████ Dep. Tr. 225:14-18).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, ████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████, but otherwise dispute[a, b, e, g] Plaintiffs' overbroad statement that ████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

81.    Throughout the Relevant Period, Defendants understood that ███████████████

███████████████████████████████████████████████[117]██████████████████

---

[117] *See* ¶¶ 66-67, *supra; See, e.g.*, PX1047 (BOFA-LIB0111094 at '094 ██████████████████

█████████████████████████████████████████████████ PX0089 (HSBC-USDLIBORLIT-0524017 at '017 **(HSBC:** █████████████████████████████████████████

██████████████ PX1479 (████████ Dep. 139:11-19; 140:16-20 **(HSBC:** █████████████

████████████████████████████████████████ PX0160 (JPM_MDL1_USD_00109820 at '820 **(JPM:** ████████████████████████████████████████████████ PX1466

**DEFENDANTS' RESPONSE**:    The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London just before 11 a.m." *United States v. Connolly*, 24 F.4th 821, 835 (2d Cir. 2022) (citations omitted). ██████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Defs.' Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ██████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ *Id.* ¶ 25(i).  Moreover, the cited documents and testimony do not provide evidentiary support for Plaintiffs' overbroad statement about what all Defendants "understood." The cited documents and testimony reflect the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.   In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *Id.* ¶ 13(c).

Additionally, several of the cited documents and testimony do not even provide an evidentiary basis for Plaintiffs' statement as to one Defendant. ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████ *See* PX0160 (JPM_MDL1_USD_00109820). ██████████ ████████████████████████████████████████████████████████████

---

Dep. 98:15-99:7 (**Lloyds:** ██████████████████████████████████
PX0380 (NB-USDMDL-00279953 at '968 (**Norinchukin:** ████████████
████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████. PX1479 █████ Dep. Tr. 139:11-19; 140:16-20).  As another example,

while  footnote  117  accurately  quotes  the  cited  Norinchukin  document  (PX0380), ████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████  *See* PX0380 (NB-USDMDL-00279953).

Because  Plaintiffs  cross-reference  other  statements  in  Plaintiffs'  Joint

Counterstatement, Defendants hereby incorporate their responses to those other statements.  *See*

*supra* Responses to ¶¶ 66-67.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants admit ████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████, *see* Defs.'

Stmt. Part III.B ██████████████████████████████), but otherwise dispute(a, e, g)

██████████████████████████████████████████████████

"Defendants  understood ██████████████████████████████████████

██████████

    82. ███████████████████████████████████████████.[118]

---

[118] *See* ¶¶ 66-68, *supra*; *see, e.g.*, PX1046 (BOFA-LIB0110655 at '655 (**Bank of America**: ████
██████████████); PX1038 (BOFA-LIB0037328 at '328 (**Bank of America** to **Deutsche Bank**: ████
████████); PX0733 █████ Dep. 52:21-25 (**Bank of America**: ████████
████████████████████████ PX1003 & PX1003-A (BAR-DAP-000454944 (audio) and BAR-
DAP-000550878 at '879 (transcript) (**Barclays**:
██████████; PX0968 (BAR-OTC-001385661 (audio) and BAR-OTC-001407226 at '227 (transcript) (**Barclays**:

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not support Plaintiffs' overbroad statement that ███████████████████████ ████████████████████████████████████████████████████████████████

████   The cited documents and testimony reflect the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  ███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████   *See* Blakemore Decl., Ex. 9 (Hubbard Opening, Exs. 8A, 8B).  Plaintiffs also mischaracterize PX0968 by omitting from their selective quotation of the document that ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████   PX0968-A (BAR-OTC-001407226 at -226).  Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants hereby incorporate their responses to those other statements.

---

██████████████████████   PX1150 & PX1150-A (BTMU_Dollar0253434 (audio) and transcript at 3:1-5:10 (**BTMU:** ██████████   PX1238 (**Citi-USD02209195 (audio) and transcript at 1 (**Citi:** ████ ████████████; PX1234 (Citi-USD02209178 (audio) and transcript at 3 (**Citi:** █████████████████████   PX1484 ████   Dep. 132:13-21 (**Credit Suisse:** ███████████████████████████████████████████   PX0027 & PX0027-A (DB-USDMDL 01360368 (audio) and transcript at 3 ███████████████ PX0726 ██████   Dep. 119:17-20 (**JPM:** ███████████ PX0554 (RBCOTC0048350 at '350 (**RBC:** ███████████████████████████████████████████████ █████████████████████████████████   PX0582 (RBCOTC0195508 at '508 (**RBC:** ██████ ███████████████████████████████████████████████ ████████████   PX0342 (MDL_OTC_UBS_0941353 at '353 (**UBS:** ████████ █████████   PX0343 (MDL_OTC_UBS_0941512 at '512 (**UBS:** ██████ ██████████████████████; PX0432 & PX0432-A (PORTIGON0042109 (audio) and transcript at 1-3 ███████████████████

*See supra* Responses to ¶¶ 66-68.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.    To the extent any response is required, Defendants admit ███████████████

███████████████████████████████████████████████

███████████████████████, but otherwise dispute[a, d, e, g] Plaintiffs' statement.

83.    ███████████████████████████████████

████████████████████████████.[119]

**DEFENDANTS' RESPONSE:**  The record evidence indisputably contravenes

Plaintiffs' statement ██████████████████████████████

██████████████████████  *See* Defs.' Stmt. Part III.B

███████████████████████████████  Further, the cited

documents and testimony do not provide evidentiary support for Plaintiffs' overbroad statement.

The cited documents and testimony reflect the views of only certain employees at four Panel

Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.   In

addition, the cited documents concern only a small fraction of the more than 700 submission days

during the Relevant Period.  *See id.* ¶ 13(c).  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs'

statement.

**C.    In 2008, All Defendants Participated in the BBA's Months-Long Formal**

---

[119] *See, e.g.*, PX1135 (BTMU_Dollar0160733 at '734 (**BTMU:** ████████████████

██████████████ PX1466 ███████ Dep. 98:15-99:7 (**Lloyds** ██████

████ PX1489 ██████ Dep. 239:5-240:9 (**Norinchukin:** ████████

████████████████████████████████████████

████████████████████████████████████████

██████ PX1482 ██████ Dep. 44:22-45:5 (**WestLB:** ████████

████████████████████████████████████████

██████

**"Consultation" Process, Led by the FXMMC, to Review the LIBOR Definition and Instructions**

84.    On April 16, 2008, the Wall Street Journal and Bloomberg published articles questioning LIBOR's accuracy and suggesting that certain banks were low-balling their LIBOR submissions in an effort to maintain their reputations.[120]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement represents an incomplete and misleading characterization of the cited articles.  Defendants acknowledge that on April 16, 2008, the Wall Street Journal and Bloomberg published the articles cited in footnote 120, and refer to those articles for a complete and accurate statement of their contents.  However, the articles cited in footnote 120 do not support Plaintiffs' conclusory statement that "certain banks were low-balling their LIBOR submissions in an effort to maintain their reputations."  Rather, these very articles acknowledge that "[n]o specific evidence has emerged that banks have provided false information about borrowing rates."  *See, e.g.*, PX0756 (MDL_OTC_UBS_0016844 at -844).  Moreover, the record evidence indisputably contravenes Plaintiffs' statement.  *See* Defs.' Stmt. Part V (summarizing ███████████████████, government investigations, and ████████ inconsistent with Plaintiffs' persistent suppression allegations).  For the foregoing reasons, the Court should disregard Plaintiffs' statement as nothing more than an unsupported legal conclusion.  To the extent any response is required, Defendants dispute[a, e, f, g] Plaintiffs' statement.

85.    ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[121]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement represents an incomplete and misleading characterization of the cited conversation.  ████████████████████████

---

[120] PX0756 (Carrick Mollenkamp, "Bankers Cast Doubt On Key Rate Amid Crisis," *Wall Street Journal*, April 16, 2008)); PX0757 ("Banks that Misquote Money Markets to be Banned, BBA Says," *Bloomberg*, April 16, 2008).

[121] PX0037 & PX0037-A (DB-USDMDL01212579 (audio) and DB-USDMDL01364796 at '814-16 (transcript)).



*See* PX0037-A (DB-USDMDL01364796 at -815).

*Id.* (DB-USDMDL01364796 at -815).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

86.

.[122]

**DEFENDANTS' RESPONSE**:  The cited material does not support Plaintiffs' statement

*See, e.g.*, PX1168 (BTMU_Dollar0275130 at -130) (emphasis added).  Further, the

*see, e.g.*, *id.* (BTMU_Dollar0275130 at -130)—

---

[122] PX1061 (BOFA-LIB0370100 at '100); PX1524 (BAR-DAP-000371218 at '218); PX1168 (BTMU_Dollar0275130 at '130); PX1180 (Citi-USD01544967 at '967); PX1302 (CSUK_0105686 at '686); PX0016 (DB-USDMDL 01257565 at '565); PX0126 (JPM_MDL1_USD_00039115 at '115); PX0257 (LBG-FDIC-000005562 at '562 (HBOS)); PX0087 (HSBC-USDLIBORLIT-0521028 at '028); PX0256 (LBG-FDIC-000005560 at '560); PX0414 (NB-USDMDL-00588961 at '961); PX0426 (PORTIGON0029366 at '366); PX0548 (RBCOTC0044645 at '645); PX0596 (RBS_MDL_000029215 at '215).  This letter was not in UBS's or Rabobank's productions,                *See* PX0253 (LBG-USD-000010674 at '674); PX0254 (LBG-FDIC-000010676 at '676).

██████████      Blakemore Reply Decl., Ex. ███████    Dep. Tr. 102:1-6).  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants admit that ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███    See, e.g., PX1168 (BTMU_Dollar0275130 at -131).  Defendants otherwise dispute[e, g]

Plaintiffs' statement and refer to the cited documents for a complete and accurate statement of

their contents.

87.   ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████[23]████

**DEFENDANTS' RESPONSE:**  While Plaintiffs' statement contains accurate

partial quotations of PX0086, Plaintiffs' statement in footnote 123 that ████████████████

████████████████████    is unsubstantiated.  In reality, the record contravenes

Plaintiffs' conclusory statement.  *See infra* Responses to ¶¶ 195-203; *see also* Defs.' Stmt. ¶ 234

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████    ¶¶ 241, 242████

██████████████████████████████████████████████████████████████████

█████████████████████████████    For the foregoing reason, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that

Plaintiffs' statement accurately quotes PX0086, but otherwise dispute[a, e, g] Plaintiffs' statement.

88.   ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

---

[123] PX086 (HSBC-USDLIBORLIT-0520996).  As addressed in ¶¶ 195-203 below, ████████████

██████████████████████████████████

████████████████████████████████████████████[124]████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████[25]

**DEFENDANTS' RESPONSE:**  Admit.[(a)]

89.  ████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████[126]████████████████████████████████████████
████████████████████████████████████████████████.[127]

**DEFENDANTS' RESPONSE:**  The cited material does not provide evidentiary support for Plaintiffs' statement that ████████████████████████████████ ████████████████████████████████████████████████.  Rather, the material cited in footnote 127 reflects ████████████████████████████ ████████████████████████████████████████████.  *See* PX0083 (HSBC-USDLIBORLIT-0421258 at -259); *see also* PX0048-A ██████████ Dep., Ex. 17A, at 3) ("[I]t's drifted towards a mid-Atlantic fixing given the extra liquidity that comes in when the States opens.").  Nor does the cited material suggest that ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████.  *See* Defs.' Stmt. ¶ 25(i).

---

[124] PX0123 (JPM MDLl USD 00038991 at '991); PX1525 (BAR-OTC-001531920 at '920); PX1178 (Citi-USD01539051 at '051); PX0262 (LBG-USD-000011857 at '857); PX0585 (RBS_MDL_000000036 at '036).

[125] PX0124 (JPM_MDL1_USD_00038993 at '993-96).

[126] PX0124 (JPM_MDL1_USD_00038993 at '993).

[127] PX0083 (HSBC-USDLIBORLIT-0421258 at '258-59 ██████████████████████ PX0048 & PX0048-A (HSBC-USDLIBORLIT-0010413 (audio) and transcript, at p. 2-3 ████████████████ ████████████████████████████████.

In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the cited material contains the above-quoted language, but otherwise dispute[a, d, e, g] Plaintiffs' statement.



[128] PX1061 (BOFA-LIB0370100 at '100).

[129] PX1128 (BOFA-LIB1228553 at '553); PX1049 (BOFA-LIB0111164 at '164).

[130] PX0895 (BAR-OTC-000002342 (audio) and BAR-OTC-001406062 at '062 (transcript)).

[131] PX0989 & PX0989-A (BAR-DAP-000462978 (audio); and transcript).

[132] PX1140 (BTMU Dollar0167852 at '855); PX1166 (BTMU_Dollar0260370 at '370); PX1167 (BTMU_Dollar0260372 at '372).



---

133 PX1283 (CSAG_00048525 at '525).

134 PX1358 & PX1358-A (DB-USDMDL01212601 (audio) and transcript at 6). ████████████████████
████████████████████████████████████ PX1473 ████ Dep. 109:15-23).

135 PX1473 ████ Dep. 108:11-109:6).

136 PX0018 (DB-USDMDL 01258347 at '347).

137 PX0089 (HSBC-USDLIBORLIT-0524017 at '017); PX1479 ████ Dep. 139:11-19; 140:16-20
████████████████████████████.

138 PX0090 (HSBC-USDLIBORLIT-0525022).

139 PX0079 (HSBC-USDLIBORLIT-0330290 at '291); PX1479 ████ Dep. 152:23-154:25
████████████████████████████.

140 PX0125 (JPM_MDL1_USD_00039088, at '088).  PX1526 (████ Dep. 197:7-201:10).



i. ██████████████████████████████████████████████████
██████████████████████ 41

j. ██████████████████████████████████████████████████
██████ 142

k. ██████████████████████████████████████████████████
████████████ 143

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not support Plaintiffs' suggestion that ████████████████████████████████ ████████████  The cited documents and testimony reflect ████████████████████ ███████████████████████████████████████████████████████████████ ████████████  Moreover, Plaintiffs also mischaracterize and/or misquote several of the cited communications and testimony:

- <u>PX1128</u>:  Plaintiffs cite PX1128 in support of subparagraph (b), but that document does not contain any of the language quoted therein.  PX1128 (BOFA-LIB1228553).

- <u>PX0989</u>:  The statement quoted in support of subparagraph (c) is an inaccurate, incomplete, and misleading characterization of ████████████ statements reflected in PX0989. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ PX0989 (BAR-DAP-000462978).

- <u>PX0125</u>:  The quoted language from PX0125 in subparagraph (h) also does not support any assertion regarding ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████

---

141 PX1466 ████████ Dep. 166:25-167:8).

142 PX0549 (RBCOTC0044657 at '657).

143 PX0631 (RBS_MDL_001377348 at '348).

- PX1526 (          Dep. Tr. 198:25-199:14).
- PX1466:
                                        PX1466          Dep. Tr. 167:7-8).
- PX0549:

  PX0549 (RBCOTC0044657).

In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit the cited material reflects that

but otherwise dispute[a, d, e, g] Plaintiffs' statement.

91.     On May 19, 2008, the BBA held a meeting for a small group of "seniors" at some of the Panel Banks to consider the proposals in the May 6, 2007 "Evolution of LIBOR Paper" in advance of the larger group meeting scheduled on May 30, 2007.  Representatives of Bank of America, Barclays, Deutsche Bank, HBOS, Lloyds, and RBS attended. At this meeting, the participants declined to take any action on revising the LIBOR definition or instructions, but agreed to put out the public message that LIBOR was not "broken."[144]

**DEFENDANTS' RESPONSE:**  While page 153 of the House of Commons document cited in footnote 144 is a BBA note concerning "a discussion which took place on 19th May 2008 . . . to discuss the 'Evolution of LIBOR' paper," Plaintiffs cite no support for their statement that "[r]epresentatives of Bank of America, Barclays, Deutsche Bank, HBOS, Lloyds, and RBS attended."  Plaintiffs' statement that the meeting was held by the BBA for "a small group of 'seniors'" is also unsupported; page 153 of the House of Commons document shows that it was

---

[144] U.K. House of Commons Treasury Comm., Fixing LIBOR: Some Preliminary Findings, Written Evidence, (House of Commons), at 153, *available at* https://www.parliament.uk/documents/commons-committees/treasury/Fixing-LIBOR-evidence2.pdf ("House of Commons"); PX0078 (HSBC-USDLIBORLIT-0327999 at '999-00).

a meeting with the FXMMC, ███████████████████████████████████

███████████████████████████████████████████████. *See* PX1476 (████████

Dep. Tr. 47:18-22). PX0078 identifies only invitees of the May 19, 2008 meeting, not who actually attended. Additionally, none of the cited material states or supports Plaintiffs' statement that "the participants declined to take any action on revising the LIBOR definition or instructions, but agreed to put out the public message that LIBOR was not 'broken.'" For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

92.    At the May 19, 2008 "~~seniors~~treasurers" meeting, the BBA opined: "No change would raise some serious questions and criticisms. We have moved from real changes to perception" and said they need "to get Citi and JP Morgan" (who were not at the meeting) "to back" since they had produced reports questioning LIBORs accuracy.[145]

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement misquotes and mischaracterizes page 160 of the House of Commons document. The cited House of Commons document does not state or support that the meeting described in paragraph 92 was a "seniors" meeting, as it does not identify any individuals that attended the meeting. The above-quoted statement also does not reflect the BBA's opinion, as it, at best, reflects a statement made by an unnamed BBA attendee. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that Plaintiffs' statement contains an accurate partial quotation of the discussion and the BBA's statement on page 160 of the cited document, and Defendants refer to the cited document for a complete and accurate statement of its contents. Defendants otherwise dispute[(a, c)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 92 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In

---

[145] House of Commons at 160; PX0806 (BAR-OTC-001290081 at '081); PX1754 (HSBC-USDLIBORLIT-0327864 at '866).

Paragraph 92, the text "seniors" is replaced with "treasurers".  In Paragraph 92, fn. 145, the text "House of Commons at 160" is replaced with "House of Commons at 160; PX0806 (BAR-OTC-001290081 at '081); PX1754 (HSBC-USDLIBORLIT-0327864 at '866)".

93.



**DEFENDANTS' RESPONSE:**  Plaintiffs' statements in paragraph 93 represent incomplete and misleading characterizations of the cited internal communications.  For example, the statement in subparagraph (b) is an incomplete characterization of

---

[146] PX1060 (BOFA-LIB0369852 at '852

[147] PX0832 & PX0832-A (BAR-DAP-000436686 (audio); BAR-DAP-000462990 (duplicate audio)).

[148] PX1527 & PX1527-A (DB-MDLFDI 00911987 (audio) and DB-MDLFDI 00911987 at 2 (transcript)).

[149] PX0603 (RBS_MDL_000139806 at '807).

█████████████████████████████████████████ PX0832-A (BAR-OTC-001404403 at -407-408).  In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that certain employees of ██████████████████████████████ ████████ but otherwise dispute[a, d, e, g] Plaintiffs' statement.  Furthermore, no inference reasonably can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

> **D.    The LIBOR "Consultation" Process Led by the FXMMC Resulted in No Changes to the LIBOR Definition and Instructions**

94.    ██████████████████████████████████████████[150]

**DEFENDANTS' RESPONSE**:  While Defendants acknowledge that ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████  In PX0265, ████████████████████████████████████████████████████ ████████████  *See* PX0265-A ████████ Dep., Ex. 25A).  And in PX0594, ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████  *See* PX0594 (RBS_MDL_000011025 at -025) (emphasis added).  In any event,

---

[150] PX0265 & PX0265-A (LBG-FDIC-000006648 and transcript at 2 ████████████████████████████████████████████ ); PX0594 (RBS_MDL_000011025 at '025 ████████████████████████████████████

Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

95. 

**DEFENDANTS' RESPONSE:**  Admit.[a, d]

96.    On June 10, 2008, the BBA circulated a consultative paper titled "Understanding the construction and operation of BBA LIBOR – strengthening for the future" ("June 10 Consultation Paper").[152]  The paper, among other things:

  a.  Stated that the BBA was "strengthening the governance" by the FXMMC to incorporate a scrutiny mechanism to review contribution discrepancies.[153]

  b.  Sought commentary on whether in addition to the 11am fix of US Dollar LIBOR there was demand for another London fix later in the day after the US market has opened and whether "reasonable market size" should be more specifically defined.

**DEFENDANTS' RESPONSE:**  Admit.[a, d]

97.    The June 10 Consultation Paper also re-affirmed that the "fixings must represent rates formed in London and not elsewhere" and "must also be for the currency concerned, not the cost of producing one currency by borrowing in another currency and accessing the required currency via the foreign exchange markets."[154]

**DEFENDANTS' RESPONSE:**  Admit.[a, d]

98. 

---

[151] PX0814 (BAR-DAP-000248043 at '046-47); *see also* PX0798 (BAR-DAP-000097452 at '452).

[152] PX1098 (BOFA-LIB0661262 at '262-63).

[153] PX1098 (BOFA-LIB0661262 at '262-63); PX0122 (JPM_MDL1_USD_00038933 at '933-34).

[154] PX1098 (BOFA-LIB0661262 at '270); PX0122 (JPM_MDL1_USD_00038933 at '942).

[155] PX0294 (████████, Ex. ████████ UUID:LBR07B000089-3451-23 at '169).

**DEFENDANTS' RESPONSE:**  While the quoted language appears in PX0294, PX0294 does not support Plaintiffs' statement that " █████████████████████████████

████████████████████████████████████████████████████████████████

████████████  PX0294 indicates that ████████████████████████████████

█████████████████████████████████████████████  *See* PX0294 ███████████

Dep., Ex. ███, at 2).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.  Furthermore, no inference reasonably can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

99.    Following the release of the June 10 Consultation Paper, the ████████████████ ████████████████████████████████████████.[156]

**DEFENDANTS' RESPONSE:**  Defendants acknowledge that PX1106— ████████████████████████████████████████████████████████████████████

████████████████████████████████████████  PX1106 (BOFA-LIB0667659).  However, the cited material does not support Plaintiffs' statement that ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████, *see* PX1106 (BOFA-LIB0667659) ███████████████████████████████████████  or

████████████, *see* PX0632 (RBS_MDL_001405421 at -421) ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████



---

[156]    PX1106  (BOFA-LIB0667659    at  '659);  PX0605  (RBS_MDL_000204702  at  '702);  PX0632 (RBS_MDL_001405421 at '421).

89



████████████. For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

100. ████████████████████████████████[157]

**DEFENDANTS' RESPONSE**: Admit.[a]

101. ████████████████████████████[158]

**DEFENDANTS' RESPONSE**: While Defendants acknowledge that the cited document indicates that ████████████████████ ████████████████████████████████ ████████████████████ For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, e] Plaintiffs' statement.

102.    On August 5, 2008, the BBA completed its review of the LIBOR definition and submission process and published the "LIBOR consultation Feedback Statement" which stated: "In conclusion, all contributing banks are confident that their submissions reflect their perception of their true costs of borrowing at the time at which they submitted their rates. They are therefore prepared to continue with their individual quotes being published with the day's LIBOR rates."[159]

**DEFENDANTS' RESPONSE**: Admit[a, d] that the BBA published the "BBA LIBOR Consultation Feedback Statement" described in paragraph 102, and that this paragraph accurately quotes some of the language in this document. Defendants refer to PX0139 for a complete and accurate statement of its contents.

---

[157] PX0608 (RBS_MDL_000264986 at '986-89); PX0149 (JPM_MDL1_USD_00086123 at '123-25) PX1308 (CSUK_0120296 at '296).

[158] PX1312 (CSUK_0136783).

[159] PX0139 (JPM_MDL1_USD_00082428 at '437).

103. 

[160]

**DEFENDANTS' RESPONSE:**  Admit.[a, d]

104.

[161]

**DEFENDANTS' RESPONSE:**  Plaintiffs improperly omit relevant portions of

PX0094

(HSBC-USDLIBORLIT-0542350) (emphasis added).

*See* Pls.' Counterstmt.

¶ 102.

(PX0991 and PX0991-A) in no way supports or relates to Plaintiffs' statement in any way.  For

the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response

is required, Defendants admit that the above-quoted language appears in PX0094, but otherwise

dispute[a, e] Plaintiffs' statement.

105.    The LIBOR consultation process culminated in the FXMMC adopting, on
November 17, 2008, the "LIBOR Governance and Scrutiny Paper," which was dated and
circulated on December 17, 2008.[162]

**DEFENDANTS' RESPONSE:**    The cited documents do not provide

evidentiary support for the existence of an undefined "LIBOR consultation process" or Plaintiffs'

---

[160] PX1051 (BOFA-LIB0112196 at '196).

[161] PX0094 (HSBC-USDLIBORLIT-0542350 at '350).  *See also* PX0991 & PX0991-A (BAR-OTC-001401686 and transcript to BAR-OTC-001401686.)

[162] PX1594 (CSUK_0141903 at '903 ( PX1589 (CSAG_00086089

statement that the paper was the "culminati[on]" of anything.  Instead, the paper says:  "It is intended that the FX & MM Committee should discuss this paper and once agreed, with alterations as necessary, it will be submitted to the BBA's auditors, the Financial Reporting Council and Clifford Chance for their approval."  PX1589 (CSAG_00086089 at -091).  In any event, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX1589—the "LIBOR Governance and Scrutiny Paper"—was released to the public on or about December 17, 2008, but otherwise dispute[(a, d, e, g)] Plaintiffs' statement.

106.



**DEFENDANTS' RESPONSE**:  PX0275 does not contain the following language appearing in quotes:

---

[163] PX0275 (LBG-FDIC-000011152 at 1) PX1753 (LBG-FDIC-000011153).

For the foregoing reason, the Court should disregard the first two sentences of Plaintiffs' statement.

To the extent any response is required, Defendants admit that PX0275 

However, Plaintiffs' statement omits

PX0275

Dep., Ex. 6, at 1).  Defendants otherwise dispute[(a, c)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 106 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 106, the text "represent any change to the definition" is replaced with "represent any a change to the definition".  In Paragraph 106, fn. 163, the text "PX0275 (LBG-FDIC-000011152 at 1) ("the current definition has not been changed")" is replaced with "PX0275 (LBG-FDIC-000011152 at 1) ("the current definition has not been changed"); PX1753 (LBG-FDIC-000011153)".

107.   On July 15, 2009, the BBA published Terms of Reference for LIBOR Contributor Banks, which provided additional guidance on the LIBOR definition including allowing panel banks to use "market knowledge" when there are no "interbank loan offers."[164]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement that the document was "published" on July 15, 2009 lacks evidentiary support.  Plaintiffs also mischaracterize the "Terms of Reference for LIBOR Contributor Banks" as new or "additional" guidance.  *See* Defs.' Stmt. ¶ 22; Blakemore Decl., Ex. 16 (*Understanding the construction and operation of BBA LIBOR—strengthening for the future* (June 10, 2008), https://archive.org/details/403811-bba-libor-report-june-2008) (demonstrating that earlier BBA guidance also permitted Defendants to consider market knowledge and "perception of . . . cost of funds"); 56.1 Resps. ¶ 22 (admitting Defs.' Stmt.

---

[164] PX0320 (MDL_OTC_UBS_0028217 at '217); PX0323 ▮▮▮ MDL_DAP1_UBS_0044648 at '648); PX0324 (MDL_DAP1_UBS_0044650 at '650-51); PX0363 ▮▮▮ MDL_DAP1_UBSCH_0012991 at '991); PX0364 (MDL_DAP1_UBSCH_0012993 at '993-94).

¶ 22).  Furthermore, PX0323 explicitly states that "[t]here should be nothing in the document that represents a change to current practices, but it will enable us to demonstrate that all contributors formulate their rates in a uniform manner, thus underlining the accuracy of BBA LIBOR." PX0323 (MDL_OTC_UBS_0044628 at -628).  Moreover, the quotations in Plaintiffs' statement are inaccurate.  The "Terms of Reference for LIBOR Contributor Banks" do not contain the phrase "interbank loan offers" and actually require the use of "market knowledge," rather than "allowing it for the first time as Plaintiffs' statement inaccurately implies.    PX0324 (MDL_OTC_UBS_0028219 at -219) ("In the event that a given period has no market offer then the contributing Bank is *required* to use its market knowledge to supply an appropriate rate . . . .") (emphasis added).  Finally, PX0364 does not support this statement in any way, as PX0364 ███ ███████████████████ PX0364 (MDL_OTC_UBSCH_0012997).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants admit that █████████████████████████████████████████████ ███████████████████████████████████ but otherwise dispute[a, e, g] Plaintiffs' statement.

108.    ████████████████████████████████████████."[165]

**DEFENDANTS' RESPONSE**:  This is not a statement of fact but a legal conclusion, and the cited deposition testimony does not support the assertion.  Moreover, ████████ █████████████████████████████████████████████████████████ PX1476 ███████ Dep. Tr. 135:8-15).  At most, █████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████

---

[165] PX1476 ███████ Dep. 136:3-9).

██████████████████████    For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, e, f, g] Plaintiffs' statement.

## IV.    DEFENDANTS SET LIBORS IN ORDER TO STAY 'WITHIN THE PACK'

109.    Defendants at times ████████████████████████████████████
████████████████████████████████████.[166]

**DEFENDANTS' RESPONSE:**    The cited testimony does not support

Plaintiffs' overbroad statement that "Defendants at times █████████████████████

██████████████████████████████████████████████████████████  The

cited testimony reflects the views of only two employees at two Panel Banks, not the views of any

Panel Bank, let alone of all Panel Banks or their submitters.  For the foregoing reasons, the Court

should disregard Plaintiffs' statement.   To the extent any response is required, Defendants

dispute[a, d, e, g] Plaintiffs' statement, and in particular, dispute that any inference can be drawn from

the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions

throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD

LIBOR submissions throughout the Relevant Period.

110.    Defendants at times ████████████████████████████████████
████████████████████████████████████████████████.[167]

**DEFENDANTS' RESPONSE:**    The cited testimony does not support

Plaintiffs' overbroad statement that "Defendants at times ███████████████████████

---

[166] PX0725████Dep. 152:14-25 (HBOS: ██████████████████████████PX1465
████Dep. 78:16-22 (Rabobank: ████████████████████████████")).

[167] *See, e.g.*, PX1461 ██████Dep. 101:1-11 (Barclays: ██████████████
████████████████████PX0747██████Dep. 154:9-24 (Credit Suisse:
██████████████PX0726██████Dep. 198:14-199:9 (JPM:
████████████████████████████████████████

95



The cited testimony reflects, at most, the views of three employees at three Panel Banks, not the views of any Panel Bank, let alone of all the Panel Banks or their submitters. Nor does the cited testimony reflect

PX0726          Dep. Tr. 200:3-6).   As it relates to

See PX0747          Dep. Tr. 154:17-24); Credit Suisse Reply Decl., Ex. 3          Dep. Tr. 155:10-15).   For the foregoing reasons, the Court should  disregard  Plaintiffs'  statement.    To  the  extent  any  response  is  required,  Defendants dispute[a, e, g] Plaintiffs' statement.

111.

[68]

**DEFENDANTS' RESPONSE**:  The record evidence indisputably contravenes Plaintiffs'  statement

See Defs.' Stmt. ¶¶ 328-333

The cited documents and testimony also do not support Plaintiffs' overbroad

---

[68] *See generally* ¶¶ 113-144 *infra*.

statement that "[d]uring the Relevant Period, ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ The cited documents and

testimony reflect the views of only certain employees at the Panel Banks, not the views of any

Panel Bank, let alone all Panel Banks or their submitters.  In addition, Plaintiffs' statement covers

the entirety of the Relevant Period; the cited documents and testimony concern only a small

fraction of the more than 700 submission days during the Relevant Period.  *See id.* ¶ 13(c).  Because

Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants

hereby incorporate their responses to those other statements.  *See infra* Responses to ¶¶ 113-144.

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any

response is required, Defendants dispute[a, b, c, g] Plaintiffs' statement.

112.    Every business day during the Relevant Period, Defendants made LIBOR submissions and a LIBOR (fix) was calculated.[169]

**DEFENDANTS' RESPONSE**:  Admit with the clarification that on every

London business day during the Relevant Period, the Panel Banks made USD LIBOR submissions,

*see* Defs.' Stmt. ¶¶ 1-3, 13, and Reuters, as the BBA's designated distributor of LIBOR rates,

collected submissions from the Panel Banks and calculated USD LIBOR as a trimmed mean by

discarding the submissions in the highest and lowest quartiles and averaging the remaining

submissions.  *Id.* ¶ 14.  Defendants otherwise dispute[a, g] Plaintiffs' statement, as not all

Defendants were USD LIBOR Panel Banks for any or the entirety of the Relevant Period.  *Id.* ¶¶

1-3.

---

[169] PX0301 (1M USD LIBOR table); PX302 (3M USD LIBOR table); PX1528 (6M USD LIBOR table); PX1529 (12M USD LIBOR table).

**A.    Defendants Understood That Setting LIBORs Outside "the Pack" Could Result in Negative Press Attention and Speculation About Their Creditworthiness**

113.    [REDACTED]

[REDACTED] [70]

---

[170] PX1049 (BOFA-LIB0111164 at '164 (**Bank of America:** [REDACTED]

[REDACTED])); PX1037 (BOFA-LIB0036119 at '119 (**Bank of America:** [REDACTED]

[REDACTED]; PX0741 [REDACTED] Dep. 129:11-130:5 [REDACTED]

[REDACTED] PX0976 (BAR-OTC-000004734 (audio) and BAR-OTC-001408790 at '791 (transcript) (**Barclays:** [REDACTED]

[REDACTED] PX0792 (BAR-OTC-000003950 at '950 (**Barclays:** [REDACTED]

[REDACTED] PX0732 [REDACTED] Dep. 40:17-41:9 [REDACTED]

[REDACTED]; PX1137 (BTMU_Dollar0163966 at '966 (**BTMU:** [REDACTED]

[REDACTED]; PX1138 (BTMU_Dollar0165096 at '100 (**BTMU:** [REDACTED]

[REDACTED]; PX1164 (BTMU_Dollar0254013 (audio) and transcript at 8:10-14 (**BTMU:** [REDACTED]

[REDACTED]; *In the Matter of Citibank, N.A.*, CFTC No. 16-17, Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings and Imposing Remedial Sanctions, at 2 (May 25, 2016), ("Citi                                        CFTC                                        Order"), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfcitibanklibororder052516.pdf (**Citi** at times based LIBOR submissions "on a desire to avoid generating negative media attention and to protect the bank's reputation in the market")); PX0721 [REDACTED] Dep. 214:11-20 [REDACTED]

PX0723 [REDACTED] Dep. 74:23-75:25 (**Deutsche Bank:** [REDACTED]

[REDACTED] PX0040 (DB-USDMDL 01363648 at '648 (**Deutsche Bank** [REDACTED]

[REDACTED]

PX0725 [REDACTED] Dep. 153:1-13 [REDACTED]

[REDACTED] PX0263 (LBG-FDIC-000005997 at 2 (**HBOS:** [REDACTED]

[REDACTED]; PX0084 (HSBC-USDLIBORLIT-0520867 at '867 (**HSBC:** [REDACTED]

[REDACTED]

PX0061 (HSBC-USDLIBORLIT-0138245 at '245 (**HSBC:** [REDACTED]

[REDACTED]; PX0131 (JPM_MDL1_USD_00039315 at '316 (**JPM:** [REDACTED]

[REDACTED]; PX1526 [REDACTED] Dep. 180:7-181:13 (**JPM:** [REDACTED]

[REDACTED] PX0263 (LBG-FDIC-000005997 at 3 (**Lloyds:** [REDACTED]

[REDACTED]; PX0495 [REDACTED]

(RABO_METZLER_0096541 at '541 (**Rabobank:** [REDACTED]

[REDACTED]

[REDACTED] PX0533 [REDACTED]

(RABO_METZLER_0167490 at '490 (**Rabobank:** [REDACTED]

**DEFENDANTS' RESPONSE:**  The record evidence indisputably contravenes

Plaintiffs' statement that ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████ *See* Defs.' Stmt. Part IV.B.3 █████████████████████

████████████████████████████████████████████████████████████████████ .

Further, the cited documents and testimony do not support Plaintiffs' statement and, at most, reflect

the opinions of certain employees of certain Panel Banks (many of whom are not USD LIBOR

submitters), not the views of any Panel Bank, let alone all Panel Banks or their submitters.

Plaintiffs also mischaracterize the cited material:

████████████████████████████████████████████████████████████; PX0593
(RBS_MDL_000010981 at '983 (**RBS**: █████████████████████████████████
████████████████████████████████████████; PX0608 (RBS_MDL_000264986 at
'986 (**RBS**: ████████████████████████████████████████████████; PX0609
(RBS_MDL_000576411 at '412 (**RBS**: █████████████████████████████████
████████████████████████████████████████████████████████████████));
PX0980 & PX980-A (BAR-DAP-000462769 ~~BAR-OTC-000004740~~ (audio) and BAR-DAP-000551712~~BAR-001408843~~ at '~~843~~ 718 (transcript) (**SocGen**: ██████████████████████████████
█████████████████████; PX0336 (MDL_OTC_UBS_0939245 at '245 (**UBS**: ████
████████████████████████████████████████████████████████; PX0342
(MDL_OTC_UBS_0941353 at '353 (**UBS**: ███████████████████████████████
██ █ █ █ ██ ██████; PX0341 (MDL_OTC_UBS_0941258 at '258); PX0355
(MDL_OTC_UBS_1011019 at '019 ████████████████████████████████████████
████████████████; PX1739 (MDL_OTC_UBS_0941186 at '186 (**UBS**: █████████
████████████████████████████████████████; PX0349 (MDL_OTC_UBS_0991783 at '783
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
PX0435 & PX0435-A (PORTIGON0049911 (audio) and transcript at 2
████████████████████████████████████; PX0806 (BAR-OTC-001290081 at '081 (**BBA**:
████████████████████████; PX0061 (HSBC-USDLIBORLIT-0138245 at '245 (**BBA**:
████████████████████████████████████████████████████████████████████
█████████████████████████████████

- PX0084:  The full text clearly shows that ████████████████████████ ████████████████████████████████ *See* PX0084 (HSBC-USDLIBORLIT-0520867).

- PX0341, PX0355, PX1739: ████████████████████████████ ████████████████ *See, e.g.*, PX0341 (MDL_OTC_UBS_0941258); PX0355 (MDL_OTC_UBS_1011019); PX1739 (MDL_OTC_UBS_0941186).  PX0355 is also duplicative, as it is identical to PX0341.

- PX0336: ████████████████████████████████████ ██████████████████████████ *See* Defs.' Stmt. ¶ 518.

- PX0342, PX0349: █████████████████████████ ████████████████████████████████████ *See* Defs.' Stmt. ¶ 173.

- PX1526:  The cited document and testimony reflect that ██████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ PX1526 ████████ Dep. Tr. 180:16-181:2). ████████████████████████████████████████████████ ████████████████████████████████████████ ████████ *See* Defs.' Stmt. ¶ 626.

- PX0723: ████████████████████████████████████ ████████████████████████████████████████████████ ████████████ *See* PX0723 ████████ Dep. Tr. 74:23-75:14).

- PX0061:  Both statements quoted from this document ████████ ████████████████ PX0061 (HSBC-USDLIBORLIT-0138245 at -245).

- PX0721:  Plaintiffs mischaracterize ████████████ testimony. ████████████████████████████████████ ████████ PX0721 ████ Dep. Tr. 214:11-21).

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, e, f, g] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 113 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 113, fn. 170, the text "PX0980 (BAR-OTC-000004740 (audio) and BAR-001408843 at '843 (transcript)" is replaced with "PX0980 & PX980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 at '718 (transcript)".



114. ████████████████████████████████████████
████ [171] ██████████████████████████
████ [172]

**DEFENDANTS' RESPONSE:** In PX0351, Plaintiffs cite a ████████
████████████████████████████ *See* Defs.' Stmt. ¶¶ 173, 186,
188 ████████████████████████████████. To the extent Plaintiffs
imply that ████████████████████████████████████
████████████████████████████████████████████
*See id.* ¶ 180 ██████████████████████████████████); *id.*
¶ 190 n.312 (citing UBS Decl. [ECF No. 4169], Ex. 22 (MDL_OTC_UBS_0050018 at -018), in
which ████████████████████████████████████████
██████████████████); *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ████████ Dep., Ex.
18, at 2), in which ████████████████████████████████████
████████████████████████████); *id.* (citing UBS Decl., Ex. ████
(MDL_OTC_UBS_0488202 at -202), in which ████████████████████
████████████████████████████████████); *id.* ¶ 568
████████████████████████████████████████████████
████████████████████████); *id.* ¶ 569 ████████████████████
████████████████████████); *id.* ¶ 570 (████████████

---

[171] PX0347 (MDL_OTC_UBS_0991720 at '721).

[172] PX0351 (MDL_OTC_UBS_0999864 at '865).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████ *id.* ¶ 572 ████████████████████████████

█████████████████     For   the   foregoing   reasons,   the   Court   should   disregard   Plaintiffs'

statement.  To the extent any response is required, Defendants admit that ██████████████

██████████████████████████████████████████████████████

██████████████     admit that PX0351 contains the above-quoted language, and refer to PX0351

for   a   complete   and   accurate   statement   of   its   contents.     *See id.* ¶ 177;   PX0351

(MDL_OTC_UBS_0999864 at -865).  Defendants otherwise dispute[a, c, g] Plaintiffs' statement.

115. ██████████████████████████████████████████

███████████████████████████[173]███████████████████████

**DEFENDANTS' RESPONSE:**  Admit.[a, d]

**B.     The Defendants Set Their LIBORs in Alignment with Other Panel Banks**

116. ██████████████████████████████████████████

███████████[174]

**DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs'

statement that ███████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████     did not state that ██████████████████████

██████████████████████████████████████████████████████

---

[173] PX0003 (DB-USDMDL 00883076 at '076).

[174] PX1043 (BOFA-LIB0073515 at '515 ████████████████████

██████████████████

███████████████████████████████████████ *See* PX1043 (BOFA-LIB0073515 at -

515) ████████████████████████████████████████████████████

(emphasis added).  In any event, █████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████.  Moreover, PX1128 ███████████████████ does not contain the

quoted language that Plaintiffs refer to in this paragraph.  To the extent Plaintiffs intended to cite

BOFA-LIB0111731, which contains the quoted language, BOFA-LIB0111731 still provides no

support for Plaintiffs' proposition that █████████████████████████████

████████████████████████████████████████████ (emphasis

added).  Plaintiffs admit that BBA guidance from the Relevant Period required that "LIBOR

submissions 'must be formed from [a Panel Bank's] *perception* of its cost of funds in the interbank

market.  In the event that a given period has no market offer then the contributing Bank is required

to use its *market knowledge* to supply an appropriate rate that is, as far as is possible, a fair and

accurate reflection of that bank's opinion of its cost of funds.'"  *See* 56.1 Resps. ¶ 22 (emphasis

added). ████████████████████████████████████████████ *See*

PX1128 (BOFA-LIB0073515 at -515) ("[W]e just base it on where the cash is really."); Blakemore

Reply Decl., Ex. 9 (BOFA-LIB0111731 at -732) ███████████████████████

████████████████████████  Moreover, the communications

cited reflect only two of the more than 700 submission days during the Relevant Period.  *See* Defs.'

Stmt. ¶ 13(c).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the

extent any response is required, Defendants dispute[a, e, g] ███████████████

████████████████████████████████████ *See, e.g.*, *id.* ¶

35 ██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████) (citations

omitted).

117.    ██████████████████████████████████[175]

**DEFENDANTS' RESPONSE**:    The cited documents do not support the

statement that ████████████████████████████████ *See*

PX1028 (BOFA-LIB0004191) ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ *See* Blakemore Reply

Decl., Ex. 10 █████ Dep. Tr. 118:2-119:11; 124:5-15). ████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████ PX0733 █████ Dep. Tr. 121:16-19).  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[g] ███

████████████████████████████████████████████

████████████████████████████████████████████

---

[175] PX1028 (BOFA-LIB0004191 at '191); *see also* PX0733 ████ Dep. 121:13-123:19 ███████████
██████████████████████████████



(citations omitted).

118.

[176]

**DEFENDANTS' RESPONSE:**  The materials cited by Plaintiffs do not support an inference that any such directives applied consistently throughout the Relevant Period or to all tenors of USD LIBOR.  For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that,

Defendants otherwise dispute[a, e, g] Plaintiffs' statement.

119.

[177]

---

[176] *See, e.g.*, PX0828 & PX0828-A (BAR-OTC-001355297 (audio) and BAR-OTC-001404169 at '169 (transcript) ; PX0789 (BAR-OTC-001155033 at '033 ; PX0879 & PX0879-A (BAR-DAP-000444659 (audio) and BAR-DAP-000550024 at '028 (transcript) ; PX1461      Dep. 44:24-45:24

[177] PX0879 & PX0879-A (BAR-DAP-000444659 (audio) and BAR-DAP-000550024 at '027 (transcript) ; PX0768 (BAR-OTC-000710537 at '537 ; PX0829 & PX0829-A (BAR-OTC-000001866 (audio) and BAR-OTC-000004827 at '827-28 (transcript) PX0982 & PX0982-A (BAR-DAP-000462809 (audio) and BAR-DAP-000551763 at '764 (transcript) **(Barclays'** PX0790 (BAR-OTC-000003946 at '946 **(Barclays** ; PX0791 (BAR-

**DEFENDANTS' RESPONSE:**  The materials cited by Plaintiffs do not support an inference that any such directives applied consistently throughout the Relevant Period or to all tenors of USD LIBOR, or that any such directive was complied with consistently throughout the Relevant Period or with respect to all tenors of USD LIBOR.  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that ███████████████████████████████████████████████████████

███████████████████████████  Defendants otherwise dispute[a, e, g] Plaintiffs' statement.

120. ████████████████████████████████████████████████
████████████████████████  1/8

**DEFENDANTS' RESPONSE:**  The statement does not describe the views of any ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

OTC-001155290 at '290 ("████████████████████████████████████; PX0880 &PX0880-A (BAR-OTC-001369181 (audio) and BAR-OTC-001405987 at '987 (transcript) (Barclays: "████████████████████████████████████████ Non-Prosecution Agreement Between U.S. Dep't of Justice, Criminal Div. Fraud Section and Barclays Bank plc, App. A, Statement of Facts, ¶ 36 (June 26, 2012) ("Barclays SOF"), https://www.justice.gov/iso/opa/resources/9312012710173426365941.pdf. (Barclays admission that from approximately August 2007 through at least approximately January 2009, it often submitted inaccurate USD LIBORs that under-reported its perception of its borrowing costs and its assessment of where its USD LIBOR submission should have been and that Barclays' submitter was directed to contribute rates that were nearer to the expected rates of other Panel Banks rather than submitting the proper, higher LIBORs.).

[178] PX0982 & PX0982-A (BAR-DAP-000462809 (audio) and BAR-DAP-000551763 at '764 (transcript) (Barclays' ████████████████████████████████████████████████████████

PX0790 (BAR-OTC-000003946 at '946 (Barclay ████████████████████████████████████████████████████████ PX0790 (BAR-OTC-000003946 at '946 ████████████████████████; PX0831 & PX0831-A (BAR-OTC-000001870 (audio) and BAR-OTC-001404374 at '374 (transcript)), PX0741 ████████████ Dep. 182:20-183:7 ████████████████████████; PX0988 & PX0988-A (BAR-OTC-001401566 (audio) and BAR-OTC-001401566 at '566 (transcript) ("████████████████████████ ████████

█████████████████████████████████   Moreover, PX0988 does not support Plaintiffs' statement in paragraph 120 because PX0988 was not introduced by Plaintiffs.  *See* Carmody Decl. ¶ 1103 ("Exhibit 988 has intentionally been omitted.").  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, e, g)] Plaintiffs' statement.

121.  ████████████████████████████████[79]

**DEFENDANTS' RESPONSE:**  Plaintiffs lack support for their statement that ████████████████████████████████  The cited documents concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Further, Plaintiffs ignore relevant portions of PX1137, in which ██████████████ ████████████████████████████  *See* PX1137 (BTMU_Dollar0163966 at -966).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX1137 contains the above-quoted language, and refer to PX1137 for a complete and accurate statement of its contents.  Defendants otherwise dispute[(a, e, g)] and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

---

[79] PX1137 (BTMU_Dollar0163966 at '966 (BTMU███████████████████████████ ████████████████████████; PX1155 & PX1155-A (BTMU_Dollar0253496 (audio) and transcript at 6:22-25,7:18-19 (BTM███████████████████████████████████ ██████████████



122. ████████████████████████████████████████
████████ [80]

**DEFENDANTS' RESPONSE**: The evidence does not support Plaintiffs'
statement. PX1245—the document this statement quotes from—████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████ PX1245 (Citi-USD02318635 at -635): ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████ PX1821 ██████ Dep. Tr. 268:1-12). And the quotation from PX0718
misleadingly suggests that ████████████████████████████████████████
████████████████████████████████████ *See* PX0718 ████
████ Dep. Tr. 114:12-21) (quoting ████████████████ (Order Instituting Proceedings Pursuant
to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing

---

[180] PX1245 (Citi-USD02318635 at '635 ████████████████████████████████
████████ PX1219 (Citi-USD02011988 at '988 ████████████████████████████
PX1235 & PX1235-A (Citi-USD02209183 (audio) and transcript at 6 ████████
PX746 ████ Dep. 288:8-289:1 ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
PX1235 & PX1235-A (Citi-USD02209183 (audio) and transcript at 3 ████████
████████████ ; PX0718 ████████ Dep. 114:12-21 ████████████
████████████████████████████████████████████████████████

Remedial Sanctions, *In the Matter of Citibank, N.A.*, CFTC Docket No. 16-16 (May 25, 2016),

https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/leg

alpleading/enfcitibankisdaorder052516.pdf ("Citi CFTC Order"))). ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████ *Id.* ██████████ Dep.

Tr. 114:22-115:14).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

████ 123. █████████████████████████████████████████████

████ [81]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement. ████████████████████████████████████████

---

[181] PX1303 (CSUK 0117706 at '706 ████████████████████████████

████████████████████████████ ; PX1290 (CSAG_00121841 at '841

████████████████████████ ; PX1280 (CSAG 00035355 at '355

████████████████ ; PX0721 ████████ Dep. 228:17-

229:21 ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ .



*See* Defs.' Stmt. ¶ 216.

*Id.*  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement that

124.

[182]

**DEFENDANTS' RESPONSE:**

*See* PX0723            Dep. Tr.  74:23-75:17).

---

[182] PX0026 & PX0026-A (DB-USDMDL 01360367 (audio) and transcript at 16

; PX0723

Dep. 74:23-75:17

PX1473          Dep. 134:9-17); PX0018 (DB-USDMDL 01258347 at '347

████████████████████████████    To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

        125.    ████████████████████████████████████████████████
████████████████████████████[183]

        **DEFENDANTS' RESPONSE:**  Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  In addition, the evidentiary record contravenes this statement.  ████████████████████████

████████████████████████████████████████████

████████████████████████████████    *See* Lloyds Bank Decl. [ECF No. 4178], Ex. 4 ████████ Dep. Tr. 185:16-186:24).  ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████    *See* Lloyds Bank Reply Decl., Ex. 2 ████████ Dep. Tr. 189:17-190:7.  In addition, ████████████████

████████████████████████████████████████

████████████████████

Lloyds Bank Decl., Ex. 1 ████████ Dep. Tr. 242:2-7).

        For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the cited document, but otherwise dispute[(a, d, g)] Plaintiffs' statement and, in particular, dispute that any reasonable inference can be drawn from the cited material that (i) Defendants persistently

---

[183] PX0272 (LBG-FDIC-000009214 at 1).

suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

126. ██████████████████████████████████████████████████
██████████████████████████ [184]

**DEFENDANTS' RESPONSE**: Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute. In addition, Plaintiffs' statement lacks evidentiary support. The cited document at most reflects ████████ ████████████████████████████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the cited document, but otherwise dispute[a, d, g] Plaintiffs' statement and, in particular, dispute that any reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

127. ████████████████████████████████████████████████████
████████████████████ [186]

**DEFENDANTS' RESPONSE**: The cited document does not support Plaintiffs' statement that ████████████████████████████████████████

---

[184] PX0263 (LBG-FDIC-000005997 at 3 (**HBOS**: ███████████████████████
███████████████████.

[185] PX0052 & PX0052-A (HSBC-USDLIBORLIT-0010417 (audio) and transcript at 4 ████
██████████████████████████████████████████████████
██████████████████████████████████; PX0047 & PX0047-A (HSBC-USDLIBORLIT-0010412 (audio) and transcript at 5:3-6, 11-12 ████████████████████████
████████████████████████████████████████████████.

[186] PX0082 (HSBC-USDLIBORLIT-0350859 at '860).

█████████████████ Plaintiffs improperly rely on selective quotes.██████████████████

███████████████ *See* PX0052-A █████████ Dep., Ex. 22A, at 4) ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ (emphasis added).

The cited evidence also does not support Plaintiffs' statement that █████████████████

████████████████████████████████████████████████████████████

█████████ The cited email does not include, mention, or even refer to ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████ PX0082 (HSBC-USDLIBORLIT-

0350859 at -860).  Finally, Plaintiffs' statement is contradicted by the █████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████ *See* Defs.' Stmt. ¶¶ 231-234, 540.  For the foregoing reasons, the Court

should  disregard  Plaintiffs'  statement.    To  the  extent  any  response  is  required,  Defendants

dispute[(a, e, g)] Plaintiffs' statement.

        128 ███████████████████████████████████████████████████████

████████████████████████████████████████████████[187]

---

[187] PX0118 (JPM_MDL1_USD_00029576 at '576 █████████████████████████████))); PX131

(JPM_MDL1_USD_00039315 at '316 (███████████████████████████████████████████████

█████████ Dep. 198:14-199:9 (████████████████████████████████████; PX1583

(JPM_MDL1_USD_00087875 at '875 ██████████████████████████████

████████████████████████████.

**DEFENDANTS' RESPONSE:**  The cited document and testimony (PX0131 and PX0726) do not reflect ██████████████████████████████████████ ████████████████████████████████████████████████ Moreover, the cited material regards a ██████████████████████████████████████ ████████████████████████████████████████████████████████

████████████████████████████ Furthermore, PX0118 and PX1583 reflect that ██████████████ ████████████████████████████████████████████████████████

████████ As Dr. Dennis Carlton concluded, █████████████████████████████ ████████████████████████████████████████████████████████ *See* Defs.' Stmt. ¶ 623.  For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that PX0118 contains the above-quoted language, but otherwise dispute[a, e, g] Plaintiffs' statement and, in particular, dispute that any inferences can be drawn regarding JPMorgan's alleged participation in a conspiracy to suppress USD LIBOR.

129. ████████████████████████████████████████████████████ █████████████████████████████████████████████████████[188]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is immaterial and irrelevant and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the cited document and testimony, but otherwise dispute[a, d, g] and, in particular, dispute that any reasonable

---

[188] PX1530 & PX1530-A (LBG-USD-000010077 (audio) and transcript at 6:14–21); PX1483 (██████ Dep. 63:23–64:11, 34:13–21, 41:7–13 ███████████████████████).

inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

130. ███████████████████████████████████
████████████"[189]

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement selectively omits the following testimony regarding the document: "███████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████  ██████████████    Supplemental Declaration of Tom A. Paskowitz in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Norinchukin Reply Decl."), Ex. ██████████ Dep. Tr. 95:8-14).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the cited document, but otherwise dispute[a, d, e, g] and, in particular, dispute that any reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

131. ████████████████████████████████████
████████████████████████████████████████[91]

---

[189] PX0390 & PX0390-A (NB-USDMDL-00535166 (audio) and transcript at 1); PX737 (██████ Dep. 94:10-21 ██████████████████████████).

[190] PX0538 (RABO_METZLER_0208897 at '898).

[191] PX0537 (RABO_METZLER_0206206 at '209).

**DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs'

statement and are inadmissible and not capable of being converted into admissible evidence.  *See*

Fed. R. Civ. P. 56(c)(2).  Plaintiffs cite and quote from ███████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████  Such documents are inadmissible hearsay.  *See, e.g.*,

*United States v. Ray*, 2022 WL 558146, at *15 (S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was

hearsay and did not qualify as a party admission or an adoptive admission under FRE 801(d)(2));

*see also United States v. Toole*, 2012 WL 464219, at *2 (W.D.N.Y. Feb. 13, 2012) (even if FBI

Form 302 was admitted, it "would only have been useful as fodder for impeachment"), *aff'd sub*

*nom. United States v. Williams*, 526 F. App'x 80 (2d Cir. 2013).  ████████████████████

████████████████████████████████████████████████████  *See, e.g.*, *U.S. Sec. &*

*Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is

a form used by the FBI to summarize an interview."), *objections overruled*, 2021 WL 391298

(S.D.N.Y. Feb. 4, 2021).  ████████████████████████████████████

████████████████████████████████████████████  *See* Supplemental Declaration

of Mark D. Villaverde in Further Support of Defendants' Joint Motion for Summary Judgment on

"Upstream" Issues ("Rabobank Reply Decl."), Ex. 1 ███████ Dep. Tr. 159:5-172:13).  Further,

there is no credible basis to characterize statements of a former employee as admissions by

Rabobank.  *See Virag v. Goodwill Indus. of W. Conn., Inc.*, 2015 WL 540607, at *1 n.2 (D. Conn.

Feb. 10, 2015) (witness's statement not admissible as admission of party opponent where witness

was "no longer employed" by defendant at the time when the statement was made), *aff'd sub nom.*

*Virag v. Goodwill of W. & N. Conn., Inc.*, 632 F. App'x 54 (2d Cir. 2016).  ████████████████

████████████████████████████████████████████████████████████████████████████



█████████ *See* Defs.' Stmt. ¶ 166; PX0538 (RABO_METZLER_0208897) (dated █████████); PX0537 (RABO_METZLER_0206206) (dated █████████). Finally, the record evidence indisputably contravenes Plaintiffs' statement. ████████████

████████████████████████

*see* Defs.' Stmt. ¶ 166, and ████████████████████

█████████ *See id.* (citing Rabobank Decl. [ECF No. 4185], Ex. █████████ Dep. Tr. 24:9-13)). ████████████████████

████████████████████████

████████████████████████

████ Rabobank Reply Decl., Ex. 1 █████████ Dep. Tr. 162:22-163:3). ████████

████████████████████████

████████████████████ *Id.*, Ex. 1 █████████ Dep. Tr. 156:15-19). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, b, e, g] Plaintiffs' statement.

132. █████████████████████████

██████████████████████[192]

**DEFENDANTS' RESPONSE:** The cited documents do not support Plaintiffs' statement. As to PX0566, ████████████████████ The document shows that on one day of the more than 700 submission days during the Relevant Period, *see* Defs.' Stmt. ¶ 13(c), ████ ██████████████████████ And PX0563

does not support the contention that ███████████████████████████████████

███████████████████████████████     The email shows that █████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████     PX0563 (RBCOTC0085332).  No reasonable

jury could infer that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████     *Id.* (RBCOTC0085332).  Plaintiffs do not suggest or

point to any evidence that ██████████████████████████████████████     For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, e, g] Plaintiffs' statement.

        133.     █████████████████████████████████████████████████████

████████████████████████████[193]

        **DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement.  At most, the cited material reflects that on three days over the Relevant Period, NatWest

employees expressed their own individual opinions or preferences that ███████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████     Plaintiffs do not controvert that ███████████

---

[193] PX0646 (RBS_MDL_AUD_000001763 (audio)); PX745 ████████     Dep. 50:17-51:5; 53:25-54:6

████████████████████████████████████████████████████████████████████████

████████████     ; PX0724 ████████     Dep. 39:23-42:9

████████████████████████████████████████████████████████████████████████

████████████████████████████████     ; PX0745 ████████     Dep. 19:1-6

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████     ).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ *see* NatWest Decl. [ECF No. 4176], Ex. B ████████

Dep. Tr. 17:7-18) ███████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████ ; (ii) ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ Defs.' Stmt. ¶¶ 107-122, 549-554; and (iii) ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ *id.* ¶¶ 484-487.  For the foregoing reasons, the Court should

disregard Plaintiffs' statement, including to the extent it purports to describe how ████████

████████  To the extent any response is required, Defendants admit that Plaintiffs' statement

accurately quotes the cited documents and testimony, but otherwise dispute[a, d, e, g] that ████████

████████████████████████████████████████████████████████

     134.   SocGen ████████████████████████████████████████████
                                                               [194]

     **DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs'

overbroad statement that "SocGen ████████████████████████████████

████████████████████████████████ for each tenor of LIBOR."  First, the cited exhibits do

not contain the specific pages cited in footnote 194 or the language quoted in paragraph 134.

---

[194] ~~PX1751 (SG-USDMDL-00045194 at '194);~~ PX0678 (SG-USDMDL-00045189 ~~at '194~~);  ~~PX1752 (SG-USDMDL-00045791 at '791);~~ PX0679 (SG-USDMDL-00045790 ~~at '791~~).

Second, the cited exhibits concern only two days of the more than 700 submission days during the Relevant Period, *see* Defs.' Stmt. ¶ 13(c), and thus, do not support Plaintiffs' overbroad suggestion that SocGen ███████████████████████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 134 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 134, fn. 194, the text "PX0678 (SG-USDMDL-00045189 at '194); PX0679 (SG-USDMDL-00045790 at '791)" is replaced with "PX1751 (SG-USDMDL-00045194 at '194); PX0678 (SG-USDMDL-00045189); PX1752 (SG-USDMDL-00045791 at'791); PX0679 (SG-USDMDL-00045790)".

135.    SocGe ███████████████████████████████████████████████
███████████████████████████████████████████████[95]

**DEFENDANTS' RESPONSE:**  PX0691 does not support Plaintiffs' overbroad statement.  PX0691 is a communication dated ███████████ and thus outside the Relevant Period and irrelevant and inadmissible.  Plaintiffs cite no other evidence supporting that SocGen ███████
████████████████████████████████████████████████████████████
█████████████████████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX0691-A (the English translation of PX0691) contains the above-quoted language, and refer to PX0691-A and PX0691 for a complete and accurate statement of their contents.  Defendants otherwise dispute[(a, b, d, e, g)] Plaintiffs' statement and, in particular, dispute that any inference can be drawn

---

[195] PX0691 (SG-USDMDL-07112608 at '608 and translation).

from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

136.    UBS's LIBOR submitters ███████████████████████████████████████
██████████ [196]

**DEFENDANTS' RESPONSE:**  Not one of the nine internal UBS documents or deposition testimony cited in footnote 196 supports Plaintiffs' statement.  To the extent that Plaintiffs state that UBS USD LIBOR submitters ███████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████     *See* Defs.' Stmt. ¶ 180 █████████████████████████████

████████████████████████; *id.* ¶ 190 n.312 (citing UBS Decl., Ex. 22 (MDL_OTC_UBS_0050018 at -018), in which ██████████████████████████████████████████████

██████████████████████████████); *id.* ¶ 567 n.805 (citing  UBS  Decl.,  Ex.

---

[196] PX0356 (MDL_OTC_UBS_1012174 at '174); *see also* PX0356 (MDL_OTC_UBS_1012174 at '174); PX0744 Dep. 65:10–66:3 (UBS:

██████████████████████████; PX0326 (MDL_OTC_UBS_0050511 at '512

██████████████████████████████████████████████████████████████ PX0327 (MDL_OTC_UBS_0050516

██████████████████████████████████████████████ PX0368 (MDL_OTC_UBSCH_0030267 at '404 ; PX0321 (MDL_OTC_UBS_0032711 at '714

██████████████████████████████████████████████████ PX0351 (MDL_OTC_UBS_0999864 at '864

██████████ PX0336 (MDL_OTC_UBS_0939245 at '245

██████████████; PX1547 (MDL_OTC_UBS_1000066 at '066

██████████ PX1729 (MDL_OTC_UBS_0939961 at '961



███████ Dep., Ex. 18, at 2), in which ████████████████████████████

█████████████████████████████████████████████ ); *id.* (citing UBS Decl., Ex.

38 (MDL_OTC_UBS_0488202 at -202), in which UBS's ██████████████████████

███████████████████████████████████████████████ ; *id.* ¶

568 ██████████████████████████████████████████████████████

██████████████████████████ ; *id.* ¶ 569 ██████████████████████

██████████████████████████ ; *id.* ¶ 570 ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████ ; *id.* ¶ 572 ████████████████████████████

██████████████████ ). The cited documents and testimony in footnote 196 also do not support

Plaintiffs' statement that ████████████████████████ Plaintiffs quote a statement from

████████████████████████████████████████████████████████

██████████████████████████████████████████████ *See*

*id.* ¶ 180. ████████████████████████████████████████

████████████████████████████████████ *Id.* (quoting UBS Decl., Ex. ██████

███████ Dep., Ex. A, at 11)). ████████████████████████████

████████████████████████████████████████████████ *Id.* ¶¶

180-181 (quoting UBS Decl., Ex. ████████████ Dep., Ex. A, at 11)). For the foregoing reasons,

the Court should disregard Plaintiffs' statement. To the extent any response is required,

Defendants dispute[a, e, g] Plaintiffs' statement.

137.    UBS's LIBOR submitters ███████████████████████████ [197]

**DEFENDANTS' RESPONSE:**  The cited documents do not support the statement that "UBS's LIBOR submitters ████████████████████████  To the extent that Plaintiffs state that UBS USD LIBOR submitters ████████████████

████████████████████████████████████████████████████████

███████████████████  *See* Defs.' Stmt. ¶ 180 ████████████████████

████████████████████████; *id.* ¶ 190 n.312 (citing UBS Decl., Ex. 22 (MDL_OTC_UBS_0050018 at -018), in which ██████████████████ ██████████████████████████████); *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ███████████ Dep., Ex. 18, at 2), in which █████████████ ████████████████████████████████); *id.* (citing UBS Decl., Ex. 38 (MDL_OTC_UBS_0488202 at -202), in which ██████████████ ████████████████████████████████████████████████████████ ████████); *id.* ¶ 568 ██████████████████████████████ ████████████████████████████████████; *id.* ¶ 569 █████████████ ██████████████████████████████████████████████; *id.* ¶ 570 ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████; *id.* ¶ 572 ████████████████████████ ████████████████████████  To the extent Plaintiffs imply that any ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[197] PX0348 (MDL_OTC_UBS_0991743 at '743 ████████████████ ███████████████████████; PX0328 (MDL_OTC_UBS_0050840 at '840 ███████████; PX0329 (MDL_OTC_UBS_0050860 at '860 ███████████ ████████████████████████.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████ *See id*. ¶ 181 (quoting UBS Decl., Ex. ███████████ Dep., Ex. A, at 11)).  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

        138.    WestL ██████████████████████████████████
████████████████████████████████████████[198]

        **DEFENDANTS' RESPONSE**:    The cited document and testimony do not

support Plaintiffs' statement that Portigon "█████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████ PX1482 ███

████ Dep. Tr. 273:11-274:3); Supplemental Declaration of Steven J. Fink in Further Support

of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Portigon Reply

Decl."), Ex. 2 (███████ Dep. Tr. 206:25-208:21).  Furthermore, the cited document ███████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[198] PX1482 ███████ Dep. 207:24-208:10 ████████████████████████████████
███████████████████████████████ █ ██████ Dep. 273:11-274: ████████████
████████████████████████████████████████ ██); PX1531 & PX1531-A (BAR-DAP-000436597
(audio) and BAR-DAP-000548678 at '682 (transcript) (Bar███████████████████████
██████████████████████.

██████████████████████████████████████████████████████████████

████████████████████    *See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g]

Plaintiffs' statement.

139.    BBA ████████████████████████████████████████

████████████████[199]  She thus recommended ████████

█████████████████████[200]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement represents an incomplete

and misleading characterization of the document cited.  Plaintiffs' selective quotations from the

document omit that ██████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████    PX0817 (BAR-OTC-000000915401

at -401); *see also* Blakemore Reply Decl., Ex. ██████  Dep. Tr. 105:13-106:6) ████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████.  For the foregoing reason, the Court

should  disregard  Plaintiffs'  statement.   To  the  extent  any  response  is  required,  Defendants

dispute[a, d, e] Plaintiffs' statement.

140.    Defendants at times ██████████████████████████████[201]

_____

[199] PX0817 (BAR-OTC-000000915401 at '401).

[200] PX0817 (BAR-OTC-000000915401 at '401).

[201] PX0975 (BAR-OTC-001398825 (audio), BAR-OTC-001408479 (transcript)); PX0999 (BAR-OTC-001414743 at '748); PX0833 (BAR-OTC-001355531 (audio)); BAR-OTC-001355531_V3 (transcript) ████████████████

████████████████████████████    PX1182 (Citi-USD1548038 at '038

**DEFENDANTS' RESPONSE:**  The phrases " █████████████████ ███████████ are unduly vague to the extent they are not described or defined with any degree of specificity.  The cited documents also do not support the statement that "Defendants at times ██████████████████████ The cited documents reflect, at most, the views of only certain employees at certain Panel Banks at certain times, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Moreover, several of the cited documents and testimony do not provide any basis for Plaintiffs' statement:



- PX0975:  ███████████████
  ████████████████████████████████████████ PX0975-A (BAR-OTC-001408479 at -481-482) ( ███████████████████ ).

- PX0999:  This document contains a ████████████████
  ██████████████ PX0999 (BAR-OTC-001414743 at -743).  Plaintiffs have not demonstrated that any part—much less "each part"—of this "hearsay within hearsay" fits into any exclusion or exception from the hearsay rules that would allow it to be introduced at trial.  *Gueye v. People's United Bank, Nat'l Ass'n*, 2021 WL 10351980, at *6 (E.D.N.Y. Apr. 9, 2021), *aff'd*, 2022 WL 2203953 (2d Cir. June 21, 2022).  Absent such a showing, "[a] party 'cannot rely on inadmissible hearsay in opposition [to] a motion for summary judgment.'"  *Abdel-Karim* v. *EgyptAir Airlines*, 116 F. Supp. 3d 389, 409 (S.D.N.Y. 2015) (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985)), *aff'd sub nom. Abdel-Karim v. Egyptair Holding Co.*, 649 F. App'x 5 (2d Cir. 2016).

- PX1195:  This document actually makes it clear tha ████████████████████
  ████████████████████████████

████████████████████████████████████████████████████
██████████████████████████████████████████ PX1195 (Citi-USD01794269 at '269 ████████████████████████████████████ .

██████████████████████████████████████████████████

                                                    PX1195
(Citi-USD01794269 at -269).

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, e, g] Plaintiffs' statement.

     141.  At times ██████, Citibank ████████████████████████████████████████████████████████████████████████████████[202]

     **DEFENDANTS' RESPONSE:**   The economic models used by Plaintiffs' proffered expert Dr. Karl Snow are unreliable and inconsistent with the record evidence, and do not show that Citi ██████████████████████████████████████████

██████████████████████████████████████████████████

*See* Defs.' Stmt. Part V.A.1 ████████████████████████████████████████ ██████████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B ████████████████████████████████████████████████; *see also* Memorandum of Law in Support of Defendants' Motion to Exclude the Opinions and Testimony of Dr. Karl Snow and Dr. B. Douglas Bernheim ("Mot. to Exclude Snow and Bernheim") [ECF No. 4152] at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models). For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, c, g] Plaintiffs' statement.

     142.  Citi's ████ thought █████████████████ and he thought ████████ ████████████████████████████████████████████████

---

[202] Snow Rep., § V.F.4.

[203] PX1468 ██████ Dep. 107:18-108:7).

███████████████████████████████████████ testified that ███████
████ [204] In alerting ██████████████████████████████████████████
                                                          [205]

**DEFENDANTS' RESPONSE:** ████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████████████████████████ (*see* Defs.' Stmt. ¶ 42), ███████████
████████████████████████████████████████████████████████

For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that Plaintiffs accurately quote portions of ██████████ testimony, and otherwise dispute[(a, c)] Plaintiffs' statement.

143. Defendants were ████████████████████████████████████
████████████████ [206]

**DEFENDANTS' RESPONSE:** The cited document does not support Plaintiffs' overbroad statement that all ████████████████████████████ ████████████████████████ The cited document reflects the views of only ██ ████████████████████████ not the views of any Panel Bank, let alone all Panel Banks or their submitters. In addition, the cited document concerns only one day of the more than 700 submission days during the Relevant Period. *See* Defs.' Stmt. ¶ 13(c). ████████████

---

[204] PX1468 ████ Dep. 108:8-12).
[205] PX1468 ████ Dep. 112:1-9).
[206] PX0327 (MDL_OTC_UBS_0050516 ████████████████████████████
████████████████████████████████████████████



*Id.* ¶¶ 174, 187-189.

¶ 190; *see also id.* ¶¶ 183, 635.  UBS's USD LIBOR submitters also

*Id.* ¶¶ 273-274, 567-572.

*Id.* ¶¶ 594-595.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

144.    Defendants understood that LIBORs

[207]

**DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs' overbroad statement that "Defendants understood that LIBORs

The cited documents reflect the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  For example, Plaintiffs cite PX0349.

Defs.' Stmt. ¶¶ 173, 186, 188.  In addition, the cited documents concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See id.*

---

[207] PX0790 (BAR-OTC-000003946 at '946

; PX0127 (JPM_MDL1_USD_00039235 at '236

; PX0349 (MDL_OTC_UBS_0991783 at '783

¶ 13(c).  Furthermore, the record evidence indisputably contravenes Plaintiffs' statement.  For

example, as  Dr. Dennis  Carlton  concluded, ███████████████████████████

████████████████████████████████████████████████████  *See*

*id.* ¶ 623.  Further, the record evidence demonstrates ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████  *Id.* ¶¶ 234, 523-528, 530-546, 550, 552, 554-555,

557, 559, 561-562, 564-574; *see also* Blakemore Decl., Ex. 9 (Hubbard Opening Part V)██████

████████████████████████████████████  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, e, g] Plaintiffs' statement.

### C.  Barclays' Higher LIBORs in August 2007 Attracted Press Speculation and Served as a Lesson to Defendants About the Consequences of Getting Out of "the Pack"

145.    Around the end of August 2007, ████████████████████

████████████████████ Barclays submitter ███████████████
                                                                                                [208]

**DEFENDANTS' RESPONSE**:  The  cited  material  does  not  support  an

inference that ████████████████████████████████████████

█████████████████████████████  For the foregoing reason, the Court

should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit

that the cited material is accurately quoted, but otherwise dispute[a, e, g] Plaintiffs' statement.



---

[208] PX0975 (BAR-OTC-001398825 (audio), BAR-OTC-001408479 (transcript)). ███████████████

██████ PX1008 (BAR-OTC-001391416 (audio); BAR-OTC-001404071 (transcript); PX1461 ██████ Dep. 69:3-
70:18).

146. On September 3, 2007, Bloomberg published an article titled "Barclays Takes a Money-Market Beating," which observed that Barclays' LIBORs were notably higher than the other Panel Banks' LIBORs.[209]

**DEFENDANTS' RESPONSE:** Admit.

147. The media attention Barclays received regarding its LIBOR submission ███████████████ [210]

**DEFENDANTS' RESPONSE:** The cited material does not support or identify with any particularity ████████████████████████████████████

████████████████████████████ For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the statement accurately quotes the cited documents and otherwise dispute[(a, e, g)] Plaintiffs' statement.

148. The media attention Barclays received regarding its LIBOR submissions ████████████████████████████████

a. Barclays' FXMMC representative ████████████████████████████████████████████ [211]

b. Bank of America's ████████████████████████████████████████████ [12]

---

[209] PX0033 (DB-USDMDL 01369571 at '571-73).

[210] *See, e.g.*, PX1532 & PX1532-A (BAR-DAP-000436490 (audio) and BAR-DAP-000548474 at '475-81 (transcript);

████████████████████████████████████████████████████████████████

████████████ PX0772 (BAR-OTC-000412803 at '803 ████████████████████████████████████████████████████████████████

[211] PX1826 and PX1826-A (BAR-DAP-000462761 (audio), BAR-DAP-000551697 at '697-98 (transcript)).

[212] PX1053 (BOFA-LIB0115730 at '730).

    c.  Bank of America's ███████████████████████████████

████████████████████████████████ [13]

    d.  UBS's ████████████████████████████████

████████████████████████████ [214]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement that the media attention Barclays received regarding its USD LIBOR submissions ██████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Moreover, the cited testimony reflects the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in subparagraphs (a)-(d) but otherwise dispute[(a, b, d, e, g)] Plaintiffs' statement.

    149.   The media attention Barclays received regarding its LIBOR submission ██████

███████████████████████████████████████████

---

[213] PX1013 ████████ Ex. 2, Sept. 3, 2007 email chain among ████████████████████ ██████████ at 2).

[214] PX0338 (MDL_OTC_UBS_0939433 at '433).

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs' statement that the media attention Barclays received regarding its USD LIBOR submissions █████

████████████████████████████████████████████████████

████████████████████    The cited testimony reflects the views of only certain employees at certain Panel Banks, not the views of any Panel Bank or of all Panel Banks or their submitters. For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in subparagraphs (a)-(f) but otherwise dispute(a, e, g) Plaintiffs' statement, which Defendants further dispute for the following reasons set forth in response to the subparagraphs of paragraph 149.

    a.  Barclays' ████████████████████████████████

████████████████████████████████████████ 15

**DEFENDANTS' RESPONSE:**  As to subparagraph (a), at most, PX0805 supports ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████

    b.  The FXMMC met and the BBA's ████████████████████

████████████████████████████████████████

████████████ 16

**DEFENDANTS' RESPONSE:**    As to subparagraph (b), Plaintiffs mischaracterize the cited document. █████████████████████████████

---

215 PX0805 (BAR-OTC-001244800 at '800).

216  PX0980 ~~&  PX980-A  (~~BAR-DAP-000462769 ~~BAR-OTC-00000470~~ (audio) and BAR-DAP-000551712 at '718~~BAR-OTC-001408843~~ (transcript)).

███████████████████████████████████████████████

███████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(c)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 149(b) SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 149(b), fn. 216, the text "PX0980 (BAR-OTC-00000470 (audio) and BAR-OTC-001408843 (transcript))" is replaced with "PX0980 & PX980-A (BAR-DAP-000462769 (audio) and BAR-DAP-000551712 at '718 (transcript))".

    c.  Citi's ████████████████████████████████████

██████████████████████████████████[217]

**DEFENDANTS' RESPONSE**:  As to subparagraph (c), the cited documents do not support Plaintiffs' statement.  ████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(c, g)] Plaintiffs' statement.

    d.  Credit Suisse submitte ███████████████████████

████████████[18]

---

[217] PX1189 (Citi-USD01794202 at '202). ███████████████████ *see*, *e.g.*, PX0302 (published 3M LIBOR table at 1); *see also* PX1468 ██████ Dep. 131:4-11 ███████████████████████████████████████); PX1468 (██ Dep. 134:20-135:3 ██████████████████████████████████████ PX1468 ████ Dep. 135:23-136:6 ████████████████████████████████

██████████████████████████████

[218] PX1277 (CSAG_00033513 at '513).

**DEFENDANTS' RESPONSE**:  As to subparagraph (d), the cited quote in PX1277 does not support Plaintiffs' statement that ████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████    ████████████████████████ ████████████████████████████████████████████████████

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(c, g)] Plaintiffs' statement.

    e.  Deutsche Bank trader ████████████████████████████████ ████████████[219]████████    responded:██████████ ██████████████████████████████████████[220]

**DEFENDANTS' RESPONSE**:  As to subparagraph (e), at most, PX0033 supports ██████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████

    f.  HSBC's ████████████████████████████████████ ████████████████████████████████[221]

**DEFENDANTS' RESPONSE**:  As to subparagraph (f), the cited document does not support Plaintiffs' statement. ████████████████████████████

---

[219] PX0033 (DB-USDMDL 01369571 at '571).

[220] *Id*. PX1473 ████████ Dep. 57:11-21, 58:1-8 ████████████████████████████████████████████████████ ██████████████████████████████████████████████████.

[221] PX0057 (HSBC-USDLIBORLIT-0111646 at '646).

█████████████████████████████████████████████ For the foregoing reason, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[e, g] Plaintiffs' statement.

150.    Following the media attention Barclays received in █████████████████████████ ██████ For example. ████████████████████████████████████████████████████████████ █████████████████████████████████████████████ ███████████████████ ██ ██████████████████████████████████████████████████[223]

**DEFENDANTS' RESPONSE**:   The cited material does not support any inference that ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ For the

---

[222] PX1011 (BAR-DAP-000636059 ¶ 45).

[223] *See id. See also* PX0008 (DB-USDMDL 01253597 at '597-98); PX0023 (DB-USDMDL 01276720 at '720 ████████████████████████████████████; PX0788 (BAR-DAP-000095890 at '890 ███████████████████████████████████████; PX0956 & 0956-A (BAR-OTC-000002854 (audio), BAR-OTC-000005130 (November 21, 2007 ██████████████████████████████████████; PX0983 & 0983-A (BAR-OTC-001401441 (audio) and BAR-OTC-001408897 (transcript) (November 26, 2007; ███████████████████████████████████████████████ █████████████████ PX1137 (BTMU_Dollar0163966 at '966 (November 28, 2007 ███████████████ ██████████████████████████ PX0985 & PX0985-A (BAR-OTC-000004744 (audio) and BAR-OTC-000005153 (transcript) (November 30, 2007; ██████████████████ PX1009 & PX1009-A (BAR-DAP-000548581 (audio) and BAR-DAP-000548581 at '582 (transcript ██████████████████████████████████████ PX0741 ████████ Dep. 129:11-130:5 ████████████████████████████ ██████ Citi CFTC Order at 14-15 ("As the financial crisis began to mount, liquidity in the London interbank market began to diminish dramatically and severe dislocations in the relevant unsecured cash markets developed. Citi's U.S. Dollar LIBOR submitters . . . were concerned that if the market observed Citi 'paying up' for cash or submitting higher LIBORS to reflect its need to pay up for cash, it could cause speculation about Citi's financial condition and negatively impact Citi's reputation.  To avoid such unwanted observations, they opted at times to forgo securing funds in the London money market rather than pay the higher rates that would be offered to Citi. The concerns of the Citi submitters are reflected in their internal communications.")).

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the statement accurately quotes from select portions of the cited documents, but otherwise dispute[a, e, g] Plaintiffs' statement.

151.    Barclays believed



**DEFENDANTS' RESPONSE**:    The cited material does not support any inference that

For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the statement accurately quotes from portions of the cited document, but otherwise dispute[a, e, g] Plaintiffs' statement.

152.    Panel Banks other than Barclays

---

[224] PX0984 & PX0984-A (BAR-OTC-001401444 (audio) and BAR-OTC-001408907 (transcript)); PX0741 Dep. 129:11-130:5

)).

[225] *See, e.g.*, PX0176 & PX0176-A (JPM_MDL1_USD_00116478 at 17:25-18:7

PX0184 & (JPM_MDL1_USD_00116955    and PX1804 at 4:15-5:1

PX1014 (Statement of Witness    ¶ 106

PX1476

**DEFENDANTS' RESPONSE**: ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████     Moreover, the cited documents and testimony reflect the views of one former BBA

employee and only one Panel Bank employee, not the views of any Panel Bank, let alone all Panel

Banks or their submitters.  Nor does the testimony of ████████ in PX1014 support Plaintiffs'

statement as to *any* Panel Bank.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately

quote the cited documents and testimony, but otherwise dispute[(a, e, g)] Plaintiffs' statement.

## V.    LIBOR WAS SUPPRESSED

### A.    Defendant Banks and the BBA Acknowledged that LIBORs Were Too Low

153.    Defendants acknowledged that LIBORs were too low during the Relevant

Period.[226]

---

  Dep. 79:14-22 (Q. ██████████████████████████████████████

████████████████████████████

.

[226] *See, e.g.*, PX1046 (BOFA-LIB0110655 at '655 (**Bank of America** ██████████████

█████████████████████████████████████████████; PX1083

(BOFA-LIB0649355 at '355 █████████████████████████████; PX1049 (BOFA-LIB0111164

(**Bank of America**: █████████████████████████; PX0828 (BAR-OTC-001355297 (audio) and

BAR-OTC-001404169 at '172-73 (transcript) (**Barclays**: ████████████████████

PX0862 & PX0862-A (BAR-OTC-000002291 (audio) and BAR-OTC-001405805 at '806, '812 (transcript)

(**Barclays**: ████████████████████████████████████████████

███████████████████████████████; PX1805 ███████ Dep. 97:21-98:9 (**Barclays**:

████████████████████████; PX0790 (BAR-OTC-000003946 (**Barclays**

█████████████████████████████████████████████

████████████ PX1155 & PX1155-A (BTMU_Dollar0253496 (audio) and transcript at 18:14-15

(**BTMU**: ███████████████████; PX1143 & PX1143-A (BTMU_Dollar0251859 (audio) and

transcript at 2:21-22 (**BTMU**: █████████████████); PX1228 & PX1228-A (Citi-

USD02207448 (audio) and transcript at 3, 6 (**Citi**: █████████████████████

███████████████████████████████████████████

I

); PX1270 (CS_00001637 at ʻ637-38 (**Credit Suisse:**

; PX1736 (CSAG_00121571 at ʻ571 (**Credit Suisse:**

PX1737 (CSAG_00033855 at ʻ855 (**Credit Suisse:** ʻ

PX1378 (CSAG_00121857 at ʻ857 (**Credit Suisse:** ʻ

; PX1301 (CSUK_0084168 at ʻ168 (**Credit Suisse**

PX0730        Dep. 297:4-9 (**Credit Suisse:**

; *id.* at 92:20-93:7 (**Credit Suisse:**

; PX1484 (**Credit Suisse:**        Dep. 202:24-203:7

PX1416 (DB-USDMDL 00310579 at ʻ579 (**Deutsche Bank:**

PX0207 (LBG-USD-000001082 at 1 (**HBOS:**

; PX0093 (HSBC-USDLIBORLIT-0539434 at ʻ434 (**HSBC:**

PX0094 (HSBC-USDLIBORLIT-0542350 at ʻ350 (**HSBC:**

; PX0059 (HSBC-USDLIBORLIT-0137018 at ʻ018 (**HSBC:**

; PX1014                          at 1 (**JPM:**

; PX0187 & PX1806 (JPM_MDL1_USD_00117039 (audio) and transcript at 2:17-23 (**JPM:**

)); PX1466        Dep. 96:8-17 (**Lloyds:**

PX0211 & PX0211-A (LBG-USD-000004527 (audio) and transcript at 1; PX0727        Dep. 96:20-97:17 (**Norinchukin:**

PX0376 (NB-USDMDL-00031914 at '914 (**Norinchukin**:

PX0531 (RABO_METZLER_0143921 at '922 (**Rabobank**:

; PX0495 (RABO_METZLER_0096541 at '941 (**Rabobank**

PX0567 (RBCOTC0102930 at '930 (**RBC**:

; PX0554 (RBCOTC0048350 at '350 (**RBC**:

PX0629 (RBS_MDL_001364132 at '132 (**RBS**

PX587 (RBS_MDL_000001240 at '240 (**RBS**:

PX0590 (RBS_MDL_000004923 at '923 (**RBS**:

; PX1807     Dep. 41:13-18) and PX0626 (Ex, RBS_MDL_001359279 at '281 (**RBS**:

PX1807     Dep. 38:4-10) and PX0628 (RBS_MDL_001363403 at '403 (**RBS**

); PX1807 Dep. at 40:7-14 (**RBS**:

; PX1733 (RBS_MDL_000962471 (**RBS**:

; PX1735 (RBS_MDL_000364731 (**RBS**:

; PX1734 (RBS_MDL_000364766 (**RBS**:

; PX0685 & PX0685-A (SG-USDMDL-06400696 (audio) and transcript at 12-13 (**SocGen**:

PX0689 (SG-USDMDL-06698858 (audio) and PX1808 (transcript to SG-USDMDL-06698858) at 2 (**SocGen**:

; PX0342 (MDL_OTC_UBS_0941353 at '354 (**UBS**:

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean ████████████

████████  In addition, Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited

documents and testimony do not support the statement, as Plaintiffs do not accurately characterize

the cited material.  For example, PX0094 ███████████████████████████

███████  PX0094 (HSBC-USDLIBORLIT-0542350) ██████████████████████

Similarly, in PX1301, ████████████████████████████████████

PX1301 (CSUK_0084168 at -168) ██████████████████████).  And, in PX0059,

████████████████████████████████████████████████

███████████  PX0059 (HSBC-USDLIBORLIT-0137018).  Moreover, the cited ██████

████████████████  do not support Plaintiffs' statement.  The cited testimony includes the

following explanation regarding the cited document:  "████████████████████

████████████████████████████████████████████████

████████████████████████████  PX0727 ██████  Dep. Tr. 97:4-9)

(emphasis added) (objections omitted).

---

████████████████████████████████████████; PX1739 (MDL_OTC_UBS_0941186 (**UBS**:
████████████████████████████████████████████;  PX1731
(MDL_OTC_UBS_0940242 (**UBS**: ████████████████████████████████
████; PX0340 (MDL_OTC_UBS_0940261 (**UBS**: "████████████████████
████████████████; PX1732 (MDL_OTC_UBS_1011539 (**UBS**: ██████
████████████████████████████████████████████;  PX0349
(MDL_OTC_UBS_0991783 (**UBS**: ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████  PX0328
(MDL_OTC_UBS_0050840 (**UBS**: ████████████████████████████████
████████████████████████; PX0431 & PX0431-A (PORTIGON0042019 (audio) and
transcript at 2-3 (**WestLB**: ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████.

Further, none of the documents concern any purported ██████████ by any Defendant—much less all Defendants. Plaintiffs' statement also covers the entirety of the Relevant Period; the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period. *See* Defs.' Stmt. ¶ 13(c). Moreover, paragraph 153 is not supported by admissible evidence. Plaintiffs cite documents ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ *See id.*

Part V.A.1 ████████████████████████████████

██████████; Blakemore Decl., Ex. 9 (Hubbard Opening Part V) ███████████

███████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, b, d, e, g] Plaintiffs' statement and further dispute that Plaintiffs have offered any basis ████

███████████████████████████████████████████████

██████████████████████████ *See* PX1014 ███████ Dep., Ex. 15, at 1)

███████████████████████████████████████████████

████████████.

154. ████████████████████████████████████████
██████[227]

---

[227] PX0074 (HSBC-USDLIBORLIT-0322806 at '806 ██████████████████████

███████████████████████████████████████████████

█████████████████; PX1476 ████ Dep. 112:24-113:2 █████████████

██████; *id.* ████ Dep. 118:19-119:7 ████

**DEFENDANTS' RESPONSE:** It is unclear what Plaintiffs mean ███████ ████████ In addition, Plaintiffs' overbroad statement lacks an evidentiary basis. The cited documents and testimony do not support the statement, as Plaintiffs do not accurately characterize the cited material. ████████████████████████████████████████████████████ ██████████████████████████████████████████████████ *See* PX0074 (HSBC-USDLIBORLIT-0322806 at -806). Plaintiffs' mischaracterization is nothing short of a legal conclusion. In addition, Plaintiffs' statement covers the entirety of the Relevant Period; the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period. *See* Defs.' Stmt. ¶ 13(c). Moreover, paragraph 154 is not supported by admissible evidence. ████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████ *See id.* Part V.A.1 ████████████████ ████████████████████████████████████; Blakemore Decl., Ex. 9 (Hubbard Opening Part V) ████████████████████████████████████

───────────────────────

████████████████████████████████████████████████████████████ *id.* ████ Dep. 125:2-126:2 ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ; PX1015 ████████████ ; PX1476 ████████ Dep. 123:6-125:14 ████████ .

██████████████.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, f, g)] Plaintiffs' statement.

155.    The BB ███████
███████████████████████████████████[228]

**DEFENDANTS' RESPONSE:**    The cited testimony does not support Plaintiffs' statement. ████████████████████████████

███████████████████  PX1476 ██████ Dep. Tr. 234:11-235:6), he ████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████ *Id.* ████████ Dep. Tr. 235:1-14); Blakemore Decl., Ex. ███████ Dep. Tr. 199:8-23); *see also id.*, Ex. ████████ Dep. Tr. 179:4-185:16) ███████████████████

███████████████████████████████████████

████████ Plaintiffs' misleading suggestion that ██████████████████

███████████████ is also contrary to the record, which provides no support ████

---

[228] *See, e.g.*, PX1474 ███████ Dep. 260:13-261:11 ███████████████████████████████████

███████████████████████████████████████

██████ PX1476 ██████ Dep. 233:7-234:4 ███████████████████

███████████████████████████████████████

███████████ ; *see also id.* ██████ Dep. 235:1-6 ███████

███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants admit██████████████████

██████████████████████████████████████████████████

████████████████

### B.    Banks Acknowledged that Their LIBOR Submissions Were Too Low

156.    Defendants ████████████████████████████████████
████████████████████████████████[229]

---

[229] *See, e.g.*, PX1042 (BOFA-LIB0048760 at '760 ███████████████████████
██████████████████████████████████████ PX1046
(BOFA-LIB0110655 at '655 ████████████████████████████████████████
████████████████████ ); PX0982 & PX0982-A (BAR-DAP-000462809 (audio) and
BAR-DAP-000551763 at '763-64 (transcript) ████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████ ; PX0790 (BAR-OTC-000003946 at '946
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
PX0732     Dep. 73:17-74:6 ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
PX1155 & PX1155-A (BTMU  Dollar0253496 (audio) and  transcript at 5:16-6:17
████████████████████████████████████████████████████████
███████████████████████████████████████████ ; PX1229 & PX1229-
A (Citi-USD02207489 (audio) and transcript at 2 ███████████████████████
████████████████████████████████████████████████████████
███████████████████ PX721      Dep. 217:23-218:6 ███████████████████████
████████████████████████████████████████████████████████
█████████████████ PX0721      Dep. 224:18-225:4 ███████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████████████ PX1484

Dep. 168:5-169:5

PX0730        Dep. 261:7-21

PX1484        Dep. 167:21-169:23

; PX1742

(CS_00001150 at '150

PX0589

(RBS_MDL_000004100 at '100

; PX0007 & PX0007-A (DB-USDMDL 01230970 (audio) and transcript at 5-6

PX1488

Dep. 127:25-128:14

PX0032 (DB-USDMDL 01368645 at '646

; PX0271

(LBG-USD-000022547 at 4

); PX0273 (LBG-USD-000022556 at 1

);

PX0274 (LBG-USD-000022559 at 1

; PX1467        Dep. 227:10-

228:25

PX0059 (HSBC-USDLIBORLIT-0137018 at '018

PX0131

(JPM_MDL1_USD_00039315 at '316 & PX1526        Tr. 168:1–171:12

PX0141 (JPM_MDL1_USD_00083344 at '344 & PX0726

Dep. 197:6-20

; PX1466 (    Dep. 91:14-
23

PX0380 (NB-USDMDL-00279953 at '969, '976–'977

; PX0409 & PX0409-A (NB-USDMDL-00536396 (audio) and transcript at 2:4-3:14
**(Norinchukin:**

; PX0533 (RABO_METZLER_0167490 at '490

PX1807    Dep. 41:13-23

*Id.* at 42:18-43:1

*see also id.* at 86:14-18

; *id.* at 40:7-14 (

; PX0559 (RBCOTC0081192 at '192

; PX0555 (RBCOTC0060611 at '611

PX0745    Dep. 55:22-56:8

; *Id.* at 56:17-57:1

**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement lacks an evidentiary basis. Plaintiffs' statement covers the entirety of the Relevant Period; the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period. *See* Defs.' Stmt. ¶ 13(c). Moreover, Plaintiffs cite numerous

; PX1741 (RBS_MDL_001363894

PX1743 (RBS_MDL_000364764

; PX1646 (RBS_MDL_000020141

; PX0724          Dep. 111:17–21

; PX0724          Dep. 83:2–24

PX0724          Dep. 74:2–20

PX0691 & PX0691-A (SG-USDMDL-07112608 at '608 and translation)

PX1547 (MDL_OTC_UBS_1000066 at '066

PX0366 (MDL_OTC_UBSCH_0013125

; PX0361 (MDL_OTC_UBSCH_0004560 at '560

; PX0362 (MDL_OTC_UBSCH_0004562

; PX0345 (MDL_OTC_UBS_0941705 at '705

; PX0319 (MDL_OTC_UBS_0023893 at '893), PX0334 (at 072

; PX0742          Dep. 84:3-15

; *Id*. at 84:23-85:9

documents and testimony in footnote 229 █████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████ *See, e.g.*, PX1155

(BTMU_Dollar0253496); PX1155-A ████████ Dep., Ex. 4); PX1229 (Citi-USD02207489);

PX1229-A ██████ Dep., Ex. 24A); PX0721 ██████ Dep. Tr.) PX1742 (CS_00001150);

PX0007 (DB-USDMDL 01230970); PX0007-A ███████ Dep., Ex. 48); PX0032 (DB-

USDMDL 01368645); PX0533 (RABO_METZLER_0167490); PX0495

(RABO_METZLER_0096541); PX1484 ████████ Dep. Tr.); PX1807 ████████ Dep. Tr.);

PX0555 (RBCOTC0060611); PX1741 (RBS_MDL_001363894); and PX1743

(RBS_MDL_000364764).

In addition, Plaintiffs cite documents and testimony that ██████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

*See, e.g.*, PX0271 (LBG-USD-000022547); PX0273 (LBG-USD-000022556); PX0274 (LBG-

USD-000022559); PX0131 (JPM_MDL1_USD_00039315); PX0730 ██████ Dep. Tr.); PX1046

(BOFA-LIB0110655); and PX1467 ████████ Dep. Tr.).  Likewise, PX1466 does not support

Plaintiffs' statement, ███████████████████████████████████████████████

████████████████████████████████ *See also* PX0409-A ██████ Dep.,

Ex. 8A); Norinchukin Decl. [ECF No. 4180], Ex. ████████ Dep. Tr. 86:6-13) █████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████



[REDACTED]

[REDACTED].

Plaintiffs' selective quotations about [REDACTED]

[REDACTED]

[REDACTED] In addition, [REDACTED]

[REDACTED] and Plaintiffs

offer no evidence that these individuals had any personal knowledge concerning USD LIBOR,

LIBOR submissions, or the USD LIBOR fix. Plaintiffs' statement in paragraph 156 is also

unsupported by PX0334 because PX0334 was not introduced by Plaintiffs. *See* Carmody Decl. ¶

345 ("Exhibit 334 has been intentionally omitted."). Defendants refer to the documents and

testimony cited in footnote 229 for a complete and accurate statement of their contents.

Finally, Plaintiffs' statement is contradicted by the record evidence, [REDACTED]

[REDACTED]

[REDACTED], *see* Defs.' Stmt. Part V.A.1 [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED], *see* Blakemore Decl., Ex. 9

(Hubbard Opening Part V) ([REDACTED]).

For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any

response is required, Defendants dispute[a, b, e, f, g] Plaintiffs' statement.

157.    Management  and  other  personnel  from  multiple  Defendants ███████
████████████████████████████████████████████████████████████████████████████
███████  ███
▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁▁

[230] *See, e.g.*, PX1474 ████████ Dep. 180:4-7; 181:9-25; 184:2-15 ████████████████████
███████████████ ; PX0982 & PX0982-A ((BAR-DAP-000462809 (audio) and BAR-DAP-
000551763 at '763-64 (transcript) (██████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████); PX0790 (BAR-OTC-000003946 at '953
███████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████; PX0804
(BAR-OTC-001164938 at '132 ████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████ PX1461
███████ Dep. 44:24-45:24 ████████████████████████████████████████████████████████
██████ PX1461 ████████ Dep. 190:24-191:21 ███████████████████████████████████████
████████████████████ PX1461 ██████████ Dep. 232:7-12; 233:7-234:10 ██████████████
███████████████████████████████████ PX0746 ████████ Dep. 288:8-289:1) & PX1219 (Citi-
USD02011988 at '988 ████████████████████████████████████████████████████████████████
████████████████████████; PX0723 ████████ Dep. 122:9-123:21 ████████████████████████
████████████████████████████████████████); PX0271 (LBG-USD-000022547 at 4
████████████████████); PX0273 (LBG-USD-000022556 at 1 (**HBOS**:
███████████████████████████████████████████████████████████); PX0274 (LBG-
USD-000022559 at 1 (██████████████████████████████████████████████████████████████
███████████████████████████████████████████ PX0131 (JPM_MDL1_USD_00039315 at
'316) & PX1526 (████████ Tr. 167:24–171:12 ██████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
████████████████████████ PX0141 (JPM_MDL1_USD_00083344 at '344) & PX0726 ████████ Dep.
197:6-20) ██████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████████ PX1464 ████████ Dep. 84:1-8;
95:24-96:5;  100:14-24;  108:23-109:24;  123:5-124:4 ████████████████████████████████
████████████████████; PX0181 & PX1809 (JPM_MDL1_USD_00116870 (audio)
and PX1809 (transcript to JPM_MDL1_USD_00116870) at 9:5-14 ██████████████████████████
██████████████████ PX0180  &  PX0180-A  (JPM_MDL1_USD_00116861  (audio)  and  transcript  at  2:24–3:17
███████████████████████████████████████████████████████████████████████ PX0538
(RABO_METZLER_0208897 at '898); PX0537 (RABO_METZLER_0206206 at '209 ██████████████
███████████████████████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement lacks an evidentiary basis. Although the cited documents and testimony generally, with one exception, contain the language selectively quoted by Plaintiffs in footnote 230, these documents and testimony do not support Plaintiffs' statement. Plaintiffs inaccurately quote PX0180 and PX0180-A. *See* PX0180-A (Transcript of JPM_MDL1_USD_00116861 at 3) ███████████████████

████████████████████████████████████████████████

████████████████████████). Defendants refer to those documents and testimony for a complete and accurate statement of their contents. Further, none of the cited material supports the statement ████████████████████████████████████████

████████████████████

████████ In addition, Plaintiffs' statement is contradicted by the record evidence, ████

████████████████████████████████████████

████████████ Defs.' Stmt. Part V.A.1 ████████████████████

---

████████████████████████████████████ PX0724 ██ Dep. 64:9-20 ████
████ PX0691 & PX0691-A (SG-USDMDL-07112608 at '608 and translation) ████████

████████████████████████████████████ PX0337 (MDL_OTC_UBS_1000066 at '066 ████
████ ; PX0367 (MDL_OTC_UBSCH_0013285 at '285 ████
(████████████████████████████████████████████

████ ; PX0352 (MDL_OTC_UBS_0999940 at '940 ████
████ ); PX0344 (MDL_OTC_UBS_0941520 at '520 ████
████████ .

███████████████████████████████████████████

█████████████████████████, and ████████████████████████

████████████████████████████████ *See* Blakemore Decl., Ex. 9

(Hubbard Opening Part V) ████████████████████████████.

       Moreover, at least PX0131, PX0723, PX1473, PX0337, and PX0352 do not

support Plaintiffs' statement. *See, e.g.*, PX0131 (JPM_MDL1_USD_00039315 at -315) ███████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████); Supplemental Declaration of Hallie S. Goldblatt in Further Support of

Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Deutsche Bank Reply

Decl."), Ex. 2 ███████ Dep. Tr. 83:8-11) ██████████████████████████

██████████████████████████████████████████; *id.*,

Ex. 1 ███████ Dep. Tr. 75:22-76:5) ███████████████████████████

███████████████████████████████████████████

████████████████████████. In addition, PX0538 and PX0537 are inadmissible evidence.

*See infra* Response to ¶ 229 ████████████████████████████████

█████████████████████████████████████ In addition,

PX0271, PX0273, PX0274, PX0337, and PX0352 do not support that USD LIBOR suppression

occurred, as these documents reflect ███████████████████████

████████████████████████ Similarly, Plaintiffs mischaracterize PX1474, ████

███████████████████████████████████████████

████████████████████ None of the testimony that Plaintiffs cite ██████████████

"█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████   *See* Defs.' Stmt. ¶¶ 31-35; Blakemore Decl., Ex.

58 ████████ Dep. Tr. 25:18-26:15; 31:2-32:22).   For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, e, g]

Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 157 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 157, fn. 230, the text "███████████████████████" is replaced with ██████ ████████████████████".

### C.   Expert Analysis Confirms the Record Evidence that LIBORs were Suppressed During the Relevant Period

158.   ██████████████████████████████████████████[231]

**DEFENDANTS' RESPONSE**:   The economic models used by Plaintiffs'

proffered expert witnesses are unreliable and inconsistent with the record evidence.  *See* Defs.'

Stmt.  Part  V.A.1 ███████████████████████████████████

████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which

resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant

Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B ██████████

████████████████████████████████████████; *see also* Mot. to Exclude

Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression

models).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[b, c, f, g] Plaintiffs' statement.

---

[231] Bernheim Rep. §§ VI, VI; Bernheim Reb. § V; Bernheim Reply §§ IV, V; Snow Reply § I.

## VI. DEFENDANTS COMMUNICATED THROUGH INTERDEALER BROKERS IN ORDER TO COORDINATE THEIR SUPPRESSED SUBMISSIONS

159.    In the London interbank market, interdealer brokers ("brokers") ████████████
████████████████████████████████████████████████████████████████████████████████ [232]

**DEFENDANTS' RESPONSE:**    The cited testimony does not provide evidentiary support for Plaintiffs' overbroad statement that during the Relevant Period interdealer brokers "████████████████████████████" to Panel Banks.  The cited testimony reflects the views of certain employees at certain Panel Banks about the role of interdealer brokers, not the views of any Panel Bank, let alone all Panel Banks or their submitters, nor does it reflect the relationship between all Panel Banks and brokers.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that in the London interbank market, interdealer brokers ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████████████    *See* Defs.' Stmt. ¶¶ 193-194.  Defendants otherwise dispute[(a, d, g)] Plaintiffs' statement that ████████████████████████████████ and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their

---

[232] PX0725 ████ Dep. 275:10–20 ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████ PX1467 ████ Dep. 29:3-7 ████████████████████████████████████████
████████████████████████████████████████████████████████████ *id.* at 31:4-7 ████
████████████ Dep. 42:4-18 ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ *id.* at 224:12-14 ████████

USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

160.    During the Relevant Period, brokers ████████████████████
████████████████████████████████████████████████
████ [233]

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement is nothing more than a statement of opinion and characterization of testimony, not a statement of undisputed material fact. In addition, the cited testimony does not support Plaintiffs' overbroad statement that during the Relevant Period interdealer brokers "████████████████████████████████
████████████████████████████████████████████  The cited testimony reflects the views of only two employees at two Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Moreover, the testimony cited in footnote 233 does not provide evidentiary support for Plaintiffs' statement that ████████████████
██████████████████████████████████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

**A.    Defendants Received Daily Broker LIBOR "Indications"**

161.    ████████████████████████████████████████████
████████████████████████████████████████████████

---

[233] *See, e.g.*, PX0733 ████ Dep. 125:22-126:10 ████████████████████████
████████████████████████████████████████████████
████████████████████████████████████  ); PX0708
Witness Statement, ¶ 42 ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████  ).

██████████████████████████████████████████████████ [34]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

*See* Defs.' Stmt. ¶¶ 191-197.  The cited testimony, however, does not provide an evidentiary basis for Plaintiffs' overbroad suggestion that ████████████████████████████

███████████████████    The cited testimony reflects the views of two employees at two Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, g] Plaintiffs' statement.

162.    Broker █████████████████████████████████████████████ The LIBOR ████████████████████████████████████████ [235]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[234] PX0733 ████ Dep. 83:23-84:1; 95:9-12; 84:24-85:5 (Bank of America: ████████

████████████████ ); PX1485 ██████████ Dep. 95:4-9 (BTMU: Q ████████

████████████ .

[235] *See, e.g.*, PX0733 ████████ Dep. 98:12-17 ████████████████████████████

██████████████████ )); PX1464 ████████ Dep. 174:24 - 175:10).  *See also* ¶¶ 163-164 *infra*.

███████████████████████████████████████████████████████ *See* Defs.' Stmt.

¶¶ 191-197.  The cited testimony does not provide an evidentiary basis for Plaintiffs' overbroad

suggestion that ████████████████████████████████████████████████████

████████    Moreover, the cited documents and testimony do not reflect the views of any Panel Bank,

let alone all Panel Banks or their submitters.  Because Plaintiffs cross-reference other statements

in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to those other

statements.  *See infra* Responses to ¶¶ 163-164.  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, e, g]

Plaintiffs' statement.

163.    All Defendants ██████████████████████[236]

**DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs'

overbroad statement.  The cited documents ███████████████████████████████

████████████████████████████████████████████████████████████████

concern only a small fraction of the more than 700 submission days during the Relevant Period.

*See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants admit ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *see id.* ¶¶

---

[236] PX0015, at 1 (DB-USDMDL 01257418 at '418 █████████████████████)); PX1221,
at 1 (Citi-USD02066721 at '721 ████ PX0064, at 1 (HSBC-USDLIBORLIT-0147916 at '916 ████ PX0110,
at 1 (JPM_MDL1_USD_00000052 at '052-'053 █████████ PX0444, at 1–3 (RABO_METZLER_0016889 at '889-
891 ██████████████)); PX0377, at 1 (NB-USDMDL-00268504 at '504 ████████); PX1542, at 1
(RABO_METZLER_0028105 at '105 ███████████████████████); PX0242 (LBG-USD-000003505
██████████████████████████████████████████████; PX0812 (BAR-
OTC-000182365 ██████████████████████████████████.

191-197, and refer to the communications cited in footnote 236 for a complete and accurate statement of their contents.  Defendants otherwise dispute[a, b, e, g] Plaintiffs' statement and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

164.

[237] See, e.g., PX1485          Dep. 95:4-9                    ); PX0737

          Dep. 55:4-20              Q.

PX0727        Dep. 69:8-13

          PX0377 (NB-USDMDL-00268504

                    PX0725        Dep. 192:4-7 (HBOS:

                                                        ); PX1467

(          Dep. 219:24-220:2

                                                    ; id. at 178:4-
5 (Q.                                                )); id. at 54:14-17
(Q.

                    ); PX1474 (          Dep. 83:16-84:6

                                        ; id. 90:23-91:7

                    PX1464        Dep. 140:19-141:14

                                        PX0321, at 4
(MDL OTC UBS 0032711 and  MDL OTC UBS 0032712

          ; PX1471      Dep. 72:5-19

                              PX0742        Dep.. 60:3-61:19 (WestLB:

; PX0747    Dep. 199:8-20

PX1483    Dep. 100:21-101:1

; PX1466    Dep. 83:21-84:3

(Lloyds:

PX0745    Dep.at 115:2-11 (RBS:

; PX1488    Dep. 45:10-46:9 (Deutsche Bank:

PX1452, at 1 (DB-USDMDL 00432208 at '208

; PX0007 & PX0007-A, at 17–18 (DB-USDMDL 01230970 (audio) and transcript at 17-18 (

; PX0746    Dep. 297:1-8

PX0880 & PX0880-A (BAR-OTC-001369181 (audio) BAR-OTC-001405987(transcript)

PX0829 & PX0829-A (BAR-OTC-000001866 (audio); BAR-OTC-000004827 (transcript)

PX0552 (RBCOTC0046049

; PX0565 (RBCOTC0102695

; PX1535 (RBCOTC0052453

PX1536   (SG-USDMDL-01048978

; PX1537 (SG-USDMDL-00163934

PX1538 (SG-USDMDL-00135543

; PX1539 (SG-USDMDL-00963778

; PX1540 (SG-USDMDL-00998555 (

**DEFENDANTS' RESPONSE:**  Plaintiffs' overbroad statement ███████

██████████████████████████████████████████████████████

███████████████████████████████████████████ lacks an

evidentiary basis.  ████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ *See* Defs.' Stmt. ¶¶ 191-197.  The

cited material does not provide a basis for Plaintiffs' overbroad statement ███████████████

██████████████████████████████████████ Further, the

cited documents and testimony concern only a small fraction of the more than 700 submission

days during the Relevant Period.  *See id.* ¶ 13(c).  Defendants refer to the cited documents and

testimony for a complete and accurate statement of their contents.  For the foregoing reasons, the

Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

dispute[(a, b, e, g)] Plaintiffs' statement and, in particular, dispute that any inference can be drawn from

the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions

throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD

LIBOR submissions throughout the Relevant Period.

     165.    Defendant submitters typically ████████████████████████

█████[238]

---

[238] PX0747 ████ Dep. 94:4-11 ████████████████████████████████████████

████████████████████████████ PX1466 ████ Dep. 87:14-88:3 ███████████████

██████████████████████████████████.



**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement that all Defendants ██████████████████████████████████████████ lacks an evidentiary basis. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████ *See* Defs.' Stmt. ¶¶ 191-197. The cited testimony at most reflects the views of two employees at two Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters and thus, does not support Plaintiffs' statement that all Defendants ████████ ██████████████████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, d, e, g)] Plaintiffs' statement.

166.  Brokers ███████████████████████████████████████████████████
███████████████████████████[239]

**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement ████████ █████████████████████████████ lacks an evidentiary basis. ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[239] PX0733 (████ Dep. 42:18-44:1 ██████████████████████████████████
████████████████████████████████████████ ; PX0721 ████ Dep. 111:9-112:4 █████████████████████████████████████████████████ ); PX0737
(Sheehan Dep. 55:4-20 █████████████████████████
████████████████████████ PX0552 (RBCOTC0046049 at '049 ████████████
██████████████████████████.

████████████████████████████████████████████████████

*See* Defs.' Stmt. ¶¶ 191-197.  However, the cited documents and testimony only reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters or the frequency with which all Panel Bank submitters communicated with brokers.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See id.* ¶ 13(c).  Defendants refer to the cited documents and testimony for a complete and accurate statement of their contents.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, g)] Plaintiffs' statement.

167.   Submitters ████████████████████████████

██████████████████████████████[240]

**DEFENDANTS' RESPONSE:**   Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited testimony does not provide a basis for Plaintiffs' suggestion that all Panel Bank submitters ████████████████████████████  The cited documents and testimony reflect the views of two employees at two Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Moreover, the cited ████████ audio file does not support Plaintiffs' statement, as it does not demonstrate ██

████████████████████████████████████████████████████

████████████████████████████████  For the foregoing reasons,

---

[240]   PX0985 & PX0985-A, at 3 (BAR-OTC-000004744 (audio) and BAR-OTC-000005153 at '155 (transcript)

███████████████████████████████████ PX1489 ███ Dep.
████ 47:8-14 ██████████████████████████████

████████████████████

the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, g)] Plaintiffs' statement.

168.    At least some Defendants ███████████████████████████████

███████████ [241]

**DEFENDANTS' RESPONSE:**  It is unclear which Defendants Plaintiffs refer to as "some Defendants."  In addition, Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited documents and testimony reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Defendants refer to the cited material for a complete and accurate statement of their contents.  Additionally, Plaintiffs misleadingly cite PX1294, PX1281, and PX1275. ████████████████████

████████████████████████████████████████████████████████████████

████████████████████  *See* Defs.' Stmt. ¶ 216.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement and, in particular, dispute that any inference reasonably can be drawn from

---

[241] PX1294 (CSAG_00123208 at '208 ███████████████████████████████████████████

██████████████████████████████████████████████; PX1281 (CSAG_00037029 at '029

█████████████████████████████████ PX1275 (CSAG_00033430 ██████████████████

████████████ PX0026 & PX0026-A (DB-USDMDL 01360367 (audio) and transcript at 16

████████████████████████████████████████████████████████████ PX0109, at 3

█████████; PX1464 ████████ Dep. 103:3-9 ██████████████████████████████████

(JPM_MDL1_USD_00000003 at '005 ███████████████████████████████████

████████; PX1483 ████████ Dep. 100:17-101:1 ('██████████████; PX0233 & PX0233-A, at 1 (LBG-

USD-000005804 (audio) and transcript at 1 ██████████████████████████; PX0434 &

PX0434-A, at 1 (PORTIGON0042111 (audio) and transcript at 1 ██████████████████

██████████████████████████████████.

the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

169.    The USD LIBOR fix █████████████████████████████████████████ For instance, ██████████████████████████████████████████████████ [242] These messages, ████████████████████████████████████████████ [43]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  In addition, Plaintiffs' statement lacks an evidentiary basis.  The cited testimony reflects the views of one employee at one Panel Bank, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Defendants refer to the cited documents for a complete and accurate statement of their contents.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e] Plaintiffs' statement and further dispute that any inference reasonably can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

170.    The LIBOR █████████████████████████████████████████████



---

[242] PX1709 (Plaintiffs' Rule 1006 Compilation).

[243] PX0747 (███████ Dep. 203:24-205:18).

[244] PX1709 (Plaintiffs' Rule 1006 Exhibit: █████████████████████████████
███████.

[245] PX1709 at 16 (Plaintiffs' Rule 1006 Exhibit:████████████████████████████
████████████████████████████████████ Plaintiffs' Rule 1006



**DEFENDANTS' RESPONSE:** ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ *See* Defs.' Stmt. ¶ 535. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████ *See id.* ¶ 216.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a] ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

171.    In addition, these daily communications contained the following statements:

a.    █████████████████████████████████████████[246]

b.    ████████████████████████████████████[247]

c.    ██████████████████████████████████[248] and

---

[246] *See, e.g.*, PX1709 at 00001 ██████████████████████") & 00018 ("███████████
███████").

[247] *See, e.g.*, *id*. at 00073 ("██████████████████") & 00087 (██████████████████
██████████████).

[248] *See, e.g.*, *id*. at 00012 ("████████████████████████████") & 00061
("██████████████████████est").

d. ██████████████████████████████████████"[249]

**DEFENDANTS' RESPONSE:**   Plaintiffs' overbroad statement lacks an evidentiary basis. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████  *See* Defs.' Stmt. ¶ 535. ████████████████

████████████████████████████████████"  *See id.* ¶ 613.  ██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████  *See id.* ¶ 216.

Defendants refer to the cited documents for a complete and accurate statement of their contents. For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement and further dispute that any inference reasonably can be drawn from the cited material that (i) ████████████  persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) ████████████ conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

B.    **Broker Indications Represented Defendants' Planned Submissions Rather than Permissible Information About Market Activity, and Were Too Low**

172. ██████████████████████████████████████
████████████████████████████████████[250]

---

[249] *See, e.g., id.* at 00262 ("████████████████████) & 00418 ("████████████████████████).

[250] PX0021 (DB-USDMDL 01275015 at '015 ████████████████████████████████████████████

**DEFENDANTS' RESPONSE**:    Plaintiffs' overbroad statement lacks an

evidentiary basis. ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████ *see* Defs.' Stmt. ¶¶ 191-197. ██████████████

███████████████████████████████████████████████████████████████

██████████████ *See* PX0579 (RBCOTC0118969 at -969).  The cited documents and testimony,

however, do not provide a basis for Plaintiffs' suggestion that ███████████████

█████████████████████  The cited documents and testimony reflect the views of certain

employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or

their submitters.  In some instances, the cited material does ████████████████████

███████████████████████  For example, PX1464 and PX0164 merely reflect ████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████  Further, the cited documents and

testimony concern only a small fraction of the more than 700 submission days during the Relevant

Period.  *See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants' dispute[(a, d, e, g)] Plaintiffs' statement.

---

███████████████████████████████████████████ ); PX1464 ████████ Dep. 205:23-206:5); PX0164
(JPM_MDL1_USD_00115156 at '147 ████████████████████████████ PX0409 & PX0409-A (NB-USDMDL-00536396 (audio)
and transcript at 3:6-9.

███████████████████████████████████ ; PX0579 (RBCOTC0118969 at '969 ████████████████████████████████
████████████████████████████████████████ .

173. ███████████████████████████████████████████
████████████████████████ [251]

**DEFENDANTS' RESPONSE:**   Plaintiffs' overbroad statement lacks an
evidentiary basis. ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████ *see* Defs.' Stmt. ¶¶ 191-197.████████████████

████████████████████████████████████████████████████████ The
cited documents, however, do not provide a basis for Plaintiffs' suggestion that all Defendants
made this observation.  The cited documents reflect the views of only three employees at three
Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  In
addition, the cited documents concern only a small fraction of the more than 700 submission days
during the Relevant Period.  *See id.* ¶ 13(c).  Moreover, Plaintiffs do not point to any evidence
███████████████████████████████████████████████████████████████

██████████████████████████████████████████ *see* 56.1 Resps. ¶¶ 154-155,
███████████████████████████████████████████ For the foregoing
reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,
Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

174. ██████████████████████████████████████████████
███████████████████████████████████████████████████ [252]

---

[251] *See, e.g.*, PX1543 (BOFA-LIB0885042 at '042 ████████████████████
████████████████████████████████████████████ ;  PX0482
(RABO_METZLER_0079099 at '099 ██████████████████████████████████
████████████████████████████████████████████████████████ ));
PX0559 (RBCOTC0081192 at '192 ███████████████████████████████████
█████████████████████████████████████████████████ .

[252] *See, e.g.*, PX1121 & PX1121-A (BOFA-LIB0802710 (audio) and transcript at 4-5 █████
███████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited documents and testimony do not support Plaintiffs' statement that ██████████████████████████████████████████████████████████

████████████  The cited documents and testimony reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Plaintiffs also incorrectly assert that ██████████████████████████████████████████████

---

███████████████████████████████████████████ PX1352 (DB-MDLFDI 00155005 at '005 █████████████████████████████████████; PX1456 (DB-USDMDL 00441908 at '908 ███████████████████████████████████████████████████████████████ PX0021 (DB-USDMDL 01275015 at '015 ████████████████████████████████████████████████████████████████████ PX0172 & PX0172-A (JPM MDL1 USD 00116233 (audio) and transcript at 5:5-7, 9 ████████████████████████████████████████; PX0240 & PX0240-A (LBG-FDIC-000005137 (audio) and transcript at 9 ████████████████████████████████████; PX0404 & PX0404-A (NB-USDMDL-00536024 (audio) and transcript at 2:1-6 ███████████████████████████████ PX0386 & PX0386-A (NB-USDMDL-00358121 (audio) and transcript at 1 ███████████████████████████████ PX0432 & PX0432-A (PORTIGON0042109 (audio) and transcript at 1 ███████████████████████; PX0656 & PX0656-A (RBS MDL AUD 000002623 (audio) and transcript ██████████████████████████████████████ ; PX0745 ████████ (RBS) Dep. 146:23-147:2; MDL OTC UBS 0055622 at '622 ████████████████████████████████████████████████████

███████████████████████ *See* PX0331 (MDL_OTC_UBS_0055622). ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.*

(MDL_OTC_UBS_0055622 at -622).    Further, the record evidence indisputably contravenes

Plaintiffs' statement.  *See, e.g.*, PX0737 ████████ Dep. Tr. 186:7-17) ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

(objections omitted).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

      175. ████████████████████████████████████████████

████████████████████████████████████████████████████████████
[253]

---

[253] *See, e.g.*, PX0948 & PX0948-A (BAR-OTC-000002423 (audio) and BAR- BAR-OTC-000005087 at '094 (transcript) ████ ████████████████████ PX0853 & PX0853-A (BAR-OTC-000002261 (audio) and BAR-OTC-000004871 at '874 (transcript) ████ ████████████████████ ; PX0895 & PX0895-A BAR-OTC-000002342 (audio) and BAR-OTC-001406062 at '072 (transcript) ████ PX0733 ████ Dep. 70:2-13 ████████████████████████████ ; PX1227 & 1227-A (Citi-USD02207415 (audio) and transcript at 4:18-5:3 ████████████████████ PX1236 & PX1236-A (Citi-USD02209185 (audio) and transcript at 6); *see also* PX1171 (Citi State AG Settlement ¶ 23). ████████████████████████████████ ; PX0026 & PX0026-A (DB-USDMDL 01360367 (audio) and OTC_DB-USDMDL 01360367 at 16 (transcript) ████████████████████████████████████ ; PX0027 & PX0027-A (DB-USDMDL 01360367 (audio) and transcript at 55:13-57:9); PX0726 ████ Dep. 102:3- ████████ ; PX0529

**DEFENDANTS' RESPONSE:**    Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited documents and testimony do not support Plaintiffs' statement that ████

████████████████████████████████████████████████████████████

████████████    The cited documents and testimony reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Moreover, several of the cited documents and testimony do not support Plaintiffs' overbroad statement at all.  *See, e.g.*, PX0853 (BAR-OTC-000002261); PX0895 (BAR-OTC-000002342); PX0948 (BAR-DAP-000447529); PX0529 (RABO_METZLER_0143488); PX1171 ████████ Dep., Ex. 1).  Defendants refer to the documents and testimony cited in footnote 253 for a complete and accurate statement of their contents.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

176. ████████████████████████████████████████████████████ [54]
████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**    Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited documents and testimony do not support Plaintiffs' suggestion that

---

(RABO_METZLER_0143488 at '488 (████████████████████████████████████████
████████████████; PX0566 (RBCOTC0102705 at '705 ████████████████████████
████████████████████████████████████████████████████████████.

[254] PX1342 (DB-USDMDL 00378103 at '103 ████████████████████████████
████████████████████████████████████████ PX1458 (DB-USDMDL 00455776 at '776
████████████████████████████████; PX0187 (JPM_MDL1_USD_00117039 (audio) and transcript at 2: 17-24 (JPM:
████████████████████; PX0559 (RBCOTC0081192 at '192 ████████████████████
████████████████████████████████████████████████████

173



███████████████████████████████████████████████████████████

████████████████    The cited documents and testimony reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, c, g)] Plaintiffs' statement.

### C.    Defendants Exchanged Information About Their Planned Submissions Indirectly Via Brokers in Order to Align Their Submissions

177. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████[255]

**DEFENDANTS' RESPONSE:**    Plaintiffs' overbroad statement lacks an evidentiary basis.  Appendix A to Plaintiffs' Joint Counterstatement ("Appendix A" or "App. A") [ECF Nos. 4337, 4337-1] and the documents referenced therein do not support Plaintiffs' statement.  ████████████████████████████████████    of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████    *See, e.g.*, App. A (entries 285, 348).  ███

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[255] *See* Appendix A to Plaintiffs' Joint Counterstatement of Rule 56.1 Statement of Material Undisputed Facts ("Appendix A").

███████████████████████████████████████████████████

███████████████████████████████████████████████████

*See, e.g.*, *id.* (entry 112).   For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, b, e, g] Plaintiffs' statement.

      178.  ████████████████████████████████████████

████████[256]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs ███████████

███████████████████████  To the extent Plaintiffs intend to state that ███████████

███████████████████████████████████████████████████

██████████   *See* Defs.' Stmt. ¶¶ 205, 213, 221-222, 228, 233-234, 239, 244-245, 250, 259, 266,

268, 274-275 █████████████████████████████████████████

████████████████████████.   In addition, Plaintiffs' overbroad statement lacks an

evidentiary basis.  The cited testimony reflects the views of only some former employees at some

Panel Banks and does not reflect an admission by any Defendant.  For example, PX0168 and

PX0168-A do not reflect that ██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ *See*

---

[256] PX1473 ████████   Dep. 114:18-116:7 ████████████████████

█████████████████████████████; PX0168 & PX0168-A

(JPM_MDL1_USD_00116150 and transcript at 3:13-4:2) █████████████████████

██████████████████████████ PX1483 ████████ Dep. 70:6-13; 70:19-

24 ███████████████████████████████; PX1471 ████████ Dep. 133:25–

137:22 ████████████████████████████████ PX1471 (*id.* 192:1-9

███████████████████████████████████████████████

*id.* ¶¶ 236-237, 239.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

179.  ███████████████████████████████████████
██████████████████████████████████████████ [57]

**DEFENDANTS' RESPONSE:**    The  cited  document  does  not  support

Plaintiffs' statement.  The BBA LIBOR Instruction prohibited "reference to rates *contributed* by

other Contributor Banks."  PX0300 (LIBOTCPL0202575 at 2) (emphasis added).  The referenced

████████████████████████████ which occurred on a fraction of the more than 700

submission days during the Relevant Period, *see* Defs.' Stmt. ¶ 13(c), did not violate the BBA

LIBOR Instruction's provision that "Contributor Banks shall *input* their rate without reference to

rates contributed by other Contributor Banks."   PX0300 (LIBOTCPL0202575 at 2) (emphasis

added).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

D.    **Market Color**

180.  ███████████████████████████████████████
███████████████████████████████████

████████████████████████████████████████
██████████████████████████████ [58]

---

[257] *See* PX0300, at 2 (LIBOTCPL0202575 at '576 ("███████████████████████
████████████████████ )).

[258] PX1464 ██████ Dep. 133:9-135:5 ███████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████

b. 



**DEFENDANTS' RESPONSE:** The cited testimony does not support Plaintiffs' statements. The cited testimony reflects the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters. For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

As to subparagraph (a), the evidentiary record indisputably contravenes the suggestion that ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████ *See* PX1464 (███████ Dep. Tr. 134:21-135:5). ███████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████ *See* Defs.' Stmt. ¶¶ 236-237, 239. For the foregoing reasons, the Court should disregard Plaintiffs' suggestion that ███████████████████████████ ███████████████ To the extent any response is required, Defendants admit that the testimony of ███████████████████████████████████████████ ███████████████████████████████████████████ Defendants otherwise dispute[a, e] that ███████████████████████████████████

As to subparagraph (b), Plaintiffs' statement that █████████████ ███████████████████████████████████████████ ███████████████████████████ inaccurately reflects the cited testimony. ████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████



██████████████████████████████████████ PX0726 ████████ Dep. Tr. 100:1-101:17).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the testimony of ██████████ contains the cited material in subparagraph (b), but otherwise dispute[(a, c)] Plaintiffs' statement.

As to subparagraph (c), the testimony ████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████ For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

As to subparagraph (d), the testimony ████████████████████████ ██████████████████████████████████████ *see* 56.1 Resps. ¶¶ 154-155, 166, ████████████████████ ██████████ PX0731 ████████ Dep. Tr. 53:13-22), does not support the statement that ██████████████████████████████████████ ████████ For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

**E.    Defendants Relied on Information from Brokers in Setting LIBORs**

181.    ██████████████████████████████████████[264]    For example:

---

[264] *See, e.g.*, PX0317 ██████████████████████).

a. 

[265]

b. ████████████████████████████████████████

[266]

c. ████████████████████████████████████████

[267]

d. ████████████████████████████████████████

[268]

e. ████████████████████████████████████████

[269]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.   The statements are not accurate for the following reasons.

As to the statement that ██████████████████████████████████████

██████████████████████████████████ Plaintiffs rely on the opinions of their

---

[265] PX0004 & PX0004-A, at 18 (DB-USDMDL 01212566 (audio) and DB-USDMDL 01364796 at '813 ████████

[266] *See, e.g.*, PX0737 ████ Dep. 73:14-75:13, 108:3-199:9); PX1473 ████ Dep. 99:11-100:11); PX1473 (*id.* at 114:5-116:7); PX1488 ████ Dep. 141:5-142:5); PX1464 ████ Dep. 141:9-146:13); PX1465 ████ Dep. 153:5-159:1); PX1471 ████ Dep. 148:14-150:14); PX0745 ████ Dep. 170:15-172:8); PX0741 ████ Dep. 198:16-202:23); PX0733 ████ Dep. 157:14-159:25); PX1485 ████ Dep. 120:3-123:1); PX0743 ████ Dep. 86:8-90:9); PX1467 ████ Dep. 177:9-181:11); PX0744 ████ Dep. 48:21-54:19).

[267] PX0317 ██████████████████

[268] PX0316 ████████████████ PX0317 ██████████████████

[269] PX0317 (Marx Reply ¶¶ 77-78).

proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion. *See* Memorandum of Law in Support of Defendants' Motion to Exclude the Opinions and Testimony of Dr. Leslie Marx ("Mot. to Exclude Marx") [ECF No. 4148] Part VI (Dr. Marx's opinion with respect to ████████████ is unreliable speculation). In addition, the evidentiary record indisputably contravenes ████████████████████████████ ████████████████████████. *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64). Moreover, ████████████████████████████████████████ ████████████████████ *See id.*, Ex. 20 (Asker FFFP Reb. ¶ 64) (██████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ *See id.*, Ex. 29 (Asker Opening Part 5.3) ████████████████████████ ██████████████████████████████████████████████ ████████.

As to the statement in subparagraph (b), it is unclear what Plaintiffs mean by ████████████████████ In addition, the documents and testimony cited in support of subparagraphs (a)-(e) concern only a small fraction of the more than 700 submission days and more than 171,000 USD LIBOR submissions during the Relevant Period, *see* Defs.' Stmt. ¶ 13, and do not support the statement that ████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████ Supplemental

Declaration of J. Matthew Goodin in Further Support of Defendants' Joint Motion for Summary

Judgment on "Upstream" Issues ("HSBC Reply Decl."), Ex. 1 ███████ Dep. Tr. 181:15-17).

For the foregoing reasons, the Court should disregard Plaintiffs' statements. To

the extent any response is required, as to the statement in subparagraph (a), Defendants admit that

Plaintiffs accurately quote the cited document, and otherwise dispute[a, c, d, e, g] Plaintiffs' statements

in subparagraphs (a)-(e).

182. ████████████████████████████████████[70]

**DEFENDANTS' RESPONSE:** Plaintiffs rely on the opinions of their

proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in

Defendants' *Daubert* motion. *See* Mot. to Exclude Marx Part VI (Dr. Marx's opinion with respect

to ███████████ is unreliable speculation). In addition, the evidentiary record indisputably

contravenes that ████████████████████████████ *See*

Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64). For the foregoing reasons, the Court should

disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, c, d, g]

Plaintiffs' statement.

183. █████████████████████████████████████

█████[271]

---

[270] PX0317 ████████████████████

[271] PX0316 ████████████████; PX0317 █████████████████.

**DEFENDANTS' RESPONSE**:    Plaintiffs rely on the opinions of their proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion.  *See* Mot. to Exclude Marx Part VI (Dr. Marx's opinion with respect to ██████████ is unreliable speculation).  In addition, the evidentiary record indisputably contravenes that ███████████████████████████████████  *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64).  ██████████████ ████████    *See* PX0317 (Marx Reply ¶ 96) ███████████████████ ██████████████████ ██████████████████████████ ████████████████████████    *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶ 64) ████████████████████ █████████████████    For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

184.    ███████████████████████████████████████████ ██████████████████████████████████[72]

**DEFENDANTS' RESPONSE**:    Plaintiffs rely on the opinions of their proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion.  *See* Mot. to Exclude Marx Part VI (Dr. Marx's opinion with respect to ██████████ is unreliable speculation).  In addition, the evidentiary record indisputably contravenes that ███████████████████████████████████  *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64).  Moreover, the purportedly ████████ ████████████████████████████████████████████

---

[72] PX0317 ████████████████████.

███████████████████████████ *See id.*, Ex. 29 (Asker Opening Part 5.3) (████████

████████████████████████████████████████████████████████████████

██████████████████████ Dr. Marx also did not analyze ███████████████████

██████████████ *See* PX0317 (Marx Reply ¶ 109) ███████████████████████

████████████████████████████████████ For the

foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is

required, Defendants dispute[(a, c, d, g)] Plaintiffs' statement.

185. █████████████████████████████████████[273]
████████████████████████████



**DEFENDANTS' RESPONSE:** Plaintiffs rely on the opinions of their

proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in

Defendants' *Daubert* motion. *See* Mot. to Exclude Marx Part VI (Dr. Marx's opinion with respect

---

[273] PX0317 █████████████████████.

to ████████████ is unreliable speculation).  In addition, the evidentiary record indisputably

contravenes ██████████████████████████████████████ *See*

Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64).  Moreover, Dr. Marx's ████████

████████████████████████████████ *See* PX0317 (Marx Reply ¶ 111 n.268)

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ *See* Blakemore Decl.,

Ex. 29 (Asker Opening Part 5.3) ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ PX0317 (Marx Reply ¶ 106).  For the foregoing reasons, the

Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

dispute[a, c, d, g] Plaintiffs' statement.

186.    ████████████████████████████████

████████████████████████████████

████████████ [74]

b.    ████████████████████████████████

████████████ [275]

c.    ████████████████████████████████

---

[274] *See, e.g.*, PX1474 ████████ Dep. 83:16-84:6

████████████████████████████████████████████████

[275] PX1129 (BOFA-LIB1278508 at '511).



**276** ███████████████████████████████████ [277]

d. ███████████████████████████████ [278]

e. ███████████████████████████████ .[279]

**<u>DEFENDANTS' RESPONSE</u>:**  Panel Bank submitters properly ████████

███████████████████████████████████████████████████

████████  *See* Defs.' Stmt. ¶¶ 36-39, 43-44, 50-55, 60-62, 68-75, 81, 85-88, 91-93, 100, 108-121, 127-130, 134-136, 139, 148-149, 152, 158-159, 161-163, 165, 175, 178, 184-185, 187-188. To the extent Plaintiffs intend to state that ███████████████████████████

██████████  the evidentiary record contradicts Plaintiffs' statement.  *See id.* ¶¶ 205, 213, 221-222, 228, 233, 239, 244-245, 250, 259, 266, 268, 274-275.  In addition, the cited documents and testimony do not support Plaintiffs' statement, as they reflect the views of only some employees at some Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  Further, the documents and testimony cited in footnotes 274-278 do not support Plaintiffs' overbroad statement that █████████████████████████████████

████████████████████████  Finally, the passage of the deposition transcript ████████████████████████  in footnote 279, who ███████

---

[276] PX1467 ████████ Dep. 66:22-67:19 (' █████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ .

[277] PX1467 (*Id.* at 219:24-220:2).

[278] PX0491 (RABO_METZLER_0079716 at '716).

[279] PX0731 ████████ Dep. 150:1-18).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *Compare* PX0731 ████████ Dep. Tr. 150:1-18), *with* PX0106 (DOJ-FBI-00000626 at -628). Such documents are inadmissible hearsay. *See, e.g.*, *United States v. Ray*, 2022 WL 558146, at *15 (S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was hearsay and did not qualify as a party admission or an adoptive admission under FRE 801(d)(2)); *see also United States v. Toole*, 2012 WL 464219, at *2 (W.D.N.Y. Feb. 13, 2012) (even if FBI Form 302 was admitted, it "would only have been useful as fodder for impeachment"), *aff'd sub nom. United States v. Williams*, 526 F. App'x 80 (2d Cir. 2013). ████████████████████████████████████

███████████████████████████████████ *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is a form used by the FBI to summarize an interview."), *objections overruled*, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021). ████████

████████████████████████████████████████████████████

████████████████████████████ *See* Rabobank Reply Decl., Ex. 1 (████████ Dep. Tr. 151:3-9; 154:6-13). The record evidence indisputably contravenes Plaintiffs' statement that ████████████

████████████████████████████████████████████████████

████████████████████████ *See, e.g.*, Defs.' Stmt. ¶ 564. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, b, e, g] Plaintiffs' statement.

187. ███████████████████████████████████████████

███████████████████████████████████████████████████
[80]

---

**DEFENDANTS' RESPONSE:**   Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent Plaintiffs intend to state that Defendants ████████████████████████████████████ ████████████████████████████████████████████ *See* Defs.' Stmt. ¶¶ 205, 213, 221-222, 228, 233-234, 239, 244-245, 250, 259, 266, 268, 274-275.   The cited documents and testimony do not support Plaintiffs' statement; they reflect the views of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone of all Panel Banks or their submitters.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(f, g)] Plaintiffs' statement, which Defendants further dispute for the following reasons set forth in response to the subparagraphs of paragraph 187.

**Bank of America:**

a. ██████████████████████████████████████████████████[81]

**DEFENDANTS' RESPONSE:**  ████████████████████████ ████████████████████████████████████████████████ *See* Defs.' Stmt.  ¶¶  31-35;  Blakemore  Decl.,  Ex. ███████████  Dep.  Tr.  25:18-26:15;  31:2-32:22).  Moreover, Plaintiffs selectively quote Mr. Faccini's testimony, in which he ███████████ ████████████████████████████████████████████████ ████████████████████████████████████████ *See* PX1477 █████████ Dep. Tr. 78:16-79:4).  Nothing in the testimony that Plaintiffs cite █████████████████████ ████████████████████████████████████████████████

---

[281] PX1477 ███████ Dep. 78:16-79:4).

███████████████████████████████████ ” To the contrary, Plaintiffs omit ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████ *See id.* ███████████ Dep.

Tr. 79:22-23). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the

extent any response is required, Defendants dispute[(a, c)] Plaintiffs' statement.

      b. ███████████████████████████████████[282]███████████████████
████████████████████████████████████████[283]

**DEFENDANTS' RESPONSE:** The cited testimony does not support

Plaintiffs' statement. ███████████████████████████████████████

███████████████████████████████ *See* Blakemore Decl., Ex. 56 ███████ Dep.

Tr. 70:2-13). Moreover, ████████ related testimony makes clear █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████ ” *See id.*, Ex. ███████ Dep. Tr. 70:14-72:4). ███████

███████████████████████████████████████████████

███████████████████████████████████████ *See id.*, Ex. ███████

███████ Dep. Tr. 70:14-18) █████████████████████████████████

███████████████████████████████████████████████

███████████████████████ . The cited testimony likewise does not support Plaintiffs'

incomprehensible assertion that ███████████████████████████████████████

---

[282] PX0733 ███████ Dep. 70:2-13).

[283] PX0733 ███████ Dep. 267:22-268:9).





███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ *See id.*, Ex. ████

Dep. Tr. 83:19-84:17).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs' statement.

c.  ██████████████████████████[284]

**DEFENDANTS' RESPONSE:**  The cited testimony does not support

Plaintiffs' statement.  Nowhere in the testimony cited by Plaintiffs did ████████████

███████████████████████████████████████

██████████████████ To the contrary, ████████████████████

███████████████████████████████████████

█████████████████ *See* PX1475 ████████ Dep. Tr. 266:3-21).  Moreover,

Plaintiffs' assertion is explicitly contradicted by ████████████████████

███████████████████████████████████████

████████████ *See* Defs.' Stmt. ¶ 203.  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, e, g)] Plaintiffs'

statement.

d.  ███████████████████████[285]███████████[86]███████████[287]

---

[284] PX1475 (████ Dep. 72:9-74:4; 264:7-266:21).

[285] PX1474 (████ Dep. 83:16-91:12).

[286] PX1474 (████ Dep. 161:25-162:9).

[287] PX1474 (████ Dep. 172:11-173:5).



**DEFENDANTS' RESPONSE:**    The cited testimony does not support Plaintiffs' statement that " ████████████████████████████████ ████████████████████ Plaintiffs mischaracterize and overgeneralize ██████ ████████████████████████████████████████████ ██████████████████ *See* PX1474 ██████ Dep. Tr. 172:11-18). ████████████ ████████████████████████████████████████████ ██████████████████████ " *Id.* ██████ Dep. Tr. 172:15-18).  The testimony cited by Plaintiffs in no way relates to ██████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited testimony supports Plaintiffs' assertion that ██████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████ *See id.* (██████ Dep. Tr. 85:1-8).  Defendants further admit that ██████████████████████████████████████ ██████████████████████████████████████████ *See id.* ██████ Dep. Tr. 161:25-162:14).  However, the cited testimony does not contradict ██ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████ *See* Defs.' Stmt. ¶ 204.  Defendants otherwise dispute[a, e, g] Plaintiffs' statement.

**Barclays:**

e.  ███████████████████████████████████████
        [88]

████**DEFENDANTS' RESPONSE:**   The cited testimony does not support Plaintiffs' statement.  At most, it reflects ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████   Further, Plaintiffs' citation to ████████████

testimony abruptly ends at page 123, line 14, which omits the following colloquy that begins at

line 15: ████████████████████████████████████████

██████████████████████████████████████████████████████

████████   PX1461 ████████████  Dep. Tr. 123:15-21) (objections omitted).   For the foregoing

reasons, the Court should disregard Plaintiffs' statement.   To the extent any response is required,

Defendants dispute[(e, g)] Plaintiffs' statement.

f.  ███████████████████████████████████████
        [289]

████**DEFENDANTS' RESPONSE:**   The cited testimony does not support

Plaintiffs' statement.   At most, it reflects ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████   Further, Plaintiffs' statement fails to disclose that ████████████

██████████████████████████████████████████████████████

---

[288] *See, e.g.*, PX1461 ████████  Dep. 122:19-123:14).

[289] PX0741 ██████  Dep. 199:23-200:19; 135:21-136:1).


████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[e, g] Plaintiffs' statement.

**BTMU:**

g. 

**DEFENDANTS' RESPONSE:** Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1. To the extent Plaintiffs ████████████████████████ ████████████████ throughout the Relevant Period, the cited testimony does not support that statement. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that Plaintiffs accurately quote the cited testimony, but otherwise dispute[a, g] Plaintiffs' statement that ████████████████ ████████████

**Citi:**

h. 

i. 

---

[290] PX1485 ██████ Dep. 95:4-9 █████████████████████████████

[291] PX1485 ██████ Dep. 98:7-15).

[292] PX1485 ██████ Dep. 107:2-10; 107:17-24; 123:2-24; 129:14-21; 129:22-130:3).

[293] PX1468 ████ Dep. 178:16-22).

[294] PX1468 ████ Dep. 195:25-196:18; 197:4-15).

[295] PX0743 ██████ Dep. 68:14-69:24; 243:10-16).



[96]

j. ███████████████████████████████████ [97]
███████████████████████████████████
[298]

**DEFENDANTS' RESPONSE:**  The cited testimony does not support Plaintiffs' statements in subparagraphs (h)-(j).  The cited testimony at most reflects that ████

███████████████████████████████████████

███████████████████████████████████████

███████████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that █████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████  Defendants otherwise dispute[(a, e, g)] Plaintiffs' statement.

**Credit Suisse:**

k.  [299]



[01]

---

[296] PX0743 ████████ Dep. 193:4-193:18).

[297] PX0746 (████ Dep. 297:1-8).

[298] PX0746 (████ Dep. 298:19-299:5; 301:11-302:5).

[299] PX0721 ████ Dep. 16:12-25, 102:5-7).

[300] PX0721 ████ Dep. 115:22-116:8); PX0747 ████ Dep. 103:6-16).

[301] PX0721 ████ Dep. 114:25-116:16; *see also id.* at 119:11-21).



**DEFENDANTS' RESPONSE:** The cited testimony does not support Plaintiffs' statement that Credit Suisse, ██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████ *See* Defs.' Stmt. ¶ 216. ██████████████████████

██████████████████████████████████████████████████

██████████████████████████████████ *Id.* ¶¶ 215, 218.

For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, c, g] Plaintiffs' statement.

---

302 PX0721 ██. at 161:25-162:15).

303 PX0721 ██ at 260:16-261:21; 262:17-263:2).  *See also* PX1740 (CSUK_0064219 at '219 (██████████████████████████████ .

304 PX0721 (████ Dep. 50:8-51:4; 97:2-11).

305 PX0721 ██ at 30:25-31:9; 38:1-15; 41:25-44:25; 67:1-9; 68:5-21; 70:24-72:20; 74:3-76:23; 90:1-17).

306 PX0721 ██ at 100:11-101:23).

307 PX0721 ██ at 49:19-25).



**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by ████████ ████  Also, Plaintiffs mischaracterize and misleadingly cite ████████ testimony.  For example, PX0721 does not support Plaintiffs' statement that ████████████ ████████████████████████  The cited testimony shows an ████████████████████████ ████████████████████████ ████████  PX0721 ████  Dep. Tr. 38:1-15).  ████████████ ████████████████  Nor does PX0721 support the statement that ████████████████  ████████████  PX0721 shows ████████ ████████████  *Id.* ████  Dep. Tr. 100:11-102:4).   For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

m.  ████████████████████[08]

**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by ████ ████████████████████ ████████████████████ ████████████████  PX1484 ████  Dep. Tr. 115:20-23; 116:16-25).   For the

---

[308] PX1484 ████ Dep. 115:17-116:7).

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

**Deutsche Bank:**

n. 

**DEFENDANTS'  RESPONSE:** ██████████████████████

██████████████████████████ *See* Defs.' Stmt. ¶ 64. ██

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e] Plaintiffs' statement,

████████████████████████████████████████████

██████████████████████████████████

o. ████████████████████████████████████

---

[309] PX1473 ██████ Dep. 90:16-91:6).

[310] PX1473 (██ at 116:1-7).

[311] PX1473 ██ at 213:12-214:8).

[312] PX1473 ██ at 209:4-25).

[313] PX0723 ██████ Dep. 73:9-20).

**<u>DEFENDANTS' RESPONSE</u>:** ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████ *See* PX0026-A ███████ Dep., Ex. 9A, at 16).

**HSBC:**

p. ████████████████████████████████████████ [314]
████████████ [315] ████████████████████ [316] [317] ████████████████████████
[318] ████████████████████

q. ████████████████████████████████ [319]
████████████████████████████████████ [320]

**<u>DEFENDANTS' RESPONSE</u>:** The ███████ does not support Plaintiffs' statements in subparagraphs (p)-(q). ██████████████████████ ███████████████████████████ *See* Defs.' Stmt. ¶¶ 233-234. Nothing in the cited testimony even remotely suggests that ███████ ███████████████████████████████████████ ███████████████████████████████████████

---

[314] PX1467 (█████ Dep. 178:24-179:3).

[315] PX1467 (*Id.* at 222:23-223:1; 223:17-224-14).

[316] PX1467 (*Id.* at 224:12-14).

[317] PX1467 (*Id.* at 248:5-249:25).

[318] *See, e.g.*, PX1467 (*id.* at 170:9-173:22; 196:11-198:7; 208:20-210:8; 215:14-216:14).

[319] PX1470 (█████ Dep. 94:17-25).

[320] PX1470 (█████ Dep. 95:1-12).



HSBC Reply Decl., Ex. 1 ███ Dep. Tr. 223:19-224:5).  To the extent Plaintiffs imply that ███

*Id.*, Ex. 1 ███ Dep. Tr. 198:5-7); PX1467 (███ Dep. Tr. 173:20-22; 214:22-215:3) ███

███.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

**JPMorgan:**

r.

**DEFENDANTS' RESPONSE**:  The cited testimony does not support the statement that ███ and that ███ " ███ testified that ███

[321] PX1464 ███ Dep. 140:19-141:14).
[322] PX1464 ███ Dep. 131:1-132:24; 199:5-11).
[323] PX1464 ███ Dep. 171:16-173:19).

199

████████████████████████████████████████

██████████████████████ PX1464 ███████ Dep. Tr. 132:7-16) ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████ (objections omitted). ████████

████████████████████████████████████████

██████████████████████████████████ *See id.* ███████ Dep Tr.

103:3:17).  Further, ████████ testified that she ████████████████████

██████████████████████ JPMorgan Decl., Ex. ███████ Dep. Tr. 47:16-17).

Rather, as she testified, ████████████████████████████████

██████████████████████████████ *See* Defs.' Stmt. ¶ 543.  For

the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response

is required, Defendants admit that ██████████████████████ and otherwise

dispute[(a, e, g)] Plaintiffs' statement.



s.

     **DEFENDANTS' RESPONSE**:    The evidence does not support Plaintiffs'

statement that ████████████████████████████████  On

---

[324] PX0726 ███████ Dep. 290:24-291:12).

[325] PX0726 ███████ Dep. 328:9-21).

[326] PX0726 ███████ Dep. 198:14-199:9).

the contrary, █████████████████████████████████████████████████████

███████████████ *See* JPMorgan Decl., Ex. ██████████ Dep. Tr. 102:21-104:7) ████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████. For the

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants admit that ████████████████████████████████████████

████████████████████████████████████████████ Defendants

otherwise dispute[(a, e, g)] Plaintiffs' statement and, in particular, dispute that any inference can be

drawn from the statement that (i) Defendants persistently suppressed their USD LIBOR

submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress

their USD LIBOR submissions throughout the Relevant Period.

**Lloyds:**

t.



u.



      **DEFENDANTS' RESPONSE:**  Admit that the cited sources in footnotes 327-

330 contain the quoted language in subparagraphs (t)-(u).  Defendants dispute[(a, e)] that any

---

[327] PX1466 ██████ Dep. 85:5-9).
[328] PX1466 ██████ Dep. 180:15-18).
[329] PX1483 ██████ Dep. 100:21-101:1).
[330] PX1483 ██████ Dep. 75:3-19).

inference can be drawn from the statements that (i) Defendants persistently suppressed their USD

LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently

suppress their USD LIBOR submissions throughout the Relevant Period.  To the contrary, ███

████████████████████████████████████████████████████

████████████████████████████ *See* Lloyds Bank Decl., Ex. ████████ Dep.

Tr. 213:8-215:4); *id.*, Ex. ███████ Dep. Tr. 218:4-221:1).

**Norinchukin:**

v.



**<u>DEFENDANTS' RESPONSE</u>**:  The cited Norinchukin testimony does not

support Plaintiffs' statement that ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Plaintiffs have not

submitted evidence that ████████████████████████████████

████████████████████████████████ Plaintiffs' statement

mischaracterizes the cited testimony: ██████████████████████

████████████████████████████████████████████████████

---

[331] PX0737 ████████ Dep. 55:4-20).

[332] PX0737 ████████ Dep. 186:2-17).

[333] PX0737 ████████ Dep. 73:14-75:12).

[334] PX0737 ████████ Dep. 183:15-185:6, 205:11-206:21).

███████" PX0737 (███████ Dep. Tr. 186:2-17).  Plaintiffs cite no evidence of ███████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████ *See, e.g.*, Norinchukin Reply Decl., Ex. ███████

Dep. Tr. 245:12-272:15).   For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

w.  ████████████████████████████████[35]
    ███████████████[336]

**DEFENDANTS' RESPONSE:**   The cited testimony does not support

Plaintiffs' statement.  The record reflects only that ████████████████████████

██████████████████████████████ *see* Defs.' Stmt. ¶ 130, but Plaintiffs

do not cite evidence that ████████████████████████████████

██████████████████████████████████████████████

███████████████████████ *See supra* Response to ¶ 187(v).  For the

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants admit that Plaintiffs accurately quote the cited testimony, but otherwise

dispute[a, g] that ████████████████████████████████████████

███████████ and dispute that any reasonable inference can be drawn from the cited material that



---

[335] PX0727 ████ Dep. 55:11-18; 78:25-79:6; 190:21-191:9; 197:9-24).
[336] PX0727 ████ Dep. 76:5-11).

(i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

**Portigon (WestLB):**



x. ████████████████████████████████████████████ [337]

**DEFENDANTS' RESPONSE:**    The cited testimony does not support the statement that ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ PX0736 ████████ Dep. Tr. 113:10-13). ████████████

████████████████████████████████████████████████

████████████████████████████████████ Portigon Reply Decl., Ex. 3 ████████ Dep. Tr. 113:18-114:3).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[e, g] Plaintiffs' statement.

y. ████████████████████████████████████████████ [338]

**DEFENDANTS' RESPONSE:**    The cited testimony does not support the statement that ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ PX0742 ████████ Dep.  Tr.  114:24-115:2;  117:3-13).

---

[337] PX0736 ████████ Dep. 113:10-13).
[338] PX0742 ████████ Dep. 102:7-12; 114:24-115:2; 117:3-117:13).



███████████████████████████████████████████████

██████████████████████████████ *Id.* ████████ Dep. Tr. 102:13-17). ██████████████

███████████████████████████████████████████████

████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[(e, g)] Plaintiffs' statement.

      z.   ████████████████████████████████████[339]

    **DEFENDANTS' RESPONSE**:  The cited testimony does not support the

statement that ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

PX1482 ██████████ Dep. Tr. 273:11-274:3); *see also* Portigon Reply Decl., Ex. 2 ████████

Dep. Tr. 206:25-208:21).   For the foregoing reason, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[(e, g)] Plaintiffs' statement.

**Rabobank:**

      aa.  ███████████████████████████████████████[340]

    **DEFENDANTS' RESPONSE**:  The cited testimony does not support the

statement ██████████████████████████████████████████████

      To the contrary, the cited testimony ████████████████████████████

---

[339] PX1482 ██████ Dep. 207:24-208:13; 273:11-274:3).

[340] ████████ Dep. 156:2-23; 160:15-161:25).

*See*

PX1465 ███████ Dep. Tr. 156:15-23) ███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████; *id.* ███████ Dep. Tr. 160:21-161:11) ██████████

█████████████████████████████████████").  In addition, the cited documents

and testimony concern only a small fraction of the more than 700 submission days during the

Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs'

statement.  Furthermore, no reasonable inference can be drawn from the cited material that (i)

Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant

Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions

throughout the Relevant Period.   Indeed, a review of the communications and Rabobank's

submissions reflects that ███████████████████████████████████████

████████████████████████  *See* PX0507 (RABO_METZLER_0130298) (██████████

███████████████████████████  PX0301 (LIBOTCPL0202754

at -754) (1M USD LIBOR table showing Rabobank's Aug. 10, 2007 1M USD LIBOR submission

was 5.580); PX0504 (RABO_METZLER_0129871) ███████████████████████████

██████████████); PX0302 (LIBOTCPL0202769 at -774) (3M USD LIBOR table showing

Rabobank's Sept. 30, 2008 3M USD LIBOR submission was 3.950).

bb.   

---

[341] *See, e.g.*, PX1471 ███████ Dep. 69:7-11).

[342] PX1471 ████████ 118:21-119:2).



343
344
345

**DEFENDANTS' RESPONSE:**     Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  In addition, the cited testimony does not support Plaintiffs' statement.  First, the testimony cited in footnote 341 does not support the statement that Rabobank would ████████████████████████ ████████████████████████████████████████████████████████████ ███████████  That testimony reflects only that ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████  PX1471 ████████  Dep. Tr. 69:8-20).  Second, the testimony cited in footnote 342 does not support the statement ███████████████████████████  That testimony reflects only that ████████████████████████████████████████████████████████████ ███████████████████████████████  *Id.* ████████  Dep. Tr. 118:21-25).  Third, the testimony cited in footnote 343 does not support the statement that ██████████████████ ████████████████████████████████████████████████████████████ █████████████████████  When asked whether it was ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

---

343 PX1471 ████ Dep. 113:11-22).
344 PX1471 ████ Dep. 121:20-25; 142:3-21).
345 PX1471 ████ Dep. 114:11-22).

████████████████████████████████████ *Id.* ██████████ Dep. Tr. 113:11-22).  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants admit that the testimony cited in footnote 344 supports the statement that

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████ Defendants otherwise

dispute[(a, e, g)] Plaintiffs' statement.

cc. █████████████████████████████████████
    ████████████████████████████████[346]

**DEFENDANTS' RESPONSE**:  This statement is duplicative of Plaintiffs'

statement in subparagraph 186(e).  The cited passage of the deposition transcript of former

Rabobank employee ███████████████████████████████████████ in

subparagraph (cc) and ████████████████████████████████████

██████████████████████████████████████████████████████████

*Compare* PX0731 ████████ Dep. Tr. 150:1-18), *with* PX0106 (DOJ-FBI-00000626 at -628).

Such documents are inadmissible hearsay.  *See, e.g.*, *United States v. Ray*, 2022 WL 558146, at

*15 (S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was hearsay and did not qualify as a party admission

or an adoptive admission under FRE 801(d)(2)); *see also United States v. Toole*, 2012 WL 464219,

at *2 (W.D.N.Y. Feb. 13, 2012) (even if FBI Form 302 was admitted, it "would only have been

useful as fodder for impeachment"), *aff'd sub nom. United States v. Williams*, 526 F. App'x 80 (2d

Cir. 2013). ████████████████████████████████████████

████████████████████████████████ *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337

---

[346] PX0731 ████████ Dep. 150:1-18).

F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is a form used by the FBI to summarize an interview."), *objections overruled*, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021). ███████████

████████████████████████████████████████████████████████████

███████████ *See* Rabobank Reply Decl., Ex. 1 ███████ Dep. Tr. 151:3-9; 154:6-13). The record evidence indisputably contravenes Plaintiffs' statement that ███████████

████████████████████████████████████████████████████████████

███████████ *See, e.g.*, Defs.' Stmt. ¶ 564. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants' dispute[a, b, e] Plaintiffs' statement.

### Royal Bank of Scotland:

dd. ████████████████████████████████████████████████
████████████████████[347]████████████████[48]████████████████████
████████████████████████████████████████[349]
███████████████████████[350]

**DEFENDANTS' RESPONSE**: The cited material does not support Plaintiffs' statement. At most, the cited testimony reflects █████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ *See* PX0745 ███████ Dep. Tr. 115:5-11). None of the cited material contains a statement, admission, or otherwise supports an inference that, according to NatWest employees, █████████████████████████████████

████████████████████████████████████████████████████████████

---

[347] PX0745 ███████ Dep. 115:2-11).

[348] PX0745 ███████ Dep. 115:12-18).

[349] PX0745 ███████ Dep. 115:19-116:3; 160:8-15; 162:17-163:2).

[350] PX0745 ███████ Dep. 171:23-172:8).

███████████████████████████████████████████ Plaintiffs do not

controvert that ████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ *see* NatWest Decl., Ex. B ████████ Dep.

Tr. 17:7-18) ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any further response is required, Defendants admit that Plaintiffs'

statement accurately quotes the cited documents and testimony, but otherwise dispute[a, d, e, g] that

any inference can be drawn from the cited evidence that Defendants were suppressing or colluding

to suppress USD LIBOR submission, ████████████████████████████████

**UBS:**

    ee. ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████[51]

    **DEFENDANTS' RESPONSE:**  Plaintiffs cite PX0331 which is an email from

a broker to more than 90 individuals from various institutions, none of which is ████████

██████████████████████████████████████████████ *See* Defs.'

Stmt.  ¶ 173.  The statement in subparagraph (ee) therefore does not support Plaintiffs' statement

in paragraph 187 that ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████ For the foregoing

---

[351] PX0331 (MDL_OTC_UBS_0055622 at '642).

reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited source in footnote 351 contains the quoted language in subparagraph (ee).  Defendants otherwise dispute[a, d, e, g] Plaintiffs' statement.

ff.  On September 24, 2008, La Sala contacted Doherty to ask, at the BBA's request,



**DEFENDANTS' RESPONSE:**  The cited document does nothing to support Plaintiffs' statement in paragraph 187 that



PX0328 reflects one UBS employee,

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited source in footnote 352 contains the quoted language in subparagraph (ff).  Defendants otherwise dispute[a, d, e] Plaintiffs' statement.

gg.

---

352 PX0328 (MDL_OTC_UBS_0050840 at '840).

353 PX0321 (MDL_OTC_UBS_0032711 at '714); PX0330 (MDL_OTC_UBS_0032712).

**DEFENDANTS' RESPONSE**: The cited document is an internal UBS communication reflecting ████████████████████████████████████████ ████████ Nothing in the cited communication supports Plaintiffs' statement in paragraph 187 that

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Defendants' Joint Memorandum of Law in Support of Their Motion for Summary Judgment on "Upstream Issues" ("Defs.' Joint Mot. for Summary Judgment") [ECF No. 4166] at 62 (citing Defs.' Stmt. ¶¶ 39, 71, 87, 91-93, 136, 191-197, 233, 239, 257). For the foregoing reason, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the cited source in footnote 353 contains the quoted language in subparagraph (gg). Defendants otherwise dispute[a, d, e] Plaintiffs' statement.

## VII. DEFENDANTS COMMUNICATED DIRECTLY TO COORDINATE THEIR SUPPRESSED LIBOR SUBMISSIONS

188. ██████████████████████████████████████████████████████████████████████[354]

**DEFENDANTS' RESPONSE**: The cited testimony does not support Plaintiffs' statement in footnote 354 that ████████████████████████████████████

---

[354] PX1467 ████████ Dep. 23:18-24:13).
████████ *Id.*; PX0743 ████████ Dep. 102:4-103:13).

212

████████████████    Plaintiffs' selective quote removes the context in an attempt to imply

collusion, but the witness's testimony indicates ███████████████████████████

████████████████████████████████████████████████████████████

PX0708-1 ████████████ Dep., Ex. 1 ¶ 137) ██████████████████████████

███████████████████████████████████████████. In any event,

Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the

subject of a genuine dispute. For the foregoing reasons, the Court should disregard Plaintiffs'

statement. To the extent any response is required, Defendants admit that, ███████████████

████████████████████████████████ Defendants otherwise dispute[d, e,

g] Plaintiffs' statement.

189. ██████████████████████████████

████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:** It is unclear what Plaintiffs mean by

"████████ Subparagraphs (a)-(l) concern twelve days among the more than 700 submission

days during the Relevant Period, *see* Defs.' Stmt. ¶ 13(c), and do not support the statement that

during the Relevant Period, Defendants had ████████████████████████████

████████████████████████████████████████████████████

████████████████████████ For the foregoing reasons, the Court should disregard

Plaintiffs' vague statement. To the extent any response is required, Defendants dispute[a, g]

Plaintiffs' statement, which Defendants further dispute for the following reasons set forth in

response to the subparagraphs of paragraph 189.

a. ████████████████████████████████████████



[355]

[356]

**DEFENDANTS' RESPONSE**:  Plaintiffs inaccurately quote the document cited in footnote 356; PX0302 indicates that on August 30, 2007, Barclays submitted 5.70 for 3M USD LIBOR, not 5.57.  PX0302 (LIBOTCPL0202769 at -769) (3M USD LIBOR table).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the document cited in footnote 355 and otherwise dispute[a, c] that any reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 189 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 189(a), the text ▮▮▮▮▮▮ is replaced with ▮▮▮▮▮".  In Paragraph 189(a), the text "▮▮▮▮▮▮▮▮▮" is replaced with ▮▮▮▮▮▮.

b.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
[357] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [358]
[359]

**DEFENDANTS' RESPONSE**:  The cited material does not support the statement in subparagraph (b). ▮▮▮▮▮▮▮▮▮▮

---

[355] PX1491 (LBG-USD-000000888 at 1); PX1587 (Citi-USD01603568 at '568).

[356] PX0302 ▮▮▮▮▮▮▮▮.

[357] PX1429 (DB-USDMDL 00317920 at '920).

[358] PX1429 (DB-USDMDL 00317920 at '920).

[359] PX0301 ▮▮▮▮▮▮; PX0302 ▮▮▮▮▮▮ table).

████████████████████████████████████████  *See* 56.1 Resps. ¶¶ 64, 154-155.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████    Accordingly, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in footnotes 357-359 with the caveat that ███████████████ ████████████████████████████  PX1429 (DB-USDMDL 00317920), not ██████████ ██████████████████████  Defendants otherwise dispute[a, b, e, g] Plaintiffs' statement.

c.    ████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████ [60] ██████████████
██████████████████████████████████████████████████
████████ [61] ████████████████████████████████████. [362]

**DEFENDANTS' RESPONSE:**  The cited material does not support the statement in subparagraph (c).  ████████████████████████████ ████████████████████████████████████████████, *see* Defs.' Stmt.

---

[360] PX7 (Portigon0275487 at '487).

[361] PX7 (Portigon0275487 at '487).

[362] PX0302 ██████████████ table).

¶ 106, and any purported ████████████████████████████████████████
███████████████████████████████ No reasonable inference can be drawn from the cited material that (i) ████████████████████████████████████████"; (ii) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (iii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in footnotes 360-362 with the caveat that ████████████████████████ ████████████████, but otherwise dispute[a, g] Plaintiffs' statement.

d.      ████████████████████████████████████████████████████████
████████████ 63 ████████████████████████████████ 364 ████
██████████████████████████ 365 ██████████████████████████████

**DEFENDANTS' RESPONSE**:  The cited material does not support the statement in subparagraph (d).  ████████████████████████████████████ ████████████████████████████████████████, *see* Defs.' Stmt. ¶ 106, ██████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████.  For the foregoing reasons, no reasonable inference can be drawn from the cited material that (i) t████████████████ ████████████████████████ (ii) Defendants persistently suppressed their USD LIBOR

---

[363] PX0440 (Portigon0273285 at '285).

[364] PX1629 (RBS_MDL_001357898 at '898).

[365] PX0301 ████████████████████); PX0302 ████████████████████████████

submissions throughout the Relevant Period; or (iii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  Moreover, Plaintiffs do not explain how a ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████ *see* Blakemore Decl., Ex. 20 (Asker FFFP Reb., App. B); *id.*, Ex. 41 (Asker OTC Reb., App. D), is even relevant, let alone consistent with an alleged conspiracy to persistently suppress.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in footnotes 363-365 with the caveat that ███████████████████████████████

███████████ but otherwise dispute[a, g] Plaintiffs' statement.

e.  ████████████████████████████████████████████
████████████████████████████████████████████[367]

**DEFENDANTS' RESPONSE:**  The cited material does not support the statement in subparagraph (e).  The cited estimate of where ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████ Barclays' own 1M USD LIBOR submission that day was 3.13%.  *See* PX0301 (LIBOTCPL0202754 at -756) (1M USD LIBOR table).  Further, ████████████████

████████████████████████ *see* Defs.' Stmt. ¶ 42, and Plaintiffs neither explain what his ████████████████████████████████████████████ Plaintiffs also put forward no evidence

---

[366] PX1300 (CSUK_0083177 at '177).

[367] PX0301 ████████████████; PX0302 ██████████████████.

suggesting in any way that ███████████████████████████████████████

███████████████████████████████████████████████ Moreover,

Plaintiffs ████████████████████████████████████████████

████████████████████████████████████████ *see*

Blakemore Decl., Ex. 41 (Asker OTC Reb., App. D), is even relevant, let alone consistent with an

alleged conspiracy to suppress. █████████████████████████████████

████████████████████████████████████████████

████████████████████████ For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants admit that the statement

in subparagraph (e) accurately quotes sections of PX1300, but otherwise dispute[a, d, e, g] Plaintiffs'

statement.

       f.



      **DEFENDANTS' RESPONSE**:   The cited material does not support the

statement in subparagraph (f). ███████████████████████████████

████████████████████████████████████████████ *See* Defs.' Stmt.

¶ 106.  Also, none of the ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ Moreover, Plaintiffs do not explain ████

████████████████████████████████████████████████

---

[368] PX0441 (Portigon0274380 at '380).

[369] PX1630 (RBS_MDL_001361499 at '499).

[370] PX0301 ██████████████████; PX0302 ████████████████.

█████████████████████████████████████████████████████, *see* Blakemore Decl., Ex. 41

(Asker OTC Reb., App. D), is even relevant, let alone consistent with an alleged conspiracy to

suppress.  No reasonable inference can be drawn from the cited material that (i) ███████████

████████████████████████████; (ii) Defendants persistently suppressed their USD

LIBOR submissions throughout the Relevant Period; or (iii) Defendants conspired to persistently

suppress their USD LIBOR submissions throughout the Relevant Period.  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants admit that Plaintiffs accurately quote the documents cited in footnotes 368-370, but

otherwise dispute[(a, g)] Plaintiffs' statement.

g.  ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████[71]

**DEFENDANTS' RESPONSE:**    Plaintiffs mischaracterize PX0048 and

PX0048-A by omitting relevant portions of the cited material.  In the cited telephone call, █████

███████████████████████████████████████████████████

██████████████    *See* PX0048-A ███████████████, Ex. 17A, at 2).  He also says everybody is

"popping their LIBORS up *because of the market movements.*"  *Id.* ███████ Dep., Ex. 17A,

at 2) (emphasis added).  ████████████████████████████████████████

███████████████████████    *See id.* (███████ Dep., Ex. 17A, at 2).  Further, PX0048

and  PX0048-A  do  not  support  Plaintiffs'  statement  that  ██████████████████████

████████████████████████████  because this is only one communication on one day out

[371] PX0048 & PX0048-A (HSBC-USDLIBORLIT-0010413 ███████████ at 2); PX0251 & PX0251-A (LBG-
USD-000010661 ████████████ at 2:13-3:7.

of the more than 700 submission days. *See* Defs.' Stmt. ¶ 13(c). Further, ███████████

████████████████████████████████████████████████████

███████████████████████████ *See id.* ¶¶ 83, 94. For the foregoing

reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required,

Defendants dispute[(a, e, g)] Plaintiffs' statement.

h. 

**DEFENDANTS' RESPONSE:** ████████████████████████████

████████████ Defs.' Stmt. ¶ 83. Accordingly, no reasonable inference can be drawn from

the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions

throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD

LIBOR submissions throughout the Relevant Period. For the foregoing reason, the Court should

disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that

Plaintiffs accurately quote the documents cited in footnotes 372-373, but otherwise dispute[(a, e, g)]

Plaintiffs' statement.

i. 

**DEFENDANTS' RESPONSE:** The cited material does not support the

statement in subparagraph (i). Plaintiffs inaccurately assert that ████████████████ on

August 9, 2008 because no Panel Bank made any submissions on August 9, 2008, which was a

---

[372] PX0252 & PX0252-A (LBG-USD-000010663 ████████████ at 3); PX1486 ████ Dep. 185:13-186:14
████████████).

[373] PX0301 ████████████; PX0302 ████████████); PX1486 ████ Dep. 195:23-196:13; 199:4-
14).

[374] PX1588 (Citi-USD02271280 at '280).

[375] PX0302 ████████████.

Saturday.  *See* PX0302 (LIBOTCPL0202769 at -774) (3M USD LIBOR table).  NatWest's 3M submissions on both August 8 and August 11, 2008—the submission dates before and after Saturday, August 9, 2008—were 2.810.  *See id.* (LIBOTCPL0202769 at -774) (3M USD LIBOR table).  Further, ███████████████████████████████████████████████████████ ███████████████████████████████████  *See* Defs.' Stmt. ¶ 106.  Accordingly, no reasonable inference can be drawn from the cited material that (i) ███████████████████ ████████████████████  (ii) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (iii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the documents cited in footnotes 368-370, but otherwise dispute[a, g] Plaintiffs' statement.

j.   ██████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  The cited material does not support the statement in subparagraph (j). ███████████████████████████████████  *See* Defs.' Stmt. ¶ 106.  Accordingly, no reasonable inference can be drawn from the cited material that (i) ██ ███████████████████████████████  (ii) Defendants persistently suppressed their

---

[376] PX1246 (Citi-USD02325825 at '825).

[377] PX0301 ██████████████; PX0302 ██████████████████; PX0718 ██████ Dep. 262:7-16 ███████████.

USD LIBOR submissions throughout the Relevant Period; or (iii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs accurately quote the cited documents, but otherwise dispute[(a, g)] Plaintiffs' statement.

k.    █████████████████████████████████████████████████
      █████████████████████████████[378]██████████████████

**DEFENDANTS' RESPONSE:**  PX1110, PX1111, and PX1112 do not support the statement in subparagraph (k).  The cited estimates of ████████████████████████ that day do not contain any specific information "about" Barclays' (or any other Panel Bank's) "planned LIBOR submissions before the 11:00 a.m. submission deadline."  In fact, of the seven different USD LIBOR estimates that Stephen Cartlidge provided across these three communications, *not once* did his estimate of the fixing match *either* that day's actual fixing *or* Barclays' own submission that day:

---

[378] PX1110 (BOFA-LIB0747885 at '885-86).  *See also* PX1111 (BOFA-LIB0747946 at '947 ████████████████████████████████████████; PX1112 (BOFA-LIB0748175 at '175-76 ████████████████████████████; PX0443 (Portigon0275850 at '850 ████████████████; PX1633 (PORTIGON0281775 at '775 ████████████████; PX1634 (PORTIGON0281872 at '872 ████████████████████████; PX1635 (PORTIGON0282059 at '059 ████████████████████████████████████████

1M USD LIBOR:

| | | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1110 (10/16/2008) | ███████ | 4.7% | 4.2775% |
| PX1111 (10/20/2008) | █████ | 4% | 3.75125% |
| PX1112 (12/9/2008) | ███ | 1.8% | 1.635% |

3M USD LIBOR:

| | | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1110 (10/16/2008) | ███████ | 4.8% | 4.5025% |
| PX1111 (10/20/2008) | ███ | 4.25% | 4.05875% |
| PX1112 (12/9/2008) | ███ | 2.2% | 2.16375% |

6M USD LIBOR:

| | | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1112 (12/9/2008) | █████ | 2.57% | 2.525% |

*See* PX0301 (LIBOTCPL0202754 at -760) (1M USD LIBOR table); PX0302 (LIBOTCPL0202769 at -775) (3M USD LIBOR table); PX1528 ██████ Dep., Ex., 78, at 9) (6M USD LIBOR table).

████████████████████████████████████████████ *see* Defs.'

Stmt. ¶ 42, █████████████████████████████████████████████

███████████████ Plaintiffs also put forward no evidence suggesting in any way ███

██████████████████████████████████████████████

███████████████████████████████ Moreover, ████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

In addition, PX0443, PX1633, PX1634, and PX1635 do not support the statement in subparagraph (k). The cited estimates ████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

1M USD LIBOR:

| | ████████████ | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1635 (12/11/2007) | ██████████ | 5.3% | 5.20375% |
| PX0443 (1/14/2009) | ████████ | 0.35% | 0.32875% |

2M USD LIBOR:

| | ████████████ | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1633 (11/21/2007) | ██████████ | 5.03% | 5.0175% |
| PX1634 (11/27/2007) | ████████ | 5.09% | 5.0675% |

3M USD LIBOR:

| | | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX1633 (11/21/2007) | ██████ | 5.03% | 5.015% |
| PX1634 (11/27/2007) | ████ | 5.08% | 5.06188% |
| PX1635 (12/11/2007) | ████ | 5.19% | 5.11125% |
| PX0443 (1/14/2009) | ████ | 1.1% | 1.0825% |

6M USD LIBOR:

| | | Barclays' Submission | Actual Fixing |
|---|---|---|---|
| PX0443 (1/14/2009) | ██████ | 1.47% | 1.47125% |

*See* PX0301 (LIBOTCPL0202754 at -755, -761) (1M USD LIBOR table); Supplemental Declaration of Stephen H. O. Clarke in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Barclays Reply Decl."), Ex. 1 (2M Barclays' Submission & USD LIBOR Fixing (Nov. 21 and 27, 2007)); PX0302 (LIBOTCPL0202769 at -770, -776) (3M USD LIBOR table); PX1528 (██████ Dep., Ex., 78, at 9) (6M USD LIBOR table).

　　　Again, Plaintiffs do not explain what ████████████████████████████ ████████████████████ Plaintiffs also put forward no evidence suggesting in any way that ████████████████████████████████████████████████████ ████████████████████████████ And once more, ██████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ *See* Barclays Reply Decl., Ex. 2

(BAR-OTC-001141186); *id.*, Ex. 3 (BAR-DAP-000119642); *id.*, Ex. 4 (BAR-DAP-000029174). For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the statement in subparagraph (k) accurately quotes sections of the cited documents, but otherwise dispute[a, d, e, g] Plaintiffs' statement.

l. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮[379]▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[380]▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[381]

**DEFENDANTS' RESPONSE:**  PX1338 does not support Plaintiffs' statement in subparagraph (l) that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because PX1338 was not introduced by Plaintiffs.  *See* Carmody Decl. ¶ 1422 ("Exhibit 1338 has intentionally been omitted.").  Additionally, the ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ referenced in footnote 381 (citing PX1625, PX1626, and PX1627) ▮▮▮▮▮

---

[379] PX1506 (RBS_MDL_001042391 at '391).

[380] *Id.*

[381]  PX0301 (▮▮▮▮▮▮▮▮▮▮▮▮; PX0302 ▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See also* PX1621 (RABO_METZLER_0146932 at '939); PX1176 (Citi-USD01011663 at '664-65)▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PX1619 (RABO_METZLER_0136790
▮▮▮▮▮▮ PX1492 (RABO_METZLER_0033121 at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮; PX1335 (DB-MDLFDI 00040569); PX1338 (DB-USDMDL 00336096
▮▮▮▮▮; PX0244 (LBG-USD-000010642 at 1▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮; PX1625 (RBS_MDL_001054893 at '89
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; PX1622
(RBCOTC0173704 at '704▮▮▮▮▮▮▮▮
▮▮▮▮▮; PX1626 (RBS_MDL_001058142 at '144 (January 28, 2008
▮▮▮▮▮); PX1627 (RBS_MDL_001061114 at '116 (March 10, 2009)
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

███████████████████████████████████████████ Further,

Plaintiffs describe PX1622 as ██████████████████████████████

████████████████████████████████████ For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants dispute[(a, b, e, g)] Plaintiffs' statement.

190. ████████████████████████████████████
████████████████████████

a. 

███████████████████████████████████████████████
███████████████████████████████████████████

<hr />

[382] PX0736 ████████ Dep. 232:14-233:9). *See also* PX1490 (Portigon0274857 at '857 ██████████████████████████████

[383] PX0736 ████████ Dep. 230:10–231:10).

[384] PX1465 ████████ Dep. 164:6–167:12).

[385] PX0538 (RABO_METZLER_0208897 at '898); PX0731 ████████ Dep. 160:18-22, 161:7-13 ██████. *See also* PX0508 (RABO_METZLER_0130300 at '300 ██████████████████████
PX0510 (RABO_METZLER_0130320 at '320 ██████████████████ PX0511 (RABO_METZLER_0130375 at '375 ████████████████████████████████ ; PX1465 (Allen Dep. 164:6-10, 165:19-24, 166:25-167:6, 170:12-171:11, 180:16-181:16 ████████████████████████

[386] PX1631 (RABO_METZLER_0208900 at '902); PX0731 ████████ Dep. 162:3-8 █████████████████████
████████

**DEFENDANTS' RESPONSE:**    It is unclear what Plaintiffs mean by ████████████████ and the documents and testimony cited in support of subparagraphs (a) and (b) do not support Plaintiffs' statement.

As to subparagraph (a), ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████ PX0736 ████████ Dep. Tr. 232:21-233:9). ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████ *See* PX0440 (PORTIGON0273285); PX0441 (PORTIGON0274380); PX0442 (PORTIGON0275487); PX1490 (PORTIGON0274857). ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████

As to subparagraph (b), Plaintiffs mischaracterize the testimony of ████████████ cited in footnote 384.  As a threshold matter, ███████████████████████

████████████████████████████████████████████████████████

██████████████████████████ *See* 56.1 Resps. ¶¶ 154-155, 160. ███████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

PX1465 ███████ Dep. Tr. 167:4-6).  Subsequently, ███████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████ *Id.* ███████

Dep. Tr. 167:7-12). ███████ testified further that he could not "████████████████

██████████████████████████████████████████████████

██████████████████████████████████ *Id.* (█

███ Dep. Tr. 167:17-21).

Further, ████████████████████████████████

████████████████████████████████████████. Such

documents are inadmissible hearsay.  *See, e.g.*, *United States v. Ray*, 2022 WL 558146, at \*15

(S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was hearsay and did not qualify as a party admission or

an adoptive admission under FRE 801(d)(2)); *see also United States v. Toole*, 2012 WL 464219,

at \*2 (W.D.N.Y. Feb. 13, 2012) (even if FBI Form 302 was admitted, it "would only have been

useful as fodder for impeachment"), *aff'd sub nom. United States v. Williams*, 526 F. App'x 80 (2d

Cir. 2013). ████████████████████████████████

████████████████████ *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337

F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is a form used by the FBI to summarize an

interview."), *objections overruled*, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021). █████████████

██████████████████████████████████████████████████

████████████████ *see* Rabobank Reply Decl., Ex. 1 ██████ Dep. Tr. 159:5-172:13), ███

███████████████████████████████████████████████████████████

████, *see* PX0731 ████████ Dep. Tr. 160:18-161:18).  Further, there is no credible basis to

characterize statements of a former employee as admissions by Rabobank.  *See Virag v. Goodwill*

*Indus. of W. Conn., Inc.*, 2015 WL 540607, at *1 n.2 (D. Conn. Feb. 10, 2015) (witness's statement

not admissible as admission of party opponent where witness was "no longer employed" by

defendant at the time when the statement was made), *aff'd sub nom. Virag v. Goodwill of W. & N.*

*Conn., Inc.*, 632 F. App'x 54 (2d Cir. 2016).  ███████████████████████████

███████████████████████████████████████████████  *See*

Defs.' Stmt. ¶ 166; PX0538 (RABO_METZLER_0208897) (dated ██████████); PX0537

(RABO_METZLER_0206206) (dated July 31, 2014).  Finally, the record evidence indisputably

contravenes Plaintiffs' statement.  ██████████████████████████████████

███████████████████████████████████████████  *see* 56.1 Resps. ¶¶ 154-

155, 166, and he testified that ████████████████████████████████████████

████  *See* Defs.' Stmt. ¶ 166 (citing Rabobank Decl., Ex. ████████ Dep. Tr. 24:9-13)).

      The remaining documents cited in support of paragraph 190 do not support the

statements therein.  Moreover, the cited documents and testimony reflect the views of certain

employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or

their submitters.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To

the extent any response is required, Defendants dispute[a, b, e, g] Plaintiffs' statement.

    191.  ████████████████████████████████████████

███████████████████████████████████████████████████

    a.  ███████████████████████████████████████████
                     [387]

---

[387] PX1496 (DB-USDMDL 00830059 at '059).



**DEFENDANTS' RESPONSE:**  It is unclear what Plaintiffs mean by

"█████████████████████████████████████ and the documents and testimony

---

388 *Id.*

389 PX0302 ████████████████████.

390 PX1332 (DB-MDLFDI 00038358 at '358).

391 *Id.*

392 *Id.*

393 PX1603 (JPM_MDL1_USD_00027860 at '889).

394 *Id.* at '890.

395 PX1109 (BOFA-LIB0738300 at '302).

396  PX1477 ██████████ Dep. 133:12-134:9).  *See also* PX1616 (RABO_METZLER_0029223 ███████████████████████████████████████████; PX0530 (RABO_METZLER_0143663 at '663 ██████████████████████████████████████; PX1620 (RABO_METZLER_0143917 at '917-18 ██████████████████████████████████████████████████; PX1495 (RABO_METZLER_0028493 at '493 ██████████████████████████; PX1617 (RABO_METZLER_0071892 at '892); PX1618 (RABO_METZLER_0130185 at '185 ███████████████; PX1504 (RBS_MDL_000984976 at '976 ██████████████████████████████████████████████████████████

cited in support of subparagraphs (a)-(d) do not support Plaintiffs' statement.  Subparagraphs (a)-(d) concern four days among the more than 700 submission days during the Relevant Period, *see* Defs.' Stmt. ¶ 13(c), and do not support the statement that ████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, g] Plaintiffs' statements, which Defendants further dispute for the following reasons set forth below.

   As to subparagraph (a), the cited document is not relevant and would not preclude summary judgment even if it were the subject of a genuine dispute.  Plaintiffs cite no evidence that ████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████    ████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
any ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████    To the extent any response is required, Defendants admit that PX1496 contains the quoted language in subparagraph (a) and otherwise dispute[a, d, g] Plaintiffs' statement.

   As to subparagraph (b), the cited document is not relevant and would not preclude summary judgment even if it were the subject of a genuine dispute.  Plaintiffs cite no

evidence that ███████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████ *See* Defs.' Stmt. ¶ 64.  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants admit that PX1332 contains the quoted language in subparagraph (b) and

otherwise dispute[a, d, g] Plaintiffs' statement.

As to subparagraph (c), the cited Bloomberg chat is not relevant and would not

preclude summary judgment even if it were the subject of a genuine dispute.  The Bloomberg chat

███████████████████████████████████████████████████████████

██████████████████ *See* PX1603 (JPM_MDL1_USD_00027860 at -889-890) ████████████

███████████████████████████████████████████████████████████

███████████████████████████████ Similarly, █████████████████████

███████████████████████████████████████████████████████████

████████████████ *See* Defs.' Stmt. ¶ 106.  Accordingly, no reasonable inference can be drawn from

the cited material that (i) ██████████████████████████████████ (ii) Defendants

persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (iii)

Defendants conspired to persistently suppress their USD LIBOR submissions throughout the

Relevant Period.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To

the extent any response is required, Defendants admit that the cited source in footnotes 393 and 394 contain the quoted language in subparagraph (c) and otherwise dispute[a, d, g] Plaintiffs' statement.

As to subparagraph (d), the cited documents and testimony are not relevant. █████

████████████████████████████████████████████████████████

██████████████████████████ *See id.* ¶ 107 ████████████████████

████████████████████████████████████████████████████; *id.* ¶

412 ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ *See* Blakemore Decl., Ex. ████████ Dep. Tr. 25:18-

26:15; 31:2-32:22).  Plaintiffs cite no evidence that ████████████████████████

████████████████████████████ rather than to ████████████████████

██████████████████████████, *see* PX1109 (BOFA-LIB0738301 at -300-302)

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████, nor do Plaintiffs cite any evidence that either ████████████████

████████████████████████████████████████████████████████

████████████████████████████ In addition, the cited portion of PX1477 in which ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ *See* PX1477 ████████ Dep. Tr. 133:12-134:9) ████████████████████████



████████████████████████████████.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX1109 cited in footnote 395 contains the language quoted from ████████████████ in subparagraph (d), and otherwise dispute[a, d, e, g] Plaintiffs' statement.

192.  ████████████████████████████████████

b.  ████████████████████████████████

---

[397] PX1815 (Citi-USD0158037).

[398] PX1038 (BOFA-LIB0037328 at '328 ████████████████████████; PX1039 (BOFA-LIB0037329 at '329).  *See also* PX1374 (DB-USDMDL 00013423 at '423 ████████████

PX1604 (LBG-FDIC-000000362 ████████████████; PX1602 (JPM_MDL1_USD_00026960 at '960 -63 ████████████████; PX0509 (RABO_METZLER_0130311 at '311 ████████████

PX1595 (RABO_METZLER_0130312 at '312 ████████

PX1040 (BOFA-LIB0043993 at '993 ████████

PX1597 (BOFA-LIB0047861 at '861 ████████

PX1601 (RABO_METZLER_0081576 at '576 ████████; PX1610 (NB-USDMDL-00446224 at '224 ████████

PX1555 (BOFA-LIB0009627 ████████

**DEFENDANTS' RESPONSE:** It is unclear what Plaintiffs mean by ██████████ and the documents and testimony cited in support of subparagraphs (a) and (b) do not support the statement that, during the Relevant Period, Defendants had ███████████████ ███████████████████████████████████████████████████████ ████████ As but one example, Plaintiffs cite PX1605, in which one Panel Bank's █████████ ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████; PX1041
(BOFA-LIB0048100 at '100 █████████████████████████████████████
████████████████████████████████████████████████; PX1596 (BOFA-
LIB0048098 at '098 ████████████████████████████; PX0389 (NB-USDMDL-
00476213 at '213 ██████████████████████████████████████████████
████████████████████████████████████████████████████; PX1592
(CSUK_0127912 at '912); PX1593 (CSUK_0127913 at '913 ██████████████
████████████████████████ PX1615 (RABO_METZLER_0027717 at '717 ████
████████████████████████████████████████████████████████ PX0090
(HSBC-USDLIBORLIT-0525022 at '022 █████████████████████████████████
██████████████████████████████████ PX1605 (LBG-FDIC-000006525 at
1 ████████████████████████████████████ PX1614 (PORTIGON0038091 at
'091 █████████████████████████████████████████████████████████████
PX0094 (HSBC-USDLIBORLIT-0542350 at '350 ████████████████████████████
████████████████████████████████████████████████████████; PX1628
(RBS_MDL_001139512 at '512 ████████████████████████████████████
████████████████████ PX0997 & PX0997-A (BAR-OTC-001401736 (audio) and transcript
████████████████████████████████ PX1598 (DB-USDMDL 00600806 at '806-08); PX1632
(SG-USDMDL-04287833 at '833) █████████████████████████████████████
PX1623 (RBS_MDL_001039375 at '384-89 (██████████████████████████████
████████████████████████████
██████████████████████████████████████████████████; PX1624 (RBS_MDL_001043602
at '602 ██████████████████████████████████████████████
████████████████████████████████████████.

███████████████████████████████████████████████████

███████████████████████████████████

As to subparagraph (b), PX1605 does not support Plaintiffs' statement because PX1605 was not introduced by Plaintiffs.  *See* Carmody Decl. ¶ 1671 ("Exhibit 1605-Exhibit 1608 have been intentionally omitted.").  Further, PX0997 does not support the statement in paragraph 192 to the extent that Plaintiffs rely on it to support an inference that the ████████████████

████████████████████████████████████████████████████

████████████████████  Substantial undisputed evidence in the record shows that ██████

████████████████████████████████████████████████████

████████████████████████  *See* Defs.' Joint Mot. for Summary Judgment at 27-28 (citing Defs.' Stmt. ¶¶ 370-395).  For example, ██████████████████████████

██████████████████████████████████████████████████

████████████████████████████████  Defs.' Stmt. ¶ 378 (citing Barclays Decl. [ECF No. 4177], Ex. 23 (BAR-DAP-000009416 at -417)).  ████████████████████

██████████████████████████████████████████████████

██████████████████  *Id.* (citing Barclays Decl., Ex. 24 (BAR-DAP-000009424)).  ██████████

██████████████████████████████████████████████████

████████████████  *See* PX1597 (BOFA-LIB0047861)████████████████████  Defs.' Stmt. ¶ 64.  As to PX1592, Plaintiffs' selective quotation is misleading, because it does not give the context of the call.  ██████████████████████████████████████

██████████████████████████████████████████████████

████████████████████  PX1592 (CSUK_0127912).

For the foregoing reasons, the Court should disregard Plaintiffs' statements. To the extent any response is required, Defendants admit that, ████████████████ ████████████████████████████████████ and that Plaintiffs accurately quote some of the cited material. Defendants otherwise dispute[a, b, c, g] and, in particular, dispute that any reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

193. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████[99]

**DEFENDANTS' RESPONSE**: The ████████████████ do not provide an evidentiary basis for Plaintiffs' overbroad statement that ████████████
████████████████████████ The █████████ Plaintiffs provide does not survive even cursory scrutiny. Plaintiffs' selective quotes from ████████████ are

---

[399] PX0071 (HSBC-USDLIBORLIT-0290470 at '470–'471); PX1479 ████ Dep. 65:11-67:9; *See also* PX1611 (NB-USDMDL-00373297 at '297 ████████████████████████ PX1612 (NB-USDMDL-00246539 at '543-45 ████████████████████████████
████████████████); PX1609 (NB-USDMDL-00496174 at '174 (████████████
████████████████)); PX1584 (BTMU_Dollar0152941 at '941-44 ████
████████████████████████████████████; PX1613 (NB-USDMDL-00358086 at '087-88 ████████████████████████████
PX0623 (RBS_MDL_001273626 at '626 ████████████████████████; PX0743
████████ Dep. 262:8-263:9 ████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

238

improperly reordered and taken out of context. The ██████████████████████
███████████████████████



PX0071 (HSBC-USDLIBORLIT-0290470 at -471). In context, ███████████████
█████████████████████████████████████████████████

█████████████████████████████████ *See* PX1479 ██████ Dep. Tr. 66:4-

10) ████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ ); *id.* ( ██████ Dep. Tr. 69:13-17) ██████████████████████

████████████████████████████████████████████████████

████████████████████████████ ). Plaintiffs identify no evidence that ██

██████████████████ Moreover, the cited documents and testimony ███████████

█████████████████████████████████ throughout more

than 700 submission days during the Relevant Period. *See* Defs.' Stmt. ¶ 13(c). Furthermore,

PX1609 is irrelevant to Plaintiffs' claim that Defendants conspired to suppress USD LIBOR. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ PX1611 ██████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████ PX1611 (NB-

USDMDL-00373297 at-297).   PX1612 ████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████     *See* PX1612 (NB-USDMDL-00246539 at -543-545).   PX1609 is ██████████

█████████████████████████████████████████████████████

███████████████████████████     *See* PX1609 (NB-USDMDL-00496174).   For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[(a, d, e, g)] Plaintiffs' statement.

## VIII.   DEFENDANTS CONCEALED THEIR CONDUCT

### A.   In Response to a Period of Intense Press Scrutiny in Mid-April 2008, Defendants Jointly Moved LIBOR Up to Conceal Their Suppression

194.   ████████████████████████████████████████

████[400] Two weeks later, the Wall Street Journal and Bloomberg published articles questioning the accuracy of LIBOR.[401]

**DEFENDANTS' RESPONSE:**   Because Plaintiffs cross-reference other

statements in Plaintiffs' Joint Counterstatement, Defendants hereby incorporate their responses to

those other statements.  *See supra* Response to ¶ 84.  Defendants admit that PX1015 contains the

above-quoted language and that on April 16, 2008, the Wall Street Journal and Bloomberg

published the articles cited in paragraph 84, and refer to those articles for a complete and accurate

statement of their contents.  Defendants otherwise dispute[(a)] Plaintiffs' statement, and in particular,

dispute that any inference can be drawn from the cited material that (i) Defendants persistently

---

[400] PX1015 ████████████████████████████████████████

██████████████████████

[401] *See* ¶ 83, *supra.*

suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

195. ███████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ [402]
████████████████ [403]

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is an incomplete and misleading characterization of ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████ PX0817 (BAR-OTC-000915401 at -401); *see also* Blakemore Reply Decl., Ex. 2 (████████ Dep. Tr. 105:13-106:6) ████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████ In addition, Plaintiffs' statement that ████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

████ For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX0817 contains the above-quoted language and refer to PX0817 for a complete and accurate statement of its contents.  Defendants otherwise dispute[(a, e, g)] Plaintiffs' statement, and in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions

---

[402] PX0817 (BAR-OTC-000915401, at '401).

[403] PX1020 (████████ Ex. 11, Minutes of BBA Board Meeting on 16 April 2008 at 2).

throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD

LIBOR submissions throughout the Relevant Period.

196.    ████████████████████████████████████ [04]

████████████████████████ [405]

**DEFENDANTS' RESPONSE:**    The statement misquotes and otherwise

presents an incomplete and misleading characterization of the conversation reflected in PX0987.

████████████████████████████████████████████████

████████████████████    For the foregoing reason, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[(c)] Plaintiffs' statement.

197.    ████████████████████████████████████

████ [406]

**DEFENDANTS' RESPONSE:**    The cited evidence does not support the first

sentence of Plaintiffs' statement.  Plaintiffs cite ████████████████████████

████████████████████████████████████████████████

████████████████████████████████    The cited material also does

not support the second sentence of this statement.  Plaintiffs ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

*See* PX0055-A (Transcript of HSBC-USDLIBORLIT-0010421 at 3) ████████████

████████████████████████████████████████████████

---

[404] PX0987 & PX0987-A (BAR-OTC-001401564 (audio) and BAR-OTC-001409048 at '053 (transcript)).

[405] *Id.*

[406] PX0055 & PX0055-A (HSBC-USDLIBORLIT-0010421 (audio) and transcript at 3).

██████████████████████████████████████████████████ (emphasis added).

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

198. █████████████████████████████████████████████
████████████████████████████████████████[407]████████

**DEFENDANTS' RESPONSE:**  To the extent Plaintiffs' statement purports to apply to many or all Defendants, the cited documents—which reflect ███████████████
██████████████████—do not support Plaintiffs' statement.  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, g] Plaintiffs' statement and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.  Defendants further admit or dispute for the following reasons set forth in response to the subparagraphs of paragraph 198.

a. ███████████████████████████[408]████████████

**DEFENDANTS' RESPONSE:**  Admit.[a]

b. At ██████████████████████████████████████
████████████████[09]████████████

---

[407] *See* Appendix A, █████████████

[408] PX0894 & PX0894-A (BAR-DAP-000436275 (audio), and BAR-DAP-000548346 (transcript)). ████████
████████████████████ *See* PX0881 & PX0881-A (BAR-DAP-000444706 (audio) and BAR-DAP-000547605 (transcript)). ████████████████████████████████████ PX1509 & PX1509-A (BAR-DAP-000444710 (audio) and BAR-DAP-000550059 (transcript)).

[409] PX0243 & PX0243-A (LBG-USD-000010643 (audio) and transcript at 4).

**DEFENDANTS' RESPONSE**:  Defendants admit that Plaintiffs accurately quote the document cited at footnote 409, ███████████████████████

████████████████████████████████████████████████████

Defendants otherwise dispute[a] that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

c.   ████████████████████████████████████████████
████████████████████████████[410]

**DEFENDANTS' RESPONSE**:  PX0047 and PX0047-A do not support Plaintiffs' statement.  Plaintiffs mischaracterize the █████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ PX0047-A ███

████ Dep., Ex. 50A, at 9-10).  ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ *See id.*

███████████ Ex. 50A, at 3-4).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

---

[410] PX0047 & PX0047-A (HSBC-USDLIBORLIT-0010412 (audio) and transcript at 9:17-10:13).

244

d. ███████████████████████████████████████████████
████████████████████████████████████████[411]

**DEFENDANTS' RESPONSE:**  Admit that Plaintiffs have accurately quoted the document cited at footnote 411.  Defendants otherwise dispute[(a)] that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

e. ███████████████████████████████████████████████
████████████████████████████████████████[412]

**DEFENDANTS' RESPONSE:**  Admit that Plaintiffs have accurately quoted the document cited at footnote 412.  Defendants otherwise dispute[(a)] that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

f. ███████████████████████████████████████████████
████████████████████████████████████████[413]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement in subparagraph (f) omits relevant portions of PX0084, taking the quotes out of context. ████████████████████████████
████████████████████████████████████████████████████

---

[411] PX0249 & PX0249-A (LBG-USD-000010656 (audio) and transcript at 7); PX1467 ██████ Dep. 29:24-30:2) ████████████████████████████████ ).

[412] PX0883 & PX0883-A (BAR-DAP-000444719 (audio) and BAR-DAP-000547609 at '609-10 (transcript)).

[413] PX0084 (HSBC-USDLIBORLIT-0520867 at '867).



PX0084 (HSBC-USDLIBORLIT-0520867). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the quotes from PX0084 are accurate, but otherwise dispute[a, e] Plaintiffs' statement.

g.

**DEFENDANTS' RESPONSE**: Admit.[a]

h.

**DEFENDANTS' RESPONSE**: Plaintiffs' statement in subparagraph (h) mischaracterizes PX0048 and PX0048-A.

*See* PX0048-A ( Dep., Ex. 17A, at 2).

*Id.* ( Dep., Ex. 17A, at 2) (emphasis

---

[414] PX0885 & PX0885-A (BAR-DAP-000444721 (audio) and BAR-DAP-000547612 (transcript)).

[415] PX0048 & PX0048-A (HSBC-USDLIBORLIT-0010413 (audio) and transcript at 2); PXJ0251 & PX0251-A (LBG-FDIC-000005483 (audio) and transcript at 2:13-3:7). *See also* PXJ0251 & PX0251-A (LBG-USD-000010661 (class audio)).

added).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[(a, e)] Plaintiffs' statement.

i. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████[16]

**DEFENDANTS' RESPONSE**:  The cited material does not support Plaintiffs'

statement in subparagraph (i).  ███████████████████████████████

███████████████████████████████████████████████████████████

████████████    PX0049-A ████████    Dep., Ex. 51A); HSBC Reply Decl., Ex. 2 (HSBC

Defendants' Objs. and Resps. to Pls.' Third Set of Interrogs.) ████████████████

████████████████████████████.  For the foregoing reason, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants admit that the quotation

from PX0049 and PX0049-A is accurate, but otherwise dispute[(a, e, g)] Plaintiffs' statement.

j. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████[417]

**DEFENDANTS' RESPONSE**:    PX0050 and PX0050-A do not support

Plaintiffs' statement in subparagraph (j).  Plaintiffs omit relevant portions ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[416] PX0049 & PX0049-A (HSBC-USDLIBORLIT-0010414 (audio) and transcript at 4:18-5:6). ████████
███████████████████████████████████████  PX1467 ████████ 243:15-
16).

[417] PX0050 & PX0050-A (HSBC-USDLIBORLIT-0010415 (audio) and transcript at 1-2).



PX0050-A ███████ Dep., Ex. 18A, at 1).

███████████████ PX0050-A ███████ Dep., Ex. 18A, at 2).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

k.  ███████████████████████████████
[418]

**DEFENDANTS' RESPONSE:**   Admit that Plaintiffs have accurately quoted the document cited at footnote 418.  Defendants otherwise dispute[a] that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

l.  ███████████████████████████████

---

[418] PX0886 & PX0886-A (BAR-DAP-000444731 (audio), BAR-DAP-000547622 (transcript)).  ███████████████████████  PX0887 & PX0887-A (BAR-DAP-000444739 (audio), BAR-DAP-000547624 at '624-25 (transcript)).  ███████████ *Id*. at '626.  ███████████████ PX0419 ███████; PX0889 & PX0889-A (BAR-DAP-000444740 (audio) and transcript at 1).  ███████████ *Id*.

███████████████████████████████[419]

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement in subparagraph (l).  ████████████████████████████

████████████████████████████████████████████

████████  PX0892-A (████████ Dep., Ex. 27A).  For the foregoing reason, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the

quotation from PX0892 and PX0892-A is accurate, but otherwise dispute[a, c, g] Plaintiffs'

statement.

m.  ████████████████████████████████████████

███████████████[420]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement in subparagraph (m)

omits the context of the quotation.  ████████████████████████

████████████████████████████████████████████

████████████████████████████  PX0052-A ████████ Dep., Ex.

22A, at 4).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the

extent any response is required, Defendants admit that the quotation is accurate, but otherwise

dispute[a, e] Plaintiffs' statement.

n.  ████████████████████████████████████████

---

[419] PX0892 & PX0892-A (BAR-DAP-000444744 (audio) and BAR-DAP-000547631 at '631-32 (transcript)).

[420] PX0052 & PX0052-A (HSBC-USDLIBORLIT-0010417 (audio) and transcript at 1-4).

███████████████████████████████████████████████████████
█████████[421]

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement in subparagraph (n) is

inaccurate; ████████████████████████████████████████████████

████████████████  PX0054-A (Transcript of HSBC-USDLIBORLIT-0010419). ████████

████████████████████████████████████  *See id.* (Transcript of HSBC-

USDLIBORLIT-0010419 at 1) (████████████████).  For the foregoing reasons, the Court

should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit

that the participants and quotations from PX0054 and PX0054-A are accurate, but otherwise

dispute[a, e] Plaintiffs' statement.

199. ████████████████████████████████████████████████████
███████████████████████████████████[422]

**DEFENDANTS' RESPONSE**:  To the extent Plaintiffs intend to state that

████████████████████████████████████████████████████████

████████████████████████████████  the cited documents—which reflect

████████████████████████████████—do not support Plaintiffs' statement.

Rather, the cited testimony reflects the views of only certain employees at certain Panel Banks,

---

[421] PX0054 & PX0054-A (HSBC-USDLIBORLIT-0010419 (audio) and transcript); PX1467 (████████ Dep. 29:24-
30:2 ████████████████████████████████████████

[422] *See, e.g.*, PX0779 (BAR-OTC-000792679 ████████████████

████████████████; PX1240 & PX1240-A (Citi-USD02209206 (audio) and transcript at 1

████████████████████████████████████████████████████

████████████████████████████ PX0576 (RBCOTC0115918 at '918

████████████████████ PX0555 (RBCOTC0060611 at '611

████████████████████████████████████████████.

not the views of any Panel Bank, let alone all Panel Banks or their submitters.  For the foregoing

reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants dispute[a, g] Plaintiffs' statement and, in particular, dispute that any inference can be

drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR

submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress

their USD LIBOR submissions throughout the Relevant Period.

200.    ███████████████████████████████████████████████████ [423]
███████████████████████████████████████████████

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is ambiguous because

Plaintiffs specify neither the time period during which they contend ██████████████████
██████████████████████████████████                    For the foregoing reason, the Court

should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit[a,
c, d] that the ███████████████████████████████████████████████████
███████████████     *See* PX0316 (Marx Opening ¶ 281).

201.    ██████████████████████████████████████████████████
███████████████████████████████████████████ [24]

---

[423] PX0316 (Marx Rep. § VI.B.2.b).

[424] *See, e.g.*, PX0898 & PX0898-A (BAR-DAP-000444792 (audio), BAR-DAP-000547637 at '637-'641 (transcript));
PX0901 & PX0901-A BAR-DAP-000444852 (audio); BAR-DAP-000444854 (audio); BAR-DAP-000444856
(audio); BAR-DAP-000444858 (audio) and BAR-DAP-000547637 at '637-'641
███████████████████████████████████████████████████████████
████████████████████████     PX0897 & PX0897-A (BAR-OTC-000002343 (audio), BAR-OTC-000004988 at '891
(transcript)██████████████████████████████████████████████████████
███████████████████████████████████████████████████████████ █
PX1467 ██████████     Dep. 200:19-201:12); PX1445 (DB-USDMDL 00378301 at '301
████████████████████████████████████ ; PX1340 (DB-MDLFDI 00085802
███████████████████████████████████████████████████ ; PX0903 &
PX0903-A (BAR-DAP-000444883 (audio) and transcript at 1███████████████████
███████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE**:    Although the cited documents contain the language selectively quoted by Plaintiffs in footnote 424, these documents do not support Plaintiffs' overbroad and conclusory statement.    Defendants refer to those documents for a complete and accurate statement of their contents.  *See also* Blakemore Decl., Ex. 20 (Asker FFFP Reb. Part 8.1.1) ███████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████    PX1467 ██████████ Dep. Tr. 200:19-201:12).  In addition, the evidentiary record indisputably contravenes that ███████████████████████████████████ *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. Part 5.4) (██████████████████████████████

████████████████████████████████); *see also* Mot. to Exclude Marx Part VI (Dr. Leslie Marx's opinion with respect to ████████████ is unreliable speculation).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, f, g] Plaintiffs' statement that █████████████████████

█████████████████████████████████████

202. ████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████)); PX0962 & PX0962-A (BAR-DAP-000455382 (audio) and BAR-DAP-000547784 at '784 (transcript) (█████████████████████████); PX0893 (BAR-OTC-001369263 (audio) and BAR-OTC-0014016860 (transcript).

████████████████████████████████████████[426]████████████

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is based only on the unreliable and inadmissible opinion of their proffered expert.  *See generally* Mot. to Exclude Marx (addressing inadmissibility and unreliability of Dr. Marx's opinions).  In addition, the evidentiary record indisputably contravenes that the ███████████████████████████

████████████████████████████████████  *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. Part 8.1.1) ███████████████

████████████████████████████████████████████

████████████████████████████████████████

██████████████████; *id.*, Ex. 20 (Asker FFFP Reb. ¶ 137) ████████████

████████████████████████████████████████

███████████████. Further, ███████████████████████

████████████████████████████████████████

*See id.*, Ex. 20 (Asker FFFP Reb. ¶ 145).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.   To the extent that any response is required, Defendants dispute[(a, c, d)] Plaintiffs' statement.

203.    By April 21, 2008, the 1-month LIBOR fix increased 17 basis points, from 2.73% to 2.90%; the 3-month LIBOR fix increased 19 basis points, from 2.73% to 2.92%; the 6-month LIBOR fix increased 26 basis points, from 2.76% to 3.02%; and the 12-month LIBOR fix increased 32 basis points, from 2.74% to 3.06%.[427]

---

[425] PX0316 (Marx Rep. ¶ 177 ("The CDS spread, defined separately for various tenors, measures the cost of insuring bank debt against default and is a standard measure of the market assessment of the riskiness of a bank.")).

[426] PX0316 (Marx Rep. § VI.B.2.c).

[427] PX0316 (Marx Rep. ¶ 281, Fig. 25 and 26).

**DEFENDANTS' RESPONSE:** Admit[a, c, d] that the 1M, 3M, 6M and 12M USD LIBOR fix were at those amounts on April 16, 2008 and April 21, 2008, respectively.

204.



**DEFENDANTS' RESPONSE:** PX0063 does not support Plaintiffs' statement. PX0063 involves ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants refer to PX0063 for a complete and accurate statement of its contents. Defendants admit that PX0806, PX1179, PX1207, PX0263, PX0076, and PX0017 contain the above-quoted language and refer to those exhibits for a complete and accurate statement of their contents. Defendants otherwise dispute[a, e, g] that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

**B.    Defendants Coordinated their Press Responses to Conceal their Suppression**

205.



---

[428] PX0806 (BAR-OTC-001290081 at '081); PX1179 (Citi-USD01539139 at '139); PX1207 (Citi- USD01835271 at '271); PX0263 (LBG-FDIC-000005997 at 3); PX0076 (HSBC-USDLIBORLIT-0327045 at '045); PX0017 (DB-USDMDL 01258021 at '023); *see also* PX0063 (HSBC-USDLIBORLIT-0140725 at '772 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[429] PX0200 (LBG-USD-000000506 at 1-2).

<u>**DEFENDANTS' RESPONSE:**</u>  PX0200 does not support Plaintiffs' statement, which mischaracterizes the nature of the document and improperly combines unrelated, selective portions of the ██████████████████████████████████████████████████

██████████████████████████████████████    *See* PX0200 (LBG-USD-000000506).  ███

████████████████████████████████████████████████████████████████

████████████████████████    *Id.* (LBG-USD-000000506).  ███████████████████████

████████████████████████████████████████████    *Id.* (LBG-USD-000000506 at -507).  ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████    *Id.* (LBG-USD-000000506 at -506).  ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████    *Id.* (LBG-USD-000000506 at -506).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX0200 contains the above-quoted language, and otherwise dispute[(a, e, g)] Plaintiffs' statement.

206. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[430]

<u>**DEFENDANTS' RESPONSE:**</u>    Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to paragraphs 64 and 68 in their entirety in this response.  *See supra* Responses to ¶¶ 64, 68.  These



---

[430] *See* ¶¶ 64, 68, *supra*.

paragraphs cite ███████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████ Plaintiffs' statement and selective quotations take out of

context ██████████████████████████████████████████████

████████████████████ For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs'

statement and, in particular, dispute that any inference can be drawn from the cited material that

(i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant

Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions

throughout the Relevant Period.

207. ███████████████████████████████

████████████████████████████████[431]

**DEFENDANTS' RESPONSE:**  PX0130 does not support Plaintiffs' statement.

█████████████████████████████████████████████████████

████████████████████████████ Plaintiffs appear to contend that ██████████████

█████████████████████████████████████████████████████

████████████████████ *See* PX0130 (JPM_MDL1_USD_00039269 at -269). ██████████

fell on a Thursday—not a Friday. ██████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████ *See* PX0204-A ██████████

---

[431] PX0130 (JPM_MDL1_USD_00039269 at '269 ███████████████████████████
████████████████████████████████████████████████████ ).

Dep., Ex. 13A). ████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.* ████████

Dep., Ex. 13A).  Finally, Plaintiffs fail to cite a single press report or other document to support

this statement.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the

extent any response is required, Defendants' dispute[a, e, g] Plaintiffs' statement and, in particular,

dispute that any inference can be drawn from the cited material that (i) Defendants persistently

suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants

conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

208. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████[32]

**DEFENDANTS' RESPONSE:**    Plaintiffs mischaracterize the cited

communication. █████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████   Barclays Reply Decl., Ex. 5 (BAR-DAP-000040435 at -436).  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants admit that the statement accurately quotes from sections of the cited material.

Defendants otherwise dispute[a, d, e, g] Plaintiffs' statement and further dispute that the cited material

---

[432] PX0976 & PX0976-A (BAR-OTC-000004734 (audio) and BAR-OTC-001408790 at '790-91 (transcript)).

supports any inference that any Panel Bank discussed or otherwise coordinated its media communications with any other Panel Bank.

209. ███████████████████████████████████████████████ [433] ███████████████████████████████ [434]

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not support the statement that all "████████████████████████████████████████ ████████████████████  The cited communications reflect the statements of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Moreover, certain of the cited documents and testimony do not provide any basis whatsoever for Plaintiffs' statement.  For example, PX0088 contradicts Plaintiffs' statement, as ████████████████████████████████████████████████████████████ ██████████████████████  In addition, Plaintiffs misrepresent the content of PX1233 and PX1233-A, ████████████████████████████████████████████████████████████ ████████████████████████████████████████████  Additionally, Plaintiffs mischaracterize PX0047 by omitting relevant quotes from the audio file.  *See, e.g.,* PX0047-A (HSBC-USDLIBORLIT-00100412 at 13, 14) ("████████████████████████████ ████████████████████████████████████████████████████████████

---

[433] *See* ¶ 84, *supra*.

[434] PX1233 & PX1233-A (Citi-USD02209175 (audio) and transcript at 1 ████████████████████ ██████████████████████████████████████████████████████████  PX0047 & PX0047-A (HSBC-USDLIBORLIT-0010412 (audio), and transcript at 13:8-13 ██████████████████████████████████████████████████████  PX0258 (LBG-USD-000010986 at 1 (██████████████████████████████████████████  ; PX0088 (HSBC-USDLIBORLIT-0521141 at '141 ████████████████████████████████████████████████████████ ████████████████████████████████████████████

███████████████████████████████████    Defendants refer to the cited documents for a complete and accurate statement of their contents.  Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants hereby incorporate their responses to those other statements.  *See supra* Response to ¶ 84.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement and, in particular, dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

210.    ████████████████████████████████████

███████████████████████████████████[435]

**DEFENDANTS' RESPONSE:**    This statement mischaracterizes the cited document and testimony.  While PX0415 contains the above-quoted language, ███████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

PX1463 ██████████ Dep. Tr. 117:2-9).  Moreover, PX0415 ██████████████

███████████████████████    Blakemore Reply Decl., Ex. ██████████ Dep. Tr. 144:16-22).  Defendants refer to the cited documents and testimony for a complete and accurate statement of their contents.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To

---

[435] PX0415 (██████, Ex. 14. ████████████████ at 1-3 (████████████████████████████████

████████████████ ; PX1463 ████████ Dep. 117:1-9) ██████████████████.

the extent any response is required, Defendants dispute[a, d, e] Plaintiffs' statement and further dispute that any inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

211.    ███████████████████████████████[436]
███████████████████████████████████████████████
███████████████████████████████████████████[437]

**DEFENDANTS' RESPONSE:** ███████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

PX1527 (DB-MDLFDI 00911987 (audio) at 4:42).  The communication provides no evidentiary support for Plaintiffs' statement as to what, if anything, ███████████████████████████
███████████████    Moreover, Plaintiffs cite the transcript of PX1527 (PX1527-A) but Plaintiffs did not attach the transcript as an exhibit.  *See* Carmody Decl. ¶ 1596 ("Attached hereto as Exhibit 1527 is a true and correct copy of an audio file produced in this litigation at DB-MDLFDI 00911987.").    Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to those other statements.  *See supra* Responses to ¶¶ 91-92.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

212.    ███████████████████████████████████████
███████████████████████████████████████[38]

---

[436] *See* ¶¶ 91, 92 *supra*.

[437] PX1527 & PX1527-A (DB-MDLFDI 00911987 (audio) and transcript).

[438] Gavin Finch & Elliot Gotkine, Libor Banks Misstated Rates, Bond at Barclays Says, Bloomberg (May 29, 2008), http://www.bloomberg.com/apps/news?pid=newsarchive&sid=aMSoLbYpbHWk. (A "spokesman for the BBA in London, said[,] 'We have every confidence in the integrity of the BBA Libor-setting process and the accuracy of the figures it produces.'")); PX0081 (HSBC-USDLIBORLIT-0332252 at '253 ███████████████████

**DEFENDANTS' RESPONSE:**  The cited documents do not support Plaintiffs'

statement that ███████████████████████████████████████████

██████████████  For the foregoing reason, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants admit that the cited articles contain the language

quoted in footnote 438 and refer to the articles cited in footnote 438 for a complete and accurate

statement of their contents.  Defendants otherwise dispute[a, e, g] Plaintiffs' statement.  Furthermore,

no reasonable inference can be drawn from the cited material that (i) Defendants persistently

suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants

conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

213.    On May 29, 2008, the Wall Street Journal quoted Citi as saying: "We continue
to submit our Libor rates at levels that accurately reflect our perception of the market."[439]

**DEFENDANTS' RESPONSE:**  Admit[a] that the cited Wall Street Journal

article quotes a person at Citi providing the quoted statement.



**DEFENDANTS' RESPONSE:**  Admit[a, e] that the audio recording in PX0179

and PX0179-A contains the above-quoted language.  However, no reasonable inference can be

---

[439] PX0438 (PORTIGON0221108 at '108-10).

[440] PX0179 & PX0179-A (JPM_MDL1_USD_00116808 (audio) and transcript at 2:12-16).

[441] PX0179 & PX0179-A (JPM_MDL1_USD_00116808 (audio) and transcript at 3:4-20.

[442] PX0179 & PX0179-A (JPM_MDL1_USD_00116808 (audio) and transcript at 3:21-22.

drawn from PX0179 and PX0179-A that ███████ (or any Defendant) participated in any alleged conspiracy to persistently suppress USD LIBOR, nor is the quoted language material or relevant in this case. As reflected in the audio recording, ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ *See* PX0179-A (Transcript of JPM_MDL1_USD_00116808). ███████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████ *See id.* (Transcript of JPM_MDL1_USD_00116808 at 2). ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████  ██████  ████████  ██  ███  ██████  *See id.* (Transcript of JPM_MDL1_USD_00116808 at 3). █████████████████████████████████
███████████████████████████████████ *See id.* (Transcript of JPM_MDL1_USD_00116808 at 3). █████████████████████████████████
████████████████████████████████████████████████████████████████
*See id.* (Transcript of JPM_MDL1_USD_00116808 at 3). ████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ *See id.* (Transcript of JPM_MDL1_USD_00116808 at 3).

215. ███████████████████████████████████████████████████
███████████[443]████████████████████████████████████████████
████████████[444]████████████

**DEFENDANTS' RESPONSE**:  The cited ████████████ do not support

Plaintiffs' statement because the selective quotes omit key language that make the quotes

misleading. ████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

PX0621 (RBS_MDL_001210849 at -850) (emphasis added to identify omitted language).

Furthermore, discussion of ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████  *Id.* at

(RBS_MDL_001210849 at -850-852).    Finally, ████████████████████████

████████████████████████████████████████████

████████████████  *Id.* (RBS_MDL_001210849 at -849).    Notably, ████████████████

████████████████████████████████, *see* Defs.' Stmt. ¶ 28.████

████████████████    For the foregoing reasons, the Court should disregard Plaintiffs'

statement.    To the extent any response is required, Defendants admit that the above-quoted

---

[443] PX0621 (RBS_MDL_001210849 at '850); PX1113 (BOFA-LIB0786137 at '138); PX1254 (Citi-USD02345232 at '233).

[444] PX0621 (RBS_MDL_001210849 at '850); PX1113 (BOFA-LIB0786137 at '138); PX1254 (Citi-USD02345232 at '233).

language appears in the cited copies of ███████████, but otherwise dispute[a, e, g] Plaintiffs'
statement.

216. ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████[445]

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs'
suggestion that ███████████████████████████████████
*See* PX0136 ███████████████████████████████████████
████████████. For the foregoing reason, the Court should disregard Plaintiffs' statement. To
the extent any response is required, Defendants admit that PX0136 contains the above-quoted
language and refer to PX0136 for a complete and accurate statement of its contents, but otherwise
dispute[a, e, g] Plaintiffs' statement.

217. ████████████████████████████████████████████
███████████████████████████████████[446]

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs'
statement that ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████ PX0135 (JPM_MDL1_USD_00081683 at -

---

[445] PX0136 (JPM_MDL1_USD_00081783 at '783). ████████████████████████
████████████████████████████████████████████████

[446] PX0135 (JPM_MDL1_USD_00081683 at '683). Recipients ████████████████
████████████████████████████████████████████████
████████████████

683).  The cited materials further do not support Plaintiffs' suggestion that the ███████████

████████████████████████ *Id.* (JPM_MDL1_USD_00081683 at -

683) ████████████████████████████████████████████████████

██████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants admit that PX0135 contains the above-quoted language and

refer to PX0135 for a complete and accurate statement of its contents, but otherwise dispute[a, e, g]

Plaintiffs' statement.

### C. Defendants at Times Took Measures to Conceal Their Conduct by Taking Steps to Keep Their Communications Private and to Avoid Memorializing Communications

218.    ████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████[447]

b.    ████████████████████████████████████
███████████████.

**DEFENDANTS' RESPONSE:**  There is no evidentiary support for Plaintiffs'

suggestion that ████████████████████████████████████████

████████████████████████████████  Moreover, certain

of the cited documents do not provide evidentiary support for Plaintiffs' statement at all.  For

example, there is no support for Plaintiffs' suggestion that PX0071 is ██████████████████



---

[447] PX0143 (JPM_MDL1_USD_00039238 at '238 (███████████████████████████
███████████████████; PX0071 (HSBC-USDLIBORLIT-0290470 at '470-71); PX1479
Dep. 65:11-67:9 ████████████████████████████████████████████

[448] PX0153 (JPM_MDL1_USD_00092741 at '741 ████████████████████████████████
████████████████████████████; PX0594 (RBS_MDL_000011025 at '025 █████████.

███████████████████████████████████████████████████

████████████████████████████ Nor does PX0143 support Plaintiffs' statement.  In relation to

that █████████████████████████████████████████████

███████████████████████████████████████████████████

████████ Moreover, █████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████ *See* PX0143 (JPM_MDL1_USD_00039238 at -238).   As ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████ Supplemental Declaration of Alan C. Turner in Further Support of Defendants' Joint

Motion for Summary Judgment on "Upstream" Issues ("JPMorgan Reply Decl."), Ex. ████████

Dep. Tr. 161:20-163:9).   For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants admit that █████████████████

███████████████████████████████████████████ and that

PX0143, PX0071, PX1479, PX0153, and PX0594 contain the above-quoted language, and refer

to those documents for a complete and accurate statement of their contents, but otherwise dispute[a,

d, e, g] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited

material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the

Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

219. ██████████████████████████████████████

███████████████████ [449]

**DEFENDANTS' RESPONSE:** There is no evidentiary support for Plaintiffs' statement that ███████████████████████████████████████████████

██████ The cited communications reflect the statements of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters. Moreover, certain of the cited documents and testimony do not provide a basis for Plaintiffs' statement. For example, PX0071 contradicts Plaintiffs' statement, ████████████████

████████████████████████████████████████████████

Further, Plaintiffs cite no evidence that ██████████████████. In the same vein, in ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ *See* PX0143 (JPM_MDL1_USD_00039238 at -238). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement. Furthermore, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant

---

[449] PX0143 (JPM_MDL1_USD_00039238 at '238 (██████████████████████████████████████████; PX0071 (HSBC-USDLIBORLIT-0290470 at '470-71); PX1479 ███ Dep. 65:11-67:9 ████████████████████████████████████████████████████████████; PX0623 (RBS_MDL_001273626 at '626 ████████████████████████████████████████████.

Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

220. █████████████████████████████████████████████████████

███ [450].

**DEFENDANTS' RESPONSE:**  There is no evidentiary support for Plaintiffs' suggestion that all Defendants ████████████████████████████████████████

████████████████████████████████  The cited communications reflect the statements of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  PX1005 also does not support any inference that ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████  PX1005-A (BAR-DAP-000551642 at -651).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the documents cited in footnote 450 contain the quoted language and refer to those materials for a complete and accurate statement of their contents, but otherwise dispute[(a,]

---

[450] PX0204 & PX0204-A (LBG-USD-000000560 (audio) and transcript at 9); PX0204 & PX0204-A (LBG-USD-000000560 (audio) and amended transcript at 15); PX1005 & PX1005-A (BAR-OTC-001401376 (audio) and BAR-OTC-001408773 at '772 (transcript)██████

████████  PX0629  (RBS  MDL  001364132  at  '132

████████████████████████████████████████████  ; PX0079 (HSBC-USDLIBORLIT-0330290 at '290████████████████████████████████████████████

████████████████  .

[d, e, g)] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited

material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the

Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR

submissions throughout the Relevant Period.

221. ███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████ [451]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement mischaracterizes the cited

document. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *See* Blakemore

Reply Decl., Ex. ████████ Dep., Ex. 3, at 743-744). ████████████████████████

████████████████████████████████████████████████████████████████████████

████████ *Id.*, Ex. ████████ Dep., Ex. 3, at 743); *see also* PX1017 ████████ Dep., Ex. 19, at 1)

████████████████████████████████████████████████████████████.  For

the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response

is required, Defendants admit that PX1017 contains the above-quoted language and refer to

PX1017 for a complete and accurate statement of its contents.  Defendants otherwise dispute[(a, e, g)]

and, in particular, dispute that any reasonable inference can be drawn from the cited material that

(i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant

---

[451] PX1017 ████████████████████████████████████████████████████████

████████████████████

Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

222. ███████████████████████████████████████████

███

[452]

**DEFENDANTS' RESPONSE:**  There is no evidentiary support for Plaintiffs' statement that all ██████████████████████████████████████████████

████████████████████████████████████████████████████

████  The cited communications reflect statements of only certain employees at certain Panel Banks, not the views of any Panel Bank, let alone all Panel Banks or their submitters.  Further, Plaintiffs mischaracterize PX0996. ███████████████████████████

███████████████████████████████████████████████████

██ ████████████████████████████████████████████████

█████████████████████████  PX0996-A (BAR-OTC-001409191 at -191). Further, Plaintiffs selectively quote PX0997 and PX0997-A.  PX0997-A (Transcript of BAR-OTC-001401736). ███████████████████████████████████████

████████████████████████████████████████  *Id.* (Transcript of BAR-OTC-001401736 at 4). ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[452]  PX0996 & PX0996-A (BAR-OTC-001401731 (audio) and BAR-OTC-001409191 at '191-94 (transcript)

███████████████████████████████████████); PX1251 & PX1251-A (Citi-USD02340963 (audio) and transcript at 9 ██████████████████████████; PX1252 & PX1252-A (Citi-USD02341060 (audio) and transcript at 1 ██████████████████████████; PX0997 & PX0997-A (BAR-OTC-001401736 (audio) and transcript at 3 ████████████████████████████████████████████.

███ *Id.* (Transcript of BAR-OTC-001401736 at 3).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the communications cited in footnote 452 contain the language quoted in the footnote and refer to those materials for a complete and accurate statement of their contents, but otherwise dispute[a, e, g] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

223. ████████████████████████████

████████████████████████████ [453]

**DEFENDANTS' RESPONSE**:  Admit[a, d, e, g]  that  ████████████████

████████████████████████████████████████

████████████████████████████████████████

███  However, no reasonable inference can be drawn from the cited material that (i) ████████

███ (or any Defendant) persistently suppressed its USD LIBOR submissions during the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions during the Relevant Period.

---

[453] PX1488 ████  Dep. 133:25-136:7 ████████████████████████

████████ ; PX1800 (Deutsche Bank Traders Tr. 766:24–767:15 (Day 5) ██████

████████████████████████████████████

██████████████████ PX1800 (Deutsche Bank Traders Tr. 777:15–18 (Day 5) ██

████████████

224. ███████████████████████████████████████
██████████████████████████████████ ⁵⁴

**DEFENDANTS' RESPONSE**: ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████ For the

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants admit that Plaintiffs accurately quote portions of the cited document, but

otherwise dispute[a, c] Plaintiffs' statement. ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

225. ███████████████████████████████████
█████████████ ⁴⁵⁵

**DEFENDANTS' RESPONSE**:  While Plaintiffs' statement accurately quotes

the cited document, the cited document does not support the proposition that Defendants attempted

to conceal any conduct concerning USD LIBOR.  To the contrary, the cited document ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ on one occasion during the more than 700

submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  For the foregoing reasons,

---

⁴⁵⁴ PX0864 & PX0864-A (BAR-DAP-000442220 (audio); BAR-DAP-000549866 at '867 (transcript) ████
██████████████

⁴⁵⁵ PX0623 (RBS_MDL_001273626 at '626 █████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████.

no reasonable inference can be drawn from the cited communication that ███████████████ ████████████████████████████████████████████████ To the extent any further response is required, Defendants dispute[a, d, e, g] that the document reflects "[m]easures" by the Panel Banks to "[c]onceal [t]heir [c]onduct."

226. ████████████████████████████████████████████████████████████ ███████████████████ ████ 456 ████████████████████████████ 457

**DEFENDANTS' RESPONSE:**    Admit[a, d, e, g] that Plaintiffs' statement accurately quotes the cited document.  However, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions during the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions during the Relevant Period.  Among other things, as Plaintiffs' own statement concedes, the referenced discussion was not between ████████ and a representative of any other Panel Bank.  In addition, at ████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ PX1483 (████████ Dep. Tr. 143:24-144:7).

D.    **Defendants Made Efforts to Conceal their Suppression by not Paying (Publicly) Above LIBOR.**

227. ██████████████████████████████████████████████████ ████████████████████████████████

a.    ████████████████████████████████████████████ ████████████ 458 ████████████████████████

---

456 PX0236 & PX0236-A (LBG-USD-000006236 (audio) and transcript at 2).

457 *Id.* ████████████████████████████████████████████ " PX1483 ████    Dep. 140:13-144:11; *id.* at 144:12–21).

458 PX0831 & PX0831-A (BAR-OTC-000001870 (audio) and BAR-OTC-001404374 at '374-84 (transcript)).



           [BLACK REDACTION]⁵⁹

b.    [BLACK REDACTION]⁶⁰

c.    [BLACK REDACTION]⁶¹

**DEFENDANTS' RESPONSE:** There is no evidentiary basis for Plaintiffs' overbroad statement that [BLACK REDACTION]" The cited documents and testimony reflect the views of certain employees at certain Panel Banks, not the views of any Panel Bank, let alone

---

⁴⁵⁹ *Id.*

⁴⁶⁰ PX0241 & PX0241-A (LBG-USD-000010512 (audio) and transcript at 1-4).

⁴⁶¹ PX1641 & PX1641-A (DB-USDMDL 01360262 (audio) and transcript at 1. See also PX1639 (DB-USDMDL 00368161 at '16 [REDACTED] ; PX0131 (JPM_MDL1_USD_00039315 at '316 [REDACTED] ; PX1644 & PX1644-A (LBG-USD-000010689 (audio) and transcript at 9 [REDACTED] PX0200 (LBG-UBS-000000506 at 2-3 [REDACTED] PX1642 (HSBC-USDLIBORLIT-0330286 at '288 [REDACTED] PX1653 & PX1653-A [REDACTED] Exs. 22 and 22a, NB-USDMDL-00263745 (audio) and transcript at 4 [REDACTED] PX0737 [REDACTED] Dep. 102:13-103:11 [REDACTED] ; PX0495 (RABO_METZLER_0096541 at '54 [REDACTED]

all Panel Banks or their submitters.  In addition, Plaintiffs' statement covers the entirety of the Relevant Period; the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Further, PX0831 does not reflect ████████████████████████████████████████████

████████████████████████ Nothing ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████  Similarly, PX1642 does not support Plaintiffs' statement.  Plaintiffs also cite no evidence ████████████████████████████████████████████████████

████████████  Finally, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn that (i) Defendants persistently suppressed their USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

228. ████████████████████████████████████████████
████████████████████████████████████████

a. ████████████████████████████[462]████████████
████████[463]

b. ████████████████████████████████████████████
████████████████████████████████████████████

---

[462] ████████████████████████████████████████ PX0056 (HSBC-USDLIBORLIT-0031434 at '437-40). ████████████████. PX1467 (████████ Dep. 167:4-5).

[463] PX0070 (HSBC-USDLIBORLIT-0289794 at '794).



**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not provide an evidentiary basis for Plaintiffs' conclusory statement that certain Defendants issued

---

[464] PX1033 (BOFA-LIB0016604 at '604).

[465] PX0082 (HSBC-USDLIBORLIT-0350859 at '860).

[466] PX1226 & PX1226-A (Citi-USD02207402 (audio) and transcript).

[467] *Id*. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*.

[468] PX1648 & PX1648-A (LBG-FDIC-000019547 (audio) and transcript at 1).  *See also* PX0746 ▮▮▮ Dep. 170:17-24 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)); PX1281 (CSAG_00037029 at '029 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PX1643 (LBG-FDIC-000000270 at 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PX0683 & PX0683-A (SG-USDMDL 06375532 (audio) and transcript at p. 4 ▮▮▮▮▮▮▮▮▮▮); PX1645 & PX1645-A (LBG-FDIC-000009481 (audio) and transcript at 2; ▮▮▮▮▮▮▮▮▮ PX1649 (RABO_METZLER_0045451 ▮▮▮▮▮▮▮▮▮▮▮ PX1636 & PX1636-A (BAR-OTC-001355428 (audio) and BAR-OTC-001404425 at '432 (transcript) ▮▮▮▮▮▮▮▮▮ PX1638 (BOFA-LIB0015907 at '908 ▮▮▮▮▮▮▮▮▮▮.

276

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████   For example,   ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████   PX1226 (Citi-USD02207402 (audio)).   ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████   PX0070 (HSBC-USDLIBORLIT-

0289794); PX0082 (HSBC-USDLIBORLIT-0350859).  Plaintiffs also omit the portion of PX0082

where ██████████████████████████████████████████   *Id.*

(HSBC-USDLIBORLIT-0350859 at -860).   The email quoted in subparagraph (b) from ████████

████████████████████████████████████████████   This document reflects

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████   *See* Defs.' Stmt. ¶¶ 428-429.  Additionally, PX1281 in footnote

468  merely  reflects  that  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████   PX1281

(CSAG_00037029).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[a, d, e, f, g] Plaintiffs' statement.

229.



469.

b.

470

c.

72

473

d.

74

e.

469 PX0537 (RABO_METZLER_0206206 at '222

470 PX0234 (LBG-FDIC-000002913 at 1). PX0729 ████████ Dep. 167:4-19

471 PX1637 & PX1637-A (BAR-OTC-001401510 (audio) and BAR-OTC-001409012 at '012-022 (transcript)). *See also* PX0759 ████████████████ ¶ 46.)

472 *Id.*

473 *Id.*

474 PX1646 (RBS_MDL_000020141 at '141).



████████████████████████████████████████████████████ [475]

**DEFENDANTS' RESPONSE:**  The cited documents and testimony do not

provide an evidentiary basis for Plaintiffs' statement that certain Defendants ███████

████████████████████████████████████████████████████

████████████████████████████████████  PX1637 and PX0759 do not provide any support

for Plaintiffs' statement.  A comment by one Barclays employee on March 5, 2008 expressing a

preference not to disclose the rate at which Barclays was borrowing funds that day does not speak

to whether or not Barclays (or any other Panel Bank) "tried to only enter transactions paying above

---

[475] PX1647 & PX1647-A (RBS_MDL_AUD_000000122 (audio) and transcript).  *See also* PX0724 (████ Dep.
104:20-105:21 (███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████ PX1652 (SG-USDMDL-06699063 █████████████████████████████████

█████████████████████████; PX1610 (NB-USDMDL-00446224 at '224

█████████████████████████████████████████████████████████); PX1650
(CSAG_00144935 at '936 ███████████████████████████████████████

███████████████████████; PX0951 & PX0951-A (BAR-OTC-001372213 (audio) and BAR-OTC-
001406371~~BAR-OTC-000005113~~ (transcript) █████████████████████████████████

████████████████████████████ PX1640 & PX1640-A (BOFA-LIB0802064 (audio) and transcript at
3, 8 ████████████████████████████████████████████████████████████

██████████████████████████████████████████ PX1310
(CSUK_0130347 at '347 ████████████████████████████████████████

████████████████████; PX0724 ███████ Dep. 104:20-105:21

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████

---

███████████████████████████████████████████████████████

██████████████████████████ Similarly, PX1650 and PX1310 do not support Plaintiffs'

statement.  PX1650 has nothing to ███████████████████████████████████████

██████████████████████████████ Plaintiffs also selectively quote and omit a portion

of PX1310 where ████████████████████████████████████.  *See* PX1310

(CSUK_0130347).  Additionally, PX0951-A does not contain the language that Plaintiffs include

in the parenthetical purporting to quote from that document in footnote 475.  Nor does PX0759

support Plaintiffs' statement in subparagraph (c) because PX0759 was not introduced by

Plaintiffs.  *See* Carmody Decl. ¶ 791 ("Exhibit 758-Exhibit 762 have intentionally been omitted.").

Further, PX0537 does not support Plaintiffs' statement █████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████ Such documents are inadmissible hearsay.  *See, e.g.*, *United*

*States v. Ray*, 2022 WL 558146, at *15 (S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was hearsay and

did not qualify as a party admission or an adoptive admission under FRE 801(d)(2)); *see also*

*United States v. Toole*, 2012 WL 464219, at *2 (W.D.N.Y. Feb. 13, 2012) (even if FBI Form 302

was admitted, it "would only have been useful as fodder for impeachment"), *aff'd sub nom. United*

*States v. Williams*, 526 F. App'x 80 (2d Cir. 2013). ████████████████████████

██████████████████████████████████████ *See, e.g.*, *U.S. Sec. & Exch.*

*Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is a form

used by the FBI to summarize an interview."), *objections overruled*, 2021 WL 391298 (S.D.N.Y.

Feb. 4, 2021). █████████████████████████████████████████

██████████████████████████████████████ *See* Rabobank Reply Decl., Ex. 1 (██████████ Dep.

Tr. 159:5-172:13).   Further, there is no credible basis to characterize statements of a former

employee as admissions by Rabobank.  *See Virag v. Goodwill Indus. of W. Conn., Inc.*, 2015 WL

540607, at *1 n.2 (D. Conn. Feb. 10, 2015) (witness's statement not admissible as admission of

party opponent where witness was "no longer employed" by defendant at the time when the

statement was made), *aff'd sub nom. Virag v. Goodwill of W. & N. Conn., Inc.*, 632 F. App'x 54

(2d Cir. 2016). ████████████████████████████████████████████

██████████████████████████████████████ *See* Defs.' Stmt. ¶ 166; PX0537

(RABO_METZLER_0206206) (dated █████████).   Finally, the record evidence indisputably

contravenes Plaintiffs' statement. ██████████████████████████████████████

██████████████████████████████████████████████ ), *see* Defs.' Stmt. ¶ 166, and

████████████████████████████████████████████████ . *See id.*

(citing Rabobank Decl., Ex. █████████ Dep. Tr. 24:9-13)).   At his deposition, ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████ *See* Rabobank Reply Decl., Ex. █████████ Dep. Tr. 133:22-25;

139:21-140:20; 170:22-171:3); Defs.' Stmt. ¶ 566.   For the foregoing reasons, the Court should

disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[a, b, d, e,

g)] Plaintiffs' statement.

**<span style="color:red">PLAINTIFFS' ERRATA TO PARAGRAPH NO. 229 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:</span>** <span style="color:red">In Paragraph 229(e), fn. 475, the text "PX0951 & PX0951-A (BAR-OTC-001372213 (audio) and BAR-OTC-000005113 (transcript)" is replaced with "PX0951 & PX0951-A (BAR-OTC-</span>

001372213 (audio) and BAR-OTC-001406371 (transcript)".  In Paragraph 229(e), fn. 475, the text "but can't really say that cause I only know what they're paying in the market 'cuz brokers tell me and it's meant to be confidential information" is replaced with "[b]ut, you can't really say that 'cuz I only know what they're paying in the market 'cuz my brokers tell me and it's meant to be confidential information".

## IX.    MONITORING AND ENFORCEMENT

### A.    Thomson Reuters Conducted Tolerance Checks of Submissions on Behalf of the FXMMC

230.    ███████████████████████████████████████████████
████████████████[476]

**DEFENDANTS' RESPONSE**:  Admit.[a]

231.    Thomson Reuters calculated LIBOR for each tenor as the interquartile trimmed mean of submissions in that tenor.[477]

**DEFENDANTS' RESPONSE**:  Admit.[a]  Although the document cited in footnote 477 does not support Plaintiffs' statement, the statement is supported by materials cited in Defendants' 56.1 Statement.  *See* Defs.' Stmt. ¶ 14.

232.    Thomson Reuters, as a designated agent of the BBA, received the LIBOR submissions ██████████████████████████████████████████████[478]██████████████████████████████████████████████████████████████████████████████████████

---

[476] PX████ (Statement of Witness ████████ ¶ 39); PX1021 (BBA Libor – The Basics at 2).

[477] PX████ (LIBOTCPL0202575 at '576 ("████████████████████████████████████████████████████).

[478] PX████ (BBA Libor - The Basics); Barclays DOJ SOF, ¶ 3 ("Each member of the Contributor Panel submits its rates every London business day through electronic means to Thomson Reuters, as an agent for the BBA, by 11:10 a.m. London Time."); PX████ (CSAG 00125005~~CSAG 00124998~~ at '012-13 (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



▓▓▓▓▓▓▓▓▓▓▓▓ [479]

**DEFENDANTS' RESPONSE:** PX1295 does not include the page or language cited in footnote 478. The remaining cited material does not support any inference that Reuters was ▓▓▓▓▓▓▓▓▓▓ *See* PX1476 ▓▓▓ Dep. Tr. 201:17-23) ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓); PX1019 (▓▓▓ Dep., Ex. 1 ¶¶ 44-45) (▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit[a, d, e, g] with the clarification that Reuters acted as the designated distributor for BBA LIBOR, *see* 56.1 Resps. ¶ 14 (admitting that "Reuters served as the BBA's designated distributor of LIBOR rates"), and that ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ PX0813 (BAR-OTC-000193600 at -607).

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 232 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 232, fn. 478, the text "PX1295 (CSAG_00124998 at '012-13 . . .)" is replaced with "PX1295 (CSAG_00125005 at '012-13 . . .)".

---

[479] PX0813 (BAR-OTC-000193600 at '608).

233. ███████████████████████████████████
████████████████████████████████████[80]

**DEFENDANTS' RESPONSE**:  The cited documents and testimony do not

establish ██████████████████████████████████████

████████████████████████████ *see* PX0035 (DB-USDMDL 01263021), ███

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████ Blakemore Reply Decl.,

Ex. 11 (BOFA-LIB0786146 at -148).  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants admit that Reuters acted

as the designated distributor for BBA LIBOR, but otherwise dispute[a, d, e, g] Plaintiffs' statement.

234. ███████████████████████████████████

████████████████████████████████████[481]

**DEFENDANTS' RESPONSE**:  PX1295 does not include the page cited in

footnote 481, nor does either exhibit cited in footnote 481 support Plaintiffs' statement in

paragraph 234.  In any event, Plaintiffs' statement is immaterial and would not preclude summary

---

[80] ████ (Statement of Witness ███████ ¶ 39 ██████████████████████

█████████████████████████████████████████

PX0035 (DB-USDMDL 01263021 at '021 █████████████████████████

██████████████████████████████; PX0496 (RABO METZLER 0096698 at '698

███████████████████████████

[481] PX ███ (CSAG_00125005~~CSAG_00124998~~ at '012); PX ███ (BOFA-LIB0979077 at '077).

judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(d, e, g)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 234 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:**  In Paragraph 234, fn. 481, the text "PX1295 (CSAG_00124998 at '012)" is replaced with "PX1295 (CSAG_00125005 at '012)".

235.



[482]



**DEFENDANTS' RESPONSE:**  The cited material does not contain the phrase which Plaintiffs misleadingly place in quotation marks.  Further, the does not support Plaintiffs' statement because Plaintiffs selectively quote from the *See* PX1019 Dep., Ex. 1 ¶ 43).  Importantly, the cited

---

[482] PX          (Statement of Witness                ¶ 43



PX          (RBS_MDL_001218568 at '568)



*Id.* ( Dep., Ex. 1 ¶ 43).

*See* PX0622 (RBS_MDL_001218568 at -568)

In addition, the

*See* PX1476 Dep. Tr. 201:17-23)

); PX1019 ( Dep., Ex. 1 ¶¶ 44-45)

. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that PX1019 contains the above-quoted language, but otherwise dispute[a, b, d, e, g] Plaintiffs' statement.

**B.    Defendants Modified their Submissions in Response to Queries from Thomson Reuters or the BBA**

236.

[83]

_____

[483] PX     (JPM_MDL1_USD_00081670 at '672

); PX0188 & PX0188-A (JPM_MDL1_USD_00117104 (audio), transcript at 2:1-24

)); PX     & PX     (JPM_MDL1_USD_00116920 (audio), transcript at 2:4-3:3 ; PX     & PX     (JPM_MDL1_USD_00116109 (audio) and transcript at 2:2-2:24 ; PX     & PX (JPM_MDL1_USD_00116517 (audio), and  transcript at 2:8-2:23 ; PX     & PX     (PORTIGON0049911 (audio) and transcript at 1



    **DEFENDANTS' RESPONSE**:  PX1023 and the other materials cited in footnote 483 do not provide an evidentiary basis for Plaintiffs' statement.  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit ███████████████████████████████ contains the language quoted in footnote 483, but otherwise dispute[a, d, g] Plaintiffs' statement.

    237.  ████████████████████████████████████████████
████████████████████[484]

    **DEFENDANTS' RESPONSE**:  There is no evidentiary basis for Plaintiffs' overbroad statement.  The cited communications do not support Plaintiffs' statement that ██████ ████████████████████████████████████████████  In addition, the cited communications concern only one Panel Bank and two of the more than 700 submission days during the Relevant Period.  *See* Defs.' Stmt. ¶ 13(c).  Moreover, no reasonable inference can be drawn from PX ████, PX ██████, PX ████, and PX ██████ that ████████████████ ███████████████████████████████████ ██████████████████████ ███████████████████████████ *See* PX ███████████████ Dep., Ex. 35).  In the conversation reflected in PX ████████████████████████████



████████████████████████████████████████████████████████████████[a]
PX ████ & PX ██████ (NB-USDMDL-00535563 (audio) and transcript at 1 (████████████████████████████); PX █████ & PX ██████ (NB-USDMDL-00535862 (audio) and transcript at 2:5-15 ████████████████████████████████████████████████████████ PX ████ (Statement of Witness ████████ ¶ 43 ████████████████████████████████████████████████████ )); PX ████ (TR_LIBOR_00000003 ██████████████████████████████).

[484] PX ████ & PX ██████ (JPM_MDL1_USD_00117104 (audio) and transcript at 2:2-2:21 ███████████████████████████████████████; PX0182 & PX0182-A (JPM_MDL1_USD_00116920 (audio) and transcript at 2:4-3:6 ██████████████████████████████████████████████████.



*See* ████ Dep., Ex. 35, at 2-3).

*See* ████ Dep., Ex. 35, at 2).  In the conversation reflected in ████

*See* PX0188-A ████ Dep., Ex. 32, at 2).  ████

████ *See id.* ████ Dep., Ex. 32, at 2).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

238.  ████

████ [485].

**DEFENDANTS' RESPONSE:**  Plaintiffs mischaracterize the cited testimony.

████

████

████

████ PX ████ Dep. Tr. 201:10-202:2) (emphasis added).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.



[485] PX ████ Dep. 201:10-202:2 ████

239. 

**DEFENDANTS' RESPONSE:**   There is no evidentiary basis for Plaintiffs'

overbroad statement.   The cited communications concern only a small fraction of the more than

700 submission days during the Relevant Period.   *See* Defs.' Stmt. ¶ 13(c).   For the foregoing

reason, the Court should disregard Plaintiffs' statement.   To the extent any response is required,

Defendants admit only that on ██████████████████████████████████████████

███████████████████████████████████████████ but otherwise dispute[(a, e,]

[g)] Plaintiffs' statement.   No reasonable inference can be drawn from the cited material that ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████

[486] PX████ & PX██████ (JPM_MDL1_USD_00116109 (audio) and transcript at 2:2-2:24 ██████; PX████ & PX████ (JPM_MDL1_USD_00116517 (audio) and transcript at 2:8-23 ██████); PX██████ (DB-MDLFDI 00095379 at '379 ██████████; PX████ ████ Dep. 102:1-25); PX████ & PX██████ (NB-USDMDL-00535369 (audio) and transcript at 2:1-10 ██████)); PX████ & ████ (PORTIGON0049911 (audio) and transcript at 2-3 (██████)); PX██ (NB-USDMDL-00535561 (audio) and transcript at 1); PX████ (NB-USDMDL-00535563 (audio) and transcript at 1) ██████. *See* PX████ (TR_LIBOR_00000003 ██████████████████████████████████████████████████████████████████████████████.

[487] PX1514 (BAR-DAP-000549771 at '771 (transcript)).

### C.     The FXMMC Did Not Use its Power to Discipline Panel Banks Submitting Inaccurate LIBORs

240.     The LIBOR definition provided "If an individual Contributor Bank ceases to comply with the spirit of this Definition or *Instruction to BBA LIBOR Contributor Banks*, the BBA, in consultation with the BBA LIBOR Steering Group, may issue a warning requiring the Contributor Bank to remedy the situation or, at its sole discretion, exclude the Bank from the Contributor Panel."[488]

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as the cited 1998 version of the BBA LIBOR definition was not in place throughout the Relevant Period.  *See* Defs.' Stmt. ¶ 15 n.30 (citing the November 2002 and October 2010 versions).  No inferences can be drawn from the cited material that the BBA actually issued any warning to, excluded, or otherwise had any disciplinary authority over Panel Banks.  *See* Blakemore Reply Decl., Ex. ████ Dep. Tr. 31:6-10) ████████████████████████████ ; PX1476 ██████ Dep. Tr. 42:15-18) ████████████████████████████████ ; *id.* ██████ Dep. Tr. 48:9-18) ████████ ████████████████████████████ ████████████████████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the statement accurately quotes the BBA LIBOR definition from 1998, but otherwise dispute[(a, d)] Plaintiffs' statement.

241.     ████████████████████████████[489]

---

[488] PX ██ (BBA LIBOR Fixing Definition – 1998 version ¶ 9 (emphasis in original)).

[489] PX ██████ Dep. 47:10-48:18), PX ████ (Statement of Witness [██████] ] ¶ 24).

**DEFENDANTS' RESPONSE:**   Admit[a, d, e, g]  that █████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████ PX██████████ Dep., Ex. 1 ¶ 24); PX██████████ Dep. Tr. 47:10-48:18) (

¶ 24 of PX1019).

242.  ████████████████████████████████████████████

████████████████████████[490]

**DEFENDANTS' RESPONSE:**    The   cited   ███████████████████

██████████  do not support Plaintiffs' statement.  Plaintiffs omit from their citation and partial

quotation key portions of the ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████ PX1015 ██████ Dep., Ex. 13, at 1) ██████████████████████

████████████████████████████████ The full paragraph where the

quoted language appears states:



490 PX██████████████ 133:5-24); PX████████ Ex. 13, March 27, ████████████████████
at 2).

291



*Id.* ▮▮▮▮ Dep., Ex. 13, at 2). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants admit that the above-quoted language appears

in the cited ▮▮▮▮▮▮, PX1015, and that Plaintiffs' counsel read this portion of the cited

▮▮▮▮▮▮ into the record at ▮▮▮▮ deposition, *see* PX ▮▮▮▮▮ Dep. Tr. 133:5-24),

but otherwise dispute[a, d, e, g] Plaintiffs' statement.

243. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[91]

**DEFENDANTS' RESPONSE:** Admit.[a, d]

## X. DEFENDANTS' REGULATORY ADMISSIONS

244. Between August 2007 and January 2009, Barclays "often submitted inaccurate Dollar LIBORS that under-reported its perception of its borrowing costs and its assessment of where its Dollar LIBOR submission should have been."[492] Management, including senior managers, "directed . . . submitters contribute rates that were nearer to the expected rates of other Contributor Panel banks rather than submitting the proper, higher LIBORS."[493] The "intent" of the directives was to "influence Barclays's benchmark interest rate submissions."[494] As a result of

---

[491] PX▮▮▮▮ Dep. 133:5-24).

[492] Barclays SOF ¶ 36; *see also In the Matter of Barclays PLC*, CFTC No. 12-25, Order Instituting Proceedings Pursuant to Sections 6(c)(4)(A) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, 2012 WL 2500330, at 19 (C.F.T.C. June 27, 2012) ("Barclays CFTC Order"), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfbarclaysborder052015.pdf.; An Agreement By and Between the Attorneys General of the States and Commonwealths of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming and Barclays Bank PLC and Barclays Capital Inc., dated August 8, 2016, Aug. 8, 2016,                 ¶¶                 15,                 27-31,                 https://portal.ct.gov/-/media/ag/press_releases/2016/20160808barclayssettlementagreementpdf.pdf ("Barclays State AG").; Final Notice: Barclays Bank plc, Financial Services Authority, June 27, 2012, ¶¶ 12-14, 114, https://www.fca.org.uk/publication/final-notices/barclays-jun12.pdf ("Barclays FSA Final Notice")

[493] Barclays SOF ¶¶ 36, 40.

[494] Barclays SOF ¶ 41.

these directives, Barclays "reduced its submissions on many occasions so that they were not too high compared to other banks."[495]

**DEFENDANTS' RESPONSE**:  Plaintiffs do not accurately characterize the cited material.  The cited FSA Final Notice and State AG Settlement do not contain any admissions by Barclays, nor are they admissible evidence.  Similarly, nothing in the cited CFTC Order is an admission unless it is admitted in the Barclays SOF and the CFTC Order is generally not admissible evidence.  *See* Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, As Amended, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Barclays PLC, Barclays Bank PLC and Barclays Capital Inc.,* CFTC Docket No. 12-25    (June    27,    2012),    https://www.cftc.gov/sites/default/files/idc/groups/public/ @lrenforcementactions/documents/legalpleading/enfbarclaysorder062712.pdf ("Barclays CFTC Order") at 1 n.1.  As "the product of a settlement between" regulators and Barclays, and thus "not an adjudication of the underlying issues," these orders and agreements are inadmissible under Federal Rule of Evidence 408.  *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited documents contain, among other things, the material selectively quoted by Plaintiffs, but otherwise dispute[(a, b, d, e)] that the statement identifies any specific day on which Barclays "submitted inaccurate Dollar LIBORS" or any specific tenor for which Barclays "submitted inaccurate Dollar LIBORS." Furthermore, no reasonable inference can be drawn from the cited material that Barclays conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period, as none of the foregoing regulators, or the DOJ, made a finding or otherwise indicated that Barclays

---

[495] Barclays FSA Final Notice ¶ 116.

conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.  Defs.' Stmt.

¶¶ 285, 287.

245.    At times, Barclays directed its submitters to make sure Barclays was "not too far above the next highest contributor" while at other times it directed the submitter to "stay within the pack."[496] Once, a Senior Barclays Treasury manager directed that the submission should be within ten basis points of the submissions by the other U.S. Dollar panel banks.[497] And during the period of "extreme illiquidity" following the Bear Stearns acquisition, Barclays directed submitters to enter LIBOR contributions "exactly where the market is setting,"[498] after which, Barclays LIBOR submissions decreased substantially and its position relative to other banks fell.[499]

**DEFENDANTS' RESPONSE:**  Plaintiffs do not accurately characterize the

cited material.  Further, the cited FSA Final Notice does not contain any admissions by Barclays,

nor is it admissible evidence.  Similarly, nothing in the cited CFTC Order is an admission unless

it is admitted in the Barclays SOF and the CFTC Order is generally not admissible evidence.  *See*

Barclays CFTC Order at 1.  As "the product of a settlement between" regulators and Barclays, and

thus "not an adjudication of the underlying issues," these orders and agreements are inadmissible

under Federal Rule of Evidence 408.  *In re Platinum & Palladium Commodities Litig.*, 828 F.

Supp. 2d 588, 594 (S.D.N.Y. 2011).  For the foregoing reasons, the Court should disregard

Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited

documents contain, among other things, the material selectively quoted by Plaintiffs, but otherwise

dispute[(a, b, e)] that the statement identifies (either by day or tenor) any specific USD LIBOR

submission impacted by the directive.  Furthermore, no reasonable inference can be drawn from

the cited material that Barclays conspired to persistently suppress their USD LIBOR submissions

throughout the Relevant Period, as none of the foregoing regulators, or the DOJ, made a finding

---

[496] Barclays SOF ¶ 37.

[497] Barclays CFTC Order at 20.

[498] Barclays FSA Final Notice ¶ 120.

[499] Barclays FSA Final Notice ¶ 122.

or otherwise indicated that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.  Defs.' Stmt. ¶¶ 285, 287.

246.    Barclays employees knew that these directives violated the LIBOR rules.[500] After one directive, the senior U.S. Dollar submitter Barclays submitter wrote: "I will reluctantly, gradually and artificially get my libors in line with the rest of the contributors as requested. I disagree with this approach as you are well aware. I will be contributing rates which are nowhere near the clearing rates for unsecured cash and therefore will not be posting honest prices."[501] On October 29, 2008, one Barclays submitter copied compliance when emailing that complying with managements' directives would require "breaking the BBA rules" regarding LIBOR setting.[502]

**DEFENDANTS' RESPONSE:**  Plaintiffs do not accurately characterize the cited material.  For example, the "Barclays submitter" that sent the email including the phrase "breaking the BBA rules" was ███████, who was not one of Barclays USD LIBOR submitters. *See* Defs.' Stmt. ¶ 42.  Further, the cited FSA Final Notice does not contain any admissions by Barclays, nor is it admissible evidence.  Similarly, nothing in the cited CFTC Order is an admission unless it is admitted in the Barclays SOF, and the CFTC Order is generally not admissible evidence.  *See* Barclays CFTC Order at 1.  As "the product of a settlement between" regulators and Barclays, and thus "not an adjudication of the underlying issues," these orders and agreements are inadmissible under Federal Rule of Evidence 408.  *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited documents contain, among other things, the material selectively quoted by Plaintiffs, but otherwise dispute[(a, b, e)] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited material that Barclays conspired to persistently suppress their USD LIBOR

---

[500] Barclays SOF ¶ 38.

[501] Barclays CFTC Order at 24.

[502] Barclays FSA Final Notice ¶ 177. This email continued: "the breaking of such rules will happen until the instruction demanded by senior management will be rescinded or the BBA rules are changed."; *Id.*

submissions throughout the Relevant Period, as none of the foregoing regulators, or the DOJ, made a finding or otherwise indicated that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.  Defs.' Stmt. ¶¶ 285, 287.

247.    Barclays' reputational concerns drove these directives. Senior managers "expressed concern" after news article questioned Barclays liquidity. In response, they "engaged in this misconduct" of "under-reporting Dollar LIBORs."[503]

**DEFENDANTS' RESPONSE:**  Defendants admit that the cited documents contain, among other things, the material selectively quoted by Plaintiffs, but otherwise dispute[(a, c)] that the statement identifies (either by day or tenor) any specific USD LIBOR submission impacted by the directive.  Furthermore, no reasonable inference can be drawn from the cited material that Barclays conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period, because the DOJ did not make a finding or otherwise indicate that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.  Defs.' Stmt. ¶ 285.

248.    Citibank suppressed its LIBOR submissions.[504] Citi made "false, misleading or knowingly inaccurate" LIBOR submissions,[505] and "at times, Citi's U.S. Dollar LIBOR submissions did not accurately or solely reflect Citi's assessment of the costs of borrowing unsecured funds."[506] One Citi LIBOR submitter wrote "LIBORs are not a true reflection of anything."[507] When discussing Citi's future submission, one submitter explained "just try to avoid being [the] highest [submission], no need to be lowest."[508]

**DEFENDANTS' RESPONSE:**  The cited Citi CFTC Order and State AG Settlement do not support Plaintiffs' legal conclusion that Citi "suppressed its LIBOR

---

[503] Barclays SOF ¶¶ 39-40.

[504] Citi CFTC Order at 2-3; PX███ (Citi State AG Settlement ¶¶ 14-25).

[505] Citi CFTC Order at 19).

[506] Citi CFTC Order at 14.

[507] PX1171 (Citi State Attorneys General ¶ 34).

[508] Citi CFTC Order at 16.

submissions." Citi did not admit the CFTC's findings or conclusions in its consent order. Defs.' Stmt. ¶ 288. The CFTC did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR. *Id*. And Citi did not admit the allegations set forth in the State AG Settlement, nor did the State AGs make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR. *Id*. ¶ 289. Plaintiffs also misquote page 16 of the Citi CFTC Order. In addition, as "the product of a settlement between" a regulator and Citi, and thus "not an adjudication of the underlying issues," the Citi CFTC Order is inadmissible under Federal Rule of Evidence 408. *See, e.g., In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, e, f)] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 248 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 248, the text "just try to avoid being the highest [submission], no need to be lowest" is replaced with "just try to avoid being [the] highest [submission], no need to be lowest".

249. Citi lowered its submissions to the point that a submitter commented that he had "nothing on paper to show" for the submissions "at all."[509] Citi's USD submitters "knew that the bank, at times, would need to pay rates above Citi's LIBOR submission to raise funds."[510] From fall of 2008 through summer of 2009, Citi had "difficulty securing funding in the London interbank market at or below Citi's LIBOR submissions, particularly in the longer tenors."[511]

**DEFENDANTS' RESPONSE:** The cited Citi CFTC Order does not support Plaintiffs' legal conclusion that "Citi lowered its submissions." Citi did not admit the CFTC's findings or conclusions in its consent order. Defs.' Stmt. ¶ 288. The CFTC did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently

---

[509] Citi CFTC Order at 16.

[510] Citi CFTC Order at 17.

[511] Citi CFTC Order at 17.

suppress USD LIBOR. *Id.* In addition, as "the product of a settlement between" a regulator and

Citi, and thus "not an adjudication of the underlying issues," the Citi CFTC Order is inadmissible

under Federal Rule of Evidence 408. *See, e.g.*, *In re Platinum & Palladium Commodities Litig.*,

828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011). For the foregoing reasons, the Court should disregard

Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, e, f)] Plaintiffs'

statement.

250.    Citi based its Dollar LIBOR submissions on a "desire to shield the institution
from negative market perceptions regarding its liquidity, strength and creditworthiness."[512] Citi's
submissions "did not accurately or solely reflect where Citi borrowed or could borrow," but instead
were "based in whole or in part on the desire to avoid negative market perceptions of Citi's
financial condition."[513] Citi knew this was an illegitimate and impermissible way to set its LIBOR
contribution.[514]

**DEFENDANTS' RESPONSE:**  The cited Citi CFTC Order does not support

Plaintiffs' legal conclusion that Citi's conduct "was an illegitimate and impermissible way to set

its LIBOR contribution." Citi did not admit the CFTC's findings or conclusions in its consent

order. Defs.' Stmt. ¶ 288. The CFTC did not make any findings or allegations that Citi participated

in a conspiracy with other Panel Banks to persistently suppress USD LIBOR. *Id.* In addition, as

"the product of a settlement between" a regulator and Citi, and thus "not an adjudication of the

underlying issues," the Citi CFTC Order is inadmissible under Federal Rule of Evidence 408. *See,*

*e.g.*, *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011).

For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any

response is required, Defendants dispute[(a, b, e, f)] Plaintiffs' statement.

---

[512] Citi CFTC Order at 19. *See also* Citi CFTC Order at 16 (Citi understood the market scrutinized outlier LIBOR contributions and at times sought to make contributions that would allow Citi to be "seen but not heard anywhere in the market" by being a middle of the pack submitter).

[513] Citi CFTC Order at 19.

[514] Citi CFTC Order at 19.

251.    Citi concealed the fact that it could not secure funds at or below LIBOR. With the financial crisis, Citi faced increasing liquidity challenges and realized that it would be difficult for it to secure cash at or below LIBOR.[515] Citi feared that if it paid above LIBOR or if it submitted LIBORs that reflected what it had to pay for cash, speculation about Citi's reputation would ensue.[516] Therefore, Citi sometimes chose not to secure funds in the London market[517] and directed other personnel to avoid offering to borrow at rates higher than the its LIBOR submissions.[518]

**DEFENDANTS' RESPONSE**: The cited Citi CFTC Order and State AG Settlement do not support Plaintiffs' legal conclusion that "Citi concealed the fact that it could not secure funds at or below LIBOR." Citi did not admit the CFTC's findings or conclusions in its consent order. Defs.' Stmt. ¶ 288. The CFTC did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR. *Id*. And Citi did not admit the allegations set forth in the State AG Settlement, nor did the State AGs make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR. *Id*. ¶ 289. In addition, as "the product of a settlement between" regulators and Citi, and thus "not an adjudication of the underlying issues," these orders are inadmissible under Federal Rule of Evidence 408. *See, e.g.*, *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[(a, b, e, f)] Plaintiffs' statement.

252.    Lloyds and HBOS suppressed their LIBOR submissions. For the last quarter of 2008, HBOS set its LIBOR contributions so the bank would "not stand out as a material outlier"[519]

---

[515] Citi CFTC Order at 14-15.

[516] Citi CFTC Order at 15.

[517] Citi CFTC Order at 15.

[518] PX ▮▮ (Citi State AG Settlement ¶¶ 26-32).

[519] *In the Matter of Lloyds Banking Group PLC*, CFTC No. 14-18, Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, at 3, 14 (July 28, 2014) ("Lloyds CFTC Order"), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enflloydsorderdf072814.pdf.

to "avoid a market perception that HBOS was a desperate borrower of funds."[520] HBOS instructed its LIBOR submitters to "make submissions consistent with the rate at which HBOS bid for funds in the market (*i.e.*, the rate of the LIBOR fixing) rather than at the rate HBOS was offered funds."[521]

a. For example, on September 26, 2008, an HBOS supervisor told the Dollar LIBOR submitter that LIBOR submissions should be "lower relative to other panel members" and "directed him to reduce the spread" between HBOS and the other banks.[522] After this, HBOS three-month LIBOR submission decreased to match the other highest submissions.[523] Until its merger with Lloyds, the FCA found that HBOS rarely strayed from the pack.[524]

**DEFENDANTS' RESPONSE:**    The cited documents do not support the proposition that "Lloyds and HBOS suppressed their LIBOR submissions" as a general matter.  In particular, although LBG and Lloyds Bank agreed with three government authorities—the DOJ, CFTC, and FCA—to resolve investigations regarding Lloyds Bank and HBOS's interest rate benchmark submission process, (i) LBG entered a not guilty plea in the district court proceeding commenced, and subsequently voluntarily discontinued, in connection with the DOJ investigation; (ii) only in connection with the DOJ resolution did LBG or Lloyds Bank admit any facts; and (iii) none of the resolutions resulted in any finding by any government authority, or any admission by LBG or Lloyds Bank, that Lloyds Bank or HBOS conspired with any other Panel Bank (or any other person or entity) to persistently suppress USD LIBOR.  *See* Defs.' Stmt. ¶¶ 299, 301.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the cited documents, but these documents do not contain or constitute "admissions" by Lloyds Bank, HBOS or LBG; on

---

[520] Lloyds CFTC Order at 16.

[521] Lloyds CFTC Order at 16.

[522] Lloyds CFTC Order at 15; Final Notice from the Financial Conduct Authority to Lloyds Bank plc & Bank of Scot. plc, ¶ 4.54 (July 28, 2014) ("Lloyds FSA Final Notice"), https://www.fca.org.uk/publication/final-notices/lloyds-bank-of-scotland.pdf.

[523] Lloyds FSA Final Notice ¶ 4.54.

[524] Lloyds FSA Final Notice ¶ 4.59.

the contrary, the quoted statements were made by regulators but were *not* admitted.  Otherwise, Defendants dispute[a, d, f, g] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions during the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions during the Relevant Period.

253.    RBS "inappropriately considered the impact of LIBOR and RBS's LIBOR submissions on the profitability of transactions in its money market trading books as a factor when making (or directing others to make) . . . USD LIBOR submissions." [525]

**DEFENDANTS' RESPONSE:**  While Plaintiffs' statement accurately quotes the cited document, the statement should be disregarded to the extent it purports to support the proposition that NatWest admitted any USD LIBOR suppression or manipulation to regulators. The quoted statement is not an admission by NatWest, but rather an allegation from a FCA Final Notice to NatWest, dated February 6, 2013.  Plaintiffs do not controvert that (i) numerous regulators, including the FCA, investigated NatWest's USD LIBOR submissions over the Relevant Period, and no regulator made any finding that NatWest suppressed USD LIBOR submissions or conspired to suppress USD LIBOR submissions, Defs.' Stmt. ¶¶ 302-308, 586; and (ii) NatWest's USD LIBOR submitter during the Relevant Period, ████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████, *see* NatWest Decl., Ex.

B (████████ Dep. Tr. 17:7-18) ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████. To the extent any further response is required,

---

[525] Final Notice from the Fin. Servs. Auth. to the Royal Bank of Scotland plc, ¶ 5 (Feb. 6, 2013) ("RBS FSA Final Notice"), https://www.fca.org.uk/publication/final-notices/rbs.pdf.

Defendants dispute[(a, d, e, g)] that the document reflects an admission that NatWest "'inappropriately considered the impact of LIBOR and RBS's LIBOR submissions on the profitability of transactions in its money market trading books as a factor when making (or directing others to make) . . . USD LIBOR submissions.'"

254.    UBS disregarded the LIBOR rules and suppressed its LIBOR submissions. UBS admitted it implemented its "err on the low side" or "middle of the pack" directive because it feared compliant LIBOR submissions would create the impression that it struggled to obtain funds.[526] The DOJ non-prosecution agreement stated: LIBOR submissions based on reputational concerns did not comply with the LIBOR definition.[527]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  Further, because Plaintiffs' statement is an impermissible legal conclusion, not a fact, the statement should be disregarded and does not preclude summary judgment.  In addition, to the extent Plaintiffs claim that UBS "implemented" a "directive because it feared compliant UBS LIBOR submissions would create the impression that it struggled to obtain funds," the record evidence shows that ███████

████████████████████████████████████████████████████████████  *See*

Defs.' Stmt. ¶ 190 and n.312.  Furthermore, the documents Plaintiffs cite in footnote 526 do not support the statements that "UBS disregarded the LIBOR rules and suppressed its LIBOR

---

[526] UBS SOF ¶ 100; *see also In the Matter of UBS AG*, CFTC No. 13-09, Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions, at 2 (Dec.          19,          2012) ("UBS          CFTC          Order"), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfubsorder121912.pdf (UBS conceding that it "used false benchmark interest rate submissions, including U.S. Dollar LIBOR, to protect itself against media speculation concerning its financial stability during the financial crisis"); Final Notice: UBS AG, Financial Services Authority, Dec. 19, 2012, ¶¶ 110-126, https://www.fca.org.uk/publication/final-notices/ubs.pdf ("UBS FSA Final Notice"); An Agreement By and Between the Attorneys General of the States and Commonwealths of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, West Virginia, Wisconsin, and UBS AG, dated December 21, 2018, Dec. 21, 2018, ¶¶ 16-31, https://ag.ny.gov/sites/default/files/ubs_settlement_agreement.pdf ("UBS State AG").

[527] UBS SOF ¶ 100.

submissions" or that "UBS admitted it implemented its 'err on the low side' or 'middle of the pack' directive because it feared compliant LIBOR submissions would create the impression that it struggled to obtain funds."   To the extent that Plaintiffs cite UBS's CFTC Order to claim it "admitted" certain facts, UBS expressly did not admit any of the findings or conclusions contained in the CFTC Order.  *See* UBS CFTC Order at 1; Defs.' Stmt. ¶ 322.  The cited UBS FCA Final Notice and UBS State AG settlement also do not contain any admissions by UBS, except to the extent that UBS admitted allegations in the UBS SOF.  *See* Defs.' Stmt. ¶ 324.  No government investigation resulted in any finding by any government authority, or any admission by UBS, that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.  *See id*. ¶¶ 325-326.  Further, no government regulator found that UBS engaged in persistent or systematic suppression of its USD LIBOR submissions during the Relevant Period. *See id*. ¶ 593.  The paragraph Plaintiffs cite from the UBS SOF references guidance from certain "managers and senior managers," but it does not state that any "directive" was "implemented," and it does not state that UBS's USD LIBOR submitter at the time, ███████████████████

████████████████████████████████████████████████████████████████████

███████  *See* Defs.' Stmt. ¶ 190 n.312 (citing UBS Decl., Ex. ███ (MDL_OTC_UBS_0050018 at -018)), in which ████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████  *Id.* ¶¶ 180-181 (quoting UBS Decl., Ex. ████████████ Dep., Ex. A, at 11)).  UBS's LIBOR submitters ██████████████████████

██████████████████████████████  *Id.* ¶ 180 (████████████████████████

████████████████████; *id*. ¶ 274 █████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████ ); *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ██████████ ., Ex. A, at 10), in

which ███████████████████████████████████████████████

████████████████████████████████████████████ "); *id.* (citing

UBS Decl., Ex. ████████████ Dep., Ex. 18, at 2), in which ████████████

████████████████████████████████████████████ "); *id.*

(citing UBS Decl., Ex. 38 (MDL_OTC_UBS_0488202 at -202), in which UBS's ████████

██████████████████████████████████████████████████████

████████████ "); *id.* ¶ 568 (████████████████████████████

████████████████████████████████████ *id.* ¶ 569 ████

██████████████████████████████████████████████████████

████████████████████████████████████ ; *id.* ¶ 570 ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████ ; *id.* ¶ 572 ████████████████████████████████████

████████ . For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the

extent any response is required, Defendants admit that the UBS SOF contains the above-quoted

language and refer to the UBS SOF for a complete and accurate statement of its contents, but

otherwise dispute[a, e, f, g] Plaintiffs' statement.

255.    Employees at UBS understood that the internal directives and UBS's
submissions did not comply with the LIBOR rules.[528] On September 22, 2008, when asked why
UBS's investment bank cash curve was 35 basis points above LIBOR, a member of the UBS ALM
team explained it was "because the real cash market isn't trading anywhere near LIBOR . . . Libors

---

[528] UBS SOF ¶ 101.

currently are even more fictitious than usual."[529] That same employee explained that LIBOR is supposed to represent the rate at which banks lend to one another, but "in practise, it's a made up number" and that banks "undervalue" it "to not show where they really pay in case it creates headlines about that bank being desperate for cash."[530]

**DEFENDANTS' RESPONSE:**    Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  The quoted statements, ████████████████████████████████, *see* Defs.' Stmt. ¶ 173, had no impact on UBS's USD LIBOR submissions.  Additionally, while Plaintiffs cite to the UBS SOF, no government regulator found that UBS engaged in persistent suppression of its USD LIBOR submissions during the Relevant Period.  *See id.* ¶ 593.  Further, no government investigation resulted in any finding by any government authority, or any admission by UBS, that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.  *See id.* ¶¶ 325-326.  The paragraph Plaintiffs cite from the UBS SOF references ████ ████ employees and it does not state that UBS's submitter at the time, ████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████ *See id.* ¶ 190 n.312 (citing UBS Decl., Ex. 22 (MDL_OTC_UBS_0050018 at -018), in which ████████████████████ ██████████████████████████████████████████████████████████.  To the extent that Plaintiffs state that UBS USD LIBOR submitters received mandatory "directives" requiring them to make submissions at any particular level, no such mandatory "directives" were ever issued or followed.  *Id.* ¶ 180 ████████████████████████████████ ████████████████; *id.* ¶ 274 ████████████████████████████████████

---

[529] UBS SOF ¶ 101.

[530] UBS SOF ¶ 101. When considering how to answer a press question asking why UBS had been "paying 12 basis points for [commercial paper] more than it was posting as a LIBOR quote," one senior manager proposed "because the whole street was doing the same and because we did not want to be an outlier in the libor fixings, just like everybody else." UBS SOF ¶ 117.



*id.* ¶ 567 n.805 (citing UBS Decl., Ex. ███████ Dep., Ex. A, at 10), in which ███

███████ ); *id.* (citing UBS Decl., Ex.

███████ Dep., Ex. 18, at 2), in which ███████

███████ ); *id.* (citing UBS

Decl., Ex. ██ (MDL_OTC_UBS_0488202 at -202), in which UBS's ███████

███████ ;

*id.* ¶ 568 ███████

███████ ); *id.* ¶ 569

███████

███████ ; *id.* ¶ 570 ███████

███████

███████ ; *id.* ¶ 572 ███

███████ . For the

foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is

required, Defendants admit that Plaintiffs correctly quote statements from UBS's SOF in footnotes

529 and 530, and do not dispute the contents of the UBS SOF, and refer to the UBS SOF for a

complete and accurate statement of its contents, but otherwise dispute[a, e, g] Plaintiffs' statement.

     256.    UBS LIBOR submissions conformed to the UBS directives about submissions, regardless of how accurately it characterized the LIBOR definition. When the directive changed, UBS's submissions followed.[531]

---

[531] *See* UBS SOF ¶¶ 115-123.

**DEFENDANTS' RESPONSE**:  Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  The statements that "UBS LIBOR submissions conformed to the UBS directives about submissions, regardless of how accurately it characterized the LIBOR definition" and that "[w]hen the directive changed, UBS's submissions followed," are unduly vague and are not described with any degree of specificity.  The cited UBS SOF does not support Plaintiffs' statements.  To the extent that Plaintiffs state that UBS's USD LIBOR submitters received mandatory "directives" requiring them to make submissions at any particular level, no such mandatory "directives" were ever issued or followed.  *See* Defs.' Stmt. ¶ 180 (█████████████████████████████████

███████████████; *id.* ¶ 190 n.312 (quoting UBS Decl., Ex. ██ (MDL_OTC_UBS_0050018 at -018), in which █████████████████████████████████████████████

████████████████████████████; *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ██████

████████ Dep., Ex. 18, at 2), in which ████████████████████████

███████████████████████████████████); *id.* (citing UBS Decl., Ex.

██ (MDL_OTC_UBS_0488202 at -202), in which UBS's ██████████████████

██████████████████████████████████████████); *id.* ¶

568 ████████████████████████████████████████████████

███████████████████████████); *id.* ¶ 569 (█████████████

███████████████████████████); *id.* ¶ 570 (██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████ *id.* ¶ 572 ████████████████████████████

████████████████  The evidence is inconsistent with Plaintiffs' claim that "UBS LIBOR

submissions conformed to" any "UBS directives regardless of how accurately it characterized the LIBOR definition." *See id.* ¶ 190 n.312 (quoting UBS Decl., Ex. █ (MDL_OTC_UBS_0050018 at -018), in which ███████████████████████████████████████████████████████ ██████████████████████████ ). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants do not dispute the contents of the UBS SOF cited in footnote 531, refer to the UBS SOF for a complete and accurate statement of its contents, and otherwise dispute[a, e, g] Plaintiffs' statement.

257. UBS began its "err on the low side" directive in August 2007 "in order to protect the bank's reputation" after questioning from a Bloomberg reporter regarding the bank's creditworthiness.[532] When describing a LIBOR contribution, a submitter commented: "this seem probably a tad low right now, but recon that's what we should try to be," and added, "we just don't want to give the market a wrong impression . . . we not struggling to get cash . . . so therefore don't want to be on the highs of libors."[533]

**DEFENDANTS' RESPONSE:** Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1. In August 2007, ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ *See* Defs.' Stmt. ¶ 177. To the extent that Plaintiffs state that UBS's LIBOR submitters received a mandatory "directive" requiring them to make submissions at any particular level, no such mandatory "directive" was ever issued or followed. *See id.* ¶ 180 (████████████████████████ █████████████████████████ ); *id.* ¶ 190 n.312 (quoting UBS Decl., Ex. █ (MDL_OTC_UBS_0050018 at -018), in which ████████████████████████████ ████████████████████████████████████████████ ); *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ██████████ Dep., Ex. 18, at 2), in which ████████████████████

---

[532] UBS SOF ¶¶ 102-103; 108-109.

[533] UBS SOF ¶ 106.

); *id.* (citing UBS

Decl., Ex. ▮ (MDL_OTC_UBS_0488202 at -202), in which UBS's

*id.* ¶ 568

; *id.* ¶ 569

*id.* ¶ 572

. UBS's USD LIBOR submitter at the time,

*Id.* ¶ 177; *see also id.* n.290 (quoting UBS

Decl., Ex. ▮ Dep., Ex. A, at 5), in which

For the

foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is

required, Defendants admit that the UBS SOF contains the above-quoted language, do not dispute

the contents of the UBS SOF, and refer to the UBS SOF for a complete and accurate statement of

its contents, but otherwise dispute[(a, e, g)] Plaintiffs' statement.

258.    In April 2008, UBS managers asked the Dollar submitters to "aim to be in the middle of the pack."[534] Immediately after the middle of the pack directive, UBS's LIBOR submissions were in the middle of the pack.[535] And June 2, 2008, UBS instructed LIBOR submitters to set rates close to those for commercial paper and certificates of deposit, after which

---

[534] UBS SOF ¶ 115.

[535] UBS SOF ¶ 116.

UBS's submissions shot up dramatically.[536] Finally, the week of June 16, 2008, a UBS senior manager directed the Dollar LIBOR submitters to lower their submissions to "get in line with the competition."[537] For about 10 months following this directive, UBS 3-month Dollar Libor submission perfectly matched the published fix and nearly matched the published fix for the other tenors.[538] UBS managed to comply with this directive despite the significant disruptions to financial markets during this period which affected different financial institutions, including UBS, in different ways.[539]

**DEFENDANTS' RESPONSE:** Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1. The cited material does not support Plaintiffs' statement. To support their claim that there was a "middle of the pack directive" made to "Dollar submitters," Plaintiffs reference a communication in which ▪▪▪▪▪▪ stated that he received "guidance" to "aim to be in the middle of the pack"—but ▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪ Defs.' Stmt. ¶¶ 180-181 (quoting UBS Decl., Ex. ▪▪▪▪▪▪ Dep., Ex. A, at 11)). To the extent that Plaintiffs state that UBS's LIBOR submitters received mandatory "directives" requiring them to make submissions at any particular level, no such mandatory "directives" were ever issued or followed. *See id.* ¶ 180 ▪▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪); *id.* ¶ 190 n.312 (quoting UBS Decl., Ex. ▪▪ (MDL_OTC_UBS_0050018 at -018), in which ▪▪▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪; *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ▪▪▪▪▪▪ Dep., Ex. ▪, at 2), in which ▪▪▪▪▪▪▪▪▪

---

[536] UBS SOF ¶ 118.

[537] UBS SOF ¶ 120.

[538] UBS SOF ¶ 122.

[539] UBS SOF ¶ 123.



; *id.* (citing UBS Decl., Ex. 38 (MDL_OTC_UBS_0488202 at -202), in which UBS's ; *id.* ¶ 568 ); *id.* ¶ 569 ); *id.* ¶ 570 ; *id.* ¶ 572 . UBS's *See id.* ¶ 595 (citing UBS Decl., Ex. Dep., Ex. A, at 11-13), in which . For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit that the UBS SOF contains the above-quoted language, do not dispute the contents of the UBS SOF, and refer to the UBS SOF for a complete and accurate statement of its contents, but otherwise dispute[a, e, g] Plaintiffs' statement.

259.    UBS had deficient systems and controls for its LIBOR submissions.[540] FINMA found that none of the LIBOR submission procedure contained "any references to potential conflicts of interest" and that they contained "only very limited practical guidance for submitters on how to submit."[541] The August 2008 procedures "were never circulated among submitters" and "no formal training was conducted regarding the procedures."[542]

---

[540] PX▮ (FINMA Investigation at 9).

[541] PX▮ (FINMA Investigation at 9).

[542] PX▮ (FINMA Investigation at 9).

**DEFENDANTS' RESPONSE:**  Plaintiffs' compound statement includes multiple discrete statements and is not a short statement that complies with Rule 56.1.  The phrase "deficient systems and controls" is also unduly vague and is not described with any degree of specificity.  UBS did not have "deficient systems and controls" for its USD LIBOR submissions.  UBS also did not agree to admit the findings contained in the FINMA Summary Report.  Furthermore, no government investigation, including that by FINMA, resulted in any finding or admission that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.  Defs.' Stmt. ¶ 326.  Further, no government regulator, including FINMA, found that UBS engaged in persistent or systematic suppression of its USD LIBOR submissions during the Relevant Period.  *See id.* ¶ 593.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that PX0043 contains the above-quoted language and refer to PX0043 for a complete and accurate statement of its contents, but otherwise dispute[a, d, g] Plaintiffs' statement.

## XII.  CREDIT SUISSE AND NORINCHUKIN SPECIFIC EVIDENCE

260.  ██████████████████████████████[543]

---

[543] *See also* PX██ (HSBC-USDLIBORLIT-0010415) (audio) & PX███ (transcript) at 1. ██████████████████████████████████ ; PX███ ████████ Dep.) at 77:16-23 (█████████████████████ ; PX███ ███ (NB-USDMDL-00535686) (audio) & PX400-A (transcript) at 2; PX██████ Dep.) at 69:10-70: ████████████████████ PX█████ Dep.) at 16:12–16:25 ██████████████████████████ PX████ Dep.) at 15:8–19 ████████████████████ (objection omitted); PX██ (CS_00020893) (████ messaging submitter

**DEFENDANTS' RESPONSE:**  The documents that Plaintiffs cite in footnote 543 do not support the statement that ███████████████████████████████ ███████  Plaintiffs do not cite any direct evidence of ███████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████ PX ████ and PX ██████ incorrectly state that █████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████ PX ████████████ Dep., Ex. 18A, at 2).  ██████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████  *See* Defs.' Stmt. ¶ 222.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statement.

---

██████ PX ████ (DB-USDMDL 00314322) ████████████████████; PX ████ (BAR-OTC-001366685) (audio) & PX ████████ (transcript) at 1-2 (November 28, 2007 call between Barclays' ████████████████████████████████ ██████████████████████████████

261.    Credit Suisse █████████████████████████████████████
██████████████████████████████████████ 544
███████████████████████████████ 545

**DEFENDANTS' RESPONSE**:    The documents that Plaintiffs cite do not

support the statement that throughout the Relevant Period Credit Suisse ███████████████

█████████████████████████████    ██████████████████████████████

███████████████████████████████████████    *See* Defs.'

Stmt. ¶ 612.  The documents and testimony that Plaintiffs cite in footnote 545 do not

assertion that Credit Suisse ████████████████████████████████████

███████████████    For the foregoing reasons, the Court should disregard Plaintiffs' statement.

To the extent any response is required, Defendants dispute[a, c, g] Plaintiffs' statement.  Furthermore,

no reasonable inference can be drawn from the cited material that Credit Suisse ████████████

████████████████████████████████████████████████████

*See id.* ¶¶ 534-536.



---

[544] PX███ (CSAG_00121574. *See also* PX███ (CSAG_00033430); PX███ (CSAG_00033430) (LIBOR submitter email stating █████████████████████████████████████████████████████
█████ ; PX █ ███ Dep.) at 64:4–65:15
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████████████████ .

[545] PX███ (CSAG_00089626).  *See also* PX███ (CSAG_00037029)
██████████████████████████████████████████████████████
██████████████ PX███ (CSAG_00123208) ███████████████
██████████████████████████████████████████████████████
██████████████ PX███████ Dep.) at 316:9-317:22; PX1270 (CS_00001637)
██████████████████████████████████████████████████████

314

262. ███████████████████████████████████████████
████████████ 546 ████████████████████████████ 547 ████████████
██████████ 548

**DEFENDANTS' RESPONSE:** Plaintiffs' overbroad statement lacks an evidentiary basis. For example, ████████████████████████████████████████
███████████████████████████████████ (PX1609) █████████████
██████████████████████████ (PX0061) ██████████████████████
███████████████████████████████████████████████████████
████████████████████ In addition, ███████████████████ (PX1555) does not demonstrate that ███████████████████████████████████████████
███████████████████████████████████████████████████████
██████ Moreover, PX1611 ████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████ and does not support Plaintiffs' statement that
███████████████████████████████████████████████ PX1611 (NB-

---

546 *See, e.g.*, PX ████ (NB-USDMDL-00476213) ████████████████████
██████████████████████████ ); PX ██████ (NB-USDMDL-00446224) █████████
████ PX █████ (NB-USDMDL-00496174) (█████████████████████████
██████████ ; PX ██████ (BOFA-LIB0009627) █████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████

547 PX █████ (NB-USDMDL-00246539) at 540 █████████████████████
███████████████████████ PX █████ (NB-USDMDL-00645605 ████
████████████████████ PX ████ (NB-USDMDL-00358086) █████████
██████████ ; PX ████ (HSBC-USDLIBORLIT-0138245) at 250 ████████
██████████████████████████████████████ ).

548 PX █████ (NB-USDMDL-00373297) (███████████████████████████ ).

USDMDL-00373297).  Rather, the document reflects that ███████████████████████

████████████; the document does not demonstrate that Norinchukin likewise offered thoughts on

the matter.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the

extent any response is required, Defendants admit that Plaintiffs' statement accurately quotes the

cited documents, but otherwise dispute[a, d, e, g] Plaintiffs' statement.  Furthermore, no reasonable

inference can be drawn from the cited material that (i) Defendants persistently suppressed their

USD LIBOR submissions throughout the Relevant Period; or (ii) Defendants conspired to

persistently suppress their USD LIBOR submissions throughout the Relevant Period.

## XIII.  DEFENDANTS COLLUDED TO SUPPRESS LIBORS

263.  ████████████████████████████████████[549]

---

[549] *See* § II.A (¶¶ 32, 38-39, 41-42, 44), *supra*; *see also, e.g.*, PX ████████ Dep. at 45:18–46:6 (**Barclays:** ████████████████████████████████████████████████████████████████████████████████████████████████████████████; PX ████████ Dep. at 38:14–38:25 (**BBA:** '████████████████████████████████████████████████████)); PX ████ (RBS_MDL_001845435 at '444 ¶ 35(b) (**NatWest:** ████████ Witness Statement, Apr. 1, 2016, in *Property Alliance Group Limited v. Royal Bank of Scotland Plc*, Claim No. FL-2016-000004 (High Court of Justice, Chancery Division) ████████████████████████████████████████████████ PX ████████ Dep. at 57:1–16 (**BBA:** ████████████████████████████████████████████████████ *id.* ████ Dep. at 227:21–229:4 (**BBA:** ████████████████████████████████████████████████████████████████████████████████████████████████ *id.* ████ Dep. at 57:17-23 (**BBA:** ████████████████████████ *id.* ████ Dep. at 59:1-7 (**BBA** ████



**DEFENDANTS' RESPONSE:**    Consistent with their opposition brief,

Plaintiffs ███████████████████████████████████████    The cited documents and testimony

do not support that meaning.    Plaintiffs' intentional misinterpretation of the BBA LIBOR

Instruction is wrong as a matter of law, *see* Defs.' Joint Mot. for Summary Judgment at 44-48

(citing *United States v. Connolly*, 24 F.4th 821, 835, 836, 839 (2d Cir. 2022)), and thus, Plaintiffs'

statement in paragraph 263 does not raise a disputed issue of material fact that precludes summary

judgment.    The BBA LIBOR Instruction presented a hypothetical, asking each Panel Bank to

"estimat[e] the interest rate at which the bank 'could' borrow an amount of cash that it would

typically borrow, 'were it to do so by asking for and then accepting' inter-bank offers in London



███████████████████████████████████████████████████████)); *id.* (█████████
Dep. at 200:1-6 (**Deutsche Bank**: ████████████████████████████████████
██████████████████████████████████████ PX ████ (DB-USDMDL 00135512 at '512
(████████████████████████████████████████████████████████));
PX0183 & PX0183-A (JPM_MDL1_USD_00116921 (audio) & transcript at 5
█████████████████████████████; PX ████████████████████ Dep. at 44:21-45:13, 199:19-200:8 (**JPMorgan**:
confirmed during her deposition that ████████████████
██████████); PX ████ (LBG-USD-000005072 at '072 (█████████████████████
███████; PX ████ ██████████ Dep. at 63:7-24 (**Norinchukin**: confirming ██████████
██████████████████████████████████████ PX0737 (A.
Sheehan Dep. at 49:22-50:4 (**Norinchukin**: agreeing ███████████████████████
███████; PX ████ ██████████ Dep. at 43:21-44:21 (**Norinchukin**: █████████
████████████████████████████████████████████████); PX1482
██████████ Dep. at 131:8-15 (**Portigon**: during his deposition, █████████ confirmed that he understood that
██████████████████████████████████████████; PX ████ ██████████ Dep. at 77:11-16,
78:25-79:19, 101:3-8 (**Rabobank**: at his deposition, Tony Conti confirmed that he understood that
████ ███ ███ ███████ ███ ████████ ███ ██████████████████); PX
(RABO_METZLER_0135941 at '942 (on October 3, 2007, Rabobank's Aase Hansen-Love remarked to Rabobank's
██████████████████████████████████████████████)); PX ████ ██████████ Dep.
at 30:19-23 (**RBS**: at his deposition, NatWest's ████████████████████████
██████████████████; PX0554 (RBCOTC0048350 (in a September 16, 2008 email, RBC's ██████████
██████████████████████████████)); PX ████ & PX ████ (SG-USDMDL-06140206
(audio) & transcript at 9 (SocGen's ████████████ confirmed that ████████████████████████
█████████████); PX0371 (MDL_OTC_UBSCH_0031596 at '596
(in a September 4, 2007 email from UBS's ████████████, he described L██████████████████
████)); PX ████ (Bernheim Rep.) at § IV.A.9 (concluding based on economic analysis that LIBOR was an offer rate);
PX ████ (Bernheim Reb.) at §§ III & VII.B (same); PX ████ (Bernheim Reply) at §§ II & VII.B (same); PX0316
(Marx Rep.) at § II.B.2; PX0695 (Snow Rep.) at § V.B; PX ████ (CSUK_0143057 (In a December 30, 2008 email
from Credit Suisse's ████████████████████ described Credit Suisse's ████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████████).

just before 11 a.m." *Connolly*, 24 F.4th at 835 (citations omitted). ██████████

█████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ Defs.'

Stmt. ¶ 24; *see also id.* ¶¶ 17-22, 25. ████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* ¶ 24 (alteration in original).

Moreover, the record evidence indisputably contravenes Plaintiffs' statement. *See id.* ¶¶ 15-25;

*see also, e.g.*, PX0727 ██████ Dep. Tr. 63:14-24) (████████████████████████

█████████████████████████████████████████████████████████████████████

██████████████████████); Norinchukin Decl., Ex. ██████████ Dep. Tr. 45:7-9)

█████████████████████████████████████████████████████████████████████

████████████████████████); Norinchukin Reply Decl., Ex. ██████████ Dep.

Tr. 230:2-5)████████████████████████████████████████████████████████

████████████████████████; PX1464 (██████████ Dep. Tr. 44:21-24) (██████

█████████████████████████████████████████████████████████████████████

██████████████). Because Plaintiffs cross-reference other statements in Plaintiffs' Joint

Counterstatement, Defendants incorporate herein their responses to those other statements. *See*

*supra* Responses to ¶¶ 32, 38-39, 41-42, 44. For the foregoing reasons, the Court should disregard

Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs'

statements.

264.    There was a liquidity crisis during the Relevant Period.[550]

**DEFENDANTS' RESPONSE:**  Plaintiffs do not define "liquidity crisis," and its meaning as used herein is ambiguous.  Defendants acknowledge that ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████"  Blakemore Decl., Ex. 9 (Hubbard Opening ¶ 71).  To the extent Plaintiffs intend to suggest that all Defendants experienced



---

[550] *See* § I.B, *supra*; *see also, e.g.*, PX ████ Dep. at 138:2-139:10 (**Credit Suisse**: ██████████████████████████████████████████████████████████████████████████████

██████ PX ████ Dep. at 139:22-140:6 (**Credit Suisse**: "████████████████████████████████████████████████████████████████████████████████████████)); *id.* ████ Dep. at 152:4-10 (**Credit Suisse**: "████████████████████████████████ ); PX ████ Dep. at 25:22–26:3 (**HSBC**: ██████████████████████████████████████████████████████████████████████████████████████████ PX ███ (M. Dearlove Dep. at 78:13-20 (**Barclays**: ███████████████████████████████████████████████ PX ███ Dep. at 120:21-121:4 (**Citi**: █████████████████████ ██ Dep. at 52:21-25 (**Bank of America**: ███████████████████████████████████████ Dep. at 61:23-62:1 (**Citi**: ███████████████████████ ; PX ███ Dep. at 96:17-19 (**Norinchukin**: "██████████████████); PX ███ Dep. at 47:23-48:4 (**Norinchukin**: ████████████████████████████████████████████████████ Dep. at 23:15-24:5, 229:22-230:5 (**Portigon**: describing ██████████████████████ ; PX ███ & PX ███ (LBG-USD-000000376 (audio) & transcript at 3 (Lloyd's Submitter Supervisor observes ██████████████████████████████████ ; PX0120 (JPM_MDL1_USD_00032798 (JPMorgan's ████ ; Christian M. McNamara, *The United Kingdom's Credit Guarantee Scheme (U.K. GFC)*, 2 J. of Financial Crises 3, 927-947 (Oct. 8, 2020) https://elischolar.library.yale.edu/journal-of-financial-crises/vol2/iss3/48 ("Under the Guarantee Scheme, eligible institutions could pay a risk-based fee and issue debt with terms of up to three years that would be guaranteed by HM Treasury."); Sarah John, *The Bank of England's Special Liquidity Scheme*, 1 Bank of England Q. Bull. 57-66 (Mar. 27, 2012), https://www.bankofengland.co.uk/-/media/boe/files/quarterly-bulletin/2012/the-boes-special-liquidity-scheme.pdf ("Under the terms of the SLS, banks . . . could, for a fee, swap high-quality mortgage-backed and other securities that had temporarily become illiquid for UK Treasury bills, for a period of up to three years.").

liquidity crises during the Relevant Period, the ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████     *See* Defs' Stmt. ¶¶ 452-459, 491-493, 508-512, 517-521.  Because Plaintiffs cross-

reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein

their responses to those other statements.  *See supra* Responses to ¶¶ 8-30.  For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required,

Defendants dispute[a, e, g] Plaintiffs' statements.

          265.  ████████████████████████████████████████████████████

████████████████████████████████████[51]

---

[551] *See* App'x A; § II.B (¶¶ 45-48), *supra*; *see also*, *e.g.*, PX████ (RABO_METZLER_0096507 at '507-08

████████████████████████; PX████████ Dep. at 267:22-268:9 (**Bank of America**:

███████████████████████████████████████████████████████ *id.* (████ Dep.

at 70:2-13 (**Bank of America**: ███████████████████████████████████████████

███████████████; PX████████ Dep. at 95:19-96-14 (**BBA**: ███████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████; PX████████ Dep. at 43:21-44:21 (**Norinchukin**: █████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████ PX████

(J. Geremia Dep. at 131:8-15 (**Portigon**: ███████████████████████████████████

████████████; *id.* (████████ Dep. at 220:8-23 (**Portigon**: █████████████████

██████████████████████████████ PX████████ Dep. at 143:12-144:11 (**Lloyds**: ████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**    It is unclear what Plaintiffs mean by

████████████████████████████ PX0494, titled "Guidelines for contributing BBA LIBOR

rates," does not support Plaintiffs' statement.    The BBA LIBOR Instruction presented a

hypothetical, asking each Panel Bank to "estimat[e] the interest rate at which the bank 'could'

borrow an amount of cash that it would typically borrow, 'were it to do so by asking for and then

accepting' inter-bank offers in London just before 11 a.m."  *United States v. Connolly*, 24 F.4th

821, 835 (2d Cir. 2022) (citations omitted).  ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ Defs.' Stmt. ¶ 24; *see also*

*id.* ¶¶ 17-22, 25.  To the extent Plaintiffs suggest the ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 25(j).  Moreover, the cited testimony in

PX1470 does not support Plaintiffs' statement.  ██████████████████████████

████████████████████████████████████████████████████ *See,*

*e.g.*, *id.* ¶¶ 233-234.  The cited testimony in PX1470 ██████████████████████

████████████████████████████████████████████████████████

████████████████████ Because Plaintiffs cross-reference other statements in Plaintiffs' Joint

---

████████████████████ ; PX ████████ Dep. at 53:13-25 (**HSBC**: "████████████

████████████████████████████████████████████████████████

████████████████████████ .

Counterstatement, Defendants incorporate herein their responses to those other statements.  *See supra* Responses to ¶¶ 45-48, 177.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g] Plaintiffs' statements.

266.

552

---

[552] *See* App'x A, § IV, *supra*; *see also*, *e.g.*, PX ███████ Dep. at 70:2-13 (**Bank of America:**

███████ *id.* ███████ Dep. at 149:1-18 (**Bank of America:** ███████

PX ███████ Dep. at 83:16-91:7 (**Bank of America:** '███████

███████ *id.* ███████ Dep. at 161:25-163:23 (**Bank of America:**

███████ ; PX ███████ Dep. at 63:23-65:13 (**BTMU:** after receiving a run through from ICAP Broker ███████ )); PX ███████ Dep. at 149:8-18 (**Lloyds:** ███████ , during a recorded phone conversation with ICAP Broker ███████ , says ███████

███████ ; *id.* ███████ Dep. at 180:10-18 (**Lloyds:** '███████

███████ *id.* ███████ Dep. at 180:19-181:2 (**Lloyds:**

███████ PX ███████ Dep. at 70:19-24 (**Lloyds:** ███████

███████ *id.* ███████ Dep. at 74:24-75:6 (**Lloyds:** ███████

███████ ); PX ███████ Dep. at 161:25-162:15 (**Credit Suisse:**



); *id.* ( Dep. at 138:2-139:4 (**Credit Suisse**: ); *id.* Dep. at 49:19-25 (**Credit Suisse**: ; PX Dep. at 306:06-308:2 (**HSBC**: *id.* ( Dep. at 224:12-14 (**HSBC**: *id.* ( Dep. at 282:16-22 (**HSBC**: ; PX Dep. at 122:19-123:14 (**Barclays**: ; PX Dep. at 45:10-46:6 (**Deutsche Bank**: *id.* ; PX Dep. at 91:1-6 (**Deutsche Bank**: testifying that *id.* Dep. at 116:1-9 (**Deutsche Bank**: testifying that ; PX Dep. at 78:15-2 (**RBS**: ; *id.* ( Dep. at 79:5-16 (**RBS**: Dep. at 60:3-61:19 (**Portigon**: : Dep. at 140:19-141:14 (**JPMorgan**: ; *id.* Dep. at 85:9-17 (**JPMorgan**: Dep. at 69:7-11 (**Rabobank**: *id.* Dep. at 72:5-

_____

19 (**Rabobank:**

*id.* ( Dep. at 113:11-22 (**Rabobank:** '

*id.* ( Dep. at 114:11-22 (**Rabobank:**

*id.* Dep. at 118:21-119:2 (**Rabobank:**

*id.* Dep. at 121:20-25 (**Rabobank:** "Q.

; *id.* ( Dep.

141:12-142:21 (**Rabobank:**

PX

; PX Dep. at 186:2-17 (**Norinchukin:** '

; *id.* Dep. at 55:4-20 (**Norinchukin:**

PX Dep. at 55:11-18 (**Norinchukin:**

PX Dep. at 118:2-15 (**JPMorgan:** when asked for the basis of his belief that responded that '

; *id.*

Dep. at 104:17-105:7 (**JPMorgan:** when asked whether he thought

PX (CSAG_00121574 ('

; PX1399 (DB-USDMDL 00058701 at '701

; PX (DB-USDMDL 00421792 at

'793 (in a September 15, 2008 chat between Deutsche Bank's

wrote that he's talking with            at Lloyds, and then asked

responded,            ; and            replied, "[I']ll push them for you.")); PX      & PX

(RBS_MDL_AUD_000001779 (audio) & transcript at 2 (in an October 6, 2008 recorded conversation between

and ICAP's            asked                        responded,

continued: "█████████████████████████████████████████████████████████████████████

PX ████ & PX █████ (DB-USDMDL 01360367 (audio) & transcript at 16 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████;

PX ████ & PX ██████ (BOFA-LIB0802710 (audio) & transcript (interdealer broker ████████ of Tullett Prebon states, ████████████████████████████████████████████████████████████████████████████████ To which Bank of America's ██████████ responds, ███████████████████████████████); PX ██ & PX ██ ((DB-USDMDL 01212566 (audio) & DB-USDMDL 01364796 at '813 (transcript) (in April 15, 2008 recorded conversation between Deutsche Bank's ██████████ and Tullett Prebon's ████████████ admitted: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

PX ████ & PX ████ ((BAR-OTC-000002369 (audio) & BAR-OTC-001406212 at '212 (transcript) (in a September 16, 2008 recorded conversation between Barclays' ███████████ and an unidentified male, █████████ asked, ███████████████████████████████; to which the male responded, ██████████████████ then asked, █████████; and the unidentified male responded, █████████████████████)); PX1275 (CSAG_00033430 (in an August 29, 2007 message from Credit Suisse's submitter █████████ to undisclosed recipients, ██████████); PX ████ & PX ██████ (PORTIGON0042111 (audio) & transcript at 1 (in a September 24, 2008 recorded conversation between WestLB's ███████████████████████████████████████████████████████████████████████████████████ PX █████ (BOFA-LIB0647813 (on August 9, 2007, Bank of America's ██████████ asked BGC's ██████████ Both ███████████████████████████ and the 3m LIBOR fix set at 5.50 that day.)); PX ████ and PX ██████ (BAR-OTC-000002423 (audio) & BAR-OTC-000005087 at '088-94 (transcript) (in an October 10, 2008 recorded conversation between ██████████████ and New York based Barclays employees, stated, in relevant part, that ███████████████████████████████████████████████████████████████████████████████████████████████

PX ████ (DB-USDMDL 00432968 (in a September 25, 2008 chat between Deutsche Bank's ██████████ and ICAP's █████████████████████████████████████████████████████████████████████████████████ PX ████ & PX █████ (LBG-USD-000043639 (audio) & transcript at 9 (in a July 1, 2009 call between ██████████ and Tullett Prebon's ████████████ informed ████ that "█████████████████████████████████████████████████████████; PX █████ (BAR-OTC-000705692 (on November 29, 2007, Barclays' █████████ sent an email to Barclays' █████████ reporting that, ██████████████████████████████████████████████████████████████████████████ that day, RBS submitted 5.18 and 5.17 for its 1m and 3m LIBORs, respectively, BTMU submitted 5.25 and 5.11, Lloyds submitted 5.25 and 5.12, HBOS submitted 5.30 and 5.15, and Barclays submitted 5.30 and 5.15)); PX ████ (Marx Rep.) ¶ 252 and §VI.B.1.a. ████████████████████████████████████████████

**DEFENDANTS' RESPONSE:** Plaintiffs' statement is a legal argument, which must be disregarded and does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement in paragraph 266 can be construed as a

---

; PX                    Aug. 26, 2024 Dep. at 111:13-112:25 ('

; PX        (Cragg Rep.) at ¶116

; *id*. (Cragg Rep.) at ¶ 123

PX        (Cragg Reb.) at ¶ 31

(footnote omitted); PX     & PX            (LBG-USD-000010656 (audio) & transcript at 3

PX      (LBG-USD-000005072 (on November 26, 2007, Lloyds' submitter              wrote to Lloyds' back-up submitter

PX     & PX        (LBG-USD-000000373 (audio) & transcript at 1-2)

continued,

PX     & PX          (BTMU_Dollar0253434 (audio) & transcript at 2 (On February 20, 2008, BTMU's              had a recorded conversation with an individual she identified as ICAP's             , in which        suggested that                , to which the unidentified male responded,

; PX     (RBS_MDL_000076943 at 943 (On December 4, 2007, RBS's

PX     and       (RBS_MDL_AUD_000000045 (audio) & transcript at 3 (in a November 12, 2008 recorded conversation, RBS's           stated as follows,

statement of fact, the record evidence, and OTC Plaintiffs' own expert, indisputably contravenes Plaintiffs' statement.  *See* PX1269 (Cragg Opening ¶ 116) ███████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████); *see also* Defs.' Stmt. ¶¶ 43, 53, 62, 87, 91-92, 130, 136, 149, 159, 161, 165, 185, 191, 193-194, 197, 233. ███████████████████████████████

████████████████████████████████████ Further, several of the documents cited by Plaintiff, including PX1461, PX0918, PX1549, and PX0763, support the undisputed fact that the █████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████ *See* Defs.' Joint Mot. for Summary Judgment at 62 (citing Defs.' Stmt. ¶¶ 87, 91, 136, 191-197, 233, 239, 257). ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████ *See* Defs.' Stmt. ¶ 216.  Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to those other statements.  *See supra* Responses to ¶¶ 109-152, 177.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, e, f, g] Plaintiffs' statement.

   267. ███████████████████████████████████████████████

███████████████████████████████████████████████████[553]

---

[553] *See* § II.A (¶¶ 32, 35-38), *supra*; *see also*, *e.g.*, PX0737 █████████ Dep. at 49:2-15 ████████████████████████████████████████

**DEFENDANTS' RESPONSE:** The record evidence indisputably contravenes Plaintiffs' statement and ███████████████████████████████████████████

███████████ *See* Defs.' Stmt. ¶ 25(i). Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to those other statements. *See supra* Responses to ¶¶ 32, 35-38. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, b, c, e, g] Plaintiffs' statements.

268. ████████████████████████████████████████



[554]

---

███████████████████████████████████████████; PX1477
(L. Faccini Depo. at 60:15-61:7 ███████████████████████████████████████████

███████████████████████████; PX0730 ██████ Dep. at 295:9-19

██████████████████ PX1526 ██████ Dep. at 221:25-222:1

███████████████████████; PX1476 █████ Dep. at 77:6-19

██████ PX0695 ████ Rep.) at ¶ 31
██ PX0316 ████ Rep.) at ¶ 41 (same); PX1026 ████ Rep.) at ¶ 36 (same); PX1269 Rep.) at ¶ 82 ██████████).

[554] *See* §§ IV (¶¶ 116-17, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX1558 (BOFA-LIB0110655 ████████████████████████████████████████████

███████; PX0733 ████ Dep. at 137:18-138:5 ███████████████████████████████

███████████████████████████████████████████ *id.* ████. Dep. at 265:5-8 ████████████████████████████████████████████

██████████████████; *id.* ████ Dep. at 82:24-83:11 ████████████████████

329





**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████    Instead,  the  documents  and  testimony  on  which

Plaintiffs rely ██████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

_____

████ ep. at 106:16-108:14 ████████████████████████████████████

███████████████████████████████████████████████████████

████████████ X1036 (BOFA-LIB0035883 █████████████████████████

███████████ ; PX1050 (BOFA-LIB0111717 ████████████████████████

████████████████████████ ); PX0731 ███████ Dep. at 162:3-8 ████████

███████████████████████████████████████████████████████



*See* PX1558 (BOFA-LIB0110655); PX0733 ███████ Dep. Tr. 137:18-138:5); *id.* ███████ Dep. Tr. 265:5-8); PX1474 ███████ Dep. Tr. 172:11-173:16); PX1038 (BOFA-LIB037328-329); PX1050 (BOFA-LIB0111717). Plaintiffs' citation to ███████

*See* PX0733 (███████ Dep. Tr. 127:21-128:2)

). In addition, Plaintiffs provide no basis to ███████ PX0733 (███████ Dep. Tr. 119:9-12).

Moreover, Plaintiffs' citation to ███████

██████████████████████████████████████████████████████, *see* PX0731

███████ Dep. Tr. 162:3-8); PX1568 (DB-USDMDL 00515033), █████████████

████████████████████████████████████ *See* PX0731████████ Dep. Tr. 161:14-18)████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████).  In many cases, those communications are directly contradicted by ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ which Plaintiffs do not dispute.

*See* Defs.' Stmt. ¶¶ 201, 202.  In addition, the cited documents and testimony concern only a small

fraction of the more than 700 submission days during the Relevant Period.  *See id.* ¶ 13(c).  Further,

PX0734 and PX1036 do not support Plaintiffs' statement in paragraph 268 because PX0734 and

PX1036 were not introduced by Plaintiffs.  *See* Carmody Decl. ¶¶ 773, 1154 ("Exhibit 734 has

been intentionally omitted[,]" and "Exhibit 1036 has intentionally been omitted.").  For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.  No reasonable inference can be drawn

from the cited material that ████████████████████████████████████████████████

████████████

    269. ████████████████████████████████████████████████

████████████[555]

---

[555] *See* §§ IV (¶¶ 118-20, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0873 & PX0873-A
(BAR-DAP-000442594 (audio) BAR-OTC-000002308 at '309-310 (transcript) ████████████████

████████████████████████████████████ PX0918 & PX0918-A (BAR-DAP-000002369 (audio) BAR-
OTC-000002369 at '369 (transcript) ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ PX0875

& PX0875-A (BAR-DAP-000442607 (audio) BAR-OTC-000004929 at '933-934 (transcript)

███████████████████████████████████████████████████████████████

██████████████████████████; PX0876 & PX0876-A (BAR-DAP-000442631 (audio) & BAR-OTC-000004936) at '936 (transcript))

██████████████████████; PX0886 & 0886-A (BAR-DAP-000444731 (audio) & BAR-OTC-000004973 at '973-974 (transcript))

████████████████████████████████████████████ PX0948 & PX0948-A (BAR-OTC-000002423 (audio) & BAR-OTC-000005087 at '088, '094 (transcript)

███████████████████████████████████████████████████████████████

██████████████████████████████████ PX0984 & PX0984-A (BAR-DAP-000462814 (audio) & BAR-DAP-000551776 at '908-909 (transcript)

███████████████████████; PX0741 ████████ Dep. at 135:21-136:1

████████████ *id.* ████████ Dep. at 81:19-82:15

█████████████████ PX0785 (BAR-OTC-001152539)

███████████████████████ PX0845 & PX0845-A (BAR-OTC-000002213 (audio) & BAR-OTC-001405434 at '436 (transcript)

███████████████████████████████████████; PX0849 & PX0849-A (BAR-OTC-000002226 (audio) & BAR-DAP-000549511 at '522 (transcript)

██████████████████████████████████; PX0941 & PX0941-A (BAR-OTC-000002409 (audio) & BAR-OTC-000005067 at '068-070 (transcript)

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████; PX0862 & PX0862-A (BAR-OTC-000002291 (audio) &

335

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████   The documents and testimony on which Plaintiffs rely reflect that ██████████████

████████████████████████████████████████████████████████████

---

BAR-OTC-001405805 at '806, '812 (transcript) ████████████████████████████

███████████████████████████████ PX0709 (BAR-OTC-000003935 ████████████

PX1002 & PX1002-A (BAR-OTC-001355323 (audio) & BAR-OTC-001404262 at '264 (transcript)

███████████████████████████████████████████ ; PX0710 (BAR-OTC-000004463

███████████████████████████████████████████████████████

███████████ PX0797 (BAR-OTC-001157381 ███████████████████████

████████████████████ PX0785 (BAR-OTC-001152539 ████████████

██████████████████████████████ ; PX975 & PX975-A (BAR-OTC-001398825 (audio)
& BAR-OTC-001408479 at '481 (transcript) ████████████████████████

████████████████████ PX0789 (BAR-OTC-001155033 ████████

████████████████████████ X857 & PX857-A (BAR-OTC-001366681
(audio) & BAR-DAP-000442140 at '140, '145 (transcript) ████████████

████████████████████████████████████████████████████████

████████ PX0985 & PX0985-A (BAR-OTC-000004744 (audio) & BAR-DAP-000547799 at '800-801 (transcript)

███████████████████████████████████████████ PX0714 (BAR-OTC-
001405469 ████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████ *see* PX0741 (███████ Dep. Tr. 135:21-136:1); PX0857-A (BAR-DAP-000442140); PX0873-A (BAR-OTC-000004919); PX0875-A (BAR-OTC-000002309); PX0876-A (BAR-OTC-000002311); PX0886-A (BAR-OTC-000002334); PX0918-A (BAR-OTC-000002369); ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████ Dep. Tr. 129:11-130:5); PX0849-A (BAR-DAP-000549511); PX0941-A (BAR-OTC-000002409); PX0975-A (BAR-OTC-001398825); PX0985 (BAR-OTC-000004744); PX1009-A (BAR-DAP-000548581); ██████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████, *see* PX0710; PX0785 (BAR-OTC-001152539); PX0797 (BAR-OTC-001157381); PX0845-A (BAR-OTC-000002213); PX0849-A (BAR-DAP-000549511); PX0941-A (BAR-OTC-000002409); PX0956 (BAR-OTC-000002854); PX1002-A (BAR-OTC-001355323); ███████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████, *see* PX0741 ███████ Dep. Tr. 81:19-82:15); PX0862-A (BAR-OTC-000002291); PX0983-A (BAR-OTC-001408897); PX0984-A (BAR-OTC-001408907). ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants

dispute[a, b, d, e, f] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the

cited material that ████████████████████████████████████████

███████████████████████████████████████████████████

     270. ████████████████████████████████████████

██████████████████████████████████████████████[556]

    **DEFENDANTS' RESPONSE:**  To the extent that the statement in paragraph

270 implies that ████████████████████████████████████████

██████████████████████████████████████████  For the

foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, g] Plaintiffs' statement.

     271. ████████████████████████████████████████

████████████[557]

---

[556] *See* ¶¶ 119, 157, *supra*; *see also, e.g.*, PX0741 ██████ at 129:11-130:5 (██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████; PX0956 & PX0956-A (BAR-OTC-000002854 (audio) & BAR-OTC-000005130 at '130 (transcript) ██████████████████████████████████████████████████ PX0983 & PX0983-A (BAR-OTC-001401441 (audio) & BAR-DAP-000551766 at '773 (transcript) ██████████████████████████████████████████████████ PX0985 & PX0985-A (BAR-OTC-000004744 (audio) & BAR-DAP-000547799 at '800 (transcript) ██████████████████████████████████████████████ PX1009 & PX1009-A (BAR-DAP-000632258 (audio) & (BAR-DAP-000548581) at '582 (transcript) ██████████████████████████████████████

[557] *See* §§ IV (¶¶ 122, 140-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also, e.g.*, PX1170 (Citi-CFTC Consent Order at 2 ██████████████████████████████████; PX1245 (Citi-USD02318635 ██████████████████████████ PX1219 (Citi-USD02011988 (est██████████████████████████████; PX0746 ██████ Dep. 288:8-289:1 (██████████

338



**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████████████████████████  ████████████████████████████████████████████████  Plaintiffs' assertion is an impermissible legal conclusion based on mischaracterization of the cited evidence, and the evidence does not support Plaintiffs' legal conclusion that ████████████  ████████████████████████████████  Among other things, the economic models used by Plaintiffs' proffered expert witnesses are unreliable and inconsistent with the record evidence.  *See* Defs.' Stmt. Part V.A.1 (████████████████████████



(BTMU_Dollar0253728 (audio) & transcript at 2:21-3:4 (

PX1450 (DB-USDMDL 00422606

; PX1229 (Citi-USD02207489 (audio) & transcript at 2

PX0309 (LIBOTCPL0244973 at 986-987

; PX1203 (Citi-USD01817747 at 747

PX1201 (Citi-USD01817530

██████████████████████████████████████████; *id*. Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id*. Part V.A.3 (no judicial findings of persistent suppression); *id*. Part V.B (██████████████████████████████████████████████████); *see also* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models).    In addition, Plaintiffs cite testimony from ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████, *see*

PX0718 (███████ Dep. Tr. 114:12-21)—also does not support Plaintiffs' legal conclusion:  Citi did not admit the CFTC's findings or conclusions in its consent order, *see* Defs.' Stmt. ¶ 288; the CFTC did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR, *see id*.; and the Citi CFTC Order is not admissible evidence in this proceeding, *see, e.g., In re Platinum and Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011). ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Plaintiffs also improperly selectively omit testimony that undermines their assertion.  *See, e.g.*, PX0746 (███████ Dep. Tr. 298:19-299:5) ██████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████). Plaintiffs' misleading,

selective quotations also conceal that ██████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████ For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent

any response is required, Defendants dispute[a, b, c, d, e, f, g] Plaintiffs' statement.

272. ████████████████████████████████████[58]

**DEFENDANTS' RESPONSE:** The evidence does not support the statement

that ████████████████████████████████████████████

████████████████████████ Because Plaintiffs cross-reference other

statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to

---

[558] *See* ¶¶ 122, 157, *supra*; *see also*, *e.g.*, PX0746 ████ Dep. at 288:8-289:1

█████████████████████████████████████████████

█████████████████████████████ PX1201 (Citi-USD01817530 █

█████ ; PX1245

█████████████████████████████████████████████

█████████████████████████████████████████████

those other statements.  *See supra* Responses to ¶¶ 122, 157.  None of the cited communications constituted or reasonably could have been understood ██████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

████████████████     PX1821 ███████     Dep. Tr. 268:1-12).  Plaintiffs' misleading, selective quotations also conceal that ██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

████████. For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, f, g] Plaintiffs' statement.

     273. ████████████████████████████████████████████████████████████████████
█████████████████[559]

---

[559] *See* §§ IV (¶¶ 123, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0721 █████ Dep. at 251:2-19 ██████████████████████████████████████████████████████████████████████████████
██████); *id.* (███████████ Dep. at 15:8-19, 23:4-18, 48:4-14, 49:19-25, 104:2-9, and 108:22-109:22
██████████; *id.* ██████ Dep. at 115:22-116:16 ██████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████ *id.* ████ Dep.
at 161:25-162:15 ████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
██████████████████████████ *id.* ██████ Dep. at 185:7-19 ███████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
*id.* ████ Dep. at 188:6-14 ██████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
*id.* ████ Dep. at 189:17-24 █████████████████████████████████████████████████████████████
███████████████████████████████████████████████████ ; *id.* ██████ Dep. at 193:2-12 ████████
███████████████████████████████████████████████████████████████████████████████████



**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████ PX1291 (CSAG_00122024 ████████████████████████████████████
████████████████████████████████████████████████████ PX1313
(CSUK_0142345) ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██ ; PX1315 (CSUK_0143057 ████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████ ; PX0918 & PX0918-A (BAR-OTC-
000002369 (audio) & BAR-OTC000005021 at '021 (transcript) ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ PX0513
(RABO_METZLER_0130913 ████████████████████████████████████████
████████████████████ ; PX1427 (DB-USDMDL 00314760 ██████████████
████████████████████████████████████████████████ PX0891 &
PX0891-A (BAR-OTC-000002336 (audio) & BAR-OTC-000004978 (transcript) ██
████████████████████████████████████████████████ ; PX0400
& PX0400-A (NB-USDMDL-00535686) (audio) & transcript ████████████████
████████████████████████████████████████████ PX1027 (BOFA-
LIB0004062 ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████ PX0652 & PX0652-A (RBS MDL AUD 000001575) (audio) &
transcript at 2:2-8 ██████████████████████████████████████████████
████████████ PX0745 ██████████ Dep. at 172:15-18, 236:12-237:5 ████
████████████████████████████████████████████████ )).



.  Defs.' Stmt. ¶ 612.

*See id.* ¶ 613; *see also id.* ¶¶ 614-621.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

274.

560

---

560 *See* §§ IV (¶¶ 124, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0723 . at 125:18-126:20)

; *id.* Dep. at 73:9-20

; PX1473 Dep. at 116:1-7

; *id.* Dep. at 188:17-189:9 (

*id.* ( Dep. at 190:23-191:14

; *id.* Dep. at 213:12-214:8

*id.* Dep. at 209:4-25

Dep. at 90:16-91:6

PX0004 (DB-USDMDL 01212566 (audio) DB-USDMDL 01364796 (transcript) at '813

PX1417 (DB-USDMDL 00310644

PX1419 (DB-USMDL 00310754

; PX1420 (DB-USDMDL 00310997

PX0026 & PX0026-A (DB-USDMDL 01360367 (audio) & transcript at 28:15-29:9

; PX0025 & PX0025-A (DB-USDMDL 01360161 (audio) & transcript at 5:19-12:15

PX0005 & PX005-A (DB-USDMDL 01212599 (audio) & transcript at 2-5

; PX0007 & PX0007-A (DB-USDMDL 01230970 (audio) & transcript at 5:25-6:4, 12:4-8, 17:9-18:2

PX1449 (DB-USDMDL 00421792 at '793

PX1458 (DB-USDMDL 00455776

PX1452 (DB-USDMDL 00432208

; PX1415 (DB-USDMDL 00310449

; PX1428 (DB-USDMDL 00317743

**DEFENDANTS' RESPONSE:** Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment. To the extent that any part of the statement can be construed as a statement of fact, ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████ Moreover, the evidence does not support Plaintiffs' statement. *See* Defs.' Stmt. ¶¶ 68-76, 294, 537, 580-582. ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ *See* PX1473 (██████████████ Dep. Tr. 190:23-191:14; 209:4-25); PX1431 (DB-USDMDL 00329683 ('██████████████ ██████████████████████)). Moreover, no regulatory or law enforcement agency made any finding that Deutsche Bank participated in any conspiracy with any other USD LIBOR Panel Banks to persistently suppress USD LIBOR or that any such conspiracy existed, and no regulatory or law enforcement agency found that Deutsche Bank persistently and systematically suppressed

---

████████████████████████████████████████████ PX1429 (DB-USDMDL 00317920 ████████████████████████████ ; PX1453 (DB-USDMDL 00432968 ████████████████████████████████████████ PX1431 (DB-USDMDL 00329683 ████████████████████████████ ; PX0006 & PX0006-A (DB-USDMDL 01212604 (audio), DB-USDMDL 01364796 at '819 (transcript) ████████████████████ PX1413 (DB-USDMDL 00114952 ████████████████ .

its USD LIBOR submissions across all tenors during the Relevant Period.  *See* Defs.' Stmt. ¶¶ 294, 580.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement that the documents cited show that ███████████████████████████████████████████

████████████████████████████████████████████████████████

██████

      275. ████████████████████████████████████████

███████[561]

**DEFENDANTS' RESPONSE**:  The  evidence  does  not  support  Plaintiffs' statement.   The  document  cited  by  Plaintiffs █ "████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████ *See* PX0723

█████████ Dep. Tr. 81:23-25). ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ *Id.* ████████████ Dep. Tr. 83:8-11). ████████

████████████████████████████████████████████████████████

████████████████████████████ PX1473 (█████████ Dep. Tr. 75:22-

76:5).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, f, g] Plaintiffs' statement.

---

[561] *See* ¶¶ 124, 157, *supra*; *see also*, *e.g.*, PX0723 (████████ Dep. at 122:9-123:21 (███████████████

██████████████.

276. ███████████████████████████████████████████████████████
████████████ ⁵⁶²

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

⁵⁶² *See* §§ IV (¶¶ 125-26, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0206 (LBG-USD-000001080 at '001 ██████████████████████████████████████████████████████████

████████████████████████████████████████ PX0725 (██████ Dep. at 126:23-127:22 ████████████████████████████████████████████ ); PX0218 (LBG-FDIC-000002543 at '001 ████████████████████████████████████████

████████████████████████████ PX0195 & PX0195-A ((LBG-USD-000000163) (audio) & transcript ████████████████████████████████████████

████████████████████████████████ PX0052 & PX0052-A (HSBC-USDLIBORLIT-0010417 (audio) & transcript at 1 ████████████████████████████ PX1476 ████ Dep. at 143:4-24 ████████████████████████████████████████████████████

████████████████████████



*See* Defs.' Stmt. ¶ 229.

*Id.* ¶ 539.

Defs.' Stmt. ¶ 230.

*See* Lloyds Bank Reply Decl., Ex. 2 ▮▮▮▮ Dep. Tr. 189:17-190:7).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

277.

[63]

---

[63] *See* ¶¶ 125, 157, *supra*; *see also*, *e.g.*, PX1569

**DEFENDANTS' RESPONSE:**  The cited material does not support Plaintiffs'

statement.  The cited documents ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████ PX1569 (LBG-USD-000022557).

Plaintiffs' assertion is further undermined by █████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████ *See* Lloyds Bank Decl., Ex.

4 ███████████ Dep. Tr. 185:16-186:24). ████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████ *See* Lloyds Bank Reply Decl., Ex. 2

███████████ Dep. Tr. 189:17-190:7).

In addition, ███████████ testified:

Q. ████████████████████████████████████████

████████████████████████████████████

████████████████████████████

Lloyds Bank Decl., Ex. ███████████ Dep. Tr. 242:2-7).  For the foregoing reasons, the Court

should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

---

████████████████████████████████████████████████████████████████████

████████████████████████████████████████ PX0273 (LBG-USD-000022556 on

████████████████████████████████████████

dispute[a, e, f, g] Plaintiffs' statement.  Furthermore, no reasonable inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions during the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions during the Relevant Period.

278. ████████████████████████████████████
████████████[564]

---

[564] *See* §§ IV (¶¶ 127, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0065 (HSBC-USDLIBORLIT-0148167

█████████████████████████████████████ PX1467 ███████ Dep. at 170:9-173:22, 178:24-179:3, 222:23-224:14, 248:5-18

*id.* ████ Dep. at 227:7-228:25

; *id.* ( ████ Dep. at 226:3-9

; *id.* ( ████ Dep. at 306:3-308:2 (

*id.*

Dep. at 170:9-173:22

*id.*

Dep. 196:11-198:7 (

); *id.* ████ Dep. at 208:20-210:8

*id.* ████ Dep. at 211:16-212:22

*id.* Dep. at 215:14-216:14

; *id.* Dep. at 227:10-228:25

; *id.* Dep. at 226:3-9

PX1470 Dep. at 94:17-95:12

PX1479 ( Dep. at 182:21-183:24

; *id.* ( Dep. at 64-70

; PX1461

PX0084 (HSBC-USDLIBORLIT-0520867

PX0059 (HSBC-USDLIBORLIT-0137018

; PX0052 & PX0052-A

(HSBC-USDLIBORLIT-0010417 (audio) & transcript at 4

PX0071 (HSBC-USDLIBORLIT-0290470 at '471

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ███████████████████████████████████████████ ████████████████████████████████████████████████████

███████ Plaintiffs' statement merely regurgitates allegations in their complaints.  Not one of the ███████████████████████████████████████ cited by Plaintiffs supports this statement.  Instead, despite years of discovery and HSBC's production of hundreds of thousands of documents, the documents and testimony on which Plaintiffs rely reflect only ██████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████.  Some of the cited documents outright contradict Plaintiffs' statement. *See*, *e.g.*, PX0059 (HSBC-USDLIBORLIT-0137018) (███████████████████ ████████████████████████████████████████████████████

██████████ Additionally, the record evidence overwhelmingly indicates that ██████████ ████████████████████████████████████████████████████ █████████████████████████████ *See* Defs.' Stmt. ¶¶ 85-88 ████████████████

████████████████████████████████, ¶¶ 231-234 ████████████████████

████████████████████████████████████████████

███████████████████████████████████████ ¶ 454

████████████████████████████████████████, ¶ 458

██████████████████████████████████, ¶ 540 ██████

████████████████████████████████████████████

██████████████, ¶ 583 (summarizing government investigations of HSBC, none of which resulted in any charges, findings, or fines against HSBC), Parts IV.B.1, V.B ████████████████

█████████████████████████████████.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

     279. ████████████████████████████████████████[565]

---

[565] *See* §§ IV (¶¶ 128, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, (████ Dep. at 205:5-25 (████████████████████████████████████████████████████████████████████; *id.* (████ Dep. at 131:1-132:24 █████████████████████████████████████████████████████████████████████████████████████████████████████████████; *id.* ████ Dep. at 140:19-141:17 ████████████████████████████████████████████████████████████████████ Dep. at 159:10-160:4 █████████████████████████████████████████████████████████████████████████████████ *id.* ████ Dep. at 81:10-20 ████████████████████████████████████████████████████████████████████████ *id.* ████ Dep. at 115:15-22

; *id.*     Dep. at 124:8-125:2

PX0185 & PX0185-A (JPM_MDL1_USD_00116970 (audio) & transcript at 3

PX0131 (JPM_MDL1_USD_00039315 at '316

PX0726     Dep. at 328:9-21

PX0168 & PX0168-A (JPM_MDL1_USD_00116150 (audio) & transcript

PX0182 & PX0182-A (JPM_MDL1_USD_00116920 (audio) & transcript at

PX0156 (JPM_MDL1_USD_00100701

PX0157 (JPM_MDL1_USD_00100708

PX0110 (JPM_MDL1_USD_00000052 at '052

; PX0170 & PX0170-A (JPM_MDL1_USD_00116156 (audio) & transcript at 2

PX0166 & PX0166-A (JPM_MDL1_USD_00115919 (audio) & transcript at 3

; PX0127 (JPM_MDL1_USD_00039235 at '236

**DEFENDANTS' RESPONSE**: Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment and is based on mischaracterizations of the cited evidence. *See, e.g.*, *supra* Responses to ¶¶ 15, 172, 178-179, 187(s), 236. To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████

████████████████████████████████████████

████████████████ The cited evidence consistently reflects that ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ *See* Defs.' Stmt. ¶¶ 91-92, 236-237, 239-240, 543. Plaintiffs cite no evidence reflecting that ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ Rather, the evidence reflects that ████████████████████

████████████████████████████████████████

████████ *See, e.g.*, PX1464 ████████ Dep. Tr. 81:10-20) ████████████████

████████████████████████████. Ultimately, ████████████████████

████████████████████

████████████████████ ; PX0739 ████████ Dep. at 125:18-126:19 ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ PX0186 & PX0186-A

(JPM_MDL1_USD_00117035 (audio) & transcript at 3 ████████████████

████████████████████████████████████████

████████████████████████.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████    *See* Defs.' Stmt. ¶ 543.  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f] Plaintiffs' statement.

        280. ███████████████████████████████████████

██████████████████████████████████████████████ 566

---

566 *See* ¶¶ 128, 157, *supra*; *see also, e.g.*, PX1464 (██████ Dep. at 84:1-8

███████ *id.* (███████ Dep. at 95:24-96:5 █████████████████████

███████████████████ *id.* █████ Dep. at 100:14-24 ████████████

███████████ *id.* ███████ Dep. at 108:23-109:24 ███████████████

███████████████ *id.* █████████ Dep. at 110:9-21 █████████████

███████████████████ *id.* █████ Dep. at 123:5-124:4 ██████████

████████████ PX0739 ███████ Dep. at 118:25-120:2 ██████████████

██████████████████████████████████████ PX0154

(JPM_MDL1_USD_00092942 at '942 ██████████████████████████

███████████████ PX0180 & PX0180-A (JPM_MDL1_USD_00116861 (audio) & transcript at

3 ██████████████████████████████████████████████ .

**DEFENDANTS' RESPONSE:** The cited material does not support Plaintiffs' statement that ███████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████  When asked at ██ deposition ████████

███████████████████████████████████████████████

███████████████████████████████████████" PX1464 ████

████ Dep. Tr. 84:1-8; 110:12-26).  Further, ████████████████████

███████████████████████████████████████████████

███████████████████████████████████  As noted,

███████████████████████████████████████████████

████████████████  See Defs.' Stmt. ¶ 623.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, e, f, g] Plaintiffs' statement.

281. ███████████████████████████████████████
███████████[567]



[567] See §§ IV (¶¶ 129, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, supra; see also, e.g., PX1466 (████ Dep. at 180:15-18

████████████); id. ████ Dep. at 96:8-17

████ id. ████ Dep. at 91:14-23

████ PX1471 ████ Dep. at 121:7-19

██ PX1483 ████ Dep. at 100:21-101:4

; id.

**DEFENDANTS' RESPONSE**:   Plaintiffs' statement is a legal conclusion,

which does not raise a disputed issue of material fact that precludes summary judgment.   To the

extent that any part of the statement can be construed as a statement of fact, none of the documents

cited  show  that ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████     To the contrary, █████████████████████████████████████████

───────────────────

██████████████████████████████████████ *id.* ██████ Dep. at 74:24-75:19

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████ ; *id.* ██████ Dep. at 170:18-171:12.

███████████████████████████████ PX0280 & PX0280-A (LBG-FDIC-000014940 (audio)

& transcript at 8-9 ████████████████████████████████████████████

██████████████████████████████████████████████ PX0215

(LBG-USD-000005072 at '07 ███████████████████████████████

██████████████████████████████████████ PX0195 & PX0195-A (LBG-

USD-000000163 (audio) & transcript ██████████████████████████

███████████████████████████████████████████ X0231 &

PX0231-A (LBG-FDIC-000002856 (audio) & transcript at 1 ████████

██████████████████████████████ PX1662 & PX1662-A (BAR-

OTC-000002305 (audio) & BAR-OTC-000004917 at '917 (transcript) ███

██████████████████████████████ X0269 & PX0269-A (LBG-FDIC-000008919

(audio) & transcript at ████████████████████████████ (PX1466 (J. Argent

Dep. at 178:2-11))); *id.* (LBG-FDIC-000008919 (audio) & transcript at 9 (Argent testified that his reference

████████████████████ ; PX1449 (DB-USDMDL 00421792 at '793

██████████████████████████████ ; PX0233 & PX0233-A (LBG-USD-

000005804 (audio) & transcript █████████████████████████████████████

██████████████████████████████████████ ).

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████    Defs.' Stmt. ¶¶ 94, 241, 544.    █████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████    *Id.*

¶ 544.

　　　　　In addition, █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████    Defs.' Stmt. ¶¶ 97, 242.    ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



███████████████████████████████████████████

███████████████████████████████████ *Id*. ¶ 546.

Moreover,███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████  Defs.' Stmt. ¶¶ 243, 547.

At most, the cited evidence reflects ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

282. ████████████████████████████████████

███████████ [568]

---

[568] *See* §§ IV (¶¶ 121, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX1485 ███████ Dep.
98:7-15 ███████████████████████████████████████████████

███████████████████████████████████████████████████)█

*id.* ███ Dep. at 107:17-24 █████████████████████████████████

███████████████ *id.* ██████ Dep. at 123:2-24 ██████████████

**DEFENDANTS' RESPONSE:** Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment. To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ██████████████████████████████████████

██████████████████████████████████████

_____

██████████████████████████ ; *id.* ██████████ Dep. at 129:14-21 ███████████

██████████████ ; *id.* ██████████ Dep. at 129:22-130:3 ███████████

█████ PX1143 & PX1143-A (BTMU_Dollar0251859 (audio) & transcript at 2:18-3:4 █████

██████████████████████████████████████ PX0732 █████

██████████████████████████████████ PX1155 & PX1155-A (BTMU_Dollar0253496 (audio) & transcript at 7:14-18:15 ███████

██████████████████████ PX1158 & PX1158-A (BTMU_Dollar0253728 (audio) & transcript at 2:21-3:6 ███████

██████████████████████████████████ PX1137 (BTMU_Dollar0163966 ████████

██████████████████████ PX1156 & PX1156-A (BTMU_Dollar0253497 (audio) & transcript at 2:12-3:18 ███████

████ Plaintiffs' statement merely regurgitates allegations in their complaints—it is devoid of factual support and is contrary to the record evidence. *See* Defs.' Stmt. ¶¶ 246, 470, 548 (████████████████████████████████████████████████████████████████████████████████); *id.* Parts IV.B.1, V.B ████████████████████████████████████████████████. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

283. ██████████████████████████████████████████████████████████

███████████████[569]



[569] *See* §§ IV (¶¶ 133, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0745 (████████ Dep. at 115:2-18, 115:19-116:3; 160:8-15; 162:17-163:2, 171:23-172:8 (██████████████████████████████████████

██████████████████████████████████████████████████████████████████████ *id.* (
██████ Dep. at 115:19-116:3 (██████████████████████████████████████████████████████████

██████████ ; *id.* ████████ Dep. at 160:8-15 ████████████████████████████

████████████████ *id.* ████████ Dep. at 162:17-163:2 ██████████████

████████████ ; *id.* ████████ Dep. at 171:23-172:8 ██████████████████████

██████ *id.* ████████ Dep. at 55:22-56:8 ██████████████████████████████

██████████ *id.* ████████ Dep. at 56:17-57: ██████████████████████████████

██████████████ ); *id.* ████████ Dep. at 20:1-14 ██████████████████████

████████████████████████████████ PX0636 & PX0636-A (RBS_MDL_AUD_000000092
(audio) & transcript at 5:1-1 ████████████████████████████████████

; *id.* (RBS_MDL_AUD_000000092 (audio) & transcript at 5:23-6:7

; PX0724        Dep. at 39:23-40:15

*id.* (        Dep. at 88:3-22 (

); PX1473        Dep. at 213:12-214:8

PX0721 (        Dep. at 74:3-76:23

; PX0742

PX1485        Dep. at 107:17-24

PX0618 (RBS_MDL_000869055

PX0652 & PX652-A (RBS_MDL_AUD_000002497 (audio) & transcript at 2:2-8

PX0656 and PX0656-A (RBS_MDL_AUD_000002623 (audio) & transcript at 2:5-11 (I

; PX0646 & PX0646-A (RBS_MDL_AUD_000001763 (audio) & transcript at 7:9-14

PX1027 (BOFA-LIB0004062

; PX0877 & PX077-A (BAR-OTC-000002313 (audio) & BAR-OTC-000004938 at 3 (transcript)

; PX1296 (CSAG_00140909 (O

; PX0408 & PX0408-A (NB-USDMDL-00536357 (audio) & transcript at 2:2-10

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ███████████████████████████████████████

████████████████████████████████████████████████████████████

████  At most, the cited evidence reflects that ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████  Defs.'

Stmt. ¶¶ 302-308, 586; ████████████████████████████████████

_____

████████████████████████████████████████████████████████████
  ██ PX0640 (RBS_MDL_AUD_000001135 (audio) & transcript at 3:11-5:10 ███
████████████████████████████████████████████████████████████
████████████████████████████████████████  ; PX0647 & PX0647-A
(RBS_MDL_AUD_000001779 (audio) & transcript at 2:5-4:3 ██████████████
████████████████████████  ; PX0635 (RBS_MDL_AUD_000000045 (audio) & transcript at 2:5-4:8 ████
████████████████████████████████████████████████████████████
███████████████████████████████████.



, *see* NatWest Decl., Ex. B ( ) Dep. Tr. 17:7-18)

;

Defs.' Stmt. ¶¶ 107-122, 549-154; and

*id.* ¶¶ 484-487.  In addition, the cited documents and testimony concern only a small fraction of the more than 700 submission days during the Relevant Period.  *See id.* ¶ 13(c).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, f, g] that

284.                                                                    [70]

**DEFENDANTS' RESPONSE**:  The cited material does not support the proposition that

---

[570] *See* ¶¶ 133, 157, *supra*; *see also*, *e.g.*, PX0745 ( ) Dep. at 20:1-14 (

PX0636 & PX0636-A (RBS_MDL_AUD_000000092 (audio) & transcript at 5:1-17

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Plaintiffs do not controvert that ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ *see* NatWest Decl., Ex. B (██████ Dep. Tr. 17:7-

18) ████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ Defs.' Stmt. ¶¶ 107-22, 549-54; and ███████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████ *id.* ¶¶ 484-487.  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, e, g]

that ██████████████████████████████████████████████

████████████████████████████████████████

   285. ████████████████████████████████████████
██████████████[571]

─────────────────────

[571] *See* § IV.A (¶ 133), *supra*; *see also*, *e.g.*, PX0633 (RBS_MDL_001845435 at ¶ 38 ███████

███████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  Admit that █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████ and (ii) ███████████████

███████████████████████████████████████████████

██████████████████████████████████████ Plaintiffs do

not  controvert  that  ████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ *see* NatWest Decl., Ex. B (█████████ Dep. Tr. 17:7-

18) ██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████; and ████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████ Defs.' Stmt. ¶¶ 107-122, 549-554.  Plaintiffs further do not

controvert that ████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ PX0633-1 (RBS_MDL_001845435 at -444)—and in fact

---

███████████████████████████████████████████████

███████████████████████ *id.* (RBS_MDL_001845435 at ¶ 38(b) ██████████

███████████████████████ ; *id.* (RBS_MDL_001845435 at ¶ 38(e) ████████████

████████████████████████████████

Plaintiffs adopt ████████████████████████████████████████

████████████████████████████████████████████

████████████ Plaintiffs' Consolidated Opposition to Defendants' Motions for Summary Judgment

[ECF No. 4335] at 58-62. But Plaintiffs ignore ████████████████████████

*Property All. Grp. Ltd. v. Royal Bank of Scotland plc*, [2016] EWHC 3342 (Ch) (Dec. 21, 2016),

https://www.bailii.org/ew/cases/EWHC/Ch/2016/3342.pdf, that ██████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████ NatWest Decl., Ex. E (RBS_MDL_001845014 at -141) ████████████████

███████████████████████████████████████████████. As

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ *Id.,* Ex. E

(RBS_MDL_001845014 at -189) ████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████ *Id.*, Ex. E (RBS_MDL_001845014 at -189) ██████████

████████████ To the extent any further response is required, Defendants dispute[a, e, f] that that any

inference can be drawn from the cited evidence or statement that ██████████████████████

██████████████████████████████

286.



572

---

572 *See* §§ IV (¶¶ 130, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0737 ( Dep. at 55:4-20, 186:2-17, 73:14-75:13, 183:15-185:6; 205:11-206:21

*id.* ( Dep. at 73:14-75:13 (

*id.* ( Dep. at 205:11-206:21 (

*id.*

Dep. Tr.) at 173:9-19

PX0727

Dep. at 190:21-191:9

*id.* Dep. at 197:9-24

*id.* Dep. at 55:11-18

PX1489 Dep. at 47:23-48:4

*id.*

Dep. at 96:6-20

*id.* Dep.

43:21-44:21

*id.* Dep. at 89:10-19

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████████████

████████████████████████████████████████████████████████████

---

)); *id.* (████ Dep. at 93:6-94:3

██████████████████████████████████████

██████████████████ ; PX0405 & PX0405-A (NB-USDMDL-00536035 (audio) & transcript at 2:4-9 ████

████████████████████ ; PX0390 & PX0390-A (NB-USDMDL-00535166 (audio) & transcript at 1 ██████ PX0374 (NB-USDMDL-00011314 at '324 ██████

████████████████████████████

PX0393 & PX0393-A (NB-USDMDL-00535384 (audio) & transcript at 1 ████████

██████████████████ ; PX1551 & PX1551-A (PX1551-A (NB-USDMDL-00536363 (audio) transcript 2:9-25 ██

████████████████████████████████ ; PX0382 & PX0382-A (NB-USDMDL-00358112 (audio) & transcript 2:1-6 ██████

██████████████ PX0406 & PX0406-A (NB-USDMDL-00536132 (audio) & transcript at 1 ██████

████████████████████████████ PX0391 (NB-USDMDL-00535296 ████

██████████████ PX0408 & PX0408-A (NB-USDMDL-00536357 (audio) & transcript at 2:1-10 █

████████████████████████████████████

██████ The cited documents and testimony reflect ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████ Norinchukin Decl., Ex. ██████ Dep. Tr. 222:22-223:11); *see*

*also id.*, Ex. ████████████ Dep. Tr. 27:19-29:4); *id.*, Ex. ██████████ Dep. Tr. 85:21-86:4)—█

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ The cited documents and

testimony reflect a small sample of the more than 700 submission days during the Relevant Period,

*see* Defs.' Stmt. ¶ 13(c), and the record ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████ Norinchukin Reply Decl., Ex. ██████████ Dep. Tr. 245:12-

272:15).  Additionally, despite years of discovery and Norinchukin's production of hundreds of

thousands of documents, Plaintiffs do not cite any evidence that indicates ██ ██████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████ *See* Defs.' Stmt. ¶¶ 253-257, 587-588.  For the foregoing reasons,

the Court should disregard Plaintiffs' statement.   To the extent any response is required,

Defendants dispute[a, b, d, e, f] Plaintiffs' statement.

287. 

[573]

---

[573] *See* §§ IV (¶¶ 138, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also, e.g.*, PX0742 (       Dep. at 59:8-60:17

       ; *id.*       Dep. At 61:6-19

       ); *id.* (

       Dep. at 114:24-115:2 (

       )); *id.* (       Dep. at 117:3-13 (

       ); *id.*       Dep. at 59:22-60:25-61:4 (

       *id.* (       Dep. 84:3-15

       ); *id.* (       Dep. at 84:23-85:9

       ; PX0736 (       Dep. at 77:12-16

       ); *id.* (       Dep. at 230:10-232:13 (

       ); *id.*       Dep. at 232:14-233:9 (

       ; *id.* (       Dep. at 230:2-9 (

       )); *id.* (       Dep. at 205:22-23 (

       ); PX1482       Dep. at 207:24-208:10

       ); *id.* (       Dep. 273:11-274:3 (

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████  The cited documents and testimony ██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████  *See* Defs.' Stmt. ¶ 13(c).

For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f] Plaintiffs' statement.  Furthermore, no inference can be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR



██████████████████████████); PX0434 & PX0434-A (PORTIGON0042111 (audio) & transcript at 1 ███████████████████████████████████████████████; PX0429 & PX0429-A (PORTIGON0041221 (audio) & transcript at 3:16-20 ████████████████ PX0437 (PORTIGON0077114 at 116 ████████████████████ PX0431 & PX0431-A (PORTIGON0042019 (transcript) at 2-3 ████████████████████████████████████████████████████ PX0428 (PORTIGON0030572 █████████████████████████████████████████

submissions throughout the Relevant Period; or (ii) Defendants conspired to persistently suppress

their USD LIBOR submissions throughout the Relevant Period.

288.



---

[574] *See* §§ IV (¶¶ 131, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also, e.g.*, PX1465 ████ Dep. at 156:2-23 (

*id.* ████ Dep. at 160:15-161:25

X1471 ████ Dep. at 92:17-21

*id.* ████ Dep. at 98:10-99:13

; *id.* ████ Dep. at 78:25-79:19

*id.* ████ Dep. at 162:1-15

*id.* ████ Dep. at 69:7-11

*id.* ( ████ Dep. at 142:3-21

; *id.* ████ Dep. at 121:7-25

*id.* ( ████ Dep. at 113:11-22

PX1487 ( ████ Dep. at 107:17-108:7 (

PX0731                 Dep. at 160:18-22

; *id.*          Dep. at 161:7-13 (

PX0477 (RABO_METZLER_0071948

); PX0501 (RABO_METZLER_0116430

PX0513 (RABO_METZLER_0130913

PX0516

(RABO_METZLER_0131731 (In

PX0528 (RABO_METZLER_0135941 at 942

PX0505 (RABO_METZLER_0129947

PX0538 (RABO_METZLER_0208897 at 898

PX0537

(RABO_METZLER_0206206 at 209

PX0105

PX1570 (LIBOTCPL0248888 at 890

PX0533 (RABO_METZLER_0167490

PX0154 (JPM_MDL1_USD_00092942

PX0535 & PX0535-A (RABO_METZLER_0179325 (audio)

& transcript at 5

**DEFENDANTS' RESPONSE**:  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ██████████████████████████████████████ ███████████████████████████████████████████████████ ████████ Plaintiffs' statement merely regurgitates allegations in their complaints—it is devoid of factual support and is contrary to the record evidence.  *See* Defs.' Stmt. ¶¶ 264-272, 561-566 (███████████████████████████████████████████████████ ██████████████████); *id.* ¶¶ 414-415 (████████████████████████ █████████████████████); *id.* ¶¶ 311-313, 590 (summarizing government investigations of Rabobank, none of which resulted in admissions or findings of a suppression conspiracy or persistent suppression of USD LIBOR during the Relevant Period); *id.* Parts IV.B.1, V.B ███████████████████████████████████████████████████ ████████).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, d, e, f, g] Plaintiffs' statement.

---

██████████████████████████████████████████████████████ ██████████████████████████████████████████; PX0106 █ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████

289. ███████████████████████████████████████████████
████████████████████ ███ [575]

**DEFENDANTS' RESPONSE**: Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment. To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ████████████████████████████████████████ ████████████████████████████████████████████ Out of the over 90,000 documents RBC produced in this litigation, Plaintiffs cite just ten documents in support of this blanket legal conclusion, none of which evidences a ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ Instead, the

---

[575] *See* §§ IV (¶¶ 132, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0559 (RBCOTC0081192 ██████████████████████████████████████████████████ PX0554 (RBCOTC0048350 (in ████████████████████████████████████████████████ ████████████████████████ PX0861 & PX0861-A (BAR-OTC-000002288 (audio) & BAR-OTC-000004894 at '895 (transcript) ████████████████████████████████████████████ ; PX0552 (RBCOTC0046049 ████████████████████████████████████ PX0565 (RBCOTC0102695 at 453 ████████████████████ ; PX1535 (RBCOTC0052453 ██████████████████████████████████████ ; PX0571 (RBCOTC0109421 ██████████████████████████ ; PX0558 (RBCOTC0079823 ████████████████████ ; PX0553 ████████████████████████████████████████

documents cited reflect that ███████████████████████████████████

█████████████████████████████████████████████████████, *see* PX0559

(RBCOTC0081192); PX0558 (RBCOTC0079823); PX0554 (RBCOTC0048350); (ii) █████

████████████████████████████████████████████ *see* PX0552

(RBCOTC0046049); PX0565 (RBCOTC0102695); PX1535 (RBCOTC0052453); PX0571

(RBCOTC0109421); ██████████████████████████████████████████

████████ PX0553 (RBCOTC0048306); and ███████████████████████████████

███████████████████████████████████████████ *see supra*

Response to ¶ 132.  Plaintiffs also cite ███████████████████████████████

███████████████████████ PX0861-A (BAR-OTC-000004894 at -894-

895).  There is no evidence that █████████████████████████████ These

documents do not reflect that ███████████████████████████████████

████████████████████████████ Record evidence further contradicts

Plaintiffs' statement, showing, for example, that investigations into RBC's USD LIBOR-setting

practices resulted in no enforcement actions, fines, or findings against RBC.  Defs.' Stmt. ¶¶ 314-

315.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent

any response is required, Defendants dispute[a, b, d, e, f] Plaintiffs' statement.

      290. ████████████████████████████████████████

███████████[576]



---

[576] *See* §§ IV (¶¶ 134-35, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX1541 & PX1541-A
(DB-USDMDL 01360321 (audio) & transcript ██████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ PX1536 (SG-USDMDL-01048978
████████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:**  Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment.  To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that ██████████████████████████████████

████████████████████████████████████████████████

████ Plaintiffs' statement merely regurgitates allegations in their complaints—it is devoid of factual support and is contrary to the record evidence.  *See* Defs.' Stmt. ¶¶ 316-318, 592 (summarizing government investigations of SocGen, none of which resulted in admissions or findings of a suppression conspiracy or persistent suppression of USD LIBOR during the Relevant Period); *id.* Parts IV.B.1, V.B ████████████████████████████████

████████████████.  Because Plaintiffs cross-reference other statements in Plaintiffs' Joint Counterstatement, Defendants incorporate herein their responses to those other statements.  *See supra* Responses to ¶¶ 134-135, 140, 143-144, 153-154, 156-193.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, d, e, f)] Plaintiffs' statement.

---

████████████████████████████████████████████ ; PX1537 (SG-USDMDL-00163934

███████ ; PX1538 (SG-USDMDL-00135543 ████

██████████ PX1539 (SG-USDMDL-00963778 ████

████████████████████████████ PX1540 (SG-USDMDL-00998555 ████

███████ ; PX0684 & PX0684-A (SG-USDMDL-06376936 (audio) & transcript at 4:18-24 █

████████████████████████████ ; PX0685 & PX0685-A (SG-USDMDL-06400696 (audio) & transcript at 13:1-2 ████

████████

291. ███████████████████████████████████████████████████████████
███████████████████ 577

---

577 *See* §§ IV (¶¶ 136-37, 140, 143-44), V (¶¶ 153-54, 156-58), VI-VII, *supra*; *see also*, *e.g.*, PX0738 (████████
at 219:16-222:24 ███████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
; PX0344 (MDL_OTC_UBS_0941520 at '520 ████████████████████
████████████████ PX0327 (MDL_OTC_UBS_0050516 at '516, '518 (on ████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
PX0303 (LIBOTCPL0242680 at '687 ████████████████████████████
); *id.* (LIBOTCPL0242680 at '689 ████████████████████████
████████████████████████████████████ *id.* (LIBOTCPL0242680 at '682
████████████████████ ; PX0352 (MDL_OTC_UBS_0999940 at '940 ████
████████████████████████████████████████████████████████████
; PX0350 (MDL_OTC_UBS_0999851 (on ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████ ; PX0340
(MDL_OTC_UBS_0940261 (in ████████████████████████ ; PX0356 (MDL_OTC_UBS_1012174
at '174 (in ████████████████████████████████████████████████
████████ ; PX0321 (MDL_OTC_UBS_0032711 at '712, '714 ████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**DEFENDANTS' RESPONSE:** Plaintiffs' statement is a legal conclusion, which does not raise a disputed issue of material fact that precludes summary judgment. To the extent that any part of the statement can be construed as a statement of fact, none of the documents cited show that UBS took any ███████████████████████████████████████

███████████████████; PX1573 (MDL_OTC_UBS_0057398 ███████████████████████████████████ PX0341 (MDL_OTC_UBS_0941258 at '258 █████████████████████████████████████████████████ PX0338 (MDL_OTC_UBS_0939433 at '433 ████████████████████████████████████████████████████████████ PX0310 (LIBOTCPL0245865 at '932 ████████████████████████████████████████████████; *id.* (LIBOTCPL0245865 at '940 ███████████████████ PX1575 (MDL_OTC_UBSCH_0031600 at '600 ████████████████████████; PX1545 (BAR-OTC-001406111 at '118 ██████████████████████████; PX1726 (MDL_OTC_UBS_0049922 at '922 ████████████████████████████████████████████████████ PX0322 (MDL_OTC_UBS_0038782 ███████████████████████████████ PX1572 (MDL_OTC_UBS_0050984 at '984 ███████████████████████████████████████████.

██████████████████████████████████████████████████████ Not one of

the sources cited in footnote 577, including fourteen *internal* UBS documents, remotely supports

Plaintiffs' claim that UBS ███████████████████████████████████████████

████████████████████████████ Some of the cited documents also quote ████████████

████████████████████████████████████████ *See, e.g.*, PX0350

(MDL_OTC_UBS_0999851).  Plaintiffs' citation to a statement from a ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ PX1545 (BAR-OTC-001406111 at -118).   Plaintiffs also mischaracterize

the documents cited in footnote 577, claiming that PX0303 states that ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ Defs.' Stmt. ¶ 594 n.844 (quoting UBS Decl., Ex. ████████

Dep., Ex. A, at 11)); *id.* ¶ 595 (quoting UBS Decl., Ex. ██████████ Dep., Ex. A, at 11)).  The

record  evidence  also  shows  ████████████████████████████████████

████████, as Plaintiffs claim in paragraph 291.  *See, e.g.*, *id* ¶ 325 (no government regulator

made any findings of a conspiracy to fix pricing, that UBS conspired with another Panel Bank or

an interdealer broker to manipulate USD LIBOR, or that UBS engaged in any efforts to influence

any other Panel Bank's USD LIBOR submissions); *id.* ¶ 593 (no government regulator found that

UBS engaged in persistent or systematic suppression of its USD LIBOR submissions during the

Relevant  Period); *id.* ¶ 569 ████████████████████████████████████



███████ ; *id.* ¶ 572 ████████

███████. Additionally, to the extent Plaintiffs cross-reference earlier statements in Plaintiffs' Joint Counterstatement in footnote 577, Defendants dispute and incorporate herein their responses to those statements. *See supra* Responses to ¶¶ 136-137, 140, 143-144, 153-154, 156-193. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants do not dispute the contents of the UBS SOF referenced in footnote 577 and refer to the UBS SOF for a complete and accurate statement of its contents, but otherwise dispute[a, b, d, e, f] Plaintiffs' statement.

292. ████████████.[578]

---

[578] *See* ¶¶ 137, 157, *supra*; *see also*, *e.g.*, PX0738 █████ Dep. at 219:16-222:24

...PX327 (MDL_OTC_UBS_0050516 at '516...

...; PX0350 (MDL_OTC_UBS_0999851...

**DEFENDANTS' RESPONSE**:  Not one of the four internal UBS documents or excerpts of deposition testimony cited in footnote 578 supports Plaintiffs' statement.  While Plaintiffs quote extensively from UBS's regulatory agreement (PX0738), no government regulator found that UBS engaged in persistent or systematic suppression of its USD LIBOR submissions during the Relevant Period.  Defs.' Stmt. ¶ 593.  Further, no government investigation resulted in any finding by any government authority, or any admission by UBS, that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.  *See id.* ¶¶ 325-326.  Additionally, the cited documents concern only a small fraction of the more than 700 submission days during the Relevant Period, *see id.* ¶ 13(c), and they come nowhere close to showing persistent suppression of UBS's USD LIBOR submissions across all tenors of USD LIBOR during the Relevant Period.  While Plaintiffs refer to an ███████████████████████

████████████" none of the documents they cite in footnote 578 show that UBS's ██████████████████

████████████████████████████████████████████

████████████████████████ *See id.* ¶ 190 n.312 (quoting UBS Decl., Ex. 22 (MDL_OTC_UBS_0050018 at -018), in which ██████████████████████████

████████████████████████████"); *id.* ¶ 273 (████████████████████████

████████████████████████████████████████████

████████████████); *id.* ¶ 567 n.805 (citing UBS Decl., Ex. ████████████ Dep., Ex. 18, at 2), in which ██████████████████████████████

---

████████████████████████████████████████; PX0352
(MDL_OTC_UBS_0999940 at '940 ███████████████████████████; PX0344
(MDL_OTC_UBS_0941520 at '520 ████████████████████████
█████████████████



██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████; *id.* ¶ 570 ███████████████████

██████████████████████████████████████████

██████████████████████████████████████████. To the

extent  that  Plaintiffs  state  that  ███████████████████████████████

██████████████████████████████████████████

████████████████████ *Id.* ¶ 180 █████████████████████████

███████████████████; *id.* ¶ 274 ██████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████;

*id.* ¶ 567 n.805 (citing UBS Decl., Ex. ██ (MDL_OTC_UBS_0488202 at -202), in which UBS's

██████████████████████████████████████████

██████████████████████████████████████████); *id.*

(citing UBS Decl., Ex. ███████████ Dep., Ex. A, at 10), in which Mr. ████████████

██████████████████████████████████████████

███████████████████████████████; *id.* ¶ 568 ██████████████████

██████████████████████████████████████████

███████████████████; *id.* ¶ 572 █████████████████████████

██████████████████████████; *id.* ¶ 574 ████████████████████

██████████████████████████████████████████

████████████████████████████████████. For the foregoing

reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants do not dispute the contents of the UBS SOF referenced in footnote 578 and refer to the UBS SOF for a complete and accurate statement of its contents, but otherwise dispute[a, e, f, g] Plaintiffs' statement.

293.    █████████████████████████████[579]

**DEFENDANTS' RESPONSE:**  There was no USD LIBOR suppression and no conspiracy, for all of the reasons set forth in Defendants' Joint Motion for Summary Judgment. Therefore, there was ████████████████  Plaintiffs rely on the opinions of their proffered experts, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motions.  *See* PX1026 (Bernheim Opening ¶ 231) ███████████████████ ████████████████████████████████████████████████████; Mot. to Exclude Snow and Bernheim at 9-25 ████████████████████ ██████████████████████████.  Further, profit motivation is not a plausible basis to plead conspiracy.  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 469 (S.D.N.Y. 2014) ("It is implausible that all defendants would maintain parallel trading positions . . . across the Class Period and that those positions, in turn, motivated their daily LIBOR submissions.").  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, f] Plaintiffs' statements.

## XIV.   DISCOVERY AND DOCUMENT ISSUES

294.    ████████████████████████████████████████

████[580]

---

[579] *See* PX1026 (Bernheim Opening Report) at ¶¶ 253-259 & Fig. 106.

[580] PX0721 ███████ Dep. 108:21-110:7).

**DEFENDANTS' RESPONSE:**    It is unclear what Plaintiffs mean by ██████████ Moreover, Plaintiffs' overbroad statement lacks an evidentiary basis. ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████ PX0721 (████ Dep. Tr. 109:18-22).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that ████████████████████████████ ████████████████████ but otherwise dispute$^{(a,\ d,\ e,\ g)}$ ██████████████████████ ████████████

295.    ████████████████████████████████████████████[581]

**DEFENDANTS' RESPONSE:**    It is unclear what Plaintiffs mean by "regularly."  Moreover, Plaintiffs' overbroad statement lacks an evidentiary basis.  The cited testimony states only that ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Additionally, Plaintiffs' statement is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute$^{(a, d, e, g)}$ Plaintiffs' statement.  Furthermore, no inference can reasonably be drawn from the cited material that (i) Defendants persistently suppressed their USD LIBOR submissions during the Relevant Period; or (ii) Defendants conspired to persistently suppress their USD LIBOR submissions during the Relevant Period.

---

[581] PX0725 (████ Dep. 211:3-14).

296.  ███████████████████████████████████████████████[582]

**DEFENDANTS' RESPONSE:**    It is unclear what Plaintiffs mean by ████████   Moreover, Plaintiffs' overbroad statement lacks an evidentiary basis, as the cited testimony does not support ███████████████████████████   For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants admit that the cited ██████████████████████████ ████████████████ but otherwise dispute[a, d, e, g] Plaintiffs' statement.

297.  ████████████████████████████████████████[583]

**DEFENDANTS' RESPONSE:**    Plaintiffs' statement lacks an evidentiary basis.  The cited material does not support Plaintiffs' statement that ████████████████ ████████████████████████████"  The documents Plaintiffs cite in support of paragraph 297 ███████████████████ ███████████████████████████████████████████ ██████████████████ *See* PX0560 (RBCOTC0082688); PX0552 (RBCOTC0046049).  Plaintiffs  also  cite  ███████████████████████████████ ██████████████ PX0546 (RBCOTC00043912 at -912), ████████████████ ██████████████ PX0560 (RBC0082688 at -689).  ██████████████████ ███████████████████████████████████████████ █████████████  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, d, e, g] Plaintiffs' statement.

---

[582] PX1467 (████████ Dep. 129:7-12).

[583] *See, e.g.,* PX0546 (RBCOTC0043912 at '912-13); PX0560 (RBCOTC0082688 at '688-91); PX0580 (RBCOTC0121503 at '503-06); PX0552 (RBCOTC0046049 at '049-52).

298. ████████████████████████████████████████

████ [584]

**DEFENDANTS' RESPONSE**:  Admit that ███████████████████

████████████████████████████████████████

Paragraph 298 does not, however, define the term ████████ and the cited testimony ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████    For the

foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is

required, Defendants dispute[e, g] that any inference can be drawn from the cited evidence or the

fact that █████████████████████████████████████

████████████████████████████████████████

██████████████████████

299. ████████████████████████████████████████

████████████████████ [585]

**DEFENDANTS' RESPONSE**:  Plaintiffs' use of ████████ is unduly vague

and is not described with any degree of specificity.  Moreover, Plaintiffs' overbroad statement

lacks an evidentiary basis.  The cited testimony does not support Plaintiffs' statement, including

because (i) ███████████████████████████████████

████████████████████████████████████████

████████████████████████    *See* PX1480 (████ Dep.

Tr. 28:20-29:19).  Further, the only support Plaintiffs purport to offer for their statement on

---

[584] PX0745 (████ Dep. 142:7-25, 161:13-20, 173:6-21).

[585] PX1480 ████ Dep. 28:20-29:19).

"████████████████████████████████████████████████████

████████████████████████████████████████ Defs.' Stmt. ¶

186.  Plaintiffs' statement in paragraph 299 is also immaterial and would not preclude summary

judgment even if it were the subject of a genuine dispute.  For the foregoing reasons, the Court

should disregard Plaintiffs' statement.  To the extent any response is required, Defendants

dispute[a, d, e, g] Plaintiffs' statement.

300.    Enforcement agencies concluded that in an effort to conceal its conduct, Deutsche Bank: (1) manipulated LIBOR in all tenors "so that the manipulation was not conspicuous," (2) destroyed 482 tapes containing "thousands of hours of potentially responsive audio recordings" sought by authorities, and (3) was "unacceptably slow and ineffective" in its response to inquiries of enforcement agencies, "prolong[ing] the process of formal investigation significantly."[586]

**DEFENDANTS' RESPONSE:**    The cited document does not support

Plaintiffs' statement.  The cited Deutsche Bank DPA does not contain the quoted statements "so

that the manipulation was not conspicuous," "unacceptably slow and ineffective," or "prolong[ing]

the process of formal investigation significantly" or refer to "482" destroyed tapes.  Rather, the

cited DPA notes that "Deutsche Bank collected, analyzed, and organized voluminous evidence,

data, and information, and did so in a way that saved the Department significant resources by

identifying certain documents and segments of audio files and providing translations for certain

documents where applicable," and that Deutsche Bank's "cooperation was often helpful," though

hampered by "unintentional . . . mistakes in the preservation, collection, and production of

documents, audio, and data."  Deutsche Bank DOJ DPA ¶ 4.  Plaintiffs' statement in paragraph

300 is immaterial and would not preclude summary judgment even if it were the subject of a

---

[586] *United States v. Deutsche Bank AG*, Deferred Prosecution Agreement ¶¶ 4.b, Att. A (SOF), ¶¶ 22–23, (Apr. 23, 2015), https://www.justice.gov/opa/pr/deutsche-banks-london-subsidiary-agrees-plead-guiltyconnection-long-running-manipulation; Final Notice from the Financial Conduct Authority to Deutsche Bank AG, ¶¶ 2.3, 4.121 (Apr. 23, 2015), https://www.fca.org.uk/publication/finalnotices/ deutsche-bank-ag-2015.pdf.

genuine dispute, as document preservation issues during the course of industry-wide investigations concerning the setting of multiple interbank and/or dealer offered rates, including but not limited to USD LIBOR, are irrelevant to this litigation, in which the Panel Banks collectively produced "over 3.4 million documents, spanning 15.9 million pages and 88,000 audio files, from over 500 custodians," including approximately 176,000 documents and 1,363 audio files produced by Deutsche Bank. *See* Defs.' Stmt. ¶¶ 5, 292. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants admit only that the DPA states that Deutsche Bank destroyed "thousands of hours of potentially responsive audio recordings," but otherwise dispute[a, b, d, e, f, g] Plaintiffs' statement.

**PLAINTIFFS' ERRATA TO PARAGRAPH NO. 300 SUBMITTED ON FEBRUARY 7, 2025 AND INCORPORATED IN TRACK CHANGES ABOVE:** In Paragraph 300, fn. 586, the text "*United States v. Deutsche Bank AG*, Deferred Prosecution Agreement ¶¶ 4.b, 22–23, (Apr. 23, 2015)" is replaced with "*United States v. Deutsche Bank AG*, Deferred Prosecution Agreement, ¶ 4.b, Att. A (SoF), ¶¶ 22–23 (Apr. 23, 2015), https://www.justice.gov/opa/pr/deutsche-banks-london-subsidiary-agrees-plead-guiltyconnection-long-running-manipulation; Final Notice from the Financial Conduct Authority to Deutsche Bank AG, ¶¶ 2.3, 4.121 (Apr. 23, 2015), https://www.fca.org.uk/publication/finalnotices/deutsche-bank-ag-2015.pdf".

## XV.  EMPIRICAL ANALYSES BY HIGHLY QUALIFIED ECONOMISTS CORROBORATE FFFP PLAINTIFFS' ALLEGATIONS

301.  The chart below graphically depicts, for the time period September 15, 2008, through December 15, 2008, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[587]

---

[587] Marx Reply ¶ 77.



**DEFENDANTS' RESPONSE:**  The chart and the accompanying opinions of Plaintiffs' proffered experts with respect to but-for USD LIBOR are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motions.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models).  For the foregoing reason, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

302.    The chart below graphically depicts for the time period August 2007 through August 2009

---

[588] Marx Reply ¶ 78.



**DEFENDANTS' RESPONSE**:  Plaintiffs rely on the opinions of their proffered experts, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motions.  *See* Mot. to Exclude Snow and Bernheim at 9-25 ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Mot. to Exclude Marx Part VI (Dr. Marx's opinion with respect to ▮▮▮▮▮▮▮▮ is unreliable speculation).  Plaintiffs' statement in paragraph 302 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[589] Marx Reply ¶ 78.

[590] Marx Reply ¶ 78.



███████████ *See* Blakemore Decl., Ex. 9 (Hubbard Opening ¶ 22) ███████████

█████████████████████████████████

███████ ).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

303.    The chart below graphically depicts for the month of April 2008 ███████████
█████████████████████████ [591]



Source: LIBOR submissions data; LIBOR fix data; Mathur indications data.
Notes: The green shaded area represents the daily range of LIBOR submissions from panel banks. Days on which LIBOR was not published are omitted.

**DEFENDANTS' RESPONSE:**    Plaintiffs rely on the opinions of their proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion.  *See* Mot. to Exclude Marx (addressing inadmissibility and unreliability of Dr. Marx's opinions).  Plaintiffs' statement in paragraph 303 is immaterial and

---

[591] Marx Reply ¶ 84.

would not preclude summary judgment even if it were the subject of a genuine dispute, ████

████████████████████████████████████████████████████████████ *See*

PX0317 (Marx Reply ¶ 84).   For the foregoing reasons, the Court should disregard Plaintiffs'

statement.   To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

      304.   The chart below graphically depicts ███████████████████████



**DEFENDANTS' RESPONSE:**   Plaintiffs rely on the opinions of their

proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in

Defendants' *Daubert* motion.   *See* Mot. to Exclude Marx (addressing inadmissibility and

---

[592] Marx Reply ¶ 106.

unreliability of Dr. Marx's opinions).  In addition, the evidentiary record indisputably contravenes

████████████████████████████████████████████████████ *See*

Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶¶ 60-64).  Plaintiffs' statement in paragraph 304 is

immaterial and would not preclude summary judgment even if it were the subject of a genuine

dispute, ██████████████████████████████████████████████████

██████████████████████  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[(a, c, d, g)] Plaintiffs' statement.

     305.    The  chart  below  graphically  depicts ████████████████████

████████████████████████████████[.593]



---

**DEFENDANTS' RESPONSE:**   Plaintiffs rely on the opinions of their proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion.   *See* Mot. to Exclude Marx (addressing inadmissibility and unreliability of Dr. Marx's opinions).   Plaintiffs' statement in paragraph 305 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as ███

████████████████████████████████████████████████

Blakemore Decl., Ex. 20 (Asker FFFP Reb. ¶ 145).   For the foregoing reasons, the Court should disregard Plaintiffs' statement.   To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

     306.   The chart below graphically depicts ██████████████████████ ██████████████████████████

██████████████████████████████████[95]██████████████████████████

---

[594] Marx Opening ¶ 283.

[595] Marx Opening ¶ 291.



**DEFENDANTS' RESPONSE:** Plaintiffs rely on the opinions of their proffered expert, which opinions are unreliable and inadmissible for the reasons set forth in Defendants' *Daubert* motion. *See* Mot. to Exclude Marx (addressing inadmissibility and unreliability of Dr. Marx's opinions). In addition, ████████████████████ ████████████████████████████████████████ ████████████████████████████████ *See* Blakemore Decl., Ex. 20 (Asker FFFP Reb. Part 8.1.1). For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

307.    The chart below graphically depicts ███████████████████████[596]██████████

---

[596] Snow Opening ¶ 211.





**DEFENDANTS' RESPONSE:**  The record evidence indisputably contravenes Plaintiffs' statements that (i) ████████████████████████████████ *see* PX0695 (Snow Opening ¶ 210) ████████████████████████████ ████████████████ ; and (ii) ████████████████████████████ ████████████████████ *see id.* (Snow Opening ¶ 211).   Moreover, Plaintiffs' statement in paragraph 307 is immaterial and would not preclude summary judgment even if it

---

[597] Snow Opening ¶¶ 207-11. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Snow Opening ¶ 208.

were the subject of a genuine dispute as ████████████████████████████████████

████████████████████████████████████ *see* PX0695 (Snow Opening ¶ 61) ████████████

████████████████████ PX1746 (K. Snow June 12, 2024 Dep. Tr. 91:18-92:3) ████████

████████████████; Blakemore Decl., Ex. 9 (Hubbard Opening ¶ 25) ████████████████

████████████████████████; and (ii) ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ *see* Blakemore Decl., Ex. 45

(Hubbard FFFP Reply ¶ 47).  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.  To the extent any response is required, Defendants dispute[a, c, d, g] Plaintiffs' statement.

308. ████████████████████████████████████████████████████████████████[598]

**DEFENDANTS' RESPONSE**:  The record evidence indisputably contravenes

Plaintiffs' statement that ████████████████████████████████████████████████

*See* Defs.' Stmt. Part V.  In addition, no inference as to the ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ *See* Blakemore Decl., Ex. 45

(Hubbard FFFP Reply ¶ 47).  For the foregoing reasons, the Court should disregard Plaintiffs'

statement.   To the extent any response is required, Defendants dispute[a, c, d, e, f, g] Plaintiffs'

statement.

309.    As shown in the chart below, ████████████████████████████████████

████████████████[599]



---

[598] PX0991 (BAR-OTC-001401686 (audio) and transcript); PX741 ████████ Dep. 234:12-235:8) ████████████████████████████████████████████████████████).

[599] Snow Reply § VI.F.2.



**DEFENDANTS' RESPONSE**:  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I ███████████████████████████████████ ███████████████████████████████; Defs.' Stmt. Part V.A.1 █████████ ████████████████████████████████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B ████████████████████ ████████████████████████).  In addition, the record evidence indisputably contravenes Plaintiffs' statement that ████████████████████████████████████████ ██████████████████████████████████████████ *See* Blakemore Reply Decl., Ex. 5 (G. Hubbard Sept. 11, 2024 Dep. Tr. 100:25-101:17) ████████

404

██████████████████████████████████████████

███████████.  Plaintiffs' statement in paragraph 309 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as ████████████████████████

██████████████████████████████████████████

████████████████████████████████  *See, e.g.*, Blakemore Decl., Ex. 34 (Hubbard FFFP Reb. ¶¶ 104-113).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, c, d, f] Plaintiffs' statement.

310.   As shown in the chart below, ████████████████████████
████████████[600]

██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[600] Snow Reply § VI.F.2.

**DEFENDANTS' RESPONSE:**  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I (███████████████████████████████████████ ████████████████████████████████; Defs.' Stmt. Part V.A.1 (███████████ ████████████████████████████████████████████); *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B (██████████████████████████ ██████████████████████).  In addition, the record evidence indisputably contravenes Plaintiffs' statement that ████████████████████████████████ ██████████████████████████████████████████████ *See* Blakemore Reply Decl., Ex. 5 (G. Hubbard Sept. 11, 2024 Dep. Tr. 100:25-101:17) (████████ ████████████████████████████████████████████████ ███████).  Plaintiffs' statement in paragraph 310 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as ████████████ ████████████████████████████████████████████████ ██████████████████████████████████████.  *See, e.g.*, Blakemore Decl., Ex. 34 (Hubbard FFFP Reb. ¶¶ 104-113).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, b, c, d, f] Plaintiffs' statement.

311.    As shown in the chart below, ████████████████████████████
████████████████████████ [601]



**DEFENDANTS' RESPONSE**:  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I ████████████████████████████████████ ████████████████████████████ ); Defs.' Stmt. Part V.A.1 (████████ ████████████████████████████████████ ); *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B (████████████████████████████

---

[601] Snow Reply § VI.F.2.

██████████████████████████████.  In addition, the record evidence indisputably contravenes

Plaintiffs' statement that ████████████████████████████████████████

████████████████████████████████████████████.  *See*

Blakemore Reply Decl., Ex. 5 (G. Hubbard Sept. 11, 2024 Dep. Tr. 100:25-101:17) (████████

████████████████████████████████████████████████████

████████████).  Plaintiffs' statement in paragraph 311 is immaterial and would not preclude

summary judgment even if it were the subject of a genuine dispute, as ████████████████████

████████████████████████████████████████████████████

████████████████████████████.  *See, e.g.*, Blakemore

Decl., Ex. 34 (Hubbard FFFP Reb. ¶¶ 104-113).  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, c, d, f)] Plaintiffs' statement.

312.    As shown in the chart below, Dr. Snow's ████████████████████████████

████████████[602]

---

[602] Snow Reply § VI.F.2.



**DEFENDANTS' RESPONSE:**  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I ██████████████████████████████ ██████████████████████████████); Defs.' Stmt. Part V.A.1 ██████████ ██████████████████████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B (████████████████████████████ ██████████████████████).  In addition, the record evidence indisputably contravenes Plaintiffs' statement that ████████████████████████████████████ ████████████████████████████████████ *See*

409

Blakemore Reply Decl., Ex. 5 (G. Hubbard Sept. 11, 2024 Dep. Tr. 100:25-101:17) (██████

████████████████████████████████████████████████████████████████

██████████).  Plaintiffs' statement in paragraph 312 is immaterial and would not preclude

summary judgment even if it were the subject of a genuine dispute, ████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ *See, e.g.*, Blakemore

Decl., Ex. 34 (Hubbard FFFP Reb. ¶¶ 104-113).  For the foregoing reasons, the Court should

disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, c, d, f)] Plaintiffs' statement.

313.    ████████████████████████████████████████[603]

**DEFENDANTS' RESPONSE**:  The economic models used by Dr. Snow are

unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at

9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint

Mot. for Summary Judgment Part I (████████████████████████████████████

████████████████████████████████; Defs.' Stmt. Part V.A.1 ██████████

████████████████████████████████████████████); *id.* Part V.A.2

(summarizing government investigations, none of which resulted in admissions or findings of

persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial

findings of persistent suppression); *id.* Part V.B (████████████████████████

██████████████████████).  The cited evidence does not support Plaintiffs' statement in

paragraph 313, as ████████████████████████████████████ *See* PX0696

---

[603] Snow Reply § V.C.4.a.

(Snow Reply).  Plaintiffs' statement in paragraph 313 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, because ████████ ████████████████████████████████████████████████████████████████ *See* Defs.' Stmt. ¶ 636.  For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, c, d, e, g] Plaintiffs' statement.

314.    Dr. Snow's ████████████████████████████████████████████████ ██████████████████████████████████████████[604] (3)

**DEFENDANTS' RESPONSE:**  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I (████████████████████████████████ ████████████████████████████████████████); Defs.' Stmt. Part V.A.1 ████████████ ████████████████████████████████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B ████████████████████████████ ████████████████████████.  The cited evidence does not support Plaintiffs' statement in paragraph 314, as ██████████████████████████████████████ *See* PX0696 (Snow Reply).  In addition, the record evidence indisputably contravenes Plaintiffs' statement that ████████████████████████████████, *see* Mot. to Exclude Snow and Bernheim at 22-25 ██████████████████████████████████, or that ████████████████████████ *see* PX0695 (Snow Opening Part VIII.F) ██████████████████████████████████████████.

[604] Snow Reply § V.C.4.b.

Also indisputably contravened by record evidence is Plaintiffs' statement that ███████████ ████████████████████████████████████████████. *See* Blakemore Decl., Ex. 34 (Hubbard FFFP Reb. ¶ 14, Part VI.G) ███████████████████████████████████████ ████████████████████████████████████. For the foregoing reasons, the Court should disregard Plaintiffs' statement. To the extent any response is required, Defendants dispute[a, c, d, e, g] Plaintiffs' statement.

315.   Dr. Snow's ████████████████████████████████ ████████████████████████████████[605] The chart below graphically depicts ████████████████████████████████[606] ██████████████████████████████[607]



---

[605] Snow Reply § VI.F.1.

[606] Snow Reply Figure 81.

[607] Snow Reply Figures 82.

**DEFENDANTS' RESPONSE:**  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I ████████████████████████████████████████ ████████████████████████████████████ ); Defs.' Stmt. Part V.A.1 (████████████ ██████████████████████████████████████████ ; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B (████████████████████████ ███████████████████████ .  Plaintiffs' statement in paragraph 315 is immaterial and would not preclude summary judgment even if it were the subject of a genuine dispute, as ████████ ████████████████████████████████████████████ ████████████████████████████████████████████ *see* Blakemore Decl., Ex. 34 (Hubbard FFFP Reb. ¶ 101); and ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████ *see, e.g.*, *id.*, Ex. 34 (Hubbard Reb. ¶¶ 104-113).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[(a, b, c, d, g)] Plaintiffs' statement.

316.    Dr. Snow's ████████████████████████████████████████ ██████████████████████████████████[08]

---

[608] Snow Reply § VII.

**DEFENDANTS' RESPONSE:**  The economic models used by Dr. Snow are unreliable and inconsistent with the record evidence.  *See* Mot. to Exclude Snow and Bernheim at 9-25 (addressing inadmissibility and unreliability of Plaintiffs' suppression models); Defs.' Joint Mot. for Summary Judgment Part I ███████████████████████████████████ ████████████████████████████ Defs.' Stmt. Part V.A.1 (█████████████ ███████████████████████████████████; *id.* Part V.A.2 (summarizing government investigations, none of which resulted in admissions or findings of persistent suppression of USD LIBOR during the Relevant Period); *id.* Part V.A.3 (no judicial findings of persistent suppression); *id.* Part V.B (summarizing expert evidence inconsistent with persistent suppression allegations).  In addition, the record evidence indisputably contravenes Plaintiffs' statement that █████████████████████████████████████ ███████████████████ *See* PX0696 (Snow Reply ¶ 325) █████████████ ██████████████████████████████████████████████████.

Also indisputably contravened by record evidence is Plaintiffs' statement that ████████ ███████████████████████████████████████████████ ███████████████████████████████████ *See, e.g.,* Blakemore Decl., Ex. 45 (Hubbard FFFP Reply ¶ 60).  For the foregoing reasons, the Court should disregard Plaintiffs' statement.  To the extent any response is required, Defendants dispute[a, c, d, e, f, g] Plaintiffs' statement.

Dated: April 9, 2025

Respectfully Submitted,

*/s/ Hilary K. Scherrer*                          */s/ Drew D. Hansen*
Hilary K. Scherrer                                Drew D. Hansen
Michael D. Hausfeld                               SUSMAN GODFREY LLP
Nathaniel C. Giddings                             1201 Third Avenue, Suite 3800
HAUSFELD LLP                                      Seattle, WA 98101
888 16th Street, Suite 300                        Telephone: (206) 516-3880
Washington, D.C. 20006                            Facsimile: (206) 516-3883
Telephone: (202) 540-7200                         dhansen@susmangodfrey.com
Facsimile: (202) 540-7201
mhausfeld@hausfeld.com                            William Christopher Carmody
hscherrer@hausfeld.com                            Geng Chen
ngiddings@hausfeld.com                            SUSMAN GODFREY L.L.P.
                                                  One Manhattan West, 50th Fl.
Gary I. Smith                                     New York, New York 10001
HAUSFELD LLP                                      Telephone: 212-336-3330
600 Montgomery Street, Suite 3200                 Facsimile: 212-336-8340
San Francisco, CA 94111                           bcarmody@susmangodfrey.com
Telephone: (415) 633-1908                         gchen@susmangodfrey.com
Fax: (415) 633-4980
GSmith@hausfeld.com                               Marc M. Seltzer
                                                  SUSMAN GODFREY L.L.P.
                                                  1901 Avenue of the Stars
                                                  Los Angeles, California 90067-6029
                                                  Telephone: (310) 789-3100
                                                  mseltzer@susmangodfrey.com

                                                  Michael C. Kelso
                                                  SUSMAN GODFREY L.L.P.
                                                  1000 Louisiana Street, Suite 5100
                                                  Houston, TX 77002-5096
                                                  Telephone: (713) 651-9366
                                                  Facsimile: (713) 654-6666
                                                  bbarnett@susmangodfrey.com
                                                  mkelso@susmangodfrey.com

*Counsel for the Class Plaintiffs and Counsel for OTC Plaintiff Class*

*/s/ James R. Martin*                             */s/ Kathy D. Patrick*
James R. Martin                                   Kathy D. Patrick
Jennifer D. Hackett                               Sam W. Cruse III
ZELLE LLP                                         David M. Sheeren
1775 Pennsylvania Avenue, NW                      Connor E. Burwell

Suite 375
Washington, DC 20006
Telephone: (202) 846-6435
Facsimile: (612) 336-9100
jmartin@zellelaw.com
jhackett@zellelaw.com

*Counsel for Plaintiff The Federal
Deposit Insurance Corporation as
Receiver for 20 Closed Banks and
The Federal Home Loan Mortgage
Corporation & Liaison Counsel for
Direct Action Plaintiffs*

/s/ Stacey P. Slaughter
Stacey P. Slaughter
K. Craig Wildfang
Thomas J. Undlin
Geoffrey Kozen
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402–2015
Telephone: (612) 349–8500
KCWildfang@RobinsKaplan.com
TUndlin@RobinsKaplan.com
SSlaughter@RobinsKaplan.com
GKozen@RobinsKaplan.com

*Counsel for Principal Financial
Group, Inc.; Principal Financial
Services, Inc.; Principal Life
Insurance Company; Principal
Funds, Inc.; PFI Bond & Mortgage
Securities Fund; PFI Bond Market
Index Fund; PFI Core Plus Bond I
Fund; PFI Diversified Real Asset
Fund; PFI Equity Income Fund; PFI
Global Diversified Income Fund; PFI
Government & High Quality Bond
Fund; PFI High Yield Fund; PFI*

GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
kpatrick@gibbsbruns.com scruse@gibbsbruns.com
dsheeren@gibbsbruns.com
cburwell@gibbsbruns.com

Kenneth E. Warner (KW-5524)
WARNER PARTNERS, P.C.
950 Third Avenue, 32nd Floor
New York, NY 10022
Tel: (212) 593-8000
kwarner@warnerpc.com

*Counsel for Federal National Mortgage
Association*

/s/ Nanci E. Nishimura
Nanci E. Nishimura
Joseph W. Cotchett (JC7420)
Nanci E. Nishimura (admitted *pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
nnishimura@cpmlegal.com

*Counsel for City of Houston*

*High Yield Fund I; PFI Income Fund;
PFI Inflation Protection Fund; PFI
Money Market Fund; PFI Preferred
Securities Fund; PFI Short-Term
Income Fund; Principal Variable
Contracts Funds, Inc.; PVC Asset
Allocation Account; PVC Balanced
Account; PVC Bond & Mortgage
Securities Account; PVC Equity
Income Account; PVC Government &
High Quality Bond Account; PVC
Income Account; PVC Money Market
Account; PVC Short-Term Income
Account*

/s/ Gary A. Gotto
Gary A. Gotto
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite
1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggotto@kellerrohrback.com

Derek W. Loeser
Dean N. Kawamoto
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dloeser@kellerrohrback.com
dkawamoto@kellerrohrback.com

*Counsel to Plaintiffs Triaxx Prime
CDO 2006-1 Ltd., Triaxx Prime CDO
2006-2 Ltd. and Triaxx Prime CDO
2007-1 Ltd.*

/s/ Richard Warren Mithoff
Richard Warren Mithoff
MITHOFF LAW FIRM
One Allen Center 500 Dallas Street
Houston, TX 77002
Telephone: (713) 654-1122
Facsimile: (713) 739-8085
rmithoff@mithofflaw.com

*Counsel for City of Houston*

417